United States District Court
Southern District of Texas
FILED

SEP 15 2001

Michael N. Milby
Clerk of Court

3:45 P.M.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND § | C. A. NO. **B-01-157** | |
| PETITION OF BROWN WATER § | | |
| TOWING I, INC., AS OWNER, AND § | (Subject to Rule 9 (h) | |
| BROWN WATER MARINE SERVICE, § | of the Federal Rules | |
| INC., AS BAREBOAT CHARTERER, OF § | of Civil Procedure) | |
| THE BROWN WATER V, ITS ENGINES, § | Admiralty | |
| TACKLE, ETC. IN A CAUSE OF § | | |
| EXONERATION FROM OR § | | |
| LIMITATION OF LIABILITY § | | |

COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC.,
AS OWNER, AND BROWN WATER MARINE SERVICE, INC.,
AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES,
TACKLE, ETC. IN A CAUSE OF EXONERATION FROM OR
LIMITATION OF LIABILITY, CIVIL AND MARITIME

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW the Petitioners, Brown Water Towing I, Inc., as owner, and Brown Water Marine Service, Inc., as bareboat charterer, of the BROWN WATER V, its engines, tackle, etc., (collectively referred to as "the Petitioners"), in a cause of exoneration from or limitation of liability and file this their Complaint and Petition and as cause allege as follows:

I.

The Petitioners were at all times mentioned, businesses existing under the laws of the State of Texas, and maintaining their principal office and place of business in Rockport, Aransas County, Texas. Brown Water Towing I, Inc., is the owner of the BROWN WATER V and Brown Water Marine Service, Inc., is the vessel's bareboat charterer.

II.

The BROWN WATER V is and at all material times was a tug boat. The vessel had a gross registered tonnage of approximately 84 tons, and approximate net registered tonnage of 57 net tons. Its official number is 580422. The BROWN WATER V was at all times material in all respects seaworthy, and it was at all times material properly and efficiently manned, supplied, equipped, and furnished, and well and sufficiently fitted and supplied with suitable engines, machinery, tackle, apparel, appliances and furniture, all in good order and condition and suitable for the service in which the vessel was engaged.

III.

On or about September 15, 2001, the BROWN WATER V was in navigable waters in or near Port Isabel, Texas. The voyage commenced on or about September 14, 2001 and terminated on or about September 15, 2001. During the voyage, the vessel struck the Port Isabel causeway. The extent of damage is unknown but Petitioners suspect there will be personal injury, wrongful death, property damage and other claims arising from the incident by claimants at this time unknown by Petitioners.

IV.

The alleged injuries and damages as set forth in Paragraph III were not caused or contributed to by any fault or negligence or want of care on the part of the BROWN WATER V, the Petitioners, or anyone for whom the Petitioners may be responsible.

V.

The alleged injuries and damages as set forth in Paragraph III were occasioned and incurred without the design or neglect of the Petitioners, or anyone for whom the Petitioners may be responsible.

VI.

In addition, the alleged injuries and damages as set forth in Paragraph III were occasioned and incurred without the privity or knowledge of the Petitioners.

VII.

Except as stated in Paragraph III, there are no other known demands, unsatisfied liens or claims of lien, in contract or in tort, arising from the vessel's above-mentioned voyage, so far as known to the Petitioners, and no law suits are known to be pending as a result of the voyage, nor have the Petitioners been sued, to answer for any claims arising on or after the vessel's above mentioned voyage

VIII.

The alleged injuries and damages which occurred on or about September 15, 2001 were occasioned and incurred without fault on the part of the Petitioners and without the design or neglect of the Petitioners and without the privity or knowledge of the Petitioners, and without unseaworthiness or fault of the BROWN WATER V; nevertheless, claims and demands are expected to be made against the Petitioners by unknown claimants.

IX.

The amount of the aforesaid claims and demands referred to in Paragraph III, may exceed the amount and value of the Petitioners' interest in the BROWN WATER V immediately after the

occurrence of September 15, 2001 and/or at the time of the termination of its voyage in question, and the value of its then pending freight.

## X.

As appears from the Affidavit of Stephen Mosher, attached as Exhibit "A", the BROWN WATER V had a value not in excess of $250,000.00. Further, the vessel was under flat fee contract to move four barges for $20,000.00 for the voyage upon which the vessel was engaged.

## XI.

The Petitioners desire to contest their liability, and the liability of the BROWN WATER V, for the loss, injuries, and damages allegedly sustained as a result of the BROWN WATER V striking the Port Isabel causeway on or about September 15, 2001 and for any and all losses, damages, and/or personal injuries which may have occurred during the voyage in question, and the Petitioners claim exoneration from or limitation of liability for the loss and/or injuries of any person, company, corporation, vessel or cargo during the voyage of the BROWN WATER V on or about September 15, 2001, and for any claims that may be made for any injuries or damages of any person, firm or corporation, and the Petitioners allege that they have valid defenses on the facts and on the law. The Petitioners further claim the benefit of Limitation of Liability as provided in Sections 4282 to 4289, inclusive, of the Revised Statutes of the United States (46 U.S.C. §§ 182 to 189, inclusive), Rule F of the Supplementary Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and any and all Acts of Congress of the United States amendatory thereof or supplementary thereto, and the rules of practice of this Honorable Court and the Supreme Court of the United States.

## XII.

While not in any way admitting that the Petitioners are under any liability for the alleged loss and damages, the Petitioners here claim and reserve the right to contest in this or any other Court any liability therefore, either of the Petitioners or of the BROWN WATER V, and the Petitioners claim and are entitled to have their liability, if any, limited to the amount or value of their interest as aforesaid in the BROWN WATER V at the termination of the voyage in question.

## XIII.

The Petitioners are ready and willing to give a Letter of Undertaking in the usual form, of the amount or value of the Petitioners' interest in the BROWN WATER V and its then pending freight following the occurrence on September 15, 2001, with appropriate interest from the date of the letter and costs and are prepared to give an Ad Interim Stipulation with sufficient surety whenever the same shall be ordered as provided in the applicable statutes and Rule F of the Supplemental Rules of Civil Procedure and by the rules and practices of this Honorable Court and subject to such appraisal as the Court may direct.

## XIV.

The Petitioners hereby offer their Letter of Undertaking in the amount of $270,000.00 covering the value of the Petitioners' interest in the BROWN WATER V, and its then pending freight at the termination of the voyage in question, together with interest at the rate of 6% per annum from the date of the Letter of Undertaking and for costs. Said Letter of Undertaking being to secure the payment into the Court whenever the Court shall so order, of the aggregate amount of the value of the Petitioners' interest in the BROWN WATER V and its then pending freight.

XV.

The Petitioners are willing to increase the amount of the Letter of Undertaking in said amount as the Court may from time to time order, or will post an Ad Interim Stipulation with sufficient surety, or will pay into the Court the amount or value of the Petitioners' interest in said vessel and pending freight as found by the Court either as a result of a hearing or the confirmation of a Commissioner's report, or will file in this proceeding a bond or stipulation for value in the usual form with surety in such amount as the Court may direct from time to time, together with interest at the rate of 6% per annum from date, plus costs of Court.  In the event a payment is posted, any previously posted Letter of Undertaking or Ad Interim Stipulation is to be considered as void.

XVI.

The Petitioners would show that the BROWN WATER V has not been sued to answer any claim arising out of the aforesaid occurrence of September 15, 2001 or any occurrence during the voyage in question except as stated above. Likewise, the Petitioners have not been sued with respect to the claims which have been set forth except as stated above.  This Honorable Court has cognizance of this proceeding and this is the proper court and district in which to file this Petition as provided by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

XVII.

The Petitioners would show that this Complaint and Petition has been filed within the six-month period subsequent to the giving of any written notice to the Petitioners by any claimant for damages which any person, property or vessel sustained on or about September 15, 2001, while the BROWN WATER V was in navigable waters in or near Port Isabel, Texas. The Petitioners would

further show that no other party or parties have given written notice of a claim concerning the voyage in question.

## XVIII.

All and singular, the premises are true and within the Admiralty and Maritime jurisdiction of the United States and of this Honorable Court.

WHEREFORE, the Petitioners pray:

(1)  That this Court cause due appraisement to be made of the amount or value of the Petitioners' interest, in the BROWN WATER V, its engines, tackle and apparel, etc., which were aboard the vessel on September 15, 2001, and its pending freight for the voyage in question.

(2)  That the Court make an Order directing the Petitioners to file their Letter of Undertaking to be approved by the Court for the payment into Court of the value of the Petitioners' interest in the vessel and its pending freight at the termination of the voyage in question, whenever the same shall be determined and ordered by the Court, in addition to costs of Court and interest at the rate of 6% per annum, and that the Court order such increases and decreases in such stipulation as the Court may from time to time deem proper.

(3)  That the Court make an Order directing the issuance of a Monition to all persons, firms or corporations who might have any claim arising out of the incident in question on or about September 15, 2001, of the BROWN WATER V, citing them to file their claims with the Clerk of this Court and to serve a copy of said claims upon the attorneys for the Petitioners on or before the time fixed by the Court

in the Monition or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims thereafter before a Commissioner or this Court as the Court may later direct, and also to appear and answer the allegations of this Petition according to the law and rules and practices of this Court at or before a certain time to be fixed by the Monition.

(4) That upon the filing of a Letter of Undertaking, or the giving of such stipulation as may be determined by the Court to be proper, an Injunction shall issue restraining the prosecution of all suits, actions and proceedings already begun to recover for damages sustained arising out of or resulting from the occurrence hereinbefore described and restraining the commencement or prosecution hereafter of any suit, action or legal proceedings of any nature or description whatsoever, except in the present proceedings, against the Petitioners, the BROWN WATER V, or their agents or representatives, or any other person whatsoever for whom the Petitioners may be responsible with respect to any claim or claims arising out of the aforesaid activities of the BROWN WATER V in navigable waters in or near Port Isabel, Texas on or about September 15, 2001.

(5) That the Court in this proceeding adjudge:

    (a) That the Petitioners are not liable to any extent for any losses, injuries or damages of any party in any way arising out of, during, or consequent upon the occurrence of activities of the BROWN WATER V, and that therefore the BROWN WATER V and the Petitioners are exonerated from any and all liability which has been

or may be claimed against them as a result of the occurrence on or about September 15, 2001.

    (b)    Alternatively, if the Petitioners shall be adjudged liable, then such liability be limited to the amount or value of the Petitioners' interest in the BROWN WATER V after the incident on or about September 15, 2001, its engines, tackle, and apparel which were aboard the vessel at that time, and its then pending freight for the activities on or about September 15, 2001 and that the money paid or secured to be paid as aforesaid be divided pro rata among such claimants as they may duly prove their claims before this Court or a Commissioner, if one be appointed, saving to all parties any priorities to which they be legally entitled, and that a decree may be entered discharging the Petitioners from all further liability.

(6)    That the Petitioners may have such other and further relief to which they may be entitled.

Respectfully submitted,

_____
Will W. Pierson
State Bar No. 16003100
Federal ID 1931
Keith N. Uhles
State Bar No. 20371100
Federal ID 1936
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas 78476
(361) 884-8808
(361) 884-7261 Facsimile
Attorney for the Petitioners, Brown Water Towing I, Inc., as owner, and Brown Water Marine Service, Inc., as bareboat charterer, of the BROWN WATER V, its engines, tackle, etc.

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.