//

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

U. ... ... ....s ....... Court
S ... .. ... .. ... of Texas

SEP 2 0 2001

.. ... ... ..lby
C... .. ... Court

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | |
| PETITION OF BROWN WATER | § | C. A. NO. B-01-157 |
| TOWING I, INC., AS OWNER, AND | § | (Subject to Rule 9 (h) |
| BROWN WATER MARINE SERVICE, | § | of the Federal Rules |
| INC., AS BAREBOAT CHARTERER, OF | § | of Civil Procedure) |
| THE BROWN WATER V, ITS ENGINES, | § | ADMIRALTY |
| TACKLE, ETC. IN A CAUSE OF | § | |
| EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | |

## UNOPPOSED MOTION PURSUANT TO ADMIRALTY RULES F(3) AND (4) FOR ENTRY OF ORDER DIRECTING CLAIMANTS TO FILE AND MAKE PROOF OF CLAIMS, DIRECTING THE ISSUANCE OF MONITION, AND RESTRAINING PROSECUTION OF CLAIMS AND FOR PROMPT STATUS CONFERENCE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Petitioners, Brown Water Marine Towing I, Inc. and Brown Water Marine Service, Inc., pursuant to Supplemental Admiralty Rules F(3) and (4) and 46 U.S.C. § 185 and request that the Court enter the Order Directing Claimants to File and Make Proof of Claims, Directing the Issuance of A Monition, and restraining prosecution of claims, and in support thereof would show more fully as follows:

### I.

In disregard for this Court's jurisdiction, the Texas Department of Transportation is acting in such a manner as to potentially prejudice the rights of not only Petitioners, but also other Claimants who will likely be asserting claims against, not only Petitioners, but also the Texas Department of Transportation. Immediate action is necessary in order to protect the rights of all concerned.

49477:983773.1:092001

## II

The attorney for the only other parties to this action, Ray Marchan, has been consulted, he is in agreement with the relief sought in this motion and he is available for a Status Conference with the Court today.

## III.

On September 15, 2001, Petitioners filed a complaint in compliance with Rule F of the Supplemental Admiralty Rules and 42 U.S.C. § 185 in a cause of exoneration or limitation of liability. Petitioners further deposited with the Court appropriate security for a sum equal to the amount or value of the owner's interest in the vessel and pending freight in compliance with Rule F(1) of the Supplemental Admiralty Rules.

## IV.

Paragraph 3 of Supplemental Rule F further provides that upon Petitioners' filing the complaint and security "all claims and proceeding against the owner or the owner's property with respect to the matter in question shall cease." The rule further provides:

> On application of the Plaintiff, the Court shall enjoin the further prosecution of any action or proceeding against the Plaintiff or the Plaintiff's property with respect to any claim subject to limitation of the action.

Similarly, 42 U.S.C. §185 provides that "all claims and proceeding against the owner with respect to the matter in question shall cease".

## V.

Despite the plain wording of Rule F and §185, all other proceedings have not ceased. On September 18, 2001, Petitioner's counsel was contacted by Mark J. Spansel, Adams & Reese, L.L.P.

as attorney for the Texas Department of Transportation (sometimes referred to as "TxDOT"), requesting that the Texas Department of Transportation's expert, Dick Silloway, be allowed to inspect the vessel, BROWN WATER V. In response, Petitioner's counsel sent a letter attached hereto as Exhibit "A", offering to conduct a joint survey of the vessel and requesting the Texas Department of Transportation's attorney advice when TxDOT proposed to conduct the joint survey so arrangements could be made for a surveyor to attend on behalf of Petitioners. At 3:29 p.m., TexDot's attorney faxed the letter which is attached hereto as Exhibit "B" and reads in part as follows:

> "As we have discussed today, we represent the Texas Department of Transportation. On behalf of our client, we have requested that your client, Brown Water, permit boarding and inspection today of the Brown Water V by Mr. Jack Gilbert of the Attorney General's office and our expert, Mr. Dick Silloway, both of whom are in Port Isabel now...If we do not hear from you immediately, we will have to seek Court intervention."

Court intervention was sought on the morning of September 19, 2001 by the Texas Parks & Wildlife. A search warrant was obtained, a copy of which is attached hereto as Exhibit "C" allowing the sheriff or peace officer to seize and search the Brown Water V and the barges. About three (3) hours prior to the search warrant being served, Jack Gilbert of the Attorney General's office and TxDOT expert, Dick Silloway arrived at the BROWN WATER V. Texas Parks & Wildlife seized the vessel and searched the vessel. Texas Parks & Wildlife then, over objections from attorneys for Petitioners, despite the fact that the search warrant was only directed to the sheriff and peace officers of Cameron County, allowed the Texas Department of Transportation expert, Dick Silloway to board the vessel and conduct an ex parte inspection of the Brown Water V. Texas Department of Transportation's

expert spent approximately 2 hours on the vessel on this ex parte inspection facilitated by the Texas

Parks & Wildlife Department. Please see the affidavit of Javier Gonzalez attached hereto as Exhibit

"D".

## VI.

In apparent disregard for this Court's authority, the State of Texas through the Texas

Department of Transportation, has now filed a lawsuit against Petitioners in the District Court of

Cameron County, Texas. A copy of the Texas Department of Transportation's petition against

Petitioners is attached hereto as Exhibit "E". This petition was filed despite the knowledge of the

Texas Department of Transportation's attorneys, of this limitation proceeding and of the provisions

of admiralty Rule F and 46 U.S.C. §185. (See Exhibit "B") The letter references this Court's civil

cause of action number.

## VII.

Consequently, Petitioners respectfully request the Court to promptly enter the Order pursuant

to Rule F(3) enjoining further prosecution of any action or proceeding against the Petitioners or the

Petitioners' property with respect to any claims subject to limitation in the action.

## VIII.

Paragraph 4 of Supplemental Rule F provides that once the vessel owner files the complaint

and appropriate security, as Petitioners have done herein, "the Court shall issue a notice to all

persons asserting claims with respect to which the complaint seeks limitation, admonitioning them

to file their respective claims..." (emphasis added) The rule goes on to set forth certain requirements

regarding the notice. The Order proposed by Petitioners seeks the issuance of monition in

compliance with the rule and publication and service in compliance with the rule.  It is important that the order be entered so that all potential claimants can be given fair notice of this proceeding and make a claim herein.

   **WHEREFORE, PREMISES CONSIDERED**, Petitioners, **Brown Water Marine Towing I and Brown Water Marine Service, Inc.** respectfully request that the Court enter the Order directing claimants to file and make proof of claims, directing the issuance of monitions, and restraining prosecution of claims, and for such other and further relief, both general and special, at law and in equity, to which Petitioners may show themselves justly entitled.

                              Respectfully submitted,

                              Will W. Pierson
                              State Bar No. 16003100
                              Federal ID 1931
                              Keith N. Uhles
                              State Bar No. 20371100
                              Federal ID 1936
                              1700 Wilson Plaza West
                              606 N. Carancahua
                              Corpus Christi, Texas 78476
                              (361) 884-8808
                              (361) 884-7261 Facsimile
                              Attorneys for the Petitioners, Brown Water Towing I,
                              Inc., as Owner, and Brown Water Marine Service,
                              Inc., as Bareboat Charterer, of the BROWN WATER
                              V, Its Engines, Tackle, etc.

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

## CERTIFICATE OF SERVICE

I do hereby certify that on this _Zo'll_ day of September, 2001, a true and correct copy of the above and foregoing document has been provided to the following, regardless as to whether they have entered an appearance, as follows:

Hon. Mark J. Spansel                                    **Via Facsimile**
ADAMS & REESE, L.L.P.
4500 One Shell Square
New Orleans, LA 70139
Attorney for Texas Department of Transportation

Mr. Ray R. Marchan                                     **Via Facsimile**
WATTS & HEARD, L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520
*Attorney for Esteban F. Rivas and Maria Miriam Rivas, Individually and as Representative of the Estate of Stevan F. Rivas;*

Mr. William R. Edwards                                 **Via Facsimile**
The Edwards Law Firm, L.L.P.
1400 Frost Bank Plaza
Corpus Christi, Texas 78403-0480
*Attorney for potential claimants*

Michael R. Cowen                                       **Via Facsimile**
Michael R. Cowen, P.C.
765 E. 7th Street, Suite A
Brownsville, Texas 78520
*Attorney for potential claimants*

United States Department of Transportation
c/o Hon. Greg Serres, United States Attorney
600 East Harrison, Suite 201
Brownsville, Texas 78520-7114

A.G. Hill Power
c/o Jack H. Bennett
112 Lakeshore Drive
Corpus Christi, Texas 78413

Central Power & Light
c/o C.T. Corporation System
350 N. St. Paul Street
Dallas, Texas 75201

Outdoor RV Resorts South Padre
c/o Dave Fletcher
900 South Garcia Street
Port Isabel, Texas 78578

Long Island Bridge Company
c/o John R. Freeland
806 Pecan
McAllen, Texas 78501

Port Isabel-San Benito Navigation District
250 Industrial Drive
Port Isabel, Texas 78578
Attn: Mr. Robert Corneliuson

Texas Parks & Wildlife Department
5541 Bear Lane, Suite 232
Corpus Christi, Texas 78405


Of Royston, Rayzor, Vickery & Williams, L.L.P.

## CERTIFICATE OF CONSULTATION

The only other party to enter an appearance in this case are represented by attorney Ray Marchan. Attorney Ray Marchan has been consulted with and he is not opposed to this motion. Petitioners are serving the other entities as directed by the Court that they are not parties to the litigation.


Keith N. Uhles

ADAMS SERVICE COPY CENTER  ☑002



# ADAMS AND REESE LLP

Attorneys at Law
Baton Rouge
Houston
Jackson
Mobile
New Orleans
Washington, DC

Mark J. Spansel
A Professional Law C───
(504) 585-0215
spanselmj@arlaw.com

September 18, 2001

*VIA FACSIMILE: 956/542-4370 and U. S. MAIL*

Keith N. Uhles, Esq.
Royston, Rayzor, Vickery
    & Williams, L.L.P.
P. O. Box 3509
Brownsville, TX  78523-3509

        RE:    *South Padre Bridge Allision*
        D/L:    *9/15/01*
        Our File:    *Not yet assigned*

Dear Keith:

As we have discussed today, we represent the Texas Department of Transportation. On behalf of our client, we have requested that your client, Brown Water, permit boarding and inspection today of the Brown Water V by Mr. Jack Gilbert of the Attorney General's Office and our expert, Mr. Dick Silloway, both of whom are at Port Isabel now. We also requested that you preserve the condition of the vessel, including but not limited to all electronic and navigational equipment, charts and data, and ensure that no repairs are done without advance notice to us. If we do not hear from you immediately, we will have to seek court intervention.

With best regards, I remain

           Very truly yours,

           ADAMS AND REESE LLP

           Mark J. Spansel

MJS:lkg



EXHIBIT
"A"

# ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
## ATTORNEYS AT LAW

HOUSTON, TEXAS
TELEPHONE 713-224-8380
FACSIMILE 713-225-9945

CORPUS CHRISTI, TEXAS
TELEPHONE 361-884-8808
FACSIMILE 361-884-7261

*Keith N. Uhles*
keith.uhles@roystonlaw.com

55 COVE CIRCLE
BROWNSVILLE, TEXAS 78521
TELEPHONE 956-542-4377
FACSIMILE 956-542-4370
INTERNET www.roystonlaw.com

GALVESTON, TEXAS
TELEPHONE 409-763-1623
FACSIMILE 409-763-3853

SAN ANTONIO, TEXAS
TELEPHONE 210-228-0655
FACSIMILE  210-228-0839

September 18, 2001

*<u>Via Facsimile No. (504) 566-0210</u>*

Hon. Mark J. Spansel
Adams & Reese, LLP
4500 One Shell Square
New Orleans, LA 70139

<table>
<tr><td>RE:</td><td>C.A. No. B-01-157<br><i>In Re the Complaint and Petition of<br>Brown Water Towing I, Inc., As Owner, and Brown<br>Water Marine Service, Inc., As Bareboat Charterer of<br>the BROWN WATER V, Its Engines, Tackle, Etc. In A<br>Cause of Exoneration From or Limitation of Liability</i><br>Our File:     49,477</td></tr>
</table>

Dear Mark:

Fist, to our knowledge Captain Gonzalez, from DPS  never asked to or attempted to board the BROWN WATER V today. The only person we are aware of that asked to board the vessel is from Texas Parks & Wildlife. Additionally, there was no conflict or incident at the vessel. The crew of the BROWN WATER V is not at the vessel today and the information that you had that the crew was in a "ruckess" with DPS and Parks & Wildlife is not accurate.  We maintain a private security guard service at the dock.

It is our understanding pursuant to our conversation that you are requesting that Dick Silloway from Engineering Partners, Inc. be given permission to survey the BROWN WATER V. We would be willing to agree to a joint survey. However, we do not have a surveyor on standby who is immediately available.  Consequently, we would appreciate your advices as to when you propose to conduct this survey so that we can make arrangements for a surveyor to be available.



EXHIBIT
"6"


FAXED

Hon. Mark J. Spansel                                                                 Page 2
Adams & Reese, LLP
September 18, 2001


     Additionally, I have spoken with Jim Hunter and he unequivocally denies ever telling anyone that Texas Parks & Wildlife had permission to board the vessel.  As discussed, we are more than willing to fully cooperate with law enforcement agencies.  However, it is was our understanding that the Texas Department of Public Safety and Texas Rangers are the only Texas agencies investigating this matter.

     Finally, we would appreciate your advices as to all parties you are acting on behalf of in this matter.

     We await your response.

                   Yours very truly,

                   ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

                   By: _____
                        Keith N. Uhles

KNU:hg


49477:983397.1:091801

☑002

THE STATE OF TEXAS    §

§   Affidavit for Search and Seizure

COUNTY OF CAMERON   §

    I, Michael Wheelington, a peace officer employed by Texas parks and Wildlife Department and assigned as a Game Warden, do solemnly swear that I have reason to believe and do believe that property and items constituting evidence of an offense and evidence tending to show that Relief Captain/Operator David Dwain Fowler, W/M, DOB 11-11-56, DID IN Cameron County, Texas on or about 9-15-01, commit the offense of Criminal Negligent Homicide, while operating a motor vessel (tugboat). Said evidence is located within a tugboat vessel identified as Brownwater V, with Federal Registration 580422 and to include four (4) barges that the tugboat was pushing at the time of collision located at Port of Brownsville, Dock #11 and 12, Brownsville, Cameron County, Texas. The barge numbers are 953212, 1084946, 967622, and 967631.

    Said Port of Brownsville Dock 11 and 12, where the Brownwater Tugboat and four (4) barges are located is under the care custody and control of Brownwater Towing I Incorporated and others who are unknown to your affiant. The evidence located therein and which would constitute evidence of an offense and which would tend to show that Relief Captain David Dwain Fowler committed the offense of Criminal Negligent Homicide being:

MY BELIEF IS BASED ON THE FOLLOWING FACTS:

    My name is Michael Wheelington, I am a certified peace officer and am currently employed s a Game Warden with the Texas Parks and Wildlife with over 9 years of law enforcement experience. The following is based on my personal knowledge and my conversation with United States Coast Guard Chief Warrant Officer Alan R. Grodecki who informed me that he had personal knowledge of these facts.

    That on Saturday, 9-15-2001, at approximately 1:30 a.m. the tug boat Brownwater V and four (4) barges loaded with steel and phosphate while traveling north bound off the ordinary course of the intercoastal waterway, collided with a concrete pillar identified by a #32 on the base which supports the aforementioned causeway. Said collision caused the collapse of two 80 feet sections of roadway attached to the causeway. The barges were 75 feet in length each.

    **Said vessels were approximately 520 feet off the main course designated as the intercoastal waterways according to United States Coast Guard Chief Warrant Officer Alan R. Grodecki.**

    Your affiant has spoken to United States Coast Guard Chief Warrant Officer Alan R. Grodecki who was the primary investigator of aforementioned collision. Warrant Officer Grodecki states that he spoke to Relief Captain David Fowler reference the collision. Officer Grodecki states that Fowler stated that as he was operating the vessel



EXHIBIT
C

(tugboat) and barges north bound on the intercoastal waterway, the front barge struck an underwater shoal (sandbar), causing the vessels to loose control and veer off course. Affiant has learned from Warrant Officer Grodecki that a subsequent check of the channel by the Army Corps of Engineers indicates that there was no significant shoaling in the channel in question. In addition, the Coast Guard has made a check of the navigation lights in the area and found that they were in working order. Affiant has reason to believe after talking to Warrant Officer Grodecki that if a sand bar was struck that there would be scrape marks on the bottom of the barges or tug and so far none have been found.

The front barge struck pillar #32 of the causeway and momentum of the collision cause the front barge to jack-knife and strike adjacent pillars of the causeway according to United States Coast Guard Chief Warrant Officer Alan R. Grodecki.

Said collision has caused the death of five (5) motorists and with two (2) injuries. Texas DPS Dive Team is continuing to search for motorist in the Lower Laguna Madre Bay and more fatalities are possible. Affiant has learned from Warrant Officer Alan R. Grodecki that an order was issued by the Coast Guard not to repair the vessels involved without receiving prior approval from the Coast Guard. Affiant has witnessed repairs being made on the barges such as welding and affiant has learned that there has been no approval given by the Coast Guard.

Wherefore, Affiant asks for issuance of a warrant that will authorize the search and seizure of said vessels for said property and evidence, and seize all property and evidence to safe keep such property and evidence as provided by statute.

_____

Game Warden Michael Wheelington
AFFIANT

SWORN TO AND SUBSCRIBED TO BEFORE ME on this 19TH day of September, 2001.

_____

JUDGE 103rd District COURT
CAMERON COUNTY, TEXAS

THE STATE OF TEXAS     §
                       §   SEARCH AND SEIZURE WARRANT
COUNTY OF CAMERON      §

**TO THE SHERIFF OR ANY PEACE OFFICER OF CAMERON COUNTY, TEXAS**

GREETINGS:

WHEREAS, Complaint in writing, under oath has been made before me by Michael Wheelington, a peace officer employed by the Texas Parks and Wildlife Department, which complaint is made thereof for all purposes and said complaint having stated facts and information in my opinion sufficient to establish probable cause for the issuance of this warrant.

YOUR ARE THEREFORE COMMANDED to forthwith search and seize the place herein named, to-wit: Brownwater V Tug Boat with Federal Registration number 580422 including four (4) barges numbers 953212, 1084946, 967622, and 967631 that aforementioned was pushing, currently located at Port of Brownsville Dock #11 and 12, Brownsville, Cameron County, Texas with authority to search for and seize any and all evidence tending to show that the suspect, Relief Captain David Dwain Fowler, W/M, DOB 11-11-56 committed the crime of Criminal Negligent Homicide, while operating motor vessel (Tugboat), including but not limited to: searching and seizing the aforementioned vessel for photographing, scraping, inspecting and capturing any information including radar and Global Positioning System (GPS), that would gather information in reference to conducting scientific analysis that would show evidence of Criminal Negligent Homicide and deliver said evidence to the Texas Department of Public Safety Crime Laboratory in McAllen, Texas.

HEREIN FAIL NOT and return make thereof.

WITNESS MY SIGNATURE on this the 19th day of September, 2001 at 11:10 O'clock _a_ m.

District Court Judge
Brownsville, Cameron County, Texas

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | C. A. NO. **B-01-157** |
| PETITION OF BROWN WATER | § | (Subject to Rule 9 (h) |
| TOWING I, INC., AS OWNER, AND | § | of the Federal Rules |
| BROWN WATER MARINE SERVICE, | § | of Civil Procedure) |
| INC., AS BAREBOAT CHARTERER, OF | § | ADMIRALTY |
| THE BROWN WATER V, ITS ENGINES, | § | |
| TACKLE, ETC. IN A CAUSE OF | § | |
| EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | |

## AFFIDAVIT OF JAVIER GONZALEZ

STATE OF TEXAS            :

COUNTY OF CAMERON    :

BEFORE ME, the undersigned authority, on this day personally appeared **JAVIER GONZALEZ** who, being duly sworn deposed and said as follows:

My name is Javier Gonzalez. I am an attorney with the law firm of Royston, Rayzor, Vickery & Williams, L.L.P. I am over the age of 21 and am fully competent to make this affidavit.

On September 19, 2001, I went to the Port of Brownsville to the tug BROWN WATER V because of information that a search and seizure warrant was to be served and executed by the Texas Parks & Wildlife Department. When I arrived at the vessel, Dick Silloway was already present at the dock. Texas Parks & Wildlife Department's Game Warden, Michael Wheelington arrived with the search and seizure warrant sometime roughly around 12:00 noon. Initially, only law enforcement officers boarded the vessel. Sometime shortly after 2:30 p.m., over objections voiced by me and Jim Hunter, another attorney with our firm, the law enforcement officers with Texas Parks & Wildlife

49477:983755.1:092001

```
EXHIBIT
"D"
```

and Assistant District Attorney, James Sturgiss allowed Dick Silloway to board the vessel and

conduct an inspection of the BROWN WATER V for approximately two hours.

_____
**Javier Gonzalez**

      **SUBSCRIBED AND SWORN TO BEFORE ME** by the said Javier Gonzalez on this
2 0th day of September, 2001.

_____
Notary Public, State of Texas
My Commission Expires: 2/23/05

HILDA M. GOMEZ
Notary Public, State of Texas
My Commission Expires
**February 23, 2005**

CERTIFIED COPY

Cause No. 2001-09-4137-A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | |
| | § | CAMERON COUNTY, TEXAS |
| BROWN WATER TOWING I, INC. | § | |
| AND BROWN WATER MARINE | § | |
| SERVICE, INC. | § | 107th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

The State of Texas, by and through its Department of Transportation, hereinafter referred to as Plaintiff, files this petition against Brown Water Towing I, Inc. and Brown Water Marine Service, Inc. and for cause of action would respectfully show unto this Court as follows:

1.

Discovery in this case is intended to be conducted under Level 3, pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### PARTIES

2.

The Texas Department of Transportation is a governmental unit of the State of Texas with its offices located at the Texas Highway Building, 11th and Brazos Streets, Austin, Texas.

3.

Defendant, Brown Water Towing I, Inc. (hereinafter referred to as "Towing") is a Texas corporation that maintains its principal office and place of business in Rockport, Texas and may be served with process through its registered agent, Stephen H. Mosher, 320 Cove Harbor South, Rockport, Texas 78382.

EXHIBIT
"E"

1

CERTIFIED COPY

4.

Defendant Brown Water Marine Service, Inc. (hereinafter referred to as "Marine") is a Texas corporation that maintains its principal office and place of business in Rockport, Texas and may be served with process through its registered agent, Hugh T. Chapman, 320 Cove Harbor, Box 2205, Rockport, Texas 78382.

## VENUE

5.

Venue over this action is proper under Sections 15.002(a)(1) and 15.005 of the Texas Civil Practice and Remedies Code because Cameron County, Texas is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred, and the claims and actions against all Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences.

## FACTS

6.

Plaintiff, at all times pertinent to this action, owned the Queen Isabella Causeway ("Causeway") and its foundation and support structures. The Causeway is the only bridge connecting South Padre Island to the mainland.

7.

Defendant Towing, at all times pertinent to this action, was the owner of the T/V BROWN WATER V.

8.

Defendant Marine, at all times pertinent to this action, was the bareboat charterer/operator/owner *pro hac vice* of the T/V BROWN WATER V.

2

CMPDF - www.texla.com

CERTIFIED COPY

9.

In the alternative, Towing and Marine are alter egos of each other and are both liable for the management, manning and operation of the T/V BROWN WATER V.

10.

On or about September 15, 2001, the T/V BROWN WATER V was towing several barges in navigable waters in or near Port Isabel, Texas when the flotilla struck one of the Causeway's supports, causing several 80-foot segments of the Causeway to collapse into the Laguna Madre Channel and damaging other portions of the bridge. The Causeway and its supporting structures will require substantial repairs.

11.

As a consequence of several sections being knocked out of the Causeway, an undetermined number of vehicles drove off the bridge. At least five people are confirmed to have lost their lives due to the allision, and an unknown number of people are missing. The allision also caused a number of personal injuries.

12.

As a result of the allision, the State of Texas has expended and will continue to expend substantial sums on search and rescue, salvage, recovery, investigative, survey, engineering, cleanup, and other operations.

13.

As a result of the allision, the Causeway has been closed, and will remain closed until repairs can be made. Since there is no other bridge leading to South Padre Island, ferryboats have been chartered to provide access to the island. A dock has been constructed to accommodate vehicles. Despite these efforts to mitigate the damages caused by the allision, the operations of various hotels, restaurants, shops, recreational facilities and other businesses on

3

CERTIFIED COPY

South Padre Island have been and will be negatively impacted by the allision. The channel is also closed to marine traffic and will remain closed for an undetermined time. The State of Texas has lost and will continue to lose the associated tax revenues and other revenues that would have been generated but for the allision.

## CAUSES OF ACTION

### 14.

Plaintiff would show that the aforesaid allision and all resulting damages were proximately caused by the fault, neglect, negligence and lack of due care of Towing and Marine ("Defendants") and by the unseaworthiness of the T/V BROWN WATER V in the following particulars, among others, which will be brought out upon trial:

    a.  Failure to maintain a proper lookout;

    b.  Failure to chart and maintain a safe course;

    c.  Failure to use GPS, radar, navigation charts, and other navigational equipment properly;

    d.  Maneuvering improperly;

    e.  Failing to take appropriate action to determine the risk of allision;

    f.  Failing to take appropriate action to avoid the allision;

    g.  Failing to proceed at a safe speed appropriate to the prevailing circumstances;

    h.  Failing to properly train the crew of the T/V BROWN WATER V;

    i.  Violating the Inland Rules of Navigation and/or the local navigation customs of the area where the allision occurred;

    j.  Failing to have properly functioning navigation, steering, propulsion and allision avoidance systems aboard the T/V BROWN WATER V;

    k.  Undertaking the voyage when the navigation, steering, propulsion and allision avoidance systems of the T/V BROWN WATER V were not functioning properly;

    l.  Failing to ensure that the crew of the T/V BROWN WATER V properly monitored the operations of the vessel;

4

CERTIFIED COPY

    m. The management of Towing and Marine was independently negligent, failed to implement proper policies and procedures to avoid an incident of this type, and also failed to discover and remedy the negligence of the crew of the T/V BROWN WATER V and the unseaworthiness of the vessel; and

    n. Any and all other such acts of fault, neglect, negligence, lack of due care and unseaworthiness as may be shown at the trial of this matter.

15.

Plaintiff would show that each and every one of the aforementioned acts, omissions, and/or unseaworthy conditions was within the privity and knowledge of the owners and management of the Defendants.

16.

Plaintiff would show that Defendants are presumed to be at fault by virtue of the presumption of fault that arises when a moving vessel strikes a stationary object.

17.

Plaintiff would show that Defendants are presumed to be at fault by virtue of the *Rule of the PENNSYLVANIA*, in that Defendants violated numerous Rules of the Road, including, but not limited to, Rule 5 (lookout), Rule 6 (safe speed), Rule 7 (risk of allision) and Rule 8 (action to avoid allision).

18.

Plaintiff specifically pleads the application of the doctrine of *res ipsa loquitur*, because the T/V BROWN WATER V and her tow were, at all material times, under the exclusive custody and control of the Defendants, and the casualty described above is of the type that does not ordinarily occur in the absence of negligence.

CERTIFIED COPY

## DAMAGES

19.

As a direct and proximate result of the negligence of the Defendants and the unseaworthiness of the T/V BROWN WATER V, Plaintiff, the State of Texas, has sustained and will sustain extensive damage relating to the evaluation and repairs that will be needed to the Queen Isabella Causeway and the foundation and supporting structures associated therewith. Plaintiff is entitled to recover and hereby sues upon the reasonable and necessary cleanup, survey, investigative, engineering and repair costs that have been and will be expended and incurred as a result of the allision, as well as any resulting diminution in the value of any State property.

20.

As a direct and proximate result of the negligence of the Defendants and the unseaworthiness of the T/V BROWN WATER V, Plaintiff, the State of Texas, was forced to close the Queen Isabella Causeway, which will remain closed for an undetermined time. The channel is also closed to marine traffic and will remain closed for an undetermined time. Plaintiff also has expended and will continue to expend substantial amounts to charter ferries to transport vehicles and people to and from South Padre Island, and has been forced to incur the cost of building a dock to accommodate vehicles. All of these expenses were and continue to be reasonable and necessary, and Plaintiff hereby sues for recovery of all such expenses.

21.

For the loss of use of the roadway and waterway, and attendant expense and inconvenience to the motoring public and to marine traffic, the State of Texas asserts a claim for loss of use damages against Defendants in an amount to be determined.

CERTIFIED COPY

22.

As a direct and proximate result of the negligence of the Defendants and the unseaworthiness of the T/V BROWN WATER V, Plaintiff, the State of Texas, was forced to expend and is continuing to expend substantial amounts for emergency response, search and rescue operations, salvage operations, recovery operations and other miscellaneous operations. All of these expenses were and continue to be reasonable and necessary, and Plaintiff hereby sues for recovery of all such expenses.

23.

As a direct and proximate result of the negligence of the Defendants and the unseaworthiness of the T/V BROWN WATER V, Plaintiff, the State of Texas, has sustained and will continue to sustain a loss of tax revenues and other revenues from various hotels, restaurants, shops, entertainment facilities, and other businesses located on South Padre Island and from closure of the waterway. Plaintiff hereby sues for recovery of all such lost tax revenues and other revenues.

24.

Plaintiff, the State of Texas, anticipates that some of the individuals injured in the allision, some of the survivors of some of the people who lost their lives in the allision, and possibly some other claimants, may assert claims or suits against the State of Texas in connection with the aforesaid incident. Plaintiff would show that any such claims or suits be brought against it, Plaintiff is entitled to and hereby sues for full indemnity over and against the Defendants for any judgment rendered or settlement reached in favor of any persons, entities or parties who may assert claims or suits against Plaintiff as a result of the above described allision.

# CERTIFIED COPY

### 25.

Strictly in the alternative, Plaintiff is entitled to and hereby sues for contribution for any judgment rendered or settlement reached in favor of any persons, entities or parties who may assert claims or suits against Plaintiff as a result of the above described allision.

### 26.

Plaintiff also seeks to recover from Defendants pre-judgment interest and post judgment interest to the maximum amount allowable by law, as well as reasonable attorney's fees and court costs as authorized by Section 402.006(c) of the Texas Government Code.

### 27.

In the event that a judgment is rendered in this cause of action in favor of the State and an appeal is taken by the Defendants, and in the further event that the judgment is affirmed, Plaintiff asserts that it is entitled to receive a fee in an amount equal to ten percent of the amount collected up to $1,000 and five percent of the amount collected in excess of $1,000, pursuant to Section 402.006(a) of the Texas Government Code.

### 28.

Plaintiff's total damages are unknown at present and are continuing. Plaintiff's damages are, however, a sum substantially in excess of the minimum jurisdictional limits of this Court.

## JURY DEMAND

### 29.

Plaintiff is entitled to and hereby demands a trial by jury. The jury fee is being paid contemporaneously with the filing of this petition.

## PRAYER

WHEREFORE, Plaintiff, the State of Texas, respectfully requests:

8

CERTIFIED COPY

1.     That Brown Water Towing I, Inc. and Brown Water Marine Service, Inc., be cited to appear and answer, all and singular, the matters aforesaid; and

2.     That after due proceedings and a jury trial be had, Plaintiff have final judgment against the Defendants for the amount of its damages, together with pre-judgment and post judgment interest as provided by law, statutory fees as authorized in the event that a judgment in favor of Plaintiff is affirmed on appeal, reasonable attorney's fees and costs of court; and

3.     All other relief, both general and special, legal and equitable, to which it is justly entitled.

Respectfully submitted,

ADAMS AND REESE LLP

DARYL G. BURSUM
SBOT No: 06287900
CHRISTOPHER L. EVANS
SBOT No: 06710500
4400 One Houston Center
1221 McKinney
Houston, TX 77010
Phone: 713/652-5151
Fax:    713/652-5152

and

9

# CERTIFIED COPY

John Cornyn
 Attorney General of Texas
Howard G. Baldwin, Jr.
 First Assistant Attorney General
Jeffrey S. Boyd
 Deputy Attorney General for Litigation
Grady Click
 Assistant Attorney General
 Chief, Transportation Division
Michael Ratcliff
 Assistant Attorney General
 Transportation Division
 SBOT No:  16564300
P O Box 12548
Austin, Texas 78711-2548
(512) 463-2004
(512) 472-3855 - Fax

**ATTORNEYS FOR PLAINTIFF, STATE OF TEXAS
THROUGH ITS DEPARTMENT OF
TRANSPORTATION**