Case 1:01-cv-00157  Document 14  Filed in TXSD on 09/25/2001  Page 1 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 5 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| IN RE THE COMPLAINT AND § <br> PETITION OF BROWN WATER § <br> TOWING I, INC., AS OWNER, § <br> AND BROWN WATER MARINE SERVICE, § <br> INC., AS BAREBOAT CHARTERER, § <br> OF THE BROWN WATER V, ITS ENGINES, § <br> TACKLE, ETC., IN A CAUSE OF § <br> EXONERATION FROM OR § <br> LIMITATION OF LIABILITY § | CIVIL ACTION <br><br> NO. B-01-157 |

## PROOF OF CLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **JACQUELINE PADDOCK INDIVIDUALLY AND AS NEXT FRIEND OF WILLIAM B. WELCH AND AS REPRESENTATIVE OF THE ESTATE CHEALSA WELCH** Claimants in the above entitled and numbered cause and file this Proof of Claim and would respectfully show unto the Honorable Court the following:

I.

JACQUELINE PADDOCK INDIVIDUALLY AND AS NEXT FRIEND OF WILLIAM B. WELCH AND AS REPRESENTATIVE OF THE ESTATE OF CHEALSA WELCH are residents of Texas.

II.

That on or about September 15, 2001, while in a motor vehicle being driven by Chealsea and Barry Welch while travelling along and upon the Queen Isabella Causeway in Port Isabel, Cameron County, Texas, were severely and fatally injured as a result of the acts and/or conditions of the Brown Water V, it's owners, masters, charterers and/or their employees.

Chealsa and Barry Welch's injuries and damages as well as those of the claimants, were caused by the negligence of Brown Water Towing I, Inc., Brown Water Marine Service, Inc. and/or the unseaworthiness of Brown Water Marine Service, Inc.'s,

and/or Brown Water Towing I, Inc.'s vessels and equipment making up the tow flotilla of that company.  Claimants would show that because of the condition of the tug boat and its accompanying barges and prior knowledge of such conditions by Brown Water Towing I, Inc., and/or Brown Water Marine Service, Inc. evidences those companies' disregard for the rights, safety, and welfare of William Welch as same were wilful, wanton, and flagrant to such an extent as to constitute gross negligence.

### III.

The injuries and damages of claimants far exceeds the value of the vessel plead by Brown Water Marine Service, Inc. and/or Brown Water Towing I, Inc. for the damages.  These damages include pecuniary losses from the death of Chealsa Paddock including loss of care, maintenance, support, services, advice, counsel, loss of companionship and society, mental anguish  and contributions of a pecuniary value that Claimant Jacqueline Paddock  should, in reasonable probability, have received from Chealsa Paddock during her lifetime.  Claimant Jacqueline Paddock Individualy and as Representative of the Estate of Chealsa Paddock and as next friend of William B. Welch also seek any and other damages provided under any applicable laws, including Texas State law, regarding this incident.

Additionally, Claimant **Jacqueline Paddock as next friend of William B. Welch**, the minor child of Barry Welch and Chealsa Welch has suffered pecuniary losses including the loss of care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that he would, in reasonable probability, have received from his mother and father had they lived. **Jacqueline Paddock as next friend of William B. Welch** seeks these damages from the Petitioner.  Additionally, Claimants Jacqueline Paddock as next week of William B. Welch seek nonpecuniary damages from the Petitioner for the child's loss of companionship and society as  a result of the untimely death of his father and mother Barry Welch and Chealsa Welch.

This element of damages includes the love, comfort, companionship and society of the decedents, Barry Welch and Chealsa Welch.

**Jacqueline Paddock Individually and as next friend of William B. Welch and as Representative of the Estate of Chealsa Welch,** also seek from Petitioner damages for their mental anguish that is, emotional pain, torment and suffering experienced because of their family member's deaths. In regards to Petitioner, Claimants **Jacqueline Paddock as next friend of William B. Welch, a Minor** seeks damages for their loss of inheritance, that is, the loss of the present value of the assets, in excess of family living expenses that the decedents, Barry Welch and Chealsa Welch would, in reasonably probability would have added to their estates and that, in reasonable probability, would have been inherited by the Claimants **Jacqueline Paddock as next friend of William B. Welch, a Minor** at the end of the Decedants, natural lives. By reason of the foregoing, Claimant **Jacqueline Paddock Individually and as next friend of William B. Welch, a Minor and as Representative of the Estate of Chealsa Welch,** have been damaged by the Claimants in an amount in excess of the minimum jurisdictional limits of this court. Claimants **Jacqueline Welch Invidiually and as next friend of William Welch, a Minor and as Representative of the Estate of Chealsa Welch** also seek punitive damages from all the defendants.

### IV. DAMAGES TO THE ESTATE OF CHEALSA WELCH

As a result of the incident in question, **Chealsa Welch** suffered injuries which caused her severe and excruciating physical pain and mental anguish prior to her death. As a result, her estate is entitled to recover damages for physical pain and mental anguish, and funeral and burial expenses, for which recovery is sought herein.

Claimants would show that by reason of the injuries sustained as above alleged, **Chealsa Welch** suffered serious injuries to her body including disfigurement, mental anguish and physical pain and suffering prior to her death. By reason of the foregoing,

**Chealsa Welch** has been damaged by and seeks from the Petitioners an amount in excess of the minimum jurisdictional limits of this court.

On account of the nature, seriousness, and severity of **Chealsa Welch's** injuries, she required funeral and burial services. **Chealsa Welch's** estate has been required to pay and incur liability to pay the charges which have been and will be made for such funeral and burial services.

The charges which have been and will be made for services rendered to Claimants have represented and will represent the usual, reasonable and customary charges for like or similar services in the vicinity where they have been and will be rendered. The Estate of Chealsa Welch seeks these damages.

Claimants would further show that in the event **Chealsa Welch** had pre-existing conditions in her body prior to the incident made the basis of this suit, that such conditions were aggravated and/or re-injured and worsened by the injuries sustained as a result of the negligence of the Petitioners.

On the date of the incident out of which this suit arises, Claimant **Chealsa Welch** was a woman of the age of 22 and had a life expectancy in excess of 51.9 according to the U.S. Life Tables of 1995.

Claimants would further show that a result of the Petitioners' negligence, claimants have suffered a loss of future services that would have been provided by **Chealsa Welch** had she not died.

Claimants seek damages for total loss of past wages and future earning capacity which was proximately caused by the negligence of Petitioners.

WHEREFORE, PREMISES CONSIDERED, Claimant, Jacqueline Welch Individually and as next friend of William Welch and as Representative of the Estate of Chealsa Welch presents this claim and prays that the claim be acknowledge and for such other and further relief as the court may deem just and proper.

Respectfully submitted this the 25 day of September, 2001.

>WATTS & HEARD, L.L.P.
>1926 E. Elizabeth
>Brownsville, Texas 78520
>(956) 544-0500
>(956) 541-0255 FAX
>
>_____
>RAY R. MARCHAN
>For the Firm
>State Bar No. 12969050
>Fed. I.D. No. 9522

## CERTIFICATE OF SERVICE

I hereby certify that on this the 25 day of September, 2001, a true and correct copy of the foregoing instrument was forwarded to opposing counsel via fax, by hand-delivery or by certified mail, return receipt requested.

_____
RAY R. MARCHAN

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | |
| PETITION OF BROWN WATER | § | |
| TOWING I, INC., AS OWNER, | § | |
| AND BROWN WATER MARINE SERVICE, | § | |
| INC., AS BAREBOAT CHARTERER, | § | CIVIL ACTION |
| OF THE BROWN WATER V, ITS ENGINES, | § | |
| TACKLE, ETC., IN A CAUSE OF | § | NO. B-01-157 |
| EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | |

## ORDER

On this the _____ day of _____, 2001, came on to be heard Claimants' Jacqueline Paddock Individually and as Next Friend of William B. Welch and as Representative of the Estate of Chealsa Welch's Proof of Claim and, after careful review and consideration of the pleadings, the Court is of the opinion that said Proof of Claim be granted.

IT IS HEREBY, ORDERED, ADJUDGED, AND DECREED that said Claimants' Jacqueline Paddock Individually and as Next Friend of William B. Welch and as Representative of the Estate of Chealsa Welch's Proof of Claim is GRANTED.

Signed this the _____ day of _____, 2001.

_____
JUDGE PRESIDING