Case 1:01-cv-00157 Document 16 Filed in TXSD on 09/21/2001 Page 1 of 5



United States District Court
Southern District of Texas
FILED

SEP 21 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND § <br> PETITION OF BROWN WATER § <br> TOWING I, INC., AS OWNER, § <br> AND BROWN WATER MARINE SERVICE, § <br> INC., AS BAREBOAT CHARTERER, § <br> OF THE BROWN WATER V, ITS ENGINES, § <br> TACKLE, ETC., IN A CAUSE OF § <br> EXONERATION FROM OR § <br> LIMITATION OF LIABILITY § | CIVIL ACTION <br><br> NO. B-01-157 |

### ANSWER OF GUSTAVO MORALES AND BIGO'S INTERNATIONAL LLC TO THE LIBEL AND PETITION OF BROWN WATER TOWING I, INC. AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

THE ANSWER OF **GUSTAVO MORALES AND BIGO'S INTERNATIONAL LLC** TO THE LIBEL AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION OR LIMITATION OF LIABILITY, on information and belief respectfully allege:

I.

Claimants can neither admit nor deny the allegations contained in paragraph I of Petitioner's pleading.

II.

Claimants can neither admit nor deny the allegations as to the length and breadth, as well as, the home port of THE BROWN WATER V. However, Claimants deny that The BROWN WATER V was at all times material hereto and in all respects seaworthy and properly and

efficiently manned, supplied, equipped and furnished, and well and sufficiently fitted and supplied with suitable engines, machinery, tackle, apparel, appliance and furniture, all in good order and condition, and suitable for the service in which she was engaged.

III.

Claimants do not deny the allegations contained in paragraph III, however, claimants request that a more definite statement be made so as to elaborate particularly the facts of the casualty.

IV.

Claimants deny the allegations contained in paragraph number IV., however claimants request that a more definite statement be set out with particularity elaborating on the voyage in which the casualty for which the owner and/or bareboat charterer seek limitation or exoneration from liability occurred, as well as the dates and place of the termination of the voyage in which the casualty occurred. Additionally, claimants contend that any limitation of liability allegation by petitioner must include the value of all owner's vessels at its home port should be made part of the limitation fund. However, claimants do not admit that limitation should apply even if the entire value of the flotilla is computed for the limitation.

V.

The Claimants deny the allegations contained in paragraph number V.

VI.

The Claimants deny the allegations contained in paragraph number VI.

VII.

The Claimants can neither admit nor deny the allegations contained in paragraph number VII of petitioner's pleading.

VIII.

Claimants deny the allegations contained in paragraph number VIII of petitioner's pleading.

IX.

Claimants do not deny the allegations contained in paragraph number IX of Petitioner's pleading.

X.

Claimants deny the allegations contained in paragraph number X of Petitioner's pleading.

XI.

Claimants deny the allegations contained in paragraph number XI of Petitioner's pleading

XII.

The Claimants deny the allegations contained in paragraph XII.

XIII.

Claimants can neither admit nor deny the allegations contained in paragraph number XIII. of petitioner's pleadings.

XIV.

Claimants deny that the amount alleged in paragraph number XIV of petitioner's pleading is sufficient.

XV.

Claimants can neither admit nor deny the allegations contained in paragraph number XV. of petitioner's pleading.

XVI.

Claimants can neither admit nor deny the allegations contained in paragraph number XVI of petitioner's pleading.

XVII.

Claimants can neither admit nor deny at this time those allegations contained in paragraph number XVII.

XVIII.

(1)    Claimants admit those allegations contained in paragraph XVIII (1) of petitioner's pleading.

(2)   Claimants admit those allegations contained in paragraph XVIII(2) of petitioner's pleading.

(3)   Claimants admit those allegations contained in paragraph XVIII(3) of petitioner's pleading.

(4)   Claimants deny those allegations contained in paragraph XVIII(4) of petitioner's pleading.

XIX.

WHEREFORE PREMISES CONSIDERED, Respondent/Claimants **Gustavo Morales and Bigo's International, LLC** pray that this court deny petitioner's claim for limitation of liability and that respondent/claimants be allowed to recover the full amount of damages as determined by a jury of the claimant's peers and for such other and further relief as the claimant can be justly entitled.

Respectfully submitted on this the _20_ day of September, 2001.

WATTS & HEARD, L.L.P
1926 E. Elizabeth
Brownsville, Texas  78520
(956) 544-0500
(956) 541-0255  Fax

_____
RAY R. MARCHAN
For the Firm
State Bar No. 12969050
Fed. I.D. No. 9522

## CERTIFICATE OF SERVICE

I hereby certify that on this the __20__ day of September, 2001, a true and correct copy of the foregoing instrument was forwarded to opposing counsel via fax, by hand-delivery or by certified mail, return receipt requested.

_____
RAY R. MARCHAN