

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 1 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| IN RE THE COMPLAINT AND § | |
| PETITION OF BROWN WATER § | |
| TOWING I, INC., AS OWNER, § | |
| AND BROWN WATER MARINE SERVICE, § | |
| INC., AS BAREBOAT CHARTERER, § | CIVIL ACTION |
| OF THE BROWN WATER V, ITS ENGINES, § | |
| TACKLE, ETC., IN A CAUSE OF § | NO. B-01-157 |
| EXONERATION FROM OR § | |
| LIMITATION OF LIABILITY § | |

## ANSWER OF LYDIA ZAMORA INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF HECTOR MARTINEZ, JR., DECEASED TO THE LIBEL AND PETITION OF BROWN WATER TOWING I, INC. AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

THE ANSWER OF **LYDIA ZAMORA INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF HECTOR MARTINEZ, JR., DECEASED** TO THE LIBEL AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION OR LIMITATION OF LIABILITY, on information and belief respectfully allege:

I.

Claimant can neither admit nor deny the allegations contained in paragraph I of Petitioner's pleading.

II.

Claimant can neither admit nor deny the allegations as to the length and breadth, as well as, the home port of THE BROWN WATER V. However, Claimant deny that The BROWN

WATER V was at all times material hereto and in all respects seaworthy and properly and efficiently manned, supplied, equipped and furnished, and well and sufficiently fitted and supplied with suitable engines, machinery, tackle, apparel, appliance and furniture, all in good order and condition, and suitable for the service in which she was engaged.

III.

Claimant does not deny the allegations contained in paragraph III, however, claimant request that a more definite statement be made so as to elaborate particularly the facts of the casualty.

IV.

Claimant denies the allegations contained in paragraph number IV., however claimant request that a more definite statement be set out with particularity elaborating on the voyage in which the casualty for which the owner and/or bareboat charterer seek limitation or exoneration from liability occurred, as well as the dates and place of the termination of the voyage in which the casualty occurred. Additionally, claimant contends that any limitation of liability allegation by petitioner must include the value of all owner's vessels at its home port should be made part of the limitation fund. However, claimant does not admit that limitation should apply even if the entire value of the flotilla is computed for the limitation.

V.

The Claimant denies the allegations contained in paragraph number V.

VI.

The Claimant denies the allegations contained in paragraph number VI.

VII.

The Claimant can neither admit nor deny the allegations contained in paragraph number VII of petitioner's pleading.

VIII.

Claimant denies the allegations contained in paragraph number VIII of petitioner's pleading.

IX.

Claimant do not deny the allegations contained in paragraph number IX of Petitioner's pleading.

X.

Claimant denies the allegations contained in paragraph number X of Petitioner's pleading.

XI.

Claimant denies the allegations contained in paragraph number XI of Petitioner's pleading

XII.

The Claimant denies the allegations contained in paragraph XII.

XIII.

Claimant can neither admit nor deny the allegations contained in paragraph number XIII. of petitioner's pleadings.

XIV.

Claimant denies that the amount alleged in paragraph number XIV of petitioner's pleading is sufficient.

XV.

Claimant can neither admit nor deny the allegations contained in paragraph number XV. of petitioner's pleading.

XVI.

Claimant can neither admit nor deny the allegations contained in paragraph number XVI of petitioner's pleading.

XVII.

Claimant can neither admit nor deny at this time those allegations contained in paragraph number XVII.

XVIII.

(1) Claimant admits those allegations contained in paragraph XVIII (1) of petitioner's pleading.

(2) Claimant admits those allegations contained in paragraph XVIII(2) of petitioner's pleading.

(3) Claimant admits those allegations contained in paragraph XVIII(3) of petitioner's pleading.

(4) Claimant denies those allegations contained in paragraph XVIII(4) of petitioner's pleading.

XIX.

WHEREFORE PREMISES CONSIDERED, Respondent/Claimant **Lydia Zamora Individually and as Representative of the Estate of Hector Martinez, Jr., Deceased** prays that this court deny petitioner's claim for limitation of liability and that respondent/claimant be allowed to recover the full amount of damages as determined by a jury of the claimant's peers and for such other and further relief as the claimant can be justly entitled.

Respectfully submitted on this the ___20___ day of September, 2001.

        WATTS & HEARD, L.L.P
        1926 E. Elizabeth
        Brownsville, Texas 78520
        (956) 544-0500
        (956) 541-0255 Fax

        _____
        RAY R. MARCHAN
        For the Firm
        State Bar No. 12969050
        Fed. I.D. No. 9522

ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the _20_ day of September, 2001, a true and correct copy of the foregoing instrument was forwarded to opposing counsel via fax, by hand-delivery or by certified mail, return receipt requested.

_____
RAY R. MARCHAN