

United States District Court
Southern District of Texas
FILED

SEP 2 1 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND § <br> PETITION OF BROWN WATER § <br> TOWING I, INC., AS OWNER, § <br> AND BROWN WATER MARINE SERVICE, § <br> INC., AS BAREBOAT CHARTERER, § <br> OF THE BROWN WATER V, ITS ENGINES, § <br> TACKLE, ETC., IN A CAUSE OF § <br> EXONERATION FROM OR § <br> LIMITATION OF LIABILITY § | CIVIL ACTION <br><br> NO. B-01-157 |

## PROOF OF CLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **LYDIA ZAMORA INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF HECTOR MARTINEZ, JR., DECEASED**, Claimant in the above entitled and numbered cause and files this Proof of Claim and would respectfully show unto the Honorable Court the following:

I.

LYDIA ZAMORA INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF HECTOR MARTINEZ, JR., DECEASED, are residents of Texas.

II.

That on or about September 15, 2001, while operating his motor vehicle and while travelling along and upon the Queen Isabella Causeway in Port Isabel, Cameron County, Texas, Hector Martinez, Jr. was severely and fatally injured as a result of the acts and/or conditions of the Brown Water V, it's owners, masters, charterers and/or their employees.

Hector Martinez, Jr.'s injuries and damages as well as those of the claimant, were caused by the negligence of Brown Water Towing I, Inc., Brown Water Marine Service, Inc. and/or the unseaworthiness of Brown Water Marine Service, Inc.'s, and/or Brown Water Towing I, Inc.'s vessels and equipment making up the tow flotilla of that company. Claimant would show that

because of the condition of the tug boat and its accompanying barges and prior knowledge of such conditions by Brown Water Towing I, Inc., and/or Brown Water Marine Service, Inc. evidences those companies' disregard for the rights, safety, and welfare of Hector Martinez, Jr. as same were wilful, wanton, and flagrant to such an extent as to constitute gross negligence.

III.

The injuries and damages of claimant far exceeds the value of the vessel plead by Brown Water Marine Service, Inc. and/or Brown Water Towing I, Inc. for the damages. These damages include pecuniary losses from the death of Hector Martinez., Jr. including loss of care, maintenance, support, services, advice, counsel, loss of companionship and society, mental anguish and contributions of a pecuniary value that Claimant should, in reasonable probability, have received from Hector Martinez, Jr. during his lifetime. Claimant also seek any and other damages provided under any applicable laws, including Texas State law, regarding this incident.

. Claimant Lydia Zamora Individually and As Representative of the Estate of Hector Martinez, Jr., Deceased, as a result of Petitioner's negligence and resulting injuries therefrom have been damaged in that she has lost her son's consortium, including: affection, solace, comfort, assistance, emotional support, love and felicity.

Claimant Lydia Zamora Individually and As Representative of the Estate of Hector Martinez, Jr., Deceased, seeks to recover damages for her mental anguish, emotional pain, suffering and bereavement, as well as, for the loss of companionship, love support and society that she has experienced in the past and will, in all reasonable probability, experience in the future.

### IV. DAMAGES TO THE ESTATE OF HECTOR MARTINEZ, JR.

As a result of the incident in question, **Hector Martinez, Jr.** suffered injuries which caused him severe and excruciating physical pain and mental anguish prior to his death. As a result, his estate is entitled to recover damages for physical pain and mental anguish, and funeral and burial expenses, for which recovery is sought herein.

Claimant would show that by reason of the injuries sustained as above alleged, **Hector Martinez, Jr.** suffered serious injuries to his body including disfigurement, mental anguish and physical pain and suffering prior to his death. By reason of the foregoing, **Hector Martinez, Jr.** has been damaged by and seeks from the Petitioners an amount in excess of the minimum jurisdictional limits of this court.

On account of the nature, seriousness, and severity of **Hector Martinez, Jr.'s** injuries, he required medical services care. **Hector Martinez, Jr.'s** estate has been required to pay and incur liability to pay the charges which have been and will be made for such medical care services.

The charges which have been and will be made for services rendered to Claimant have represented and will represent the usual, reasonable and customary charges for like or similar services in the vicinity where they have been and will be rendered. All of these services, both past and future, have been and will be made necessary in connection with the proper treatment of the injuries sustained and suffered by Claimant because of **Hector Martinez, Jr.'s** death.

Claimant would further show that in the event **Hector Martinez, Jr.'s** had pre-existing conditions in his body prior to the incident made the basis of this suit, that such conditions were aggravated and/or re-injured and worsened by the injuries sustained as a result of the negligence of the Petitioners.

On the date of the incident out of which this suit arises, Claimant **Hector Martinez, Jr** was a man of the age of 32 and had a life expectancy in excess of 32.8 according to the U.S. Life Tables of 1995.

Claimant would further show that a result of the Petitioners' negligence, claimant has suffered a loss of future services that would have been provided by **Hector Martinez, Jr.** had he not died.

Claimant seeks damages for total loss of past wages and future earning capacity which was proximately caused by the negligence of Petitioners.

WHEREFORE, PREMISES CONSIDERED, Claimant, LYDIA ZAMORA INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF HECTOR MARTINEZ, JR., DECEASED presents this claim and prays that the claim be acknowledge and for such other and further relief as the court may deem just and proper.

Respectfully submitted this the ___20___ day of September, 2001.

> WATTS & HEARD, L.L.P.
> 1926 E. Elizabeth
> Brownsville, Texas  78520
> (956) 544-0500
> (956) 541-0255  FAX
>
> _____
> RAY R. MARCHAN
> For the Firm
> State Bar No. 12969050
> Fed. I.D. No. 9522

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___20___ day of September ~~21~~, 2001, a true and correct copy of the foregoing instrument was forwarded to opposing counsel via fax, by hand-delivery or by certified mail, return receipt requested.

_____
RAY R. MARCHAN