**COPY**

24

United States District Court
Southern District of Texas
FILED

OCT 1 6 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | |
| PETITION FOR BROWN WATER | § | C.A. NO. B-01-157 |
| TOWING I, INC., AS OWNER, AND | § | (Subject to Rule 9(h) |
| BROWN WATER MARINE SERVICE, | § | of the Federal Rules |
| INC., AS BAREBOAT CHARTERERS, | § | of Civil Procedure) |
| OF THE BROWN WATER V, ITS | § | Admiralty |
| ENGINES, TACKLE, ETC., IN A | § | |
| CAUSE OF EXONERATION FROM | § | |
| OR LIMITATION OF LIABILITY | § | |

## CLAIMANTS' CLAIM AND ANSWER TO PETITIONERS' VERIFIED COMPLAINT AND PETITION FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW RAQUEL TERAN HINOJOSA, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF GASPAR HINOJOSA, DECEASED, CLARISSA HINOJOSA, OMAR HINOJOSA AND GASPAR HINOJOSA, II, EACH INDIVIDUALLY, ("Claimants"), and under protest and without prejudice to Claimants' position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed, file their claim and answer to the Verified Complaint for Exoneration from or Limitation of Liability that BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., ("Petitioners"), have filed herein.

In support thereof, Claimants would show this Court as follows:

I.

### Claim for Damages

1.  On or about September 15, 2001, GASPAR HINOJOSA, husband and father

of Claimants, was killed as a result of the collapse of the Queen Isabella Causeway. The causeway collapsed after the span was rammed by industrial barges being pushed by a tugboat. The barges, owned by American Commercial Lines LLC, were being pushed by a tugboat owned by Petitioners, BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. As a result of the negligent conduct of Petitioners and the resulting collapse of the causeway, Plaintiff GASPAR HINOJOSA sustained substantial physical injuries and died as a result of those injuries.

2. Due to the negligence, carelessness, and fault of Petitioners as owner or owner pro hac vice or operator of the vessel in question and the unseaworthiness of the vessel, all of which was within the privity and knowledge of Petitioners, Claimants sustained damages.

3. Nothing Claimants did or failed to do on the occasion in question caused or in any way contributed to the cause of the injuries and subsequent death of their husband and father, GASPAR HINOJOSA.

4. Claimants are entitled to maintain an action and bring this claim for damages for pecuniary loss, loss of companionship and society, mental anguish, and loss of inheritance. Also, Claimants are entitled to maintain and bring this claim for damages for physical pain and emotional pain, torment, and suffering experienced by Gaspar Hinojosa before his death as a result of the occurrence in question. In addition, Claimants are entitled to maintain and bring this claim for damages medical expenses and funeral and burial expenses for Gaspar Hinojosa. Moreover, Claimants are entitled to plead for punitive damages based upon Petitioners' wanton and reckless conduct that amounted to

Petitioners' conscious disregard of the rights of others.

5.   This claim is being made under protest and without prejudice to Claimants' position that this exoneration from and/or of limitation of liability proceeding is improper and should be dismissed.

6.   Similarly, this claim is being made without prejudice to Claimants' challenging the sufficiency of Petitioners' limitation fund by written motion and/or moving this Court for an order to increase the value of Petitioners' limitation fund.

**WHEREFORE, PREMISES CONSIDERED,** the Claimants demand judgment against Petitioners in an amount to be determined by this Court, in addition to interest and costs.

II.

## Answer to Complaint

COME NOW RAQUEL TERAN HINOJOSA, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF GASPAR HINOJOSA, DECEASED, CLARISSA HINOJOSA, OMAR HINOJOSA AND GASPAR HINOJOSA, II, EACH INDIVIDUALLY, ("Claimants"), and under protest and without prejudice to Claimants' position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed, file their answer to the Verified Complaint of BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., ("Petitioners"), as Owners Pro Hac Vice/Operators of the BROWN WATER V, seeking exoneration from or limitation of liability.

In support thereof, Claimants answer follows:

1.   Claimants can neither admit nor deny the allegations contained in paragraph

I of Petitioners' Complaint.

2. Claimants can neither admit nor deny as to gross registered tonnage or the BROWN WATER V. However, Claimants deny that the BROWN WATER V was at all times material in all respects seaworthy and that it was at all times material properly and efficiently manned, supplied, equipped, and furnished, and well and sufficiently fitted and supplied with suitable engines, machinery, tackle, apparel, appliances and furniture, all in good order and condition and suitable for service in which the vessel was engaged.

3. Claimants do not deny the allegations contained in paragraph III but request that Petitioners make a more definite statement so as to elaborate particularly the facts of the underlying incident.

4. Claimants deny the allegations contained in paragraph IV.

5. Claimants deny the allegations contained in paragraph V.

6. Claimants deny the allegations contained in paragraph VI.

7. Claimants deny the allegations contained in paragraph VII.

8. Claimants deny the allegations contained in paragraph VIII.

9. Claimants admit the allegations contained in paragraph IX.

10. Claimants deny the allegations contained in paragraph X.

11. Claimants deny the allegations contained in paragraph XI.

12. Claimants deny the allegations contained in paragraph XII.

13. Claimants are without knowledge or information to either admit or deny the allegations contained in paragraph XIII, and therefore, deny the same.

14. Claimants are without knowledge or information to either admit or deny the allegations contained in paragraph XIV, and therefore, deny the same.

15. Claimants are without knowledge or information to either admit or deny the allegations contained in paragraph XV, and therefore, deny the same.

16. Claimants deny the allegations contained in paragraph XVI.

17. Claimants are without knowledge or information to either admit or deny the allegations contained in paragraph XVII, and therefore, deny the same.

18. With regard to the allegations in paragraph XVIII, Claimants deny that Petitioners' Complaint is within the jurisdiction of this Honorable Court because Petitioners have failed to follow the prerequisites for the filing of a complaint as set forth in Rule F(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure.

Now, further answering, Claimants respectfully represent as follows:

19. Claimants admit its claim is in excess of ten million dollars.

20. Claimants deny that Petitioners are entitled to the relief sought in its prayer.

21. Claimants would show that Petitioners are not entitled to limitation of liability for the reason that said acts of negligence and conditions of unseaworthiness which caused the injuries and damages sustained by Claimants were within the privity and knowledge of Petitioners, or any of Petitioners' directors, officers, stockholders or agents.

22. Claimants further answer that the accident was caused by the fault, negligence, unseaworthiness, or lack of due care or other basis of liability on the part of Petitioners, the vessels and persons for whom the Petitioners are responsible.

23. Without waiving their claims that Petitioners are not entitled to an exoneration from or limitation or liability, Claimants reserve the right to demand a trial by jury in the forum of their choice pursuant to the "Savings to Suitors" clause of the Judiciary Act of

1789. 28 U.S.C. § 1333.

24. Without waiving their claims that Petitioners are not entitled to an exoneration from or limitation of liability, Claimants reserve the right provided under Rule F(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure to demand that the amount of security referred to in Petitioners' Complaint be increased on the grounds that it is less than the Petitioner's interest in the BROWN WATER V or on the grounds that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury. 46 U.S.C. § 183 (b) - (f).

**WHEREFORE, PREMISES CONSIDERED**, Claimants pray that this Honorable Court dismiss the Verified Complaint of BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. and grant Claimants any other relief, both legal and equitable, to which they are entitled.

Respectfully submitted,

**STEVENSON & AMMONS, L.C.**

By: _____
**ROBERT E. AMMONS**
State Bar No. 01159820
3700 Montrose Boulevard
Houston, Texas 77006
(713) 523-3030
(713) 523-4747 (FAX)

**LAW OFFICES OF RAMON GARCIA, P.C.**

By: _____ by REA/pem.
**RAMON GARCIA**
State Bar No. 07641800
222 West University Dr.
Edinburg, Texas 78539
(956) 383-7441
(956) 381-0825 (FAX)

Attorneys for Claimants

-7-

- 8 -

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing pleading has been forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure on this _15_ day of October 2001.

ROBERT E. AMMONS