IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 9 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| IN RE THE COMPLAINT AND § | |
| PETITION OF BROWN WATER § | |
| TOWING I, INC., AS OWNER, § | |
| AND BROWN WATER MARINE SERVICE, § | |
| INC., AS BAREBOAT CHARTERER, § | CIVIL ACTION |
| OF THE BROWN WATER V, ITS ENGINES, § | |
| TACKLE, ETC., IN A CAUSE OF § | NO. B-01-157 |
| EXONERATION FROM OR § | |
| LIMITATION OF LIABILITY § | |

### ANSWER OF BRIDGETTE GOZA TO THE LIBEL AND PETITION OF BROWN WATER TOWING I, INC. AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

THE ANSWER OF **BRIDGETTE GOZA** TO THE LIBEL AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION OR LIMITATION OF LIABILITY, on information and belief respectfully allege:

I.

Claimant can neither admit nor deny the allegations contained in paragraph I of Petitioner's pleading.

II.

Claimant can neither admit nor deny the allegations as to the length and breadth, as well as, the home port of THE BROWN WATER V. However, Claimant denies that The BROWN WATER V was at all times material hereto and in all respects seaworthy and properly and efficiently manned, supplied, equipped and furnished, and well and sufficiently fitted and

supplied with suitable engines, machinery, tackle, apparel, appliance and furniture, all in good order and condition, and suitable for the service in which she was engaged.

III.

Claimant does not deny the allegations contained in paragraph III, however, claimant request that a more definite statement be made so as to elaborate particularly the facts of the casualty.

IV.

Claimant deny the allegations contained in paragraph number IV., however claimant request that a more definite statement be set out with particularity elaborating on the voyage in which the casualty for which the owner and/or bareboat charterer seek limitation or exoneration from liability occurred, as well as the dates and place of the termination of the voyage in which the casualty occurred. Additionally, claimant contends that any limitation of liability allegation by petitioner must include the value of all owner's vessels at its home port should be made part of the limitation fund. However, claimant does not admit that limitation should apply even if the entire value of the flotilla is computed for the limitation.

V.

The Claimant denies the allegations contained in paragraph number V.

VI.

The Claimant denies the allegations contained in paragraph number VI.

VII.

The Claimant can neither admit nor deny the allegations contained in paragraph number VII of petitioner's pleading.

VIII.

Claimant denies the allegations contained in paragraph number VIII of petitioner's pleading.

IX.

Claimant does not deny the allegations contained in paragraph number IX of Petitioner's pleading.

X.

Claimant denies the allegations contained in paragraph number X of Petitioner's pleading.

XI.

Claimant denies the allegations contained in paragraph number XI of Petitioner's pleading

XII.

The Claimant denies the allegations contained in paragraph XII.

XIII.

Claimant can neither admit nor deny the allegations contained in paragraph number XIII. of petitioner's pleadings.

XIV.

Claimant denies that the amount alleged in paragraph number XIV of petitioner's pleading is sufficient.

XV.

Claimant can neither admit nor deny the allegations contained in paragraph number XV. of petitioner's pleading.

XVI.

Claimant can neither admit nor deny the allegations contained in paragraph number XVI of petitioner's pleading.

XVII.

Claimant can neither admit nor deny at this time those allegations contained in paragraph number XVII.

XVIII.

(1)     Claimant admits those allegations contained in paragraph XVIII (1) of petitioner's pleading.

(2)   Claimant admits those allegations contained in paragraph XVIII(2) of petitioner's pleading.

(3)   Claimant admits those allegations contained in paragraph XVIII(3) of petitioner's pleading.

(4)   Claimant denies those allegations contained in paragraph XVIII(4) of petitioner's pleading.

### XIX.

WHEREFORE PREMISES CONSIDERED, Respondent/Claimant **Bridgette Goza** pray that this court deny petitioner's claim for limitation of liability and that respondent/claimants be allowed to recover the full amount of damages as determined by a jury of the claimant's peers and for such other and further relief as the claimant can be justly entitled.

Respectfully submitted on this the 25 day of October, 2001.

WATTS & HEARD, L.L.P
1926 E. Elizabeth
Brownsville, Texas 78520
(956) 544-0500
(956) 541-0255 Fax

_____
RAY R. MARCHAN
For the Firm
State Bar No. 12969050
Fed. I.D. No. 9522

## CERTIFICATE OF SERVICE

I hereby certify that on this the 25 day of October, 2001, a true and correct copy of the foregoing instrument was forwarded to opposing counsel via fax, by hand-delivery or by certified mail, return receipt requested.

_____
RAY R. MARCHAN