IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION | § | |
| FOR BROWN WATER TOWING I, INC., | § | C.A. NO. B-01-157 |
| AS OWNER, AND BROWN WATER | § | (Subject to Rule 9(h) |
| MARINE SERVICE, INC., AS BAREBOAT | § | of the Federal Rules |
| CHARTERS, OF THE BROWN WATER V, | § | of Civil Procedure) |
| ITS ENGINES, TACKLE, ETC., IN A | § | Admiralty |
| CAUSE OF EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | |

**CLAIMANT'S PROOF OF CLAIM AND ANSWER
TO PETITIONER'S VERIFIED COMPLAINT AND PETITION
FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW RENE MATA and FRANK MATA (*"Claimants"*), and under protest and without prejudice to Claimants' position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed, file their Proof of Claim and Answer to the Verified Complaint for Exoneration from or Limitation of Liability filed by BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. (*"Petitioners"*), herein, and in support thereof, would show the Court the following:

I.

**PROOF OF CLAIM**

<u>Facts</u>

1.1     On September 15, 2001, the Queen Isabella Causeway, connecting South Padre Island with the City of Port Isabel, was struck by commercial barges. The barges, owned by American Commercial Lines LLC, were being pushed by a tugboat owned/operated by Petitioners,

BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. As a result of this collision, a section of the causeway was destroyed, leaving a large chasm in the roadway. RENE MATA was driving a Ford Coupe, owned by his father FRANK MATA, on the Queen Isabella Causeway at the time of the collision, or shortly thereafter. Before RENE MATA could reasonably react to the collapse of the causeway, the Ford Coupe fell through the chasm in the roadway and plummeted to the water below. As a result of the negligent conduct of Petitioners and the resulting collapse of the causeway, Claimant RENE MATA sustained substantial, severe, and permanent physical injuries, and the Ford Coupe owned by FRANK MATA was totaled.

## Cause of Action

1.2     Due to the negligence, carelessness, and fault of Petitioners as owner, owner pro hac vice, or operator of the vessel in question, and the unseaworthiness of the vessel, all of which was within the privity and knowledge of Petitioners, Claimants sustained damages.

1.3     Nothing Claimants did or failed to do on the occasion in question caused or in any way contributed to the cause of the injuries sustained by RENE MATA and the damage to the vehicle owned by FRANK MATA.

## Damages

1.4     Claimants are entitled to maintain an action and bring this claim for damages for pecuniary loss, past and future mental anguish, past and future physical impairment, lost wages, and loss of earning capacity. In addition, Claimants are entitled to maintain and bring this claim for property damages, medical expenses, and other consequential damages. Moreover, Claimants are entitled to plead for punitive damages based upon Petitioners' wanton and reckless conduct that

amounted to Petitioners' gross negligence and conscious disregard of the rights, welfare, and safety of others.

1.5     The injuries and damages of claimant exceed the value of the vessel pled by Brown Water Marine Services, Inc. and/or Brown Water Towing I, Inc. for the damages. Furthermore, said damages are in excess of the minimum jurisdictional limits of this Court.

## Reservations

1.6     This claim is being made under protest and without prejudice to Claimants' position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed.

1.7     Similarly, this claim is being made without prejudice to Claimants' challenging the sufficiency of Petitioners' limitation fund by written motion and/or moving this Court for an order to increase the value of Petitioners' limitation fund.

**WHEREFORE, PREMISES CONSIDERED**, the Claimants demand judgment against Petitioners in an amount to be determined by this Court, in addition to interest and costs, and such other and further relief to which they may be justly entitled.

## II.

## ANSWER TO COMPLAINT

## Responses to Petitioners' Complaint

2.1     Claimants can neither admit nor deny the allegations contained in paragraph I of Petitioners' Complaint.

2.2     Claimants can neither admit nor deny as to gross registered tonnage of the BROWN WATER V. However, Claimants deny that the BROWN WATER V was, at all times material and

in all respects, seaworthy and that it was, at all times material, properly and efficiently manned, supplied, equipped, and furnished, as well as sufficiently fitted and supplied with suitable engines, machinery, tackle, apparel, appliances and furniture, all in good order and condition and suitable for service in which the vessel was engaged.

2.3   Claimants do not deny the allegations contained in paragraph III, but request that Petitioners make a more definite statement so as to elaborate particularly the facts of the underlying incident.

2.4   Claimants deny the allegations contained in paragraph IV.

2.5   Claimants deny the allegations contained in paragraph V.

2.6   Claimants deny the allegations contained in paragraph VI.

2.7   Claimants deny the allegations contained in paragraph VII.

2.8   Claimants deny the allegations contained in paragraph VIII.

2.9   Claimants admit the allegations contained in paragraph IX.

2.10   Claimants deny the allegations contained in paragraph X.

2.11   Claimants deny the allegations contained in paragraph XI.

2.12   Claimants deny the allegations contained in paragraph XII.

2.13   Claimants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph XIII, and therefore, deny the same.

2.14   Claimants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph XIV, and therefore, deny the same.

2.15   Claimants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph XV, and therefore, deny the same.

2.16    Claimants deny the allegations contained in paragraph XVI.

2.17    Claimants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph XVII, and therefore, deny the same.

2.18    With regard to the allegations in paragraph XVIII, Claimants deny that Petitioners' Complaint is within the jurisdiction of this Honorable Court because Petitioners have failed to follow the prerequisites for the filing of a complaint as set forth in Rule F(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure.

**Affirmative Allegations**

2.19    Claimants admit its claim is in excess of three hundred thousand dollars.

2.20    Claimants deny that Petitioners are entitled to the relief sought in its prayer.

2.21    Claimants would show that Petitioners are not entitled to limitation of liability for the reason that said acts of negligence and conditions of unseaworthiness that caused the injuries and damages sustained by Claimants were within the privity and knowledge of Petitioners and/or its directors, officers, stockholders, and agents.

2.22    Claimants further answer that the accident was caused by the fault, negligence, unseaworthiness, and/or lack of due care or other basis of liability on the part of Petitioners, the vessels, and persons for whom the Petitioners are responsible.

2.23    Without waiving their claims that Petitioners are not entitled to an exoneration from, or limitation of liability, Claimants reserve the right to demand a trial by jury in the forum of their choice pursuant to the "Savings to Suitors" clause of the Judiciary Act of 1789. 28 U.S.C. §1333.

2.24    Without waiving their claims that Petitioners are not entitled to an exoneration from, or limitation of liability, Claimants reserve the right provided under Rule F(7) of the Supplemental

Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure to demand that the amount of security referred to in Petitioners' Complaint be increased on the grounds that it is less than the Petitioner's interest in the BROWN WATER V, or on the grounds that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury. 46 U.S.C. § 183 (b) - (f).

**WHEREFORE, PREMISES CONSIDERED**, Claimants pray that this Honorable Court dismiss the Verified Complaint of BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., and that Claimants be allowed to recover the full amount of their damages as determined by a jury of the Claimants' peers, and for such other and further relief, both legal and equitable, to which they are entitled.

Respectfully submitted,

By: _____
Raymond L. Thomas
Federal Bar No. 10715
Andres H. Gonzalez, Jr.
Federal Bar No. 22196

***KITTLEMAN, THOMAS, RAMIREZ &
GONZALES, PLLC***
4900-B North 10th Street
McAllen, Texas 78504
(956) 686-8797
(956) 630-5199 (fax)

**ATTORNEYS FOR CLAIMANTS**