46

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

JAN 1 6 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION § | |
| FOR BROWN WATER TOWING I, INC., § | |
| AS OWNER, AND BROWN WATER § | |
| MARINE SERVICE, INC., AS § | C.A. NO. B-01-157 |
| BAREBOAT CHARTERERS, § | (Subject to Rule 9(h) |
| OF THE BROWN WATER V, ITS § | of the Federal Rules of |
| ENGINES, TACKLE, ETC., IN A § | Civil Procedure) |
| CAUSE OF EXONERATION FROM § | Admiralty |
| OR LIMITATION OF LIABILITY § | |

**ROBERT E. AMMONS' AND RAMON GARCIA'S RESPONSE TO**
**MOTION FOR WITHDRAWAL AND MOTION TO SUBSTITUTE COUNSEL,**
**MOTION TO STRIKE, AND, ALTERNATIVELY,**
**MOTION FOR LEAVE TO INTERVENE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Come now Robert E. Ammons and Ramon Garcia, attorneys for Raquel Teran Hinojosa,

Individually and on behalf of the Estate of Gaspar Hinojosa, Deceased, Clarissa Hinojosa, Omar

Hinojosa, and Gaspar Hinojosa, II, Each Individually, ("Claimants"), and file their Response to the

Motion for Withdrawal and Motion to Substitute Counsel, Motion to Strike, and, Alternatively,

Motion for Leave to Intervene.

In support thereof, Robert E. Ammons ("Ammons") and Ramon Garcia ("Garcia") would

show this Honorable Court as follows:

**Relevant Background**

On September 15, 2001, Gaspar Hinojosa, husband and father of Claimants, was killed as

a result of the collapse of the Queen Isabella Causeway. The causeway collapsed after a span was

rammed by industrial barges being pushed by a tugboat. The barges, owned by American

-1-

Commercial Lines LLC, were being pushed by the Brown Water V, a tugboat owned by Brown Water Towing I, Inc. and operated by Brown Water Marine Services, Inc., bareboat charterer of the Brown Water V, its engines, tackle, etc.

On September 15, 2001, Claimant Raquel Teran Hinojosa, wife of Gaspar Hinojosa, entered into a contingent fee contract on her own behalf and on behalf of the estate of Gaspar Hinojosa regarding the incident made the basis of the above-styled and numbered cause. See the Contract of Employment for Legal Services attached hereto as Exhibit "A" and incorporated herein by reference as if fully set forth. Similarly, Claimants Omar Hinojosa, Clarisa Hinojosa, and Gaspar Hinojosa, II, adult children of Gaspar Hinojosa, also entered into a continent fee contract on their own behalf and on behalf of the estate of Gaspar Hinojosa regarding the incident made the basis of the above-styled and numbered cause. See the Contract of Employment for Legal Services attached hereto as Exhibit "B" and incorporated herein by reference as if fully set forth. These contracts provided that in the event suit was filed, Claimants assigned a forty percent interest in their cause of action to the Law Offices of Ramon Garcia, P.C. See Exhibit "A" and Exhibit "B." In addition, the contract obligated Claimants to repay money for expenses incurred in connection with the handling of their claim. Id.

On or about October 16, 2001, Claimants made their first appearance before this Honorable Court. See Claimants' Claim and Answer to Petitioners' Verified Complaint and Petition for Exoneration from and/or Limitation of Liability, attached hereto as Exhibit "C" and incorporated herein by reference as if fully set forth. This pleading was signed by Ammons and Garcia as attorneys for Claimants.

Although Claimants had signed a contingent fee contract with Ammons and Garcia and, in

-2-

turn, Ammons and Garcia had filed a Claim and Answer on behalf of Claimants herein, Attorney Julian Rodriguez, Jr. filed a Motion for Withdrawal and Motion to Substitute Counsel ("Motion for Withdrawal") on or about December 15, 2001.

**Attorney Rodriguez filed the Motion for Withdrawal on behalf of Ammons and Garcia, although Attorney Rodriguez had no permission or authority to do so.**

### Ammons' and Garcia's Motion to Strike the Rodriguez-Signed Motion to Withdrawal

Every pleading, written motion, and other paper filed with this Honorable Court must be signed by at least one attorney of record. Fed. R. Civ. P. 11(a). In this connection, Local Rule 11.1 provides that "[o]n the first appearance through counsel, each party shall designate an attorney-in-charge. Signing the pleading effects designation." Moreover, Local Rule 11.3 mandates that "[e]very document filed must be signed by, or by permission of, the attorney-in-charge." Consequently, any motion that is not signed by, or signed with the permission of, the attorney-in-charge may be struck either by motion or *sua sponte*. Local Rule 11.4.

Ammons remains the attorney-in-charge of Claimants' case because he first appeared for Claimants and signed the first pleading filed on their behalf in this Honorable Court. See Exhibit "C." Ammons did not sign, nor did he give permission to Rodriguez file the Motion for Withdrawal on December 15, 2001. Accordingly, this Honorable Court should strike the Motion for Withdrawal in its entirety.

### In the Alternative, Ammons' and Garcia's Motion for Leave to Intervene

In the alternative and without waiving the foregoing Motion to Strike, Ammons and Garcia move this Honorable Court for leave to intervene in the above-styled and numbered cause.

The Fifth Circuit has long held that to intervene of right, an intervenor must satisfy the

-3-

following elements: (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit. <u>New Orleans Public Serv., Inc. v. United Gas Pipe Line Co.</u>, 732 F.2d 452, 463 (5th Cir.), cert. denied, 469 U.S. 1019 (1984).

Ammons' and Garcia's Motion for Leave to Intervene is timely. Claimants initially appeared and filed their Claim and Answer in this Court on October 15, 2001. <u>See</u> Exhibit "C." Ammons and Garcia learned on or about December 26, 2001 that Attorney Julian Rodriquez, Jr. had filed a Motion for Withdrawal, misrepresenting therein that he had their permission to do so. Ammons and Garcia filed this Motion for Leave to Intervene on January 16, 2002. This Honorable Court has set a pre-trial hearing for January 28, 2002. Therefore, this Honorable Court should conclude the Ammons and Garcia have satisfied the first element.

With regard to the remaining three elements, the Fifth Circuit has consistently held that attorneys can intervene of right in order to protect their rights under contingent fee contracts. <u>Keith v. St. George Packing Co., Inc.</u>, 806 F.2d 525, 526 (5th Cir. 1986)(reversing District Court's denial of attorney's motion to intervene of right based upon contingent fee contract); <u>Gilbert v. Johnson</u>, 601 F.2d 761, 767 (5th Cir. 1979), cert. denied, 445 U.S. 961 (1980)(reversing District Court's denial of attorney's motion to intervene of right); <u>Gaines v. Dixie Carriers, Inc.</u>, 434 F.2d 52 (5th Cir. 1970)(reversing District Court's denial of attorney's motion to intervene of right based upon contingent fee contract). Like the Fifth Circuit panel in <u>Keith,</u> this Court should recognize <u>Gaines</u> as the law of this Circuit and grant Ammons' and Garcia's Motion for Leave to Intervene.

-4-

## Conclusion

For the reasons set forth above, Robert E. Ammons and Ramon Garcia pray that this Honorable Court grant their Motion to Strike in its entirety or, in the alternative, grant their Motion for Leave to Intervene in its entirety. In addition, Robert E. Ammons and Ramon Garcia pray further that this Honorable Court grant them such other and further relief, both at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

STEVENSON & AMMONS, L.C.

Robert E. Ammons
State Bar No. 01159820
Federal I.D. 1742
3700 Montrose Boulevard
Houston, TX 77006
Telephone:    713-523-3030
Facsimile:    713-523-4747
Counsel for Claimants

LAW OFFICES OF RAMON GARCIA, P.C.

Ramon Garcia
State Bar No. 07641800
Federal I.D. 3936
222 West University Drive
Edinburg, TX 78539
Telephone:    956-383-7441
Facsimile:    956-381-0825

-5-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record via first class mail, courier, certified mail, return receipt requested or facsimile in accordance with the Federal Rules of Civil Procedure on January 15, 2002.

Robert E. Ammons

# EXHIBIT
# A

Case 1:01-cv-00157   Document 46   Filed in TXSD on 01/16/2002   Page 8 of 22

STATE OF TEXAS       *     **CONTRACT OF EMPLOYMENT**

             *

COUNTY OF HIDALGO     *     **FOR LEGAL SERVICES**

    This is an Agreement between  **RAQUEL TERAN HINOJOSA, wife of GASPAR HINOJOSA, both individually and in behalf of the estate of her deceased husband, GASPAR HINOJOSA**

hereinafter collectively referred to as "**CLIENT(S)**", and the  **LAW OFFICES OF RAMON GARCIA, P.C.**, hereinafter referred to as "**ATTORNEY**".

    1.   **SCOPE OF EMPLOYMENT:** **CLIENT(S)** hereby retain and employ **ATTORNEY**, and **ATTORNEY** hereby agrees to represent **CLIENT(S)**, and any members of **CLIENT(S)'** family in connection with any claims for damages, injury or loss arising out of the following described matter: The wrongful death of Gaspar Hinojosa that occurred on September 15, 2001, at the Port Isabel Causeway Bridge.

    2.   **SERVICES TO BE PERFORMED BY ATTORNEY: ATTORNEY** agrees to perform the following legal services, if necessary, in representing **CLIENT(S)** with respect to said claims: investigation of claim to determine the responsible parties; preparation and filing of a lawsuit; and the prosecution of the lawsuit to judgment in the trial court level. Further, in the event a judgment is returned in **CLIENT(S)'** favor, **ATTORNEY** shall represent **CLIENT(S)** in any Appeal which may arise from said judgment.

    3.   **CLIENT(S)** hereby authorize and empower **ATTORNEY** to prosecute their lawsuit in their behalf for the recovery of such damages and all properties, both real property and personal property as may be appropriate and to prosecute the same to settlement or final judgment. **CLIENT(S)** hereby agree to fully cooperate with **ATTORNEY** with the prosecution of all claims that may be made herein. **CLIENT(S)** further hereby agree to assign to **ATTORNEY** an interest in the claims on the terms and for the consideration stated herein:

    4.   **CONTINGENCY FEE:** If **CLIENT(S)** obtain any recovery of either cash or any recovery of value whether as a result of any judgment rendered and/or settlement made, **CLIENT(S)** shall pay **ATTORNEY** the following as the sole and exclusive consideration for **ATTORNEY'S** services: (The term "recovery" shall mean anything of value.)

    a.   Thirty-three and one-third (33-1/3%) percent of any collection of monies or settlement made on behalf of **CLIENT(S)** as a result of the claims described in this Agreement, at any time prior to the filing of a lawsuit; (The term "recovery" shall mean anything of value.)

    b.   Forty (40%) percent of the total recovery of any monies or any recovery or settlement made on behalf of **CLIENT(S)** as a result of the claims described in this Agreement, after the filing of a lawsuit. (The term "recovery" shall mean anything of value.)

Page 1 of 3

Case 1:01-cv-00157  Document 46  Filed in TXSD on 01/16/2002  Page 9 of 22

c.   If the case proceeds to trial and a judgment is entered by the trial court and Defendants perfect an appeal by filing a Notice of Appeal and posting an Appeal Bond, then **CLIENT(S)** hereby agree to pay to **ATTORNEY** an additional five (5%) percent (for a total recovery by **ATTORNEY** of forty-five (45%) percent) of the total recovery that may be obtained at any time after an appeal has been perfected. (The term "recovery" shall mean anything of value.)

5.   **SERVICES NOT COVERED BY THIS CONTRACT**: No services, other than those described in paragraph 2, above, are covered by this Agreement.  It is specifically understood that in the event a judgment is not returned in **CLIENT(S)'** favor in the trial court, or if the amount of the judgment is unsatisfactory to **CLIENT(S)**, **ATTORNEY** shall not be obligated to prosecute an appeal.  However, if **ATTORNEY** does prosecute an appeal, an additional fee will be owed to **ATTORNEY** as stated in paragraph 4(c), above.  For the purpose of this Agreement, an appeal will be effected as soon as the Appellant perfects his/her appeal by filing a notice of appeal and posting of an appeal bond.

6.   **COSTS AND EXPENSES**: All costs and expenses incurred by **ATTORNEY** and reasonably required for the preparation and prosecution of any legal action on **CLIENT(S)'** claim will be advanced by **ATTORNEY** and  deducted from **CLIENT(S)'** share of the proceeds recovered in said claim. **CLIENT(S)** hereby authorize **ATTORNEY** to make all such expenditures in their behalf by advancing such expenses as needed and **CLIENT(S)** hereby authorize **ATTORNEY** to deduct all such expenses paid by **ATTORNEY** and to pay all expenses that may be due and owing at time of settlement from **CLIENT(S)'** share of the total recovery prior to disbursing any money to **CLIENT(S)**.  If **ATTORNEY** is unable to obtain recovery herein then in that event **CLIENT(S)** will not owe any money to **ATTORNEY** for either **ATTORNEY'S** fees or for any expenses advanced by **ATTORNEY** in the handling of this claim.  Such expenses include, but are not limited to filing fees, service fees, deposition fees, investigation fees, costs for copies, jury fees, witness fees, expert and consultant fees, any related travel expenses of **ATTORNEY** and/or expert witnesses, as well as any and all inspections and/or testing which are deemed necessary by said experts and/or **ATTORNEY** for the development of this case.  It is a specifically understood and agreed that **CLIENT(S)** will be responsible for paying any and all fees required for certain experts and consultants used by **CLIENT(S)** prior to the executions of this agreement.  These consultants, include but are not limited to, the architects and air quality experts heretofore hired by **CLIENT(S)**.  **ATTORNEY** will work with these consultants and **CLIENT(S)** agree to pay their fees.  However, it is agreed that **ATTORNEY** shall advance a;; monies needed for experts, consultants and all expenses that **ATTORNEY** deems necessary for the preparation of this case for trial that are hired after the execution of this agreement.

7.   **WITHDRAWAL BY ATTORNEY**: It is understood that **ATTORNEY** shall be allowed to withdraw from his employment on **CLIENT(S)** behalf if, in the opinion of **ATTORNEY**, after investigation and research, **CLIENT(S)'** case is not warranted under existing law and cannot be supported by good faith argument of an extension, modification or reversal of existing law or **ATTORNEY** concludes that **CLIENT(S)'** case is economically not feasible to pursue.  In the event of such withdrawal, subject to the payment of all out-of-pocket expenses incurred by **ATTORNEY** on **CLIENT(S)'** behalf, this contingent fee agreement will automatically terminate whereupon **ATTORNEY** will have no further contingent fee interest in said claims.  However, to recover **ATTORNEY**'s advanced expenses, **ATTORNEY** shall have the right to retain an interest in **CLIENT(S)** claims, in said amount.

8.   **SETTLEMENT**: No settlement of **CLIENT(S)'** claim shall be made without **CLIENT(S)** knowledge and approval.  However, it is understood that **CLIENT(S)** shall at all times consider all offers made in good faith and shall respond promptly to all such offers.

Case 1:01-cv-00157 Document 46 Filed in TXSD on 01/16/2002 Page 10 of 22

9. **CLIENT-COOPERATION**: CLIENT(S) agree to furnish any and all information necessary, testify and/or give deposition testimony and appear at trial to the extent reasonably requested by **ATTORNEY**.

10. **MODIFICATION**: Any modification of this Agreement shall be in writing and approved by both **CLIENT(S)** and **ATTORNEY**.

11. **NO GUARANTEES**: CLIENT(S) acknowledges that **ATTORNEY** has made no guarantees regarding the successful outcome of the litigation and that all expressions about the outcome are only opinions.

12. **SEVERABILITY**: If any part of this Agreement is unenforceable for any reason, the parties agree that all other portions shall nevertheless remain valid and enforceable.

13. **INTEGRATION**: This Agreement represents the complete Agreement of the parties. It replaces any prior agreements. This Agreement may not be modified or replaced except by another signed written Agreement. Additionally, this Agreement is enforceable in Hidalgo County, Texas, and all disputes arising from this Agreement shall be filed in Hidalgo County, Texas.

EXECUTED this _15_ day of _September_, 200_1_.

**CLIENT(S):**

**RAQUEL TERAN HINOJOSA**
**Rt. 1, Box 331**
**Rio Hondo, Texas 78583**

**ATTORNEY:**

**RAMON GARCIA**
LAW OFFICE OF RAMON GARCIA, P. C.
222 WEST UNIVERSITY DRIVE
EDINBURG, TEXAS 78539
(956) 383-7441
(956) 381-0825 (FAX)

# EXHIBIT B

Case 1:01-cv-00157  Document 46   Filed in TXSD on 01/16/2002  Page 12 of 22

STATE OF TEXAS                                   **CONTRACT OF EMPLOYMENT**

COUNTY OF HIDALGO                                **FOR LEGAL SERVICES**

                                                    _Clarissa_
This is an Agreement between __OMAR HINOJOSA, ~~MARISA~~ HINOJOSA and GASPAR__
__HINOJOSA, JR., individually and in behalf of the estate of their deceased father,__

__GASPAR   HINOJOSA__

hereinafter collectively referred to as "**CLIENT(S)**", and the __LAW OFFICES OF RAMON GARCIA,__
__P.C.__, hereinafter referred to as "**ATTORNEY**".

1.   __SCOPE OF EMPLOYMENT__: **CLIENT(S)** hereby retain and employ **ATTORNEY**, and
**ATTORNEY** hereby agrees to represent **CLIENT(S)**, and any members of **CLIENT(S)**' family in
connection with any claims for damages, injury or loss arising out of the following described matter:
The wrongful death of Gaspar Hinojosa that occurred on September 15, 2001, at the Port Isabel
Causeway Bridge.

2.   **SERVICES TO BE PERFORMED BY ATTORNEY**: **ATTORNEY** agrees to perform the
following legal services, if necessary, in representing **CLIENT(S)** with respect to said claims:
investigation of claim to determine the responsible parties; preparation and filing of a lawsuit; and the
prosecution of the lawsuit to judgment in the trial court level.  Further, in the event a judgment is
returned in **CLIENT(S)**' favor, **ATTORNEY** shall represent **CLIENT(S)** in any Appeal which may
arise from said judgment.

3.   **CLIENT(S)** hereby authorize and empower **ATTORNEY** to prosecute their lawsuit in their
behalf for the recovery of such damages and all properties, both real property and personal property as
may be appropriate and to prosecute the same to settlement or final judgment.  **CLIENT(S)** hereby
agree to fully cooperate with **ATTORNEY** with the prosecution of all claims that may be made herein.
**CLIENT(S)** further hereby agree to assign to **ATTORNEY** an interest in the claims on the terms and
for the consideration stated herein:

4.   __CONTINGENCY FEE__:  If **CLIENT(S)** obtain any recovery of either cash or any recovery
of value whether as a result of any judgment rendered and/or settlement made, **CLIENT(S)** shall pay
**ATTORNEY** the following as the sole and exclusive consideration for **ATTORNEY'S** services: (The term
"recovery" shall mean anything of value.)

a.   Thirty-three and one-third (33-1/3%) percent of any collection of monies or
settlement made on behalf of **CLIENT(S)** as a result of the claims described in
this Agreement, at any time prior to the filing of a lawsuit; (The term
"recovery" shall mean anything of value.)

b.   Forty (40%) percent of the total recovery of any monies or any recovery or
settlement made on behalf of **CLIENT(S)** as a result of the claims described in
this Agreement, after the filing of a lawsuit.  (The term "recovery" shall mean
anything of value.)

Case 1:01-cv-00157  Document 46  Filed in TXSD on 01/16/2002  Page 13 of 22

c.    If the case proceeds to trial and a judgment is entered by the trial court and
Defendants perfect an appeal by filing a Notice of Appeal and posting an Appeal
Bond, then **CLIENT(S)** hereby agree to pay to **ATTORNEY** an additional five
(5%) percent (for a total recovery by **ATTORNEY** of forty-five (45%)
percent) of the total recovery that may be obtained at any time after an appeal
has been perfected. (The term "recovery" shall mean anything of value.)

5.    **SERVICES NOT COVERED BY THIS CONTRACT**:  No services, other than those described
in paragraph 2, above, are covered by this Agreement.  It is specifically understood that in the event a
judgment is not returned in **CLIENT(S)'** favor in the trial court, or if the amount of the judgment is
unsatisfactory to **CLIENT(S)**, **ATTORNEY** shall not be obligated to prosecute an appeal.  However, if
**ATTORNEY** does prosecute an appeal, an additional fee will be owed to **ATTORNEY** as stated in
paragraph 4(c), above.  For the purpose of this Agreement, an appeal will be effected as soon as the
Appellant perfects his/her appeal by filing a notice of appeal and posting of an appeal bond.

6.    **COSTS AND EXPENSES**:  All costs and expenses incurred by **ATTORNEY** and reasonably
required for the preparation and prosecution of any legal action on **CLIENT(S)'** claim will be advanced
by **ATTORNEY** and  deducted from **CLIENT(S)'** share of the proceeds recovered in said claim.
**CLIENT(S)** hereby authorize **ATTORNEY** to make all such expenditures in their behalf by advancing
such expenses as needed and **CLIENT(S)** hereby authorize **ATTORNEY** to deduct all such expenses paid
by **ATTORNEY** and to pay all expenses that may be due and owing at time of settlement from
**CLIENT(S)'** share of the total recovery prior to disbursing any money to **CLIENT(S)**.  If **ATTORNEY**
is unable to obtain recovery herein then in that event **CLIENT(S)** will not owe any money to
**ATTORNEY** for either **ATTORNEY'S** fees or for any expenses advanced by **ATTORNEY** in the handling
of this claim.  Such expenses include, but are not limited to filing fees, service fees, deposition fees,
investigation fees, costs for copies, jury fees, witness fees, expert and consultant fees, any related
travel expenses of **ATTORNEY** and/or expert witnesses, as well as any and all inspections and/or
testing which are deemed necessary by said experts and/or **ATTORNEY** for the development of this
case.  It is a specifically understood and agreed that **CLIENT(S)** will be responsible for paying any and
all fees required for certain experts and consultants used by **CLIENT(S)** prior to the executions of
this agreement.  These consultants, include but are not limited to, the architects and air quality experts
heretofore hired by **CLIENT(S)**.  **ATTORNEY** will work with these consultants and **CLIENT(S)** agree
to pay their fees.  However, it is agreed that **ATTORNEY** shall advance a;; monies needed for experts,
consultants and all expenses that **ATTORNEY** deems necessary for the preparation of this case for trial
that are hired after the execution of this agreement.

7.    **WITHDRAWAL BY ATTORNEY**:  It is understood that **ATTORNEY** shall be allowed to
withdraw from his employment on **CLIENT(S)** behalf if, in the opinion of **ATTORNEY**, after
investigation and research, **CLIENT(S)'** case is not warranted under existing law and cannot be
supported by good faith argument of an extension, modification or reversal of existing law or
**ATTORNEY** concludes that **CLIENT(S)'** case is economically not feasible to pursue.  In the event of
such withdrawal, subject to the payment of all out-of-pocket expenses incurred by **ATTORNEY** on
**CLIENT(S)'** behalf, this contingent fee agreement will automatically terminate whereupon
**ATTORNEY** will have no further contingent fee interest in said claims.  However, to recover
**ATTORNEY**'s advanced expenses, **ATTORNEY** shall have the right to retain an interest in **CLIENT(S)**
claims, in said amount.

8.    **SETTLEMENT**:  No settlement of **CLIENT(S)'** claim shall be made without **CLIENT(S)**
knowledge and approval.  However, it is understood that **CLIENT(S)** shall at all times consider all
offers made in good faith and shall respond promptly to all such offers.

Case 1:01-cv-00157  Document 46  Filed in TXSD on 01/16/2002  Page 14 of 22

9.  **CLIENT-COOPERATION**: **CLIENT(S)** agree to furnish any and all information necessary, testify and/or give deposition testimony and appear at trial to the extent reasonably requested by **ATTORNEY**.

10.  **MODIFICATION**:  Any modification of this Agreement shall be in writing and approved by both **CLIENT(S)** and **ATTORNEY**.

11.  **NO GUARANTEES**: **CLIENT(S)** acknowledges that **ATTORNEY** has made no guarantees regarding the successful outcome of the litigation and that all expressions about the outcome are only opinions.

12.  **SEVERABILITY**:  If any part of this Agreement is unenforceable for any reason, the parties agree that all other portions shall nevertheless remain valid and enforceable.

13.  **INTEGRATION**: This Agreement represents the complete Agreement of the parties. It replaces any prior agreements.  This Agreement may not be modified or replaced except by another signed written Agreement.  Additionally, this Agreement is enforceable in Hidalgo County, Texas, and all disputes arising from this Agreement shall be filed in Hidalgo County, Texas.

EXECUTED this _____ day of __September__ , 200 _1_ .

**CLIENT(S)**:

OMAR HINOJOSA
1218 Heritage Oaks Road
Edinburg, Texas  78539

MARISA HINOJOSA

GASPAR HINOJOSA, JR.

**ATTORNEY**:

RAMON GARCIA
LAW OFFICE OF RAMON GARCIA, P. C.
222 WEST UNIVERSITY DRIVE
EDINBURG, TEXAS 78539
(956)  383-7441
(956)  381-0825  (FAX)

# EXHIBIT C

24

# COPY

United States District Court
Southern District of Texas
FILED

OCT 1 6 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | C.A. NO. B-01-157 |
| PETITION FOR BROWN WATER | § | (Subject to Rule 9(h) |
| TOWING I, INC., AS OWNER, AND | § | of the Federal Rules |
| BROWN WATER MARINE SERVICE, | § | of Civil Procedure) |
| INC., AS BAREBOAT CHARTERERS, | § | Admiralty |
| OF THE BROWN WATER V, ITS | § | |
| ENGINES, TACKLE, ETC., IN A | § | |
| CAUSE OF EXONERATION FROM | § | |
| OR LIMITATION OF LIABILITY | § | |

## CLAIMANTS' CLAIM AND ANSWER TO PETITIONERS' VERIFIED COMPLAINT AND PETITION FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW RAQUEL TERAN HINOJOSA, INDIVIDUALLY AND ON BEHALF OF

THE ESTATE OF GASPAR HINOJOSA, DECEASED, CLARISSA HINOJOSA, OMAR

HINOJOSA AND GASPAR HINOJOSA, II, EACH INDIVIDUALLY, ("Claimants"), and under

protest and without prejudice to Claimants' position that this exoneration from and/or

limitation of liability proceeding is improper and should be dismissed, file their claim and

answer to the Verified Complaint for Exoneration from or Limitation of Liability that BROWN

WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC.,

AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE,

ETC., ("Petitioners"), have filed herein.

In support thereof, Claimants would show this Court as follows:

I.

## Claim for Damages

1.      On or about September 15, 2001, GASPAR HINOJOSA, husband and father

of Claimants, was killed as a result of the collapse of the Queen Isabella Causeway. The causeway collapsed after the span was rammed by industrial barges being pushed by a tugboat. The barges, owned by American Commercial Lines LLC, were being pushed by a tugboat owned by Petitioners, BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. As a result of the negligent conduct of Petitioners and the resulting collapse of the causeway, Plaintiff GASPAR HINOJOSA sustained substantial physical injuries and died as a result of those injuries.

2.      Due to the negligence, carelessness, and fault of Petitioners as owner or owner pro hac vice or operator of the vessel in question and the unseaworthiness of the vessel, all of which was within the privity and knowledge of Petitioners, Claimants sustained damages.

3.      Nothing Claimants did or failed to do on the occasion in question caused or in any way contributed to the cause of the injuries and subsequent death of their husband and father, GASPAR HINOJOSA.

4.      Claimants are entitled to maintain an action and bring this claim for damages for pecuniary loss, loss of companionship and society, mental anguish, and loss of inheritance. Also, Claimants are entitled to maintain and bring this claim for damages for physical pain and emotional pain, torment, and suffering experienced by Gaspar Hinojosa before his death as a result of the occurrence in question. In addition, Claimants are entitled to maintain and bring this claim for damages medical expenses and funeral and burial expenses for Gaspar Hinojosa. Moreover, Claimants are entitled to plead for punitive damages based upon Petitioners' wanton and reckless conduct that amounted to

-2-

Petitioners' conscious disregard of the rights of others.

5.      This claim is being made under protest and without prejudice to Claimants' position that this exoneration from and/or of limitation of liability proceeding is improper and should be dismissed.

6.      Similarly, this claim is being made without prejudice to Claimants' challenging the sufficiency of Petitioners' limitation fund by written motion and/or moving this Court for an order to increase the value of Petitioners' limitation fund.

**WHEREFORE, PREMISES CONSIDERED,** the Claimants demand judgment against Petitioners in an amount to be determined by this Court, in addition to interest and costs.

## II.

## Answer to Complaint

COME NOW RAQUEL TERAN HINOJOSA, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF GASPAR HINOJOSA, DECEASED, CLARISSA HINOJOSA, OMAR HINOJOSA AND GASPAR HINOJOSA, II, EACH INDIVIDUALLY,   ("Claimants"), and under protest and without prejudice to Claimants' position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed, file their answer to the Verified Complaint of BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., ("Petitioners"), as Owners Pro Hac Vice/Operators of the BROWN WATER V, seeking exoneration from or limitation of liability.

In support thereof, Claimants answer follows:

1.      Claimants can neither admit nor deny the allegations contained in paragraph

- 3 -

I of Petitioners' Complaint.

2.      Claimants can neither admit nor deny as to gross registered tonnage or the BROWN WATER V. However, Claimants deny that the BROWN WATER V was at all times material in all respects seaworthy and that it was at all times material properly and efficiently manned, supplied, equipped, and furnished, and well and sufficiently fitted and supplied with suitable engines, machinery, tackle, apparel, appliances and furniture, all in good order and condition and suitable for service in which the vessel was engaged.

3.      Claimants do not deny the allegations contained in paragraph III but request that Petitioners make a more definite statement so as to elaborate particularly the facts of the underlying incident.

4.      Claimants deny the allegations contained in paragraph IV.

5.      Claimants deny the allegations contained in paragraph V.

6.      Claimants deny the allegations contained in paragraph VI.

7.      Claimants deny the allegations contained in paragraph VII.

8.      Claimants deny the allegations contained in paragraph VIII.

9.      Claimants admit the allegations contained in paragraph IX.

10.     Claimants deny the allegations contained in paragraph X.

11.     Claimants deny the allegations contained in paragraph XI.

12.     Claimants deny the allegations contained in paragraph XII.

13.     Claimants are without knowledge or information to either admit or deny the allegations contained in paragraph XIII, and therefore, deny the same.

14.     Claimants are without knowledge or information to either admit or deny the allegations contained in paragraph XIV, and therefore, deny the same.

-4-

15.    Claimants are without knowledge or information to either admit or deny the allegations contained in paragraph XV, and therefore, deny the same.

16.    Claimants deny the allegations contained in paragraph XVI.

17.    Claimants are without knowledge or information to either admit or deny the allegations contained in paragraph XVII, and therefore, deny the same.

18.    With regard to the allegations in paragraph XVIII, Claimants deny that Petitioners' Complaint is within the jurisdiction of this Honorable Court because Petitioners have failed to follow the prerequisites for the filing of a complaint as set forth in Rule F(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure.

Now, further answering, Claimants respectfully represent as follows:

19.    Claimants admit its claim is in excess of ten million dollars.

20.    Claimants deny that Petitioners are entitled to the relief sought in its prayer.

21.    Claimants would show that Petitioners are not entitled to limitation of liability for the reason that said acts of negligence and conditions of unseaworthiness which caused the injuries and damages sustained by Claimants were within the privity and knowledge of Petitioners, or any of Petitioners' directors, officers, stockholders or agents.

22.    Claimants further answer that the accident was caused by the fault, negligence, unseaworthiness, or lack of due care or other basis of liability on the part of Petitioners, the vessels and persons for whom the Petitioners are responsible.

23.    Without waiving their claims that Petitioners are not entitled to an exoneration from or limitation or liability, Claimants reserve the right to demand a trial by jury in the forum of their choice pursuant to the "Savings to Suitors" clause of the Judiciary Act of

-5-

1789. 28 U.S.C. § 1333.

24.     Without waiving their claims that Petitioners are not entitled to an exoneration from or limitation of liability, Claimants reserve the right provided under Rule F(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure to demand that the amount of security referred to in Petitioners' Complaint be increased on the grounds that it is less than the Petitioner's interest in the BROWN WATER V or on the grounds that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury.  46 U.S.C. § 183 (b) - (f).

**WHEREFORE, PREMISES CONSIDERED,** Claimants pray that this Honorable Court dismiss the Verified Complaint of  BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. and grant Claimants any other relief, both legal and equitable, to which they are entitled.

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing pleading has been forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure on this _/5_ day of October 2001.

ROBERT E. AMMONS