47

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 0 1 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

B-01-157

| | |
|---|---|
| IN THE MATTER OF AMERICAN § | |
| COMMERCIAL LINES LLC AS OWNER § | |
| and AMERICAN COMMERCIAL BARGE § | |
| LINE LLC AS CHARTERER OF THE § | Civil Action No. B-02-004 |
| BARGES NM-315, VLB-912, ACL-9993B, § | (Subject to Rule 9(h) |
| VLB-9173, PRAYING FOR EXONERATION § | of the Federal Rules of |
| FROM AND/OR LIMITATION OF LIABILITY § | Civil Procedure) Admiralty |

## ORDER

For the reasons that follow, the Court *sua sponte* orders this case consolidated with In Re the Complaint and Petition of Brown Water Towing I, Inc., et al, Civil Action No. 01-157, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

Rule 42(a) of the Federal Rules of Civil Procedure provides that when actions involving a common question of law or fact are pending before the court, it may: (1) order a joint hearing or trial of any or all the matters in issue in the actions; (2) order all the actions consolidated; and (3) it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion. Miller v. United States Postal Service, 729 F.2d 1033, 1036 (5th Cir.1984). Moreover, a motion to consolidate is not required; the court may invoke Rule 42(a) sua sponte. Id. "A trial court has broad discretion in determining whether to consolidate a case pending before it." N.A.A.C.P. of Louisiana v. Michot, 480 F.2d 547, 548 (5th Cir.1973). Consolidation does not so completely merge the cases as to deprive a party of any substantial rights that he may have had if the actions had proceeded separately, for the two suits retain their separate identities and each requires the entry of a separate judgment. Miller, 729 F.2d at1036.

The instant action raises virtually identical questions of law and fact to those of In Re the Complaint and Petition of Brown Water Towing I, Inc., et al, Civil Action No. 01-

-2-

157, and therefore must be consolidated. Both cases arise out of the collapse of a section of the Queen Isabella Causeway following the allision with one of its spans by industrial barges being pushed by a tugboat. The instant action is brought by the Parties with interests in the barges. <u>Brown Water Towing</u> is brought by the Parties with interest in the tugboat. In both cases, the parties are seeking exoneration from and/or limitation of liability from any maritime or civil claims arising from the allision pursuant to the Act of Congress entitled "An Act to Limit the Liability of Shipowner and for Other Purposes" passed March 3, 1851, now embodied in Section 4282 to 4289 inclusive, of the Revised Statutes of the United States (46 U.S.C. §§ 182 to 189, inclusive), and statutes supplementary thereto, and amendatory thereof, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Further, the parties bringing claims are likely to be identical in both cases.

Therefore, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the Court

**ORDERS** this case consolidated with <u>In Re the Complaint and Petition of Brown Water Towing I, Inc., et al</u>, Civil Action No. 01-157.

DONE at Brownsville, Texas, this 1st day of February, 2002.

_____
Hilda G. Tagle
United States District Judge