United States District Court
Southern District of Texas
FILED

FEB 0 6 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: THE COMPLAINT AND | § | C.A. NO. B-01-157 |
| PETITION FOR BROWN WATER | § | (Subject to Rule 9(h) of the |
| TOWING I, INC. AS OWNER AND | § | Federal Rules of Civil Pro- |
| BROWN WATER MARINE SERVICE, | § | cedure Admiralty) |
| INC., AS BAREBOAT CHARTERERS, | § | |
| OF THE BROWN WATER V, ITS | § | |
| ENGINES, TACKLE, ETC., IN A | § | |
| CAUSE OF EXONERATION FROM | § | |
| OR LIMITATION OF LIABILITY | § | |

### CLAIMANT, BRIDGETTE M. GOZA'S CLAIM AND ANSWER TO PETITIONERS' VERIFIED COMPLAINT AND PETITION FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CLAIMANT, BRIDGETTE M. GOZA and under protest and without prejudice to Claimants' position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed, files her claim and answer to the Verified Complaint for Exoneratin from or Limitation of Liability that BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. ("Petitioners"), have filed herein.

In support thereof, Claimants would show this Court as follows:

### I.

### Claim for Damages

1. On or about September 15, 2001, BRIDGETTE M. GOZA, Claimant suffered property damages as a result of the collapse of the Queen Isabella Causeway. The causeway collapsed after the span was rammed by industrial barges being pushed by a tugboat. The barges, owned by American Commercial Lines, L.L.C., were being pushed by a tugboat owned by Petitioners, BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. As a result of the negligent conduct of Petitioners and the resulting collapse of the causeway, Plaintiff

BRIDGETTE M. GOZA, sustained substantial personal property damages in the amount of $21,240.56.

2. Due to the negligence, carelessness, and fault of Petitioners as owner or owner pro hac vice or operator of the vessel in question and the unseaworthiness of the vessel, all of which was within the privity and knowledge of Petitioners, Claimants sustained damages.

3. Nothing Claimant did or failed to do on the occasion in question caused or in any way contributed to the cause of the property damages sustained by Claimant.

4. Claimant is entitled to maintain an action and bring this claim for damages to property sustained as a result of Petitioners' wanton and reckless conduct that amounted to Petitioners' conscious disregard of the rights of others.

5. This claim is being made under protest and without prejudice to Claimant's positions that this exoneration from and/or of limitation of liability proceeding is improper and should be dismissed.

6. This suit is brought by *Allstate Insurance Company* for its benefit as the real party at interest, as insurer of Claimant, and as the carrier subrogated to Claimant's causes of action by reason of the insurer's payment to Claimant. Any Judgment rendered in this cause is for the benefit of the insurer, and for any deductible, which the insured may have paid, as their interest may appear.

7. Similarly, this claim is being made without prejudice to Claimant's challenging the sufficiency of Peititioners' limitation fund by written motion and/or moving this Court for an order to increase the value of Petitioners' limitation fund.

**WHEREFORE, PREMISES CONSIDERED,** the Claimant demands Judgment against Petitioners in an amount to be determined by this Court, in addition to interest and costs.

## II.

### Answer to Complaint

COMES NOW, BRIDGETTE M. GOZA, CLAIMANT, and under protest and without prejudice to Claimants' position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed, files her answer to the Verified Complaint of BROWN WATER TOWING I, INC., AS OWNER, AND BROWN

WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., ("Petitioners"), as Owners Pro Hac Vice/Operators of the BROWN WATER V, seeking exoneration from or limitation of liability.

In support thereof, Claimant answers as follows:

1. Claimant can neither admit nor deny the allegations contained in paragraph I of Petitioner's Complaint.

2. Claimant can neither admit nor deny as to gross registered tonnage or the BROWN WATER V. However, Claimants deny that the BROWN WATER V was at all times material in all respects seaworthy and that it was at all times material property and efficiently manned, supplied, equipped, and furnished, and well and sufficiently fitted and supplied with suitable engines, machinery, tackle, apparel, appliances and furniture, all in good order and condition and suitable for service in which the vessel was engaged.

3. Claimant does not deny the allegations contained in paragraph III, but requests that Petitioners make a more definite statement so as to elaborate particularly the facts of the underlying incident.

4. Claimant denies the allegations contained in paragraph IV.

5. Claimant denies the allegations contained in paragraph V.

6. Claimant denies the allegations contained in paragraph VI.

7. Claimant denies the allegations contained in paragraph VII.

8. Claimant denies the allegations contained in paragraph VIII.

9. Claimant denies the allegations contained in paragraph IX

10. Claimant denies the allegations contained in paragraph X.

11. Claimant denies the allegations contained in paragraph XI.

12. Claimant denies the allegations contained in paragraph XII.

13. Claimant is without knowledge or information to either admit or deny the allegations contained in paragraph XIII, and therefore, deny the same.

14. Claimant is without knowledge or information to either admit or deny the allegations contained in paragraph XIV, and therefore, deny the same.

15. Claimant is without knowledge or information to either admit or deny the allegations contained in paragraph XV, and therefore, denies the same.

16. Claimant denies the allegation contained in paragraph XVI.

17. Claimant is without knowledge or information to either admit or deny the allegations contained in paragraph XVII, and therefore, denies the same.

18. With regard to the allegations in paragraph XVIII, Claimant denies that Petitioners' Complaint is within the jurisdiction of this Honorable Court because Petitioners have failed to follow the prerequisites for the filing of a complaint as set forth in Rule F(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure.

Now, further answering, Claimant respectfully represents as follows:

19. Claimant admits its claim is

20. Claimant denies that Petitioners are entitled to the relief sought in its prayer.

21. Claimant would show that Petitioners are not entitled to limitation of liability for the reason that said acts of negligence and conditions of unseaworthiness which caused the property damages sustained by Claimant were within the privity and knowledge of Petitioners, or any of Petitioners' directors, officers, stockholders, and/or agents.

22. Claimant further answers that the accident was caused by the fault, negligence, unseaworthiness, or lack of due care or other basis of laibility or the part of Petitioners, the vessels and persons for whom the Petitioners are responsible.

23. Without waiving their claims that Petitioners are not entitled to an exoneration from or limitation of liability, Claimant reserves the right to demand a trial by jury in the forum of their choice pursuant to the "Savings of Suitors" clause of the Judiciary Act of 1789. 28 U.S.C. § 1333.

24. Without waving their claims that Petitioners are not entitled to an exoneration from or limitation of liability, Claimant reserves the right provided under Rule F(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure to demand that the amount of security referred to in Petitioners' Complaint be increased on the grounds that it is less than the Petitioners' interest in the BROWN WATER V or on the grounds that it

is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury. 46 U.S.C. § 183 (b) –(f).

**WHEREFORE, PREMISES CONSIDERED,** Claimant prays that this Honorable Court dismiss the Verified Complaint of BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. and grant Claimant any other relief, both legal and equitable, to which they are entitled.

Respectfully submitted,

**LAW OFFICES OF AARON & QUIRK.**
901 N.E. Loop 410, Suite 903
San Antonio, Texas 78209-1308
Telephone: (210) 820-0211
Facsimile: (210) 820-0214

By: _____
THOMAS E. QUIRK
State Bar No. 16437700
ATTORNEY FOR CLAIMANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING HAS BEEN FORWARDED TO ALL COUNSEL OF RECORD PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE ON THIS THE _____ DAY OF FEBRUARY, 2002.

By_____
THOMAS E. QUIRK
ATTORNEY FOR CLAIMANT