5C

United States District Court
Southern District of Texas
FILED

FEB 0 7 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | |
| PETITION FOR BROWN WATER | § | C.A. NO B-01-157 |
| TOWING I, INC., AS OWNER, AND | § | (Subject to Rule 9(h) |
| BROWN WATER MARINE SERVICE, | § | of the Federal Rules |
| INC., AS BAREBOAT CHARTERERS, | § | of Civil Procedure) |
| OF THE BROWN WATER V, IT'S | § | Admiralty |
| ENGINES, TACKLE, ETC., IN A | § | |
| CAUSE OF EXONERATION FROM | § | |
| OR LIMITATION OF LIABILITY | § | |

<u>CLAIMANTS' MARTIN D. HINOJOSA AND RITA S. HINOJOSA'S FIRST
CLAIM AND ANSWER TO PETITIONER'S VERIFIED COMPLAINT
AND PETITION FOR EXONERATION FROM AND/OR
LIMITATION OF LIABILITY</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, MARTIN D. HINOJOSA AND RITA S. HINOJOSA, INDIVIDUALLY AND AS HEIRS OF THE ESTATE OF GASPAR HINOJOSA DECEASED, (Claimant's),** and under protest and without prejudice to claimant's position that this exoneration from and/ or limitation of liability proceeding is improper and should be dismissed, file their claim and answer to the Verified Complaint for Exoneration from or Limitation of liability that **BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC.,("Petitioners"), have filed herein.,**

In support thereof, Claimant's would show this court as follows:

I.

1

## Claim For Damages

1. On or about September 15, 2001, **GASPAR HINOJOSA**, son of Claimant's, was killed as a result of the collapse of the Queen Isabella Causeway. The causeway collapsed after the span was rammed by industrial barges being pushed by a tugboat. The barges, owned by American Commercial Lines LLC, were being pushed by a tugboat owned by Petitioners, BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V. ITS ENGINES, TACKLE, ETC. As a result of the negligent conduct of Petitioners and the resulting collapse of the causeway, Plaintiff GASPAR HINOJOSA sustained substantial physical injuries and died as a result of those injuries.

2. Due to negligence, carelessness, and fault of Petitioners, as owner or owner pro hac vice or operator of the vessel in question and the unseaworthiness of the vessel, all of which was within the privity and knowledge of Petitioners, Claimants' sustained substantial damages.

3. Nothing Claimants did or failed to do on the occasion in question caused or in any way contributed to the cause of the property damage, injuries and subsequent death of their son, **GASPAR HINOJOSA.**

4. Claimants are entitled to maintain an action and bring this claim for damages for pecuniary loss, loss of companionship and society, mental anguish, and loss of inheritance. Also, Claimant's are entitled to maintain and bring this claim for damages for physical pain and emotional pain, torment, and

suffering experienced by Gaspar Hinojosa before his death as a result of the occurrence in question. In addition, Claimants are entitled to maintain and bring this claim for damages medical expenses and funeral and burial expenses for Gaspar Hinojosa. Moreover, Claimants are entitled to plead for punitive damages based upon Petitioners' wanton and reckless conduct that amounted to Petitioners' conscious disregard of the rights of others.

5. This claim is being made under protest and without prejudice to Claimants' position that this exoneration from and/or of limitation of liability proceeding is improper and should be dismissed.

6. Similarity, this claim is being made without prejudice to Claimants" challenging the sufficiency of Petitioners' limitation fund by written motion and/or moving this court for an order to increase the value of Petitioners' limitation fund.

**WHEREFORE, PREMISES CONSIDERED**, the Claimants demand judgement against Petitioners in an amount to be determined by this Court, in addition to interest and costs.

II.

## Answer to Complaint

COME NOW **MARTIN D. HINOJOSA AND RITA S. HINOJOSA, INDIVIDUALLY AND AS HEIRS OF THE ESTATE OF GASPAR HINOJOSA DECEASED**, ("Claimants"), and under protest and without prejudice to Claimants' position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed, file their answer to the Verified Complaint of **BROWN WATER TOWING I, INC., AS OWNER, AND**

3

**BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V. ITS ENGINES, TACKLE, ETC.,** ("Petitioners"), as Owners Pro Hac Vice/Operators of the **BROWN WATER V**, seeking exoneration from or limitation of liability.

In support thereof, Claimants answer follows:

1. Claimants can neither admit nor deny the allegations contained in paragraph I of Petitioners' Complaint.

2. Claimants can neither admit nor deny as to gross registered tonnage or the BROWN WATER V. However, Claimants deny that the BROWN WATER V was at all times material in all respects seaworthy and that it was at all times material properly and efficiently manned, supplied, equipped, and furnished, and well and sufficiently fitted and supplied with suitable engines, machinery, tackle, apparel, appliances and furniture, all in good order and condition and suitable for service in which the vessel was engaged.

3. Claimants do not deny the allegations contained in paragraph III but request that petitioners make a more definite statement so as to elaborate particularly the facts of the underlying incident.

4. Claimants deny the allegations contained in paragraph IV.

5. Claimants deny the allegations contained in paragraph V.

6. Claimants deny the allegations contained in paragraph VI.

7. Claimants deny the allegations contained in paragraph VII.

8. Claimants deny the allegations contained in paragraph VIII.

9. Claimants deny the allegations contained in paragraph IX

10. Claimants deny the allegations contained in paragraph X.

4

11. Claimants deny the allegations contained in paragraph XI.

12. Claimants deny the allegations contained in paragraph XII.

13. Claimants are without knowledge or information to either admit or deny the allegations contained in paragraph XIV, and therefore, deny the same.

15. Claimants are without knowledge or information to either admit or deny the allegations contained in paragraph XV, and therefore, deny the same.

16. Claimants deny the allegations contained in paragraph XVI.

17. Claimants are without knowledge or information to either admit or deny the allegations contained in paragraph XVII, and therefore, deny the same.

18. With regard to the allegations in paragraph XVIII, Claimants deny that Petitioners" Complaint is within the jurisdiction of this Honorable Court because Petitioners have failed to follow the prerequisites for the filing of a complaint as set forth in Rule F(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure.

Now, further answering, Claimants respectfully represent as follows:

19. Claimants admit its claim is in excess of ten million dollars.

20. Claimants deny that Petitioners are entitled to the relief sought in its prayer.

21. Claimants would show that Petitioners are not entitled to limitation of liability for the reason that said acts of negligence and conditions of unseaworthiness which caused the injuries and damages sustained by Claimants were within the privity and knowledge of Petitioners, or any of Petitioners' directors, officers, stockholders or agents.

22. Claimants further answer that the accident was caused by the fault, negligence, unseaworthiness, or lack of due care or other basis of liability on the part of Petitioners, the

5

vessels and persons for whom the Petitioners are responsible.

23. Without waiving their claims that Petitioners are not entitled to an exoneration from or limitation or liability, Claimants reserve the right to demand a trial by jury in the forum of their choice pursuant to the "Savings to Suitors" clause of the Judiciary Act of 1789. 28 U.S.C. § 1333.

24. Without waving their claims that Petitioners are not entitled to an exoneration from or limitation of liability, Claimants reserve the right provided under Rule F(7) of the Supplemental Rules for certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure to demand that the amount of security referred to in Petitioners' Complaint be increased on the grounds that it is less than the Petitioner's interest in the BROWN WATER V or on the grounds that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury. 46 U.S.C. § 183 (b)-(f).

**WHEREFORE , PREMISES CONSIDERED,** Claimants pray that this Honorable Court dismiss the Verified Complaint of BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. and grant Claimants any other relief, both legal and equitable, to which they are justly entitled to receive.

Respectfully submitted,

_____
JULIAN RODRIGUEZ, JR.
Texas State Bar No. 17146770
Federal ID 15112
100 WEST PECAN
MCALLEN, TEXAS 78501

**(956) 682-8801 OFFICE**
**(956) 682-4544 FAX**

**ATTORNEY FOR HINOJOSA CLAIMANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing document has been sent by first class mail and by certified mail return receipt requested as indicated below on this the 6th day of February 2002 to all counsel listed below:

**WATTS & HEARD**  
Attn: Mr. Ray Marchan  
1926 E. Elizabeth  
Brownsville, Texas 78520

**VIA FIRST CLASS MAIL**

**LAW OFFICE OF RAMON GARCIA**  
Attn: Mr. Ramon Garcia  
222 W. University Drive  
Edinburg, Texas 78539

**VIA FIRST CLASS MAIL**

**MAGALLANES, HINOJOSA & MANCIAS**  
Attn: Mr. J.A. Magallanes  
1713 Boca Chica Blvd  
P.O. Box 4901  
Brownsville, Texas 78520

**VIA FIRST CLASS MAIL**

**ROYSTON, RAYZOR, VICKERY & WILLIAMS**  
Attn: Mr. Keith N. Uhles  
55 Cove Circle  
P.O. Box 3509  
Brownsville, Texas 78523-3509

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**

_____  
JULIAN RODRIGUEZ, JR.  
ATTORNEY FOR HINOJOSA CLAIMANTS