5ᒿ

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

FEB 1 3 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | |
| PETITION FOR BROWN WATER | § | C.A. NO B-01-157 |
| TOWING I, INC., AS OWNER, AND | § | (Subject to Rule 9(h) |
| BROWN WATER MARINE SERVICE, | § | of the Federal Rules |
| INC., AS BAREBOAT CHARTERERS, | § | of Civil Procedure) |
| OF THE BROWN WATER V, IT'S | § | Admiralty |
| ENGINES, TACKLE, ETC., IN A | § | |
| CAUSE OF EXONERATION FROM | § | |
| OR LIMITATION OF LIABILITY | § | |

<u>**COUNSEL'S AND CLAIMANTS MOTION AND MEMORANDUM IN SUPPORT OF**</u>
<u>**MOTION FOR RECONSIDERATION OF ORDER TO STRIKE**</u>
<u>**AND MOTION TO DESIGNATE ATTORNEY IN CHARGE**</u>

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Comes now Julian Rodriguez, Jr. attorney for claimants Omar Hinojosa, individually

and as Administrator of the Estate of Gaspar Hinojosa, Clarissa Hinojosa, Gaspar Hinojosa

II and file their motion for reconsideration of the court's striking the Motion to Withdraw and

Motion to Substitute Counsel and files this Motion to Designate Attorney in Charge and in

the alternative ask the court to set an expedited hearing on this matter so that justice may

be done.

<u>A. Introduction</u>

On September 15, 2001, Gaspar Hinojosa, husband and father of the claimants was killed

as a result of the collapse of the Queen Isabella Causeway.  On September 15, 2001

Attorney Ramon Garcia not Robert Ammons entered into a contingent fee contract with the

children and the surviving spouse of the deceased.  These contracts appear to be the

standard personal injury contracts used in these type of cases in the Rio Grande Valley.

1

Unbeknownst to the claimants Mr. Ramon Garcia referred the case in its entirety to a Law Firm in Houston, Texas where the honorable Robert Ammons is an attorney.

On or about **September 17, 2001** and on or about **October 14, 2001** the claimants respectfully sought and retained the Law Office of Julian Rodriguez, Jr. to take over and represent the respective claimants and the Estate of Gaspar Hinojosa. See the Contingent Contract of Employment attached hereto as **Exhibit "A"** and **Exhibit "B"** and incorporated herein by reference as if fully set forth.

On October 11, 2001 and on October 16, 2001 before any counsel had made an appearances in this court, claimants Clarissa Hinojosa, Omar Hinojosa, Gaspar Hinojosa any representative of the Estate of Gaspar Hinojosa and Raquel Hinojosa delivered in person and by certified mail a letter to the Law Office of Ramon Garcia requesting that all work cease on the case and that the claimants had decided to terminate the services of the law office of Ramon Garcia. See the copies of the certified green cards with signatures and dates of delivery attached hereto as **Exhibit "C"** and incorporated herein by reference as if fully set forth.  Claimants Omar Hinojosa, Clarissa Hinojosa and Gaspar Hinojosa II delivered their letter on October 11, 2001 while Raquel Hinojosa delivered her letter to Ramon Garcia on October 16, 2001.

On October 16, 2001 after Mr. Ramon Garcia was on notice that the clients had terminated his services he allowed counsel from Houston, Texas to file Claimants' Claim and Answer to Petitioners' Verified Complaint and Petition for Exoneration from and/or Limitation of liability.  This pleading was signed by Ammons and Garcia as attorneys for Claimants despite them receiving notice of the clients terminating their law office.  At the

2

time attorney Julian Rodriguez, Jr. was retained by the Hinojosa family he was not aware that Mr. Ramon Garcia had referred this case to a Houston attorney.

Attorney Julian Rodriguez contacted Mr. Ramon Garcia as early as October 31, 2001 to inquire on why he had filed a pleading along with counsel from Houston, Texas when he had received notice at his office through his personal secretary Petra that the clients has decided to obtain other counsel to proceed in the case.   See the enclosed letter dated October 31, 2001 which was faxed to Stevenson & Ammons and to Mr. Ramon Garcia attached hereto as **Exhibit "D"** and **Exhibit "E"** and incorporated herein by reference as if fully set forth.

Attorney Julian Rodriguez, Jr. also notified the attorneys for the barge company that the claimants had decided to obtain new attorneys. See the enclosed letter dated October 31, 2001 which was faxed to Royston, Rayzor, Vickery & Williams attached hereto as **Exhibit "F"** and incorporated herein by reference as if fully set forth.  Attorney Julian Rodriguez also quickly moved toward protecting the interest of the claimants when he filed the Application For Permanent Administration and Order granting Letters on November 1, 2001 in Hidalgo County , Texas. See the Application for Permanent Administration and Order attached hereto as **Exhibit "G"** and incorporated herein by reference as if fully set forth.

In addition as per the client's request and since they were not aware that Mr. Garcia had referred the case to Houston, Texas the client's asked that we prepare a motion to substitute counsel and forward the motion to Mr. Ammons in Houston, Texas for his consideration.  Mr. Ammons received the Motion to Withdraw and Substitution of Counsel

and responded with a letter dated November 6, 2001 which states that all materials were being sent to Mr. Ramon Garcia in Edinburg, Texas and that Mr. Garcia would be the person who attorney Julian Rodriguez, Jr. would have to call. <u>See</u> the enclosed letter dated November 6, 2001 which was received by attorney Julian Rodriguez, Jr. attached hereto as **Exhibit "H"** and incorporated herein by reference as if fully set forth.

Upon receipt of this last letter attorney Julian Rodriguez, Jr. sent another follow up letter dated November 9, 2001 by fax to attorney Mr. Ramon Garcia to inquire on whether he would sign the motion for substitution of counsel. <u>See</u> the enclosed letter dated November 9, 2001 which was received by attorney Julian Rodriguez, Jr. attached hereto as **Exhibit "I"** and incorporated herein by reference as if fully set forth. Since Mr. Ramon Garcia was not returning calls, Attorney Julian Rodriguez, Jr. thought it was a matter of time until Mr. Ramon Garcia would sign and file the motion himself so as not to delay counsels ability to proceed in handling the case on behalf of the claimants who were never originally updated on what was happening on all their claims and were already getting collectors phone calls and letters.

## MOTION FOR RECONSIDERATION

Attorney Julian Rodriguez, Jr. did not intend to fail to properly respond to Attorney Ramon Garcia and Attorney Robert Ammons Motion to Strike and Alternatively Motion for Leave to Intervene except upon receipt of the motions attorney Julian Rodriguez, Jr. was involved in a triple death case at the Hidalgo County Courthouse. Before attorney Julian Rodriguez, Jr. had time to respond to the motions the court had already made its ruling. Attorney Julian Rodriguez, Jr. did not intend to violate the local rules and had made a good

4

faith effort to substitute as the attorney in charge for the claimants. Attorney Julian Rodriguez, Jr. believed he was making a good faith effort to handle the transition of claimants case in a timely fashion and in the manner that would avoid delay and will continue to comply will the Federal rules and the local rules.

Claimants respectfully request that the court reconsider striking the motions that have been filed and that the court allow Claimants' First Amended Claim and Answer to Petitioner's Verified Complaint and Petition For Exoneration From And/Or Limitation of Liability to remain part of the record. See Claimants' First Amended Claim and Answer to Petitioner's Verified Complaint and Petition For Exoneration From and/or Limitation of Liability attached hereto as **Exhibit "J"** and incorporated herein by reference as if fully set forth.

## MOTION TO DESIGNATE ATTORNEY IN CHARGE

In addition to the above, Attorney Julian Rodriguez, Jr. attaches and presents to this court the attached affidavits from claimants Omar Hinojosa individually and as Administrator of the Estate of Gaspar Hinojosa, Gaspar Hinojosa II which authorizes Julian Rodriguez, Jr. to represent to the court that they have retained him to continue with the claims being asserted in this case and have requested that the Law Office of Ramon Garcia cease all work on this case and not interfere with their choice of attorneys on the case. See the enclosed affidavit of each family member including the surviving spouse **Omar Hinojosa, Gaspar Hinojosa II, Clarissa Hinojosa and Raquel Hinojosa** attached hereto as **Exhibit "K", Exhibit "L", Exhibit "M", and Exhibit "N"** incorporated herein by reference as if fully set forth. The claimants further state in their affidavits that they timely

5

terminated the services of Mr. Ramon Garcia were not aware at the time they retained new counsel that the case had been referred to an attorney in another city. Claimants further state that instead of complying with their wishes and desires attorneys Garcia and Ammons filed pleadings in the federal case asserting the they were retained by all claimants when they were aware or should have been aware that the first letter of termination was served by personal service and by certified mail on **October 11, 2001.**

Julian Rodriguez, Jr. is a member in good standing with the State Bar of Texas and is admitted to practice before this court. Julian Rodriguez, Jr.'s Texas bar number is 17146770 and federal bar number is 15112 and his office address, telephone, and fax number are as follows: 100 W. Pecan McAllen, Texas 78501 (956) 682-8801; (956) 682-4544.

If the court allows the attorney Julian Rodriguez, Jr. will be responsible for the lawsuit and shall be the attorney to receive communications from the court and other parties.

## CONCLUSION

For the reasons set forth above, Julian Rodriguez, Jr. and the Hinojosa claimants prays that this Honorable Court grant this Motion for Reconsideration of the Order Striking the Motion to Withdraw and Substitute Counsel, grant the Motion to Designate Attorney in Charge and/ or in the alternative, grant Julian Rodriguez, Jr.'s motion for an Expedited Oral Hearing. In additional, Julian Rodriguez, Jr. and the Hinojosa claimants prays further that this Honorable Court grant them such other and further relief, both at law and in equity, to which they my show themselves justly entitled to receive.

6

Respectfully submitted,

By: _____

    JULIAN RODRIGUEZ, JR.
    Texas State Bar No: 17146770
    Federal Bar No: 15112

LAW OFFICE OF JULIAN RODRIGUEZ, JR.
100 W. PECAN
MCALLEN, TEXAS 78501
TEL: (956) 682-8801
FAX: (956) 682-4544

# EXHIBIT A

# JULIAN RODRIGUEZ, JR.
## ATTORNEY AT LAW

100 W. Pecan                                                    McAllen, Texas 78501

## CONTINGENT CONTRACT OF EMPLOYMENT

The below named client (whether one or more than one) has employed the Law Office of Julian Rodriguez, Jr., hereinafter called attorney, to prosecute and collect any claims for the damages sustained by client and any member of client's family from an incident which occurred on or about _September 15_, 2001 and from any other person, corporation, city, county, or organization whose liability to client arose from the following occurrence.

My attorney is authorized to fully investigate all relevant facts, directly or through an independent investigatory, to sue on the claim, to prosecute same to judgement, negotiate settlement, to advance expenses on behalf of client to employ or associate such other attorney or attorneys as in the firm's direction may be advisable.

It is understood and agreed that no settlement shall be made by the attorney without the client's approval and the client hereby agrees to make no settlement without the consent of the attorney.

In consideration of the services rendered and agreed to be rendered to the client by said attorney, the client does hereby grant, sell, assign and convey to said attorney as compensation the following present undivided net interest in the claim:

1.    (33%)      Of any collection of monies of settlement made by attorney on behalf of client or other members of client's family as a result of the claims described in this agreement, at any time before suit is filed. (See expenses below)

2.    (40%)      Of any collection of monies of settlement made by attorney on behalf of client or other members of client's family as a result of the claims described in this agreement, at any time after such suit is filed.

3.    (45%)      Of any collection of monies of settlement made by attorney on behalf of client or other members of client's family as a result of the claims described in this agreement, at any time once trial begins.

It is further understood that all EXPENSES of Investigation, Discovery and Litigation may be deducted from the proceeds of the claim. Expenses advanced (or reimbursed to attorney) by client will be repaid by client after the attorney's fees are computed. Expenses advanced by attorney shall be deducted from client's portion of proceeds after attorney's fees are computed. Expenses shall include but are not limited to copies, faxes, postage, telephone charges, investigation fees, and deposits. Further, the attorney is authorized to pay any actual unpaid balance of other obligations of client and attorney related or accrued pursuit of this claim out of client's own proceeds.

Attorney has the right to cease legal work and release client from this contract at any time, , in the opinion of attorney, it becomes economically impractical for attorney to continue to pursue e claim, or if the client fails to cooperate with attorney as reasonably required to effectively ursue the claim.

Client(s) warrant that they have not entered into any other contract concerning the same ᵣ similar claims, caused of action and/or subject matter.

**I HAVE READ AND UNDERSTAND THIS AGREEMENT, OR HAVE HAD IT READ AND XPLAINED TO ME AND I UNDERSTAND THIS AGREEMENT.**

Signed this _14_ , day of _October_ , 2001.

aquel T Hinojosa
.ient

4. 1 Box 331
ddress

o Hondo, Tx 78583
ty, State, Zip Code

52-13-4486
)cial Security Number

9807892
iver's License Number

(56) 748-3107
ient's Telephone Number

(56) 490-7683
'ent's Mobile Number

ient's Pager Number

By: _____
JULIAN RODRIGUEZ, JR.
ATTORNEY AT LAW
100 W. PECAN
MCALLEN, TEXAS 78501
TELEPHONE NO: (956) 682-8801
FACSIMILE: (956) 682-4544

2

# EXHIBIT B

# JULIAN RODRIGUEZ, JR.
## ATTORNEY AT LAW

100 W. Pecan                                                          McAllen, Texas 78501

## CONTINGENT CONTRACT OF EMPLOYMENT

The below named client (whether one or more than one) has employed the Law Office of Julian Rodriguez, Jr., hereinafter called attorney, to prosecute and collect any claims for the damages sustained by client and any member of client's family from an incident which occurred on or about _September 15_, 2001 and from any other person, corporation, city, county, or organization whose liability to client arose from the following occurrence.

My attorney is authorized to fully investigate all relevant facts, directly or through an independent investigatory, to sue on the claim, to prosecute same to judgement, negotiate settlement. to advance expenses on behalf of client to employ or associate such other attorney or attorneys as in the firm's direction may be advisable.

It is understood and agreed that no settlement shall be made by the attorney without the client's approval and the client hereby agrees to make no settlement without the consent of the attorney.

In consideration of the services rendered and agreed to be rendered to the client by said attorney, the client does hereby grant, sell, assign and convey to said attorney as compensation the following present undivided net interest in the claim:

1.  (33%)  Of any collection of monies of settlement made by attorney on behalf of client or other members of client's family as a result of the claims described in this agreement, at any time before suit is filed. (See expenses below)

2.  (40%)  Of any collection of monies of settlement made by attorney on behalf of client or other members of client's family as a result of the claims described in this agreement, at any time after such suit is filed.

3.  (45%)  Of any collection of monies of settlement made by attorney on behalf of client or other members of client's family as a result of the claims described in this agreement, at any time once trial begins.

**It is further understood that all EXPENSES of Investigation, Discovery and Litigation may be deducted from the proceeds of the claim. Expenses advanced (or reimbursed to attorney) by client will be repaid by client after the attorney's fees are computed. Expenses advanced by attorney shall be deducted from client's portion of proceeds after attorney's fees are computed. Expenses shall include but are not limited to copies, faxes, postage, telephone charges, investigation fees, and deposits. Further, the attorney is authorized to pay any actual unpaid balance of other obligations of client and attorney related or accrued in pursuit of this claim out of client's own proceeds.**

1

# EXHIBIT C

**SENDER: COMPLETE THIS SECTION.**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Law Office of Ramon Garcia
222 W University Dr Edinburg
Edinburg, TX 78539

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)

B. Date of Delivery
10/11/01

C. Signature
X Pola Aguilar
☐ Agent
☑ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Copy from service label)
7001 1140 0003 6391 1038

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Law Office of Ramon Garcia
222 W. University Dr
Edinburg, TX 78539

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)

B. Date of Delivery
10/16/01

C. Signature
X Cantu
☐ Agent
☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

PS Form 3811, March 2001          Domestic Return Receipt          102595-01-M-1424

Attorney has the right to cease legal work and release client from this contract at any time, if, in the opinion of attorney, it becomes economically impractical for attorney to continue to pursue the claim, or if the client fails to cooperate with attorney as reasonably required to effectively pursue the claim.

Client(s) warrant that they have not entered into any other contract concerning the same or similar claims, caused of action and/or subject matter.

**I HAVE READ AND UNDERSTAND THIS AGREEMENT, OR HAVE HAD IT READ AND EXPLAINED TO ME AND I UNDERSTAND THIS AGREEMENT.**

Signed this _17_, day of _September_, 2001.


Clarissa Hinojosa

_1218 Heritage Oaks Rd_
Address

_Edinburg, TX 78539_
City, State, Zip Code

_(956) 381-6537_
Client's Telephone Number


Gaspar Hinojosa II


Omar Abel Hinojosa  # Estate of Gaspar Hinojosa

By: _____
JULIAN RODRIGUEZ, JR.
ATTORNEY AT LAW
100 W. PECAN
MCALLEN, TEXAS 78501
TELEPHONE NO: (956) 682-8801
FACSIMILE: (956) 682-4544

2

# EXHIBIT D

LAW OFFICES OF

# Julian Rodriguez, Jr.

### ATTORNEY AT LAW

00 W. Pecan                                                                  (956) 682-8801
icAllen, Texas 78501                                                      Fax (956) 682-4544

October 31, 2001

Stevenson & Ammons                    **VIA FAX ONLY (713) 523-4747**
Attn: Mr. Robert E. Ammons
3700 Montrose Blvd
Houston, Texas 77006

RE:        OUR CLIENTS:     **OMAR HINOJOSA AND THE ESTATE OF GASPAR HINOJOSA**
           OUR FILE NO:      **01-111**
           FEDERAL NO:      **C.A. NO. B-01-157 (Southern District of Texas)**
           STYLE:            **IN RE THE COMPLAINT AND PETITION FOR BROWN WATER TOWING I et al.**

Dear Mr. Ammons:

It has been brought to my attention that your office has filed a pleading in the above referenced case. According to the court's file you filed a pleading on or about October 16, 2001 on behalf of Omar Hinojosa and his siblings.

My client's have forwarded to me a copy of the certified cards indicating they notified Mr. Ramon Garcia that they wanted all work on their files terminated upon delivery of the termination letter dated **October 16, 2001**. Just so that you are aware the certified green card was signed by Mr. Ramon's staff on October 16, 2001.

Please clarify if you received notification of Mr. Garcia's termination by the Hinojosa's and also why another amended pleading was filed by your office on October 25, 2001.

We look forward to hearing from you.

Sincerely,

**JULIAN RODRIGUEZ, JR.**
Attorney at Law

xc: Mr. Ramon Garcia (via fax) (956) 381-0825

# EXHIBIT E

LAW OFFICES OF
# Julian Rodriguez, Jr.
ATTORNEY AT LAW

/. Pecan
len, Texas 78501

(956) 682-8801
Fax (956) 682-4544

October 31, 2001

Stevenson & Ammons
Attn: Mr. Robert E. Ammons
3700 Montrose Blvd
Houston, Texas 77006

**VIA AIRBORN EXPRESS
OVERNIGHT**

RE:     OUR CLIENTS:     **OMAR HINOJOSA AND THE ESTATE OF GASPAR HINOJOSA**
        OUR FILE NO:     **01-111**
        FEDERAL NO:      **C.A. NO. B-01-157 (Southern District of Texas)**
        STYLE:           **IN RE THE COMPLAINT AND PETITION FOR BROWN WATER TOWING I et al.**

Dear Mr. Ammons:

Enclosed please find a Motion to Withdraw and Substitution of Counsel that we have prepared as per our client's request for your signature. Please sign the original and send back to our office so we can forward to Mr. Ramon Garcia.

Once we receive all signatures we will file the original in federal court.

We look forward to receiving the document from you in a timely manner.

Sincerely,

**JULIAN RODRIGUEZ, JR.**
Attorney at Law

encls:

**1 FROM (Company)** Law Office of Julian Rodriguez, JR.

Street Address: 100 W. Pecan

City: McAllen  State: Texas  ZIP CODE (Required): 78501

Sent by (Name/Dept): Phone Number (956) 682-8801

**2 TO (Company)** Stevenson and Ammons

Street Address: 3700 Montrose BLVD

City: Houston  State: Texas  ZIP CODE (Required): 77006

Attention: (Name/Dept) Mr. Robert E Ammons

Description

**3 Sender's Signature** [signature]  Date: 10/31/01

Airborne Signature   Route No.   Date   Time

www.airborne.com

Preprint Format No.  Origin  Airbill Number 7465165820

**4 Method of Payment** — Assumed sender unless otherwise noted

☒ Bill Sender ▶ 1267296646  Airborne Sender account no.

☐ Bill Receiver ▶  Airborne Receiver account no.

☐ Bill 3rd Party ▶  Airborne Customer account no.

☐ Paid in Advance  Check No.  Amount $

Billing Reference  will appear on invoice

**6 # of Pkgs  7 Weight (LBS)  8 One box must be checked**
☒ Letter Express  ☐ Express Pack  ☐ Other Packaging
SUBJECT TO CORRECTION

**Special Instructions**
☐ Saturday Delivery Extra Charge Express Only Not available to all locations
☐ Hold at Airborne
☐ Lab Pack

Declared Value ☐  or  Full Insurance ☐  $  Shipment Valuation .00

Received At  ☐ Drop Box #  ☐ Airborne Terminal

**5 Service Type** One box must be checked with an "X". Assumed Express Service unless otherwise noted.

☒ Express (Letter - 150 lbs)

Next Afternoon Shipments over 5 lbs will be charged at the Express rate. Next Afternoon delivery to Bold Red destinations only.

Next Afternoon (Letter - 5 lbs)

Second Day (Letter - 150 lbs)

ABSENT A HIGHER SHIPMENT VALUATION, CARRIER'S LIABILITY IS LIMITED TO $100 PER PACKAGE, OR ACTUAL VALUE, WHICHEVER IS LESS. SPECIAL OR CONSEQUENTIAL DAMAGES ARE NOT RECOVERABLE. SEE TERMS AND CONDITIONS ON REVERSE SIDE OF THIS NON-NEGOTIABLE AIRBILL SCAC-AIRB FED I.D. NO 91-0637489

**AIRBORNE EXPRESS.**

PO BOX 662, SEATTLE, WA 98111-0662

1-800-247-2676

THANK YOU FOR SHIPPING WITH AIRBORNE EXPRESS

SENDER'S COPY

Omar Hinojosa
Expenses

# EXHIBIT F

LAW OFFICES OF

# Julian Rodriguez, Jr.

ATTORNEY AT LAW

V. Pecan
len, Texas 78501

(956) 682-8801
Fax (956) 682-4544

October 31, 2001

Royston, Rayzor, Vickery & Williams
Attn: Mr. Keith Uhles
55 Cove Circle
Brownsville, Texas 78521

**VIA FAX (956) 542-4370
AND VIA FIRST CLASS MAIL**

| | | |
|---|---|---|
| RE: | OUR CLIENTS: | **OMAR HINOJOSA AND THE ESTATE OF GASPAR HINOJOSA AND THE HINOJOSA FAMILY** |
| | OUR FILE NO: | **01-111** |
| | FEDERAL NO: | **C.A. NO. B-01-157 (Southern District of Texas)** |
| | STYLE: | **IN RE THE COMPLAINT AND PETITION FOR BROWN WATER TOWING I et al.** |

Dear Mr. Uhles:

Please be advised that we now represent the **Hinojosa** claimants in the case involving the death of their father **Mr. Gaspar Hinojosa**. We were advised that you are the attorney who we should contact so we can obtain a copy of the federal court's order and the copy of the original petition that was filed by your client.

Please send those to me and include us on your certificate of service. We are in the process of filing our own motions to substitute and would like to know which attorneys we need to advise of our new appearance.

We look forward to hearing from you.

Sincerely,


**JULIAN RODRIGUEZ, JR.**
Attorney at Law

xc: clients

# EXHIBIT G

CAUSE NO. ౨8. ౨ᑕ18

NOV - 1 2001

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN COUNTY COURT-AT-LAW |
| | § | |
| GASPAR HINOJOSA | § | NO. 3 |
| | § | |
| DECEASED | § | HIDALGO COUNTY, TEXAS |

## APPLICATION FOR PERMANENT ADMINISTRATION

Omar Abel Hinojosa, ("Applicant"), furnishes the following information to the Court for the appointment of Applicant as Permanent Administrator in the Estate of Gaspar Hinojosa, ("Decedent"), and for issuance of Letters of Permanent Administration:

1.    Applicant's address is 1218 Heritage Oaks Road Edinburg, Texas 78539. Applicant has an interest in preserving the assets of the Estate, and would be a suitable personal representative, and is not disqualified by law from serving as Permanent Administrator, and is a surviving family member of decedent.

2.    Decedent died on September 15, 2001, in Harlingen, Cameron County, Texas.

3.    This Court has jurisdiction and venue because Decedent was domiciled in Texas and had a fixed place of residence in Hidalgo County on the date of his death.

4.    The interest of Decedent's estate requires immediate appointment of a personal representative because it is necessary to administer the estate.

5.    The Permanent Administrator of this Estate should be given the following powers:

      (a)    taking of claims or property for the use and benefit of the estate and payment of any debt due or owing to the Estate

      (b)    compounding bad or doubtful debts due or owing to the Estate

      (c)    making compromises or settlements in relation to property or claims in dispute or litigation

      (d)    the specific power and authority to pursue any and all

1

claims made by or against the **Estate of GASPAR HINOJOSA**; and,

(e)     any and all other powers the court may deem proper.

6.     Bond can be posted with this application of the Administration in accordance to the court's rulings.

7.     The name, address, age, relationship to the Decedent, and marital status of each heir to the Decedent is:

| | |
|---|---|
| Name: | Gaspar Hinojosa II |
| Address: | 1218 Heritage Oaks Road Edinburg, Texas 78539 |
| Age: | 19 |
| Relationship: | Son |
| Marital Status: | single |

| | |
|---|---|
| Name: | Clarissa Hinojosa |
| Address: | 8050 Oakdale Way Apt 702 San Antonio, Texas 78240 |
| Age: | |
| Relationship: | Daughter |
| Marital Status: | single |

| | |
|---|---|
| Name: | Raquel Hinojosa |
| Address: | Rt 1 Box 331 Rio Hondo, Texas 78583 |
| Age: | |
| Relationship: | Wife of decedent |
| Marital Status: | married |

8.     The Decedent was an adult man that resided in Alamo Texas at the time of his death and he had the children listed above with his first wife.

9.     At the time of his death, Decedent was married.

10.    Decedent did not leave a valid written Will.

Applicant requests the Court to make an immediate appointment of Applicant as Permanent Administrator of Decedent's Estate.

**Respectfully submitted,**

**LAW OFFICE OF JULIAN RODRIGUEZ, JR.**
**100 West Pecan**
**McAllen, Texas 78501**
**Tel. No. (956) 682-8801**

2

**Fax  No. (956) 682-4544**

By:_____

      JULIAN RODRIGUEZ, JR.
      State Bar No. 17146770

## CAUSE NO. 28298

| | | |
|---|---|---|
| **IN THE ESTATE OF** | § | **IN PROBATE COURT** |
| **GASPAR HINOJOSA** | § | |
| | § | |
| **DECEASED** | § | **HIDALGO COUNTY, TEXAS** |

## ORDER GRANTING LETTERS OF ADMINISTRATION

On this day came on to be heard the Application filed herein by OMAR A. HINOJOSA, on November 1, 2001 for the Appointment of an Administratrix of the Estate of Gaspar Hinojosa, ("Decedent"), and for the Issuance of Letters of Administration.

The Court, after having heard and considered the evidence, and having reviewed the documents filed herein, finds that the allegations contained in the Application are true; that notice and citation have been given in the manner and for the length of time required by law, and no one came to contest same; and that GASPAR HINOJOSA, ("Decedent"), is dead and four (4) years have not elapsed since the date of his death; that this Court has jurisdiction and venue over the Decedent's estate; that the Decedent died intestate; that a necessity exists for administration of this estate; that no interested person has applied for the appointment of appraisers and none are deemed necessary by the Court; that the said Application for the Appointment of an Administratrix and for Issuance of Letters of Administration should be granted; and that Applicant is entitled by law to be appointed Administratrix of this Estate and is not disqualified from acting as such and is qualified to receive Letters of Administration and the exclusive right to pursue any and all claims that may exist on behalf of GASPAR HINOJOSA, including but not limited to, wrongful death and/or survival actions.

**IT IS ORDERED** that OMAR A. HINOJOSA be, and is hereby appointed Administratrix of the Estate of Gaspar Hinojosa, Deceased; that said Omar A. Hinojosa shall give Bond in the sum of $ _300_ , payable and conditioned as required by law; that Letters of Administration, be and the same are hereby granted to Omar A. Hinojosa; that

1



upon the taking and filing of the Bond and Oath as required by law, the Clerk shall issue

Letters of Administration to **OMAR A. HINOJOSA.**

SIGNED this _10th_ day of _January_ , 2~~001~~. 2002.

_____
**JUDGE PRESIDING**

JAN 17 2002

2

# EXHIBIT H

5-2201   18:29       STEVENSON                                      P.02/02

# STEVENSON & AMMONS
### ATTORNEYS AT LAW
A LIMITED LIABILITY COMPANY
3700 MONTROSE BOULEVARD
HOUSTON, TEXAS 77006

ROBERT E. AMMONS
BOARD CERTIFIED • PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

BOARD CERTIFIED - CIVIL TRIAL ADVOCATE
NATIONAL BOARD OF TRIAL ADVOCACY

TELEPHONE
(713) 523-3030

FACSIMILE
(713) 523-4747

November 6, 2001

Julian Rodriguez, Jr.                          *Via Facsimile 956-682-4544*
Attorney at Law
100 West Pecan
McAllen, TX 78501

Re:   Civil Action No. B-01-157; *In Re: The Complaint and Petition for Brown Water Towing I, et al*; In the Southern District of Texas, Brownsville Division

Dear Mr. Rodriguez:

I have received your letter dated October 31, 2001, and the attached Motion to Withdraw and Substitution of Counsel. By copy of this correspondence, I am forwarding these materials to Ramon Garcia.

Please deal directly with Mr. .Garcia concerning these issues. I will, of course, defer to Mr. Garcia on these matters.

Very truly yours,

Robert E. Ammons

REA/tlh

cc:    Ramon Garcia                            *Via Facsimile 956-381-0825*
Encs.  Law Office of Ramon Garcia, P.C.
       222 West University Drive
       Edinburg, TX 78539



# EXHIBIT I

LAW OFFICES OF

# Julian Rodriguez, Jr.
### ATTORNEY AT LAW

| | |
|---|---|
| ) W. Pecan<br>Allen, Texas 78501 | (956) 682-8801<br>Fax (956) 682-4544 |

November 9, 2001

Law Office of Ramon Garcia                    **VIA FAX ONLY (956) 381-0825**
Attn: Mr. Ramon Garcia
222 W. University Drive
Edinburg, Texas 78539

RE:           OUR CLIENTS:   **OMAR HINOJOSA AND THE ESTATE OF GASPAR**
                            **HINOJOSA**
              **OUR FILE NO:    01-111**
              **FEDERAL NO:     C.A. NO. B-01-157 (Southern District of Texas)**
              **STYLE:          IN RE THE COMPLAINT AND PETITION FOR**
                               **BROWN WATER TOWING I et al.**

Dear Mr. Garcia:

Our clients have advised me that they delivered a letter to your office first on October 11, 2001 requesting all work on this file cease and requesting a copy of their file. To date they have not received any file materials and all the information we have gathered to date has been from the files at the courthouse.

Please advise me when we can expect to receive any file materials you may have and also if you are objecting to the motion for substitution of counsel which we prepared and sent to Mr. Robert Ammons in Houston. Mr. Ammons advised me that he would defer all decisions to you and that he forwarded our motion and the order we prepared to your office.

Our clients Omar Hinojosa, Clarissa Hinojosa, Raquel Hinojosa, and Gaspar Hinojosa III need to know if you have any file materials and want all communications to be made through my office.

Sincerely,

**JULIAN RODRIGUEZ, JR.**
Attorney at Law
xc: clients

# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IN RE THE COMPLAINT AND          §
PETITION FOR BROWN WATER         §     C.A. NO B-01-157
TOWING I, INC., AS OWNER, AND    §     (Subject to Rule 9(h)
BROWN WATER MARINE SERVICE,      §     of the Federal Rules
INC., AS BAREBOAT CHARTERERS,    §     of Civil Procedure)
OF THE BROWN WATER V, IT'S       §     Admiralty
ENGINES, TACKLE, ETC., IN A      §
CAUSE OF EXONERATION FROM        §
OR LIMITATION OF LIABILITY       §

**CLAIMANT'S FIRST AMENDED CLAIM AND ANSWER TO PETITIONER'S**
**VERIFIED COMPLAINT AND PETITION FOR EXONERATION FROM**
**AND/OR LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, OMAR HINOJOSA, INDIVIDUALLY AND ON BEHALF OF THE

ESTATE OF GASPAR HINOJOSA, DECEASED, RAQUEL TERAN HINOJOSA

CLARISSA HINOJOSA, AND GASPAR HINOJOSA, II, EACH INDIVIDUALLY,

**(Claimant's),** and under protest and without prejudice to claimant's position that this

exoneration from and/ or limitation of liability proceeding is improper and should be

dismissed, file their claim and answer to the Verified Complaint for Exoneration from or

Limitation of liability that **BROWN WATER TOWING I, INC., AS OWNER, AND BROWN**

**WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN**

**WATER V, ITS ENGINES, TACKLE, ETC.,**("Petitioners"), have filed herein.,

In support thereof, Claimant's would show this court as follows:

1

I.

## Claim For Damages

1.    On or about September 15, 2001, **GASPAR HINOJOSA**, husband and father
of Claimant's, was killed as a result of the collapse of the Queen Isabella
Causeway. The causeway collapsed after the span was rammed by
industrial barges being pushed by a tugboat. The barges, owned by
American Commercial Lines LLC, were being pushed by a tugboat owned
by Petitioners, BROWN WATER TOWING I, INC., AS OWNER, AND
BROWN WATER MARINE SERVICES, INC., AS BAREBOAT
CHARTERER, OF THE BROWN WATER V. ITS ENGINES, TACKLE,
ETC. As a result of the negligent conduct of Petitioners and the resulting
collapse of the causeway, Plaintiff GASPAR HINOJOSA sustained
substantial physical injuries and died as a result of those injuries.

2.    Due to negligence, carelessness, and fault of Petitioners, as owner or owner
pro hac vice or operator of the vessel in question and the unseaworthiness
of the vessel, all of which was within the privity and knowledge of Petitioners,
Claimants' sustained substantial damages.

3.    Nothing Claimants did or failed to do on the occasion in question caused or
in any way contributed to the cause of the property damage, injuries and
subsequent death of their husband and father, **GASPAR HINOJOSA.**

4.    Claimants are entitled to maintain an action and bring this claim for damages
for property damages, pecuniary loss, loss of companionship and society,
mental anguish, and loss of inheritance. Also, Claimant's are entitled to

2

maintain and bring this claim for damages for physical pain and emotional pain, torment, and suffering experienced by Gaspar Hinojosa before his death as a result of the occurrence in question. In addition, Claimants are entitled to maintain and bring this claim for damages medical expenses and funeral and burial expenses for Gaspar Hinojosa. Moreover, Claimants are entitled to plead for punitive damages based upon Petitioners' wanton and reckless conduct that amounted to Petitioners' conscious disregard of the rights of others.

5.      This claim is being made under protest and without prejudice to Claimants' position that this exoneration from and/or of limitation of liability proceeding is improper and should be dismissed.

6.      Similarity, this claim is being made without prejudice to Claimants" challenging the sufficiency of Petitioners' limitation fund by written motion and/or moving this court for an order to increase the value of Petitioners' limitation fund.

**WHEREFORE, PREMISES CONSIDERED,** the Claimants demand judgement against Petitioners in an amount to be determined by this Court, in addition to interest and costs.

II.

## Answer to Complaint

COME NOW **OMAR HINOJOSA, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF GASPAR HINOJOSA, DECEASED, RAQUEL TERAN HINOJOSA, CLARISSA HINOJOSA, AND OMAR HINOJOSA, II, EACH INDIVIDUALLY,** ("Claimants"),

3

and under protest and without prejudice to Claimants' position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed, file their answer to the Verified Complaint of **BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V. ITS ENGINES, TACKLE, ETC.,** ("Petitioners"), as Owners Pro Hac Vice/Operators of the **BROWN WATER V**, seeking exoneration from or limitation of liability.

In support thereof , Claimants answer follows:

1.   Claimants can neither admit nor deny the allegations contained in paragraph I of Petitioners' Complaint.

2.   Claimants can neither admit nor deny as to gross registered tonnage or the BROWN WATER V.  However, Claimants deny that the BROWN WATER V was at all times material in all respects seaworthy and that it was at all times material properly and efficiently manned, supplied, equipped, and furnished, and well and sufficiently fitted and supplied with suitable engines, machinery, tackle, apparel, appliances and furniture, all in good order and condition and suitable for service in which the vessel was engaged.

3.   Claimants do not deny the allegations contained in paragraph III but request that petitioners make a more definite statement so as to elaborate particularly the facts of the underlying incident.

4.   Claimants deny the allegations contained in paragraph IV.

5.   Claimants deny the allegations contained in paragraph V.

6.   Claimants deny the allegations contained in paragraph VI.

7.   Claimants deny the allegations contained in paragraph VII.

8.   Claimants deny the allegations contained in paragraph VIII.

4

9.   Claimants deny the allegations contained in paragraph IX

10.   Claimants deny the allegations contained in paragraph X.

11.   Claimants deny the allegations contained in paragraph XI.

12.   Claimants deny the allegations contained in paragraph XII.

13.   Claimants are without knowledge or information to either admit or deny the allegations contained in paragraph XIV, and therefore, deny the same.

15.   Claimants are without knowledge or information to either admit or deny the allegations contained in paragraph XV, and therefore, deny the same.

16.   Claimants deny the allegations contained in paragraph XVI.

17.   Claimants are without knowledge or information to either admit or deny the allegations contained in paragraph XVII, and therefore, deny the same.

18.   With regard to the allegations in paragraph XVIII, Claimants deny that Petitioners" Complaint is within the jurisdiction of this Honorable Court because Petitioners have failed to follow the prerequisites for the filing of a complaint as set forth in Rule F(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure.

Now, further answering, Claimants respectfully represent as follows:

19.   Claimants admit its claim is in excess of ten million dollars.

20.   Claimants deny that Petitioners are entitled to the relief sought in its prayer.

21.   Claimants would show that Petitioners are not entitled to limitation of liability for the reason that said acts of negligence and conditions of unseaworthiness which caused the injuries and damages sustained by Claimants were within the privity and knowledge of Petitioners, or any of Petitioners' directors, officers, stockholders or agents.

5

22. Claimants further answer that the accident was caused by the fault, negligence, unseaworthiness, or lack of due care or other basis of liability on the part of Petitioners, the vessels and persons for whom the Petitioners are responsible.

23. Without waiving their claims that Petitioners are not entitled to an exoneration from or limitation or liability, Claimants reserve the right to demand a trial by jury in the forum of their choice pursuant to the "Savings to Suitors" clause of the Judiciary Act of 1789. 28 U.S.C. § 1333.

24. Without waving their claims that Petitioners are not entitled to an exoneration from or limitation of liability, Claimants reserve the right provided under Rule F(7) of the Supplemental Rules for certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure to demand that the amount of security referred to in Petitioners' Complaint be increased on the grounds that it is less than the Petitioner's interest in the BROWN WATER V or on the grounds that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury. 46 U.S.C. § 183 (b)-(f).

**WHEREFORE , PREMISES CONSIDERED,** Claimants pray that this Honorable Court dismiss the Verified Complaint of BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. and grant Claimants any other relief, both legal and equitable, to which they are justly entitled to receive.

Respectfully submitted,

By:_____
**JULIAN RODRIGUEZ, JR.**
**State Bar No. 17146770**
**Federal ID 15112**
**100 WEST PECAN**
**MCALLEN, TEXAS 78501**
**(956) 682-8801 OFFICE**
**(956) 682-4544 FAX**

**ATTORNEY FOR HINOJOSA CLAIMANTS**

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing document has

been sent by first class mail and by certified mail as indicated below on this the 14th day

of January 2002 to all counsel listed below:

WATTS & HEARD                              **VIA FIRST CLASS MAIL**
Attn: Mr. Ray Marchan
1926 E. Elizabeth
Brownsville, Texas 78520

LAW OFFICE OF RAMON GARCIA          **VIA CERTIFIED MAIL RETURN**
Attn: Mr. Ramon Garcia                      **RECEIPT REQUESTED**
222 W. University Drive
Edinburg, Texas 78539

MAGALLANES, HINOJOSA & MANCIAS      **VIA FIRST CLASS MAIL**
Attn: Mr. J.A. Magallanes
1713 Boca Chica Blvd
P.O. Box 4901
Brownsville, Texas 78520

ROYSTON, RAYZOR, VICKERY & WILLIAMS   **VIA CERTIFIED MAIL RETURN**
Attn: Mr. Keith N. Uhles                     **RECEIPT REQUESTED**
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-3509

JULIAN RODRIGUEZ, JR.
ATTORNEY FOR HINOJOSA
CLAIMANTS

8

# EXHIBIT K

**STATE OF TEXAS** §

**COUNTY OF HIDALGO** §

### AFFIDAVIT OF OMAR ABEL HINOJOSA

On this day, Omar Abel Hinojosa appeared before me, the undersigned notary public. After I administered an oath to him, upon his oath, he said:

"My name is Omar Abel Hinojosa. I am competent to make this affidavit. That facts stated in this affidavit are within my personal knowledge and are true and correct.

My father was killed in an accident which occurred on September 15, 2001 when the Queen Isabella Causeway collapsed. I am the eldest son of the deceased Gaspar Hinojosa. I have already been designated by the probate judge that the Hidalgo County Probate Judge as the Administrator of my fathers' estate filed by my attorney Julian Rodriguez, Jr. in Hidalgo under cause no. 28298 since November 1, 2001.

I would like this court to know that my family including Clarissa Hinojosa, Raquel Hinojosa, and Gaspar Hinojosa II have consistently supported my position and are aware of the transactions and occurrences that have occurred in this case. We all initially retained the Law Office of Ramon Garcia of Edinburg, Texas to represent us.

Mr. Garcia made contact with me and my family the same day as the accident. At the time we retained Mr. Ramon Garcia he made several representation to me and my family which I shortly thereafter learned were false and can be considered misleading. I immediately voiced my concerns but was not advised how to proceed and never received any return phone calls from Mr. Garcia's office.

My family and I decided to terminate our agreement as soon as we could with the Law Offices of Ramon Garcia and this was done by personally serving a certified typed letter to Mr. Garcia's Offices located in Edinburg, Texas. I received copies of the original green card on the day we delivered the letters which show the date the letters were received and the person who accepted the letters of termination.

I was never advised that Mr. Ramon Garcia had already wrongfully referred the case to an attorney in Houston, Texas, Mr. Robert Ammons. My family and I all terminated Mr. Ramon Garcia's services days before Mr. Ramon Garcia and Robert Ammons filed any original claims or pleadings in federal court on our behalf. The federal court filed stamped copies of the original answer filed by Mr. Ramon Garcia and Mr. Ammons reflects that it was filed after we had notified Mr. Garcia that we were terminating our agreement with him and his law office.

Instead of following our instructions Mr. Ramon Garcia and Mr. Ammons proceeded to file unauthorized pleadings in Federal Court under this cause no. B-01-157 misrepresenting to the court that they had authority to do so. In addition they

misrepresented to the court that Ms. Raquel Hinojosa is the representative of the Estate of Gaspar Hinojosa. I am the Administrator of the Estate of Gaspar Hinojosa.

My attorney Julian Rodriguez, Jr. has consistently kept all of us aware of the proceedings in this lawsuit, has undergone his own investigation on our behalf, has continued to protect our interest and has tried to substitute as attorney of record for our family. Mr. Ramon Garcia and Mr. Robert Ammons instead have chosen not to cooperate and have continued not to consider our family's best interest in this case and instead have chosen to create this unnecessary delays.

We do not wish to have Mr. Ramon Garcia or his Law Offices or Mr. Ammons representing me, my family, or the estate of Gaspar Hinojosa in any manner.

OMAR A. HINOJOSA INDIV. AND
AS ADMINISTRATOR OF THE ESTATE
OF GASPAR HINOJOSA

SWORN TO and SUBSCRIBED before me by Omar A. Hinojosa on February 7, 2002.

MELISSA K. RODRIGUEZ
Notary Public, State of Texas,
My Commission Expires 10/22/05

Notary Public in and for
the State of Texas

# EXHIBIT L

STATE OF TEXAS                §

COUNTY OF HIDALGO             §

## AFFIDAVIT OF GASPAR HINOJOSA II

On this day, Gaspar Hinojosa II appeared before me, the undersigned notary public. After I administered an oath to him, upon his oath, he said:

"My name is Gaspar Hinojosa II. I am competent to make this affidavit. That facts stated in this affidavit are within my personal knowledge and are true and correct.

I am the son of the deceased Gaspar Hinojosa. I would like this court to know that my family including Omar Abel Hinojosa and Clarissa Hinojosa have consistently are aware of the transactions and occurrences that have occurred in this case.

My father was killed in the accident which occurred on September 15, 2001 when the causeway collapsed. We initially retained the Law Office of Ramon Garcia of Edinburg, Texas to represent us all. Mr. Garcia made contact with me and my family the same day as the accident. At the time we retained Mr. Ramon Garcia he made several representation to me and my family and later I learned they were not accurate. I requested that my brother terminate the services of the attorney Ramon Garcia.

I decided to terminate our agreement as soon as we could with the Law Offices of Ramon Garcia and this was done by personally serving a certified letter to Mr. Garcia's Offices located in Edinburg, Texas. I was never advised that Mr. Ramon Garcia had referred the case to an attorney in Houston, Texas, Mr. Robert Ammons. My family and I all terminated Mr. Ramon Garcia's services days before Mr. Ramon Garcia and Robert Ammons filed any claims or pleadings in federal court on our behalf. The courts files stamped copies of the originals pleadings by Mr. Ramon Garcia and Mr. Ammons reflects that it was filed after we had notified Mr. Garcia that we were terminating our agreement with him.

Instead of following our instructions Mr. Ramon Garcia and Mr. Ammons proceeded to file unauthorized pleadings in Federal Court under this cause no. B-01-157 misrepresenting to the court that they had authority to do so.

My attorney Julian Rodriguez, Jr. has consistently kept all of us aware of the proceedings in this lawsuit, has undergone his own investigation on our behalf, has continued to protect our interest and has tried to handle the transfer of this case from Mr. Garcia's office to our attorney's office. Mr. Ramon Garcia and Mr. Robert Ammons instead have chosen not to cooperate and have continued this delay in not allowing a new attorney to substitute in the case as our designated representative. I do not think this is in our best interest and I do not think Mr. Garcia and Mr. Ammons are acting in our best interest.

**GASPAR HINOJOSA II**

SWORN TO and SUBSCRIBED before me by GASPAR HINOJOSA II on February 7, 2002.

MELISSA K. RODRIGUEZ
Notary Public, State of Texas
My Commission Expires 10/20/05

Notary Public in and for
the State of Texas

# EXHIBIT M

STATE OF TEXAS       §

COUNTY OF HIDALGO      §

## AFFIDAVIT OF CLARISSA HINOJOSA

On this day, Clarissa Hinojosa appeared before me, the undersigned notary public. After I administered an oath to him, upon his oath, he said:

"My name is Clarissa Hinojosa. I am competent to make this affidavit. That facts stated in this affidavit are within my personal knowledge and are true and correct.

My father was killed in an accident which occurred on September 15, 2001 when the Queen Isabella Causeway collapsed. I am the eldest daughter of the deceased Gaspar Hinojosa. I have already been designated by the probate judge that the Hidalgo County Probate Judge as the Administrator of my fathers' estate filed by my attorney Julian Rodriguez, Jr. in Hidalgo under cause no. 28298 since November 1, 2001.

I would like this court to know that my family including Omar Abel Hinojosa, Raquel Hinojosa, and Gaspar Hinojosa II have consistently supported my position and are aware of the transactions and occurrences that have occurred in this case. We all initially retained the Law Office of Ramon Garcia of Edinburg, Texas to represent us.

Mr. Garcia made contact with me and my family the same day as the accident. At the time we retained Mr. Ramon Garcia he made several representation to me and my family which I shortly thereafter learned were false and can be considered misleading. I immediately voiced my concerns but was not advised how to proceed and never received any return phone calls from Mr. Garcia's office.

My family and I decided to terminate our agreement as soon as we could with the Law Offices of Ramon Garcia and this was done by personally serving a certified typed letter to Mr. Garcia's Offices located in Edinburg, Texas. I received copies of the original green card on the day we delivered the letters which show the date the letters were received and the person who accepted the letters of termination.

I was never advised that Mr. Ramon Garcia had already wrongfully referred the case to an attorney in Houston, Texas, Mr. Robert Ammons. My family and I all terminated Mr. Ramon Garcia's services days before Mr. Ramon Garcia and Robert Ammons filed any original claims or pleadings in federal court on our behalf. The federal court filed stamped copies of the original answer filed by Mr. Ramon Garcia and Mr. Ammons reflects that it was filed after we had notified Mr. Garcia that we were terminating our agreement with him and his law office.

Instead of following our instructions Mr. Ramon Garcia and Mr. Ammons proceeded to file unauthorized pleadings in Federal Court under this cause no. B-01-157 misrepresenting to the court that they had authority to do so. In addition they

misrepresented to the court that Ms. Raquel Hinojosa is the representative of the Estate of Gaspar Hinojosa. I am the Administrator of the Estate of Gaspar Hinojosa.

My attorney Julian Rodriguez, Jr. has consistently kept all of us aware of the proceedings in this lawsuit, has undergone his own investigation on our behalf, has continued to protect our interest and has tried to substitute as attorney of record for our family. Mr. Ramon Garcia and Mr. Robert Ammons instead have chosen not to cooperate and have continued not to consider our family's best interest in this case and instead have chosen to create this unnecessary delays.

We do not wish to have Mr. Ramon Garcia or his Law Offices or Mr. Ammons representing me, my family, or the estate of Gaspar Hinojosa in any manner.


**CLARISSA HINOJOSA**

SWORN TO and SUBSCRIBED before me by Clarissa Hinojosa on _February 12_, 2002.

PENNY JASSO
Notary Public
STATE OF TEXAS
My Comm. Exp 02-22-2003

Notary Public in and for
the State of Texas

# EXHIBIT N

**STATE OF TEXAS**                    §

**COUNTY OF HIDALGO**              §

### AFFIDAVIT OF RAQUEL HINOJOSA

On this day, Raquel Hinojosa appeared before me, the undersigned notary public. After I administered an oath to him, upon his oath, he said:

"My name is Raquel Hinojosa. I am competent to make this affidavit. That facts stated in this affidavit are within my personal knowledge and are true and correct.

I was the surviving wife of the deceased Gaspar Hinojosa. My attorney Julian Rodriguez, Jr. has advised me that this case is now pending in federal court and that the estate for Gaspar Hinojosa has already been created in Hidalgo County, Texas.

My husband was killed in the collapse of the causeway that connects South Padre Island to Port Isabel. I initially agreed to retain the Law Office of Ramon Garcia of Edinburg, Texas to represent us all. Mr. Ramon Garcia's office made contact with me and my family the same day as the accident. At the time we retained Mr. Ramon Garcia he made several representation to my family which I believe are false. I agreed that we needed to terminate the services of Mr. Garcia and his law office and retain the services of Attorney Julian Rodriguez, Jr. I signed the letter of termination so that Omar Hinojosa could deliver by certified mail the letter to Mr. Garcia's office and place them on immediate notice of my decision.

I was never advised that Mr. Ramon Garcia had referred the case to an attorney in Houston, Texas, Mr. Robert Ammons. My family and I all terminated Mr. Ramon Garcia's services days before Mr. Ramon Garcia and Robert Ammons filed any proof of claim or pleadings in the pending federal cause on our behalf.

Instead of following our instructions as stated in the letter of termination delivered personally to Mr. Ramon Garcia and his law office, Mr. Ammons proceeded to file unauthorized pleadings in Federal Court under this cause no. B-01-157 misrepresenting to the court that they had authority to do so. In addition they misrepresented to the court that I, Raquel Hinojosa, represented the estate of Gaspar Hinojosa which is not true.

My attorney Julian Rodriguez, Jr. has consistently kept all of us aware of the proceedings in this lawsuit, has undergone his own investigation on our behalf, has continued to protect our interest and has tried to handle the transfer of the file without court interference. Mr. Ramon Garcia and Mr. Robert Ammons instead have chosen not to cooperate and have delayed my attorney's ability to further protect our interest in this pending lawsuit.

I have chosen Mr. Julian Rodriguez, Jr. and his law office to represent me and have requested that Mr. Ramon Garcia and any of his associates be allowed to withdraw as the

attorney of record in this case since I do not believe that are no longer interested in protecting my rights in  this  case.  I know all my family is also in agreement to these statements.

_Raquel T Hinojosa_
**RAQUEL HINOJOSA**

SWORN TO and SUBSCRIBED before me by Raquel Hinojosa on _2/11/02_
_____, 2002.

MELISSA K. RODRIGUEZ
Notary Public, State of Texas
My Commission Expires 10/22/05

_Melissa K. Rodriguez_
Notary Public in and for
the State of Texas

## CERTIFICATE OF CONFERENCE

I certify that I was unable to confer with Mr. Ramon Garcia and Mr. Robert Ammons regarding the merits of this motion before filing because there was inadequate time to contact opposing counsel and because of the emergency nature of my request that the court reconsider the order entered by this court on February 4, 2002 striking my Motion for Withdrawal and Motion for Substitute Counsel filed as docket number 40 and in order to protect their interests before the upcoming deadlines imposed by the court.

JULIAN RODRIGUEZ, JR.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing document and marked exhibits have been sent to the counsel listed below pursuant to the federal rules of civil procedure in the manner indicated on this the 13th day of February 2002:

**WATTS & HEARD**                                    **VIA FIRST CLASS MAIL**
Attn: Mr. Ray Marchan
1926 E. Elizabeth
Brownsville, Texas 78520

**LAW OFFICE OF RAMON GARCIA**                       **VIA HAND DELIVERY**
Attn: Mr. Ramon Garcia
222 W. University Drive
Edinburg, Texas 78539

**MAGALLANES, HINOJOSA & MANCIAS**                   **VIA FIRST CLASS MAIL**
Attn: Mr. J.A. Magallanes
1713 Boca Chica Blvd
P.O. Box 4901
Brownsville, Texas 78520

**ROYSTON, RAYZOR, VICKERY & WILLIAMS**              **VIA FIRST CLASS MAIL**
Attn: Mr. Keith N. Uhles
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-3509

**ROYSTON, RAYZOR, VICKERY & WILLIAMS**              **VIA FIRST CLASS MAIL**
Attn: Mr. Will Pierson
606 N. Carancahua Suite 1700
Wilson Plaza West
Corpus Christi, Texas 78476-1702

**AARON & QUIRK**                                    **VIA FIRST CLASS MAIL**
Attn: Mr. Thomas E. Quirk
901 N.E. Loop 410 Suite 903
San Antonio, Texas 78209-1307

**STEVENSON & AMMONS**
Attn: Mr. Robert Ammons
3700 Montrose Blvd
Houston, Texas 77006

**VIA CERTIFIED MAIL RETURN
RECEIPT REQUESTED**

JULIAN RODRIGUEZ, JR.
ATTORNEY FOR CLAIMANTS