63

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
**FILED**

FEB 2 2 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION | § |
| FOR BROWN WATER TOWING I, INC., | § |
| AS OWNER, AND BROWN WATER | § |
| MARINE SERVICE, INC., AS | § |
| BAREBOAT CHARTERERS, | § |
| OF THE BROWN WATER V, ITS | § |
| ENGINES, TACKLE, ETC., IN A | § |
| CAUSE OF EXONERATION FROM | § |
| OR LIMITATION OF LIABILITY | § |

C.A. NO. B-01-157
(Subject to Rule 9(h)
of the Federal Rules of
Civil Procedure)
Admiralty

### ROBERT E. AMMONS' AND RAMON GARCIA'S RESPONSE TO
### COUNSEL'S AND CLAIMANTS' MOTION AND MEMORANDUM
### IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER TO STRIKE
### AND MOTION TO DESIGNATE ATTORNEY IN CHARGE
### AND, IN THE ALTERNATIVE, MOTION FOR LEAVE TO INTERVENE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Come now Robert E. Ammons and Ramon Garcia, attorneys of record for Raquel Teran

Hinojosa, Individually and on behalf of the Estate of Gaspar Hinojosa, Deceased, Clarissa

Hinojosa, Omar Hinojosa, and Gaspar Hinojosa, II, Each Individually, ("Claimants"), and file

their Response to Counsel's and Claimants' Motion and Memorandum in Support of Motion for

Reconsideration of Order to Strike and Motion to Designate Attorney in Charge and, in the

alternative, Motion for Leave to Intervene.

In support thereof, Robert E. Ammons ("Ammons") and Ramon Garcia ("Garcia") would

show this Honorable Court as follows:

### Relevant Background

On September 15, 2001, Gaspar Hinojosa, husband and father of Claimants, was killed as

a result of the collapse of the Queen Isabella Causeway. The causeway collapsed after a span

was rammed by industrial barges being pushed by a tugboat. The barges, owned by American

Commercial Lines LLC, were being pushed by the Brown Water V, a tugboat owned by Brown

Water Towing I, Inc. and operated by Brown Water Marine Services, Inc., bareboat charterer of

the Brown Water V, its engines, tackle, etc.

On September 15, 2001, Claimant Raquel Teran Hinojosa, wife of Gaspar Hinojosa,

entered into a contingent fee contract on her own behalf and on behalf of the estate of Gaspar

Hinojosa regarding the incident made the basis of the above-styled and numbered cause. <u>See</u> the

Contract of Employment for Legal Services attached hereto as Exhibit "A" and incorporated

herein by reference as if fully set forth. Similarly, Claimants Omar Hinojosa, Clarisa Hinojosa,

and Gaspar Hinojosa, II, adult children of Gaspar Hinojosa, also entered into a continent fee

contract on their own behalf and on behalf of the estate of Gaspar Hinojosa regarding the incident

made the basis of the above-styled and numbered cause. <u>See</u> the Contract of Employment for

Legal Services attached hereto as Exhibit "B" and incorporated herein by reference as if fully set

forth.

These contracts provided that in the event suit was filed, Claimants assigned a forty

percent interest in their cause of action to the Law Offices of Ramon Garcia, P.C. <u>See</u> Exhibit

"A" <u>and</u> Exhibit "B." In addition, the contract obligated Claimants to repay money for expenses

incurred in connection with the handling of their claim. <u>Id.</u>

On or about October 16, 2001, Claimants made their first appearance before this

Honorable Court. <u>See</u> Claimants' Claim and Answer to Petitioners' Verified Complaint and

Petition for Exoneration from and/or Limitation of Liability attached hereto as Exhibit "C" and

incorporated herein by reference as if fully set forth. This pleading was signed by Ammons and

Garcia as attorneys for Claimants.

Although Claimants had signed a contingent fee contract with Ammons and Garcia and, in turn, Ammons and Garcia had filed a Claim and Answer on behalf of Claimants herein, Attorney Julian Rodriguez, Jr. filed a Motion for Withdrawal and Motion to Substitute Counsel ("Motion for Withdrawal") on or about December 15, 2001.

This Honorable Court struck the aforementioned Motion for Withdrawal by written Order dated February 4, 2002. See Order of February of February 4, 2002 attached hereto as Exhibit "D" and incorporated herein by reference as if fully set forth. In addition, this Honorable Court ruled that Ammons' and Garcia's Motion for Leave to Intervene was moot. Id.

Through the Motion to Reconsider, Attorney Julian Rodriguez, Jr. and Claimants ask this Honorable Court to reconsider its Order of February 4, 2002. By this pleading, Ammons and Garcia respond to the Motion to Reconsider and reurge their Motion for Leave to Intervene.

## Ammons' and Garcia's Response to Motion to Reconsider

As set forth above, Claimant Raquel Teran Hinojosa, wife of Gaspar Hinojosa, entered into a contingent fee contract on her own behalf and on behalf of the estate of Gaspar Hinojosa with Garcia on September 15, 2001. See Exhibit "A." Likewise, Claimants Omar Hinojosa II, Clarissa Hinojosa, and Gaspar Hinojosa entered into a contingent fee contract on their own behalf and on behalf of the estate of Gaspar Hinojosa with Garcia in September 2001. See Exhibit "B."

In turn, Garcia asked Ammons to assist in the representation of the Claimants in the limitation of liability proceeding filed in this Honorable Court. Ammons, a board certified personal injury trial lawyer with considerable experience in maritime cases, agreed to assist Garcia. Thereafter, **Ammons and Garcia** filed Claimants' Claim and Answer to Petitioners'

-3-

Verified Complaint and Petition for Exoneration from and/or Limitation of Liability (hereinafter referred to simply as "Claimants' Claim"). Thus, Garcia did not refer "the case in its entirety to a Law Firm in Houston, Texas . . .," as alleged. See Motion to Reconsider, p. 2.

Further, in the Motion to Reconsider, Attorney Rodriguez has argued that "[o]n October 11, 2001 and October 16, 2001 before any counsel had made an appearance in this court, claimants Clarissa Hinojosa, Omar Hinojosa, Gaspar Hinojosa any [sic] representative of the Estate of Gaspar Hinojosa and Raquel Hinojosa delivered in person and by certified mail a letter to the Law Office of Ramon Garcia requesting that all work cease on the case and that the claimants had decided to terminate the services of the law office of Ramon Garica." See Motion to Reconsider, p. 2. In support of this contention, Attorney Rodriguez have attached only copies of the certified green cards and not the letters themselves.

Even assuming that Garcia's office received these letters on October 11, 2001 and October 16, 2001, there is certainly no evidence to indicate that Garcia himself was aware of the arrival of these letters prior to October 16, 2001. Likewise, Ammons was not aware of this development prior to October 16, 2001. As the certificate of service indicates on Claimants' Claim, Ammons mailed Claimants' Claim on October 15, 2001. See Exhibit "C." Accordingly, Ammons and Garcia did not file "unauthorized pleadings in Federal Court under this cause no. B-01-157 misrepresenting to the court that they had the authority to do so." See the Affidavit of Omar Abel Hinojosa attached as Exhibit "K" to the Motion to Reconsider.

The only attorney making misrepresentations to this Honorable Court has been Attorney Rodriguez, as this Honorable Court observed in its Order of February 4, 2002. See Exhibit "D." Thus, the allegations of misrepresentation attributed to Ammons and Garcia appear to be nothing

-4-

more than blatant retaliation for Ammons and Garica pointing out Attorney Rodriguez's failure to comply with basic tenets of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas.

Accordingly, this Honorable Court should deny the Motion for Reconsideration in its entirety.

### In the Alternative, Ammons' and Garcia's Motion for Leave to Intervene

In the alternative and without waiving the foregoing, Ammons and Garcia move this Honorable Court for leave to intervene in the above-styled and numbered cause.

The Fifth Circuit has long held that to intervene of right, an intervenor must satisfy the following elements: (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit. New Orleans Public Serv., Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 463 (5th Cir.), cert. denied, 469 U.S. 1019 (1984).

Ammons' and Garcia's Motion for Leave to Intervene is timely. Claimants initially appeared and filed their Claim and Answer in this Court on October 16, 2001. See Exhibit "C." Ammons and Garcia learned on or about December 26, 2001 that Attorney Julian Rodriquez, Jr. had filed a Motion for Withdrawal, misrepresenting therein that he had their permission to do so. Ammons and Garcia filed this Motion for Leave to Intervene on January 16, 2002. This Honorable Court ruled that this Motion for Leave to Intervene was moot on February 4, 2002. Ammons and Garcia reurged this Motion on February 22, 2002. Moreover, this Honorable Court

-5-

has set a pre-trial hearing for April 22, 2002. Therefore, this Honorable Court should conclude the Ammons and Garcia have satisfied the first element.

With regard to the remaining three elements, the Fifth Circuit has consistently held that attorneys can intervene of right in order to protect their rights under contingent fee contracts. Keith v. St. George Packing Co., Inc., 806 F.2d 525, 526 (5th Cir. 1986)(reversing District Court's denial of attorney's motion to intervene of right based upon contingent fee contract); Gilbert v. Johnson, 601 F.2d 761, 767 (5th Cir. 1979), cert. denied, 445 U.S. 961 (1980)(reversing District Court's denial of attorney's motion to intervene of right); Gaines v. Dixie Carriers, Inc., 434 F.2d 52 (5th Cir. 1970)(reversing District Court's denial of attorney's motion to intervene of right based upon contingent fee contract). Like the Fifth Circuit panel in Keith, this Honorable Court should recognize Gaines as the law of this Circuit and grant Ammons' and Garcia's Motion for Leave to Intervene.

### Conclusion

For the reasons set forth above, Robert E. Ammons and Ramon Garcia pray that this Honorable Court deny the Motion for Reconsideration in its entirety or, in the alternative, grant their Motion for Leave to Intervene in its entirety. In addition, Robert E. Ammons and Ramon Garcia pray further that this Honorable Court grant them such other and further relief, both at law and in equity, to which they may show themselves justly entitled.

-6-

Respectfully submitted,

STEVENSON & AMMONS, L.C.


Robert E. Ammons
State Bar No. 01159820
Federal I.D. 1742
3700 Montrose Boulevard
Houston, TX 77006
Telephone:    713-523-3030
Facsimile:    713-523-4747
Counsel for Claimants



LAW OFFICES OF RAMON GARCIA, P.C.


Ramon Garcia
State Bar No. 07641800
Federal I.D. 3936
222 West University Drive
Edinburg, TX 78539
Telephone:    956-383-7441
Facsimile:    956-381-0825

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record via first class mail, courier, certified mail, return receipt requested or facsimile in accordance with the Federal Rules of Civil Procedure on February 21, 2002.

Robert E. Ammons

# EXHIBIT

# A

| | | |
|---|---|---|
| STATE OF TEXAS | • | **CONTRACT OF EMPLOYMENT** |
| | • | |
| COUNTY OF HIDALGO | • | **FOR LEGAL SERVICES** |

This is an Agreement between   **RAQUEL TERAN HINOJOSA wife of GASPAR HINOJOSA,**

**both individually and in behalf of the estate of her deceased husband, GASPAR**

**HINOJOSA**

hereinafter collectively referred to as "CLIENT(S)", and the   **LAW OFFICES OF RAMON GARCIA,**

**P.C.** hereinafter referred to as "ATTORNEY".

1.   **SCOPE OF EMPLOYMENT**: CLIENT(S) hereby retain and employ **ATTORNEY**, and **ATTORNEY** hereby agrees to represent **CLIENT(S)**, and any members of **CLIENT(S)'** family in connection with any claims for damages, injury or loss arising out of the following described matter: The wrongful death of Gaspar Hinojosa that occurred on September 15, 2001, at the Port Isabel Causeway Bridge.

2.   **SERVICES TO BE PERFORMED BY ATTORNEY**: **ATTORNEY** agrees to perform the following legal services, if necessary, in representing **CLIENT(S)** with respect to said claims: investigation of claim to determine the responsible parties; preparation and filing of a lawsuit; and the prosecution of the lawsuit to judgment in the trial court level. Further, in the event a judgment is returned in **CLIENT(S)'** favor, **ATTORNEY** shall represent **CLIENT(S)** in any Appeal which may arise from said judgment.

3.   **CLIENT(S)** hereby authorize and empower **ATTORNEY** to prosecute their lawsuit in their behalf for the recovery of such damages and all properties, both real property and personal property as may be appropriate and to prosecute the same to settlement or final judgment. **CLIENT(S)** hereby agree to fully cooperate with **ATTORNEY** with the prosecution of all claims that may be made herein. **CLIENT(S)** further hereby agree to assign to **ATTORNEY** an interest in the claims on the terms and for the consideration stated herein:

4.   **CONTINGENCY FEE**: If **CLIENT(S)** obtain any recovery of either cash or any recovery of value whether as a result of any judgment rendered and/or settlement made, **CLIENT(S)** shall pay **ATTORNEY** the following as the sole and exclusive consideration for **ATTORNEY'S** services: (The term "recovery" shall mean anything of value.)

    a.     Thirty-three and one-third (33-1/3%) percent of any collection of monies or settlement made on behalf of CLIENT(S) as a result of the claims described in this Agreement, at any time prior to the filing of a lawsuit; (The term "recovery" shall mean anything of value.)

    b.     Forty (40%) percent of the total recovery of any monies or any recovery or settlement made on behalf of CLIENT(S) as a result of the claims described in this Agreement, after the filing of a lawsuit. (The term "recovery" shall mean anything of value.)

c.  If the case proceeds to trial and a judgment is entered by the trial court and Defendants perfect an appeal by filing a Notice of Appeal and posting an Appeal Bond, then **CLIENT(S)** hereby agree to pay to **ATTORNEY** an additional five (5%) percent (for a total recovery by **ATTORNEY** of forty-five (45%) percent) of the total recovery that may be obtained at any time after an appeal has been perfected. (The term "recovery" shall mean anything of value.)

5.  **SERVICES NOT COVERED BY THIS CONTRACT**: No services, other than those described in paragraph 2, above, are covered by this Agreement. It is specifically understood that in the event a judgment is not returned in **CLIENT(S)'** favor in the trial court, or if the amount of the judgment is unsatisfactory to **CLIENT(S)**, **ATTORNEY** shall not be obligated to prosecute an appeal. However, if **ATTORNEY** does prosecute an appeal, an additional fee will be owed to **ATTORNEY** as stated in paragraph 4(c), above. For the purpose of this Agreement, an appeal will be effected as soon as the Appellant perfects his/her appeal by filing a notice of appeal and posting of an appeal bond.

6.  **COSTS AND EXPENSES**: All costs and expenses incurred by **ATTORNEY** and reasonably required for the preparation and prosecution of any legal action on **CLIENT(S)'** claim will be advanced by **ATTORNEY** and deducted from **CLIENT(S)'** share of the proceeds recovered in said claim. **CLIENT(S)** hereby authorize **ATTORNEY** to make all such expenditures in their behalf by advancing such expenses as needed and **CLIENT(S)** hereby authorize **ATTORNEY** to deduct all such expenses paid by **ATTORNEY** and to pay all expenses that may be due and owing at time of settlement from **CLIENT(S)'** share of the total recovery prior to disbursing any money to **CLIENT(S)**. If **ATTORNEY** is unable to obtain recovery herein then in that event **CLIENT(S)** will not owe any money to **ATTORNEY** for either **ATTORNEY'S** fees or for any expenses advanced by **ATTORNEY** in the handling of this claim. Such expenses include, but are not limited to filing fees, service fees, deposition fees, investigation fees, costs for copies, jury fees, witness fees, expert and consultant fees, any related travel expenses of **ATTORNEY** and/or expert witnesses, as well as any and all inspections and/or testing which are deemed necessary by said experts and/or **ATTORNEY** for the development of this case. It is a specifically understood and agreed that **CLIENT(S)** will be responsible for paying any and all fees required for certain experts and consultants used by **CLIENT(S)** prior to the executions of this agreement. These consultants, include but are not limited to, the architects and air quality experts heretofore hired by **CLIENT(S)**. **ATTORNEY** will work with these consultants and **CLIENT(S)** agree to pay their fees. However, it is agreed that **ATTORNEY** shall advance a;; monies needed for experts, consultants and all expenses that **ATTORNEY** deems necessary for the preparation of this case for trial that are hired after the execution of this agreement.

7.  **WITHDRAWAL BY ATTORNEY**: It is understood that **ATTORNEY** shall be allowed to withdraw from his employment on **CLIENT(S)** behalf if, in the opinion of **ATTORNEY**, after investigation and research, **CLIENT(S)'** case is not warranted under existing law and cannot be supported by good faith argument of an extension, modification or reversal of existing law or **ATTORNEY** concludes that **CLIENT(S)'** case is economically not feasible to pursue. In the event of such withdrawal, subject to the payment of all out-of-pocket expenses incurred by **ATTORNEY** on **CLIENT(S)'** behalf, this contingent fee agreement will automatically terminate whereupon **ATTORNEY** will have no further contingent fee interest in said claims. However, to recover **ATTORNEY's** advanced expenses, **ATTORNEY** shall have the right to retain an interest in **CLIENT(S)** claims, in said amount.

8.  **SETTLEMENT**: No settlement of **CLIENT(S)'** claim shall be made without **CLIENT(S)** knowledge and approval. However, it is understood that **CLIENT(S)** shall at all times consider all offers made in good faith and shall respond promptly to all such offers.

9.   **CLIENT-COOPERATION**: CLIENT(S) agree to furnish any and all information necessary, testify and/or give deposition testimony and appear at trial to the extent reasonably requested by **ATTORNEY**.

10.  **MODIFICATION**:  Any modification of this Agreement shall be in writing and approved by both **CLIENT(S)** and **ATTORNEY**.

11.  **NO GUARANTEES**: CLIENT(S) acknowledges that **ATTORNEY** has made no guarantees regarding the successful outcome of the litigation and that all expressions about the outcome are only opinions.

12.  **SEVERABILITY**:  If any part of this Agreement is unenforceable for any reason, the parties agree that all other portions shall nevertheless remain valid and enforceable.

13.  **INTEGRATION**:  This Agreement represents the complete Agreement of the parties.  It replaces any prior agreements.  This Agreement may not be modified or replaced except by another signed written Agreement.  Additionally, this Agreement is enforceable in Hidalgo County, Texas, and all disputes arising from this Agreement shall be filed in Hidalgo County, Texas.

EXECUTED this __15__ day of __September__, 200_1_.

**CLIENT(S):**                                    **ATTORNEY:**

**RAQUEL TERAN HINOJOSA**                          **RAMON GARCIA**
Rt. 1, Box 331                                     LAW OFFICE OF RAMON GARCIA, P. C.
Rio Hondo, Texas 78583                             222 WEST UNIVERSITY DRIVE
                                                   EDINBURG, TEXAS 78539
                                                   (956)  383-7441
                                                   (956)  381-0825  (FAX)

Page 3 of 3

# EXHIBIT B

STATE OF TEXAS                          *        **CONTRACT OF EMPLOYMENT**
                                        *
COUNTY OF HIDALGO                       *        **FOR LEGAL SERVICES**

This is an Agreement between __OMAR HINOJOSA, Clarissa MARISA HINOJOSA and GASPAR__
__HINOJOSA Jr., individually and in behalf of the estate of their deceased father,__
__GASPAR  HINOJOSA__

hereinafter collectively referred to as "CLIENT(S)", and the __LAW OFFICES OF RAMON GARCIA,__
__P.C,__ hereinafter referred to as "ATTORNEY".

1.  <u>SCOPE OF EMPLOYMENT</u>: CLIENT(S) hereby retain and employ **ATTORNEY**, and **ATTORNEY** hereby agrees to represent **CLIENT(S)**, and any members of **CLIENT(S)'** family in connection with any claims for damages, injury or loss arising out of the following described matter: The wrongful death of Gaspar Hinojosa that occurred on September 15, 2001, at the Port Isabel Causeway Bridge.

2.  **SERVICES TO BE PERFORMED BY ATTORNEY: ATTORNEY** agrees to perform the following legal services, if necessary, in representing **CLIENT(S)** with respect to said claims: investigation of claim to determine the responsible parties; preparation and filing of a lawsuit; and the prosecution of the lawsuit to judgment in the trial court level. Further, in the event a judgment is returned in **CLIENT(S)'** favor, **ATTORNEY** shall represent **CLIENT(S)** in any Appeal which may arise from said judgment.

3.  **CLIENT(S)** hereby authorize and empower **ATTORNEY** to prosecute their lawsuit in their behalf for the recovery of such damages and all properties, both real property and personal property as may be appropriate and to prosecute the same to settlement or final judgment. **CLIENT(S)** hereby agree to fully cooperate with **ATTORNEY** with the prosecution of all claims that may be made herein. **CLIENT(S)** further hereby agree to assign to **ATTORNEY** an interest in the claims on the terms and for the consideration stated herein:

4.  <u>CONTINGENCY FEE</u>:  If CLIENT(S) obtain any recovery of either cash or any recovery of value whether as a result of any judgment rendered and/or settlement made, CLIENT(S) shall pay **ATTORNEY** the following as the sole and exclusive consideration for **ATTORNEY'S** services: (The term "recovery" shall mean anything of value.)

a.  Thirty-three and one-third (33-1/3%) percent of any collection of monies or settlement made on behalf of **CLIENT(S)** as a result of the claims described in this Agreement, at any time prior to the filing of a lawsuit; (The term "recovery" shall mean anything of value.)

b.  Forty (40%) percent of the total recovery of any monies or any recovery or settlement made on behalf of **CLIENT(S)** as a result of the claims described in this Agreement, after the filing of a lawsuit.  (The term "recovery" shall mean anything of value.)

c.  If the case proceeds to trial and a judgment is entered by the trial court and Defendants perfect an appeal by filing a Notice of Appeal and posting an Appeal Bond, then **CLIENT(S)** hereby agree to pay to **ATTORNEY** an additional five (5%) percent (for a total recovery by **ATTORNEY** of forty-five (45%) percent) of the total recovery that may be obtained at any time after an appeal has been perfected. (The term "recovery" shall mean anything of value.)

5.  **SERVICES NOT COVERED BY THIS CONTRACT**: No services, other than those described in paragraph 2, above, are covered by this Agreement. It is specifically understood that in the event a judgment is not returned in **CLIENT(S)'** favor in the trial court, or if the amount of the judgment is unsatisfactory to **CLIENT(S)**, **ATTORNEY** shall not be obligated to prosecute an appeal. However, if **ATTORNEY** does prosecute an appeal, an additional fee will be owed to **ATTORNEY** as stated in paragraph 4(c), above. For the purpose of this Agreement, an appeal will be effected as soon as the Appellant perfects his/her appeal by filing a notice of appeal and posting of an appeal bond.

6.  **COSTS AND EXPENSES**: All costs and expenses incurred by **ATTORNEY** and reasonably required for the preparation and prosecution of any legal action on **CLIENT(S)'** claim will be advanced by **ATTORNEY** and deducted from **CLIENT(S)'** share of the proceeds recovered in said claim. **CLIENT(S)** hereby authorize **ATTORNEY** to make all such expenditures in their behalf by advancing such expenses as needed and **CLIENT(S)** hereby authorize **ATTORNEY** to deduct all such expenses paid by **ATTORNEY** and to pay all expenses that may be due and owing at time of settlement from **CLIENT(S)'** share of the total recovery prior to disbursing any money to **CLIENT(S)**. If **ATTORNEY** is unable to obtain recovery herein then in that event **CLIENT(S)** will not owe any money to **ATTORNEY** for either **ATTORNEY'S** fees or for any expenses advanced by **ATTORNEY** in the handling of this claim. Such expenses include, but are not limited to filing fees, service fees, deposition fees, investigation fees, costs for copies, jury fees, witness fees, expert and consultant fees, any related travel expenses of **ATTORNEY** and/or expert witnesses, as well as any and all inspections and/or testing which are deemed necessary by said experts and/or **ATTORNEY** for the development of this case. It is a specifically understood and agreed that **CLIENT(S)** will be responsible for paying any and all fees required for certain experts and consultants used by **CLIENT(S)** prior to the executions of this agreement. These consultants, include but are not limited to, the architects and air quality experts heretofore hired by **CLIENT(S)**. **ATTORNEY** will work with these consultants and **CLIENT(S)** agree to pay their fees. However, it is agreed that **ATTORNEY** shall advance a;; monies needed for experts, consultants and all expenses that **ATTORNEY** deems necessary for the preparation of this case for trial that are hired after the execution of this agreement.

7.  **WITHDRAWAL BY ATTORNEY**: It is understood that **ATTORNEY** shall be allowed to withdraw from his employment on **CLIENT(S)** behalf if, in the opinion of **ATTORNEY**, after investigation and research, **CLIENT(S)'** case is not warranted under existing law and cannot be supported by good faith argument of an extension, modification or reversal of existing law or **ATTORNEY** concludes that **CLIENT(S)'** case is economically not feasible to pursue. In the event of such withdrawal, subject to the payment of all out-of-pocket expenses incurred by **ATTORNEY** on **CLIENT(S)'** behalf, this contingent fee agreement will automatically terminate whereupon **ATTORNEY** will have no further contingent fee interest in said claims. However, to recover **ATTORNEY**'s advanced expenses, **ATTORNEY** shall have the right to retain an interest in **CLIENT(S)** claims, in said amount.

8.  **SETTLEMENT**: No settlement of **CLIENT(S)'** claim shall be made without **CLIENT(S)** knowledge and approval. However, it is understood that **CLIENT(S)** shall at all times consider all offers made in good faith and shall respond promptly to all such offers.

9. **CLIENT-COOPERATION**: CLIENT(S) agree to furnish any and all information necessary, testify and/or give deposition testimony and appear at trial to the extent reasonably requested by **ATTORNEY**.

10. **MODIFICATION**: Any modification of this Agreement shall be in writing and approved by both **CLIENT(S)** and **ATTORNEY**.

11. **NO GUARANTEES**: CLIENT(S) acknowledges that **ATTORNEY** has made no guarantees regarding the successful outcome of the litigation and that all expressions about the outcome are only opinions.

12. **SEVERABILITY**: If any part of this Agreement is unenforceable for any reason, the parties agree that all other portions shall nevertheless remain valid and enforceable.

13. **INTEGRATION**: This Agreement represents the complete Agreement of the parties. It replaces any prior agreements. This Agreement may not be modified or replaced except by another signed written Agreement. Additionally, this Agreement is enforceable in Hidalgo County, Texas, and all disputes arising from this Agreement shall be filed in Hidalgo County, Texas.

EXECUTED this _____ day of __September__, 200_1_.

CLIENT(S):

OMAR HINOJOSA
1218 Heritage Oaks Road
Edinburg, Texas 78539

MARISA HINOJOSA

GASPAR HINOJOSA, JR.

ATTORNEY:

RAMON GARCIA
LAW OFFICE OF RAMON GARCIA, P. C.
222 WEST UNIVERSITY DRIVE
EDINBURG, TEXAS 78539
(956)  383-7441
(956)  381-0825  (FAX)

Page 3 of 3

# EXHIBIT

# C

24

# COPY

United States District Court
Southern District of Texas
FILED

OCT 1 6 2001

Michael N. Milby
Clerk of Court

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IN RE THE COMPLAINT AND     §
PETITION FOR BROWN WATER    §    C.A. NO. B-01-157
TOWING I, INC., AS OWNER, AND   §    (Subject to Rule 9(h)
BROWN WATER MARINE SERVICE,   §    of the Federal Rules
INC., AS BAREBOAT CHARTERERS,   §    of Civil Procedure)
OF THE BROWN WATER V, ITS     §    Admiralty
ENGINES, TACKLE, ETC., IN A     §
CAUSE OF EXONERATION FROM    §
OR LIMITATION OF LIABILITY     §

### CLAIMANTS' CLAIM AND ANSWER TO PETITIONERS'
### VERIFIED COMPLAINT AND PETITION FOR EXONERATION FROM
### AND/OR LIMITATION OF LIABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW RAQUEL TERAN HINOJOSA, INDIVIDUALLY AND ON BEHALF OF

THE ESTATE OF GASPAR HINOJOSA, DECEASED, CLARISSA HINOJOSA, OMAR

HINOJOSA AND GASPAR HINOJOSA, II, EACH INDIVIDUALLY, ("Claimants"), and under

protest and without prejudice to Claimants' position that this exoneration from and/or

limitation of liability proceeding is improper and should be dismissed, file their claim and

answer to the Verified Complaint for Exoneration from or Limitation of Liability that BROWN

WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC.,

AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE,

ETC., ("Petitioners"), have filed herein.

In support thereof, Claimants would show this Court as follows:

### I.

### Claim for Damages

1.     On or about September 15, 2001, GASPAR HINOJOSA, husband and father

of Claimants, was killed as a result of the collapse of the Queen Isabella Causeway. The causeway collapsed after the span was rammed by industrial barges being pushed by a tugboat. The barges, owned by American Commercial Lines LLC, were being pushed by a tugboat owned by Petitioners, BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC.   As a result of the negligent conduct of Petitioners and the resulting collapse of the causeway, Plaintiff GASPAR HINOJOSA sustained substantial physical injuries and died as a result of those injuries.

2.     Due to the negligence, carelessness, and fault of Petitioners as owner or owner pro hac vice or operator of the vessel in question and the unseaworthiness of the vessel, all of which was within the privity and knowledge of Petitioners, Claimants sustained damages.

3.     Nothing Claimants did or failed to do on the occasion in question caused or in any way contributed to the cause of the injuries and subsequent death of their husband and father, GASPAR HINOJOSA.

4.     Claimants are entitled to maintain an action and bring this claim for damages for pecuniary loss, loss of companionship and society, mental anguish, and loss of inheritance. Also, Claimants are entitled to maintain and bring this claim for damages for physical pain and emotional pain, torment, and suffering experienced by Gaspar Hinojosa before his death as a result of the occurrence in question.  In addition, Claimants are entitled to maintain and bring this claim for damages medical expenses and funeral and burial expenses for Gaspar Hinojosa.  Moreover, Claimants are entitled to plead for punitive damages based upon Petitioners' wanton and reckless conduct that amounted to

-2-

Petitioners' conscious disregard of the rights of others.

5.     This claim is being made under protest and without prejudice to Claimants' position that this exoneration from and/or of limitation of liability proceeding is improper and should be dismissed.

6.     Similarly, this claim is being made without prejudice to Claimants' challenging the sufficiency of Petitioners' limitation fund by written motion and/or moving this Court for an order to increase the value of Petitioners' limitation fund.

**WHEREFORE, PREMISES CONSIDERED,** the Claimants demand judgment against Petitioners in an amount to be determined by this Court, in addition to interest and costs.

II.

## Answer to Complaint

COME NOW RAQUEL TERAN HINOJOSA, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF GASPAR HINOJOSA, DECEASED, CLARISSA HINOJOSA, OMAR HINOJOSA AND GASPAR HINOJOSA, II, EACH INDIVIDUALLY,   ("Claimants"), and under protest and without prejudice to Claimants' position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed, file their answer to the Verified Complaint of BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., ("Petitioners"), as Owners Pro Hac Vice/Operators of the BROWN WATER V, seeking exoneration from or limitation of liability.

In support thereof, Claimants answer follows:

1.     Claimants can neither admit nor deny the allegations contained in paragraph

-3-

I of Petitioners' Complaint.

2.      Claimants can neither admit nor deny as to gross registered tonnage or the BROWN WATER V. However, Claimants deny that the BROWN WATER V was at all times material in all respects seaworthy and that it was at all times material properly and efficiently manned, supplied, equipped, and furnished, and well and sufficiently fitted and supplied with suitable engines, machinery, tackle, apparel, appliances and furniture, all in good order and condition and suitable for service in which the vessel was engaged.

3.      Claimants do not deny the allegations contained in paragraph III but request that Petitioners make a more definite statement so as to elaborate particularly the facts of the underlying incident.

4.      Claimants deny the allegations contained in paragraph IV.

5.      Claimants deny the allegations contained in paragraph V.

6.      Claimants deny the allegations contained in paragraph VI.

7.      Claimants deny the allegations contained in paragraph VII.

8.      Claimants deny the allegations contained in paragraph VIII.

9.      Claimants admit the allegations contained in paragraph IX.

10.     Claimants deny the allegations contained in paragraph X.

11.     Claimants deny the allegations contained in paragraph XI.

12.     Claimants deny the allegations contained in paragraph XII.

13.     Claimants are without knowledge or information to either admit or deny the allegations contained in paragraph XIII, and therefore, deny the same.

14.     Claimants are without knowledge or information to either admit or deny the allegations contained in paragraph XIV, and therefore, deny the same.

-4-

15.     Claimants are without knowledge or information to either admit or deny the allegations contained in paragraph XV, and therefore, deny the same.

16.     Claimants deny the allegations contained in paragraph XVI.

17.     Claimants are without knowledge or information to either admit or deny the allegations contained in paragraph XVII, and therefore, deny the same.

18.     With regard to the allegations in paragraph XVIII, Claimants deny that Petitioners' Complaint is within the jurisdiction of this Honorable Court because Petitioners have failed to follow the prerequisites for the filing of a complaint as set forth in Rule F(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure.

Now, further answering, Claimants respectfully represent as follows:

19.     Claimants admit its claim is in excess of ten million dollars.

20.     Claimants deny that Petitioners are entitled to the relief sought in its prayer.

21.     Claimants would show that Petitioners are not entitled to limitation of liability for the reason that said acts of negligence and conditions of unseaworthiness which caused the injuries and damages sustained by Claimants were within the privity and knowledge of Petitioners, or any of Petitioners' directors, officers, stockholders or agents.

22.     Claimants further answer that the accident was caused by the fault, negligence, unseaworthiness, or lack of due care or other basis of liability on the part of Petitioners, the vessels and persons for whom the Petitioners are responsible.

23.     Without waiving their claims that Petitioners are not entitled to an exoneration from or limitation or liability, Claimants reserve the right to demand a trial by jury in the forum of their choice pursuant to the "Savings to Suitors" clause of the Judiciary Act of

-5-

1789.  28 U.S.C. § 1333.

24.    Without waiving their claims that Petitioners are not entitled to an exoneration from or limitation of liability, Claimants reserve the right provided under Rule F(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure to demand that the amount of security referred to in Petitioners' Complaint be increased on the grounds that it is less than the Petitioner's interest in the BROWN WATER V or on the grounds that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury.  46 U.S.C. § 183 (b) - (f).

**WHEREFORE, PREMISES CONSIDERED,** Claimants pray that this Honorable Court dismiss the Verified Complaint of  BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. and grant Claimants any other relief, both legal and equitable, to which they are entitled.

Respectfully submitted,

**STEVENSON & AMMONS, L.C.**

By: 
**ROBERT E. AMMONS**
State Bar No. 01159820
3700 Montrose Boulevard
Houston, Texas 77006
(713) 523-3030
(713) 523-4747 (FAX)

**LAW OFFICES OF RAMON GARCIA, P.C.**

By: 
**RAMON GARCIA**
State Bar No. 07641800
222 West University Dr.
Edinburg, Texas 78539
(956) 383-7441
(956) 381-0825 (FAX)

Attorneys for Claimants

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing pleading has been forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure on this _____ day of October 2001.

ROBERT E. AMMONS

# EXHIBIT
# D

Case 1:01-cv-00157   Document 53   Filed in TXSD on 02/22/2002   Page 27 of 28

48

*R. Already had*
*from the cr.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
ENTERED

**FEB 0 5 2002**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION § | |
| OF BROWN WATER TOWING I, INC., § | |
| AS OWNER, AND BROWN WATER § | |
| MARINE SERVICE INC., AS BAREBOAT § | |
| CHARTERERS, OF THE BROWN § | **CIVIL ACTION NO. B-01-157** |
| WATER V, ITS ENGINES, TACKLE, § | |
| ETC., IN A CAUSE OF EXONERATION § | |
| FROM OR LIMITATION OF LIABILITY § | |

## ORDER

BE IT REMEMBERED that on February 4th, 2002, the Court considered the Motion for Withdrawal and Motion to Substitute Counsel [Dkt. No. 40] filed by Julian Rodriguez, Jr. and the Response to the Motion for Withdrawal and Motion to Substitute Counsel, Motion to Strike, and Alternatively, Motion for Leave to Intervene [Dkt. No. 46] filed by Robert E. Ammons and Ramon Garcia. For the reasons that follow, the Court **STRIKES** the Motion for Withdrawal and Motion to Substitute Counsel [Dkt. No. 40].

Robert E. Ammons and Ramon Garcia are the attorneys of record for Raquel Teran Hinojosa, et al., having signed the initial pleadings on their behalf. The Motion for Withdrawal is signed only by Julian Rodriguez, Jr., although it represents that the motion is brought by Ammons and Garcia. The motion is therefore not in conformance with Rule 11 of the Federal Rules of Procedure or Local Rule 11.3, which requires that "[e]very document filed must be signed by, or by permission of, the attorney in charge." Therefore, in conformance with Local Rule 11.4, the motion is stricken.

The Court further notes that pursuant to Rule 11 of the Federal Rules of Procedure, Rodriguez has a good faith duty to make accurate representations to the Court. Here, Rodriguez purports to represent the wishes of Ammons and Garcia in seeking withdrawal. However, in their response, Ammons and Garcia claim that Rodriguez did not have their permission to file the instant motion. The Court finds that Rodriguez' motion fails to satisfy the good faith requirement of Rule 11. Therefore, the Court hereby forewarns Rodriguez that any future failure to adhere to the Federal Rules of Civil Procedure and the Local Rules of this Court may result in sanctions.

Case 1:01-cv-00157   Document 53   Filed in TXSD on 02/22/2002   Page 28 of 28

In sum, the Court **STRUCK** the Motion for Withdrawal and Motion to Substitute Counsel [Dkt. No. 40]. The Response to the Motion for Withdrawal and Motion to Substitute Counsel, Motion to Strike, and Alternatively, Motion for Leave to Intervene [Dkt. No. 46] is therefore **MOOT**.

DONE at Brownsville, Texas, this 4th day of February, 2002.

Hilda G. Tagle
United States District Judge