

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 7 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | |
| PETITION FOR BROWN WATER | § | |
| TOWING I, INC., AS OWNER, AND | § | C.A. NO. B-01-157 |
| BROWN WATER MARINE SERVICE, | § | (Subject to Rule 9(h) |
| INC., AS BAREBOAT CHARTERERS, | § | of the Federal Rules |
| OF THE BROWN WATER V, ITS | § | of Civil Procedure) |
| ENGINES, TACKLE, ETC., IN A | § | Admiralty |
| CAUSE OF EXONERATION FROM | § | |
| OR LIMITATION OF LIABILITY | § | |

## CLAIMANT'S CLAIM AND ANSWER TO PETITIONERS' VERIFIED COMPLAINT AND PETITION FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HECTOR MARTINEZ, SR., ("Claimant") and under protest and without prejudice to Claimants' position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed, files his claim and answer to the Verified Complaint for Exoneration from or Limitation of Liability that BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., ("Petitioners"), have filed herein.

In support thereof, Claimant would show this Court as follows:

### I.

### Proof of Claim

On or about September 15, 2001, while operating his motor vehicle and while traveling along and upon the Queen Isabella Causeway in Port Isabelle, Cameron County, Texas, Hector Martinez, Jr, son of Claimant, was severely and fatally injured as a result of the acts and/or conditions of the

1

Brown Water V, its owners, masters, charterers and/or their employees.

Hector Martinez, Jr.'s injuries and damages as well as the Claimant's, were caused by the negligence of Brown Water Towing I, Inc., Brown Water Marine Services, Inc. and/or the unseaworthiness of Brown Water Marine Service, Inc.'s, and/or Brown Water Towing I, Inc.'s vessels and equipment making up the tow flotilla of that company. Claimant would show that because of the condition of the tug boat and its accompanying barges and prior knowledge of such conditions by Brown Water Towing I, Inc., and/or Brown Water Marine Service, Inc. evidences those companies' disregard for the rights, safety, and welfare of Hector Martinez, Jr. as same were wilful, wanton, and flagrant to such an extent as to constitute gross negligence

The injuries and damages of claimant far exceed the value of the vessel pled by Brown Water Marine Service, Inc. and/or Brown Water Towing I, Inc. for the damages. These damages include pecuniary losses from the death of Hector Martinez, Jr., including loss of care, maintenance, support, services, advice, counsel, loss of companionship and society, mental anguish and contributions of a pecuniary value that Claimant should, in reasonable probability, have received from Hector Martinez, Jr. during his lifetime. Claimant also seeks any and other damages provided under any applicable laws, including Texas State law, regarding this incident.

Claimant Hector Martinez, Sr., as a result of Petitioners' negligence and resulting injuries therefrom has been damaged in that he has lost his son's consortium, including: affection, solace, comfort, assistance, emotional support, love and felicity.

Claimant Hector Martinez, Sr., seeks to recover damages for his mental anguish, emotional pain, suffering and bereavement, as well as, for the loss of companionship, love support and society he has experienced in the past and will, in all reasonable probability, experience in the future.

2

WHEREFORE, PREMISES CONSIDERED, Claimant demands judgment against Petitioners in an amount to be determined by this Court, in addition to interest and costs.

II.

## Answer to Complaint

COMES NOW, HECTOR MARTINEZ, SR., ("Claimant"), and under protest and without prejudice to Claimant's position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed, files his answer to the Verified Complaint of BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., ("Petitioners"), as Owners Pro Hac Vice/Operators of the BROWN WATER V, seeking exoneration from or limitation of liability.

In support thereof, Claimant answer follows:

1. Claimant can neither admit or deny the allegations contained in paragraph I of Petitioner's Complaint.

2. Claimant can neither admit or deny as to gross registered tonnage or the BROWN WATER V. However, Claimant denies that the BROWN WATER V was at all times material in all respects seaworthy and that it was at all times material properly and efficiently manned, supplied, equipped, and furnished, and well and sufficiently fitted and supplied with suitable engines, machinery, tackle, apparel, appliances and furniture, all in good order and condition and suitable for service in which the vessel was engaged.

3. Claimant does not deny the allegations contained in paragraph III but requests that

3

Petitioners make a more definite statement so as to elaborate particularly the facts of the underlying incident.

    4.    Claimant denies the allegations contained in paragraph IV.

    5.    Claimant denies the allegations contained in paragraph V.

    6.    Claimant denies the allegations contained in paragraph VI.

    7.    Claimant denies the allegations contained in paragraph VII.

    8.    Claimant denies the allegations contained in paragraph VIII.

    9.    Claimant denies the allegations contained in paragraph IX

    10.    Claimant denies the allegations contained in paragraph X.

    11.    Claimant denies the allegations contained in paragraph XI.

    12.    Claimant denies the allegations contained in paragraph XII

    13.    Claimant is without knowledge or information to either admit or deny the allegations contained in paragraph XIII, and therefore, denies the same.

    14.    Claimant is without knowledge or information to either admit or deny the allegations contained in paragraph XIV, and therefore, denies the same.

    15.    Claimant is without knowledge or information to either admit or deny the allegations contained in paragraph XV, and therefore, denies the same.

    16.    Claimant denies the allegations contained in paragraph XVI.

    17.    Claimant is without knowledge or information to either admit or deny the allegations contained in paragraph XVII, and therefore, denies the same.

    18.    With regard to the allegations in paragraph XVIII, Claimant denies that Petitioners' Complaint is within the jurisdiction of this Honorable Court because Petitioners have failed to follow

the prerequisites for the filing of a complaint as set forth in Rule F(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure. Furthermore, Claimant denies that Petitioner is entitled to the relief sought in its prayer.

Now, further answering, Claimant makes the following affirmative allegations:

19. Claimant admits its claim is in excess of ten million dollars.

20. Claimant would show that Petitioners are not entitled to limitations of liability for the reason that said acts of negligence and conditions of unseaworthiness which caused the injuries and damages sustained by Claimant were within the privity and knowledge of Petitioners, or any of Petitioners' directors, officers, stockholders or agents.

21. Claimant further answers that the incident was caused by the fault, negligence, unseaworthiness, or lack of due care or other basis of liability on the part of Petitioners, the vessels and persons for whom the Petitioners are responsible.

22. Without waiving his claim that Petitioners are not entitled to an exoneration from or limitation of liability, Claimant reserves the right to demand a trial by jury in the forum of his choice pursuant to the "Savings to Suitors" clause of the Judiciary Act of 1789. 28 U.S.C. § 1333.

23. Without waiving their claims that Petitioners are not entitled to an exoneration from or limitation of liablity, Claimant reserves the right provided under Rule F(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure to demand that the amount of security referred to in Petitioners's Complaint be increased on the grounds that it is less than the Petitioner's interest in BROWN WATER V or on the grounds that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury. 46 U.S.C. § 183(b)-(f).

WHEREFORE, PREMISES CONSIDERED, Claimant prays that this Honorable Court dismiss the Verified Complaint of BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., and grant Claimant any other relief, both legal and equitable, to which he is entitled.

Respectfully Submitted,

_____
JIM S. HART
TBN: **09147400**
8441 Gulf Freeway, Suite 600
Houston, Texas  77017
(713) 230-2312
(713) 643-6226 (Facsimile)
**ATTORNEY IN CHARGE**

Of Counsel:

WILLIAMS BAILEY LAW FIRM, L.L.P.
BYRON M. BUCHANAN
TBN: 00796268
8441 Gulf Freeway, Suite 600
Houston, Texas  77017
(713) 230-2312
(713) 643-6226 (Facsimile)

# CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Claimant's Claim and Answer to Petitioners' Verified Complaint and Petition for Exoneration from and/or Limitation of Liability was forwarded, return receipt requested, on this 26 day of February, 2002. to Will W. Pierson, Royster Rayzor, Wilson Plaza West, 606 N. Carancahua, Suite 1700, Corpus Christi, TX 78476, and also via fax, and to all other counsel of record as reflected below:

Will W. Pierson   **CMRRR: 7001 1140 0000 3480 9862**
Royster Rayzor
Wilson Plaza West
606 N. Carancahua, Suite 1700
Corpus Christi, TX 78476

Leslie D. Cassidy, III   **CMRRR: 7001 1140 0000 3480 9855**
Woolsey & Cassidy
500 N. Water Street, Suite 1020
Corpus Christi, TX 78471

John David Franz   **CMRRR: 7001 1140 0000 3480 9848**
Attorney at Law
400 N. McColl
McAllen, TX 78501

Veronica Farias   **CMRRR: 7001 1140 0000 3480 9831**
Attorney at Law
2854 Boca Chica Blvd
Brownsville, TX 78520

Juan A. Magallanes   **CMRRR: 7001 1140 0000 3480 9824**
Magallanes Hinojosa
1713 Boca Chica Blvd
Brownsville, TX 78520

Geoffrey Amsel   **CMRRR: 7001 1140 0000 3480 9817**
SW Bell
1010 N. St. Mary's St, Room 1403
San Antonio, TX 78215

Robert Fandrich   **CMRRR: 7001 1140 0000 3480 9800**
5101 Verdi Way
Stockton, CA 95207-5319

Julian Rodriguez, Jr.   **CMRRR: 7001 1140 0000 3480 9794**
Barrera & Jijerina Ba
100 W. Pecan
McAllen, TX 78501

Ray R. Marchan   **CMRRR: 7001 1140 0000 3480 9787**
Harris & Watts, P.C.
1926 E. Elizabeth
Brownsville, TX 78520

Raymond L. Thomas, Jr.   **CMRRR: 7001 1140 0000 3480 9770**
Law Offices of Reynaldo Ortiz, P.C.
1109 W. Nolana, Suite 204
McAllen, TX 78504

Heriberto Medrano   **CMRRR: 7001 1140 0000 3480 9763**
Attorney at Law
1101 W. Tyler
Harlingen, TX 78550

JIM S. HART