58

United States District Court
Southern District of Texas
FILED

MAR 0 5 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE: THE COMPLAINT AND § <br> PETITION FOR BROWN WATER § <br> TOWING I, INC. AS OWNER, AND § <br> BROWN WATER MARINE SERVICE, § <br> INC., AS BAREBOAT CHARTERER, OF § <br> THE BROWN WATER V, ITS ENGINES, § <br> TACKLE, ETC., IN A CAUSE OF § <br> EXONERATION FROM OR LIMITATION § <br> OF LIABILITY § | CIVIL ACTION: B-01-157 <br> (Subject to Rule 9(h) <br> EXONERATION FROM OR <br> of the Federal Rules <br> Civil Procedure) |

## PROOF OF CLAIM AND ANSWER OF
## WILLIAM MORRIS WELCH

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WILLIAM MORRIS WELCH, and files his *Proof of Claim* and *Answer* to the Petition and Complaint of Brown Water Towing I, Inc., as owner, and Brown Water Marine Service, Inc., as bareboat charterer, of the Brown Water V' as follows:

I.

William Morris Welch is the surviving father of Barry Rena Welch, who died on or about September 15, 2001. He resides in Texas City, Galveston County, Texas.

II.

On September 15, 2001, the *M/V Brown Water V*, owned by Brown Water Towing I, and bareboat chartered from Brown Water Marine Service, Inc. was towing four cargo barges, owned by American Commercial Lines LLC, and chartered and operated by American Commercial Barge Line LLC when it rammed the Port Isabel Causeway causing a section of the bridge to collapse. A vehicle operated by either Barry Rena Morris Welch or his deceased wife, Chelsa Louise Welch, plunged into the Laguna Madre Bay. William Morris Welch alleges that the collision with the bridge and the Brown Water V and its tow was a direct result of the negligent and grossly negligent acts and/or omissions of Brown Water Towing I, Inc. and Brown Water Marine Service, Inc. Claimant

further alleges that Brown Water Towing I, and Brown Water Marine Service, Inc, knew or should have known that the crew of its vessel was inadequate.

III.

William Morris Welch brings a survival action under Texas law for the damages that Barry Rena Welch could have recovered for his pain and mental anguish before his death as a result of the occurrence in question, and for the funeral and burial expenses incurred in burying his son, Barry Rena Welch.

William Morris Welch seeks damages under *Tex. Civ. Prac. & Rem. Code Ann. §§ 71.001-.012 (Vernon 1997 & Supp. 2000)* for his pecuniary loss, loss of companionship and society, and mental anguish that have resulted from the death of his son, Barry Rena Welch.

William Morris Welch alleges that his damages under the Survival Statute and the Wrongful Death Statutes of Texas greatly exceed the value of the vessel pled by Brown Water Marine Service, Inc. and/or Brown Water Towing I, Inc. in seeking limitation of liability. Claimant alleges that his claims exceed the value of One Million ($1,000,000.00) Dollars.

IV.

## ANSWER

Now comes, WILLIAM MORRIS WELCH, and files his Answer to the Complaint of BROWN WATER TOWING I, INC., and BROWN WATER MARINE SERVICES, INC. as follows:

1. Claimant does not have enough information to admit or deny the allegations contained in Paragraph I of the Complaint.

2. Claimant does not have enough information to admit or deny the allegations in Paragraph II of the Complaint.

3. Claimant admits to the allegations contained in Paragraph III of the Complaint.

4. Claimant denies the allegation contained in Paragraph IV-XII.

5. Claimant does not have enough information to admit or deny the allegations contained in Paragraph XIII, XIV, XV, XVI, XVII, XVIII of the Complaint.

6. Claimant generally denies that Petitioners are entitled to the relief sought in the Complaint

7. Claimant would show that the inadequacy of the crew and the unseaworthiness of the vessel and its tow were within the knowledge of the Directors, Corporate Officers, and Agents of the Petitioners; therefore, Petitioners are not entitled to the relief they seek.

Without waiving Claimant's objection to exoneration from and/or limitation of liability by the Defendants, William Morris Welch asks the Court to take notice that he has filed his Sworn Proof of Claim in accordance with the Court's prior order and William Morris Welch prays that this Honorable Court dismiss the Complaint of BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER OF THE BROWN WATER V, and grant Claimant any other relief that he may be entitled.

RESPECTFULLY SUBMITTED,

JAMES B. MANLEY, P.C.

By: _____
James B. Manley
State Bar No.: 12915000
3616 Preston Rd.
Pasadena, Texas 77505
(713) 947-1670
(713) 947-6956 (Fax)

ATTORNEYS FOR WILLIAM MORRIS WELCH

**THE STATE OF TEXAS** §

**COUNTY OF HARRIS** §

BEFORE ME, the undersigned authority on this day personally appeared JAMES B. MANLEY, and upon being duly sworn stated that he prepared the foregoing Proof of Claim and Answer of William Morris Welch, knows the contents thereof, and that the statements therein are true and correct to the best of his knowledge and belief.

_____
JAMES B. MANLEY

SUBSCRIBED AND SWORN TO BEFORE ME by the said JAMES B. MANLEY this 4th day of March, 2002

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

JAMES E. WHEELER
MY COMMISSION EXPIRES
November 17, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record in accordance with the **Federal Rules of Civil Procedure** and the **Order of the Court** on this 4th day of March, 2002.

By: _____
James B. Manley