b.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 6 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| IN RE THE COMPLAINT AND § <br> PETITION OF BROWN WATER § <br> TOWING I, INC. AS OWNER, AND § <br> BROWN WATER MARINE SERVICE, § <br> INC., AS BAREBOAT CHARTERER, OF § <br> THE BROWN WATER V, ITS ENGINES § <br> TACKLE, ETC., IN A CAUSE OF § <br> EXONERATION FROM OR § <br> LIMITATION OF LIABILITY § | CIVIL ACTION NO. B-01-157 |

### PROOF OF CLAIM AND ANSWER OF RICHARD LEAVELL AND CAROL LEAVELL, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF ROBIN FAYE LEAVELL, DECEASED

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **RICHARD "RICKY" LEAVELL and CAROL LEAVELL, Individually and as Representatives of the Estate of ROBIN FAYE LEAVELL, Deceased**, hereinafter referred to as Claimants, and makes and files herewith their Answer to the Verified Complaint for Exoneration from or Limitation of Liability and their Proof of Claim against **BROWN WATER TOWING I, INC. and BROWN WATER MARINE SERVICE, INC.**, hereinafter referred to as **BROWN WATER** for the injuries and death of **ROBIN FAYE LEAVELL, Deceased** caused by the motor vessel Brown Water V. This claim is filed under protest and without prejudice to Claimants' position that Petitioner's Verified Complaint for Exoneration from or Limitation of Liability is improper and should be dismissed.

For cause of action, Claimants would respectfully show to the Court as follows:

### PROOF OF CLAIM

I.

Claimants **RICKY "RICKY" LEAVELL and CAROL LEAVELL** are residents of Cameron County, Texas, and are the natural parents of **ROBIN FAYE LEAVELL, Deceased**.

Proof of Claim and Answer                                                                 Page 1

Prior to her death, **ROBIN FAYE LEAVELL**, was a resident of Cameron County, Texas.

II.

On or about September 15, 2001, **ROBIN FAYE LEAVELL** was a passenger in a 2001 Ford Mustang being driven by Rene F. Mata. While driving on the Queen Isabella Causeway in Cameron County, Texas, the vehicle in which **ROBIN FAYE LEAVELL, Deceased** was a passenger, was caused to fall from the bridge into the Laguna Madre Intracoastal Waterway, after a portion of the causeway bridge collapsed after being hit by the motor vessel Brown Water V owned by Petitioners **BROWN WATER TOWING I, INC., AS OWNER AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC.**, which was pushing industrial barges owned by AMERICAN COMMERCIAL LINES, L.L.C. As a result of the collapse of a portion of the causeway bridge and their vehicle plunging into the Laguna Madre, **ROBIN FAYE LEAVELL, Deceased,** was seriously injured and subsequently died.

III.

The serious and fatal injuries suffered by **ROBIN FAYE LEAVELL, Deceased** were directly and proximately caused by the careless, negligent and gross negligent acts and/or omissions of **BROWN WATER** in maintaining, operating and staffing with an incompetent crew, the Brown Water V and it's tow barge flotilla, and making same unseaworthy and unsafe to operate.

Claimants further allege that **BROWN WATER** knew of and had prior knowledge of these negligent and gross negligent acts and/or omissions in the maintenance, operation and staffing of the Brown Water V and its tow barge flotilla and evidences these companies' disregard for the safety and welfare of its employees, the general public and of **ROBIN FAYE LEAVELL**.

This claim is being made under protest and without prejudice to Claimants' positions that Petitioners' Cause for Exoneration From or Limitation of Liability proceeding is improper and

should be dismissed. Further this claim is being made without prejudice to Claimants' challenging the sufficiency of Petitioners' limitation fund by written motion and/or moving this Court for an order to increase the value of Petitioners' limitation fund.

IV.

As a result of the accident made the basis of this suit, **ROBIN FAYE LEAVELL, Deceased** suffered conscious mental and physical pain and suffering for which had she lived she would have been entitled to bring a suit to recover damages. Such cause of action has survived to her heirs at law, and Claimants as community survivors and representatives of the Estate, therefore hereby sue for damages for such conscious pain and suffering sustained by **ROBIN FAYE LEAVELL, Deceased** prior to her death. Claimants allege that the injuries and damages suffered by them as a result of **ROBIN FAYE LEAVELL**'s injuries and resulting death far exceeds the value of the vessel plead by **BROWN WATER** in seeking limitation of liability.

V.

**ROBIN FAYE LEAVELL** was 29 years of age at the time of her death and had a reasonable life expectancy, according to the National Center for Health Statistics, United States Life Tables, 1997, National Vital Statistics Reports Volume 47, of 51.9 years. **RICHARD LEAVELL** was 54 years of age at the time of **ROBIN FAYE LEAVELL**'s death and had a life expectancy, according to the National Center for Health Statistics, United States Life Tables, 1997, National Vital Statistics Reports Volume 47, of 24.4 years. **CAROL LEAVELL** was 55 years of age at the time of **ROBIN FAYE LEAVELL**'s death and had a life expectancy, according to the National Center for Health Statistics, United States Life Tables, 1997, National Vital Statistics Reports Volume 47, of 27.4 years. **RICHARD LEAVELL** and **CAROL LEAVELL** suffered pecuniary loss and loss of labor, services, kindness, attention, advice and counsel as a result of their daughter's death. **RICHARD LEAVELL** and **CAROL LEAVELL** additionally suffered grief and mental anguish and loss of love, advice, comfort, companionship and society of their

daughter, **ROBIN FAYE LEAVELL**, as well as bystander damages as a result of their daughter's death.

## VI.

As a result of the accident made the basis of this suit, Claimants **RICHARD LEAVELL** and **CAROL LEAVELL**, have incurred funeral expenses for **ROBIN FAYE LEAVELL, Deceased** for which Claimants herenow sue.

Claimants also seek any and all other damages provided for under any applicable laws of the State of Texas and the United States, arising from the injuries to and death of **ROBIN FAYE LEAVELL**, caused by **BROWN WATER**.

WHEREFORE, PREMISES CONSIDERED, Claimants **RICHARD "RICKY" LEAVELL and CAROL LEAVELL, Individually and as Representatives of the Estate of ROBIN FAYE LEAVELL, Deceased** present and file this claim against **BROWN WATER TOWING I, INC. and BROWN WATER MARINE SERVICE, INC.** and its engines, tackle, etc., and pray that said claim be acknowledged and that Claimants be awarded any and all relief the Court may deem just and proper.

## ANSWER TO COMPLAINT

## VII.

COMES NOW, **RICHARD "RICKY" LEAVELL and CAROL LEAVELL, Individually and as Representatives of the Estate of ROBIN FAYE LEAVELL, Deceased**, and under protest and without prejudice to their position that Petitioners' Cause for Exoneration From or Limitation of Liability is improper and should be dismissed, files their Answer to the Verified Complaint and Petition of **BROWN WATER TOWING I, INC., AS OWNER AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC.** ("Petitioners" herein) as Owners Pro Hac Vice/Operators of the BROWN WATER V, seeking exoneration from or limitation of liability.

## VIII.

Claimants can neither admit nor deny the allegations contained in paragraph I of Petitioner's Complaint.

Claimants can neither admit nor deny the gross tonnage registered tonnage of the BROWN WATER V as alleged in paragraph II. Claimants deny that the BROWN WATER V was at all times material in all respects seaworthy and that it was at all times material property and efficiently manned, supplied, equipped, and furnished, and well and sufficiently fitted and supplied with suitable engines, machinery, tackle, apparel, appliances and furniture, all in good order and condition and suitable for service in which the vessel was engaged, as alleged in paragraph II.

Claimants do not deny the allegations contained in paragraph III, but specially except to the allegations in paragraph III for the reason that the same contains vague and indefinite description of the incident made the basis of this suit and claims arising from the incident, and requests that Petitioners be required to make a more definite statement so as to elaborate particularly the facts of the underlying incident.

Claimants deny the allegations contained in paragraph IV, paragraph V, paragraph VI, paragraph VII, paragraph VIII, paragraph IX, paragraph X, paragraph XI and paragraph XII.

Claimants are without knowledge or information to either admit or deny the allegations contained in paragraph XIII, paragraph XIV and paragraph XV, and therefore, deny the same.

Claimants deny the allegations contained in paragraph XVI.

Claimants are without knowledge or information to either admit or deny the allegations contained in paragraph XVII, and therefore denies same.

Claimants deny that Petitioners' Complaint is within the jurisdiction of this Honorable Court because petitioners have failed to follow the prerequisites for the filing of a complaint as set forth in Rule F(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure as contained in paragraph XVIII.

## IX.

Claimants deny that Petitioners are entitled to the relief sought in its prayer. Claimants would show that Petitioners are not entitled to limitation of liability for the reason that said acts of negligence and conditions of unseaworthiness which caused the damages sustained by Claimants were within the privity and knowledge of Petitioners, or any of Petitioners' directors, officers, stockholders, and/or agents.

## X.

Claimants further state that the incident was caused by the fault, negligence, unseaworthiness, or lack of due care or other basis of liability on the part of Petitioners, the vessels and persons for whom the Petitioners are responsible.

## XI.

Without waiving their claims that Petitioners are not entitled to an exoneration from or limitation of liability, Claimants reserve the right to demand a trial by jury in the forum of their choice pursuant to the "Savings of Suitors' clause of the Judiciary Act of 1789. 28 U.S.C. §1333.

## XII.

Without waiving their claims that Petitioners are not entitled to an exoneration from or limitation of liability, Claimants reserve the right provided under Rule F(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure to demand that the amount of security referred to in Petitioners' Complaint be increased on the grounds that it is less than the Petitioners' interest in the BROWN WATER V or on the grounds that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury. 46 U.S.C. §183 (b)-(f).

WHEREFORE, PREMISES CONSIDERED, Claimants pray that this Honorable Court dismiss the Verified Complaint of **BROWN WATER TOWING I, INC., AS OWNER AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER**

V, ITS ENGINES, TACKLE, ETC., and grant Claimants any further relief, both legal and equitable, to which they are entitled.

> Respectfully submitted,
>
> **LAW OFFICE OF McMANUS & CRANE, L.L.P.**
> 209 W. Juan Linn
> P. O. Box 2206
> Victoria, Texas 77902-2206
> (361) 575-6764 - Telephone
> (361) 575-8454 - Facsimile
>
> BY: _/s/ Steve Q. McManus_
> STEVE Q. McMANUS
> Fed. Bar No. 5889, State Bar No. 13784700
> WILLIAM Q. McMANUS
> State Bar No. 24008619
> **ATTORNEYS FOR CLAIMANTS RICHARD LEAVELL and CAROL LEAVELL, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF ROBIN FAYE LEAVELL, DECEASED**

**CLAIMANTS RESPECTFULLY REQUEST TRIAL BY JURY**

## CERTIFICATE OF SERVICE

The undersigned attorney, one of the attorneys of record for the Plaintiff, certifies that true and correct copies of the foregoing document have been served upon all other counsel of record as listed on the attached Service List, by method of service indicated, on this the 5th day of March, 2002.

_/s/ Steve Q. McManus_
STEVE Q. McMANUS
WILLIAM Q. McMANUS

# SERVICE LIST

## BY CERTIFIED MAIL:

Will W. Pierson  
Keith Uhles  
James Hunter  
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.  
1700 Wilson Plaza West  
606 N. Carancahua  
Corpus Christi, Texas 78476  
*Attorneys for Petitioners, Brown Water Towing I, Inc. and Brown Water Marine Service, Inc.*

**Certified Mail No. 7001-0360-0002-1189-8714**

## BY REGULAR MAIL:

Hon. Mark J. Spansel  
Adams & Reese, L.L.P.  
4500 One Shell Square  
New Orleans, LA 70139  
*Attorneys for Texas Dept of Transportation*

Mr. James B. Manley  
Attorney at Law  
3616 Preston Road  
Pasadena, Texas 77505  
*Attorney for William Morris Welch*

Mr. Ray R. Marchan  
Watts & Heard, L.L.P.  
1926 E. Elizabeth  
Brownsville, Texas 78520  
*Attorneys for Plaintiffs Lydia Zamors, Indiv. And as Rep. of the Estate of Hector Martinez, Jr., Dec'd; Gustavo Morales; Bigo's International, LLC; Esteban F. Ribas and Maria Miriam Rivas, Indiv. And as Rep. of the Estate of Steven F. Rivas; Jacqueline Paddock, Indiv. And a/n/f of William B. Welch and as Rep. of the Estate of Chelsea Welch*

Mr. Heriberto "Eddie" Medrano  
1101 West Tyler Street  
Harlingen, Texas 78550  
*Attorney for the Estate of Robert Harris*

Mr. Ramon Garcia  
Law Offices of Ramon Garcia, PC  
222 West University Drive  
Edinburg, Texas 78539

Mr. Phil A. Bellamy  
Law Office of Phil A. Bellamy  
815 Ridgewood  
Brownsville, Texas 78520  
*Attorney for ZT, Inc. d/b/a Wings and Mirage*

Mr. Glen Goodier  
Jones, Walker, Waechter, Poitevent,  
Carrere & Denegre, L.L.P.  
201 St. Charles Avenue, 48th Floor  
New Orleans, Louisiana 70170-5100  
*Attorneys for American Commercial Barge Lines*

Attn: Michael Ratliff  
Office of the Attorney General-State of Texas  
P. O. Box 12548  
Austin, Texas 78711-2548

United States Department of Transportation  
c/o Hon. Greg Serres, United States Attorney  
600 East Harrison, Suite 201  
Brownsville, Texas 78520-7114

Yolanda DeLeon  
County Attorney  
Cameron County Courthouse  
974 E. Harrison Street  
Brownsville, Texas 78520-7190

George C. Kraehe  
Willette & Guerra, LLP  
3505 Boca Chica Blvd., Suite 460  
Brownsville, Texas 78521  
*Attorney for Cameron County*

A.G. Hill Power
c/o Ms. Janet Thompson
6654 Leopard Street
Corpus Christi, Texas 78409

Central Power & Light
c/o C.T. Corporation System
350 N. St. Paul Street
Dallas, Texas 75201

Outdoor RV Resorts South Padre
c/o Mr. Dave Fletcher
900 South Garcia Street
Port Isabel, Texas 78578

Long Island Bridge Company
c/o Mr. John R. Freeland
806 Pecan
McAllen, Texas 78501

Mr. Brian G. Janis
Sanchez, Whittington, Janis & Zabarte, LLP
100 N. Expressway 83
Brownsille, Texas 78521-2284
*Attorneys for Port Isabel-San Benito Navigation District*

Ms. Sandra D. Laurel
Snow & Laurel, LLP
310 West Sunset
San Antonio, Texas 78209
*Attorneys for Daisy Harris as Administrator of the Estate of Robert Victor Harris*

Ms. Heather Askwig
2332 West Solano Drive
Phoenix, Arizona 85015

Ms. Kay Keese
P. O. Box 457
Bells, Texas 75414

Department of the Army Corps of Engineers
Attn: Mr. Eligio Garza, Area Engineer
1920 N. Chaparral Street
Corpus Christi, Texas 78401

Robert & Virginia Sandrich
5101 Berdi Way
Stockton, CA 95207

Ms. Annaca Page
16810 Tranquil Drive
Sugar Land, Texas 77478

Commanding Officer
Attn: Lt. D.J. Fassero
Freedom of Information Coordinator
United States Coast Guard
Marine Safety Office
400 Mann Street, Suite 210
Corpus Christi, Texas 78401

Mr. Romeo Miller
3106 Barnes Bridge
Dallas, Texas 75228

Mr. J.A. Magallanes
Magallanes, Hinojosa & Mancias, PC
1713 Boca Chica
P. O. Box 4901
Brownsville, Texas 78520
*Attorney for Laguna Madre Water District of Port Isabel*

Mr. Geoffrey Amsel
SBC Management Services
SBC Southwestern Bell Telephone Company
1010 N. St. Mary's, Room 1403
San Antonio, Texas 78215

Mr. George C. Kraeche
Willette & Guerra, LLP
3505 Boca Chica Boulevard, Suite 460
Brownsville, Texas 78521

Ms. Colleen Forster
5652 Pinon Vista Drive
Austin, Texas 78724

Ms. Edith Curtis
4268 Airport Road
Tioga, Texas 76271

Mr. Doyle McClendon
3211 N. Inspiration Road, Apt. 2
Mission, Texas 78572

Texas Parks & Wildlife Department
Attn: Mr. Boyd Kennedy, Staff Attorney
4200 Smith School Road
Austin, Texas 78744

Texas Parks & Wildlife
5541 Bear Lane, Suite 232
Corpus Christi, Texas 78405

Mr. Thomas E. Quirk
Aaron & Quirk
901 NE Loop 410, Suite 903
San Antonio, Texas 78209-1307
*Attorney for Allstate Insurance Company-Bridgette M. Goza*

Charles & Darla Nathanson
23102 Botkins Road
Hockley, Texas 77447

Ms. N. Fay Rutledge
726 Partridge Lane
Eagle Lake, Texas 77434

Attn: Amadeo Saenz, District Engineer
Texas Department of Transportation
P. O. Drawer EE
Pharr, Texas 78577

Ms. Mary Ann Courter
Texas Department of Public Safety
5805 Lamar Boulevard
P. O. Box 4087
Austin, Texas 78773-0001

Mr. Julian Rodriguez, Jr.
100 W. Pecan
McAllen, Texas 78501
*Attorney for Claimants Raquel Teran Hinojosa, Clarissa Hinojosa, Omar Hinojosa and Gaspar Hinojosa, II*

Ms. Veronica Farias
Law Office of Veronica Farias
2854 Boca Chica
Brownsville, Texas 78521
*Attorney for Minor Claimant William Welch*

Mr. Robert E. Ammons
Stevenson & Ammons
3700 Montrose Boulevard
Houston, Texas 77006

Mr. John David Franz
The Law Offices of John David Franz
400 N. McColl
McAllen, Texas 78501
*Attorneys for Esteban Rivas and Miriam Rivas*

Mr. J. Chad Gauntt
Gauntt & Kruppstadt, LLP
9004 Forest Crossing Drive, Suite C
The Woodlands, Texas 77381
*Attorneys for Estaban Rivas and Miriam Rivas*

Mr. William R. Edwards
The Edwards Law Firm, LLP
1400 Frost Bank Plaza
Corpus Christi, Texas 78403-0480

Eileen Peeples
P. O. Box 2283
New Caney, Texas 77357

W. Lamoine Holland
1920 Nacogdoches Road, Suite 100
San Antonio, Texas 78209
*Attorney for Claimant Dimas Mora*

S. Mark Strawn
Schirrmeister Ajamie, LLP
711 Louisiana Street, Suite 2150
Houston, Texas 77002

Raymond Thomas
Andres Gonzales
Kittleman, Thomas, Ramirez & Gonzales
4900-B N. 10th Street
McAllen, Texas 78504
*Attorneys for Claimants Rene Mata and Frank Mata*