*67*

United States District Court
Southern District of Texas
FILED

MAR 0 8 2002

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF AMERICAN | § | |
| COMMERCIAL LINES LLC AS OWNER | § | |
| And AMERICAN COMMERCIAL BARGE | § | **C.A. NO. B-01-157** |
| LINE LLC AS CHARTERER OF THE | § | |
| BARGES NM-315, VLB-9182, ACL-9933B, | § | **(consolidated from C.A. No. B-02-004)** |
| And VLB-9173, PRAYING FOR | § | |
| EXONERATION FROM AND/OR | § | |
| LIMITATION OF LIABILITY | § | **ADMIRALTY** |

## ANSWER AND CLAIM OF THE STATE OF TEXAS

COMES NOW the State of Texas, represented herein by the Attorney General of

Texas and, without consenting to jurisdiction or waiving its sovereign immunity, but

instead expressly reserving its rights under the Eleventh Amendment of the United States

Constitution, files the following Answer and Claim in response to the "Complaint for

Exoneration From and/or Limitation of Liability" (the "Complaint") filed by American

Commercial Lines LLC ("ACL") and American Commercial Barge Line LLC ("ACBL").

## ANSWER

### First Defense

The State of Texas has filed a lawsuit captioned *The State of Texas v. Brown Water*

*Towing I, Inc. and Brown Water Marine Service, Inc.,* which bears Cause No. 2001-09-

4137-A on the docket of the 107th Judicial District Court for Cameron County, Texas (the

"Cameron County suit") and desires and is entitled to pursue its claims against Brown

Water Towing I, Inc. and Brown Water Marine Service, Inc. (collectively "Brown Water")

in that forum.  At this time, neither ACL nor ACBL are named as defendants in the

Cameron County suit. This Honorable Court has issued monition orders in this action and in the consolidated matter entitled "In Re the Complaint and Petition of Brown Water Towing I, Inc., *et al*," C.A. No. B-01-157. The monition orders have the collective effect of temporarily enjoining the prosecution of the Cameron County suit and requiring all claimants wishing to assert claims against ACL or ACBL to file answers and claims in this proceeding on penalty of default. The State of Texas therefore has no choice but to appear as a claimant in this proceeding and file this answer and claim. But in doing so, the State of Texas is not appearing voluntarily and is in no way consenting to jurisdiction or waiving its sovereign immunity under the Eleventh Amendment of the Constitution of the United States of America. Moreover, in addition to the fact that it has sovereign immunity, the State of Texas also avers that it is entitled to pursue the Cameron County suit against Brown Water, and to add ACL and ACBL as defendants in that action, because the Cameron County suit is saved to suitors. For all of these reasons, the State of Texas avers that its claims against ACL and ACBL should not be subject to this exoneration/limitation of liability action and that the State of Texas should be free to pursue its claims against ACL and ACBL in the Cameron County suit.

## Second Defense

Strictly in the alternative to its First Defense, the State of Texas avers that the proceedings in these consolidated suits should be limited solely to adjudication of the questions of whether Brown Water and/or ACL and/or ACBL are entitled to limit their

liability under the Limitation of Vessel Owner's Liability Act (the "Limitation Act"). Once this Honorable Court denies Brown Water and/or ACL and/or ACBL exoneration and limitation, the State of Texas is entitled to and demands the right to try all remaining issues, particularly including but not limited to the State of Texas' damage claims, before a jury in the Cameron County suit.

### Third Defense

The Complaint fails to state any claim or cause of action upon which relief can be granted against the State of Texas.

### Fourth Defense

AND NOW, in specific response to the allegations of the "Complaint," the State of Texas responds as follows:

### 1.

The preamble of the Complaint requires no response from the State of Texas. But, to the extent that a response may be deemed necessary, the same is denied for lack of information sufficient to justify a belief therein. The State of Texas specifically reserves the right to contest the standing of ACL and ACBL to seek exoneration from or limitation of liability with regard to the incident that is the subject of the captioned matter.

### 2.

The allegations of Paragraph I of the Complaint are admitted insofar as they pertain to the corporate status of ACL and ACBL. The remaining allegations of Paragraph I and

State of Texas Answer and Claim                                             Page 3

the allegations of Paragraph II of the Complaint are denied for lack of information sufficient to justify a belief therein. The State of Texas specifically reserves the right to contest the standing of ACL and ACBL to seek exoneration from or limitation of liability with regard to the incident that is the subject of the captioned matter.

## 3.

The allegations of Paragraph III of the Complaint are denied, except to admit that the NM-315, VLB-9182, ACL-9933B and VLB-9173 (the "Barges") are all cargo barges.

## 4.

The allegations of Paragraph IV of the Complaint are denied.

## 5.

In response to the allegations of Paragraphs V and VI of the "Complaint," the State of Texas admits that on September 15, 2001, the BROWN WATER V was pushing the Barges in navigable waters in or near Port Isabel, Texas when the flotilla struck the Queen Isabella Causeway ("Causeway"), causing several sections of the Causeway to collapse into the Laguna Madre Channel. (This event is hereafter referred to as "the allision.") The State of Texas further admits that the allision caused personal injuries, deaths, property damage and other damages. The remaining allegations of Paragraphs V and VI of the Complaint are denied for lack of information sufficient to justify a belief therein.

**6.**

The allegations of Paragraphs VII and VIII of the Complaint are denied. The State of Texas specifically denies that ACL and ACBL are entitled to exoneration from or limitation of liability for the allision.

**7.**

The allegations of Paragraph IX of the Complaint are denied for lack of information sufficient to justify a belief therein, except to admit that the Complaint was filed timely.

**8.**

The allegations of Paragraphs X, XI, XII and XIII of the Complaint are denied.  In addition to specifically denying that ACL and ACBL are entitled to exoneration from or limitation of liability, the State of Texas specifically reserves the right to contest the valuation of the Barges and their pending freight, as well as the failure of ACL and ACBL to include in the limitation fund the value of the cargoes of the Barges and the value of the BROWN WATER V and her pending freight.  The State of Texas further reserves the right to contest the adequacy and sufficiency of the security posted by ACL and ACBL in support of this action.

**9.**

The allegations of Paragraphs XIV and XV of the Complaint are denied for lack of information sufficient to justify a belief therein, except to admit that many claims and demands will be made against ACL and ACBL in connection with the allision and that

State of Texas Answer and Claim                                                                          Page 5

those claims and demands are likely to exceed the value that ACL and ACBL have attributed to the Barges in the "Complaint."

## 10.

The allegations of Paragraphs XVI and XVII of the Complaint are denied.  In addition to specifically denying that ACL and ACBL are entitled to exoneration from or limitation of liability, the State of Texas specifically reserves the right to contest the valuation of the Barges and their pending freight, as well as the failure of ACL and ACBL to include in the limitation fund the value of the cargoes of the Barges and the value of the BROWN WATER V and her pending freight.  The State of Texas further reserves the right to contest the adequacy and sufficiency of the security posted by ACL and ACBL in support of this action.

## 11.

The allegations of Paragraph XVIII of the Complaint are denied except to admit that the questions of whether ACL and/or ACBL are entitled to limitation of liability are within the admiralty and maritime jurisdiction of this Honorable Court; but, the State of Texas avers that for the reasons set forth in the First Defense, its claims against ACL and ACBL should not be subject to this exoneration/limitation of liability action.  The State of Texas should be free to add ACL and ACBL as defendants in the Cameron County suit and to pursue its claims against ACL and ACBL that action.  Strictly in the alternative, as is set out in its Second Defense, the State of Texas avers that the proceedings in these

consolidated cases should be limited solely to adjudication of the questions of whether

Brown Water, ACL and/or ACBL are entitled to limit their liability under the Limitation

Act.   Once this Honorable Court denies Brown Water and/or ACL and/or ACBL

exoneration and limitation, the State of Texas is entitled to and demands the right to try

all remaining issues, particularly including but not limited to the State of Texas' damages

claims, before a jury in the Cameron County suit.

## 12.

To the extent that a response may be deemed necessary to the prayer contained in

the "Complaint," the same is denied in its entirety.

### Fifth Defense

The allision was not caused or contributed to by any fault, neglect, negligence or

lack of due care by the State of Texas or anyone for whom it may be responsible.

### Sixth Defense

The State of Texas avers that ACL and ACBL are not entitled to exoneration or to

limitation of liability under the Limitation Act, because the allision was caused by the

independent negligence and fault of the owners and management of ACL and ACBL.

### Seventh Defense

The State of Texas avers that ACL and ACBL are not entitled to exoneration or to

limitation of liability under the Limitation Act, because the allision was caused by the sole,

joint, and/or concurrent negligence and fault of Brown Water and their officers, agents,

State of Texas Answer and Claim                                                     Page 7

servants, employees, masters and crews, and by the unseaworthiness of the T/V BROWN

WATER V, all of which ACL and ACBL are vicariously responsible for and all of which

was within the privity and knowledge of the owners and management of ACL and ACBL.

The State of Texas further avers that ACL and ACBL are not entitled to exoneration or to

limitation of liability under the Limitation Act, because the allision was caused by the sole,

joint, and/or concurrent negligence and fault of ACL and/or ACBL and their officers,

agents, servants and employees, and by the unseaworthiness of the Barges, all of which

was within the privity and knowledge of the owners and management of ACL and ACBL.

### Eighth Defense

Under the provisions of §183(e) of the Limitation Act, because this situation

involves loss of life and personal injury, ACL and ACBL are charged with privity and

knowledge of all conditions that were within the knowledge of the master of the BROWN

WATER V at the commencement of the voyage during which the allision occurred. ACL

and ACBL are therefore not entitled to exoneration or to limitation of liability under the

Limitation Act.

### Ninth Defense

The State of Texas specifically contests the valuation of the Barges and their

pending freight, as well as the failure of ACL and ACBL to include in the limitation fund

the value of the cargoes of the Barges and the value of the BROWN WATER V and her

pending freight. This Honorable Court should, if necessary, appoint a Commissioner in due course to appraise said values.

## Tenth Defense

The State of Texas specifically contests the adequacy and sufficiency of the security posted by ACL and ACBL in support of this action. If it is determined that the security deposited by ACL and ACBL is not adequate and sufficient as required by law, then the Complaint should be dismissed.

## Eleventh Defense

The State of Texas specifically contests the status of ACL and ACBL to seek exoneration or limitation of liability under the Limitation Act for the allision.

## Twelfth Defense

The State of Texas reserves the right to file a direct action against the underwriters of ACL and ACBL and/or the Barges, as well as against any other person, corporation, entity and/or vessel whose fault, neglect, negligence, unseaworthiness or of lack of due care may have caused or contributed to the allision. And the State of Texas also avers that under the rule of joint and several liability, it is entitled to recover all of its damages from ACL, ACBL and/or the Barges, even if any other persons, corporations, entities and/or vessels are ultimately found to be responsible for the allision.

## CLAIM

AND NOW, without consenting to jurisdiction or waiving its sovereign immunity, but instead expressly reserving its rights under the Eleventh Amendment of the United States Constitution, the State of Texas asserts its claim against ACL and ACBL.  For the reasons set forth in the First Defense contained within its Answer, the State of Texas avers that its claim against ACL and ACBL should not be subject to this exoneration/limitation of liability action and that the State of Texas should be free to add ACL and ACBL as defendants in the Cameron County suit and to pursue its claim against ACL and ACBL in that action.  Strictly in the alternative, as is set out in its Second Defense, the State of Texas avers that the proceedings in these consolidated actions should be limited solely to adjudication of the questions of whether Brown Water, ACL and/or ACBL are entitled to limit their liability under the Limitation Act.  Once this Honorable Court denies Brown Water, ACL and/or ACBL exoneration and limitation, the State of Texas is entitled to and demands the right to try all remaining issues, particularly including but not limited to the State of Texas' damage claims, before a jury in the Cameron County suit.  The following claim is asserted subject to and without waiving these positions.

## Parties

### 1.

The Attorney General of Texas, through the undersigned Assistant Attorney General, brings this claim by and on behalf of the sovereign State of Texas and its political

State of Texas Answer and Claim                                                    Page 10

subdivisions.

**2.**

American Commercial Lines LLC ("ACL") is a Delaware corporation that has alleged in pleadings filed in this action that at all material times, it was the owner of the NM-315, VLB-9182, ACL-9933B and VLB-9173 (the "Barges").

**3.**

American Commercial Barge Line LLC ("ACBL") is a Delaware corporation that has alleged in pleadings filed in this action that at all material times, it was the charterer of the Barges.

## Facts

**4.**

At all times pertinent to this action, the State of Texas owned the Queen Isabella Causeway ("Causeway") and its foundation and support structures. The Causeway is the only bridge connecting South Padre Island to the mainland.

**5.**

ACL and ACBL are alter egos of each other and are both liable for the management, condition, unseaworthiness and operation of the Barges. On information and belief, ACL and ACBL selected and hired Brown Water to tow the Barges on the voyage that forms the basis of this action.

**6.**

On or about September 15, 2001, the T/V BROWN WATER V was pushing the Barges in navigable waters in or near Port Isabel, Texas when the flotilla struck one of the Causeway's supports, causing several 80-foot segments of the Causeway to collapse into the Laguna Madre Channel and damaging other portions of the bridge. (This event is referred to as "the allision."). The Causeway and its supporting structures required and have undergone substantial repairs.

**7.**

As a consequence of several sections being knocked out of the Causeway, nine vehicles drove off the bridge. Eight people who were occupants of those vehicles lost their lives due to the allision. The allision also caused a number of personal injuries.

**8.**

As a result of the allision, the State of Texas expended substantial sums on search and rescue, salvage, recovery, investigation, survey, engineering, cleanup, repair and other operations.

**9.**

The State of Texas undertook immediate and substantial efforts to mitigate the damage caused by the allision. For example, the State of Texas arranged for repairs of the Causeway to be conducted on an expedited basis, and the repairs were, in fact completed well ahead of schedule. Nevertheless, as a result of the allision, the channel was closed

to marine traffic until September 19, 2001 and the Causeway was closed to vehicular traffic until November 21, 2001. Since there is no other bridge leading to South Padre Island, ferryboats had to be chartered to provide access to the island during the time that the Causeway was closed. A dock had to be constructed to accommodate vehicles. Despite all of these efforts to mitigate the damages caused by the allision, the operations of various hotels, restaurants, shops, recreational facilities and other businesses on South Padre Island have been and will continue to be negatively impacted by the allision. Likewise, unemployment claims for South Padre Island and the surrounding area drastically increased following the allision. The State of Texas has lost and will continue to lose the associated tax revenues and other revenues that would have been generated but for the allision. Additionally, the State of Texas has been required to pay and will continue to pay substantial amounts of unemployment benefits and other associated benefits that would not have been necessary had ACL and ACBL not caused the allision.

### Causes of Action

### 10.

The State of Texas avers that the allision was caused by the sole, joint, and/or concurrent negligence and fault of Brown Water and their officers, agents, servants, employees, masters and crews, and by the unseaworthiness of the T/V BROWN WATER V, all of which ACL and ACBL are vicariously responsible for and all of which was within the privity and knowledge of the owners and management of ACL and ACBL.

State of Texas Answer and Claim                                                    Page 13

# 11.

Additionally, the State of Texas avers that the allision and all resulting damages were proximately caused by the sole, joint, and/or concurrent negligence and fault of ACL and ACBL, their officers, agents, servants, and employees, and by the unseaworthiness of the Barges, all of which was within the privity and knowledge of the owners and management of ACL and ACBL. In particular, the allision was caused by the independent negligence and fault of the owners and management of ACL and ACBL. ACL and ACBL were negligent and at fault, and the Barges were unseaworthy in the following particulars, among others, which will be brought out upon trial:

a.   Failing to ensure that the tug towing the Barges would maintain a proper lookout;

b.   Failing to ensure that the tug towing the Barges would chart and maintain a safe course;

c.   Failing to ensure that the tug towing the Barges would use GPS, radar, navigation charts, and other navigational equipment and information properly;

d.   Failing to ensure that the tug towing the Barges would obtain and utilize information regarding the weather conditions, winds and currents that would be encountered during the voyage;

e.   Failing to ensure that the tug towing the Barges would maintain and/or consult appropriate weather, wind and current information onboard the tug and failing to ensure that Brown Water would notify the crew of the T/V BROWN WATER V of weather conditions, winds and currents that were likely to be encountered during the voyage and that were known by the management of ACL and ACBL to be prevalent in the area of the allision;

f.   Failing to take appropriate action to determine the risk of allision and to ensure that the tug towing the Barges would take appropriate action to determine the risk of allision;

g.   Failing to take appropriate action to avoid the allision and failing to ensure that the tug towing the Barges would take appropriate action to avoid the allision;

h.   Failing to ensure that the tug towing the Barges would proceed at a safe speed appropriate to the prevailing circumstances;

i.   Failing to ensure that the tug towing the Barges would maneuver properly;

j.   Failing to properly train and inform the crew of the T/V BROWN WATER V and failing to otherwise ensure that the tug towing the Barges was carrying a properly trained and informed crew;

k.   Failing to ensure that the tug towing the Barges would not violate the Inland Rules of Navigation and/or the local navigation customs of the area where the allision occurred;

l.   Failing to ensure that the T/V BROWN WATER V was equipped with properly functioning and/or sufficient weather, wind, current, navigation, steering, propulsion, power and allision avoidance systems and information to enable her to safely perform the towage of the Barges;

m.   Failing to ensure that the Barges were equipped with properly functioning and/or sufficient weather, wind, current, navigation, steering, propulsion, power and allision avoidance systems and information to enable them to be safely utilized in the service in which they were engaged;

n.   Allowing the voyage to be undertaken when the weather, wind, current, navigation, steering, propulsion, power and allision avoidance systems and information onboard the T/V BROWN WATER V were not functioning properly and/or were insufficient to enable her to safely perform the towage of the Barges;

o.   Allowing the voyage to be undertaken when the weather, wind, current, navigation, steering, propulsion, power and allision avoidance systems and

State of Texas Answer and Claim                                                    Page 15

information onboard the Barges were not functioning properly and/or were insufficient to enable them to be safely utilized in the service in which they were engaged;

p.      Assigning and/or allowing the T/V BROWN WATER V to be assigned to a tow that she was not equipped to perform safely and failing to provide her with any assistance and/or ensure that the required assistance was provided;

q.      Assigning and/or allowing the Barges to be assigned to a tow that they were not equipped to perform safely and failing to provide any assistance and/or ensure that the required assistance was provided;

r.      Failing to ensure that the owners and management of Brown Water and the crew of the T/V BROWN WATER V properly monitored the operations of the vessel;

s.      Failing to adopt, implement and enforce proper policies and procedures to avoid an incident of this type;

t.      Failing to discover and remedy the negligence of the owners and management of Brown Water, the crew of the T/V BROWN WATER V and the unseaworthiness of the T/V BROWN WATER V and the Barges;

u.      Failing to ensure that the company hired to tow the Barges would adopt, implement and enforce adequate hiring practices to ensure those persons in command of Brown Water vessels had the ability and experience necessary for safe operation of the vessels and the Barges;

v.      Failing to address or remedy the systemic safety problems that were prevalent throughout the Brown Water operation long in advance of the allision;

w.      Allowing the T/V BROWN WATER V to leave on the voyage during which the allision occurred while her master had knowledge of the unseaworthy conditions of the T/V BROWN WATER V and the Barges;

x.      Failing to require and/or ensure that the T/V BROWN WATER V was manned with a competent crew;

State of Texas Answer and Claim                                          Page 16

y.     Failing to ensure that the tug towing the Barges would not violate applicable laws and regulations, including but not limited to applicable Coast Guard and OSHA laws and regulations;

z.     Negligently hiring Brown Water to tow the Barges; and

aa.    Any and all other such acts of fault, neglect, negligence, lack of due care and unseaworthiness as may be shown at the trial of this matter.

## 12.

The State of Texas avers that each and every one of the aforementioned acts, omissions, and/or unseaworthy conditions was within the privity and knowledge of the owners and management of ACL and ACBL.

## 13.

The State of Texas avers that ACL and ACBL are presumed to be at fault by virtue of the presumption of fault that arises when a moving vessel strikes a stationary object.

## 14.

The State of Texas avers that ACL and ACBL are presumed to be at fault by virtue of the *Rule of the PENNSYLVANIA*, in that numerous applicable Coast Guard and OSHA laws and regulations were violated, as well as numerous Rules of the Road, including, but not limited to, Rule 5 (lookout), Rule 6 (safe speed), Rule 7 (risk of allision) and Rule 8 (action to avoid allision).

## 15.

The State of Texas specifically pleads the application of the doctrine of *res ipsa*

*loquitur*, because the Barges were, at all material times, under the exclusive custody and control of the Defendants, and the casualty described above is of the type that does not ordinarily occur in the absence of negligence.

### Damages

### 16.

As a direct and proximate result of the negligence of Brown Water, ACL and ACBL and the unseaworthiness of the T/V BROWN WATER V and the Barges, the State of Texas has sustained extensive damage relating to the evaluation and repairs that were needed to the Causeway and the foundation and supporting structures associated therewith. The State of Texas is entitled to recover from ACL and ACBL the reasonable and necessary cleanup, survey, investigative, engineering and repair costs that have been and will be expended and incurred as a result of the allision. These costs include the value of services of employees of both the State of Texas and of third party contractors. Additionally, the State of Texas is entitled to recover from ACL and ACBL for any diminution in the value of any State property.

### 17.

As a direct and proximate result of the negligence of Brown Water, ACL and ACBL and the unseaworthiness of the T/V BROWN WATER V and the Barges, the State of Texas was forced to close the channel to marine traffic until September 21, 2001, and was also forced to close the Causeway to vehicular traffic until November 21, 2001. The State

of Texas also expended substantial amounts to charter ferries to transport vehicles and people to and from South Padre Island, and was forced to incur the cost of building a dock to accommodate vehicles. All of these expenses were reasonable and necessary, and the State of Texas is entitled to recovery of all such expenses from ACL and ACBL.

18.

For the loss of use of the roadway and waterway, and attendant expense and inconvenience to the motoring public and to marine traffic, the State of Texas asserts a claim for loss of use damages against ACL and ACBL in an amount to be determined.

19.

As a direct and proximate result of the negligence of Brown Water, ACL and ACBL and the unseaworthiness of the T/V BROWN WATER V and the Barges, the State of Texas was forced to expend substantial amounts for emergency response, search and rescue operations, salvage operations, recovery operations and other miscellaneous operations. These expenses include, but are not limited to the value of services of employees of both the State of Texas and of third party contractors. All of these expenses were reasonable and necessary, and the State of Texas is entitled to recovery of all such expenses from ACL and ACBL.

20.

As a direct and proximate result of the negligence of Brown Water, ACL and ACBL and the unseaworthiness of the T/V BROWN WATER V and the Barges, the State of

Texas has sustained and will continue to sustain a loss of tax revenues and other revenues from various hotels, restaurants, shops, entertainment facilities, and other businesses located on South Padre Island and from closure of the waterway. The State of Texas is entitled to recovery from ACL and ACBL of all such lost tax revenues and other revenues.

## 21.

As a direct and proximate result of the negligence of Brown Water, ACL and ACBL and the unseaworthiness of the T/V BROWN WATER V and the Barges, the State of Texas has paid and will continue to pay substantial amounts of unemployment benefits and other associated benefits that would not have been necessary had Brown Water, ACL and ACBL not caused the allision. The State of Texas is entitled to recovery of all such unemployment benefits and other associated benefits from ACL and ACBL.

## 22.

Although the allision was caused solely or jointly by the negligence of Brown Water, ACL and/or ACBL and the unseaworthiness of the T/V BROWN WATER V and the Barges, the State of Texas anticipates that some of the individuals injured in the allision, some of the survivors of some of the people who lost their lives in the allision, some businesses, and possibly some other claimants, may assert claims or suits against the State of Texas in connection with the aforesaid incident. The State of Texas avers that should any such claims or suits be brought against it, the State of Texas is entitled to recovery of full indemnity over and against ACL and ACBL for any judgment rendered

State of Texas Answer and Claim                                                Page 20

or settlement reached in favor of any persons, entities or parties who may assert claims or suits against the State of Texas as a result of the allision.

**23.**

Strictly in the alternative, the State of Texas is entitled to contribution from ACL and ACBL for any judgment rendered or settlement reached in favor of any persons, entities or parties who may assert claims or suits against the State of Texas as a result of the allision.

**24.**

The State of Texas is entitled to recovery from ACL and ACBL for pre-judgment interest and post judgment interest to the maximum amount allowable by law, as well as reasonable attorney's fees and court costs as authorized by Section 402.006(c) of the Texas Government Code.

**25.**

In the event that a judgment is rendered in this cause of action in favor of the State of Texas and an appeal is taken by the ACL and ACBL, and in the further event that the judgment is affirmed, the State of Texas avers that it is entitled to receive a fee in an amount equal to ten percent of the amount collected up to $1,000 and five percent of the amount collected in excess of $1,000, pursuant to Section 402.006(a) of the Texas Government Code.

**26.**

The State of Texas' total damages are unknown at present and are continuing.

**JURY DEMAND**

**27.**

The State of Texas has demanded a jury trial in the Cameron County suit. For the

reasons set forth in the First Defense contained within its Answer, the State of Texas avers

that its claims against Brown Water, ACL and ACBL should not be subject to these

consolidated exoneration/ limitation of liability actions and that the State of Texas should

be free to add ACL and ACBL as defendants in the Cameron County suit and to pursue

its jury claims against Brown Water, ACL and ACBL in the Cameron County suit.

Strictly in the alternative, as is set out in its Second Defense, the State of Texas avers that

the proceedings in the instant consolidated suits should be limited solely to adjudication of

the questions of whether Brown Water and/or ACL and/or ACBL are entitled to limit their

liability under the Limitation Act.  Once this Honorable Court denies Brown Water, ACL

and/or ACBL exoneration and limitation, the State of Texas is entitled to and demands the

right to try all remaining issues, particularly including but not limited to the State of Texas'

damage claims, before a jury in the Cameron County suit.  Strictly in the alternative to its

primary position that it is entitled to try its entire claim to a jury in the Cameron County

suit, and to its alternative position that it is entitled to try its damage claim to a jury in the

Cameron County suit, the State of Texas avers that if its damages were to be tried in this

Court, the State of Texas would be entitled to a trial by jury with respect to its damage claims against ACL and ACBL.

## PRAYER

WHEREFORE, the State of Texas respectfully prays that this "Answer and Claim of the State of Texas" be deemed good and sufficient, and that after due proceedings be had, there be judgment in favor in the State of Texas and against ACL and ACBL, dismissing ACL and ACBL's Complaint as respects the State of Texas with prejudice and at the cost of ACL and ACBL.

Alternatively, the State of Texas prays that there be judgment in this matter denying ACL and ACBL's request for exoneration, finding ACL and ACBL and the Barges to be legally responsible for the allision and all resulting damages, denying ACL and ACBL's request for limitation of liability, remanding the damage claim of the State of Texas against ACL and ACBL to be added to and determined by the jury in the lawsuit captioned *The State of Texas v. Brown Water Towing I, Inc. and Brown Water Marine Service, Inc.,* which bears Cause No. 2001-09-4137-A on the docket of the 107th Judicial District Court for Cameron County, Texas, and dismissing ACL and ACBL's Complaint with prejudice and at the cost of ACL and ACBL.

In the further alternative, the State of Texas prays, if its damages are tried in this Court over the State of Texas' objection, that the trial be by jury, and that there be judgment in favor of the State of Texas and against ACL and ACBL and their underwriters

State of Texas Answer and Claim                                                                                  Page 23

on the claim filed herein by the State of Texas for all such actual and contingent damages as the State of Texas may be able to prove at the trial of its damages, together with interest from date of loss until paid in full, and attorney's fees, costs and expenses as provided by law.

Additionally, the State of Texas prays for all other general and equitable relief that this Honorable Court may deem fit and proper and that this Honorable Court is competent to grant.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

GRADY CLICK
Assistant Attorney General
Chief, Transportation Division

JACK F. GILBERT
Assistant Attorney General
Attorney-in-Charge
Texas Bar No. 00786946
Federal Bar No. 16701

OF COUNSEL:

MARGIE MANZANO CORBETT
Assistant Attorney General
Texas Bar No. 24001927
Federal Bar No. 22121

Office of the Attorney General
Transportation Division
P.O. Box 12548
Austin, Texas 78711-2548
Ph.: 512.463.2004
Fax: 512.472.3855

AND OF COUNSEL:

ADAMS AND REESE LLP

DARYL G. DURSUM
Texas Bar No. 06287900
Federal Bar No. 6198
4400 One Houston Center
1221 McKinney
Houston, TX  77010
Ph.: 713.652.5151
Fax: 713.652-5152

**ATTORNEYS FOR THE STATE OF TEXAS**

# CERTIFICATE OF SERVICE

I certify that on the _8th_ day of March, 2002, a true and correct copy of the foregoing document was served upon all counsel of record, VIA US Mail, return receipt requested, and/or via first class US Mail, as indicated below,  pursuant to Fed. R. Civ. P. 5 as follows:

**VIA CERTIFIED US MAIL RRR:**

**Attorneys for Petitioner American Commercial Barge Lines et al:**

Leslie D Cassidy, III
Woolsey & Cassidy, PC
1020 Bank of America
500 North Water St.
Corpus Christi, TX 78471

Glen Goodier
Jones, Walker, Waechter,
      Poitevent, Carrere & Denegre, L.L.P.
201 St. Charles Avenue, 48th Floor
New Orleans, Louisiana 70170-5100

**Attorneys for Brown Water et al:**

Will W. Pierson
Royston, Rayzor, Vickery & Williams, L.L.P.
1700 Wilson Palza West
606 N. Crancahua
Corpus Christi, Texas 78476

Keith N. Uhles
Royston, Rayzor, Vickery & Williams, L.L.P.
55 Cove Circle
Brownsville, Texas 78521

**VIA FIRST CLASS US MAIL:**

**Attorney for William Welch, Minor:**

Veronica Farias
Attorney-at-Law
2854 Boca Chica Blvd
Brownsville, Texas 78520

**Attorney for William Morris Welch:**
James B. Manley
Attorneys at Law
3616 Preston Road
Pasadena, Texas 77505

**Attorneys for Lydia Zamora, Indiv., and as Rep of the Estate of Hector Martinez, Jr., deceased;Gustavo Morales; Bigo's Inter., L.L.C.;Estaban F. Rivas & Maria Miriam Rivas, Inv. And as Rep. of Estate of Stevan F. Rivas; Jacqueline Paddock, Indv. and A/N/F of William B. Welch as Rep. of the Estate of Chelsea Welch:**
Ray R. Marchan
Watts & Heard, L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520

**Attorneys for Estaban F. Rivas & Maria Miriam Rivas, Inv. And as Rep. of Estate of Stevan F. Rivas:**
John David Franz
Attorney at Law
400 N. McCool
McAllen, Texas 78501

John Chadwick Gauntt
Guantt & Kuppstadt
9004 Forest Crossing Drive
Suite C
The Woodlands, Texas 77381

**Attorney for Laguna Madre Water District:**
Juan A. Magallanes
Magallanes, Hinojosa & Mancias, P.C.
1713 Boca Chica Blvd.
P.O. Box 4901
Brownsville, Texas 78520

State of Texas Answer and Claim

**Attorney for Southwestern Bell Telephone Co.:**

Geoffrey Amsel
Southwestern Bell
1010 N. St. Mary's St.. Rm. 1403
San Antonio, Texas 78215

**Attorneys for Raquel Teran Hinojosa, Indv. and on behalf of the Estate of Gaspar Hinojosa, deceased, Clarissa Hinojosa, Omar Garcia Hinojosa, and Gaspar Hinjosa II:**

Robert E. Ammons
Stevenson & Ammons
3700 Montrose Blvd.
Houston, Texas 77006

Julian Rodriguez, Jr.
Barrera & Tijerina
100 W. Pecan
McAllen, Texas 78501

Ramon Garcia
Attorney at Law
222 W. University Dr.
Edinburg, Texas 78539

**Attorney for Martin D. Hinojosa, Indv. and as heirs of the Estate of Gaspar Hinojosa, and Rita S. Hinojosa, Indv. and as heirs of the Estate of Gaspar Hinojosa:**

Julian Rodriguez, Jr.
Barrera & Tijerina
100 W. Pecan
McAllen, Texas 78501

**Attorneys for Bridgette Goza:**

Ray R. Marchan
Watts & Heard, L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520

Thomas E. Quirk
Aaron & Quirk
901 NE Loop 410
San Antonio, Texas 78209

**Attorney for Rene Mata and Frank Mata:**

Raymond L. Thomas, Jr.
Andres H. Gonzalez, Jr.
Kittlemean, Thomas, Ramirez & Gonzalez
4900-B North 10th St.
McAllen, Texas 78504

**Attorney for Anita Harris, Indv. and as Next Friend of Victor Justin Harris and as Rep. of the Estate of Robert V. Harris:**

Mr. Heriberto Medrano
Law Offices of Heriberto Medrano
1101 West Tyler
Harlingen, Texas 78550

**Attorney for Hector Martinez, Sr.:**

Jim Hart
William Bailey Law Firm
8441 Gulf Freeway
Suite 600
Houston, Texas 77017-5001

**Robert and Virginia Fandrich:**

Robert and Virginia Fandrich
5101 Verdi Way
Stockton, California 95207-5319

**Attorney for Ricky Leavall and Carol Leavall, Indv. and as Rep. of the Estate of Robin Faye Leavall, deceased:**

Steve Q. McManus
William Q. McManus
McManus & Crane, L.L.P.
209 West Juan Linn
P.O. Box 2206
Victoria, Texas 77902-2206

State of Texas Answer and Claim

**Attorney for ZT, Inc. d/b/a Wings & Mirage**

Mr. Phil A. Bellamy
Law Office of Phil A. Bellamy
815 Ridgewood
Brownsville, Texas 78520

**Attorney for Daisy Harris as Admn.**
**of the Estate of Robert Victor Harris:**

Ms. Sandra D. Laurel
Snow & Laurel, L.L.P.
310 West Sunset
San Antonio, Texas 78209

**Attorney for Port Isabel:**

Mr. Brian G. Janis
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284

**Attorney for Cameron County:**

George C. Kraehe
Willette & Guerra, L.L.P.
3505 Boca Chica Blvd., Ste. 460
Brownsville, Texas 78521

**INTERESTED PARTIES:**

Mr. William R. Edwards
The Edwards Law Firm, L.L.P.
1400 Frost Bank Plaza
Corpus Christi, Texas 78403-0480

United States Department of Transportation
c/o Hon. Greg Serres, United States Attorney
600 East Harrison, Suite 201
Brownsville, Texas 78520-7114

A.G. Hill Power
c/o Ms. Janet Thompson
6654 Leopard Street
Corpus Christi, Texas 78409

Central Power & Light
c/o C.T. Corporation System
350 N. St. Paul Street
Dallas, Texas 75201

Outdoor RV Resorts South Padre
c/o Mr. Dave Fletcher
900 South Garcia Street
Port Isabel, Texas 78578

Long Island Bridge Company
c/o Mr. John R. Freeland
806 Pecan St.
McAllen, Texas 78501

Ms. Heather Askwig
2332 West Solano Drive
Phoenix, Arizona 85015

Ms. Edith Curtis
4268 Airport Road
Tioga, Texas 76271

Ms. Kay Keese
P.O. Box 457
Bells, Texas 75414

Mr. Doyle McClendon
3211 North Inspiration Road, Apt. 2
Mission, Texas 78572

Charles and Darla Nathanson
23102 Botkins Road
Hockley, Texas 77447

Ms. Annaca Page
16810 Tranquil Drive
Sugar Land, Texas 77478

Ms. N. Fay Rutledge
726 Partridge Lane
Eagle Lake, Texas 77434

Mr. Romeo Miller
3106 Barnes Bridge
Dallas, Texas 75228

State of Texas Answer and Claim

Department of the Army
Corps of Engineers
ATTN: Mr. Elijio Garza, Area Engineer
1920 North Chaparral Street
Corpus Christi, Texas 78401

Texas Parks & Wildlife Department
ATTN: Mr. Boyd Kennedy, Staff Attorney,
Law Enforcement Division
4200 Smith School Road
Austin, Texas 78744

Commanding Officer
Attn: Lt. D.J. Fassero
United States Coast Guard
Marine Safety Office-Corpus Christi
400 Mann Street, Ste. 210
Corpus Christi, Texas 78401

Ms. Mary Ann Courter
Texas Department of Public Safety
5805 Lamar Boulevard
P.O. Box 4087
Austin, Texas 78773-0001

Colleen Forster
5652 Pinon Vista Drive
Austin, Texas 78724

Eileen Peeples
P.O. Box 283
New Caney, Texas 77357

W. Lamoine Holland
1920 Nacogdoches Road, suite 100
San Antonio, Texas 78209

S. Mark Strawn
Schirrmeister Ajamie, L.L.P.
711 Louisiana St., suite 2150
Houston, Texas 77002

Yolanda De Leon
District Attorney
Cameron County Courthouse
974 E. Harrison St.
Brownsville, Texas 78520-7190

JACK F. GILBERT

State of Texas Answer and Claim