68

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

MAR 0 8 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | |
| PETITION OF BROWN WATER | § | |
| TOWING I, INC., AS OWNER, AND | § | |
| BROWN WATER MARINE SERVICE, | § | |
| INC., AS BAREBOAT CHARTERER, | § | C.A. NO. B-01-157 |
| OF THE BROWN WATER V, ITS | § | |
| ENGINES, TACKLE, *ETC.* IN A | § | |
| CAUSE OF EXONERATION FROM | § | |
| OR LIMITATION OF LIABILITY | § | ADMIRALTY |

## ANSWER AND CLAIM OF THE STATE OF TEXAS

COMES NOW, the State of Texas, represented herein by the Attorney General of

Texas and, without consenting to jurisdiction or waiving its sovereign immunity, but

instead expressly reserving its rights under the Eleventh Amendment of the United States

Constitution, files the following Answer and Claim in response to the "Complaint and

Petition of Brown Water Towing I, Inc., as Owner, and Brown Water Marine Service,

Inc., as Bareboat Charterer, of the BROWN WATER V, its Engines, Tackle, etc., in a

Cause of Exoneration From or Limitation of Liability, Civil and Maritime" ("the

Complaint").

## ANSWER

### First Defense

The State of Texas has filed a lawsuit captioned *The State of Texas v. Brown Water*

*Towing I, Inc. and Brown Water Marine Service, Inc.,* which bears Cause No. 2001-09-

4137-A on the docket of the 107th Judicial District Court for Cameron County, Texas (the

"Cameron County suit") and desires and is entitled to pursue its claims against Brown Water Towing I, Inc. and Brown Water Marine Service, Inc. (collectively "Brown Water") in that forum. Because this Honorable Court has issued a monition order temporarily enjoining the prosecution of the Cameron County suit and requiring all claimants wishing to assert claims against Brown Water to file answers and claims in this proceeding on penalty of default, The State of Texas has no choice but to appear as a claimant in this proceeding and file this answer and claim. But, in doing so, the State of Texas is not appearing voluntarily and is in no way consenting to jurisdiction or waiving its sovereign immunity under the Eleventh Amendment of the Constitution of the United States of America. Moreover, in addition to the fact that it has sovereign immunity, the State of Texas also avers that it is entitled to pursue the Cameron County suit against Brown Water because the Cameron County suit is saved to suitors. For all of these reasons, the State of Texas avers that its claims against Brown Water should not be subject to this exoneration/limitation of liability action and that the State of Texas should be free to pursue its claims against Brown Water in the Cameron County suit.

## Second Defense

Strictly in the alternative to its First Defense, the State of Texas avers that the proceedings in the instant suit should be limited solely to adjudication of the question of whether Brown Water Towing I, Inc. and/or Brown Water Marine Service, Inc. are entitled to limit their liability under the Limitation of Vessel Owner's Liability Act (the

"Limitation Act"). Once this Honorable Court denies Brown Water exoneration and limitation, the State of Texas is entitled to and demands the right to try all remaining issues, particularly including but not limited to the State of Texas' damage claims, before a jury in the Cameron County suit.

### Third Defense

The "Complaint" fails to state any claim or cause of action upon which relief can be granted against the State of Texas.

### Fourth Defense

AND NOW, in specific response to the allegations of the "Complaint," the State of Texas responds as follows:

#### 1.

The preamble of the "Complaint" requires no response from the State of Texas. To the extent that a response may be deemed necessary, the same is denied for lack of information sufficient to justify a belief therein. The State of Texas specifically reserves the right to contest the standing of Brown Water Towing I, Inc. and Brown Water Marine Service, Inc., to seek exoneration from or limitation of liability with regard to the incident that is the subject of the captioned matter.

#### 2.

The allegations of Paragraph I of the "Complaint" are admitted insofar as they pertain to the corporate status and the location of the principal office and place of business

State of Texas Answer and Claim                                        Page 3

of Brown Water Towing I, Inc. and Brown Water Marine Service, Inc. The remaining allegations of Paragraph I are denied for lack of information sufficient to justify a belief therein. The State of Texas specifically reserves the right to contest the standing of Brown Water Towing I, Inc., and Brown Water Marine Service, Inc., to seek exoneration from or limitation of liability with regard to the incident that is the subject of the captioned matter.

### 3.

The allegations of Paragraph II of the "Complaint" are denied, except to admit that the BROWN WATER V is a tugboat.

### 4.

In response to the allegations of Paragraph III of the "Complaint," the State of Texas admits that on September 15, 2001, the BROWN WATER V was pushing several barges in navigable waters in or near Port Isabel, Texas when the flotilla struck the Queen Isabella Causeway ("Causeway"), causing several sections of the Causeway to collapse into the Laguna Madre Channel. (This event is hereafter referred to as "the allision.") The State of Texas further admits that personal injury, wrongful death, property damage and other claims have arisen from this incident. The remaining allegations of Paragraph III are denied for lack of information sufficient to justify a belief therein.

### 5.

The allegations of Paragraphs IV, V and VI of the "Complaint" are denied.

## 6.

The allegations of Paragraph VII of the "Complaint" are denied. The State of Texas has filed the Cameron County suit and, for the reasons set forth above, avers that it should be free to pursue its claims against Brown Water in that proceeding.

## 7.

The allegations of Paragraph VIII of the "Complaint" are denied, except to admit that many claims and demands have been and will be made against Brown Water in connection with the allision.

## 8.

In response to the allegations of Paragraph IX of the "Complaint," the State of Texas admits that the claims and demands that have been and will be asserted against Brown Water in connection with the allision exceed the value that Brown Water has attributed to the BROWN WATER V in the "Complaint." But in addition to specifically denying that Brown Water is entitled to exoneration from or limitation of liability, the State of Texas specifically reserves the right to contest the valuation of the BROWN WATER V and her pending freight, as well as the failure of Brown Water to include in the limitation fund the value of the barges in the flotilla, their cargoes and their pending freight. The State of Texas further reserves the right to contest the adequacy and sufficiency of the security posted by Brown Water in support of this action.

## 9.

The allegations of Paragraph X of the "Complaint" are denied. In addition to specifically denying that Brown Water is entitled to exoneration from or limitation of liability, the State of Texas specifically reserves the right to contest the valuation of the BROWN WATER V and her pending freight, as well as the failure of Brown Water to include in the limitation fund the value of the barges in the flotilla, their cargoes and their pending freight. The State of Texas further reserves the right to contest the adequacy and sufficiency of the security posted by Brown Water in support of this action.

## 10.

The allegations of Paragraph XI and XII of the "Complaint" are denied. The State of Texas specifically denies that Brown Water is entitled to exoneration from or limitation of liability for the allision.

## 11.

The allegations of Paragraphs XIII, XIV and XV of the "Complaint" are denied. In addition to specifically denying that Brown Water is entitled to exoneration from or limitation of liability, the State of Texas specifically reserves the right to contest the valuation of the BROWN WATER V and her pending freight, as well as the failure of Brown Water to include in the limitation fund the value of the barges in the flotilla, their cargoes and their pending freight. The State of Texas further reserves the right to contest

the adequacy and sufficiency of the security posted by Brown Water in support of this action.

## 12.

The allegations of Paragraph XVI of the "Complaint" are denied except to admit that this Honorable Court has jurisdiction over Brown Water's "Complaint" and that venue is proper in this district; but, the State of Texas avers that for the reasons set forth in the First Defense, its claims against Brown Water should not be subject to this exoneration/limitation of liability action. The State of Texas should be free to pursue its claims against Brown Water in the Cameron County suit.

## 13.

The allegations of Paragraph XVII of the "Complaint" are denied except to admit that the "Complaint" was filed timely.

## 14.

The allegations of Paragraph XVIII of the "Complaint" are denied except to admit that the question of whether Brown Water is entitled to limitation of liability is within the admiralty and maritime jurisdiction of this Honorable Court; but, the State of Texas avers that for the reasons set forth in the First Defense, its claims against Brown Water should not be subject to this exoneration/limitation of liability action. The State of Texas should be free to pursue its claims against Brown Water in the Cameron County suit. Strictly in the alternative, as is set out in its Second Defense, the State of Texas avers that the

proceedings in the instant suit should be limited solely to adjudication of the question of whether Brown Water is entitled to limit its liability under the Limitation Act. Once this Honorable Court denies Brown Water exoneration and limitation, the State of Texas is entitled to and demands the right to try all remaining issues, particularly including but not limited to the State of Texas' damage claims, before a jury in the Cameron County suit.

### 15.

To the extent that a response may be deemed necessary to the prayer contained in the "Complaint," the same is denied in its entirety.

### Fifth Defense

The allision was not caused or contributed to by any fault, neglect, negligence or lack of due care on the part of the State of Texas or anyone for whom it may be responsible.

### Sixth Defense

The State of Texas avers that Brown Water is not entitled to exoneration or to limitation of liability under the Limitation Act, because the allision was caused by the independent negligence and fault of the owners and management of Brown Water.

### Seventh Defense

The State of Texas avers that Brown Water is not entitled to exoneration or to limitation of liability under the Limitation Act, because the allision was caused by the sole, joint, and/or concurrent negligence and fault of Brown Water, its officers, agents,

State of Texas Answer and Claim                                                    Page 8

servants, employees, masters and crews, and by the unseaworthiness of the BROWN WATER V and her flotilla, all of which was within the privity and knowledge of the owners and management of Brown Water.

### Eighth Defense

Under the provisions of §183(e) of the Limitation Act, because this situation involves loss of life and personal injury, Brown Water is charged with privity and knowledge of all conditions that were within the knowledge of the master of the BROWN WATER V at the commencement of the voyage during which the allision occurred. Brown Water is therefore not entitled to exoneration or to limitation of liability under the Limitation Act.

### Ninth Defense

The State of Texas specifically contests the valuation of the BROWN WATER V and her pending freight, as well as the failure of Brown Water to include in the limitation fund the value of the barges in the flotilla, their cargoes and their pending freight. This Honorable Court should, if necessary, appoint a Commissioner in due course to appraise said values.

### Tenth Defense

The State of Texas specifically contests the adequacy and sufficiency of the security posted by Brown Water in support of this action. If it is determined that the security

deposited by Brown Water is not adequate and sufficient as required by law, then the "Complaint" should be dismissed.

## Eleventh Defense

The State of Texas specifically contests the status of Brown Water Towing I, Inc. and Brown Water Marine Service, Inc., to seek exoneration or limitation of liability under the Limitation Act for the allision.

## Twelfth Defense

The State of Texas reserves the right to file a direct action against the underwriters of Brown Water Towing I, Inc., Brown Water Marine Service, Inc. and/or the BROWN WATER V, as well as against any other person, corporation, entity and/or vessel whose fault, neglect, negligence, unseaworthiness or of lack of due care may have caused or contributed to the allision. And the State of Texas also avers that under the rule of joint and several liability, it is entitled to recover all of its damages from Brown Water Towing I, Inc., Brown Water Marine Service, Inc., and/or the BROWN WATER V, even if any other persons, corporations, entities and/or vessels are ultimately found to be responsible for the allision.

## CLAIM

AND NOW, without consenting to jurisdiction or waiving its sovereign immunity, but instead expressly reserving its rights under the Eleventh Amendment of the United States Constitution, the State of Texas asserts its claim against Brown Water. For the

reasons set forth in the First Defense contained within its Answer, the State of Texas avers that its claims against Brown Water should not be subject to this exoneration/limitation of liability action and that the State of Texas should be free to pursue its claims against Brown Water in the Cameron County suit.  Strictly in the alternative, as is set out in its Second Defense, the State of Texas avers that the proceedings in the instant suit should be limited solely to adjudication of the question of whether Brown Water is entitled to limit its liability under the Limitation Act.  Once this Honorable Court denies Brown Water exoneration and limitation, the State of Texas is entitled to and demands the right to try all remaining issues, particularly including but not limited to the State of Texas' damage claims, before a jury in the Cameron County suit.  The following claim is asserted subject to and without waiving these positions.

## Parties

### 1.

The Attorney General of Texas, through the undersigned Assistant Attorney General, brings this claim by and on behalf of the sovereign State of Texas and its political subdivisions.

### 2.

Brown Water Towing I, Inc. (sometimes referred to as "Towing") is a Texas corporation that maintains its principal office and place of business in Rockport, Texas and

may be served with process through its registered agent, Stephen H. Mosher, 320 Cove

Harbor South, Rockport, Texas 78382.

### 3.

Brown Water Marine Service, Inc. (sometimes referred to as "Marine") is a Texas

corporation that maintains its principal office and place of business in Rockport, Texas and

may be served with process through its registered agent, Hugh T. Chapman, 320 Cove

Harbor, Box 2205, Rockport, Texas 78382.

### Facts

### 4.

At all times pertinent to this action, the State of Texas owned the Queen Isabella

Causeway ("Causeway") and its foundation and support structures. The Causeway is the

only bridge connecting South Padre Island to the mainland.

### 5.

In the pleadings that it has filed in this Court, Towing has alleged that at all times

pertinent to this action, it was the owner of the T/V BROWN WATER V.

### 6.

In the pleadings that it has filed in this Court, Marine has alleged that at all times

pertinent to this action, it was the bareboat charterer of the T/V BROWN WATER V.

### 7.

Towing and Marine are alter egos of each other and are both liable for the

management, manning, condition, unseaworthiness and operation of the T/V BROWN WATER V.

**8.**

On or about September 15, 2001, the T/V BROWN WATER V was towing several barges in navigable waters in or near Port Isabel, Texas when the flotilla struck one of the Causeway's supports, causing several 80-foot segments of the Causeway to collapse into the Laguna Madre Channel and damaging other portions of the bridge. (This event is referred to as "the allision."). The Causeway and its supporting structures required and have undergone substantial repairs.

**9.**

As a consequence of several sections being knocked out of the Causeway, some nine vehicles drove off the bridge. Eight people who were occupants of those vehicles lost their lives due to the allision. The allision also caused a number of personal injuries.

**10.**

As a result of the allision, the State of Texas expended substantial sums on search and rescue, salvage, recovery, investigation, survey, engineering, cleanup, repair and other operations.

**11.**

The State of Texas undertook immediate and substantial efforts to mitigate the damage caused by the allision. For example, the State of Texas arranged for repairs of the

Causeway to be conducted on an expedited basis, and the repairs were, in fact completed well ahead of schedule. Nevertheless, as a result of the allision, the channel was closed to marine traffic until September 19, 2001 and the Causeway was closed to vehicular traffic until November 21, 2001. During the time that the Causeway was closed, since there is no other bridge leading to South Padre Island, ferryboats had to be chartered to provide access to the island. A dock had to be constructed to accommodate vehicles. Despite all of these efforts to mitigate the damages caused by the allision, the operations of various hotels, restaurants, shops, recreational facilities and other businesses on South Padre Island have been and will continue to be negatively impacted by the allision. Likewise, unemployment claims for South Padre Island and the surrounding area drastically increased following the allision. The State of Texas has lost and will continue to lose the associated tax revenues and other revenues that would have been generated but for the allision. Additionally, the State of Texas has been required to pay and will continue to pay substantial amounts of unemployment benefits and other associated benefits that would not have been necessary had Brown Water not caused the allision.

## **Causes of Action**

### **12.**

The State of Texas avers that the aforesaid allision and all resulting damages were proximately caused by the sole, joint, and/or concurrent negligence and fault of Brown Water, its officers, agents, servants, employees, masters and crews, and by the

unseaworthiness of the BROWN WATER V and her flotilla, all of which was within the

privity and knowledge of the owners and management of Brown Water.  In particular, the

allision was caused by the independent negligence and fault of the owners and management

of Brown Water.  The allision was also caused by the negligent operation of the T/V

BROWN WATER V, as well as by the unseaworthiness of the T/V BROWN WATER V,

all of which was within the privity and knowledge of the owners and management of

Brown Water.  Brown Water was negligent and at fault, and the T/V BROWN WATER

V was unseaworthy in the following particulars, among others, which will be brought out

upon trial:

      a.    Failing to maintain a proper lookout;

      b.    Failing to chart and maintain a safe course;

      c.    Failing to use GPS, radar, navigation charts, and other navigational equipment and information properly;

      d.    Failing to obtain and utilize information regarding the weather conditions, winds and currents that would be encountered during the service in which the T/V BROWN WATER V was engaged at the time of the allision;

      e.    Failing to maintain and/or consult appropriate weather, wind and current information onboard the T/V BROWN WATER V and failing to notify the crew of the T/V BROWN WATER V of weather conditions, winds and currents that were likely to be encountered during the voyage and that were known by the management of Brown Water to be prevalent in the area of the allision;

      f.    Failing to take appropriate action to determine the risk of allision;

State of Texas Answer and Claim       Page 15

g.     Failing to take appropriate action to avoid the allision;

h.     Failing to proceed at a safe speed appropriate to the prevailing circumstances;

i.     Maneuvering improperly;

j.     Failing to properly train and inform the crew of the T/V BROWN WATER V;

k.     Violating the Inland Rules of Navigation and/or the local navigation customs of the area where the allision occurred;

l.     Failing to have properly functioning and/or sufficient weather, wind, current, navigation, steering, propulsion, power and allision avoidance systems and information aboard the T/V BROWN WATER V to enable her to safely perform the service in which she was engaged at the time of the allision;

m.     Undertaking the voyage when the weather, wind, current, navigation, steering, propulsion, power and allision avoidance systems and information onboard the T/V BROWN WATER V were not functioning properly and/or were insufficient to enable her to safely perform the service in which she was engaged at the time of the allision;

n.     Assigning the T/V BROWN WATER V to a tow that she was not equipped to perform safely and failing to provide her with any assistance;

o.     Failing to ensure that the crew of the T/V BROWN WATER V properly monitored the operations of the vessel;

p.     Failing to adopt, implement and enforce proper policies and procedures to avoid an incident of this type;

q.     Failing to discover and remedy the negligence of the crew of the T/V BROWN WATER V and the unseaworthiness of the vessel;

r.     Failing to adopt, implement and enforce adequate hiring practices to ensure those persons in command of Brown Water vessels had the ability and experience necessary for safe operation of the vessels and their flotillas:

s.     Failing to remedy the systemic safety problems that were prevalent throughout the Brown Water operation long in advance of this allision;

t.     Allowing the T/V BROWN WATER V to leave on the voyage during which the allision occurred while her master had knowledge of the unseaworthy conditions set forth above;

u.     Failing to man the T/V BROWN WATER V with a competent crew;

v.     Violating applicable laws and regulations, including but not limited to applicable Coast Guard and OSHA laws and regulations;

w.     Any and all other such acts of fault, neglect, negligence, lack of due care and unseaworthiness as may be shown at the trial of this matter.

## 13.

The State of Texas avers that each and every one of the aforementioned acts, omissions, and/or unseaworthy conditions was within the privity and knowledge of the owners and management of Brown Water.

## 14.

The State of Texas avers that Brown Water is presumed to be at fault by virtue of the presumption of fault that arises when a moving vessel strikes a stationary object.

## 15.

The State of Texas avers that Brown Water is presumed to be at fault by virtue of the *Rule of the PENNSYLVANIA*, in that Brown Water and the T/V BROWN WATER V violated applicable Coast Guard and OSHA laws and regulations, as well as numerous Rules of the Road, including, but not limited to, Rule 5 (lookout), Rule 6 (safe speed), Rule 7 (risk of allision) and Rule 8 (action to avoid allision).

## 16.

The State of Texas specifically pleads the application of the doctrine of *res ipsa loquitur*, because the T/V BROWN WATER V and her tow were, at all material times, under the exclusive custody and control of the Defendants, and the casualty described above is of the type that does not ordinarily occur in the absence of negligence.

### Damages

## 17.

As a direct and proximate result of the negligence of Brown Water and the unseaworthiness of the T/V BROWN WATER V, the State of Texas has sustained extensive damage relating to the evaluation and repairs that were needed to the Causeway and the foundation and supporting structures associated therewith.  The State of Texas is entitled to recover the reasonable and necessary cleanup, survey, investigative, engineering and repair costs that have been and will be expended and incurred as a result of the allision.  These costs include the value of services of employees of both the State of Texas

and of third party contractors. Additionally, the State of Texas is entitled to recover for any diminution in the value of any State property.

**18.**

As a direct and proximate result of the negligence of Brown Water and the unseaworthiness of the T/V BROWN WATER V, the State of Texas was forced to close the channel to marine traffic until September 19, 2001, and was also forced to close the Causeway to vehicular traffic until November 21, 2001. The State of Texas also expended substantial amounts to charter ferries to transport vehicles and people to and from South Padre Island, and was forced to incur the cost of building a dock to accommodate vehicles. All of these expenses were reasonable and necessary, and the State of Texas is entitled to recovery of all such expenses.

**19.**

For the loss of use of the roadway and waterway, and attendant expense and inconvenience to the motoring public and to marine traffic, the State of Texas asserts a claim for loss of use damages against Brown Water in an amount to be determined.

**20.**

As a direct and proximate result of the negligence of Brown Water and the unseaworthiness of the T/V BROWN WATER V, the State of Texas was forced to expend substantial amounts for emergency response, search and rescue operations, salvage operations, recovery operations and other miscellaneous operations. These expenses

include, but are not limited to the value of services of employees of both the State of Texas and of third party contractors. All of these expenses were reasonable and necessary, and the State of Texas is entitled to recovery of all such expenses.

### 21.

As a direct and proximate result of the negligence of Brown Water and the unseaworthiness of the T/V BROWN WATER V, the State of Texas has sustained and will continue to sustain a loss of tax revenues and other revenues from various hotels, restaurants, shops, entertainment facilities, and other businesses located on South Padre Island and from closure of the waterway. The State of Texas is entitled to recovery of all such lost tax revenues and other revenues.

### 22.

As a direct and proximate result of the negligence of Brown Water and the unseaworthiness of the T/V BROWN WATER V, the State of Texas has paid and will continue to pay substantial amounts of unemployment benefits and other associated benefits that would not have been necessary had Brown Water not caused the allision. The State of Texas is entitled to recovery of all such unemployment benefits and other associated benefits.

### 23.

Although the allision was caused solely by the negligence of Brown Water and the unseaworthiness of the T/V BROWN WATER V, the State of Texas anticipates that some

State of Texas Answer and Claim                                           Page 20

of the individuals injured in the allision, some of the survivors of some of the people who lost their lives in the allision, some businesses, and possibly some other claimants, may assert claims or suits against the State of Texas in connection with the aforesaid incident. The State of Texas avers that should any such claims or suits be brought against it, the State of Texas is entitled to recovery of full indemnity over and against Brown Water for any judgment rendered or settlement reached in favor of any persons, entities or parties who may assert claims or suits against the State of Texas as a result of the above described allision.

### 24.

Strictly in the alternative, the State of Texas is entitled to contribution from Brown Water for any judgment rendered or settlement reached in favor of any persons, entities or parties who may assert claims or suits against the State of Texas as a result of the above described allision.

### 25.

The State of Texas is entitled to recovery from Brown Water for pre-judgment interest and post judgment interest to the maximum amount allowable by law, as well as reasonable attorney's fees and court costs as authorized by Section 402.006(c) of the Texas Government Code.

### 26.

In the event that a judgment is rendered in this cause of action in favor of the State

of Texas and an appeal is taken by the Brown Water, and in the further event that the judgment is affirmed, the State of Texas avers that it is entitled to receive a fee in an amount equal to ten percent of the amount collected up to $1,000 and five percent of the amount collected in excess of $1,000, pursuant to Section 402.006(a) of the Texas Government Code.

## 27.

The State of Texas' total damages are unknown at present and are continuing.

## **JURY DEMAND**

## 28.

The State of Texas has demanded a jury trial in the Cameron County suit. For the reasons set forth in the First Defense contained within its Answer, the State of Texas avers that its claims against Brown Water should not be subject to this exoneration/limitation of liability action and that the State of Texas should be free to pursue its jury claims against Brown Water in the Cameron County suit. Strictly in the alternative, as is set out in its Second Defense, the State of Texas avers that the proceedings in the instant suit should be limited solely to adjudication of the question of whether Brown Water is entitled to limit its liability under the Limitation Act. Once this Honorable Court denies Brown Water exoneration and limitation, the State of Texas is entitled to and demands the right to try all remaining issues, particularly including but not limited to the State of Texas' damage claims, before a jury in the Cameron County suit. Strictly in the alternative to its primary

position that it is entitled to try its entire claim to a jury in the Cameron County suit, and
to its alternative position that it is entitled to try its damage claim to a jury in the Cameron
County suit, the State of Texas avers that if its damages were to be tried in this Court, the
State of Texas would be entitled to a trial by jury with respect to its damage claims against
Brown Water.

**PRAYER**

WHEREFORE, the State of Texas, respectfully prays that this "Answer and Claim
of the State of Texas" be deemed good and sufficient, and that after due proceedings be
had, there by judgment in favor in the State of Texas and against Brown Water, dismissing
Brown Water's "Complaint" as respects the State of Texas with prejudice and at Brown
Water's cost, or, alternatively, denying Brown Water's request for exoneration, finding
Brown Water and the T/V **BROWN WATER V** to be legally responsible for the allision
and all resulting damages, denying Brown Water's request for limitation of liability,
remanding the damage claim of the State of Texas to be determined by the jury in the
lawsuit captioned *The State of Texas v. Brown Water Towing I, Inc. and Brown Water
Marine Service, Inc.,* which bears Cause No. 2001-09-4137-A on the docket of the 107th
Judicial District Court for Cameron County, Texas, and dismissing Brown Water's
Complaint with prejudice and at Brown Water's cost.  Strictly in the alternative to its
position that its claims against Brown Water should not be subject to this exoneration/
limitation of liability action and that the State of Texas should be free to pursue its jury

State of Texas Answer and Claim                                                    Page 23

claims against Brown Water in the Cameron County suit and to its alternative position that the damage claims of the State of Texas should be determined by the jury in the aforementioned state court suit, the State of Texas prays that if its damages are tried in this Court, the trial be by jury, and that there be judgment in favor of the State of Texas and against Brown Water and its underwriters on the claim filed herein by the State of Texas for all such actual and contingent damages as the State of Texas may be able to prove at the trial of its damages, together with interest from date of loss until paid in full, attorney's fees, costs and expenses as provided by law. Additionally, the State of Texas prays for all other general and equitable relief that this Honorable Court may deem fit and proper and that this Honorable Court is competent to grant.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

GRADY CLICK
Assistant Attorney General
Chief, Transportation Division

_____

JACK F. GILBERT
Assistant Attorney General
Attorney-in-Charge
Texas Bar No. 00786946
Federal Bar No. 16701

OF COUNSEL:

MARGIE MANZANO CORBETT
Assistant Attorney General
Texas Bar No. 24001927
Federal Bar No. 22121

Office of The Attorney General
Transportation Division
P.O. Box 12548
Austin, Texas 78711-2548
Ph.: 512.463.2004
Fax: 512.472.3855

AND OF COUNSEL:

ADAMS AND REESE LLP

DARYL G. DURSUM
Texas Bar No. 06287900
Federal Bar No. 6198
4400 One Houston Center
1221 McKinney
Houston, TX  77010
Ph.: 713.652.5151
Fax: 713.652-5152

**ATTORNEYS FOR THE STATE OF TEXAS**

# CERTIFICATE OF SERVICE

I certify that on the 8ᵗ⁴ day of March, 2002, a true and correct copy of the foregoing document was served upon all counsel of record, VIA US Mail, return receipt requested, and/or via first class US Mail, as indicated below,  pursuant to Fed. R. Civ. P. 5 as follows:

**VIA CERTIFIED US MAIL, RRR:**

**Attorneys for Petitioners Brown Water:**

Will W. Pierson
Royston, Rayzor, Vickery & Williams, L.L.P.
1700 Wilson Palza West
606 N. Crancahua
Corpus Christi, Texas 78476

Keith N. Uhles
Royston, Rayzor, Vickery & Williams, L.L.P.
55 Cove Circle
Brownsville, Texas 78521

**Attorneys for American Commercial Barge Lines:**

Leslie D Cassidy, III
Woolsey & Cassidy, PC
1020 Bank of America
500 North Water St.
Corpus Christi, TX 78471

Glen Goodier
Jones, Walker, Waechter,
          Poitevent, Carrere & Denegre, L.L.P.
201 St. Charles Avenue, 48th Floor
New Orleans, Louisiana 70170-5100

**VIA FIRST CLASS US MAIL:**
**Attorney for William Welch, Minor:**

Veronica Farias
Attorney-at-Law
2854 Boca Chica Blvd
Brownsville, Texas 78520

**Attorney for William Morris Welch:**
James B. Manley
Attorneys at Law
3616 Preston Road
Pasadena, Texas 77505

**Attorneys for Lydia Zamora, Indiv., and as Rep of the Estate of Hector Martinez, Jr., deceased;Gustavo Morales; Bigo's Inter., L.L.C.;Estaban F. Rivas & Maria Miriam Rivas, Inv. And as Rep. of Estate of Stevan F. Rivas; Jacqueline Paddock, Indv. and A/N/F of William B. Welch as Rep. of the  Estate of Chelsea Welch:**
Ray R. Marchan
Watts & Heard. L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520

**Attorneys for Estaban F. Rivas & Maria Miriam Rivas, Inv. And as Rep. of Estate of Stevan F. Rivas:**
John David Franz
Attorney at Law
400 N. McCool
McAllen, Texas 78501

John Chadwick Gauntt
Guantt & Kuppstadt
9004 Forest Crossing Drive
Suite C
The Woodlands, Texas 77381

**Attorney for Laguna Madre Water District:**
Juan A. Magallanes
Magallanes, Hinojosa & Mancias, P.C.
1713 Boca Chica Blvd.
P.O. Box 4901
Brownsville, Texas 78520

**Attorney for Southwestern Bell Telephone Co.:**

Geoffrey Amsel
Southwestern Bell
1010 N. St. Mary's St.. Rm. 1403
San Antonio, Texas 78215

**Attorneys for Raquel Teran Hinojosa, Indv. and on behalf of the Estate of Gaspar Hinojosa, deceased, Clarissa Hinojosa, Omar Garcia Hinojosa, and Gaspar Hinjosa II:**

Robert E. Ammons
Stevenson & Ammons
3700 Montrose Blvd.
Houston, Texas 77006

Julian Rodriguez, Jr.
Barrera & Tijerina
100 W. Pecan
McAllen, Texas 78501

Ramon Garcia
Attorney at Law
222 W. University Dr.
Edinburg, Texas 78539

**Attorney for Martin D. Hinojosa, Indv. and as heirs of the Estate of Gaspar Hinojosa, and Rita S. Hinojosa, Indv. and as heirs of the Estate of Gaspar Hinojosa:**

Julian Rodriguez, Jr.
Barrera & Tijerina
100 W. Pecan
McAllen, Texas 78501

**Attorneys for Bridgette Goza:**

Ray R. Marchan
Watts & Heard, L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520

Thomas E. Quirk
Aaron & Quirk
901 NE Loop 410
San Antonio, Texas 78209

**Attorney for Rene Mata and Frank Mata:**

Raymond L. Thomas, Jr.
Andres H. Gonzalez, Jr.
Kittlemean, Thomas, Ramirez & Gonzalez
4900-B North 10th St.
McAllen, Texas 78504

**Attorney for Anita Harris, Indv. and as Next Friend of Victor Justin Harris and as Rep. of the Estate of Robert V. Harris:**

Mr. Heriberto Medrano
Law Offices of Heriberto Medrano
1101 West Tyler
Harlingen, Texas 78550

**Attorney for Hector Martinez, Sr.:**

Jim Hart
William Bailey Law Firm
8441 Gulf Freeway
Suite 600
Houston, Texas 77017-5001

**Robert and Virginia Fandrich:**

Robert and Virginia Fandrich
5101 Verdi Way
Stockton, California 95207-5319

**Attorney for Ricky Leavall and Carol Leavall, Indv. and as Rep. of the Estate of Robin Faye Leavall, deceased:**

Steve Q. McManus
William Q. McManus
McManus & Crane, L.L.P.
209 West Juan Linn
P.O. Box 2206
Victoria, Texas 77902-2206

State of Texas Answer and Claim                                    Page 27

**Attorney for ZT, Inc. d/b/a Wings & Mirage**

Mr. Phil A. Bellamy
Law Office of Phil A. Bellamy
815 Ridgewood
Brownsville, Texas 78520

**Attorney for Daisy Harris as Admn.**
**of the Estate of Robert Victor Harris:**

Ms. Sandra D. Laurel
Snow & Laurel, L.L.P.
310 West Sunset
San Antonio, Texas 78209

**Attorney for Port Isabel:**

Mr. Brian G. Janis
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284

**Attorney for Cameron County:**

George C. Kraehe
Willette & Guerra, L.L.P.
3505 Boca Chica Blvd., Ste. 460
Brownsville, Texas 78521

**INTERESTED PARTIES:**

Mr. William R. Edwards
The Edwards Law Firm, L.L.P.
1400 Frost Bank Plaza
Corpus Christi, Texas 78403-0480


United States Department of Transportation
c/o Hon. Greg Serres, United States Attorney
600 East Harrison, Suite 201
Brownsville, Texas 78520-7114


A.G. Hill Power
c/o Ms. Janet Thompson
6654 Leopard Street
Corpus Christi, Texas 78409

Central Power & Light
c/o C.T. Corporation System
350 N. St. Paul Street
Dallas, Texas 75201

Outdoor RV Resorts South Padre
c/o Mr. Dave Fletcher
900 South Garcia Street
Port Isabel, Texas 78578

Long Island Bridge Company
c/o Mr. John R. Freeland
806 Pecan St.
McAllen, Texas 78501

Ms. Heather Askwig
2332 West Solano Drive
Phoenix, Arizona 85015

Ms. Edith Curtis
4268 Airport Road
Tioga, Texas 76271

Ms. Kay Keese
P.O. Box 457
Bells, Texas 75414

Mr. Doyle McClendon
3211 North Inspiration Road, Apt. 2
Mission, Texas 78572

Charles and Darla Nathanson
23102 Botkins Road
Hockley, Texas 77447

Ms. Annaca Page
16810 Tranquil Drive
Sugar Land, Texas 77478

Ms. N. Fay Rutledge
726 Partridge Lane
Eagle Lake, Texas 77434

Mr. Romeo Miller
3106 Barnes Bridge
Dallas, Texas 75228

State of Texas Answer and Claim

Department of the Army
Corps of Engineers
ATTN: Mr. Elijio Garza, Area Engineer
1920 North Chaparral Street
Corpus Christi, Texas 78401

Texas Parks & Wildlife Department
ATTN: Mr. Boyd Kennedy, Staff Attorney,
Law Enforcement Division
4200 Smith School Road
Austin, Texas 78744

Commanding Officer
Attn: Lt. D.J. Fassero
United States Coast Guard
Marine Safety Office-Corpus Christi
400 Mann Street, Ste. 210
Corpus Christi, Texas 78401

Ms. Mary Ann Courter
Texas Department of Public Safety
5805 Lamar Boulevard
P.O. Box 4087
Austin, Texas 78773-0001

Colleen Forster
5652 Pinon Vista Drive
Austin, Texas 78724

Eileen Peeples
P.O. Box 283
New Caney, Texas 77357

W. Lamoine Holland
1920 Nacogdoches Road, suite 100
San Antonio, Texas 78209

S. Mark Strawn
Schirremeister Ajamie, L.L.P.
711 Louisiana St., suite 2150
Houston, Texas 77002

Yolanda De Leon
District Attorney
Cameron County Courthouse
974 E. Harrison St.
Brownsville, Texas 78520-7190

JACK F. GILBERT

State of Texas Answer and Claim

Page 29