79

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 8 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | C.A. NO. B-02-004 |
| PETITION OF AMERICAN | § | Consolidated with |
| COMMERCIAL LINES LLC, AS | § | Lead Case |
| OWNER, and AMERICAN | § | C.A. NO. B-01-157 |
| COMMERCIAL BARGE LINE LLC, | § | |
| AS CHARTERER OF THE BARGES | § | (Subject to Rule 9(h) |
| NM-315, VLB-9182, ACL-9933B, | § | of the Federal Rules |
| VLB-9173, IN A CAUSE OF | § | of Civil Procedure) |
| EXONERATION FROM OR | § | Admiralty |
| LIMITATION OF LIABILITY | § | |
| | § | |

## CLAIMANT'S CLAIM AND ANSWER TO PETITIONERS' VERIFIED COMPLAINT AND PETITION FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HECTOR MARTINEZ, SR., ("Claimant") and under protest and without prejudice to Claimant's position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed, files his claim and answer to the Verified Complaint for Exoneration from or Limitation of Liability that AMERICAN COMMERCIAL LINES LLC ("ACL"), AS OWNER, and AMERICAN COMMERCIAL BARGE LINE LLC ("ACBL"), AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B,VLB-9173 ("Petitioners"), have filed herein.

In support thereof, Claimant would show this Court as follows:

1

## I.

## **Proof of Claim**

On September 15, 2001, the M/V Brown Water V, owned and operated by Brown Water Towing I, and bareboat chartered from Brown Water Marine Service, Inc. had four (4) inland cargo barges in tow. The barges were owned by ACL and chartered and operated by ACBL. The M/V Brown Water V and its tow rammed the Port Isabel Causeway causing a section of the bridge to collapse. On or about September 15, 2001, while operating his motor vehicle and while traveling along and upon the Queen Isabella Causeway in Port Isabelle, Cameron County, Texas, Hector Martinez, Jr, son of Claimant, was severely and fatally injured as a result of the acts and/or conditions of the barges NM-315, VLB-9182, ACL-9933B, VLB-9173, its owners, masters, charterers and/or their employees.

Hector Martinez, Jr.'s death and damages as well as Claimant's damages, were proximately caused by the negligence of ACL and/or ACBL, and the unseaworthiness of ACL's and/or ACBL's vessels and equipment making up the tow flotilla in question. Claimant would show that the above conduct evidences ACL's and/or ACBL's disregard for the rights, safety, and welfare of Hector Martinez, Jr. as same were wilful, wanton, and flagrant to such an extent as to constitute gross negligence.

The injuries and damages of claimant far exceed the value pled by ACL and/or ACBL in seeking limitation of liability. These damages include pecuniary losses from the death of Hector Martinez, Jr., including loss of care, maintenance, support, services, advice, counsel, loss of companionship and society, mental anguish and contributions of a pecuniary value that Claimant should, in reasonable probability, have received from Hector Martinez, Jr. during his lifetime.

Claimant also seeks any and other damages provided under any applicable laws, including Texas State law, regarding this incident. Claimant Hector Martinez, Sr., as a result of Petitioners' negligence and resulting injuries therefrom has been damaged in that he has lost his son's consortium, including: affection, solace, comfort, assistance, emotional support, love and felicity. Claimant Hector Martinez, Sr., seeks to recover damages for his mental anguish, emotional pain, suffering and bereavement, as well as, for the loss of companionship, love support and society he has experienced in the past and will, in all reasonable probability, experience in the future.

WHEREFORE, PREMISES CONSIDERED, Claimant demands judgment against Petitioners in an amount to be determined by this Court, in addition to interest and costs.

## II.

## Answer to Complaint

COMES NOW, HECTOR MARTINEZ, SR., ("Claimant"), and under protest and without prejudice to Claimant's position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed, files his answer to the Verified Complaint of AMERICAN COMMERCIAL LINES LLC, AS OWNER, and AMERICAN COMMERCIAL BARGE LINE LLC, AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, ("Petitioners"), seeking exoneration from or limitation of liability.

In support thereof, Claimant answer follows:

1. Claimant can neither admit or deny the allegations contained in paragraph I of Petitioner's Complaint, and therefore, denies the same.

2. Claimant can neither admit or deny the allegations contained in paragraph II of the Complaint, and therefore, denies the same.

3

3.  Claimant can neither admit or deny the allegations contained in paragraph III of the Complaint, and therefore, denies the same.

4.  Claimant denies the allegations contained in paragraph IV.

5.  Claimant admits on or about September 15, 2001, the M/V Brown Water V, bareboat charterer Brown Water Service Marine, Inc, had the barges in tow, and the towage terminated on or about September 15, 2001. Claimant denies the remaining allegations contained in paragraph V.

6.  Claimant admits the allegations contained in paragraph VI.

7.  Claimant denies the allegations contained in paragraph VII.

8.  Claimant denies the allegations contained in paragraph VIII.

9.  Claimant admits the allegations contained in paragraph IX.

10. Claimant is without knowledge or information to either admit or deny the allegations contained in paragraph X, and therefore, denies the same.

11. Claimant denies the allegations contained in paragraph XI.

12. Claimant is without knowledge or information to either admit or deny the allegations contained in paragraph XII, and therefore, denies the same.

13. Claimant is without knowledge or information to either admit or deny the allegations contained in paragraph XIII, and therefore, denies the same.

14. Claimant is without knowledge or information to either admit or deny the allegations contained in paragraph XIV, and therefore, denies the same.

15. Claimant is without knowledge or information to either admit or deny the allegations contained in paragraph XV, and therefore, denies the same.

16. Claimant is without knowledge or information to either admit or deny the allegations contained in paragraph XVI, and therefore, denies the same.

17. Claimant is without knowledge or information to either admit or deny the allegations contained in paragraph XVII, and therefore, denies the same.

18. Claimant denies that Petitioner is entitled to the relief sought in its prayer.

Now, further answering, Claimant makes the following affirmative allegations:

19. Claimant would show that Petitioners are not entitled to limitations of liability for the reason that said acts of negligence and conditions of unseaworthiness which caused the injuries and damages sustained by Claimant were within the privity and knowledge of Petitioners, or any of Petitioners' directors, officers, stockholders or agents.

20. Without waiving his claim that Petitioners are not entitled to an exoneration from or limitation of liability, Claimant reserves the right to demand a trial by jury in the forum of his choice pursuant to the "Savings to Suitors" clause of the Judiciary Act of 1789. 28 U.S.C. § 1333.

21. Without waiving their claims that Petitioners are not entitled to an exoneration from or limitation of liability, Claimant reserves the right provided under Rule F(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure to demand that the amount of security referred to in Petitioners's Complaint be increased on the grounds that it is less than the Petitioner's interest in the barges NM-315, VLB-9182, ACL-9933B, VLB-9173 or on the grounds that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury. 46 U.S.C. § 183(b)-(f).

5

WHEREFORE, PREMISES CONSIDERED, Claimant prays that this Honorable Court dismiss the Verified Complaint of AMERICAN COMMERCIAL LINES LLC, AS OWNER, and AMERICAN COMMERCIAL BARGE LINE LLC, AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, and grant Claimant any other relief, both legal and equitable, to which he is entitled.

Respectfully Submitted,

*/s/ Jim S. Hart*

JIM S. HART
TBN: **09147400**
Federal I.D. **14548**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 230-2312
(713) 643-6226 (Facsimile)
**ATTORNEY IN CHARGE**

Of Counsel:

WILLIAMS BAILEY LAW FIRM, L.L.P.
BYRON M. BUCHANAN
TBN: 00796268
Federal I.D. 20594
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 230-2312
(713) 643-6226 (Facsimile)

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing Claimant's Claim and Answer to Petitioners' Verified Complaint and Petition for Exoneration from and/or Limitation of Liability was forwarded via overnight courier, on this 7th day of March, 2002, to Leslie D. Cassidy, III Woolsey & Cassidy, 500 N. Water Street, Suite 1020, Corpus Christi, TX 78471, and also via fax, and to all other counsel of record by regular mail.

_____
JIM S. HART

7