IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 2 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| IN RE THE COMPLAINT AND § <br> PETITION OF AMERICAN § <br> COMMERCIAL LINES, LLC, AS § <br> OWNER and AMERICAN COMMERCIAL § <br> BARGE LINE, LLC AS CHARTERER, OF § <br> BARGES NM-315, VLB-9182, ACL-9933B, § <br> VLB-9173, IN A CAUSE OF § <br> EXONERATION FROM OR § <br> LIMITATION OF LIABILITY § | CIVIL ACTION <br><br> NO. B-01-157 (CONSOLIDATED WITH B-02-004) |

### ANSWER OF ESTEBAN F. RIVAS AND MIRIAM RIVAS INDIVIDUALLY, AND AS REPRESENTATIVES OF THE ESTATE OF STVAN F. RIVAS TO THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES, LLC, AS OWNER AND AMERICAN COMMERCIAL BARGE LINE, LLC AS CHARTERER OF BARGES NM-315, VLB-9182, ACL-9933B AND VLB-9173 IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY, CIVIL AND MARITIME

TO THE HONORABLE JUDGE OF SAID COURT:

ESTEBAN F. RIVAS AND MIRIAM RIVAS, INDIVIDUALLY, AND AS REPRESENTATIVES OF THE ESTATE OF STVAN F. RIVAS (herinafter referred to as "Claimants") file this Answer to the COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES, LLC, AS OWNER AND AMERICAN COMMERCIAL BARGE LINE, LLC, AS CHARTERER OF BARGES NM-315, VLB-9182, ACL-9933B AND VLB-9173 IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY, CIVIL AND MARITIME, originally filed as CAUSE NO. B-02-004 IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION, and on information and belief respectfully show the following:

I.

Claimants can neither admit nor deny the allegations contained in paragraph I of Petitioners' pleading.

II.

Claimants can neither admit nor deny the allegations contained in paragraph II of Petitioners' pleading.

III.

Claimants deny the allegations contained in paragraph III of Petitioners' pleading.

IV.

Claimants deny the allegations contained in paragraph IV of Petitioners' pleading. Claimants deny that the barges were at all times material hereto and in all respects seaworthy and properly and efficiently manned, supplied, equipped and furnished, all in good order and condition, and suitable for the service in which they were engaged.

V.

Claimants do not deny the allegations contained in paragraph III, however, Claimants deny that the barges were under the sole care, custody and control of Brown Water and the captain and crew of the M/V Brown Water V as alleged.

VI.

Claimants do not deny the allegations contained in paragraph number VI.

VII.

Claimants deny the allegations contained in paragraph number VII.

VIII.

Claimants deny the allegations contained in paragraph number VIII.

IX.

Claimants do not deny the allegations contained in paragraph number IX.

X.

Claimants deny the allegations contained in paragraph number X of Petitioner's pleading.

XI.

Claimants deny the allegations contained in paragraph number XI of Petitioner's pleading. Claimants deny that the amount alleged in paragraph number XI of petitioner's pleading is sufficient to cover the value of Petitioner's interest in the barges, their pending freight at the termination of the voyage in question, together with interest at the rate of 6% per annum from the date of the Letter of Undertaking and for costs. Additionally, Claimants contend that any limitation of liability allegation by Petitioners must include the value of all of owner's vessels at its home port, and said value should be made part of the limitation fund. Claimant denies that any limitation should apply even if the entire value of the owner's flotilla is computed for the limitation.

XII.

The Claimants cannot admit or deny the allegations contained in paragraph XII.

XIII.

Claimants can neither admit nor deny the allegations contained in paragraph number XIII of Petitioner's pleadings.

XIV.

Claimants can neither admit nor deny the allegations contained in paragraph number XIV of Petitioner's pleading.

XV.

Claimants can neither admit nor deny the allegations contained in paragraph number XV of Petitioner's pleading.

XVI.

Claimants can neither admit nor deny the allegations contained in paragraph number XVI of Petitioner's pleading.

XVII.

Claimants can neither admit nor deny the allegations contained in paragraph number XVII of Petitioner's pleading.

XVIII.

(1) Claimants have no objection to the contents of paragraph XVIII(1) of Petitioner's pleading.

(2) Claimants have no objection to the contents of paragraph XVIII(2) of Petitioner's pleading.

(3) Claimants object to and deny that Petitioners are entitled to the relief requested in the contents of paragraph XVIII(3) of Petitioner's pleading.

(4) Claimants object to and deny that Petitioners are entitled to the relief requested in paragraph XVIII(4) of petitioner's pleading.

(5) Claimants deny that Petitioners are entitled to the relief requested in paragraph XVIII(5)(a) of Petitioner's pleading.

WHEREFORE PREMISES CONSIDERED, Claimants Esteban F. Rivas and Miriam Rivas, Individually and as Representatives of the Estate of Stvan F. Rivas, pray that this court deny petitioner's claim for limitation of liability and that Claimants be allowed to recover the

full amount of damages as determined by the Court and for such other and further relief as the Claimants are justly entitled.

Respectfully submitted on this the 12th day of March, 2002.

Respectfully submitted,

*[signature]*

John David Franz
State Bar No. 07389200
Fed. I.D. No. 1190

**Law Office of John David Franz**
400 North McColl
McAllen, Texas 78501
(956) 686-3300
956) 686-3578 (fax)
Attorney in Charge


J. Chad Gauntt
State Bar No. 07765990
Federal I.D. No. 14135
**Gauntt & Kruppstadt, L.L.P.**
9004 Forest Crossing Dr., Suite C
The Woodlands, Texas 77381
Tel. (281) 367-6555
Fax (281) 367-3705
Attorneys for Esteban F. Rivas and
Miriam Rivas, Individually and as
Representative of the Estate of Stvan F. Rivas

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties, or their attorneys of record, in compliance with the Texas Rules of Civil Procedure on this 12th day of March, 2002 as indicated below:

Les Cassidy
**Woolsey & Cassidy, P.C.**
1020 Bank of America
500 N. Water Street
Corpus Christi, Texas 78471

Will W. Pierson
**Royston, Razor, Vickery & Wiliams,LLP**
1700 Wilson Plaza
606 Carancahua
Corpus Christi, Texas 78476

Keith N. Uhles
**Royston, Razor, Vickery & Williams, LLP**
P.O. Box 3509
Brownsville, Texas 78523

Veronica Farias
Attorney at Law
2854 Boca Chica Blvd.
Brownsville, Texas 78520

Ray R. Marchan
**Watts & Heard**
1926 E. Elizabeth
Brownsville, Texas 78520

Juan A. Magallanes
**Magallanes, Hinojosa & Mancias**
1713 Boca Chica Blvd.
Brownsville, Texas 78520

Robert E. Ammons
**Stevenson & Ammons**
3700 Montrose
Houston, Texas 77006

Ramon Garcia
Attorney at Law
222 W. University Dr.
Edinburg, Texas 78539


John David Franz