IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND § <br> PETITION OF BROWN WATER § <br> TOWING I, INC., AS OWNER, § <br> AND BROWN WATER MARINE SERVICE, § <br> INC., AS BAREBOAT CHARTERER, § <br> OF THE BROWN WATER V, ITS ENGINES, § <br> TACKLE, ETC., IN A CAUSE OF § <br> EXONERATION FROM OR § <br> LIMITATION OF LIABILITY § | CIVIL ACTION <br><br> NO. B-01-157 |

United States District Court
Southern District of Texas
FILED

MAR 12 2002

Michael N. Milby
Clerk of Court

**FIRST AMENDED ANSWER OF ESTEBAN F. RIVAS AND MIRIAM RIVAS
INDIVIDUALLY, AND AS REPRESENTATIVES OF
THE ESTATE OF STVAN F. RIVAS
TO THE COMPLAINT AND PETITION OF
BROWN WATER TOWING I, INC., AS OWNER, AND
BROWN WATER MARINE SERVICE. INC., AS BAREBOAT CHARTERER,
OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF
EXONERATION FROM OR LIMITATION OF LIABILITY, CIVIL AND MARITIME**

TO THE HONORABLE JUDGE OF SAID COURT:

ESTEBAN F. RIVAS AND MIRIAM RIVAS, INDIVIDUALLY, AND AS REPRESENTATIVES OF THE ESTATE OF STVAN F. RIVAS (herinafter referred to as "Claimants") with the written consent of OPPOSING COUNSEL, file this First Amended Answer to the COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION OR LIMITATION OF LIABILITY, CIVIL AND MARITIME and on information and belief respectfully show the following:

I.

Claimants can neither admit nor deny the allegations contained in paragraph I of Petitioners' pleading.

II.

Claimants can neither admit nor deny the allegations as to the length and breadth, as well as, the home port of THE BROWN WATER V. However, Claimants deny that The BROWN WATER V was at all times material hereto and in all respects seaworthy and properly and efficiently manned, supplied, equipped and furnished, and well and sufficiently fitted and supplied with suitable engines, machinery, tackle, apparel, appliance and furniture, all in good order and condition, and suitable for the service in which she was engaged.

III.

Claimants do not deny the allegations contained in paragraph III, however, Claimants request that a more definite statement be made so as to set out the factual particulars causing the allision in question.

IV.

Claimants deny the allegations contained in paragraph number IV. Claimants request that Petitioners provide a more definite statement in their Petition elaborating on the particular facts of the voyage and casualty for which the owner and/or bareboat charterer seek limitation or exoneration from liability, as well as the date, time and place of the termination of the voyage in which the casualty occurred. Additionally, Claimants contend that any limitation of liability allegation by Petitioners must include the value of all of owner's vessels at its home port, and said value should be made part of the limitation fund.

Claimant denies that any limitation should apply even if the entire value of the owner's flotilla is computed for the limitation.

V.

The Claimants deny the allegations contained in paragraph number V.

VI.

The Claimants deny the allegations contained in paragraph number VI.

VII.

The Claimants can neither admit nor deny the allegations contained in paragraph number VII of Petitioner's pleading.

VIII.

Claimants deny the allegations contained in paragraph number VIII of Petitioner's pleading. Claimants cannot admit or deny the allegation regarding expected demands or causes of action.

IX.

Claimants do not deny the allegations contained in paragraph number IX of Petitioner's pleading.

X.

Claimants deny the allegations contained in paragraph number X of Petitioner's pleading.

XI.

Claimants deny the allegations contained in paragraph number XI of Petitioner's pleading.

XII.

The Claimants deny the allegations contained in paragraph XII.

XIII.

Claimants can neither admit nor deny the allegations contained in paragraph number XIII. of petitioner's pleadings.

XIV.

Claimants deny that the amount alleged in paragraph number XIV of petitioner's pleading is sufficient to cover the value of Petitioner's interest in the Brown Water V, its pending freight at the termination of the voyage in question, together with interest at the rate of 6% per annum from the date of the Letter of Undertaking and for costs.

XV.

Claimants can neither admit nor deny the allegations contained in paragraph number XV of Petitioner's pleading.

XVI.

Claimants can neither admit nor deny the allegations contained in paragraph number XVI of Petitioner's pleading.

XVII.

Claimants deny the allegations contained in paragraph number XVII.

XVIII.

(1) Claimants have no objection to the contents of paragraph XVIII(1) of Petitioner's pleading.

(2) Claimants no objection to the contents of paragraph XVIII(2) of Petitioner's pleading.

(3) Claimants no objection to the contents of paragraph XVIII(3) of Petitioner's pleading.

(4) Claimants deny that Petitioners are entitled to the relief requested in paragraph XVIII(4) of petitioner's pleading.

(5) Claimants deny that Petitioners are entitled to the relief requested in paragraph XVIII(5)(a) of Petitioner's pleading.

(6) Claimants deny that Petitioners are entitled to the relief requested in paragraph XVIII(5)(b) of Petitioner's pleading.

(7) Claimants deny that Petitioners are entitled to the relief requested in paragraph XVIII(6) of Petitioner's pleading.

WHEREFORE PREMISES CONSIDERED, Claimants Esteban F. Rivas and Miriam Rivas, Individually and as Representatives of the Estate of Stvan F. Rivas, pray that this court deny petitioner's claim for limitation of liability and that Claimants be allowed to recover the full amount of damages as determined by the Court and for such other and further relief as the Claimants are justly entitled.

Respectfully submitted on this the 12th day of March, 2002.

Respectfully submitted,

*[signature]*

John David Franz
State Bar No. 07389200
Fed. I.D. No. 1190

**Law Offices of John David Franz**
400 North McColl
McAllen, Texas 78501
(956) 686-3300
(956) 686-3578 (fax)
Attorney in Charge

J. Chad Gauntt
State Bar No. 07765990
Federal I.D. No. 14135
**Gauntt & Kruppstadt, L.L.P.**
9004 Forest Crossing Dr., Suite C
The Woodlands, Texas 77381
Tel. (281) 367-6555
Fax (281) 367-3705
Attorneys for Esteban F. Rivas and
Miriam Rivas, Individually and as
Representative of the Estate of Stvan F. Rivas

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument was served on all parties, or their attorneys of record, in compliance with the Texas Rules of Civil Procedure on this 12th day of March, 2002 as indicated below:

Will W. Pierson
**Royston, Razor, Vickery & Wiliams, LLP**
1700 Wilson Plaza
606 Carancahua
Corpus Christi, Texas 78476

Keith N. Uhles
**Royston Razor, Vickery & Williams, LLP**
P.O. Box 3509
Brownsville, Texas 78523

Veronica Farias
Attorney at Law
2854 Boca Chica Blvd.
Brownsville, Texas 78520

Ray R. Marchan
**Watts & Heard**
1926 E. Elizabeth
Brownsville, Texas 78520

Juan A. Magallanes
**Magallanes, Hinojosa & Mancias**
1713 Boca Chica Blvd.
Brownsville, Texas 78520

Robert E. Ammons
**Stevenson & Ammons**
3700 Montrose
Houston, Texas 77006

Ramon Garcia
Attorney at Law
222 W. University Dr.
Edinburg, Texas 78539



John David Franz