United States District Court
Southern District of Texas
FILED

MAR 1 3 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | |
| PETITION OF AMERICAN | § | C.A. NO B-02-004 |
| COMMERCIAL LINES LLC, AS | § | (Subject to Rule 9(h) |
| OWNER, and AMERICAN | § | of the Federal Rules |
| COMMERCIAL BARGE LINE LLC, | § | of Civil Procedure) |
| AS CHARTERER OF THE BARGES | § | Admiralty |
| NM-315, VLB-9182, ACL-9933B, | § | |
| VLB-9173, IN A CAUSE OF | § | |
| EXONERATION FROM OR LIMITATION | | |
| OF LIABILITY | § | |

**CLAIMANTS' HINOJOSA'S FIRST CLAIM AND ANSWER TO PETITIONERS'
VERIFIED COMPLAINT AND PETITION FOR EXONERATION
FROM AND/OR LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, OMAR HINOJOSA, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF GASPAR HINOJOSA, DECEASED, RAQUEL TERAN HINOJOSA, CLARISSA HINOJOSA, AND GASPAR HINOJOSA, II, INDIVIDUALLY (Claimant's), and under protest and without prejudice to claimant's position that this exoneration from and/ or limitation of liability proceeding is improper and should be dismissed, file their claim and answer to the Verified Complaint for Exoneration from or Limitation of liability that **AMERICAN COMMERCIAL LINES LLC ("ACL"), AS OWNER, and AMERICAN COMMERCIAL BARGE LINE LLC ("ACBL"), AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173,** ("Petitioners"), have filed herein.,

In support thereof, Claimant's would show this court as follows:

I.

## Claim For Damages

1. On or about September 15, 2001, **GASPAR HINOJOSA**, spouse and father of the Claimant's, was killed as a result of the collapse of the Queen Isabella Causeway. The causeway collapsed after the span was rammed by industrial barges being pushed by a tugboat. The barges, owned by American Commercial Lines LLC, and chartered and operated by ACBL. These barges were being pushed by a tugboat which rammed into the Queen Isabella Causeway bridge which caused the bridge to collapse. **GASPAR HINOJOSA** was traveling along the bridge when the collision occurred and as a result of the collision he was severely and fatally injured as a result of the acts and/or conditions of the barges NM-315, VLB-9182, ACL-9933B, VLB-9173, its owners, masters, charterers and/or their employees.

2. Due to negligence, carelessness, and fault of Petitioners, as owner or owner pro hac vice together with the operator of the vessel in question and the unseaworthiness of the vessel, all of which was within the privity and knowledge of Petitioners, Claimants' sustained substantial damages.

3. Nothing Claimants did or failed to do on the occasion in question caused or in any way contributed to the cause of the property damage, injuries and subsequent death of their father and spouse, **GASPAR HINOJOSA.**

4. Claimants are entitled to maintain an action and bring this claim for damages for pecuniary loss, loss of companionship and society, mental anguish, and loss of inheritance. Also, Claimant's are entitled to maintain and bring this

2

claim for damages for loss of care, maintenance, support, services, advice, counsel, loss of companionship and society mental anguish and contributions that claimants in reasonable probability would have received from GASPAR HINOJOSA during his lifetime.

5. Claimants also seek all other damages provided under applicable Texas State Law, regarding the incident. Claimants seek to recover damages for their mental anguish, emotional pain, suffering and bereavement, as well as, for the loss of companionship, love support and society they have experienced in the past and will, in all reasonable probability, experience in the future.

6. Claimants will also seek physical pain and emotional pain, torment, and suffering experienced by Gaspar Hinojosa before his death as a result of the occurrence in question. In addition, claimants are entitled to maintain and bring this claim for damages medical expenses and funeral and burial expenses for Gaspar Hinojosa.

7. Moreover, Claimants are entitled to plead for punitive damages based upon Petitioners' wanton and reckless conduct that amounted to Petitioners' conscious disregard of the rights of others.

8. This claim is being made under protest and without prejudice to Claimants' position that this exoneration from and/or of limitation of liability proceeding is improper and should be dismissed.

9. Similarity, this claim is being made without prejudice to Claimants" challenging the sufficiency of Petitioners' limitation fund by written motion

and/or moving this court for an order to increase the value of Petitioners' limitation fund.

**WHEREFORE, PREMISES CONSIDERED**, the Claimants demand judgement against Petitioners in an amount to be determined by this Court, in addition to interest and costs.

II.

## Answer to Complaint

COME NOW **OMAR HINOJOSA, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF GASPAR HINOJOSA, DECEASED, RAQUEL TERAN HINOJOSA, CLARISSA HINOJOSA, AND GASPAR HINOJOSA, II, INDIVIDUALLY**, ("Claimants"), and under protest and without prejudice to Claimants' position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed, file their answer to the Verified Complaint of **AMERICAN COMMERCIAL LINES LLC ("ACL"), AS OWNER, and AMERICAN COMMERCIAL BARGE LINE LLC ("ACBL"), AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173,** seeking exoneration from or limitation of liability.

In support thereof, Claimants answer follows:

1. Claimants can neither admit nor deny the allegations contained in paragraph I of Petitioners' Complaint, and therefore, denies the same.

2. Claimants can neither admit nor deny the allegations contained in paragraph II of the complaint, and therefore, denies the same.

3. Claimants do not deny the allegations contained in paragraph III but request that

petitioners make a more definite statement so as to elaborate particularly the facts of the underlying incident.

4. Claimants deny the allegations contained in paragraph IV.

5. Claimants deny the allegations contained in paragraph V.

6. Claimants admit allegations contained in paragraph VI.

7. Claimants deny the allegations contained in paragraph VII.

8. Claimants deny the allegations contained in paragraph VIII.

9. Claimants deny the allegations contained in paragraph IX

10. Claimants deny the allegations contained in paragraph X.

11. Claimants deny the allegations contained in paragraph XI.

12. Claimants deny the allegations contained in paragraph XII.

13. Claimants are without knowledge or information to either admit or deny the allegations contained in paragraph XIII, and therefore, deny the same.

14. Claimants are without knowledge or information to either admit or deny the allegations contained in paragraph XIV, and therefore, deny the same.

15. Claimants are without knowledge or information to either admit or deny the allegations contained in paragraph XV, and therefore, deny the same.

16. Claimants deny the allegations contained in paragraph XVI.

17. Claimants are without knowledge or information to either admit or deny the allegations contained in paragraph XVII, and therefore, deny the same.

18. With regard to the allegations in paragraph XVIII, Claimants deny that Petitioners" Complaint is within the jurisdiction of this Honorable Court because Petitioners have failed to follow the prerequisites for the filing of a complaint as set

forth in Rule F(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure. Claimants deny that Petitioner is entitled to the relief sought in its prayer.

Now, further answering, Claimants respectfully represent as follows:

19. Claimants admit its claim is in excess of ten million dollars.

20. Claimants deny that Petitioners are entitled to the relief sought in its prayer.

21. Claimants would show that Petitioners are not entitled to limitation of liability for the reason that said acts of negligence and conditions of unseaworthiness which caused the injuries and damages sustained by Claimants were within the privity and knowledge of Petitioners, or any of Petitioners' directors, officers, stockholders or agents.

22. Claimants further answer that the accident was caused by the fault, negligence, unseaworthiness, or lack of due care or other basis of liability on the part of Petitioners, the vessels and persons for whom the Petitioners are responsible.

23. Without waiving their claims that Petitioners are not entitled to an exoneration from or limitation or liability, Claimants reserve the right to demand a trial by jury in the forum of their choice pursuant to the "Savings to Suitors" clause of the Judiciary Act of 1789. 28 U.S.C. § 1333.

24. Without waving their claims that Petitioners are not entitled to an exoneration from or limitation of liability, Claimants reserve the right provided under Rule F(7) of the Supplemental Rules for certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure to demand that the amount of security referred to in Petitioners' Complaint be increased on the grounds that it is less than the Petitioner's interest in the barges NM-315, VLB-9182, ACL-9933B, VLB-9173 or on the grounds that it is insufficient to carry out

the provisions of the statutes relating to claims in respect of loss of life or bodily injury. 46 U.S.C. § 183 (b)-(f).

**WHEREFORE , PREMISES CONSIDERED,** Claimants pray that this Honorable Court dismiss the Verified Complaint of **AMERICAN COMMERCIAL LINES LLC ("ACL"), AS OWNER, and AMERICAN COMMERCIAL BARGE LINE LLC ("ACBL"), AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173,** and grant Claimants any other relief, both legal and equitable, to which they are justly entitled to receive.

Respectfully submitted,

**JULIAN RODRIGUEZ, JR.
Texas State Bar No. 17146770
Federal ID 15112
100 WEST PECAN
MCALLEN, TEXAS 78501
(956) 682-8801 OFFICE
(956) 682-4544 FAX**

**ATTORNEY FOR HINOJOSA CLAIMANTS**

**THE STATE OF TEXAS**

**COUNTY OF HIDALGO**

    **BEFORE ME,** the undersigned authority on this day personally appeared **JULIAN RODRIGUEZ, JR.**, and upon being duly sworn stated that he prepared the foregoing Proof of Claim and Answer attached hereto, knows the contents thereof, and that the statements therein are true and correct to the best of his knowledge and belief.

                                                               **JULIAN RODRIGUEZ, JR.**

    **SUBSCRIBED AND SWORN TO BEFORE ME** by the said **JULIAN RODRIGUEZ, JR.** this the 13th day of March 2002.

**VANEZA OCHOA**
Notary Public, State of Texas
My Commission Expires
**January 22, 2006**

**NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing document has been sent by first class mail and by certified mail return receipt requested as indicated below on this the 13th day of March 2002 to all counsel listed below:

| | |
|---|---|
| **WATTS & HEARD**<br>Attn: Mr. Ray Marchan<br>1926 E. Elizabeth<br>Brownsville, Texas 78520 | **VIA FIRST CLASS MAIL** |
| **LAW OFFICE OF RAMON GARCIA**<br>Attn: Mr. Ramon Garcia<br>222 W. University Drive<br>Edinburg, Texas 78539 | **VIA FIRST CLASS MAIL** |
| **MAGALLANES, HINOJOSA & MANCIAS**<br>Attn: Mr. J.A. Magallanes<br>1713 Boca Chica Blvd<br>P.O. Box 4901<br>Brownsville, Texas 78520 | **VIA FIRST CLASS MAIL** |
| **ROYSTON, RAYZOR, VICKERY & WILLIAMS**<br>Attn: Mr. Keith N. Uhles<br>55 Cove Circle<br>P.O. Box 3509<br>Brownsville, Texas 78523-3509 | **VIA FIRST CLASS MAIL** |
| **ROYSTON, RAYZOR, VICKERY & WILLIAMS**<br>Attn: Mr. Will W. Pierson<br>606 N. Carancahua Suite 1700<br>Corpus Christi, Texas 78476 | **VIA FIRST CLASS MAIL** |
| **CASSIDY, WOOLSEY & CASSIDY P.C.**<br>Attn: Ms. Leslie D. Cassidy<br>1020 Bank of America<br>500 North Water Street<br>Corpus Christi, Texas 78471 | **VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED** |

| | |
|---|---|
| **SW BELL**<br>Attn: Mr. Geoffrey Amsel<br>Attorney at Law<br>1010 N. St. Mary's Street Room 1403<br>San Antonio, Texas 78215 | VIA FIRST CLASS MAIL |
| **MR. HERIBERTO MEDRANO**<br>Attorney at Law<br>1101 W. Tyler<br>Harlingen, Texas 78550 | VIA FIRST CLASS MAIL |
| **MCMANUS & CRANE**<br>Attn: Mr. William Q. McManus<br>209 West San Linn<br>P.O. Box 2206<br>Victoria, Texas 77902-2206 | VIA FIRST CLASS MAIL |
| **AARON & QUIRK**<br>Attn: Mr. Thomas E. Quirk<br>901 NE Loop 410 Suite 903<br>San Antonio, Texas 78209-1307 | VIA FIRST CLASS MAIL |
| **STEVENSON & AMMONS**<br>Attn: Mr. Robert E. Ammons<br>3700 Montrose Blvd<br>Houston, Texas 77006 | VIA FIRST CLASS MAIL |

_____
JULIAN RODRIGUEZ, JR.
ATTORNEY FOR HINOJOSA
CLAIMANTS