UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 3 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IN RE: THE COMPLAINT AND | * | C. A. NO. B-01-157 |
| PETITION FOR BROWN WATER | * | (Subject to Rule 9(h) |
| TOWING I, INC. AS OWNER AND | * | of the Federal Rules |
| BROWN WATER MARINE SERVICE, | * | of Civil Procedure) |
| INC., AS BAREBOAT CHARTERERS | * | Admiralty |
| OF THE BROWN WATER V, ITS | * | |
| ENGINES, TACKLE, ETC., IN A | * | |
| CAUSE OF EXONERATION FROM | * | |
| OR LIMITATION OF LIABILITY | * | |

*********************************************

## CLAIM AND ANSWER

**NOW INTO COURT**, through undersigned counsel, comes American Commercial Barge Line LLC (ACBL) and American Commercial Lines (ACL), and who for purposes of filing a Claim and Answer in the above-captioned limitation proceeding on information and belief aver as follows:

## **CLAIM**

**I.**

American Commercial Lines LLC and American Commercial Barge Line LLC are limited liability corporations organized and existing pursuant to the laws of the State of Delaware, having their principal place of business in Jeffersonville, Indiana.

**II.**

On or about September 15, 2001, ACBL was the charterer and disponent owner of the Barges NM-315, VLB-9182, ACL-9933B, and VLB-173, all of which are unmanned, typical inland cargo hopper barges without motor power. ACL was and now is the owner of the barges.

**III.**

ACBL used due diligence to make the barges tight, strong, staunch and seaworthy and to their knowledge, they were, at all pertinent times, tight, strong, properly equipped and in all respects seaworthy and fit for the services in which they were engaged.

**IV.**

On or about September 15, 2001, the M/V BROWN WATER V, bareboat chartered by Brown Water Marine Service, Inc. ("Brown Water"), had the aforementioned barges in tow. Towage commenced on or about September 14, 2001 and terminated on or about September 15, 2001. ACBL had no employees or representatives aboard either the barges or the M/V BROWN WATER V and the barges were under the sole care, custody, and control of Brown Water and the captain and crew of the M/V BROWN WATER V who were solely responsible for the barges' navigation.

### V.

On or about September 15, 2001, the M/V BROWN WATER V and its tow of barges, came into contact with the Queen Isabela Causeway Bridge causing damages to ACL and ACBL's barges, loss of hire and related expenses in an unspecificed amount which has yet to be deternmined.

### VI.

The accident was not due to any fault, neglect, or want of care on the part of ACL, ACBL nor of the barges, nor anyone for whom ACBL may be responsible, but rather, was caused by the negligence of the M/V BROWN WATER V.

### VII.

By reason of the foregoing, petitioners are indebted unto ACBL for all of its damages, presently unspecified, plus interest and costs. ACBL reserves the right to amend its claim for these damages, once they are fully known.

### VIII.

ACBL has received a claim by at least one individual alleging that ACBL is responsible for damages they may have incurred as a result of the aforementioned accident. ACBL believes that there may be other claims made against it as a result of this collision. ACBL denies that it is in any way responsible for the accident. By virtue of contract and by operation of law, ACL and ACBL are entitled to indemnity and/or contribution from limitation petitioners.

Furthermore, Claimants pray that the Court find limitation petitioners liable to Claimants, ACL, and ACBL for the full amount of damages, and also find that ACL

and/or ACBL be entitled to indemnity and/or contribution from limitation petitioners for any claims made against them, and further, that the Court award ACL and ACBL all costs and expenses and any and all other equitable relief that the Court may deem just to award in this case.

## ANSWER TO COMPLAINT

NOW COMES, ACL and ACBL, and for purposes of responding to the limitation petition on information and belief aver as follows:

### I.

The allegations contained in paragraphs I, II, VI, VII, IX, and X are denied for lack of sufficient information upon which to base a belief therein.

### II.

The allegations contained in paragraphs IV, V, and XII are denied.

### III.

With respect to the allegations of paragraph III, defendants admit that the vessel was in navigation in waters near Port Isabel, Texas on September 15, 2001 and that the accident occurred. The remaining allegations are denied for lack of sufficient information upon which to base a belief therein.

### IV.

With respect to the allegations of paragraph VIII, ACBL and ACL deny that the accident was occasioned without the fault of petitioners, and deny, for lack of sufficient information upon which to base a belief therein, the remaining allegations.

**V.**

With respect to the allegations of paragraph XI, they call for a legal conclusion, and as such, this defendant should not be required to answer. However, if an answer should be deemed necessary, then it is denied for lack of sufficient information upon which to base a belief therein.

**VI.**

With respect to the allegations of paragraph XIII, it is admitted that the petitioners have given a Letter of Undertaking in the usual form and with sufficient surety, however, the remaining allegations call for a legal conclusion, and as such, are denied for lack of sufficient information upon which to base a belief therein.

**VII.**

With respect to the allegations of paragraph XIV, it is admitted that petitioners have given a Letter of Undertaking in the amount stated and for the reasons stated. Any remaining allegations are denied for lack of sufficient information upon which to base a belief therein.

**VIII.**

With respect to the allegations of paragraph XV, it is admitted that the petitioners have agreed to do those things that are stated in this paragraph, however, the allegations are denied for lack of sufficient information upon which to base a belief therein.

**IX.**

With respect to the allegations of paragraph XVII, it is admitted that the Petition was filed within six months of the accident, however, all other allegations are denied for lack of sufficient information upon which to base a belief therein.

## **FIRST DEFENSE**

ABCL and ACL are entitled to any defense to the limitation petition permitted under the facts and circumstances of the towage and the accident that are permitted by law.

## **SECOND DEFENSE**

Nothing that ACL and ACBL did nor failed to do in any way caused or contributed to the accident as stated, nor were any of the barges unseaworthy, but rather, the accident was caused by the negligence of the M/V BROWN WATER V.

WHEREFORE, ACL and ACBL pray that this their Answer to the Complaint for Limitation be deemed good and sufficient and that after due proceedings had there be judgment in their favor dismissing the Complaint as to ACBL and ACL, and awarding ACL and ACBL all damages that they are entitled to plus all interest and costs and all further just and equitable relief that the Court may deem proper to award.

Respectfully submitted,

*[signature]*

Les Cassidy
1020 Bank of America
500 North Water Street
Corpus Christi, Texas 78471
(361) 887-2965 office
(361) 887-6521 fax
State Bar Number 03979270
Federal Identification 5931
ATTORNEY IN CHARGE FOR CLAIMANTS
ACL AND ACBL

OF COUNSEL:

WOOLSEY & CASSIDY, P.C.
1020 Bank of America
500 North Water Street
Corpus Christi, Texas 78471
(361) 887-2965 office
(361) 887-6521 fax

GLENN G. GOODIER
Jones, Walker, Waechter, Poitevent,
Carrere & Denegre, L.L.P.
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8174
Facsimile: (504) 582-8010

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Claimant's Claim and Answer to Petitioner's Verified Complaint and Petition for Exoneration from and/or Limtiation of Liabiltiy was forwarded, on this 13th day of March, 2002, as stated below:

Will W. Pierson                                   certified mail, rrr
Royston Rayzor
Wilson Plaza West
606 N. Carancahua, Suite 1700
Corpus Christi, Texas  78476

John David Franz
Attorney at Law
400 N. McColl
Mcallen, Texas  78501

Veronica Farias
Attorney at Law
2854 Boca Chica Blvd.
Brownsville, Texas  78520

Juan A. Magallanes
Magallanes Hinojosa
1713 Boca Chica Blvd.
Brownsville, Texas  78520

Geoffrey Amsel
SW Bell
1010 N. St. Mary's St., Room 14903
San Antonio, Texas  78215

Robert Fandrich
5101 Verdi Way
Stockton, CA  95207-5319

Julian Rodriguez, Jr.
Barrera & Jijerina
100 W. Pecan
Mcallen, Texas  78501

Ray R. Marchan
Harris & Watts, P.C.
1926 E. Elizabeth
Brownsville, Texas  78420

Raymond L. Thomas, Jr.
Law Offices of Reynaldo Ortiz, P.C.
1109 W. Nolana, Suite 204
McAllen, Texas 78504

Heriberto Medrano
Attorney at Law
1101 W. Tyler
Harlingen, Texas 78550

Mark J. Spansel
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139

Edwin C. Laizer
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139

_____
Les Cassidy