UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 3 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION | § | |
| FOR BROWN WATER TOWING I, INC., | § | |
| AS OWNER, AND BROWN WATER | § | C.A. NO. B-01-157 |
| MARINE SERVICE, INC., AS BAREBOAT | § | (Subject to Rule 9(h) |
| CHARTERERS, OF THE BROWN WATER | § | of the Federal Rules |
| V, ITS ENGINES, TACKLE, ETC., IN A | § | of Civil Procedure) |
| CAUSE OF EXONERATION FROM OR | § | Admiralty |
| LIMITATION OF LIABILITY | | |

## CLAIMANT WILLIAM E. KIMBRELL'S PROOF OF CLAIM AND ANSWER TO BROWN WATER TOWING I, INC. AND BROWN WATER MARINE SERVICE, INC.'S VERIFIED COMPLAINT AND PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES William E. Kimbrell (hereafter referred to as "Claimant"), under protest and without prejudice to Claimant's position that this proceeding seeking exoneration from or limitation of liability is meritless and improper, and files this his proof of claim and answer to the complaint and petition that Brown Water Towing I, Inc. and Brown Water Marine Services, Inc. (hereafter referred to as "Petitioners") have filed in this Court. In that regard, Claimant would respectfully show this Honorable Court as follows:

I.

### Proof of Claim

1. On or about September 15, 2001, Chealsa Louise Welch and her husband, Barry Welch, were killed as a result of the collapse of a portion of the Queen Isabella Causeway. Claimant William E. Kimbrell is Chealsa Louise Welch's father. The collapse

occurred after the causeway was rammed by industrial barges being pushed by the M/T Brown Water V, causing the vehicle in which Chealsa Louise Welch and Berry Welch were traveling to plunge into the water below the causeway and resulting in the death of Chealsa Louise Welch and Barry Welch. The barges were purportedly either owned by American Commercial Lines LLC or, at the time of the incident made the basis of this cause, under charter to American Commercial Barge Line, LLC. The M/T Brown Water V was and is owned by Petitioner Brown Water Towing I, Inc. and, at the time of the incident in question, was purportedly under a bareboat charter to Petitioner Brown Water Marine Service, Inc. Claimant William E. Kimbrell has sustained damages and continues to sustain damages as a result of the death of his daughter, Chealsa Louise Welch.

2. Petitioners' negligence, gross negligence, carelessness and fault and the unseaworthiness of the M/T Brown Water V were proximate causes of the death of Chealsa Louise Welch and of the damages complained of herein by Claimant. The negligence, gross negligence, carelessness, fault and unseaworthiness which caused the allision in question and the resulting injuries, deaths and damages as set forth herein were within the privity and knowledge of Petitioners prior to the commencement of the voyage during which said allision occurred. Petitioners failed to use due diligence prior to and at the commencement of the voyage to make the M/T Brown Water V seaworthy in all respects and to properly man, equip and supply the vessel.

Claimant William E. Kimbrell's Proof of Claim and Answer to Brown Water Towing I, Inc.
and Brown Water Marine Service, Inc.'s Complaint and Petition for Exoneration
from or Limitation of Liability                                                                 Page 2
Kimbrell 8558   RLH/dag          3/11/02

3. Petitioners are presumed to be at fault by virtue of the presumption of fault that arises when a moving vessel strikes a stationary object and under the Rule of the Pennsylvania in that the Petitioners and/or those for whom they are responsible violated applicable federal regulations, including, but not limited to, the Inland Rules of the Road.

4. Nothing Chealsa Louise Welch or her husband did or failed to do on the occasion in question caused or in any way contributed to the cause of their injuries and subsequent deaths and nothing Claimant did or failed to do caused or contributed to the cause of the injury and death of Chealsa Louise Welch or her husband or to the damages alleged herein by Claimant.

5. Claimant is entitled to maintain an action and bring this claim for damages for the pecuniary loss, loss of companionship and society, mental anguish, emotional pain and suffering, and bereavement arising from the wrongful death of his daughter and is entitled to recover these and all other elements of damages recognized in admiralty and maritime law and under the laws of the State of Texas. Moreover, Claimant is entitled to recover punitive damages based upon Petitioners' wanton and reckless conduct amounting to gross negligence in the management and operation of the M/T Brown Water V.

6. This claim is made under protest and without prejudice to Claimant's position that this proceeding seeking exoneration from or limitation of liability is meritless and improper.

Claimant William E. Kimbrell's Proof of Claim and Answer to Brown Water Towing I, Inc.
and Brown Water Marine Service, Inc.'s Complaint and Petition for Exoneration
from or Limitation of Liability                                                                                                    Page 3
Kimbrell 8558    RLH/dag           3/11/02

7.  This claim is made without prejudice to Claimant's right to challenge the sufficiency of Petitioners' limitation fund by written motion and/or by moving this Court for an order to increase the value of Petitioners' limitation fund.

8.  Further, this claim is made without prejudice to Claimant's right to demand a trial by jury in the forum of his choice pursuant to the "Saving to Suitors" clause of the Judiciary Act of 1789. 28 USC §1333.

WHEREFORE, PREMISES CONSIDERED, Claimant William E. Kimbrell presents and files this claim against Petitioners and prays that said claim be acknowledged and that Claimant be awarded any and all relief, whether in equity, admiralty or at law, that the Court may deem proper and just and to which Claimant may show himself rightfully entitled.

## II.

### Answer to Complaint

NOW COMES William E. Kimbrell (hereafter referred to as "Claimant-respondent"), under protest and without prejudice to Claimant-respondent's position that this proceeding seeking exoneration from or limitation of liability is meritless and improper, and files this his answer to the complaint and petition for exoneration from or limitation of liability that Brown Water Towing I, Inc. and Brown Water Marine Services, Inc. have filed in this Court. In that regard, Claimant William E. Kimbrell would respectfully show as follows:

1.  Claimant-respondent is without sufficient information to admit or deny the

Claimant William E. Kimbrell's Proof of Claim and Answer to Brown Water Towing I, Inc.
and Brown Water Marine Service, Inc.'s Complaint and Petition for Exoneration
from or Limitation of Liability                                                                    Page 4
Kimbrell 8558   RLH/dag           3/11/02

allegations contained in paragraph I of Petitioners' complaint and petition, except it is admitted that Petitioners were originally organized as corporations under the laws of the State of Texas with their principle office and place of business in Aransas County, Texas.

2.   The allegations made in paragraph II of Petitioners' complaint and petition are denied, except it is admitted that the M/T Brown Water V is a tugboat, that the vessel's registered number is 580422, that its gross registered tonnage is approximately 84 tons and that its net registered tonnage is approximately 57 net tons.

3.   The allegations made in paragraph III of Petitioners' complaint and petition are admitted.

4.   Claimant-respondent denies the allegations contained in paragraph IV of Petitioners' complaint and petition.

5.   Claimant-respondent denies the allegations contained in paragraph V of Petitioners' complaint and petition.

6.   Claimant-respondent denies the allegations contained in paragraph VI of Petitioners' complaint and petition.

7.   Claimant-respondent is without sufficient information to admit or deny the allegations set forth in paragraph VII of Petitioners' complaint and petition.

8.   Claimant-respondent denies the allegations contained in paragraph VIII of Petitioners' complaint and petition, except it is admitted that claims and demands are to be

Claimant William E. Kimbrell's Proof of Claim and Answer to Brown Water Towing I, Inc.
and Brown Water Marine Service, Inc.'s Complaint and Petition for Exoneration
from or Limitation of Liability                                                                Page 5
Kimbrell 8558   RLH/dag        3/11/02

expected.

9.  Claimant-respondent admits the allegations in paragraph IX of Petitioners' complaint and petition.

10. Claimant-respondent denies the allegations contained in paragraph X of Petitioners' complaint and petition.

11. Claimant-respondent denies the allegations contained in paragraph XI of Petitioners' complaint and petition.

12. Claimant-respondent denies the allegations contained in paragraph XII of Petitioners' complaint and petition.

13. Claimant-respondent is without sufficient information to admit or deny the allegations contained in paragraph XIII of Petitioners' complaint and petition.

14. Claimant-respondent is without sufficient information to either admit or deny the allegations contained in paragraph XIV of Petitioners' complaint and petition.

15. Claimant-respondent is without sufficient information to either admit or deny the allegations contained in paragraph XV of Petitioners' complaint and petition.

16. Claimant-respondent is without sufficient information to admit or deny allegations set forth in paragraph XVI of Petitioners' complaint and petition, except it is admitted that this cause is within this Honorable Court's jurisdiction.

17. Claimant-respondent admits the allegations set forth in paragraph XVII of

Claimant William E. Kimbrell's Proof of Claim and Answer to Brown Water Towing I, Inc.
and Brown Water Marine Service, Inc.'s Complaint and Petition for Exoneration
from or Limitation of Liability                                              Page 6
Kimbrell 8558   RLH/dag           3/11/02

Petitioners' complaint and petition.

18. Claimant-respondent denies the allegations set forth in paragraph XVIII of Petitioners' complaint and petition, except it is admitted that this matter is within the Admiralty and Maritime jurisdiction of this Honorable Court. Further, Claimant-respondent denies that Petitioners' are entitled to relief requested in their prayer.

### III.

Claimant denies that Petitioners are entitled to exoneration from or limitation of liability in this cause because the allision giving rise to the incident on which Petitioners' pleading is based and the damages resulting to Claimant-respondent from said allision were proximately caused by the negligence, gross negligence, carelessness and fault of Petitioners and/or of those for whom Petitioners are legally responsible and/or by the unseaworthiness of the M/T Brown Water V and because such causes were within the privity and knowledge of Petitioners prior to the commencement of the voyage during which said allision occurred. Petitioners failed to use due diligence prior to and at the commencement of the voyage to make the M/T Brown Water V seaworthy in all respects and to properly man, equip and supply the vessel.

### IV.

The allision in question and the damages resulting to Claimant-petitioner were proximately caused by the unseaworthiness of the M/T Brown Water V and by the

negligence, gross negligence, carelessness and fault of the Petitioners and those for whom the Petitioner's are legally responsible in the following respects, among others, which will be more fully shown at the trial of this cause:

(1) The M/T Brown Water V was unseaworthy, unfit and underpowered to handle its tow.

(2) The M/T Brown Water V was not properly manned, equipped and supplied.

(3) The M/T Brown Water V was proceeding at an excessive and improper rate of speed under the circumstances.

(4) The personnel and crew of the M/T Brown Water V failed to keep a proper lookout and/or failed to take action to avoid an allision with the causeway when, by the exercise of due care, an allision should have been apparent and could have been prevented.

## V.

Claimant-respondent avers that the Affidavit of Valve and Pending Freight attached to the petition for exoneration from or limitation of liability and/or any ad interim stipulation which has been or maybe filed alleging the same value as that set forth in said Affidavit of Value and Pending Freight is improper in that the stated valuation of the M/T Brown Water V and its pending freight is insufficient and Claimant-respondent reserves the right to contest that appraisal and value of the tug and her pending freight.

Claimant William E. Kimbrell's Proof of Claim and Answer to Brown Water Towing I, Inc.
and Brown Water Marine Service, Inc.'s Complaint and Petition for Exoneration
from or Limitation of Liability
Kimbrell 8558   RLH/dag        3/11/02

Page 8

## VI.

Without prejudice to Claimant-respondent's position that Petitioners are not entitled to exoneration from or limitation of liability, Claimant reserves the right to demand a trial by jury in the forum of his choice pursuant to the "Saving to Suitors" clause of the Judiciary Act of 1789. 28 USC §1333.

WHEREFORE PREMISES CONSIDERED, Claimant-respondent prays that Petitioner's complaint and petition for exoneration from or limitation of liability be denied and that Claimant-respondent be granted all further relief, both legal and equitable, to which he may show himself justly entitled.

Respectfully submitted,

By: _____
Richard Leo Harrell
ATTORNEY-IN-CHARGE
Texas Bar No.: 09041320

ATTORNEY FOR CLAIMANT AND
CLAIMANT-RESPONDENT WILLIAM E. KIMBRELL

OF COUNSEL:
THE EDWARDS LAW FIRM, L.L.P.
802 N. Carancahua, Suite 1400  (78470)
P. O. Box 480
Corpus Christi, TX  78403-0480
Telephone: (361) 698-7600
Facsimile:    (361) 698-7615

Claimant William E. Kimbrell's Proof of Claim and Answer to Brown Water Towing I, Inc.
and Brown Water Marine Service, Inc.'s Complaint and Petition for Exoneration
from or Limitation of Liability
Kimbrell 8558    RLH/dag         3/11/02                                                      Page 9

## **CERTIFICATE OF SERVICE**

The undersigned attorney, attorney-in-charge for Claimant and Claimant-respondent, hereby certifies that a true and correct copy of the above and foregoing pleading has been served upon all counsel of record on this 12th day of March, 2002.

_____
Richard Leo Harrell

Claimant William E. Kimbrell's Proof of Claim and Answer to Brown Water Towing I, Inc.
and Brown Water Marine Service, Inc.'s Complaint and Petition for Exoneration
from or Limitation of Liability                                                                Page 10
Kimbrell 8558    RLH/dag              3/11/02

Mr. Juan Barbosa
Chief Deputy Clerk
March 12, 2002
Page 2

---

cc:

Mr. Will W. Pierson
Mr. Keith Uhles
Mr. James Hunter
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas 78476
*Attorneys for Petitioners, Brown Water Towing I, Inc. and Brown Water Marine Service, Inc.*
**Via CM/RRR 7001 1940 0005 4572 5820**

Mr. Phil A. Bellamy
LAW OFFICE OF PHIL A. BELLAMY
815 Ridgewood
Brownsville, Texas 78520
*Attorney for ZT, Inc. d/b/a Wings and Mirage*
**Via Regular Mail**

Mr. Glen Goodier
JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, L.L.P.
201 St. Charles Ave., 48th Floor
New Orleans, LA 70170-5100
*Attorneys for American Commercial Barge Lines*
**Via Regular Mail**

Mr. Ray R. Marchan
WATTS & HEARD, L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520
*Attorneys for Plaintiffs Lydia Zamors, Indiv. and as Rep. of the Estate of Hector Martinez, Jr., Dec'd; Gustavo Morales; Bigo's International, LLC; Esteban F. Ribas and Maria Miriam Rivas, Indiv. and as Rep. of the Estate of Steven F. Rivas; Jacqueline Paddock, Indiv. and a/n/f of William B. Welch and as Rep. of the Estate of Chelsea Welch*
**Via Regular Mail**

Hon. Mark J. Spansel
ADAMS & REESE, L.L.P.
4500 One Shell Square
New Orleans, LA 70139
*Attorneys for Texas Dept. of Transportation*
**Via Regular Mail**

Mr. James B. Manley
ATTORNEY AT LAW
3616 Preston Road
Pasadena, Texas 77505
*Attorney for William Morris Welch*
**Via Regular Mail**

Attn: Mr. Michael Ratliff
OFFICE OF THE ATTORNEY GENERAL-STATE OF TEXAS
P.O. Box 12548
Austin, Texas 78711-2548
**Via Regular Mail**

UNITED STATES DEPT. OF TRANSPORTATION
c/o Hon. Greg Serres, United States Attorney
600 East Harrison, Ste. 201
Brownsville, Texas 78520-7114
**Via Regular Mail**

Mr. Heriberto "Eddie" Medrano
1101 West Tyler Street
Harlingen, Texas 78550
*Attorney for the Estate of Robert Harris*
**Via Regular Mail**

Mr. Juan Barbosa
Chief Deputy Clerk
March 12, 2002
Page 3

---

Ms. Yolanda DeLeon
County Attorney
CAMERON COUNTY COURTHOUSE
974 E. Harrison Street
Brownsville, Texas 78520-7190
**Via Regular Mail**

A.G. HILL POWER
c/o Ms. Janet Thompson
6654 Leopard St.
Corpus Christi, Texas 78409
**Via Regular Mail**

Commanding Officer
Attn: Lt. D.J. Fassero
Freedom of Information Coordinator
UNITED STATES COAST GUARD
Marine Safety Office
400 Mann St., Ste. 210
Corpus Christi, Texas 78401
**Via Regular Mail**

CENTRAL POWER & LIGHT
c/o C.T. Corporation System
350 N. St. Paul Street
Dallas, Texas 75201
**Via Regular Mail**

Mr. Romeo Miller
3106 Barnes Bridge
Dallas, Texas 75228
**Via Regular Mail**

Mr. Brian G. Janis
SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 N. Expressway 83
Brownsville, Texas 78521-2284
*Attorneys for Port Isabel-San Benito Navigation District*
**Via Regular Mail**

Mr. George C. Kraehe
WILLETTE & GUERRA, L.L.P.
3505 Boca Chica Blvd., Ste. 460
Brownsville, Texas 78521
*Attorney for Cameron County*
**Via Regular Mail**

Mr. Ramon Garcia
LAW OFFICES OF RAMON GARCIA, PC
222 West University Drive
Edinburg, Texas 78539
**Via Regular Mail**

Mr. J.A. Magallanes
MAGALLANES, HINOJOSA & MANCIAS, PC
1713 Boca Chica
P.O. Box 4901
Brownsville, Texas 78520
*Attorney for Laguna Madre Water District of Port Isabel*
**Via Regular Mail**

OUTDOOR RV RESORTS SOUTH PADRE
c/o Mr. Dave Fletcher
900 S. Garcia St.
Port Isabel, Texas 78578
**Via Regular Mail**

LONG ISLAND BRIDGE COMPANY
c/o Mr. John R. Freeland
806 Pecan
McAllen, Texas 78501
**Via Regular Mail**

Ms. Sandra D. Laurel
SNOW & LAUREL, L.L.P.
310 West Sunset
San Antonio, Texas 78209
*Attorneys for Daisy Harris as Administrator of the Estate of Robert Victor Harris*
**Via Regular Mail**

Mr. Juan Barbosa
Chief Deputy Clerk
March 12, 2002
Page 4

---

Mr. Geoffrey Amsel
SBC MANAGEMENT SERVICES
SBC SOUTHWESTERN BELL TELEPHONE CO.
1010 N. St. Mary's, Room 1403
San Antonio, Texas 78215
**Via Regular Mail**

Mr. Kay Keese
P.O. Box 457
Bells, Texas 75414
**Via Regular Mail**

Ms. Colleen Forster
5652 Pinon Vista Drive
Austin, Texas 78724
**Via Regular Mail**

TEXAS PARKS & WILDLIFE DEPARTMENT
Attn: Mr. Boyd Kennedy, Staff Attorney
4200 Smith School Road
Austin, Texas 78744
**Via Regular Mail**

Mr. Doyle McClendon
3211 N. Inspiration Road, Apt. 2
Mission, Texas 78572
**Via Regular Mail**

TEXAS PARKS & WILDLIFE
5541 Bear Lane, Ste. 232
Corpus Christi, Texas 78405
**Via Regular Mail**

Mr. Thomas E. Quirk
AARON & QUIRK
901 NE Loop 410, Ste. 903
San Antonio, Texas 78209-1307
*Attorney for Allstate Ins. Company - Bridgette M. Goza*
**Via Regular Mail**

Ms. N. Fay Rutledge
726 Partridge Lane
Eagle Lake, Texas 77434
**Via Regular Mail**

Mr. George C. Kraeche
WILLETTE & GUERRA, L.L.P.
3505 Boca Chica Blvd., Ste. 460
Brownsville, Texas 78521
**Via Regular Mail**

Ms. Heather Askwig
2332 West Solano Drive
Phoenix, Arizona 85015
**Via Regular Mail**

Ms. Edith Curtis
4268 Airport Road
Tioga, Texas 76271
**Via Regular Mail**

DEPT. OF THE ARMY CORPS OF ENGINEERS
Attn: Mr. Eligio Garza, Area Engineer
1920 N. Chaparral Street
Corpus Christi, Texas 78401
**Via Regular Mail**

Robert & Virginia Sandrich
5101 Berdi Way
Stockton, CA 95207
**Via Regular Mail**

Ms. Annaca Page
16810 Tranquil Drive
Sugarland, Texas 77478
**Via Regular Mail**

Mr. John David Franz
THE LAW OFFICES OF JOHN DAVID FRANZ
400 N. McColl
McAllen, Texas 78501
*Attorneys for Esteban Rivas and Miriam Rivas*
**Via Regular Mail**

Charles & Darla Nathanson
23102 Botkins Road
Hockley, Texas 77447
**Via Regular Mail**

Mr. Juan Barbosa
Chief Deputy Clerk
March 12, 2002
Page 5

---

Mr. J. Chad Guantt
GUANTT & KRUPPSTADT, L.L.P.
9004 Forest Crossing Drive, Ste. C
The Woodlands, Texas 77381
*Attorneys for Estaban Rivas and Miriam Rivas*
**Via Regular Mail**

W. Lamone Holland
1920 Nacogdoches Road, Ste. 100
San Antonio, Texas 78209
*Attorney for Claimant Dimas Mora*
**Via Regular Mail**

Ms. Mary Ann Courter
TEXAS DEPARTMENT OF PUBLIC SAFETY
5805 Lamar Blvd.
P.O. Box 4087
Austin, Texas 78773-0001
**Via Regular Mail**

Mr. Julian Rodriguez, Jr.
100 W. Pecan
McAllen, Texas 78501
*Attorney for Claimants Raquel Teran Hinojosa, Clarissa Hinojosa, Omar Hinojosa and Gasper Hinojosa, II*
**Via Regular Mail**

Mr. Raymond Thomas
Mr. Andres Gonzales
KITTLEMAN, THOMAS, RAMIREZ & GONZALES
4900-B N. 10th Street
McAllen, Texas 78504
*Attorneys for Claimants Rene Mata and Frank Mata*
**Via Regular Mail**

Mr. William Q. McManus
LAW OFFICE OF MCMANUS & CRANE, L.L.P.
209 West Juan Linn
P.O. Box 2206
Victoria, Texas 77902-2206
*Attorney for Claimants Rene Leavell and Carol Leavell, Indiv. and as Reps of the Estate of Robin Faye Leavell, Dec'd*
**Via Regular Mail**

Attn: Amadeo Saenz, District Engineer
TEXAS DEPARTMENT OF TRANSPORTATION
P.O. Drawer EE
Pharr, Texas 78577
**Via Regular Mail**

Mr. S. Mark Strawn
SCHIRRMEISTER AJAMIE, L.L.P.
711 Louisiana Street, Ste. 2150
Houston, Texas 77002
**Via Regular Mail**

Ms. Veronica Farias
LAW OFFICE OF VERONICA FARIAS
2854 Boca Chica
Brownsville, Texas 78521
*Attorney for Minor Claimant William Welch*
**Via Regular Mail**

Ms. Eileen Peeples
P.O. Box 2283
New Caney, Texas 77357
**Via Regular Mail**

Mr. Robert E. Ammons
STEVENSON & AMMONS
3700 Montrose Blvd.
Houston, Texas 77006
**Via Regular Mail**

Mr. Jim S. Hart
WILLIAMS BAILEY LAW FIRM, L.L.P.
8441 Gulf Freeway, Ste. 600
Houston, Texas 77017
*Attorney for Claimant Hector Martinez, Sr.*
**Via Regular Mail**

Mr. Juan Barbosa
Chief Deputy Clerk
March 12, 2002
Page 6

---

Mr. Leslie D. Cassidy, III
WOOLSEY & CASSIDY
500 N. Water Street, Ste. 1020
Corpus Christi, Texas 78471
**Via Regular Mail**