IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 3 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| IN RE THE COMPLAINT AND § <br> PETITION FOR BROWN WATER § <br> TOWING I, INC., AS OWNER, § <br> AND BROWN WATER MARINE § <br> SERVICE, INC., AS BAREBOAT § <br> CHARTERS, OF THE BROWN § <br> WATER V, ITS ENGINES, § <br> TACKLE, ETC., IN A CAUSE OF § <br> EXONERATION FROM OR § <br> LIMITATION OF LIABILITY § | C.A. NO. B- 01-157 <br> (Subject to Rule 9(h) <br> of the Federal Rules <br> of Civil Procedure) <br> Admiralty |

**CLAIMANTS' PROOF OF CLAIM AND ANSWER
TO PETITIONERS' VERIFIED COMPLAINT AND PETITION
FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW ROLANDO LEE MOYA, ALBERTO LEROY MOYA, ANTONIO SALINAS JR. and ROBERTO ESPERICUETA (*"Claimants"*), and under protest and without prejudice to Claimants' position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed, file their Proof of Claim and Answer to the Verified Complaint for Exoneration from or Limitation of Liability filed by BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., AND AMERICAN COMMERCIAL LINES LLC AS OWNER AND AMERICAN COMMERCIAL BARGE LINE LLC AS CHARTERER OF THE BARGES NM-315, VLB-912, ACL-9993B AND VLB-9173 (*"Petitioners"*), herein, and in support thereof, would show the Court the following:

# I.

# PROOF OF CLAIM

**Facts**

1.1 On or about September 15, 2001, the Queen Isabella Causeway, connecting South Padre Island with the City of Port Isabel, was struck by commercial barges. The barges, owned by American Commercial Lines LLC, were being pushed by a tugboat owned/operated by Petitioners, BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. As a result of this collision, a section of the causeway was destroyed, leaving a large chasm in the roadway. Many people driving vehicles over the Queen Isabella Causeway at the time of the collision, or shortly thereafter, before they could reasonably react to the collapse of the causeway, fell through the chasm in the roadway and plummeted to the water below, many to their death. Claimants responded heroically, saving the life of several individuals and preventing injury to many more. As a result of the negligent conduct of Petitioners and the resulting collapse of the causeway, Claimants suffered severe and permanent injuries and property damages.

**Cause of Action**

1.2 Due to the negligence, carelessness, and fault of Petitioners as owner, owner pro hac vice, or operator of the vessel in question, and the unseaworthiness of the vessel, all of which was within the privity and knowledge of Petitioners, Claimants sustained damages.

    1.3    Nothing Claimants did or failed to do on the occasion in question caused or in any way contributed to the cause of the injuries sustained by them.

**<u>Damages</u>**

    1.4    Claimants are entitled to maintain an action and bring this claim for damages for pecuniary loss, past and future mental anguish, past and future physical impairment, lost wages, and loss of earning capacity. In addition, Claimants are entitled to maintain and bring this claim for property damages, medical expenses, and other consequential damages. Moreover, Claimants are entitled to plead for punitive damages based upon Petitioners' wanton and reckless conduct that amounted to Petitioners' gross negligence and conscious disregard of the rights, welfare, and safety of others.

    1.5    The injuries and damages of claimant exceed the value of the vessel pled by Petitioners for the damages. Furthermore, said damages are in excess of the minimum jurisdictional limits of this Court.

**<u>Reservations</u>**

    1.6    This claim is being made under protest and without prejudice to Claimants' position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed.

    1.7    Similarly, this claim is being made without prejudice to Claimants' challenging the sufficiency of Petitioners' limitation fund by written motion and/or moving this Court for an order to increase the value of Petitioners' limitation fund.

    **WHEREFORE, PREMISES CONSIDERED**, the Claimants demand judgment against Petitioners in an amount to be determined by this Court, in addition to interest and costs, and such other and further relief to which they may be justly entitled.

## II.

## ANSWER TO COMPLAINT

**Responses to Petitioners' Complaint**

2.1     Claimants can neither admit nor deny the allegations contained in paragraph I of Petitioners' Complaint.

2.2     Claimants can neither admit nor deny as to gross registered tonnage of the vessels. However, Claimants deny that the vessels were, at all times material and in all respects, seaworthy and that they were, at all times material, properly and efficiently manned, supplied, equipped, and furnished, as well as sufficiently fitted and supplied with suitable engines, machinery, tackle, apparel, appliances and furniture, all in good order and condition and suitable for service in which the vessels were engaged.

2.3     Claimants do not deny the allegations contained in paragraph III, but request that Petitioners make a more definite statement so as to elaborate particularly the facts of the underlying incident.

2.4     Claimants deny the allegations contained in paragraph IV.

2.5     Claimants deny the allegations contained in paragraph V.

2.6     Claimants deny the allegations contained in paragraph VI.

2.7     Claimants deny the allegations contained in paragraph VII.

2.8     Claimants deny the allegations contained in paragraph VIII.

2.9     Claimants admit the allegations contained in paragraph IX.

2.10    Claimants deny the allegations contained in paragraph X.

2.11    Claimants deny the allegations contained in paragraph XI.

2.12    Claimants deny the allegations contained in paragraph XII.

2.13   Claimants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph XIII, and therefore, deny the same.

2.14   Claimants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph XIV, and therefore, deny the same.

2.15   Claimants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph XV, and therefore, deny the same.

2.16   Claimants deny the allegations contained in paragraph XVI.

2.17   Claimants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph XVII, and therefore, deny the same.

2.18   With regard to the allegations in paragraph XVIII, Claimants deny that Petitioners' Complaint is within the jurisdiction of this Honorable Court because Petitioners have failed to follow the prerequisites for the filing of a complaint as set forth in Rule F(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure.

**Affirmative Allegations**

2.19   Claimants admit their claim is in excess of three hundred thousand dollars.

2.20   Claimants deny that Petitioners are entitled to the relief sought in their prayer.

2.21   Claimants would show that Petitioners are not entitled to limitation of liability for the reason that said acts of negligence and conditions of unseaworthiness that caused the injuries and damages sustained by Claimants were within the privity and knowledge of Petitioners and/or their directors, officers, stockholders, and agents.

2.22   Claimants further answer that the accident was caused by the fault, negligence, unseaworthiness, and/or lack of due care or other basis of liability on the part of Petitioners, the vessels, and persons for whom the Petitioners are responsible.

2.23   Without waiving their claims that Petitioners are not entitled to an exoneration from, or limitation of liability, Claimants reserve the right to demand a trial by jury in the forum of their choice pursuant to the "Savings to Suitors" clause of the Judiciary Act of 1789. 28 U.S.C. §1333.

2.24   Without waiving their claims that Petitioners are not entitled to an exoneration from, or limitation of liability, Claimants reserve the right provided under Rule F(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure to demand that the amount of security referred to in Petitioners' Complaint be increased on the grounds that it is less than the Petitioner's interest in the vessels, or on the grounds that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury. 46 U.S.C. § 183 (b) - (f).

**WHEREFORE, PREMISES CONSIDERED,** Claimants pray that this Honorable Court dismiss the Verified Complaint of Petitioners and that Claimants be allowed to recover the full amount of their damages as determined by a jury of the Claimants' peers, and for such other and further relief, both legal and equitable, to which they are entitled.

Respectfully submitted,

LAW OFFICES OF FRANK ENRIQUEZ
4200-B North Bicentennial
McAllen, Texas 78504
Tele: (956) 686-5291
Fax: (956) 618-5064

By: _____
FRANK ENRIQUEZ, Attorney in Charge
Federal Bar No. 3734       STx 066 30500
ROBERTO D. PUENTE
Federal Bar No. 24238           STB 24013359

ATTORNEYS FOR CLAIMANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this the /3th day of March 2002, a true and correct copy of the foregoing instrument was forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure.

Will W. Pierson
Royston, Razor, Vickery & Williams
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas 78476
*Attorneys for Brown Water Towing I, Inc.,
Brown Water Marine Inc. and Brown Water V*

Keith N. Uhles
Royston, Razor, Vickery & Williams
P.O. Box 3509
Brownsville, Texas 78523
*Attorneys for Brown Water Towing I, Inc.,
Brown Water Marine Inc. and Brown Water V*

Ray R. Marchan
Watts & Heard, L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520
*Attorney for Plaintiffs Lydia Zamora,
Individually and as Representative of the
Estate if Hector Martinez, Jr., Deceased;
Gustavo Morales; Bigo's International, L.L.C.;
Jacqueline Paddock, Individually and as
Next Friend of William B. Welch and as
Representative of the Estate of Chelsea Welch*

Julian Rodriguez, Jr.
100 W. Pecan
McAllen, Texas 78501
*Attorney for Omar Hinojosa and the Estate of
Gaspar Hinojosa and the Hinojosa Family*

Juan A. Magallanes
Magallanes, Hinojosa & Mancias, P.C.
1713 Boca Chica Blvd.
Brownsville, Texas 78520
*Attorney for Laguna Madre Water District of Port Isabel*

John David Franz
Law Offices of John David Franz
400 N. McColl
McAllen, Texas 78501
*Esteban F. Rivas and Maria Miriam
Rivas, Individually and as
Representative of the Estate of
Stevan F. Rivas*

Raymond L. Thomas
Kittleman, Thomas, Ramirez &
Gonzalez
4900-B North 10th Street
McAllen, Texas 78504

J. Chad Gauntt
Gauntt & Kruppstadt, L.L.P.
9004 Forest Crossing Dr. Suite C
The Woodlands, Texas 77381

Thomas E. Quirk
Law Offices of Aaron & Quirk
901 N.E. Loop 410, Suite 903
San Antonio, Texas 78209-1308
*Attorney for Bridgette Goza*

Daryl G. Dursum
Adams & Reese, L.L.P.
4400 One Houston Center
1221 McKinney
Houston, Texas 77010
*Attorney for the Texas Department
of Transportation*

8

Geoffrey Amsel
SBC Management Services
1010 N. St. Mary's, Room 1403
San Antonio, Texas 78209
*Attorney for Southwestern Bell Telephone*

George C. Kraehe
Willette & Guerra, L.L.P.
3505 Boca Chica Boulevard, Suite 460
Brownsville, Texas 78521
*Attorney for Cameron County*

Veronica Farias
Law Office of Veronica Farias
2854 Boca Chica Blvd.
Brownsville, Texas 78521
*Attorney Ad Litem for William Welch*

Ramon Garcia
Law Office of Ramon Garcia, P.C.
222 West University Dr.
Edinburg, Texas 78539
*Attorney for Raquel Teran Hinojosa,
Individually and on Behalf of the Estate of
Gaspar Hinojosa, Deceased, Clarissa Hinojosa
and Gaspar Hinojosa, II each Individually*

Robert Ammons
3700 Montrose Boulevard
Houston, Texas 77006
*Attorney for Raquel Teran Hinojosa,
Individually and on Behalf of the Estate of
Gaspar Hinojosa, Deceased, Clarissa Hinojosa
and Gaspar Hinojosa, II each Individually*

William R. Edwards
The Edwards Law Frim, L.L.P.
1400 Frost Bank Plaza
Corpus Christi, Texas 78403-0480

United States Department of Transportation
c/o Hon Greg Serres, United States Attorney
600 East Harrison, Suite 201
Brownsville, Texas 78520-7114

A.G. Hill Power
c/o Jack H. Bennett
112 Lakeshore Drive
Corpus Christi, Texas 78413

Brian G. Janis
Sanchez, Whittingtin, Janis &
Zabarte, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284

Outdoor Resorts of Texas
c/o Randall Henderson, Jr.
P.O. Box 2093
South Garcia
Port Isabel, Texas 78578

Long Island Bridge Company
c/o John R. Freeland
806 Pecan
McAllen, Texas 78501

Central Power & Light
c/o C.T. Corporation System
350 N. St. Paul Street
Dallas, Texas 75201

John Cornyn
Attorney General of Texas
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548

Michael R. Cowen
Michael R. Cowen, P.C.
765 E. 7th Street, Suite A
Brownsville, Texas 78520

James B. Manley
3616 Preston Road
Pasadena, Texas 77505
*Attorney for William Morris Welch*

Texas Parks & Wildlife Department
5541 Bear Lane, Suite 232
Corpus Christi, Texas 78405

William Q. McManus
McManus & Crane. L.L.P.
209 West Juan Linn
P.O. Box 2206
Victoria, Texas 77902-2206
*Attorney for Ricky Leavell and Carol Leavell, Individually and as Representative of the Estate of Robin Faye Leavell, Deceased*

Heriberto Merdarno
Law Offices of Heriberto Medrano
1101 West Tyler
Harlingen, Texas 78550
*Attorney for the Estate of Robert Harris*

Phil A. Bellamy
Law Office of Phil A. Bellamy
815 Ridgewood
Brownsville, Texas 78520
*Attorney for ZT, Inc. d/b/a Wings and Mirage*

Glen Goodier
Jones, Walker, Waechter, Poitevent,
Carrere & Denegre, L.L.P.
201 St. Charles Avenue, 48th Floor
New Orleans, Louisiana 70170-5100
*Attorney for American Commercial Barge Lines*

Edith Curtis
4268 Airport Road
Tioga, Texas 76271

Doyle McClendon
3211 North Inspiration Road, Apt. 2
Mission, Texas 78572

Charles and Darla Nathanson
23102 Botkins Road
Hockley, Texas 77447

Kay Keese
P.O. Box 457
Bells, Texas 75414

Sandra D. Laurel
Snow & Laurel, L.L.P.
310 West Sunset
San Antonio, Texas 78209
*Attorney for Daisy Harris as Administrator of the Estate of Robert Victor Harris*

Mark J. Spansel
Adams & Reese, L.L.P.
4500 One Shell Square
New Orleans, LA 70139
*Attorney for Texas Department of Transportation*

Mary Ann Courter
Texas Department of Public Safety
5805 Lamar Boulevard
P.O. Box 4087
Austin, Texas 78773-001

Elijio Garza, Area Engineer
Department of the Army
Corps of Engineers
1920 North Chaparral Street
Corpus Christi, Texas 78401

Heather Askwig
2332 West Solano Drive
Phoenix, AZ 85015

Robert and Virginia Fandrich
5101 Berdi Way
Stockton, CA 985207

Annaca Page
16810 Tranquil Drive
Sugar Land, Texas 77478

N. Fay Rutledge
726 Partidge Lane
Eagle Lake, Texas 77434

Colleen Forster
5652 Pinon Vista Drove
Austin, Texas 78724

Yolanda De Leon, Cameron County Attorney
Cameron County Courthouse
974 E. Harrison Street
Brownsville, Texas 78520-7198

Mr. Boyd Kennedy, Staff Attorney
Law Enforcement Division
Texas Parks & Wildlife Department
4200 Smith School Road
Austin, Texas 78744

Jim S. Hart
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017

Lt. D.J. Fassero
Freedom of Information Act Coordinator
Commanding Officer
United States Coast Guard
Marine Safety Office – Corpus Christi
400 Mann Street, Suite 210
Corpus Christi, Texas 78401

Romeo Miller
3106 Barnes Bridge
Dallas, Texas 75228

Eileen Peeples
P.O. Box 2283
New Caney, Texas 77357

S. Mark Strawn
Schirmeister Ajamie, L.L.P.
711 Louisiana Street, Suite 2150
Houston, Texas 77002

Amadeo Saenz, District Engineer
Texas Department of Transportation
600 West US 83 Expressway
P.O. Drawer EE
Pharr, Texas 78577

Less Cassidy
Woolsey & Cassidy, P.C.
1020 Bank of America
500 North Water Street
Corpus Christi, Texas 78471

W. Lamoine Holland
1920 Nacogdoches Road, Suite 100
San Antonio, Texas 78209

_____
FRANK ENRIQUEZ