IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 4 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION FOR BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERS, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY § § § § § § § § § § | C.A. NO. B-01-157 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |
| AND § | |
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC AS OWNER AND AMERICAN COMMERCIAL BARGE LINE LLC AS CHARTERER OF THE BARGES NM-315, VLB-912, ACL-9993B, VLB-9173, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY § § § § § § § § | (consolidated from C.A. No. B-02-004) |

**CLAIMANT'S PROOF OF CLAIM AND ANSWER
TO PETITIONER AMERICAN COMMERCIAL'S
VERIFIED COMPLAINT AND PETITION FOR
EXONERATION FROM AND/OR LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW RENE MATA and FRANK MATA (*"Claimants"*), and under protest and without prejudice to Claimants' position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed, file their Proof of Claim and Answer to the Verified Complaint for Exoneration from or Limitation of Liability filed by AMERICAN COMMERCIAL LINES LLC AS OWNER AND AMERICAN COMMERCIAL BARGE LINE LLC AS CHARTERER OF THE BARGES NM-315, VLB-912, ACL-9993B, VLB-9173 (*"Petitioners"*),

herein, and in support thereof, would show the Court the following:

## I.

## PROOF OF CLAIM

### Facts

1.1 On September 15, 2001, the Queen Isabella Causeway, connecting South Padre Island with the City of Port Isabel, was struck by commercial barges. The barges, owned by Petitioners AMERICAN COMMERCIAL LINES LLC and chartered by AMERICAN COMMERCIAL BARGE LINE LLC, were being pushed by a tugboat owned/operated by BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICES, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC (*co-Petitioners"*). As a result of this collision, a section of the causeway was destroyed, leaving a large chasm in the roadway. RENE MATA was driving a Ford Coupe, owned by his father FRANK MATA, on the Queen Isabella Causeway at the time of the collision, or shortly thereafter. Before RENE MATA could reasonably react to the collapse of the causeway, the Ford Coupe fell through the chasm in the roadway and plummeted to the water below. As a result of the negligent conduct of Petitioners and the resulting collapse of the causeway, Claimant RENE MATA sustained substantial, severe, and permanent physical injuries, and the Ford Coupe owned by FRANK MATA was totaled.

### Cause of Action

1.2 Due to the negligence, carelessness, and fault of Petitioners as owner, owner pro hac vice, charterer, or operator of the barges in question, the unseaworthiness of the vessel and barges in question, and the negligence of the co-Petitioners (as outlined in Claimants' Proof of Claim previously filed with the Court), all of which was within the privity and knowledge of Petitioners,

Claimants sustained damages.

1.3   Nothing Claimants did or failed to do on the occasion in question caused or in any way contributed to the cause of the injuries sustained by RENE MATA and the damage to the vehicle owned by FRANK MATA.

**Damages**

1.4   Claimants are entitled to maintain an action and bring this claim for damages for pecuniary loss, past and future mental anguish, past and future physical impairment, lost wages, and loss of earning capacity. In addition, Claimants are entitled to maintain and bring this claim for property damages, medical expenses, and other consequential damages. Moreover, Claimants are entitled to plead for punitive damages based upon Petitioners' wanton and reckless conduct that amounted to Petitioners' gross negligence and conscious disregard of the rights, welfare, and safety of others.

1.5   The injuries and damages of claimant exceed the value of the barges pled by AMERICAN COMMERCIAL LINES LLC and AMERICAN COMMERCIAL BARGE LINE LLC for the damages. Furthermore, said damages are in excess of the minimum jurisdictional limits of this Court.

**Reservations**

1.6   This claim is being made under protest and without prejudice to Claimants' position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed.

1.7   Similarly, this claim is being made without prejudice to Claimants challenging the sufficiency of Petitioners' limitation fund by written motion and/or moving this Court for an order

to increase the value of Petitioners' limitation fund.

**WHEREFORE, PREMISES CONSIDERED**, the Claimants demand judgment against Petitioners in an amount to be determined by this Court, in addition to interest and costs, and such other and further relief to which they may be justly entitled.

## II.

## ANSWER TO COMPLAINT

### Responses to Petitioners' Complaint

2.1   Claimants can neither admit nor deny the allegations contained in paragraph I of Petitioners' Complaint at this time.

2.2   Claimants can neither admit nor deny the allegations contained in paragraph II of Petitioners' Complaint at this time.

2.3   Claimants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph III, and therefore, deny the same.

2.4   Claimants deny the allegations contained in paragraph IV.

2.5   In response to the allegations contained in paragraphs V and VI, Claimants admit that on September 15, 2001, the BROWN WATER V was pushing the Barges in navigable waters in or near Port Isabel, Texas when the flotilla struck the Queen Isabella Causeway (*"the Causeway"*), causing several sections of the causeway to collapse into the Laguna Madre Channel. Claimants further admit that the collision caused several personal injuries, deaths, property damage, and other damages. Claimants deny the remainder of the allegations in paragraphs V and VI.

2.6   Claimants deny the allegations contained in paragraph VII.

2.7   Claimants deny the allegations contained in paragraph VIII.

2.8     Claimants can neither admit nor deny the allegations contained in paragraph IX of Petitioners' Complaint a this time.

2.9     Claimants deny the allegations contained in paragraph X.

2.10    Claimants deny the allegations contained in paragraph XI.

2.11    Claimants deny the allegations contained in paragraph XII.

2.12    Claimants deny the allegations contained in paragraph XIII.

2.13    Claimants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraphs XIV and XV, and therefore, deny the same.

2.14    Claimants deny the allegations contained in paragraph XVI..

2.15    Claimants deny the allegations contained in paragraph XVII.

2.16    In response to paragraph XVIII, Claimants admit that the question of whether Petitioners are entitled to limitation of liability are within the admiralty and maritime jurisdiction of this Court. However, Claimants deny that Petitioners' Complaint is within the jurisdiction of this Honorable Court because Petitioners have failed to follow the prerequisites for the filing of a complaint as set forth in Rule F(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure.

2.17    Claimants deny Petitioners' Prayer in its entirety.

**Affirmative Allegations**

2.18    Claimants admit its claim is in excess of eight hundred thousand dollars.

2.19    Claimants deny that Petitioners are entitled to the relief sought in its Prayer.

2.20    Claimants would show that Petitioners are not entitled to limitation of liability for the reason that said acts of negligence and conditions of unseaworthiness that caused the injuries and

damages sustained by Claimants were within the privity and knowledge of Petitioners and/or its directors, officers, stockholders, and agents.

2.21 Claimants further answer that the accident was caused by the fault, negligence, unseaworthiness, and/or lack of due care or other basis of liability on the part of Petitioners, the vessels, barges, and persons for whom the Petitioners are responsible.

2.22 Claimants further reserve the right to challenge the valuation of the barges and the pending freight.

2.23 Claimants further reserve the right to contest the adequacy of the security posted by the Petitioners in support of this action.

2.22 Without waiving their claims that Petitioners are not entitled to an exoneration from, or limitation of liability, Claimants reserve the right to demand a trial by jury in the forum of their choice pursuant to the "Savings to Suitors" clause of the Judiciary Act of 1789. 28 U.S.C. §1333.

2.23 Without waiving their claims that Petitioners are not entitled to an exoneration from, or limitation of liability, Claimants reserve the right provided under Rule F(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure to demand that the amount of security referred to in Petitioners' Complaint be increased on the grounds that it is less than the Petitioner's interest in the BROWN WATER V, or on the grounds that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury. 46 U.S.C. § 183 (b) - (f).

**WHEREFORE, PREMISES CONSIDERED**, Claimants pray that this Honorable Court dismiss the Verified Complaint of AMERICAN COMMERCIAL LINES LLC AS OWNER AND AMERICAN COMMERCIAL BARGE LINE LLC AS CHARTERER OF THE BARGES NM-315,

VLB-912, ACL-9993B, VLB-9173, and that Claimants be allowed to recover the full amount of their damages as determined by a jury of the Claimants' peers, and for such other and further relief, both legal and equitable, to which they are entitled.

Respectfully submitted,

By: /s/ Raymond L. Thomas
Raymond L. Thomas
Attorney-in-Charge
Texas State Bar No. 19865350
Federal Bar No. 10715

Andres H. Gonzalez, Jr.
Texas State Bar No. 24002156
Federal Bar No. 22196

***KITTLEMAN, THOMAS, RAMIREZ & GONZALES, PLLC***
4900-B North 10th Street
McAllen, Texas 78504
(956) 686-8797
(956) 630-5199 (fax)

**ATTORNEYS FOR CLAIMANTS**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION FOR BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERS, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § | C.A. NO. B-01-157 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |

## VERIFICATION

STATE OF TEXAS         §
                       §
COUNTY OF HIDALGO      §

BEFORE ME, the undersigned notary public, on this day personally appeared Raymond L. Thomas who being by me duly sworn on his oath deposed and said:

"My name is Raymond L. Thomas. I am the duly authorized agent for Claimants, Rene Mata and Frank Mata, in the above entitled and numbered cause. I have read the foregoing Claimants' Proof of Claim and Answer to Petitioner American Commercial's Verified Complaint and Petition For Exoneration From and/or Limitation of Liability, and to the best of my knowledge and belief, every statement contained therein is true and correct."

Further affiant sayeth not.

_____
Raymond L. Thomas

SUBSCRIBED AND SWORN TO BEFORE ME on the _13th_ day of _March_, 2002.



_____
Notary Public, State of Texas