United States District Court
Southern District of Texas
FILED

MAR 14 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND § | | |
| PETITION OF BROWN WATER § | C.A. NO. B-01-157 | |
| TOWING I, INC., AS OWNER, AND § | (Subject to Rule 9(h) | |
| BROWN WATER MARINE SERVICE, § | of the Federal Rules | |
| INC., AS BAREBOAT CHARTERER, OF § | of Civil Procedure) | |
| THE BROWN WATER V, ITS ENGINES, § | Admiralty | |
| TACKLE, ETC. IN A CAUSE OF § | | |
| EXONERATION FROM OR § | | |
| LIMITATION OF LIABILITY § | | |

Consolidated with:

| | | |
|---|---|---|
| IN THE MATTER OF AMERICAN § | | |
| COMMERCIAL LINES LLC AS OWNER § | | |
| and AMERICAN COMMERCIAL BARGE § | C.A. NO. B-02-004 | |
| LINE LLC AS CHARTERER OF THE § | (Subject to Rule 9(h) | |
| BARGES NM-315, VLB-9182, § | of the Federal Rules | |
| ACL-9933B, VLB-9173, PRAYING § | of Civil Procedure) | |
| FOR EXONERATION FROM AND/OR § | Admiralty | |
| LIMITATION OF LIABILITY § | | |

**CLAIMANTS J. ANTONIO MIRELES, AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF JULIO CESAR MIRELES, JUAN ANTONIO MIRELES
AND SOLEDAD GONZALEZ MIRELES' FIRST AMENDED ORIGINAL CLAIM
AND ANSWERS TO PETITIONERS' VERIFIED COMPLAINTS AND PETITIONS FOR
EXONERATION FROM AND/OR LIMITATION OF LIABILITY**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

J. Antonio Mireles, as personal representative of the Estate of Julio Cesar Mireles, Juan

Antonio Mireles and Soledad Gonzalez Mireles (Claimants) file this their First Amended Claim and

Answers to Petitioners', Brown Water Towing I, Inc., as Owner, and Brown Water Marine Service,

Inc., as Bareboat Charterer, of the BROWN WATER V, Its Engines, Tackle, Etc., and American

Commercial Lines, LLC as Owner and American Commercial Barge Line LLC as Charterer of the

Barges NM-315, VLB-9182, ACL-9933B, VLB-9173, Complaints and Petitions for exoneration from and/or limitation of liability, and would show the Court as follows:

## I.
## CLAIMS FOR DAMAGES

Claimant, J. Antonio Mireles, is the personal representative of the Estate of Julio Cesar Mireles, deceased. Claimants, Juan Antonio Mireles and Soledad Gonzalez Mireles, are the surviving parents of Julio Cesar Mireles, deceased.

On September 15, 2001, Julio Cesar Mireles was killed as a result of the collapse of the Queen Isabella Causeway. The causeway collapsed after it was rammed by industrial barges being pushed by a tugboat. The barges were owned and/or chartered by Petitioners American Commercial Lines, LLC and American Commercial Barge Line, LLC, and were being pushed by a tugboat owned and/or operated and/or bareboat chartered by Petitioners Brown Water Towing I, Inc., and Brown Water Marine Service, Inc. As a result of the negligent conduct of Petitioners and the resulting collapse of the causeway, Claimants' Decedent, Julio Cesar Mireles, suffered severe physical injuries, and ultimately died as a result of those injuries.

Claimants' Decedent's injuries and death were due to the Petitioners' negligence, carelessness, and fault as owners, operators, and/or bareboat charterers of the tugboat and barges, all of which was with the privity and knowledge of Petitioners.

Nothing Claimants, or Claimants' Decedent did or failed to do on the occasion in question caused or in any way contributed to the injuries and death of Claimants' Decedent, Julio Cesar Mireles.

Claimants, Juan Antonio Mireles and Soledad Gonzalez Mireles bring this action for damages for pecuniary losses from the death of their son, Julio Cesar Mireles, including loss of care, maintenance, support, services, advice, counsel, loss of companionship and society, mental anguish and contributions of a pecuniary value that Claimants would have received from Julio Cesar Mireles during his lifetime. Claimants also seek any other damages provided for under any applicable laws, including the law of the State of Texas, arising out of the death of Julio Cesar Mireles.

Claimants, Juan Antonio Mireles and Soledad Gonzalez Mireles, also bring this action for loss of their son's consortium, including, affection, solace, comfort, assistance, emotional support, love and felicity. Claimants, Juan Antonio Mireles and Soledad Gonzalez Mireles, also bring this action to recover damages for their own mental anguish, emotional pain, suffering and bereavement, as well as for the loss of companionship, love, support and society that they have experienced in the past and will forever experience in the future.

J. Antonio Mireles, as personal representative of the estate of Julio Cesar Mireles, also brings this action to recover damages on behalf of the estate of Julio Cesar Mireles. As a result of the incident of September 15, 2001, Julio Cesar Mireles suffered injuries which caused him severe and excruciating physical pain and mental anguish prior to his death. As a result, his estate is entitled to recover damages for physical pain and mental anguish, funeral and burial expenses, for which recovery is sought herein. Claimant would show that by reason of the injuries sustained as alleged above, Julio Cesar Mireles suffered serious injuries to his body including disfigurement, mental anguish and physical pain and suffering prior to his death.

Claimants would show that the injuries and death of Julio Cesar Mireles were caused by the Petitioners wanton and reckless conduct, and gross negligence, and that Petitioners' are liable for punitive and exemplary damages.

This claim is being made without prejudice to Claimants' position that these exoneration and/or limitation of liability proceedings are improper, and should be dismissed. This claim is also being made without prejudice to Claimants' right to challenge the sufficiency of Petitioners' limitation funds by written motion and/or moving this Court for an order to increase the value of Petitioners' limitation funds.

While Claimants acknowledge the exclusive jurisdiction of this Court to determine the issue of limitation, this claim is made without prejudice to Claimants' right to try the issues of liability and damages to a jury of their peers, in a form of their choosing, whether it be this Court, or a Court of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, Claimants demand judgment against Petitioners, together with interests and costs of court.

## II.
## ANSWER TO BROWN WATER'S COMPLAINT

J. Antonio Mireles, as personal representative of the Estate of Julio Cesar Mireles, Juan Antonio Mireles and Soledad Gonzalez Mireles (Claimants) file this First Amended Answer to the Complaint of Brown Water Towing I, Inc., as owner, and Brown Water Marine Service, Inc., as Bareboat Charterer of the BROWN WATER V Its Engines, Tackle, Etc. In a cause of exoneration from or limitation of liability, civil and maritime, and would show the Court as follows:

4

1. Claimants are without sufficient information to admit nor deny the allegations contained within paragraph I of Petitioners' Complaint, and they are accordingly denied.

2. Regarding the allegations contained within paragraph II of Petitioners' Complaint, Claimants admit that the BROWN WATER V is and was at all material times a tugboat, and its official number is 580422. Claimants can neither admit nor deny the allegations as regards the vessel's gross and net tonnage. Claimants deny that the BROWN WATER V was at all times material in all respects seaworthy, and it was at all times material properly and efficiently manned, supplied, equipped, and furnished, and well and sufficiently fitted and supplied with suitable engines, machinery, tackle, apparel, appliances and furniture, all in good order and condition and suitable for the service in which the vessel was engaged.

3. Claimants admit the allegations contained within paragraphs III, IX, XVI and XVII of Petitioner's Complaint.

4. Claimants deny the allegations contained within paragraphs IV, V, VI, VII, VIII, X, XI, and XII.

5. The allegations contained within paragraph XIII, XIV, and XV either require no answer from Claimants, or are denied.

6. Claimants deny that Petitioners are entitled to the relief sought in their prayer (paragraph XVIII) of their Complaint.

Further answering, Claimants would show the Court as follows:

7. Claimants would show that Petitioners are not entitled to limit their liability for the reason that the acts of negligence and conditions of unseaworthiness which caused the injuries,

damages, and death sustained by Claimants, and Claimants' Decedent, were within the privity and knowledge of Petitioners, and/or Petitioners' directors, officers, stockholders or agents.

8.  Claimants, further answering, would show that Petitioners are not entitled to limit their liability because the conditions of unseaworthiness which caused the injuries and damages sustained by Claimants existed at the initiation of the voyage, and are thus within the privity or knowledge of the Petitioners.

9.  Claimants, further answering, would show that Petitioners are not entitled to limitation of liability for the reason that the acts of Petitioners which caused the injuries and/or damages sustained by Claimants constituted the violation of duties imposed by statute and/or regulation.

10. Without waiving their claims that Petitioners are not entitled to exoneration from or limitation of liability, Claimants reserve the right to demand trial by jury in the forum of their choice pursuant to the Savings to Suitors Clause of the Judiciary Act of 1789. 28 U.S.C. § 1333.

11. Without waiving their claims that Petitioners are not entitled to exoneration from or limitation of liability, Claimants reserve their right provided under Rule F(7) of the Supplemental Rules for certain Admiralty and Maritime claims of the Federal Rules of Civil Procedure to demand that the amount of security referred to in Petitioner's Complaint be increased on the grounds that it is less than the Petitioner's interest in the BROWN WATER V or on the grounds that it is insufficient to carry out the provisions of this statute relating to claims in respect of loss of life or bodily injury.

46 U.S.C. § 183(b)-(f).

WHEREFORE, PREMISES CONSIDERED, Claimants pray that this Honorable Court dismiss the verified complaint of Brown Water Towing I, Inc., as owner, and Brown Water Marine Services, Inc., as Bareboat Charterer of the Brown Water V, Its Engine, Tackle, Etc., and grant Claimants any other relief, both legal and equitable, to which they are justly entitled.

### III.
### ANSWER TO COMPLAINT OF AMERICAN COMMERCIAL

J. Antonio Mireles, as personal representative of the Estate of Julio Cesar Mireles, Juan Antonio Mireles and Soledad Gonzalez Mireles (Claimants) file this First Amended Answer to the Complaint of American Commercial Lines, LLC as owner and American Commercial Barge Line, LLC as charterer of the barges, NM-315, VLB-9182, ACL-9933B, VLB-9173, (collectively, "American Commercial") Complaint for exoneration from and/or limitation of liability, and would show unto the Court as follows:

1.   Claimants admit the allegations contained in paragraphs I, VI, and IX of American Commercial's Complaint.

2.   Claimants are without sufficient knowledge to admit or deny, and accordingly deny the allegation contained within paragraphs II, III, V, XIV, XV, XVI, and XVII of American Commercial's Complaint.

3.   Claimants deny the allegations contained within paragraphs IV, VII, VIII, X, XI, XII, XIII, XVIII, and deny that the Petitioners are entitled to any of the relief sought in the prayer of their Complaint.

Further answering Claimants would show unto the Court following:

4. Claimants would show that Petitioners are not entitled to limit their liability for the reason that the acts of negligence and conditions of unseaworthiness which caused the injuries, damages, and death sustained by Claimants, and Claimants' Decedent, were within the privity and knowledge of Petitioners, and/or Petitioners' directors, officers, stock holders or agents.

5. Claimants, further answering, would show that Petitioners are not entitled to limit their liability because the conditions of unseaworthiness which caused the injuries and damages sustained by Claimants existed at the initiation of the voyage, and are thus within the privity or knowledge of the Petitioners.

6. Claimants further answer that Petitioners are not entitled to limit their liability for the reason that the acts of Petitioners which caused the injuries and/or damages sustained by Claimants constituted the violation of duties imposed by statute and/or regulation.

7. Without waiving their claims that Petitioners are not entitled to exoneration from or limitation of liability, Claimants reserve the right to demand trial by jury in the forum of their choice pursuant to the Savings to Suitors Clause of the Judiciary Act of 1789. 28 U.S.C. § 1333.

8. Without waiving their claims that Petitioners are not entitled to exoneration from or limitation of liability, Claimants reserve their right provided under Rule F(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure to demand that the amount of security referred to in Petitioner's Complaint be increased on the grounds that it is less than the Petitioner's interest in the barges or on the grounds that it is insufficient to carry out the provisions of this statute relating to claims in respect of loss of life or bodily injury. 46 U.S.C. § 183(b)-(f).

WHEREFORE, PREMISES CONSIDERED, Claimants pray that this Honorable Court dismiss the Complaint of American Commercial Lines, LLC as Owner and American Commercial Barge Line, LLC as Charterer of the Barges NM-315, VLB-9182, ACL-9933B, VLB-9173, and grant Claimants any other relief both legal and equitable, to which they are entitled.

Respectfully submitted,

SCHIRRMEISTER AJAMIE, L.L.P.

By: _____
Thomas R. Ajamie
State Bar No. 00952400
Southern District of Texas Bar No. 6165
S. Mark Strawn
State Bar No. 19374325
Southern District of Texas Bar No. 9996
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, Texas 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699

Attorneys for Claimants,
J. Antonio Mireles, As Personal Representative
of the Estate of Julio Cesar Mireles,
Juan Antonio Mireles, and Soledad
Gonzalez Mireles

## Certificate of Service

      I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure, on this 13th day of March, 2002.

_____
S. Mark Strawn