IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 5 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | |
| PETITION OF BROWN WATER | § | |
| TOWING 1, INC., AS OWNER. AND | § | |
| BROWN WATER MARINE SERVICE, | § | |
| INC., AS BAREBOAT CHARTERER, | § | |
| OF THE BROWN WATER V, ITS | § | |
| ENGINES, TACKLE, ETC. IN A CAUSE | § | CASE NUMBER: C.A. B-01-157 |
| OF EXONERATING FROM OR | § | (Subject to Rule 9(b) of the Federal |
| LIMITATION OF LIABILITY | § | Rules of Civil Procedure) |
| | § | Admiralty |

## OBJECTIONS TO, AND MOTION TO QUASH, SUBPOENA DUCES TECUM SERVED MARCH 11, 2002, DIRECTED TO YOLANDA DE LEÓN, DISTRICT ATTORNEY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW YOLANDA DE LEÓN, THE CAMERON COUNTY DISTRICT ATTORNEY, by and through her attorney, and files these objections to and motion to quash, subpoena duces tecum served March 11, 2002, directed to the Yolanda De León, Cameron County District Attorney, and shows this Honorable Court the following:

### INTRODUCTION

1. On or about March 11, 2002, OMAR HINOJOSA AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF GASPAR HINOJOSA caused to be delivered to Yolanda de León a Subpoena Duces Tecum directed to the Cameron County District Attorney. (A true and correct copy of such Subpoena is attached as Exhibit "A" and incorporated herein by reference as through set forth verbatim.) The subpoena sets a date and time of instanter for compliance, and directs the custodian of records to produce and permit inspection and copying of the following: "Any and all records, written notes,

1

correspondence, reports, E-mail transactions, witness statements, still photos, videotapes, news coverage and footage information in the possession, custody or control of the said witness and all other such record to which the witness may have access to regarding an/or relating to the investigation of THE QUEEN ISABELLA CAUSEWAY COLLAPSE ACCIDENT, PORT ISABEL, TEXAS 78578."

2. Movant objects to such subpoena duces tecum and moves that the court quash the subpoena duces tecum, or, alternatively, moves for a protective order limiting the documents, if any, to be produced to non-privileged, non-confidential documents, for the following reasons. The information requested is part of a criminal investigation.

**The Subpoena fails to Identify With Reasonable**
**Specificity and Particularity The documents Sought**

3. The party seeking to subpoena the documents has failed to identify with sufficient particularity and specificity the documents sought. As already noted, the subpoena directs the custodian of records to produce and permit inspection and coping of the following: "Any and all records, written notes, correspondence, reports, E-mail transactions, witness statements, still photos, videotapes, news coverage and footage information in the possession, custody or control of the said witness and all other such record to which the witness may have access to regarding an/or relating to the investigation of THE QUEEN ISABELLA CAUSEWAY COLLAPSE ACCIDENT, PORT ISABEL, TEXAS 78578." Such an overbroad request constitutes and impermissible fishing expedition. See, e.g., Phillips vs. Automated Telephone Management Systems, Inc., 160F.R.D. 561, 563 (N.D. Tex. 1994) ("The discovery requested from Coppers and Bailey amounts to no more than a "fishing expedition' in an

attempt to discover unknown wrongs.") Miller v. Adelson, 4 F.R.D. 176, 176-77 (W.D. Pa. 1944) (court sustained objection to production of entire file on on ground no particular paper designated). Compare United States v. King, 164 F.R.D. 542, 546 (D. Kan. 1996) ("Requesting entire files instead of specific documents indicates a fishing expedition.")

4. The Fifth Circuit has held that a subpoena duces tecum "must also properly identify or describe the documents requested" and "the request must be sufficiently definite to provide guidance as to what is to be produced by standards or criteria that make clear the duty of the person subpoenaed." In re grand Jury Proceedings, 601 F.2d 162, 168 (5th Cir. 1979).

**The Records Sought Are Privileged Confidential and Protected From Disclosure**

5. Federal rule 45 (c) (3) (A) (iii) provides that "[o] n timely motion the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or wavier applies." The documents sought by Respondents are privileged, confidential and protected from disclosure.

**Work Product**

6. The Texas Code of Criminal Procedure and Texas Common Law protect the work product of the state's attorney from disclosure. In Wood v. McCown, 784 S.W.2d 126 (Tex.App.—Austin, 1990, no writ), the court held that the criminal work-product doctrine recognized through the common law continues after the criminal case had concluded, and protects the material from disclosure when it is sought in a subsequent

3

civil case. Id. At 128-29.

7. Article 39.14 of the Texas Code of Criminal Procedure excepts from discovery "the work product of counsel in the case and their investigators and their notes or report." Tex. Code Crim. P. art 39.14 (Vernon 1979 & Supp. 1998). The criminal work-product doctrine recognized in Article 39.14 of the Texas Code of Criminal Procedure "extends to prosecution files and papers." Brem v. State, 571 S.W.2d 314, 322 (Tex. Crim. App. [Panel Op.] 1978).

> The [work-product] privilege has thus been extended
> To offense or investigative reports prepared by the
> Police, ... internal prosecution files or papers, ... and
> reports on the analyses of narcotics ... It has also been
> extended to statements prepared by law enforcement officers
> after interviewing prospective witnesses.

Quinones v. State, 592 S.W.2e 933, 940 (Tex. Crim App. 1980) (en banc). The Texas Court of Criminal Appeals has also held that article 39.14 exempts witness statements from discovery as work product. Hoffman v. State, 514 S.W.2d 248, 252 (Tex. Crim. App. 1974).

**Witness Statements**

8. Article 39.14 of the Texas Code of Criminal Procedure excepts "written statements of witnesses" in the possession of the state from discovery in criminal cases. Tex. Code Crim. P. art. 39.14 (Vernon 1979 & Supp. 1998). Such statements are privileged and not subject to disclosure if the witness does not testify and the statement is not exculpatory. Nelson v. State, 511 S.W.2d 18, 20 (Tex. Crim. App. 1974); see State ex rel. Simmons v. Moore, 774 S.W.2d 711, 714 (Tex. App.—El Paso 1989, no pet.). In the instant case, the underlying criminal case is still under investigation. Therefore, the statements remain protected from disclosure.

4

## Rule 501 of the Federal Rules of Evidence

9. In determining the applicability of the state law privileges asserted herein, it should be remembered that the Movant is not a party to this litigation and has been involuntarily drawn into federal court pursuant to a subpoena. Movant should not be denied its state law privileges because of such fortuitous circumstances. To the extent, if at all, that Rule 501 of the Federal Rules of Evidence would require the application of "the principals of the common law as they may be interpreted by the courts of the United States in light of reason and experience," Movant asks the Court to recognize the wisdom of the state law privileges asserted herein and to apply them as a matter of federal common law." Fed.R.Evide. 501 advisory committee notes. Movant further asserts that, in any event, federal common law is consistent with state law with respect to the asserted privileges. See, e.g., United States v. Nobles, 422 U.S. 225, 236 95 S.Ct. 2160, 2169, 45 L.Ed.2d 141 (1975) (recognizing work product privileged in federal criminal case); R.T.C. v. Grolier, Inc., 462 U.S. 19, 26, 103 S. Ct. 2209, ___, 76 L.Ed 2d 387, 393-94 (1983) (work product privileged does not terminate upon conclusion of the particular case in which it was generated but continues thereafter); In Re Grand Jury Proceedings, 43 F.3d 966, 971 (5th Cir. 1994) (work product privilege applies in subsequent litigation); Fed.R.Crim.P. 16(B) (2) (establishing work-product protection in pretrial criminal context); U.S. v Thomas, 766 R.Supp. 372, 375 (W.D.Pa. 1991) (statements in possession of government are not subject to disclosure if the witness does not testify and the statements are not exculpatory); U.S. v. Cherry, 876 F.Supp. 547, 551 (S.D.N.Y. 1995) (reports and investigations of state law enforcement are protected as work product). Compare F.R.C.P. 26 (b) (3) (protecting work-product and witness

statements in civil context). Movant further asserts that the documents are protected by the required reports privilege recognized by both Texas and federal law, the prosecutorial and deliberative process privilege recognized at federal common law, the official information privilege recognized at federal common law, and the law enforcement privilege recognized at federal common law.

10.     Movant, hereby seeks an order quashing the subpoena duces tecum attached hereto as Exhibit "A." Alternatively, Movant moves for a protective order limiting the documents, if any, to be produced to non-privileged, non-confidential documents. Furthermore, prior to any ordered disclosure, if at all, of any materials sought through the notice and subpoena duces tecum, which Movant asserts are confidential or privileged, Movant requests that the Court examine in camera those materials asserted by Movant as being confidential and/or privileged. Movant prays for such additional orders of the Court as are consistent with the assertions of Movant in this motion; that Movant not be required to divulge any information as to matters that are confidential or privileged and that the Court grant Movant such other further relief, general or special to which Movant may be entitled at law or in equity.

Respectfully submitted,

YOLANDA DE LEÒN
COUNTY AND DISTRICT ATTORNEY

Cameron County Courthouse
974 E. Harrison Street
Brownsville, Texas  78520
Telephone:    956/544-0849
Fax No.: 956/544-0869

BY: _____
Francisco J. Martinez
Assistant County Attorney
Texas State Bar No. 13141900
Federal Admission No. 17477
ATTORNEY FOR MOVANT

## CERTIFICATE OF CONFERENCE

This is to certify that efforts to resolve this discovery dispute have been attempted by telephone discussion with the attorney for the party seeking to subpoena the documents in question, without resolution.

_____
Francisco J. Martinez
Assistant District and County Attorney

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the above and foregoing motion, and proposed order accompanying the same has been served upon Julian Rodriguez, Jr. attorney for the Estate of Gaspar Hinojosa forwarding same by "fax" transmission, and by mailing a copy of same by United States mail, certified mail, return receipt requested, on the 15th day of March, 2002.

Julian Rodriguez, Jr.
Attorney at Law
100 W. Pecan
McAllen, Texas 78501
**CM/RRR # Z271 578 448**

 

_____
Francisco J. Martinez
Assistant District and County Attorney

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER OF THE BROWN WATER V., IT'S ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | **SUBPOENA IN A CIVIL CASE**<br><br>CASE NUMBER: C.A. NO. B-01-157<br>(Subject to Rule 9(b) of the Federal<br>Rules of Civil Procedure)<br>Admiralty |

TO: **Cameron County District Attorney's Office c/o Yolanda DeLeon, 974 E. Harrison Brownsville, Tx 78520**

____ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

__ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**ANY & ALL RECORDS AS DESCRIBED ON EXHIBIT "A", ATTACHED HERETO.**

| PLACE: Cameron County District Attorney's Office c/o Yolanda DeLeon 974 E. Harrison Brownsville, Texas 78520 | DATE AND TIME: Instanter 2002 |
|---|---|

__ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules Of Civil Procedure, 30(b) (6).

ISSUING OFFICER, SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)

DATE:

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Mr. Julian Rodriguez, Jr.,  100 W. Pecan , McAllen, Tx. 78501 (956) 682-8801      DATE:

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

If action is pending in district other than district of issuance, state district under case number.



IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF § | | |
| BROWN WATER TOWING I, INC. AS OWNER § | | |
| AND BROWN WATER MARINE SERVICE, INC. § | | |
| AS BAREBOAT CHARTERER OF THE BROWN § | | CASE NUMBER: C.A. B-01-157 |
| WATER V., IT'S ENGINES, TACKLE, ETC. § | | (Subject to Rule 9(b) of the Federal |
| IN A CAUSE OF EXONERATION FROM OR § | | Rules of Civil Procedure) |
| LIMITATION OF LIABILITY § | | Admiralty |
| § | | |

**NOTICE OF INTENTION
TO TAKE DEPOSITION BY WRITTEN QUESTIONS BY SUBPOENA DUCES TECUM**

TO ALL PARTY/PARTIES OF RECORD (See attached Certificate of Service for party/parties of record).

PLEASE TAKE NOTICE that fourteen (14) days after the service of a copy hereof a deposition by written questions will be taken of the following Witnesses:

Texas Department of Public Safety
Attn: Mary Ann Courter
P.O. Box 4087
Austin, Texas 78744

Texas Department of Public Safety
Attn: Custodian of Records
5 Boca Chica Blvd.
Brownsville, Texas 78520

Tx DOT
Attn: Teresa Muehlberger/Safety Department
P.O. Drawer EE
Pharr, Texas 78577

Texas Parks and Wildlife Department
Attn: Mr. Boyd Kennedy, Staff Attorney
4200 Smith School Road
Austin, Texas 78744

U.S. Army Corps of Engineers
Attn: Mr. Elijio Garza, Area Engineer
1920 N. Chapparral Street
Corpus Christi, Texas 78401

U.S. Coast Guard
Attn: Lt. D.J. Fassero/Marine Safety Office
400 Mann Street, Suite 210
Corpus Christi, Texas 78401

U.S. Department of Transportation
c/o Hon. Greg Serres, U.S. Attorney
600 E. Harrison, Suite 201
Brownsville, Texas 78520-7114

Office of the Attorney General
Attn: John Cornyn
P.O. Box 12548
Austin, Texas 78711-2548

Cameron County District Attorney's Office
Attn: Yolada DeLeon, District Attorney
974 E. Harrison
Brownsville, Texas 78520

Brownsville Fire Department
Attn; Fire Chief
1010 E. Adams Street
Brownsville, Texas 78520

Port Isabel Fire Department
Attn: Fire Chief
204 Musina
Port Isabel, Texas 78578

Los Fresnos Fire Department
Attn: Fire Chief
200 N. Brazil
Los Fresnos, Texas 78566

South Padre Island Fire Department
Attn: Fire Chief
P.O. Box 3410 or 104 E. Venus
South Padre Island, Texas 78597

Harlingen Fire Department
Attn: Fire Chief
3510 E. Grimes Street
Harlingen, Texas 78550

City of Brownsville EMS
Attn: Director
954 E. Madison
Brownsville, Texas 78520

Port Isabel EMS
Attn: Director
305 E. Maxan
Port Isabel, Texas 78578

Los Fresnos EMS
Attn: Director
200 N. Brazil
Los Fresnos, Texas 78566

Harlingen EMS
Attn: Director
P.O. Box 533668 or 1705 Vermont
Harlingen, Texas 78553

KRGV – TV Channel 5
Attn: News Director
900 E. Expressway
Weslaco, Texas 78596

KGBT- TV Channel 4
Attn: News Director
9201 W. Expressway 83
Harlingen, Texas 78552

KNVO –TV 48 Univision
Attn: News Director
801 N. Jackson Road
Mcallen, Texas 78501

Before a Notary Public for **Litigation Support Services, P.O. Box 3905, Edinburg, Texas 78540, (956) 781-5550.**

Notice is further given that request is hereby made as authorized under rule 45(b), of the Federal Rules Of Civil Procedures to the officer taking this deposition to issue a subpoena duces tecum and cause it to be served upon said witness and request that said witness produce for inspection and photocopying a true and correct copy of **Any and all records as described on Exhibit "A", attached hereto.** Witness is asked to turn all such records over to the officer taking this deposition so that the photographic reproductions of the same may be made and attached to the said deposition, which when taken, may be used as evidence in the above styled and numbered cause.

                                                MR. JULIAN RODRIGUEZ, JR.
                                                ATTORNEY FOR THE ESTATE
                                                OF GASPAR HINOJOSA

# EXHIBIT "A"

Regarding: The Queen Isabella Causeway Accident, Port Isabel, Texas 78578
Involving: Gaspar Hinojosa, Deceased
DOB:      06-24-49
SSN:      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
DOA:      09-15-01


**Any and all records, written notes, correspondence, reports, E-mail transactions, witness statements, still photos, videotapes, news coverage and footage information in the possession, custody or control of the said witness and all other such record to which the witness may have access to regarding and/or relating to the investigation of THE QUEEN ISABELLA CAUSEWAY COLLAPSE ACCIDENT, PORT ISABEL, TEXAS 78578.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Intention to Take Deposition Upon Written Questions has been mailed to the respective parties and/or attorneys of record by certified mail, return receipt requested, hand delivered or transmitted via telephonic document transfer.

Date: 02-20-02

By: _Julia Molina_

For:    MR. JULIAN RODRIGUEZ, JR.
Attorney at Law
100 W. Pecan
McAllen, Texas 78501
Attorney for the Estate of Gaspar Hinojosa

**Party/Parties of Record:**

WATTS & HEARD
Attn: Mr. Ray Marchan
1926 E. Elizabeth
Brownsville, Texas 78520

MAGALLANES, HINOJOSA & MANCIAS
Attn: Mr. J.A. Magallanes
1713 Boca Chica Blvd.
P.O. Box 4901
Brownsville, Texas 78520

ROYSTON, RAYZOR, VICERY & WILLIAMS
Attn: Mr. Keith N. Uhles
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-3509

ADAMS & REESE
Attn: Mr. Mark J. Spansel
4500 One Shell Square
New Orleans, LA 70139

LAW OFFICE OF JAMES B. MANLEY
Attn: Mr. James B. Manley
3616 Preston Road
Pasadena, Texas 77505

LAW OFFICE OF JOHN DAVID FRANZ
Attn: Mr. John David Franz
400 N. McColl Road
McAllen, Texas 78501

MCMANUS & CRANE
Attn: Mr. William McManus
209 W. Juan Linn
P.O. Box 2206
Victoria, Texas 77902-2206

LAW OFFICE OF HERIBERTO MEDRANO
Attn: Mr. Heriberto Medrano
1101 W. Tyler
Harlingen, Texas 78550

SANCHEZ, WHITTINGTON, JANIS & ZABARTE, LLP
Attn: Mr. Brian Janis
100 N. Expressway 83
Brownsville, Texas 78521-2284

WILLETTE & GUERRA
Attn: Mr. George C. Kraehe
3505 Boca Chica Blvd., Suite 480
Brownsville, Texas 78521

AARON & QUIRK
Attn: Mr. Thomas E. Quirk
901 N.E. Loop 410, Suite 903
San Antonio, Texas 78209-1307

LAW OFFICE OF VERONICA FARIAS
Attn: Ms. Veronica Farias
2854 Boca Chica Blvd
Brownsville, Texas 78521

SCHIRRMEISTER AJAMIE
Attn: Mr. Mark Strawn
711 Louisiana Street, Suite 2150
Houston, Texas 77002

KITTLEMAN, THOMAS, RAMIREZ & GONZALEZ
Attn: Mr. Raymond Thomas
4900-B N. 10th Street
McAllen, Texas 78504

## AUTHORIZATION FOR RELEASE OF INFORMATION

**TO WHOM IT MAY CONCERN:**

Be it known that the Law Office of **JULIAN RODRIGUEZ, JR.**, of McAllen, Texas, being my attorney of record, is hereby authorized by me to obtain from any physician, hospital, medical attendant, or any other person or agency, any and all medical records, x-rays, documents, reports, clinical abstracts, histories, charts, information, opinions, and any other information of every kind and description, which they may request relative to the past history, physical condition, treatment, care, hospitalization, or other information and allow them to procure or copy said information which you may have.

_____
OMAR HINOJOSA AS INDEP. ADMINISTRATOR OF THE ESTATE OF GASPAR HINOJOSA

10/22/76
D/O/B

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
SOCIAL SECURITY NUMBER

1/14/02
DATE

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF | § | |
| BROWN WATER TOWING I, INC. AS OWNER | § | |
| AND BROWN WATER MARINE SERVICE, INC. | § | |
| AS BAREBOAT CHARTERER OF THE BROWN | § | CASE NUMBER: C.A. B-01-157 |
| WATER V., IT'S ENGINES, TACKLE, ETC., | § | (Subject to Rule 9(b) of the Federal |
| IN A CAUSE OF EXONERATION FROM OR | § | Rules of Civil Procedure) |
| LIMITATION OF LIABILITY | § | Admiralty |

**DIRECT QUESTIONS TO DEPONENT**
**Yolanda DeLeon, District Attorney**
<u>**CAMERON COUNTY DISTRICT ATTORNEY'S OFFICE**</u>

1. Please state your full legal name, business address, telephone number and occupation.
ANSWER: _____

_____

2. Did you or a representative of your staff, receive a subpoena duces tecum requesting that you produce **any and all records as described on Exhibit "A", attached hereto?**
ANSWER: _____.

3. State whether or not you are the Custodian of Records for the above mentioned business, if not, please state the name, title, occupation and address of such person(s).
ANSWER: _____

_____

_____.

4. Were said records made and kept in the regular course of business?
ANSWER: _____.

5. Was it in the regular course of business for you to have personal knowledge of the information or event reflected in said record to either (1) make such record or (2) transmit information to be included in such record?
ANSWER: _____.

6. State whether said records were made at the time or shortly after the time of the transactions recorded.
ANSWER: _____.

7. Are all these records permanent records of the above mentioned business?
ANSWER: _____.

8. Are these records required to be kept by the above mentioned business?
ANSWER: _____.

9. Does the source of the information and the method and circumstance of it's preparation establish the trustworthiness of said record?
ANSWER: _____.

10. Please attach to this deposition all records as described on the attached Exhibit "A". Have you done as requested? If not, please state your reason(s) for not producing these records.
ANSWER: _____.


_____
WITNESS


Before me, the undersigned authority personally appeared _____,
Custodian of Records for the CAMERON COUNTY DISTRICT ATTORNEY'S OFFICE, known to me to be the person/witness whose name is subscribed to the foregoing instrument in the capacity therein stated, the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original record.

SWORN TO AND SUBSCRIBED before me this _____ day of _____ 2002.


_____
NOTARY PUBLIC, STATE OF TEXAS

_____
Name of Notary Typed or Printed

My Commission Expires: _____