United States District Court
Southern District of Texas
FILED

APR 1 7 2002

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | * | C.A. NO. B-01-157 |
| PETITION OF BROWN WATER | * | |
| TOWING I, INC., AS OWNER, AND | * | |
| BROWN WATER MARINE SERVICE, | * | |
| INC., AS BAREBOAT CHARTERER, | * | |
| OF THE BROWN WATER V, ITS | * | |
| ENGINES, TACKLE, *ETC.* IN A | * | **Consolidated with** |
| CAUSE OF EXONERATION FROM | * | |
| OR LIMITATION OF LIABILITY | * | |

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | * | C.A. NO. B-02-004 |
| PETITION OF AMERICAN | * | **Admiralty** |
| COMMERCIAL LINES LLC AS | * | |
| OWNER, AND, AMERICAN | * | |
| COMMERCIAL BARGE LINES LLC, | * | |
| AS CHARTERER OF THE BARGES | * | |
| NM-315, VLB-9182, ACL-9933B, AND | * | |
| VLB-9173, IN A CAUSE OF | * | |
| EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY | * | |

**CERTAIN PERSONAL INJURY CLAIMANTS' AND PROPERTY DAMAGE CLAIMANTS'
MOTION AND BRIEF IN SUPPORT OF PETITIONERS' MOTION FOR
SUMMARY JUDGMENT AS TO PURELY ECONOMIC CLAIMS**

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW certain "Claimants With Injury to Person Or Property,"[1] through

counsel, and file this motion and brief in support of the "Motion for Summary Judgment on

---

[1] The "Claimants With Injury to Person Or Property" include: Jacqueline Paddock Individually and as Next Friend of William B. Welch and as Representative of the Estate of Chelsea Welch; Gustavo Morales; Lydia Zamora

the Purely Economic Damage Claims Asserted by Certain Claimants who Received no Personal Injury or Property Damage." The summary judgment motion was filed by Brown Water Towing I, Inc. and Brown Water Marine Service, Inc. ("Brown Water"), the petitioners in Case No. B-01-157. This memorandum is filed in support of that motion pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule F (8) of the Supplemental Rules for Certain Admiralty and Maritime Claims, which provides that any interested party in an exoneration/limitation of liability action may question or controvert any claim of any other party.

## BACKGROUND

Brown Water's motion for summary judgment is presently pending for determination at the April 22, 2002 status conference in these consolidated cases. The motion seeks the with-prejudice dismissal of the claims of a total of 67 business and individuals who claim to have suffered economic loss in connection with the September 15, 2001 allision of the BROWN WATER V and her tow with the Queen Isabella Causeway.[2] With the exception of Bigo's

Individually and as Representative of the Estate of Hector Martinez, Jr., Deceased; Bridgette Goza; Anita Harris, Individually and as Next Friend of Victor Justin Harris, and Representative of the Estate of Robert V. Harris; Esteban F. Rivas and Maria Miriam Rivas Individually and as Representative of the Estate of Stvan F. Rivas; J. Antonio Mireles, as Personal Representative of the Estate of Julio Cesar Mireless, Juan Antonio Mireles, and Soledad Gonzales Mireles; Raquel Teran Hinojosa, Individually and on behalf of the Estate of Gaspar Hinojosa, Deceased, Clarissa Hinojosa, Omar Hinojosa and Gaspar Hinojosa, III, each Individually; Martin D. Hinojosa and Rita S. Hinojosa, Individually and as heirs of the Estate of Gaspar Hinojosa, Deceased; Richard Leavell and Carol Leavell, Individually and as Representatives of the Estate of Roby Faye Leavell, Deceased; Rolando Lee Moya, Alberto Leroy Moya, Antonio Salinas, Jr. and Roberto Espericueta; William Morris Welch; William E. Kimball; Rene Mata; Frank Mata; Southwestern Bell Telephone, L.P.and the State of Texas.

[2] The 66 claimants whose claims are at issue in this motion and as to whom summary judgment is appropriate are referred to hereafter as the "Pure Economic Loss Claimants." They include the following 62 claimants, all of whom are represented by Michael L. Slack of Slack and Davis, L.L.P.: 202 Bayside Bar & Grill; A-1 Taxi & A-1 Limousine; Amberjack's Bar and Grill, Inc.; Charlie Armendariz; BK's Beach to Bay Enterprises, Inc. d/b/a BK's

International, L.L.C. ("Bigo's"), none of the 67 claimants have alleged that they suffered any

injuries to person or property as a result of the allision. Summary judgment is therefore

appropriate as to the 66 Pure Economic Loss Claimants listed in footnote no. 2. As for Bigo's,

since it has alleged damage to its property (see Rec. Doc. Nos. 17 and 73), it should not be

included in the list of Pure Economic Loss Claimants, and summary judgment is not

appropriate as to Bigo's. To the extent that Brown Water is seeking summary judgment against

Bigo's, the Claimants With Injury to Person Or Property submit that summary judgment would

be inappropriate.

---

Carpet & Upholstery Cleaning; Rodolfo Barrera; Rick and Brenda Bays; Bubba's Bayside Bar-B-Que Restaurant; Buena Suerte Sport Fishing Charters; Cactus Flower Interiors; Capt. Thomas Charter Fishing; Casa de Siesta Bed & Breakfast; Dolly Castillo; Coffey Construction; Rae Dejur; Designer's Discount Showroom; Edelstein's Better Furniture and Show Case; Fedigan Construction; Adrian Flandes; Furcron Realtors; Pedro Garcia, III; Ghilain, Inc.; Risa Ann Ghilain; Mark A. Guillot; Joe Gutierrez, III; Adam and Marcela Hancock; Island Market; Island Pharmacy; J.W. Properties, Inc.; J.W. Restaurants, Inc.; Jim Reynolds Hair Design; Jim's Pier, Inc.; Joseph's Restaurant; Kelly's Irish Pub; Kohnami Restaurant; La Jaiba Seafood Restaurant and Lounge; LaVina's Natural Nail Care; Michael and Judy Lemmons; Miramar Resort; Marina Village, Inc.; Massage & Healing Arts Center; Andrew L. Minkler; Padre Island Brewing Co., Inc.; Glen and Joyce Pfeil; Pro-Fit Gym; Property Management Co.; Richard Stockton Photography; Sangria Condominium, Inc.; Sea Ranch Enterprises, Inc.; South Padre Island Fishing Center Joint Venture; SPI Management d/b/a Radisson Resort SPI; SPI Security; SPI Texas Enforcement Group, Inc. d/b/a Mail Boxes Etc. #4075; Lee Roy Summerlin; T-Brent; Ted's Restaurant, Inc.; Texas Beach House; The Coastal Current; The Town of South Padre Island; Uncle Buggies Beach Buggy Rentals; Gilbert Vela; and Ybarra's Tire Busters. There is some question as to whether the claims of these 62 claimants are actually before the Court. The list of these 62 claimants was attached to a "Motion Requesting Admission Pro Hac Vice" and an accompanying "Affidavit" of Mr. Slack (Rec. Doc. No. 88). In an order dated March 19, 2002 (Rec. Doc. 107), Your Honor granted the motion for pro hac vice admission, but noted that the claimant list attached to the motion could not substitute for the proof of claim required by previous court orders and will not be accepted as such. However, the 62 Claimants did file a joint claim (Rec. Doc. 90) in which they all allege to have sustained "...damages, including loss of profits, business interruption and personal loss of income." For purposes of this brief, it is assumed that their claims are before the Court.

The remaining four claimants named in Brown Water's motion and included among the Pure Economic Loss Claimants are: Robert A. Fandrich and Virginia Fandrich; Independent Plumbers of South Texas; John McCoy and Mary McCoy; and Dimas Mora. It does not appear, however, that the Independent Plumbers of South Texas

## STATEMENT OF THE ISSUE TO BE RULED UPON BY THE COURT

There is no factual dispute present here – none of these claimants allege any proprietary interest in the Causeway or other damaged property, and none of them allege any physical injury caused by the allision. Since these facts are established and uncontroverted, no further discovery is needed in order to decide this motion. Rather, the motion presents purely a question of law – *i.e.*, whether the general maritime law permits recovery of purely economic damages in the absence of personal injury or physical injury to property in which the claimant has a proprietary interest. Because the answer is clearly no, the motion should be granted and these purely economic damage claims should be dismissed with prejudice.

## SUMMARY OF THE ARGUMENT

This motion is controlled by the decision of the United States Supreme Court in *Robins Dry Dock and Repair Co. v. Flint*, 275 U.S. 303, 308-309, 48 S.Ct. 134, 135, 72 L.Ed. 2d 290 (1927), and its progeny. *Robins Dry Dock* holds that absent a showing of injury to person or physical damage to property, there is no right to recover purely economic losses arising from a maritime tort. *The Fifth Circuit consistently follows Robins Dry Dock.*

In the instant case, the Pure Economic Loss Claimants have all undoubtedly sustained economic loss as a result of the allision. However, they have not alleged or suffered any injury to person or property, and therefore do not satisfy the prerequisite for recovery of economic loss

---

have actually filed a claim in this matter. Again, for purposes of this brief, it is assumed that its claim is before the Court.

under the *Robins Dry Dock* rule.  Since the facts are undisputed and the law is clear, summary

judgment should be granted.

## ARGUMENT

In *Robins Dry Dock, supra*, the Supreme Court recognized and applied the rule, which

had been longstanding in both England and the United States, that absent a showing of injury to

person or property, pure economic losses arising from a maritime tort are not recoverable.  The

*Robins Dry Dock* Court stated the rule as follows:

> As a general rule ... a tort to the person or property of one man does
> not make the tort-feasor liable to another merely because the injured
> person was under a contract with that other unknown to the doer of
> the wrong.

*Robins Dry Dock*, 275 U.S. at 309, 48 S.Ct. at 135.

Although it has often been asked to abandon or make exceptions to the rule, the Fifth

Circuit has consistently followed *Robins Dry Dock*.  The leading case in the Fifth Circuit is *State*

*of Louisiana ex rel Guste v. M/V TESTBANK,* 752 F. 2d 1019 (5th Cir. 1985) (*en banc*), *cert.*

*denied, sub. nom. White v. M/V TESTBANK,* 477 U.S. 903, 106 S.Ct. 3271, 91 L.Ed.2d 562

(1986).  *TESTBANK* involved a collision between two ships in the Mississippi River Gulf Outlet.

The collision caused a release of toxic gases and a large chemical spill that resulted in closure of

the outlet and the surrounding marshes and waterways for several weeks.  Claims were asserted

by shipping interests, marina and boat rental operators, wholesale and retail seafood enterprises,

seafood restaurants, tackle and bait shops, and recreational fishermen.

The district court granted the defendants' motion for summary judgment as to all claims for economic loss unaccompanied by physical damage to property, except for those asserted by commercial fisherman, oystermen, shrimpers and crabbers, who the court found to be deserving of special protection. *TESTBANK*, 524 F.Supp. 1170, 1173-74 (E.D. La. 1981). On appeal, a panel of the Fifth Circuit affirmed, concluding that claims for economic loss unaccompanied by physical damage to a proprietary interest were not recoverable in maritime tort. *TESTBANK*, 728 F.2d 748 (5th Cir. 1984).

The Fifth Circuit then granted en banc review for the specific purpose of reexamining the *Robins Dry Dock* doctrine. After carefully tracing the development of the doctrine and the history of its application both in admiralty and at common law, the en banc Fifth Circuit concluded that it remained committed to the teaching of *Robins Dry Dock. TESTBANK*, 752 F.2d at 1032. The Court explained its holding as follows:

> After extensive additional briefs and oral argument, we are unpersuaded that we ought to drop physical damage to a proprietary interest as a prerequisite to recovery for economic loss. To the contrary, our reexamination of the history and central purpose of this pragmatic restriction on the doctrine of foreseeability heightens our commitment to it.

752 F. 2d at 1021.

In the seventeen years since *TESTBANK* was decided, the Fifth Circuit has consistently applied the *Robins Dry Dock* doctrine to deny recovery of economic loss to claimants who have not suffered injury to person or property. The Fifth Circuit cases that follow and apply *Robins*

6

*Dry Dock* and TESTBANK include: Texas *Eastern Transmission Corp. v. McMoran Offshore Exploration Co.*, 877 F.2d 1214, 1223-1226 (5th Cir. La. 1989); *Pennzoil Producing Co. v. Offshore Express, Inc.*, 943 F.2d 1465, 1473 (5th Cir. La. 1991); *IMTT-Gretna v. Robert E. Lee SS*, 993 F.2d 1193, 1994-1195 (5th Cir. La. 1993); *Corpus Christi Oil & Gas Co. v. Zapata Gulf Marine Corp.*, 71 F.3d 198, 201-201 (5th Cir. Tex. 1995); and *American River Transp. Co. v. Kavo Kaliakra S.S.*, 206 F.3d 462, 464-465 (5th Cir. La. 2000).

Most recently, in *Reserve Mooring Inc. v. American Commercial Barge Line, LLC*, 251 F. 3d 1069 (5th Cir. 2001), the Fifth Circuit reversed the refusal of the district court to grant summary judgment dismissing the claim of an operator of a mooring facility against the owner of a barge that sank while moored at the site. The barge did not physically damage the mooring facility, but the facility had to be closed for several months because the salvage operations needed to raise the barge blocked access to the facility. After examining the *Robins Dry Dock* and *TESTBANK* cases and their progeny, the Court held:

> Under *TESTBANK*, physical injury to a proprietary interest is a prerequisite to recovery of economic damages in cases of unintentional maritime tort. Because [the operator of the mooring facility] suffered no physical injury, its claim for purely economic damages must be denied. The district court thus erred in failing to grant summary judgment in favor of Defendants.

251 F. 3d at 1072.

Likewise, the *Robins Dry Dock/ TESTBANK* doctrine has been followed regularly by the district courts within the Fifth Circuit. See, for example: *In Re Transocean Offshore (U.K.), Inc.*, 2001 U.S. Dist. LEXIS 19669 (E.D. La. Nov. 19, 2001) (dismissing the loss of production claims

7

of an offshore platform owner whose platform sustained no damage, but had to be shut in when the pipeline that serviced it was struck and ruptured by the anchor of a drilling rig under tow) and *In Re TT Boat Corp.*, 1999 U.S. Dist. LEXIS 13797 (E.D. La. Sept. 7, 1999) (allowing recovery for economic losses suffered by working interest owners of a platform struck and damaged by a barge under tow, but denying recovery to claimants who only had a royalty interest in the platform's production and did not have any proprietary interest in the platform itself).[3]

Of particular interest is *In Re the Complaint of Clearsky Shipping Corp.*,[4] the litigation arising out of the December 14, 1996 allision of the M/V BRIGHTFIELD with the New Orleans Riverwalk shopping mall on the Mississippi River. While the allision damaged a relatively small number of shops and restaurants in the mall, the entire shopping mall was closed for several months, during which time the Sugar Bowl, Super Bowl and Mardi Gras all took place. Many of the merchants whose businesses were not physically damaged, but which were forced to close during this peak tourist season, tried to assert claims for their loss of revenue in the limitation action filed by the owners of the BRIGHTFIELD. Various other economic loss claims were also filed, including a claim for loss of wages by a group of employees of a nearby casino riverboat

---

[3] For the Court's convenience copies of these cases are attached as Exhibits 1 and 2, respectively.

[4] See the decisions captioned in *In re Complaint of Clearsky Shipping Corp.* These include the opinions that are reported at the following cites: 1997 U.S. Dist LEXIS 14764 (E.D. La. Sept. 17, 1997); 1997 U.S. Dist. LEXIS 18379 (E.D. La. Nov. 13, 1997); 1998 U.S. Dist. LEXIS 1070 (E.D. La. Jan. 30, 1998); 1998 U.S. Dist. LEXIS 6405 (E.D. La. April 27, 1998); 1998 U.S. Dist. LEXIS 6404, E.D. La. April 27, 1998); 1998 U.S. Dist. LEXIS 6403 (E.D. La. April 29, 1998); 1998 U.S. Dist. LEXIS 6788 (E.D. La. May 11, 1998); 1998 U.S. Dist. LEXIS 9572 (E.D. La. June 22, 1998); 1998 U.S. Dist. LEXIS 17784 (E.D. La. Nov. 4, 1998); 1999 U.S. Dist. LEXIS 9435 (E.D. La. June 21, 1999); 1999 U.S. Dist. LEXIS 10345 (E.D. La. June 30, 1999); 1999 U.S. Dist. LEXIS 10832 (E.D. La. July 12, 1999); 1999 U.S. Dist. LEXIS 14379 (E.D. La. Sept. 8, 1999); 1999 U.S. Dist. LEXIS 14621 (E.D. La. Sept. 16, 1999); 1999 U.S. Dist. LEXIS 17778 (Nov. 10, 1999). For the Court's convenience, copies of these opinions are attached as Exhibits 3-17.

that was closed for several days due to the allision. Judge Sear was, accordingly, faced with a wide assortment of claims involving the *Robins Dry Dock* issue. In a series of decisions, he granted summary judgment on a multitude of economic loss claims, sparing only those few claimants who could demonstrate evidence of either: (1) physical injury; or (2) damage to property that they owned or in which they held a proprietary interest. In the process of dealing with these many claims, Judge Sear addressed and rejected virtually every argument that can possibly be advanced to circumvent *Robins Dry Dock* and *TESTBANK*. Judge Sear's decisions in the BRIGHTFIELD litigation are instructive, because the claims involved in that case are very similar to those at issue in the instant motion.

### CONCLUSION

While there is no doubt that the Pure Economic Loss Claimants did, in fact, suffer economic losses as a result of the allision of the M/V BROWN WATER V and her tow with the Queen Isabella Causeway, there is also no doubt that the Pure Economic Loss Claimants have no ownership or proprietary interest in the bridge (which is owned by the State of Texas), nor is there any question that the Pure Economic Loss Claimants did not suffer any property damage or physical injuries in connection with this incident. No amount of discovery can change these fundamental facts, which control the outcome of this motion. Since the Pure Economic Loss Claimants cannot satisfy the personal or property injury prerequisite established by *Robins Dry Dock/ TESTBANK and* their progeny, their claims must be dismissed as a matter of law.

9

WHEREFORE, for the reasons set forth above, the Claimants with Injury to Person or Property, through undersigned counsel, respectfully request that "Petitioners' Motion for Summary Judgment on the Purely Economic Damage Claims Asserted by Certain Claimants who Received no Personal Injury or Property Damage" (Rec. Doc. No. 113) be granted, dismissing the claims of the 66 claimants listed above in footnote no. 3 with prejudice.[5]

Respectfully submitted,

Heriberto Medrano
State I.D. No. 13897800
Federal I.D. No. 5952
1101 West Tyler
Harlingen, TX 78550
Phone:     956.428.2412
Fax:        956.428.2495
*Attorney for Claimant Anita Harris, Individually, as Next Friend of Victor Justin Harris and as Representative of the Estate of Robert V. Harris*

---

[5] Again, the Claimants With Injury to Person Or Property submit that the claim of Bigo's International, L.L.C. should not be dismissed, inasmuch as Bigo's has clearly alleged that it sustained property damage in the allision. See "Proof of Claim" of Gustavo Morales and Bigo's International, L.L.C. (Rec. Doc. Nos. 17 and 73).

10

Ray R. Marchan
State I.D. No. 12969050
Federal I.D. No. 9522
1926 E. Elizabeth
Brownsville, TX 78520
Phone:    956.544.0500
Fax:      956.541.0255
*Attorney for Claimants Lydia Zamora, Individually
and as Representative of the Estate of Hector
Martines, Jr., Gustavo Morales, Bigo's International,
L.L.C.; Jacqueline Paddock, Individually and as
Representative of the Estate of Chelsea Welch and as
Next Friend of William B. Welch and Bridgette Goza*

John David Franz
State I.D. No. 07389200
Federal I.D. No. 1190
400 North McColl
McAllen, TX 78501
Phone:    956.686.3300
Fax:      956.686.3578
*Attorney for Claimants Esteban Rivas and Miriam
Rivas, Individually and as Representatives of the
Estate of Stvan F. Rivas*

Thomas R. Ajamie
State I.D. No. 00952400
S. Mark Strawn
State I.D. No. 19374325
Pennzoil Place – South Tower
711 Louisiana, Suite 2150

11

Houston, TX  77002
Phone:    713.860.1600
Fax:       713.860.1699
*Attorneys for Claimants J. Antonio Mireles, as
Representative of the Estate of Julio Cesar Mireles,
Juan Antonio Mireles and Soledad Gonzales Mireles*

Julian Rodriguez, Jr.
State I.D. No. 17146770
Federal I.D. No. 15112
100 W. Pecan
McAllen, TX  78501
Phone:    956.682.8801
Fax:       956.682.4544
*Attorney for Raquel Teran Hinojosa, Individually and
on behalf of the Estate of Gaspar Hinojosa; Clarissa
Hinojosa, Omar Hinojosa, Gaspar Hinojosa, III, each
individually; Claimants Martin D. Hinojosa and Rita
S. Hinojosa, Individually and as Heirs of the Estate of
Gaspar Hinojosa*

Steve Q. McManus
State I.D. No. 13784700
Federal I.D. No. 5889
William Q. McManus
State I.D. No. 24008619
209 West Juan Linn
P.O. Box 2206
Victoria, TX  77902-2206
Phone:    361.575.6764
Fax:       361.575.8454
*Attorneys for Claimants Ricky Leavell and Carol
Leavell, Individually and as Representatives of the
Estate of Robin Raye Leavell*

12

Frank Enriquez
State I.D. No. 06630500
Federal I.D. No. 3734
Robert Puente
4200-B North Bicentennial
McAllen, TX 78504
Phone:    956.686.5291
Fax:        956.618.5064
*Attorney for Claimants Roberto Espericueta, Albert Leroy Moya, Rolando Lee Moya and Antonio Salinas, Jr.*

Mr. James B. Manley
State I.D. No. 12915000
Federal I.D. No. 3286
3616 Preston Road
Pasadena, TX 77505
Phone:    713.947.1670
Fax:        713.947.6956
*Attorney for Claimant William Morris Welch*

Mr. Richard L. Harrell
State I.D. No. 09041320
P. O. Box 480
Corpus Christi, TX 78403
Phone:    361.698.7600
Fax:        361.698.7615
*Attorney for Claimant William E. Kimball*

13

Mr. Geoffrey Amsel
State I.D. No. 01161570
Federal I.D. No. 22716
1010 North St. Mary's, Room 1403
San Antonio, TX 78209
Phone:    210.886.4805
Fax:        210.222.7194
*Attorney for Claimant Southwestern Bell Telephone,*
*L.P.*

Mr. Raymond Thomas
State I.D. No. 19865350
4900 – B North 10th St.
McAllen, TX 78504
Phone:    956.686.8797
Fax:        956.630.5199
*Attorney for Claimants Rene Mata and Frank Mata*

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

GRADY CLICK
Assistant Attorney General
Chief, Transportation Division

14

_____

JACK F. GILBERT
Assistant Attorney General
Attorney-in-Charge
Texas Bar No. 00786946
Federal Bar No. 16701
Office of the Attorney General
Transportation Division
P.O. Box 12548
Austin, TX  78711-2548
Phone:     512.463.2004
Fax:        512.472.3855


OF COUNSEL:

MICHAEL RATLIFF
Assistant Attorney General
Texas Bar No. 16564300


And

MARGIE MANZANO CORBETT
Assistant Attorney General
Texas Bar No. 24001927
Federal Bar No. 22121
Office of the Attorney General
Transportation Division
P.O. Box 12548
Austin, TX  78711-2548
Phone:     512.463.2004
Fax:        512.472.3855

AND OF COUNSEL:

ADAMS AND REESE LLP

DARYL G. DURSUM

15

Texas Bar No. 06287900
Federal Bar No. 6198
4400 One Houston Center
1221 McKinney
Houston, TX 77010
Phone:     713.652.5151
Fax:       713.652.5152

MARK J. SPANSEL
Louisiana Bar No. 12314
EDWIN C. LAIZER, APLC
Louisiana Bar No. 17014
4500 One Shell Square
New Orleans, LA 70139
Phone:     504.581.3234
Fax:       504.566.0210

*Attorneys for Claimant State Of Texas*

## CERTIFICATE OF SERVICE

I certify that the foregoing was mailed by the means indicated to the counsel listed below on this <u>17th</u> day of April, 2002.

Heriberto Medrano

J. Chad Gauntt
Gauntt & Kruppstadt, L.L.P.
9004 Forest Crossing Drive, Suite C
The Woodland, Texas  77381

Les Cassidy
Woolsey & Cassidy, P.C.
1020 Bank of America
500 North Water Street
Corpus, Christi, Texas  78471

Robert and Virginia Fandrich
5101 Berdi Way
Stockton, California  95207

Robert E. Ammons
Stevenson & Ammons
3700 Montrose Boulevard
Houston, Texas  77006

Ramon Garcia
Law Offices of Ramon Garcia, P.C.
222 West University Drive
Edinburg, Texas  78539

Veronica Farias
Law Office of Veronica Farias
2854 Boca Chica Boulevard
Brownsville, Texas  78521

John and Mary McCoy
514 Brookside Pass
Cedar Park, Texas  78613

Thomas E. Quirk
Aaron & Quirk
901 N.E. Loop 410, Suite 903
San Antonio, Texas  78209-1307

Cliff Garrard
Independence Plumbers of South Texas
862 Robindell Drive
Houston, Texas  77074

Michael L. Slack
Slack & Davis, L.L.P.
Building Two, Suite 2110
8911 Capital of Texas Highway, North
Austin, Texas  78759

Jim S. Hart
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas  77017

Lamoine Holland
Law Office of W. Lamoine Holland
1920 Nacogdoches Road, Suite 100
San Antonio, Texas  78209

Will W. Pierson
Royston, Rayzor, Vickery & Williams
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, TX  78476

Keith N. Uhles
Royston, Rayzor, Vickery & Williams
55 Cove Circle
Brownsville, TX  78521

Glenn Goodier
Jones, Walker
201 St. Charles Avenue
48th Floor
New Orleans, LA  70170-5100

Mr. Phil Bellamy
815 Ridgewood
Brownsville, TX  78520

Ms. Sandra D. Laurel
Snow & Laurel, L.L.P.
310 West Sunset
San Antonio, TX  78209

Mr. J. A. Magallanes
Magallanes, Hinojosa & Mancias, P.C.
1713 Boca Chica
P.O. Box 4901
Brownsville, TX  78520



**LexisNexis**

Practice Area Pages | Change Client | Options | Feedback | Sign Off | Help

Search▶ | Search Advisor▶ | Get a Document▶ | Shepard's®▶ Check a Citation▶        ECLIPSE™   History

View: Cite | KWIC | Full | Custom          ◀BACK 1 of 59 NEXT▶          Text Only | Print | Download | Fax | Email
          FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | Shepardize® | TOA
          Ⓐ  In re Transocean Offshore (U.K.), Inc., 2001 U.S. Dist. LEXIS 19669          Pages: 10

Source: All Sources > Federal Legal - U.S > Federal Cases After 1944, Combined Courts ⓘ
Terms: name (tt boats or transocean 96 or clearsky)  (Edit Search)

*2001 U.S. Dist. LEXIS 19669, \**

IN THE MATTER OF THE COMPLAINT OF TRANSOCEAN OFFSHORE (U.K.), INC., AS OWNER, AND TRANSOCEAN OFFSHORE VENTURES INC., AND TRANSOCEAN DEEPWATER DRILLING INC., AS OPERATORS/MANAGERS OF **TRANSOCEAN 96**, FOR EXONERATION FROM OR LIMITATION OF LIABILITY

CIVIL ACTION 00-760 c/w 00-2154 SECTION "T"(2)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

2001 U.S. Dist. LEXIS 19669

November 19, 2001, Decided
November 20, 2001, Filed, Entered

**DISPOSITION:** [\*1]  Motion for Summary Judgment, or alternatively, Partial Summary Judgment, filed on behalf of Transocean, GRANTED. Motion to Limit Discovery and Trial Issues filed on behalf of Walter and Amerada Hess, DENIED. Motion for Protective Order with Regard to Discovery Requests of Limitation Plaintiffs Pending Ruling on Motion to Limit Discovery and Trail Issues, rendered MOOT.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** In a maritime limitation action, defendant claimants sought actual damages for lost petroleum product in a pipeline ruptured by limitation petitioners, and economic damages for delayed production as a result of the shut in. Claimants moved to limit discovery and trial issues and for protective orders pending a ruling on the discovery motion. The petitioners, owners, operators, and managers of the drilling rig, moved for summary judgment.

**OVERVIEW:** The claimants argued the owner had no right under the Limitation Act to a federal forum on exoneration issues and that the claimants had a right to a state forum under the savings to suitors exception to federal admiralty jurisdiction. The court held that allowing pursuit of the state court action would not adequately protect the owner's right to limitation. There were numerous claimants, no stipulations to protect the owner's right to limitation, and there was uncertainty as to the adequacy of the fund or number of claims. The claimants also had no ownership or proprietary interest in the pipeline. While they alleged potential damage to the production zones and reservoirs in the respective wells, there was no proof that the wells and facilities in which they did have a proprietary interest sustained any physical damages from the accident. Under the Robins Dry Dock rule, they could not recover alleged economic damages as a result of the rupture. Physical injury to a proprietary interest was a prerequisite to recovery of economic damages for an unintentional maritime tort. There was no evidence of a proprietary interest in any oil that escaped from the pipeline.

Search - 59 Results - name (tt boats or transocean 96 or clearsky)                                                                4/15/02 11:45 AM

**OUTCOME:** The motion for summary judgment filed by the limitation petitioners was granted. The motion to limit discovery and trial issues filed by the claimants was denied. The motion for protective orders was moot.

**CORE TERMS:** pipeline, proprietary interest, claimants, summary judgment, Limitation Act, rupture, federal forum, adjudicate, shipowner, public right, exoneration, physical injury, vessel, saving, suitors, oil, entitled to recover, physical damage, damaged, escaped, genuine issue, mooring, limitation of liability, drilling, petroleum, reservoirs, managers, ship, rig, admiralty jurisdiction

### CORE CONCEPTS - ◆ Hide Concepts

Civil Procedure : Summary Judgment : Summary Judgment Standard

⬇The Federal Rules of Civil Procedure provide that summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).

Civil Procedure : Summary Judgment : Burdens of Production & Proof

⬇The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. When the moving party has carried its burden under Fed. R. Civ. P. 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.

Civil Procedure : Summary Judgment : Summary Judgment Standard

⬇On a motion for summary judgment, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Substantive law determines the materiality of facts and only facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.

Admiralty Law : Practice & Procedure : Jurisdiction
Admiralty Law : Collisions : Liability Generally

⬇If the district court concludes that a vessel owner's right to limitation will not be adequately protected--where for example a group of claimants cannot agree on appropriate stipulations or there is uncertainty concerning the adequacy of the fund or the number of claims--the court may proceed to adjudicate the merits, deciding the issues of liability and limitation.

Admiralty Law : Personal Injuries : Maritime Tort Law
Torts : Negligence : Defenses

⬇A tort to the person or property of one man does not make the tort-feasor liable to another merely because the injured person was under a contract with that other unknown to the doer of the wrong.

Admiralty Law : Personal Injuries : Maritime Tort Law
Admiralty Law : Personal Injuries : Negligence

⬇A plaintiff in an admiralty case cannot recover negligently inflicted economic losses where there is no physical damage to any property in which the plaintiff has a proprietary interest.

 Admiralty Law : Collisions : Liability Generally

Physical injury to a proprietary interest is a prerequisite to recovery of economic damages in cases of unintentional maritime tort; thus, a claim for purely economic damages will be denied.

**COUNSEL:** For POSEIDON OIL PIPELINE COMPANY, L.L.C., EQUILON ENTERPRISES LLC, POSEIDON PIPELINE COMPANY, L.L.C., MARATHON OIL COMPANY, plaintiffs (00-CV-760): Donald Richard Abaunza, William W. Pugh, Brett D. Wise, Liskow & Lewis, New Orleans, LA.

For TRANSOCEAN OFFSHORE U.K. INC., defendant (00-CV-760): Jon Daniel Picou, Mary Kerrigan Dennard, John Steven Garner, Larzelere, Picou & Wells, LLC, Metairie, LA.

For JOHN E. CHANCE & ASSOCIATES, INC., movant (00-CV-760): Charles Morris Steen, Stephanie G. McShane, John Edward Manion, III, Steen, McShane & Williamson, LLC, New Orleans, LA.

For GALLIANO MARINE SERVICE, L.L.C., movant (00-CV-760): Robert Perry McCleskey, Jr., William Joseph Riviere, Evans Martin McLeod, Thomas Kent Ledyard Morrison, Phelps Dunbar, LLP, New Orleans, LA.

For TRANSOCEAN OFFSHORE USA, **[*2]** INC., TRANSOCEAN OFFSHORE (U.K.) INC., TRANSOCEAN OFFSHORE VENTURES INC., TRANSOCEAN DEEPWATER DRILLING INC., third-party plaintiffs (00-CV-760): Jon Daniel Picou, William J. Larzelere, Jr., John Steven Garner, Larzelere, Picou & Wells, LLC, Metairie, LA.

For AKER MARINE CONTRACTORS, INC., third-party defendant (00-CV-760): Ward F. LaFleur, Mahtook & Lafleur, Lafayette, LA.

For JOHN E. CHANCE & ASSOCIATES, INC., third-party defendant (00-CV-760): Charles Morris Steen, Stephanie G. McShane, John Edward Manion, III, Steen, McShane & Williamson, LLC, New Orleans, LA.

For EDISON CHOUEST OFFSHORE, LLC, third-party defendant (00-CV-760): Robert Perry McCleskey, Jr., William Joseph Riviere, Evans Martin McLeod, Thomas Kent Ledyard Morrison, Phelps Dunbar, LLP, New Orleans, LA.

For GOLDEN LANE MARINE, INC., N. J. GUIDRY & SONS TOWING COMPANY, INC., GUIDRY BROTHERS TOWING COMPANY, INC., HARVEY GULF INTERNATIONAL MARINE, INC., third-party defendants (00-CV-760): Robert Allan Vosbein, Charles A. Cerise, Jr., Edwin Christian Laizer, Francis V. Liantonio, Jr., Adams & Reese, New Orleans, LA.

**JUDGES:** G. THOMAS PORTEOUS, JR., UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** G. THOMAS PORTEOUS, JR.

**OPINION:** Beforethe Court are three separate motions: (1) a Motion to Limit Discovery and Trial Issues filed on behalf of Walter and Amerada Hess, namely, Walter Fuels, Inc. (Expl); Walter Fuels, Inc. (Dev.); Howell Group, Ltd.; British-Borneo Exploration, Inc.; J.C. Walter III; Continental Land & Fur Co., Inc.; Cecil James Looke III; Jack J. Horton, Jr.; James H. Dick; Carl W. Kuhnen, Jr.; James M. Jobe; Peter A. Hetherington; James C. Jannsen, (collectively, "Walter") and Amerada Hess Corporation ("Amerada Hess"); (2) a Motion for Protective Order with Regard to Discovery Requests of Limitation Plaintiffs Pending a Ruling on the Motion to Limit Discovery and Trial Issues, filed on behalf of Walter and Amerada Hess; and, (3) a Motion for Summary Judgment, or alternatively, for Partial Summary Judgment filed on behalf of Transocean Offshore (U.K.) Inc., as owner, and Transocean Offshore Ventures, Inc., Transocean Offshore U.S.A. Inc., and Transocean Deepwater Drilling Inc., as operators/managers, of TRANSOCEAN 96 (collectively "Transocean"). n1 These motions came before the Court for oral argument on August 1, 2001, wherein this Court took the matter under submission for further consideration. **[*4]** The Court, having considered the arguments of counsel, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n1 Motions for Summary Judgment, or alternatively, for Partial Summary Judgment were filed on behalf of Edison Chouest Offshore, L.L.C. ("Chouest") and Galliano Marine Services, L.L.C. ("Galliano") along with John E. Chance & Associates, Inc. ("Chance"). However, on August 1, 2001, Walter and Amerada Hess voluntarily dismissed with prejudice all actual and potential claims it had against these parties rendering their motions moot.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - - -

**ORDER AND REASONS**

**I. BACKGROUND:**

On January 21, 2000, an anchor on the drilling rig known as TRANSOCEAN 96, was left hanging and drug the sea floor while under tow by various tugs, coming into contact with a pipeline. This pipeline transported petroleum products from nearby platforms, "Poseidon", instituted suit on March 13, 2000 (Civil Action 00-760), against Transocean, the **[*5]** owners, operators, and managers of the drilling rig. On July 21, 2000, Transocean, the owners, operators, and managers of the drilling rig, filed a Complaint for Exoneration from or Limitation of Liability (Civil Action 00-2154). Subsequently, these two actions were consolidated. Timely claims were filed against Transocean by several claimants. Subsequently, Transocean filed numerous third-party complaints.

Walter and Amerada Hess owned and operated petroleum products from nearby platforms which were transported in the pipeline hit by the TRANSOCEAN 96 anchor. On May 23, 2000, Walter and Amerada Hess filed suit against certain of the Transocean Limitation Petitioners and against Transocean Sedco Forex, Inc. (which is not a limitation petitioner herein) in the 129th JDC of Harris County, Texas. In that suit, Walter and Amerada Hess seek "actual damages" in the form of lost product in the pipeline during the rupture and "economic" damages in the form of delayed production as a result of the shut in. More specifically, Walter and Amerada Hess assert a loss of $ 1.8 million in petroleum product in the pipeline when the pipeline was damaged, as well as an additional $ 20 million or more **[*6]** alleged to have been lost when the pipeline damage forced them to shut in their wells and production facilities to prevent further loss of petroleum product and to prevent damage to their production facilities, wells, and reservoirs. When Transocean filed its limitation proceeding, Walter and Amerada Hess filed an Answer and Claim therein. On August 29, 2000, the state court proceeding was stayed based upon this federal limitation action pending further order

## II. ARGUMENTS OF THE RESPECTIVE PARTIES:

### A. Arguments of Transocean in Support:

It is asserted that under the rule of Robins Dry Dock, Walter and Amerada Hess have no right to recover economic losses in the absence of physical damage to any property in which they had a proprietary interest. The claims filed do not allege such damage. Furthermore, both have indicated that no property in which they had a proprietary interest was physically damaged as a result of the pipeline rupture which forms the basis of this litigation. Accordingly, there are no genuine issues of fact and movers are entitled to summary judgment dismissing all claims of Walter and Amerada Hess in these consolidated cases, or alternatively, a **[*7]** partial summary judgment dismissing the economic loss claims of Walter and Amerada Hess.

### B. Arguments of Walter and Amerada Hess in Opposition:

First, it is argued that absent an adjudication by this Court on the entitlement to limitation, this Court lacks the authority to adjudicate the merits of the claims of Walter/Amerada Hess. A shipowner has no right under the Limitation Act to a federal forum on exoneration issues and the recognition of such a right would cause "tensions" with a claimant's right to a state forum under the "savings to suitors" exception to federal admiralty jurisdiction. The only right a shipowner has under the Limitation Act is a federal forum to decide limitation issues. Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 121 S. Ct. 993, 1003, 148 L. Ed. 2d 931 (2001). Under this rationale, this Court would not have the discretion to adjudicate the claims of Walter and Amerada Hess prior to the adjudication of Transocean's claim for limitation. However, even if this Court has authority to adjudicate the merits, it should exercise its discretion to refrain from doing so before adjudicating Transocean's claim to limitation, thus eliminating **[*8]** the tension that exists between the Limitation Act and Saving to Suitors clause.

Finally, it is asserted that the motion for summary judgment should be denied as Walter and Amerada Hess are entitled to recover for the physical damage sustained to their reservoirs in which they clearly have a proprietary interest. Moreover, Claimants contend that they are entitled to recover their economic losses from delaying production because they were producing petroleum pursuant to a public right granted to them by the U.S. Mineral Management Service. It is submitted that the courts have carved out an exception to Robins Dry Dock where a right to exercise a public right has been damaged.

## III. LAW AND ANALYSIS:

### A. Law on Motion for Summary Judgment:

⌘The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). ⌘The party moving for summary judgment bears the initial responsibility **[*9]** of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. Stults v. Conoco, Inc., 76 F.3d 651, 655-56 (5th Cir. 1996) (citing Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912-13 (5th Cir.) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)), cert. denied, 506 U.S. 832, 121 L. Ed. 2d 59, 113 S. Ct. 98 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come

forward with "specific facts showing that there is a *genuine issue for trial*." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986)</u> (emphasis supplied); <u>Tubacex, Inc. v. M/V RISAN, 45 F.3d 951, 954 (5th Cir. 1995)</u>.

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." <u>Matsushita Elec. Indus. Co., 475 U.S. at 588.</u> **[*10]** Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).</u>

**B. The Court's Analysis:**

As stated previously, Walter and Amerada Hess argue that a shipowner has no right under the Limitation Act to a federal forum on exoneration issues and the recognition of such a right would cause "tensions" with a claimant's right to a state forum under the "savings to suitors" exception to federal admiralty jurisdiction. The only right a shipowner has under the Limitation Act is a federal forum to decide limitation issues. <u>Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 121 S. Ct. 993, 1003, 148 L. Ed. 2d 931 (2001).</u> Moreover, Claimants contend that a right to a federal forum for exoneration issues would directly conflict with the savings to suitors clause with respect to claimants who had chosen to litigate their claims in state court. To reconcile and give effect to both statutes, the Supreme Court **[*11]** ruled that the Limitation Act does not give shipowners a freestanding right to exoneration from liability in circumstances where limitation of liability is not at issue. Id.

While this Court does not dispute the accuracy of those statements, it is the opinion of this Court that movers' reliance on the Lewis case is misplaced. In Lewis, there was a single claim against the vessel owner where the petitioner stipulated that his claim for damages would not exceed the value of the vessel and waived any claim of res judicata from the state court action concerning issues bearing on the limitation of liability. <u>Lewis, 121 S. Ct. at 1004.</u> As such, the Court concluded that the right of the vessel owner to seek limited liability was protected and petitioner was allowed to proceed in state court. The Court went on to state that:



if the district court concludes that the vessel owner's right to limitation will not be adequately protected-- where for example a group of claimants cannot agree on appropriate stipulations or there is uncertainty concerning the adequacy of the fund or the number of claims--the court may proceed to adjudicate the merits, deciding the **[*12]** issues of liability and limitation.

Id. (citations omitted).

It is the opinion of this Court that in this case allowing petitioners to pursue their action in state court would not adequately protect the vessel owner's right to limitation. There exist both numerous claimants where there have been no stipulations to protect the ship owner's right to limitation, and there is uncertainty concerning the adequacy of the fund or number of claims. Accordingly, as directed by the Supreme Court, this Court will proceed to adjudicate the merits on the issues of liability and limitation.

In 1927, the United States Supreme Court enunciated the general rule that:

a tort to the person or property of one man does not make the tort-feasor liable to another merely because the injured person was under a contract with that other unknown to the doer of the wrong.

<u>Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303, 309, 48 S. Ct. 134, 135, 72 L. Ed. 290 (1927).</u> As such, it was held that a steamship charterer could not recover economic damages when the steamship he chartered was rendered useless for a period of days after the defendant negligently broke the **[*13]** propeller. The charterer had no property interest in the ship when it was harmed, but instead merely had a contract with the ship's owner. Id. In similar cases, this Circuit has applied the Robins Dry Dock rule to bar recovery for economic damages in negligence that are unconnected to an injury to a property interest. The Fifth Circuit has specifically stated:

it is the law in this Circuit that a plaintiff in an admiralty case cannot recover negligently inflicted economic losses where there is no physical damage to any property in which the plaintiff has a proprietary interest.

<u>Pennzoil Producing Co. v. Offshore Express, Inc., 943 F.2d 1465, 1473 (5th Cir. 1991)</u>, citing <u>State of Louisiana ex rel. Guste v. M/V TESTBANK, 752 F.2d 1019, 1023-24, 1026-27 (5th Cir. 1985)</u>(en banc) cert. denied <u>477 U.S. 903, 106 S. Ct. 3271, 91 L. Ed. 2d 586 (1986)</u>. See also <u>American River Transportation Co. v. KAVO KALIAKRA SS, 206 F.3d 462 (5th Cir. 2000)</u>; <u>Reserve Mooring Inc. v. American Commercial Barge Line, LLC, 251 F.3d 1069 (5th Cir. 2001)</u>; <u>Corpus Christi Oil & Gas Co. v. Zapata Gulf Marine Corp., 71 F.3d 198 (5th Cir. 1995).</u> **[*14]**

It is uncontroverted that neither entity, Walter and/or Amerada Hess had any ownership or proprietary interest in the pipeline that was damaged. While Claimants alleged "potential damage to the production zones and reservoirs in the respective wells," there has been no proof that the wells and facilities in which they did have a proprietary interest sustained any physical damages as a result of the accident. As such, under the Robins Dry Dock rule, Walter and Amerada Hess would not be entitled to recover the economic damages allegedly sustained as a result of this pipeline rupture.

Walter and Amerada Hess, however, contend that the situation presented in this case falls within an exception to the Robins Dry Dock rule. Claimants argue that they are exercising a public right granted to them by permit of the United States, and the damages to the pipeline interfered with the exercise of that right, thus they should be entitled to recover their economic damages. In support of this argument, Claimants set forth the case of Shaughnessy v. PPG Indus., Inc., wherein it was found that the Robins Dry Dock rule did not preclude a fishing guide from recovering economic losses **[*15]** resulting from pollution of bodies of water. The proprietary interest owned by the fisherman was the marine life and waters of the State of Louisiana. Shaughnessy v. PPG Indus., Inc., 795 F. Supp. 193 (W.D. La. 1992). Additionally, it is submitted that the Port of Houston was found to have sustained damage to a "public right" when the Houston Ship Channel had to be shut down after an oil spill in Golnoy Barge Co. v. M/T Shinoussa, 1991 A.M.C. 2930 (S.D. Tex. 1991). The Court stated that the port "would suffer a tortious invasions of its public right to regulate and collect fees or revenue in its operational authority granted by the State of Texas." Id.

This Court, however, is not persuaded by these cases, but rather believes the situation presented herein is more analogous to the more recent case, Reserve Mooring, Inc. v. American Commercial Barge Lines, 1999 U.S. Dist. LEXIS 18765, 1999 WL 1080317 (E.D.La.) reversed, 251 F.3d 1069 (5th Cir. 2001). In Reserve Mooring, the plaintiff operated a mooring facility pursuant to a permit granted by the U.S. Army Corps of Engineers. While the accident did not cause any physical damage to the mooring **[*16]** facility, the site had to be closed due to the salvage operations of the sunken barge, which resulted in lost income. The District Court found that while plaintiff did not own the mooring block, it did have a permit to operate; therefore, it was held that plaintiff did possess a proprietary interest and allowed recovery for economic damages. Id. The Fifth Circuit, however, reversed that ruling stating that it "has not retreated from TESTBANK's physical injury requirement." Reserve Mooring, 251 F.3d at 1071. The Court noted:

> merely because other vessels were unable to moor at Reserve's facility for a period of time, however, does not mean that Reserve has suffered physical injury entitling it to recover purely economic losses.

Id. As such, it was held that under Testbank, physical injury to a proprietary interest is a prerequisite to recovery of economic damages in cases of unintentional maritime tort; thus, the claim for purely economic damages was denied. Id.

Likewise in this case, Walter and Amerada Hess have failed to allege and more importantly, failed to come forward with any evidence of physical injury to a proprietary interest. **[*17]** As such, the claim for purely economic damages cannot be maintained pursuant to the applicable law and jurisprudence.

With respect to the claims of Walter and Amerada Hess for the oil product lost from the pipeline at the time of the rupture, Claimants conceded at oral argument that there was no product which escaped to which they had a proprietary interest. The relevant portion of that colloquy provided:

> THE COURT: Nothing escaped from the pipeline at the time of the rupture?
>
> MR. ROBERTS: It did. But we did not -- I believe the facts are that we did not have a proprietary interest in the oil and gas when it escaped. I think that's correct.

Moreover, there has been no evidence submitted to establish in any way that Walter and/or Amerada Hess had any proprietary interest in any oil product that escaped from the pipeline at the time of rupture. As such, any claim to recover the actual value of the product lost will likewise be dismissed.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment, or alternatively, Partial Summary Judgment, filed on behalf of Transocean, be and the same is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the Motion **[*18]** to Limit Discovery and Trial Issues filed on behalf of Walter and Amerada Hess, be and the same is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Motion for Protective Order with Regard to Discovery Requests of Limitation Plaintiffs Pending Ruling on Motion to Limit Discovery and Trial Issues, be and the same is hereby rendered MOOT.

New Orleans, Louisiana, this 19th day of November, 2001.

**G. THOMAS PORTEOUS, JR.**

**UNITED STATES DISTRICT JUDGE**

View: <u>Cite</u> | <u>KWIC</u> | **Full** | <u>Custom</u>                    ◄ 1 of 59 ►NEXT                    <u>Text Only</u> | <u>Print</u> | <u>Download</u> | <u>Fax</u> | <u>Email</u>

<u>FOCUS™</u> | <u>Save As ECLIPSE</u> | <u>More Like This</u> | <u>More Like Selected Text</u> | <u>Shepardize®</u> | <u>TOA</u>

(A)  In re Transocean Offshore (U.K.), Inc., 2001 U.S. Dist. LEXIS 19669                              Pages.      10

Source:   <u>All Sources</u> > <u>Federal Legal - U.S.</u> > <u>Federal Cases After 1944, Combined Courts</u> (i)
Terms:   name (tt boats or transocean 96 or clearsky)  (<u>Edit Search</u>)
View:   Full
Date/Time:   Monday, April 15, 2002 - 12:39 PM EDT

<u>Search</u> | <u>Search Advisor</u> | <u>Get a Document</u> | <u>Shepard's ®</u> - <u>Check a Citation</u>
<u>Eclipse ™</u> | <u>History</u> | <u>Practice Area Pages</u> | <u>Change Client</u> | <u>Options</u> | <u>Feedback</u> | <u>Signoff</u> | <u>Help</u>
<u>About LexisNexis</u> | <u>Terms and Conditions</u>

<u>Copyright ©</u> 2002 LexisNexis, a division of Reed Elsevier Inc. All rights reserved

 LexisNexis™

| Practice Area Pages | Change Client | Options | Feedback | Sign Off | Help |

Search ▶ | Search Advisor ▶ | Get a Document ▶ | Shepard's® - Check a Citation ▶        ECLIPSE™    History

View: Cite | KWIC | Full | Custom              ◀PREV 4 of 9 NEXT▶              Text Only | Print | Download | Fax | Email
          FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | Sheperdize® | TOA

⊞    In re TT Boat Corp., 1999 U.S. Dist. LEXIS 13797                              Pages:    9

Source:  All Sources > Federal Legal - U S > US District Court Cases ⓘ
Terms:  name (tt boat) and date is (1999)  (Edit Search)

*1999 U.S. Dist. LEXIS 13797, \**

IN THE MATTER OF **TT BOAT** CORPORATION, ET AL

CIVIL ACTION NO. 98-0494 c/w 98-1109 SECTION "K"(5)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

1999 U.S. Dist. LEXIS 13797

**September** 3, 1999, Decided
**September** 7, 1999, Filed; September 7, 1999, Entered

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Defendant moved for summary judgement against third-party plaintiff, moved to strike claim for wage loss and report of economist, and moved to quash deposition of an economist. Plaintiffs filed joint motion in limine to strike the expert reports.

**OVERVIEW:** Defendant was towing a barge, which hit an oil platform. Plaintiffs sued for economic losses and defendant moved for summary judgment. Defendant also filed motions in limine to strike claims for wage loss, and to quash report and deposition of economist expert. Plaintiffs filed motion in limine to exclude expert testimony. The court found that working interest holders were not precluded from claims of purely economic loss because they had a proprietary interest in the damaged platform and lost wages. However, royalty interest holders did not have a proprietary interest, and so were precluded from claiming economic losses. On plaintiffs motion to quash report and deposition, the court found that the report had not been timely submitted. The court partially struck a portion of an opinion expressed by one of defendant's experts, because the expert's report did not use scientific or other technical methodology to arrive at his opinion.

**OUTCOME:** Defendant's summary judgment motion granted in part, denied in part. Defendant's motion in limine to strike claim for wage loss, quash economist report, denied in part, and granted in part. Plaintiffs' motion in limine excluding expert testimony denied in part, granted in part.

**CORE TERMS:** holders, platform, royalty, working interest, wage loss, proprietary interest, damaged, expert report, oil, transport, claimant, notice, Federal Rule of Evidence, right to share, unintentional, assigned, deferred, worker's compensation, physical damage, economic loss, economist, mineral, functional, untimely, deadline, allision, barge

**CORE CONCEPTS –** ◆ Hide Concepts

📄 Torts : Damages : Property Damages                                                     ●

⬆ In cases of unintentional maritime tort, a party who sustains no damage to a proprietary interest may not recover for consequential economic losses.

▭ Energy & Utilities Law : Oil, Gas & Mineral Interest Classifications
⬆ A mineral royalty is a right to share in the gross production of minerals when and if it is obtained.

**COUNSEL:** **[*1]** For TT BOAT CORPORATION, TIDEWATER MARINE INC, petitioners (98-CV-494): Miles Paul Clements, George A. Frilot, III, James Robert Silverstein, Joseph Dwight Leblanc, III, Brant David Imperatore, Frilot, Partridge, Kohnke & Clements, LC, New Orleans, LA.

For ISLAND OPERATING COMPANY, INC., cross-claimant (98-CV-494): Hal James Broussard, Ped C. Kay, III, James T. Rivera, Broussard, David & Daigle, Lafayette, LA.

For ROGER BOGGS, claimant (98-CV-494): Wesley J. Gralapp, Neblett, Beard & Arsenault, Alexandria, LA.

For ROGER BOGGS, claimant (98-CV-494): Frank J. Peragine, Simon, Peragine, Smith & Redfearn, LLP, New Orleans, LA.

For DUKE ENERGY FIELD SERVICES, INC., claimant (98-CV-494): John F. Emmett, John Frederick Kessenich, Emmett, Cobb, Waits, Kessenich & O'Neil, New Orleans, LA.

For DUKE ENERGY FIELD SERVICES, INC., claimant (98-CV-494): Eugene W. Policastri, Staines & Eppling, Metairie, LA.

For BENJAMIN T GRACI, III, claimant (98-CV-494): Daniel E. Becnel, III, Law Offices of Daniel E. Becnel, Jr., LaPlace, LA.

For WALTER OIL & GAS CORPORATION, VASTAR RESOURCES INC, BRITISH-BORNEO EXPLORATION, INC., MURPHY EXPLORATION PRODUCTION COMPANY, claimants **[*2]** (98-CV-494): Steven Lynn Roberts, Winstol D. Carter, Jr., Edward J. Patterson, III, Scott E. Raynes, Fulbright & Jaworski, Houston, TX.

For ELTON HENRY, claimant (98-CV-494): Terry G. Breaux, Terry G. Breaux, APLC, Franklin, LA.

For CLARENCE ANTHONY WILLIAMS, JR, claimant (98-CV-494): Lawrence Neil Curtis, Curtis & Lambert, Lafayette, LA.

For KIRK P FLETCHER, claimant (98-CV-494): Leonard A. Radlauer, Radlauer & Bernstein, New Orleans, LA.

For EDWARD SUITER, DUNCAN KIRKLEY, PAUL ANDERTON, STEVEN AFFOLTER, claimants (98-CV-494): Kenneth R. Bowen, Frank J. Peragine, Robert Leland Redfearn, Jr., Simon, Peragine, Smith & Redfearn, LLP, New Orleans, LA.

For LONNIE EARL WILKINSON, THOMAS BRABHAM, HENRY JAMES LEONARD, ANDY J WILLIAMS, JOHN ANTHONY SCHUSTER, BENNIE W WILLIAMSON, claimants (98-CV-494): Julius P. Hebert, Jr., Brian John Marceaux, Hebert & Marceaux, Houma, LA.

For GLOBAL INDUSTRIES, LTD., GLOBAL PIPELINE PLUS, INC., GLOBAL INDUSTRIES OFFSHORE, INC., claimants (98-CV-494): George Moore Gilly, James H. Roussel, Thomas Kent Ledyard Morrison, Phelps Dunbar, LLP, New Orleans, LA.

For JOHN CORDAS, ROBERT SANDERSON, GEORGE ROSSEN, claimants (98-CV-494): **[*3]** David John Shea, Lirette & Shea, LLP, Houma, LA.

For ELTON CHARLES GIBSON, claimant (98-CV-494): John Gilbert Munoz, Garner & Munoz, New Orleans, LA.

For ELTON CHARLES GIBSON, claimant (98-CV-494): Jack Paul Showers, Law Firm of Jack P. Showers, Lafayette, LA.

For ELTON CHARLES GIBSON, claimant (98-CV-494): Marvin L. Jeffers, Marvin L. Jeffers, Attorney at Law, New Orleans, LA.

For WALTER OIL & GAS CORPORATION, VASTAR RESOURCES INC, BRITISH-BORNEO EXPLORATION, INC., MURPHY EXPLORATION & PRODUCTION COMPANY, third-party plaintiffs (98-CV-494): Steven Lynn Roberts, Winstol D. Carter, Jr., Edward J. Patterson, III, Scott E. Raynes, Fulbright & Jaworski, Houston, TX.

For ISLAND OPERATING COMPANY, INC., third-party plaintiff (98-CV-494): Hal James Broussard, Ped C. Kay, III, James T. Rivera, Broussard, David & Daigle, Lafayette, LA.

For ISLAND OPERATING COMPANY, INC., third-party defendant (98-CV-494): Hal James Broussard, Ped C. Kay, III,

James T. Rivera, Broussard, David & Daigle, Lafayette, LA.

For TIDEWATER MARINE INC, intervenor-defendant (98-CV-494): Miles Paul Clements, George A. Frilot, III, James Robert Silverstein, Joseph Dwight Leblanc, III, **[*4]** Brant David Imperatore, Frilot, Partridge, Kohnke & Clements, LC, New Orleans, LA.

For GLOBAL PIPELINE PLUS, INC., GLOBAL INDUSTRIES OFFSHORE, INC., petitioners (98-CV-1109): George Moore Gilly, James H. Roussel, Thomas Kent Ledyard Morrison, Phelps Dunbar, LLP, New Orleans, LA.

For WALTER OIL & GAS CORPORATION, WALTER PRODUCTION, INC., WALTER PRODUCTION, INC., HOWELL GROUP LTD, BRITISH-BORNEO EXPLORATION, INC., WALTER OIL & MINERALS CORPORATION, J C WALTER, JR, CAROLE WALTER LOOKE, J C WALTER, III, JACK J HORTON, JR, JAMES H DICK, CARL W KUHNEN, JR, VASTAR RESOURCES INC, MURPHY EXPLORATION & PRODUCTION COMPANY, NORCEN EXPLORER INC, KURT G SOMMER, JAMES M JOBE, PETE A HETHERINGTON, UNITED STATES OF AMERICA, claimants (98-CV-1109): Steven Lynn Roberts, Winstol D. Carter, Jr., Edward J. Patterson, III, Scott E. Raynes, Fulbright & Jaworski, Houston, TX.

For CLARENCE ANTHONY WILLIAMS, JR, claimant (98-CV-1109): Lawrence Neil Curtis, Curtis & Lambert, Lafayette, LA.

For LONNIE EARL WILKINSON, ANDY J WILLIAMS, BENNIE W WILLIAMSON, HENRY JAMES LEONARD, JOHN ANTHONY SCHUSTER, THOMAS BRABHAM, claimants (98-CV-1109): Julius P. Hebert, Jr., Brian John Marceaux, Hebert & Marceaux, **[*5]** Houma, LA.

For DUKE ENERGY FIELD SERVICES INC., claimant (98-CV-1109): John F. Emmett, John Frederick Kessenich, Emmett, Cobb, Waits, Kessenich & O'Neil, New Orleans, LA.

For DUKE ENERGY FIELD SERVICES INC., claimant (98-CV-1109): Eugene W. Policastri, Staines & Eppling, Metairie, LA.

For EDWARD SUITER, DUNCAN KIRKLEY, PAUL ANDERTON, STEVEN AFFOLTER, claimants (98-CV-1109): Kenneth R. Bowen, Frank J. Peragine, Robert Leland Redfearn, Jr., Simon, Peragine, Smith & Redfearn, LLP, New Orleans, LA.

For ROBERT SANDERSON, JOHN CORDAS, GEORGE ROSSEN, claimants (98-CV-1109): David John Shea, Lirette & Shea, LLP, Houma, LA.

For ROGER BOGGS, claimant (98-CV-1109): Wesley J. Gralapp, Neblett, Beard & Arsenault, Alexandria, LA.

For ROGER BOGGS, claimant (98-CV-1109): Frank J. Peragine, Simon, Peragine, Smith & Redfearn, LLP, New Orleans, LA.

For TT BOAT CORPORATION, TIDEWATER MARINE INC, claimants (98-CV-1109): Miles Paul Clements, George A. Frilot, III, Joseph Dwight Leblanc, III, Brant David Imperatore, Frilot, Partridge, Kohnke & Clements, LC, New Orleans, LA.

**JUDGES:** STANWOOD R. DUVAL, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** STANWOOD R. DUVAL

**OPINION:** Before the court **[*6]** are several motions, including: a Motion for Summary Judgement filed by Tidewater against Walter Oil & Gas Corporation, et al. (Doc.); Tidewater's Motion to Strike Claim for Wage Loss and Report of Economist and to Quash Deposition of Economist, George Carter; Joint Motion in Limine to Strike the Expert Reports of Herb Theriot and Sherry Carthane by claimants Leonard and Williams;

The court will address each of these in turn.

**1. TIDEWATER'S MOTION FOR SUMMARY JUDGMENT**

The facts and procedural history of this case are well known to the parties and have been recounted at length by this court, most recently, in its Orders and Reasons entered August 23, 1999. Therefore, only pertinent facts and issues will be addressed below.

**a. BACKGROUND**

The action before the court arose out the February 16, 1998 allision of the barge CHEROKEE, owned by Global Pipelines Plus, with a fixed offshore oil platform owned in part by Walter Oil & Gas. The barge CHEROKEE was being towed by the GULF CAJUN, a tug owned by the TT Boat Corporation.

Walter Oil & Gas Corporation ("WOGC"), operator of the damaged platform, has asserted claims for damages on behalf of the working interest **[*7]** holders n1 and royalty interest holders n2 in West Delta Blocks 106 and 107.

The damages sought by WOGC have several components: a) physical damage to the platform, equipment thereon, and lines that transport oil and gas from the wells to shore; b) loss of production, revenues, and transport fees; c) delay in production, loss of royalties, loss of use of investments, and loss of profits; d) possible loss of the wells; e) cost of shut-in, restoration, and possible redrilling of the wells; f) possible damage to Walter's ability to produce oil and gas from the reservoir; and g) prejudgment interest, post-judgment interest, and court costs.

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n1 Working interest holders include Walter Production, Inc. (Expl.), Walter Production, Inc. (Dev.), Howell Group, Ltd., Walter Oil & Minerals Corporation, J.C. Walter, Jr., Carol Walter Looke, J.C. Walter III, Jack J. Horton, Jr., James H. Dick, and Carl W. Kuhnen, Jr. Vastar Resources, Inc. and British-Borneo Exploration, Inc. were also granted leasehold interests in West Delta Blocks 106 and 107.

n2 Royalty interest holders include Murphy Exploration and Production Company, Norcen Explorer, Inc., James H. Dick, Kurt G. Sommer, Carl W. Kuhnen, Jr., James M. Jobe, Pete A. Hetherington, and the United States (whose interest respondents have not addressed). In addition, each of the working interest holders share in production profits.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - **[*8]**

### b. Motion for Summary Judgment

It is the court's understanding that WOGC and Tidewater have reached a settlement with respect to the physical damages to the oil platform. Therefore, the only the economic losses asserted by WOGC remain in dispute.

Tidewater contends that neither the working interest holders nor royalty interest holders in West Delta Blocks 106 and 107 may recover economic losses under the principle of *Robins Drydock & Repair Co. v. Flint, 275 U.S. 303, 48 S. Ct. 134, 72 L. Ed. 290 (1927)*. In *Robins Drydock*, the Court held that, ✦in cases of unintentional maritime tort, a party who sustains no damage to a proprietary interest may not recover for consequential economic losses.

Working interests in West Delta Blocks 106 and 107 were created by the issuance of leases from the United States of America. All costs associated with construction and operations of the platform were borne by the working interest holders through a joint account. Under the terms of the Operating Agreement with WOGC, the working interest holders had the right to inspect the platform, to dispose of it, and share proportionately in the proceeds of its alienation. Therefore, **[*9]** the working interest holders owned the platform.

Respondent WOGC argues that the working interest holders are entitled to recover their economic losses because they are owners of the damaged platform. In addition, WOGC believes that the royalty interest holders are entitled to recoup their economic loss as partial assignees of the leasehold interest.

### c. *Robins Drydock* does not preclude working interest holders from recovering economic losses.

The Fifth Circuit has interpreted *Robins Drydock* to hold that recovery is barred to a plaintiff who asserts a claim for economic loss unaccompanied by physical damage to property in which the plaintiff has a proprietary interest. *Louisiana ex rel. Guste v. M/V Testbank, 752 F.2d 1019 (5th Cir. 1985)* (en banc); *cert. denied, White v. M/V Testbank, 477 U.S. 903, 106 S. Ct. 3271, 91 L. Ed. 2d 562 (1986)*. Contrary to Tidewater's understanding, *M/V Testbank* does not preclude recovery of all economic losses, such as loss of production and delay damages. Rather, a party may maintain a claim for such economic losses if he has the prerequisite damaged proprietary interest. The Fifth Circuit created **[*10]** this bright line test to limit the liability of an unintentional tortfeasor vis a vis plaintiffs who are unforeseeable and more remote. *State of La v. M/V Testbank, 752 F.2d at 1025, 1028; Consolidated Aluminum Corp. v. C.F. Bean Corp., 772 F.2d 1217, 1222 (5th Cir. 1985)*.

In this case, the oil platform was physically damaged when it was struck by the CHEROKEE. As owners of the platform, the working interest holders clearly had a proprietary interest in the platform, and may recover, not only for the platform damage, but also for any economic losses they sustained as a result of the platform damage, including the loss of production.

### d. The royalty interest holders are precluded from maintaining their claims for purely economic losses.

The royalty interest holders, on the other hand, did not own the platform, equipment, or transport lines damaged in the allision. ✦A mineral royalty is a right to share in the gross production of minerals when and if it is obtained. LA R.S. 31:80; *Horton v. Mobley, 578 So. 2d 977* (La.App. 2 Cir., 4/9/91), *writ denied, 582 So. 2d 1310 (La. 1991)*. It is true that the working interest **[*11]** holders assigned or "carved out" a portion of their rights to create the royalty interests. However, only the right to share in production was assigned, not a proprietary interest. Hence, under *Robins Drydock and M/V Testbank*, the royalty interest holders may not maintain their claims for economic losses.

Nonetheless, if WOGC is successful in its claims for loss of production on behalf of the working interest holders, the royalty interest holders may be entitled to share in those proceeds under the terms of their royalty agreement. Nothing in this opinion precludes the royalty interest owners from bringing an action to recover the proceeds to which they may otherwise be entitled. Accordingly,

**IT IS ORDERED** that Tidewater's Motion for Summary Judgment is hereby **DENIED** with respect to the working interest holders and **GRANTED** with respect to the royalty interest holders.

### 2. TIDEWATER'S MOTION IN LIMINE TO STRIKE THE CLAIM FOR WAGE LOSS AND REPORT OF ECONOMIST AND TO QUASH THE DEPOSITION OF ECONOMIST

Tidewater seeks to strike plaintiff Ed Suiter's claim for wage loss on grounds that the claim was not raised until recently. Mr. Suiter initially denied **[*12]** having a claim for wage loss because he continued working during the three months following the accident. However, once his physicians advised him that he should not work, Mr. Suiter began receiving worker's compensation. Tidewater had notice that Mr. Suiter would have a claim for wage loss after taking his deposition in December 3, 1998 and discovering that he had been receiving worker's compensation since June 1998. The court finds that Tidewater had ample notice of Mr. Suiter's claim for wage loss and will permit Mr. Suiter to assert his claim.

Tidewater also seeks exclusion of economist George Carter's expert report and proposed deposition testimony. The deadline for submission of expert reports, initially set for May 24, 1999, was extended by the court to June 10, 1999. George Carter's expert report was delivered to Tidewater, at the earliest, on July 29, 1999.

Although Tidewater was put on notice that Dr. Carter's report would be forthcoming, the report was untimely and, as such, shall be excluded. Similarly, the testimony of Dr. Carter is inadmissible. The plaintiff filed no motion with the court to again extend the expert report deadline. However, the prejudice to the plaintiff **[*13]** will be minimal in this bench trial as the loss of earnings data will be in evidence. Accordingly,

**IT IS ORDERED** that Tidewater's Motion is hereby **DENIED** in part and **GRANTED** in part.

### 3. TIDEWATER'S MOTION IN LIMINE TO STRIKE THE REPORT OF AND EXCLUDE THE TESTIMONY OF BERNARD PETTINGILL

Tidewater seeks to exclude the testimony of claimant Clarence Williams' economist, Bernard Pettingill, Jr. on grounds that it violates the rule for calculating wage loss claims in general maritime cases set forth in _Culver v. Slater Boat Co., 722 F.2d 114 (5th Cir. 1983)_ ("_Culver II_"). The court's ruling on the Motion to Strike the Report and Exclude the Testimony of Dr. Pettingill,. is deferred until trial. To the extent that Dr. Pettingill's opinions conflict with _Culver II_, Dr. Pettingill should be on notice that questions will be posed by the court to ensure conformity of his opinion with _Culver II_, and he should be prepared to perform mathematical calculations in response to the court's questions. Accordingly,

**IT IS ORDERED** that Tidewater's Motion to Strike the Report and Exclude the Testimony is hereby **DEFERRED.**

### **[*14]** 4. JOINT MOTION IN LIMINE OF CLAIMANTS WILLIAMS AND LEONARD TO EXCLUDE THE EXPERT TESTIMONY OF THERIOT AND CARTHANE

The court finds that a portion of the opinion expressed by Herb Theriot in his expert report dated July 20, 1999, does not comply with the requirements of _Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)._ Mr. Theriot did not use any scientific or other technical methodology to arrive at his opinion. He, like Descartes, basically says, "I think; therefore, it is." This is insufficient under Federal Rule of Evidence 702. The last three sentences in the fourth paragraph of the report, beginning with "However, in my opinion . . ." should be redacted from the report, and Mr. Theriot will not be permitted to give testimony consistent with that opinion.

The court finds that the testimony offered by Sherry Carthane complies with the requirements of Daubert and is, therefore, admissible. Accordingly,

**IT IS ORDERED** that the Motion in Limine to Exclude the Expert Testimony of Theriot and Carthane is hereby **GRANTED** in part and **DENIED** in part.

### 5. CLAIMANT LEONARD'S MOTION **[*15]** FOR REVIEW OF THE MAGISTRATE'S ORDER

As the functional capacity report submitted by Joseph L. Shine, L.P.T. was untimely, Magistrate Judge Chasez's Order is upheld as correct. However, to the extent that Dr. Gary Guidry customarily reviews and relies upon functional capacity ratings before testifying as to disability, he may refer to the report of Joseph Shine, L.P.T. in accordance with Federal Rule of Evidence 803 (4). Accordingly,

**IT IS ORDERED** that the Motion for review of the Magistrate's Order is hereby denied.

New Orleans, Louisiana, this 3rd of September 1999.

STANWOOD R. DUVAL

UNITED STATES DISTRICT JUDGE

View: Cite | KWIC | Full | Custom    ◄PREV◄ 4 of 9 ►NEXT►    Text Only | Print | Download | Fax | Email
FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | *Shepardize*® | TOA

In re TT Boat Corp., 1999 U.S. Dist. LEXIS 13797    Pages:    9

Source: All Sources > Federal Legal - U.S. > US District Court Cases ⓘ
Terms: **name (tt boat) and date is (1999)**  (Edit Search)
View: Full
Date/Time: Monday, April 15, 2002 - 1:27 PM EDT

Search | Search Advisor | Get a Document | *Shepard's* ® - Check a Citation
Eclipse ™ | History | Practice Area Pages | Change Client | Options | Feedback | Signoff | Help
About LexisNexis | Terms and Conditions

Copyright © 2002 LexisNexis, a division of Reed Elsevier Inc. All rights reserved

Search - 59 Results - name (tt boats or transocean 96 or clearsky)    4/15/02 12:02 PM



**LexisNexis**

Practice Area Pages | Change Client | Options | Feedback | Sign Off | Help

Search ▶ | Search Advisor ▶ | Get a Document ▶ | Shepard's®▶ Check a Citation ▶    ECLIPSE™ | History

View: Cite | KWIC | Full | Custom    ◄PREV 55 of 59 NEXT►    Text Only | Print | Download | Fax | Email

FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | Shepardize® | TOA

In re Complaint of Clearsky Shipping Corp., 1997 U.S. Dist. LEXIS 14764    Pages:    7

Source:  All Sources > Federal Legal - U.S. > Federal Cases After 1944, Combined Courts ⓘ
Terms:   (Edit Search)

*1997 U.S. Dist. LEXIS 14764, ***

IN RE COMPLAINT OF **CLEARSKY** SHIPPING CORP., AS OWNER, AND COSCO (H.K.) SHIPPING COMPANY LIMITED, AS OWNER OF THE M/V BRIGHT FIELD, FOR EXONERATION FROM OR LIMITATION OF LIABILITY

CIVIL ACTION NO. 96-4099 C/W 96-4047, 96-4048, 96-4077, 96-4090, 96-4097, 96-4098, 96-4193, 97-89 SECTION "G" (1)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

1997 U.S. Dist. LEXIS 14764

September 16, 1997, Decided
September 16, 1997, Filed; September 17, 1997, Entered

**DISPOSITION:** [*1] Limitation plaintiffs' motion for summary judgment dismissing the QNOV employees' claim for lost wages made in Record Document No. 725 GRANTED.

**CORE TERMS:** wages, summary judgment, proprietary interest, personal injuries, nonmovant, allision, genuine issue of material fact, economic loss, negligent interference, essential element, personal injury, burden of proof, matter of law, foreseeability, unidentified, deposition, riverfront, informing, damaged, abandon, movant, urge

**COUNSEL:** For CLEARSKY SHIPPING CORP., as owner of the M/V Bright Field,for exoneration from or limitation of liability, COSCO (H.K.) SHIPPING COMPANYLIMITED, -, as manager, of the M/V Bright Field, for exoneration from or limitation of liability, petitioners (96-CV-4099): John A. Bolles, Janet Wessler Marshall, Terriberry, Carroll & Yancey, New Orleans, LA. Christopher Ogilvie Davis, Robert Clotworthy, George Moore Gilly, James H. Roussel, William Joseph Riviere, Phelps, Dunbar, LLP, New Orleans, LA. Eugene J. O'Connor, Wayne D.Meehan, Freehill, Hogan & Mahar, New York, NY.

For NEW ORLEANS RIVERWALK ASSOCIATES, claimant (96-CV-4099): Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. James G. Burke, Jr., James O. M. Womack, Burke & Mayer, New Orleans, LA. Kimbley Ann Kearney, Clausen, Miller et al, Chicago, IL. Thomas A. McDonald, James J. Knibbs, Clausen Miller PC, Chicago, IL.

For MESSINA'S PASTA INC dba Anthony's Seafood House, (96-CV-4047), PETER L. GLASER, plaintiffs: Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Darleen Marie Jacobs, Darleen M. Jacobs, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA. Roy J. Rodney, Jr., Rodney, Bordenave, Boykin, Bennette & Boyle, New Orleans, LA.

For PASTA INTERNATIONAL, INC. dba Pasta International, MESSINA'S ON THE RIVER, INC. dba Messina's Seafood and Poorboy, MESSINA'S T-TOR'S CAJUN BOATS AND CAJUNPOORBOY SHOPPE, M.F.C., INC. dba Messina's Louisiana Grocery, VICTOR - TUSA, individually, and as representatives of a class of those similarly situated, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA.

For JERE GLASER, JAMES A CAIN, MRS JAMES A CAIN, ANTHONY J TUSA, plaintiffs ▓▓▓▓▓▓▓▓▓▓ Becnel,

Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA.

For ONE RIVER PLACE INC, MARK DELESDERNIER, JR, ADRIANNE DELESDERNIER, TISHA L HOOKS, individually and as the mother and guardian of Kyrin L. Hooks, GEORGE HERNANDEZ, plaintiffs (96-CV-4048): Gilbert V. Andry, IV, Andry & Andry, New Orleans, LA. Sidney Donecio Torres, III, Roberta L. Burns, Law Offices of Sidney D. Torres, III, Chalmette, LA. Gerald Edward Meunier, Stevan C. Dittman, Gainsburgh, Benjamin, David, Meunier, Noriea & Washauer, New Orleans, LA. Michael R. Delesdernier, Michael Delesdernier, Attorney at Law, Metairie, LA.

For ALVIN E JEFFERSON, ALBERT JOHNSON, GLORIA LADNER, plaintiffs (96-CV-4077): Val Patrick Exnoicios & Nungesser, New Orleans, LA. John Leslie Young, John Young, Attorney at Law, New Orleans, LA. Stuart Housel Smith, Law Offices of Sacks & Smith, New Orleans, LA. Randall A. Smith, Laura Tiffany Hawkins, Gladstone N. Jones, III, Smith, Jones & Fawer, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, plaintiff (96-CV-4090): Ivan Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr., Board of Commission of Port of New Orleans, New Orleans, LA. Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For QUEEN OF NEW ORLEANS AT THAT HILTON JOINT VENTURE, plaintiff (96-CV-4097): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Ira Jay Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., plaintiff (96-CV-4098): Lynn Lachin Lightfoot, James E. Smith, Jr., Smith Martin, New Orleans, LA. Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For HEIDI L BAYER, plaintiff: Lyman L. Jones, Jr., Lyman Jones, Jr., Attorney at Law, New Orleans, LA.

For HAROLD PAJEAUD, ROBERT PAUL, JR, plaintiffs: Vernon Palmer Thomas, Vernon P. Thomas, Attorney at Law, New Orleans, LA. Thomas Massa Discon, Discon Law Firm, Mandeville, LA. Harry E. Cantrell, Jr., Cantrell Law Firm, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, claimant and third-party plaintiff (96-CV-4099): Ivan Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Cynthia J. Thomas, Joseph W. Fritz, Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr. Board of Commission of Port of New Orleans, New Orleans, LA. Mat M. Gray, III, Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For ST PAUL FIRE & MARINE INS CO, claimant (96-CV-4099): Norman Charles Sullivan, Jr., Gelpi, Sullivan, Carroll & Gibbens, New Orleans, LA. Raymond Letulle, Raymond Letulle, Attorney at Law, Philadelphia, PA.

For QUEEN OF NEW ORLEANS, claimant (96-CV-4099): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For INTERNATIONAL RIVERCENTER, HILTON HOTELS CORPORATION, claimants (96-CV-4099): Peter L. Hilbert, Jr., Colvin Gamble Norwood, Jr., Darnell Bludworth, Daniel Thomas Plunkett, McGlinchey, Stafford & Lang, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., claimant (96-CV-4099): Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For ANGELA RUFFIN, DAVID GAINES, Individually and on behalf of D'Juan Mackey and Rachel Mackey, ELTON JOHNSON, claimants (96-CV-4099): G. Michael Grosz, III, Peyton B. Burkhalter, Law Offices of G. Michael Grosz, III, Gretna, LA.

For LAFAYETTE INSURANCE COMPANY, claimant (96-CV-4099): Geoffrey Herr Longenecker, Geoffrey H. Longenecker, Attorney at Law, Covington, LA.

**JUDGES:** MOREY L. SEAR, CHIEF JUDGE.

**OPINIONBY:** MOREY L. SEAR

**OPINION:** MEMORANDUM AND ORDER

Background

This admiralty proceeding arises from the allision of the M/V BRIGHT FIELD with a portion of the New Orleans

riverfront known as the New Orleans Riverwalk. On December 14, 1996, the M/V BRIGHT FIELD was traveling downriver on the Mississippi River, en route to Japan with a cargo of approximately 60,000 metric tons of grain that had been loaded in Reserve, Louisiana. After the M/V BRIGHT FIELD passed underneath the Crescent City Connection, it struck and damaged parts of the riverfront including the Riverwalk shopping center, One River Place, the New Orleans Hilton Riverside, and other nearby structures.

On December 18, 1996, plaintiff Clearsky Shipping Corporation, as owner, and COSCO (H.K.) Shipping Company, Ltd., as manager, of the M/V BRIGHT FIELD, filed a petition for exoneration from or limitation of liability in this district, pursuant to 46 U.S.C. § 183 et seq. and Rule F of the Supplemental Rules for Certain Admiralty and Maritime [*2] Claims ("Admiralty Rules"). One of the approximately 1600 claims that have been filed in the proceeding is a claim on behalf of approximately 240 employees of the Queen of New Orleans, aka the "Flamingo Casino" ("QNOV Employees"). n1 The QNOV employees seek wages they lost when the floating casino was closed between December 14 and December 17, 1996 as a result of alleged damage to the adjacent wharf and boarding structure. n2

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n1 Claim and Answer of QNOV Employees, Record Doc. No. 725.

n2 Id. at PPs 4-5.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Plaintiffs in limitation move for summary judgment and/or to strike the claims of the QNOV employees as claims for purely economic loss. The QNOV employees oppose the motion. n3

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n3 The QNOV employees have filed an opposing memorandum but no statement of contested material facts as required by the Local Rules of this district.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

[*3]  Discussion

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." n4 This language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." n5 A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact. n6

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n4 Fed.R.Civ.P. 56 (c).

n5 Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

n6 Id.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for [*4] its motion and identifying those portions of the pleadings, deposition, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact. n7 fact. The movant may accomplish this by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. Once the movant produces such evidence, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial - that is, the nonmovant must come forward with evidence establishing each of the challenged elements of its case for which the nonmovant will bear the burden of proof at trial. n8

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n7 Id. at 323, 106 S. Ct. at 2552-53.

n8 Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d

538 (1986).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Plaintiffs in limitation seek summary judgment dismissing the **[\*5]** QNOV employees' claims for lost wages on grounds that, as a matter of law, such purely economic loss is not recoverable. In the case of Robins Dry Dock & Repair Co. v. Flint, n9 the United States Supreme Court recognized the rule, which was longstanding in both England and the United States, that one may not recover for economic loss if that loss results from physical damage to property in which he has no proprietary interest. n10 Thus, recovery is unavailable for negligent interference with contractual rights, including rights arising under employment contracts. n11 The Fifth Circuit consistently has followed this principle, rejecting invitations to abandon the rule in favor of a more liberal one of foreseeability. n12

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - -

n9 275 U.S. 303, 309, 48 S. Ct. 134, 72 L. Ed. 290 (1927).

n10 Id. at 309.

n11 See. e.g., Compania de Navigacion Porto Ronco, S.A. v. S/S AMERICAN ORILE, 1976 AMC 433, 434 (E.D.La. 1975)(Sear, M.J.); In re Williamson Leasing Co., Inc., 577 F. Supp. 890, 891-92 (E.D.Mo. 1984); Complaint of Great Lakes Towing Co., 395 F. Supp. 810, 811 (N.D.Ohio 1974); Henderson v. Arundel Corp., 262 F. Supp. 152, 158-60 (D.MD. 1966), aff'd, 384 F.2d 998 (4th Cir. 1967). **[\*6]**

n12 State of Louisiana ex rel Guste v. M/V TESTBANK, 752 F.2d 1019, 1024-27 (5th Cir. 1985).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Plaintiffs in limitation point to the undisputed fact that the QNOV employees do not possess a proprietary, i.e. an ownership or controlling, interest in any property that was allegedly damaged as a result of the allision. Indeed, claimants make no such allegation in their Claim. Having no proprietary interest in the damaged property, their claims are for damages resulting from an alleged negligent interference with their employment contracts with the Queen of New Orleans at the Hilton Joint Venture and, as such, they fail to state a claim upon which relief may be granted.

In opposition to limitation plaintiffs' motion, the QNOV employees urge me to abandon the Robins Dry Dock rule and follow the lead of other circuits (and Judge Wisdom's dissent in Testbank) in applying a foreseeability analysis. I decline to do so.

Additionally, the QNOV employees seek to avoid the Robins Dry Dock rule by arguing that some of the employees sustained personal injuries as a result of the allision and **[\*7]** have filed separate claims for those injuries. This, they urge, should be viewed as a "proprietary interest" within the meaning of Robins Dry Dock. The fact that some (unidentified) QNOV employees also have filed claims for personal injuries does not save their separate claims for lost wages. These employees' claims for personal injury are separate from their claim for lost wages alleged in Record Document No. 725, which refers only to lost wages caused by closure of their place of employment, a facility in which they admittedly have no ownership interest. n13 Of course, by dismissing their claim for lost wages as alleged in Record Document No. 725, I do not preclude them from recovering any wages they are able to demonstrate that they lost as a result of personal injuries caused by the allision.

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - -

n13 Even assuming a personal injury represented damage to a proprietary interest within the meaning of Robins Dry Dock, nonmovants have advanced nothing more than a mere allegation of personal injuries sustained by unidentified members of the group of approximately 240 employees seeking lost wages. This is insufficient to defeat summary judgment.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - **[\*8]**

Accordingly,

IT IS ORDERED that limitation plaintiffs' motion for summary judgment dismissing the QNOV employees' claim for lost wages made in Record Document No. 725 IS GRANTED.

MOREY L. SEAR

CHIEF JUDGE

Search - 59 Results - name (tt boats or transocean 96 or clearsky)                    4/15/02 12:02 PM

View: Cite | KWIC | **Full** | Custom        ◀PREV◀ **55** of **59** ▶NEXT▶              Text Only | Print | Download | Fax | Email
        FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | *Shepardize®* | TOA

⚖     **In re Complaint of Clearsky Shipping Corp., 1997 U.S. Dist. LEXIS 14764**                    Pages:    **7**

Source:   All Sources > Federal Legal - U.S. > Federal Cases After 1944, Combined Courts ⓘ
Terms:    (Edit Search)
View:     Full
Date/Time: Monday, April 15, 2002 - 12:57 PM EDT

Search | Search Advisor | Get a Document | *Shepard's* ® - Check a Citation
Eclipse ™ | History | Practice Area Pages | Change Client | Options | Feedback | Signoff | Help
About LexisNexis | Terms and Conditions

Copyright © 2002 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Search - 59 Results - name (tt boats or transocean 96 or clearsky)                                    4/15/02 12.02 PM

**LexisNexis**

Practice Area Pages | Change Client | Options | Feedback | Sign Off | Help

Search ▶ | Search Advisor ▶ | Get a Document ▶ | Shepard's®-Check a Citation ▶                     ECLIPSE™ | History

View: Cite | KWIC | Full | Custom                  ◄PREV 54 of 59 NEXT►                Text Only | Print | Download | Fax | Email
          FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | Shepardize® | TOA

**A** In re Complaint of Clearsky Shipping Corp., 1997 U.S. Dist. LEXIS 18379                    Pages    10

Source: All Sources > Federal Legal - U.S. > Federal Cases After 1944, Combined Courts ⓘ
Terms:  (Edit Search)

*1997 U.S. Dist. LEXIS 18379, *; 1998 AMC 324*

IN RE COMPLAINT OF **CLEARSKY** SHIPPING CORP., AS OWNER, AND COSCO (H.K.) SHIPPING COMPANY LIMITED, AS
OWNER OF THE M/V BRIGHT FIELD, FOR EXONERATION FROM OR LIMITATION OF LIABILITY

CIVIL ACTION NO. 96-4099 C/W 96-4047, 96-4048, 96-4077, 96-4090, 96-4097, 96-4098, 96-4193, 97-89
SECTION "G" (1)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

1997 U.S. Dist. LEXIS 18379; 1998 AMC 324

November 12, 1997, Decided
November 12, 1997, Filed; November 13, 1997, Entered **[*1]**

**DISPOSITION:** Plaintiffs' motion for summary judgment dismissing Discovery Communications' claim for damages
made in Record Doc. No. 818 GRANTED.

**CORE TERMS:** claimant, proprietary interest, riverwalk, lease, damaged, allision, tug, common areas, summary
judgment, charterers, ship, discovery, barge, leased, tenant, physical damage, economic loss, propeller, genuine
issue of material fact, shopping center, mall, interruption, nonmovant, stations, integrated, manager, admiralty
proceeding, damage to property, essential element, burden of proof

**COUNSEL:** For CLEARSKY SHIPPING CORP., as owner of the M/V Bright Field,for exoneration from or limitation of
liability, COSCO (H.K.) SHIPPING COMPANYLIMITED, -, as manager, of the M/V Bright Field, for exoneration from or
limitation of liability, petitioners (96-CV-4099): John A. Bolles, Janet Wessler Marshall, Terriberry, Carroll & Yancey,
New Orleans, LA. Christopher Ogilvie Davis, Robert Clotworthy, George Moore Gilly, James H. Roussel, William
Joseph Riviere, Phelps, Dunbar, LLP, New Orleans, LA. Eugene J. O'Connor, Wayne D.Meehan, Freehill, Hogan &
Mahar, New York, NY.

For NEW ORLEANS RIVERWALK ASSOCIATES, claimant (96-CV-4099): Hugh Palmer Lambert, Lambert & Nelson, New
Orleans, LA. James G. Burke, Jr., James O. M. Womack, Burke & Mayer, New Orleans, LA. Kimbley Ann Kearney,
Clausen, Miller et al, Chicago, IL. Thomas A. McDonald, James J. Knibbs, Clausen Miller PC, Chicago, IL.

For MESSINA'S PASTA INC dba Anthony's Seafood House, (96-CV-4047), PETER L. GLASER, plaintiffs: Daniel E.
Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New
Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans,
LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger &
Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans,
LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New
Orleans, LA. Darleen Marie Jacobs, Darleen M. Jacobs, Attorney at Law, New Orleans, LA. Stephen Barnett Murray,
Murray Law Firm, New Orleans, LA. Roy J. Rodney, Jr., Rodney, Bordenave, Boykin, Bennette & Boyle, New Orleans,
LA.

For PASTA INTERNATIONAL, INC. dba Pasta International, MESSINA'S ON THE RIVER, INC. dba Messina's Seafood
and Poorboy, MESSINA'S T-TOR'S CAJUN BOATS AND CAJUNPOORBOY SHOPPE, M.F.C., INC. dba Messina's
Louisiana Grocery, VICTOR - TUSA, individually, and as representatives of a class of those similarly situated,
plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. John J.
Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer
Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New
Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H.
Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Stephen
Barnett Murray, Murray Law Firm, New Orleans, LA.

For JERE GLASER, JAMES A CAIN, MRS JAMES A CAIN, ANTHONY J TUSA, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA.

For ONE RIVER PLACE INC, MARK DELESDERNIER, JR, ADRIANNE DELESDERNIER, TISHA L HOOKS, individually and as the mother and guardian of Kyrin L. Hooks, GEORGE HERNANDEZ, plaintiffs (96-CV-4048): Gilbert V. Andry, IV, Andry & Andry, New Orleans, LA. Sidney Donecio Torres, III, Roberta L. Burns, Law Offices of Sidney D. Torres, III, Chalmette, LA. Gerald Edward Meunier, Stevan C. Dittman, Gainsburgh, Benjamin, David, Meunier, Noriea & Washauer, New Orleans, La. Michael R. Delesdernier, Michael Delesdernier, Attorney at Law, Metairie, LA.

For ALVIN E JEFFERSON, ALBERT JOHNSON, GLORIA LADNER, plaintiffs (96-CV-4077): Val Patrick Exnoicios & Nungesser, New Orleans, LA. John Leslie Young, John Young, Attorney at Law, New Orleans, LA. Stuart Housel Smith, Law Offices of Sacks & Smith, New Orleans, LA. Randall A. Smith, Laura Tiffany Hawkins, Gladstone N. Jones, III, Smith, Jones & Fawer, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, plaintiff (96-CV-4090): Ivan Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr., Board of Commission of Port of New Orleans, New Orleans, LA. Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For QUEEN OF NEW ORLEANS AT THAT HILTON JOINT VENTURE, plaintiff (96-CV-4097): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Ira Jay Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., plaintiff (96-CV-4098): Lynn Lachin Lightfoot, James E. Smith, Jr., Smith Martin, New Orleans, LA. Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For HEIDI L BAYER, plaintiff: Lyman L. Jones, Jr., Lyman Jones, Jr., Attorney at Law, New Orleans, LA.

For HAROLD PAJEAUD, ROBERT PAUL, JR, plaintiffs: Vernon Palmer Thomas, Vernon P. Thomas, Attorney at Law, New Orleans, LA. Thomas Massa Discon, Discon Law Firm, Mandeville, LA. Harry E. Cantrell, Jr., Cantrell Law Firm, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, claimant and third-party plaintiff (96-CV-4099): Ivan Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Cynthia J. Thomas, Joseph W. Fritz, Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr. Board of Commission of Port of New Orleans, New Orleans, LA. Mat M. Gray, III, Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For ST PAUL FIRE & MARINE INS CO, claimant (96-CV-4099): Norman Charles Sullivan, Jr., Gelpi, Sullivan, Carroll & Gibbens, New Orleans, LA. Raymond Letulle, Raymond Letulle, Attorney at Law, Philadelphia, PA.

For QUEEN OF NEW ORLEANS, claimant (96-CV-4099): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For INTERNATIONAL RIVERCENTER, HILTON HOTELS CORPORATION, claimants (96-CV-4099): Peter L. Hilbert, Jr., Colvin Gamble Norwood, Jr., Darnell Bludworth, Daniel Thomas Plunkett, McGlinchey, Stafford & Lang, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., claimant (96-CV-4099): Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For ANGELA RUFFIN, DAVID GAINES, Individually and on behalf of D'Juan Mackey and Rachel Mackey, ELTON JOHNSON, claimants (96-CV-4099): G. Michael Grosz, III, Peyton B. Burkhalter, Law Offices of G. Michael Grosz, III, Gretna, LA.

For LAFAYETTE INSURANCE COMPANY, claimant (96-CV-4099): Geoffrey Herr Longenecker, Geoffrey H. Longenecker, Attorney at Law, Covington, LA.

**JUDGES:** MOREY L. SEAR, CHIEF JUDGE.

**OPINIONBY:** MOREY L. SEAR

**OPINION:** MEMORANDUM AND ORDER

Background

This admiralty proceeding arises from the allision of the M/V BRIGHT FIELD with a portion of the New Orleans riverfront known as the New Orleans Riverwalk. On December 14, 1996, the M/V BRIGHT FIELD was traveling downriver on the Mississippi River, en route to Japan with a cargo of approximately 60,000 metric tons of grain that had been loaded in Reserve, Louisiana. After the M/V BRIGHT FIELD passed underneath the Crescent City Connection, a bridge over the river, it struck and damaged parts of a wharf including the Riverwalk shopping center, One River Place condominium, the New Orleans Hilton Riverside Hotel, and other nearby structures.

On December 18, 1996, plaintiff Clearsky Shipping Corporation, as owner, and COSCO (H.K.) Shipping Company, Ltd., as manager, of the M/V BRIGHT FIELD, filed a petition for exoneration from or limitation of liability in this district, pursuant to 46 U.S.C. § 183 et seq. and Rule F of the Supplemental Rules for Certain [*2] Admiralty and Maritime Claims ("Admiralty Rules"). One of the approximately 1600 claims that have been filed in the proceeding is a claim on behalf of Discovery Communications, d/b/a "The Nature Company," ("Discovery Communications"). n1

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - - -

n1 Claim and Answer of Discovery Communications, Record Doc. No. 818.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - - -

Plaintiffs in limitation move for summary judgment and/or to strike the claim of Discovery Communications as a claim for purely economic loss. Discovery Communications opposes the motion.

Discussion

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." n2 This language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to [*3] that party's case, and on which that party will bear the burden of proof at trial." n3 A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact. n4

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - - -

n2 Fed.R.Civ.P. 56 (c).

n3 Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

n4 Id.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - - -

The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, deposition, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact. n5 The movant may accomplish this by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. Once the movant produces such evidence, the nonmovant must then direct the court's attention to evidence in the record sufficient [*4] to establish that there is a genuine issue of material fact for trial - that is, the nonmovant must come forward with evidence establishing each of the challenged elements of its case for which the nonmovant will bear the burden of proof at trial. n6

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - - -

n5 Id. at 323, 106 S. Ct. at 2552-53.

n6 Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - - -

The rule of law relied on by plaintiffs in limitation is known as the "Robins Dry Dock" rule. In the case of Robins Dry Dock & Repair Co. v. Flint, n7 the United States Supreme Court recognized the rule, which was longstanding in both England and the United States, that one may not recover for economic loss if that loss results from physical damage to property in which he has no proprietary interest. n8 In Robins Dry Dock, a ship had been delivered to the defendant for repairs. Under the terms of a contract between the ship's owner and the time charterers, the time charterers [*5] were not obliged to pay rent while the ship was being repaired. The defendant, who had contracted with the owner of the ship for the repair work, negligently damaged the ship's propeller. During the additional delay caused by repairs to the propeller, the time charterers lost expected profits from the use of the ship. The time

charterers sued the defendant for these economic losses. The Supreme Court rejected the claim.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n7 275 U.S. 303, 309, 48 S. Ct. 134, 72 L. Ed. 290 (1927).

n8 Id. at 309.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

According to the Supreme Court, the only item damaged was the propeller, and "the injury to the propeller was no wrong to the [time charterers] but only to those to whom it belonged." n9 The Court noted that the time charterers had lost only the benefit of their contract for hire and that "a tort to the person or property of one man does not make the tort-feasor liable to another merely because the injured person was under a contract with that other, unknown to the doer of the wrong. The law does not spread its protection so far." n10 Thus, [*6] recovery is unavailable for negligent interference with contractual rights, including rights arising under a lease of property. The Fifth Circuit consistently has followed this principle, rejecting invitations to abandon the rule in favor of a more liberal one of foreseeability. n11

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n9 Id. at 308, 48 S. Ct. at 135.

n10 Id. at 308-09, 48 S.Ct at 135 (citations omitted).

n11 State of Louisiana ex rel Guste v. M/V TESTBANK, 752 F.2d 1019, 1024-27 (5th Cir. 1985).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Discovery Communications filed a claim in this proceeding as "owner, operator, manager and/or legal owner" of The Nature Company, a business located in Spanish Plaza adjacent to the downstream entrance to the Riverwalk Mall. n12 In its Answer and Claim, Discovery Communications alleges that it sustained "direct damage to its property, and property in which it had an ownership of [sic] interest, resulting in physical damages, loss of expectancies, cost of repair, loss of use, incidental expenses, and various other economic damages." [*7] n13 In response to limitation plaintiffs' written discovery inquiring about the alleged physical damage, however, claimant admitted that it

    suffered no physical damage to the premises leased at the Riverwalk. The Riverwalk Shopping Center itself, however, sustained numerous structural damages which directly caused the closing of plaintiff's store until January 21, 1997. Additionally, portions of the shopping center still remain closed which have negatively impacted the amount of shoppers visiting the center causing a reduction of sales at plaintiff's store. n14

Plaintiffs in limitation urge that, based on the admission that claimant lacks a proprietary interest in any of the property allegedly damaged as a result of the allision, I should dismiss the claim as one for purely economic loss within the meaning of Robins Dry Dock.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n12 See Exhibit A to Limitation Plaintiffs' Motion to Strike and/or for Summary Judgment.

n13 Record Doc. No. 818, at p. 6, P 4.

n14 Exhibit C to Limitation Plaintiffs' Motion to Strike and/or for Summary Judgment, Answer to Interrogatory No. 5.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - [*8]

The nature of claimant's loss becomes clear from the very document it has submitted as its opposition to limitation plaintiffs' motion. Claimant explains on page 2 of its memorandum that

    The Nature Company was closed for three days following the allision because of the loss of utilities. Although The Nature Company then reopened, the mall remained closed until January 21, 1997. Due to the extensive damage to the Riverwalk Mall and the lack of pedestrian traffic envisioned by the lease, claimants suffered a business interruption loss of $ 58,836.63.

Claimant points out elsewhere in its submission that the Riverwalk granted lease rebates to the tenants as a result of the allision. This is precisely the type of loss precluded by Robins Dry Dock.

Nevertheless, in opposition to limitation plaintiffs' motion, claimant urges that pursuant to its lease with the New Orleans Riverwalk Associates it is entitled to the use of and has a proprietary interest in the common areas of the riverwalk mall that sustained direct damage. Claimant, however, fails to identify the relevant portion of the lease that establishes its proprietary interest in the common areas of the riverwalk. **[*9]** My own review of the lease reveals the following. "Common areas" are defined as

> those areas and facilities which may be furnished by Landlord to others in or near the Shopping Center Area for the non-exclusive general common use of tenants . . . including (without limitation) parking areas, access areas (other than public streets), employee parking areas, truckways, driveways, loading docks and areas, delivery passageways, package pick-up stations, sidewalks, interior and exterior pedestrian walkways and pedestrian bridges, malls, promenades, mezzanines, roofs, sprinklers, plazas, courts, ramps, common seating areas, landscaped and planted areas, retaining walls, balconies, stairways, escalators, elevators, bus stops, first-aid stations, sewage treatment facilities,(if any), lighting facilitites, comfort stations or rest rooms, civic center, meeting rooms, and other similar areas, facilities or improvements. n15

The Lease further provides that although the Tenant has a "right and non-exclusive license **to use** the Common Areas in common with others during the Term [of the Lease]," such use is "subject to the **exclusive control and management thereof at all times [*10] by Landlord or others**." n16

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n15 Exhibit A to Claimant's Memorandum in Opposition, at p. 4, Section 1.1(V).

n16 Id. at p. 19, Article X, Section 10.1 (emphasis added).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Claimaint cursorily argues that I must determine what constitutes a "proprietary interest" based on Louisiana lease law, but does not cite authority for this position and, in any event, does not cite any relevant Louisiana authority defining "proprietary interest." Applying the Robins Dry Dock rule, the Fifth Circuit has interpreted the term "proprietary interest" to mean that a party must have control over the property tantamount to full ownership. n17 Claimant simply has not shown that it possessed this kind of interest in the common areas of the riverwalk that allegedly were damaged.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n17 State of Louisiana ex rel Guste v. M/V TESTBANK, 752 F.2d 1019 5th Cir. 1985).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - **[*11]**

Further, even assuming claimant were able to establish a proprietary interest in the common areas of the riverwalk shopping center, claimant has not shown which common areas were damaged by the allision. Instead, claimant requests additional time, pursuant to Federal Rule of Civil Procedure 56 (4), to conduct discovery as to the extent of damage to the wharf and the common areas. There is no subsection (4) of Rule 56, but claimant apparently intended to invoke subsection (f) of Rule 56, which allows the court to refuse or continue a motion for summary judgment when it "appear[s] from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." n18 Claimant has not submitted the requisite affidavit. Even assuming claimant had provided an affidavit in accordance with Rule 56, however, I am not persuaded that there has been inadequate time for discovery on the issues raised by limitation plaintiffs' motion. The allision occurred almost one year ago, and claimant provides nothing to suggest that it has been unable to obtain property damage assessments.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n18 Fed.R.Civ.P. 56 (f).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - **[*12]**

Another argument made by claimant is that due to the allision, "electrical power and water service were disputed [sic], resulting in closing of the store for three days, preventing claimant from selling merchandise in which it undeniably has a proprietary interest." n19 This argument strikes at the very heart of the Robins Dry Dock rule, which precludes recovery for purely economic loss in the nature of business interruption where the business

interruption is caused by damage to property in which the claimant lacks a proprietary interest. A proprietary interest in the items which claimant was prevented from selling as a result of damage to property not owned by claimant clearly is insufficient to overcome the Robins Dry Dock rule, where claimant fails to show attendant physical damage to its own property. n20

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n19 See Affidavit of Nicole Taylor.

n20 Consolidated Aluminum Corp. v. C.F.Bean Corp., 772 F.2d 1217, 1222 (5th Cir. 1985).

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Claimant next argues that because "the leased premises [*13] and the common area, in effect the entire Riverwalk Mall, operated as a integrated unit and was leased as such . . . damages should be recoverable by both lessor and lessee in the event of damage to the leased premises." Claimant cites a Fifth Circuit decision in support of this argument. n21 In Domar Ocean Transportation, Ltd. v. M/V ANDREW MARTIN, 754 F.2d 616, n22 a tank barge owned by plaintiff, Domar, was damaged. In awarding damages based on the average rate charged for the barge and the tug leased to tow it, the damages awarded represented, to some extent, Domar's loss of the use of the tug, which was not damaged. n23 The defendant urged that because the tug itself was not damaged, plaintiff could not recover for its loss of use under Robins Dry Dock. The Court allowed such recovery, however, based on its finding that Domar had a proprietary interest in the barge and tug as a unit. n24 The Court considered the barge and tug an integrated unit because they were uniquely designed to be used together; Domar had spent considerable funds renovating and adding equipment to the tug so that the tug and barge could operate as one. The only facts advanced in support of claimant's argument for [*14] extension of Domar to this case are that the Riverwalk granted lease rebates to the tenants as a result of the allision and undoubtedly, the Riverwalk will seek reimbursement of lost lease revenues as damages. I am not persuaded from this, or anything submitted by claimant, that the narrow holding in Domar should be extended in a sweeping manner to recognize a right on the part of all tenants of the Riverwalk to share in recovery of damages to any and all portions of the Riverwalk.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n21 Domar Ocean Transp., Ltd. v. M/V ANDREW MARTIN, 754 F.2d 616 (5th Cir. 1985).

n22 Id.

n23 Id. at 618.

n24 Id. at 619.

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Finally, claimant asks me to postpone ruling on limitation plaintiffs' motion so that I may set a deadline for the filing of all Robins Dry Dock motions. According to claimant, this would allow additional discovery to be taken relative to the Robins Dry Dock issue and briefing of the issues by all parties. I see no need at this time to postpone ruling on the present [*15] motion. I consider the rule of Robins Dry Dock straighforward and controlling in this admiralty proceeding, and I previously have ruled on a similar motion. Further, as I have already observed, there is nothing to suggest that there has been inadequate time for discovery, at least in connection with this claim.

Accordingly,

IT IS ORDERED that limitation plaintiffs' motion for summary judgment dismissing Discovery Communications' claim for damages made in Record Doc. No. 818 IS GRANTED.

MOREY L. SEAR

CHIEF JUDGE

View: Cite | KWIC | Full | Custom          ◀PREV 54 of 59 NEXT▶          Text Only | Print | Download | Fax | Email
FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | Shepardize® | TOA

 In re Complaint of Clearsky Shipping Corp., 1997 U.S. Dist. LEXIS 18379          Pages    10

http://www.lexis.com/research/retrieve?_m=ff001c50f98316a68053d110b2ef67a2&docnum=54&_fmtstr=FULL&_startdoc=51&wchp=dGLStV-lSlbz&_md5=fcba7a9f656320794f8fc244e14f2ef4          Page 6 of 7

Source:   All Sources > Federal Legal - U S. > **Federal Cases After 1944, Combined Courts** 🛈
Terms:   (Edit Search)
View:   Full
Date/Time: Monday, April 15, 2002 - 12:57 PM EDT

Search | Search Advisor | Get a Document | *Shepard's* ® - Check a Citation
Eclipse ™ | History | Practice Area Pages | Change Client | Options | Feedback | Signoff | Help
About LexisNexis | Terms and Conditions

Copyright © 2002 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

.

 **LexisNexis™**

Practice Area Pages | Change Client | Options | Feedback | Sign Off | Help

Search ▶ | Search Advisor ▶ | Get a Document ▶ | Shepard's® - Check a Citation ▶    ECLIPSE™ | History

View: Cite | KWIC | Full | Custom    ◀PREV 48 of 59 NEXT▶    Text Only | Print | Download | Fax | Email
FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | Shepardize® | TOA

In re Complaint of Clearsky Shipping Corp., 1998 U.S. Dist. LEXIS 1070    Pages    15

Source: All Sources > Federal Legal - U.S. > Federal Cases After 1944, Combined Courts ⓘ
Terms:  (Edit Search)

*1998 U.S. Dist. LEXIS 1070, \**

IN RE COMPLAINT OF **CLEARSKY** SHIPPING CORP., AS OWNER, AND COSCO (H.K.) SHIPPING COMPANY LIMITED, AS OWNER OF THE M/V BRIGHT FIELD, FOR EXONERATION FROM OR LIMITATION OF LIABILITY

CIVIL ACTION NO. 96-4099 C/W 96-4047, 96-4048, 96-4077, 96-4090, 96-4097, 96-4098, 96-4193, 97-89 SECTION "G" (1)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

1998 U.S. Dist. LEXIS 1070

January 29, 1998, Decided
January 30, 1998, Filed; January 30, 1998, Entered

**DISPOSITION:** [*1] Plaintiffs' motion for summary judgment dismissing Atlantic Mutual's claim for damages made in Record Document No. 537 GRANTED.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiffs, owner and manager of a vessel, sought summary judgment in an admiralty action arising from the allision of the vessel with a portion of a wharf, which caused damage to a shopping center and other nearby structures. Plaintiffs had petitioned for exoneration from or limitation of liability.

**OVERVIEW:** Plaintiffs sought summary judgment arguing that neither claimant insurer or its insureds, the shopowners, had an ownership interest in any property that was allegedly damaged as a result of the allision and that the type of loss the insurer claimed was unrecoverable economic loss. The insurer's claims against plaintiffs included sums representing the cost to repair the property, loss of use of the property, loss of profits from use of the property which arose from the physical damage to the property in which the shopowners had an alleged proprietary interest, and other damages. The court granted plaintiffs' motion for summary judgment, holding that the insurer was precluded from recovery; one could not recover for economic loss where that loss resulted from physical damage to property in which he had no proprietary interest. Recovery was unavailable for negligent interference with contractual rights, including rights arising under a lease of property. The court held that the leases between the shopping center and the shopowners were not maritime contracts, and that it was not shown that the shopowners possessed a "proprietary interest" in the common areas that were damaged.

**OUTCOME:** The court granted limitation plaintiffs' motion for summary judgment dismissing the insurer's claim for damages.

**CORE TERMS:** shop, proprietary interest, lease, claimant, damaged, allision, common areas, ship, physical damage, charterers, summary judgment, economic loss, insureds, repair, mall, ma[...]p, platform, retail, genuine issue of material fact, maritime contract, memorandum, [...]

Search - 59 Results - name (tt boats or transocean 96 or clearsky)                    4/15/02 12·01 PM

possessed, invasion, flaring, minute, urges

**CORE CONCEPTS - ◆ Hide  Concepts**

Civil Procedure : Summary Judgment : Summary Judgment Standard

Summary judgment should be granted if the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the affidavits, if any, show that
there is no genuine issue as to any material fact and that the moving party is
entitled to a judgment as a matter of law. This language mandates the entry of
summary judgment, after adequate time for discovery and upon motion, against a
party who fails to make a sufficient showing to establish the existence of an
essential element to that party's case, and on which that party will bear the burden
of proof at trial. A complete failure of proof on an essential element renders all other
facts immaterial because there is no longer a genuine issue of material fact.

Civil Procedure : Summary Judgment : Burdens of Production & Proof

The party moving for summary judgment always bears the initial responsibility of
informing the court of the basis for its motion and identifying those portions of the
pleadings, deposition, and admissions on file, together with the affidavits, if any,
which it believes demonstrates the absence of a genuine issue of material fact. The
movant may accomplish this by informing the court of the basis for its motion, and
by identifying portions of the record which highlight the absence of genuine factual
issues. Once the movant produces such evidence, the nonmovant must then direct
the court's attention to evidence in the record sufficient to establish that there is a
genuine issue of material fact for trial - that is, the nonmovant must come forward
with evidence establishing each of the challenged elements of its case for which the
nonmovant will bear the burden of proof at trial.

Admiralty Law : Collisions : Liability Generally

One may not recover for economic loss if that loss results from physical damage to
property in which he has no proprietary interest.

Torts : Business & Employment Torts : Interference With a Contract

Torts : Damages : Property Damages

A tort to the person or property of one man does not make the tort-feasor liable to
another merely because the injured person was under a contract with that other,
unknown to the doer of the wrong. The law does not spread its protection so far.
Thus, recovery is unavailable for negligent interference with contractual rights,
including rights arising under a lease of property.

Admiralty Law : Maritime Contracts : Coverage

In determining whether a contract falls within admiralty, the true criterion is the
nature and subject-matter of the contract, as whether it was a maritime contract,
having reference to maritime service or maritime transactions.

Admiralty Law : Maritime Contracts : Coverage

Not every contract that touches incidentally on maritime activities is a maritime
contract; for maritime character to attach, there must be a direct link between the
contract and the operation of a ship.

Real & Personal Property Law : Landlord & Tenant : Commercial Leases

⚓The rights and obligations created by the contract of lease are hybrids, and whether those interests should be treated as personal or real will depend on what rights are being asserted and what obligations are sought to be enforced.

**COUNSEL:** For CLEARSKY SHIPPING CORP., as owner of the M/V Bright Field, for exoneration from or limitation of liability, COSCO (H.K.) SHIPPING COMPANY LIMITED, -, as manager, of the M/V Bright Field, for exoneration from or limitation of liability, petitioners (96-CV-4099): John A. Bolles, Janet Wessler Marshall, Terriberry, Carroll & Yancey, New Orleans, LA. Christopher Ogilvie Davis, Robert Clotworthy, George Moore Gilly, James H. Roussel, William Joseph Riviere, Phelps, Dunbar, LLP, New Orleans, LA. Eugene J. O'Connor, Wayne D. Meehan, Freehill, Hogan & Mahar, New York, NY.

For NEW ORLEANS RIVERWALK ASSOCIATES, claimant (96-CV-4099): Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. James G. Burke, Jr., James O. M. Womack, Burke & Mayer, New Orleans, LA. Kimbley Ann Kearney, Clausen, Miller et al, Chicago, IL. Thomas A. McDonald, James J. Knibbs, Clausen Miller PC, Chicago, IL.

For MESSINA'S PASTA INC dba Anthony's Seafood House, (96-CV-4047), PETER L. GLASER, plaintiffs: Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Darleen Marie Jacobs, Darleen M. Jacobs, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA. Roy J. Rodney, Jr., Rodney, Bordenave, Boykin, Bennette & Boyle, New Orleans, LA.

For PASTA INTERNATIONAL, INC. dba Pasta International, MESSINA'S ON THE RIVER, INC. dba Messina's Seafood and Poorboy, MESSINA'S T-TOR'S CAJUN BOATS AND CAJUNPOORBOY SHOPPE, M.F.C., INC. dba Messina's Louisiana Grocery, VICTOR - TUSA, individually, and as representatives of a class of those similarly situated, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA.

For JERE GLASER, JAMES A CAIN, MRS JAMES A CAIN, ANTHONY J TUSA, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA.

For ONE RIVER PLACE INC, MARK DELESDERNIER, JR, ADRIANNE DELESDERNIER, TISHA L HOOKS, individually and as the mother and guardian of Kyrin L. Hooks, GEORGE HERNANDEZ, plaintiffs (96-CV-4048): Gilbert V. Andry, IV, Andry & Andry, New Orleans, LA. Sidney Donecio Torres, III, Roberta L. Burns, Law Offices of Sidney D. Torres, III, Chalmette, LA. Gerald Edward Meunier, Stevan C. Dittman, Gainsburgh, Benjamin, David, Meunier, Noriea & Washauer, New Orleans, La. Michael R. Delesdernier, Michael Delesdernier, Attorney at Law, Metairie, LA.

For ALVIN E JEFFERSON, ALBERT JOHNSON, GLORIA LADNER, plaintiffs (96-CV-4077): Val Patrick Exnoicios & Nungesser, New Orleans, LA. John Leslie Young, John Young, Attorney at Law, New Orleans, LA. Stuart Housel Smith, Law Offices of Sacks & Smith, New Orleans, LA. Randall A. Smith, Laura Tiffany Hawkins, Gladstone N. Jones, III, Smith, Jones & Fawer, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, plaintiff (96-CV-4090): Ivan Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr., Board of Commission of Port of New Orleans, New Orleans, LA. Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For QUEEN OF NEW ORLEANS AT THAT HILTON JOINT VENTURE, plaintiff (96-CV-4097): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Ira Jay Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., plaintiff (96-CV-4098): Lynn Lachin Lightfoot, James E. Smith, Jr., Smith Martin, New Orleans, LA. Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For HEIDI L BAYER, plaintiff: Lyman L. Jones, Jr., Lyman Jones, Jr., Attorney at Law, New Orleans, LA.

For HAROLD PAJEAUD, ROBERT PAUL, JR, plaintiffs: Vernon Palmer Thomas, Vernon P. Thomas, Attorney at Law, New Orleans, LA. Thomas Massa Discon, Discon Law Firm, Mandeville, LA. Harry E. Cantrell, Jr., Cantrell Law Firm,

New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, claimant and third-party plaintiff (96-CV-4099): Ivan Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Cynthia J. Thomas, Joseph W. Fritz, Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr. Board of Commission of Port of New Orleans, New Orleans, LA. Mat M. Gray, III, Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For ST PAUL FIRE & MARINE INS CO, claimant (96-CV-4099): Norman Charles Sullivan, Jr., Gelpi, Sullivan, Carroll & Gibbens, New Orleans, LA. Raymond Letulle, Raymond Letulle, Attorney at Law, Philadelphia, PA.

For QUEEN OF NEW ORLEANS, claimant (96-CV-4099): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For INTERNATIONAL RIVERCENTER, HILTON HOTELS CORPORATION, claimants (96-CV-4099): Peter L. Hilbert, Jr., Colvin Gamble Norwood, Jr., Darnell Bludworth, Daniel Thomas Plunkett, McGlinchey, Stafford & Lang, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., claimant (96-CV-4099): Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For ANGELA RUFFIN, DAVID GAINES, Individually and on behalf of D'Juan Mackey and Rachel Mackey, ELTON JOHNSON, claimants (96-CV-4099): G. Michael Grosz, III, Peyton B. Burkhalter, Law Offices of G. Michael Grosz, III, Gretna, LA.

For LAFAYETTE INSURANCE COMPANY, claimant (96-CV-4099): Geoffrey Herr Longenecker, Geoffrey H. Longenecker, Attorney at Law, Covington, LA.

**JUDGES:** MOREY L. SEAR, CHIEF JUDGE.

**OPINIONBY:** MOREY L. SEAR

**OPINION:** Background

This admiralty proceeding arises from the allision of the M/V BRIGHT FIELD with a portion of the New Orleans riverfront known as the New Orleans Riverwalk. On December 14, 1996, the M/V BRIGHT FIELD was traveling downriver on the Mississippi River, en route to Japan with a cargo of approximately 60,000 metric tons of grain that had been loaded in Reserve, Louisiana. After the M/V BRIGHT FIELD passed underneath the Crescent City Connection, a bridge over the river, it struck and damaged parts of a wharf including the Riverwalk shopping center, One River Place condominium, the New Orleans Hilton Riverside Hotel, and other nearby structures.

On December 18, 1996, plaintiff Clearsky Shipping Corporation, as owner, and COSCO (H.K.) Shipping Company, Ltd., as manager, of the M/V BRIGHT FIELD, filed a petition for exoneration from or limitation of liability in this district, pursuant to 46 U.S.C. § 183 et seq. and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims **[*2]** ("Admiralty Rules"). One of the claimants in the proceeding, Atlantic Mutual Insurance Company ("Atlantic Mutual"), filed a Claim n1 as property insurer of Crabtree & Evelyn, Ltd. ("Crabtree & Evelyn"), The Sharper Image, et al ("Sharper Image"), and Dallas Alice Retail Management Corporation, Inc. ("Dallas Alice") (collectively "the shop owners").

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n1 Record Doc. No. 537.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Atlantic Mutual's claims against limitation plaintiffs include sums representing the cost to repair the damaged property, loss of use of the property, loss of profits from use of the property which arose from the physical damage to the property in which Crabtree & Evelyn, The Sharper Image and Dallas Alice had an alleged proprietary interest, and other damages, costs, expenses, interest and attorney's fees. n2

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n2 Atlantic Mutual's Claim, p.4, P 7, Rec. Doc. No. 357.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Limitation **[*3]** plaintiffs seek summary judgment arguing that neither Atlantic Mutual or its insureds had an ownership interest in any property that was allegedly damaged as a result of the allision and that the type of loss

Atlantic Mutual claims is unrecoverable economic loss under the Robins Dry Dock rule. Atlantic Mutual opposes the motion and maintains on four grounds that Robins Dry Dock does not preclude recovery: 1) the losses fit within one of the exceptions to the rule; 2) the shop owners have a proprietary interest in the Riverwalk; 3) the Riverwalk is an integrated unit of which each store is a component part; and, 4) the costs incurred by the shop owners for business interruption during the closure of the Riverwalk constitute physical damage to a proprietary interest. n3

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n3 The parties do not dispute that Atlantic Mutual was the property insurer of Crabtree & Evelyn, The Sharper Image and Dallas Alice, that Atlantic Mutual has paid (in whole or in part) the claims of the shop owners for losses sustained as a result of the allision, and that Atlantic Mutual is therefore subrogated to the shop owners' rights to the extent of such payment.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - - **[*4]**

Discussion

⚓Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." n4 This language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." n5 A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact. n6

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n4 Fed.R.Civ.P. 56 (c).

n5 Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

n6 Id.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

⚓The party moving for summary judgment always bears the initial responsibility of informing the court of the basis [*5] for its motion and identifying those portions of the pleadings, deposition, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact. n7 The movant may accomplish this by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. Once the movant produces such evidence, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial - that is, the nonmovant must come forward with evidence establishing each of the challenged elements of its case for which the nonmovant will bear the burden of proof at trial. n8

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n7 Id. at 323, 106 S. Ct. at 2552-53.

n8 Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

In the case of Robins Dry Dock & Repair Co. v. Flint, n9 the **[*6]** United States Supreme Court recognized the rule, which was longstanding in both England and the United States, that ⚓one may not recover for economic loss if that loss results from physical damage to property in which he has no proprietary interest. n10 In Robins Dry Dock, a ship had been delivered to the defendant for repairs. Under the terms of a contract between the ship's owner and the time charterers, the time charterers were not obliged to pay rent while the ship was being repaired. The defendant, who had contracted with the owner of the ship for the repair work, negligently damaged the ship's propeller. During the additional delay caused by repairs to the propeller, the time charterers lost expected profits from the use of the ship. The time charterers sued the defendant for these economic losses. The Supreme Court rejected the claim.

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

N9 275 U.S. 303, 309, 48 S. Ct. 134, 72 L. Ed. 290 (1927).

n10 Id. at 309.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

The Supreme Court held that the only item damaged was the propeller, and "the injury to the propeller was no wrong **[*7]** to the [time charterers] but only to those to whom it belonged." n11 The Court noted that the time charterers had lost only the benefit of their contract for hire and that ✝"a tort to the person or property of one man does not make the tort-feasor liable to another merely because the injured person was under a contract with that other, unknown to the doer of the wrong. The law does not spread its protection so far." n12 Thus, recovery is unavailable for negligent interference with contractual rights, including rights arising under a lease of property. The Fifth Circuit consistently has followed this principle, rejecting invitations to abandon the rule in favor of a more liberal one of foreseeability n13 and has determined that application of the Robins rule focuses on "the character of the interest harmed" for which a plaintiff seeks relief. n14

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - -

n11 Id. at 308, 48 S. Ct. at 135.

n12 Id. at 308-09, 48 S. Ct. at 135 (citations omitted).

n13 State of Louisiana ex rel Guste v. M/V TESTBANK, 752 F.2d 1019, 1024-27 (5th Cir. 1985), cert. denied sub nom White v. M/V TESTBANK, 477 U.S. 903, 91 L. Ed. 2d 562, 106 S. Ct. 3271 (1986). **[*8]**

n14 Consolidated Aluminum Corporation v. C.F. Bean Corporation, 772 F.2d 1217, 1222 (5th Cir. 1985), cert. denied sub nom, Unimills B.V. v. Statistix Shipping, 486 U.S. 1055 (1988).

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

In response to limitation plaintiff's written discovery inquiring about the shop owners' alleged physical damage and how it related to claimant's demand for recovery of business interruption/economic losses for each of it's insureds, Atlantic Mutual and the shop owners responded n15 by stating:

    Claimant has no property damage claims at this time; however mall did suffer property damage due to the allision of the M/V BRIGHT FIELD.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - -

n15 Limitation plaintiff's memorandum in support of it's motion for summary judgment, Exh. B.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Based on this admission, plaintiff in limitation urges that because claimant and/or its insureds lack a proprietary interest in any of the property allegedly damaged as a result of the allision, I should **[*9]** dismiss Atlantic Mutual's claim as one for purely economic loss within the meaning of Robins Dry Dock.

However, claimant urges that the facts in this situation create an exception to the Robins Dry Dock rule and direct me to the Fifth Circuit's opinion in State of La. Ex Rel. Guste v. M/V TESTBANK. n16 In TESTBANK, various plaintiffs, including commercial and recreational fishermen, seafood restaurants, bait and tackle shops, marina and boat rental operators and other non-fishing entities, brought claims following a catastrophic chemical spill resulting from a vessel collision in the Mississippi river. Defendants moved for summary judgment arguing that Robins Dry Dock precluded recovery for economic loss. The district court granted summary judgment against all claimants except the commercial fishermen, who the court found deserved special treatment. n17 The Fifth Circuit, sitting en banc, affirmed. n18

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - -

n16 752 F.2d 1019, 1035 (5th Cir. 1985), cert. denied, 477 U.S. 903 (1986).

n17 State of Louisiana ex rel. Guste v. M/V TESTBANK, 524 F. Supp. 1170, 1173-74 (E.D.La.1981). **[*10]**

n18 TESTBANK, 752 F.2d at 1027 n. 10 and 1032.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

In concurring with the majority in TESTBANK, Judge Garwood stated "the physical harm or invasion requirement may not be inflexible or without exception, and ... **in certain unusual instances, a relatively restrictive application of the public nuisance theory of damage or invasion different in kind, rather than degree,** or something analogous thereto, may be an appropriate substitute," n19 Relying on this language, Atlantic Mutual urges that the Riverwalk is unique because it is unanchored and because of it's configuration as a linear shopping mall with egress and ingress only on two ends. n20 In that regard, claimant argues that "[a] collision with a shopping mall only directly physically damaging some stores and common areas, but resulting in the closing of the whole, is clearly 'an invasion different in kind, rather than degree'" so that the Robins Dry Dock rule should not apply. n21

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n19 Id. at 1035 (emphasis added).

n20 Claimants memorandum in opposition, affidavit of Brian Lade, Vice-President and General Manager of the Riverwalk. **[*11]**

n21 Claimant's memorandum in opposition, p. 4.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Claimant suggests that retail owners of shops in the Riverwalk have an even stronger argument than the commercial fishermen in TESTBANK for recovering damages for economic loss. I do not agree. The commercial fisherman exception, it seems to me, is limited to the environmental sphere. The retail shop owners of the Riverwalk are in no different posture than the seafood restaurants, bait and tackle shops, marina and boat rental operators and other non-fishing entities that were denied recovery in TESTBANK. Neither am I convinced that the retail shop owners' damages are so unique that they fit within any of the other exceptions cited by Atlantic Mutual.

Atlantic Mutual next suggests that Robins Dry Dock does not preclude recovery because the shop owners have a "proprietary interest" in the Riverwalk. Claimant makes three arguments in this regard: 1) the shop owners have a "proprietary interest" in the common areas of the mall; 2) the shop owners were required to build out and make improvements and the Riverwalk retained the right to these **[*12]** improvements at the termination of the leases; and, 3) the shop owners' leases constitute real rights.

Claimant asserts that I must look to Louisiana, rather than admiralty, law to determine this issue. n22 The Supreme Court has long held that ⬆"in determining whether a contract falls within admiralty, 'the true criterion is the nature and subject-matter of the contract, as whether it was a maritime contract, having reference to maritime service or maritime transactions.' n23 The Fifth Circuit has explained that this is a fact specific determination and that ⬆"not every contract that touches incidentally on maritime activities is a maritime contract; for maritime character to attach, 'there must be a direct link between the contract and the operation of a ship.'" n24 Applying these concepts to the facts of this case, I find persuasive claimant's argument that the leases between the Riverwalk and the shop owners are not maritime contracts. n25

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n22 I did not address the issue of whether state law is applicable in my minute entry of November 12, 1998.

n23 Exxon Corp. v. Central Gulf Lines, Inc., 500 U.S. 603, 610, 111 S. Ct. 2071, 2076, 114 L. Ed. 2d 649 (1991) (quoting Insurance Co. v. Dunham, 78 U.S. 1, 11 Wall. 1, 20 L. Ed. 90 (1871)). **[*13]**

n24 J.A.R., Inc. v. M/V Lady Lucille, 963 F.2d 96, 98 (5th Cir.1992) (quoting Theriot v. Bay Drilling Corp., 783 F.2d 527, 538 (5th Cir.1986)); see Buck Kreihs Company, Inc. v. Board of Commissioners of the Port of New Orleans and Sank, Inc., 1997 WL 666220 *2 (E.D. La.) (Vance, J.) (a contract to lease a wharf is generally not considered a maritime contract).

n25 I note that the result is the same applying the law of the Fifth Circuit which has interpreted the term "proprietary interest" to mean that a party must have control over the property tantamount to full ownership. See TESTBANK. Atlantic Mutual has failed to show that the shop owners possessed this kind of interest in the common areas of the Riverwalk that allegedly were damaged.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -                                   .

However, I addressed the issue of ownership in the damaged common areas of the Riverwalk in my November 12, 1998, minute entry regarding Discovery Communications. The provisions in the relevant leases concerning the common areas of the mall are virtually identical to the Discovery Communications lease. n26 Claimant has offered no additional **[*14]** arguments which persuade me that these standard Riverwalk leases reserved anything less than exclusive control and management of the common areas to the lessor. I need not address this issue again and find that claimant has not shown that the shop owners possessed a "proprietary interest" in the common areas

of the Riverwalk that were damaged.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n26 Claimant's Memorandum in Opposition, Lease Agreements, Definitions, Article I, Section 1.1, V pp. 3-4; Common Areas, Article X, Section 10.1, p. 19.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Claimant argues that the shop owners, by virtue of their leases, possessed real rights, which in turn gave them a proprietary interest in the Riverwalk. n27 The Louisiana Supreme Court has noted that ⊤"the rights and obligations created by the contract of lease are hybrids, and whether those interests should be treated as personal or real will depend on what rights are being asserted and what obligations are sought to be enforced." n28 La. Civ. Code art. 476 comment (b) states that "real rights confer direct and immediate [*15] authority over a thing." In reviewing the lease agreements, I do not find that they conferred real rights in the Riverwalk to the shop owners.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n27 Under Louisiana law, "proprietary interest" is not defined. However, "ownership" is defined as "the right that confers on a person direct, immediate, and exclusive authority over a thing. The owner of a thing may use, enjoy, and dispose of it within the limits and under the conditions established by law." La. Civ. Code art. 477. A lease is defined as a bilateral contract "by which one party gives to the other the enjoyment of a thing ... at a fixed price." La. Civ. Code art. 2669; see Reagan v. Murphy, 235 La. 529, 105 So. 2d 210, 215 (La. 1958) and Joslyn Manufacturing Co. v. Koppers Company, Inc., 40 F.3d 750, 756 (5th Cir. 1995) (the term "real right" under the civil law is synonymous with proprietary interest, both of which refer to a species of ownership).

n28 Prados v. South Central Bell Telephone Company, 329 So. 2d 744, 747 (1976)

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Claimant argues [*16] that by virtue of the lease obligation to build out and improve their stores, n29 the shop owners hold a proprietary interest in their stores. La. Civ. Code art. 495 provides that "one who incorporates in, or attaches to, the immovable of another, with his consent, things that become component parts of the immovable ... may, in the absence of other provisions of law or juridical acts, remove them subject to his obligation of restoring the property to its former condition." However, the comments following this article state that when such improvements are made by a lessee in accordance with the terms of the lease, the rights of the parties are determined by the contract or under the law of lease. n30

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n29 Atlantic Mutual refers me to portions of the leases addressing tenants improvements and damage to the premises in Article VII, Section 7.1, and Article IX, Section 9.3.

n30 La. Civ. Code art. 495, comment (b).

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Under the lease agreements, the Riverwalk had complete discretion to approve or disapprove all plans [*17] for improvement n31 and upon termination of the leases, any improvements made became the property of the lessor. n32 Claimant has not directed me to any provision of the leases which gives the shop owners direct, immediate and exclusive authority over these improvements creating a proprietary interest. Moreover, claimant does not show that these improvements were damaged by the allision.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n31 Lease Agreements, Article VII, Section 7.1.

n32 Lease Agreements, Article VII, Section 7.4.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Atlantic Mutual next argues that it can recover for purely economic loss because the Riverwalk is an integrated unit of which it's insureds' stores were components and cites Domar Ocean Transportation, Ltd. v. M/V ANDREW MARTIN in support of this argument. n33 addressed this issue in my minute entry of November 12, 1997, regarding an identical claim by Discovery Communications. I will not revisit the issue inasmuch as Atlantic Mutual has made no additional arguments that persuade me that the narrow holding in Domar [*18] should be extended to recognize a right on the part of all tenants of the Riverwalk to share in recovery of damages to any and all portions of the Riverwalk.

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n33 Domar Ocean Transp., Ltd. v. M/V ANDREW MARTIN, 754 F.2d 616 (5th Cir. 1985).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Finally, Atlantic Mutual cites Corpus Christi Oil & Gas Company v. Zapata Gulf Marine Corporation n34 for the proposition that the costs incurred by the shop owners in preserving their stores during the shutdown of the mall following the allision n35 amount to "physical damage" to a proprietary interest so as to overcome the Robins Dry Dock Rule. n36 In Corpus Christi, a gas riser attached to a leg of a docking platform was damaged by an allision. During the period of repairs, the platform/well owner flared gas so as to mitigate further damage to it's wells. The Fifth Circuit upheld the district court's award of damages for the costs incurred in voluntarily flaring the gas finding that such flaring constituted "physical damage" to the owner's proprietary interest [*19] in it's gas. n37 It reversed the district court's award of damages to the platform/well owner for loss of revenue during these repairs stating that "simply meeting the requirement of showing physical damage to a proprietary interest does not automatically open the door to all foreseeable economic consequences." n38

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n34 71 F.3d 198 (5th Cir. 1995).

n35 Atlantic Mutual submits that Crabtree & Evelyn, The Sharper Image, and Dallas Alice incurred expenses in the approximate amount of $ 5,8000, $ 3,800, and $ 8,865.02, respectively, to maintain their stores, inventories, personnel, insurance coverages, and fixed costs of doing business in the Riverwalk Marketplace while the Mall was closed as a result of the allision. See Affidavits of James M. Bass, Jr., sales representative of Crabtree & Evelyn, Daniel A. Gainsburg, president of Dallas Alice Retail Management, Inc., and Robert William Schultz, director of new business operations of Sharper Image Corporation.

n36 Consolidated Aluminum Corp. v. C.F.Bean Corp., 772 F.2d 1217, 1222 (5th Cir. 1985).

n37 71 F.3d at 202.

n38 Id. at 203.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - [*20]

Corpus Christi is distinguishable from the present case. In Corpus Christi, the platform owner held a proprietary interest in the gas which was "damaged" by the flaring. In this case, I have already found that the shop owners did not hold a "proprietary interest" in the Riverwalk. Furthermore, claimant and its' insureds admit that there was no damage to inventory. I am not convinced that the narrow holding of Corpus Christi should be extended under these facts.

In addition, this is the type of scenario the Fifth Circuit envisioned when it stated that "while physical harm generally has limited effects, a chain reaction occurs when economic harm is done and may produce an unending sequence of financial effects best dealt with by insurance, or by contract, or by other business planning devices." n39 As a business planning device, the shop owners determined that they would pay premiums to protect themselves against this precise type of loss. Atlantic Mutual, on the other hand, assessed it's risk and chose to insure the shop owners after taking into consideration the location of the shops adjacent to a busy waterway. Therefore, a claim for costs to maintain and preserve business, [*21] staff, inventory and ancillary operations during the shutdown of the Riverwalk is the type of claim that the Robins Dry Dock rule precludes.

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n39 H. Mathiesen v. M/V OBELIX, 817 F.2d 345, 346-47 n.3 (5th Cir.) (quoting Amoco Transport Co. v. S/S The MASON LYKES, 768 F.2d 659, 668 (5th Cir.1985)), cert. denied, 484 U.S. 898 (1987); TESTBANK, 752 F.2d at 1029; see also Prosser & Keeton on the Law of Torts (5th Ed.1984), § 129, p. 1001.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Accordingly,

IT IS ORDERED that limitation plaintiffs' motion for summary judgment dismissing Atlantic Mutual's claim for damages made in Record Document No. 537 IS GRANTED:

New Orleans, Louisiana this 29 day of January, 1998.

Search - 59 Results - name (tt boats or transocean 96 or clearsky)                                          4/15/02 12 01 PM

MOREY L. SEAR

CHIEF JUDGE

View: Cite | KWIC | **Full** | Custom          ◄PREV 48 of 59 NEXT►          Text Only | Print | Download | Fax | Email

FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | Shepardize® | TOA

**In re Complaint of Clearsky Shipping Corp., 1998 U.S. Dist. LEXIS 1070**          Pages:   15

Source: All Sources > Federal Legal - U.S. > Federal Cases After 1944, Combined Courts ⓘ
Terms:   (Edit Search)
View:  Full
Date/Time: Monday, April 15, 2002 - 12:56 PM EDT

Copyright © 2002 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.


**LexisNexis™**

| Practice Area Pages | Change Client | Options | Feedback | Sign Off | Help |

| Search ▶ | Search Advisor ▶ | Get a Document ▶ | Shepard's® Check a Citation ▶ | | ECLIPSE™ | History |

View: Cite | KWIC | Full | Custom     ◀PREV 43 of 59 NEXT▶     Text Only | Print | Download | Fax | Email

FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | Shepardize® | TOA

In re Complaint of Clearsky Shipping Corp., 1998 U.S. Dist. LEXIS 6405     Pages   7

Source: All Sources > Federal Legal - U.S > Federal Cases After 1944, Combined Courts ⓘ
Terms: (Edit Search)

*1998 U.S. Dist. LEXIS 6405, \*; 1998 AMC 1978*

IN RE COMPLAINT OF **CLEARSKY** SHIPPING CORP., AS OWNER, AND COSCO (H.K.) SHIPPING COMPANY LIMITED, AS OWNER OF THE M/V BRIGHT FIELD, FOR EXONERATION FROM OR LIMITATION OF LIABILITY

CIVIL ACTION NO. 96-4099 C/W 96-4047, 96-4048, 96-4077, 96-4090, 96-4097, 96-4098, 96-4193, 97-89 SECTION "G" (1)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

1998 U.S. Dist. LEXIS 6405; 1998 AMC 1978

April 24, 1998, Decided
April 27, 1998, Filed

**DISPOSITION:** [\*1] Plaintiffs' motion for summary judgment dismissing claims for lost wages GRANTED.

**CORE TERMS:** claimants, wages, genuine issue of material fact, proprietary interest, summary judgment, nonmovant, limitation of liability, negligent interference, essential element, burden of proof, economic loss, matter of law, presently, foreseeability, deposition, riverfront, informing, allision, closure, movant, nearby

**COUNSEL:** For CLEARSKY SHIPPING CORP., as owner of the M/V Bright Field, for exoneration from or limitation of liability, COSCO (H.K.) SHIPPING COMPANY LIMITED, -, as manager, of the M/V Bright Field, for exoneration from or limitation of liability, petitioners (96-CV-4099): John A. Bolles, Janet Wessler Marshall, Terriberry, Carroll & Yancey, New Orleans, LA. Christopher Ogilvie Davis, Robert Clotworthy, George Moore Gilly, James H. Roussel, William Joseph Riviere, Phelps, Dunbar, LLP, New Orleans, LA. Eugene J. O'Connor, Wayne D. Meehan, Freehill, Hogan & Mahar, New York, NY.

For NEW ORLEANS RIVERWALK ASSOCIATES, claimant (96-CV-4099): Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. James G. Burke, Jr., James O. M. Womack, Burke & Mayer, New Orleans, LA. Kimbley Ann Kearney, Clausen, Miller etal, Chicago, IL. Thomas A. McDonald, James J. Knibbs, Clausen Miller PC, Chicago, IL.

For MESSINA'S PASTA INC dba Anthony's Seafood House, (96-CV-4047), PETER L. GLASER, plaintiffs: Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Darleen Marie Jacobs, Darleen M. Jacobs, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA. Roy J. Rodney, Jr., Rodney, Bordenave, Boykin, Bennette & Boyle, New Orleans, LA.

For PASTA INTERNATIONAL, INC. dba Pasta International, MESSINA'S ON THE RIVER, INC. dba Messina's Seafood and Poorboy, MESSINA'S T-TOR'S CAJUN BOATS and CAJUN POORBOY SHOPPE, M.F.C., INC. dba Messina's Louisiana Grocery, VICTOR -TUSA, individually, and as representatives of a class of those similarly situated, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA.

For JERE GLASER, JAMES A CAIN, MRS JAMES A CAIN, ANTHONY J TUSA, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, [illegible], LA.

John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA.

For ONE RIVER PLACE INC, MARK DELESDERNIER, JR, ADRIANNE DELESDERNIER, TISHA L HOOKS, individually and as the mother and guardian of Kyrin L. Hooks, GEORGE HERNANDEZ, plaintiffs (96-CV-4048): Gilbert V. Andry, IV, Andry & Andry, New Orleans, LA. Sidney Donecio Torres, III, Roberta L. Burns, Law Offices of Sidney D. Torres, III, Chalmette, LA. Gerald Edward Meunier, Stevan C. Dittman, Gainsburgh, Benjamin, David, Meunier, Noriea & Washauer, New Orleans, La. Michael R. Delesdernier, Michael Delesdernier, Attorney at Law, Metairie, LA.

For ALVIN E JEFFERSON, ALBERT JOHNSON, GLORIA LADNER, plaintiffs (96-CV-4077): Val Patrick Exnoicios & Nungesser, New Orleans, LA. John Leslie Young, John Young, Attorney at Law, New Orleans, LA. Stuart Housel Smith, Law Offices of Sacks & Smith, New Orleans, LA. Randall A. Smith, Laura Tiffany Hawkins, Gladstone N. Jones, III, Smith, Jones & Fawer, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, plaintiff (96-CV-4090): van Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr., Board of Commission of Port of New Orleans, New Orleans, LA. Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For QUEEN OF NEW ORLEANS AT THAT HILTON JOINT VENTURE, plaintiff (96-CV-4097): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Ira Jay Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., plaintiff (96-CV-4098): Lynn Lachin Lightfoot, James E. Smith, Jr., Smith Martin, New Orleans, LA. Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For HEIDI L BAYER, plaintiff: Lyman L. Jones, Jr., Lyman Jones, Jr., Attorney at Law, New Orleans, LA.

For HAROLD PAJEAUD, ROBERT PAUL, JR, plaintiffs: Vernon Palmer Thomas, Vernon P. Thomas, Attorney at Law, New Orleans, LA. Thomas Massa Discon, Discon Law Firm, Mandeville, LA. Harry E. Cantrell, Jr., Cantrell Law Firm, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, claimant and third-party plaintiff (96-CV-4099): Ivan Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Cynthia J. Thomas, Joseph W. Fritz, Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr. Board of Commission of Port of New Orleans, New Orleans, LA. Mat M. Gray, III, Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For ST PAUL FIRE & MARINE INS CO, claimant (96-CV-4099): Norman Charles Sullivan, Jr., Gelpi, Sullivan, Carroll & Gibbens, New Orleans, LA. Raymond Letulle, Raymond Letulle, Attorney at Law, Philadelphia, PA.

For QUEEN OF NEW ORLEANS, claimant (96-CV-4099): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For INTERNATIONAL RIVER CENTER, HILTON HOTELS CORPORATION, claimants (96-CV-4099): Peter L. Hilbert, Jr., Colvin Gamble Norwood, Jr., Darnell Bludworth, Daniel Thomas Plunkett, McGlinchey, Stafford & Lang, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., claimant (96-CV-4099): Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For ANGELA RUFFIN, DAVID GAINES, Individually and on behalf of D'Juan Mackey and Rachel Mackey, ELTON JOHNSON, claimants (96-CV-4099): G. Michael Grosz, III, Peyton B. Burkhalter, Law Offices of G. Michael Grosz, III, Gretna, LA.

For LAFAYETTE INSURANCE COMPANY, claimant (96-CV-4099): Geoffrey Herr Longenecker, Geoffrey H. Longenecker, Attorney at Law, Covington, LA.

**JUDGES:** MOREY L. SEAR, CHIEF JUDGE.

**OPINIONBY:** MOREY L. SEAR

**OPINION:** MEMORANDUM AND ORDER

Background

Presently before me is a motion filed by limitation plaintiffs seeking dismissal of certain claims for lost wages brought by a number of individuals in this limitation of liability proceeding.

This admiralty proceeding arises from the allision of the M/V BRIGHT FIELD with a portion of the New Orleans riverfront known as the New Orleans Riverwalk. On December 14, 1996, the M/V BRIGHT FIELD was traveling downriver on the Mississippi River, en route to Japan with a cargo of approximately 60,000 metric tons of grain that had been loaded in Reserve, Louisiana. After the M/V BRIGHT FIELD passed underneath the Crescent City Connection, it struck and damaged parts of the riverfront including the Riverwalk shopping center, One River Place, the New Orleans Hilton Riverside, and other nearby structures.

On December 18, 1996, plaintiff Clearsky Shipping Corporation, as owner, and COSCO (H.K.) Shipping Company, Ltd., as manager, of the M/V BRIGHT FIELD, filed a petition for exoneration from or limitation of liability **[*2]** in this district, pursuant to 46 U.S.C. § 183 et seq. and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Admiralty Rules").

A number of claimants, listed in limitation plaintiffs' motion, seek to recover lost wages caused by closure of the Riverwalk Mall and other nearby businesses and facilities. n1 Plaintiffs in limitation move for summary judgment and/or to strike the claims of these individuals as claims for purely economic loss. The motion has been opposed by co-lead counsel for claimants on behalf of all these claimants, as well as individually by four of the claimants seeking lost wages. n2

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n1 These claimants include: Carlos Anzola (Record Doc. No. 933); Margaret Baril (671); Beth Boudreaux (668); Taffy Butler (578); Aisha Colbert (663); Raymond Craig (660); Lisa Dailey (659); Paul Davis (371); Brigitte Dickerson (658); Frankie Dobard (643); Henry Doherty (932); Natalie Eskine (853); Lillian Fahrenholt (602); Carnell Fisher (601); Charles Fitzpatrick (605); Melissa Fitzpatrick (604); Jude-Simone Fonse (853); Joanell Francis (701); Demetria George (702); Christian Harris (697); Ivan Hogan, Jr. (583); Jim Howard (589); Michael Humbles (588); Hiram Johnson (594); Troy Johnson (593); Carl Knighten (988); Mark Lebrecht (276); Edward LeRhon (600); Catrina Lightell (577); Jerome Marshall (651); Dionne Melancon (587); Charles Midura (586); George Miller (689); Irvin Morgan (686); Carmen Obianwu (581); Dana Pearson (684); Gina Pisciotta (853); John Riley, III (582); Dyson Roberts (681); Ida St. Philip (853); J. Todd Ward (677); Lester Watson (676); David Woods, Jr. (575); and Valeria Wyatt (579). **[*3]**

n2 Carlos Anzola, Paul Davis, Henry Doherty and Mark Lebrecht filed the separate opposition.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Discussion

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." n3 This language ."mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." n4 A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact. n5

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n3 Fed.R.Civ.P. 56 (c).

n4 Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

n5 Id.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - **[*4]**

The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, deposition, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact. n6 The movant may accomplish this by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n6 Id. at 323, 106 S. Ct. at 2552-53.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Once the movant produces such evidence, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial - that is, the nonmovant must come forward with evidence establishing each of the challenged elements of its case for which the nonmovant will bear the burden of proof at trial. n7

- - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n7 Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - **[*5]**

I previously have dismissed similar claims for lost wages based on the case of Robins Dry Dock & Repair Co. v. Flint. n8 In Robins Dry Dock, the United States Supreme Court recognized the rule, which was longstanding in both England and the United States, that one may not recover for economic loss if that loss results from physical damage to property in which he has no proprietary interest. n9 Thus, recovery is unavailable for negligent interference with contractual rights, including rights arising under employment contracts. n10 The Fifth Circuit consistently has followed this principle, rejecting invitations to abandon the rule in favor of a more liberal one of foreseeability. n11

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - -

n8 275 U.S. 303, 309, 48 S. Ct. 134, 72 L. Ed. 290 (1927); see Memorandum and Order dated September 16, 1997.

n9 275 U.S. at 309.

n10 See, e.g., Compania de Navigacion Porto Ronco, S.A. v. S/S AMERICAN ORIOLE, 1976 AMC 433, 434 (E.D.La. 1975) (Sear, M.J.); In re Williamson Leasing Co., Inc., 577 F. Supp. 890, 891-92 (E.D.Mo. 1984); Complaint of Great Lakes Towing Co., 395 F. Supp. 810, 811 (N.D.Ohio 1974); Henderson v. Arundel Corp., 262 F. Supp. 152, 158-60 (D.MD. 1966), aff'd, 384 F.2d 998 (4th Cir. 1967). [*6]

n11 State of Louisiana ex rel Guste v. M/V TESTBANK, 752 F.2d 1019, 1024-27 (5th Cir. 1985).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

The claims that are the subject of the instant motion seek only recovery of lost wages caused by the closure of the Riverwalk Mall and surrounding businesses, facilities in which claimants admit they have no proprietary interest. These individuals do not seek lost wages caused by alleged personal injuries sustained in connection with the allision, but, rather, maintain that they lost income while the businesses were closed. Having no proprietary interest in the damaged property, these claims are for damages resulting from an alleged negligent interference with their employment contracts, and fail as a matter of law.

In opposition to limitation plaintiffs' motion, claimants urge me to follow the lead of other circuits in applying a foreseeability analysis and/or recognizing an exception to the Robins rule. I reject this argument. Harsh as it may seem, the law as it presently stands in the Fifth Circuit does not recognize such a broad construction of Robins Dry Dock as that urged by claimants. **[*7]**

Claimants are reminded of the application of 28 U.S.C. § 1292 (a)(3), permitting interlocutory appeals of admiralty and maritime claims.

Accordingly,

IT IS ORDERED that limitation plaintiffs' motion for summary judgment dismissing claims for lost wages made by Carlos Anzola (Record Doc. No. 933); Margaret Baril (671); Beth Boudreaux (668); Taffy Butler (578); Aisha Colbert (663); Raymond Craig (660); Lisa Dailey (659); Paul Davis (371); Brigitte Dickerson (658); Frankie Dobard (643); Henry Doherty (932); natalie Eskine (853); Lillian Fahrenholt (602); Carnell Fisher (601); Charles Fitzpatrick (605); Melissa Fitzpatrick (604); Jude-Simone Fonse (853); Joanell Francis (701); Demetria George (702); Christian Harris (697); Ivan Hogan, Jr. (583); Jim Howard (589); Michael Humbles (588); Hiram Johnson (594); Troy Johnson (593); Carl Knighten (988); Mark Lebrecht (276); Edward LeRhon (600); Catrina Lightell (577); Jerome Marshall (651); Dionne Melancon (587); Charles Midura (586); George Miller (689); Irvin Morgan (686); Carmen Obianwu (581); Dana Pearson (684); Gina Pisciotta (853); John Riley, III (582); Dyson Roberts (681); Ida St. Philip (853); J. Todd Ward (677); Lester Watson (676); **[*8]** David Woods, Jr. (575); and Valeria Wyatt (579) IS GRANTED.

MOREY L. SEAR

CHIEF JUDGE

View: Cite | KWIC | Full | Custom    ◀PREV 43 of 59 NEXT▶    Text Only | Print | Download | Fax | Email
FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | *Shepardize*® | TOA

In re Complaint of Clearsky Shipping Corp., 1998 U.S. Dist. LEXIS 6405    Pages    7

Source:  All Sources > Federal Legal - U.S. > **Federal Cases After 1944, Combined Courts** ⓘ
Terms:    (Edit Search)
View:  Full
Date/Time:  Monday, April 15, 2002 - 12:55 PM EDT

Search | Search Advisor | Get a Document | *Shepard's* ® - Check a Citation
Eclipse ™ | History | Practice Area Pages | Change Client | Options | Feedback | Signoff | Help
About LexisNexis | Terms and Conditions

Copyright © 2002 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.


LexisNexis™

( Practice Area Pages )  ( Change Client )  Options  Feedback  Sign Off  Help

( Search ▶ | Search Advisor ▶ | Get a Document ▶ | Shepard's® Check a Citation ▶ )        ECLIPSE™ | History

View: Cite | KWIC | Full | Custom                  ◄PREV 42 of 59 NEXT►                  Text Only | Print | Download | Fax | Email

FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | Shepardize® | TOA

In re Complaint of Clearsky Shipping Corp., 1998 U.S. Dist. LEXIS 6404                    Pages.    6

Source:  All Sources > Federal Legal - U.S > Federal Cases After 1944, Combined Courts 🛈
Terms:   (Edit Search)

*1998 U.S. Dist. LEXIS 6404, *; 1998 AMC 1975*

IN RE COMPLAINT OF **CLEARSKY** SHIPPING CORP., AS OWNER, AND COSCO (H.K.) SHIPPING COMPANY LIMITED, AS OWNER OF THE M/V BRIGHT FIELD, FOR EXONERATION FROM OR LIMITATION OF LIABILITY

CIVIL ACTION NO. 96-4099 C/W 96-4047, 96-4048, 96-4077, 96-4090, 96-4097, 96-4098, 96-4193, 97-89 SECTION "G" (1)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

1998 U.S. Dist. LEXIS 6404; 1998 AMC 1975

April 24, 1998, Decided
April 27, 1998, Filed

**DISPOSITION:** [*1] Plaintiffs' motion for summary judgment GRANTED.

**CORE TERMS:** insurer, summary judgment, economic loss, damaged, interruption, barge, proprietary interest, claimant's, allision, discovery, insured, tenants, insured, admiralty law, state law, memorandum, integrated, physically, admit

**COUNSEL:** For CLEARSKY SHIPPING CORP., as owner of the M/V Bright Field, for exoneration from or limitation of liability, COSCO (H.K.) SHIPPING COMPANY LIMITED, -, as manager, of the M/V Bright Field, for exoneration from or limitation of liability, petitioners (96-CV-4099): John A. Bolles, Janet Wessler Marshall, Terriberry, Carroll & Yancey, New Orleans, LA. Christopher Ogilvie Davis, Robert Clotworthy, George Moore Gilly, James H. Roussel, William Joseph Riviere, Phelps, Dunbar, LLP, New Orleans, LA. Eugene J. O'Connor, Wayne D. Meehan, Freehill, Hogan & Mahar, New York, NY.

For NEW ORLEANS RIVERWALK ASSOCIATES, claimant (96-CV-4099): Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. James G. Burke, Jr., James O. M. Womack, Burke & Mayer, New Orleans, LA. Kimbley Ann Kearney, Clausen, Miller etal, Chicago, IL. Thomas A. McDonald, James J. Knibbs, Clausen Miller PC, Chicago, IL.

For MESSINA'S PASTA INC dba Anthony's Seafood House, (96-CV-4047), PETER L. GLASER, plaintiffs: Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Darleen Marie Jacobs, Darleen M. Jacobs, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA. Roy J. Rodney, Jr., Rodney, Bordenave, Boykin, Bennette & Boyle, New Orleans, LA.

For PASTA INTERNATIONAL, INC. dba Pasta International, MESSINA'S ON THE RIVER, INC. dba Messina's Seafood and Poorboy, MESSINA'S T-TOR'S CAJUN BOATS AND CAJUN POORBOY SHOPPE, M.F.C., INC. dba Messina's Louisiana Grocery, VICTOR -TUSA, individually, and as representatives of a class of those similarly situated, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA.

For JERE GLASER, JAMES A CAIN, MRS JAMES A CAIN, ANTHONY J TUSA, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA.

For ONE RIVER PLACE INC, MARK DELESDERNIER, JR, ADRIANNE DELESDERNIER, TISHA L HOOKS, individually and as the mother and guardian of Kyrin L. Hooks, GEORGE HERNANDEZ, plaintiffs (96-CV-4048): Gilbert V. Andry, IV, Andry & Andry, New Orleans, LA. Sidney Donecio Torres, III, Roberta L. Burns, Law Offices [unclear] almette, LA. Gerald Edward Meunier, Stevan C. Dittman, Gainsburgh, Benjamin, David, Meu [unclear] ew Orleans,

La. Michael R. Delesdernier, Michael Delesdernier, Attorney at Law, Metairie, LA.

For ALVIN E JEFFERSON, ALBERT JOHNSON, GLORIA LADNER, plaintiffs (96-CV-4077): Val Patrick Exnoicios & Nungesser, New Orleans, LA. John Leslie Young, John Young, Attorney at Law, New Orleans, LA. Stuart Housel Smith, Law Offices of Sacks & Smith, New Orleans, LA. Randall A. Smith, Laura Tiffany Hawkins, Gladstone N. Jones, III, Smith, Jones & Fawer, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, plaintiff (96-CV-4090): van Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr., Board of Commission of Port of New Orleans, New Orleans, LA. Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For QUEEN OF NEW ORLEANS AT THAT HILTON JOINT VENTURE, plaintiff (96-CV-4097): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Ira Jay Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., plaintiff (96-CV-4098): Lynn Lachin Lightfoot, James E. Smith, Jr., Smith Martin, New Orleans, LA. Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For HEIDI L BAYER, plaintiff: Lyman L. Jones, Jr., Lyman Jones, Jr., Attorney at Law, New Orleans, LA.

For HAROLD PAJEAUD, ROBERT PAUL, JR, plaintiffs: Vernon Palmer Thomas, Vernon P. Thomas, Attorney at Law, New Orleans, LA. Thomas Massa Discon, Discon Law Firm, Mandeville, LA. Harry E. Cantrell, Jr., Cantrell Law Firm, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, claimant and third-party plaintiff (96-CV-4099): Ivan Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Cynthia J. Thomas, Joseph W. Fritz, Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr. Board of Commission of Port of New Orleans, New Orleans, LA. Mat M. Gray, III, Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For ST PAUL FIRE & MARINE INS CO, claimant (96-CV-4099): Norman Charles Sullivan, Jr., Gelpi, Sullivan, Carroll & Gibbens, New Orleans, LA. Raymond Letulle, Raymond Letulle, Attorney at Law, Philadelphia, PA.

For QUEEN OF NEW ORLEANS, claimant (96-CV-4099): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For INTERNATIONAL RIVER CENTER, HILTON HOTELS CORPORATION, claimants (96-CV-4099): Peter L. Hilbert, Jr., Colvin Gamble Norwood, Jr., Darnell Bludworth, Daniel Thomas Plunkett, McGlinchey, Stafford & Lang, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., claimant (96-CV-4099): Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For ANGELA RUFFIN, DAVID GAINES, Individually and on behalf of D'Juan Mackey and Rachel Mackey, ELTON JOHNSON, claimants (96-CV-4099): G. Michael Grosz, III, Peyton B. Burkhalter, Law Offices of G. Michael Grosz, III, Gretna, LA.

For LAFAYETTE INSURANCE COMPANY, claimant (96-CV-4099): Geoffrey Herr Longenecker, Geoffrey H. Longenecker, Attorney at Law, Covington, LA.

**JUDGES:** MOREY L. SEAR, CHIEF JUDGE.

**OPINIONBY:** MOREY L. SEAR

**OPINION:** MEMORANDUM AND ORDER

Background

This admiralty proceeding arises from the allision of the M/V BRIGHT FIELD with a portion of the New Orleans riverfront known as the New Orleans Riverwalk. On December 14, 1996, the M/V BRIGHT FIELD was traveling downriver on the Mississippi River, en route to Japan with a cargo of approximately 60,000 metric tons of grain that had been loaded in Reserve, Louisiana. After the M/V BRIGHT FIELD passed underneath the Crescent City Connection, a bridge over the river, it struck and damaged parts of a wharf including the Riverwalk shopping center, One River Place condominium, the New Orleans Hilton Riverside Hotel, and other nearby structures.

On December 18, 1996, plaintiff Clearsky Shipping Corporation, as owner, and COSCO (H.K.) Shipping Company, Ltd., as manager, of the M/V BRIGHT FIELD, filed a petition for exoneration from or limitation of liability in this district, pursuant to 46 U.S.C. § 183 et seq. and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Admiralty Rules"). Various property insurers ("Insurers") **[*2]** have filed claims seeking to recover sums paid to their insureds, businesses located in the Riverwalk Mall, for business interruption losses allegedly sustained by the businesses as a result of the allision. Limitation plaintiffs seek summary judgment dismissing these claims. n1

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - -

n1 The Property insurers and businesses whose claims are the subject of the instant motion are: Travelers Property Casualty, Farmington Casualty Company, as insurers of Accent Annex Enterprises, Inc.; Fireman's Fund Insurance Company, National Surety Company, as insurers of Brookstone, Inc.; Travelers Property Casualty, Aetna Casualty & Surety Company, as insurers of Great Train Store; Travelers Property Casualty, as insurer of Magic Masters, Inc.; CNA Insurance Company, Valley Forge Insurance Company, as insurers of Marrero Duval, Inc.; CNA Insurance Company, Transportation Insurance Company, as insurers of Remington Products, Inc.; St. Paul Insurance Company, as insurer of Special Lady, Inc.; Travelers Property Casualty, Farmington Casualty Company, National Surety Company, as insurers of Sports Avenue, Inc.; and Fireman's Fund Insurance Company, National Surety Company, as insurers of Swim-n-Sport.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - **[\*3]**

Limitation plaintiffs seek summary judgment based on discovery responses demonstrating that none of the insured businesses had an ownership interest in any property that was allegedly damaged as a result of the allision. Insurers oppose the motion.

Discussion

Twice before, I have dismissed business interruption claims based on the edict of Robins Dry Dock & Repair Co. v. Flint. n2 The economic loss claims asserted by Insurers are indistinguishable from the economic loss claims of the previously dismissed claims. In response to limitation plaintiffs' written discovery inquiring about the businesses' alleged physical damage and how it related to claimant's demand for recovery, Insurers admit that their claims are in the nature of business interruption claims. n3 They further admit, in their statement of contested facts, that the businesses "have no property damage claims at this time" and do not own the part of the Riverwalk damaged by the allision.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n2 275 U.S. 303, 308-09, 48 S. Ct. 134, 72 L. Ed. 290; See Memorandum and Orders of November 12, 1997 and January 29, 1998.

n3 See discovery responses attached to memorandum in support of motion for summary judgment.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - **[\*4]**

In opposing summary judgment, Insurers repeat arguments made in past oppositions to motions for summary judgment on business interruption claims. Specifically, they once again advance Domar Ocean Transp., Ltd. v. M/V ANDREW MARTIN n4 as authority for finding the claims viable. I previously have refused to extend Domar's "integrated unit" approach to the Riverwalk tenants, and do so again now. In Domar, the Fifth Circuit permitted a barge owner to recover damages not only for economic loss resulting from damage to its barge, but also the economic loss flowing from loss of use of a tug not owned by plaintiff but operated with the barge as a unit. n5 Unlike the plaintiff in Domar, which had a proprietary interest in the physically damaged barge, these businesses/tenants have not demonstrated a proprietary interest in *anything* that was physically damaged. n6 Without a proprietary interest in the damaged portion of the Riverwalk itself (which one might argue would be analogous to the barge in Domar), it is incongruous to seek losses arising from interruption of business at "component" undamaged shops integrated into the Riverwalk. n7

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n4 754 F.2d 616 (5th Cir. 1985) **[\*5]**

n5 754 F.2d 616, 617 (5th Cir. 1985).

n6 I previously have found nothing in the evidence to indicate the type of responsibility or control by the tenants that would endow them with a proprietary interest in the Riverwalk Mall, and stand by that finding for purposes of disposing of this motion.

n7 See Texas Eastern Transmission Corp. v. McMoran Offshore Exploration Co., 877 F.2d 1214, 1225-26 (5th Cir. 1989).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Insurers further urge me to recognize a new exception to Robins Dry Dock based on the unique nature of the incident, pursuant to dicta contained in the Fifth Circuit's decision in State of La. Ex Rel. Guste v. M/V TESTBANK. n8 I have rejected this argument previously and do so again now.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n8 752 F.2d 1019, 1035 (5th Cir. 1985) (en banc).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Finally, it is argued that state law remedies should be applied to the claims for economic loss. I find that because the

admiralty law speaks clearly to the issue **[*6]** of recovery of purely economic loss, and uniformity in this area is desirable, this is not a situation in which it is appropriate to supplement admiralty law with state law. In any event, the Louisiana jurisprudence cited by claimants does not support the recovery sought by claimants here.

Claimants are reminded of the application of 28 U.S.C. § 1292 (a)(3), permitting interlocutory appeals of admiralty and maritime claims.

Accordingly,

IT IS ORDERED that limitation plaintiffs' motion for summary judgment dismissing the claims of Travelers Property Casualty, Farmington Casualty Company, as insurers of Accent Annex Enterprises, Inc.; Fireman's Fund Insurance Company, National Surety Company, as insurers of Brookstone, Inc.; Travelers Property Casualty, Aetna Casualty & Surety Company, as insurers of Great Train Store; Travelers Property Casualty, as insurer of Magic Masters, Inc.; CNA Insurance Company, Valley Forge Insurance Company, as insurers of Marrero Duval, Inc.; CNA Insurance Company, Transportation Insurance Company, as insurers of Remington Products, Inc.; St. Paul Insurance Company, as insurer of Special Lady, Inc.; Travelers Property Casualty, Farmington Casualty Company, **[*7]** National Surety Company, as insurers of Sports Avenue, Inc.; and Fireman's Fund Insurance Company, National Surety Company, as insurers of Swim-n-Sport IS GRANTED.

MOREY L. SEAR

CHIEF JUDGE

---

View: Cite | KWIC | **Full** | Custom                    ◄PREV 42 of 59 NEXT►                    Text Only | Print | Download | Fax | Email

FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | *Shepardize®* | TOA

**In re Complaint of Clearsky Shipping Corp., 1998 U.S. Dist. LEXIS 6404**                    Pages    **6**

Source:   All Sources > Federal Legal - U S. > Federal Cases After 1944, Combined Courts ⓘ
Terms:    (Edit Search)
View:   Full
Date/Time:   Monday, April 15, 2002 - 12:55 PM EDT

Search | Search Advisor | Get a Document | *Shepard's ®* - Check a Citation
Eclipse ™ | History | Practice Area Pages | Change Client | Options | Feedback | Signoff | Help
About LexisNexis | Terms and Conditions

Copyright © 2002 LexisNexis, a division of Reed Elsevier Inc. All rights reserved

Search - 59 Results - name (tt boats or transocean 96 or clearsky)



| ( Practice Area Pages ) | ( Change Client | Options | Feedback | Sign Off | Help ) |

| Search ▶ | Search Advisor ▶ | Get a Document ▶ | Shepard's® - Check a Citation ▶ |   ECLIPSE™ | History |

View: Cite | KWIC | Full | Custom     ◀ PREV  40 of 59  NEXT ▶     Text Only | Print | Download | Fax | Email

FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | Shepardize® | TOA

In re Complaint of Clearsky Shipping Corp., 1998 U.S. Dist. LEXIS 6403     Pages:    5

Source:  All Sources > Federal Legal - U.S > Federal Cases After 1944, Combined Courts ⓘ
Terms:   (Edit Search)

*1998 U.S. Dist. LEXIS 6403, *; 1998 AMC 1980*

IN RE COMPLAINT OF **CLEARSKY** SHIPPING CORP., AS OWNER, AND COSCO (H.K.) SHIPPING COMPANY LIMITED, AS OWNER OF THE M/V BRIGHT FIELD, FOR EXONERATION FROM OR LIMITATION OF LIABILITY

CIVIL ACTION NO. 96-4099 C/W 96-4047, 96-4048, 96-4077, 96-4090, 96-4097, 96-4098, 96-4193, 97-89 SECTION "G" (1)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

1998 U.S. Dist. LEXIS 6403; 1998 AMC 1980

April 28, 1998, Decided
April 29, 1998, Filed; April 29, 1998, Entered

**DISPOSITION:** [*1] Plaintiffs' motion for summary judgment dismissing the claims of CNA Insurance Company and Transportation Insurance Company GRANTED.

**CORE TERMS:** insurers, summary judgment, claimants, allision, economic loss, interruption, damaged

**COUNSEL:** For CLEARSKY SHIPPING CORP., as owner of the M/V Bright Field, for exoneration from or limitation of liability, COSCO (H.K.) SHIPPING COMPANY LIMITED, -, as manager, of the M/V Bright Field, for exoneration from or limitation of liability, petitioners (96-CV-4099): John A. Bolles, Janet Wessler Marshall, Terriberry, Carroll & Yancey, New Orleans, LA. Christopher Ogilvie Davis, Robert Clotworthy, George Moore Gilly, James H. Roussel, William Joseph Riviere, Phelps, Dunbar, LLP, New Orleans, LA. Eugene A. O'Connor, Wayne D. Meehan, Freehill, Hogan & Mahar, New York, NY.

For NEW ORLEANS RIVERWALK ASSOCIATES, claimant (96-CV-4099): Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. James G. Burke, Jr., James O. M. Womack, Burke & Mayer, New Orleans, LA. Kimbley Ann Kearney, Clausen, Miller etal, Chicago, IL. Thomas A. McDonald, James J. Knibbs, Clausen Miller PC, Chicago, IL.

For MESSINA'S PASTA INC dba Anthony's Seafood House, (96-CV-4047), PETER L. GLASER, plaintiffs: Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Darleen Marie Jacobs, Darleen M. Jacobs, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA. Roy J. Rodney, Jr., Rodney, Bordenave, Boykin, Bennette & Boyle, New Orleans, LA.

For PASTA INTERNATIONAL, INC. dba Pasta International, MESSINA'S ON THE RIVER, INC. dba Messina's Seafood and Poorboy, MESSINA'S T-TOR'S CAJUN BOATS AND CAJUN POORBOY SHOPPE, M.F.C., INC. dba Messina's Louisiana Grocery, VICTOR -TUSA, individually, and as representatives of a class of those similarly situated, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA.

For JERE GLASER, JAMES A CAIN, MRS JAMES A CAIN, ANTHONY J TUSA, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA.

For ONE RIVER PLACE INC, MARK DELESDERNIER, JR, ADRIANNE DELESDERNIER, TISHA L HOOKS, individually and as the mother and guardian of Kyrin L. Hooks, GEORGE HERNANDEZ, plaintiffs (96-CV-4048): Gilbert V. Andry, IV, Andry & Andry, New Orleans, LA. Sidney Donecio Torres, III, Roberta L. Burns, Law Offices of [ ] nette, LA. Gerald Edward Meunier, Stevan C. Dittman, Gainsburgh, Benjamin, David, Meunier [ ] Orleans,

La. Michael R. Delesdernier, Michael Delesdernier, Attorney at Law, Metairie, LA.

For ALVIN E JEFFERSON, ALBERT JOHNSON, GLORIA LADNER, plaintiffs (96-CV-4077): Val Patrick Exnoicios & Nungesser, New Orleans, LA. John Leslie Young, John Young, Attorney at Law, New Orleans, LA. Stuart Housel Smith, Law Offices of Sacks & Smith, New Orleans, LA. Randall A. Smith, Laura Tiffany Hawkins, Gladstone N. Jones, III, Smith, Jones & Fawer, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, plaintiff (96-CV-4090): van Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr., Board of Commission of Port of New Orleans, New Orleans, LA. Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For QUEEN OF NEW ORLEANS IN THAT HILTON JOINT VENTURE, plaintiff (96-CV-4097): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Ira Jay Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., plaintiff (96-CV-4098): Lynn Lachin Lightfoot, James E. Smith, Jr., Smith Martin, New Orleans, LA. Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For HEIDI L BAYER, plaintiff: Lyman L. Jones, Jr., Lyman Jones, Jr., Attorney at Law, New Orleans, LA.

For HAROLD PAJEAUD, ROBERT PAUL, JR, plaintiffs: Vernon Palmer Thomas, Vernon P. Thomas, Attorney at Law, New Orleans, LA. Thomas Massa Discon, Discon Law Firm, Mandeveille, LA. Harry E. Cantrell, Jr., Cantrell Law Firm, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, claimant and third-party plaintiff (96-CV-4099): Ivan Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Cynthia J. Thomas, Joseph W. Fritz, Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr. Board of Commission of Port of New Orleans, New Orleans, LA. Mat M. Gray, III, Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For ST PAUL FIRE & MARINE INS CO, claimant (96-CV-4099): Norman Charles Sullivan, Jr., Gelpi, Sullivan, Carroll & Gibbens, New Orleans, LA. Raymond Letulle, Raymond Letulle, Attorney at Law, Philadelphia, PA.

For QUEEN OF NEW ORLEANS, claimant (96-CV-4099): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For INTERNATIONAL RIVER CENTER, HILTON HOTELS CORPORATION, claimants (96-CV-4099): Peter L. Hilbert, Jr., Colvin Gamble Norwood, Jr., Darnell Bludworth, Daniel Thomas Plunkett, McGlinchey, Stafford & Lang, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., claimant (96-CV-4099): Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For ANGELA RUFFIN, DAVID GAINES, Individually and on behalf of D'Juan Mackey and Rachel Mackey, ELTON JOHNSON, claimants (96-CV-4099): G. Michael Grosz, III, Peyton B. Burkhalter, Law Offices of G. Michael Grosz, III, Gretna, LA.

For LAFAYETTE INSURANCE COMPANY, claimant (96-CV-4099): Geoffrey Herr Longenecker, Geoffrey H. Longenecker, Attorney at Law, Covington, LA.

**JUDGES:** MOREY L. SEAR, CHIEF JUDGE.

**OPINIONBY:** MOREY L. SEAR

**OPINION: MEMORANDUM AND ORDER**

This admiralty proceeding arises from the allision of the M/V BRIGHT FIELD with a portion of the New Orleans riverfront known as the New Orleans Riverwalk. On December 14, 1996, the M/V BRIGHT FIELD was traveling downriver on the Mississippi River, en route to Japan with a cargo of approximately 60,000 metric tons of grain that had been loaded in Reserve, Louisiana. After the M/V BRIGHT FIELD passed underneath the Crescent City Connection, a bridge over the river, it struck and damaged parts of a wharf including the Riverwalk shopping center, One River Place condominium, the New Orleans Hilton Riverside Hotel, and other nearby structures.

On December 18, 1996, plaintiff Clearsky Shipping Corporation, as owner, and COSCO (H.K.) Shipping Company, Ltd., as manager, of the M/V BRIGHT FIELD, filed a petition for exoneration from or limitation of liability in this district, pursuant to 46 U.S.C. § 183 et seq. and Rule F of the Supplemental Rules for Certain Admiralty **[*2]** and Maritime Claims ("Admiralty Rules").

On several prior occasions, I have granted summary judgment dismissing the claims of various businesses and their property insurers who seek to recover business interruption losses allegedly sustained by the businesses as a result of the allision. Limitation plaintiffs once again move for summary judgment dismissing the claims of three businesses and their insurers n1 for similar losses, based on the rule of Robins Dry Dock & Repair Co. v. Flint. n2 In support of the motion, limitation plaintiffs present discovery responses demonstrating that none of the insured businesses had an

Search - 59 Results - name (tt boats or transocean 96 or clearsky)                                                                4/15/02 11 59 AM

ownership interest in any property that was allegedly damaged as a result of the .allision.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n1 The Property insurers and businesses whose claims are the subject of the instant motion are: CNA Insurance Company and Transportation Insurance Company, as insurers of Michael J. Wascher d/b/a Autographs Plus; Selcuk Cavdar d/b/a Magic Rice; and Travelers Property Casualty and St. Paul Fire & Marine Insurance Company, as insurers of Storybook Co. d/b/a Create-A-Book.

n2 275 U.S. 303, 308-09, 48 S. Ct. 134, 72 L. Ed. 290; See Memorandum and Orders of November 12, 1997, January 29, 1998 and April 24, 1998.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - - **[*3]**

Claimants oppose the motion, but offer no new evidence or arguments in support of their claims.

The economic loss claims asserted by these claimants are indistinguishable from the economic loss claims of the previously dismissed business interruption claims. Therefore, summary judgment shall be granted in favor of limitation plaintiffs.

Claimants are reminded of the application of 28 U.S.C. § 1292 (a)(3), permitting interlocutory appeals of admiralty and maritime claims.

Accordingly,

IT IS ORDERED that limitation plaintiffs' motion for summary judgment dismissing the claims of CNA Insurance Company and Transportation Insurance Company, as insurers of/and Michael J. Wascher d/b/a Autographs Plus; Selcuk Cavdar d/b/a Magic Rice; and Travelers Property Casualty and St. Paul Fire & Marine Insurance Company, as insurers of/and Storybook Co. d/b/a Create-A-Book IS GRANTED.

MOREY L. SEAR

CHIEF JUDGE

View: Cite | KWIC | Full | Custom            ◀PREV 40 of 59 NEXT▶                    Text Only | Print | Download | Fax | Email

FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | Shepardize® | TOA

In re Complaint of Clearsky Shipping Corp., 1998 U.S. Dist. LEXIS 6403                                              Pages      5

Source:   All Sources > Federal Legal - U S. > Federal Cases After 1944, Combined Courts ⓘ
Terms:    (Edit Search)
View:     Full
Date/Time: Monday, April 15, 2002 - 12:54 PM EDT

Copyright © 2002 LexisNexis, a division of Reed Elsevier Inc All rights reserved.

Search - 59 Results - name (tt boats or transocean 96 or clearsky)

 LexisNexis™

Practice Area Pages | Change Client | Options | Feedback | Sign Off | Help

Search ▶ | Search Advisor ▶ | Get a Document ▶ | Shepard's® - Check a Citation ▶    ECLIPSE™ | History

View: Cite | KWIC | Full | Custom        ◀PREV 39 of 59 NEXT▶        Text Only | Print | Download | Fax | Email

FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | She_pardize® | TOA

In re Complaint of Clearsky Shipping Corp., 1998 U.S. Dist. LEXIS 6788        Pages    11

Source: All Sources > Federal Legal - U.S. > Federal Cases After 1944, Combined Courts ⓘ
Terms:  (Edit Search)

*1998 U.S. Dist. LEXIS 6788, \*; 1998 AMC 1981*

IN RE COMPLAINT OF **CLEARSKY** SHIPPING CORP., AS OWNER, AND COSCO (H.K.) SHIPPING COMPANY LIMITED, AS OWNER OF THE M/V BRIGHT FIELD, FOR EXONERATION FROM OR LIMITATION OF LIABILITY

CIVIL ACTION NO. 96-4099 C/W 96-4047, 96-4048, 96-4077, 96-4090, 96-4097, 96-4098, 96-4193, 97-89 SECTION "G" (1)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

1998 U.S. Dist. LEXIS 6788; 1998 AMC 1981

May 11, 1998, Decided
May 11, 1998, Filed

**DISPOSITION: [\*1]** Limitation plaintiffs' motion for summary judgment against claims for bystander witness recovery with respect to the claims of Shelita Smith (418), Julie Robin (816), Mark Robin (816), Charles Porter (462), Jewell Melerine (814), Clifton Melerine (814), Carolyn Licciardi (801), James Licciardi, Jr. (801), Ronald Bermudez (265), Jim Howard (589), and Jairo Jarimillo (931) GRANTED. Limitation plaintiffs' motion for summary judgment against claims for bystander witness recovery GRANTED with respect to the survival and bystander witness claims of Michael Phillips (517) DENIED with respect to his wrongful death claim.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Plaintiff ship owner filed a petition in the form of a motion for summary judgment for exoneration from, or limitation of, liability against claims for bystander witness recovery with respect to the claims of 11 individuals who admitted that they were not present at the scene of the collision of a ship against a wharf, but nevertheless sought to recover emotional damages.

**OVERVIEW:** The ship struck and damaged a wharf containing a shopping center, condominium, a hotel, and other nearby structures. All the parties agreed that maritime law applied and permitted recovery of purely emotional damages when an individual was within the zone of danger, that is, placed in immediate risk of physical harm, due to the negligent conduct of a party. However, "bystander claims," that were claims for emotional injury resulting from fear for the safety of others or from witnessing injury or death to others were not cognizable under the general maritime law. The court refused to apply La. Civ. Code Ann. art. 2315, the general tort liability statute in Louisiana, which also provided that, in cases of non-fatal injury, damages for loss of consortium, service and society were recoverable to the same extent and by the same categories of persons as in a wrongful death action. In granting the motion for summary judgment, the court concluded that the claimants failed to persuade the court that application of the state laws they invoked would not undermine the uniform application of the general maritime law foreclosing recovery of non-pecuniary and bystander-witness damages.

**OUTCOME:** The court granted the ship owner's motion for summary judgment against claims for bystander witness recovery with respect to all the claims except a wrongful death claim for a miscarriage.

**CORE TERMS:** summary judgment, wrongful death, bystander, claimants, loss of consortium, maritime law, non-pecuniary, general maritime law, territorial waters, zone of danger, survival, allision, maritime, genuine issue of material fact, federal maritime law, material fact, nonmovant, discovery, admit, scene, risk of physical harm, wrongful death claim, essential element, personal injuries, burden of proof, mental anguish, unborn child, bystander-witness, non-seafarers, miscarriage

### CORE CONCEPTS - ◆ Hide Concepts


Civil Procedure : Summary Judgment : Summary Judgment Standard

Summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). This language mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact.


Civil Procedure : Summary Judgment : Summary Judgment Standard

The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, deposition, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact. The movant may accomplish this by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. Once the movant produces such evidence, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial - that is, the nonmovant must come forward with evidence establishing each of the challenged elements of its case for which the nonmovant will bear the burden of proof at trial.


Admiralty Law : Personal Injuries : Maritime Tort Law
Admiralty Law : Personal Injuries : Negligence

The substantive maritime law of the United States, which governs virtually all non-statutory tort actions occurring on navigable waters, is federal law consisting of numerous statutes and a substantial body of judge-made law. Nevertheless, in limited instances, the "maritime but local" doctrine permits application of the substantive law of a state which has a significant relationship to a controversy, when that state's law is not inconsistent with the substance of federal maritime law and/or there is no Congressionally prescribed rule that must be uniformly applied.

Admiralty Law : Personal Injuries : Maritime Tort Law

⚓Maritime law permits recovery of purely emotional damages when an individual was within the zone of danger, that is, placed in immediate risk of physical harm, due to the negligent conduct of a party. However, "bystander claims," that is claims for emotional injury resulting from fear for the safety of others or from witnessing injury or death to others are not cognizable under the general maritime law. Further, although the law is not completely settled, the prevailing view is that non-pecuniary damages such as loss of consortium and loss of society are unavailable under the general maritime law.

Admiralty Law : Personal Injuries : Negligence
Torts : Damages

⚓La. Civ. Code Ann. art. 2315 is the general tort liability statute in Louisiana, but it also provides that, in cases of non-fatal injury, damages for loss of consortium, service and society are recoverable to the same extent and by the same categories of persons as in a wrongful death action. State wrongful death statutes are not preempted by federal maritime law in cases involving the death of non-seafarers in state territorial waters. Congress has not prescribed remedies for wrongful deaths of non-seafarers in territorial waters.

**COUNSEL:** For CLEARSKY SHIPPING CORP., as owner of the M/V Bright Field, for exoneration from or limitation of liability, COSCO (H.K.) SHIPPING COMPANY LIMITED, -, as manager, of the M/V Bright Field, for exoneration from or limitation of liability, petitioners (96-CV-4099): John A. Bolles, Janet Wessler Marshall, Terriberry, Carroll & Yancey, New Orleans, LA. Christopher Ogilvie Davis, Robert Clotworthy, George Moore Gilly, James H. Roussel, William Joseph Riviere, Phelps, Dunbar, LLP, New Orleans, LA. Eugene J. O'Connor, Wayne D. Meehan, Freehill, Hogan & Mahar, New York, NY.

For NEW ORLEANS RIVERWALK ASSOCIATES, claimant (96-CV-4099): Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. James G. Burke, Jr., James O. M. Womack, Burke & Mayer, New Orleans, LA. Kimbley Ann Kearney, Clausen, Miller etal, Chicago, IL. Thomas A. McDonald, James J. Knibbs, Clausen Miller PC, Chicago, IL.

For MESSINA'S PASTA INC dba Anthony's Seafood House, (96-CV-4047), PETER L. GLASER, plaintiffs: Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Darleen Marie Jacobs, Darleen M. Jacobs, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA. Roy J. Rodney, Jr., Rodney, Bordenave, Boykin, Bennette & Boyle, New Orleans, LA.

For PASTA INTERNATIONAL, INC. dba Pasta International, MESSINA'S ON THE RIVER, INC. dba Messina's Seafood and Poorboy, MESSINA'S T-TOR'S CAJUN BOATS AND CAJUN POORBOY SHOPPE, M.F.C., INC. dba Messina's Louisiana Grocery, VICTOR -TUSA, individually, and as representatives of a class of those similarly situated, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA.

For JERE GLASER, JAMES A CAIN, MRS JAMES A CAIN, ANTHONY J TUSA, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA.

For ONE RIVER PLACE INC, MARK DELESDERNIER, JR, ADRIANNE DELESDERNIER, TISHA L HOOKS, individually and as the mother and guardian of Kyrin L. Hooks, GEORGE HERNANDEZ, plaintiffs (96-CV-4048): Gilbert V. Andry, IV, Andry & Andry, New Orleans, LA. Sidney Donecio Torres, III, Roberta L. Burns, Law Offices of Sidney D. Torres, III, Chalmette, LA. Gerald Edward Meunier, Stevan C. Dittman, Gainsburgh, Benjamin, David, Meunier, Noriea & Washauer, New Orleans, LA. Michael R. Delesdernier, Michael Delesdernier, Attorney at Law, Metairie, LA.

For ALVIN E JEFFERSON, ALBERT JOHNSON, GLORIA LADNER, plaintiffs (96-CV-4077): Val Patrick Exnoicios &

Nungesser, New Orleans, LA. John Leslie Young, John Young, Attorney at Law, New Orleans, LA. Stuart Housel Smith, Law Offices of Sacks & Smith, New Orleans, LA. Randall A. Smith, Laura Tiffany Hawkins, Gladstone N. Jones, III, Smith, Jones & Fawer, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, plaintiff (96-CV-4090): van Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr., Board of Commission of Port of New Orleans, New Orleans, LA. Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For QUEEN OF NEW ORLEANS AT THAT HILTON JOINT VENTURE, plaintiff (96-CV-4097): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Ira Jay Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., plaintiff (96-CV-4098): Lynn Lachin Lightfoot, James E. Smith, Jr., Smith Martin, New Orleans, LA. Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For HEIDI L BAYER, plaintiff: Lyman L. Jones, Jr., Lyman Jones, Jr., Attorney at Law, New Orleans, LA.

For HAROLD PAJEAUD, ROBERT PAUL, JR, plaintiffs: Vernon Palmer Thomas, Vernon P. Thomas, Attorney at Law, New Orleans, LA. Thomas Massa Discon, Discon Law Firm, Mandeville, LA. Harry E. Cantrell, Jr., Cantrell Law Firm, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, claimant and third-party plaintiff (96-CV-4099): Ivan Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Cynthia J. Thomas, Joseph W. Fritz, Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr. Board of Commission of Port of New Orleans, New Orleans, LA. Mat M. Gray, III, Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For ST PAUL FIRE & MARINE INS CO, claimant (96-CV-4099): Norman Charles Sullivan, Jr., Gelpi, Sullivan, Carroll & Gibbens, New Orleans, LA. Raymond Letulle, Raymond Letulle, Attorney at Law, Philadelphia, PA.

For QUEEN OF NEW ORLEANS, claimant (96-CV-4099): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For INTERNATIONAL RIVER CENTER, HILTON HOTELS CORPORATION, claimants (96-CV-4099): Peter L. Hilbert, Jr., Colvin Gamble Norwood, Jr., Darnell Bludworth, Daniel Thomas Plunkett, McGlinchey, Stafford & Lang, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., claimant (96-CV-4099): Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For ANGELA RUFFIN, DAVID GAINES, Individually and on behalf of D'Juan Mackey and Rachel Mackey, ELTON JOHNSON, claimants (96-CV-4099): G. Michael Grosz, III, Peyton B. Burkhalter, Law Offices of G. Michael Grosz, III, Gretna, LA.

For LAFAYETTE INSURANCE COMPANY, claimant (96-CV-4099): Geoffrey Herr Longenecker, Geoffrey H. Longenecker, Attorney at Law, Covington, LA.

**JUDGES:** MOREY L. SEAR, CHIEF JUDGE.

**OPINIONBY:** MOREY L. SEAR

**OPINION:** MEMORANDUM AND ORDER

Background

This admiralty proceeding arises from the allision of the M/V BRIGHT FIELD with a portion of the New Orleans riverfront known as the New Orleans Riverwalk. On December 14, 1996, the M/V BRIGHT FIELD was traveling downriver on the Mississippi River, en route to Japan with a cargo of approximately 60,000 metric tons of grain that had been loaded in Reserve, Louisiana. After the M/V BRIGHT FIELD passed underneath the Crescent City Connection, a bridge over the river, it struck and **[*2]** damaged parts of a wharf including the Riverwalk shopping center, One River Place condominium, the New Orleans Hilton Riverside Hotel, and other nearby structures.

On December 18, 1996, plaintiff Clearsky Shipping Corporation, as owner, and COSCO (H.K.) Shipping Company, Ltd., as manager, of the M/V BRIGHT FIELD, filed a petition for exoneration from or limitation of liability in this district, pursuant to <u>46 U.S.C. § 183</u> et seq. and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Admiralty Rules"). Over a thousand claims have been filed in the limitation proceeding.

Search - 59 Results - name (tt boats or transocean 96 or clearsky)

Plaintiffs in limitation move for summary judgment and/or to strike the claims of certain individuals who admit that they were not present at the scene of the allision, but nevertheless seek to recover emotional damages caused by their fear for family members who were at the scene and/or loss of consortium due to injuries allegedly sustained by their spouses and/or children. n1 Opposition memoranda have been filed on behalf of Shelita Smith, Jairo Jaramillo, Ronald Bermudez and Michael Phillips, and a general opposition has been filed by lead counsel Walter Leger and Russ Herman.

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n1 These claimants, hereinafter referred to as "summary judgment claimants," are listed on Appendix A to limitation plaintiffs' motion, and include: Shelita Smith (418), Julie Robin (816), Mark Robin (816), Charles Porter (462), Jewell Melerine (814), Clifton Melerine (814), Michael Phillips (517), Carolyn Licciardi (801), James Licciardi, Jr. (801), Ronald Bermudez (265), Jim Howard (589), and Jairo Jarimillo (931).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - **[*3]**

Discussion

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." n2 This language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." n3 A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact. n4

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n2 Fed.R.Civ.P. 56(c).

n3 Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

n4 Id.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for [*4] its motion and identifying those portions of the pleadings, deposition, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact. n5 The movant may accomplish this by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. Once the movant produces such evidence, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial - that is, the nonmovant must come forward with evidence establishing each of the challenged elements of its case for which the nonmovant will bear the burden of proof at trial. n6

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n5 Id. at 323, 106 S. Ct. at 2552-53.

n6 Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

None of the parties dispute the presence of admiralty jurisdiction [*5] under the circumstances of this case. The substantive maritime law of the United States, which governs virtually all non-statutory tort actions occurring on navigable waters, is federal law consisting of numerous statutes and a substantial body of judge-made law. n7 Nevertheless, in limited instances, the "maritime but local" doctrine permits application of the substantive law of a state which has a significant relationship to a controversy, when that state's law is not inconsistent with the substance of federal maritime law and/or there is no Congressionally prescribed rule that must be uniformly applied. n8

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n7 Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 628, 79 S. Ct. 406, 408, 3 L. Ed. 2d 550 (1959); 14 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3671.

Search - 59 Results - name (tt boats or transocean 96 or clearsky)                                                                4/15/02 11:59 AM

n8 Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199, 116 S. Ct. 619, 624-28, 133 L. Ed. 2d 578 (1996); White v. Mercury Marine, Div. of Brunswick, Inc., 129 F.3d 1428, 1431 (11th Cir. 1997).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - **[*6]**

The parties agree that the ⚓maritime law permits recovery of purely emotional damages when an individual was within the zone of danger, i.e., placed in immediate risk of physical harm, due to the negligent conduct of a party. n9 However, "bystander claims," i.e. claims for emotional injury resulting from fear for the safety of others or from witnessing injury or death to others are not cognizable under the general maritime law. n10 Further, although the law is not completely settled, since the Supreme Court's decision in Miles v. Apex Marine Corp., n11 the prevailing view is that non-pecuniary damages such as loss of consortium and loss of society are unavailable under the general maritime law. n12

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n9 Consolidated Rail Corporation v. Gottshall, 512 U.S. 532, 114 S. Ct. 2396, 129 L. Ed. 2d 427 (1994); Anselmi v. Penrod Drilling Co., 813 F. Supp. 436 (E.D.La. 1993)(Feldman, J.).

n10 Gaston v. Flowers Transp., 866 F.2d 816 (5th Cir. 1989); Matter of the Complaint of L.L.P. & D. Marine, Inc., 1997 U.S. Dist. LEXIS 14703, 1997 WL 590804 (E.D.La. 1997)(Clement, J.).

n11 498 U.S. 19, 111 S. Ct. 317, 112 L. Ed. 2d 275 (1990). **[*7]**

n12 Kelly v. Panama Canal Commission, 26 F.3d 597, 601-02 (5th Cir. 1993); Walker v. Braus, 995 F.2d 77, 82 (5th Cir. 1993); Keys v. Sea Land Honduras, 1998 U.S. Dist. LEXIS 766, 1998 WL 28228 *1 n.2 (E.D.La. 1998) (Sear, C.J.); Lollie v. Brown Marine Service, Inc., 995 F.2d 1565 (11th Cir. 1993); Chan v. Society Expeditions, Inc., 39 F.3d 1398 (9th Cir. 1994); see also Thomas J. Schoenbaum, Admiralty and Maritime Law § 5-16, 1997 Supp. at p. 10 n. 13.

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

To highlight the absence of a genuine dispute of material fact, limitation plaintiffs point to written discovery responses of the summary judgment claimants. Julie Robin, Charles Porter, Jewell Melerine, Clifton Melerine, Carolyn Licciardi, James Licciardi, Jr., and Jim Howard state in their responses that they seek damages based on the mental anguish they felt in knowing their children were at the Riverwalk during the incident. Jairo Jamillo states that he was "on his way to work" and claims he was "upset at loss of job." Ronald Bermudez, who was at home at the time of the allision, claims that he was concerned for the safety of his employees **[*8]** at his [unidentified] place of business at the Riverwalk. Shelita Smith seeks loss of consortium and society due to injuries allegedly sustained by her husband. Finally, Michael Phillips seeks to recover for "emotional trauma and nervousness as a result of the miscarriage of [his fiance's] unborn child."

With the exception of Jairo Jarimillo, the summary judgment claimants admit that they were nowhere near the scene of the allision or otherwise in the "zone of danger" that would permit recovery under Gottshall. Confusingly, in his opposing memoranda even Mr. Jarimillo admits that "as it turns out he also was not in the zone of danger," but then urges that "it should be for the trier of fact to decided [sic] whether he was in the "zone of danger". I find, with respect to Mr. Jarimillo's claim, that there is no genuine dispute of material fact that must await trial. Although Mr. Jarimillo contends that he "saw people running in obvious panic from the Riverwalk," n13 he advances nothing -- by way of sworn affidavit or even argument -- that suggests that *he himself* was in immediate risk of physical harm as required by Gottshall. Indeed, his discovery responses suggest **[*9]** that he is primarily seeking to recover for his upset over his temporary loss of his job. Such loss is not recoverable under the general maritime law. n14

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n13 Memorandum in Opposition filed by Jarimillo and Bermudez, at p. 1.

n14 Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303, 48 S. Ct. 134, 72 L. Ed. 290 (1927).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

The remaining summary judgment claimants seek to salvage their claims by urging that Louisiana law governing recovery for loss of consortium (La.Civ.Code art. 2315), n15 wrongful death (La.Civ.Code art. 2315.5) and/or witnessing injury to others (La.Civ.Code art. 2315.6) applies. They maintain that the Supreme Court's decision in Yamaha Motor Corp., U.S.A. v. Calhoun n16 permits application of Louisiana law in this proceeding.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

—

Search - 59 Results - name (tt boats or transocean 96 or clearsky)

n15    Article 2315 is the general tort liability statute in Louisiana, but it also provides that, in cases of non-fatal injury, damages for loss of consortium, service and society are recoverable to the same extent and by the same categories of persons as in a wrongful death action. [*10]

n16 516 U.S. 199, 116 S. Ct. 619, 133 L. Ed. 2d 578 (1996).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

In Yamaha, the Supreme Court held that state wrongful death statutes are not preempted by federal maritime law in cases involving the death of non-seafarers in state territorial waters. n17 Conducting the typical "maritime but local" analysis, the Court found that Congress had not prescribed remedies for wrongful deaths of non-seafarers in territorial waters. n18 The Court further found that the general maritime remedy recognized in Moragne showed no hostility to concurrent application of state wrongful death remedies because it merely extended the relief available to seamen rather than contracting the remedies available under the maritime law. n19 The wrongful death plaintiffs, therefore, were permitted to recover non-pecuniary damages under state wrongful death statutes.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n17 516 U.S. at 215-16, 116 S. Ct. at 628-29.

n18 516 U.S. at 213-14, 116 S. Ct. at 627-28.

n19 Id.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - [*11]

Only one of the claims that is the subject of this motion -- that of Michael Phillips -- purports to be for wrongful death. Mr. Phillips seeks to assert wrongful death, survival and bystander witness claims under La.Civ.Code articles 2315.1, 2315.2 and 2315.6 for the miscarriage of his unborn child allegedly resulting from his fiancee's involvement in the Bright Field incident. While, in view of Yamaha, limitation plaintiffs have not carried their burden on summary judgment on Mr. Phillips' wrongful death claim, even Louisiana law does not recognize his survival and bystander claims, and those claims shall be dismissed. n20

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n20 Wartelle v. Women's and Children's Hosp., Inc., 704 So. 2d 778 (La. 1997) (parents could not maintain survival action for damages suffered by stillborn fetus, or recover damages for emotional distress and mental anguish as bystanders).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

The remaining summary judgment claimants have a more difficult challenge [*12] they urge that Yamaha should be extended to permit recovery of damages [*12] under Louisiana law for bystander-witness emotional harm and for non-pecuniary damages associated with personal injury, in spite of an inconsistency with federal maritime law. The Yamaha Court confined its inquiry to the "modest question whether it was Moragne's design to terminate recourse to state remedies when nonseafarers meet death in territorial waters." n21 The Court specifically noted that it was not deviating from the principle that state laws that are inconsistent with the substance of maritime law should be given no effect. n22 The Yamaha Court did not address the availability of non-pecuniary damages under state law for personal injuries sustained in territorial waters. As the Eleventh Circuit has observed, "the historical basis for wrongful death actions in admiralty is entirely separate from that for personal injuries," and Yamaha therefore is limited to wrongful death actions. n23

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n21 Yamaha, 516 U.S. at 211 n.8, 116 S. Ct. at 626 n. 8.

n22 Id. at 206, 116 S. Ct. at 624.

n23 In re Amtrack "Sunset Limited" Train Crash in Bayou Canot, Alabama, James Altosino v. Warrior & Gulf Navigation Co., 121 F.3d 1421, 1428-29 (11th Cir. 1997), cert. denied 140 L. Ed. 2d 106, 118 S. Ct. 1041 (1998).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - [*13]

Claimants fail to persuade me that application of the state laws they invoke would not undermine the uniform application of the general maritime law foreclosing recovery of non-pecuniary and bystander-witness damages. For this reason, limitation plaintiffs are entitled to summary judgment dismissing these claims.

Search - 59 Results - name (tt boats or transocean 96 or clearsky)                    4/15/02 11.59 AM

Accordingly,

IT IS ORDERED that limitation plaintiffs' motion for summary judgment against claims for bystander witness recovery with respect to the claims of Shelita Smith (418), Julie Robin (816), Mark Robin (816), Charles Porter (462), Jewell Melerine (814), Clifton Melerine (814), Carolyn Licciardi (801), James Licciardi, Jr. (801), Ronald Bermudez (265), Jim Howard (589), and Jairo Jarimillo (931) IS GRANTED.

IT IS FURTHER ORDERED that limitation plaintiffs' motion for summary judgment against claims for bystander witness recovery IS GRANTED with respect to the survival and bystander witness claims of Michael Phillips (517) but IS DENIED with respect to his wrongful death claim.

MOREY L. SEAR

CHIEF JUDGE

---

View: Cite | KWIC | **Full** | Custom        ◀ PREV 39 of 59 NEXT ▶        Text Only | Print | Download | Fax | Email

FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | *Shepardize®* | TOA

**In re Complaint of Clearsky Shipping Corp., 1998 U.S. Dist. LEXIS 6788**        Pages:    11

Source:  All Sources > Federal Legal - U.S. > Federal Cases After 1944, Combined Courts ⓘ
Terms:   (Edit Search)
View:  Full
Date/Time:  Monday, April 15, 2002 - 12:54 PM EDT

Search | Search Advisor | Get a Document | *Shepard's* ® - Check a Citation
Eclipse ™ | History | Practice Area Pages | Change Client | Options | Feedback | Signoff | Help
About LexisNexis | Terms and Conditions

Copyright © 2002 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Search - 59 Results - name (tt boats or transocean 96 or clearsky)

 LexisNexis™

| Practice Area Pages | Change Client | Options | Feedback | Sign Off | Help |

| Search ▶ | Search Advisor ▶ | Get a Document ▶ | Shepard's® - Check a Citation ▶ |    ECLIPSE™ | History |

View: Cite | KWIC | Full | Custom    ◀PREV 36 of 59 NEXT▶    Text Only | Print | Download | Fax | Email

FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | Shepardize® | TOA

Source: All Sources > Federal Legal - U.S. > Federal Cases After 1944, Combined Courts ⓘ
Terms: (Edit Search)

*1998 U.S. Dist. LEXIS 9572, ***

IN RE COMPLAINT OF **CLEARSKY** SHIPPING CORP., AS OWNER, AND COSCO (H.K.) SHIPPING COMPANY LIMITED, AS OWNER OF THE M/V BRIGHT FIELD, FOR EXONERATION FROM OR LIMITATION OF LIABILITY

CIVIL ACTION NO. 96-4099 C/W, 96-4047, 96-4048, 96-4077, 96-4090, 96-4097, 96-4098, 96-4193, 97-89 SECTION "G" (1)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

1998 U.S. Dist. LEXIS 9572

June 22, 1998, Decided
June 22, 1998, Filed, Entered

**DISPOSITION:** [*1] Plaintiffs' motion for summary judgment dismissing the claims of Manuel Trelles and Isabel Toups GRANTED.

**CORE TERMS:** allision, summary judgment, interruption, riverfront, economic loss, lost wage, claimants

**COUNSEL:** For CLEARSKY SHIPPING CORP., as owner of the M/V Bright Field, for exoneration from or limitation of liability, COSCO (H.K.) SHIPPING COMPANY LIMITED, -, as manager, of the M/V Bright Field, for exoneration from or limitation of liability, petitioners (96-CV-4099): John A. Bolles, Janet Wessler Marshall, Terriberry, Carroll & Yancey, New Orleans, LA. Christopher Ogilvie Davis, Robert Clotworthy, George Moore Gilly, James H. Roussel, William Joseph Riviere, Phelps, Dunbar, LLP, New Orleans, LA. Eugene J. O'Connor, Wayne D. Meehan, Freehill, Hogan & Mahar, New York, NY.

For NEW ORLEANS RIVERWALK ASSOCIATES, claimant (96-CV-4099): Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. James G. Burke, Jr., James O. M. Womack, Burke & Mayer, New Orleans, LA. Kimbley Ann Kearney, Clausen, Miller et al, Chicago, IL. Thomas A. McDonald, James J. Knibbs, Clausen Miller PC, Chicago, IL.

For MESSINA'S PASTA INC dba Anthony's Seafood House, (96-CV-4047), PETER L. GLASER, plaintiffs: Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Darleen Marie Jacobs, Darleen M. Jacobs, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA. Roy J. Rodney, Jr., Rodney, Bordenave, Boykin, Bennette & Boyle, New Orleans, LA.

For PASTA INTERNATIONAL, INC. dba Pasta International, MESSINA'S ON THE RIVER, INC. dba Messina's Seafood and Poorboy, MESSINA'S T-TOR'S CAJUN BOATS AND CAJUN POORBOY SHOPPE, M.F.C., INC. dba Messina's Louisiana Grocery, VICTOR-TUSA, individually, and as representatives of a class of those similarly situated, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA.

For JERE GLASER, JAMES A CAIN, MRS JAMES A CAIN, ANTHONY J TUSA, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhe[...] John

Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA.

For ONE RIVER PLACE INC, MARK DELESDERNIER, JR, ADRIANNE DELESDERNIER, TISHA L HOOKS, individually and as the mother and guardian of Kyrin L. Hooks, GEORGE HERNANDEZ, plaintiffs (96-CV-4048): Gilbert V. Andry, IV, Andry & Andry, New Orleans, LA. Sidney Donecio Torres, III, Roberta L. Burns, Law Offices of Sidney D. Torres, III, Chalmette, LA. Gerald Edward Meunier, Stevan C. Dittman, Gainsburgh, Benjamin, David, Meunier, Noriea & Washauer, New Orleans, La. Michael R. Delesdernier, Michael Delesdernier, Attorney at Law, Metairie, LA.

For ALVIN E JEFFERSON, ALBERT JOHNSON, GLORIA LADNER, plaintiffs (96-CV-4077): Val Patrick Exnoicios & Nungesser, New Orleans, LA. John Leslie Young, John Young, Attorney at Law, New Orleans, LA. Stuart Housel Smith, Law Offices of Sacks & Smith, New Orleans, LA. Randall A. Smith, Laura Tiffany Hawkins, Gladstone N. Jones, III, Smith, Jones & Fawer, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, plaintiff (96-CV-4090): van Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr., Board of Commission of Port of New Orleans, New Orleans, LA. Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For QUEEN OF NEW ORLEANS AT THAT HILTON JOINT VENTURE, plaintiff (96-CV-4097): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Ira Jay Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., plaintiff (96-CV-4098): Lynn Lachin Lightfoot, James E. Smith, Jr., Smith Martin, New Orleans, LA. Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For HEIDI L BAYER, plaintiff: Lyman L. Jones, Jr., Lyman Jones, Jr., Attorney at Law, New Orleans, LA.

For HAROLD PAJEAUD, ROBERT PAUL, JR, plaintiffs: Vernon Palmer Thomas, Vernon P. Thomas, Attorney at Law, New Orleans, LA. Thomas Massa Discon, Discon Law Firm, Mandeville, LA. Harry E. Cantrell, Jr., Cantrell Law Firm, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, claimant and third-party plaintiff (96-CV-4099): Ivan Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Cynthia J. Thomas, Joseph W. Fritz, Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr. Board of Commission of Port of New Orleans, New Orleans, LA. Mat M. Gray, III, Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For ST PAUL FIRE & MARINE INS CO, claimant (96-CV-4099): Norman Charles Sullivan, Jr., Gelpi, Sullivan, Carroll & Gibbens, New Orleans, LA. Raymond Letulle, Raymond Letulle, Attorney at Law, Philadelphia, PA.

For QUEEN OF NEW ORLEANS, claimant (96-CV-4099): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For INTERNATIONAL RIVER CENTER, HILTON HOTELS CORPORATION, claimants (96-CV-4099): Peter L. Hilbert, Jr., Colvin Gamble Norwood, Jr., Darnell Bludworth, Daniel Thomas Plunkett, McGlinchey, Stafford & Lang, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., claimant (96-CV-4099): Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For ANGELA RUFFIN, DAVID GAINES, Individually and on behalf of D'Juan Mackey and Rachel Mackey, ELTON JOHNSON, claimants (96-CV-4099): G. Michael Grosz, III, Peyton B. Burkhalter, Law Offices of G. Michael Grosz, III, Gretna, LA.

For LAFAYETTE INSURANCE COMPANY, claimant (96-CV-4099): Geoffrey Herr Longenecker, Geoffrey H. Longenecker, Attorney at Law, Covington, LA.

**JUDGES:** MOREY L. SEAR, CHIEF JUDGE.

**OPINIONBY:** MOREY L. SEAR

**OPINION:** MEMORANDUM AND ORDER

This admiralty proceeding arises from the allision of the M/V BRIGHT FIELD with a portion of the New Orleans riverfront on December 14, 1996. Plaintiff Clearsky Shipping Corporation, as owner, and COSCO (H.K.) Shipping Company, Ltd., as manager, of the M/V BRIGHT FIELD, filed a petition for exoneration from or limitation of liability in this district, pursuant to 46 U.S.C. § 183 et seq. and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Admiralty Rules").

On several prior occasions, I have granted summary judgment dismissing the claims of various Riverwalk retail businesses and their property insurers who have sought to recover business interruption losses allegedly sustained as a result of the allision. n1 I also have dismissed lost wage claims brought by employees of various riverfront businesses. n2 These rulings have been based on the holding of Robins Dry Dock & Repair Co. v. Flint. n3

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n1 See, e.g., Memoranda and Orders of November 12, 1997 and January 29, 1998. **[*2]**

n2 See Memoranda and Orders of September 15, 1997 and April 23, 1998.

n3 275 U.S. at 308-09.

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Limitation plaintiffs now move for summary judgment dismissing the claims of Manuel Trelles and Isabel Toups, real estate agents with Prudential Louisiana Properties who claim that they sustained economic loss when the property they ordinarily sold/listed -- One River Place -- was damaged by the allision, restricting access to certain parts of the property. In support of the motion, limitation plaintiffs present discovery responses demonstrating that the only loss claimed by these individuals is in the nature of business interruption.

The economic loss claims asserted by these claimants are indistinguishable from the previously dismissed business interruption and lost wage claims. Although claimants oppose the motion, the arguments they offer in opposition are insufficient to defeat the motion.

Accordingly,

IT IS ORDERED that limitation plaintiffs' motion for summary judgment dismissing the claims of Manuel Trelles and Isabel Toups IS GRANTED.

MOREY L. SEAR

CHIEF JUDGE

View: Cite | KWIC | Full | Custom          ◀PREV 36 of 59 NEXT▶          Text Only | Print | Download | Fax | Email
FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | Shepardize® | TOA

In re Complaint of Clearsky Shipping Corp., 1998 U.S. Dist. LEXIS 9572          Pages:    5

Source: All Sources > Federal Legal - U.S > Federal Cases After 1944, Combined Courts
Terms:  (Edit Search)
View: Full
Date/Time: Monday, April 15, 2002 - 12:53 PM EDT

Copyright © 2002 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Search - 59 Results - name (tt boats or transocean 96 or clearsky)                                        4/15/02 11 56 AM

 LexisNexis™

Practice Area Pages | Change Client | Options | Feedback | Sign Off | Help

Search ▶ | Search Advisor ▶ | Get a Document ▶ | Shepard's® ▶ Check a Citation ▶        ECLIPSE™ | History

View: Cite | KWIC | Full | Custom                    ◀ PREV  28 of 59  NEXT ▶        Text Only | Print | Download | Fax | Email
                        FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | Shepardize® | TOA
                        In re Complaint of Clearsky Shipping Corp., 1998 U.S. Dist. LEXIS 17784                    Pages      16

Source:  All Sources > Federal Legal - U.S. > Federal Cases After 1944, Combined Courts ⓘ
Terms:   (Edit Search)

*1998 U.S. Dist. LEXIS 17784, \*; 1999 AMC 531*

IN RE COMPLAINT OF **CLEARSKY** SHIPPING CORP., AS OWNER, AND COSCO (H.K.) SHIPPING COMPANY LIMITED, AS
OWNER OF THE M/V BRIGHT FIELD, FOR EXONERATION FROM OR LIMITATION OF LIABILITY

CIVIL ACTION NO. 96-4099 C/W 96-4047, 96-4048, 96-4077, 96-4090, 96-4097, 96-4098, 96-4193, 97-89 SECTION "G"
(1)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

1998 U.S. Dist. LEXIS 17784; 1999 AMC 531

November 3, 1998, Decided
November 4, 1998, Filed; November 4, 1998, Entered

**DISPOSITION:** [*1] Limitation plaintiffs' Motion for Summary Judgment and/or to Strike Claims of LeMoyne's
Riverview, Inc. for Lost Value of Improvements and Economic Loss GRANTED.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Plaintiff owner and manager of a cargo ship (cargo ship) filed a
petition for exoneration from or limitation of liability pursuant to 46 U.S.C.S. § 183 et seq.,
after the collision of their cargo ship with a portion of a wharf, which included the lessee's
restaurant.

**OVERVIEW:** A cargo ship collided with a wharf causing extensive damage to lessee's
restaurant. Under the restaurant's lease agreement, all improvements made in the
restaurant became the property of the landlord at the expiration of the lease. The lessee
filed a claim against the cargo ship for the value of lost improvements and for economic
loss sustained as a result of the destruction of the leased property. The cargo ship filed a
partial motion for summary judgment requesting exoneration from liability for the lost
improvements and economic loss. The court held that the lessee's claim for the value of
the improvements should be denied because the lessee did not own the improvements. The
improvements became the property of the landlord at the expiration of the lease. The
court also held that physical damage to a proprietary interest was a prerequisite of
recovery for economic loss. Because the lessee had no proprietary interest in the leased
premises it was precluded from recovering economic loss.

**OUTCOME:** The court granted the cargo ship's motion for partial summary judgment and
exonerated it from the lessee's claims for lost improvements and economic loss.

**CORE TERMS:** lease, economic loss, allision, proprietary interest, repair, vessel, lessee, summary judgment, tenant,
destroyed, charterer, termination, damaged, restaurant, leased, space, dock, ownership, leased property, untenantable,
bareboat, lessor, dry dock, negligently, constructed, tortfeasor, recovering, propeller, removing, renewal

**CORE CONCEPTS -** ◆ Hide  Concepts

📄 Civil Procedure : Summary Judgment : Summary Judgment Standard



Summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56 (c). This language mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. The non-moving party must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. Issues of material fact are genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.

Contracts Law : Contract Interpretation : Interpretation Generally

Interpretation of a contract is the determination of the common intent of the parties. La. Civ. Code Ann. art. 2045.When the words of a contract are clear and explicit and lead to no absurd consequences, no further inquiry may be made in search of the parties' intent. La. Civ. Code Ann. art. 2046. Each provision of a contract must be interpreted in light of other provisions so that each is given the meaning suggested by the contract as a whole. La. Civ. Code Ann. art. 2050. A doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and of other contracts of like nature between the same parties. La. Civ. Code Ann. art. 2053.

Admiralty Law : Collisions : Liability Generally

Physical damage to a proprietary interest is a prerequisite of recovery for economic loss in cases of unintentional maritime tort. One who negligently damages the property of another is not liable to those who may suffer economic loss simply because the owner is unable to perform contractual commitments to them.

Admiralty Law : Collisions : Liability Generally

To have a proprietary interest in a thing, one must have control over the property tantamount to ownership. The Fifth Circuit has pointed to three factors that inform the determination of whether a party has the requisite proprietary interest: (1) actual possession or control; (2) responsibility for repair; and (3) responsibility for maintenance.

**COUNSEL:** For CLEARSKY SHIPPING CORP., as owner of the M/V Bright Field, for exoneration from or limitation of liability, COSCO (H.K.) SHIPPING COMPANY LIMITED, -, as manager, of the M/V Bright Field, for exoneration from or limitation of liability, petitioners (96-CV-4099): John A. Bolles, Janet Wessler Marshall, Terriberry, Carroll & Yancey, New Orleans, LA. Christopher Ogilvie Davis, Robert Clotworthy, George Moore Gilly, James H. Roussel, William Joseph Riviere, Phelps, Dunbar, LLP, New Orleans, LA. Eugene J. O'Connor, Wayne D. Meehan, Freehill, Hogan & Mahar, New York, NY.

For NEW ORLEANS RIVERWALK ASSOCIATES, claimant (96-CV-4099): Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. James G. Burke, Jr., James O. M. Womack, Burke & Mayer, New Orleans, LA. Kimbley Ann Kearney, Clausen, Miller et al, Chicago, IL. Thomas A. McDonald, James J. Knibbs, Clausen Miller PC, Chicago, IL.

For MESSINA'S PASTA INC dba Anthony's Seafood House, (96-CV-4047), PETER L. GLASER, plaintiffs: Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Darleen Marie Jacobs, Darleen M. Jacobs, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA. Roy J. Rodney, Jr., Rodney, Bordenave, Boykin, Bennette & Boyle, New Orleans, LA.

For PASTA INTERNATIONAL, INC. dba Pasta International, MESSINA'S ON THE RIVER, INC. dba Messina's Seafood and Poorboy, MESSINA'S T-TOR'S CAJUN BOATS AND CAJUNPOORBOY SHOPPE, M.F.C., INC. dba Messina's Louisiana Grocery, VICTOR - TUSA, individually, and as representatives of a class of those similarly situated, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. John J. Cummings, III, RichardMassie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA.

For JERE GLASER, JAMES A CAIN, MRS JAMES A CAIN, ANTHONY J TUSA, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA.

For ONE RIVER PLACE INC, MARK DELESDERNIER, JR, ADRIANNE DELESDERNIER, TISHA L HOOKS, individually and as the mother and guardian of Kyrin L. Hooks, GEORGE HERNANDEZ, plaintiffs (96-CV-4048): Gilbert V. Andry, IV, Andry & Andry, New Orleans, LA. Sidney Donecio Torres, III, Roberta L. Burns, Law Offices of Sidney D. Torres, III, Chalmette, LA. Gerald Edward Meunier, Stevan C. Dittman, Gainsburgh, Benjamin, David, Meunier, Noriea & Washauer, New Orleans, LA. Michael R. Delesdernier, Michael Delesdernier, Attorney at Law, Metairie, LA.

For ALVIN E JEFFERSON, ALBERT JOHNSON, GLORIA LADNER, plaintiffs (96-CV-4077): Val Patrick Exnoicios & Nungesser, New Orleans, LA. John Leslie Young, John Young, Attorney at Law, New Orleans, LA. Stuart Housel Smith, Law Offices of Sacks & Smith, New Orleans, LA. Randall A. Smith, Laura Tiffany Hawkins, Gladstone N. Jones, III, Smith, Jones & Fawer, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, plaintiff (96-CV-4090): Ivan Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr., Board of Commission of Port of New Orleans, New Orleans, LA. Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For QUEEN OF NEW ORLEANS AT THAT HILTON JOINT VENTURE, plaintiff (96-CV-4097): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Ira Jay Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., plaintiff (96-CV-4098): Lynn Lachin Lightfoot, James E. Smith, Jr., Smith Martin, New Orleans, LA. Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For HEIDI L BAYER, plaintiff: Lyman L. Jones, Jr., Lyman Jones, Jr., Attorney at Law, New Orleans, LA.

For HAROLD PAJEAUD, ROBERT PAUL, JR, plaintiffs: Vernon Palmer Thomas, Vernon P. Thomas, Attorney at Law, New Orleans, LA. Thomas Massa Discon, Discon Law Firm, Mandeville, LA. Harry E. Cantrell, Jr., Cantrell Law Firm, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, claimant and third-party plaintiff (96-CV-4099): Ivan Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Cynthia J. Thomas, Joseph W. Fritz, Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr. Board of Commission of Port of New Orleans, New Orleans, LA. Mat M. Gray, III, Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For ST PAUL FIRE & MARINE INS CO, claimant (96-CV-4099): Norman Charles Sullivan, Jr., Gelpi, Sullivan, Carroll & Gibbens, New Orleans, LA. Raymond Letulle, Raymond Letulle, Attorney at Law, Philadelphia, PA.

For QUEEN OF NEW ORLEANS, claimant (96-CV-4099): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For INTERNATIONAL RIVERCENTER, HILTON HOTELS CORPORATION, claimants (96-CV-4099): Peter L. Hilbert, Jr., Colvin Gamble Norwood, Jr., Darnell Bludworth, Daniel Thomas Plunkett, McGlinchey, Stafford & Lang, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., claimant (96-CV-4099): Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For ANGELA RUFFIN, DAVID GAINES, Individually and on behalf of D'Juan Mackey and Rachel Mackey, ELTON JOHNSON, claimants (96-CV-4099): G. Michael Grosz, III, Peyton B. Burkhalter, Law Offices of G. Michael Grosz, III, Gretna, LA.

For LAFAYETTE INSURANCE COMPANY, claimant (96-CV-4099): Geoffrey Herr Longenecker, Geoffrey H. Longenecker, Attorney at Law, Covington, LA.

**JUDGES:** MOREY L. SEAR, CHIEF JUDGE.

**OPINIONBY:** MOREY L. SEAR

**OPINION:** MEMORANDUM AND ORDER

Background

This admiralty proceeding arises from the allision of the M/V BRIGHT FIELD with a portion of the New Orleans riverfront known as the New Orleans Riverwalk. On December 14, 1996, the M/V BRIGHT FIELD was traveling downriver on the Mississippi River, en route to Japan with a cargo, of approximately 60,000 metric tons of grain that had been loaded in Reserve, Louisiana. After the M/V BRIGHT FIELD passed underneath the Crescent City Connection, a bridge over the

river, it struck and damaged parts of a wharf including the Riverwalk shopping center, One River Place condominium, the New Orleans Hilton Riverside Hotel, and other nearby structures.

On December 18, 1996, plaintiff Clearsky Shipping Corporation, as owner, and COSCO (H.K.) Shipping Company, Ltd., as manager, of the M/V BRIGHT FIELD, filed a petition for exoneration from or limitation of liability in this district, pursuant to 46 U.S.C. § 183 et seq. and Rule F of [*2] the Supplemental Rules for Certain Admiralty and Maritime Claims ("Admiralty Rules"). One of the claimants in the proceeding is Lemoyne's Riverview, Inc. ("LeMoyne's"), which leased a portion of the Riverwalk Mall and operated a restaurant in that space at the time of the allision.

It is undisputed that on November 4, 1992, LeMoyne's entered a contract with New Orleans Riverwalk Associates ("NORA") to lease a portion of the Riverwalk mall. n1 The initial term of the lease was from March 15, 1993 through October 31, 1999. Pursuant to the Lease Agreement, LeMoyne's agreed to remodel and make certain improvements to the property before the lease commenced, subject to NORA's approval of all plans and specifications for the improvements. n2 The Lease prohibited LeMoyne's from removing any of the improvements (as distinguished from trade fixtures and apparatus) without NORA's consent, and provided that "at the expiration of the Lease (either on the Termination date or upon such earlier termination as provided in this Lease)," title to the improvements would "vest solely in the Landlord without payment of any nature to Tenant." n3

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n1 Lease Agreement at p. 2, Exhibit A to Motion for Summary Judgment. [*3]

n2 Id. at Section 7.1.

n3 Id. at Section 7.4.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Prior to commencement of the lease on March 15, 1993, LeMoyne's made the agreed-upon improvements to the property, including installation of walls, floors, interior roofing, plumbing, gas lines, a bar, columns, molding, a sprinkler system, an HVAC system, electrical wiring, and other improvements. n4 Thereafter, LeMoyne's operated a seafood restaurant in the leased space. The restaurant was virtually destroyed as a result of the allision on December 14, 1996. On February 25, 1997, NORA cancelled the lease pursuant to Section 14.2 of the Lease Agreement, because the premises were "untenantable." n5 The restaurant has never been reopened in any portion of the Riverwalk.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n4 Exhibit D to Motion for Summary Judgment.

n5 Exhibit B to Motion for Summary Judgment.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

LeMoyne's has filed a claim against limitation plaintiffs seeking sums representing (1) the value of lost [*4] inventory and personal property; (2) the value of certain improvements LeMoyne's made to the leased property that were destroyed by the allision; (3) the cost of winding up operations immediately following the allision, and (4) economic losses (i.e. lost profits) for the remaining period of the base lease (through October 31, 1999) and for the renewal period of the lease (October 31, 1999 through October 31, 2004).

Limitation plaintiffs now move for partial summary judgment n6 dismissing the claims for the lost improvements n7 and for economic loss n8 on grounds that LeMoyne's does not own or have a proprietary interest in the improvements. LeMoyne's opposes the motion. n9

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n6 Limitation plaintiffs do not seek dismissal of the claim for "winding up operations" because they "do not fully understand" the claim, or the claim for lost inventory and personal property, as limitation plaintiffs acknowledge LeMoyne's is not barred by Robins Dry Dock from recovering this item of damage.

n7 Exhibit D estimates the cost of the improvements to be $ 809,810.00.

n8 Counsel for LeMoyne's estimates the present value of the economic loss over the life of the original and renewal Leases to be approximately $ 1,000,000.00. [*5]

n9 The Board of Commissioners of the Port of New Orleans ("the Board") and the Queen of New Orleans at the Hilton Joint Venture ("QNOV") have filed amici memoranda in opposition to summary judgment.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Discussion

⚓Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." n10 This language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." n11 The non-moving party must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. n12 Issues of material fact are genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. n13

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n10 Fed.R.Civ.P. 56 (c). **[*6]**

n11 Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

n12 Id. at 324, 106 S. Ct. at 2553.

n13 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

1. Value of the Improvements

Limitation plaintiffs seek summary judgment dismissing LeMoyne's claims for lost improvements on grounds that upon termination of the Lease on February 25, 1997, NORA became the owner of the improvements pursuant to Section 7.4 of the Lease. LeMoyne's contends that because the allision that destroyed the improvements occurred on December 14, 1996, it was the owner of the improvements at that time as title did not revert to NORA until termination of the Lease on February 25, 1997.

Limitation plaintiffs and LeMoyne's agree that the nature of LeMoyne's interest in the improvements is defined by the Lease Agreement between NORA and LeMoyne's. They also agree that the question of ownership of the improvements is governed by Louisiana law, because the Lease Agreement between NORA and LeMoyne's is a non-maritime **[*7]** contract.

⚓Interpretation of a contract is the determination of the common intent of the parties. n14 When the words of a contract are clear and explicit and lead to no absurd consequences, no further inquiry may be made in search of the parties' intent. n15 Each provision of a contract must be interpreted in light of other provisions so that each is given the meaning suggested by the contract as a whole. n16 A doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and of other contracts of like nature between the same parties. n17

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n14 La.Civ.Code art. 2045.

n15 Id. art. 2046.

n16 La.Civ.Code art. 2050 (West 1998).

n17 Id. art. 2053.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Under Section 7.4 of the Lease, LeMoyne's and NORA agreed that the improvements were not to be removed by LeMoyne's without NORA's consent, and title would vest in NORA on the expiration and/or termination of the Lease without any payment to LeMoyne's. **[*8]** They also agreed, in Section 14.2, that NORA could terminate the Lease if the premises "were rendered wholly untenantable" or "damaged or destroyed in whole or in part during the last three (3) years of the Term." NORA terminated the Lease pursuant to Section 14.2 on February 25, 1997.

In support of its argument that Section 7.4 vested title to the improvements in LeMoyne's at the time of the allision, LeMoyne's cites the Louisiana case Pendleton v. Shell Oil Company, 408 So. 2d 1341 (La. 1982).

In Pendleton, the Louisiana Supreme Court considered the rights of a lessee, Shell Oil Co., who built an automobile service station during the original term of a lease and, during a renewal lease, demolished the first station and constructed another one on adjacent property. n18 The lessor sought to evict Shell on grounds that Shell had breached the Lease Agreement by demolishing the first station and building another. The court found that under the terms of the Lease, Shell owned the building during the lease, including the renewal/second lease, because the Lease authorized Shell "to make any alterations[it] desired in the premises and the buildings" and stated that the buildings **[*9]**

constructed by Shell would "become Lessor's property at the termination of the lease." n19

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n18 408 So. 2d at 1342-43.

n19 Id. at 1343.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

The Lease between NORA and LeMoyne's, similarly to the lease in Pendleton, provided that the improvements made by the lessee would become the lessor's property at the termination of the lease. However, unlike the lease in Pendleton, the NORA-LeMoyne's lease prohibited LeMoyne's from removing or altering the improvements without NORA's consent, stripping LeMoyne's of a key aspect of ownership -- the exclusive right to control and dispose of one's property. n20

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

N20 Also of note, though not dispositive, is the fact that the lease in Pendleton involved a *building* constructed on immovable property, whereas LeMoyne's improvements, though extensive, appear to fall under the category of *immovables by destination;* while these classifications do not determine ownership if a juridical act, such as the Lease, determines the issue, they may be relevant in determining the parties' intent in confecting the Lease.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -    **[*10]**

In view of the language in Section 7.4 prohibiting LeMoyne's from altering or removing the improvements without NORA's consent, I am not persuaded that the intent of Section 7.4 was to make LeMoyne's the sole owner of the improvements during the lease. Even assuming that was the intent, reversion has now occurred due to NORA's February 25, 1997 termination of the Lease, and to permit LeMoyne's to recover as owner of the improvements would result in unjust enrichment of LeMoyne's. Under Section 14.2 of the Lease, LeMoyne's agreed to allow NORA to terminate the Lease if the premises were destroyed in the last three years of the Lease or became untenantable for whatever reason, and further agreed that NORA would not have to pay anything for the improvements. Moreover, it appears from the record that by the time NORA terminated the Lease, LeMoyne's had obtained sufficient consideration for this agreement. n21 LeMoyne's did not have to pay base rentals for the first three years of the Lease -- between 1993 and 1996 -- and it was not until after this time that the improvements were destroyed. n22

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n21 See Section 1.1 of the Lease. **[*11]**

n22 Id. Section 1.1 (G).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

LeMoyne's argues that this is an inequitable result considering that the improvements were destroyed by a third party tortfeasor. However, LeMoyne's fails to persuade me that it was not within its contemplation at the time it entered the Lease that the act of a third party tortfeasor might be the thing that "destroyed" the premises during the last three years of the Lease or rendered them "untenantable," triggering Section 14.2. Regardless of who caused the damage, LeMoyne's walks away from the Lease without any obligation to repair or replace the improvements, and its recovery of this item would be a windfall. NORA is the party who ended up with the destroyed property and the one who must now repair the damage.

The motion for summary judgment dismissing LeMoyne's claim for the value of the improvements should be granted because LeMoyne's does not own the improvements.

2. Business interruption claim

LeMoyne's also seeks to recover for alleged economic loss sustained as a result of the allision, specifically, profits lost until, at the *earliest,* February **[*12]** 25, 1997 (termination of the Lease), or until October 1999 (the end of the initial lease) or until, at the *latest,* October 2004 (the end of the renewal term). Limitation plaintiffs move for summary judgment dismissing this claim on grounds that it is barred under the rule of Robins Dry Dock.

In Robins Dry Dock & Repair Co. v. Flint, n23 the time charterers of a vessel sued for profits lost when the defendant dry dock negligently damaged the vessel's propeller. The propeller had to be replaced, delaying by two weeks the release of the vessel from dry dock, and the time charterer sued for loss of use of the vessel. The United States Supreme Court found that the time charterers had no claim for relief against the dry dock because the charterers had no property interest in the vessel and that, unlike a demise charterer, the time charterer did not even have "possession" of the vessel. n24 Consequently, the Court held, if the plaintiff had a legally protected interest in the non-negligent repair of the vessel's propeller, "it must be worked out through their contract relations with the owners [of the vessel]." n25

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n23 275 U.S. 303, 309, 48 S. Ct. 134, 72 L. Ed. 290 (1927).  **[*13]**

n24 Id. at 309, 48 S. Ct. at 136.

n25 Id.

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - -

The Fifth Circuit has read Robins Dry Dock broadly, rejecting invitations to adopt a foreseeability test. n26 The Fifth Circuit's formulation of the Robins Dry Dock rule is that ⚓"physical damage to a proprietary interest is a prerequisite of recovery for economic loss in cases of unintentional maritime tort." n27 One who negligently damages the property of another is not liable to those who may suffer economic loss simply because the owner is unable to perform contractual commitments to them. n28 The rule has been consistently applied where a facility used for commerce or transportation has been negligently damaged, thereby harming all those who would have used the facility during the time it undergoes repair.

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - -

n26 State of Louisiana ex rel Guste v. M/V TESTBANK, 752 F.2d 1019, 1024-27 (5th Cir. 1985), *cert. denied sub nom* White v. M/V TESTBANK, 477 U.S. 903, 91 L. Ed. 2d 562, 106 S. Ct. 3271 (1986).

n27 Id.

n28 Id.

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - **[*14]**

In prior orders I have dismissed claims for economic loss asserted by a number of Riverwalk businesses and/or their insurers based on the Robins Dry Dock rule. I have found, for instance, that the lease agreements between certain tenants and the Riverwalk did not create a proprietary interest on the part of the tenant in the common areas of the Riverwalk that were damaged by the allision. n29 I also have rejected the argument, advanced repeatedly, that Riverwalk businesses should be permitted to recover purely economic loss because the mall is an integrated unit and/or the circumstances of this maritime casualty are unique. n30 Finally, I have disallowed recovery of economic loss where, although a lease required a tenant to make improvements to the leased property, there was no showing that such improvements had been made, that the improvements were under the possession or control of the tenant and/or that the improvements sustained damage. n31

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - -

n29 See, e.g., Memoranda and Orders of November 12, 1997 and January 30, 1998.

n30 Id.; see also Memorandum and Order of April 27, 1998; Memoranda and Orders of April 27, 1998, April 29, 1998 and July 27, 1998. **[*15]**

n31 Memorandum and Order of January 30, 1998.

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - -

It is undisputed that the allision almost completely destroyed LeMoyne's restaurant, including the leasehold improvements LeMoyne's made to the space it leased. LeMoyne's correctly notes that none of my prior rulings have addressed a claim for business interruption arising out of actual physical damage to the leased premises. Still, it remains to be determined whether LeMoyne's had a "proprietary interest" in the premises at the time of the incident.

If LeMoyne's owned the property by virtue of Section 7.4 of the Lease, there would be no question that its claim for economic loss would escape the Robins Dry Dock rule. Even if LeMoyne's did not "own" the property pursuant to Louisiana principles of property or contract law, however, it still may be able to demonstrate a proprietary interest in the property under the practical approach that has developed under Robins Dry Dock.

The Fifth Circuit, construing Robins, has observed that ⚓to have a proprietary interest in a thing, one must have control over the property *tantamount* to ownership. **[*16]** n32 The Fifth Circuit has pointed to three factors that inform the determination of whether a party has the requisite proprietary interest: (1) actual possession or control; (2) responsibility for repair; and (3) responsibility for maintenance. n33

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - -

n32 TESTBANK, 752 F.2d at 1019 (emphasis added).

n33 IMTT Gretna v. Robert E. Lee SS, 993 F.2d 1193, 1194 (5th Cir. 1993); Texas Eastern Transmission Corp. v. McMoran Offshore Exploration Co., 877 F.2d 1214, 1225 (5th Cir. 1989).

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

This practical approach recognizes that the "title" owner may not be the party in charge of the day-to-day management and maintenance of their property. Even Justice Holmes, in Robins, suggested that a bareboat/demise charterer might have a more arguable claim for economic loss than a time charterer, the distinction being that a time charter typically shares possession with the owner whereas a bareboat charterer ordinarily becomes the lessee of the ship and has full possession and control of it, i.e., is "owner pro hac **[*17]** vice". n34 Nevertheless, simply because the party seeking to recover economic loss is a lessee does not end the Robins inquiry; indeed, the Fifth Circuit has scrutinized the claim of a lessee and rejected the claim under Robins. n35

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n34 Gilmore & Black, The Law of Admiralty §§ 4-20 - 4-23 (1957).

n35 IMTT Gretna, 993 F.2d 1193, 1194 (5th Cir. 1993), cert. denied sub. nom. 510 U.S. 1022 (1994).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - -

In IMMT-Gretna v. Robert E. Lee SS, the lessee of a dock damaged by an allision argued that it had a proprietary interest in the dock because it had preferential docking rights. The court disallowed recovery because the lessee's use of the dock was valid only for the term of the lease, the lessor retained the right to refuse access to the dock if it felt the lessee's operations could be harmful, and the lessee did not have responsibility to repair the damage caused by the allision. n36

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n36 Id.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - **[*18]**

Interestingly, the Fifth Circuit has not found Robins Dry Dock to bar the "title" owner from suing even when a tenant had possession of the property at the time it was damaged. In Rogers Terminal & Shipping Corp. v. International Grain Transfer, Inc., n37 both the bareboat charterer and the owner of a floating grain elevator sought damages as a result of a collision. The sole issue before the court was whether the owner was entitled to the loss of use of the vessel, profits and income for the two hundred seven day repair period in which the vessel was inoperable. The court held that the fact that the vessel was bareboat chartered at the time of the collision did not establish that the owner relinquished all proprietary interest. Therefore, the owner could recover economic loss, even though it might be difficult to measure the damages. n38

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n37 672 F.2d 464 (5th Cir. 1982).

n38 Id. at 466.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - -

Similarly, in Vicksburg Towing Co. v. Mississippi Marine Transport Co., n39 a vessel owned by defendant **[*19]** collided with a barge unloading facility. The defendant sought to preclude the owner of the facility from recovering economic loss in the form of lost rentals, due to a Lease that required the tenant to assume all responsibility for repairs to the premises and provided for abatement of rent in the event of repairs. The Fifth Circuit held that a tortfeasor may not escape liability to the owner of leased property in spite of a contractual agreement of this nature between the owner and its tenant. n40 According to the court, the owner had "an insurable interest" and "all of the elements of ownership which attach to a freehold interest, including the right of use, a thing of value." n41

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n39 609 F.2d 176 (5th Cir. 1980).

n40 Id. at 177.

n41 Id.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - -

In neither Rogers Terminal nor Vicksburg did the court address the rights of the tenant. I would tend to read the cases as favoring the owner over the lessee for purposes of determining who has a proprietary interest permitting recovery of economic **[*20]** loss. However, one could also interpret the cases to stand for the principle that, in the event of a lease, both owner and tenant might have a proprietary interest in the thing damaged. Therefore, I will address LeMoyne's

arguments under three-factor approach followed by the Fifth Circuit.

Pursuant to the Fifth Circuit's test for determining whether a party had a "proprietary interest," LeMoyne's first argues that it had possession and control of the property during the lease, citing three sections of the Lease. Section 2.1 of the Lease provided that LeMoyne's would have "peaceful and quiet use and possession of the premises" as long as it was not in default under the Lease; n42 Section 4.1 granted LeMoyne's the right to occupy the premises on commencement of the Lease term and to use them continuously for the permitted purpose. n43 Finally, Section 7.1 provided that LeMoyne's had the right to make certain improvements to the property at its sole expense.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n42 See Lease, Exhibit A to Motion for Summary Judgment, at Section 2.1.

n43 Id. Section 4.1.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -  **[*21]**

LeMoyne's clearly had possession of the property at the time of the allision. It is questionable, however, how much control LeMoyne's had over the premises and/or the improvements, even during the Lease. Once the improvements were made, LeMoyne's could not alter or remove them without NORA's consent. n44 Neither was LeMoyne's permitted to sublet the space without NORA's consent. n45

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n44 Id. Section 7.4.

n45 Id. Section 16.1.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

LeMoyne's urges, and the record reflects, that under the Lease LeMoyne's was responsible for repair and routine maintenance, n46 and for insuring, n47 the improvements. Further, LeMoyne's was required to indemnify and hold NORA harmless for any personal injury or property damage suffered by third parties as a result of any of the improvements. n48

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n46 Id. Sections 8.1 and 9.2.

n47 Id. Section 13.3(b).

n48 Id. Section 13.1.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -  **[*22]**

For purposes of recovering economic loss under RDD, however, it appears insufficient to show that *during the lease* LeMoyne's had these obligations, considering that, under the circumstances, LeMoyne's ultimately has no responsibility for repairing the damage caused by the allision. In IMTT-Gretna, discussed hereinabove, the Fifth Circuit rejected the economic claim of the lessee of a dock at least in part because the lessee "did not repair or have the responsibility to repair **the damage**. n49

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n49 IMMT, 993 F.2d at 1194 (emphasis added).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Accordingly, I find that LeMoyne's has failed to adduce sufficient evidence to demonstrate a "proprietary interest" in the space it leased from NORA, and Robins Dry Dock and its progeny preclude recovery of the economic loss LeMoyne's alleges it sustained as a result of the destruction of the leased property.

Accordingly,

IT IS ORDERED that limitation plaintiffs' Motion for Summary Judgment and/or to Strike the Claims of LeMoyne's Riverview, Inc. for Lost **[*23]** Value of Improvements and Economic Loss IS GRANTED.

MOREY L. SEAR

CHIEF JUDGE

Search - 59 Results - name (tt boats or transocean 96 or clearsky)

4/15/02 11:56 AM

View: Cite | KWIC | Full | Custom          PREV 28 of 59 NEXT          Text Only | Print | Download | Fax | Email

FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | *Shepardize®* | TOA

**In re Complaint of Clearsky Shipping Corp., 1998 U.S. Dist. LEXIS 17784**          Pages:    16

Source:  All Sources > Federal Legal - U.S > Federal Cases After 1944, Combined Courts ⓘ

Terms:   (Edit Search)

View:  Full

Date/Time:  Monday, April 15, 2002 - 12:50 PM EDT

Search | Search Advisor | Get a Document | *Shepard's* ® - Check a Citation

Eclipse ™ | History | Practice Area Pages | Change Client | Options | Feedback | Signoff | Help

About LexisNexis | Terms and Conditions

Copyright © 2002 LexisNexis, a division of Reed Elsevier Inc  All rights reserved.

Search - 59 Results - name (tt boats or transocean 96 or clearsky)                                                         4/15/02 11 54 AM

 LexisNexis™

<table>
<tr><td>Practice Area Pages</td><td>Change Client</td><td>Options</td><td>Feedback</td><td>Sign Off</td><td>Help</td></tr>
</table>

Search ▶ | Search Advisor ▶ | Get a Document ▶ | Shepard's® · Check a Citation ▶                    ECLIPSE™   History

View: Cite | KWIC | Full | Custom                    ◄PREV 20 of 59 NEXT►                    Text Only | Print | Download | Fax | Email

FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | Shepardize® | TOA

In re Complaint of Clearsky Shipping Corp., 1999 U.S. Dist. LEXIS 9435                                    Pages·   3

Source:  All Sources > Federal Legal - U.S. > Federal Cases After 1944, Combined Courts  ⓘ
Terms:   (Edit Search)

*1999 U.S. Dist. LEXIS 9435, \**

IN RE COMPLAINT OF **CLEARSKY** SHIPPING CORP., AS OWNER, AND COSCO (H.K.) SHIPPING COMPANY LIMITED, AS
OWNER OF THE M/V BRIGHT FIELD, FOR EXONERATION FROM OR LIMITATION OF LIABILITY

CIVIL ACTION NO. 96-4099 SECTION "G" (1)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

1999 U.S. Dist. LEXIS 9435

June 21, 1999, Decided
June 21, 1999, Filed

**DISPOSITION:** [*1]  Plaintiffs' motion for summary judgment dismissing the economic loss claim of Gary Thomas d/b/
a Faces, Etc., Ltd. GRANTED.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiffs filed a petition seeking an exoneration or limitation from
liability, pursuant to 46 U.S.C.S. § 183 et seq. and Rule F of the Supplemental Rules for
Certain Admiralty and Maritime Claims, requesting the court to dismiss the claims of
riverwalk retail businesses and their insurers, who sought recovery for economic losses
associated with plaintiff's ship striking and damaging the riverwalk.

**OVERVIEW:** Plaintiff ship owners filed a petition for exoneration from or limitation of liability
requesting the court to dismiss the claims of various riverwalk retail businesses and their
insurers who sought recovery for business interruption or economic losses associated with
plaintiff's ship striking and damaging the riverwalk. The court granted plaintiffs' motion for
summary judgment dismissing claimants' economic loss. The court concluded that claimants
failed to submit any evidence showing that claimants had a proprietary interest in the
damaged property.

**OUTCOME:** The court granted plaintiffs' motion for summary judgment dismissing the
economic loss claims of claimant retail business because claimants failed to establish a
proprietary interest in the damaged property. The court rejected claimants' position that
the economic loss was foreseeable, and therefore, should be allowed.

**CORE TERMS:** summary judgment, economic loss, claimant, lease, allision

**COUNSEL:** James Roussel, Hugh Lambert, Arthur O'Keefe, Robert J. Caluda.

**JUDGES:** MOREY L. SEAR, DISTRICT JUDGE.

**OPINIONBY:** MOREY L. SEAR

**OPINION:** MEMORANDUM AND ORDER



This admiralty proceeding arises from the allision of the M/V BRIGHT FIELD with a portion of the New Orleans riverfront known as the New Orleans Riverwalk on December 14, 1996. Plaintiff Clearsky Shipping Corporation, as owner, and COSCO (H.K.) Shipping Company, Ltd., as manager, of the M/V BRIGHT FIELD, filed a petition for exoneration from or limitation of liability in this district, pursuant to 46 U.S.C. § 183 et seq. and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Admiralty Rules").

On several prior occasions, I have granted summary judgment dismissing the claims of various Riverwalk retail businesses and their property insurers who have sought to recover business interruption losses allegedly sustained as a result of the allision. n1 Limitation plaintiffs now move for summary judgment dismissing the claim of Gary Thomas and Faces, Etc., Ltd. (Claim No. 164) based on the [*2] rule of Robins Dry Dock & Repair Co. v. Flint. n2 In support of the motion, limitation plaintiffs attach a sample lease agreement (Exhibit B) that, upon information and belief, is identical to the one entered into with Gary Thomas d/b/a Faces, Etc., Ltd. n3

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n1 See Memoranda and Orders of November 12, 1997, January 29, 1998 and May 29, 1998.

n2 The motion seeks dismissal only of the demand for economic loss, and does not address any demand for damages to inventory or personal property.

n3 According to limitation plaintiffs, Thomas is one of many claimants who have failed to respond to discovery requests or provide limitation plaintiffs with their lease agreements despite numerous requests and a Rule 37.1 conference.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - -

Thomas opposes summary judgment but does not submit his Lease in opposition to the motion for summary judgment. He urges that although "no proprietary interest on the part of Mr. Thomas is evident by way of the lease," the claim for economic loss was foreseeable and therefore should [*3] be allowed. I previously have rejected this argument by claimants in a position similar to Mr. Thomas, and reject his claim for the reasons stated in my Memoranda and Orders of November 12, 1997, January 6, 1998, January 30, 1998 and April 24, 1998.

Claimant is reminded of the application of 28 U.S.C. § 1292 (a)(3), permitting interlocutory appeals of admiralty and maritime claims.

Accordingly,

IT IS ORDERED that limitation plaintiffs' motion for summary judgment dismissing the economic loss claim of Gary Thomas d/b/a Faces, Etc., Ltd. IS GRANTED.

MOREY L. SEAR

DISTRICT JUDGE

View: Cite | KWIC | Full | Custom          ◄PREV 20 of 59 NEXT►                    Text Only | Print | Download | Fax | Email

FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | Shepardize® | TOA

In re Complaint of Clearsky Shipping Corp., 1999 U.S. Dist. LEXIS 9435                              Pages    3

Source:    All Sources > Federal Legal - U.S > Federal Cases After 1944, Combined Courts ⓘ
Terms:    (Edit Search)
View:    Full
Date/Time:    Monday, April 15, 2002 - 12:49 PM EDT

Search | Search Advisor | Get a Document | Shepard's ® - Check a Citation
Eclipse ™ | History | Practice Area Pages | Change Client | Options | Feedback | Signoff | Help
About LexisNexis | Terms and Conditions

Copyright © 2002 LexisNexis, a division of Reed Elsevier Inc  All rights reserved.

Search - 59 Results - name (tt boats or transocean 96 or clearsky)

 LexisNexis™

| Practice Area Pages | Change Client | Options | Feedback | Sign Off | Help |

Search ▶ | Search Advisor ▶ | Get a Document ▶ | Shepard's® - Check a Citation ▶     ECLIPSE™ | History

View: Cite | KWIC | Full | Custom     ◀PREV 19 of 59 NEXT▶     Text Only | Print | Download | Fax | Email

FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | Shepardize® | TOA

In re Complaint of Clearsky Shipping Corp., 1999 U.S. Dist. LEXIS 10345     Pages    5

Source: All Sources > Federal Legal - U.S > Federal Cases After 1944, Combined Courts ⓘ
Terms: (Edit Search)

*1999 U.S. Dist. LEXIS 10345, ***

IN RE COMPLAINT OF **CLEARSKY** SHIPPING CORP., AS OWNER, AND COSCO (H.K.) SHIPPING COMPANY LIMITED, AS OWNER OF THE M/V BRIGHT FIELD, FOR EXONERATION FROM OR LIMITATION OF LIABILITY

CIVIL ACTION NO. 96-4099 C/W 96-4047, 96-4048, 96-4077, 96-4090, 96-4097, 96-4098, 96-4193, 97-89 SECTION "G" (1)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

1999 U.S. Dist. LEXIS 10345

June 30, 1999, Decided
June 30, 1999, Filed

**DISPOSITION:** **[*1]** Plaintiffs' motion for summary judgment dismissing claims of Carousel Catering & Concession Co., Inc. for loss of business GRANTED.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Limitation plaintiffs moved for summary judgment to dismiss claimant catering company's assertion that it was unable to cater parties as a result of a shipping collision.

**OVERVIEW:** Limitation plaintiff corporation, as owner of limitation plaintiff shipping company, filed a petition for exoneration from or limitation of liability pursuant to 46 U.S.C.S. § 183, et seq. in an admiralty proceeding that arose out of a collision of plaintiff's ship with a portion of the New Orleans riverfront. Claimant had filed a request for reimbursement of lost business revenues which it allegedly would have grossed but for the collision. Limitation plaintiffs moved for summary judgment dismissing the claim of the catering company. The court granted limitation plaintiffs' motion for summary judgment because it found that claimant failed to meet the Robins Dry Dock sufficient propriety interest test because it failed to demonstrate a propriety interest in the riverwalk and did not even have a written contract for its catering engagements. Claimant's opposition had presented no new evidence or argument, but merely had invoked legal arguments previously rejected by the court in connection with prior summary judgment motions under the Robins Dry Dock Rule.

**OUTCOME:** Limitation plaintiffs' motion for summary judgment dismissing claimant catering company's loss of business claim was granted because the court concluded that the claimant had no proprietary interest in the riverwalk and did not even have a written contract for its catering engagements.

**CORE TERMS:** summary judgment, claimant, allision, proprietary interest, cater

**COUNSEL:** For CLEARSKY SHIPPING CORP., as owner of the M/V Bright Field, for exoneration from or limitation of liability, COSCO (H.K.) SHIPPING COMPANY LIMITED, -, as manager, of the M/V Bright Field, for exoneration from or limitation of liability, petitioners (96-CV-4099): John A. Bolles, Janet Wessler Marshall, Terriberry, Carroll & Yancey, New Orleans, LA. Christopher Ogilvie Davis, Robert Clotworthy, George Moore Gilly, James H. Roussel, William Joseph Riviere, Phelps, Dunbar, LLP, New Orleans, LA. Eugene J. O'Connor, Wayne D. Meehan, Freehill, Hogan & Mahar, New York, NY.

For NEW ORLEANS RIVERWALK ASSOCIATES, claimant (96-CV-4099): Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. James G. Burke, Jr., James O. M. Womack, Burke & Mayer, New Orleans, LA. Kimbley Ann Kearney, Clausen, Miller et al, Chicago, IL. Thomas A. McDonald, James J. Knibbs, Clausen Miller PC, Chicago, IL.

For MESSINA'S PASTA INC dba Anthony's Seafood House, (96-CV-4047), PETER L. GLASER, plaintiffs: Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans,LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA.Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Darleen Marie Jacobs, Darleen M. Jacobs, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA. Roy J. Rodney, Jr., Rodney, Bordenave, Boykin, Bennette & Boyle, New Orleans, LA.

For PASTA INTERNATIONAL, INC. dba Pasta International, MESSINA'S ON THE RIVER, INC. dba Messina's Seafood and Poorboy, MESSINA'S T-TOR'S CAJUN BOATS AND CAJUNPOORBOY SHOPPE, M.F.C., INC. dba Messina's Louisiana Grocery, VICTOR - TUSA, individually, and as representativesof a class of those similarly situated, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G.Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA.

For JERE GLASER, JAMES A CAIN, MRS JAMES A CAIN, ANTHONY J TUSA, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA.

For ONE RIVER PLACE INC, MARK DELESDERNIER, JR, ADRIANNE DELESDERNIER, TISHA L HOOKS, individually and as the mother and guardian of Kyrin L. Hooks, GEORGE HERNANDEZ, plaintiffs (96-CV-4048): Gilbert V. Andry, IV, Andry & Andry, New Orleans, LA. Sidney Donecio Torres, III, Roberta L. Burns, Law Offices of Sidney D. Torres, III, Chalmette, LA. Gerald Edward Meunier, Stevan C. Dittman, Gainsburgh, Benjamin, David, Meunier, Noriea & Washauer, New Orleans, La. Michael R. Delesdernier, Michael Delesdernier, Attorney at Law, Metairie, LA.

For ALVIN E JEFFERSON, ALBERT JOHNSON, GLORIA LADNER, plaintiffs (96-CV-4077): Val Patrick Exnoicios & Nungesser, New Orleans, LA. John Leslie Young, John Young, Attorney at Law, New Orleans, LA. Stuart Housel Smith, Law Offices of Sacks & Smith, New Orleans, LA. Randall A. Smith, Laura Tiffany Hawkins, Gladstone N. Jones, III, Smith, Jones & Fawer, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, plaintiff (96-CV-4090): Ivan Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr., Board of Commission of Port of New Orleans,New Orleans, LA. Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For QUEEN OF NEW ORLEANS AT THAT HILTON JOINT VENTURE, plaintiff (96-CV-4097): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Ira Jay Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA. For NEW ORLEANS PADDLEWHEELS, INC., plaintiff (96-CV-4098): Lynn Lachin Lightfoot, James E. Smith, Jr., Smith Martin, New Orleans, LA. Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA. For HEIDI L BAYER, plaintiff: Lyman L. Jones, Jr., Lyman Jones, Jr., Attorney at Law, New Orleans, LA. For HAROLD PAJEAUD, ROBERT PAUL, JR, plaintiffs: Vernon Palmer Thomas, Vernon P. Thomas, Attorney at Law, New Orleans, LA. Thomas Massa Discon, Discon Law Firm, Mandeveille, LA. Harry E. Cantrell, Jr., Cantrell Law Firm, New Orleans, LA. For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, claimant and third-party plaintiff (96-CV-4099): Ivan Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Cynthia J. Thomas, Joseph W. Fritz, Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr. Board of Commission of Port of New Orleans, New Orleans, LA. Mat M. Gray, III, Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For ST PAUL FIRE & MARINE INS CO, claimant (96-CV-4099): Norman Charles Sullivan, Jr., Gelpi, Sullivan, Carroll & Gibbens, New Orleans, LA. Raymond Letulle, Raymond Letulle, Attorney at Law, Philadelphia, PA.

For QUEEN OF NEW ORLEANS, claimant (96-CV-4099): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For INTERNATIONAL RIVERCENTER, HILTON HOTELS CORPORATION, claimants (96-CV-4099): Peter L. Hilbert, Jr., Colvin Gamble Norwood, Jr., Darnell Bludworth, Daniel Thomas Plunkett, McGlinchey, Stafford & Lang, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., claimant (96-CV-4099): Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For ANGELA RUFFIN, DAVID GAINES, Individually and on behalf of D'Juan Mackey and Rachel Mackey, ELTON JOHNSON, claimants (96-CV-4099): G. Michael Grosz, III, Peyton B. Burkhalter, Law Offices of G. Michael Grosz, III, Gretna, LA.

For LAFAYETTE INSURANCE COMPANY, claimant (96-CV-4099): Geoffrey Herr Longenecker, Geoffrey H. Longenecker, Attorney at Law, Covington, LA.

**JUDGES:** MOREY L. SEAR, DISTRICT JUDGE.

**OPINIONBY:** MOREY L. SEAR

**OPINION:** MEMORANDUM AND ORDER

This admiralty proceeding arises from the allision of the M/V BRIGHT FIELD with a portion of the New Orleans riverfront known as the New Orleans Riverwalk. On December 14, 1996, the M/V BRIGHT FIELD was traveling downriver on the Mississippi River, en route to Japan with a cargo of approximately 60,000 metric tons of grain that had been loaded in Reserve, Louisiana. After the M/V BRIGHT FIELD passed underneath the Crescent City Connection, a bridge over the river, it struck and damaged parts of a wharf including the Riverwalk shopping center, One River Place condominiums, the New Orleans Hilton Riverside Hotel, and other nearby structures.

On December 18, 1996, plaintiff Clearsky Shipping Corporation, as owner, and COSCO (H.K.) Shipping Company, Ltd., as manager, of the M/V BRIGHT FIELD, filed a petition for exoneration from or limitation of liability in this district, pursuant to 46 U.S.C. § 183 et seq. and Rule F of the Supplemental Rules for Certain Admiralty and **[*2]** Maritime Claims ("Admiralty Rules").

Limitation plaintiffs now move for summary judgment dismissing the claim of Carousel Catering & Concession Company, Inc. ("Carousel"), a company that claims that it was unable to cater parties at One River Place Condominiums as a result of the allision. The basis for dismissal is the rule of Robins Dry Dock & Repair Co. v. Flint. n1 In support of the motion, limitation plaintiffs present discovery responses demonstrating that Carousel had no proprietary interest in the Riverwalk or One Riverwalk or One River Place and, indeed, did not even have a written contract for the catering engagements.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n1 275 U.S. 303, 308-09, 48 S. Ct. 134, 72 L. Ed. 290 (1927).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Claimants oppose the motion, urging that the oral contracts to cater parties on New Years Eve and for the Superbowl for tenants of One River Place, which allegedly would have grossed $ 30,000 for Carousel, represent sufficient proprietary interest to avoid the rule of Robins Dry Dock. In support of its claim, Carousel offers no new evidence or **[*3]** arguments, but merely invokes legal arguments rejected by the court in connection with prior motions for summary judgment under Robins Dry Dock.

On several prior occasions, I have granted summary judgment dismissing the claims of various businesses and their property insurers who seek to recover business interruption losses allegedly sustained by the businesses as a result of the allision. n2 The economic loss claim asserted by this claimant is even more tenuous than those I have rejected previously. Therefore, summary judgment shall be granted in favor of limitation plaintiffs.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n2 See e.g. Memoranda and Orders of November 12, 1997, January 29, 1998 and May 29, 1998.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Claimant is reminded of the application of 28 U.S.C. § 1292 (a)(3), permitting interlocutory appeals of admiralty and maritime claims.

Accordingly,

IT IS ORDERED that limitation plaintiffs' motion for summary judgment dismissing the claims of Carousel Catering & Concession Co., Inc. for loss of business IS GRANTED.

MOREY L. SEAR

DISTRICT [*4] JUDGE

---

View: Cite | KWIC | Full | Custom          ◀PREV 19 of 59 NEXT▶          Text Only | Print | Download | Fax | Email

FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | Shepardize® | TOA

In re Complaint of Clearsky Shipping Corp., 1999 U.S. Dist. LEXIS 10345          Pages    5

Source:  All Sources > Federal Legal - U.S. > Federal Cases After 1944, Combined Courts ⓘ
Terms:  (Edit Search)
View:  Full
Date/Time:  Monday, April 15, 2002 - 12:48 PM EDT

Search | Search Advisor | Get a Document | Shepard's ® - Check a Citation
Eclipse ™ | History | Practice Area Pages | Change Client | Options | Feedback | Signoff | Help
About LexisNexis | Terms and Conditions

Copyright © 2002 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

 LexisNexis™

| Practice Area Pages | Change Client | Options | Feedback | Sign Off | Help |

Search ▶ | Search Advisor ▶ | Get a Document ▶ | Shepard's® Check a Citation ▶          ECLIPSE™  History

View: Cite | KWIC | Full | Custom          ◀PREV  18 of 59  NEXT▶          Text Only | Print | Download | Fax | Email
FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | Shepardize® | TOA

In re Complaint of Clearsky Shipping Corp., 1999 U.S. Dist. LEXIS 10832          Pages    6

Source:  All Sources > Federal Legal - U.S > Federal Cases After 1944, Combined Courts ⓘ
Terms:   (Edit Search)

*1999 U.S. Dist. LEXIS 10832, ***

IN RE COMPLAINT OF **CLEARSKY** SHIPPING CORP., AS OWNER, AND COSCO (H.K.) SHIPPING COMPANY LIMITED, AS
OWNER OF THE M/V BRIGHT FIELD, FOR EXONERATION FROM OR LIMITATION OF LIABILITY

CIVIL ACTION NO. 96-4099 SECTION "G" (1)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

1999 U.S. Dist. LEXIS 10832

July 9, 1999, Decided
July 12, 1999, Filed

**DISPOSITION: [*1]** Plaintiffs' motion for summary judgment dismissing the claims of Stella Callis and Lionel
Barrera d/b/a Dazzlings and Trade Winds Marketing, Inc. (claim nos. 691, 640 and 641) GRANTED.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Plaintiffs, ship owner and manager, filed a petition seeking
exoneration or limitation of liability for claims brought against it after its ship struck a
wharf causing damage to various businesses. Claimants sought recovery for business
interruption or economic losses associated with the closing of the wharf.

**OVERVIEW:** Plaintiffs, ship owner and manager, filed a petition for exoneration from or
limitation of liability after its ship struck and damaged parts of a wharf including a
shopping center, condominium, hotel, and other structures. Plaintiff sought to dismiss
the claims to the extent they sought business interruption or economic losses
associated with the closing of the wharf. The court granted summary judgment in
favor of plaintiff and held that claimants failed to demonstrate that they had a
proprietary interest in the property damaged. Court held that absent evidence that
claimants' businesses had a proprietary interest in the property damaged, they could
not recover for business interruption or economic losses associated with the closing of
the wharf.

**OUTCOME:** The court granted plaintiffs summary judgment and held that claimants failed
to show that they had a proprietary interest in the property damaged by plaintiffs'
ship. Therefore, claimants were not entitled to recover for economic losses associated
with the wharf closing.

**CORE TERMS:** summary judgment, claimants, interruption, allision, proprietary interest, economic loss, damaged

**COUNSEL:** For CLEARSKY SHIPPING CORP., as owner of the M/V Bright Field, for exoneration from or limitation of
liability, COSCO (H.K.) SHIPPING COMPANY LIMITED, -, as manager, of the M/V Bright Field, for exoneration from
or limitation of liability, petitioners (96-CV-4099): John A. Bolles, Janet Wessler Mars̄

Yancey, New Orleans, LA. Christopher Ogilvie Davis, Robert Clotworthy, George Moore Gilly, James H. Roussel, William Joseph Riviere, Phelps, Dunbar, LLP, New Orleans, LA. Eugene J. O'Connor, Wayne D. Meehan, Freehill, Hogan & Mahar, New York, NY.
For NEW ORLEANS RIVERWALK ASSOCIATES, claimant (96-CV-4099): Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. James G. Burke, Jr., James O. M. Womack, Burke & Mayer, New Orleans, LA. Kimbley Ann Kearney, Clausen, Miller et al, Chicago, IL. Thomas A. McDonald, James J. Knibbs, Clausen Miller PC, Chicago, IL.

For MESSINA'S PASTA INC dba Anthony's Seafood House, (96-CV-4047), PETER L. GLASER, plaintiffs: Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans,LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Darleen Marie Jacobs, Darleen M. Jacobs, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA. Roy J. Rodney, Jr., Rodney, Bordenave, Boykin, Bennette & Boyle, New Orleans, LA.

For PASTA INTERNATIONAL, INC. dba Pasta International, MESSINA'S ON THE RIVER, INC. dba Messina's Seafood and Poorboy, MESSINA'S T-TOR'S CAJUN BOATS AND CAJUNPOORBOY SHOPPE, M.F.C., INC. dba Messina's Louisiana Grocery, VICTOR - TUSA, individually, and as representatives of a class of those similarly situated, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G.Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA.

For JERE GLASER, JAMES A CAIN, MRS JAMES A CAIN, ANTHONY J TUSA, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA.

For ONE RIVER PLACE INC, MARK DELESDERNIER, JR, ADRIANNE DELESDERNIER, TISHA L HOOKS, individually and as the mother and guardian of Kyrin L. Hooks, GEORGE HERNANDEZ, plaintiffs (96-CV-4048): Gilbert V. Andry, IV, Andry & Andry, New Orleans, LA. Sidney Donecio Torres, III, Roberta L. Burns, Law Offices of Sidney D. Torres, III, Chalmette, LA. Gerald Edward Meunier, Stevan C. Dittman, Gainsburgh, Benjamin, David, Meunier, Noriea & Washauer, New Orleans, LA. Michael R. Delesdernier, Michael Delesdernier, Attorney at Law, Metairie, LA.

For ALVIN E JEFFERSON, ALBERT JOHNSON, GLORIA LADNER, plaintiffs (96-CV-4077): Val Patrick Exnoicios & Nungesser, New Orleans, LA. John Leslie Young, John Young, Attorney at Law, New Orleans, LA. Stuart Housel Smith, Law Offices of Sacks & Smith, New Orleans, LA. Randall A. Smith, Laura Tiffany Hawkins, Gladstone N. Jones, III, Smith, Jones & Fawer, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, plaintiff (96-CV-4090): Ivan Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr., Board of Commission of Port of New Orleans,New Orleans, LA. Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For QUEEN OF NEW ORLEANS AT THAT HILTON JOINT VENTURE, plaintiff (96-CV-4097): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Ira Jay Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., plaintiff (96-CV-4098): Lynn Lachin Lightfoot, James E. Smith, Jr., Smith Martin, New Orleans, LA. Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For HEIDI L BAYER, plaintiff: Lyman L. Jones, Jr., Lyman Jones, Jr., Attorney at Law, New Orleans, LA. For HAROLD PAJEAUD, ROBERT PAUL, JR, plaintiffs: Vernon Palmer Thomas, Vernon P. Thomas, Attorney at Law, New Orleans, LA. Thomas Massa Discon, Discon Law Firm, Mandeville, LA. Harry E. Cantrell, Jr., Cantrell Law Firm, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, claimant and third-party plaintiff (96-CV-4099): Ivan Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Cynthia J. Thomas, Joseph W. Fritz, Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr. Board of Commission of Port of New Orleans, New Orleans, LA. Mat M. Gray, III, Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For ST PAUL FIRE & MARINE INS CO, claimant (96-CV-4099): Norman Charles Sullivan, Jr., Gelpi, Sullivan, Carroll & Gibbens, New Orleans, LA. Raymond Letulle, Raymond Letulle, Attorney at Law, Philadelphia, PA.

For QUEEN OF NEW ORLEANS, claimant (96-CV-4099): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For INTERNATIONAL RIVERCENTER, HILTON HOTELS CORPORATION, claimants (96-CV-4099): Peter L. Hilbert, Jr., Colvin Gamble Norwood, Jr., Darnell Bludworth, Daniel Thomas Plunkett, McGlinchey, Stafford & Lang, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., claimant (96-CV-4099): Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For ANGELA RUFFIN, DAVID GAINES, Individually and on behalf of D'Juan Mackey and Rachel Mackey, ELTON JOHNSON, claimants (96-CV-4099): G. Michael Grosz, III, Peyton B. Burkhalter, Law Offices of G. Michael Grosz, III, Gretna, LA.

For LAFAYETTE INSURANCE COMPANY, claimant (96-CV-4099): Geoffrey Herr Longenecker, Geoffrey H. Longenecker, Attorney at Law, Covington, LA.

**JUDGES:** MOREY L. SEAR, DISTRICT JUDGE.

**OPINIONBY:** MOREY L. SEAR

**OPINION:** MEMORANDUM AND ORDER

This admiralty proceeding arises from the allision of the M/V BRIGHT FIELD with a portion of the New Orleans riverfront known as the New Orleans Riverwalk. On December 14, 1996, the M/V BRIGHT FIELD was traveling downriver on the Mississippi River, en route to Japan with a cargo of approximately 60,000 metric tons of grain that had been loaded in Reserve, Louisiana. After the M/V BRIGHT FIELD passed underneath the Crescent City Connection, a bridge over the river, it struck and damaged parts of a wharf including the Riverwalk shopping center, One River Place condominium, the New Orleans Hilton Riverside Hotel, and other nearby structures.

On December 18, 1996, plaintiff Clearsky Shipping Corporation, as owner, and COSCO (H.K.) Shipping Company, Ltd., as manager, of the M/V BRIGHT FIELD, filed a petition for exoneration from or limitation of liability in this district, pursuant to 46 U.S.C. § 183 [*2] et seq. and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Admiralty Rules").

On several prior occasions, I have granted summary judgment dismissing the claims of various businesses and their property insurers who seek to recover business interruption losses allegedly sustained by the businesses as a result of the allision, based on the rule of Robins Dry Dock & Repair Co. v. Flint. n1

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n1 275 U.S. 303, 308-09, 48 S. Ct. 134, 72 L. Ed. 290; See Memorandum and Orders of November 12, 1997, January 29, 1998 and May 29, 1998.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Limitation plaintiffs once again move for summary judgment dismissing the claims of Stella Callis and Lionel Barrera d/b/a Dazzlings and Trade Winds Marketing, Inc. (claim nos. 691, 640 and 641), to the extent that they seek business interruption/economic losses associated with the closing of the Riverwalk. In support of the motion, limitation plaintiffs point to the absence of evidence that these businesses had a proprietary interest in the property damaged by the allision. **[*3]**

Claimants oppose the motion, but offer no evidence or arguments in support of their claims beyond evidence and arguments previously rejected in connection with such business interruption claims. Although claimants correctly urge that recovery of business losses might be permitted where shop owners have made improvements to leased property, n2 they fail to demonstrate via their particular lease and/or other evidence that they have a proprietary interest in the property.

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n2 See Memorandum and Order dated November 3, 1998.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

I find that the economic loss claims asserted by these claimants are indistinguishable from the economic loss claims of the previously dismissed business interruption claims. Therefore, summary judgment shall be granted in favor of limitation plaintiffs.

Claimants are reminded of the application of 28 U.S.C. § 1292 (a)(3), permitting interlocutory appeals of admiralty and maritime claims.

Accordingly,

IT IS ORDERED that limitation plaintiffs' motion for summary **[*4]** judgment dismissing the claims of Stella Callis and Lionel Barrera d/b/a Dazzlings and Trade Winds Marketing, Inc. (claim nos. 691, 640 and 641) IS GRANTED.

MOREY L. SEAR

DISTRICT JUDGE

---

View: Cite | KWIC | **Full** | Custom              ◀PREV 18 of 59 NEXT▶              Text Only | Print | Download | Fax | Email
                          FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | Shepardize® | TOA

In re Complaint of Clearsky Shipping Corp., 1999 U.S. Dist. LEXIS 10832                    Pages:    6

Source:  All Sources > Federal Legal - U S > Federal Cases After 1944, Combined Courts ⓘ
 Terms:  (Edit Search)
  View:  Full
Date/Time:  Monday, April 15, 2002 - 12:48 PM EDT

Search | Search Advisor | Get a Document | Shepard's ® - Check a Citation
Eclipse ™ | History | Practice Area Pages | Change Client | Options | Feedback | Signoff | Help
About LexisNexis | Terms and Conditions

Copyright © 2002 LexisNexis, a division of Reed Elsevier Inc All rights reserved

Search - 59 Results - name (tt boats or transocean 96 or clearsky)　　　　　　　　　　4/15/02 11 53 AM

 LexisNexis™

[ Practice Area Pages ] [ Change Client ] **Options** **Feedback** **Sign Off** **Help**

| Search ▶ | Search Advisor ▶ | Get a Document ▶ | Shepard's® Check a Citation ▶ |　　　　ECLIPSE™ **History**

View: Cite | KWIC | Full | Custom　　　　◀PREV 15 of 59 NEXT▶　　　　Text Only | Print | Download | Fax | Email
　　　　FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | Shepardize® | TOA

In re Complaint of Clearsky Shipping Corp., 1999 U.S. Dist. LEXIS 14379　　　　Pages:　**17**

Source: All Sources > Federal Legal - U.S. > Federal Cases After 1944, Combined Courts ⓘ
Terms:　(Edit Search)

*1999 U.S. Dist. LEXIS 14379, \**

IN RE COMPLAINT OF **CLEARSKY** SHIPPING CORP., AS OWNER, AND COSCO (H.K.) SHIPPING COMPANY LIMITED, AS OWNER OF THE M/V BRIGHT FIELD, FOR EXONERATION FROM OR LIMITATION OF LIABILITY

CIVIL ACTION NO. 96-4099 SECTION "G" (1)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

1999 U.S. Dist. LEXIS 14379

September 7, 1999, Decided
September 8, 1999, Filed

**DISPOSITION:** [\*1]　Limitation plaintiffs' motion for summary judgment GRANTED in part and DENIED in part.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Insurance company in its capacity as subrogee for claims paid brought claims against limitation in limitation of liability action pursuant to 46 U.S.C. S. § 183 et seq. Claims resulted when plaintiff's vessel rammed a riverside shopping mall and damaged many businesses. Limited liability plaintiff moved for summary judgment.

**OVERVIEW:** Claimant insurance company in its capacity as subrogee for claims it had paid brought claims against limitation in limitation of liability action pursuant to 46 U.S.C. S. § 183 et seq. and limited liability plaintiff vessel owner and operator moved for summary judgment. Claims resulted when plaintiff's vessel crashed into a riverside shopping mall and sustained major damage to many businesses. Two of the insureds were lessees whose businesses were directly hit and completely destroyed by the freighter, and a third was a business that sustained particularly extreme water damage. The court distinguished the claims of those three, which arguably had suffered direct damage to personal property or direct and significant maintenance and repair obligations, and denied summary judgment on those claims. The court granted summary judgment dismissing other claims that sought purely economic claims, as barred by the Robins Dry Dock doctrine.

**OUTCOME:** Limitations plaintiff was granted summary judgment on all claims for purely economic loss or loss of income under the Robbins Dry Dock doctrine. As to the three businesses which sustained more than nominal damage directly to personal property or had maintenance and repair obligations, summary judgment was denied.

**CORE TERMS:** economic loss, tenant, insured, proprietary interest, allision, summary judgment, personal property, repair, ongoing, lease, shop, damaged, mall, dust, landlord, inventory, leased, recoverable, urge, interruption, destroyed, totaling, closure, water damage, merchandise, cleaning, fixtures, lessee, stock, hit

### CORE CONCEPTS - ◆ Hide　Concepts




Civil Procedure : Summary Judgment : Summary Judgment Standard

Summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.


Admiralty Law : Shipping : Limitation of Liability

Absent a showing of injury to person or property, pure economic loss arising from a maritime tort is not recoverable under maritime law, even if such losses were a foreseeable consequence of the tortfeasor's conduct. Thus, a party whose rights derive from a contractual, business arrangement, cannot recover in tort from a party with whom it has no relationship if it cannot show the requisite level of interest in the damaged property itself.

Admiralty Law : Shipping : Limitation of Liability

Under maritime jurisprudence, a proprietary interest may be found only where a party is able to demonstrate control over property tantamount to ownership. The Fifth Circuit has pointed to three factors that inform the determination of whether a party who is not the title owner nevertheless has the requisite proprietary interest: (1) actual possession or control; (2) responsibility for repair; and (3) responsibility for maintenance.

**COUNSEL:** For CLEARSKY SHIPPING CORP., as owner of the M/V Bright Field, for exoneration from or limitation of liability, COSCO (H.K.) SHIPPING COMPANY LIMITED, -, as manager, of the M/V Bright Field, for exoneration from or limitation of liability, petitioners (96-CV-4099): John A. Bolles, Janet Wessler Marshall, Terriberry, Carroll & Yancey, New Orleans, LA. Christopher Ogilvie Davis, Robert Clotworthy, George Moore Gilly, James H. Roussel, William Joseph Riviere, Phelps, Dunbar, LLP, New Orleans, LA. Eugene J. O'Connor, Wayne D. Meehan, Freehill, Hogan & Mahar, New York, NY.
For NEW ORLEANS RIVERWALK ASSOCIATES, claimant (96-CV-4099): Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. James G. Burke, Jr., James O. M. Womack, Burke & Mayer, New Orleans, LA. Kimbley Ann Kearney, Clausen, Miller et al, Chicago, IL. Thomas A. McDonald, James J. Knibbs, Clausen Miller PC, Chicago, IL.

For MESSINA'S PASTA INC dba Anthony's Seafood House, (96-CV-4047), PETER L. GLASER, plaintiffs: Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans,LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Darleen Marie Jacobs, Darleen M. Jacobs, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA. Roy J. Rodney, Jr., Rodney, Bordenave, Boykin, Bennette & Boyle, New Orleans, LA.

For PASTA INTERNATIONAL, INC. dba Pasta International, MESSINA'S ON THE RIVER, INC. dba Messina's Seafood and Poorboy, MESSINA'S T-TOR'S CAJUN BOATS and CAJUNPOORBOY SHOPPE, M.F.C., INC. dba Messina's Louisiana Grocery, VICTOR - TUSA, individually, and as representatives of a class of those similarly situated, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G.Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA.

For JERE GLASER, JAMES A CAIN, MRS JAMES A CAIN, ANTHONY J TUSA, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA.

For ONE RIVER PLACE INC, MARK DELESDERNIER, JR, ADRIANNE DELESDERNIER, TISHA L HOOKS, individually and as the mother and guardian of Kyrin L. Hooks, GEORGE HERNANDEZ, plaintiffs (96-CV-4048): Gilbert V. Andry, IV, Andry & Andry, New Orleans, LA. Sidney Donecio Torres, III, Roberta L. Burns, Law Offices of Sidney D. Torres, III, Chalmette, LA. Gerald Edward Meunier, Stevan C. Dittman, Gainsburgh, Benjamin, David, Meunier, Noriea &

Washauer, New Orleans, La. Michael R. Delesdernier, Michael Delesdernier, Attorney at Law, Metairie, LA.

For ALVIN E JEFFERSON, ALBERT JOHNSON, GLORIA LADNER, plaintiffs (96-CV-4077): Val Patrick Exnoicios & Nungesser, New Orleans, LA. John Leslie Young, John Young, Attorney at Law, New Orleans, LA. Stuart Housel Smith, Law Offices of Sacks & Smith, New Orleans, LA. Randall A. Smith, Laura Tiffany Hawkins, Gladstone N. Jones, III, Smith, Jones & Fawer, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, plaintiff (96-CV-4090): Ivan Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr., Board of Commission of Port of New Orleans,New Orleans, LA. Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For QUEEN OF NEW ORLEANS AT THAT HILTON JOINT VENTURE, plaintiff (96-CV-4097): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Ira Jay Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., plaintiff (96-CV-4098): Lynn Lachin Lightfoot, James E. Smith, Jr., Smith Martin, New Orleans, LA. Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For HEIDI L BAYER, plaintiff: Lyman L. Jones, Jr., Lyman Jones, Jr., Attorney at Law, New Orleans, LA. For HAROLD PAJEAUD, ROBERT PAUL, JR, plaintiffs: Vernon Palmer Thomas, Vernon P. Thomas, Attorney at Law, New Orleans, LA. Thomas Massa Discon, Discon Law Firm, Mandeville, LA. Harry E. Cantrell, Jr., Cantrell Law Firm, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, claimant and third-party plaintiff (96-CV-4099): Ivan Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Cynthia J. Thomas, Joseph W. Fritz, Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr. Board of Commission of Port of New Orleans, New Orleans, LA. Mat M. Gray, III, Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For ST PAUL FIRE & MARINE INS CO, claimant (96-CV-4099): Norman Charles Sullivan, Jr., Gelpi, Sullivan, Carroll & Gibbens, New Orleans, LA. Raymond Letulle, Raymond Letulle, Attorney at Law, Philadelphia, PA.

For QUEEN OF NEW ORLEANS, claimant (96-CV-4099): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For INTERNATIONAL RIVERCENTER, HILTON HOTELS CORPORATION, claimants (96-CV-4099): Peter L. Hilbert, Jr., Colvin Gamble Norwood, Jr., Darnell Bludworth, Daniel Thomas Plunkett, McGlinchey, Stafford & Lang, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., claimant (96-CV-4099): Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For ANGELA RUFFIN, DAVID GAINES, Individually and on behalf of D'Juan Mackey and Rachel Mackey, ELTON JOHNSON, claimants (96-CV-4099): G. Michael Grosz, III, Peyton B. Burkhalter, Law Offices of G. Michael Grosz, III, Gretna, LA.

For LAFAYETTE INSURANCE COMPANY, claimant (96-CV-4099): Geoffrey Herr Longenecker, Geoffrey H. Longenecker, Attorney at Law, Covington, LA.

**JUDGES:** MOREY L. SEAR, U.S. DISTRICT JUDGE.

**OPINIONBY:** MOREY L. SEAR

**OPINION:** MEMORANDUM AND ORDER

This admiralty proceeding arises from the allision of the M/V BRIGHT FIELD with a portion of the New Orleans riverfront known as the New Orleans Riverwalk on December 14, 1996. Plaintiff Clearsky Shipping Corporation, as owner, and COSCO (H.K.) Shipping Company, Ltd., as manager, of the M/V BRIGHT FIELD, filed a petition for exoneration from or limitation of liability in this district, pursuant to 46 U.S.C. § 183 et seq. and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Admiralty Rules").

On several prior occasions, I have granted summary judgment dismissing the claims of various Riverwalk retail businesses and their property insurers who have sought to recover business interruption losses allegedly sustained as a result of the allision, n1 based on the rule of Robins Dry Dock & Repair Co. v. Flint. n2 I now address limitation plaintiffs' motion for summary judgment dismissing the business interruption claims of various Riverwalk businesses insured **[*2]** by Lafayette Insurance Company ("Lafayette"), for whom Lafayette is now a partial subrogee.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n1 See Memoranda and Orders of November 12, 1997, January 29, 1998 and May 29, 1998.

n2 The motion seeks dismissal only of the demand for economic loss, and does not address any demand for damages to inventory or personal property.

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Discussion

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." n3 This language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." n4 The non-moving party must go beyond the pleadings and designate specific facts **[\*3]** showing there is a genuine issue for trial. n5 Issues of material fact are genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. n6

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n3 Fed.R.Civ.P. 56 (c).

n4 Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

n5 Id. at 324, 106 S. Ct. at 2553.

n6 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Before me once again is the question of whether certain Riverwalk businesses are able to satisfy the maritime tort requirement of physical injury to a proprietary interest, as set forth in Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303, 308-09, 48 S. Ct. 134, 135, 72 L. Ed. 290 (1927). In Robins, the Supreme Court held that, absent a showing of injury to person or property, pure economic loss arising from a maritime tort is not recoverable, even if such losses were a foreseeable consequence **[\*4]** of the tortfeasor's conduct. Id. Thus, Robins precludes a party whose rights derive from a contractual, business arrangement from suing in tort a party with whom it has no relationship if it cannot show the requisite level of interest in the damaged property itself. n7

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n7 See Texas Eastern Transmission Corp. v. McMoran Offshore Exploration Co., 877 F.2d 1214, 1224 (5th Cir. 1989).

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

The Fifth Circuit has remained dedicated to the principle set forth in Robins and has been extremely "reluctant to recognize claims based solely on harm of the interest in contractual relations or business expectancy." n8 Employing a practical test that examines the character of the interest harmed, the court has denied recovery to, inter alia, a railroad for damages resulting from interference with its use of a bridge which the railroad had a contractual right to use; n9 a lessee of part of a dock for damages resulting from interference with its use of the berth it had leased from the owner of the dock; **[\*5]** n10 and a natural gas producer for loss of production based on damage to a 20-inch pipeline owned by another company, in spite of producer's maintenance of appurtenances to the pipeline. n11

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n8 Vicksburg Towing Co. v. Mississippi Marine Transport Co., 609 F.2d 176, 177 (citations omitted).

n9 Louisville & Nashville RR Co. v. the M/V BAYOU LACOMBE, 597 F.2d 469 (5th Cir. 1979).

n10 IMTT-Gretna v. Robert E. Lee SS, 993 F.2d 1193 (5th Cir. 1993).

n11 Texas Eastern, 877 F.2d at 1224.

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

It is undisputed that the December 14, 1996 allision damaged only part of the Riverwalk. As a result, however, the entire mall was closed for approximately a month following the incident, during the busy Christmas, New Years, Sugar Bowl and Super Bowl season. Portions of the mall that sustained the brunt of the damage were closed longer, some for over a year.

Of course, a claimant who is able to demonstrate a proprietary interest in the portions **[*6]** of the mall directly damaged by the incident will not be barred from recovering economic loss. ✦Under maritime jurisprudence, which I have more thoroughly outlined in prior orders, n12 a proprietary interest may be found only where a party is able to demonstrate control over property tantamount to ownership. n13 The Fifth Circuit has pointed to three factors that inform the determination of whether a party who is not the "title" owner nevertheless has the requisite proprietary interest: (1) actual possession or control; (2) responsibility for repair; and (3) responsibility for maintenance. n14

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n12 See Memoranda & Orders of November 12, 1997, January 29, 1998, May 29, 1998, July 28, 1998 and November 3, 1998.

n13 See State of Louisiana ex rel Guste v. M/V TESTBANK, 752 F.2d 1019 (5th Cir. 1985).

n14 See IMTT Gretna, 993 F.2d at 1194; Texas Eastern, 877 F.2d at 1225.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

To date, no tenant has demonstrated sufficient interest in the leased premises to **[*7]** survive summary judgment. I have rejected arguments that routine maintenance of portions of the Riverwalk not directly damaged by the allision is sufficient to endow a tenant with functional possession and control of the entire Riverwalk. I also have rejected arguments that the mall and its shops are so permanently and completely integrated that physical damage to a portion of the mall in which a lessee has not demonstrated a proprietary interest nevertheless endows the lessee with a proprietary interest in the mall as a whole. n15

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n15 To date, no tenant has established a proprietary interest in any portion of the Riverwalk so as to urge a right to recover losses to portions "integrated" with the portion in which it has a proprietary interest. See Domar Ocean Transp., Ltd. v. M/V ANDREW MARTIN, 754 F.2d 616, 617 (5th Cir. 1985)(allowing a plaintiff to recover for the loss of use of both the barge *he owned* and the tug for which he had contracted, based on damage to the barge and plaintiff's expenditure of $ 350,000 to integrate the barge and tug).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - **[*8]**

Although I have recognized that a business may recover for damage to its personal property (e.g. fixtures, inventory and other movable property), and possibly for economic loss *attributable* to such damage, no tenant, to date, has survived summary judgment on such an economic loss claim. n16

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n16 See, e.g., Memorandum and Order dated July 28, 1998 (claim of Victoria's Secret).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Lafayette, as subrogee, now seeks to recover for losses it paid eleven insureds who were businesses located in the Riverwalk at the time of the incident. Limitation plaintiffs seek summary judgment dismissing these claims to the extent that they seek purely economic claims barred by Robins Dry Dock. In opposition to the motion for summary judgment, Lafayette has submitted voluminous documents from its files, including summaries of payments to its insureds for various types of losses resulting from the relevant incident. It also has submitted the affidavit of its adjuster, Rita Heagy, which contains conclusory assertions but does **[*9]** not direct the court to specific evidence supporting such assertions.

As will be discussed below, Lafayette seeks to recover various categories of loss it paid its insureds. Two categories of loss - "income loss" and "ongoing expenses" - are at issue in this motion. According to Lafayette's policy, "business income means the (1) net income (Net Profit or Loss before income taxes) that would have been earned or incurred; and (2) Continuing normal operating expenses incurred, including payroll. Both of these items, then, represent purely economic loss which, in order to be recoverable, must have arisen from damage to property in which the insureds had a proprietary interest.



I have reviewed Lafayette's arguments and submissions. With respect to the majority of its insureds, there was no direct damage to the leased premises and Lafayette falls back on the argument that dust and/or water damage represent "damage to a proprietary interest" that will open the door to recovery of economic loss. There are two problems with this. First, with regard to what type of damage qualifies as damage to a proprietary interest within the meaning of Robins Dry Dock. I am convinced from the jurisprudence **[*10]** that one must show something more than nominal clean-up costs associated with the settling of dust on inventory or the accumulation of water on floors. n17 Further, where a claimant urges a right to *economic loss* in connection with damage to movables in which it has a proprietary interest, I previously have held that, pursuant to Robins, such economic loss is not recoverable absent an association between the damage to the movable property and the economic loss claimed. That is, if the economic loss sought by a claimant was in actuality caused by the closing of the Riverwalk to repair portions in which the tenant has not demonstrated a proprietary interest, the tenant is not really seeking recovery for damage to its property, but rather is seeking economic loss barred by Robins Dry Dock.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n17 See, e.g., <u>Pennzoil Producing Co. v. Offshore Express, Inc., 943 F.2d 1465, 1473 (5th Cir. 1991)</u> (structural changes in natural gas well caused by allision and rupture of pipeline owned by another constituted physical damage to well, permitting recovery by owner of well **for physical damage** in amount of approximately $ 150,000).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - **[*11]**

Two of Lafayette's insureds were lessees whose businesses were directly hit and completely destroyed by the freighter. n18 Another was a business that sustained particularly extreme water damage. n19 These claims present closer questions than those of the eight remaining insureds.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n18 The Doll Cottage and Bayou Bangles.

n19 Pierre Crawdeaux.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

I address the claim for each insured business separately. A. Zorba's Greek Fashions & Gifts

Lafayette maintains that claims for actual physical damage to merchandise were paid totaling $ 6,122.16. n20 Further, based on the final report of its accountant, Joseph Balfour, Lafayette ultimately paid $ 1,212.00 for "business interruption" loss, n21 in spite of at least two earlier reports that suggested that Zorba's had not sustained any calculable business interruption loss. n22 Lafayette also paid $ 384.00 for "ongoing expenses" (payroll, utilities, phone, parking) during the period the Riverwalk was closed. n23

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n20 Affidavit of Rita Heagy, Lafayette Adjuster, Exhibit 2 to Lafayette's Supplemental Memorandum in Opposition, at p. 3. **[*12]**

n21 See Exhibit A to Lafayette's initial memorandum opposing summary judgment, Report dated January 28, 1998.

n22 See id., Reports of Joseph Balfour dated March 3, 1997 and March 15, 1997.

n23 See March 14, 1997 correspondence from Rita Heagy and January 28, 1998 Report of Joseph Balfour.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

The documents submitted by Lafayette indicate that Zorba's was not directly damaged by the vessel's striking the Riverwalk, though some of Zorba's personal property sustained water damage from exploding water pipes. Lafayette argues that the business interruption loss cannot be broken down to reflect the loss attributable to damage to personal as opposed to leased property.

Contrary to Lafayette's argument, correspondence from the owner of Zorba's characterizes the business interruption loss as the loss of income resulting from the closing of the Riverwalk between December 14, 1996 and January 23, 1997. n24 Because the claim for $ 1596.00 appears to be for loss of business expectancy due to repairs to portions of the Riverwalk in which this insured has not demonstrated a proprietary interest, **[*13]** the claim is barred by Robins Dry Dock.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -



n24 See id., Correspondence of November 13, 1997 from Evangelos Kanellos to Rita Heagy.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Summary judgment is granted, denying the $ 1596.00 in economic loss.

B. Photo Op

Lafayette represents that it paid claims for damages to Photo Op's equipment in the amount of $ 3,564.21. It also paid claims relative to "ongoing expenses" in the amount of $ 4,519.21. Although in its original opposition, Lafayette conceded that it could "not contend that the 'ongoing expense' claim is not for 'economic loss' solely related to the closure of the Riverwalk," n25 it now conclusorily urges that the "ongoing expenses" were incurred "as a result of closure of the Riverwalk *and* for the cleaning of the premises, including furniture and fixtures and stock as well as improvements, and for the responsibility accepted by the insured and reimbursed by the company." n26 Lafayette points to no evidence tending to prove this, however.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n25 June 11, 1999 Opposition at p. 3. **[*14]**

n26 Affidavit of Rita Heagy at p. 4.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Lafayette's bare assertion that it cannot explain the extent to which this loss was attributable to broken equipment as opposed to closure of the Riverwalk does not suffice to overcome summary judgment.

Summary judgment is granted denying the Photo Op economic loss claims totaling $ 4,519.21.

3. Doll Cottage

Lafayette states that it paid claims in the amount of $ 33,718.75 for damages to the Doll Cottage's stock, fixtures and furniture. It also paid claims totaling approximately $ 45,125.83 for economic losses ("ongoing expenses" and "loss of income") incurred between the date of the allision and January 1998 when the Doll Cottage was returned to its original location. Lafayette contends that the economic losses resulted from both damage to the tenant's personal property and from numerous relocations of the shop during the period of reconstruction.

The space leased by the Doll Cottage, a retail store engaged in selling collectible dolls and accessories, was on the second floor of the Riverwalk and was completely destroyed by the allision. The store had **[*15]** been open for only three weeks prior to the incident, pursuant to a Lease Agreement for the term of November 24, 1996 to April 30, 1997. n27 Between the December 14, 1996 incident and approximately January 20, 1998, the business relocated several times (a cart; a wall; and a temporary space) until a permanent space was again provided for the tenant.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n27 I do not address at this time the accuracy of any projected lost profits sustained by the Doll Cottage during its approximately year-long displacement.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Pursuant to its Lease, which it had entered only three weeks before the allision, the Doll Cottage had use and occupancy of the leased premises during the term of the Lease. n28 However, the Lease placed a number of restrictions on the tenant's control of the premises. Most significantly, the Lease prohibited the tenant from making alterations or improvements without the Landlord's consent and from subletting or assigning the Lease without the Landlord's consent. n29 It also allowed the Landlord, at its sole discretion, **[*16]** to relocate the tenant to equivalent premises or premises acceptable to the tenant or, absent agreement, to terminate the Lease due to reconfiguration of the mall. n30 The tenant's right of use of the premises, then, was by no means absolute.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n28 See Lease Agreement, attached as part of Exhibit 3 to Opposition to Motion for Summary Judgment.

n29 See Sections 7 and 10, respectively.

n30 See Section 21.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

During the term of the Lease, the tenant was responsible for maintaining and repairing "the premises or any installations, equipment or facilities . . . to Landlord's specifications." n31 The tenant also agreed to provide all-risk casualty insurance for the premises and to name the landlord as an additional insured for damage to personal property and leasehold improvements, including structural improvements that were to be made by the Landlord. n32

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n31 See Section 7 of Lease Agreement.

n32 See Section 8.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - **[*17]**

The tenant's maintenance and repair obligation was made expressly subject to Section 16 of the Lease, however, which governed the parties' respective obligations in the event of a casualty causing damage to or destruction of the premises. Section 16 provided that in the event of total or partial destruction of the premises, the landlord was obligated to make the major structural repairs and reconstruction (or terminate the Lease) and the lessee's obligation was limited to repair and replacement of its personal property. n33

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n33 See Section 16 of and Schedule B to Lease Agreement.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

This tenant's maintenance and repair obligations were not insignificant. Further, although according to the Lease Agreement the Riverwalk bore the brunt of the risk in the event of destruction of the premises, my independent review of the records suggests that the Doll Cottage was responsible for at least some aspects of the reconstruction in sums approaching $ 14,000. n34

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n34 See various estimates attached to Exhibit 3 to Opposition to Motion for Summary Judgment.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - **[*18]**

Under these circumstances, I find sufficient evidence to at least raise a genuine dispute of fact concerning the character of the Doll Cottage's interest in the damaged premises.

Summary judgment is denied on this economic loss claim.

4. Kay's Street Scenes, Inc.

Lafayette states that Kay's Street Scenes presented claims for repairs to its carpet, reframing expenses, and cleaning up its shop in the amount of $ 685. It also paid claims for ongoing business expenses and lost income totaling $ 21,317.

Kay's Street Scenes is an art gallery that was located on the third level of the Riverwalk and had operated at that location for approximately ten years. n35 According to Lafayette's records, the shop was not hit directly by the vessel. n36 Although the allision did apparently cause some soot and dust to settle on the store's inventory, according to Lafayette's records the "insured suffered no loss of business personal property. n37

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n35 See Exhibit 4 to Lafayette's Opposition to Motion for Summary Judgment, including insurer's property and contact reports.

n36 See id. Any argument that the tenant had a proprietary interest in the leased premises is beside the point, as the leased premises were not damaged or destroyed by the allision. **[*19]**

n37 Id. (Property Report dated January 8, 1997).

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Even if the soot and dust accumulation qualified as damage to the tenant's personal property, no reasonable trier of fact could find that $ 21,317.00 of economic loss is attributable to $ 682 of personal property damage. Rather, it is clear from Lafayette's records that the actual basis for the $ 21,317.00 claim is the loss of business expectancy caused by the closing of the Riverwalk during the busy Christmas and Superbowl season. There is no evidence of this tenant having an interest in or obligation toward those portions of the Riverwalk that were damaged so as to require the closing of the Riverwalk in December and January following the allision.

The claim for $ 21,317 in economic loss is barred by Robins Dry Dock.

5. Turquoise Gallery

Lafayette paid claims made by Turquoise Gallery for store cleanup in the amount of $ 1700.00 and ongoing expenses in the amount of $ 10,867.35. Lafayette initially conceded that the ongoing expense claim was "not directly related to damage to the stock of the insured" but in its supplemental brief **[*20]** maintains that the claim *is* "directly related to damage to the stock, furniture and fixtures, and other property of the insured . . . [which] the insured exercised an obligation to repair the premises." n38

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n38 See Lafayette's Response to Statement of Unconstested Material Facts, at p.5.

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Review of the documents submitted by Lafayette reveals that the Turquoise Gallery is a jewelry store located on the third floor of the Riverwalk. It was in no sense a direct hit. As a result of the allision, some of the merchandise and fixtures sustained minor water damage from sprinkler systems and broken pipes, but nothing that could not be cleaned. Despite how Lafayette attempts to characterize the $ 10,867.35 claim, it is clear from the documents that it represents loss of business expectancy caused by closure of the Riverwalk due to damage to portions of the Riverwalk in which this insured had no proprietary interest.

I find that the claim for $ 10,867.35 is barred by Robins Dry Dock and summary judgment is **[*21]** granted denying the claim.

6. Artworks of Louisiana

Lafayette paid its insured Artworks of Louisiana $ 2,744.50 for damaged merchandise and general cleaning of its store. Lafayette also paid $ 31,539.00 for ongoing expenses and loss of income. In its original response to the motion for summary judgment, Lafayette conceded that the $ 31,539.00 claim was "not directly related to damage to the stock of the insured or the premises," but in more recent submissions Lafayette conclusorily suggests otherwise. Again, Lafayette has submitted a stack of documents from its file.

The documents submitted by Lafayette show that Artworks of Louisiana is a print and frame shop located on the third floor of Riverwalk. As a result of the allision, dust and soot accumulated on some of the inventory and the carpet had to be cleaned. These items of loss, including the labor involved in cleaning the carpet and inventory, are covered by the $ 2,744.50 figure.

Lafayette has failed to demonstrate that the $ 31,539.00 claim is anything other than economic loss associated with the closing of the Riverwalk to repair portions of the mall that were structurally damaged and in which this tenant had no proprietary **[*22]** interest; the submissions do not support any argument to the contrary.

Recovery for the $ 31,539.00 economic loss is barred by Robins Dry Dock.

7. Masks & Make Believe

Lafayette paid claims for damage to merchandise of Masks & Make Believe in the amount of $ 1,793.57. Further, Lafayette paid ongoing expenses and lost income claims totaling $ 17,143.83. Lafayette concedes that the store was not in the direct line of the allision and the clean-up was relatively nominal, but still urges that the the economic loss claims are recoverable because the tenant sustained damage to personal property.

Lafayette, however, fails to demonstrate that the significant lost income claim is attributable to the minor dust and water damage. Indeed, the records submitted by Lafayette reflect that the economic loss is based on the closing of the Riverwalk for approximately a month due to damage to portions of the Riverwalk in which this insured had no proprietary interest.

Summary judgment is granted on the $ 17,143.83 claim for economic loss.

8. International Shirt Shop

Lafayette paid claims for $ 130.00 for clean up of the International Shirt Shop. Further, Lafayette paid ongoing expenses and **[*23]** lost income claims totaling $ 2,492.00. Lafayette concedes that the store was not in the direct line of the allision and the clean-up was relatively nominal, but still urges that the the economic loss claims are recoverable because the tenant undertook the clean-up.

Lafayette, however, fails to demonstrate that the $ 2,492.00 in economic losses are attributable to any damage to property owned by the store or even the very nominal cleanup effort. Rather, the records submitted by Lafayette reflect that the economic loss is based on the closing of the Riverwalk due to damage to portions of the Riverwalk in which this insured had no proprietary interest. Lafayette therefore has failed to establish the necessary proprietary interest that would permit recovery of this item of purely economic loss.

Summary judgment is granted denying the claim for $ 2,492.00.

9. Pierre Crawdeaux & Co., Inc.

From the documents submitted by Lafayette, it appears that Pierre Crawdeaux was a gift shop located in an area not directly hit by the vessel. According to Lafayette's records, broken water pipes and activation of the sprinkler system resulted in several inches of water in the shop; construction near **[*24]** the shop caused dust accumulation; incapacitation of the air conditioning system caused mildew to form on inventory; and sewer backup. Lafayette paid claims for damage to merchandise in the amount of $ 65,121.58. Further, Lafayette paid economic loss claims in the amount of $ 13,522.72. Lafayette urges that the economic loss claims are recoverable because the tenant repaired the entirety of the damages to its leasehold premises.

Due to the extent of the damage to Pierre Crawdeaux's personal property, which it had an obligation to repair and replace following the incident, I am willing to allow this claim to survive summary judgment. Lafayette has done little more than conclusorily assert that the $ 13,522.72 economic loss is attributable to the damage to personal property as opposed to closure of the Riverwalk for repair of portions in which this insured lacked a proprietary interest. However, there is enough evidence before me to at least create a genuine dispute of fact on the issue.

Summary judgment is denied on the claim of Pierre Crawdeaux for $ 13,522.72 in economic loss.

10. Bayou Bangles

Bayou Bangles, a jewelry store located on the second floor of the Riverwalk, was completely **[*25]** destroyed by the December 14, 1996 allision. The store reopened on February 1, 1997, at which time it was relocated to a cart. Lafayette paid claims for personal property damage in the amount of $ 18,671.14. n39 Lafayette also paid claims for $ 6,444.14 in income loss and ongoing expenses for three of the months (February, March and April, 1997) that Bayou Bangles was located on the cart.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n39 From my review of the records, it appears that the actual damage amounted to no more than $ 10,000.00).

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Bayou Bangles' lease is identical to the lease between the Riverwalk and the Doll Cottage, n40 the only other insured whose store was completely destroyed by the allision. Due to the more than nominal damage to Bayou Bangles' personal property and sufficient evidence to at least create a dispute of fact as to Bayou Bangles' maintenance and repair obligations, this claim survives summary judgment.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n40 See discussion *supra* at pp.12-14.

- - - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - **[*26]**

Summary judgment is denied on the economic loss claim of Bayou Bangles.

11. Got It

Lafayette paid a claim in the amount of $ 1960.00 for income loss presented by its insured, Got It. At the time of

the allision, Got It was a small cigar/cigarette/sundry shop located on the third floor of the Riverwalk, an area not directly hit by the vessel. Neither was there any damage to the tenant's personal property, aside from minor soot and dust accumulation. The shop was closed for approximately a month and a half after the allision due to repairs to parts of the Riverwalk destroyed by the allision.

Lafayette contends that the claim it paid this insured is not properly categorized as economic loss but rather represents the expense of cleaning the shop. It is clear from review of Lafayette's records, however, that the $ 1960.00 paid by Lafayette represented purely economic loss that is attributable to nothing more than the closure of the mall to repair portions in which this tenant has not demonstrated a proprietary interest. n41

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n41 See Report of Joseph Balfour, attached as part of Exhibit 11 to Lafayette's Opposition to Motion for Summary Judgment.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - **[*27]**

Summary judgment is granted on Got It's claim for $ 1960.00.

Accordingly,

IT IS ORDERED that the limitation plaintiffs' motion for summary judgment IS GRANTED to dismiss the claims of Lafayette Insurance Company as subrogee to the claims of the following businesses, to the extent that those claims seek purely economic loss as discussed herein: Zorba's Greek Fashions and Gifts; Photo Op; Kay's Street Scenes; Turquoise Gallery; Artworks of Louisiana; Masks & Make Believe; International Shirt Shop; and Got It.

IT IS FURTHER ORDERED that with respect to the economic loss claims of the remaining three businesses, The Doll Cottage, Pierre Crawdeaux and Bayou Bangles, summary judgment IS DENIED.

MOREY L. SEAR

U.S. DISTRICT JUDGE

---

View: Cite | KWIC | **Full** | Custom                    ◀PREV 15 of 59 NEXT▶                    Text Only | Print | Download | Fax | Email
                              FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | Shepardize® | TOA

                    In re Complaint of Clearsky Shipping Corp., 1999 U.S. Dist. LEXIS 14379                    Pages    17

        Source: All Sources > Federal Legal - U S > Federal Cases After 1944, Combined Courts ⓘ
        Terms: (Edit Search)
         View: Full
    Date/Time: Monday, April 15, 2002 - 12:47 PM EDT

            Copyright © 2002 LexisNexis, a division of Reed Elsevier Inc  All rights reserved.

Search - 59 Results - name (tt boats or transocean 96 or clearsky)                                                    4/15/02 11 50 AM

 **LexisNexis**

| Practice Area Pages | Change Client | Options | Feedback | Sign Off | Help |

Search ▶ | Search Advisor ▶ | Get a Document ▶ | Shepard's® ▶ Check a Citation ▶                    ECLIPSE™ | History

View: Cite | KWIC | Full | Custom                    ◀PREV 12 of 59 NEXT▶                    Text Only | Print | Download | Fax | Email
FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | Sheperdize® | TOA

In re Complaint of Clearsky Shipping Corp., 1999 U.S. Dist. LEXIS 14621                    Pages.    10

Source: All Sources > Federal Legal - U.S. > Federal Cases After 1944, Combined Courts ⓘ
Terms:    (Edit Search)

*1999 U.S. Dist. LEXIS 14621, ***

IN RE COMPLAINT OF **CLEARSKY** SHIPPING CORP., AS OWNER, AND COSCO (H.K.) SHIPPING COMPANY LIMITED, AS
OWNER OF THE M/V BRIGHT FIELD, FOR EXONERATION FROM OR LIMITATION OF LIABILITY

CIVIL ACTION NO. 96-4099 SECTION "G" (1)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

1999 U.S. Dist. LEXIS 14621

September 16, 1999, Decided
September 16, 1999, Filed

**DISPOSITION: [*1]** Limitation plaintiffs' motion for summary judgment GRANTED to dismiss the claims of
Messina's Pasta, Inc., d/b/a Anthony's Seafood House; Messina's on the River, d/b/a Messina's Seafood and Po-
boys; Messina's T-Tors Cajun Boats and Cajun Poorboy Shoppe, and MFC, Inc., d/b/a Messina's Louisiana Grocery
to the extent that those claims seek purely economic loss.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff's motion for summary judgment on business interruption
claims arising from the allision of plaintiff's vessel with a portion of the New Orleans
riverfront known as the New Orleans Riverwalk.

**OVERVIEW:** On December 14, 1996, an allision involving plaintiff's vessel directly
damaged a portion of the New Orleans riverfront known as the New Orleans Riverwalk.
The entire mall was closed for approximately a month following the incident, during the
busy Christmas, New Years, and Super Bowl season. Portions of the mall that
sustained the brunt of the damage were closed longer, some for over a year. Plaintiff
sought to limit its liability to claimant businesses, moving for summary judgment on
those business interruption claims involving pure economic loss. No claimant was able
to demonstrate a proprietary interest in the portions of the mall directly damaged by
the incident. Therefore, the court applied the general rule that pure economic loss
arising from a maritime tort was not recoverable absent a showing of injury to person
or property, and granted plaintiff's motion for summary judgment on claimants'
business interruption claims.

**OUTCOME:** Plaintiff's motion for summary judgment granted to the extent that the
business interruption claims sought damages for purely economic loss. Absent a
showing of injury to person or property, pure economic loss arising the allision was not
recoverable, even if such losses were a foreseeable consequence of plaintiff's conduct.

**CORE TERMS:** proprietary interest, economic loss, lease, allision, summary judgment, leased, lessee, mall,
damaged, personal property, repair, barge, interruption, integrated, claimant, casualty, tenant, maritime tort,
contractual, requisite, urge, tug, damages resulting, genuine issue, material fact, dock, destroyed, inventory,
repaired, railroad

**CORE CONCEPTS – ◆ Hide Concepts**

Civil Procedure : Summary Judgment : Summary Judgment Standard
⚓Summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. This language mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial.

Civil Procedure : Summary Judgment : Burdens of Production & Proof
⚓On a motion for summary judgment, the non-moving party must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial.

Civil Procedure : Summary Judgment : Summary Judgment Standard
⚓On a motion for summary judgment, issues of material fact are genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.

Transportation Law : Water Transportation : Personal Injury & Property Damage
⚓Absent a showing of injury to person or property, pure economic loss arising from a maritime tort is not recoverable, even if such losses were a foreseeable consequence of the tortfeasor's conduct. Thus, a party whose rights derive from a contractual, business arrangement is precluded from suing in tort a party with whom it has no relationship if it cannot show the requisite level of interest in the damaged property itself.

Torts : Business & Employment Torts : Interference With Prospective Advantage
⚓The Fifth Circuit has been extremely reluctant to recognize claims based solely on harm of the interest in contractual relations or business expectancy.

Transportation Law : Water Transportation : Personal Injury & Property Damage
⚓Under maritime jurisprudence, a proprietary interest may be found only where a party is able to demonstrate control over property tantamount to ownership. The Fifth Circuit has pointed to three factors that inform the determination of whether a party who is not the "title" owner nevertheless has the requisite proprietary interest: (1) actual possession or control; (2) responsibility for repair; and (3) responsibility for maintenance.

**COUNSEL:** For CLEARSKY SHIPPING CORP., as owner of the M/V Bright Field, for exoneration from or limitation of liability, COSCO (H.K.) SHIPPING COMPANY LIMITED, -, as manager, of the M/V Bright Field, for exoneration from or limitation of liability, petitioners (96-CV-4099): John A. Bolles, Janet WesslerMarshall, Terriberry, Carroll & Yancey, New Orleans, LA. Christopher Ogilvie Davis, Robert Clotworthy, George Moore Gilly, James H. Roussel, William Joseph Riviere, Phelps, Dunbar, LLP, New Orleans, LA. Eugene J. O'Connor, Wayne D. Meehan, Freehill, Hogan & Mahar, New York, NY.

For NEW ORLEANS RIVERWALK ASSOCIATES, claimant (96-CV-4099): Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. James G. Burke, Jr., James O. M. Womack, Burke & Mayer, New Orleans, LA. Kimbley Ann Kearney, Clausen, Miller et al, Chicago, IL. Thomas A. McDonald, James J. Knibbs, Clausen Miller PC, Chicago, IL.

For MESSINA'S PASTA INC dba Anthony's Seafood House, (96-CV-4047), PETER L. GLASER, plaintiffs: Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry &Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans,

LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Darleen Marie Jacobs, Darleen M. Jacobs, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA. Roy J. Rodney, Jr., Rodney, Bordenave, Boykin, Bennette & Boyle, New Orleans, LA.

For PASTA INTERNATIONAL, INC. dba Pasta International, MESSINA'S ON THE RIVER, INC. dba Messina's Seafood and Poorboy, MESSINA'S T-TOR'S CAJUN BOATS and CAJUNPOORBOY SHOPPE, M.F.C., INC. dba Messina's Louisiana Grocery, VICTOR - TUSA, individually, and as representatives of a class of those similarly situated, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G.Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA.

For JERE GLASER, JAMES A CAIN, MRS JAMES A CAIN, ANTHONY J TUSA, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G.Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA.

For ONE RIVER PLACE INC, MARK DELESDERNIER, JR, ADRIANNE DELESDERNIER, TISHA L HOOKS, individually and as the mother and guardian of Kyrin L. Hooks, GEORGE HERNANDEZ, plaintiffs (96-CV-4048): Gilbert V. Andry, IV, Andry & Andry, New Orleans, LA. Sidney Donecio Torres, III, Roberta L. Burns, Law Offices of Sidney D. Torres, III, Chalmette, LA. Gerald Edward Meunier, Stevan C. Dittman, Gainsburgh, Benjamin, David, Meunier, Noriea & Washauer, New Orleans, La. Michael R. Delesdernier, Michael Delesdernier, Attorney at Law, Metairie, LA.

For ALVIN E JEFFERSON, ALBERT JOHNSON, GLORIA LADNER, plaintiffs (96-CV-4077): Val Patrick Exnoicios & Nungesser, New Orleans, LA. John Leslie Young, John Young, Attorney at Law, New Orleans, LA. Stuart Housel Smith, Law Offices of Sacks & Smith, New Orleans, LA. Randall A. Smith, Laura Tiffany Hawkins, Gladstone N. Jones, III, Smith, Jones & Fawer, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, plaintiff (96-CV-4090): Ivan Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr., Board of Commission of Port of New Orleans,New Orleans, LA. Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA. Martin, New Orleans, LA.

For QUEEN OF NEW ORLEANS AT THAT HILTON JOINT VENTURE, plaintiff (96-CV-4097): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Ira Jay Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., plaintiff (96-CV-4098): Lynn Lachin Lightfoot, James E. Smith, Jr., Smith Martin, New Orleans, LA. Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For HEIDI L BAYER, plaintiff: Lyman L. Jones, Jr., Lyman Jones, Jr., Attorney at Law, New Orleans, LA. For HAROLD PAJEAUD, ROBERT PAUL, JR, plaintiffs: Vernon Palmer Thomas, Vernon P. Thomas, Attorney at Law, New Orleans, LA. Thomas Massa Discon, Discon Law Firm, Mandeville, LA. Harry E. Cantrell, Jr., Cantrell Law Firm, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, claimant and third-party plaintiff (96-CV-4099): Ivan Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Cynthia J. Thomas, Joseph W. Fritz, Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr. Board of Commission of Port of New Orleans, New Orleans, LA. Mat M. Gray, III, Winston Edward Rice, Edward Francis Lebreton,III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, NewOrleans, LA.

For ST PAUL FIRE & MARINE INS CO, claimant (96-CV-4099): Norman Charles Sullivan, Jr., Gelpi, Sullivan, Carroll & Gibbens, New Orleans, LA. Raymond Letulle, Raymond Letulle, Attorney at Law, Philadelphia, PA.

For QUEEN OF NEW ORLEANS, claimant (96-CV-4099): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For INTERNATIONAL RIVERCENTER, HILTON HOTELS CORPORATION, claimants (96-CV-4099): Peter L. Hilbert, Jr., Colvin Gamble Norwood, Jr., Darnell Bludworth, Daniel Thomas Plunkett, McGlinchey, Stafford & Lang, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., claimant (96-CV-4099): Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For ANGELA RUFFIN, DAVID GAINES, Individually and on behalf of D'Juan Mackey and Rachel Mackey, ELTON JOHNSON, claimants (96-CV-4099): G. Michael Grosz, III, Peyton B. Burkhalter, Law Offices of G. Michael Grosz, III, Gretna, LA.

For LAFAYETTE INSURANCE COMPANY, claimant (96-CV-4099): Geoffrey Herr Longenecker, Geoffrey H. Longenecker, Attorney at Law, Covington, LA.

**JUDGES:** MOREY L. SEAR, U.S. DIST. JUDGE.

**OPINIONBY:** MOREY L. SEAR

**OPINION:** MEMORANDUM AND ORDER

Background

This admiralty proceeding arises from the allision of the M/V BRIGHT FIELD with a portion of the New Orleans riverfront known as the New Orleans Riverwalk on December 14, 1996. Plaintiff Clearsky Shipping Corporation, as owner, and COSCO (H.K.) Shipping Company, Ltd., as manager, of the M/V BRIGHT FIELD, filed a petition for exoneration from or limitation of liability in this district, pursuant to 46 U.S.C. § 183 et seq. and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Admiralty Rules").

On several prior occasions, I have granted summary judgment dismissing the claims of various Riverwalk retail businesses and their property insurers who have sought to recover business **[*2]** interruption losses allegedly sustained as a result of the allision, n1 based on the rule of Robins Dry Dock & Repair Co. v. Flint. n2 I now address limitation plaintiffs' motion for summary judgment dismissing the business interruption claims of Messina's Pasta, Inc., d/b/a Anthony's Seafood House; Messina's on the River, d/b/a Messina's Seafood and Po-boys; Messina's T-Tors Cajun Boats and Cajun Poorboy Shoppe, and MFC, Inc., d/b/a Messina's Louisiana Grocery ("Messina's Grocery"); collectively referred to as "Messina claimants."

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n1 See Memoranda and Orders of November 12, 1997, January 29, 1998 and May 29, 1998.

n2 The motion seeks dismissal only of the demand for economic loss, and does not address any demand for damages to inventory or personal property.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Discussion

✦Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and **[*3]** that the moving party is entitled to a judgment as a matter of law." n3 This language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." n4 ✦The non-moving party must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. n5 ✦Issues of material fact are genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. n6

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n3 Fed.R.Civ.P. 56 (c).

n4 Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

n5 Id. at 324, 106 S. Ct. at 2553.

n6 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Before me once again is the question of whether certain Riverwalk **[*4]** businesses are able to satisfy the maritime tort requirement of physical injury to a proprietary interest, as set forth in Robins Dry Dock & Repair Co. v.



Flint, 275 U.S. 303, 308-09, 48 S. Ct. 134, 135, 72 L. Ed. 290 (1927). In Robins, the Supreme Court held that, absent a showing of injury to person or property, pure economic loss arising from a maritime tort is not recoverable, even if such losses were a foreseeable consequence of the tortfeasor's conduct. Id. Thus, Robins precludes a party whose rights derive from a contractual, business arrangement from suing in tort a party with whom it has no relationship if it cannot show the requisite level of interest in the damaged property itself. n7

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n7 See Texas Eastern Transmission Corp. v. McMoran Offshore Exploration Co., 877 F.2d 1214, 1224 (5th Cir. 1989).

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

The Fifth Circuit has remained dedicated to the principle set forth in Robins and has been extremely "reluctant to recognize claims based solely on harm of [*5] the interest in contractual relations or business expectancy." n8 Employing a practical test that examines the character of the interest harmed, the court has denied recovery to, inter alia, a railroad for damages resulting from interference with its use of a bridge which the railroad had a contractual right to use; n9 a lessee of part of a dock for damages resulting from interference with its use of the berth it had leased from the owner of the dock; n10 and a natural gas producer for loss of production based on damage to a 20-inch pipeline owned by another company, in spite of producer's maintenance of appurtenances to the pipeline. n11

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n8 Vicksburg Towing Co. v. Mississippi Marine Transport Co., 609 F.2d 176, 177 (citations omitted).

n9 Louisville & Nashville RR Co. v. the M/V BAYOU LACOMBE, 597 F.2d 469 (5th Cir. 1979).

n10 IMTT-Gretna v. Robert E. Lee SS, 993 F.2d 1193 (5th Cir. 1993).

n11 Texas Eastern, 877 F.2d at 1224.

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - [*6]

It is undisputed that the December 14, 1996 allision directly damaged only part of the Riverwalk. As a result, however, the entire mall was closed for approximately a month following the incident, during the busy Christmas, New Years, Sugar Bowl and Super Bowl season. Portions of the mall that sustained the brunt of the damage were closed longer, some for over a year.

Of course, a claimant who is able to demonstrate a proprietary interest in the portions of the mall directly damaged by the incident will not be barred from recovering economic loss. Under maritime jurisprudence, which I have more thoroughly outlined in prior orders, n12 a proprietary interest may be found only where a party is able to demonstrate control over property tantamount to ownership. n13 The Fifth Circuit has pointed to three factors that inform the determination of whether a party who is not the "title" owner nevertheless has the requisite proprietary interest: (1) actual possession or control; (2) responsibility for repair; and (3) responsibility for maintenance. n14

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n12 See Memoranda & Orders of November 12, 1997, January 29, 1998, May 29, 1998, July 28, 1998 and November 3, 1998. [*7]

n13 See State of Louisiana ex rel Guste v. M/V TESTBANK, 752 F.2d 1019 (5th Cir. 1985).

n14 See IMTT-Gretna, 993 F.2d 1193 at 1194; Texas Eastern, 877 F.2d at 1225.

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

I have rejected arguments that routine maintenance of portions of the Riverwalk not directly damaged by the allision is sufficient to endow a tenant with functional possession and control of the entire Riverwalk. I also have rejected arguments that the mall and its shops are so permanently and completely integrated that physical damage to a portion of the mall in which a lessee has not demonstrated a proprietary interest nevertheless endows the lessee with a proprietary interest in the mall as a whole. n15

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n15 To date, no tenant has established a proprietary interest in any portion of the Riverwalk so as to urge a right to recover losses to portions "integrated" with the portion in which it has a proprietary interest. See Domar Ocean

<u>Transp., Ltd. v. M/V ANDREW MARTIN, 754 F.2d 616, 617 (5th Cir. 1985)</u> (allowing a plaintiff to recover for the loss of use of both the barge he owned and the tug for which he had contracted, based on damage to the barge and plaintiff's expenditure of $ 350,000 to integrate the barge and tug).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - **[*8]**

Finally, I have recognized that a business may recover for damage to its personal property (e.g. fixtures, inventory and other movable property), and possibly for economic loss *attributable* to such damage. n16

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n16 See, e.g., Memorandum and Order dated July 28, 1998 (claim of Victoria's Secret).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

To date, only three tenants have demonstrated sufficient interest in damaged personal property and/or their leased premises to survive summary judgment. n17 In those cases, there was just enough evidence to create a genuine dispute concerning the extent of damage to personal property of the lessee business and/or the extent of the lessee businesses' obligation to maintain and repair their leased premises.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n17 See Memorandum and Order dated September 7, 1999.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Limitation plaintiffs seek summary judgment against the Messina Claimants dismissing **[*9]** their claims for business interruption/economic loss, on grounds that these claimants are unable to demonstrate a proprietary interest in any property damaged by the allision.

The Messina Claimants oppose the motion on the numerous grounds urged in prior Robins Dry Dock motion practice, incorporating by reference Memoranda in Opposition to at least six previous summary judgment motions. n18 The legal arguments urged by the Messina Claimants include the Domar "integrated unit" argument and the foreseeability argument, both of which I have rejected in prior Memoranda and Orders. Although the Messina Claimants ask me to reconsider my prior rulings, I find no basis on which to do so, and stand by the analyses contained in prior Memoranda and Orders, incorporated here by reference.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n18 See Opposition at pp. 3, 11-12.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Only one of the Messina Claimants, Messina's Grocery, alleges that it leased an area that was directly hit and destroyed by the vessel, and the store was completely shut down until July 1, 1998. Messina's **[*10]** Grocery points to its Lease as evidence of a proprietary interest in the leased space, permitting recovery of unspecified amounts of economic loss.

The Messina's Grocery lease is identical to the lease between the New Orleans Riverwalk Associates ("NORA") and LeMoyne's Riverview, Inc. n19 As with the LeMoyne's lease, Messina's was permitted to make improvements to the premises only with NORA's consent, n20 and was prohibited from removing any of the improvements it made to the premises without NORA's consent. n21 Although certain routine maintenance and repair obligations were imposed on the lessee during the term of the Lease, the Lease provides that NORA would bear sole responsibility for the payment and completion of all repairs needed because of structural damage to the leased premises caused by fire, elements, accident or other casualty. n22

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n19 See Memorandum and Order dated November 3, 1998.

n20 See Lease at Section 9.4.

n21 See id. at Section 7.4.

n22 See id. at Section 14.1.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - **[*11]**

I rejected LeMoyne's claim for economic loss for failure to demonstrate sufficient proprietary interest in the destroyed premises. n23 The circumstances surrounding LeMoyne's claim were different because after the casualty LeMoyne's never returned to the Riverwalk, and NORA indisputedly was the party that repaired the damage caused by the casualty. Messina's Grocery, however, renewed its lease and ultimately returned to the Riverwalk. Still, because under the lease NORA bore the risk of repairing the damage to the premises, and Messina's has offered no evidence indicating that it *in fact* repaired the damage caused by the allision, either in whole or in part, n24 I am constrained to find that Messina's Grocery lacked a proprietary interest in the premises that would permit the recovery of economic loss.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n23 See Memorandum and Order dated November 3, 1998.

n24 Messina's Grocery does not urge economic loss attributable to the loss of movables in which it had a proprietary interest.

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Accordingly,

IT **[\*12]** IS ORDERED that the limitation plaintiffs' motion for summary judgment IS GRANTED to dismiss the claims of Messina's Pasta, Inc., d/b/a Anthony's Seafood House; Messina's on the River, d/b/a Messina's Seafood and Po-boys; Messina's T-Tors Cajun Boats and Cajun Poorboy Shoppe, and MFC, Inc., d/b/a Messina's Louisiana Grocery to the extent that those claims seek purely economic loss.

MOREY L. SEAR, U.S. DIST. JUDGE

View: Cite | KWIC | **Full** | Custom          ◄ PREV 12 of 59 NEXT ►          Text Only | Print | Download | Fax | Email
                    FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | *Shepardize*® | TOA

In re Complaint of Clearsky Shipping Corp., 1999 U.S. Dist. LEXIS 14621                                Pages:    10

Source: All Sources > Federal Legal - U S > Federal Cases After 1944, Combined Courts ⓘ
Terms:   (Edit Search)
View: Full
Date/Time: Monday, April 15, 2002 - 12:45 PM EDT

Search | Search Advisor | Get a Document | *Shepard's* ® - Check a Citation
Eclipse ™ | History | Practice Area Pages | Change Client | Options | Feedback | Signoff | Help
About LexisNexis | Terms and Conditions

Copyright © 2002 LexisNexis, a division of Reed Elsevier Inc. All rights reserved



View: Cite | KWIC | Full | Custom                        ◄PREV 10 of 59 NEXT►              Text Only | Print | Download | Fax | Email
FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | Sheperdize® | TOA

🄰  In re Complaint of Clearsky Shipping Corp., 1999 U.S. Dist. LEXIS 17778              Pages      6

Source:  All Sources | Federal Legal - U S > Federal Cases After 1944, Combined Courts 🛈
Terms:   (Edit Search)

*1999 U.S. Dist. LEXIS 17778, ***

IN RE COMPLAINT OF **CLEARSKY** SHIPPING CORP., AS OWNER, AND COSCO (H.K.) SHIPPING COMPANY LIMITED, AS
OWNER OF THE M/V BRIGHT FIELD, FOR EXONERATION FROM OR LIMITATION OF LIABILITY

CIVIL ACTION NO. 96-4099 SECTION "G" (1)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

1999 U.S. Dist. LEXIS 17778

November 9, 1999, Decided
November 10, 1999, Filed

**DISPOSITION:** **[*1]** Plaintiffs' motion for summary judgment against Cheryl and David Seim d/b/a Fiesta
Mexican Imports GRANTED.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Limitation plaintiffs, owner and manager of vessel, filed petition
for exoneration or limitation of liability, pursuant to 46 U.S.C.S. § 183 et seq., and Supp.
R. for Certain Admiralty and Maritime Claims F. Defendant sought reconsideration of
summary judgment dismissing its claims to recover business interruption losses
sustained from allision.

**OVERVIEW:** Limitation plaintiffs, owner and manager of vessel, filed petition for
exoneration or limitation of liability, pursuant to 46 U.S.C.S. § 183 et seq., and Supp. R.
for Certain Admiralty and Maritime Claims F. Defendant sought reconsideration of
summary judgment dismissing claims for business interruption losses sustained from
allision. Defendant argued the "integrated unit" concept and foreseeability standard.
The court rejected them, for reasons expressed in earlier rulings. Defendant claimed
merchandise damage of $ 120, serving as "damage to proprietary interest" to justify $
29,000 economic loss. Even accepting the unsubstantiated documentation, defendant
failed to demonstrate sufficient association between damage to movable property and
loss of business, which appeared to have been caused by damage to portions of mall
in which claimants lacked a proprietary interest, which led to closure of the mall for six
weeks. This "loss of business" was indistinguishable from economic loss claims of
previously dismissed claims.

**OUTCOME:** Limitation plaintiffs' motion for summary judgment against defendant shop
owner was granted. Defendant failed to demonstrate sufficient association between
damage to movable property and loss of business. Claim was indistinguishable from
economic loss claims of previously dismissed claims.

**CORE TERMS:** summary judgment, memorandum, claimants, proprietary interest, economic loss, reconsideration,
interruption, allision, oppose, mall

**COUNSEL:** For CLEARSKY SHIPPING CORP., as owner of the M/V Bright Field, for exoneration from or limitation of liability, COSCO (H.K.) SHIPPING COMPANY LIMITED, -, as manager, of the M/V Bright Field, for exoneration from or limitation of liability, petitioners (96-CV-4099): John A. Bolles, Janet WesslerMarshall, Terriberry, Carroll & Yancey, New Orleans, LA. Christopher Ogilvie Davis, Robert Clotworthy, George Moore Gilly, James H. Roussel, William Joseph Riviere, Phelps, Dunbar, LLP, New Orleans, LA. Eugene J. O'Connor, Wayne D. Meehan, Freehill, Hogan & Mahar, New York, NY.

For NEW ORLEANS RIVERWALK ASSOCIATES, claimant (96-CV-4099): Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. James G. Burke, Jr., James O. M. Womack, Burke & Mayer, New Orleans, LA. Kimbley Ann Kearney, Clausen, Miller et al, Chicago, IL. Thomas A. McDonald, James J. Knibbs, Clausen Miller PC, Chicago, IL.

For MESSINA'S PASTA INC dba Anthony's Seafood House, (96-CV-4047), PETER L. GLASER, plaintiffs: Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry &Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Darleen Marie Jacobs, Darleen M. Jacobs, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA. Roy J. Rodney, Jr., Rodney, Bordenave, Boykin, Bennette & Boyle, New Orleans, LA.

For PASTA INTERNATIONAL, INC. dba Pasta International, MESSINA'S ON THE RIVER, INC. dba Messina's Seafood and Poorboy, MESSINA'S T-TOR'S CAJUN BOATS and CAJUNPOORBOY SHOPPE, M.F.C., INC. dba Messina's Louisiana Grocery, VICTOR - TUSA, individually, and as representatives of a class of those similarly situated, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G.Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA.

For JERE GLASER, JAMES A CAIN, MRS JAMES A CAIN, ANTHONY J TUSA, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G.Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA.

For ONE RIVER PLACE INC, MARK DELESDERNIER, JR, ADRIANNE DELESDERNIER, TISHA L HOOKS, individually and as the mother and guardian of Kyrin L. Hooks, GEORGE HERNANDEZ, plaintiffs (96-CV-4048): Gilbert V. Andry, IV, Andry & Andry, New Orleans, LA. Sidney Donecio Torres, III, Roberta L. Burns, Law Offices of Sidney D. Torres, III, Chalmette, LA. Gerald Edward Meunier, Stevan C. Dittman, Gainsburgh, Benjamin, David, Meunier, Noriea & Washauer, New Orleans, La. Michael R. Delesdernier, Michael Delesdernier, Attorney at Law, Metairie, LA.

For ALVIN E JEFFERSON, ALBERT JOHNSON, GLORIA LADNER, plaintiffs (96-CV-4077): Val Patrick Exnoicios & Nungesser, New Orleans, LA. John Leslie Young, John Young, Attorney at Law, New Orleans, LA. Stuart Housel Smith, Law Offices of Sacks & Smith, New Orleans, LA. Randall A. Smith, Laura Tiffany Hawkins, Gladstone N. Jones, III, Smith, Jones & Fawer, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, plaintiff (96-CV-4090): Ivan Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr., Board of Commission of Port of New Orleans, New Orleans, LA. Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA. Martin, New Orleans, LA.

For QUEEN OF NEW ORLEANS AT THAT HILTON JOINT VENTURE, plaintiff (96-CV-4097): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Ira Jay Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., plaintiff (96-CV-4098): Lynn Lachin Lightfoot, James E. Smith, Jr., Smith Martin, New Orleans, LA. Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For HEIDI L BAYER, plaintiff: Lyman L. Jones, Jr., Lyman Jones, Jr., Attorney at Law, New Orleans, LA. For HAROLD PAJEAUD, ROBERT PAUL, JR, plaintiffs: Vernon Palmer Thomas, Vernon P. Thomas, Attorney at Law, New Orleans, LA. Thomas Massa Discon, Discon Law Firm, Mandeveille, LA. Harry E. Cantrell, Jr., Cantrell Law Firm, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, claimant and third-party plaintiff (96-CV-4099): Ivan Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Cynthia J. Thomas, Joseph W.

Fritz, Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr. Board of Commission of Port of New Orleans, New Orleans, LA. Mat M. Gray, III, Winston Edward Rice, Edward Francis Lebreton,III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, NewOrleans, LA.

For ST PAUL FIRE & MARINE INS CO, claimant (96-CV-4099): Norman Charles Sullivan, Jr., Gelpi, Sullivan, Carroll & Gibbens, New Orleans, LA. Raymond Letulle, Raymond Letulle, Attorney at Law, Philadelphia, PA.

For QUEEN OF NEW ORLEANS, claimant (96-CV-4099): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For INTERNATIONAL RIVERCENTER, HILTON HOTELS CORPORATION, claimants (96-CV-4099): Peter L. Hilbert, Jr., Colvin Gamble Norwood, Jr., Darnell Bludworth, Daniel Thomas Plunkett, McGlinchey, Stafford & Lang, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., claimant (96-CV-4099): Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For ANGELA RUFFIN, DAVID GAINES, Individually and on behalf of D'Juan Mackey and Rachel Mackey, ELTON JOHNSON, claimants (96-CV-4099): G. Michael Grosz, III, Peyton B. Burkhalter, Law Offices of G. Michael Grosz, III, Gretna, LA.


For LAFAYETTE INSURANCE COMPANY, claimant (96-CV-4099): Geoffrey Herr Longenecker, Geoffrey H. Longenecker, Attorney at Law, Covington, LA.


**JUDGES:** MOREY L. SEAR, U.S. DISTRICT JUDGE.

**OPINIONBY:** MOREY L. SEAR

**OPINION:** MEMORANDUM AND ORDER

This admiralty proceeding arises from the allision of the M/V BRIGHT FIELD with a portion of the New Orleans riverfront known as the New Orleans Riverwalk. On December 14, 1996, the M/V BRIGHT FIELD was traveling downriver on the Mississippi River, en route to Japan with a cargo of approximately 60,000 metric tons of grain that had been loaded in Reserve, Louisiana. After the M/V BRIGHT FIELD passed underneath the Crescent City Connection, a bridge over the river, it struck and damaged parts of a wharf including the Riverwalk shopping center, One River Place condominium, the New Orleans Hilton Riverside Hotel, and other nearby structures.

On December 18, 1996, plaintiff Clearsky Shipping Corporation, as owner, and COSCO (H.K.) Shipping Company, Ltd., as manager, of the M/V BRIGHT FIELD, filed a petition for exoneration from or limitation of liability in this district, pursuant to 46 U.S.C. § 183 et seq. and Rule F of the Supplemental Rules for Certain Admiralty **[*2]** and Maritime Claims ("Admiralty Rules").

Over the course of this litigation, I have granted summary judgment dismissing the claims of various businesses and their property insurers who have sought to recover business interruption losses allegedly sustained by them as a result of the allision. I have done so based on the rule of Robins Dry Dock & Repair Co. v. Flint. n1 One of the claimants against whom limitation plaintiffs sought summary judgment was Fiesta Mexican Imports ("Fiesta"), a business owned by Cheryl and David Seim. By Order dated August 24, 1999, I granted the motion for summary judgment against Fiesta and its owners as unopposed.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n1 275 U.S. 303 at 308-09, 48 S. Ct. 134, 72 L. Ed. 290; See Memorandum and Orders of November 12, 1997, January 29, 1998, April 28, 1998 and May 29, 1998.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Fiesta now seeks reconsideration of that motion, and attaches a memorandum arguing the motion on the merits. At a status conference held not long ago, I advised counsel that I would reconsider the merits of claims that were dismissed **[*3]** for failure to oppose the summary judgment motion. I do so now.

Fiesta opposes the Robins Dry Dock motion based on legal arguments I previously have rejected, including the "integrated unit" concept and foreseeability standard. I reject those arguments again, for the reasons expressed in my earlier rulings. n2

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -



n2 See footnote 1 *supra*.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

In the alternative, Fiesta claims that it sustained some damage to its merchandise, totaling approximately $ 120, n3 which serves as "damage to a proprietary interest" sufficient to justify recovery of approximately $ 29,000 in alleged economic loss. Even accepting the unsubstantiated documentation submitted by Fiesta, Fiesta has failed to demonstrate sufficient association between any damage to its movable property and the claimed loss of business. Rather, the loss of business appears to have been caused by damage to portions of the Riverwalk mall in which claimants lack a proprietary interest, which led to closure of the mall for approximately six weeks. Accordingly, **[*4]** this "loss of business" aspect of Fiesta's claim is indistinguishable from the economic loss claims of the previously dismissed business interruption claims.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - -

n3 See Exhibit 1 to Memorandum in Support of Motion for Reconsideration, the sole document submitted in opposition to the motion for summary judgment.

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Summary judgment shall be granted in favor of limitation plaintiffs.

Claimants are reminded of the application of 28 U.S.C. § 1292(a)(3), permitting interlocutory appeals of admiralty and maritime claims.

Accordingly,

IT IS ORDERED that limitation plaintiffs' motion for summary judgment against Cheryl and David Seim d/b/a Fiesta Mexican Imports IS GRANTED.

MOREY L. SEAR

U.S. DISTRICT JUDGE

---

View: Cite | KWIC | Full | Custom          ◄PREV 10 of 59 NEXT►          Text Only | Print | Download | Fax | Email
                    FOCUS™ | Save As ECLIPSE | More Like This | More Like Selected Text | Shepardize® | TOA

Ⓐ  In re Complaint of Clearsky Shipping Corp., 1999 U.S. Dist. LEXIS 17778                    Pages:    6

Source:  All Sources > Federal Legal - U S > Federal Cases After 1944, Combined Courts ⓘ
Terms:   (Edit Search)
View:  Full
Date/Time: Monday, April 15, 2002 - 12:44 PM EDT

Search | Search Advisor | Get a Document | Shepard's ® - Check a Citation
Eclipse ™ | History | Practice Area Pages | Change Client | Options | Feedback | Signoff | Help
About LexisNexis | Terms and Conditions

Copyright © 2002 LexisNexis, a division of Reed Elsevier Inc  All rights reserved.