United States District Court
Southern District of Texas
FILED

APR 1 7 2002

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION FOR BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERERS, OF THE BROWN WATER V, IT'S ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § | CIVIL ACTION NO. B-01-157 |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES LLC AS OWNER, AND, AMERICAN COMMERCIAL BARGE LINES LLC, AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, AND VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § § | CIVIL ACTION B-02-004 ADMIRALTY |

CONSOLIDATED WITH

## COUNSEL'S AND CLAIMANTS HINOJOSA'S MOTION TO DESIGNATE ATTORNEY IN CHARGE

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Comes now **JULIAN RODRIGUEZ, JR.** movant and attorney for claimants **Omar Hinojosa, Individually and as Administrator of the Estate of Gaspar Hinojosa, Raquel Hinojosa, Clarissa Hinojosa, and Gaspar Hinojosa II** and file their motion for the Court to allow **JULIAN RODRIGUEZ, JR.** to be designated pursuant to0000 local rules as the Attorney in Charge for the Hinojosa claimants stated above.

### A. Introduction

On September 15, 2001, Gaspar Hinojosa, husband of Raquel Hinojosa and father

1

of the adult claimants was killed as a result of the collapse of the Queen Isabella Causeway. On September 15, 2001 the Law Office of Attorney Ramon Garcia not Robert Ammons entered into a contingent fee contract with the adult children and the surviving spouse of the deceased. These contracts appear to be the standard personal injury contracts used in these type of cases in the Rio Grande Valley. Unbeknownst to the claimants Mr. Ramon Garcia referred the case in its entirety to a Law Firm in Houston, Texas where the honorable Robert Ammons is an attorney and who was the attorney who also signed the initial pleadings filed in this court.

On October 11, 2001 some of the claimants delivered a signed certified letter to the Law Offices of Ramon Garcia requesting that all work on this case cease and terminating the contract with the Law Office. On October 16, 2001 the remaining claimant delivered the certified letters to the same law office in Edinburg which effectively terminated the Law Office of Ramon Garcia.

Before any counsel had filed any pleadings in this case and before any appearances were made, all claimants including Clarissa Hinojosa, Omar Hinojosa, Gaspar Hinojosa and Raquel Hinojosa had decided to retain another law office to continue with their claims. On September 17, 2002 some of the claimants retained the Law Office of Julian Rodriguez, Jr. and the remaining Hinojosa family members joined on October 14, 2001. See the Contingent Contract of Employment attached hereto as **Exhibit "A" and Exhibit "B"** and incorporated herein by reference as if fully set forth.

The Law Office of Julian Rodriguez, Jr. immediately notified the Law Office of Ramon Garcia and any of their agents that the Law Office was now retained by all the

2

Hinojosa claimants.

On October 16, 2001 after Mr. Ramon Garcia was on written notice from his own clients, counsel from Houston filed Claimants' Claim and Answer to Petitioners' Verified Complaint and Petition for Exoneration from and/or Limitation of liability. This pleading was signed by Robert Ammons and Ramon Garcia as attorneys for Claimants despite them receiving notice of the clients terminating the Law Office of Ramon Garcia who had the contract with the Hinojosa family. The filing of this pleading has created a substantial conflict with attorneys in this case and has prevented the Law Office of Julian Rodriguez, Jr. to effectively and efficiently proceed in protecting the claimants' interest.

The Law office of Julian Rodriguez, Jr. already has notified the necessary parties that the law office had been retained by the Hinojosa claimants. The Law Office of Julian Rodriguez, Jr. soon after being retained in this case notified the attorneys for the barge company who he represented. See the enclosed letter dated October 31, 2001 which was faxed to Royston, Rayzor, Vickery & Williams attached hereto as **Exhibit "C"** and incorporated herein by reference as if fully set forth.

The Law Office of Julian Rodriguez, Jr. and Attorney Julian Rodriguez, Jr. anticipated that a problem would occur if two firms were listed as the designated attorney in charge. Julian Rodriguez, Jr. has made several attempts to resolve the problems of caused by two different firms claiming to represent the same claimants by having discussions with attorney Mr. Robert Ammons and by reminding Mr. Robert Ammons that the Hinojosa claimants' were clear in filing the attached affidavits that their request is that Attorney **JULIAN RODRIGUEZ, JR.** be allowed to continue to represent the Hinojosa

3

family and be allowed to be designated attorney in charge.

The claimants further state in their attached affidavits that they timely terminated the services of Mr. Ramon Garcia were not aware at the time they retained new counsel that the case had been referred to an attorney in another city.  Claimants further state that instead of complying with their wishes and desires attorneys Garcia and Ammons filed pleadings in the federal case asserting the they were retained by all claimants when they were aware or should have been aware that the first letter of termination was served by personal service and by certified mail to the law offices located in Edinburg first on **October 11, 2001.**

See the enclosed affidavit of each family member including the surviving spouse **Omar Hinojosa, Gaspar Hinojosa II, Clarissa Hinojosa and Raquel Hinojosa** attached hereto as **Exhibit "D", Exhibit "E", Exhibit "F", and Exhibit "G"** incorporated herein by reference as if fully set forth.

## B. Certificate of Conference

**JULIAN RODRIGUEZ, JR.** counsel for movants, pursuant to Local Rule 7.1D(1) has again conferred with Attorney Ramon Garcia and Attorney Robert Ammons with regard to this motion as indicated by the last faxed letter attached hereto and marked as **Exhibit "H"** and as of the date of this filing we have received no response.

## C. Reasons for Relief Requested

Despite not being allowed to be designated as the Attorney In Charge, Attorney Julian Rodriguez, Jr. has moved forward to protect the interest of the claimants and has continued as best as he can with meeting the obligations imposed by the Federal Rules

4

of Civil Procedure.  Since the case has been consolidated and has moved forward the conflict of not allowing attorney **JULIAN RODRIGUEZ, JR.** has created problems in organizing and in the signing of pleadings that are required to be signed and approved as part of the requirements as this case proceeds through the pretrial process.

The conflict  became apparent when the deadline for all claimants to file their claim expired on March 14, 2002.  On March 14, 2002 the lead attorney of record for the Hinojosa claimants had not filed a claim and answer in response to the Petition filed by the Commercial Barge Line in civil action B-02-004.  The Law Office of Julian Rodriguez, Jr. had to file a claim and answer  for all the Hinojosa claimants out of an abundance of caution in order to comply with the court's deadlines.

Since Mr. Robert Ammons and Mr. Ramon Garcia have refused to withdraw as the attorneys in charge, the conflict arose at the  first Rule 26 meeting which **Attorney Julian Rodriguez, Jr.** attended on behalf of the Hinojosa family.  Attorney Julian Rodriguez, Jr. was not the attorney in charge for the Hinojosa claimants but while in attendance at the meeting had to approve certain items and make certain agreements to protect the interest of the Hinojosa family.   Attorney Julian Rodriguez, Jr. was still hampered in his ability to protect all the interest of the Hinojosa family.

Subsequent to the initial Rule 26 meeting among the claimants' attorneys other conference calls and meetings have been held among the attorneys and attorney Julian Rodriguez, Jr. has been unable to fully protect his clients interest because it is still unclear as to who can approve of certain items that need to be approved on behalf of the Hinojosa

5

family.  In addition certain discovery issues need to be resolved and the Hinojosa family needs to have one lead attorney who can be allowed to make discovery decisions.

Julian Rodriguez, Jr. is a member in good standing with the State Bar of Texas and is admitted to practice before this court.  Julian Rodriguez, Jr.'s Texas bar number is 17146770 and federal bar number is 15112 and his office address, telephone, and fax number are as follows: 100 W. Pecan McAllen, Texas 78501 (956) 682-8801; (956) 682-4544.

If the court grants attorney Julian Rodriguez, Jr. motion to be designated as the attorney in charge for the Hinojosa claimants listed above he will be able to proceed with protecting his client's interest in this litigation and eliminate the need for confusion as this case proceeds through the discovery process and unnecessary duplication.

## CONCLUSION

For the reasons set forth above, Julian Rodriguez, Jr. and the Hinojosa claimants prays that this Honorable Court grant this Motion to Designate the Attorney in Charge as requested and authorized by the movants without a hearing , or alternatively, that the court set this matter for hearing at the Court's earliest convenience.

Respectfully submitted,

THE LAW OFFICE OF JULIAN RODRIGUEZ, JR.
100 W. PECAN
MCALLEN, TEXAS 78501
TEL: (956) 682-8801
FAX: (956) 682-4544

By: _____
    JULIAN RODRIGUEZ, JR.
    Texas State Bar No: 17146770

6

**Federal Bar No: 15112**

**ATTORNEY FOR MOVANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document

has been sent as indicated below on this the _____ day of April, 2002 to the counsels

listed below:

**WATTS & HEARD**                                     **VIA FIRST CLASS MAIL**
Attn: Mr. Ray Marchan
1926 E. Elizabeth
Brownsville, Texas 78520

**STEVENSON & AMMONS**                        **VIA FAX ONLY (713) 523-4747**
Attn: Mr. Robert Ammons
3700 Montrose Blvd
Houston, Texas 77006

**LAW OFFICE OF RAMON GARCIA**            **VIA FAX ONLY (956) 381-0825**
Attn: Mr. Ramon Garcia
222 W. University Drive
Edinburg, Texas 78539

**MAGALLANES, HINOJOSA & MANCIAS**    **VIA FIRST CLASS MAIL**
Attn: Mr. J.A. Magallanes
1713 Boca Chica Blvd
PO Box 4901
Brownsville, Texas 78520

**ROYSTON, RAYZOR, VICKERY & WILLIAMS**    **VIA FIRST CLASS MAIL**
Attn: Mr. Will W. Pierson
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas 78476

**ROYSTON, RAYZOR, VICKERY & WILLIAMS**    **VIA FIRST CLASS MAIL**
Attn: Mr. Keith N. Uhles
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-3509

**LAW OFFICES OF HERIBERTO MEDRANO**    **VIA FIRST CLASS MAIL**
Attn: Mr. Heriberto Medrano
1101 W. Tyler

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | CIVIL ACTION NO. B-01-157 |
| PETITION FOR BROWN WATER | § | |
| TOWING I, INC., AS OWNER, AND | § | |
| BROWN WATER MARINE SERVICE, | § | |
| INC., AS BAREBOAT CHARTERERS, | § | |
| OF THE BROWN WATER V, IT'S | § | |
| ENGINES, TACKLE, ETC., IN A | § | CONSOLIDATED WITH |
| CAUSE OF EXONERATION FROM | § | |
| OR LIMITATION OF LIABILITY | § | |
| | § | |
| IN RE THE COMPLAINT AND | § | CIVIL ACTION B-02-004 |
| PETITION OF AMERICAN | § | ADMIRALTY |
| COMMERCIAL LINES LLC AS | § | |
| OWNER, AND, AMERICAN | § | |
| COMMERCIAL BARGE LINES LLC, | § | |
| AS CHARTERER OF THE BARGES | § | |
| NM-315, VLB-9182, ACL-9933B, AND | § | |
| VLB-9173, IN A CAUSE OF | § | |
| EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | |

## ORDER SETTING HEARING ON COUNSEL'S AND CLAIMANTS HINOJOSA'S MOTION TO DESIGNATE ATTORNEY IN CHARGE

**IT IS ORDERED** that the hearing on Counsel's and Claimants Hinojosa's Motion to

Designate Attorney in Charge, be and the same is set for _____ o' clock, _____.m.,

on the _____ day of _____, 2002 in the courtroom of United States

District Judge Hilda Tagle, United States District Court, Southern District of Texas,

Brownsville, Division located in Brownsville, Cameron County, Texas.

**SIGNED THIS** _____ day of _____, 2002.


_____
**JUDGE PRESIDING**

10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | CIVIL ACTION NO. B-01-157 |
| PETITION FOR BROWN WATER | § | |
| TOWING I, INC., AS OWNER, AND | § | |
| BROWN WATER MARINE SERVICE, | § | |
| INC., AS BAREBOAT CHARTERERS, | § | |
| OF THE BROWN WATER V, IT'S | § | |
| ENGINES, TACKLE, ETC., IN A | § | CONSOLIDATED WITH |
| CAUSE OF EXONERATION FROM | § | |
| OR LIMITATION OF LIABILITY | § | |
| | § | |
| IN RE THE COMPLAINT AND | § | CIVIL ACTION B-02-004 |
| PETITION OF AMERICAN | § | ADMIRALTY |
| COMMERCIAL LINES LLC AS | § | |
| OWNER, AND, AMERICAN | § | |
| COMMERCIAL BARGE LINES LLC, | § | |
| AS CHARTERER OF THE BARGES | § | |
| NM-315, VLB-9182, ACL-9933B, AND | § | |
| VLB-9173, IN A CAUSE OF | § | |
| EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | |

## ORDER GRANTING COUNSEL'S AND CLAIMANTS HINOJOSA'S MOTION TO DESIGNATE ATTORNEY IN CHARGE

**BE IT REMEMBERED** that on this _____ day of _____, 2002 was heard the Counsel's and Claimants Hinojosa's Motion to Designate Attorney in Charge. After considering the motion on file, the Court is of the opinion that said motion should be GRANTED.

Julian Rodriguez is designated as the Attorney in charge for the Hinojosa's Claimants.

SIGNED on this _____ day of _____, 2002.

11

_____

**JUDGE PRESIDING**

12

## JULIAN RODRIGUEZ, JR.
### ATTORNEY AT LAW

W. Pecan                                                                McAllen, Texas 78501

## CONTINGENT CONTRACT OF EMPLOYMENT

The below named client (whether one or more than one) has employed the Law Office lian Rodriguez, Jr., hereinafter called attorney, to prosecute and collect any claims for the ages sustained by client and any member of client's family from an incident which occurred about _September 15_, 2001 and from any other person, corporation, city, county, janization whose liability to client arose from the following occurrence.

My attorney is authorized to fully investigate all relevant facts, directly or through an endent investigatory, to sue on the claim, to prosecute same to judgement, negotiate ment, to advance expenses on behalf of client to employ or associate such other attorney orneys as in the firm's direction may be advisable.

It is understood and agreed that no settlement shall be made by the attorney without the s approval and the client hereby agrees to make no settlement without the consent of the ey.

In consideration of the services rendered and agreed to be rendered to the client by said ey, the client does hereby grant, sell, assign and convey to said attorney as ensation the following present undivided net interest in the claim:

1.    (33%)    Of any collection of monies of settlement made by attorney on behalf of client or other members of client's family as a result of the claims described in this agreement, at any time before suit is filed. (See expenses below)

2.    (40%)    Of any collection of monies of settlement made by attorney on behalf of client or other members of client's family as a result of the claims described in this agreement, at any time after such suit is filed.

3.    (45%)    Of any collection of monies of settlement made by attorney on behalf of client or other members of client's family as a result of the claims described in this agreement, at any time once trial begins.

t is further understood that all EXPENSES of Investigation, Discovery and Litigation
: deducted from the proceeds of the claim. Expenses advanced (or reimbursed to
y) by client will be repaid by client after the attorney's fees are computed. Expenses
ed by attorney shall be deducted from client's portion of proceeds after attorney's
e computed. Expenses shall include but are not limited to copies, faxes, postage,
ine charges, investigation fees, and deposits. Further, the attorney is authorized to
r actual unpaid balance of other obligations of client and attorney related or accrued
uit of this claim out of client's own proceeds.

Attorney has the right to cease legal work and release client from this contract at any time, he opinion of attorney, it becomes economically impractical for attorney to continue to pursue :laim, or if the client fails to cooperate with attorney as reasonably required to effectively ue the claim.

Client(s) warrant that they have not entered into any other contract concerning the same nilar claims, caused of action and/or subject matter.

**I HAVE READ AND UNDERSTAND THIS AGREEMENT, OR HAVE HAD IT READ AND .AINED TO ME AND I UNDERSTAND THIS AGREEMENT.**

Signed this _14_, day of _October_, 2001.

_uel T Hinojosa_

_1 Box 331_
ss

_Hondo, Tx 78583_
:tate, Zip Code

_2-13-4486_
Security Number

_307892_
s License Number

_2) 748-3107_
; Telephone Number

_o) 490-7683_
; Mobile Number

_____
Pager Number

By: _____
JULIAN RODRIGUEZ, JR.
ATTORNEY AT LAW
100 W. PECAN
MCALLEN, TEXAS 78501
TELEPHONE NO: (956) 682-8801
FACSIMILE: (956) 682-4544

### JULIAN RODRIGUEZ, JR.
### ATTORNEY AT LAW

00 W. Pecan                                    McAllen, Texas 78501

## CONTINGENT CONTRACT OF EMPLOYMENT

The below named client (whether one or more than one) has employed the Law Office f Julian Rodriguez, Jr., hereinafter called attorney, to prosecute and collect any claims for the amages sustained by client and any member of client's family from an incident which occurred n or about  _September 15_, 2001 and from any other person, corporation, city, county, r organization whose liability to client arose from the following occurrence.

My attorney is authorized to fully investigate all relevant facts, directly or through an dependent investigatory, to sue on the claim, to prosecute same to judgement, negotiate ettlement, to advance expenses on behalf of client to employ or associate such other attorney · attorneys as in the firm's direction may be advisable.

It is understood and agreed that no settlement shall be made by the attorney without the ient's approval and the client hereby agrees to make no settlement without the consent of the torney.

In consideration of the services rendered and agreed to be rendered to the client by said torney, the client does hereby grant, sell, assign and convey to said attorney as mpensation the following present undivided net interest in the claim:

1.  (33%)    Of any collection of monies of settlement made by attorney on behalf of client or other members of client's family as a result of the claims described in this agreement, at any time before suit is filed. (See expenses below)

2.  (40%)    Of any collection of monies of settlement made by attorney on behalf of client or other members of client's family as a result of the claims described in this agreement, at any time after such suit is filed.

3.  (45%)    Of any collection of monies of settlement made by attorney on behalf of client or other members of client's family as a result of the claims described in this agreement, at any time once trial begins.

It is further understood that all EXPENSES of Investigation, Discovery and Litigation ay be deducted from the proceeds of the claim. Expenses advanced (or reimbursed to :orney) by client will be repaid by client after the attorney's fees are computed. Expenses vanced by attorney shall be deducted from client's portion of proceeds after attorney's 2s are computed. Expenses shall include but are not limited to copies, faxes, postage, ephone charges, investigation fees, and deposits. Further, the attorney is authorized to y any actual unpaid balance of other obligations of client and attorney related or accrued pursuit of this claim out of client's own proceeds.

Attorney has the right to cease legal work and release client from this contract at any time,
in the opinion of attorney, it becomes economically impractical for attorney to continue to pursue
e claim, or if the client fails to cooperate with attorney as reasonably required to effectively
irsue the claim.

Client(s) warrant that they have not entered into any other contract concerning the same
similar claims, caused of action and/or subject matter.

**I HAVE READ AND UNDERSTAND THIS AGREEMENT, OR HAVE HAD IT READ AND**
**(PLAINED TO ME AND I UNDERSTAND THIS AGREEMENT.**

Signed this _14_, day of _September_, 2001.

arissa Hinojosa

Gaspar Hinojosa II

1218 Heritage Oaks Rd
ldress

Omar Abel Hinojosa    Estate of Gaspar
Hinojosa

Edinburg, TX 78539
ty, State, Zip Code

(56) 381-6537
ient's Telephone Number

By: _____

JULIAN RODRIGUEZ, JR.
ATTORNEY AT LAW
100 W. PECAN
MCALLEN, TEXAS 78501
TELEPHONE NO: (956) 682-8801
FACSIMILE: (956) 682-4544

2

LAW OFFICES OF
# Julian Rodriguez, Jr.
### ATTORNEY AT LAW

| | |
|---|---|
| Pecan<br>n, Texas 78501 | (956) 682-8801<br>Fax (956) 682-4544 |

October 31, 2001

Royston, Rayzor, Vickery & Williams          **VIA FAX (956) 542-4370**
Attn: Mr. Keith Uhles                                      **AND VIA FIRST CLASS MAIL**
55 Cove Circle
Brownsville, Texas 78521

RE:        **OUR CLIENTS:**    **OMAR HINOJOSA AND THE ESTATE OF GASPAR**
                                            **HINOJOSA AND THE HINOJOSA FAMILY**
            **OUR FILE NO:**    **01-111**
            **FEDERAL NO:**    **C.A. NO. B-01-157 (Southern District of Texas)**
            **STYLE:**              **IN RE THE COMPLAINT AND PETITION FOR**
                                          **BROWN WATER TOWING I et al.**

Dear Mr. Uhles:

Please be advised that we now represent the **Hinojosa** claimants in the case involving the death of their father **Mr. Gaspar Hinojosa**.  We were advised that you are the attorney who we should contact so we can obtain a copy of the federal court's order and the copy of the original petition that was filed by your client.

Please send those to me and include us on your certificate of service.  We are in the process of filing our own motions to substitute and would like to know which attorneys we need to advise of our new appearance.

We look forward to hearing from you.

Sincerely,


**JULIAN RODRIGUEZ, JR.**
Attorney at Law

xc: clients

STATE OF TEXAS                §

COUNTY OF HIDALGO             §

### AFFIDAVIT OF OMAR ABEL HINOJOSA

On this day, Omar Abel Hinojosa appeared before me, the undersigned notary public. After I administered an oath to him, upon his oath, he said:

"My name is Omar Abel Hinojosa. I am competent to make this affidavit. That facts stated in this affidavit are within my personal knowledge and are true and correct.

My father was killed in an accident which occurred on September 15, 2001 when the Queen Isabella Causeway collapsed. I am the eldest son of the deceased Gaspar Hinojosa. I have already been designated by the probate judge that the Hidalgo County Probate Judge as the Administrator of my fathers' estate filed by my attorney Julian Rodriguez, Jr. in Hidalgo under cause no. 28298 since November 1, 2001.

I would like this court to know that my family including Clarissa Hinojosa, Raquel Hinojosa, and Gaspar Hinojosa II have consistently supported my position and are aware of the transactions and occurrences that have occurred in this case. We all initially retained the Law Office of Ramon Garcia of Edinburg, Texas to represent us.

Mr. Garcia made contact with me and my family the same day as the accident. At the time we retained Mr. Ramon Garcia he made several representation to me and my family which I shortly thereafter learned were false and can be considered misleading. I immediately voiced my concerns but was not advised how to proceed and never received any return phone calls from Mr. Garcia's office.

My family and I decided to terminate our agreement as soon as we could with the Law Offices of Ramon Garcia and this was done by personally serving a certified typed letter to Mr. Garcia's Offices located in Edinburg, Texas. I received copies of the original green card on the day we delivered the letters which show the date the letters were received and the person who accepted the letters of termination.

I was never advised that Mr. Ramon Garcia had already wrongfully referred the case to an attorney in Houston, Texas, Mr. Robert Ammons. My family and I all terminated Mr. Ramon Garcia's services days before Mr. Ramon Garcia and Robert Ammons filed any original claims or pleadings in federal court on our behalf. The federal court filed stamped copies of the original answer filed by Mr. Ramon Garcia and Mr. Ammons reflects that it was filed after we had notified Mr. Garcia that we were terminating our agreement with him and his law office.

Instead of following our instructions Mr. Ramon Garcia and Mr. Ammons proceeded to file unauthorized pleadings in Federal Court under this cause no. B-01-157 misrepresenting to the court that they had authority to do so. In addition they

misrepresented to the court that Ms. Raquel Hinojosa is the representative of the Estate of Gaspar Hinojosa.  I am the Administrator of the Estate of Gaspar Hinojosa.

My attorney Julian Rodriguez, Jr. has consistently kept all of us aware of the proceedings in this lawsuit, has undergone his own investigation on our behalf, has continued to protect our interest and has tried to substitute as attorney of record for our family. Mr. Ramon Garcia and Mr. Robert Ammons instead have chosen not to cooperate and have continued not to consider our family's best interest in this case and instead have chosen to create this unnecessary delays.

We do not wish to have Mr. Ramon Garcia or his Law Offices or Mr. Ammons representing me, my family, or the estate of Gaspar Hinojosa in any manner.

_____
OMAR A. HINOJOSA INDIV. AND
AS ADMINISTRATOR OF THE ESTATE
OF GASPAR HINOJOSA

SWORN TO and SUBSCRIBED before me by Omar A. Hinojosa on February 7, 2002.

MELISSA K. RODRIGUEZ
Notary Public, State of Texas
My Commission Expires 10/22/05

_Melissa K. Rodriguez_
Notary Public in and for
the State of Texas

**STATE OF TEXAS**                    §

**COUNTY OF HIDALGO**           §

### AFFIDAVIT OF GASPAR HINOJOSA II

On this day, Gaspar Hinojosa II appeared before me, the undersigned notary public. After I administered an oath to him, upon his oath, he said:

"My name is Gaspar Hinojosa II. I am competent to make this affidavit. That facts stated in this affidavit are within my personal knowledge and are true and correct.

I am the son of the deceased Gaspar Hinojosa. I would like this court to know that my family including Omar Abel Hinojosa and Clarissa Hinojosa have consistently are aware of the transactions and occurrences that have occurred in this case.

My father was killed in the accident which occurred on September 15, 2001 when the causeway collapsed. We initially retained the Law Office of Ramon Garcia of Edinburg, Texas to represent us all. Mr. Garcia made contact with me and my family the same day as the accident. At the time we retained Mr. Ramon Garcia he made several representation to me and my family and later I learned they were not accurate. I requested that my brother terminate the services of the attorney Ramon Garcia.

I decided to terminate our agreement as soon as we could with the Law Offices of Ramon Garcia and this was done by personally serving a certified letter to Mr. Garcia's Offices located in Edinburg, Texas. I was never advised that Mr. Ramon Garcia had referred the case to an attorney in Houston, Texas, Mr. Robert Ammons. My family and I all terminated Mr. Ramon Garcia's services days before Mr. Ramon Garcia and Robert Ammons filed any claims or pleadings in federal court on our behalf. The courts files stamped copies of the originals pleadings by Mr. Ramon Garcia and Mr. Ammons reflects that it was filed after we had notified Mr. Garcia that we were terminating our agreement with him.

Instead of following our instructions Mr. Ramon Garcia and Mr. Ammons proceeded to file unauthorized pleadings in Federal Court under this cause no. B-01-157 misrepresenting to the court that they had authority to do so.

My attorney Julian Rodriguez, Jr. has consistently kept all of us aware of the proceedings in this lawsuit, has undergone his own investigation on our behalf, has continued to protect our interest and has tried to handle the transfer of this case from Mr. Garcia's office to our attorney's office. Mr. Ramon Garcia and Mr. Robert Ammons instead have chosen not to cooperate and have continued this delay in not allowing a new attorney to substitute in the case as our designated representative. I do not think this is in our best interest and I do not think Mr. Garcia and Mr. Ammons are acting in our best interest.

**GASPAR HINOJOSA II**

SWORN TO and SUBSCRIBED before me by GASPAR HINOJOSA II on February 7, 2002.



Notary Public in and for
the State of Texas

STATE OF TEXAS                          §

COUNTY OF HIDALGO                       §

## AFFIDAVIT OF CLARISSA HINOJOSA

On this day, Clarissa Hinojosa appeared before me, the undersigned notary public. After I administered an oath to him, upon his oath, he said:

"My name is Clarissa Hinojosa. I am competent to make this affidavit. That facts stated in this affidavit are within my personal knowledge and are true and correct.

My father was killed in an accident which occurred on September 15, 2001 when the Queen Isabella Causeway collapsed. I am the eldest daughter of the deceased Gaspar Hinojosa. I have already been designated by the probate judge that the Hidalgo County Probate Judge as the Administrator of my fathers' estate filed by my attorney Julian Rodriguez, Jr. in Hidalgo under cause no. 28298 since November 1, 2001.

I would like this court to know that my family including Omar Abel Hinojosa, Raquel Hinojosa, and Gaspar Hinojosa II have consistently supported my position and are aware of the transactions and occurrences that have occurred in this case. We all initially retained the Law Office of Ramon Garcia of Edinburg, Texas to represent us.

Mr. Garcia made contact with me and my family the same day as the accident. At the time we retained Mr. Ramon Garcia he made several representation to me and my family which I shortly thereafter learned were false and can be considered misleading. I immediately voiced my concerns but was not advised how to proceed and never received any return phone calls from Mr. Garcia's office.

My family and I decided to terminate our agreement as soon as we could with the Law Offices of Ramon Garcia and this was done by personally serving a certified typed letter to Mr. Garcia's Offices located in Edinburg, Texas. I received copies of the original green card on the day we delivered the letters which show the date the letters were received and the person who accepted the letters of termination.

I was never advised that Mr. Ramon Garcia had already wrongfully referred the case to an attorney in Houston, Texas, Mr. Robert Ammons. My family and I all terminated Mr. Ramon Garcia's services days before Mr. Ramon Garcia and Robert Ammons filed any original claims or pleadings in federal court on our behalf. The federal court filed stamped copies of the original answer filed by Mr. Ramon Garcia and Mr. Ammons reflects that it was filed after we had notified Mr. Garcia that we were terminating our agreement with him and his law office.

Instead of following our instructions Mr. Ramon Garcia and Mr. Ammons proceeded to file unauthorized pleadings in Federal Court under this cause no. B-01-157 misrepresenting to the court that they had authority to do so. In addition they

misrepresented to the court that Ms. Raquel Hinojosa is the representative of the Estate of Gaspar Hinojosa.  I am the Administrator of the Estate of Gaspar Hinojosa.

My attorney Julian Rodriguez, Jr. has consistently kept all of us aware of the proceedings in this lawsuit, has undergone his own investigation on our behalf, has continued to protect our interest and has tried to substitute as attorney of record for our family.  Mr. Ramon Garcia and Mr. Robert Ammons instead have chosen not to cooperate and have continued not to consider our family's best interest in this case and instead have chosen to create this unnecessary delays.

We do not wish to have Mr. Ramon Garcia or his Law Offices or Mr. Ammons representing me, my family, or the estate of Gaspar Hinojosa in any manner.

CLARISSA HINOJOSA

SWORN TO and SUBSCRIBED before me by Clarissa Hinojosa on _February_ _12_, 2002.

PENNY JASSO
Notary Public
STATE OF TEXAS
My Comm Exp 02-22-2003

Notary Public in and for
the State of Texas

STATE OF TEXAS                    §

COUNTY OF HIDALGO                 §

## AFFIDAVIT OF RAQUEL HINOJOSA

On this day, Raquel Hinojosa appeared before me, the undersigned notary public. After I administered an oath to him, upon his oath, he said:

"My name is Raquel Hinojosa. I am competent to make this affidavit. That facts stated in this affidavit are within my personal knowledge and are true and correct.

I was the surviving wife of the deceased Gaspar Hinojosa. My attorney Julian Rodriguez, Jr. has advised me that this case is now pending in federal court and that the estate for Gaspar Hinojosa has already been created in Hidalgo County, Texas.

My husband was killed in the collapse of the causeway that connects South Padre Island to Port Isabel. I initially agreed to retain the Law Office of Ramon Garcia of Edinburg, Texas to represent us all. Mr. Ramon Garcia's office made contact with me and my family the same day as the accident. At the time we retained Mr. Ramon Garcia he made several representation to my family which I believe are false. I agreed that we needed to terminate the services of Mr. Garcia and his law office and retain the services of Attorney Julian Rodriguez, Jr. I signed the letter of termination so that Omar Hinojosa could deliver by certified mail the letter to Mr. Garcia's office and place them on immediate notice of my decision.

I was never advised that Mr. Ramon Garcia had referred the case to an attorney in Houston, Texas, Mr. Robert Ammons. My family and I all terminated Mr. Ramon Garcia's services days before Mr. Ramon Garcia and Robert Ammons filed any proof of claim or pleadings in the pending federal cause on our behalf.

Instead of following our instructions as stated in the letter of termination delivered personally to Mr. Ramon Garcia and his law office, Mr. Ammons proceeded to file unauthorized pleadings in Federal Court under this cause no. B-01-157 misrepresenting to the court that they had authority to do so. In addition they misrepresented to the court that I, Raquel Hinojosa, represented the estate of Gaspar Hinojosa which is not true.

My attorney Julian Rodriguez, Jr. has consistently kept all of us aware of the proceedings in this lawsuit, has undergone his own investigation on our behalf, has continued to protect our interest and has tried to handle the transfer of the file without court interference. Mr. Ramon Garcia and Mr. Robert Ammons instead have chosen not to cooperate and have delayed my attorney's ability to further protect our interest in this pending lawsuit.

I have chosen Mr. Julian Rodriguez, Jr. and his law office to represent me and have requested that Mr. Ramon Garcia and any of his associates be allowed to withdraw as the

attorney of record in this case since I do not believe that are no longer interested in protecting my rights in  this  case.  I know all my family is also in agreement to these statements.

*Raquel T Hinojosa*

**RAQUEL HINOJOSA**

SWORN TO and SUBSCRIBED before me by Raquel Hinojosa on ___2/11/02___

_____, 2002.

MELISSA K. RODRIGUEZ
Notary Public, State of Texas
My Commission Expires 10/24/05

*Melissa K. Rodriguez*

Notary Public in and for
the State of Texas