IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 19 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION § | |
| OF AMERICAN COMMERCIAL LINES § | |
| LLC AS OWNER, AND, AMERICAN § | |
| COMMERCIAL BARGE LINES, LLC § | CIVIL ACTION |
| AS CHARTERER OF THE BARGES § | |
| NM-315,VLB-9182, ACL-9933B, VLB-9173, § | NO. B-02-004 |
| IN A CAUSE OF EXONERATION FROM § | ADMIRALTY |
| OR LIMITATION OF LIABILITY § | |

CAB-01-157

### ORIGINAL ANSWER OF LAGUNA MADRE WATER DISTRICT
### TO THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES LLC
### AS OWNER and AMERICAN COMMERCIAL BARGE LINE LLC AS CHARTERER
### OF BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, PRAYING FOR
### EXONERATION FROM AND/OR LIMITATION OF LIABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW LAGUNA MADRE WATER DISTRICT and, without consenting to jurisdiction or waiving its sovereign immunity, but instead expressly reserving its rights under the Eleventh Amendment of the United States Constitution, files the following Answer in response to the "Complaint for Exoneration From and/or Limitation of Liability" (the "Complaint") flied by American Commercial Lines LLC ("ACL") and American Commercial Barge Line LLC ("ACBL").

### First Defense

The State of Texas has filed a lawsuit captioned The *State of Texas v. Brown Water Towing I, Inc. and Brown Water Marine Service, Inc.*, which bears Cause No. 2001-09-4137-A on the docket of the 10T<sup>h</sup> Judicial District Court for Cameron County, Texas (the "Cameron County suit") and Laguna Madre Water District desires to join and is entitled to pursue its claims against Brown Water Towing I, Inc. and Brown Water Marine Service, Inc. (collectively "Brown Water") in that forum. At this time, neither ACL nor ACBL are named as defendants in the Cameron County suit. This

Honorable Court has issued monition orders in this action and in the consolidated matter entitled "In Re the Complaint and Petition of Brown Water Towing I, Inc., *et al*," C.A. No. B-01-157. The monition orders have the collective effect of temporarily enjoining the prosecution of the Cameron County suit and requiring all claimants wishing to assert claims against ACL or ACBL to file answers and claims in this proceeding on penalty of default. Laguna Madre Water District therefore has no choice but to appear as a claimant in this proceeding and file this answer and claim. But in doing so, Laguna Madre Water District is not appearing voluntarily and is in no way consenting to jurisdiction or waiving its sovereign immunity under the Eleventh Amendment of the Constitution of the United States of America. Moreover, in addition to the fact that it has sovereign immunity, Laguna Madre Water District also avers that it is entitled to pursue the Cameron County suit against Brown Water, and to add ACL and ACBL as defendants in that action, because the Cameron County suit is saved to suitors. For all of these reasons, Laguna Madre Water District avers that its claims against ACL and ACBL should not be subject to this exoneration/limitation of liability action and that Laguna Madre Water District should be free to pursue its claims against ACL and ACBL in the Cameron County suit.

## Second Defense

Strictly in the alternative to its First Defense, Laguna Madre Water District avers that the proceedings in these consolidated suits should be limited solely to adjudication of the questions of whether Brown Water and/or ACL and/or ACBL are entitled to limit their liability under the Limitation of Vessel Owner's Liability Act (the "Limitation Act"). Once this Honorable Court denies Brown Water and/or ACL and/or ACBL exoneration and limitation, Laguna Madre Water District is entitled to and demands the right to try all remaining issues, particularly including but not limited to the Laguna Madre Water District's damage claims, before a jury in the Cameron County suit.

### Third Defense

The Complaint fails to state any claim or cause of action upon which relief can be granted against Laguna Madre Water District.

### Fourth Defense

AND NOW, in specific response to the allegations of the "Complaint," Laguna Madre Water District responds as follows:

**I.**

The preamble of the Complaint requires no response from Laguna Madre Water District. But, to the extent that a response may be deemed necessary, the same is denied for lack of information sufficient to justify a belief therein. Laguna Madre Water District specifically reserves the right to contest the standing of ACL and ACBL to seek exoneration from or limitation of liability with regard to the incident that is the subject of the captioned matter.

**II.**

The allegations of Paragraph I of the Complaint are admitted insofar as they pertain to the corporate status of ACL and ACBL. The remaining allegations of Paragraph I and the allegations of Paragraph II of the Complaint are denied for lack of information sufficient to justify a belief therein. Laguna Madre Water District specifically reserves the right to contest the standing of ACL and ACBL to seek exoneration from or limitation of liability with regard to the incident that is the subject of the captioned matter.

**III.**

The allegations of Paragraph III of the Complaint are denied, except to admit that the NM-315, VLB-9182, ACL-9933B and VLB-9173 (the "Barges") are all cargo barges.

### IV.

The allegations of Paragraph IV of the Complaint are denied.

### V.

In response to the allegations of Paragraphs V and VI of the "Complaint," Laguna Madre Water District admits that on September 15, 2001, the BROWN WATER V was pushing the Barges in navigable waters in or near Port Isabel, Texas when the flotilla struck the Queen Isabella Causeway (" Causeway"), causing several sections of the Causeway to collapse into the Laguna Madre Channel. (This event is hereafter referred to as "the allision.") Laguna Madre Water District further admits that the allision caused personal injuries, deaths, property damage and other damages. The remaining allegations of Paragraphs V and VI of the Complaint are denied for lack of information sufficient to justify a belief therein.

### VI.

The allegations of Paragraphs VII and VIII of the Complaint are denied. Laguna Madre water District specifically denies that ACL and ACBL are entitled to exoneration from or limitation of liability for the allision.

### VII.

The allegations of Paragraph IX of the Complaint are denied for lack of information sufficient to justify a belief therein, except to admit that the Complaint was filed timely.

### VIII.

The allegations of Paragraphs X. XI, XII and XIII of the Complaint are denied. In addition to specifically denying that ACL and ACBL are entitled to exoneration from or limitation of liability, Laguna Madre Water District specifically reserves the right to contest the valuation of the

Barges and their pending freight, as well as the failure of ACL and ACBL to include in the limitation fund the value of the cargoes of the Barges and the value of the BROWN WATER V and her pending freight. Laguna Madre Water District further reserves the right to contest the adequacy and sufficiency of the security posted by ACL and ACBL in support of this action.

### IX.

The allegations of Paragraphs XIV and XV of the Complaint are denied for lack of information sufficient to justify a belief therein, except to admit that many claims and demands will be made against ACL and ACBL in connection with the allision and that those claims and demands are likely to exceed the value that ACL and ACBL have attributed to the Barges in the "Complaint."

### X.

The allegations of Paragraphs XVI and XVII of the Complaint are denied. In addition to specifically denying that ACL and ACBL are entitled to exoneration from or limitation of liability, the Laguna Madre Water District specifically reserves the right to contest the valuation of the Barges and their pending freight, as well as the failure of ACL and ACBL to include in the limitation fund the value of the cargoes of the Barges and the value of the BROWN WATER V and her pending freight. Laguna Madre Water District further reserves the right to contest the adequacy and sufficiency of the security posted by ACL and ACBL in support of this action.

### XI.

The allegations of Paragraph XVIII of the Complaint are denied except to admit that the questions of whether ACL and/or ACBL are entitled to limitation of liability are within the admiralty and maritime jurisdiction of this Honorable Court; but, Laguna Madre Water District avers that for the reasons set forth in the First Defense, its claims against ACL and ACBL should not be subject to this exoneration/limitation of liability action. Laguna Madre water District should be free to add

ACL and ACBL as defendants in the Cameron County suit and to pursue its claims against ACL and ACBL that action. Strictly in the alternative, as is set out in its Second Defense, Laguna Madre Water District avers that the proceedings in these consolidated cases should be limited solely to adjudication of the questions of whether Brown Water, ACL and/or ACBL are entitled to limit their liability under the Limitation Act. Once this Honorable Court denies Brown Water and/or ACL and/or ACBL exoneration and limitation, Laguna Madre water District is entitled to and demands the right to try all remaining issues, particularly including but not limited to Laguna Madre Water District's damages claims, before a jury in the Cameron County suit.

## XII.

To the extent that a response may be deemed necessary to the prayer contained in the "Complaint," the same is denied in its entirety.

### Fifth Defense

The allision was not caused or contributed to by any fault, neglect, negligence or lack of due care by Laguna Madre Water District or anyone for whom it may be responsible.

### Sixth Defense

Laguna Madre Water District avers that ACL and ACBL are not entitled to exoneration or to limitation of liability under the Limitation Act, because the allision was caused by the independent negligence and fault of the owners and management of ACL and ACBL.

### Seventh Defense

Laguna Madre Water District avers that ACL and ACBL are not entitled to exoneration or to limitation of liability under the Limitation Act, because the allision was caused by the sole, joint, and/or concurrent negligence and fault of Brown Water and their officers, agents, servants, employees, masters and crews, and by the unseaworthiness of the T/V BROWN WATER V, all of

which ACL and ACBL are vicariously responsible for and all of which was within the privity and knowledge of the owners and management of ACL and ACBL. Laguna Madre water District further avers that ACL and ACBL are not entitled to exoneration or to limitation of liability under the Limitation Act, because the allision was caused by the sole, joint, and/or concurrent negligence and fault of ACL and/or ACBL and their officers, agents, servants and employees, and by the unseaworthiness of the Barges, all of which was within the privity and knowledge of the owners and management of ACL and ACBL.

### Eighth Defnse

Under the provisions of §183(e) of the Limitation Act, because this situation involves loss of life and personal injury, ACL and ACBL are charged with privity and knowledge of all conditions that were within the knowledge of the master of the BROWN WATER V at the commencement of the voyage during which the allision occurred. ACL and ACBL are therefore not entitled to exoneration or to limitation of liability under the Limitation Act.

### Ninth Defense

Laguna Madre Water District specifically contests the valuation of the Barges and their pending freight, as well as the failure of ACL and ACBL to include in the limitation fund the value of the cargoes of the Barges and the value of the BROWN WATER V and her pending freight. This Honorable Court should, if necessary, appoint a Commissioner in due course to appraise said values.

### Tenth Defense

Laguna Madre Water District specifically contests the adequacy and sufficiency of the security posted by ACL and ACBL in support of this action. If it is determined that the security deposited by ACL and ACBL is not adequate and sufficient as required by law, then the Complaint should be dismissed.

### Eleventh Defense

Laguna Madre Water District specifically contests the status of ACL and ACBL to seek exoneration or limitation of liability under the Limitation Act for the allision.

### Twelfth Defense

Laguna Madre Water District reserves the right to file a direct action against the underwriters of ACL and ACBL and/or the Barges, as well as against any other person, corporation, entity and/or vessel whose fault, neglect, negligence, unseaworthiness or of lack of due care may have caused or contributed to the allision. And Laguna Madre Water District also avers that under the rule of joint and several liability, it is entitled to recover all of its damages from ACL, ACBL and/or the Barges, even if any other persons, corporations, entities and/or vessels are ultimately found to be responsible for the allision.

**WHEREFORE PREMISES CONSIDERED**, Respondent/Claimant **LAGUNA MADRE WATER DISTRICT** prays that this "Original Answer" be deemed sufficient, and that after proceedings be had, there be judgment in favor of Laguna Madre Water District and against ACL and ACBL, dismissing ACL and ACBL' Complaint as respects to Laguna Madre Water District.

Laguna Madre Water District prays that there be judgment in this matter denying ACL and ACBL's request for exoneration, Finding ACL and ACBL and the Barges to be legally responsible for the allision and all resulting damages, denying ACL and ACBL's request for limitation of liability, remanding

Respectfully submitted on this the 19th day of April, 2002.

MAGALLANES, HINOJOSA & MANCIAS, P.C.
A Professional Corporation
1713 Boca Chica Blvd.
Brownsville, TX 78520
(956) 544-6571
(956) 544-4290-fax

By:_____
    Juan A. Magallanes,
    Attorney for Laguna Madre Water District
    State Bar No.12879500
    Federal ID No. 2258

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of April 2002, a true and correct copy of the foregoing instrument was forwarded to all counsel of record via fax and/or regular mail.

_____
J.A. MAGALLANES