IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 22 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION | § | |
| OF BROWN WATER TOWING I, INC., | § | |
| AS OWNER, AND BROWN WATER MARINE | § | |
| SERVICE, INC., AS BAREBOAT | § | CIVIL ACTION |
| CHARTERER OF THE BROWN WATER V, | § | |
| ITS ENGINES, TACKLE, *ETC.*, | § | NO. B-01-157 |
| IN A CAUSE OF EXONERATION FROM | § | ADMIRALTY |
| OR LIMITATION OF LIABILITY | § | (consolidated with C.A. B-02-004) |

**SECOND AMENDED ANSWER OF LAGUNA MADRE WATER DISTRICT
TO THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS
OWNER, AND BROWN WATER MARINE SERVICE INC., AS BAREBOAT
CHARTERER OF THE BROWN WATER V ITS ENGINES, TACKLE, *ETC.*, PRAYING
FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW LAGUNA MADRE WATER DISTRICT and, without consenting to jurisdiction or waiving its sovereign immunity, but instead expressly reserving its rights under the Eleventh Amendment of the United States Constitution, files the following Answer in response to the "Complaint for Exoneration From and/or Limitation of Liability" (the "Complaint") flied by Brown Water Towing I, Inc., and Brown Water Marine Service, Inc.

**First Defense**

The State of Texas has filed a lawsuit captioned The *State of Texas v. Brown Water Towing I, Inc. and Brown Water Marine Service, Inc.*, which bears Cause No. 2001-09-4137-A on the docket of the 107th Judicial District Court for Cameron County, Texas (the "Cameron County suit") and Laguna Madre Water District desires to join and is entitled to pursue its claims against Brown Water Towing I, Inc. and Brown Water Marine Service, Inc. (collectively "Brown Water") in that forum. Because this Honorable Court has issued monition order temporarily enjoining the prosecution of

the Cameron County suit and requiring all claimants wishing to assert claims against Brown Water to file answers and claims in this proceeding on penalty of default. Laguna Madre Water District therefore has no choice but to appear as a claimant in this proceeding and file this answer and claim. But in doing so, Laguna Madre Water District is not appearing voluntarily and is in no way consenting to jurisdiction or waiving its sovereign immunity under the Eleventh Amendment of the Constitution of the United States of America. Moreover, in addition to the fact that it has sovereign immunity, Laguna Madre Water District also avers that it is entitled to pursue the Cameron County suit against Brown Water, because the Cameron County suit is saved to suitors. For all of these reasons, Laguna Madre Water District avers that its claims against Brown Water should not be subject to this exoneration/limitation of liability action and that Laguna Madre Water District should be free to pursue its claims against Brown Water in the Cameron County suit.

### Second Defense

Strictly in the alternative to its First Defense, Laguna Madre Water District avers that the proceedings in these consolidated suits should be limited solely to adjudication of the questions of whether Brown Water Towing I, Inc., and/or Brown Water Marine Service, Inc., are entitled to limit their liability under the Limitation of Vessel Owner's Liability Act (the "Limitation Act"). Once this Honorable Court denies Brown Water exoneration and limitation, Laguna Madre Water District is entitled to and demands the right to try all remaining issues, particularly including but not limited to the Laguna Madre Water District's damage claims, before a jury in the Cameron County suit.

### Third Defense

The Complaint fails to state any claim or cause of action upon which relief can be granted against Laguna Madre Water District.

## Fourth Defense

AND NOW, in specific response to the allegations of the "Complaint," Laguna Madre Water District responds as follows:

### I.

The preamble of the Complaint requires no response from Laguna Madre Water District. But, to the extent that a response may be deemed necessary, the same is denied for lack of information sufficient to justify a belief therein. Laguna Madre Water District specifically reserves the right to contest the standing of Brown Water Towing I, Inc., and/or Brown Water Marine Service, Inc., to seek exoneration from or limitation of liability with regard to the incident that is the subject of the captioned matter.

### II.

The allegations of Paragraph I of the Complaint are admitted insofar as they pertain to the corporate status of Brown Water Towing I, Inc., and/or Brown Water Marine Service, Inc. The remaining allegations of Paragraph I and the allegations of Paragraph II of the Complaint are denied for lack of information sufficient to justify a belief therein. Laguna Madre Water District specifically reserves the right to contest the standing of Brown Water Towing I, Inc., and/or Brown Water Marine Service, Inc., to seek exoneration from or limitation of liability with regard to the incident that is the subject of the captioned matter.

### III.

The allegations of Paragraph III of the Complaint are denied, except to admit that theBROWN WATER V is a tugboat.

### IV.

In response to the allegations of Paragraph III of the "Complaint,"Laguna Madre Water

District admits that on September 15, 2001, the BROWN WATER V was pushing the Barges in navigable waters in or near Port Isabel, Texas when the flotilla struck the Queen Isabella Causeway (" Causeway"), causing several sections of the Causeway to collapse into the Laguna Madre Channel. (This event is hereafter referred to as "the allision.") Laguna Madre Water District further admits that the allision caused personal injuries, deaths, property damage and other damages. The remaining allegations of Paragraphs III of the Complaint are denied for lack of information sufficient to justify a belief therein.

### V.

The allegations of Paragraphs IV, V and VI of the Complaint are denied.

### VI.

The allegations of Paragraphs VII of the Complaint are denied. Laguna Madre Water District will join in the Cameron County suit and for the reasons set forth above, avers that it should be free to pursue its claims against Brown water in that proceeding

### VII.

The allegations of Paragraph VIII of the Complaint are denied, except to admit that many claims and demands will be made against Brown Water in connection with the allision.

### VIII.

In response to the allegations of Paragraph III of the "Complaint," Laguna Madre Water District admits that the claims and demands that have been and will be asserted against Brown Water in connection with the allision exceed the value that Brown Water has attributed to the BROWN WATER V in the "Complaint." But in addition to specifically denying that Brown Water is entitled to exoneration from or limitation of liability, Laguna Madre Water District specifically reserves the right to contest the valuation of BROWN WATER V and her pending freight, as well as the failure

of Brown Water to include in the limitation fund the value of the barges in the flotilla, their cargoes and their pending freight. Laguna Madre Water District further reserves the right to contest the adequacy and sufficiency of the security posted by Brown water in support of this action.

### IX.

The allegations of Paragraphs X of the Complaint are denied. In addition to specifically denying that Brown Water is entitled to exoneration from or limitation of liability, Laguna Madre Water District specifically reserves the right to contest the valuation of the BROWN WATER V and her pending freight, as well as the failure of Brown Water to include in the limitation fund the value of the barges in the flotilla, their cargoes and their pending freight. Laguna Madre Water District further reserves the right to contest the adequacy and sufficiency of the security posted by Brown Water in support of this action.

### X.

The allegations of Paragraphs XI and XII of the "Complaint" are denied. Laguna Madre Water District specifically denies that Brown Water is entitled to exoneration from or limitation of liability for the allision.

### XI.

The allegations of Paragraphs XII and XIV of the "Complaint" are denied. In addition to specifically denying that Brown Water is entitled to exoneration from or limitation of liability, the Laguna Madre Water District specifically reserves the right to contest the valuation of the BROWN WATER V and her pending freight, as well as the failure of Brown Water to include in the limitation fund the value of the cargoes of the barges in the flotilla, their cargoes and their pending freight. Laguna Madre Water District further reserves the right to contest the adequacy and sufficiency of the security posted by ACL and ACBL in support of this action.

## XII.

The allegations of Paragraph XVI of the "Complaint" are denied except to admit that this Honorable Court has jurisdiction over Brown Water's "Complaint" and that venue is proper in this district; but, Laguna Madre Water District avers that for the reasons set forth in the First Defense, its claims against Brown Water should not be subject to this exoneration/limitation of liability action. Laguna Madre Water District should be free to pursue its claims against Brown Water that action.

## XIII.

The allegations of Paragraph XVII of the Complaint are denied, except to admit that the "Complaint' was timely filed.

## XIV.

The allegations of Paragraph VIII of the Complaint are denied, except to admit that the questions of whether Brown Water is entitled to limitation of liability are within the admiralty and maritime jurisdiction of this Honorable Court; but, Laguna Madre Water District avers that for the reasons set forth in the First Defense, its claims against Brown Water should not be subject to this exoneration/limitation of liability action. Laguna Madre Water District should be free to pursue its claims against Brown Water in the Cameron County suit. Strictly in the alternative, as is set out in its Second Defense, Laguna Madre Water District avers that the proceedings in these consolidated cases should be limited solely to adjudication of the questions of whether Brown Water is entitled to limit their liability under the Limitation Act. Once this Honorable Court denies Brown Water exoneration and limitation, Laguna Madre Water District is entitled to and demands the right to try all remaining issues, particularly including but not limited to Laguna Madre Water District's damages claims, before a jury in the Cameron County suit.

## XV.

To the extent that a response may be deemed necessary to the prayer contained in the "Complaint," the same is denied in its entirety.

### Fifth Defense

The allision was not caused or contributed to by any fault, neglect, negligence or lack of due care by Laguna Madre Water District or anyone for whom it may be responsible.

### Sixth Defense

Laguna Madre Water District avers that Brown Water are not entitled to exoneration or to limitation of liability under the Limitation Act, because the allision was caused by the independent negligence and fault of the owners and management of Brown Water.

### Seventh Defense

Laguna Madre Water District avers that Brown Water is not entitled to exoneration or to limitation of liability under the Limitation Act, because the allision was caused by the sole, joint, and/or concurrent negligence and fault of Brown Water and their officers, agents, servants, employees, masters and crews, and by the unseaworthiness of the T/V BROWN WATER V and her flotilla, all of which was within the privity and knowledge of the owners and management of ACL and ACBL.

### Eighth Defnse

Under the provisions of §183(e) of the Limitation Act, because this situation involves loss of life and personal injury, Brown Water is charged with privity and knowledge of all conditions that were within the knowledge of the master of the BROWN WATER V at the commencement of the voyage during which the allision occurred. Brown Water is therefore not entitled to exoneration or to limitation of liability under the Limitation Act.

### Ninth Defense

Laguna Madre Water District specifically contests the valuation of the BROWN WATER V and her pending freight, as well as the failure of Brown Water to include in the limitation fund the value of the cargoes of the barges in the flotilla, their cargoes and their pending freight. This Honorable Court should, if necessary, appoint a Commissioner in due course to appraise said values.

### Tenth Defense

Laguna Madre Water District specifically contests the adequacy and sufficiency of the security posted by ACL and ACBL in support of this action. If it is determined that the security deposited by ACL and ACBL is not adequate and sufficient as required by law, then the Complaint should be dismissed.

### Eleventh Defense

Laguna Madre Water District specifically contests the status of Brown Water Towing I, Inc., and Brown Water Marine Service, Inc., to seek exoneration or limitation of liability under the Limitation Act for the allision.

### Twelfth Defense

Laguna Madre Water District reserves the right to file a direct action against the underwriters of Brown Water Towing I, Inc., and Brown Water Marine Service, Inc., and/or the BROWN WATER V, as well as against any other person, corporation, entity and/or vessel whose fault, neglect, negligence, unseaworthiness or of lack of due care may have caused or contributed to the allision. And Laguna Madre Water District also avers that under the rule of joint and several liability, it is entitled to recover all of its damages from Brown Water Towing I, Inc., and Brown Water Marine Service, Inc., and/or the BROWN WATER V, even if any other persons, corporations, entities and/or vessels are ultimately found to be responsible for the

allision.

**WHEREFORE PREMISES CONSIDERED**, Respondent/Claimant **LAGUNA MADRE WATER DISTRICT** prays that this "Second Amended Answer" be deemed sufficient, and that after proceedings be had, there be judgment in favor of Laguna Madre Water District and against Brown Water Towing I, Inc., and Brown Water Marine Service, Inc.,, dismissing Brown Water Towing I, Inc., and Brown Water Marine Service, Inc.'s "Complaint" as respects to Laguna Madre Water District.

Laguna Madre Water District prays that there be judgment in this matter denying Brown Water Towing I, Inc., and Brown Water Marine Service, Inc.'s request for exoneration, finding Brown Water Towing I, Inc., and Brown Water Marine Service, Inc., and the BROWN WATER V to be legally responsible for the allision and all resulting damages, denying Brown Water Towing I, Inc., and Brown Water Marine Service, Inc.'s request for limitation of liability, remanding the damage claim of Laguna Madre Water District to be determined by the jury in the lawsuit captioned *The State of Texas v. Brown Water towing i, inc. and Brown Water Marine Service, Inc.,* which bears Cause No. 2001-09-4137-A on the docket of the 107th Judicial District Court for Cameron County, Texas, and dismissing Brown Water's Complaint with prejudice and at Brown Water's cost. Strictly in the alternative to its position that its claims against Brown Water should not be subject to this exoneration/limitation of liability action and that Laguna Madre Water District should be free to pursue its jury claims against Brown Water in the Cameron County suit and to its alternative position that the damage claims of Laguna Madre Water District should be determined by the jury in the aforementioned state court suit, Laguna Madre Water District prays that if its damages are tried in this Court, the trial be by jury, and that there be judgment in favor of Laguna Madre Water District and against Brown Water and its

underwriters on the claim filed by Laguna Madre Water District for all such actual damages, together with interest from the date of the loss until paid in full, attorney's fees, costs and expenses as provided by law. Additionally, Laguna Madre Water District prays for all other general and equitable relief that this Honorable Court may deem fit and proper and that this Honorable Court is competent to grant.

Respectfully submitted on this the _22_ day of April, 2002.

                MAGALLANES, HINOJOSA & MANCIAS, P.C.
                A Professional Corporation
                1713 Boca Chica Blvd.
                Brownsville, TX 78520
                (956) 544-6571
                (956) 544-4290-fax

By: _____
      Juan A. Magallanes,
      Attorney for Laguna Madre Water District
      State Bar No.12879500
      Federal ID No. 2258

## CERTIFICATE OF SERVICE

I hereby certify that on this the _22_ day of April 2002, a true and correct copy of the foregoing instrument was forwarded to all counsel of record via fax and/or regular mail.

_____
J.A. MAGALLANES

## Service List

John David Franz
The Law Offices of John David Franz
400 N. McColl
McAllen, Texas 78501
(956) 686-3578 - facsimile

J. Chad Gauntt
Gauntt & Kruppstadt, L.L.P.
9004 Forest Crossing Drive, Ste. C
The Woodlands, Texas 77381
(281) 367-3705 - facsimile

Mr. Jack F. Gilbert
Office of the Attorney General
Transportation Division
P.O. Box 12548
Austin, Texas 78711-2548
(512) 472-3855 - facsimile

Mark J. Spanesl
ADAMS & REESE, L.L.P.
4500 One Shell Square
New Orleans, LA 70139
(504) 566-0210- facsimile

Mr. James Manley
Attorneys at Law
3616 Preston Road
Pasadena, Texas 77505
(713) 947-6956 - facsmilie

Mr. Ray R. Marchan
WATTS & HEARD, L.L.P.
1926 Elizabeth
Brownsville, Texas 78520
(956) 541-0255 - facsimile

William Q. McManus
McManus & Crane, L.L.P.
209 West Juan Linn
P.O. Box 2206
Victoria, Texas 77902-2206
(361) 575-8454 - facsimile

Mr. Heriberto Medrano
Law Offices of Heriberto Medrano
1101 West Tyler
Harlingen, Texas 78550
(956) 428-2495 - facsimile

Mr. Les Cassidy
Woolsey & Cassidy, P.C.
1020 Bank of America
500 North Water Street
Corpus Christi, Texas 78471

(361) 887-6521 - facsimile

Mr. Geoffrey Amsel
SBC Management Services
1010 N. St. Mary's, Room 1403
San Antonio, Texas 78209
(210) 222-7194 - facsimile

Robert E. Ammons
Stevenson & Ammons, L.C.
3700 Montrose Boulevard
Houston, Texas 77006
(713) 523-4747 - facsimile

Ramon Garcia
Law Offices of Ramon Garcia, P.C.
222 West University Drive
Edinburg, Texas 78539
(956) 381-0825 - facsimile

Julian Rodriguez, Jr.
Law Office of Julian Rodriguez, Jr.
100 W. Pecan
McAllen, Texas 78501
(956) 682-4544 -facsimile

Ms Veronica Farias
Law Offices of Veronica Farias
2854 Boca Chica Blvd.
Brownsville, Texas 78521
(956) 546-2234 - facsimile

W. Lamoine Holland
State I.D. No. 09856000
1920 Nacogdoches Road, Ste. 100
San Antonio, Texas 78209
(210) 824-8141- facsimile

Thomas E. Quirk
Aaron & Quirk
901 N. E. Loop 410, Ste. 903
San Antonio, Texas 78209-1307
(210) 820-0214 - facsimile

Mr. Raymond Thomas
Mr. Andres H. Gonzalez, Jr.
Kittleman, Thomas, Ramirez & Gonzales
4900-B N. 10th Street
McAllen, Texas 78504
(956) 630-5199 -facsimile

Jim S. Hart
Williams, Bailey Law Firm, L.L.P.

8441 Gulf Freeway, Ste. 600
Houston, Texas 77017
(713) 643-6226 -facsimile

Thomas R. Ajamie
S. Mark Strawn
Schirmeister Ajamie, L.L.P.
Pennzoil Place - South Tower
711 Louisiana, Ste. 2150
Houston, Texas 77002

Richard Leo Harrell
The Edwards Law Firm
P.O. Box 480
Corpus Christi, Texas 78403
(361) 698-7615 - facsimile

Frank Enriquez
Law Offices of Frank Enriquez
4200-B North Bicentennial
McAllen, Texas 78504
(956) 618-5064 - facsimile

Will W. Pierson
Keith Uhles
James Hunter
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas 78476
(361) 884-7261 - facsimile

Michael L. Slack
Slack & Davis, L.L.P.
8911 Capital of Texas Hwy
Building 2, Ste. 2110
Austin, Texas 78759
(512) 795-8787 - facsimile

Robert A. Fandrich and Virginia Fandrich
5101 Verdi Way
Stockton, California 95207

Cliff Garrard
Independent Plumbers of South Texas
8602 Robindell Drive
Houston, Texas 77074

John McCoy and Mary McCoy
514 Brookside Pass
Cedar Park, Texas 78613