

United States District Court
Southern District of Texas
FILED

APR 2 2 2002

Michael N. Milby
Clerk of Court

## Civil Courtroom Minutes

| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ■Roberts   □ Lehrman |
| DATE | 04 — 22 — 02 |
| TIME | 11:40 a.m. — 12:00 p.m. |
| CIVIL ACTION | B — 01 — 157 |
| STYLE | In re Brown Water Towing, Inc. |

DOCKET ENTRY

(HGT)   ■Hearing on Rivas Claimants Attorney Intervention;  (Court Reporter: Breck Record)

Attorneys:   John D. Franz

Ray Marchan for the Firm of Watts & Heard

■   Conference held: Comments:

The Judge called the case for the limited purpose of hearing only the motions regarding representation of the Rivas Claimants.

Mr. Marchan advised the Court that Watts & Heard had been retained to represent the Rivas Claimants, but then later received communication from Attorney Franz that he would be taking over the representation.  Mr. Marchan indicated that his firm had filed their motion to intervene to protect their interest in this action and to protect their contract with the Rivas Claimants.

Mr. Franz advised the Court that the position of the Rivas family is that there was a conflict of interest at the time that they terminated the relationship with Watts and Heard.  The conflict is due to the fact that Watts and Heard represented other Claimants who were in a similar situation but with material and adverse interest because there was a limited fund for all the Claimants who are all competing for the same limited fund.

The Judge then asked Mr. Marchan to respond to Mr. Franz, explain the ethical obligations of

his firm in this situation, and to tell the Court what he wanted. Mr. Marchan responded that he did not agree that there was a conflict of interest because there does not appear to be a limited fund. He noted that American Commercial Barge Lines has a $500 million insurance policy and the Petitioners will be jointly and severally liable in the event that the Claimants succeed, therefore there is money available enough to satisfy all the Claimants. The Judge noted that the work that Watts & Heard had done to discover the American Commercial Barge Lines insurance policy would inure to the benefit of all the Claimants, not just the Rivas Claimants. Mr. Marchan agreed, but stated that he had also done specific work on behalf of the Rivas Claimants, including personal interviews and psychological evaluations. Further, he stated that his firm had started work immediately after being retained and before being terminated.

The Judge stated that she will need to be satisfied that this intervention doesn't preclude Watts & Heard from continuing the representation and then announced recess.