Case 1:01-cv-00157   Document 159   Filed in TXSD on 04/22/2002   Page 1 of 4

159

United States District Court
Southern District of Texas
FILED

APR 22 2002

Michael N. Milby
Clerk of Court

# Civil Courtroom Minutes

| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ■ Roberts    ☐ Lehrman |
| DATE | 04 / 22 / 02 |
| TIME | ~~11:40~~ 2:30 p.m.    ~~12:00~~ 3:17 p.m. |
| CIVIL ACTION | B / 01 / 157 |
| STYLE | In re Brown Water Towing, Inc. |

DOCKET ENTRY

(HGT)   ■ Initial Pretrial Conference;  (Court Reporter: Breck Record)

Attorneys for Petitioners:   Will Pierson, Keith Uhles, Mark J. Spansel, Les Cassidy, Glenn G. Goodier,

Attorneys for Claimants:   John D. Franz, J. Chadd Gauntt, Jack F. Gilbert, Margie M. Corbett, Darryl G. Dursum, James B. Manley, Ray R. Marchan, Veronica Farias, Steve Q. McManus, Herberto Medrano, J.A. Magallanes, Carlos Escobar, Geoffrey Amsel, Roberto E. Ammons, Ramon Garcia, Julian Rodriguez, W. Lamoine Holland, Thomas E. Quirk, Raymond Thomas, Andres Gonzalez, Jim S. Hart, Nejd Yaziji, Thomas R. Ajamie, Richard L. Harrell, Frank Enriquez, Robert Puente, Michael L. Slack, Michael Davis

■    Conference held: Comments:

As an initial matter, the Court GRANTED the motion to substitute Glenn Goodier for Les Cassidy as attorney-in-charge for American Commercial Barge Lines. The Court also GRANTED the motion to admit Mr. Goodier *pro hac vice*. The Court also noted that Default Judgment against non-appearing claimants had been GRANTED that day.

Mr. Slack indicated he was representing, and would speak on behalf of, all of the Economic

Loss Claimants.

The Judge asked Mr. Gilbert of the Office of the Attorney General for the State of Texas to initially speak on behalf of the Claimants and asked him the status of the pending state court action. Mr. Gilbert stated that the state court action is stayed as this Court has jurisdiction pending this Court's decision in the limitation of liability matter.

The Judge then inquired into mediation. Mr. Gilbert stated that the Claimants were agreed to pursue mediation, if possible, during the third week of June. He noted that Mr. Marchan and other attorneys for Claimants wanted to pursue discovery against American Commercial Barge lines during the time period before the mediation as the Claimants recognize that the insurance policies at issue in this case are eroding policies and so any expenses or fees incurred by their firm goes against those limits of the insurance. Mr. Gilbert stated that the Claimants, other than the Economic Loss Claimants, had discussed former federal judge James DeAnda as a possibility to act as mediator.

Mr. Gilbert also noted the importance of dealing with the Motion for Summary Judgment as to the Economic Loss Claimants before mediation. He also urged the Court to adopt the agreed discovery dates.

Mr. Marchan discussed the discovery process. He stated that Brown Water had agreed to inspection and testing of their vessel during the Week of May 6th. He also noted that American Commercial had agreed to certain dates to allow depositions of certain individuals. He stated that as long as the parties met the agreed deadlines and continued to cooperate, then mediation would be possible in the third week of June.

The Judge then inquired as to when the Motion for Summary Judgment as to the Economic Loss Claimants would be ripe. Mr. Slack noted that the Court had denied the motion to extend the deadline of the first motion submitted by Petitioners, which meant that the reply date was by the end of business on April 22. He stated that another motion for summary judgment had now been filed by the Claimants, which contained some different legal arguments/citations, so he requested the Court extend the deadline to reply so that he could address both motions in a single reply. He noted that the reply due date would then be May 7th but also requested additional time to secure affidavits in support of their economic damages claims.

Mr. Medrano advised the Court that the (non-economic loss) Claimants had spoken with former federal Judge DeAnda about acting as mediator starting on June 17th and had discussed fee arrangements with him. Mr. Medrano also noted that the Petitioners had a different mediator in mind.

In response, Mr. Pierson for the Petitioners noted that they did not object to Judge DeAnda, but that they preferred someone with more experience in maritime law. He also stressed the importance of deciding the summary judgment motion before mediation as well as issues of the

insurance policies payout in the event of success by the Claimants. Mr. Pierson also stated that while Brown Water had agreed to an inspection of the vessel, it had not, in fact, agreed to testing at this point. He noted that the vessel had been inspected by the Coast Guard on a number of occasions, and he would agree to further inspection, but that testing, and any parameters for testing had not been discussed. Mr. Slack went on to note that the clerk needed to make an entry of default and also asserted that the Petitioners' belief was that the summary judgment motion was ripe and that there was no point in delaying ruling on it because he asserted that as a settled matter of maritime law, economic damages claims are not permitted and that nothing that the Economic Loss Claimants could come up with following an extension would change that.

Mr. Goodier on behalf of American Commercial also urged the Court to accept the Petitioners' choice for mediator. He also stated that the policies are eroding policies of insurance that are actually covering both American commercial lines American Commercial Barge Lines and Brown Water and that the Petitioners are trying to hold expenses down because of the limits of the primarily policies.

The Judge then appointed Judge DeAnda as the mediator and set May 9th as the date for the Court's ruling on the summary judgment motions.

Mr. Marchan read a portion of a letter in support of his contention that the Petitioners had agreed to testing the vessel. Mr. Pierson promised to work on the vessel testing issue with Mr. Marchan, but expressed the importance of determining the parameters of any tests.

The Claimants again stressed the importance of discovery for determining the amount (of the policies) available to satisfy the Claimants, particularly as the State of Texas also has to determine whether to pursue a full settlement amount, or some fractional amount.

Mr. Uhles advised the Court that regarding the summary judgment motion as to the Economic Loss Claimants, that summary judgment as to Bigo's International would not be appropriate as they appeared to have a proper claim for loss of their vehicle and some receipts.

The Judge then called the *pro se* claimants. None of whom answered. Mr. Pierson indicated that the Claimants had not participated in the Rule 26 conference and had not been in contact since the initial claims came in. Mr. Pierson then promised the Court that he would check the files to make sure that the addresses for *pro se* claimants were correct.

Mr. Marchan noted that there is one outstanding motion by the Cameron County district attorney's office to quash a subpoena that's been issued for their records. The Judge stated that the Court would check on it and issue a ruling when appropriate.

Regarding limitation of liability, Mr. Pierson advised the Court that the Parties expect first to enter mediation, and then failing mediation, to extend discovery dates out until the Court decides the limitations issue. He stated that once this court issues its ruling on limitations of liability then under his

understanding of the law that the Court can continue to keep the case And ~~ask~~ try it on the issue of damages or it can release the case back to the state court to determine damages and full liability in state court proceeding, but that the plan that the Parties have jointly submitted does take this Court though a decision on the limitations issue.

The Judge then stated that should mediation fail, she hoped that in an effort to streamline the case the Parties would work to decide whatever issues they could in mediation before ending the mediation.

The Court was then in recess.