

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 0 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| IN RE THE COMPLAINT AND § <br> PETITION OF BROWN WATER § <br> TOWING I, INC., AS OWNER, AND § <br> BROWN WATER MARINE SERVICE, § <br> INC., AS BAREBOAT CHARTERER, OF § <br> THE BROWN WATER V, ITS ENGINES, § <br> TACKLE, ETC. IN A CAUSE OF § <br> EXONERATION FROM OR § <br> LIMITATION OF LIABILITY § | CIVIL ACTION B-01-157 |
| IN RE THE COMPLAINT AND § <br> PETITION OF AMERICAN § <br> COMMERCIAL LINES, LLC, AS § <br> OWNER and AMERICAN COMMERCIAL § <br> BARGE LINE, LLC AS CHARTERER, OF § <br> BARGES NM-315, VLB-9182, ACL-9933B, § <br> VLB-9173, IN A CAUSE OF § <br> EXONERATION FROM OR § <br> LIMITATION OF LIABILITY § | CONSOLIDATED <br> WITH CIVIL ACTION B-02-004 |

RESPONSE OF ESTEBAN RIVAS AND MIRIAM RIVAS, INDIVIDUALLY
AND AS REPRESENTATIVES OF THE ESTATE OF
STVAN RIVAS TO MOTION FOR LEAVE TO FILE PETITION IN INTERVENTION
OF WATTS & HEARD L.L.P.

TO THE HONORABLE JUDGE OF SAID COURT:

Esteban Rivas and Miriam Rivas, individually and as representatives of the Estate of Stvan Rivas move the Court for an Order denying the "**MOTION FOR LEAVE TO FILE PETITION IN INTERVENTION IN THE CLAIM OF ESTEBAN F. RIVAS AND MIRIAM RIVAS INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF STVAN RIVAS**", on the grounds that **(1)** the two claims filed by Watts & Heard, L.L.P., (herein after "Watts & Heard" were not properly filed prior to 10:00 a.m. on March 14, 2002 as Ordered by this Court on September 24, 2001 and **(2)** Watts & Heard is prohibited from charging or collecting a fee from

Esteban and Miriam Rivas, Individually and as Representative of the Estate of Stvan Rivas as the Rivas family had good cause to terminate the attorney client relationship with Watts & Heard. Movants respectfully show the court the following:

1.  The Court's September 24, 2001 Order directed all claimants to file and make proof of claims on or before 10:00 a.m. on March 14, 2002. A copy of the Court's Order is attached as **Exhibit A**. Watts & Heard is now seeking leave to file an intervention and thus become a claimant in this lawsuit.

    The claims of Watts & Heard have not been timely filed in this case. Furthermore, Watts & Heard were on notice of the necessity of filing a proof of claim in these actions as early as September of 2001 when Will Pierson spoke to Ray Marchan about the "Unopposed Motion Directing Claimants to File and Make Proof of Claim" which was filed on September 20, 2001. Claimant Watts & Heard cannot provide the Court with any sound reason excusing their failure to timely file a proof of claim against the Petitioners in these cases. Therefore, the Interventions of Watts & Heard should be stricken for failure to timely file a proof of claim against BROWN WATER TOWING I, INC., AS OWNER AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. and AMERICAN COMMERCIAL LINES, LLC, AS OWNER AND AMERICAN COMMERCIAL BARGE LINE, LLC, AS CHARTERER OF BARGES NM-315,VLB-9182, ACL-9933B AND VLB-9173.

2.  Furthermore, the Interventions of Watts & Heard should not be allowed because the Rivas claimants established good cause for termination of the attorney client relationship when they filed their Motion to Substitute Counsel.

Plaintiffs executed a fee agreement with Ray Marchan and the Watts & Heard, LLP law firm shortly after the death of Stvan Rivas on September 15, 2001. Mr. and Mrs. Rivas terminated the attorney/client relationship with Ray Marchan and the Watts & Heard, LLP firm on or about November 1, 2001 after becoming dissatisfied and concerned with, among other things, the fact that Ray Marchan and the Watts & Heard law firm were representing other families in the same litigation and the interests of the other families represented by Ray Marchan and Watts & Heard, LLP were in conflict with those of Mr. and Mrs. Rivas. Plaintiffs engaged new attorneys to represent them in Civil Action No. B-01-157, styled *In Re: The Complaint and Petition of Brown Water Towing I, Inc. et. al.*; pending in the United States District Court for the Southern District of Texas, Brownsville Division. The Rivas claimants cited a conflict of interest as their basis for terminating the attorney client relationship with Watts & Heard. Specifically, the Motion to Substitute Counsel contained the following:

*"Esteban Rivas and Miriam Rivas, individually and as representatives of the Estate of Stvan Rivas believe that Ray R. Marchan and Watts & Heard's representation of five additional groups of claimants in this action constitutes a representation of interests that are materially and directly adverse to the interests of Movants. Petitioners Brown Water Towing I, Inc., et. al. have filed pleadings requesting a limitation of liability in this case. Esteban Rivas and Miriam Rivas, individually and as representatives of the Estate of Stvan Rivas maintain that their collective damages exceed the limitation of liability amount pled by Petitioners Brown Water Towing I, Inc., et. al. Furthermore, it is the belief of movants that the damages of all claimants, resulting from the Petitioners' flotilla striking the Port Isabel/South Padre Island Causeway on September 15, 2001 greatly exceed any resources available for payment of said damages. As such, it is anticipated that all claimants will be competing for limited funds, even if Petitioner fails to limit its liability in this*

*case. In the event of such competition, the interests of Movants will be materially and directly adverse to the interests of other claimants represented by Ray R. Marchan and Watts & Heard. Esteban Rivas and Miriam Rivas, individually and as representatives of the Estate of Stvan Rivas wish to have independent counsel, void of any conflict of interest or potential for conflict of interest.* **Rule 1.06(b)(1) and (2) of the Texas Disciplinary Rules of Professional Conduct** *provides:*

> *"... a lawyer shall not represent a person if the representation of that person:*
>
> *(1) involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another client of the lawyer or the lawyer's firm; or*
>
> *(2) reasonably appears to be or become adversely limited by the lawyer's or law firm's responsibilities to another client..."*

See Motion to Substitute Counsel filed by the Rivas Claimants on November 14, 2001.

Watts & Heard did not respond to the Rivas claimants' allegations in their Motion to Substitute Counsel and the Court entered an Order finding good cause for the substitution of attorneys for the Rivas claimants.

Additionally, in cases where attorneys represent multiple clients with in the same litigation, attorneys must give full disclosure and obtain their clients' consent to the multiple representation. *Texas Disciplinary Rule of Professional Conduct 1.06(b)(1)* governs representation of multiple clients in the same suit. The lawyer must give full disclosure and get consent from each client. *Rule 106(c).* **Rule 106(c)** states as follows:

> *(c) A lawyer may represent a client in the circumstances described in (b) if:*
>
> *(1) the lawyer reasonably believes the representation of each client will not be materially affected; and*
>
> *(2) each affected or potentially affected client consents to such representation after full disclosure of the existence, nature, implications, and possible adverse consequences of the common representation and the advantages involved, if any.*

*Thus, good cause existed for the termination of the attorney client relationship based on Watts & Heard's failure to obtain the Rivas' consent after full disclosure of the existence, nature, implications, and possible adverse consequences of the common representation and the advantages involved, if any.*

3.  Finally, even if Watts & Heard were allowed to intervene, Watts & Heard could not charge or collect an attorney's fee based on the circumstances under which Watts & Heard sought and obtained employment by the Rivas claimants.

The Rivas claimants would show that Ray Marchan and the Watts & Heard, LLP law firm have violated The Texas Disciplinary Rules of Professional Conduct by offering to pay for the funeral of Stvan Rivas prior to being engaged as counsel for Plaintiffs. **Rule 7.03(c) of the Texas Disciplinary Rules of Professional Conduct** provides:

"*A lawyer, in order to solicit professional employment, shall not pay, give, advance, or offer to pay, give or advance anything of value, other than actual litigation expenses and other financial assistance as permitted by Rule 1.08(d), to a prospective client or any other person...*"

The financial assistance permitted by **Rule 1.08(d)** does not include offers to pay for funeral expenses. The Rule provides:

"*(d) A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation or administrative proceedings, except that:*

*(1) a lawyer may advance or guarantee court costs, expenses of litigation or administrative proceedings, and reasonably necessary medical and living expenses, the repayment of which may be contingent on the outcome of the matter; and*

*(2) a lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client.*"

Counsel for the Rivas claimants have not located any Texas case holding that funeral expenses fall within the ambit of "reasonably necessary medical and living expenses". Claimants contend that funeral expenses are not they type of expenses contemplated by the drafters of *Rule 1.08* and as such, Watts & Heard has violated *Rule 7.03(c) of the Texas Disciplinary Rules of Professional Conduct.*

Upon determining that Watts & Heard has violated *Rule 7.03(d) of the Texas Disciplinary Rules of Professional Conduct*, Ray Marchan and the Watts & Heard, LLP law firm are prohibited from charging or collecting a fee for their professional employment by the Rivas Plaintiffs.

*Rule 7.03(d)* provides:

" *A lawyer shall not enter into an agreement for, charge for, or collect a fee for professional employment obtained in violation of Rule 7.03(a), (b), or (c).*"

The Rivas claimants request an order declaring that Ray Marchan and the Watts & Heard, LLP law firm are not entitled to intervene in this action due to 1) not timely filing their claim as ordered by this Court; and/or 2) the Rivas claimants having good cause to terminate the attorney client relationship based on a conflict of interest on the part of the Watts & Heard law firm; and/or 3) Watts & Heard are precluded from charging or collecting an attorney's fee based on a violation of *Texas Disciplinary Rule of Professional Conduct 7.03(c)*.

Claimants pray that the Court grant the relief requested without hearing, or alternatively, that the Court set this matter for hearing at the Court's earliest convenience.

Respectfully Submitted,

Law Offices of John David Franz
400 N. McColl
McAllen, Texas 78501
Tel. (956) 686-3300
Fax (956) 686-3578

John David Franz
State Bar No. 07389200
Federal I.D. No. 1190
Attorney in Charge

and

**Gauntt & Kruppstadt, L.L.P.**
9004 Forest Crossing Dr., Suite C
The Woodlands, Texas 77381
Tel. (281) 367-6555
Fax (281) 367-3705

J. Chad Gauntt by John David Franz w/permission
J. Chad Gauntt
State Bar No. 07765990
Federal I.D. No. 14135
Of Counsel

## CERTIFICATE OF SERVICE

I certify that on this 10th day of May, 2002, a true and correct copy of the above and foregoing document has been provided to the following, via Regular Mail, unless otherwise indicated:

Will W. Pierson
Royston, Razor, Vickery & Williams
606 N. Carancahua, Ste 1700
Corpus Christi, Texas 78476

Keith N. Uhles
Royston Razor, Vickery & Williams
P.O. Box 3509
Brownsville, Texas 78523

J. Chad Gauntt
Gauntt & Kruppstadt, L.L.P.
9004 Forest Crossing Dr., Suite C
The Woodlands, Texas 77381

Jack F. Gilbert
Office of the Attorney General
Transportation Division
Post Office Box 12548
Austin, Texas 78711-2548

Mark J. Spansel
Adams & Reed
4500 One Shell Square
New Orleans, LA 70139

Daryl Dursum
4400 One Houston Center
1221 McKinney
Houston, Texas 77010

Raymond L. Thomas
Kittleman, Thomas, Ramirez & Gonzalez, PLLC
4900-B North 10th St.
McAllen, Texas 78504

Jim S. Hart
Williams Bailey Law Firm, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017

Thomas R. Ajamie
Mark Strawn
Schirrmeister Ajamie, LLP
Pennzoil Place- South Tower
711 Louisiana, Suite 2150
Houston, Texas 77002

Richard Leo Harrell
The Edwards Law Firm
Post Office Box 480
Corpus Christi, Texas 78403

Frank Enriquez
Law Offices of Frank Enriquez
4200-B North Bicentennial

McAllen, Texas 78504

Steve Q. McManus
McManus & Crane
209 W. Juan Linn
Post Office Box 2206
Victoria, Texas 77902-2206

Heriberto Medrano
Law Offices of Heriberto Medrano
1101 W. Tyler
Harlingen, Texas 78550

Les Cassidy
Woolsey & Cassidy
1020 Bank of America
500 N. Water Street
Corpus Christi, Texas 78471

Glenn Goodier
Jones, Walker, Waechter, Poitevent, Carrere & Denegre
201 St. Charles Ave., 48th Floor
New Orleans, La. 70170-5100

Geoffrey Amsel
SBC Management Services
1010 N. St. Mary's, Room 1403
San Antonio, Texas 78209

Michael Slack
Slack & Davis, LLP
8911 Capital of Texas Hwy
Building 2, Suite 210
Austin, Texas 78759

Julian Rodriguez, Jr.
Law Office of Julian Rodriguez, Jr.
100 W. Pecan
McAllen, Texas 78501

Veronica Farias
Attorney at Law
2854 Boca Chica Blvd.
Brownsville, Texas 78520

Ray R. Marchan
Watts & Heard
1926 E. Elizabeth
Brownsville, Texas 78520

Juan A. Magallanes
Magallanes, Hinojosa & Mancias
1713 Boca Chica Blvd.
Brownsville, Texas 78520

Robert E. Ammons
Stevenson & Ammons
3700 Montrose
Houston, Texas 77006

Ramon Garcia
Attorney at Law
222 W. University Dr.
Edinburg, Texas 78539

W. Lamoine Holland
1920 Nacogdoches Rd., Suite 100
San Antonio, Texas 78209

Thomas E. Quirk
Aaron & Quirk
901 N.E. Loop 410, Suite 903
San Antonio, Texas 78209

Robert A. and Virginia Fandrich
2101 Verdi Way
Stockton, California 95207

Cliff Garrard
Independent Plumbers of South Texas
8602 Robindell Drive
Houston, Texas 77074

John and Mary McCoy
514 Brookside Pass
Cedar Park, Texas 78613

*[signature]*
John David Franz

United States District Court
Southern District of Texas
ENTERED

SEP 2 4 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

13

SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IN RE THE COMPLAINT AND §
PETITION OF BROWN WATER §
TOWING I, INC., AS OWNER, AND §
BROWN WATER MARINE SERVICE §
INC., AS BAREBOAT CHARTERER, OF § CIVIL ACTION NO. B-01-157
THE BROWN WATER V, IT ENGINES, §
TACKLE, ETC. IN A CAUSE OF §
EXONERATION FROM OR §
§

**ORDER DIRECTING CLAIMANTS TO
FILE AND MAKE PROOF OF CLAIMS,
DIRECTING THE ISSUANCE OF MONITION,
AND RESTRAINING PROSECUTION OF CLAIMS**

A Petition and Complaint having been filed on the 15th day of September 2001, by Brown Water Towing I, Inc., as owner, and Brown Water Marine Service, Inc., as bareboat charterer of the BROWN WATER V (collectively referred to as "the Petitioners"), claiming the benefit of Exoneration from or Limitation of Liability as provided for in the Act of Congress entitled "An Act to Limit the Liability of Shipowner and for Other Purposes" passed March 3, 1851, now embodied in Section 4282 to 4289 inclusive, of the Revised Statutes of the United States (46 U.S.C. §§ 182 to 189, inclusive), and statutes supplementary thereto, and amendatory thereof, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and also contesting its liability by claiming exoneration from all liability independently of the limitation of liability claim under said Act for any loss, damage or destruction arising during the voyage described in said Petition and Complaint which commenced on or about September 14, 2001, and terminated on or about September 15, 2001, and said Petition and Complaint also stating the facts and circumstances on which such exoneration from and limitation of liability are claimed; and on considering the Petition and the Affidavit of Value and Pending Freight, which are on file, and the Petitioners having filed a Letter of Undertaking in the amount of TWO HUNDRED AND SEVENTY THOUSAND AND 00/100 DOLLARS ($270,000.00), in addition to interest at the rate of 6% per annum and costs of Court, on the 15th day

EXHIBIT
A

of September, 2001, and the Court having approved the Letter of Undertaking for value executed on the 15th day of September, 2001, and with the Petitioners subject to such increases and decreases in the amount of such Letter of Undertaking, together with adequate surety, as the Court may from time to time order, undertaking to pay into Court within ten days after the entry of an Order confirming the report of the Commissioner, if one be appointed, to appraise the amount of value of the Petitioners' interest in the said BROWN WATER V and its pending freight, the aggregate amount or value of such interest as thus ascertained or to file in this proceeding a bond or stipulation for value in the usual form with surety in said amount, or agreeing to permit the Letter of Undertaking to stand as a stipulation for value if found sufficient in amount, or the amount thereof to be uncontested; and that pending payment into Court of the amount or value of the Petitioners' interest in the said BROWN WATER V and its pending freight, as ascertained or the giving of a stipulation for the value thereof, this Letter of Undertaking shall stand as security for all claims in this proceeding;

Now, on Motion of Royston, Rayzor, Vickery & Williams, attorneys for the Petitioners, it is hereby

ORDERED, that a Monition issue out of and under the seal of this Court against all persons or entities claiming civil damages for any and all losses, damages, deaths, personal injuries, cargo damage or destruction of property occasioned as alleged in said Petition and Complaint during the voyage of the BROWN WATER V which commenced on or about September 14, 2001, and terminated on or about September 15, 2001 and citing them to file their respective claims with the Clerk of the Court and to serve on or mail to Royston, Rayzor, Vickery & Williams, L.L.P., attorneys for Petitioners, a copy thereof, on or before 10:00 a.m. on the 14th of March, 2002, at their offices at 1700 Wilson Plaza West, 606 N. Carancahua, Corpus Christi, Texas 78476, subject to the rights of any person or entity claiming damages as aforesaid who shall have presented a claim under oath to answer said Petition and Complaint and to controvert or question the same; and it is further

ORDERED, that public notice of such Monition shall be given by publication hereof in the Brownsville Herald and the Valley Morning Star, newspapers published in

the Rio Grande Valley, within the southern District of Texas, such publication in said papers to be once each week until the return day and for at least four successive weeks before the return date of such Monition; and it is further

ORDERED, that not later than the day of the second publication of such notice of the Monition, the Petitioners shall mail a copy of the Notice of Petition for Exoneration from or Limitation of Liability and a copy of the Monition, together with a copy of this Order, to every person or entity known to have made any claim or filed any action against the BROWN WATER V or the Petitioners arising out of the voyage described in the Petition and Complaint herein, and to any such person's or entity's attorney, if known, and in connection with any death, property damage or personal injury resulting from the voyage of the BROWN WATER V which commenced on September 14, 2001 and ended on or about September 15, 2001. The Petitioners shall mail a copy of the Notice of Petition for Exoneration from or Limitation of Liability, a copy of the Monition, and a copy of this Order, together with a copy of Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure to any persons known to have made any claim on account of an injury or damage, and it is further

ORDERED, that the beginning or continued prosecution of any and all suits, actions or legal proceedings of a civil nature, except in the present proceeding, in respect to any claim arising out of, consequent upon, or in connection with the aforesaid voyage of the BROWN WATER V, which commenced on or about September 14, 2001, be, and they are hereby stayed, and restrained until the hearing and termination of this proceeding; and it is further

ORDERED, that service of this Order as a Restraining Order may be made within this District in the usual manner and in any other District by the United States Marshal for such District by delivering a certified copy of this Order to the person or entity to be restrained or to that person or entity's respective attorneys.

DONE at Brownsville, Texas, this 24th day of September, 2001.

*Hilda Tagle*

Hilda G. Tagle
United States District Judge