*183*

# Civil Courtroom Minutes



United States District Court
Southern District of Texas
RECEIVED *Filed*

**MAY 2 0 2002**

Michael N. Milby, Clerk

| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ■Roberts          □ Lehrman |

**DATE**  05 — 20 — 02

**TIME**  2:00  a.m. / p.m.  —  2:40  a.m. / p.m.

**CIVIL ACTION**  B — 01 — 157

**STYLE**  In re Brown Water Towing, Inc.

DOCKET ENTRY

(HGT)  ■ Rule 11 Show Cause Hearing          (Court Reporter: Breck Record)

Attorney:      Michael L. Slack

■      Hearing held: Comments:

This show cause hearing was held for the limited purpose of determining whether Rule 11 sanctions should be ordered against the attorney for the claimants styled the "Economic Damage Claimants", Michael L. Slack.

The Judge indicated to Mr. Slack that her basic concern was the basis for the Economic Damage Claimants being in federal court and their attempt to participate in mediation. She stated she wanted him to address the areas addressed in the Court's Show Cause Order. The Judge noted Mr. Slack's experience in litigation, but stated that the argument that these claimants had a proprietary interest in the Causeway raised a red flag for her as it did not appear to have any basis in law. The Judge stated that she was concerned that counsel was giving false hope to his clients, as well as slowing down the judicial process.

In response, Mr. Slack stressed his candor. He noted his professional experience, as well as his desire to represent his clients and his profession to the best of his ability. He noted that he had brought along the other attorneys who worked on this matter, but took full responsibility for the filings.

Mr. Slack stated that he had at all times acted in good faith. He claimed he had acted in his clients' best interests and had crafted the best legal arguments that he could. He denied making frivolous or baseless arguments. Counsel argued that after the Supreme Court's <u>Yamaha</u> decision, then state law claims may be able to displace federal maritime law, including the rule of the <u>TESTBANK</u> case.[1] He also noted that the contrary authority of <u>In re Amtrak</u> uses the <u>Yamaha</u> analysis. He therefore claimed that the basis for the action was not baseless, but rather a good-faith argument for the extension or modification of the existing law. Counsel also argued that <u>In re Valdez</u> and <u>Ballard</u> were post-<u>Yamaha</u> decisions that were appropriate as they are economic loss claim cases for land-based claimants. Mr. Slack acknowledged that he regretted not finding the <u>In re Amtrak</u> case, but he stated that post-<u>Yamaha</u> state-based remedies may apply to other maritime actions, not just wrongful death actions.

Mr. Slack argued that the 1936 Texas Supreme Court decision in <u>Mercer</u> supported the proposition that Texas law supported recovery for pure economic loss and also that this represented an important state interest, that businesses be viable. He noted that the State of Texas itself raises this as an issue: claiming an interest in lost tax revenues. He noted that the other claimants had not raised <u>Yamaha</u> in their filings and suggested that <u>Yamaha</u> would be appropriate for their claims as well.

The Judge noted her concern that the argument that the claimants had a proprietary interest in the Causeway appeared to have no basis in the law. She also expressed concern with the Motion for Extension of Time. Specifically, she asked counsel to address what individual distinguishing characteristics or depositions justified the extension.

Mr. Slack stated that they needed an extension of time because they wanted to get affidavits from all of the individual claimants regarding the extent of loss and the extent of disruption. He noted that this was out of concern to challenges to these factors. He also stated they needed to research the extent to which the interests of the Town of South Padre Island differed from his clients, whether individuals who were claiming personal loss were different from other claimants, and whether any fishermen claimants were involved. He noted that there had been no objection to the motion. He noted that he had been forthright with opposing counsel.

The Judge again noted her concern regarding the argument that Claimants had a proprietary interest in the Causeway.

Mr. Slack stated that the <u>Sekco Energy</u> case supports the Economic Damage Claimants

---

[1]    In <u>TESTBANK</u>, the Fifth Circuit held that a claimant in an admiralty case cannot recover negligently inflicted economic losses where there is no physical damage to any property in which the plaintiff has a proprietary interest. This doctrine originally set forth by the U.S. Supreme Court in <u>Robins Dry Dock</u>.

argument that they had a proprietary interest in the continued operation of the Causeway.

The Judge stated that she found this argument hard to swallow, that she had wrestled with the whether to issue a Show Cause Order, but was concerned with whether this argument was in good faith. She noted that she did not order these proceedings lightly. She stated her concern was with the proper administration of justice. She stated that after the hearing and reading his affidavit, she felt that he had not been deceitful or had intended to delay the proceedings by requesting an extension of time. She noted that people make mistakes, but also stated that she was still not satisfied that there was a legitimate basis for the arguments the Court had taken issue with, particularly the argument that the Economic Damage Claimants had a proprietary interest in the Causeway. She noted that her focus is on making decisions based on the law, but that her job is not made easier when she is confronted with arguments that are baseless or arguments for which there is no hope of the law being extended or modified.

The Judge acknowledged Mr. Slack for having made his best effort as an officer of the court at the hearing, noting the effort that went in to his brief in response to the Rule 11 Show Cause Order, as well as his response before the Court at the hearing. She stated that there would be no further action in connection with this Rule 11 Show Cause hearing.

The Court stood in recess.