*194*

# Civil Courtroom Minutes

| JUDGE | Hilda G. Tagle |
|---|---|
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ■Roberts ☐ Lehrman |

District Court
District of Texas
FILED

JUN 1 4 2002

Michael N. Milby
Clerk of Court

| DATE | 06 | 14 | 02 |
|---|---|---|---|

| TIME | 0900 | a.m. | 0945 | a.m. |
|---|---|---|---|---|
| | | p.m. | | p.m. |

| CIVIL ACTION | B | 01 | 157 |
|---|---|---|---|

| STYLE | In re Brown Water Towing, Inc. |
|---|---|
| | |

## DOCKET ENTRY

(HGT) ■Hearing on Rescheduling Mediation;           (Court Reporter: Breck Record)

Attorneys:    Will Pierson                        Helen Delgadillo for Ray Machan

              Keith Uhles                         Timothy Raub

              James Hunter                        Jack Gilbert

              Herbierto Medrano                   Andy Gonzalez

              Frank Enriquez                      Veronica Farias - ad litem

■    Hearing held: Comments:

   The hearing was held for the limited purpose of hearing the motion to postpone or reschedule mediation. Mr. Medrano, on behalf of the claimants, argued that mediation should be postponed and rescheduled. He stated that Claimants are concentrating on the claims against American Commercial Barge Lines ("ACBL") and that there are currently more than 6,000 documents that have been filed within the last week in response to interrogatories from both ACBL and Brown Water. Because of this volume of documents, as well as the Claimants desire to take depositions of ACBL personnel, Mr. Medrano stated that Claimants seek to postpone the mediation scheduled for June 17, 2002. Mr. Medrano indicated that he had discussed postponing the mediation to September 9th with Judge DeAnda and that he was amenable to this.

Mr. Uhles, on behalf of Brown Water, argued that mediation should go forward as planned. He indicated that the reason Claimants were seeking to postpone was caused, at least in part, by the Claimants "dragging their feet." He also argued that a great deal of discovery had already occurred through the Coast Guard proceeding and therefore the further discovery sought by Claimants was unnecessary. He also noted the Petitioners' concern that their insurance policy may be an eroding policy and further delay could result in further erosion of that policy.

Mr. Gilbert, on behalf of Texas, noted that ACBL had not been part of the Coast Guard proceeding, so those records would not be beneficial in that regard. He also noted delays in communication with ACBL due to the fact that communications with its insurer, Llloyd's of London, had to go through the London office.

There was some discussion of dividing discovery between liability and damages, as well as discussion of potential motions to compel. Mr. Uhles suggested that a solution might be to allow discovery to proceed in July and that mediation be planned for August.

The Judge noted that there was little difference between starting in August and the suggested date of September 9th and therefore granted the motion to postpone and reschedule mediation. The Judge also reset all deadlines, moving them back 90 days.

The Judge also agreed to allow Mr. Pierson and Mr. Medrano to act as designated intermediaries for all communications between the Court and the Parties. All notices and orders from the Court will now be sent to them and then distributed to all the Parties.