IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 2 6 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE INC., AS BAREBOAT CHARTERERS, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO. B-01-157<br><br>Consolidated with |
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC AS OWNER and AMERICAN COMMERCIAL BARGE LINE LLC AS CHARTERER OF THE BARGES NM-315, VLB-912, ACL-9993B, VLB-9173, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION NO. B-02-004<br><br>and |
| IN THE MATTER OF DEERE CREDIT, INC., (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315, AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION NO. B-02-125<br><br>Admiralty |

## ORDER APPROVING AD INTERIM STIPULATION, RESTRAINING ORDER, DISSOLUTION OF WARRANTS FOR ARREST, NOTICE TO CLAIMANTS AND OTHER RELIEF

A Petition and Complaint [Civil Action No. B-02-125, Dkt. No. 1] having been filed on the 10th day of June 2002, by Deere Credit, Inc., as owner of the Barge NM-315, and State Street Bank and Trust Company of Connecticut, National Association, as Owner Trustee of the Barge ACL-9933B, and not in its individual capacity, and General Electric Capital Corporation, as beneficial owner of the Barge ACL-9933B, have filed a complaint in this Court (now consolidated with Civil Action No. B-01-157) praying for exoneration from or limitation of liability as provided for in the Act of Congress entitled "An Act to Limit the Liability of Shipowner and for Other Purposes" passed March 3, 1851, now embodied in Section 4282 to 4289 inclusive, of the Revised Statutes of the United States (46 U.S.C. §§ 182 to 189, inclusive), and statutes supplementary thereto, and amendatory thereof, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and also contesting its liability by claiming exoneration from all liability independently of the limitation of liability claim under said Act for any loss, damage or destruction arising during the voyage described in said Petition and Complaint which commenced on or about September 14, 2001, and terminated on or about September 15, 2001, and said Petition and Complaint also stating the facts and circumstances on which such exoneration from and limitation of liability are claimed; and on considering the Petition and the Affidavit of Value and Pending Freight, which are on file, and the Petitioners having filed a Letter of Undertaking in the amount of FOUR HUNDRED FORTY THREE THOUSAND NINE HUNDRED SEVENTY SIX DOLLARS AND 00/100 DOLLARS ($443,976.00), in addition to interest at the rate of 6% per annum and costs of Court, on the 10th day of June, 2002, and the Court having approved the Letter of Undertaking for value, and with the Petitioners subject to such increases and decreases in the amount of such Letter of Undertaking, together with adequate surety, as the Court may from time to time order, undertaking to pay into Court within ten days after the entry of an Order confirming the report of the Commissioner, if one be appointed, to appraise the amount

of value of the Petitioners' interest in said Barges and pending freight, the aggregate amount or value of such interest as thus ascertained or to file in this proceeding a bond or stipulation for value in the usual form with surety in said amount, or agreeing to permit the Letter of Undertaking to stand as a stipulation for value if found sufficient in amount, or the amount thereof to be uncontested; and that pending payment into Court of the amount or value of the Petitioners' interest in said Barges and pending freight, as ascertained or the giving of a stipulation for the value thereof, this Letter of Undertaking shall stand as security for all claims in this proceeding; it is hereby

**ORDERED**, that the Ad Interim Stipulation [Dkt. No. 4] as to the value of the Barges secured by the Letter of Undertaking in the amount of the value of the Barges and their pending freight as of September 15, 2001, in addition to costs of court and interest at the rate of 6% per annum, and subject to such increases and decreases in such stipulation as the Court may, from time to time, deem proper, is **APPROVED**. It is further

**ORDERED**, that the beginning or continued prosecution of any and all suits, actions or legal proceedings of a civil nature, except in the present proceeding, in respect to any claim arising out of, consequent upon, or in connection with the aforesaid voyage of the BROWN WATER V and these Barges, which commenced on or about September 14, 2001, be, and they are hereby stayed, and restrained until the hearing and termination of this proceeding; and it is further

**ORDERED**, that service of this Order as a Restraining Order may be made within this District in the usual manner and in any other District by the United States Marshal for such District by delivering a certified copy of this Order to the person or entity to be restrained or to that person or entity's respective attorneys.

As this is a consolidated action, involving the same incident, and as the Court has already issued a Monition in Civil Action Nos. B-01-157 and B-02-004, required notice in the relevant newspapers and required the Claimants to file proof of claims, and as the Claimants are now identified and definite, the Court will not require the issuance of an additional Monition, further publication of notice, or require the Claimants to file additional proof of claims with the Court.

DONE at Brownsville, Texas, this 25th day of July, 2002.

Hilda G. Tagle
United States District Judge