2/2

United States District Court
Southern District of Texas
FILED

SEP 27 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * * * * * | C.A. No. B-01-157<br><br><br><br><br><br>Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES LLC AS OWNER, and AMERICAN COMMERCIAL BARGE LINES, LLC, AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, and VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * * * * * * | C.A. No. B-02-004<br><br><br><br><br><br><br><br>and |
| IN RE THE COMPLAINT AND PETITION OF DEERE CREDIT, INC. (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315, and STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASS'N, AS OWNER TRUSTEE OF THE BARGE ACL-9933B and NOT IN ITS INDIVIDUAL CAPACITY, and GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | * * * * * * * * * * * * * * * * | C.A. No. B-02-125 |

DEFENSES AND ANSWER OF THE STATE OF TEXAS TO THE CROSS-CLAIM AND FIRST AMENDED CROSS-CLAIM OF BROWN WATER MARINE SERVICE, INC. AND BROWN WATER TOWING, I, INC.

NOW INTO COURT, through undersigned counsel, comes the State of Texas, by and through its Department of Transportation ("the State of Texas") and, without consenting to jurisdiction or waiving its sovereign immunity, but instead expressly reserving its rights under the Eleventh Amendment of the United States Constitution, files the following Defenses and Answer in response to the pleadings captioned "Petitioners Brown Water Marine Service, Inc. and Brown Water Towing I, Inc.'s Cross-Claim Against the State of Texas" and "Petitioners Brown Water Marine Service, Inc. and Brown Water Towing I, Inc.'s First Amended Cross-Claim Against the State of Texas." (hereinafter collectively referred to as the "Cross-Claims").

FIRST DEFENSE

The State of Texas has filed a lawsuit captioned The State of Texas v. Brown Water Towing I, Inc. and Brown Water Marine Service, Inc., which bears Cause No. 2001-09-4137-A on the docket of the 107th Judicial District Court for Cameron County, Texas (the "Cameron County suit") and desires and is entitled to pursue its claims against Brown Water Towing I, Inc. and Brown Water Marine Service, Inc. (collectively "Brown Water"), and against American Commercial Lines LLC, American Commercial Barge Lines, LLC, Deere Credit, Inc., State Street Bank and Trust Company of Connecticut, National Association, and General Electric Capital Corporation (collectively "ACBL") in that forum. Because this Honorable Court has issued a monition order temporarily enjoining the prosecution of the Cameron County suit and requiring all claimants wishing to assert claims against Brown Water and ACBL to file answers and claims in these proceedings on penalty of default, The State of Texas had no choice but to appear as a claimant in this proceeding and file this answer and claim. However, in doing so, the

State of Texas is not appearing voluntarily and is in no way consenting to jurisdiction or waiving its sovereign immunity and/or its immunity under the Eleventh Amendment of the Constitution of the United States of America. The State of Texas specifically avers its entitlement to sovereign immunity from application of the Limitation of Vessel Owner's Liability Act ("the Limitation Act") in any forum. The State of Texas further specifically avers that sovereign immunity and the Eleventh Amendment prohibit the State of Texas from being forced to pursue its claims against Brown Water and ACBL in federal court. The State of Texas specifically avers that it is Constitutionally entitled to pursue recovery of its damages and its claims against Brown Water and ACBL before a jury in the Cameron County suit. Moreover, the State of Texas specifically claims its entitlement to sovereign immunity from the Cross-Claims in any forum. For all of these reasons, the State of Texas avers that its claims against Brown Water and ACBL should not be subject to this exoneration/ limitation of liability action, that the State of Texas should be free to pursue its claims against Brown Water and ACBL before a jury in the Cameron County suit, and that the Cross-Claims against the State of Texas in this or any other forum are barred by sovereign immunity.

SECOND DEFENSE

Without waiving its First Defense, the State of Texas further avers that this Honorable Court lacks subject matter jurisdiction over the Cross-Claims by virtue of the fact that the Cross-Claims are barred by sovereign immunity.

THIRD DEFENSE

Without waiving its First Defense, and strictly in the alternative thereto, the State of Texas avers that it is entitled to pursue the Cameron County suit against Brown Water and ACBL because the Cameron County suit is saved to suitors.

## FOURTH DEFENSE

Without waiving its First Defense or its Second Defense, and strictly in the further alternative thereto, the State of Texas further avers that the Cross-Claims are procedurally defective because they are actually counterclaims that are untimely, both under the Federal Rules of Civil Procedure and under the Case Management Order that governs this matter. Brown Water has failed to seek or obtain leave of Court to set up the untimely counterclaim, as is required by Rule 13(f) of the Federal Rules of Civil Procedure.

## FIFTH DEFENSE

Without waiving its First Defense or any of its others defenses, and strictly in the further alternative thereto, the State of Texas further avers that service of the Cross-Claims was improper.

## SIXTH DEFENSE

Without waiving its First Defense or any of its others defenses, and strictly in the further alternative thereto, the State of Texas further avers that the Cross-Claims fail to state any claim or cause of action upon which relief can be granted against the State of Texas.

## SEVENTH DEFENSE

FURTHER, without waiving its First Defense or any of its others defenses, and strictly in the further alternative thereto, in specific response to the allegations of the Cross-Claims, the State of Texas responds as follows:

### I.

The preambles of the Cross-Claims require no response from the State of Texas. However, out of an abundance of caution, to the extent that a response may be required, the same is denied.

II.

The allegations of Paragraph I of the Cross-Claims are denied.

III.

Except to admit that Brown Water has initiated this proceeding under the Limitation Act in connection with the September 15, 2001 allision of the tug Brown Water V and four ACBL barges with the Queen Isabella Causeway, the allegations of Paragraph II of the Cross-Claims, as amended, are denied in their entirety.

IV.

To the extent that a response may be deemed necessary to the prayer contained in the Cross-Claims, the same is denied in its entirely.

EIGHTH DEFENSE

Without waiving its First Defense or any of its others defenses, and strictly in the further alternative thereto, the State of Texas further avers that the allision was not caused or contributed to by any fault, neglect, negligence or lack of due care on the part of the State of Texas or anyone for whom it may be responsible.

NINTH DEFENSE

Without waiving its First Defense or any of its others defenses, and strictly in the further alternative thereto, the State of Texas further avers that neither Brown Water nor ACBL are entitled to exoneration or to limitation of liability under the Limitation Act, because the allision was caused by the independent negligence and fault of the owners and management of Brown Water and ACBL.

## TENTH DEFENSE

Without waiving its First Defense or any of its others defenses, and strictly in the further alternative thereto, the State of Texas further avers that neither Brown Water nor ACBL are entitled to exoneration or to limitation of liability under the Limitation Act, because the allision was caused by the sole, joint, and/or concurrent negligence and fault of Brown Water and ACBL, their officers, agents, servants, employees, masters and crews, and by the unseaworthiness of the BROWN WATER V and ACBL's barges, all of which was within the privity and knowledge of the owners and management of Brown Water and ACBL.

## ELEVENTH DEFENSE

Without waiving its First Defense or any of its others defenses, and strictly in the further alternative thereto, the State of Texas further avers that no claim for contribution may be asserted against the State of Texas as it possesses sovereign immunity both from suit and from liability, save only to the extent of the partial waiver of same given by the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code §101.001 et seq. Immunity from suit bars an action against the State unless the State expressly consents to the suit. *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997). It is axiomatic that legislative consent for the State to be sued and the waiver of sovereign immunity must be in clear and unambiguous language. *Southwest Tex. State Univ. v. Enriquez*, 971 S.W.2d 684, 686 (Tex. App–Austin 1998, pet. denied). As the Act does not expressly allow contribution claims to be asserted against the State, no such action may be maintained.

## TWELVETH DEFENSE

Without waiving its First Defense or any of its others defenses, and strictly in the further alternative thereto, the State of Texas further avers that under the provisions of the Texas Tort Claims Act that the Cross-Claimant failed to timely provide the required notice of their claims so that such claims are barred. Tex. Civ. Prac. & Rem. Code §101.101. Further, the State hereby pleads and asserts all of the exemptions and exclusions of the Tort Claims Act, including but not limited to those contained in §101.021, §101.022, §101.023 (limitation on amount of liability as the State asserts that the incident consisted of only one single occurrence), §101.024 (bar against exemplary damages), §101.056 (non-liability for exercise of discretionary powers), §101.060 (traffic and road control devices). Specifically, TxDOT had no knowledge of any absence, condition or malfunction of a traffic or road sign, signal or warning device, nor of any unreasonable risk of harm or of any premises defect prior to the time of this incident.

## THIRTEENTH DEFENSE

Without waiving its First Defense or any of its others defenses, and strictly in the further alternative thereto, and only in the event that Brown Water is allowed to pursue its Cross-Claims and in the further event that it is determined that the State of Texas was in any way at fault in connection with the allision, all of which is vehemently denied, then the State of Texas avers that the negligence of Brown Water and ACBL was extraordinary and was the intervening and superseding sole proximate cause of the allision, as a result of which the Cross-Claims must be dismissed with prejudice, Brown Water to bear all costs.

## FOURTEENTH DEFENSE

Without waiving its First Defense or any of its others defenses, and strictly in the further alternative thereto, the State of Texas re-avers, re-alleges and adopts by reference each and every

one of the defenses, answers and claims set forth in its previously filed answers and claims in Civil Action Nos. B-01-157 and B-02-004 as if reproduced in full herein.

## JURY DEMAND

The State of Texas has demanded a jury trial in the Cameron County suit. For the reasons set forth in the First Defense, the State of Texas specifically avers its entitlement to sovereign immunity from application of the Limitation of Vessel Owner's Liability Act ("the Limitation Act") in any forum. The State of Texas further specifically avers that sovereign immunity and the Eleventh Amendment prohibit the State of Texas from being forced to pursue its claims against Brown Water and ACBL in federal court. The State of Texas specifically avers that it is Constitutionally entitled to pursue recovery of its damages and its claims against Brown Water and ACBL before a jury in the Cameron County suit. Moreover, the State of Texas specifically claims its entitlement to sovereign immunity from the Cross-Claims in any forum. Subject to and without waiving any of these positions, the State of Texas further avers that if Brown Water is allowed to pursue its Cross-Claims in any forum, which is vehemently denied, then the Cross-Claim, like all other issues involving the State of Texas, must be tried to and decided by a jury. Accordingly, the State of Texas demands the right to try all issues, particularly including but not limited to the Cross-Claims, before a jury in the Cameron County suit. Strictly in the alternative, the State of Texas avers that if the Cross-Claim were to be tried in this Court, the State of Texas would be entitled to a trial by jury.

## PRAYER

WHEREFORE, the State of Texas, respectfully prays that this, the "Defenses and Answer of the State of Texas to the Cross-Claim and First Amended Cross-Claim of Brown Water Marine Service, Inc. and Brown Water Towing I, Inc." be deemed good and sufficient,

and that after due proceedings be had, there by judgment in favor in the State of Texas and against Brown Water, dismissing Brown Water's Cross-Claims with prejudice and at Brown Water's cost. Strictly in the alternative to all of the defenses outlined herein, the State of Texas prays that if the Cross-Claim is tried in this Court, the trial be by jury, and that there be judgment in favor of the State of Texas and against Brown Water, dismissing the Cross-Claims with prejudice and at Brown Water's cost. Additionally, the State of Texas prays for attorney's fees, costs and expenses as provided by law, as well as for all other general and equitable relief that this Honorable Court may deem fit and proper and that this Honorable Court is competent to grant.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

GRADY CLICK
Assistant Attorney General
Chief, Transportation Division

_____
JACK F. GILBERT
Assistant Attorney General
Attorney-in-Charge
Texas Bar No. 00786946
Federal Bar No. 16701
Office of the Attorney General
Transportation Division
P.O. Box 12548
Austin, TX 78711-2548
Phone:      512.463.2004
Fax:        512.472.3855

OF COUNSEL:

MICHAEL RATLIFF
Assistant Attorney General
Texas Bar No. 16564300   and

MARGIE MANZANO CORBETT
Assistant Attorney General
Texas Bar No. 24001927
Federal Bar No. 22121
Office of the Attorney General
Transportation Division
P.O. Box 12548
Austin, TX  78711-2548
Phone:          512.463.2004
Fax:     512.472.3855

AND OF COUNSEL:

ADAMS AND REESE LLP

DARYL G. DURSUM
Texas Bar No. 06287900
Federal Bar No. 6198
4400 One Houston Center
1221 McKinney
Houston, TX  77010
Phone: 713.652.5151
Fax:     713.652-5152

MARK J. SPANSEL
Louisiana Bar No. 12314
EDWIN C. LAIZER, APLC
Louisiana Bar No. 17014
4500 One Shell Square
New Orleans, LA  70139
Phone: 504.581.3234
Fax:     504.566.0210

Attorneys for the State Of Texas

CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading has been served on the following counsel of record by placing same in the United States Mail, postage prepaid, pursuant to Fed. R. Civ. P. 5, this 26th day of September, 2002:

MIkal Watts
Ray R. Marchan
State I.D. No. 12969050
Federal I.D. No. 9522
Watts & Heard, L.L.P.
1926 E. Elizabeth
Brownsville, TX 78520
Phone: 956.544.0500
Fax:   956.541.0255
Attorney for Claimants Lydia Zamora, Individually and as Representative of the Estate of Hector Martines, Jr., Gustavo Morales, Bigo's International, L.L.C.; Jacqueline Paddock, Individually and as Representative of the Estate of Chelsea Welch and as Next Friend of William B. Welch and Bridgette Goza

Heriberto Medrano
State I.D. No. 13897800
Federal I.D. No. 5952
1101 West Tyler
Harlingen, TX 78550
Phone: 956.428.2412
Fax:   956.428.2495
Attorney for Claimant Anita Harris, Individually, as Next Friend of Victor Justin Harris and as Representative of the Estate of Robert V. Harris

John David Franz
State I.D. No. 07389200
Federal I.D. No. 1190
400 North McColl
McAllen, TX 78501
Phone: 956.686.3300
Fax:   956.686.3578
Attorney for Claimants Esteban Rivas and Miriam Rivas, Individually and as Representatives of the Estate of Stvan F. Rivas

Thomas R. Ajamie
State I.D. No. 00952400
S. Mark Strawn
State I.D. No. 19374325
Schirrmeister Ajamie, L.L.P.
Pennzoil Place – South Tower
711 Louisiana, Suite 2150
Houston, TX 77002
Phone: 713.860.1600
Fax:    713.860.1699
Attorneys for Claimants J. Antonio Mireles, as Representative of the Estate of Julio Cesar Mireles, Juan Antonio Mireles and Soledad Gonzales Mireles

Juan A. Magallanes
State I.D. No. 12879500
Federal I.D. No. 2258
Mr. Carlos Escobar
State I.D. No. 24025351
Magallanes, Hinojosa & Mancias, P.C.
1713 Boca Chita
P.O. Box 4901
Brownsville, TX 78520
Phone: 956.544.6571
Fax:    956.544.4290
Attorney for Laguna Madre Water District of Port Isabel

Julian Rodriguez, Jr.
State I.D. No. 17146770
Federal I.D. No. 15112
100 W. Pecan
McAllen, TX 78501
Phone: 956.682.8801
Fax:    956.682.4544
Attorney for Raquel Teran Hinojosa, Individually and on behalf of the Estate of Gaspar Hinojosa; Clarissa Hinojosa, Omar Hinojosa, Gaspar Hinojosa, III, each individually; Claimants Martin D. Hinojosa and Rita S. Hinojosa, Individually and as Heirs of the Estate of Gaspar Hinojosa

Steve Q. McManus
State I.D. No. 13784700
Federal I.D. No. 5889
William Q. McManus
State I.D. No. 24008619
McManus & Crane, L.L.P.
209 West Juan Linn
P.O. Box 2206

Victoria, TX 77902-2206
Phone: 361.575.6764
Fax:    361.575.8454
Attorneys for Claimants Ricky Leavell and Carol Leavell, Individually and as Representatives of the Estate of Robin Raye Leavell

Frank Enriquez
State I.D. No. 06630500
Federal I.D. No. 3734
Robert Puente
4200-B North Bicentennial
McAllen, TX 78504
Phone: 956.686.5291
Fax:    956.618.5064
Attorney for Claimants Roberto Espericueta, Albert Leroy Moya, Rolando Lee Moya and Antonio Salinas, Jr.

James B. Manley
State I.D. No. 12915000
Federal I.D. No. 3286
3616 Preston Road
Pasadena, TX 77505
Phone: 713.947.1670
Fax:    713.947.6956
Attorney for Claimant William Morris Welch

J. Chad Gauntt
State I.D. No. 07765990
Federal I.D. No. 14125
Gauntt & Kruppstadt, L.L.P.
9004 Forest Crossing Drive, Suite C
The Woodlands, TX 77381
Phone: 281.367.6555
Fax:    281.367.3705
Attorney for Claimants, Esteban Rivas and
Miriam Rivas, Individually and as Representatives of the Estate of Stevan F. Rivas

Geoffrey Amsel
State I.D. No. 01161570
SCB Management Services
1010 N. St. Mary's, Room 1403
San Antonio, TX 78209
Phone: 210.886.4805
Fax:    210.222.7194
Attorney for Claimant Southwestern Bell Telephone

Veronica Farias
2854 Boca Chica Blvd.
Brownsville, TX 78521
Phone: 956.546.1537
Fax:    956.546.2234
Attorney for minor Claimant, William Welsh

W. Lamoine Holland
State I.D. No. 09856000
1920 Nacogdoches Road, Suite 100
San Antonio, TX 78209
Phone: 210.824.7474
Fax:    210.824.8141
Attorney for Claimant, Dimas Mora

Thomas E. Quirk
State I.D. No. 16437700
Federal I.D. No. 29509
Aaron & Quirk
901 N.E. Loop 410, Suite 903
San Antonio, TX 78209-1307
Phone: 210.820.0211
Fax:    210.820.0214
Attorney for Claimant, Allstate Insurance Company

Raymond L. Thomas
Federal I.D. No. 10715
Andres H. Gonzalez, Jr.
Federal I.D. No. 22196
Kittleman, Thomas, Ramirez & Gonzales, PLLC
4900-B North 10th Street
McAllen, TX 78504
Phone: 956.686.8797
Fax:    956.630.5199
Attorneys for Claimants, Rene Mata and Frank Mata

Jim S. Hart
State I.D. No. 09147400
Federal I.D. No. 14548
Nejd Yaziji
State I.D. No. 24029914
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, TX 77017
Phone: 713.230.2312
Fax:    713.643.6226

Attorney for Claimant, Hector Martinez, Sr.

Richard Leo Harrell
State I.D. No. 09041320
The Edwards Law Firm
Post Office Box 480
Corpus Christi, TX 78403
Phone: 361.698.7600
Fax:    361.698.7615
Attorney for Claimant, William E. Kimbrell, as Surviving Father of Chealsa Louise Welch

Will W. Pierson
Royston, Rayzor, Vickery & Williams
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, TX 78476
Attorney for Brown Water

Glenn Goodier
Jones, Walker
201 St. Charles Avenue
48th Floor
New Orleans, LA 70170-5100

    and

Les Cassidy
Woolsey & Cassidy, P.C.
1020 Bank of America
500 North Water Street
Corpus, Christi, Texas 78471
Attorneys for ACBL

                              JACK F. GILBERT
                              ASSISTANT ATTORNEY GENERAL