United States District Court
Southern District of Texas
FILED

JAN 0 7 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND § <br> PETITION OF BROWN WATER § <br> TOWING I, INC., AS OWNER, AND § <br> BROWN WATER MARINE SERVICE, § <br> INC., AS BAREBOAT CHARTERER, OF § <br> THE BROWN WATER V, ITS ENGINES, § <br> TACKLE, ETC. IN A CAUSE OF § <br> EXONERATION FROM OR § <br> LIMITATION OF LIABILITY § <br> § <br> § | C. A. NO. B-01-157 <br> Admiralty <br><br><br><br> Consolidated with |
| IN RE THE COMPLAINT AND § <br> PETITION OF AMERICAN § <br> COMMERCIAL LINES LLC AS § <br> OWNER, AND, and AMERICAN § <br> COMMERCIAL BARGE LINES, LLC, § <br> AS CHARTERER OF THE BARGES § <br> NM-315,VLB-9182,ACL-9933B, § <br> VLB-9173, IN A CAUSE OF § <br> EXONERATION FROM § <br> OR LIMITATION OF LIABILITY § <br> § <br> § | C. A. NO. B-02-004 <br> Admiralty <br><br><br><br> and |
| IN RE THE COMPLAINT AND PETITION OF § <br> DEERE CREDIT, INC., (FORMERLY § <br> SENSTAR FINANCE COMPANY), AS § <br> OWNER OF THE BARGE NM-315 AND § <br> STATE STREET BANK AND TRUST § <br> COMPANY OF CONNECTICUT, § <br> NATIONAL ASSOCIATION, AS OWNER § <br> TRUSTEE OF THE BARGE ACL-9933B AND § <br> NOT IN ITS INDIVIDUAL CAPACITY, AND § <br> GENERAL ELECTRIC CAPITAL § <br> CORPORATION, AS BENEFICIAL OWNER § <br> OF THE BARGE ACL-9933B PRAYING FOR § <br> EXONERATION FROM AND/OR § <br> LIMITATION OF LIABILITY § | C.A. NO. B-02-125 <br> Admiralty |

49477:1041821.1:010703

**ORIGINAL ANSWER OF PETITIONERS BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., TO THE CLAIM OF THE STATE OF TEXAS**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Brown Water Towing I, Inc., as owner, and Brown Water Marine Service, Inc., as bareboat charterer of the BROWN WATER V, its engines, tackle, etc., (collectively referred to as "the Petitioners"), and file this their Original Answer to the State of Texas' Claim (hereinafter referred to as "the Claim"). The Petitioners answer the allegations contained within the Claim through responses provided in the correspondingly numbered paragraphs below:

**I.**

The Petitioners deny each of the allegations contained within the introductory paragraph of the Claim.

**II.**

The Petitioners admit that the Attorney General may properly bring suit on behalf of the State of Texas and its political subdivisions as alleged in section 1 of the Claim.

**III.**

The Petitioners admit the allegations in section 2 of the Claim.

**IV.**

The Petitioners admit the allegations in section 3 of the Claim.

**V.**

The Petitioners admit the allegations contained in section 4 of the Claim.

**VI.**

The Petitioners admit the allegations contained within section 5 of the Claim.

**VII.**

The Petitioners admit the allegations contained within section 6 of the Claim.

**VIII.**

The Petitioners deny the allegations contained within section 7 of the Claim.

**IX.**

The Petitioners admit the allegations contained within section 8 of the Claim, except that Petitioners deny the allegations to the extent that they aver that Petitioners, or anyone for whom the Petitioners may be responsible, were at fault, negligent or otherwise responsible for the allision.

**X.**

The Petitioners deny the allegations contained within section 9 of the Claim.

**XI.**

The Petitioners are without sufficient information to either admit or deny the allegations contained in section 10 of the Claim. Consequently, the Petitioners deny the allegations contained therein.

**XII.**

The Petitioners are without sufficient information to either admit or deny the allegations contained in section 11 of the Claim. Consequently, the Petitioners deny the allegations contained therein.

## XIII.

The Petitioners deny each and every general allegation contained within section 12 of the Claim. Furthermore, Petitioners deny the particular allegations contained within subsections a-w of the Claim.

## XIV.

The Petitioners deny the allegations contained within section 13 of the Claim.

## XV.

The Petitioners deny the allegations contained within section 14 of the Claim.

## XVI.

The Petitioners deny the allegations contained within section 15 of the Claim.

## XVII.

The Petitioners deny the allegation contained within section 16 of the Claim.

## XVIII.

The Petitioners deny the allegations contained within section 17 of the Claim.

## XIX.

The Petitioners deny the allegations contained within section 18 of the Claim.

## XX.

The Petitioners deny the allegations contained within section 19 of the Claim.

## XXI.

The Petitioners deny the allegations contained within section 20 of the Claim.

## XXII.

The Petitioners deny the allegations contained within section 21 of the Claim.

## XXIII.

The Petitioners deny the allegations contained within section 22 of the Claim.

## XXIV.

The Petitioners deny the allegations contained within section 23 of the Claim.

## XXV.

The Petitioners deny the allegations contained within section 24 of the Claim.

## XXVI.

The Petitioners deny the allegations contained within section 25 of the Claim.

## XXVII.

The Petitioners deny the allegations contained within section 26 of the Claim.

## XXVIII.

The Petitioners deny the allegations contained within section 27 of the Claim.

## XXIX.

The Petitioners deny the allegations contained within section 28 of the Claim.

## XXX.

The Petitioners deny all other allegations contained within the Claim.

## **FIRST AFFIRMATIVE DEFENSE**

If the State of Texas suffered damages as alleged, although it is not so acknowledged, such damages were the result, in whole or in part, of the State of Texas' own negligence that proximately caused, in whole or in part, the damages, if any.

## SECOND AFFIRMATIVE DEFENSE

Pleading in the alternative, if the State of Texas suffered damages as alleged, although it is not so acknowledged, such damages, if any, were the result of an unavoidable accident and/or Act of God.

## THIRD AFFIRMATIVE DEFENSE

Pleading in the alternative, if the State of Texas suffered damages as alleged, although it is not so acknowledge, such damages, in whole or in part, were caused by the acts or omissions of other responsible third parties for whom Petitioners are not responsible. Alternatively, the conduct of the other responsible third parties was a new and independent cause, not reasonably foreseeable, that destroyed the casual connection, if any, between the acts or omissions complained of and the occurrence in question and thereby became the immediate cause of the occurrence.

## FOURTH AFFIRMATIVE DEFENSE

The Petitioners contend that the State of Texas' damages were caused, in whole or in part, by a pre-existing condition.

## FIFTH AFFIRMATIVE DEFENSE

The Petitioners contend that the maritime laws of the United States control and that any laws of the State of Texas, statutory or common, are preempted by applicable federal law.

## SIXTH AFFIRMATIVE DEFENSE

The Petitioners contend that the State of Texas has failed to mitigate its damages.

## SEVENTH AFFIRMATIVE DEFENSE

The Petitioners claim all credits or offsets to which they may be entitled under the law.

## EIGHTH AFFIRMATIVE DEFENSE

The Petitioners claim that the State of Texas is not entitled to recover, as damages, any expenses which were reimbursed through grants received from the Federal government.

## NINTH AFFIRMATIVE DEFENSE

The Petitioners claim that they are not legally responsible for any bonus paid by the State of Texas to any contractors.

## TENTH AFFIRMATIVE DEFENSE

The Petitioners, to the extent it may be applicable, invoke the new for old doctrine and claim that they are not legally responsible for any betterment of the Queen Isabella Causeway.

WHEREFORE, PREMISES CONSIDERED, the Petitioners pray that the State of Texas' Claim be dismissed at the State of Texas' cost and that the Petitioners have such other and further relief as to which they may be entitled to at law or in equity.

Respectfully submitted,

*Will Pierson*

Will Pierson
State Bar No. 16003100
Federal I.D. No. 1931
Keith N. Uhles
State Bar No. 20371100
Federal ID No. 1936
1700 Wilson Plaza West
606 North Carancahua
Corpus Christi, TX 78476
(361) 884-8808 office
(361) 884-7261 fax
ATTORNEYS FOR PETITIONERS, BROWN WATER TOWING I, INC. AND BROWN WATER MARINE SERVICE, INC.

OF COUNSEL:
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

## CERTIFICATE OF SERVICE

I certify that the foregoing was mailed by the means indicated to the counsel listed below on this 7th day of January, 2003.

**CERTIFIED MAIL,**
**RETURN RECEIPT REQUESTED**
Mr. Jack F. Gilbert
Office of the Attorney General
Transportation Division
Post Office Box 12548
Austin, Texas 78711-2548

Mark J. Spansel
Adams & Reese, L.L.P.
4500 One Shell Square
New Orleans, LA 70139

**REGULAR MAIL**
Mr. Heriberto Medrano
Law Offices of Heriberto Medrano
1101 West Tyler
Harlingen, Texas 78550

Mr. James B. Manley
Attorneys at Law
3616 Preston Road
Pasadena, Texas 77505

Mr. Ray R. Marchan
WATTS & HEARD, L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520

John David Franz
The Law Offices of John David Franz
400 N. McColl
McAllen, Texas 78501

J. Chad Gauntt
Gauntt & Kruppstadt, L.L.P.
9004 Forest Crossing Drive, Suite C
The Woodlands, Texas 77381

William Q. McManus
Steve Q. McManus
McManus & Crane, L.L.P.
209 West Juan Linn
Post Office Box 2206
Victoria, Texas 77902-2206

Mr. Les Cassidy
Woolsey & Cassidy, P.C.
1020 Bank of America
500 North Water Street
Corpus Christi, Texas 78471

Ms. Veronica Farias
Law Office of Veronica Farias
2854 Boca Chica Blvd.
Brownsville, Texas 78521

Mr. Raymond Thomas/Mr. Andres Gonzalez
Kittleman, Thomas, Ramirez & Gonzales
4900-B N. 10th Street
McAllen, Texas 78504

Thomas R. Ajamie
S. Mark Strawn, Esq.
Schirrmeister Ajamie, L.L.P.
Pennzoil Place-South Tower
711 Louisiana Street, Suite 2150
Houston, Texas 77002

Julian Rodriguez, Jr.
Law Office of Julian Rodriguez, Jr.
100 W. Pecan
McAllen, Texas 78501

Thomas E. Quirk
Aaron & Quirk
901 N.E. Loop 410, Suite 903
San Antonio, Texas 78209-1307

Jim S. Hart
Nejd Yaziji
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017

Frank Enriquez
Robert Puente
Law Offices of Frank Enriquez
4200-B North Bicentennial
McAllen, Texas 78504

Richard Leo Harrell
The Edwards Law Firm, L.L.P.
802 N. Carancahua, Suite 1400 (78470)
P.O. Box 480
Corpus Christi, Texas 78403-0480

Mr. J. A. Magallanes
Carlos Escobar
Magallanes, Hinojosa & Mancias, P.C.
1713 Boca Chica Blvd.
Post Office Box 4901
Brownsville, Texas 78520

Mr. Geoffrey Amsel
SBC Management Services
1010 N. St. Mary's, Room 1403
San Antonio, Texas 78215

Glenn G. Goodier
Jones, Walker, Waechter, Poitevent, Carrere
  & Denegre, L.L.P.
201 St. Charles Ave., 48th Floor
New Orleans, LA 70170-5100

_____
Of Royston, Rayzor, Vickery & Williams, L.L.P.