**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

FEB 2 4 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | |
| PETITION OF BROWN WATER | § | C. A. NO. B-01-157 |
| TOWING I, INC., AS OWNER, AND | § | Admiralty |
| BROWN WATER MARINE SERVICE, | § | |
| INC., AS BAREBOAT CHARTERER, OF | § | |
| THE BROWN WATER V, ITS ENGINES, | § | |
| TACKLE, ETC. IN A CAUSE OF | § | |
| EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | |
| | § | Consolidated with |
| | § | |
| IN RE THE COMPLAINT AND | § | |
| PETITION OF AMERICAN | § | C. A. NO.  B-02-004 |
| COMMERCIAL LINES LLC AS | § | Admiralty |
| OWNER, AND, and AMERICAN | § | |
| COMMERCIAL BARGE LINES, LLC, | § | |
| AS CHARTERER OF THE BARGES | § | |
| NM-315,VLB-9182,ACL-9933B, | § | |
| VLB-9173, IN A CAUSE OF | § | and |
| EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | |
| | § | |
| | § | |
| IN RE THE COMPLAINT AND PETITION OF | § | C.A. NO. B-02-125 |
| DEERE CREDIT, INC., (FORMERLY | § | Admiralty |
| SENSTAR FINANCE COMPANY), AS | § | |
| OWNER OF THE BARGE NM-315 AND | § | |
| STATE STREET BANK AND TRUST | § | |
| COMPANY OF CONNECTICUT, | § | |
| NATIONAL ASSOCIATION, AS OWNER | § | |
| TRUSTEE OF THE BARGE ACL-9933B AND | § | |
| NOT IN ITS INDIVIDUAL CAPACITY, AND | § | |
| GENERAL ELECTRIC CAPITAL | § | |
| CORPORATION, AS BENEFICIAL OWNER | § | |
| OF THE BARGE ACL-9933B PRAYING FOR | § | |
| EXONERATION FROM AND/OR | § | |
| LIMITATION OF LIABILITY | § | |

49477:1046347.1:020603

## PETITIONERS BROWN WATER MARINE SERVICE, INC. AND BROWN WATER TOWING I, INC.'S SUPPLEMENTAL RESPONSE TO THE STATE OF TEXAS' MOTION TO DISMISS

TO HONORABLE JUDGE OF THIS COURT:

COMES NOW the Petitioners, Brown Water Marine Service, Inc. and Brown Water Towing I, Inc., and file this their Supplemental Response to the State of Texas' Motion to Dismiss, respectfully showing the Court as follows:

### I.

The Petitioners recently filed a Response to the State of Texas' Motion to Dismiss. Subsequent to the Petitioners filing their response, on February 4, 2003, the United States District Court for the Eastern District of Oklahoma, entered an order which is attached as Exhibit "A" deciding the same issue arising from the tugboat allision with the Interstate 40 Bridge over the Arkansas River. In the Oklahoma bridge litigation, the State of Oklahoma, like the State of Texas, filed an action in state court in violation of the United States District Court's automatic stay. *See Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims*. The State of Oklahoma subsequently argued, like the State of Texas, that the limitation proceeding violated its Eleventh Amendment immunity by forcing the State of Oklahoma to litigate in federal court against its will. The United States District Court for the Eastern District of Oklahoma rejected the State of Oklahoma's arguments and held that the Eleventh Amendment did not exempt the State of Oklahoma from participation in the limitation of liability proceeding. The district court in its opinion discusses most of the cases raised by the Petitioners and the State of Texas in their briefs and eventually overrules the State of Oklahoma's Motion to Dismiss. Likewise, the State of Texas'

Motion to Dismiss in the current case, premised on essentially the same arguments as those raised by the State of Oklahoma, should be denied.

WHEREFORE, PREMISES CONSIDERED, the Petitioners Brown Water Marine Service, Inc. and Brown Water Towing I, Inc. request that the State of Texas' Motion to Dismiss be denied. In addition, the Petitioners request all other relief to which they may be entitled at law, in equity, or in admiralty.

Respectfully submitted,

Will W. Pierson
State Bar No. 16003100
Federal I.D. No. 1931
1700 Wilson Plaza West
606 North Carancahua
Corpus Christi, Texas 78476
(361) 884-8808 Office
(361) 884-7261 Facsimile

Keith N. Uhles
State Bar No. 20371100
Federal ID No. 1936
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-3509
(956) 542-4377 Office
(956) 542-4370 Facsimile

**Attorneys for Petitioners, Brown Water Towing I, Inc. and Brown Water Marine Service, Inc.**

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

## CERTIFICATE OF SERVICE

I certify that the foregoing was served via facsimile to the counsel listed below on this ⟨8⟩

day of February, 2003.

## SERVICE LIST

**VIA TELEFAX (512) 472-3855**
Mr. Jack F. Gilbert
Office of the Attorney General
Transportation Division
Post Office Box 12548
Austin, Texas 78711-2548

**VIA TELEFAX (504) 566-0210**
Mark J. Spansel
Adams & Reese, L.L.P.
4500 One Shell Square
New Orleans, LA 70139

**VIA TELEFAX (713) 947-6956**
Mr. James B. Manley
Attorneys at Law
3616 Preston Road
Pasadena, Texas 77505

**VIA TELEFAX (956) 541-0255**
Mr. Ray R. Marchan
WATTS & HEARD, L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520

**VIA TELEFAX (956) 686-3578**
Mr. John David Franz
The Law Offices of John David Franz
400 N. McColl
McAllen, Texas 78501

**VIA TELEFAX (281) 367-3705**
Mr. J. Chad Gauntt
Gauntt & Kruppstadt, L.L.P.
9004 Forest Crossing Drive, Suite C
The Woodlands, Texas 77381

**VIA TELEFAX (361) 575-8454**
Mr. William Q. McManus
Mr. Steve Q. McManus
McManus & Crane, L.L.P.
209 West Juan Linn
Post Office Box 2206
Victoria, Texas 77902-2206

**VIA TELEFAX (956) 428-2495**
Mr. Heriberto Medrano
Law Offices of Heriberto Medrano
1101 West Tyler
Harlingen, Texas 78550

**VIA TELEFAX 887-6521**
Mr. Les Cassidy
Woolsey & Cassidy, P.C.
1020 Bank of America
500 North Water Street
Corpus Christi, Texas 78471

**VIA TELEFAX (956) 546-2234**
Ms. Veronica Farias
Law Office of Veronica Farias
2854 Boca Chica Blvd.
Brownsville, Texas 78521

**VIA TELEFAX (956) 630-5199**
Mr. Raymond Thomas/Mr. Andres Gonzalez
Kittleman, Thomas, Ramirez & Gonzales
4900-B N. 10th Street
McAllen, Texas 78504

**VIA TELEFAX (713) 860-1699**
Mr. Thomas R. Ajamie
Mr. S. Mark Strawn, Esq.
Schirrmeister Ajamie, L.L.P.
Pennzoil Place-South Tower
711 Louisiana Street, Suite 2150
Houston, Texas 77002

**VIA TELEFAX (956) 682-4544**
Mr. Julian Rodriguez, Jr.
Law Office of Julian Rodriguez, Jr.
100 W. Pecan
McAllen, Texas 78501

**VIA TELEFAX (210) 820-0214**
Mr. Thomas E. Quirk
Aaron & Quirk
901 N.E. Loop 410, Suite 903
San Antonio, Texas 78209-1307

**VIA TELEFAX (713) 643-6226**
Mr. Jim S. Hart
Ms. Nejd Yaziji
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017

**VIA TELEFAX (956) 618-5064**
Mr. Frank Enriquez
Mr. Robert Puente
Law Offices of Frank Enriquez
4200-B North Bicentennial
McAllen, Texas 78504

**VIA TELEFAX 698-7615**
Mr. Richard Leo Harrell
The Edwards Law Firm, L.L.P.
802 N. Carancahua, Suite 1400 (78470)
P.O. Box 480
Corpus Christi, Texas 78403-0480

**VIA TELEFAX (956) 544-4290**
Mr. J. A. Magallanes
Carlos Escobar
Magallanes, Hinojosa & Mancias, P.C.
1713 Boca Chica Blvd.
Post Office Box 4901
Brownsville, Texas 78520

**VIA TELEFAX (210) 222-7194**
Mr. Geoffrey Amsel
SBC Management Services
1010 N. St. Mary's, Room 1403
San Antonio, Texas 78215

**VIA TELEFAX (504) 582-8010**
Mr. Glenn G. Goodier
Jones, Walker, Waechter, Poitevent, Carrere
    & Denegre, L.L.P.
201 St. Charles Ave., 48th Floor
New Orleans, LA 70170-5100

OF ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

**FILED**

FEB - 4 2003

William B. Guthrie
By _____ Clerk, U.S. District Court
Deputy Clerk

IN RE: THE COMPLAINT AND PETITION )
OF MAGNOLIA MARINE TRANSPORT )
COMPANY, AS OWNER OF THE M/V ROBERT )     CIV. 02-615(P)
Y. LOVE, ITS ENGINES, TACKLE, ETC., )
IN A CAUSE OF EXONERATION FROM OR )
LIMITATION OF LIABILITY )

## ORDER

This action arises out of the Petition for Limitation of Liability by

Magnolia Marine Transport Company, Inc. "Magnolia". Pending before this

court is Claimant, State of Oklahoma's Motion to Dismiss on the Basis of

Sovereign Immunity and Petitioner, Magnolia Marine's Response in Opposition

to State of Oklahoma's Motion to Dismiss on the Basis of Sovereign Immunity.

**FACTS**

This action arises out of an incident in which a tugboat collided with the

Interstate 40 bridge over the Arkansas River. On May 26, 2002, the tugboat

"M/V ROBERT Y. LOVE" piloted by William Joe Dedmon "Dedmon", owned and

operated by Magnolia, was pushing two barges, owned/chartered by Ergon, Inc.

"Ergon", upstream on the Arkansas River near Webbers Falls, Oklahoma. The

M/V ROBERT Y. LOVE struck the Interstate Highway 40 bridge causing it to

collapse into the Arkansas river. As a result of the collapse numerous vehicles

were forced off the bridge and into the river, killing fourteen people and

injuring numerous others.

On June 3, 2002, Magnolia filed a Petition in Limitation in the United

States District Court for the Southern District of Mississippi pursuant to 46



U.S.C. App §§ 181-189, the Limitation of Liability Act.[1] On June 4, 2002, the district court in Mississippi entered an order enjoining any proceeding against the owner of the M/V ROBERT Y. LOVE other than the limitation proceeding. On June 4, 2002, the State of Oklahoma filed suit against Magnolia, Ergon, and Dedmon in Muskogee County District Court. On June 21, 2002, Defendants removed the state court action to the United States District Court for the Eastern District of Oklahoma. On November 7, 2002 Magnolia's Petition for Limitation was transferred from the Southern District of Mississippi to this Court.

## DISCUSSION

Supplemental Rules for Certain Admiralty and Maritime Claims Rule F sets forth the process for filing a complaint seeking exoneration from liability or limitation of liability. Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 448 (2001). Rule F(1) provides that a "vessel owner may file a complaint in the appropriate district court. . . For limitation of liability pursuant to statute." Rule F(1) also requires the vessel owner to deposit with the district court or a trustee, security in an amount equal to the "value of the owner's interest in the vessel and pending freight." Once the shipowner posts security, Rule F(4) instructs the district court to "issue a notice to all persons asserting claims

---

[1] 46 U.S.C. §§ 183(a) states: "The liability of the owner of any vessel . . . for any . . . loss or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage . . . done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not . . . exceed the amount or value or the interest of such owner in such vessel, and her freight then pending."

with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice." Upon the shipowner's request, Rule F(3) directs the district court to "enjoin the further prosecution of any action or proceeding against the plaintiff or plaintiff's property with respect to any claim subject to limitation in this action." The court sitting without a jury, adjudicates the claims. The court determines whether the vessel owner is liable and whether the owner may limit liability.

Once the liability of the vessel's owner is decided, the court then determines the validity of the claims, and if liability is limited, distributes the limited fund among the claimants. Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 448 (2001).[2] Claimants asserting valid claims receive a pro rata distribution of "the fund deposited or secured, or the proceeds of the vessel and pending freight." Supplemental Rules for Certain Admiralty and Maritime Claims Rule F(8); Bouchard Transp., Co. v. Updegraff, 147 F.3d 1344, 1347-1348 (11th Cir. 1998). The limitation issue is decided in federal court under it's federal admiralty jurisdiction. Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 442-443, (2001).

Oklahoma argues the limitation proceeding violates it's Eleventh

---

[2] Congress enacted the Limitation Act in 1851 "to encourage ship-building and to induce capitalists to invest money in this branch of industry." Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 446-447, (2001) quoting Norwich & N.Y. Transp. Co. v. Wright, 13 Wall. 104, 121 20 L.Ed. 585 (1871).

Amendment immunity by forcing the State of Oklahoma to litigate in federal court against its will.

The Constitution of the United States of America establishes ". . . a National Government with broad, often plenary authority over matters within its recognized competence, the founding document 'specifically recognizes the States as sovereign entities.'" Alden v. Maine, 527 U.S. 706, 713 (1999) quoting Seminole Tribe of Fla. V. Florida, 517 U.S. 44, 71 (1996). The Federal Government was created as one of limited powers "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. Amend. X. Thus, States retain significant sovereign authority under our constitutional structure, Gregory v. Ashcroft, 501 U.S. 452, 457-458,[3] and "with their sovereignty in tact," Blatchford v. Native Village of Noatak, 501 U.S. 775, 779 (1991). A defining characteristic of sovereignty is immunity from suit without consent, Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Blatchford v. Native Village of Noatak, 501 U.S.775, 779 (1991); Hans v. Louisiana, 134 U.S. 1 (1890).

The Eleventh Amendment to the United States Constitution provides, "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of an Foreign

---

[3] James Madison stated "The powers delegated by the proposed Constitution to the federal government are few and defined. Those which are to remain in the State governments are numerous and indefinite . . ." The Federalist No. 45, pp. 292-293 (C. Rossiter ed. 1961).

State." U.S. Const. Amend. XI. The Eleventh Amendment immunizes states from suits in law or equity, including injunctive actions. Elam Constr. Inc. v. Reg'l Transp. Dist., 129 F.3d 1343, 1345 (10th Cir. 1997).

The Supreme Court's reading of the Eleventh Amendment has consistently exceeded the scope of the amendment's text, "[W]e have understood the Eleventh Amendment to stand not so much for what it says, but for the presupposition of constitutional structure which it confirms." Blatchford v. Native Village of Noatak, 501 U.S. 775, 779 (1991). The constitutional structure discussed by the court relates to each state's status as a sovereign.

Clearly, states have retained their immunity from suits by private parties.[4] Federal Maritime Commission v. South Carolina State Ports Authority, 122 S.Ct. 1864, 1870 (2002). Therefore, the issue is whether the filing of a limitation proceeding under the Limitation of Liability Act and the Supplemental Rules for Certain Admiralty and Maritime Claims Rule F constitutes a suit against the State of Oklahoma.

The language of the Eleventh Amendment has been interpreted by the United States Supreme Court to not only include "any suit in law or equity," but also includes federal maritime jurisdiction. California v. Deep Sea Research, 523 U.S. 491, 495 (1998); Welch v. Texas Dept. of Highways and

---

[4] " For over a century we have reaffirmed that federal jurisdiction over suits against unconsenting States "was not contemplated by the Constitution when establishing the judicial power of the United States." Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1995) quoting Hans v. Louisiana, 134 U.S. 1, 15 (1890).

Public Transp., 107 U.S. 468, 472-473 (1987); Ex Parte New York, No. 1, 256 U.S. 490, 497 (1921).

The State of Oklahoma analogizes the monition and stay order entered by a court in a Limitation Action to that of an injunction or interpleader action, both of which are prohibited by the Eleventh Amendment. Cory v. White, 457 U.S. 85 (1982).

A limitation action does involve a stay of other proceedings, pending a decision on whether or not limitation will be granted. However, a limitation action is unique in that it does not enjoin a party from certain action nor does it command a party to perform an action. Application of Sandbar I, Inc. 1992 WL 84277 (E.D. La. 1992). Rather, it allows a vessel's owner a forum to establish whether or not the owner is entitled to limitation of liability as to claims arising out of an allision. In re Abaco Treasure Ltd.,1993 A.M.C. 1976, 1977 (S.D. Fla. 1993). An automatic stay of other lawsuits is provided under 46 U.S.C. §185, the stay is temporary until the federal district court can resolve the limitation issue. Application of Sandbar I, Inc., 1992 WL 84277 (E.D. La. 1992). Furthermore, the stay does not bar prospective claimants from collecting once the court determines the limitation fund. Therefore, the limitation action is not analogous to an injunction under the Eleventh Amendment.

The State of Oklahoma has also suggested that a limitation proceeding is similar to a federal interpleader action. The Eleventh Amendment bars interpleader actions in which a State is a named defendant. Cory v. White, 457

U.S. 85 (1982); <u>Worcester County Trust Co. v. Riley</u>, 302 U.S. 292 (1937). In <u>Cory</u>, both Texas and California attempted to levy death taxes on the estate of Howard Hughes, claiming that he was a domicile of their respective state. The administrator of the estate brought a statutory interpleader action in a federal district court in Texas, naming both Texas and California as defendants in the action. The Supreme Court held this action violated the Eleventh Amendment because it was a suit against Texas and California. <u>Cory v. White</u>, 457 U.S. 85 (1982).

Unlike interpleader actions, a limitation proceeding does not involve the resolution of competing claims over a particular *res*. Rather, it is a statutory procedure used to create a forum in which all claims may be administered.[9] An interpleader action resembles an action for declaratory relief, in which adversarial issues are decided. In contrast, a limitation action determines whether the Petitioner will be able to limit its liability for claims rising out of a maritime accident, and the amount of the limitation fund. <u>Application of Sandbar I, Inc.</u>, 1992 WL 84277 (E.D. La. 1992).

In <u>Deep Sea Research</u>, the Supreme Court held that the Eleventh Amendment does not bar an in rem admiralty action where the state does not have possession of the res. <u>California v. Deep Sea Research</u>, 523 U.S. 491. In <u>Bouchard Transp., Co. v. Updegraff</u>, 147 F.3d 1344 (11th Cir. 1998), the Eleventh Circuit held that an admiralty limitation proceeding was sufficiently analogous to an *in rem* action to hold that the Eleventh Amendment is not

---

[9] If the court grants limitation.

applicable to a limitation action under 46 U.S.C. §183. Bouchard Transp., Co.

v. Updegraff, 147 F.3d 1344, 1349.

Like an in rem action, the limitation proceeding, does not name any

specific entities as defendants in the complaints, nor formally serve process on

any of the claimants.[6] Bouchard Transp., Co. v. Updegraff, 147 F.3d at 1349.

Rather, the owner of the vessel seeking liability posts security bond with the

district court in the amount of any potential liability and the district court

then follows the procedure set out in Rule F(4). The bonds are then made part

of the record of the case. Bouchard Transp., Co. v. Updegraff, 147 F.3d at 1349.

The vessel remains in the possession of it's owner. Then the claimants enter

the limitation proceeding on their own initiative by filing and serving a claim

in conformity with Rule F(5). Bouchard Transp., Co. v. Updegraff, 147 F.3d at

1349. In this instance, as in Deep Sea Research, Oklahoma does not have

possession of any res in dispute, it is not a named party in the suit, nor has it

ever been served by the defendant in this proceeding.

The Limitation Act changes the claimants' remedies under common law

and maritime law if it is proved that the owners of the vessel are entitled to

limit their liability. If this occurs, the owners are exonerated of their personam

liability above that of the value of the vessel and its pending freight. Bouchard

Transp., Co. v. Updegraff, 147 F.3d at 1349. Therefore, the Limitation Act

---

[6] Rule F(2) requires that the complaint set forth the facts on which limitation is asserted, and list all law suits pending against the vessel owner, however, the complaint does not name the plaintiffs in those actions as defendants in the limitation proceeding. Rather, all potential claimants must enter the limitation proceeding on their own and sever a claim in compliance with Rule F(5). Bouchard Transp. Co. v. Updegraff, 147 F.3d at 1349, FN. 5 (11 Cir. 1998).

preempts general maritime and common law causes of action against the owner of the vessel outside the limitation proceeding. Id. Thus, if Oklahoma were immune from the limitation proceeding, and limitation is granted, Oklahoma would be left without any maritime or common law remedies.[7] In the alternative, if the limitation request is denied, Oklahoma is afforded normal maritime and common law causes of action.

Accordingly, the State of Oklahoma's motion to dismiss is overruled.

JAMES H. PAYNE
UNITED STATES DISTRICT JUDGE

---

[7] See generally, Bouchard Tranp., Co. v. Updegraff, 147 F.3d at 1349, (11 Cir. 1998).