IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 8 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § | C.A. NO. B-01-157<br>Admiralty<br><br><br><br><br>Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES LLC AS OWNER, AND, and AMERICAN COMMERCIAL BARGE LINES, LLC, AS CHARTER OF THE BARGES NM-315-VLB-9182, ACL-9933B, VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § § | C.A. NO. B-02-004<br>Admiralty |

## MOTION TO REQUEST STATUS CONFERENCE
## AND MEMORANDUM IN SUPPORT

COME NOW claimant, the State of Texas, by and through its Department of Transportation ("the State of Texas"), subject to and without waiving its claim that it is entitled to sovereign immunity in this and all other proceedings related to the Queen Isabella Causeway allision,[1] and requests this Honorable Court to hold a conference of

---

[1] Throughout all proceedings relating to the Queen Isabella Causeway collision, the State of Texas has specifically and continually averred its entitlement to sovereign immunity and/or immunity under the Eleventh Amendment of the Constitution of the United States of America. In particular, the State of Texas has averred and continues to aver that it is entitled to sovereign immunity and Eleventh Amendment immunity from the application of the Limitation of Shipowner's Liability Act of 1851, 456 U.S.C. § 181, et. seq. (the "Limitation Act") in any forum. The State of Texas has also averred and continues to aver that it is entitled to sovereign immunity and Eleventh Amendment immunity against being forced to pursue its claims arising out of the allision in this or any other federal court. The State of Texas has specifically averred and continues to aver that it is Constitutionally entitled to pursue recovery of its damages and its claims relating to the allision before a jury in the suit that it filed in state court in Cameron

the parties to discuss the status of this matter, and a scheduling of all motions herein pending, which include:

1) Docket No. 133. Motion Requesting Admission Pro Hac Vice of William Q. McManus, Esq.

2) Docket No. 136. Motion Requesting Admission Pro Hac Vice of Mike Davis, Esq.

3) Docket No. 184. Petitioners Brown Water Marine Service, Inc.'s and Brown Water Towing I, Inc's Motion for Summary Judgment on Claims Asserted by Certain Claimants who sustained No Physical Injury or Impact.

4) Docket No. 198. Motion of Robert A. Fundrich to Dismiss Claims

5) Docket No. 204. Claimants' First Motion to Compel Discovery from American Commercial Barge Lines, LLC and American Commercial Lines, LLC

6) Docket No. 208. Petitioners Brown Water Marine Service, Inc. and Brown Water Towing I, Inc.'s Motion for Leave to Assent Third-Party Complaint Against Cameron County

7) Docket No. 211. Petitioners Brown Water Towing I, Inc.'s and Brown Water Marine Service, Inc.'s Motion to Compel Michael Cowen to Produce Medical Records concerning Decedent Chealsa Welch.

8) Docket No. 215. Petitioners Motion for Leave to Assent Third-Party Complaint and Cross-Claim Against Cameron County

---

County, Texas. Moreover, the State of Texas specifically claims its entitlement to sovereign immunity from any Cross-Claims by any person or entity in any forum. For all of these reasons, the State of Texas has averred and continues to aver that its claims arising out of the allision should not be subject to the Limitation Act, or any exoneration/limitation of liability action; that the State of Texas should be free to pursue its claims before a jury in the Cameron County suit; and that any Cross-Claims against the memorandum, the State of Texas is not in any way

9)     Docket No. 216. State of Texas' Motion to Dismiss on the Basis of Sovereign Immunity and the Eleventh Amendment.

A Second Amended Joint Discovery/Case Management Plan was filed into the record on April 17, 2002. In accordance with the schedule included therein, discovery proceeded briskly until the action was automatically stayed under 11 U.S.C. § 362, pending the bankruptcy proceedings initiated by American Commercial Lines, LLC, et al., Case No. 03-90305 (BHL), on January 31, 2003 in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division.

Upon motion by the State of Texas and certain other Claimants, Judge Basil H. Lorch, III, United States Bankruptcy Court for the Southern District of Indiana, New Albany Division, on November 21, 2003, modified the automatic stay to allow the federal limitation suits initiated in this matter to go forward before this Honorable Court. Order Attached as Exhibit "A". The Bankruptcy Court lifted the stay after a court ordered mediation, held on October 16, 2003, between the parties failed.

For this reason, this matter may now move forward, but the activities set forth by the parties in the Second Amended Joint Discovery/Case Management Plan are obsolete. Therefore, an amended timetable is necessary to control the progress of discovery and move this case towards trial. There are also numerous motions pending that will affect the progress of this matter.

Accordingly, for all of these reasons, the State of Texas and J. Antonio Mireles, as Personal Representative of the Estate of Julio Cesar Mireles, Juan Antonio Mireles, and Soledad Gonzales Mireles, request that this Honorable Court hold a status conference of all

---

waiving its immunity, consenting to jurisdiction in any federal court, or waiving any of these contentions. On the

parties to discuss and reach resolution on the aforementioned matters in early January 2004, or at its earliest convenience.

        Respectfully submitted,

        GREG ABBOTT
        Attorney General of Texas

        BARRY R. McBEE
        First Assistant Attorney General

        EDWARD D. BURBACH
        Deputy Attorney General for Litigation

        GRADY CLICK
        Assistant Attorney General
        Chief, Transportation Division

        _____
        JACK F. GILBERT
        Assistant Attorney General
        Attorney-in-Charge
        Texas Bar No. 00786946
        Federal Bar No. 16701

        OF COUNSEL:
        MICHAEL RATLIFF
        Texas Bar No. 16564300

        Office of the Attorney General
        Transportation Division
        P.O. Box 12548
        Austin, Texas 78711-2548
        (512) 463-2004 telephone
        (512) 472-3855 facsimile

        ADAMS AND REESE LLP

        Daryl G. Dursum
        Texas Bar No. 06287900
        Federal Bar No. 6198

---

contrary, the State of Texas appears subject to and without waiving its entitlement to sovereign immunity.

4400 One Houston Center
1221 McKinney
Houston, Texas 77010
Phone: 713.652.5151

Mark J. Spansel
La. Bar #12314
Pro Hac Vice
Edwin C. Laizer
La. Bar #17014
Pro Hac Vice
4500 One Shell Square
New Orleans, LA 70139
(504) 585-0215
*Attorneys for The State of Texas*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served according to F.R.C.P. 5, on all counsel of record, this 6th day of January 2004.

JACK F. GILBERT

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| American Commercial Lines LLC, et al.,1 | ) | Case No. 03-90305 (BHL) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

ORDER GRANTING RELIEF FROM STAY
(QUEEN ISABELLA CAUSEWAY CLAIMS)

This matter came before the Court for a status conference on the motion for relief from the automatic stay (the "Motion") filed by the State of Texas, by and through its Department of Transportation, (the "State") and certain other claimants (the "Claimants"). The Motion was preliminarily denied on July 16, 2003 pursuant to 11 U.S.C. § 362(e).

Subsequently, the Court considered the Motion To Exclude Claim Of The State Of Texas And Claimants From Claims Program filed on or about June 10, 2003, and entered the Order On Motion To Exclude Claim Of The State Of Texas And Claimants From Claims Program entered July 16, 2003 (the "Prior Order"). In the Prior Order, the Court modified the automatic stay to permit mediation of the Claimants' claims before the Honorable James DeAnda, retired United States District Court Judge, in Brownsville, Texas.

On September 5, 2003, the Motion came before the Court on a status conference. Thereafter, on October 20, 2003, the Court entered an Order Regarding Mediation/Stay Relief (Queen Isabella Causeway Claims) (the "Mediation Order"), which provided, among other things, that the automatic stay would be lifted if mediation was not completed on or before November 7, 2003. The mediation occurred October 16, 2003, and the mediation was not successful. Thus, the State filed the Motion Requesting Status Conference on October 28, 2003, which was granted by Order on October 31, 2003, scheduling a status conference for November 14, 2003 at 10:00 A.M., E.S.T. and the State and the Claimants filed the Supplemental Memorandum in Support of Pending Motions for Relief From Stay on October 31, 2003, renewing their request for relief from the automatic stay.

The Court, having reviewed the Motion, the objections thereto, the Prior Order, the Mediation Order, and Debtors' response to the renewed request for relief from the automatic stay, having heard the arguments of counsel at a hearing on November 14, 2003, and being otherwise duly advised, now ORDERS as follows:

1. The Motion is hereby GRANTED in part as follows:

    a. The automatic stay of 11 U.S.C. § 362 is modified to allow the Federal Limitation Suits to go forward in the Federal District Court for the Southern District of Texas;

    b. Consistent with paragraph 16 of the Order On Debtors' Motion For Approval Of Personal Injury And Property Damage Claims Program Pursuant To 11 U.S.C. §§ 105, 502 And 506 entered May 15, 2003, the Claimants may liquidate the claims described in the Motion and assert and pursue any and all rights they may have relating to such claims but any judgment rendered against ACL or ACBL shall be asserted as a claim against ACL's or ACBL's bankruptcy estate.

2. Nothing herein shall be construed to affect, interfere with, remove or modify the jurisdiction and power of this Court to administer the property of ACL's or ACBL's bankruptcy estate, and this Court specifically retains jurisdiction to determine the extent, validity and priority of any lien asserted against any of ACL's or ACBL's property.

IT IS SO ORDERED.

Dated: NOV 2 1 2003

Basil H. Lorch, III, Judge
United States Bankruptcy Court

Distribution:

793565_2.DOC

DOCUMENT NO. 1190

#688

EXHIBIT A