United States District Court
Southern District of Texas
FILED

JAN 08 2004

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § | C.A. NO. B-01-157 Admiralty

Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES LLC AS OWNER, AND, and AMERICAN COMMERCIAL BARGE LINES, LLC, AS CHARTERER OF THE BARGES NM-315-VLB-9182, ACL-9933B, VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § § | C.A. NO. B-02-004 Admiralty |

## NOTICE OF MODIFICATION
## AND LIFTING OF AUTOMATIC BANKRUPTCY STAY

COME NOW claimant, the State of Texas, by and through its Department of Transportation ("the State of Texas"), subject to and without waiving its claim that it is entitled to sovereign immunity in this and all other proceedings related to the Queen Isabella Causeway allision,[1] and files this Notice to inform the Court that Judge Basil H.

---

[1] Throughout all proceedings relating to the Queen Isabella Causeway collision, the State of Texas has specifically and continually averred its entitlement to sovereign immunity and/or immunity under the Eleventh Amendment of the Constitution of the United States of America. In particular, the State of Texas has averred and continues to aver that it is entitled to sovereign immunity and Eleventh Amendment immunity from the application of the Limitation of Shipowner's Liability Act of 1851, 456 U.S.C. § 181, et. seq. (the "Limitation Act") in any forum. The State of Texas has also averred and continues to aver that it is entitled to sovereign immunity and Eleventh Amendment immunity against being forced to pursue its claims arising out of the allision in this or any other federal court. The State of Texas has specifically averred and continues to aver that it is Constitutionally entitled to pursue recovery of its damages and its claims relating to the allision before a jury in the suit that it filed in state court in Cameron

Lorch, III, United States Bankruptcy Court for the Southern District of Indiana, New Albany Division, modified the automatic stay in the pending bankruptcy proceedings initiated by American Commercial Lines, LLC, et al, Case No. 03-90 305 (BHL) to allow the federal limitation suits initiated in this matter to go forward before this Honorable Court. Order attached as Exhibit "1". Further, the State of Texas hereby suggests that due to this modification, this Court's Order dated March 31, 2003, Rec. Doc. No. 228, is no longer applicable, the motions[2] pending before this Court are no longer moot and these motions should be considered and ruled upon at the Court's earliest convenience.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

---

County, Texas. Moreover, the State of Texas specifically claims its entitlement to sovereign immunity from any Cross-Claims by any person or entity in any forum. For all of these reasons, the State of Texas has averred and continues to aver that its claims arising out of the allision should not be subject to the Limitation Act, or any exoneration/limitation of liability action; that the State of Texas should be free to pursue its claims before a jury in the Cameron County suit; and that any Cross-Claims against the memorandum, the State of Texas is not in any way waiving its immunity, consenting to jurisdiction in any federal court, or waiving any of these contentions. On the contrary, the State of Texas appears subject to and without waiving its entitlement to sovereign immunity.

[2] The following motions are currently pending before this Court:

1) Docket No. 133. Motion Requesting Admission Pro Hac Vice of William Q. McManus, Esq.
2) Docket No. 136. Motion Requesting Admission Pro Hac Vice of Mike Davis, Esq.
3) Docket No. 184. Petitioners Brown Water Marine Service, Inc.'s and Brown Water Towing I, Inc's Motion for Summary Judgment on Claims Asserted by Certain Claimants who sustained No Physical Injury or Impact.
4) Docket No. 198. Motion of Robert A. Fundrich to Dismiss Claims
5) Docket No. 204. Claimants' First Motion to Compel Discovery from American Commercial Barge Lines, LLC and American Commercial Lines, LLC
6) Docket No. 208. Petitioners Brown Water Marine Service, Inc. and Brown Water Towing I, Inc.'s Motion for Leave to Assent Third-Party Complaint Against Cameron County
7) Docket No. 211. Petitioners Brown Water Towing I, Inc.'s and Brown Water Marine Service, Inc.'s Motion to Compel Michael Cowen to Produce Medical Records concerning Decedent Chealsa Welch.
8) Docket No. 215. Petitioners Motion for Leave to Assent Third-Party Complaint and Cross-Claim Against Cameron County
9) Docket No. 216. State of Texas' Motion to Dismiss on the Basis of Sovereign Immunity and the Eleventh Amendment.

BARRY R. McBEE
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General for Litigation

GRADY CLICK
Assistant Attorney General
Chief, Transportation Division

_____
JACK F. GILBERT
Assistant Attorney General
Attorney-in-Charge
Texas Bar No. 00786946
Federal Bar No. 16701

OF COUNSEL:
MICHAEL RATLIFF
Texas Bar No. 16564300

Office of the Attorney General
Transportation Division
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2004 telephone
(512) 472-3855 facsimile

ADAMS AND REESE LLP

Daryl G. Dursum
Texas Bar No. 06287900
Federal Bar No. 6198
4400 One Houston Center
1221 McKinney
Houston, Texas 77010
Phone: 713.652.5151

Mark J. Spansel
La. Bar #12314
Pro Hac Vice
Edwin C. Laizer
La. Bar #17014
Pro Hac Vice
4500 One Shell Square

3

New Orleans, LA 70139
(504) 585-0215
*Attorneys for The State of Texas*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served according to F.R.C.P. 5, on all counsel of record this 6th day of January, 2004.

_____
JACK F. GILBERT

4

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| American Commercial Lines LLC, et al.,1 | ) | Case No. 03-90305 (BHL) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER GRANTING RELIEF FROM STAY**
**(QUEEN ISABELLA CAUSEWAY CLAIMS)**

This matter came before the Court for a status conference on the motion for relief from the automatic stay (the "Motion") filed by the State of Texas, by and through its Department of Transportation, (the "State") and certain other claimants (the "Claimants"). The Motion was preliminarily denied on July 16, 2003 pursuant to 11 U.S.C. § 362(e).

Subsequently, the Court considered the Motion To Exclude Claim Of The State Of Texas And Claimants From Claims Program filed on or about June 10, 2003, and entered the Order On Motion To Exclude Claim Of The State Of Texas And Claimants From Claims Program entered July 16, 2003 (the "Prior Order"). In the Prior Order, the Court modified the automatic stay to permit mediation of the Claimants' claims before the Honorable James DeAnda, retired United States District Court Judge, in Brownsville, Texas.

On September 5, 2003, the Motion came before the Court on a status conference. Thereafter, on October 20, 2003, the Court entered an Order Regarding Mediation/Stay Relief (Queen Isabella Causeway Claims) (the "Mediation Order"), which provided, among other things, that the automatic stay would be lifted if mediation was not completed on or before November 7, 2003. The mediation occurred October 16, 2003, and the mediation was not successful. Thus, the State filed the Motion Requesting Status Conference on October 28, 2003, which was granted by Order on October 31, 2003, scheduling a status conference for November 14, 2003 at 10:00 A.M., E.S.T. and the State and the Claimants filed the Supplemental Memorandum in Support of Pending Motions for Relief From Stay on October 31, 2003, renewing their request for relief from the automatic stay.

The Court, having reviewed the Motion, the objections thereto, the Prior Order, the Mediation Order, and Debtors' response to the renewed request for relief from the automatic stay, having heard the arguments of counsel at a hearing on November 14, 2003, and being otherwise duly advised, now ORDERS as follows:

1. The Motion is hereby GRANTED in part as follows:

    a. The automatic stay of 11 U.S.C. § 362 is modified to allow the Federal Limitation Suits to go forward in the Federal District Court for the Southern District of Texas;

    b. Consistent with paragraph 16 of the Order On Debtors' Motion For Approval Of Personal Injury And Property Damage Claims Program Pursuant To 11 U.S.C. §§ 105, 502 And 506 entered May 15, 2003, the Claimants may liquidate the claims described in the Motion and assert and pursue any and all rights they may have relating to such claims but any judgment rendered against ACL or ACBL shall be asserted as a claim against ACL's or ACBL's bankruptcy estate.

2. Nothing herein shall be construed to affect, interfere with, remove or modify the jurisdiction and power of this Court to administer the property of ACL's or ACBL's bankruptcy estate, and this Court specifically retains jurisdiction to determine the extent, validity and priority of any lien asserted against any of ACL's or ACBL's property.

IT IS SO ORDERED.

Dated: NOV 2 1 2003

Basil H. Lorch, III, Judge
United States Bankruptcy Court

Distribution:

793565_2.DOC

DOCUMENT NO. 1190

#688



EXHIBIT 1