243

United States District Court
Southern District of Texas
FILED

MAR 2 2 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * * * * * * | C. A. NO. B-01-157 Admiralty |
| | | Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES, LLC AS OWNER, AND AMERICAN COMMERCIAL BARGE LINE, LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * * * * * * * | C. A. No. B-02-004 Admiralty and |
| IN RE THE COMPLAINT AND PETITION OF DEERE CREDIT, INC., (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315 AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | * * * * * * * * * * * * * * * | C. A. NO. B-02-125 Admiralty |

N1114569.1

**MOTION AND INCORPORATED MEMORANDUM TO ALLOW THE FILING OF A SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO THE STATE OF TEXAS' MOTION TO DISMISS ON THE BASIS OF SOVEREIGN IMMUNITY AND THE 11TH AMENDMENT**

**MAY IT PLEASE THE COURT:**

The State of Texas filed its Motion to Dismiss on the Basis of Sovereign Immunity and the 11th Amendment on December 18, 2002. The ACBL Petitioners, filed their opposition memorandum on January 6, 2003, and the Brown Water Petitioners filed their opposition on January 7, 2003. Thereafter, ACBL filed for bankruptcy on January 31, 2003. At the time of filing for bankruptcy, this case was stayed. On November 21, 2003 the United States Bankruptcy Court for the Southern District of Indiana granted the State of Texas', as claimant in the bankruptcy, Motion to Lift the Stay to allow these consolidated actions to go forward in this Court. (See Exhibit "1" attached). On February 20, 2004 Your Honor ordered that numerous pending motions, including the State of Texas' motion be placed on the Court's docket.

In the span of time between the filing of its opposition motion and the Court's placing the matter back on the trial docket, the District Court in <u>Magnolia Marine Transport Company, Limitation Proceedings, M/V ROBERT Y. LOVE</u>, 203 AMC 2419 (E.D. Ok., February 4, 2003), found that the 11th Amendment does not exempt a state as plaintiff from the necessity of prosecuting its maritime claims exclusively in a pending limitation proceeding.

Accordingly, ACBL Petitioners ask that this Court allow it to file a supplemental memorandum in opposition to the State of Texas' motion to brief the court on the above stated case decided after ACBL Petitioners filed their Original Opposition Brief.

N1114569.1

- 1 -

Respectfully submitted,

/s/ Glenn G. Goodier
_____
Glenn G. Goodier, Attorney-in-Charge
By Order Entered 4/23/02
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:  (504) 582-8174
Facsimile:    (504) 582-8010

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been properly mailed to all known potential parties and/or their counsel on this _16_ day of ___March___, 2004.

_____
GLENN G. GOODIER

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| American Commercial Lines LLC, et al.,1 ) | Case No. 03-90305 (BHL) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

## ORDER GRANTING RELIEF FROM STAY
## (QUEEN ISABELLA CAUSEWAY CLAIMS)

This matter came before the Court for a status conference on the motion for relief from the automatic stay (the "Motion") filed by the State of Texas, by and through its Department of Transportation, (the "State") and certain other claimants (the "Claimants"). The Motion was preliminarily denied on July 16, 2003 pursuant to 11 U.S.C. § 362(e).

Subsequently, the Court considered the Motion To Exclude Claim Of The State Of Texas And Claimants From Claims Program filed on or about June 10, 2003, and entered the Order On Motion To Exclude Claim Of The State Of Texas And Claimants From Claims Program entered July 16, 2003 (the "Prior Order"). In the Prior Order, the Court modified the automatic stay to permit mediation of the Claimants' claims before the Honorable James DeAnda, retired United States District Court Judge, in Brownsville, Texas.

On September 5, 2003, the Motion came before the Court on a status conference. Thereafter, on October 20, 2003, the Court entered an Order Regarding Mediation/Stay Relief (Queen Isabella Causeway Claims) (the "Mediation Order"), which provided, among other things, that the automatic stay would be lifted if mediation was not completed on or before November 7, 2003. The mediation occurred October 16, 2003, and the mediation was not successful. Thus, the State filed the Motion Requesting Status Conference on October 28, 2003, which was granted by Order on October 31, 2003, scheduling a status conference for November 14, 2003 at 10:00 A.M., E.S.T. and the State and the Claimants filed the Supplemental Memorandum in Support of Pending Motions for Relief From Stay on October 31, 2003, renewing their request for relief from the automatic stay.

The Court, having reviewed the Motion, the objections thereto, the Prior Order, the Mediation Order, and Debtors' response to the renewed request for relief from the automatic stay, having heard the arguments of counsel at a hearing on November 14, 2003, and being otherwise duly advised, now ORDERS as follows:

1. The Motion is hereby GRANTED in part as follows:

    a. The automatic stay of 11 U.S.C. § 362 is modified to allow the Federal Limitation Suits to go forward in the Federal District Court for the Southern District of Texas;

    b. Consistent with paragraph 16 of the Order On Debtors' Motion For Approval Of Personal Injury And Property Damage Claims Program Pursuant To 11 U.S.C. §§ 105, 502 And 506 entered May 15, 2003, the Claimants may liquidate the claims described in the Motion and assert and pursue any and all rights they may have relating to such claims but any judgment rendered against ACL or ACBL shall be asserted as a claim against ACL's or ACBL's bankruptcy estate.

2. Nothing herein shall be construed to affect, interfere with, remove or modify the jurisdiction and power of this Court to administer the property of ACL's or ACBL's bankruptcy estate, and this Court specifically retains jurisdiction to determine the extent, validity and priority of any lien asserted against any of ACL's or ACBL's property.

IT IS SO ORDERED.

Dated: __NOV 2 1 2003__

Basil H. Lorch, III, Judge
United States Bankruptcy Court

Distribution:

793565_2.DOC

DOCUMENT NO. __1190__

#688

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | * | C. A. NO. B-01-157 |
| PETITION OF BROWN WATER | * | Admiralty |
| TOWING I, INC., AS OWNER, AND | * | |
| BROWN WATER MARINE SERVICE, | * | |
| INC., AS BAREBOAT CHARTERER OF | * | |
| THE BROWN WATER V, ITS ENGINES, | * | |
| TACKLE, ETC., IN A CAUSE OF | * | |
| EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY | * | |
| | * | Consolidated with |
| | * | |
| IN RE THE COMPLAINT AND | * | |
| PETITION OF AMERICAN | * | C. A. No. B-02-004 |
| COMMERCIAL LINES, LLC AS | * | Admiralty |
| OWNER, AND AMERICAN | * | |
| COMMERCIAL BARGE LINE, LLC | * | |
| AS CHARTERER OF THE BARGES | * | |
| NM-315, VLB-9182, ACL-9933B, | * | |
| VLB-9173, IN A CAUSE OF | * | and |
| EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY | * | |
| | * | |
| | * | |
| IN RE THE COMPLAINT AND PETITION | * | C. A. NO. B-02-125 |
| OF DEERE CREDIT, INC., (FORMERLY | * | Admiralty |
| SENSTAR FINANCE COMPANY), AS | * | |
| OWNER OF THE BARGE NM-315 AND | * | |
| STATE STREET BANK AND TRUST | * | |
| COMPANY OF CONNECTICUT, | * | |
| NATIONAL ASSOCIATION, AS OWNER | * | |
| TRUSTEE OF THE BARGE ACL-9933B AND | * | |
| NOT IN ITS INDIVIDUAL CAPACITY, AND | * | |
| GENERAL ELECTRIC CAPITAL | * | |
| CORPORATION, AS BENEFICIAL OWNER | * | |
| OF THE BARGE ACL-9933B PRAYING FOR | * | |
| EXONERATION FROM AND/OR | * | |
| LIMITATION OF LIABILITY | * | |

N1114584.1

**SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO
THE STATE OF TEXAS' MOTION TO DISMISS ON THE BASIS OF
SOVEREIGN IMMUNITY AND THE 11TH AMENDMENT**

---

On January 6, 2003, Limitation Petitioners, American Commercial Lines LLC, American Commercial Barge Line LLC, Deere Credit, Inc., State Street Bank and Trust Company of Connecticut, N.A., and General Electric Capital Corporation (hereafter "Limitation Petitioners"), filed their Opposition Memorandum to the State of Texas' Motion to Dismiss on the Basis of Sovereign Immunity and the 11th Amendment. Brown Water Towing I, Inc. and Brown Water Marine Service, Inc. filed their opposition to the State's motion on January 7, 2003. On January 31, 2003, American Commercial Lines LLC and American Commercial Barge Line LLC filed for bankruptcy, pursuant to Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division, which Petitions are pending as Case No. 03-90307 (BHL-11) and Case No. 03-90305 (BHL-11). Pursuant to 11 U.S.C. §362, the filing of the bankruptcy petition stayed these proceedings.

Thereafter, the parties proceeded in the Bankruptcy Court pursuant to the Bankruptcy Court's procedures. When mediations failed, the State of Texas, which had filed a claim in the bankruptcy, and others, moved the Bankruptcy Court to lift the stay to allow them to proceed against the ACBL interests. On November 21, 2003 the Bankruptcy Court granted the State of Texas' motion and issued an Order lifting the stay allowing the State of Texas and others, to proceed against the ACBL interests in this proceeding only. Additionally, the Bankruptcy Court ordered that this Court was the forum where any damages might be liquidated (of course, only if liability were found). Finally, the

Bankruptcy Court retained jurisdiction to determine the extent, validity and priority of any liens that may be asserted.

This supplemental memorandum is filed to bring to the Court's attention to a recent decision decided after the filing of the ACBL interests' initial brief and the Bankruptcy Court's Stay Order which decides the identical issue this Court must decide here.

## I.

## THE DECISION IN MAGNOLIA MARINE TRANSPORT COMPANY

On February 4, 2003 District Judge Payne, in Magnolia Marine Transport Company, Limitation Proceedings, M/V ROBERT Y. LOVE, 2003 AMC 2419 (E.D. Ok. February 4, 2003), in a similar case, denied the State of Oklahoma's Motion to Dismiss on the Basis of Sovereign Immunity, much like the motion brought in the instant case.

Magnolia Marine arises out of the collision of the M/V ROBERT Y. LOVE, owned by Magnolia Marine and the Interstate 40 Bridge owned by the State of Oklahoma. The State of Oklahoma filed suit against Magnolia Marine in Oklahoma state court[1] seeking recovery of its damages as a result of the accident. Magnolia Marine filed a limitation action originally in the Southern District of Mississippi, which action was then transferred to the Eastern District of Oklahoma. Oklahoma sought to have itself extricated from the limitation proceeding by way of its motion to dismiss on the basis of sovereign immunity (the 11th Amendment) requesting that the Court allow it to return to state court to litigate its claim. Oklahoma argued that the limitation proceeding violated its 11th Amendment immunity by forcing the State of Oklahoma

---

[1]/In the instant case, the State of Texas has never filed a claim in state court against the ACBL interests.

to litigate in the Eastern District of Oklahoma against its will.

In a well-reasoned decision, Judge Payne denied Oklahoma's motion, finding that the 11th Amendment did not exempt the State as a plaintiff from the necessity of prosecuting its maritime claim exclusively in the limitation proceeding. Judge Payne relied upon the very same cases cited by ACBL Petitioners and the Brown Water Petitioners in their Memoranda in Opposition to Texas' Motion.[2] Accordingly, Magnolia Marine is a case fully in support of both Brown Water and ACBL Petitioners' Memoranda.

Respectfully submitted,

_____
Glenn G. Goodier, Attorney-in-Charge
By Order Entered 4/23/02
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre, L.L.P.
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8174
Facsimile:  (504) 582-8010

---

[2]/The State of Oklahoma also filed a motion to remand the state court action that had been removed by Magnolia Marine. The District Court denied the motion to remand, finding that the 11th Amendment did not apply to suits commenced or prosecuted by a state, but rather, only to suits against a state. The 10th Circuit affirmed, finding that the 11th Amendment does not apply to claims commenced or prosecuted by a state. The 10th Circuit reached no conclusion with respect to any cross-claims that may have been brought against the State. State of Oklahoma v. Magnolia Marine Transport Company, 2004 WL 339372 (10th Cir.(Okla.)).

N1114584.1                           -3-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been properly mailed to all known potential parties and/or their counsel on this ___16th___ day of ___March___, 2004.

_____
GLENN G. GOODIER