United States District Court
Southern District of Texas
FILED

APR 0 5 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, OF THE BROWN WATER V, ITS ENGINES, TACKLE, *ETC.* IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * * * | C.A. No. B-01-157<br><br><br><br><br><br>Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES LLC AS OWNER, and AMERICAN COMMERCIAL BARGE LINES, LLC, AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, and VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * * * * * | C.A. No. B-02-004<br><br><br><br><br><br><br><br>and |
| IN RE THE COMPLAINT AND PETITION OF DEERE CREDIT, INC. (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315, and STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASS'N, AS OWNER TRUSTEE OF THE BARGE ACL-9933B and NOT IN ITS INDIVIDUAL CAPACITY, and GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | * * * * * * * * * * * * * * * | C.A. No. B-02-125 |

**MOTION AND INCORPORATED MEMORANDUM FOR LEAVE TO FILE
SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF THE STATE OF TEXAS'
MOTION TO DISMISS ON THE BASIS OF SOVEREIGN IMMUNITY AND
THE ELEVENTH AMENDMENT**

1

COMES NOW the State of Texas (the "State") and respectfully moves this Honorable Court for leave to file the attached "Supplemental Reply Brief in Support of the State of Texas' Motion to Dismiss on the Basis of Sovereign Immunity and the Eleventh Amendment" (hereinafter referred to as the "Supplemental Reply Brief"). The State seeks leave to file the Supplemental Reply Brief for the reasons set forth below.

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL REPLY BRIEF

1.  On December 18, 2002, the State filed its motion to dismiss based on sovereign immunity and the Eleventh Amendment (Rec. Doc. No. 216). ACBL[1] filed its opposition on January 6, 2003 (Rec. Doc. No. 217). Brown Water[2] filed its response the next day (Rec. Doc. No. 218). On January 27, 2003, the State filed a single reply brief addressing the arguments raised by Brown Water and ACBL (Rec. Doc. No. 222).

2.  ACBL filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division on January 31, 2003.

3.  On February 4, 2003, in the litigation arising out of the allision of the M/V Robert Y. Love and its barges with the Interstate 40 Bridge over the Arkansas River near Webbers Falls Oklahoma, the United States District Court for the Eastern District of Oklahoma issued a ruling denying the State of Oklahoma's motion to dismiss on the basis of sovereign immunity. That opinion was subsequently reported as *Magnolia Marine*

---

[1] "ACBL" refers collectively to American Commercial Lines, LLC, American Commercial Barge Line LLC, Deere Credit, Inc. (formerly Senstar Finance Company), State Street Bank and Trust Company of Connecticut, National Association, and General Electric Corporation, each of which is alleged to have an interest as the owner or charterer of one or more of the barges that comprised the tow of the BROWN WATER V at the time of the Queen Isabella Causeway allision. The two American Commercial entities are limitation petitioners in C.A. No. B-02-004. The other entities are limitation petitioner in C.A. No. B-02-125.

[2] "Brown Water" refers collectively to Brown Water Towing I, Inc., the owner of the BROWN WATER V, and Brown Water Marine Services, Inc., the operator of that vessel. Brown Water is the limitation petitioner in C.A. No. B-01-157.

*Transport Company, Limitation Proceedings, M/V ROBERT Y. LOVE,* 2003 A.M.C. 2419 (E.D. Ok. 2003). On February 13, 2003, the State of Oklahoma appealed that decision to the United States Court of Appeals for the Tenth Circuit.

4. Also on February 4, 2003, ACBL filed a Suggestion of Bankruptcy (Rec. Doc. No. 224) in this action. A corrected Suggestion of Bankruptcy was filed on February 5, 2003 (Rec. Doc. No. 225). Nevertheless, on February 24, 2003, Brown Water filed a supplemental opposition to the State's motion to dismiss (Rec. Doc. No. 227) in order to cite the *Magnolia Marine* decision to this Court. Brown Water's supplemental opposition did not mention the fact that the *Magnolia Marine* case had been appealed to the Tenth Circuit.

5. On March 31, 2003, in compliance with the automatic stay provision of the Bankruptcy Code, this Honorable Court issued an order (Rec. Doc. No. 228) holding this case in abeyance pending the outcome of the ACBL bankruptcy proceeding.

6. On November 21, 2003, the bankruptcy court modified the automatic stay in the bankruptcy proceeding to allow these consolidated cases to go forward before this Honorable Court. The State filed a "Notice of Modification and Lifting of Automatic Bankruptcy Stay" (Rec. Doc. No. 232) on January 8, 2003.

7. This Honorable Court held a status conference in these cases on February 18, 2004. At that time, the Court placed a number of motions back on the docket, including the State's motion to dismiss based on sovereign immunity and the Eleventh Amendment.

8. On March 22, 2004, ACBL filed a supplemental memorandum regarding the State's motion to dismiss (Rec. Doc. No. 243). ACBL's supplemental memorandum also

discusses the district court's ruling in the *Magnolia Marine* case. However, ACBL also neglects to mention that the *Magnolia Marine* case is presently pending on appeal before the United States Court of Appeals for the Tenth Circuit.

9. Accordingly, the State requests leave of court to file the attached Supplemental Reply Brief, which addresses the *Magnolia Marine* district court decision and informs this Honorable Court of the appeal in that case.

WHEREFORE, the State of Texas respectfully moves this Honorable Court for leave to file the attached "Supplemental Reply Brief in Support of the State of Texas' Motion to Dismiss on the Basis of Sovereign Immunity and the Eleventh Amendment."

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY McBEE
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

GRADY CLICK
Assistant Attorney General
Chief, Transportation Division

_____ by permission of
JACK F. GILBERT
Assistant Attorney General
Attorney-in-Charge
Texas Bar No. 00786946
Federal Bar No. 16701

And Assistant Attorneys General

MICHAEL RATLIFF
Texas Bar No. 16564300
MARGIE MANZANO CORBETT
Texas Bar No. 24001927
Federal Bar No. 22121
Office of the Attorney General
Transportation Division
P.O. Box 12548
Austin, TX 78711-2548
Phone: 512.463.2004
Fax:     512.472.3855

AND, OF COUNSEL,
ADAMS AND REESE LLP

DARYL G. DURSUM
Texas Bar No. 06287900
Federal Bar No. 6198
4400 One Houston Center
1221 McKinney
Houston, TX 77010
Phone: 713.652.5151
Fax:    713.652-5152

MARK J. SPANSEL (La. Bar No. 12314)
EDWIN C. LAIZER, APLC (La. Bar No 17014)
4500 One Shell Square
New Orleans, LA 70139
Phone: 504.581.3234
Fax:    504.566.0210
*Attorneys for the State Of Texas*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record by placing same in the United States mail, postage prepaid and properly addressed, this 2nd day of April 2004.

*[signature: by permission of Jack F. Gilbert]*

5