United States District Court
Southern District of Texas
FILED

APR 0 5 2004

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | * | C.A. No. B-01-157 |
| PETITION OF BROWN WATER | * | |
| TOWING I, INC., AS OWNER, AND | * | |
| BROWN WATER MARINE SERVICE, | * | |
| OF THE BROWN WATER V, ITS | * | |
| ENGINES, TACKLE, *ETC.* IN A | * | |
| CAUSE OF EXONERATION FROM | * | Consolidated with |
| OR LIMITATION OF LIABILITY | * | |
| | | |
| IN RE THE COMPLAINT AND | * | C.A. No. B-02-004 |
| PETITION OF AMERICAN | * | |
| COMMERCIAL LINES LLC AS | * | |
| OWNER, and AMERICAN | * | |
| COMMERCIAL BARGE LINES, LLC, | * | |
| AS CHARTERER OF THE BARGES | * | |
| NM-315, VLB-9182, ACL-9933B, and | * | |
| VLB-9173, IN A CAUSE OF | * | |
| EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY | * | and |
| | | |
| IN RE THE COMPLAINT AND | * | C.A. No. B-02-125 |
| PETITION OF DEERE CREDIT, INC. | * | |
| (FORMERLY SENSTAR FINANCE | * | |
| COMPANY), AS OWNER OF THE | * | |
| BARGE NM-315, and STATE STREET | * | |
| BANK AND TRUST COMPANY OF | * | |
| CONNECTICUT, NATIONAL ASS'N, | * | |
| AS OWNER TRUSTEE OF THE | * | |
| BARGE ACL-9933B and NOT IN ITS | * | |
| INDIVIDUAL CAPACITY, and | * | |
| GENERAL ELECTRIC CAPITAL | * | |
| CORPORATION, AS BENEFICIAL | * | |
| OWNER OF THE BARGE ACL-9933B, | * | |
| PRAYING FOR EXONERATION FROM | * | |
| AND/OR LIMITATION OF LIABILITY | * | |

## SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF THE STATE OF TEXAS' MOTION TO DISMISS ON THE BASIS OF SOVEREIGN IMMUNITY AND THE ELEVENTH AMENDMENT

COMES NOW the State of Texas (the "State") and files this Supplemental Reply Brief in support of its Motion to Dismiss on the Basis of Sovereign Immunity and the Eleventh Amendment.

### SUPPLEMENTAL REPLY BRIEF

On December 18, 2002, the State filed its motion to dismiss based on sovereign immunity and the Eleventh Amendment (Rec. Doc. No. 216). The State's motion presents two issues for decision. The primary issue is whether the constitutional grant of sovereign immunity prohibits application of the Limitation of Shipowner's Liability Act of 1851 (the "Limitation Act")[3] against the State. The secondary issue is whether the counterclaims/cross-claims that have been filed against the State by limitation petitioners Brown Water[4] and ACBL[5] violate the State's sovereign immunity.

ACBL filed its opposition on January 6, 2003 (Rec. Doc. No. 217). Brown Water filed its response the next day (Rec. Doc. No. 218). On January 27, 2003, the State filed a single reply brief addressing the arguments raised by Brown Water and ACBL (Rec. Doc. No. 222).

On February 4, 2003, in the litigation arising out of the allision of the M/V Robert Y. Love and its barges with the Interstate 40 Bridge over the Arkansas River near Webbers Falls Oklahoma, the United States District Court for the Eastern District of

---

[3] 46 U.S.C. §§ 181, *et seq.*
[4] "Brown Water" refers collectively to Brown Water Towing I, Inc., the owner of the BROWN WATER V, and Brown Water Marine Services, Inc., the operator of that vessel. Brown Water is the limitation petitioner in C.A. No. B-01-157.
[5] "ACBL" refers collectively to American Commercial Lines, LLC, American Commercial Barge Line LLC, Deere Credit, Inc. (formerly Senstar Finance Company), State Street Bank and Trust Company of Connecticut, National Association, and General Electric Corporation, each of which is alleged to have an interest as the owner or charterer of one or more of the barges that comprised the tow of the BROWN WATER V at the time of the Queen Isabella Causeway allision. The two American Commercial entities

Oklahoma issued a ruling denying the State of Oklahoma's motion to dismiss on the basis of sovereign immunity. That opinion was subsequently reported as *Magnolia Marine Transport Company, Limitation Proceedings, M/V ROBERT Y. LOVE,* 2003 A.M.C. 2419 (E.D. Ok. 2003). Both Brown Water (Rec. Doc. No. 227) and ACBL (Rec. Doc. No. 243) have now filed supplemental oppositions to the State's motion to dismiss in order to cite the *Magnolia Marine* decision to this Court. However, neither Brown Water nor ACBL have mentioned the fact that the *Magnolia Marine* case had been appealed to the Tenth Circuit. The State files this Supplemental Reply Brief to address the *Magnolia Marine* district court decision and to inform this Honorable Court of the appeal in that case.

### The *Magnolia Marine* Decision

In *Magnolia Marine,* the State of Oklahoma filed suit in Oklahoma state court against Magnolia Marine Transport Company ("Magnolia"), the owner of the M/V ROBERT Y. LOVE and her barges, seeking to recover the damages sustained by the state when Magnolia's vessels allided with the I-40 Bridge, causing it to collapse. Magnolia filed a limitation action in the United States District Court for the Southern District of Mississippi. Magnolia also removed Oklahoma's state court suit to the United States District Court for the Eastern District of Oklahoma.

In the limitation action, the State of Oklahoma filed a motion to dismiss based on sovereign immunity while the case was still pending in Mississippi. Before ruling on that motion, the Mississippi federal court transferred the case to the United States District

are limitation petitioners in C.A. No. B-02-004. The other entities are limitation petitioner in C.A. No. B-02-125.

Court for the Eastern District of Oklahoma. The Oklahoma federal court denied the State of Oklahoma's motion to dismiss the limitation action, and it denied the State of Oklahoma's motion to remand its saved to suitors lawsuit to state court. Oklahoma appealed both rulings to the United States Court of Appeals for the Tenth Circuit.[6]

A review of the district court's decision on the sovereign immunity issue in *Magnolia Marine* will show that it relied heavily upon the poorly analyzed and non-controlling decisions in *Bouchard v. Transp. Co., Inc. v. Updegraff*, 147 F.3d 1344 (11th Cir. 1998); *Sand Bar I, Lim. Procs.*, 1993 A.M.C. 1312 (E.D. La. 1993); and *In re Abaco Treasure, Ltd.*, 1993 A.M.C. 1976 (S.D. Fla. 1993). The State of Texas has already demonstrated in its original brief (Rec. Doc. No. 216 at pages 11-21) that these cases were incorrectly decided. None of them conducted a legitimate sovereign immunity analysis. And all of them erred in holding that a limitation action is not a suit "against" the state under the Eleventh Amendment. Again, the State of Texas has demonstrated in its original brief and in its reply brief (Rec. Doc. No. 222 at pages 6-10) that this limitation action is a suit "against" the State for constitutional purposes since it targets the State, which has been served notice of the action, been ordered to appear against its will in federal court under penalty of default, and been enjoined from proceeding in its own courts. Moreover, the dependence of the *Bouchard, Sand Bar I* and *Abaco* courts on the literal wording of the Eleventh Amendment is, as the State of Texas has shown in its previous briefs, contrary to the history of the Constitution and to the teachings of the United States Supreme Court, which has gone to great lengths to explain that sovereign

---

[6] The appeal of the remand issue was captioned *"State of Oklahoma ex rel Edmunson v. Magnolia Marine Transport Company, et al."* and bore No. 02-7139 in the Tenth Circuit. A copy of the Tenth Circuit docket sheet is attached as Exhibit 1. The sovereign immunity appeal is captioned *"In re The Complaint and*

immunity goes beyond the literal wording of the Eleventh Amendment to invalidate laws, such as the Limitation Act, that impermissibly intrude on the sovereignty of the states. Because a limitation action intrudes on the sovereignty of the states, it cannot be constitutionally applied to the state even if it is not technically a suit "against" the state.

Unfortunately, the *Magnolia Marine* court fell into the trap of following *Bouchard, Sand Bar I* and *Abaco* without conducting a proper constitutional analysis. Consequently, the *Magnolia Marine* court reached same erroneous outcome as those cases.

### The *Magnolia Marine Appeal*

In *Magnolia Marine,* the State of Oklahoma immediately appealed the February 4, 2003 denial of its motion to dismiss to the United States Court of Appeals for the Tenth Circuit.[7]  The case has been fully briefed and was orally argued on November 20, 2003. A decision should be forthcoming in the very near future.

Brown Water and ACBL invite this Court to follow *Magnolia Marine,* but do not mention that that case is currently pending before the Tenth Circuit. If the Tenth Circuit conducts a proper sovereign immunity analysis, it will reverse the *Magnolia Marine* decision.   Because the Limitation Act has effects that impermissibly intrude on the sovereignty of the State, it cannot be constitutionally be applied to the State of Oklahoma

---

*Petition of Magnolia Marine Transport Company v. the State of Oklahoma,"* and bears No. 03-7023 in the Tenth Circuit.  A copy of the docket sheet is attached as Exhibit 2.
[7]  A denial of sovereign immunity is subject to immediate appeal under the collateral order doctrine.  See *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

in the *Magnolia Marine* case, and it cannot constitutionally be applied to the State of Texas in this case.[8]

## The *Magnolia Marine* Case Does Not Involve any Counterclaims or Cross-Claims

As noted above, there are two issues presented by the State of Texas' motion to dismiss in this case. The first is the question of whether sovereign immunity bars application of the Limitation Act against the State. The second is whether the counterclaims/cross-claims that have been filed against the State by Brown Water and ACBL violate the State's sovereign immunity. While the *Magnolia Marine* case does address the first question, albeit incorrectly, it does not address the second question at all, for in the *Magnolia Marine* case, the petitioner-in-limitation never attempted to file any counterclaims or cross-claims against the State of Oklahoma. As the State of Texas pointed out in its original brief (Rec. Doc. No. 216 at pages 21-22) and in its reply brief (Rec. Doc. No. 222 at pages 11-16), the cross-claims and counterclaims filed by Brown Water and ACBL against the State in this case clearly violate the State's sovereign immunity and must be dismissed.

## CONCLUSION

The State's motion to dismiss presents issues of great constitutional significance. The cases that Brown Water and ACBL rely upon, particularly including the district court decision in *Magnolia Marine,* do not conduct a proper constitutional analysis.

---

[8]   The State of Oklahoma also appealed the denial of its motion to remand its state court case to the Tenth Circuit. As ACBL points out in footnote 2 of its supplemental brief, the Tenth Circuit upheld the district court's determination that the Eleventh Amendment does not bar removal of a lawsuit filed by a state. What ACBL fails to mention, however, is that the Tenth Circuit reversed the district court's denial of Oklahoma's remand motion, finding that the state's saved to suitors lawsuit asserting claims under Oklahoma and maritime law could not be removed to federal court under federal question jurisdiction. The

In *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999), the Supreme Court outlined the proper constitutional analysis, which involves a two-prong test for determining the applicability of a federal statute to a state. A federal statute cannot be constitutionally applied against a state unless either the statute was clearly intended to abrogate the states' sovereign immunity or the state has waived its sovereign immunity by consenting to suit. That test was not applied at all in *Magnolia Marine* or the other cases that Brown Water and ACBL rely upon in opposing the State's motion to dismiss. When the test is properly applied, it is clear that there has been no abrogation and no waiver, which means that application of the Limitation Act to the State violates the State's sovereign immunity. This is particularly true considering the many respects, as outlined in the State's original and reply briefs, in which applying the Limitation Act is an affront to the State's sovereign dignity. The Limitation Act cannot be constitutionally applied against the State of Texas. The State's motion to dismiss should be granted in its entirety.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY McBEE
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

GRADY CLICK
Assistant Attorney General
Chief, Transportation Division

---

case was remanded to the district court to determine if any other basis for federal removal jurisdiction exists.

_by permission of_

JACK F. GILBERT
Assistant Attorney General
Attorney-in-Charge
Texas Bar No. 00786946
Federal Bar No. 16701

And Assistant Attorneys General

MICHAEL RATLIFF
Texas Bar No. 16564300
MARGIE MANZANO CORBETT
Texas Bar No. 24001927
Federal Bar No. 22121
Office of the Attorney General
Transportation Division
P.O. Box 12548
Austin, TX 78711-2548
Phone: 512.463.2004
Fax:      512.472.3855

AND, OF COUNSEL,
ADAMS AND REESE LLP

DARYL G. DURSUM
Texas Bar No. 06287900
Federal Bar No. 6198
4400 One Houston Center
1221 McKinney
Houston, TX 77010
Phone: 713.652.5151
Fax:    713.652-5152

MARK J. SPANSEL (La. Bar No. 12314)
EDWIN C. LAIZER, APLC (La. Bar No 17014)
4500 One Shell Square
New Orleans, LA 70139
Phone: 504.581.3234
Fax:    504.566.0210
_Attorneys for the State Of Texas_

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record by placing same in the United States mail, postage prepaid and properly addressed, this **2nd** day of April 2004.

JACK F. GILBERT,

*by permission*

[ Home ]   [ PACER ]   [ Opinions ]                                             [ Help ]

# General Docket
## US Court of Appeals for the Tenth Circuit

Court of Appeals Docket #: 02-7139                          Filed: 11/5/02
Nsuit: 3890  Fed. question; other statutory
State of Oklahoma, et al v. Magnolia Marine, et al
Appeal from: United States District Court for the E. District of Oklahoma

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Case type information:
    1) civil
    2) private
    3)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Fee status: paid

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Prior cases:
    None
Current cases:
    None

Docket as of March 17, 2004 8:03 am                    Page 1

_____


02-7139  State of Oklahoma, et al v. Magnolia Marine, et al

STATE OF OKLAHOMA, ex rel.          Edward Clyde Kirk
    Plaintiff - Appellant           [COR LD NTC ret]
                                    Office of the Attorney General
                                    Litigation Division
                                    4545 N Lincoln Blvd.
                                    Suite 260
                                    Okalhoma City, OK 73105
                                    405/521-4274

                                    Gregory S. Eldridge
                                    [COR LD NTC ret]
                                    Oklahoma Attorney General
                                    4545 N. Lincoln Blvd
                                    Suite 260
                                    Oklahoma City, OK 73105

DREW EDMONDSON                      Edward Clyde Kirk
    Plaintiff - Appellant           (See above)
                                    [COR LD NTC ret]

                                    Gregory S. Eldridge
                                    (See above)
                                    [COR LD NTC ret]

    v.



```
MAGNOLIA MARINE TRANSPORT          Darrell W. Downs
COMPANY, a Mississippi             [COR LD NTC ret]
Corporation                        Sean Burrage
     Defendant - Appellee          [COR LD NTC ret]
                                   Taylor, Burrage, Foster,
                                   Singhal & Mallett
                                   400 W. Fourth Street
                                   P.O. Box 309
                                   Claremore, OK 74018
                                   918/343-4100

                                   Michael Burrage
                                   [COR LD NTC ret]
                                   First United Center
                                   P.O. Box 1727
                                   Durant, OK 74702-1727
                                   580/920-0700

                                   G. Ray Bratton
                                   [COR LD NTC ret]
                                   Gregory O'Neal
                                   [COR LD NTC ret]
                                   5100 Wheelis
                                   #106
                                   Memphis, TN 38117
                                   901/684-6100
```

Docket as of March 17, 2004 8:03 am                    Page 2

_____

02-7139  State of Oklahoma, et al v. Magnolia Marine, et al

```
                                   Edward D. Lamar
                                   [COR LD NTC ret]
                                   Joel J. Henderson
                                   [COR LD NTC ret]
                                   Frank J. Dantone, Jr.
                                   [COR LD NTC ret]
                                   P.O. Box 778
                                   Greenville, MS 38702-0778
                                   662/378-3400

                                   J. Kevin Watson
                                   [COR LD NTC ret]
                                   F. Keith Ball
                                   [COR LD NTC ret]
                                   Davis S. Humphreys
                                   [COR LD NTC ret]
                                   P.O. Box 23546
                                   Jackson, MS 39225-3546
                                   601/939-8900

                                   Michael M. Christovich
                                   Below Address Terminated on 10/23/03
                                   [COR LD NTC ret]
                                   Deutsch, Kerrigan & Stiles
                                   L.L.P.
```

```
                                 755 Magazine St.
                                 New Orleans, LA 70130
                                 504/581-5141

                                 Clinton D. Russell
                                 [COR NTC ret]
                                 Taylor, Burrage, Foster,
                                 Mallett, Downs & Ramsey
                                 P.O. Box 309
                                 Claremore, OK 74018

                                 Joseph E. Lee, III
                                 [COR LD NTC ret]
                                 Gieger, Laborde & Laperouse
                                 701 Poydras Street
                                 Suite 4800, One Shell Square
                                 New Orleans, LA 70139-4800
                                 713/968-6555

ERGON, INC., a Mississippi       Darrell W. Downs
Corporation                      (See above)
     Defendant - Appellee        [COR LD NTC ret]
                                 Sean Burrage
                                 (See above)
                                 [COR LD NTC ret]

                                 Michael Burrage
                                 (See above)
                                 [COR LD NTC ret]

Docket as of March 17, 2004 8:03 am              Page 3
```

---

```
02-7139  State of Oklahoma, et al v. Magnolia Marine, et al

                                 G. Ray Bratton
                                 (See above)
                                 [COR LD NTC ret]
                                 Gregory O'Neal
                                 (See above)
                                 [COR LD NTC ret]

                                 Edward D. Lamar
                                 (See above)
                                 [COR LD NTC ret]
                                 Joel J. Henderson
                                 (See above)
                                 [COR LD NTC ret]
                                 Frank J. Dantone, Jr.
                                 (See above)
                                 [COR LD NTC ret]

                                 J. Kevin Watson
                                 (See above)
                                 [COR LD NTC ret]
                                 F. Keith Ball
                                 (See above)
```

```
                                    [COR LD NTC ret]
                                    Davis S. Humphreys
                                    (See above)
                                    [COR LD NTC ret]

                                    Michael M. Christovich
                                    Below Address Terminated on 10/23/03
                                    (See above)
                                    [COR LD NTC ret]

                                    Clinton D. Russell
                                    (See above)
                                    [COR NTC ret]

                                    Joseph E. Lee, III
                                    (See above)
                                    [COR LD NTC ret]

WILLIAM JOE DEDMON                   Christopher Lee Abernathy
     Defendant - Appellee            [COR LD NTC ret]
                                    Norman & Wohlgemuth
                                    2900 Mid-Continent Tower
                                    Tulsa, OK 74103
                                    918/583-7571

                                    Joel L. Wohlgemuth
                                    [COR LD NTC ret]
                                    Norman, Wohlgemuth, Chandler &
                                    Dowdell
                                    2900 Mid-Continent Tower
                                    401 S. Boston Ave.

Docket as of March 17, 2004 8:03 am               Page 4
```

---

```
02-7139  State of Oklahoma, et al v. Magnolia Marine, et al

                                    Tulsa, OK 74103
                                    918/583-7571

Docket as of March 17, 2004 8:03 am               Page 5
```

---

```
02-7139  State of Oklahoma, et al v. Magnolia Marine, et al

STATE OF OKLAHOMA, ex rel.; DREW EDMONDSON,

                 Plaintiffs - Appellants,

v.

MAGNOLIA MARINE TRANSPORT COMPANY, a Mississippi
Corporation; ERGON, INC., a Mississippi Corporation; WILLIAM
JOE DEDMON,
```

Defendants - Appellees.

Docket as of March 17, 2004 8:03 am                    Page 6

_____

02-7139  State of Oklahoma, et al v. Magnolia Marine, et al

11/5/02              [1560759] Civil case docketed. Preliminary record filed.
                     DATE RECEIVED: 11/4/02. Transcript order form due 11/15/02
                     for Karla McWhorter pursuant to R.42.1. Docketing statement
                     due 11/15/02 for Drew Edmondson and State of Oklahoma.
                     Notice of appearance due 11/15/02 for William Joe Dedmon,
                     Ergon, Inc., Magnolia Marine, Drew Edmondson and State of
                     Oklahoma. (lg)

11/12/02             [1562507] Docketing statement filed by State of Oklahoma,
                     Drew Edmondson. Original and 4 copies. c/s: y. (oac)

11/12/02             [1562512] Notice of appearance filed by Edward Clyde Kirk
                     as attorney for State of Oklahoma, Drew Edmondson.  CERT.
                     OF INTERESTED PARTIES (y/n): y.  Deleted attorney Gregory
                     S. Eldridge. (oac)

11/12/02             [1562520] Notice received from Appellant State of
                     Oklahoma, Appellant Drew Edmondson  that a transcript is
                     not necessary for this appeal. Notice due that record is
                     complete 11/25/02. (oac)

11/12/02             [1562597] Notice of appearance filed by Christopher Lee
                     Abernathy, Joel L. Wohlgemuth as attorney for William Joe
                     Dedmon.  CERT. OF INTERESTED PARTIES (y/n): n (jet)

11/14/02             [1563959] Notice of appearance filed by Gregory S.
                     Eldridge as attorney for State of Oklahoma, Drew Edmondson.
                     CERT. OF INTERESTED PARTIES (y/n): n (jet)

11/15/02             [1563801] Filed notice record is complete 11/13/02.
                     Appellant's brief and appendix due 12/23/02 for Drew
                     Edmondson and State of Oklahoma. (lg)

11/15/02             [1564529] Notice of appearance filed by Sean Burrage and
                     Darrell W. Downs as attorneys for Magnolia Marine and
                     Ergon, Inc.. CERT. OF INTERESTED PARTIES (y/n): y. (das)

11/15/02             [1564538] Notice of appearance filed by Michael Burrage as
                     attorney for Magnolia Marine and Ergon, Inc.. CERT. OF
                     INTERESTED PARTIES (y/n): y. (das)

11/25/02             [1565938] Order filed by  PF (ktc)  considering this case
                     for summary disposition under 10 Cir. R. 27. BRIEFING ON THE
                     MERITS IS TOLLED PENDING FURTHER ORDER OF THE COURT.
                     Parties' simultaneous memorandum briefs due 12/26/02 for
                     William Joe Dedmon, for Ergon, Inc., for Magnolia Marine,
                     for Drew Edmondson, for State of Oklahoma.  Parties served
                     by mail. (oac)

11/25/02             [1566298] Amended Certificate of Interested parties  filed

by Appellee Magnolia Marine, Appellee Ergon, Inc. Original
and 3 copies. c/s: y. (oac)

Docket as of March 17, 2004 8:03 am                 Page 7

_____

02-7139 State of Oklahoma, et al v. Magnolia Marine, et al

12/26/02        [1574049] Appellees memorandum brief and appendix filed by
                Magnolia Marine, Ergon, Inc., William Joe Dedmon. Original
                and 7 copies. c/s: y. (oac)

12/26/02        [1574101] Appellants' memorandum brief filed by State of
                Oklahoma, Drew Edmondson. Original and 7 copies. c/s: y.
                (oac)

4/25/03         [1606990] Order filed by PF (ktc) - Jurisdictional issue
                and memorandum briefs [1565938-1] REFERRED TO PANEL ON THE
                MERITS. Appellants' brief and appendix due 6/4/03 for Drew
                Edmondson, for State of Oklahoma. Parties served by mail.
                (oac)

6/6/03          [1617960] Appellants' deficient brief filed by State of
                Oklahoma and Drew Edmondson. (Wrong color covers on brief
                and appendix and no orders attached) Corrected appellant's
                brief and appendix due 6/20/03 for Drew Edmondson and State
                of Oklahoma.    t (afw)

6/10/03         [1618913] Notice of appearance filed by Clinton D. Russell
                as attorney for Magnolia Marine, Ergon, Inc.. CERT. OF
                INTERESTED PARTIES (y/n): n. (jet)

6/12/03         [1619533] Appellant's brief filed by State of Oklahoma,
                Drew Edmondson. Original and 7 copies. c/s: y. Served on
                6/10/03. Oral argument? n. Appendix filed. Original and 1
                appendix copy. Appendix Pages: 60. Appellee's brief due
                7/14/03 for William Joe Dedmon, for Ergon, Inc., for
                Magnolia Marine. (bjv)

7/15/03         [1627536] Appellee's brief filed by Magnolia Marine, Ergon,
                Inc., and William Joe Dedmon. Original and 7 copies. c/s:
                y. Served on 7/14/03. Oral Argument? no, Appendix filed.
                Original and 7 appendix copies. Appendix Pages: 12.
                Appellant's optional reply brief due 7/31/03 for Drew
                Edmondson and for State of Oklahoma. (lg)

8/1/03          [1632287] Appellant's reply brief filed by State of
                Oklahoma, Drew Edmondson. Original and 7 copies. c/s: y.
                (oac)

11/14/03        [1662115] Notice of appearance filed by Michael M.
                Christovich as attorney for Magnolia Marine. CERT. OF
                INTERESTED PARTIES (y/n): y. (jet)

12/3/03         [1666191] Case submitted to panel on the briefs  pursuant
                to Rule 34 for Conference Calendar. (hrs)

2/24/04            [1688173]  Terminated on the Merits after Submission
                   Without Oral Hearing; Affirmed (in part) and Reversed (in
                   part); Remanded. Written, Signed, Published. McConnell;
                   Anderson, authoring judge; Baldock. [02-7139] Parties
                   served by mail on 2/24/03. (oac)

Docket as of March 17, 2004 8:03 am                    Page 8

_____

02-7139  State of Oklahoma, et al v. Magnolia Marine, et al

3/17/04            [1693900] Mandate issued to district court. Mandate receipt
                   due 4/16/04. (afw)

Docket as of March 17, 2004 8:03 am                    Page 9

_____

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 04/02/2004 15:37:43 | | |
| PACER Login: | ar0789 | Client Code: | 7225-1 |
| Description: | dkt report | Case Number: | 02-7139 |
| Billable Pages: | 9 | Cost: | 0.63 |

■ Home    ■ PACER    ■ Opinions                                    ■ Help

# General Docket
## US Court of Appeals for the Tenth Circuit

```
Court of Appeals Docket #: 03-7023                    Filed: 2/19/03
Nsuit: 3890  Fed. question; other statutory
State of Oklahoma, et al v. Magnolia Marine
Appeal from: United States District Court for the E. District of Oklahoma

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Case type information:
     1) civil
     2) private
     3)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Fee status: paid

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Prior cases:
    None
Current cases:
          Lead        Member       Start        End
     Companion:
          03- 7023    03- 7101     9/25/03
          03- 7023    03- 7104     10/1/03

Docket as of December 17, 2003 2:03 pm              Page 1
```

---

```
03-7023  State of Oklahoma, et al v. Magnolia Marine

MAGNOLIA MARINE TRANSPORT         Darrell W. Downs
COMPANY, as owner of the          [COR LD NTC ret]
Robert Y. Love, its Engines,      Sean Burrage
Tackle, etc., in a cause of       [COR NTC ret]
exoneration from or limitation    Taylor, Burrage, Foster,
of liability                      Singhal & Mallett
     Petitioner - Appellee        400 W. Fourth Street
                                  P.O. Box 309
                                  Claremore, OK 74018
                                  918/343-4100

                                  Michael Burrage
                                  [COR NTC ret]
                                  First United Center
                                  P.O. Box 1727
                                  Durant, OK 74702-1727
                                  580/920-0700

                                  J. Kevin Watson
                                  [COR NTC ret]
                                  F. Keith Ball
                                  [COR NTC ret]
                                  David S. Humphreys
```



[COR NTC ret]
P.O. Box 23546
Jackson, MS 39225-3546
601/939-8900

Michael M. Christovich
Below Address Terminated on 10/23/03
[COR NTC ret]
Deutsch, Kerrigan & Stiles
L.L.P.
755 Magazine St.
New Orleans, LA 70130
504/581-5141

Clinton D. Russell
[COR NTC ret]
Taylor, Burrage, Foster,
Mallett, Downs & Ramsey
P.O. Box 309
Claremore, OK 74018

Joseph E. Lee, III
[COR NTC ret]
Gieger, Laborde & Laperouse
701 Poydras Street
Suite 4800, One Shell Square
New Orleans, LA 70139-4800
713/968-6555

------------------------

Docket as of December 17, 2003 2:03 pm                Page 2

----------------------------------------------------------------

03-7023  State of Oklahoma, et al v. Magnolia Marine

STATE OF OKLAHOMA              Edward Clyde Kirk
     Movant - Appellant        [COR LD NTC ret]
                               Office of the Attorney General
                               Litigation Division
                               4545 N Lincoln Blvd.
                               Suite 260
                               Okalhoma City, OK 73105
                               405/521-4274

                               Gregory S. Eldridge
                               [COR NTC ret]
                               Oklahoma Attorney General
                               4545 N. Lincoln Blvd
                               Suite 260
                               Oklahoma City, OK 73105

Docket as of December 17, 2003 2:03 pm                Page 3

----------------------------------------------------------------

03-7023  State of Oklahoma, et al v. Magnolia Marine

MAGNOLIA MARINE TRANSPORT COMPANY, as owner of the Robert Y.
Love, its Engines, Tackle, etc., in a cause of exoneration
from or limitation of liability,

                    Petitioner - Appellee,

------------------------

STATE OF OKLAHOMA,

               Movant - Appellant.

Docket as of December 17, 2003 2:03 pm              Page 4

_____


03-7023  State of Oklahoma, et al v. Magnolia Marine

| | |
|---|---|
| 2/19/03 | [1588933] Civil case docketed.  Preliminary record filed. DATE RECEIVED: 2/13/03. Transcript order form, and docketing statement due 3/3/03 for State of Oklahoma. Notice of appearance due 3/3/03 for Magnolia Marine, for State of Oklahoma. (oac) [03-7023] |
| 2/24/03 | [1590269] Notice of appearance filed by Edward Clyde Kirk as attorney for State of Oklahoma. CERT. OF INTERESTED PARTIES (y/n): y. (lg) [03-7023] |
| 2/24/03 | [1590274] Notice received from Appellant State of Oklahoma that a transcript is not necessary for this appeal. Notice due that record is complete 3/3/03 for James H. Payne. (lg) [03-7023] |
| 2/24/03 | [1590275] Docketing statement filed by State of Oklahoma. Original and 4 copies  c/s: y. (lg) [03-7023] |
| 3/3/03 | [1592496] Filed notice record is complete 2/25/03. Appellant's brief and appendix due 4/7/03 for State of Oklahoma. (lg) [03-7023] |
| 3/6/03 | [1593420] Notice of appearance filed by Clinton D. Russell, Sean Burrage, Darrell W. Downs as attorneys for Magnolia Marine.  CERT. OF INTERESTED PARTIES (y/n): y (jet) [03-7023] |
| 3/6/03 | [1593610] Notice of appearance filed by Michael Burrage as attorney for Magnolia Marine.  CERT. OF INTERESTED PARTIES (y/n): y (jet) [03-7023] |
| 3/18/03 | [1596745] Notice of appearance filed by Gregory S. Eldridge as attorney for State of Oklahoma. CERT. OF INTERESTED PARTIES (y/n): n. (lg) [03-7023] |
| 3/18/03 | [1596748] Appellant's brief filed by State of Oklahoma. Original and 7 copies. c/s: y. Served on 3/14/03. Oral argument? yes., Appendix filed. Original and 2 appendix |

copies. Appendix Pages: 260. Appellee's brief due 4/16/03 for Magnolia Marine (lg) [03-7023]

4/9/03     [1602559] Appellee's motion to extend time to file appellee's brief until 5/1/03 filed by Magnolia Marine. Original and 3 copies. c/s: y. (oac) [03-7023]

4/9/03     [1602561] Order filed by PF granting Appellee's motion to extend time to file eres brief [1602559-1] until 5/1/03 for Magnolia Marine. Parties served by mail. (oac) [03-7023]

Docket as of December 17, 2003 2:03 pm         Page 5

---

03-7023   State of Oklahoma, et al v. Magnolia Marine

5/5/03     [1609318] Appellee's brief filed by Magnolia Marine. Original and 7 copies. c/s: y. Served on 5/1/03. Oral Argument? yes, Supplemental Appendix filed. Original and 5 appendix copies. Appendix Pages: 5. Appellant's optional reply brief due 5/19/03 for State of Oklahoma (lg) [03-7023]

5/15/03     [1612223] Appellant's reply brief filed by State of Oklahoma. Original and 7 copies. c/s: y. (as) [03-7023]

8/8/03     [1634080] Hearing set for November, 2003 Session, at Denver, Colorado. (ss) [01-7154 02-1473 02-9546 02-9588 03-7023 03-7029]

9/8/03     [1644574] Appellant's motion to for stay of the district court proceedings pending appeal [03-7023] filed by State of Oklahoma and submitted to court. (hrs) [03-7023]

9/15/03     [1646548] Response filed by Magnolia Marine to the State of Oklahoma's motion for stay and submitted to court. Original and 3 copies. c/s: y (hrs) [03-7023]

9/18/03     [1647618] Reply filed by State of Oklahoma to the appellee's response to the motion for stay and submitted to court. Original and 7 copies. c/s: y (hrs) [03-7023]

9/24/03     [1649097] Order filed by PF - Denying Appellant State of Oklahoma's motion to stay proceedings pending appeal. Parties served by mail. (ss) [03-7023]

11/14/03     [1662116] Notice of appearance filed by Michael M. Christovich in 03-7023 as attorney for Magnolia Marine in 03-7023. CERT. OF INTERESTED PARTIES (y/n): y. (jet) [03-7023]

11/20/03     [1663765] Case argued by Gregory S. Eldridge for the appellant; Michael Burrage for the appellee, and submitted to Judges Seymour, McKay, O'Brien. (hrs) [03-7023]

Docket as of December 17, 2003 2:03 pm              Page 6

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 04/02/2004 15:37:14 | | | |
| PACER Login: | ar0789 | Client Code: | 7225-1 |
| Description: | dkt report | Case Number: | 03-7023 |
| Billable Pages: | 6 | Cost: | 0.42 |