United States District Court
Southern District of Texas
ENTERED

SEP 2 2 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE INC., AS BAREBOAT CHARTERERS, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § | CIVIL ACTION NO. B-01-157<br><br>Consolidated with |
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC AS OWNER and AMERICAN COMMERCIAL BARGE LINE LLC AS CHARTERER OF THE BARGES NM-315, VLB-912, ACL-9993B, VLB-9173, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | § § § § § § § § | CIVIL ACTION NO. B-02-004<br><br>and |
| IN THE MATTER OF DEERE CREDIT, INC., (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315, AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. B-02-125<br><br><br><br>admiralty |

**ORDER**

BE IT REMEMBERED that on September 22, 2004, this Court considered "Petitioners Brown Water Marine Service, Inc. and Brown Water Towing I, Inc.'s Motion For Summary Judgment On Claims Asserted By Certain Claimants Who Sustained No

Physical Injury Or Impact" [Dkt. No. 184]. For the following reasons, the Motion is hereby **DENIED**.

I.   **BACKGROUND**

Currently before the Court is Petitioners Brown Water Marine Service, Inc. and Brown Water Towing I, Inc.'s ("Brown Water") Motion for Summary Judgment against Rolando Lee Moya, Alberta Leroy Moya, Antonio Salinas, Jr., and Roberto Espericueta (collectively "Claimants") in the above styled action. In factual support of its Motion, Brown Water provides the Claimants' answers to specific interrogatories received during discovery. These answers, which are identical for each Claimant, are not in dispute. Therefore, for the purposes of this Motion, the relevant facts are as follows.

In the early morning hours of September 15, 2001, the Brown Water V, a tugboat owned by Brown Water, coupled with a number of pushing barges,[1] allided with a span of the Queen Isabella Causeway. The impact, which caused a portion of the span to collapse, drew the attention of the Claimants who were fishing in a nearby boat. After witnessing a car fall through the gap into the channel, the Claimants resolved to offer assistance to any survivors. As they approached the Causeway, they watched as more cars dropped into the channel. When the Claimants arrived at the scene, they heard a second blow to the Causeway. This additional impact caused another portion of the Causeway to fall almost directly on the Claimants' boat. Although the debris missed the Claimants, their boat was violently rocked and nearly overturned by the ensuing wake.

Despite the danger, the Claimants remained and participated in the rescue effort - saving at least three people. During the rescue, the Claimants' boat was struck numerous times by Causeway debris floating down the channel. These impacts were severe enough to knock the Claimants down. Furthermore, live electrical wires exposed by the allision protruded into the water near the Claimants. The Claimants sought and received aid from

---

[1] The barges are owned by additional petitioners in the above styled case. However, because Brown Water filed this Motion alone, the additional petitioners are omitted.

the EMT units on the scene. Thereafter, they sought professional mental[2] and ministerial assistance.[3]

On September 15, 2001, Brown Water filed its cause of Exoneration from or Limitation of Liability, Civil and Maritime in this Court [Dkt. No. 1]. Brown Water disclaims any negligence in the operation and maintenance of the vessels. It asserts that it is entitled to exoneration from or limitation of liability under Sections 4282 to 4289, inclusive of the Revised Statutes of the United States, Rule F of the Supplementary Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and any and all Acts of Congress that may apply.

To this end, Brown Water filed Letters of Undertaking which set the value of its interest in the vessels [see Dkt. No. 3]. Thereafter, on September 24, 2001, the Court issued an Order Directing all Claimants to File and Make Proof of Claims, Directing the Issuance of Monition and Restraining Prosecution of Claims [Dkt. No. 13]. Essentially, this Order required that all potential claimants file their claims in this Court by March 14, 2002. Brown Water was also required to publish notice in the Brownsville Herald and Valley Morning Star once a week for four successive weeks before March 14, 2002.

On March 13, 2002, the subject Claimants of this Motion filed their claims [Dkt. No. 97] arguing that Brown Water's negligence entitles them to damages for physical injuries and mental anguish.

## II. Analysis

A Summary Judgment Motion is properly granted when, "viewing the evidence in the light most favorable to the nonmoving party, the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Foster Wheeler Energy Corp. v. An Ning Jiang MV, 2004 WL 1905297, at * 3 (5th

---

[2] All the Claimants were diagnosed with Post Traumatic Stress Syndrome.

[3] The Claimants waved flares in an attempt to warn the other motorists on the Causeway of the gap. These flares burned the Claimants' hands. Because the Court can decide this Motion without determining whether these injuries are actionable, they are omitted from the analysis.

Cir. 2004) (quoting Fed. R. Civ. Proc. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). Since both parties refer to the Claimants' identical interrogatory answers, there is no genuine issue of material fact and the Court may determine whether Brown Water, as a matter of law, is entitled to summary judgment.

Absent a statute, a federal court sitting in admiralty applies general maritime law. East River S.S. Corp. v. Transamerica Delaval, Inc., 476. U.S. 858, 864 (1986). As this Court sits within the Fifth Circuit, we look to that Court's precedent in admiralty to determine the applicable standard to the foregoing facts. This Court concludes that the most on point decision is Gough v. Nat'l Gas Pipeline Co. of Am., 996 F.2d 763 (5th Cir. 1993).

In Gough, the captain of a fishing vessel was forced to jump overboard after his vessel struck a natural gas pipeline causing an explosion. Gough, 996 F.2d at 764. The captain sought damages against the pipeline's owner for emotional distress associated with post traumatic stress disorder and his slight physical injuries. Id. at 765. The Fifth Circuit held that "[b]eyond question, purely emotional injuries will be compensated when maritime plaintiffs satisfy the 'physical injury or impact rule.'" Id. (quoting Plaisance, 966 F.2d 168-69). The Court noted that the captain's "physical injuries had little compensable value." Id. Nonetheless, the Court stated that a ruling against the captain would "understate[] the evidence of [the captain's] injuries and the nature of his experience." See id. The Fifth Circuit concluded that the following facts collectively satisfied the impact requirement: the captain's location in the boat pilot house when the ship collided with the pipeline; the captain's feeling the explosion's heat; the captain having to jump overboard to escape the ensuing fire; the captain's inhalation of the fire's fumes; the captain's ingestion of salt water; and the captain's multiple contusions and minor burns. Id. at 766.

Brown Water argues that the Claimants did not suffer a physical impact and that the injuries incurred were merely trivial. The Court disagrees and concludes that the facts of the present case satisfy the impact rule. Specifically, the Claimants' boat was nearly struck with falling debris from the second Causeway allision; the ensuing wake from the falling debris nearly capsized the Claimants' boat causing its occupants to be violently tossed about; the Claimants were again knocked down when floating debris from the Causeway

4

collided with their boat; the Claimants were exposed to live electrical wires in the water; the Claimants suffered bumps and bruises that needed EMT attention; and finally, the experience led to the diagnosis of post traumatic stress syndrome in each of the Claimants. Although no piece of the Causeway directly struck the Claimants, the experience of the Claimants is similar to that of the captain in Gough. Therefore, this Court finds that the Claimants' causes of action, as a matter of law, satisfy the impact test.

In further support of their argument, Brown Water cites to Ainsworth v. Penrod Drilling Corp., 972 F.2d 546 (5th Cir. 1992) and Plaisance v. Texaco, Inc., 966 F.2d 166 (5th Cir. 1992). However, the Court finds these cases easily distinguishable. In Ainsworth, the plaintiff sued for "fright, fear, and mental anguish," after he witnessed a helicopter crash and explode on the deck of a rig. Ainsworth, 972 F.2d at 547. The plaintiff, however, suffered absolutely no physical contact or impact. Id. This is contrary to the present case. Rather than merely witnessing the Causeway collapse, the Claimants' proximity to the Causeway led to the physical injuries, however slight, and which are not disputed, as well as to emotional distress.

Brown Water's dependence on Plaisance is also misplaced. There, a tugboat captain sued for emotional distress after his tugboat struck a natural gas pipeline that resulted in an explosion. Plaisance, 966 F.2d at 168. The Court, in denying the captain's claim, found persuasive the fact that the captain's tugboat was not damaged and that the captain was never placed in danger. Id. Here, as noted earlier, the Claimants were placed in extreme danger by the actions of Brown Water.[4]

Importantly, as the Claimants point out, it is unclear whether the impact rule outlined in Gough and preceding cases is still viable law after the Supreme Court's decision in Consolidated Rail Corp. v. Gottshall, 512 U.S. 532 (1994). In Gottshall, the Supreme Court employed a "zone of danger" test, which permits recovery by those whom not only sustain

---

[4]Arguably, the Claimants' injuries were a result of their own effort to assist the motorists. It is, however, axiomatic that when an actor's negligent conduct results in hazardous conditions wherefrom injury results, the actor is responsible not only to the victim, but also to the rescuer. See Complaint of Garda Marine, Inc., 1992 WL 321213, at *10 (S.D. Fla. 1992).

a physical impact, but also those placed in immediate harm of a physical impact. Gottshall, 512 U.S. at 554-57.[5] This test,[6] however, is less demanding than the impact rule and would be easily met in the present case. Nonetheless, because the Claimants' suits satisfy the impact rule, this Court will exercise its discretion and not decide whether Gottshall overruled the Fifth Circuit's decision in Gough.

## III.     Conclusion

The Court finds that Brown Water has failed to carry its burden and demonstrate that, as a matter of law, the Claimants are precluded from recovering for their injuries. Therefore, Brown Water's Motion for Summary Judgment is hereby **DENIED**.

DONE at Brownsville, Texas, this _22_ day of September, 2004.

_____
Hilda G. Tagle
United States District Judge

---

[5]Worthy of note is that the Gottshall case involved the Federal Employees Liability Act ("FELA"). Although FELA is not an admiralty statute, the Jones Act, which is an admiralty statute, "incorporates the liability and causation concepts of FELA and case law thereunder, and rules followed in Jones Act cases are instructive in general maritime law cases." In re Complaint of Clearsky Shipping Corp., 1998 WL 560347, at *2 (E.D. La. 1998).

[6]Following the Gottshall decision, a number of district court cases sitting in admiralty have held that the impact rule is no longer viable and that the appropriate analysis is the "zone of danger" rule. See e.g., In re Complaint of Clearsky Shipping Corp., 1998 WL 560347 (E.D. La. 1998); Hutton v. Norwegian Cruise Line Ltd., 144 F. Supp. 2d 1325 (S.D. Fla. 2001).