United States District Court
Southern District of Texas
ENTERED

OCT 2 5 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE INC., AS BAREBOAT CHARTERERS, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § | CIVIL ACTION NO. B-01-157  Consolidated with |
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC AS OWNER and AMERICAN COMMERCIAL BARGE LINE LLC AS CHARTERER OF THE BARGES NM-315, VLB-912, ACL-9993B, VLB-9173, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | § § § § § § § § | CIVIL ACTION NO. B-02-004  and |
| IN THE MATTER OF DEERE CREDIT, INC., (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315, AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. B-02-125  admiralty |

## ORDER

BE IT REMEMBERED that on October 22, 2004, the Court considered "Petitioners Brown Water Marine Service, Inc. and Brown Water Towing I, Inc.'s Motion for Leave to Assert Third-Party Complaint Against A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc." [Dkt. No. 246] and "Petitioners' and Claimants' American Commercial Lines, LLC,

American Commercial Barge Line, LLC, and Petitioners' Deere Credit Inc., State Street Bank and Trust Company of Connecticut, and General Electric Capital Corporations's Motion for Leave to Assert Third-Party Complaint Against A.G. Hill Power, Inc., a/k/a JHB Enterprises, Inc." [Dkt. No. 247].

Actions in admiralty sometimes utilize different procedural rules than civil cases. For instance, in admiralty third-party practice, a defendant may implead a third-party defendant who can be automatically and directly liable to the plaintiff. See Fed.R.Civ.Pro 14(c). Conversely, in civil cases, this relationship between the plaintiff and third-party defendant does not automatically arise. See Fed.R.Civ.Pro 14(a); see also In re The Matter of Central Gulf Lines, Inc., 204 F.R.D. 87, 92 (E.D.La. 2001); 6 WRIGHT, MILLER, & KANE, FEDERAL PRACTICE & PROCEDURE CIVIL 2D, at § 1465 (West 1990). The Court cautions the parties to pay closer attention to the applicable procedural rules in a limitation proceeding. The fact of the matter is that a limitation proceeding is in no way procedurally ordinary. Nonetheless, throughout this litigation, parties have consistently failed to cite authority when motioning the Court.

In the motion before the Court, the movants request leave to file a third-party complaint, but provide no legal basis for such action. The Court, on its own cognizance, found authority to grant such a motion - but not in the Federal Rules of Civil Procedure or the Supplemental Rules for Certain Admiralty and Maritime Claims. Rather, seeing that such action is not expressly provided for in these rules, the Court found its authority in case law. See In the Matter of Mcaninch, 392 F. Supp. 96, 97 (D.C.Tex. 1975); see also 6 WRIGHT ET AL., supra, at § 1465.

Therefore, all parties are **ORDERED** to cite specific procedural rules or appropriate case law when motioning the Court in all future filings.

The motions before the Court [Dkt. No. 246 & 247] are hereby **GRANTED**.

DONE at Brownsville, Texas, this 22 day of October, 2004.

Hilda G. Tagle
United States District Judge