**BEHAVIORAL MEDICINE CONSULTANTS**
CLINICAL PSYCHOLOGY • NEUROPSYCHOLOGY • REHABILITATION
OCCUPATIONAL PSYCHOLOGY • HEALTH PSYCHOLOGY

Francisco I. Perez, Ph.D., ABPP/ABCN
Diplomat in Clinical Neuropsychology
American Board of Professional Psychology

6560 Fannin, Suite 1224, Houston, Texas 77030
(713)790-1225, Fax (713)790-1932
fperez3@sbcglobal.net

November 14, 2002

Christopher Lowrance
Royston, Rayzor, Vickery & Williams
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas 78476

Fax: 361 884 7261

      Re: Brown Water Towing. Cause # B-01-157 in the US District Court, Southern District of
         Texas; Brownsville Division.

Dear Mr. Lowrance:

At your request I have reviewed an extensive set of records related to the Brown Water
Towing litigation. You asked me to review the records and render opinions within my area
of expertise as a clinical psychologist and neuropsychologist. My opinions at this time
should be considered preliminary. I would like to have the opportunity to examine each
plaintiff addressing the individual specific complaints for each of them. I will address my
opinions regarding each plaintiff in this report.

For Gustavo Morales I have reviewed the following records:

- Answers to Interrogatories.
- Valley Regional Medical Center
- Columbia Valley Medical Center
- Dr. Feltoon neuropsychological evaluation
- Gustavo Morales deposition

On 9/15/01 Mr. Morales was involved in an accident crossing the Isabella Causeway. He
fell in his vehicle about 50-75 ft. into the Laguna Madre bay. He was treated at Valley
Regional Medical Center. His Clasgow Coma Scale (GCS) was 15. No loss of
consciousness (LOC) was reported. A minor head injury was noted but no diagnostic
studies were undertaken. No documentation for subsequent psychological or neurological
treatment was reported. His attorney refers him to Dr. Feltoon, a psychologist. Dr.
Feltoon performs a psychological evaluation on 9/26/01. It is my opinion that Dr.

Feltoon's evaluation is inadequate and does not meet the clinical and scientific criteria necessary to establish a differential diagnosis. It is likely that at the time of Dr. Feltoon's initial evaluation Mr. Morales was experiencing an acute stress reaction. However, this condition improves with time and at this moment we have no objective evidence as to Mr. Morales current psychological condition. Dr. Feltoon conducts a neuropsychological evaluation on 10/8/01. It is my opinion that this evaluation does not consider Mr. Morales lifelong abilities including the

fact that Spanish is his primary language. There is no evidence to support Dr. Feltoon's opinion that Mr. Morales suffers from a cognitive disorder due to head trauma. Dr. Feltoon's neuropsychological evaluation does not follow accepted scientific and clinical psychological protocol necessary to establish neurocognitive impairment. The testing administered is inadequate. No baseline assessment was conducted necessary to establish an individual comparison standard.

For Rene Mata I have reviewed the following records:

- Answers to Interrogatories
- South Texas ER Care Foundation
- Valley Baptist Medical Center
- Dr. Lopez/ Cardiovascular Associates
- Brownsville Neurosurgical Institute
- Dr. Cartwright/ Valley Ortho Surgery
- Valley Comprehensive Pain Management Center
- Rene Mata's deposition of 5/21/04
- Radiology report of CT scan of the brain of 9/15/01

On 9/15/01 Mr. Mata was involved in an accident crossing the Isabella Causeway. He fell in his vehicle approximately 200 ft. into the Laguna Madre bay. He was found to smell "heavy of ETHO" by the rescuers. At the scene his GCS was 15. He was treated at Valley Medical Center from 9/15/01 to 9/21/01. The CT scan of the brain was reported to be normal. No LOC was reported. He was diagnosed as having a closed head injury, L-fibular head fracture, C7 fracture, abrasions, T4 compression fx, L-knee injury, bilateral ankle pain, L-talar dome and neck fx. Dr. Cartwrigth has followed him for his orthopedic injuries. He has received treatment at the Valley Comprehensive Management Center. The last documented visit was on 3/22/ 02. Substance abuse is documented as well as multiple psychosocial problems. He was diagnosed with Post Traumatic Stress Disorder (PTSD). It is likely that he did suffer an acute stress disorder. At this time we have no objective documentation regarding Mr. Mata's current psychological condition. Given the multiple psychosocial factors present in this case a detailed psychological assessment is necessary in order to parcel out objectively his psychological complaints. Mr. Mata stopped his treatment and the records do not document further psychological treatment. It is my opinion that there is no evidence to support lasting neuropsychological deficits from his initial head injury. It is my opinion that Mr. Mata most likely suffered from an acute stress reaction for which he received appropriate treatment. At this time we have no objective evidence documenting Mr. Mata's psychological state.

For Brigette Goza I have reviewed the following records:

- Answers to Interrogatories
- Walmart Pharmacy
- Los Fresnos Family Health Care Center
- Valley Regional Medical Center
- Randle Thompson/Bienestar Counseling Center
- Dr. Feltoon's evaluation and raw testing data
- Island Family Practice
- Bridgette Marie Goza's deposition – 5/28/04

On 9/15/01 Ms. Goza was involved in an accident while crossing the Isabella Causeway. She fell in her vehicle about 80 ft. into the Laguna Madre bay. She was treated at the Valley Regional Medical Center in the emergency room and was released. Her GCS was 15 and no LOC was reported. She was being treated for depression and was taking Prozac. Dr. Feltoon evaluated Ms. Goza on 12/29/01. It is my opinion that Dr. Feltoon's evaluation does not meet the scientific and clinical criteria to establish a differential diagnosis. It is my opinion that Ms. Goza most likely experienced an acute stress reaction at the time of the accident. She was treated at the Randle Thompson/Bienestar Counseling Center from 11/19/01 for seven visits and the last documented visit was on 3/25/02. There is a history of substance abuse and pre-existing depression. She saw Dr. Owens who prescribed Ativan. I need Dr. Owens records as well as any updated records from Randall Thompson. It is my opinion that at this time there is no objective documentation regarding Ms. Goza's psychological state.

For Albert Moya I have reviewed the following records:

- Answers to interrogatories
- Texas Department of Public Safety statement of 9/15/01
- Records from psychiatrist Dr. Irigoyen
- Albert Moya's deposition of 4/24/04

On 9/15/01 Mr. Moya was in a boat that helped rescue that fell in the water from the collapse of the Isabella Causeway Bridge. He claims to have saved 3 people that fell in the water. No treatment for this incident is documented. He was seen by psychiatrist Dr. Irigoyen on 4/30/02 at the request of his attorney. Dr. Irigoyen diagnosed PTSD acute. This diagnosis does not meet scientific or clinical criteria. Clearly the incident he witnessed was stressful. However, rescuers usually do not experience lasting psychological effects. At this time there is no objective documentation regarding Mr. Moya's psychological state.

For Robert Espericueta I have reviewed the following records:

- Answers to Interrogatories
- Texas Department of Public Safety statement of 9/15/01
- Records of psychiatrist Dr. Irigoyen
- Mr. Espericueta deposition of 4/24/04

On 9/15/01 Mr. Espericueta was in a boat that helped rescue the people that fell in the water after the collapse of the Isabella Causeway Bridge. He claims to have saved 3 people. He was in the boat with Roland Moya and Albert Moya. There is no documentation of any treatment he has received as a consequence of this incident. He was evaluated at the request f his attorney by Dr. Irigoyen on 4/30/02. It is my opinion that Dr. Irigoyen's evaluation does not meet the scientific and clinical criteria to establish a differential diagnosis. Dr. Irigoyen diagnosed Mr. Espericueta with PTSD acute. This diagnosis, in my opinion does not conform with established clinical criteria. At this time there is no objective documentation regarding Mr. Espericueta psychological state.

For Antonio Salinas I have reviewed the following records

- Deposition of Antonio Salinas taken on 4/24/04

Mr. Salinas relates in his deposition that Dr. Irigoyen evaluated him. I have no documentation of such an evaluation. No treatment has been documented. There is no objective evidence documenting Mr. Salina's psychological condition at this time.

For Rolando Lee Moya I have reviewed the following records:

- Answers to Interrogatories
- Dr Irigoyen's medical records
- Rolando Moya's deposition taken on 4/24/04

On 9/15/01 Mr. Rolando Moya was in a boat that helped rescue the people that fell on the water after the collapse of the Isabella Causeway Bridge. He claims to have saved 3 people. There is no documentation of treatment received for this incident. Dr. Irigoyen evaluated him on 4/29/02 at the request of his attorney. Mr Moya claims in his deposition that he saw Dr. Irigoyen on 3 occasions. I have documentation of one visit. I need the updated records from Dr. Irigoyen. It is my opinion that Dr. Irigoyen's assessment does not meet the clinical nor scientific criteria to establish a differential diagnosis. The diagnosis of PTSD acute given by Dr. Irigoyen does not meet accepted clinical criteria. At this time there is no objective documentation regarding Mr. Moya's psychological state.

According to the information provided by Mr. Moya in his deposition that are many other psychosocial stressors impacting his psychological well being at this time.

My opinions at this time are based on record review. I would like to review the school and employment records for each plaintiff as well as any background records. These records provide me with objective documentation regarding the behavioral functioning of each plaintiff. Pre-event records provide a baseline for comparison purposes. I also request the opportunity to evaluate each plaintiff following accepted psychological protocol. This is important since at this time we have no objective documentation of lasting psychological injuries for each of the plaintiffs.

If you have any questions do not hesitate to contact me.

Sincerely,

Francisco I. Perez, Ph.D., ABPP