United States District Court
Southern District of Texas
ENTERED

DEC 0 3 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE INC., AS BAREBOAT CHARTERERS, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO. B-01-157<br><br>Consolidated with |
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC AS OWNER and AMERICAN COMMERCIAL BARGE LINE LLC AS CHARTERER OF THE BARGES NM-315, VLB-912, ACL-9993B, VLB-9173, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION NO. B-02-004<br><br>and |
| IN THE MATTER OF DEERE CREDIT, INC., (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315, AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION NO. B-02-125<br><br>admiralty |

## ORDER

BE IT REMEMBERED that on December 2, 2004, the Court considered third party defendant Cameron County's motion for continuance and/or motion to sever [Dkt. No. 286]. Petitioner's Brown Water Towing I, Inc. and Brown Water Marine Service, Inc.

1

(collectively as "Brown Water") has filed a response to Cameron County's motion [Dkt. No. 297]. For the following reasons, Cameron County's motion is **GRANTED IN PART AND DENIED IN PART**.

I.    **Introduction**

In the early morning hours of September 15, 2001, a tugboat and four pushing barges all owned by petitioners allided with a span of the Queen Isabella Causeway. A portion of the span collapsed and several individuals were killed or injured when the vehicles they occupied fell into the channel. Subsequently, petitioners filed their causes of Exoneration from or Limitation of Liability, disclaiming any negligence in the operation and maintenance of the vessels.

On September 6, and December 10, 2002, petitioners Brown Water and American Commercial Lines, respectively, motioned this Court for leave to assert a third party complaint against Cameron County, Texas [Dkt. Nos. 208 & 215]. The contribution claims allege that Cameron County's failure to adequately maintain the Causeway's navigational and street lights renders Cameron County at least partially at fault for the sustained damages.

Upon suggestion of bankruptcy, this case was stayed from March 31, 2003 [Dkt. No. 228], until February 18, 2004 [Dkt. No. 242]. The motions for leave were subsequently granted on September 13, 2004 [Dkt. Nos. 260 & 261]. Finally, on September 24, 2004 [Dkt. No. 269] and October 1, 2004 [Dkt. No. 275], Brown Water and American Commercial Lines, respectively, filed their third party complaints against Cameron County with this Court.

II.   **Motion to Continue**

Initially, Cameron County requests a continuance of the above styled case. A district court's decision to continue a case is reviewed under an abuse of discretion standard. Perkins v. Am. Elec. Power Fuel supply, Inc., 246 F.3d 593, 604 (6th Cir. 2001) (admiralty). On September 13, 2004, this Court allowed the addition of Cameron County as a third party defendant [Dkt. Nos. 260 & 261]. This case, however, has been pending for over three years, concerns numerous parties, involves considerable discovery, and has developed into a complex litigation. Additionally, as noted in this Court's previous Order

dated October 25, 2004 [Dkt. No. 285], limitations proceedings are anything but ordinary and sometimes employ variant procedural rules. See also Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 446 (2001) (stating that admiralty and maritime law has created its own special rights and procedures). Lastly, this case is set for jury selection on February 7, 2005. Due to its complexity and Cameron County's recent joinder, this Court agrees that this case should be continued.

The Court notes, however, that Cameron County does not request a continuance for a specific amount of time. Therefore, in determining the appropriate extent of the continuance, this Court will examine the circumstances surrounding this case. In the interest of justice, the Court recognizes that Cameron County must be afforded adequate time to properly prepare for trial. As noted before, however, this case has been pending for more than three years and the other parties have an interest in the timely resolution of their claims. Furthermore, Cameron County has been on notice of the pending litigation since at least September 6, 2002, when Brown Water initially moved for leave to assert a third party complaint against it [Dkt. No. 208]. The Court concludes that although appropriate, the extent of the continuance will be limited. Accordingly, the Court hereby **GRANTS** Cameron County's motion to continue [Dkt. No. 286]. The parties are advised that a revised scheduling order will follow.

### III. Motion to Sever

In the alternative, Cameron County motions this Court to sever the claims against it pursuant to Federal Rules Civil Procedure ("FRCP") 21 and 42(b). The Court first notes that motions to sever pursuant to Rules 21 and 42(b) are different and should be treated as such. McDaniel v. Anheuser-Busch, Inc., 987 F.2d 298, 304 (5th Cir. 1993).

#### 1. Rule 21 Severance

"Any claim" against a party, pursuant to Rule 21, may "be severed and proceeded with separately." FRCP 21. A Rule 21 severance "creates two separate actions or suits where previously there was but one." United States v. O'Neil, 709 F.2d 361, 368 (5th Cir. 1983). If a claim is severed, "it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other." Id.

"A district court has broad discretion to order the severance of particular claims . . . when doing so advances the administration of justice and no party suffers prejudice by virtue of the severance." El Aguila Food Prods. V. Gruma Corp., 167 F. Supp. 2d 955, 959 (S.D.Tex. 2001). Although the title of Rule 21 refers only to "Misjoinder and Non-joinder of Parties," the Fifth Circuit has held that severance is not limited to rectifying misjoinder of parties since Rule 21 "explicitly provides that '[a]ny claim against a party may be severed . . . .'" O'Neil, 709 F.2d at 369 (emphasis added). The movant, however, is not entitled to severance "when it would prolong the ultimate termination of an action, add to the cost of resolving the lawsuit, create duplicitous litigation or increase the likelihood of inconsistent verdicts." El Aguila Food Prods., 167 F. Supp. 2d at 960.

The Court finds no reason for severing the claims against Cameron County. As this Court noted in its Order of October 25, 2004 [Dkt. No. 285], the petitioners in a limitation proceeding may file a third party complaint. See In the Matter of Mcaninch, 392 F. Supp. 96, 97 (D.C. Tex. 1975). Additionally, the petitioners, as vessel owners, have an important interest in solving all of their potential liability issues in one forum. See Rule F, Supplemental Rule For Certain Admiralty And Maritime Claims; see also In re Magnolia Marine Transp. Co., 366 F.3d 1153, 1155-56 (10th Cir. 2004).

Additionally, the factual issues presented in the contribution claims overlap with the claims against the petitioners. The claims filed in the present case allege that petitioners' negligent supervision and operation caused the vessels to strike the Causeway, which in turn caused the plaintiffs' deaths and injuries. The petitioners' contribution claims allege that Cameron County's negligence in maintaining the Causeway navigational and street lights, at least in part, contributed to the subject deaths and injuries. Therefore, severing the contribution claims would "create duplicitous litigation" and "increase the likelihood of inconsistent verdicts." El Aguila Food Prods. V. Gruma Corp., 167 F. Supp. 2d at 960.

2.   **Rule 42(b) Severance**

A Rule 42(b) severance creates separate trials that usually result in one judgment. McDaniel, 987 F.2d 298, 304 n.19. According to Rule 42(b), a court, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-

party claim . . . ." However, severance is appropriate only when "the issue to be tried [is] so distinct and separable from the others that a trial of it alone may be had without injustice." <u>Swofford v. B & W, Inc.</u>, 336 F.2d 406, 415 (5th Cir. 1964).

By having duplicate actions where many of the same questions of fact and law will be addressed, severing this case would not result in "expedition and economy" for the petitioners nor this Court. Secondly, this Court cannot find, nor has Cameron County pointed to anything that would suggest that the issues in the contribution claims are so "distinct and separable" from the original claims that their severance could be had "without injustice." Rather, as demonstrated above, both sets of claims derive from the same occurrence and factually overlap.

### IV. Conclusion

Therefore, Cameron County's motion [Dkt. No. 286] is hereby **GRANTED IN PART AND DENIED IN PART**. The Court **GRANTS** Cameron County's request for continuance. The parties are advised that a revised scheduling order will follow. However, the Court **DENIES** Cameron County's request for severance.

DONE at Brownsville, Texas, this 2 day of December, 2004.

Hilda G. Tagle
United States District Judge