# ADMIRALTY
# AND
# MARITIME LAW

## Fourth Edition

By

### Thomas J. Schoenbaum

*Professor of International Studies,*
*International Christian University, Tokyo*
*Visiting Professor of Law, George Washington University*
*Dean and Virginia Rusk Professor of Law Emeritus,*
*University of Georgia*

**HORNBOOK SERIES®**

**THOMSON**
**★** ™
**WEST**

Mat # 40165414

**EXHIBIT 3**

ment.[19]  Moreover, subsequent oral or written modifications of a charter may be admitted into evidence and are valid if proved.[20]

Forum selection clauses in charter parties are generally upheld.[21]

## § 9-3.   The Demise (Bareboat) Charter

The demise or "bareboat"[1] charter is essentially the lease of a ship, usually on a long-term contract, often associated with a special finance or purchase arrangement.  In a demise charter, it is up to the charterer to man and equip the vessel.  The demise charter is *not* a contract of affreightment;  on the contrary, the charterer may be the COGSA carrier if the vessel is used to transport third parties' goods.

The relationship between the charterer and the owner is determined by the terms of the charter party.  An essential characteristic of the demise, however, is that the entire command and possession of the vessel be turned over to the charterer.[2]  Although the owner retains legal title, the charterer is considered the temporary owner, or commonly termed the owner *pro hac vice*.[3]

The owner's fundamental obligation under the charter party is to provide a seaworthy vessel of the specified class and type at the beginning of the charter term.  A warranty of seaworthiness of the vessel will be implied;[4] it may, however, be qualified or even waived.[5]  The seaworthiness warranty extends only to the beginning of the charter; subsequent to delivery the seaworthiness of the vessel is the responsibility of the charterer unless otherwise stated.[6]

**19.** Battery S.S. Corp. v. Refineria Panama, S.A., 513 F.2d 735, 739, 1975 AMC 842, 846-847 (2d Cir.1975), on remand 1975 AMC 1759 (S.D.N.Y.1975).

**20.** Central Marine v. Ocean Marine, 673 F.2d 1326, 1984 AMC 1730 (5th Cir. 1982) (per curiam).

**21.** See Sun World Lines, Ltd. v. March Shipping Corp., 801 F.2d 1066, 1988 AMC 1495 (8th Cir.1986).

*Choice of law and arbitration*

Forum selection clauses were upheld in Sun World Lines, Ltd. v. March Shipping Corp., 801 F.2d 1066, 1988 AMC 1495 (8th Cir.1986); Consolidated Bathurst, Ltd. v. Rederiaktiebolaget Gustaf Erikson, 645 F.Supp. 884, 1987 AMC 966 (S.D.Fla.1986); Maritime Ventures International, Inc. v. Caribbean Trading & Fidelity, Ltd., 689 F.Supp. 1340 (S.D.N.Y.1988).

**§ 9-3**

**1.** A demise charter is for a "bareboat" where the charterer does not take over the owner's master and crew.

**2.** Leary v. United States, 81 U.S. (14 Wall.) 607, 20 L.Ed. 756 (1872).  The charter agreement may call for delivery of a vessel complete with master and crew; but this may still be a demise if the charterer is stipulated to have complete possession and control.  See Guzman v. Pichirilo, 369 U.S. 698, 82 S.Ct. 1095, 8 L.Ed.2d 205, 1962 AMC 1142 (1962);  United States v. Shea, 152 U.S. 178, 14 S.Ct. 519, 38 L.Ed. 403 (1894);  Willamette-Western Corp. v. Columbia Pac. Towing Co., 466 F.2d 1390, 1972 AMC 2128 (9th Cir.1972).

**3.** Reed v. The S.S. Yaka, 373 U.S. 410, 412, 83 S.Ct. 1349, 1351, 10 L.Ed.2d 448, 1963 AMC 1373, 1375 (1963), rehearing denied 375 U.S. 872, 84 S.Ct. 27, 11 L.Ed.2d 101 (1963).

**4.** Aaby v. States Marine Corp., 181 F.2d 383, 1950 AMC 947 (2d Cir.1950).

**5.** Work v. Leathers, 97 U.S. (7 Otto) 379, 24 L.Ed. 1012 (1878);  Patton-Tully Transp. Co. v. Barrett, 37 F.2d 516, 1930 AMC 970 (6th Cir.1930).

**6.** Reed v. The S.S. Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448, 1963 AMC 1373 (1963), rehearing denied 375 U.S. 872, 84 S.Ct. 27, 11 L.Ed.2d 101 (1963); O'Boyle v. United States, 47 F.2d 585, 1931 AMC 622 (2d Cir.1931).