IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | C. A. NO. B-01-157<br>Admiralty<br><br><br>Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES, LLC AS OWNER, AND AMERICAN COMMERCIAL BARGE LINES, LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | C. A. NO. B-02-004<br>Admiralty<br><br><br>Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF DEERE CREDIT, INC., (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315, AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | C. A. NO. B-02-125<br>Admiralty |

**EXONERATION DECREE IN FAVOR OF AMERICAN
COMMERCIAL BARGE LINE LLC**

A Complaint having been filed herein on the 15th day of September, 2001 by Brown Water Towing I, Inc. as owner and Brown Water Marine Service, Inc. as bareboat charterer of the M/V BROWN WATER V praying for exoneration from a limitation of liability for all losses, damages, or destruction caused by or resulting from the collision which occurred

{N1219407.1}

**EXHIBIT 1**

on September 15, 2001 between the lead barge in the tow of the M/V BROWN WATER V and the Queen Isabella Causeway in or near Port Isabel, Texas. This Court on the 15th day of September 2001 having entered an Order requiring the filing by the aforesaid Complainants of an ad interim stipulation for value in the form of a letter of undertaking in the amount of $270,000.00 and the Clerk of Court on the same day having entered an order for a monition and thereupon having duly issued its monition pursuant to said Order against all persons claiming damages for any loss, damage or destruction occurring as a result of the aforesaid collision, citing and requiring all persons to appear before this Court and make due proof of their respective claims and answer to the Complaint on or before the 14th day of March, 2002 and the Court having issued a restraining order which prohibited the filing and/or prosecution of any claim in any other court or jurisdiction;

Thereafter, a Complaint was also filed herein on the 11th day of January, 2002 by American Commercial Lines LLC and American Commercial Barge Line LLC as owner and owner pro hac vice of Barges NM-315, VLB-9182, ACL-9933B, and VLB-9173 praying for exoneration from or limitation of liability for all losses, damages or destruction caused by or resulting from the aforesaid collision. This Court on the 31st day of January, 2002 having entered an order requiring the filing by the aforesaid Complainants an interim stipulation for value in the form of a letter of undertaking in the amount of $788,479.00 and the Clerk of Court on the same day having entered an order for a monition and thereupon having duly issued its monition pursuant to said Order against all persons claiming damages for any loss, damage or destruction caused by or resulting from the collision, citing and requiring all such persons to appear before this Court and make due proof of their respective claims and answer to the

- 2 -

{N1219407.1}

Complaint on or before the 14th day of March, 2002 and the Court having issued a restraining order which prohibited the filing and/or prosecution of any claim in any other court or jurisdiction;

By Order entered February 1, 2002, the Court consolidated Civil Action No. B-02-004 with Civil Action No. B-01-157 pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

Thereafter, a Complaint was also filed herein on the 10th day of June 2002, by Deere Credit, Inc., (Formerly Senstar Finance Company), as owner of Barge NM-315, and State Street Bank and Trust Company Of Connecticut, National Association, as owner trustee of Barge ACL-9933B and not in its individual capacity, and General Electric Capital Corporation, as beneficial owner of Barge ACL-9933B, praying for exoneration from and/or limitation of liability for all losses, damages, or destruction caused by or resulting from the aforesaid collision. This Court on the 26th day of July, 2002 having entered an Order requiring the filing by the aforesaid Complainants of and ad interim stipulation for value in the amount of $443,976.00 in the form of a letter of undertaking and the same day having entered a restraining order which prohibited the filing of and/or prosecution of any claim in any other court or jurisdiction; as the aforesaid Complaint involved the same incident as Civil Action Nos. B-01-157 and B-02-004, and the Court having already issued a monition in those civil actions and required notice in the relevant newspapers and the Claimants to file proofs of claims and answers, and as the Claimants were identified and definite, the Court by its Order entered on July 26, 2002 did not require the issuance of an additional monition, further publication of notice, or the Claimants to file additional claims with the Court.

WHEREAS public notice of the aforesaid proceedings and said monitions and restraining order having been duly given as required by the law and practice of this Honorable Court and by copies of the said monitions having been duly served in the mail in accordance with the terms of the order all of which appear from the affidavits heretofore filed and upon return of said monition proclamation having been duly made;

And the time for all persons and corporations to present claims and to answer said Complaint having expired, this Court on April 22, 2002 entered an Order noting the default of all persons and corporations whose claims who have not heretofore been presented and barring the filing of any and all further claims; and the Court having further entered a Final Judgment on May 30, 2002 pursuant to Rule 54(b) of the Federal Rules of Civil Procedure granting summary judgment against the claims of sixty-seven Claimants who were seeking purely economic damages;

And it appearing from the record that the claims of the various parties to these proceedings having been filed in this matter and remain pending;

And it appearing by motion of the attorneys for Complainant American Commercial Barge Line LLC for a summary judgment of exoneration and to dismiss all claims filed in this proceedings, and that all claims and answers filed herein against American Commercial Barge Line LLC are now dismissed with prejudice and therefore the Complainant, American Commercial Barge Line LLC, has no responsibility or liability for the matters aforesaid and are entitled to a decree of exoneration from all claims arising from the collision and related matters;

It is therefore proper for this Court to now issue a final decree of exoneration in favor of

American Commercial Barge Line LLC and its respective officers, agents, employees, and that therefore all claims and answers filed herein against American Commercial Barge Line LLC are now dismissed with prejudice and no other person, firm or corporation remains herein as a Claimant to American Commercial Barge Line LLC and that therefore under the facts and the law Complainant American Commercial Barge Line LLC is entitled to a decree of exoneration for all claims arising from the aforesaid collision and related matters;

NOW THEREFORE IT IS:

ORDERED, ADJUDGED AND DECREED that American Commercial Barge Line LLC's Motion for Summary Judgment is GRANTED and that the default of all persons, firms and corporations who may have sustained any damage, loss or destruction caused by or resulting from the collision between the tow of the M/V BROWN WATER V and the Queen Isabella Causeway on September 15, 2001 in or near Port Isabel, Texas who have not heretofore filed claims herein be and are hereby noted and entered; and that the default of all such persons, firms and corporations and any state, county, government, government agency, or any political subdivision thereof, or any other person or entity having or claiming to have sustained any loss, destruction or damage by reason of or in connection with the matters aforesaid and the collision between the tow of the M/V BROWN WATER V and the Port Isabel Causeway on September 15, 2001, including any and all claims for damages, losses or destruction, who have failed to file claims or answers herein be and they are hereby noted and entered, and the filing or presentation hereafter of any such claims or answers be and they are hereby forever restrained;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all answers and claims

as to American Commercial Barge Line LLC be and are hereby stricken and dismissed and disallowed with prejudice on the merits and with costs;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the collision which occurred on September 15, 2001 between the tow of the M/V BROWN WATER V and the Port Isabel Causeway in or near Port Isabel, Texas and any loss, destruction, damage or injuries resulting therefrom are done, occasioned and occurred without the privity and knowledge of Complainants American Commercial Barge Line LLC and without negligence or fault or liability on the part of Complainant American Commercial Barge Line LLC and its officers, agents and employees and Barge ACL-9933B, Barge NM-315, Barge VLB-9182 and Barge VLB-9173, that American Commercial Barge Line LLC and its officers, agents and employees and Barge NM-315, Barge ACL-9933B, Barge VLB-9182 and Barge VLB-9173, together with their pending freight, be and they are hereby forever exonerated and discharged from any and all liability and any and all claims, losses, destruction, damage or injury, including but not limited to the aforesaid and aforementioned claimants.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all bonds, letters of undertaking, stipulations for costs and ad interim for stipulations for value filed by American Commercial Barge Line LLC be and are hereby forever cancelled and discharged of record.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all persons, firms and corporations, including the various claimants herein, or any other corporation, person or entity having or claiming to have sustained any damages, loss or destruction by reason of or in connection with the matters aforesaid and the aforesaid collision or by reason of or in connection

with any other matter or thing occurring on the aforesaid voyage of Barge NM-315, Barge ACL-9933B, Barge VLB-9182 and Barge VLB-9173 be and they are hereby perpetually enjoined and restrained from instituting or prosecuting in any manner whatsoever in this or any other proceedings, suit or action in any court or in any country, any claim actions, suit or proceedings whatsoever against American Commercial Barge Line LLC or against Barge NM-315, Barge ACL-9933B, Barge VLB-9182 and Barge VLB-9173 and their freight, etc., or against any other vessel or property of the Complainant or its successors or assigns.

The Clerk of Court is hereby instructed to file a copy of this decree in Civil Action No. B-02-004 and in Civil Action B-02-125.

Brownsville, Texas, on this ___ day of _____, 2004.

_____
UNITED STATES DISTRICT JUDGE