# ADMIRALTY AND MARITIME LAW

## Fourth Edition

By

**Thomas J. Schoenbaum**
*Professor of International Studies,
International Christian University, Tokyo
Visiting Professor of Law, George Washington University
Dean and Virginia Rusk Professor of Law Emeritus,
University of Georgia*

**HORNBOOK SERIES®**

**THOMSON**
———★———™
**WEST**

Mat # 40165414

**EXHIBIT 2**

# Chapter 10

# TOWAGE

*Analysis*

**Sec.**
10–1. Towage Defined.
10–2. The Contract of Towage.
10–3. The Duties and Liabilities of Tug to Tow and Cargo.
10–4. The Warranty of Workmanlike Service.
10–5. The Duties of the Tow.
10–6. Rights of Third Parties Against the Tug and the Tow.
10–7. Towage and Limitation of Liability.
10–8. Exculpation Clauses in Towing Contracts.
10–9. Contracts to Procure Insurance and Waiver of Subrogation.
10–10. Forum Selection Clauses and Conflicts of Laws.

## § 10–1. Towage Defined[1]

Towage is a service rendered by one vessel to aid the propulsion or to expedite the movement of another vessel.[2] The vessel that supplies the power in such an arrangement is typically called a *tug,* a term which encompasses many different types of vessels ranging from large, ocean-going ships, coastal and harbor tugs, and river vessels that push or pull a barge or a fleet of barges.[3] Vessels that employ tugs and use their towing services range from barges and scows with no motive power of their own to ocean liners and freighters that use tugs for auxiliary power or to assist them in moving about harbors and docks. The vessel towed may be manned, but barges and scows are often unmanned.

The American law distinguishes between towage on the one hand and a contract of affreightment on the other. In Sacramento Navigation

---

**§ 10–1**

1. For an important article, see Charles E. Lugenbuhl and David B. Sharpe, The Law of Towage at the Millennium: What Changes Are Needed, 73 Tul.L.Rev. 1811 (1999).

2. Stevens v. The White City, 285 U.S. 195, 200, 52 S.Ct. 347, 349, 76 L.Ed. 699, 702 (1932).

Thus towing vessels are neither insurers nor bailees of the tow. They are liable either for negligence or breach of a warranty of workmanlike service. Towers are obligated to provide reasonable care and skill as "prudent navigators employed for the performance of similar services." Id. at 199.

3. A tug that pushes a barge is properly called a towboat; one that pulls a barge is called a tugboat.

## § 10–6. Rights of Third Parties Against the Tug and the Tow

The rights of third parties may be involved in several different ways in a casualty involving a tug and a tow. The owner of cargo aboard the tow may seek recovery against the tug (or the tow may seek contribution or indemnity); or the accident may involve personal injury, damage to shore structures, or damage to other ships or structures.

In third party claims, the fault of the tug and the tow are considered separately, and each will be liable to third parties only in proportion to its individual fault.[1] This is despite the fact that for purposes of the navigation rules, a tug and a tow are considered one vessel that must observe the rules as a unit.[2]

When damage is caused by a casualty involving the tow or by the whole flotilla, the courts employ the concept of "dominant mind" to place liability on the tug and to absolve the tow from liability. This doctrine holds that only that vessel is liable whose people are actually in control of the operation, even though the whole flotilla causes the damage.[3]

The rule is not absolute, however; at best it is only a presumption that the tug in control is responsible as the "dominant mind." If the evidence shows some breach of duty on the part of the tow or an act of negligence that contributed to the casualty, the tow will also be liable.[4] The doctrine of the "dominant mind" is also used as a rebuttable

---

809 F.2d 497 (8th Cir.1987). Walter B. Pollack, 1926 AMC 1019 (S.D.N.Y.1926); see Nat G. Harrison Overseas Corp. v. American Tug Titan, 516 F.2d 89, 1975 AMC 2257 (5th Cir.1975), modified 520 F.2d 1104, 1975 AMC 2271 (5th Cir.1975).

In the case of improper loading, however, the tow may recover over from the stevedore, based upon the principle of comparative fault. See Agrico Chemical Co. v. M/V Ben W. Martin, 664 F.2d 85, 1985 AMC 563 (5th Cir.1981), rehearing denied 669 F.2d 733 (5th Cir.1982).

**§ 10–6**

1. Arkansas State Highway Commission v. Arkansas River Co., 271 F.3d 753, 2002 AMC 331 (8th Cir.2001); Sturgis v. Boyer, 65 U.S. (24 How.) 110, 16 L.Ed. 591 (1860); The Civilta, 103 U.S. (13 Otto) 699, 26 L.Ed. 599 (1880); Citadel Shipping Co. v. Consolidated Grain & Barge Co., 1983 AMC 1721 (E.D.La.1982).

Neither the tug nor the tow are liable, however, if their negligence did not proximately cause the damage. Ranger Ins. Co. v. Exxon Pipeline Co., 760 F.Supp. 97, 1991 AMC 572 (W.D.La.1990).

2. The Civilta, 103 U.S. (13 Otto) 699, 26 L.Ed. 599 (1880).

3. Chevron U.S.A., Inc. v. Progress Marine Inc., 1980 AMC 1637 (E.D.La.1979); Alter Co. v. M/V Miss Sue, 536 F.Supp. 313, 1983 AMC 302 (E.D.La.1982); Canarctic Shipping Co., Ltd. v. Great Lakes Towing Co., 670 F.2d 61 (6th Cir.1982).

4. Cody v. Phil's Towing Co., 247 F.Supp.2d 688, 2002 AMC 2542 (W.D.Pa. 2002); Chevron U.S.A., Inc. v. Progress Marine, Inc., 1980 AMC 1637 (E.D.La.1979).

The tow may be the "dominant mind" in such a case relieving the tug from liability; or in an appropriate case where both tug and tow were guilty of negligence, damages will be divided on the basis of comparative fault. Dow Chemical Co. v. Tug Thomas Allen, 349 F.Supp. 1354 (E.D.La. 1972).

presumption that helper tugs aiding an operation are not liable if they are merely following instructions of the tug in charge.[5]

If the tug and the tow are separately owned, the negligence of the tug cannot be imputed to the tow, and there is neither *in personam* nor *in rem* liability on the part of the tow.[6] Consequently, the third party has no maritime lien on the tow unless the fault of the tow is independently established or unless an agency relationship exists between the tug and the tow.[7] This immunization of the tow from liability has been criticized as unfair to third parties and against the policy of the general maritime law.[8] The impact of the rule is diminished, however, in view of the trend of modern cases to disregard the "dominant mind" theory and to find an independent basis of fault on the part of the tow in third party casualty cases.

The doctrine of independent fault of tug and tow would seem to have an important additional consequence. Where the tow is damaged in a casualty involving a third party, she can assert the "dominant mind" doctrine to be free from liability and may be able to recover from both the tug and the third party as joint tortfeasors, if fault can be established with respect to each of them.

### § 10-7. Towage and Limitation of Liability

In keeping with the doctrine of the independent liability of tug and tow, the general rule holds that in a proceeding to limit liability[1] after a casualty involving towage, only the value of the offending vessel or vessels must be included in the limitation fund.[2] This was established in Liverpool, Brazil & River Plate Steam Navigation Co. v. Brooklyn Eastern District Terminal,[3] a case in which the steam tug *Intrepid* was proceeding up the East River (New York) with a carfloat lashed to its port side and a disabled tug lashed to its starboard side. While underway, the *Intrepid* collided with a steamship. The court, through Justice Holmes, stated that "for the purpose of liability the passive instrument of the harm does not become one with the actively responsible vessel by being attached to it."[4]

---

5. See In the Matter of the Complaint of Patton–Tully Transp. Co. (M/V Frank Phipps), 1983 AMC 1288 (E.D.La.1982).

6. This is the principle of Sturgis v. Boyer, 65 U.S. (24 How.) 110, 16 L.Ed. 591 (1860). See also The Eugene F. Moran v. New York Central & Hudson River R. Co., 212 U.S. 466, 29 S.Ct. 339, 53 L.Ed. 600 (1909).

7. *Sturgis*, 65 U.S. at 122.

8. See G. Gilmore and C. Black, The Law of Admiralty, 516 (2d ed. 1975). The rule of Sturgis v. Boyer appears to be inconsistent with the rule of The China, 74 U.S. (7 Wall.) 53, 19 L.Ed. 67 (1868).

§ 10-7

1. See infra Chapter 13.

2. In re Seaspan Int'l Ltd., 172 F.Supp.2d 1314, 2001 AMC 2366 (W.D.Wash.2001) [tow was "dominant mind"].

3. 251 U.S. 48, 40 S.Ct. 66, 64 L.Ed. 130 (1919); see also In re American Commercial Lines, Inc., 353 F.Supp. 872, 1973 AMC 319 (E.D.Ky.1973); South Carolina State Highway Department v. Jacksonville Shipyards, Inc., 1976 AMC 456 (S.D.Ga. 1975). For an interesting Canadian case, see Great Lakes Towing Co. v. M/V RHONE, 1993 AMC 1697 (Canada Sup.Ct. 1993).

4. *Liverpool, Brazil & River Plate Navigation Co.*, 251 U.S. at 52, 40 S.Ct. at 66. For an interesting Canadian case applying