United States District Court
Southern District of Texas
FILED

DEC 1 3 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | C. A. NO. B-01-157<br>Admiralty<br><br><br><br>Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES, LLC AS OWNER, AND AMERICAN COMMERCIAL BARGE LINES, LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | C. A. NO. B-02-004<br>Admiralty<br><br><br>Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF DEERE CREDIT, INC., (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315, AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | C. A. NO. B-02-125<br>Admiralty |

MOTION FOR SUMMARY JUDGMENT OF DEERE CREDIT, INC.,
(FORMERLY SENSTAR FINANCE COMPANY) AS OWNER OF BARGE
NM-315, STATE STREET BANK AND TRUST COMPANY OF
CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF
BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND
GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL
OWNER OF BARGE ACL-9933B

Complainants/Petitioners in Civil Action No. B-02-125, Deere Credit, Inc. (Formerly Senstar Finance Company) ("Deere Credit"), State Street Bank and Trust Company of

{N1201376.1}

Connecticut, National Association ("State Street Bank"), and General Electric Capital Corporation ("GE Capital"), move for summary judgment against all Claimants in the above referenced and consolidated actions and seek a decree of exoneration from all liability arising out of the September 15, 2001 collision between the lead barge in the tow of the tug M/V BROWN WATER V and the Queen Isabella Causeway.

As set forth more fully in the attached Memorandum, Deere Credit was the owner of record of Barge NM-315, State Street Bank was the Owner Trustee of Barge ACL-9933B, and GE Capital was the Beneficial Owner of Barge ACL-9933B. Deere Credit, State Street Bank, and GE Capital had no dominion or control over Barge ACL-9933B and Barge NM-315 on September 15, 2001, and had no contractual relationship with Brown Water I, Inc. or Brown Water Marine Service, Inc., the owner and operator respectively of the tug BROWN WATER V. At all material times, Barge ACL-9933B and Barge NM-315 were seaworthy dumb, unmanned barges having no motive power of their own and were under bareboat charter to American Commercial Barge Line LLC ("ACBL"). ACBL, the bareboat charterer and owner *pro hac vice* of Barge ACL-9933B and Barge NM-315, contracted with Brown Water Marine Service, Inc. ("Brown Water"), an experienced third party independent towage contractor, to tow the barges with a tug boat selected, owned, operated and crewed by Brown Water. Brown Water and its tug were solely responsible for all aspects of the towage operation.

Deere Credit, State Street Bank, and GE Capital had no involvement with the towage of the barges by Brown Water or with ACBL's selection of Brown Water as a towage contractor. No specific claims have been asserted against Deere Credit, State Street Bank, and GE Capital

whose names merely appear of record in the capacity noted with respect to Barge NM-315 and Barge ACL-9933B.

In accordance with Rule 56 of the Federal Rules of Civil Procedure, Deere Credit, State Street Bank and Trust, and GE Capital move that summary judgment be rendered in their favor as the pleadings, sworn testimony, documents and affidavits show that there is no genuine issue as to any material fact and that movers are entitled to judgment as a matter of law dismissing all claims against them, with prejudice, and exonerating them from all liability as a result of the September 15, 2001 collision.

Movers file herewith an Exoneration Decree, Ex. 1 to their Memorandum in Support of Motion for Summary Judgment, to be entered in their favor.

Respectfully submitted,

*[signature]*

GLENN G. GOODIER, Attorney-in-Charge
Admitted *Pro Hac Vice*
By Order Entered 4/23/02
Jones, Walker, Waechter, Poitevent,
    Carrère & Denègre, L.L.P.
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:    (504) 582-8174
Facsimile:    (504) 582-8010

LES CASSIDY
State Bar Number 03979270
Federal Identification Number 5931
814 Leopard Street
Corpus Christi, Texas  78401
Telephone:    (361) 887-2969
Facsimile:    (361) 887-6521

OF COUNSEL:

WOOLSEY & CASSIDY, P.C.
814 Leopard Street
Corpus Christi, Texas  78401
Telephone:    (361) 887-2969
Facsimile:  (361) 887-6521

Counsel for Petitioners,
American Commercial Lines LLC and
American Commercial Barge Line LLC
Deere Credit, Inc. (formerly Senstar Finance
Company), as Owner of the Barge NM-315,
State Street Bank and Trust Company of
Connecticut, N.A., as Owner/Trustee of the Barge
ACL-9933B and Not in Its Individual Capacity, and
General Electric Capital Corporation, as Beneficial
Owner of the Barge ACL-9933B

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 10th day of December, 2004, served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing the same by United States Priority Mail, properly addressed and first class postage prepaid.

_____
GLENN G. GOODIER