IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 3 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § | C.A. NO. B-01-157 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |
| Consolidated with: | § § | |
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC AS OWNER and AMERICAN COMMERCIAL BARGE LINE LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | § § § § § § § § § | C.A. NO. B-02-004 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |
| Consolidated with: | § § | |
| IN THE MATTER OF DEERE CREDIT, INC.,(FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315, AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYING FOR EXONERATION FROM AND/OR LIABILITY | § § § § § § § § § § § § § § § | C.A. NO. B-02-125 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |

**CLAIMANTS' NOTICE OF VIDEO DEPOSITION OF MARK DOUGHERTY
FOR JANUARY 7, 2005**

12057.1

TO: American Commercial Lines LLC as Owner and American Commercial Barge Line LLC as Charterer of the Barges NM-315, VLB-912, ACL-9933B, VLB-9173, Prayer for Exoneration from and/or Limitation of Liability, by and through their attorney of record, Mr. Les Cassidy, at Woolsey & Cassidy, P.C., 1020 Bank of America, 500 North Water Street, Corpus Christi, Texas 78471, and Mr. Glen Goodier, Jones Walter, Waechter, Poitevent, Carrere & Denegre, LLP, 201 St. Charles Avenue - 48th Floor, New Orleans, LA 70170-5100.

Deere Credit, Inc., as Owner of the Barge NM-315, and State Street Bank and Trust Company Connecticut, National Association, as Owner Trustee of the Barge ACL-9933B and Not in its Individual Capacity, and General Electric Capital Corporation, as Beneficial Owner of the Barge ACL-9933B, Praying for Exoneration from and/or Limitation of Liability, by and through their attorney Mr. Less Cassidy, at Woolsey & Cassidy, P.C., 1020 Bank of America, 500 North Water Street, Corpus Christi, Texas 78471.

PLEASE TAKE NOTICE that, pursuant to FRCP 30 (b) (6), all Claimants in the above entitled civil actions will take the video taped oral deposition of American Commercial Barge Lines on Friday, January 7, 2005, at 1:00 p.m., at the Seelbach Hilton Hotel, 500 S. 4th Avenue, Louisville, Kentucky 40202, (502) 585-3200. The deposition will be videotaped by United Video of Corpus Christi, Texas.

Pursuant to FRCP 30 (b) (6) American Commercial Barge Lines is requested to designate one or more officers, directors, managing agents, or other persons to testify on its behalf regarding the following areas:

1. ACBL's policies and procedures for hiring and retaining towing subcontractors who can provide services with reasonable safety both before and after the amendments to the American Waterways Operators Association of Responsible Carrier Program (AWO-RCP) that were adopted in October, 1999.

2. Any policy changes at ACBL, and the implementation thereof, which were made after the October, 1999 changes to the AWO-RCP.

3. ACBL's policies for auditing subcontractors providing towing services.

2

4. ACBL's policies for disseminating the results of audits of towing subcontractors to those within the company responsible for hiring and retaining such contractors.

5. ACBL's policies and procedures for assignment of horsepowers to tows within their fleet.

6. ACBL's policies and procedures to ensure that their towing subcontractors are using adequate horsepower.

7. ACBL's policies and procedures for implementing the training, manning, and documentation regulations contained at 46CFR10.464 within its own fleet when these regulations became effective on May 21, 2001.

8. ACBL's policies and procedures for insuring that their towing subcontractors had achieved compliance with the requirements of 46CFR10.464 by May 21, 2001.

9. Any policies and procedures at ACBL for determining which of their towing subcontractors were or were not in compliance with 46CFR10.464 after May 21, 2001.

10. Any policies or procedures at ACBL for notifying their towing subcontractors of the need to achieve compliance with the regulations found at 46CFR10.464 by May 21, 2001.

11. Any policies or procedures at ACBL regarding the continued use of towing subcontractors who have not achieved compliance with 46CFR10.464 after May 21, 2001.

12. ACBL's decision to create the position "Director-Vendor of Vetting."

13. All criteria, qualifications, or requirements of any kind which ACBL currently uses in "vetting" its towing subcontractors.

14. All criteria, qualifications, or requirements of any kind which ACBL used in "vetting" its towing subcontractors prior to the effective date of 46CFR10.464 (May 21, 2001).

3

15. All criteria, qualifications, or requirements of any kind which ACBL used in "vetting" its towing subcontractors prior to the October, 1999 modifications to the AWO-RCP.

PLEASE TAKE NOTICE that, pursuant to FRCP 30 (b) (5) American Commercial Barge Lines is requested and required to produce the documents and tangible things described in the DOCUMENT REQUEST attached to this Notice at the taking of the deposition.

The deposition will continue from day to day until completed and will be taken before a court reporter appointed or designated under FRCP 28. All parties are invited to attend and cross-examine this witness.

Respectfully submitted this 10th day of December, 2004.

*/s/ N. J. Yaziji*

S. Mark Strawn*
Southern District of Texas ID No. 9996
State Bar No. 19374325
Ajamie LLP
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, Texas 77002
(713) 860-1600 Telephone
(713) 860-1699 Facsimile

ATTORNEYS FOR CLAIMANTS

* Signed for by permission by N. Jill Yaziji.

## CERTIFICATE OF SERVICE

On this 10th day of December, 2004, a true and correct copy of the forgoing Notice of Deposition and Documents Request was sent via facsimile and certified mail return receipt requested to Petitioners, American Commercial Barge Lines, LLC, et al and Counsel Representing Petitioners, Brown Water Marine Service, Inc., et al counsel, and via facsimile only to all other counsel.

_____
S. Mark Strawn

## DOCUMENT REQUEST

Pursuant to FRCP 30 (b) (5) and 34 Petitioner, American Commercial Barge Lines, LLC is requested to produce the following documents and tangible things at the taking of the deposition described in the foregoing Notice of Deposition:

1. All documents regarding the creation of a position at ACBL, "Director- Vender Vetting."

2. All documents which describe the duties and implementation of the position "Director- Vender Vetting."

3. All documents regarding ACBL's implementation of the requirements of 45CFR10.464.

4. All documents regarding ACBL's notification of towing subcontractors of the need to achieve compliance with the training, manning, and documentation regulation set forth in 46CFR10.464 by May 21, 2001.

5. All documents regarding any efforts at ACBL to ensure that their towing subcontractors achieved compliance with the requirements of 46CFR10.464 by May 21, 2001.

6. All documents regarding any policy or efforts at ACBL not to use towing subcontractors who had failed to achieve compliance with 46CFR10.464 after May 21, 2001.