United States District Court
Southern District of Texas
FILED

DEC 1 4 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § | C.A. NO. B-01-157 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |
| Consolidated with: | § § | |
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC AS OWNER and AMERICAN COMMERCIAL BARGE LINE LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | § § § § § § § § § | C.A. NO. B-02-004 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |
| Consolidated with: | § § | |
| IN THE MATTER OF DEERE CREDIT, INC.,(FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315, AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYING FOR EXONERATION FROM AND/OR LIABILITY | § § § § § § § § § § § § § § § | C.A. NO. B-02-125 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |

**CLAIMANTS' NOTICE OF VIDEO DEPOSITION
OF ROBERT L. CLINTON FOR JANUARY 10, 2005**

12107.1

TO: Brown Water Towing I, Inc. as Owner, and Brown Water Marine Service, Inc. as Bareboat Charterers of the Brown Water V, its engines, tackle, etc., in a cause of Exoneration from or Limitation of Liability, by and through their attorney of record, Mr. Will W. Pierson at Royston, Rayzor, Vickery & Williams, P.C., 1700 Wilson Plaza West, 606 N. Carancahua, Corpus Christi, Texas 78476.

American Commercial Lines LLC as Owner and American Commercial Barge Line LLC as Charterer of the Barges NM-315, VLB-912, ACL-9933B, VLB-9173, Prayer for Exoneration from and/or Limitation of Liability, by and through their attorney of record, Mr. Les Cassidy, at Woolsey & Cassidy, P.C., 1020 Bank of America, 500 North Water Street, Corpus Christi, Texas 78471, and Mr. Glen Goodier, Jones Walter, Waechter, Poitevent, Carrere & Denegre, LLP, 201 St. Charles Avenue - 48th Floor, New Orleans, LA 70170-5100.

Deere Credit, Inc., as Owner of the barge NM-315, and State Street Bank and Trust Company Connecticut, National Association, as Owner Trustee of the barge ACL-9933B and Not in its Individual Capacity, and General Electric Capital Corporation, as Beneficial Owner of the barge ACL-9933B, Praying for Exoneration from and/or Limitation of Liability, by and through their attorney Mr. Less Cassidy, at Woolsey & Cassidy, P.C., 1020 Bank of America, 500 North Water Street, Corpus Christi, Texas 78471.

PLEASE TAKE NOTICE that, pursuant to FRCP 30, all Claimants in the above entitled civil actions will take the video taped oral deposition of Robert L. Clinton on January 10, 2005 at 10:00 a.m. at the office of Neal R. Gross & Co., Inc., 1323 Rhode Island Avenue, NW, Washington, D.C. 20005-3701, (202) 234-4433. The deposition will continue from day to day until completed, and will be stenographically reported and videotaped before an officer authorized to administer oaths pursuant to FRCP 28. All parties are invited to attend and cross- examine this witness.

Respectfully submitted this 13th day of December, 2004.

S. Mark Strawn
Southern District of Texas ID No. 9996
State Bar No. 19374325
Ajamie LLP
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, Texas 77002
(713) 860-1600 Telephone
(713) 860-1699 Facsimile

ATTORNEYS FOR CLAIMANTS

## CERTIFICATE OF SERVICE

On this 13th day of December, 2004, a true and correct copy of the forgoing Notice of Deposition and was sent via facsimile and certified mail return receipt requested to Petitioners, American Commercial Barge Lines, LLC, et al. and Counsel Representing Petitioners, Brown Water Marine Service, Inc., et al. counsel, and via facsimile only to all other counsel.

S. Mark Strawn

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT

| EASTERN | DISTRICT | VIRGINIA |
|---|---|---|

| | |
|---|---|
| In Re: The Complaint and Petition of Brown Water Towing I, Inc., as Owner, and Brown Water Marine Service Inc., as Bareboat Charterer, of the Brown Water V, its Engines, Tackle, etc., in a cause of Exoneration from or Limitation of Liability | **SUBPOENA IN A CIVIL CASE**<br><br>C.A. No.B-01-157<br>Admiralty<br>In the U.S. District Court<br>for the Southern District of Texas |
| **Consolidated With:**<br><br>In the Matter of American Commercial Lines, LLC as Owner, and American Commercial Barge Lines, LLC as Charterer of the Barges NM-315, VLB-9182, ACL-9933B, VLB-9193, in a cause of Exoneration from or Limitation of Liability | C.A. No. B-02-004<br>Admiralty<br>In the U.S. District Court<br>for the Southern District of Texas |
| **Consolidated With:**<br><br>In the Matter of Deere Credit, Inc., (formerly Senstar Finance Company), as Owner of the Barge NM-315, and State Street Bank and Trust Company of Connecticut, National Association, as Owner Trustee of the Barge ACL-9933B and not in its Individual Capacity, and General Electric Capital Corporation, as Beneficial Owner of the Barge ACL-9933B, Praying for Exoneration from and/or Limitation of Liability | C.A. No. B-02-125<br>Admiralty<br>In the U.S. District Court<br>for the Southern District of Texas |

TO:  Captain Robert L. Clinton, American Waterways Operators
      801 North Quincy Street, Suite 200, Arlington, VA 22203

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date and time specified below testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

X  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Neal R. Gross & Co., Inc., 1323 Rhode Island Ave., NW, Washington, D.C. 20005 | DATE AND TIME<br>January 10, 2005, 10:00 AM |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Claimants | December 7, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
S. Mark Strawn
Ajamie LLP
Pennzoil Place - South Tower, 711 Louisiana, Suite 2150, Houston, Texas 77002

*(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)*

[1] If action is pending in district other than district of issuance, state district under case number.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 12/10/04 | 801 N. Quincy St. Arlington, VA |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Robert Clinton | Hand Delivered |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Trevor Goodchild | Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  12/10/04
DATE

Trevor S. Goodchild
SIGNATURE OF SERVER

1323 Rhode Island Ave, NW
ADDRESS OF SERVER

Washington, DC 20005