United States District Court
Southern District of Texas
FILED

DEC 2 9 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § | C.A. NO. B-01-157 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |
| Consolidated with: | § | |
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC AS OWNER and AMERICAN COMMERCIAL BARGE LINE LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | § § § § § § § § § | C.A. NO. B-02-004 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |
| Consolidated with: | § | |
| IN THE MATTER OF DEERE CREDIT, INC.,(FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315, AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYING FOR EXONERATION FROM AND/OR LIABILITY | § § § § § § § § § § § § § § § | C.A. NO. B-02-125 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |

**ALL CLAIMANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO
RESPOND TO MOTIONS FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

All Claimants (hereinafter referred to as "Claimants"), file this Unopposed Motion for Extension of Time to Respond to Motions for Summary Judgment, and would respectfully show the following:

## I. BACKGROUND

These consolidated Admiralty Actions arise out of the September 15, 2001, allision of the M/V BROWN WATER V and her tow with the Queen Isabella Causeway. On December 13, 2004, Motions for Summary Judgment were filed in this case by American Commercial Barge Line LLC, American Commercial Lines, LLC, Deere Credit, State Street Bank and GE Capital (collectively referred to as "ACBL et al."). The Claimants' responses to ACBL et al.'s Motions for Summary Judgment are currently due on Monday, January 3, 2005.

## II. RELIEF REQUESTED AND GROUNDS

The Claimants request an extension of time of an additional 30 days to respond to ACBL et al.'s Motions for Summary Judgment. The original Scheduling Order in this case set a deadline of December 15, 2004, for the parties to file dispositive motions. The dispositive motion deadline was not revised in the Amended Scheduling Order of December 6, 2004, except as to Cameron County. The Amended Scheduling Order continued the trial setting, and reset the case for pre-trial conference on June 29, 2005. In light of the continuance of the trial setting, there is ample time for the Court to consider ACBL et al.'s Motion for Summary Judgment well in advance of trial.

ACBL et al.'s Motion consists of 25 pages of briefing, and numerous affidavits of experts who have not been deposed in the case. The parties are continuing discovery. Key depositions

are scheduled to be taken in January, 2005. For example, the deposition of David Fowler, who was at the wheel of the M/V BROWN WATER V at the time of the allision, is scheduled for January 13, 2005. This deposition could not have been taken earlier because of Fowler's invocation of his Fifth Amendment privilege against self-incrimination. Also, the Claimants have been attempting to obtain the deposition of Rocky Wilson, the Master of the M/V BROWN WATER V, for several months. Although both of these witnesses were Brown Water Marine employees at the time of the allision, Claimants have reason to believe their testimony will also be relevant to ACBL et al.'s liability. Additionally, no expert witnesses have been deposed, although numerous affidavits from these expert have been submitted in support of ACBL et al.'s motions.

Finally, the Claimants will need time to gather affidavits to counter the numerous affidavits submitted by ACBL et al. In light of the complexity and length of ACBL et al.'s motions, the continuance of the trial setting, and the intervening Christmas and New Year's holidays, a short extension of time for the Claimants to respond to ACBL et al's Motions is warranted.

### III. UNOPPOSED NATURE OF MOTION

Claimants' counsel has discussed this Motion with counsel representing ACBL et al. ACBL et al.'s counsel is not opposed to a 30-day extension of the current response date. A Motion for Extension of Time was filed by certain Claimants on December 23, 2004, and was granted on December 28th, 2004. The order entered by the Court appears to grant the extension only as to certain Claimants. This motion is filed on behalf of all Claimants, seeking the same relief.

WHEREFORE, premises considered, Claimants move the Court enter the attached Order extending the date by which all Claimants must respond to ACBL et al.'s Motions for Summary Judgment until February 2, 2005, and for such other and further relief as to which they may show themselves to be justly entitled.

Respectfully submitted this 29th day of December, 2004.

By: _____
Heriberto Medrano
Law Office of Heriberto Medrano
Federal Bar No. 5952
State Bar No. 13897800
2009 East Harrison, Suite B
Harlingen, TX 78550
956.428.2412 Telephone
956.428.2495 Facsimile

As Court-Appointed Liaison Counsel for All Claimants



## CERTIFICATE OF SERVICE

On this 29th day of December, 2004, a true and correct copy of the forgoing All Claimants' Unopposed Motion for Extension of Time to Respond to Motions for Summary Judgment was served upon opposing counsel via facsimile and certified mail return receipt requested, and via facsimile and regular mail to all other counsel.

_____