IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § | C.A. NO. B-01-157 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |

Consolidated with:

| | | |
|---|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC AS OWNER and AMERICAN COMMERCIAL BARGE LINE LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | § § § § § § § § § | C.A. NO. B-02-004 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |

Consolidated with:

| | | |
|---|---|---|
| IN THE MATTER OF DEERE CREDIT INC., (FORMERLY SENSTAR FINANCE COMPANY), AS WONER OF THE BARGE NM-315, AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRICAL CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYING FOR EXONERATION FROM AND/OR LIABILITY | § § § § § § § § § § § § § § § § | C.A. NO. B-02-125 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admirality |

**CLAIMANTS' OMAR HINOJOSA INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF GASPAR HINOJOSA, OMAR HINOJOSA, CLARISSA HINOJOSA, RAQUEL HINOJOSA, GASPAR HINOJOSA III, AND RITA HINOJOSAS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTIONS FOR SUMMARY JUDGEMENT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Omar Hinojosa Individually and as Personal Representative of the Estate of Gaspar Hinojosa, Omar Hinojosa, Clarissa Hinojosa, Raquel Hinojosa, Gaspar Hinojosa III, and Rita Hinojosa (hereinafter referred to as "Hinojosa Claimants") file this their Unopposed Motion for Extension of Time to Respond to Motions for Summary Judgement, and would respectfully show the following:

**I.**

**BACKGROUND**

These consolidated Admiralty Actions arise out of the September 15, 2001, collision of the M/V BROWN WATER V and her tow with the Queen Isabella Causeway. On December 13, 2004, Motions for Summary Judgement were filed in this case by American Commercial Barge Line LLC, Amercian Commercial Lines, LLC, Deere Credit, State Street Bank and GE Capital (collectively referred to as "ACBL et al.") The Claimants' responses to ACBL et al.'s Motions for Summary Judgement are currently due on Monday, January 3, 2005.

**II.**

**RELIEF REQUESTED AND GROUNDS**

The Claimants' request an extension of time of an additional 30 days to respond to ACBL et al.'s Motions for Summary Judgment. The original Scheduling Order in this case set a deadline of December 15, 2004, for the parties to file dispositive motions. The dispositive motion deadline was not revised in the Amended Scheduling Order of December 6, 2004, except as to Cameron County. The Amended Scheduling Order continued the trial setting, and reset the case for pre-trial conference on June 29, 2005. In light of the continuance of the trial setting, there is ample time for the Court to consider ACBL et al.'s Motion for Summary Judgment well in advance of trial.

ACBL et al.'s Motion consists of 25 pages of briefing, and numerous affidavits of experts who have not been deposed in the case. The parties are continuing discovery. Key depositions are scheduled to be taken in January, 2005. For example, the deposition of David Fowler, who was at the wheel of the M/V BROWN WATER V at the time of the collision, is scheduled for January 13, 2005. This deposition could not have been taken earlier because of Fowler's invocation of this Fifth Amendment privilege against self-incrimination. Also, the Claimants' have been attempting to obtain the deposition of Rocky Wilson, the master of the M/V Brown WATER V, for several months. Although both of these witnesses were Brown Water Marine employees at the time of the collision, Claimants' have reason to believe their testimony will also be relevant to ACBL et al.'s liability. Additionally, no expert witnesses have been deposed, although numerous affidavits from these expert have been submitted in support of ACBL et al.'s motions.

Finally, the Claimants will need time to gather affidavits to counter the numerous affidavits submitted by ACBL et al. In light of the complexity and length of ACBL et al.'s motions, the continuance of the trial setting, and the intervening Christmas and New Year's

holidays, a short extension of time for the Claimants to respond to ACBL et al.'s Motions is warranted.

### III.

### UNOPPOSED NATURE OF MOTION

Claimants' counsel has discussed this Motion with counsel representing ACBL et al. ACBL et al.'s counsel is not opposed to a 30 day extension of the current response date.

**WHEREFORE, PREMISES CONSIDERED**, Hinojosa Claimants move the Court enter the attached Order extending the date by which all Hinojosa Claimants must respond to ACBL et al.'s Motion for Summary Judgment until February 2, 2005 and for such other and further relief as to which they may show themselves to be justly entitled.

Respectfully submitted this 29th day of December, 2004.

By: _____
JULIAN RODRIGUEZ, JR.
State Bar No. 17146770
Federal No. 15112

JULIAN RODRIGUEZ, JR. & ASSOC
10113 N. 10th Street Suite "C"
McAllen, Texas 78504
(956) 287-0088 Office
(956) 287-0098 Fax

Attorney for Claimants, Omar Hinojosa, Ind. And as Personal Representative of the Estate of Omar Hinojosa, Omar Hinojosa, Clarissa Hinojosa, Raquel Hinojosa, Gaspar Hinojosa III and Rita Hinojosa

## CERTIFICATE OF CONFERENCE

I hereby certify that I have discussed this Motion with opposing counsel, and the Motion is unopposed

_____
Julian Rodriguez, Jr.

## CERTIFICATE OF SERVICE

On this 29th day of December, 2004, a true and correct copy of the above and foregoing Hinojosa Claimants' Unopposed Motion for Extension of Time to Respond to Motions for Summary Judgment was served upon the following in the manner specified below.

| | |
|---|---|
| **ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**<br>Attn: Mr.Will W. Pierson, Esq.<br>Mr. Keith Uhles, Esq.<br>Mr. James Hunter, Esq.<br>1700 Wilson Plaza West<br>606 N. Carancahua<br>Corpus Chirsti, Texas 78476 | **VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED** |
| **WOOSLEY & CASSIDY**<br>Attn: Mr. Leslie D. Cassidy, III, Esq.<br>500 N. Water Street, Ste 1020<br>Corpus Christi, Texas 78471 | **VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED** |
| **JONES, WALKER, WECHETER POITEVENT, CARRERE & DEBEGRE, L.L.P.**<br>Attn: Mr. Glen Goodier, Esq.<br>201 St. Charles Ave., 48th Floor<br>New Orleans, LA 70170-5100 | **VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED** |
| **AARON & QUIRK**<br>Attn: Mr. Thomas E. Quirk, Esq.<br>901 NE Loop 410, Ste. 903<br>San Antonio, Texas 78209-1307 | **VIA FIRST CLASS MAIL** |
| **ADAMS & REESE, L.L.P.**<br>Attn: Mr. Mark J. Spansel, Esq<br>4500 One Shell Square<br>New Orleans, LA 70139 | **VIA FIRST CLASS MAIL** |
| **WATTS LAW FIRM, L.L.P.**<br>Attn: Mr. Ray R. Marchan | **VIA FIRST CLASS MAIL** |

1926 E. Elizabeth
Brownsville, Texas 78520

**SCHIRRMEISTER AJAMIE, L.L.P.**  VIA FIRST CLASS MAIL
Attn: Mr. Thomas R. Ajamie, Esq.
Mr. S. Mark Strawn, Esq.
711 Louisiana Street, Ste 2150
Houston, Texas 77002

**OFFICE OF THE ATTORNEY GENERAL**  VIA FIRST CLASS MAIL
**TRANSPORTATION DIVISION**
Attn: Mr. Jack F. Gilbert, Esq.
Mr. Michael Ratliff, Esq
P.O. Box 12548
Austin, Texas 78714-2548

**WILLIAMS BAILEY LAW FIRM, L.L.P.**  VIA FIRST CLASS MAIL
Attn: Mr. Jim S. Hast, Esq.
Mr. Nejd Yaziji, Esq.
8441 Gulf Freeway, Ste. 600
Houston, Texas 77017

**WILLETTE & GUERRA, L.L.P.**  VIA FIRST CLASS MAIL
Attn: Mr. Dino Esparza
1534 E. 6th Street, Suite 200
Brownsville, Texas 78520


_____
JULIAN RODRIGUEZ, JR.