IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 4 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § | C.A. NO. B-01-157 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |
| Consolidated with: | § § | |
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC AS OWNER and AMERICAN COMMERCIAL BARGE LINE LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | § § § § § § § § § § | C.A. NO. B-02-004 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |
| Consolidated with: | § § | |
| IN THE MATTER OF DEERE CREDIT, INC.,(FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315, AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYING FOR EXONERATION FROM AND/OR LIABILITY | § § § § § § § § § § § § § § § § | C.A. NO. B-02-125 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |

**SUGGESTION OF LACK OF MATTER JURISDICTION**

12226.1

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Juan Antonio Mireles, as Personal Representative of the Estate of Julio Cesar Mireles, Juan Antonio Mireles and Soledad Gonzalez Mireles ("Claimants") pursuant to FRCP 12(h)(3) file this Suggestion of Lack of Matter Jurisdiction over the claims made by Petitioners against Cameron County, and would show the Court the following:

## I.
## BACKGROUND

On September 6, 2002 Petitioners Brown Water Marine Service, Inc. and Brown Water Towing I, Inc. filed their Motion for Leave to Assert Third-Party Complaint Against Cameron County (Dkt. No. 208). On December 10, 2002 Petitioners American Commercial Lines, LLC, American Commercial Barge Lines, LLC, Deere Credit, Inc., State Street Bank and Trust Company of Connecticut, and General Electric Capital Corporation's filed their Motion for Leave to Assert Third-Party Complaint and Cross-Complaint Against Cameron County (Dkt. No. 215). This Court granted both motions for leave on September 13, 2004 (Dkt. No. 260, 261). Both Petitioners have alleged that Cameron County is a Texas governmental entity, and have brought their claims pursuant to the Texas Tort Claims Act (Dkt. No. 208, Exhibit A at ¶ II, and 215, Exhibit A at ¶ III).

## II.
## ANALYSIS

Whatever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. FRCP 12(h)(3). This Court lacks subject matter jurisdiction over Cameron County because Cameron County's Sovereign Immunity, and Eleventh Amendment protections have not been waived. The waiver of Sovereign Immunity

contained in the Texas Tort Claims Act only permits suit in state court. Tex. Civ. Prac. & Rem. Code Ann. § 101.102(a), and see *Sherwinski v. Peterson*, 98 F.3d 849, 851-852 (5th Cir. 1996).

In its Order of September 30, 2004 this Court has already cogently analyzed the Sovereign Immunity and Eleventh Amendment issues as they applied to the State of Texas' Motion to Dismiss (Dkt. No. 271). In said Order, the Court reasoned that Sovereign Immunity and the Eleventh Amendment would normally prohibit claims against the State of Texas in federal court, but that under the facts of this case the State of Texas had waived its immunity from suit in federal court by filing claims in this action.

Unlike the State of Texas, Cameron County has not filed a claim in these consolidated limitation proceedings. Furthermore, Cameron County has not waived, in any other fashion, the protections of Sovereign Immunity, and the Eleventh Amendment. Cameron County raised this defense in its original answers to the Third-Party Complaints and Cross-Claims (Dkt. No. 282 at ¶¶ 6 & 7 and Dkt. No. 283 at ¶¶ 5 & 6). The inclusion of this defense within Cameron County's Answers is all that was required to preserve the issue. FRCP 12(b)(1).

WHEREFORE, Claimants respectfully suggest that this Honorable Court is without subject matter jurisdiction over Petitioners' claims against Cameron County, and suggest that the Court enter the attached order dismissing said claims, without prejudice.

Respectfully submitted,

AJAMIE, L.L.P.

By: _____
S. Mark Strawn
Southern District of Texas Id No. 9996
State Bar No. 19374325
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, Texas 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699

Attorneys for Plaintiffs, Juan Antonio Mireles, as Personal Representative of the Estate of Julio Cesar Mireles, Juan Antonio Mireles and Soledad Gonzalez Mireles

## CERTIFICATE OF SERVICE

I S. MARK STRAWN hereby certify that on this 3rd day of January, 2005 a true and correct copy of the above and foregoing document was served upon opposing counsel via facsimile and certified mail return receipt requested, and via facsimile and regular mail to all other counsel.

_____
S. Mark Strawn

12226.1