United States District Court
Southern District of Texas
FILED

JAN 0 5 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND § <br> PETITION OF BROWN WATER § <br> TOWING I, INC., AS OWNER. AND § <br> BROWN WATER MARINE SERVICE, § <br> INC., AS BAREBOAT CHARTERER, § <br> OF THE BROWN WATER V, ITS § <br> ENGINES, TACKLE, ETC. IN A CAUSE§ <br> OF EXONERATING FROM OR § <br> LIMITATION OF LIABILITY § <br> § | CASE NUMBER: C.A. B-01-157 <br> (Subject to Rule 9(b) of the Federal <br> Rules of Civil Procedure) <br> Admiralty |

### OBJECTIONS TO, AND MOTION TO QUASH, SUBPOENA DUCES TECUM SERVED DECEMBER 22, 2004, DIRECTED TO CAMERON COUNTY DISTRICT ATTORNEY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ARMANDO R. VILLALOBOS, THE CAMERON COUNTY DISTRICT ATTORNEY, by and through his attorney, and files these objections to and motion to quash, subpoena duces tecum served December 22, 2004, directed to the Cameron County District Attorney, and shows this Honorable Court the following:

### INTRODUCTION

1. On or about December 22, 2004, RAY R. MARCHAN AS LEAD ATTORNEY FOR PLAINTIFFS in the above captioned cause of action caused to be delivered a Subpoena Duces Tecum directed to the Cameron County District Attorney. (A true and correct copy of such Subpoena is attached as Exhibit "A" and incorporated herein by reference as through set forth verbatim.) The subpoena sets a date and time of instanter for compliance, and directs the custodian of records to produce and permit inspection and copying of the following: "Any and all accident and investigation records

1

relative to all causeway victims, including but not limited to, accident report and all supplements, interoffice memorandum, fatality package investigation records and reports, CAD reports, field notes, 911 records, dispatcher records, memorandums, notes telephone messages and conversation notes, color prints of photographs, copies of audio and/or video tapes, witness statements, drawings, diagrams, accident reconstruction team records and reports, all data in connection with requests for support and services rendered by EMS, fire department and/or wrecker transport, and other data compilation in any form pertaining to an accident which occurred on or about 09/15/01 in Cameron County, Texas, involving a collision of a barge and the Causeway."

2. Movant objects to such subpoena duces tecum and moves that the court quash the subpoena duces tecum, or, alternatively, moves for a protective order limiting the documents, if any, to be produced to non-privileged, non-confidential documents, for the reasons listed below.

### The Subpoena fails to Identify With Reasonable Specificity and Particularity The documents Sought

3. The party seeking to subpoena the documents has failed to identify with sufficient particularity and specificity the documents sought. As already noted, the subpoena directs the custodian of records to produce and permit inspection and coping of the following: "Any and all accident and investigation records relative to all causeway victims, including but not limited to, accident report and all supplements, interoffice memorandum, fatality package investigation records and reports, CAD reports, field notes, 911 records, dispatcher records, memorandums, notes telephone messages and conversation notes, color prints of photographs, copies of audio and/or video tapes, witness statements, drawings, diagrams, accident reconstruction team records and reports,

all data in connection with requests for support and services rendered by EMS, fire department and/or wrecker transport, and other data compilation in any form pertaining to an accident which occurred on or about 09/15/01 in Cameron County, Texas, involving a collision of a barge and the Causeway." Such an overbroad request constitutes and impermissible fishing expedition. See, e.g., Phillips vs. Automated Telephone Management Systems, Inc., 160 F.R.D. 561, 563 (N.D. Tex. 1994) ("The discovery requested from Coppers and Bailey amounts to no more than a "fishing expedition' in an attempt to discover unknown wrongs.") Miller v. Adelson, 4 F.R.D. 176, 176-77 (W.D. Pa. 1944) (court sustained objection to production of entire file on ground no particular paper designated). Compare United States v. King, 164 F.R.D. 542, 546 (D. Kan. 1996) ("Requesting entire files instead of specific documents indicates a fishing expedition.")

4. The Fifth Circuit has held that a subpoena duces tecum "must also properly identify or describe the documents requested" and "the request must be sufficiently definite to provide guidance as to what is to be produced by standards or criteria that make clear the duty of the person subpoenaed." In re grand Jury Proceedings, 601 F.2d 162, 168 (5th Cir. 1979).

**The Records Sought Are Privileged Confidential and Protected From Disclosure**

5. Federal rule 45 (c) (3) (A) (iii) provides that "[o] n timely motion the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or wavier applies." The documents sought by Respondents are privileged, confidential and protected from disclosure.

## **Work Product**

6. The Texas Code of Criminal Procedure and Texas Common Law protect the work product of the state's attorney from disclosure. In Wood v. McCown, 784 S.W.2d 126 (Tex.App.—Austin, 1990, no writ), the court held that the criminal work-product doctrine recognized through the common law continues after the criminal case had concluded, and protects the material from disclosure when it is sought in a subsequent civil case. Id. At 128-29.

7. Article 39.14 of the Texas Code of Criminal Procedure excepts from discovery "the work product of counsel in the case and their investigators and their notes or report." Tex. Code Crim. P. art 39.14 (Vernon 1979 & Supp. 1998). The criminal work-product doctrine recognized in Article 39.14 of the Texas Code of Criminal Procedure "extends to prosecution files and papers." Brem v. State, 571 S.W.2d 314, 322 (Tex. Crim. App. [Panel Op.] 1978). The [work-product] privilege has thus been extended to offense or investigative reports prepared by the Police, ... internal prosecution files or papers, ... and reports on the analyses of narcotics ... It has also been extended to statements prepared by law enforcement officers after interviewing prospective witnesses. Quinones v. State, 592 S.W.2e 933, 940 (Tex. Crim App. 1980) (en banc). The Texas Court of Criminal Appeals has also held that article 39.14 exempts witness statements from discovery as work product. Hoffman v. State, 514 S.W.2d 248, 252 (Tex. Crim. App. 1974).

**Witness Statements**

8. Article 39.14 of the Texas Code of Criminal Procedure excepts "written statements of witnesses" in the possession of the state from discovery in criminal cases. Tex. Code Crim. P. art. 39.14 (Vernon 1979 & Supp. 1998). Such statements are privileged and not subject to disclosure if the witness does not testify and the statement is not exculpatory. Nelson v. State, 511 S.W.2d 18, 20 (Tex. Crim. App. 1974); see State ex rel. Simmons v. Moore, 774 S.W.2d 711, 714 (Tex. App.—El Paso 1989, no pet.). In the instant case, the underlying criminal case is still under investigation. Therefore, the statements remain protected from disclosure.

**Rule 501 of the Federal Rules of Evidence**

9. In determining the applicability of the state law privileges asserted herein, it should be remembered that the Movant is not a party to this litigation and has been involuntarily drawn into federal court pursuant to a subpoena. Movant should not be denied its state law privileges because of such fortuitous circumstances. To the extent, if at all, that Rule 501 of the Federal Rules of Evidence would require the application of "the principals of the common law as they may be interpreted by the courts of the United States in light of reason and experience," Movant asks the Court to recognize the wisdom of the state law privileges asserted herein and to apply them as a matter of federal common law." Fed.R.Evide. 501 advisory committee notes. Movant further asserts that, in any event, federal common law is consistent with state law with respect to the asserted privileges. See, e.g., United States v. Nobles, 422 U.S. 225, 236 95 S.Ct. 2160, 2169, 45 L.Ed.2d 141 (1975) (recognizing work product privileged in federal criminal case); R.T.C. v. Grolier, Inc., 462 U.S. 19, 26, 103 S. Ct. 2209, ____, 76 L.Ed

2d 387, 393-94 (1983) (work product privileged does not terminate upon conclusion of the particular case in which it was generated but continues thereafter); In Re Grand Jury Proceedings, 43 F.3d 966, 971 (5th Cir. 1994) (work product privilege applies in subsequent litigation); Fed.R.Crim.P. 16(B) (2) (establishing work-product protection in pretrial criminal context); U.S. v Thomas, 766 R.Supp. 372, 375 (W.D.Pa. 1991) (statements in possession of government are not subject to disclosure if the witness does not testify and the statements are not exculpatory); U.S. v. Cherry, 876 F.Supp. 547, 551 (S.D.N.Y. 1995) (reports and investigations of state law enforcement are protected as work product). Compare F.R.C.P. 26 (b) (3) (protecting work-product and witness statements in civil context). Movant further asserts that the documents are protected by the required reports privilege recognized by both Texas and federal law, the prosecutorial and deliberative process privilege recognized at federal common law, the official information privilege recognized at federal common law, and the law enforcement privilege recognized at federal common law.

10. Movant, hereby seeks an order quashing the subpoena duces tecum attached hereto as Exhibit "A." Alternatively, Movant moves for a protective order limiting the documents, if any, to be produced to non-privileged, non-confidential documents. Furthermore, prior to any ordered disclosure, if at all, of any materials sought through the notice and subpoena duces tecum, which Movant asserts are confidential or privileged, Movant requests that the Court examine in camera those materials asserted by Movant as being confidential and/or privileged. Movant prays for such additional orders of the Court as are consistent with the assertions of Movant in this

motion; that Movant not be required to divulge any information as to matters that are confidential or privileged and that the Court grant Movant such other further relief, general or special to which Movant may be entitled at law or in equity.

          Respectfully submitted,

          YOLANDA DE LEÒN
          COUNTY AND DISTRICT ATTORNEY

          Cameron County Courthouse
          974 E. Harrison Street
          Brownsville, Texas 78520
          Telephone:   956/544-0849
          Fax No.:     956/544-0869

BY:   _____
        John T. Blaylock
        First Assistant District and County Attorney
        Texas State Bar No. 00784302
        Federal Admission No. 32386
        ATTORNEY FOR MOVANT

## CERTIFICATE OF CONFERENCE

This is to certify that efforts to resolve this discovery dispute have been attempted by telephone discussion with the attorney for the party seeking to subpoena the documents in question, without resolution.

John T. Blaylock
First Assistant District and County Attorney

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing motion, and proposed order accompanying the same has been served upon Ray R. Marchan, attorney for the Plaintiffs forwarding same by "fax" transmission, and by mailing a copy of same by United States mail, certified mail, return receipt requested, on the 5th day of **January, 2004**.

Ray R. Matrchan
Attorney at Law
Watts Law Firm
1926 E. Elizabeth Ave.
Brownsville, Texas 78520
**CM/RRR #**

John T. Blaylock
First Assistant District and County Attorney