IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 0 2005

Michael N. Milby
Clerk of Court

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWIN I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC. AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. IN A CAUSE OF EXONERATION FROM AND/OR LIMITATION OF LIABILITY | C. A. No. B-01-157 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure Admiralty) |
| Consolidated with | |
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC AS OWNER, AND, AMERICAN COMMERCIAL BARGE LINES LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, AND VLB-9173, IN A CAUSE OF EXONERATION FROM AND/OR LIMITATION OF LIABILITY ET AL | C.A. NO. B-02-004 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure Admiralty) |
| Consolidated with | |
| IN THE MATTER OF DEERE CREDIT, INC., (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315, AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER FO THE BARGE ACL-9933B IN A CAUSE OF EXONERATION FROM AND/OR LIABILITY | C.A. No. B-02-125 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure Admiralty) |

## SUGGESTION OF LACK OF MATTER JURISDICTION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Jacqueline Paddock Individually and as Representative of the Estates of Chealsa Louise Welch and Barry Welch and as Next Friend of William B. Welch, William Morris Welch, Individually and as the Surviving Father of Barry Welch, deceased, William Eugene (Gene) Kimbrell, Individually and as the Surviving Father of Chealsa Louise Welch, deceased, Anita Harris Individually and as Representative of the Estate of Robert V. Harris, and as Next Friend of Victor Justin Harris, Carol Leavell and Rick Leavell, Individually and as Representatives of the Estate of Robin Faye Leavell, Lydia Zamora Individually and as Legal Representative of the Estate of Hector Martinez, Jr., Hector Martinez, Sr. Individually, Esteban Rivas and Miriam Rivas, Individually and as Legal Representatives of the Estate of Stvan Rivas, Omar Hinojosa, Individually and as Legal Representatives of the Estate of Gaspar Hinojosa, Raquel Hinojosa, Clarissa Hinojosa and Gaspar Hinojosa, II, Martin D. Hinojosa and Rita S. Hinojosa, Individually, Brigette Goza, Individually, Rene Mata and Frank Mata, Gustavo Morales, Individually, Bigos International, L.L.C., Rolando Lee Moya, Alberto L. Moya, Antonio Salinas and Roberto Espericueta, ("CLAIMANTS") pursuant to FRCP 12(h)(3) file this Suggestion of Lack of Matter Jurisdiction over the claims made by Petitioners against Cameron County, and would show the Court the following:

I.

**BACKGROUND**

On September 6, 2002, Petitioners Brown Water Marine Services, Inc. and Brown Water Towing I, Inc. filed their Motion for Leave to Assert Third-Party Complaint Against Cameron County (Dkt. No. 208). On December 10, 2002, Petitioners American Commercial Lines, LLC, American Commercial Barge

Lines, LLC, Deere Credit, Inc., State Street Bank and Trust Company of Connecticut, and General Electric Capital Corporation's filed their Motion for Leave to Assert Third-Party Complaint and Cross-Complaint Against Cameron County (Dkt. No. 215). This Court granted both motions for leave on September 13, 2004 (Dkt. No. 260, 261). Both Petitioners have alleged that Cameron County is a Texas governmental entity, and have brought their claims pursuant to the Texas Tort Claims Act (Dkt. No. 208, Exhibit A at ¶II, and 215, Exhibit A at ¶III).

II.

**ANALYSIS**

Whatever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. FRCP 12(h)(3). This Court lacks subject matter jurisdiction over Cameron County because Cameron County's Sovereign Immunity, and Eleventh Amendment protections have not been waived. The waiver of Sovereign Immunity contained in the Texas Tort Claims Act only permits suit in state court. Tex.Civ.Prac. & Rem. Code Ann. § 101.102(a), and see *Sherwinski v. Peterson*, 98 F.3d 849, 851-852 (5th Cir. 1996).

In its Order of September 30, 2004, this Court has already cogently analyzed the Sovereign Immunity and Eleventh Amendment issues as they applied to the State of Texas' Motion to Dismiss (Dkt. No. 271). In said Order, the Court reasoned that Sovereign Immunity and the Eleventh Amendment would normally prohibit claims against the State of Texas in federal court, but that under the facts of this case the State of Texas had waived its immunity from suit in federal court by filing claims in this action.

Unlike the State of Texas, Cameron County has not filed a claim in these consolidated limitation proceedings. Furthermore, Cameron County has not waived, in any other fashion, the protections of Sovereign Immunity, and the Eleventh Amendment. Cameron County raised this defense in its original answers to the Third-Party Complaints and Cross-Claims (Dkt. No. 282 at ¶¶6 & 7 and Dkt. No. 283 at ¶¶5 & 6). The inclusion of this defense within Cameron County's Answers is all that was required to preserve the issue. FRCP 12(b)(1).

WHEREFORE, CLAIMANTS respectfully suggest that this Honorable Court is without subject matter jurisdiction over Petitioners' claims against Cameron County, and suggest that the Court enter the attached order dismissing said claims, without prejudice.

Respectfully submitted,

WATTS LAW FIRM, L.L.P.

/s/ Ray R. Marchan

Mikal C. Watts
State Bar No.
Ray R. Marchan
State Bar No. 12969050
WATTS LAW FIRM, L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520
(956) 544-0500
(956) 541-0255 FAX

ATTORNEYS FOR CLAIMANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of January, 2005, a true and correct copy of the foregoing instrument was delivered to opposing counsel by hand-delivery, via fax or by certified mail, return receipt requested.

_____
RAY R. MARCHAN