United States District Court
Southern District of Texas
FILED

JAN 1 4 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWIN I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC. AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | C. A. No. B-01-157<br><br>Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES LLC AS OWNER, AND, AMERICAN COMMERCIAL BARGE LINES LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, AND VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY ET AL | C.A. NO. B-02-004<br>Admiralty |

## CLAIMANTS' MOTION TO ASSERT THIRD-PARTY COMPLAINT AGAINST STATE OF TEXAS DEPARTMENT OF TRANSPORTATION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, all claimants in the above styled and numbered cause, and request leave to Assert a Third-Party Complaint against State of Texas Department of Transportation, showing as follows:

I.

Petitioners initiated this proceeding seeking exoneration from or, alternatively, limitation of liability arising from an allision with the Queen Isabella Causeway on September 15, 2001. Claimants filed numerous claims against the Petitioners in this limitation action. Through discovery, it is been learned that State of Texas bears some fault for the incident. Specifically, State of Texas Department of Transportation was

responsible for maintaining navigational and/or street lights on the Queen Isabella Causeway. The discovery obtained to date indicates that these lights were not properly working on the night of the allision. The failure to maintain or properly operate the lights constitutes negligence and/or negligence per se under Texas law. In addition, under the applicable maritime law, in accordance with the Pennsylvania Rule, State of Texas' failure to comply with the law creates a presumption of fault on its behalf. The acts or omissions of State of Texas caused or contributed to the allision and/or caused or contributed to several subsequent deaths and personal injuries.

II.

The State of Texas Department of Transportation was a party to this action until it recently settled its claims with Petitioners. Because the State settled its claims, it is necessary to bring it back in as Third Party Defendant. The State, however, was a party to this action from early on, and participated in all of the pertinent discovery and proceedings. Further, these same claims had been asserted against the State in the state court action. Consequently, bringing the State back into the lawsuit will not delay the proceeding or prejudice the State.

WHEREFORE, PREMISES CONSIDERED, Claimants pray that leave be given to them to assert a Third-Party Complaint against The State of Texas Department of Transportation. In addition, the Claimants request all other relief to which they may be entitled at law, in equity, or in admiralty.

Respectfully submitted on this the __14__ day of January, 2005.

> WATTS LAW FIRM, L.L.P.
> 1926 E. Elizabeth
> Brownsville, Texas 78520
> (956) 544-0500
> (956) 541-0255 Fax
>
> _____
> RAY R. MARCHAN
> State Bar No. 12969050
> Federal I.D. No. 9522
> *Counsel for Claimants*

## CERTIFICATE OF CONFERENCE

The Claimants forwarded to counsel for petitioners, via fax, a copy of the foregoing on January 13, 2005. As of today, January 14, 2005, there has been no indication whether counsel for defendants/petitioners are opposed or unopposed.

_____
RAY R. MARCHAN
State Bar No. 12969050
Federal I.D. No. 9522
*Counsel for Claimants*

## CERTIFICATE OF SERVICE

I hereby certify that on this the __14__ day of January, 2005, a true and correct copy of the foregoing instrument was delivered to opposing counsel by hand-delivery, via fax or by certified mail, return receipt requested.

_____
RAY R. MARCHAN