United States District Court
Southern District of Texas
FILED

JAN 1 4 2005

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWIN I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC. AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § | C. A. No. B-01-157<br><br><br><br>Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES LLC AS OWNER, AND, AMERICAN COMMERCIAL BARGE LINES LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, AND VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY ET AL | § § § § § § § § § § § § § | C.A. NO. B-02-004<br>Admiralty |

## THIRD PARTY COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Claimants/Third-Party Claimants, complaining of STATE OF TEXAS DEPARTMENT OF TRANSPORTATION, Third Party Defendant, and file this, their Third Party Complaint.

### I.

### PARTIES

1.1     Claimants,

Jacqueline Paddock Individually and as Representative of the Estates of Chealsa Louise Welch and Barry Welch and as Next Friend of William B. Welch is a resident of Laguna Vista, Cameron County, Texas. She bring this action

Individually and in her own capacity; as the surviving mother of Chealsa Louise Welch, deceased, as the Legal Representative of the Estates of Chealsa Louise Welch and Barry Welch, as Next Friend of William B. Welch, minor child, and in all other capacities permitted by law.

Dixie Welch Individually and as Representative of the Estate of William Morris Welch, Individually and as the Surviving Father of Barry Welch, deceased is a resident of Texas City, Galveston County, Texas. They bring this action Individually and in his own capacity, as the surviving father of Barry Welch, and in all other capacities permitted by law.

William Eugene (Gene) Kimbrell, Individually and as the Surviving Father of Chealsa Louise Welch, deceased is a resident of Buffalo, Erie County, New York. He bring this action Individually and in his own capacity, as the surviving father of Chealsa Louise Welch, deceased and in all other capacities permitted by law.

Anita Harris Individually and as Representative of the Estate of Robert V. Harris, and as Next Friend of Victor Justin Harris is a resident of Cameron County, Texas. She bring this action Individually and in her own capacity, as the surviving wife of Robert V. Harris, deceased, as the Legal Representative of the Estate of Robert V. Harris, as Next Friend of William B. Welch, minor child, and in all other capacities permitted by law.

Carol Leavell and Rick Leavell, Individually and as Representatives of the Estate of Robin Faye Leavell, are residents of Mercedes, Hidalgo County, Texas. They bring this action Individually and in their own capacity, as the surviving parents of Robin Faye Leavell, deceased, as the Legal Representative of the Estate of Robin Faye Leavell, and in all other capacities permitted by law.

Lydia Zamora Individually and as Legal Representative of the Estate of Hector Martinez, Jr., is a resident of Port Isabel, Cameron County, Texas. She bring this action Individually and in her own capacity, as the surviving mother of Hector Martinez, Jr., as the Legal Representative of the Estate of Hector Martinez, Jr., and in all other capacities permitted by law.

Hector Martinez, Sr. Individually is a resident of Houston, Harris County, Texas. He bring this action individually and in his own capacity, as the surviving father of Hector Martinez, Jr., deceased, and in all other capacities permitted by law.

J. Antonio Mireles and Soledad Gonzalez Mireles, Individually and as Legal Representatives of the Estate of Julio Cesar Mireles are residents of Cameron County, Texas. They bring this action Individually and in their own capacity; as the surviving parents of Julio Cesar Mireles; as the Legal Representatives of the Estate of Julio Cesar Mireles, and in all other capacities permitted by law.

Esteban Rivas and Miriam Rivas, Individually and as Legal Representatives of the Estate of Stvan Rivas are residents of Cameron County, Texas. They bring this action Individually and in their own capacity; as the surviving parents of Stvan Rivas; as the Legal Representatives of the Estate of Stvan Rivas, and in all other capacities permitted by law.

Omar Hinojosa, Individually and as Legal Representatives of the Estate of Gaspar Hinojosa, Raquel Hinojosa, Clarissa Hinojosa and Gaspar Hinojosa, II, Martin D. Hinojosa and Rita S. Hinojosa, Individually, are residents of McAllen, Hidalgo County, Texas. Raquel Hinojosa brings this action Individually and as the Surviving Spouse of Gaspar Hinojosa, deceased and in her own capacity; and

in all other capacities permitted by law. Martin D. Hinojosa and Rita S. Hinojosa bring this action Individually and as the Surviving Parents of Gaspar Hinojosa, deceased and in their own capacity; and in all other capacities permitted by law. Omar Hinojosa brings this action Individually and as the Representative of the Estate of Gaspar Hinojosa, deceased and in his own capacity; and in all other capacities permitted by law. Clarissa Hinojosa and Gaspar Hinojosa, II bring this action Individually and in their own capacity; and in all other capacities permitted by law.

Brigette Goza, Individually is a resident of Port Isabel, Cameron County, Texas. She bring this action Individually and in her own capacity, and in all other capacities permitted by law.

Rene Mata and Frank Mata, Individually are residents of Laguna Vista, Cameron County, Texas. They bring this action Individually and in their own capacity, and in all other capacities permitted by law.

Gustavo Morales, Individually is a resident of Brownsville, Cameron County, Texas. He bring this action individually and in his own capacity, and in all other capacities permitted by law.

Bigos International, L.L.C. is a business in South Padre Island, Cameron County, Texas. It brings this action Individually and in its own capacity, and in all other capacities permitted by law.

Rolando Lee Moya, Individually is a resident of Hidalgo County, Texas. He bring this action Individually and in his own capacity, and in all other capacities permitted by law.

Alberto L. Moya, Individually is a resident of Hidalgo County, Texas. He bring this action Individually and in his own capacity, and in all other capacities permitted by law.

Roberto Espericueta, Individually is a resident of Hidalgo County, Texas. He bring this action individually and in his own capacity, and in all other capacities permitted by law.

Antonio Salinas, Individually is a resident of Hidalgo County, Texas. He bring this action individually and in his own capacity, and in all other capacities permitted by law.

Southwestern Bell is a business in Cameron County, Texas. It brings this action Individually and in his own capacity, and in all other capacities permitted by law.

Laguna Madre Water District is a business in Port Isabel, Cameron County, Texas. It brings this action Individually and in his own capacity, and in all other capacities permitted by law.

1.2     Third Party Defendant, State of Texas Department of Transportation is a governmental entity which may be served with process by serving its general counsel, Mr. Richard Monroe, at 125 East 11th Street, Austin, Texas 78701-2483.

## II.

## JURISDICTION AND VENUE

2.1     Jurisdiction and venue is proper in this Court, as the events giving rise to this suit occurred, in whole or in part, in on the land and navigable waters of Cameron County, Texas, and all or a substantial part of the events or

omissions giving rise to the Claimants' claims occurred in Cameron County, Texas. Claimants are seeking damages within this Court's jurisdictional limits.

## III.

## FACTUAL BACKGROUND

3.1    That on or about September 15, 2001, while in a motor vehicles being driven by BARRY WELCH, ROBERT V. HARRIS, HECTOR MARTINEZ, JR. JULIO CESAR MIRELES, STVAN RIVAS, GASPAR HINOJOSA, BRIGETTE GOZA, GUSTAVO MORALES, AND RENE MATA, while traveling along and upon the Queen Isabella Causeway in Port Isabel, Cameron County, Texas, was severely and fatally injured.

3.2    That on or about September 15, 2001, Plaintiffs ROLANDO LEE MOYA, ALBERTO LEROY MOYA, ANTONIO SALINAS, JR. AND ROBERT ESPERICUETA were fishing at or near the Queen Isabella Causeway in Port Isabel, Cameron County, Texas.  Many people driving vehicles over the Queen Isabella Causeway fell through the chasm in the roadway and plummeted to the water below, many to their death.  Plaintiffs responded heroically, saving the life of several individuals and preventing injury to many more.   As a result of the incident made the basis of this lawsuit, Plaintiffs suffered severe and permanent injuries and property damages.

3.3    The Queen Isabella Causeway curves, has narrow shoulders, and rises approximately 109 feet above the bay.  Once drivers enter the causeway, a concrete median prevents them from turning around.   At the time of this incident, a block of streetlights on the causeway's western section was not functioning.  The first part of the bridge was illuminated for traffic heading

6

toward Port Isabel, Texas, but there was no illumination at the scene of the incident.

3.4    The State of Texas alleges that it owns the causeway and its streetlight system.    Cameron County assumes certain maintenance responsibilities over the causeway's streetlight system under an agreement with the Texas Department of Transportation.   Correspondence between TXDOT and the County shows that maintaining the causeway's streetlights had been a problem since at least 1995.  In November of that year, Kenneth Conway, a county park-system director, wrote to TXDOT's district engineer that 30 causeway streetlights were not functioning and presented a "serious safety hazard".  In an April 1996 letter to TXDOT, Conway wrote that "inconsistent lighting on the causeway presents a safety hazard to the traveling public." By August 1996, over 30 streetlights had failed, and at least that many were not functioning later when this incident occurred.

3.5    At the time of the incident that gives rise to this suit, the failed block of lights at the end of the elevated and curving causeway, with narrow shoulders and limited access, suddenly plunged motorists, including BARRY WELCH, CHEALSA LOUISE WELCH, ROBERT V. HARRIS, ROBIN FAYE LEAVELL, HECTOR MARTINEZ, JR. JULIO CESAR MIRELES, STVAN RIVAS, GASPAR HINOJOSA, BRIGETTE GOZA, GUSTAVO MORALES, AND RENE MATA, into darkness.  The causeway entrance was illuminated; thus, the sudden darkness from the block of failed lighting came upon drivers unexpectedly, a condition which was neither open nor obvious to CHEALSA LOUISE WELCH, BARRY WELCH, ROBERT V. HARRIS, ROBIN FAYE LEAVELL, HECTOR MARTINEZ, JR. JULIO CESAR MIRELES, STVAN RIVAS, GASPAR HINOJOSA,

BRIGETTE GOZA, GUSTAVO MORALES, AND RENE MATA.   PLAINTIFFS CHEASLA LOUISE WELCH, BARRY WELCH, ROBERT V. HARRIS, ROBIN FAYE LEAVELL, HECTOR MARTINEZ, JR. JULIO CESAR MIRELES, STVAN RIVAS, GASPAR HINOJOSA, BRIGETTE GOZA, GUSTAVO MORALES, AND RENE MATA did not have actual knowledge of this danger.  Furthermore, when Plaintiffs CHEALSA LOUISE WELCH, BARRY WELCH, ROBERT V. HARRIS, ROBIN FAYE LEAVELL, HECTOR MARTINEZ, JR. JULIO CESAR MIRELES, STVAN RIVAS, GASPAR HINOJOSA, BRIGETTE GOZA, GUSTAVO MORALES, AND RENE MATA entered the causeway, they could not see far enough ahead to know that the large block of lights on the bridge was out.  Additionally, motorists traveling over the bridge had every reasonable expectation that any non-functioning lights had been repaired or replaced. Thus, the malfunctioning block of artificial lighting that the Third Party Defendants failed to maintain caused a sudden and unexpected change in driving conditions.

3.6    A cement barrier on the causeway separates the two travel lanes in each direction and prevents drivers from turning back once embarking upon the bridge.  Only a relatively narrow shoulder beside the traffic lanes is available to accommodate vehicles in emergency situations.  On the evening in question, the causeway was lit at the point of entry, but there was no illumination further along the causeway at the accident scene.  The lighting failure was not open or obvious to motorists entering the causeway, and the entrance to the causeway is the only point at which they could choose to avoid the condition or otherwise protect themselves.

3.7    The condition of the bridge, upon failure of a large block of streetlights, caused it to be more dangerous than an ordinary road.  It posed an

unreasonable risk of harm, in that that there was a sufficient probability of a harmful event occurring, that the Third Party Defendants would have foreseen it, or some similar event, as likely to happen.

3.8     While Plaintiffs CHEALSA LOUISE WELCH, BARRY WELCH, ROBERT V. HARRIS, ROBIN FAYE LEAVELL, HECTOR MARTINEZ, JR. JULIO CESAR MIRELES, STVAN RIVAS, GASPAR HINOJOSA, BRIGETTE GOZA, GUSTAVO MORALES, AND RENE MATA, ROLANDO LEE MOYA, ALBERTO L. MOYA, ROBERTO ESPERICUETA, AND ANTONIO SALINAS did not actually know of the dangerous condition of the bridge, the Third Party Defendants themselves knew of the danger that the causeway's numerous, nonfunctioning streetlights posed.  Kenneth Conway, Cameron County's park-system director, described the failed lighting as a "serious public safety issue" and "a serious safety hazard".  In a letter to TXDOT, Conway specifically identified the danger posed to motorists of the causeway.  The general foreman a previous contractor, Red Simpson, Inc., hired to repair the lights additionally recognized the danger. He wrote in a letter that the causeway's lighting system posed an "[e]xtreme hazard".

## V.

## CAUSES OF ACTION

### A.  Causes of Action Against the State of Texas Department of Transportation

5.1     Claimants bring suit against the State of Texas Department of Transportation pursuant to Texas Civil Practice & Remedies Codes Section 101.022(a), as the Claimants' claims arise from a premise defect, and the governmental unit owes to the Claimants the same duty that a private person

owes to a licensee on private property. With respect to the condition of the premises, the condition posed an unreasonable risk of harm, the Third Party Defendant had actual knowledge of the danger, the Claimants did not have actual knowledge of the danger, and the Third Party Defendant failed to exercise ordinary care to protect CHEALSA LOUISE WELCH, BARRY WELCH, ROBERT V. HARRIS, ROBIN FAYE LEAVELL, HECTOR MARTINEZ, JR. JULIO CESAR MIRELES, STVAN RIVAS, GASPAR HINOJOSA, BRIGETTE GOZA, GUSTAVO MORALES, RENE MATA, ROLANDO LEE MOYA, ALBERTO L. MOYA, ROBERTO ESPERICUETA, AND ANTONIO SALINAS from danger, by both failing to adequately warn of the condition and failing to make that condition reasonably safe. Furthermore, the Third Party Defendant was grossly negligent with respect to the condition of the premises, the condition posed an unreasonable risk of harm, and the Third Party Defendant both failed to adequately warn CHEALSA LOUISE WELCH, BARRY WELCH, ROBERT V. HARRIS, ROBIN FAYE LEAVELL, HECTOR MARTINEZ, JR. JULIO CESAR MIRELES, STVAN RIVAS, GASPAR HINOJOSA, BRIGETTE GOZA, GUSTAVO MORALES, RENE MATA, ROLANDO LEE MOYA, ALBERTO L. MOYA, ROBERTO ESPERICUETA, AND ANTONIO SALINAS of the danger and failed to make that condition reasonably safe. The Third Party Defendant's conduct was more than momentary thoughtlessness, inadvertence, or error of judgment. In other words, the Third Party Defendant either knew of or was substantially certain that the result or a similar result would occur, or it displayed such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety, or welfare of the person affected by it. Regardless of whether or not punitive damages can be assessed against the

governmental Third Party Defendant, Third Party Defendant's grossly negligent conduct means that any alleged knowledge of the condition by the Claimants will not bar recovery.

5.2    Claimants bring suit against the State of Texas Department of Transportation pursuant to Texas Civil Practice & Remedies Codes Section 101.022(b) and 101.060(2) and (3), as the incident in question resulted from the absence, condition, or malfunction of warning devices, which was not corrected by the Third Party Defendant within a reasonable time after notice of the condition.

5.3    Claimants bring suit against the State of Texas Department of Transportation pursuant to Texas Civil Practice & Remedies Codes Section 101.021(2) because the Claimants' injuries and death were caused by the condition or use of tangible personal or real property, including defective wiring and lighting, including the bridge's navigation range lights. The failure to use new wiring and lighting constitutes a misuse of tangible personal property.

## VI.

### PROXIMATE CAUSE

6.1    The acts, omissions, negligence, and gross negligence of the Third Party Defendants as alleged above proximately caused damages to JACQUELINE PADDOCK INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATES OF CHEALSA LOUISE WELCH AND BARRY WELCH AND AS NEXT FRIEND OF WILLIAM B. WELCH, WILLIAM MORRIS WELCH, INDIVIDUALLY AND AS THE SURVIVING FATHER OF BARRY WELCH, WILLIAM EUGENE (GENE) KIMBRELL, INDIVIDUALLY AND AS THE SURVIVING FATHER OF CHEALSA LOUISE WELCH, ANITA HARRIS

INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ROBERT V. HARRIS, AND AS NEXT FRIEND OF VICTOR JUSTIN HARRIS, CAROL LEAVELL AND RICK LEAVELL, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF ROBIN FAYE LEAVELL, LYDIA ZAMORA INDIVIDUALLY AND AS LEGAL REPRESENTATIVE OF THE ESTATE OF HECTOR MARTINEZ, JR., HECTOR MARTINEZ, SR. INDIVIDUALLY, J. ANTONIO MIRELES AND SOLEDAD GONZALEZ MIRELES, INDIVIDUALLY AND AS LEGAL REPRESENTATIVES OF THE ESTATE OF JULIO CESAR MIRELES, ESTEBAN RIVAS AND MIRIAM RIVAS, INDIVIDUALLY AND AS LEGAL REPRESENTATIVES OF THE ESTATE OF STVAN RIVAS, OMAR HINOJOSA, INDIVIDUALLY AND AS LEGAL REPRESENTATIVES OF THE ESTATE OF GASPAR HINOJOSA, RAQUEL HINOJOSA, CLARISSA HINOJOSA AND GASPAR HINOJOSA, II, MARTIN D. HINOJOSA AND RITA S. HINOJOSA, INDIVIDUALLY, BRIGETTE GOZA, GUSTAVO MORALES, RENE MATA AND FRANK MATA, ROLANDO LEE MOYA, ALBERTO L. MOYA, ROBERTO ESPERICUETA, ANTONIO SALINAS, BIGOS INTERNATIONAL, L.L.C., SOUTHWESTERN BELL, AND LAGUNA MADRE WATER DISTRICT in excess of this Court's minimum jurisdictional limits.

## VII.

### DAMAGES TO JACQUELINE PADDOCK INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF CHEALSA LOUISE WELCH AND AS NEXT FRIEND OF WILLIAM B. WELCH

7.1    CHEALSA LOUISE WELCH did not die instantaneously, but rather suffered severe and excruciating physical pain and mental anguish prior to her death. As a result, her estate is entitled to recover damages for her physical pain

and mental anguish, in addition to funeral and burial expenses, for which recovery is sought herein.

7.2    As a direct and proximate result of the death of CHEALSA LOUISE WELCH, Claimants JACQUELINE PADDOCK INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATES OF CHEALSA LOUISE WELCH AND BARRY WELCH AND AS NEXT FRIEND OF WILLIAM B. WELCH have been deprived of the affection, companionship, advise, counsel, comfort, solace and services that they would, in a reasonable probability, have received from CHEALSA LOUISE WELCH during her lifetime had she survived.

7.3    Claimants JACQUELINE PADDOCK INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATES OF CHEALSA LOUISE WELCH AND BARRY WELCH AND AS NEXT FRIEND OF WILLIAM B. WELCH have suffered the loss of the parent/child relationship, extreme grief, mental anguish, and physical suffering in the past and will, in reasonable probability, continue to do so in the future as a result of the sudden and untimely death of CHEALSA LOUISE WELCH.

7.4    These Claimants have been damaged in the sum of three million dollars ($3,000,000.00) subject to any limitations posed by the Texas Civil Practice & Remedies Code with regard to Third Party Defendant's State of Texas Department of Transportation ($250,000.00) after any and all comparative negligence deductions, if any, are assessed.

## VIII.

### DAMAGES TO WILLIAM EUGENE (GENE) KIMBRELL, INDIVIDUALLY AND AS THE SURVIVING FATHER OF CHEALSA LOUISE WELCH

8.1    CHEALSA LOUISE WELCH did not die instantaneously, but rather suffered severe and excruciating physical pain and mental anguish prior to her death. As a result, her estate is entitled to recover damages for her physical pain and mental anguish, in addition to funeral and burial expenses, for which recovery is sought herein.

8.2    As a direct and proximate result of the death of CHEALSA LOUISE WELCH, Claimants WILLIAM EUGENE (GENE) KIMBRELL, INDIVIDUALLY AND AS THE SURVIVING FATHER OF CHEALSA LOUISE WELCH has been deprived of the affection, companionship, advise, counsel, comfort, solace and services that they would, in a reasonable probability, have received from CHEALSA LOUISE WELCH during her lifetime had she survived.

8.3    Claimants WILLIAM EUGENE (GENE) KIMBRELL, INDIVIDUALLY AND AS THE SURVIVING FATHER OF CHEALSA LOUISE WELCH has suffered the loss of the parent/child relationship, extreme grief, mental anguish, and physical suffering in the past and will, in reasonable probability, continue to do so in the future as a result of the sudden and untimely death of CHEALSA LOUISE WELCH.

8.4    These Claimant has been damaged in the sum of three million dollars ($3,000,000.00) subject to any limitations posed by the Texas Civil Practice & Remedies Code with regard to Third Party Defendant's State of Texas Department of Transportation after any and all comparative negligence deductions, if any, are assessed.

## IX.

## DAMAGES TO JACQUELINE PADDOCK AS REPRESENTATIVE OF THE ESTATE OF BARRY WELCH AND AS NEXT FRIEND OF WILLIAM B. WELCH

9.1    Barry Welch did not die instantaneously, but rather suffered severe and excruciating physical pain and mental anguish prior to his death.  As a result, their estate is entitled to recover damages for his physical pain and mental anguish, in addition to funeral and burial expenses, for which recovery is sought herein.

9.2    As a direct and proximate result of the death of BARRY WELCH Claimants JACQUELINE PADDOCK, AS REPRESENTATIVE OF THE ESTATE OF BARRY WELCH AND AS NEXT FRIEND OF WILLIAM B. WELCH have been deprived of the affection, companionship, advise, counsel, comfort, solace and services that they would, in a reasonable probability, have received from Barry Welch during his lifetime had he survived.

9.3    Claimants JACQUELINE PADDOCK INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF BARRY WELCH AND AS NEXT FRIEND OF WILLIAM B. WELCH  have suffered the loss of the parent/child relationship, extreme grief, mental anguish, and physical suffering in the past and will, in reasonable probability, continue to do so in the future as a result of the sudden and untimely death of BARRY WELCH.

9.4    These Claimants have been damaged in the sum of three million dollars ($3,000,000.00) subject to any limitations posed by the Texas Civil Practice & Remedies Code with regard to Third Party Defendant's State of Texas

Department of Transportation after any and all comparative negligence deductions, if any, are assessed.

## X.

### DAMAGES TO THE ESTATE OF WILLIAM MORRIS WELCH, INDIVIDUALLY AND AS THE SURVIVING FATHER OF BARRY WELCH

10.1    Barry Welch did not die instantaneously, but rather suffered severe and excruciating physical pain and mental anguish prior to his death. As a result, their estate is entitled to recover damages for his physical pain and mental anguish, in addition to funeral and burial expenses, for which recovery is sought herein.

10.2    As a direct and proximate result of the death of BARRY WELCH Claimants DIXIE WELCH INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF WILLIAM MORRIS WELCH, INDIVIDUALLY AND AS THE SURVIVING FATHER OF BARRY WELCH has been deprived of the affection, companionship, advise, counsel, comfort, solace and services that they would, in a reasonable probability, have received from Barry Welch during his lifetime had he survived.

10.3    Claimants DIXIE WELCH INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF WILLIAM MORRIS WELCH, INDIVIDUALLY AND AS THE SURVIVING FATHER OF BARRY WELCH has suffered the loss of the parent/child relationship, extreme grief, mental anguish, and physical suffering in the past and will, in reasonable probability, continue to do so in the future as a result of the sudden and untimely death of BARRY WELCH.

10.4    These Claimants have been damaged in the sum of three million dollars ($3,000,000.00) subject to any limitations posed by the Texas Civil Practice & Remedies Code with regard to Third Party Defendant's State of Texas Department of Transportation after any and all comparative negligence deductions, if any, are assessed.

## IX.

### DAMAGES TO ANITA HARRIS INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ROBERT V. HARRIS, AND AS NEXT FRIEND OF VICTOR JUSTIN HARRIS

11.1    ROBERT V. HARRIS did not die instantaneously, but rather suffered severe and excruciating physical pain and mental anguish prior to his death. As a result, his estate is entitled to recover damages for his physical pain and mental anguish, in addition to funeral and burial expenses, for which recovery is sought herein.

11.2    As a direct and proximate result of the death of ROBERT V. HARRIS, Claimants ANITA HARRIS INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ROBERT V. HARRIS, AND AS NEXT FRIEND OF VICTOR JUSTIN HARRIS have been deprived of the affection, companionship, advise, counsel, comfort, solace and services that they would, in a reasonable probability, have received from ROBERT V. HARRIS during his lifetime had he survived.

11.3    Claimants ANITA HARRIS INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ROBERT V. HARRIS, AND AS NEXT FRIEND OF VICTOR JUSTIN HARRIS have suffered the loss of the parent/child relationship, extreme grief, mental anguish, and physical suffering in the past

and will, in reasonable probability, continue to do so in the future as a result of the sudden and untimely death of ROBERT V. HARRIS.

11.4    These Claimants have been damaged in the sum of three million dollars ($3,000,000.00) subject to any limitations posed by the Texas Civil Practice & Remedies Code with regard to Third Party Defendant's State of Texas Department of Transportation after any and all comparative negligence deductions, if any, are assessed.

## XII.

### DAMAGES TO CAROL LEAVELL AND RICK LEAVELL, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF ROBIN FAYE LEAVELL

12.1    ROBIN FAYE LEAVELL did not die instantaneously, but rather suffered severe and excruciating physical pain and mental anguish prior to her death. As a result, her estate is entitled to recover damages for her physical pain and mental anguish, in addition to funeral and burial expenses, for which recovery is sought herein.

12.2    As a direct and proximate result of the death of ROBIN FAYE LEAVELL, Claimants CAROL LEAVELL AND RICK LEAVELL, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF ROBIN FAYE LEAVELL have been deprived of the affection, companionship, advise, counsel, comfort, solace and services that they would, in a reasonable probability, have received from Robin Faye Leavell during her lifetime had she survived.

12.3    Claimants CAROL LEAVELL AND RICK LEAVELL, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF ROBIN FAYE LEAVELL have suffered the loss of the parent/child relationship, extreme grief, mental anguish, and physical suffering in the past and will, in reasonable

probability, continue to do so in the future as a result of the sudden and untimely death of ROBIN FAYE LEAVELL.

12.4    These Claimants have been damaged in the sum of three million dollars ($3,000,000.00) subject to any limitations posed by the Texas Civil Practice & Remedies Code with regard to Third Party Defendant's State of Texas Department of Transportation after any and all comparative negligence deductions, if any, are assessed.

## XIII.

### DAMAGES TO LYDIA ZAMORA INDIVIDUALLY AND AS LEGAL REPRESENTATIVE OF THE ESTATE OF HECTOR MARTINEZ, JR., HECTOR MARTINEZ, SR. INDIVIDUALLY

13.1    HECTOR MARTINEZ, JR. did not die instantaneously, but rather suffered severe and excruciating physical pain and mental anguish prior to his death. As a result, his estate is entitled to recover damages for his physical pain and mental anguish, in addition to funeral and burial expenses, for which recovery is sought herein.

13.2    As a direct and proximate result of the death of HECTOR MARTINEZ, JR., Claimants LYDIA ZAMORA INDIVIDUALLY AND AS LEGAL REPRESENTATIVE OF THE ESTATE OF HECTOR MARTINEZ, JR., HECTOR MARTINEZ, SR. INDIVIDUALLY have been deprived of the affection, companionship, advise, counsel, comfort, solace and services that they would, in a reasonable probability, have received from HECTOR MARTINEZ, JR. during his lifetime had he survived.

13.3    Claimants LYDIA ZAMORA INDIVIDUALLY AND AS LEGAL REPRESENTATIVE OF THE ESTATE OF HECTOR MARTINEZ, JR., HECTOR MARTINEZ, SR. INDIVIDUALLY have suffered the loss of the parent/child

relationship, extreme grief, mental anguish, and physical suffering in the past and will, in reasonable probability, continue to do so in the future as a result of the sudden and untimely death of HECTOR MARTINEZ, JR..

13.4    These Claimants have been damaged in the sum of three million dollars ($3,000,000.00) subject to any limitations posed by the Texas Civil Practice & Remedies Code with regard to Third Party Defendant's State of Texas Department of Transportation after any and all comparative negligence deductions, if any, are assessed.

## XIII.

## DAMAGES TO HECTOR MARTINEZ, SR. INDIVIDUALLY

13.1    HECTOR MARTINEZ, JR. did not die instantaneously, but rather suffered severe and excruciating physical pain and mental anguish prior to his death. As a result, his estate is entitled to recover damages for his physical pain and mental anguish, in addition to funeral and burial expenses, for which recovery is sought herein.

13.2    As a direct and proximate result of the death of HECTOR MARTINEZ, JR., Claimants HECTOR MARTINEZ, SR. INDIVIDUALLY have been deprived of the affection, companionship, advise, counsel, comfort, solace and services that they would, in a reasonable probability, have received from HECTOR MARTINEZ, JR. during his lifetime had he survived.

13.3    Claimants HECTOR MARTINEZ, SR. INDIVIDUALLY have suffered the loss of the parent/child relationship, extreme grief, mental anguish, and physical suffering in the past and will, in reasonable probability, continue to do so in the future as a result of the sudden and untimely death of HECTOR MARTINEZ, JR.

13.4 These Claimants have been damaged in the sum of three million dollars ($3,000,000.00) subject to any limitations posed by the Texas Civil Practice & Remedies Code with regard to Third Party Defendant's State of Texas Department of Transportation after any and all comparative negligence deductions, if any, are assessed.

## XIV.

### DAMAGES TO J. ANTONIO MIRELES AND SOLEDAD GONZALEZ MIRELES, INDIVIDUALLY AND AS LEGAL REPRESENTATIVES OF THE ESTATE OF JULIO CESAR MIRELES

14.1 JULIO CESAR MIRELES did not die instantaneously, but rather suffered severe and excruciating physical pain and mental anguish prior to his death. As a result, his estate is entitled to recover damages for his physical pain and mental anguish, in addition to funeral and burial expenses, for which recovery is sought herein.

14.2 As a direct and proximate result of the death of JULIO CESAR MIRELES, Claimants J. ANTONIO MIRELES AND SOLEDAD GONZALEZ MIRELES, INDIVIDUALLY AND AS LEGAL REPRESENTATIVES OF THE ESTATE OF JULIO CESAR MIRELES have been deprived of the affection, companionship, advise, counsel, comfort, solace and services that they would, in a reasonable probability, have received from JULIO CESAR MIRELES during his lifetime had he survived.

14.3 Claimants J. ANTONIO MIRELES AND SOLEDAD GONZALEZ MIRELES, INDIVIDUALLY AND AS LEGAL REPRESENTATIVES OF THE ESTATE OF JULIO CESAR MIRELES have suffered the loss of the parent/child relationship, extreme grief, mental anguish, and physical suffering in the past

and will, in reasonable probability, continue to do so in the future as a result of the sudden and untimely death of JULIO CESAR MIRELES.

14.4    These Claimants have been damaged in the sum of three million dollars ($3,000,000.00) subject to any limitations posed by the Texas Civil Practice & Remedies Code with regard to Third Party Defendant's State of Texas Department of Transportation after any and all comparative negligence deductions, if any, are assessed.

XV.

## DAMAGES TO ESTEBAN RIVAS AND MIRIAM RIVAS, INDIVIDUALLY AND AS LEGAL REPRESENTATIVES OF THE ESTATE OF STVAN RIVAS

15.1    STVAN RIVAS did not die instantaneously, but rather suffered severe and excruciating physical pain and mental anguish prior to his death.  As a result, his estate is entitled to recover damages for his physical pain and mental anguish, in addition to funeral and burial expenses, for which recovery is sought herein.

15.2    As a direct and proximate result of the death of STVAN RIVAS, Claimants ESTEBAN RIVAS AND MIRIAM RIVAS, INDIVIDUALLY AND AS LEGAL REPRESENTATIVES OF THE ESTATE OF STVAN RIVAS have been deprived of the affection, companionship, advise, counsel, comfort, solace and services that they would, in a reasonable probability, have received from STVAN RIVAS during his lifetime had he survived.

15.3    Claimants    ESTEBAN    RIVAS    AND    MIRIAM    RIVAS, INDIVIDUALLY AND AS LEGAL REPRESENTATIVES OF THE ESTATE OF STVAN RIVAS have suffered the loss of the parent/child relationship, extreme grief, mental anguish, and physical suffering in the past and will, in reasonable

probability, continue to do so in the future as a result of the sudden and untimely death of STVAN RIVAS.

15.4    These Claimants have been damaged in the sum of three million dollars ($3,000,000.00) subject to any limitations posed by the Texas Civil Practice & Remedies Code with regard to Third Party Defendant's State of Texas Department of Transportation after any and all comparative negligence deductions, if any, are assessed.

## XVI.

### DAMAGES TO OMAR HINOJOSA, INDIVIDUALLY AND AS LEGAL REPRESENTATIVES OF THE ESTATE OF GASPAR HINOJOSA, RAQUEL HINOJOSA, CLARISSA HINOJOSA AND GASPAR HINOJOSA, II

16.1    GASPAR HINOJOSA did not die instantaneously, but rather suffered severe and excruciating physical pain and mental anguish prior to his death. As a result, his estate is entitled to recover damages for his physical pain and mental anguish, in addition to funeral and burial expenses, for which recovery is sought herein.

16.2    As a direct and proximate result of the death of GASPAR HINOJOSA, Claimants OMAR HINOJOSA, INDIVIDUALLY AND AS LEGAL REPRESENTATIVES OF THE ESTATE OF GASPAR HINOJOSA, RAQUEL HINOJOSA, CLARISSA HINOJOSA AND GASPAR HINOJOSA, II have been deprived of the affection, companionship, advise, counsel, comfort, solace and services that they would, in a reasonable probability, have received from GASPAR HINOJOSA during his lifetime had he survived.

16.3    Claimants OMAR HINOJOSA, INDIVIDUALLY AND AS LEGAL REPRESENTATIVES OF THE ESTATE OF GASPAR HINOJOSA, RAQUEL HINOJOSA, CLARISSA HINOJOSA AND GASPAR HINOJOSA, II have suffered

the loss of the parent/child relationship, extreme grief, mental anguish, and physical suffering in the past and will, in reasonable probability, continue to do so in the future as a result of the sudden and untimely death of GASPAR HINOJOSA.

16.4    These Claimants have been damaged in the sum of three million dollars ($3,000,000.00) subject to any limitations posed by the Texas Civil Practice & Remedies Code with regard to Third Party Defendant's State of Texas Department of Transportation after any and all comparative negligence deductions, if any, are assessed.

## XVII.

### DAMAGES TO BRIGETTE GOZA

17.1    As a result of the injuries to BRIGETTE GOZA, she has sustained damages for which recovery is sought herein.  Specifically recovery of damages for BRIGETTE GOZA as follows:

- Physical pain and suffering in the past;
- Physical pain and suffering in the future;
- Mental anguish in the past;
- Mental anguish in the future;
- Loss of earning capacity in the past;
- Loss of earning capacity in the future;
- Disfigurement in the past;
- Disfigurement in the future;
- Physical impairment in the past;
- Physical impairment in the future;
- Medical expenses in the past; and,
- Medical expenses in the future.

17.2    These Plaintiffs have been damaged in the sum of three million dollars ($3,000,000.00) subject to any limitations posed by the Texas Civil Practice & Remedies Code with regard to Defendant's State of Texas Department of Transportation after any and all comparative negligence deductions, if any, are assessed.

## XVIII.

## DAMAGES TO GUSTAVO MORALES AND BIGOS INTERNATIONAL

18.1    As a result of the injuries to GUSTAVO MORALES, he has sustained damages for which recovery is sought herein.  Specifically recovery of damages for GUSTAVO MORALES as follows:

- Physical pain and suffering in the past;
- Physical pain and suffering in the future;
- Mental anguish in the past;
- Mental anguish in the future;
- Loss of earning capacity in the past;
- Loss of earning capacity in the future;
- Disfigurement in the past;
- Disfigurement in the future;
- Physical impairment in the past;
- Physical impairment in the future;
- Medical expenses in the past; and,
- Medical expenses in the future.

18.2    As a result of this accident, BIGOS INTERNATIONAL sustained loss of income.

18.3    Plaintiffs GUSTAVO MORALES and BIGOS INTERNATIONAL have been damaged in the sum of three million dollars ($3,000,000.00) subject to

25

any limitations posed by the Texas Civil Practice & Remedies Code with regard to Defendant's State of Texas Department of Transportation after any and all comparative negligence deductions, if any, are assessed.

## XIX.

## DAMAGES TO RENE MATA AND FRANK MATA

19.1    As a result of the injuries to RENE MATA AND FRANK MATA, they have sustained damages for which recovery is sought herein.   Specifically recovery of damages for RENE MATA as follows:

- Physical pain and suffering in the past;

- Physical pain and suffering in the future;

- Mental anguish in the past;

- Mental anguish in the future;

- Loss of earning capacity in the past;

- Loss of earning capacity in the future;

- Disfigurement in the past;

- Disfigurement in the future;

- Physical impairment in the past;

- Physical impairment in the future;

- Medical expenses in the past; and,

- Medical expenses in the future.

19.2    Plaintiff FRANK MATA has also sustained damages, including property and loss of consortium damages.

19.3    These Plaintiffs have been damaged in an amount far in excess of the minimum jurisdictional limits of this Court, subject to any limitations posed by the Texas Civil Practice & Remedies Code with regard to Defendant's State of Texas Department of Transportation

after any and all comparative negligence deductions, if any, are assessed.

## XX.

### DAMAGES TO ROLANDO LEE MOYA, ALBERTO LEROY MOYA, ANTONIO SALINAS, JR. AND ROBERT ESPERICUETA

20.1    As a result of the injuries to ROLANDO LEE MOYA, ALBERTO LEROY MOYA, ANTONIO SALINAS, JR. AND ROBERT ESPERICUETA, they have sustained damages for which recovery is sought herein.    Specifically recovery of damages for ROLANDO LEE MOYA, ALBERTO LEROY MOYA, ANTONIO SALINAS, JR. AND ROBERT ESPERICUETA for pecuniary loss, past and future mental anguish, past and future physical impairment, lost wages, and loss of earning capacity. In addition, Plaintiffs are entitled to maintain and bring this action for party damages, medical expenses, and other consequential damages.    Claimant are entitled to plead for punitive damages based upon Defendants' wanton and reckless conduct that amounted to defendants' gross negligence and conscious disregard of the rights, welfare, and safety of others.

20.2    These Plaintiffs have been damaged in the sum of three million dollars ($3,000,000.00) subject to any limitations posed by the Texas Civil Practice & Remedies Code with regard to Defendant's State of Texas Department of Transportation ($250,000.00) and County of Cameron ($300,000.00) after any and all comparative negligence deductions, if any, are assessed.

## XX.

### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

22.1    Claimants seek pre-judgment and post-judgment interest as allowed by law.

## XXIII.

## NOTICE

23.1    Pursuant to the provisions of the Texas Tort Claims Act, Section 101.101 of the Texas Civil Practices and Remedies Code, Claimants provided timely notice of their claims against the governmental Third Party Defendants. Furthermore, the governmental Third Party Defendants had actual notice of Claimants' claims well within six months of the date on which the incident in question occurred.

## PRAYER

**WHEREFORE**, Claimants request that Third Party Defendants be cited to appear and answer, and that on final trial, Claimants have the following:

1.  Actual damages in an amount within jurisdictional limits of this Court;

2.  Exemplary damages in an amount within the jurisdictional limits of the Court;

3.  Prejudgment interest allowed by law;

4.  Post-judgment interest allowed by law;

5.  Costs of suit; and

6.  Such other and further relief, special and general, at law and in equity, to which Claimants may show themselves justly entitled.

Respectfully submitted,

WATTS LAW FIRM, L.L.P.

Mikal C. Watts
State Bar No. 20981820
Federal Bar No. 12419
Ray R. Marchan
State Bar No. 12969050
Federal I.D. No. 9522

WATTS LAW FIRM, L.L.P.
1926 E. Elizabeth
Brownsville, Texas  78520
(956) 544-0500
(956) 541-0255 FAX

**ATTORNEYS FOR CLAIMANTS**

**CLAIMANTS REQUEST TRIAL BY JURY**

CERTIFICATE OF SERVICE

On this the ___14___ day of January, 2005, a true and correct copy of the
foregoing Third Party Complaint was hereby forwarded to all counsel of record,
via fax or by US Mail.

RAY R. MARCHAN

29