United States District Court
Southern District of Texas
FILED

JAN 1 8 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § | C.A. NO. B-01-157 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |
| Consolidated with: | § § | |
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC AS OWNER and AMERICAN COMMERCIAL BARGE LINE LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | § § § § § § § § § | C.A. NO. B-02-004 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |
| Consolidated with: | § § § | |
| IN THE MATTER OF DEERE CREDIT, INC.,(FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315, AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYING FOR EXONERATION FROM AND/OR LIABILITY | § § § § § § § § § § § § § § § § | C.A. NO. B-02-125 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |

**CROSS-CLAIM AGAINST THE STATE OF TEXAS**

12306.1

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

J. Antonio Mireles, as personal representative of the estate of Julio Cesar Mireles, Juan Antonio Mireles and Soledad Gonzalez Mireles ("Claimants") pursuant to FRCP 13(g) file this cross-claim against a co-party, and would show unto the Court the following:

I.

The State of Texas is a co-party (claimant) in these consolidated limitation proceedings and has filed a claim and appeared in these proceedings and may be served with these pleadings by serving its attorney of record in accordance with the Federal Rules of Civil Procedure.

II.

Jurisdiction over this cross-claim exists under the Court's Admiralty and Maritime Jurisdiction, 28 U.S.C. § 13.33, and alternatively under the court's Supplemental Jurisdiction, 28 U.S.C. § 1367.

III.

On September 30, 2004 the Honorable District Court entered an order denying the State of Texas' Motion to Dismiss (Petitioners' Counter-Claims and Cross-Claims) on the basis of Sovereign Immunity and the Eleventh Amendment (Dkt. No. 271). In said order the court concluded that the State of Texas had waived the protections of Sovereign Immunity and the Eleventh Amendment by voluntarily submitting its claims against the Petitioners in this court. (Id. at 11). Accordingly, this cross-claim is not made pursuant to the Texas Tort Claims Act.

IV.

During the prosecution of this case the Petitioners have claimed that the State of Texas bears some responsibility for this incident. Petitioners have claimed that the State of Texas was

responsible for maintaining the navigational lights on the Queen Isabella Causeway in Port Isabel, Cameron County, Texas, and that the red and green navigational lights, and the red lights on the fendering system underneath the causeway were burned out. Petitioners have also claimed that the fendering system itself was inadequate. Petitioners claim that the failure to maintain, or properly maintain, the lights constitutes negligence and/or negligence per se, and that the failure of the State of Texas to comply with applicable maritime law and regulation creates a presumption of fault and/or negligence on the part of the State of Texas.

V.

Claimants, Juan Antonio Mireles and Soledad Gonzalez Mireles bring this action for damages for pecuniary losses from the death of their son, Julio Cesar Mireles, including loss of care, maintenance, support, services, advice, counsel, loss of companionship and society, mental anguish and contributions of a pecuniary value that Claimants would have received from Julio Cesar Mireles during his lifetime. Claimants also seek any other damages provided for under any applicable laws, including the law of the State of Texas, arising out of the death of Julio Cesar Mireles.

VI.

Claimants, Juan Antonio Mireles and Soledad Gonzalez Mireles, also bring this action for loss of their son's consortium, including, affection, solace, comfort, assistance, emotional support, love and felicity. Claimants, Juan Antonio Mireles and Soledad Gonzalez Mireles, also bring this action to recover damages for their own mental anguish, emotional pain, suffering and bereavement, as well as for the loss of companionship, love, support and society that they have experienced in the past and will forever experience in the future.

## VII.

J. Antonio Mireles, as personal representative of the estate of Julio Cesar Mireles, also brings this action to recover damages on behalf of the estate of Julio Cesar Mireles. As a result of the incident of September 15, 2001, Julio Cesar Mireles suffered injuries which caused him severe and excruciating physical pain and mental anguish prior to his death. As a result, his estate is entitled to recover damages for physical pain and mental anguish, funeral and burial expenses, for which recovery is sought herein. Claimant would show that by reason of the injuries sustained as alleged above, Julio Cesar Mireles suffered serious injuries to his body including disfigurement, mental anguish and physical pain and suffering prior to his death.

WHEREFORE, PREMISES CONSIDERED, Claimants pray that upon final trial, the Claimants have and recover from the State of Texas, jointly and severally, for all of their actual damages, and pre- and post-judgment interest as provided by law, for cost of court and for all other relief as to which Claimants may show themselves to be justly entitled.

Respectfully submitted,

AJAMIE, L.L.P.

By: _____
S. Mark Strawn
Southern District of Texas Id No. 9996
State Bar No. 19374325
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, Texas 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699
Attorneys for Plaintiffs, Juan Antonio Mireles, as Personal Representative of the Estate of Julio Cesar Mireles, Juan Antonio Mireles and Soledad Gonzalez Mireles

## CERTIFICATE OF SERVICE

I S. MARK STRAWN hereby certify that on this  14th  day of January, 2005 a true and correct copy of the above and foregoing document was served upon counsel representing the State of Texas via facsimile and certified mail return receipt requested, as follows:

Mark J. Spansel
Edwin C. Laizer
Adams & Reese, L.L.P.
4500 One Shell Square
New Orleans, LA 70139

Michael Ratcliff, Assistant Attorney General
Office of the Attorney General
Transportation Division
P.O. Box 12548
Austin, TX 78711-2548

and via facsimile and regular mail to all other counsel.

S. Mark Strawn