IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IN RE THE COMPLAINT AND            §
PETITION OF BROWN WATER            §        C. A. NO. B-01-157
TOWING I, INC., AS OWNER, AND      §        Admiralty
BROWN WATER MARINE SERVICE,        §
INC., AS BAREBOAT CHARTERER, OF    §
THE BROWN WATER V, ITS ENGINES,    §
TACKLE, ETC. IN A CAUSE OF         §
EXONERATION FROM OR                §
LIMITATION OF LIABILITY            §

PETITIONERS BROWN WATER MARINE SERVICE, INC.
AND BROWN WATER TOWING I, INC.'S BRIEF REGARDING THIRD-PARTY
CLAIMS AGAINST CAMERON COUNTY

TO THE HONORABLE JUDGE OF THIS COURT:

Petitioners Brown Water Marine Service, Inc. and Brown Water Towing I, Inc., ("Brown

Water") file this brief as required by this Court's Order of January 13, 2005 regarding Cameron

County's alleged Protection under the Eleventh Amendment of the United States Constitution and

liability in federal court for claims under the admiralty law and the Texas Tort Claims Act. The

Petitioners respectfully show as follows:

I.

STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1.      This is an admiralty case that arose following the allision of a tug and four barges with the

Queen Isabella Causeway in September 2001.

2.      Following the allision, pursuant to federal law, the tug and barges initiated limitation of

liability proceedings in this Court seeking to limit their respective liability, if any, for damages that

may have occurred as a result of the allision.

3.      Brown Water requested leave to assert a Third Party Complaint against Cameron County on

September 6, 2002, alleging that Cameron County bore some fault for the damages because it was

49477:Brief-

responsible for maintaining lights on the causeway that were not properly working on the night of the allision. No Claimant filed any opposition to this Motion. The Court granted Brown Water's motion on September 13, 2004 and Brown Water filed its Third Party Complaint against Cameron County on September 24, 2004.

4.     Certain claimants have now filed "Suggestions of Lack of Subject Matter Jurisdiction over Cameron County" claiming that the Court does not have jurisdiction over Cameron County because of sovereign immunity and Eleventh Amendment immunity. Cameron County has not filed any such suggestion.

5.     The Court requested that Brown Water file a brief addressing the following: 1) whether and to what extent Cameron County is protected by the Eleventh Amendment of the United States Constitution; and 2) whether and under what circumstances Cameron County may be sued in Federal Court for claims arising under the Texas Tort Claims Act (TTCA); and specifically to explain a) the effects of *Sherwinski v. Peterson*, 98 F.3d 849 (5th Cir. 1996) on TTCA claims against Cameron County, and b) when a party can bring a claim against Cameron County that is not subject to TTCA.

## II.

## INTRODUCTION

The Claimants' suggestions of lack of jurisdiction are without merit. Cameron County is not protected by Eleventh Amendment Immunity, and state created common law sovereign immunity does not divest federal courts of subject matter jurisdiction. Moreover, Brown Water's claims are not subject to TTCA's limits because they are for contribution under federal admiralty law. Cameron County has not filed any suggestion that the Court lacks jurisdiction, nor does it purport to be protected by the Eleventh Amendment as asserted by the Claimants. The Claimants' "Suggestions" were filed over two years after Brown Water moved for leave to file the claims against

Cameron County. None of the Claimants objected to Brown Water's Motion before it was granted, and no opposition was brought prior to the Court's granting of Cameron County's Motion for Continuance. Indeed, many of the same Claimants that now "suggest" a lack of jurisdiction have now requested leave to assert the same claims against the State of Texas Department of Transportation.                                   **III.**

## ARGUMENT

**A.      Cameron County is not protected by the Eleventh Amendment**

The Eleventh Amendment of the United States Constitution provides:

> The judicial power of the United States shall not be construed to
> extend to any suit in law or equity, commenced or prosecuted against
> one of the United States by citizens of another state, or by citizens or
> subjects of any foreign state.

The Eleventh Amendment has been construed to offer immunity from suit far beyond its literal scope. However, local governments, specifically counties and municipalities, do not enjoy immunity from suit under the Eleventh Amendment. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 312-313 (1990); *Southwestern Bell Telephone Co. V. City of El Paso*, 243 F.3d 936 (5th Cir. 2001); *See Williams v. Dallas Area Rapid Transit*, 242 F.3d 315, 319; (5th Cir. 2001) (*citing*

*Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280-81, (1977)[1] Thus, suit against

Cameron County is not precluded based on Eleventh Amendment immunity.

---

[1] *Williams* applies an "arm of the state" analysis to determine whether a government entity

is covered by the Eleventh Amendment, noting that the purpose of the test is to determine if an entity

is more like the state or a county. The detailed test is not necessary in this case because, as the

Supreme Court states in *Feeney*:

> it has long held that counties and cities are not so integrally related to the State that
>
> they are shielded from suit in federal court. In *Lincoln County v. Luning*, 133 U.S.
>
> 529, 530 (1890), the Court held that the Eleventh Amendment does not bar suit
>
> against counties in federal court, noting that the "Eleventh Amendment limits the
>
> jurisdiction [of the federal courts] only as to suits against a State." The Court
>
> continued: "[W]hile the county is territorially a part of the State, yet politically it is
>
> also a corporation created by and with such powers as are given to it by the State. In
>
> this respect it is a part of the State only in that remote sense in which any city, town,
>
> or other municipal corporation may be said to be a part of the State." *Id. See also*
>
> *Moor v. County of Alameda*, 411 U.S. 693, 721 (1973) (county); *Graham v. Folsom*,
>
> 200 U.S. 248, 255 (1906) (county); *Workman v. New York City*, 179 U.S. 552,
>
> 565-566 (1900) (city); *cf. Chicot County v. Sherwood*, 148 U.S. 529, 533-534 (1893)
>
> (rejecting state legislature's attempt to insulate county from federal jurisdiction by
>
> providing that county could only be sued in county courts).

**B.    Cameron County can be sued in Federal Courts under the Texas Tort Claims Act**

Although Cameron County does not have Eleventh Amendment immunity, it does have sovereign immunity granted under Texas common law. *See Turvey v. City of Houston*, 602 S.W.2d 517, 519 (Tex 1980). In cases that are based on diversity of citizenship, state substantive law regarding sovereign immunity applies. The current case and the Petitioner's Third-Party Claim against Cameron County, however, are based on admiralty jurisdiction, not diversity jurisdiction.

Further, to the extent, if any, that Brown Water's claims are allegedly based on the Texas Tort Claims Act (TTCA), Brown Water is not barred by *Sherwinski v. Peterson*, 98 F.3d 849 (5th Cir. 1996) from asserting such causes of action. *Sherwinki* bars only TTCA claims in federal court against entities protected by the Eleventh Amendment. *Id.* at 852.[2]

In *Sherwinski*, a prisoner filed suit against the Texas Department of Criminal Justice, Institutional Division, prison officials, and a prison doctor under the Eighth Amendment and 42 U.S.C. § 1983. He also asserted a TTCA claim under the court's supplemental jurisdiction against the Texas Department of Criminal Justice. This case is distinguishable because Cameron County, unlike the Texas Department of Criminal Justice, is not an "arm of the state." *See United States v. Mack*, 48 F. Supp. 2d 708, 712 (S.D. Texas 1999)(performing "arm of the state" analysis in order to determine that claims should be dismissed under *Sherwinski*); *Jackson v. Sheriff of Ellis County*,

---

[2] The ruling states: "Applying *this standard*, we find that the statute waives sovereign immunity in state court only. This is the only reasonable construction of the statute. The Act clearly does not waive Eleventh Amendment immunity to suit in federal courts." *Id. (emphasis added).* Although the Court states its ruling in terms of "sovereign immunity," the standard to which it refers discusses only Eleventh Amendment immunity. *Id.*

154 F. Supp. 2d 917, 920 (N.D. Tex. 2001)(refusing to dismiss a TTCA action against a county sheriff under Section 101.102)[3]; *Morin v. Moore*, 309 F.3d 316, 328 (5th Cir. 2002)(ruling that a claim is stated against a city under the TTCA).

**C.      However, Brown Water's Claims against Cameron County are not under the Texas Tort Claims Act and are not Subject to its Limitations.**

Although certain claimants have intimated that Brown Water's claims are under the TTCA, Brown Water's Third-Party Complaint clearly alleges general maritime claims, as can be seen by the notation of "Admiralty" under the civil action number. *See Local Rule 3(j); Compare with* Petitioner's Third-Party Complaint which is attached as Exhibit "1" and incorporated by reference. Indeed, all Claimants agreed in the Joint Discovery/Case Management Plan that this Court has jurisdiction pursuant to federal admiralty law (*See* Docket Entry No. 119, ¶4-5). Further, the underlying action is a Limitation of Liability proceeding that is exclusively within the Court's admiralty jurisdiction. *See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 545 (1995); *Sisson v. Ruby*, 497 U.S. 358, (1990). Through the Third-Party Complaint, Brown Water is seeking "contribution and indemnity from Cameron County." As such, Brown Water's claims arise under federal maritime tort law in that the admiralty law's apportionment of fault scheme applies. *See United States v. Reliable Transfer Co.*, 421 U.S. 397 (1975). Brown Water also invokes the presumption of "The Pennsylvania Rule and General Maritime law of the United States." *See* Exhibit "1." In sum, Brown Water's claims against Cameron County are for contribution under federal admiralty law and are not governed by the TTCA.

---

[3] In *Jackson*, the court expressed doubt that a state could deprive a federal court of supplemental jurisdiction over the sheriff that was granted by Congress.

Because Brown Water's claims are federal admiralty claims, they are not subject to the limitations of the TTCA. A court in admiralty does not defer to state law to determine whether or not a cause of action cognizable in admiralty can be asserted. *Workman v. New York City*, 179 U.S. 552, 21 S. Ct. 212, 45 L. Ed. 314 (1900). Further, if an admiralty court has jurisdiction over the parties and subject matter, sovereign immunity will not defeat an otherwise meritorious lawsuit brought against a local government for its alleged torts. *Id.*[4]

**D.     Summary**

The Court has jurisdiction of this matter. The Eleventh Amendment of the United States does not apply to claims against Cameron County. To the extent, if any, that Brown Water's claims are allegedly based on the TTCA, Brown Water is not barred by *Sherwinski v. Peterson*, as Cameron County is not an "arm to the State." More importantly, however, the basis for Brown Water's contribution claims against Cameron County is federal maritime law, not of the TTCA so sovereign immunity concerns do not apply.

WHEREFORE, PREMISES CONSIDERED, the Brown Water Petitioners request the Court disregard the alleged "Suggestions of Lack of Jurisdiction." The Brown Water Petitioners further seek all other relief to which they may be entitled at law, in equity, or in admiralty.

---

[4] In addition, several of the Claimants that have filed "Suggestions of Lack of Jurisdiction" have subsequently filed claims under the TTCA against the State of Texas in direct contradiction to the position taken in their "Suggestions of Lack of Jurisdiction" (*See* Docket Entry 338, p. 9, ¶5.1)

Respectfully submitted,



Will W. Pierson
State Bar No. 16003100
Federal ID 1931
Jack C. Partridge
State Bar No. 15534600
Federal ID 10470
Keith N. Uhles
State Bar No. 20371100
Federal ID 1936
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas 78476
(361) 884-8808
(361) 884-7261 Facsimile
ATTORNEYS FOR BROWN WATER TOWING I, INC.

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

## CERTIFICATE OF SERVICE

I certify that the foregoing was sent via the indicated means and/or electronically to the counsel listed below on this 24th day of January, 2005.

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Mr. Ray R. Marchan
Watts Law Firm
1926 E. Elizabeth
Brownsville, Texas 78520

Ms. Veronica Farias
Law Office of Veronica Farias
2854 Boca Chica Blvd.
Brownsville, Texas 78521

Mr. Heriberto Medrano
Law Offices of Heriberto Medrano
2009 East Harrison, Suite B
Harlingen, Texas 78550

Mr. Richard Leo Harrell
The Edwards Law Firm, L.L.P.
802 N. Carancahua. Suite 1400 (78470)
P.O. Box 480
Corpus Christi, Texas 78403-0480

Mr. Raymond Thomas
Mr. Andres Gonzalez
Kittleman, Thomas, Ramirez & Gonzales
4900-B North 10th Street
McAllen, Texas 78504

Mr. Michael Ratliff
Office of the Attorney General
Transportation Division
Post Office Box 12548
Austin, Texas 78711-2548

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Mark J. Spansel
Adams & Reese, L.L.P.
701 Poydras, Suite 4500
One Shell Square
New Orleans, LA 70139

Mr. James B. Manley, P.C.
200 William Barnett
Cleveland, Texas 77327

Mr. John David Franz
The Law Offices of John David Franz
400 N. McColl
McAllen, Texas 78501

Mr. J. Chad Gauntt
Gauntt & Kruppstadt, L.L.P.
1400 Woodlock Forest Dr., Suite 575
The Woodlands, Texas 77380

Mr. William Q. McManus
Mr. Steve Q. McManus
McManus & Crane, L.L.P.
209 West Juan Linn
Post Office Box 2206
Victoria, Texas 77902-2206

Ms. Eileen M. Leeds
Willette & Guerra, LLP
1534 E 6th Street, Suite 200
Brownsville, Texas 78520

Les Cassidy
Cassidy & Raub
814 Leopard Street
Corpus Christi, Texas 78471

Mr. Thomas R. Ajamie
Mr. S. Mark Strawn, Esq.
Ajamie, L.L.P.
Pennzoil Place-South Tower
711 Louisiana Street, Suite 2150
Houston, Texas 77002

Mr. Julian Rodriguez, Jr.
Julian Rodriguez, Jr. & Associates, P.C.
10113 N. 10th Street, Suite C
McAllen, Texas 78504

Mr. Thomas E. Quirk
Aaron & Quirk
901 N.E. Loop 410, Suite 903
San Antonio, Texas 78209-1307

Mr. Jim S. Hart
Ms. Nejd Yaziji
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017

Mr. Frank Enriquez
Mr. Robert Puente
Law Offices of Frank Enriquez
4200-B North Bicentennial
McAllen, Texas 78504

Mr. J. A. Magallanes
Carlos Escobar
Magallanes, Hinojosa & Mancias, P.C.
1713 Boca Chica Blvd.
Post Office Box 4901
Brownsville, Texas 78520

Mr. Geoffrey Amsel
SBC Management Services
175 East Houston Street, 4th Floor
San Antonio, Texas 78205

Mr. Glenn G. Goodier
Jones, Walker, Waechter, Poitevent, Carrere
    & Denegre, L.L.P.
201 St. Charles Ave., 48th Floor
New Orleans, LA 70170-5100

David H. Crago
Brin & Brin, P.C.
1202 Third Street
Corpus Christi, Texas 78404

_____

Of Royston, Rayzor, Vickery & Williams, L.L.P.