IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 4 2005

Michael N. Milby
Clerk of Court

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | C. A. NO. B-01-157<br>Admiralty<br><br><br><br>Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES, LLC AS OWNER, AND AMERICAN COMMERCIAL BARGE LINES, LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | C. A. NO. B-02-004<br>Admiralty<br><br><br>Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF DEERE CREDIT, INC., (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315, AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | C. A. NO. B-02-125<br>Admiralty |

**MEMORANDUM OF PETITIONERS RELATED TO
CLAIMS AGAINST CAMERON COUNTY**

MAY IT PLEASE THE COURT:

In accordance with the Court's Order of January 13, 2005, American Commercial Barge Line LLC ("ACBL"), American Commercial Lines LLC ("ACL"), Deere Credit, Inc. (formerly Senstar Finance Company), as Owner of the NM-315 ("Deere Credit"), State Street Bank and

{N1241958.1}

Trust Company of Connecticut, National Association, as Owner Trustee of the ACL-9933B and Not in Its Individual Capacity ("State Street Bank"), and General Electric Capital Corporation, as Beneficial Owner of the ACL-9933B ("GE Capital"), hereafter sometimes collectively referred to as Petitioners, respectfully submit the following Memorandum. Petitioners respectfully suggest that: (1) the Court deny the Claimants' suggestions of lack of subject matter jurisdiction and that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 and the Limitation of Liability Act, 46 U.S.C. app. § 181 et. seq. See generally Lewis v. Lewis & Clark Marine Inc., 531 U.S. 438, 443-447, 121 S. Ct. 993, 998-1000 (2001); (2) this case and the third party claims against Cameron County are admiralty and maritime claims within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure; (3) the Eleventh Amendment is not a bar to proceeding against Cameron County because the County is not an arm of the State of Texas for purposes of the Eleventh Amendment; (4) the Texas Tort Claims Act ("T.T.C.A.") does not defeat the jurisdiction of the federal court, sitting in admiralty, and that it is appropriate to maintain a general maritime law claim for contribution and/or indemnification against the County in federal court pursuant to Rule 14(c) of the Federal Rules of Civil Procedure.

## BACKGROUND

On September 6, 2002, Brown Water Marine Service, Inc. and Brown Water Towing, Inc. requested leave to file a Third Party Complaint against Cameron County. (Record Doc. 208.) On December 10, 2002, ACBL, ACL and other Petitioners requested leave of Court to file a Third Party Complaint and a Cross-Claim against Cameron County. (Record Doc. 215.)[1] None of the Claimants in limitation filed any opposition to these motions.

---

[1] On February 4, 2003 a Suggestion of Bankruptcy was filed (Rec. Docs. 224 and 225) and on February 18, 2004 the case was placed back on the Court's active docket, Rec. Doc. 242.

By separate orders entered on September 13, 2004 the Court granted the foregoing motions. (Record Docs. 260 and 261.)

On October 12, 2004, Cameron County filed separate Answers to the pending claims. (Record Docs. 283 and 284.) In Cameron County's Answer to these Petitioners' Third Party Complaint and Tender and Cross-Claim, Cameron County admitted that the Court had jurisdiction pursuant to the Court's admiralty and maritime jurisdiction, and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and, alternatively, that the Court had supplemental jurisdiction pursuant to 28 U.S.C. § 1367. See ACBL's Third Party Complaint, page 2, paragraph II, copy attached as Exhibit 1, and page 2, paragraph 2 of Cameron County's Answer, copy attached as Exhibit 2.

On November 3, 2004, Cameron County filed a Motion for Continuance and/or Motion to Sever. (Rec. Doc. 286.) Cameron County requested a continuance of the trial date and alternatively requested a severance of the third party complaints filed by the Petitioners into a separate law suit. (Rec. Doc. 286 at page 3.) Petitioners did not file an opposition to Cameron County's Motion. Although the Court ultimately denied the Motion to Sever, Cameron County states as follows, which suggests that it may ultimately elect to waive any possible defense of immunity and proceed with litigation in this Court instead of proceeding with pending state court litigation filed by the Claimants:

> ....The Court should grant Cameron County's motion to sever and/or separate the issues into a separate trial. The Petitioners' complaints assert a contribution claim against Cameron County, which is a separate claim from the Limitation of Liability action which involves very complex legal rules and special rights, duties and procedures distinct to admiralty and maritime law. Considering the complexity of underlying suit and the pending trial date, this case should be tried separately in the interest of justice. Moreover, a court may conduct separate trials in the furtherance of convenience or to avoid prejudice. Fed.R.Civ.P. 21 and 42(b).

> Separate trials and a continuance will do justice, avoid prejudice and further the convenience of the parties and the Court.
>
> **With regard to expedition and judicial economy, Cameron County has asserted its sovereign immunity defenses and applications of the Texas Tort Claims Act. Specifically, it asserted the limitation on the amount of liability set forth in TEX. CIV. PRAC. & REM. CODE §101.023, which limits the amount of money damages to a maximum of $100,000.00 for each single person and $300,000.00 for each single occurrence for bodily injury or death. It is Cameron County's position, with respect to all parties and the entire suit, that any claim for damages against it is subject to the single occurrence limitation of damages in the amount of $300,000.00. Considering the magnitude of the underlying lawsuit, it is in each of the parties economic interest, especially Cameron County based on a cost of defense and the limit of exposure, to have the contribution claims addressed in a separate trial. Moreover, addressing this issue will directly impact the pending state court actions, styled** *The State of Texas vs. Brown Water Towing I, Inc., et al.,* **Cause No. 2001-09-4137-A, in the 107th District Court which is also in the interest of judicial economy.**
>
> For these reasons, Third-Party Defendant Cameron County asks the court to sever the Petitioners' complaints against Cameron County and order separate lawsuits from the underlying action and to order the clerk of the Court to assign a new number to the severed action.

(Rec. Doc. 286 at pp. 3-4.) (emphasis added.)

### ELEVENTH AMENDMENT AND SOVEREIGN IMMUNITY ISSUES

It is respectfully submitted that any defense of "sovereign immunity" is a personal defense of Cameron County and that the Claimants in limitation do not have standing to raise this defense on behalf of the County. Cameron County has not requested that the Court adjudicate any immunity defenses it might have. The Claimants have suggested, without authority, that the Court lacks subject matter jurisdiction over Cameron County because of the Eleventh Amendment.

Cameron County is not the State of Texas for purposes of the Eleventh Amendment. The Fifth Circuit has noted (in a non-maritime case) that notwithstanding the Texas Tort Claims Act ("T.T.C.A."), an Eleventh Amendment requires evaluation of six factors not addressed by the Claimants. See Williams v. Dallas Area Rapid Transit, 242 F.3d 315, 319-320 (5th Cir.), rehearing en banc denied, 256 F.3d 260 (5th Cir. 2001), cert. denied, 534 U.S. 1042 (2001).

In any event, the Eleventh Amendment defense applies only to a state or an "arm of the state" and is not applicable to a "county" because a county is not an "arm of the State." In the concurring opinion of Port Authority Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 110 S.Ct. 1868 (1990), Justice Brennan, joined by Justices Marshall, Blackman and Stevens, states in pertinent part:

> The inherent nature of interstate agencies precludes their being found so intricately intertwined with the State as to constitute an "arm of the State." The Court developed the "arm-of-the-State" doctrine as a tool for determining which entities created by a State enjoy its Eleventh Amendment protection and which do not....
>
> \* \* \*
>
> Nonetheless, this Court has long held that counties and cities are not so integrally related to the State that they are shielded from suit in federal court. In *Lincoln County v. Luning*, 133 U.S. 529, 530 (1890), the Court held that the Eleventh Amendment does not bar suit against counties in federal court, noting that the "Eleventh Amendment limits the jurisdiction [of the federal courts] only as to suits against a State." The Court continued: "[W]hile the county is territorially a part of the State, yet politically it is also a corporation created by and with such powers as are given to it by the State. In this respect it is a part of the State only in that remote sense in which any city, town, or other municipal corporation may be said to be a part of the State." [citations omitted.]
>
> \* \* \*
>
> The rule to be derived from our cases is that the Eleventh Amendment shields an entity from suit in federal court only when it is so closely tied to the State as to be the direct means by which

> the State acts, for instance a state agency. In contrast, when a State creates subdivisions and imbues them with a significant measure of autonomy, such as the ability to levy taxes, issue bonds, or own land in their own name, these subdivisions are too separate from the State to be considered its "arms." This is so even though these political subdivisions exist solely at the whim and behest of their State. [citations omitted.]

495 U.S. at 312-313, 110 S.Ct. at 1876-1877.

Even if Cameron County had immunity under the Eleventh Amendment it might elect to waive immunity because it is a "personal privilege" which is waivable at its pleasure. See AT&T Communications v. Bellsouth Telecommunications, Inc., 238 F.3d 636, 643-644 (5th Cir. 2001). Waiver generally occurs if a state voluntarily invokes the jurisdiction of the Court or makes a "clear declaration" that it intends to submit itself to the Court's jurisdiction. 238 F.3d at 643-644 (citations omitted). See also College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board, 527 U.S. 666, 675-676, 119 S.Ct. 2219, 2226 (1999). The above quoted submission of Cameron County suggests that it might be willing to voluntarily appear in these proceedings because it would be cost effective, efficient and promote judicial economy.

This case involves a collision occurring on navigable waters of the United States and falls within the Court's admiralty and maritime jurisdiction, 28 U.S.C. § 1333. With admiralty jurisdiction comes the application of the General Maritime Law of the United States as opposed to state law. See, e.g., Sisson v. Ruby, 497 U.S. 358, 110 S.Ct. 2892 (1990), and Grubart v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 115 S.Ct. 1043 (1995). A federal court, sitting in admiralty and applying maritime law, cannot be ousted of subject matter jurisdiction by virtue of state law. See, e.g., Mifsud v. Palisades Geophysical Institute, Inc., 484 F. Supp. 159, 162 (S.D. Tex. 1980) (in the context of Eleventh Amendment inquiry involving a state university -- an arm of the state -- the court noted that the "venue" statute of the T.T.C.A. "does not defeat federal jurisdiction over lawsuits brought under the Act.") Similarly, in Jackson v. Sheriff of

Ellis County, 154 F.Supp.2d 917, 920 (N.D. Tex. 2001), the court rejected the argument that the T.T.C.A. defeated federal court jurisdiction and noted as follows in discussing the T.T.C.A.'s § 101.102:

> The Sheriff contends that this court has no jurisdiction over Jackson's TTCA claim under TTCA § 101.102. Motion at 6. That section provides, "[a] suit under this chapter shall be brought in state court in the county in which the cause of action or a part of the cause of action arises." TTCA § 101.102. **Contrary to the position taken by the Sheriff, the federal district courts in this circuit have consistently held that "this 'venue' statute does not defeat federal jurisdiction over lawsuits brought under the Act."** *Mifsud v. Palisades Geophysical Institute, Inc.*, **484 F.Supp. 159, 161 (S.D.Tex.1980); see also** *Lester v. County of Terry, Texas*, **353 F.Supp. 170, 171-72 (N. D. Tex. 1973).** This court has original jurisdiction over Jackson's section 1983 claim and thus has supplemental jurisdiction over Jackson's related state law claims under 28 U.S.C. § 1367. Because "[i]t is doubtful under the supremacy clause of the United States Constitution, Art. 6, cl. 2, whether a state *could* constitutionally deprive a federal court of jurisdiction which the Congress of the United States had otherwise given it, "*Lester*, 353 F.Supp. at 171-72 (emphasis added), the Sheriff's argument is unavailing. Accordingly, the Sheriff's motion to dismiss Jackson's TTCA claim is denied.

154 F. Supp.2d at 920. (emphasis added.)

Petitioners respectfully submit that Cameron County is not immune from a general maritime law claim in federal court or any other claim brought in federal court under a federal cause of action. A party can bring a claim against a county in federal court other than a T.T.C.A. claim when there is a federal cause of action. See Casanova v. City of Brookshire, 119 F. Supp.2d 639 (S.D. Tex. 2000) (discussing and ultimately dismissing on the merits federal claims under 42 U.S.C. § 1983 against Waller County and dismissing state law claims against Waller County under the T.T.C.A. on the merits but not for lack of subject matter jurisdiction).

Under the general maritime law, the federal maritime court apportions fault among the parties present in the litigation based upon comparative fault. United States v. Reliable Transfer

Co., 421 U.S. 397, 95 S.Ct. 1708 (1978). An exoneration/limitation action is a special maritime action. It makes sense for all parties to be present in a single proceeding in order for the Court to properly determine exoneration/liability issues, including the fault, if any, of the various parties and to liquidate and disburse the limitation fund if appropriate.

Unlike Sherwinski v. Peterson, 98 F.3d 849 (5th Cir. 1996), the Eleventh Amendment is not applicable and no state law claims are asserted against Cameron County. Sherwinski involved an action by a prisoner against Texas prison officials (not a county) under the Eighth Amendment and 42 U.S.C. § 1983. See 98 F.3d at 850. The plaintiff also asserted a "supplemental state law claim" against the Texas Department of Criminal Justice, an arm of the State of Texas, which raised Eleventh Amendment issues. The Fifth Circuit looked to the T.T.C.A. and held that it was proper to dismiss the state law claim against an arm of the state as that type of claim was required to be filed in state court under § 101.102 (a).

It is respectfully submitted that the Third Party Complaint of Petitioners is proper under the Court's Admiralty and Maritime jurisdiction. It is also to be noted that Petitioners, in addition to filing a Third Party Complaint, also filed a "tender" of all claims, pursuant to Rule 14(c) of the Federal Rules of Civil Procedure, to Cameron County. This tendered directly to Cameron County the various Claims as if the Claimants had commenced suit against Cameron County to begin with, as is allowed by the liberal admiralty pleading practice of Rule 14(c) which permits the joinder of:

> ...a third-party defendant who may be wholly or partially liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise, on account of the same transaction, occurrence or series of transactions or occurrences. In such a case the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff, in which event the third party defendant shall make any defenses to the claim of the plaintiff as well as to that of the third-party plaintiff in

> the manner provided in Rule 12 and the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff.

Petitioners tender and impleader of Cameron County is proper under the liberal third party practice rules of maritime law and Rule 14(c). See, e.g., In Re Central Gulf Lines, Inc., 204 F.R.D. 87, 2002 A.M.C. 1468 (E.D.La. 2001) (discussing Rule 14(c) and the liberal third party practice permitted in admiralty and maritime claims and ordering a party, Baron, that was tendered a claim to answer the claim as if the action had been commenced against Baron by the claimant.)

## CONCLUSION

Sherwinski, 98 F.3 d 849, is not controlling because it involves the Eleventh Amendment and a state law claim against an arm of the State of Texas. In this case, Cameron County is not an arm of the State of Texas and has no Eleventh Amendment immunity. Cameron County and the Claimants in limitation have not shown that the Eleventh Amendment protects the County. Cameron County may be sued in federal court for a cause of action arising under the General Maritime Law of the United States. The T.T.C.A. cannot defeat the subject matter jurisdiction of a federal court vested with admiralty jurisdiction. Other courts have also recognized that the "venue" provision of the T.T.C.A. does not defeat federal jurisdiction. See Mifsud, 484 F. Supp. at 162, and Jackson, 154 F. Supp.2d at 920.

Respectfully submitted,

_____
GLENN G. GOODIER, Attorney-in-Charge
Admitted *Pro Hac Vice*
By Order Entered 4/23/02
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:   (504) 582-8174
Facsimile:   (504) 582-8010

LES CASSIDY
State Bar Number 03979270
Federal Identification Number 5931
814 Leopard Street
Corpus Christi, Texas 78401
Telephone:   (361) 887-2969
Facsimile:   (361) 887-6251

OF COUNSEL:

WOOLSEY & CASSIDY, P.C.
814 Leopard Street
Corpus Christi, Texas 78401
Telephone:   (361) 887-2969
Facsimile:   (361) 887-6251

Counsel for Petitioners,
American Commercial Lines LLP and
American Commercial Barge Line LLC
Deere Credit, Inc. (formerly Senstar Finance
Company), as Owner of the Barge NM-315,
State Street Bank and Trust Company of
Connecticut, N.A., as Owner/Trustee of the Barge
ACL-9933B and Not in Its Individual Capacity, and
General Electric Capital Corporation, as Beneficial
Owner of the Barge ACL-9933B

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 22nd day of January, 2005, served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing the same by United States Priority Mail, properly addressed and first class postage prepaid.

_____
GLENN G. GOODIER