IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | * | C. A. NO. B-01-157 |
| PETITION OF BROWN WATER | * | Admiralty |
| TOWING I, INC., AS OWNER, AND | * | |
| BROWN WATER MARINE SERVICE, | * | |
| INC., AS BAREBOAT CHARTERER OF | * | |
| THE BROWN WATER V, ITS ENGINES, | * | |
| TACKLE, ETC., IN A CAUSE OF | * | |
| EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY | * | |
| | * | Consolidated with |
| | * | |
| IN RE THE COMPLAINT AND | * | |
| PETITION OF AMERICAN | * | C. A. No. B-02-004 |
| COMMERCIAL LINES, LLC AS | * | Admiralty |
| OWNER, AND AMERICAN | * | |
| COMMERCIAL BARGE LINES, LLC | * | |
| AS CHARTERER OF THE BARGES | * | |
| NM-315, VLB-9182, ACL-9933B, | * | |
| VLB-9173, IN A CAUSE OF | * | and |
| EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY | * | |
| | * | |
| | * | |
| IN RE THE COMPLAINT AND PETITION | * | C. A. NO. B-02-125 |
| OF DEERE CREDIT, INC., (FORMERLY | * | Admiralty |
| SENSTAR FINANCE COMPANY), AS | * | |
| OWNER OF THE BARGE NM-315 AND | * | |
| STATE STREET BANK AND TRUST | * | |
| COMPANY OF CONNECTICUT, | * | |
| NATIONAL ASSOCIATION, AS OWNER | * | |
| TRUSTEE OF THE BARGE ACL-9933B AND | * | |
| NOT IN ITS INDIVIDUAL CAPACITY, AND | * | |
| GENERAL ELECTRIC CAPITAL | * | |
| CORPORATION, AS BENEFICIAL OWNER | * | |
| OF THE BARGE ACL-9933B PRAYING FOR | * | |
| EXONERATION FROM AND/OR | * | |
| LIMITATION OF LIABILITY | * | |

EXHIBIT

1

## THIRD-PARTY COMPLAINT AND TENDER AND
## CROSS-CLAIM AGAINST CAMERON COUNTY

**TO THE HONORABLE JUDGE OF THIS COURT:**

**COMES NOW,** American Commercial Lines, LLC and American Commercial Barge Line, LLC, Petitioners and Claimants, and Deere Credit, Inc. (formerly Senstar Finance Company), as Owner of the Barge NM-315, State Street Bank and Trust Company of Connecticut, N.A., as Owner/Trustee of the Barge ACL-9933B and Not in Its Individual Capacity, and General Electric Capital Corporation, as Beneficial Owner of the Barge ACL-9933B, Petitioners, hereafter collectively referred to as "the Petitioners," and file this their Third Party Complaint and Tender and Cross-Claim Against Cameron County.

### I.

Jurisdiction over this Third Party Complaint and Cross-Claim exists under the Court's Admiralty and Maritime Jurisdiction, 28 U.S.C. § 1333, and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and alternatively under the Court's Supplemental Jurisdiction, 28 U.S.C. § 1367. The Petitioners further invoke the maritime procedures specified in Rule 14(c) of the Federal Rules of Civil Procedure.

### II.

The Petitioners initiated Civil Action Nos. B-02-004 and B-02-125 proceedings seeking exoneration from and/or alternatively, limitation of liability and also filed claims in the Brown Water exoneration/limitation proceedings, Civil Action No. B-01-157, all of which proceedings are consolidated and arise out of an allision with the Queen Isabella Causeway on September 15, 2001.

Numerous claims have been asserted against the Petitioners and Brown Water Marine Service, Inc. and Brown Water Towing I in these pending actions.

## III.

Made third party defendant and cross-claim defendant is Cameron County, a Texas governmental entity. Cameron County had actual notice that deaths occurred, that property was damaged, and that persons were injured within the meaning of TEX. CIV. PRAC. & REM. CODE ANN. §101.101 (Vernon 1997). Service of process may be had upon Cameron County through County Judge Gilberto Hinojosa, 964 E. Harrison Street, Fourth Floor, Brownsville, Texas 78520.

## IV.

During discovery it has been learned that Cameron County, who is not a party, bears some responsibility for this incident. Specifically, upon information and belief, Cameron County was responsible for maintaining the navigational and/or street lights on the Queen Isabella Causeway. Discovery obtained to date indicates that these lights were not working on the night of the allision. The failure to maintain or properly operate these lights constitutes negligence and/or negligence *per se*. In addition, under the applicable maritime law, and in accordance with the Pennsylvania Rule, Cameron County's failure to comply with the law creates presumption of fault or negligence on its behalf. Upon information and belief, the acts or omissions of Cameron County caused and/or contributed to the allision and/or caused or contributed to several subsequent deaths and personal injuries.

## V.

This matter cause arises from the allision with the Queen Isabelle Causeway on or about September 15, 2001. American Commercial Lines, LLC, American Commercial Barge Lines, LLC,

Deere Credit, Inc., State Street Bank and Trust Company of Connecticut, and General Electric Capital Corporation, seek exoneration from and/or limitation of liability in this proceeding. The Court set a deadline for claimants to appear and file claims against American Commercial Lines, LLC, American Commercial Barge Lines, LLC, Deere Credit, Inc., State Street Bank and Trust Company of Connecticut, and General Electric Capital Corporation in the limitation proceedings. Subsequently, numerous claims against American Commercial Lines, LLC, American Commercial Barge Lines, LLC, Deere Credit, Inc., State Street Bank and Trust Company of Connecticut, and General Electric Capital Corporation have been filed by or on behalf of Anita Harris, individually and as Next Friend of Victor Justin Harris, and as Representative of the Estate of Robert V. Harris; Raquel Teran Hinojosa, Individually and on behalf of the Estate of Gaspar Hinojosa, Deceased, Clarissa Hinojosa, Omar Hinojosa and Gaspar Hinojosa II, each individually; Martin D. Hinojosa and Rita S. Hinojosa, Individually and as heirs of the Estate of Gaspar Hinojosa, Deceased; Richard "Ricky" Leavell and Carol Leavell, Individually and as Representatives of the Estate of Robin Faye Leavell, deceased; Hector Martinez, Sr.; Lydia Zamora, individually and as Representative of the Estate of Hector Martinez Jr., deceased; J. Antonio Mireles, as personal representative of the Estate of Julio Cesar Mireles, Juan Antonio Mireles and Soledad Gonzalez Mireles; Esteban F. Rivas and Miriam Rivas, Individually and as Representatives of the Estate of Stvan F. Rivas; William E. Kimbrell; Jacqueline Paddock, Individually and as Next Friend of William B. Welch and as Representative of the Estate of Chealsa and Barry Welch; William Morris Welch; Rolando Lee Moya, Alberto Leroy Moya, Antonio Salinas, Jr. and Roberto Espericueta; Bridgette Goza; Rene Mata and Frank Mata; Gustavo Morales and Bigo's International, L.L.C.; Bridgette M. Goza; Laguna

- 4 -

Madre Water District; Southwestern Bell Telephone, L.P. and the State of Texas, all of which of the foregoing are hereafter referred to as "Claimants in Exoneration/Limitation."

### IV.

In the event that any or all of Claimants in Exoneration /Limitation seeks recovery or judgment against American Commercial Lines, LLC, American Commercial Barge Lines, LLC, Deere Credit, Inc., State Street Bank and Trust Company of Connecticut, and General Electric Capital Corporation, American Commercial Lines, LLC, American Commercial Barge Lines, LLC, Deere Credit, Inc., State Street Bank and Trust Company of Connecticut, and General Electric Capital Corporation, which is denied, then the Petitioners hereby implead and hereby tender Cameron County to the Claimants in Exoneration/Limitation herein within the meaning of Rule 14(c) of the Federal Rules of Civil Procedure. The Petitioners, as third party plaintiffs and cross-claimants, also seek judgment in like amount over and against Cameron County, representing contribution and/or indemnification and/or recoupment and/or set-off from and against Cameron County. Specifically, upon information and belief Cameron County was responsible for maintaining and operating lights on the Queen Isabella Causeway. Further, upon information and belief, the Lights that Cameron County was responsible for maintaining and operating were not operating on the day of the incident due to Cameron County's negligence and/or negligence per se. This negligence and/or negligence per se caused or contributed to the allision and/or caused or contributed to several subsequent deaths and personal injuries. Further, the actions and/or inactions of Cameron County invoke the presumptions afforded by the Pennsylvania Rule as recognized by the general maritime law of the United States.

-5-

WHEREFORE, PREMISES CONSIDERED, American Commercial Lines, LLC and American Commercial Barge Line, LLC, Petitioners and Claimants, and Deere Credit, Inc. (formerly Senstar Finance Company), as Owner of the Barge NM-315, State Street Bank and Trust Company of Connecticut, N.A., as Owner/Trustee of the Barge ACL-9933B and Not in Its Individual Capacity, and General Electric Capital Corporation, as Beneficial Owner of the Barge ACL-9933B, Petitioners, pray that citation issue and be served upon said Third-Party Defendant in the form and manner required by law, requiring the Third-Party Defendant to appear and answer this Third Party Complaint and Cross-Claim and the Claims of the Exoneration/Limitation Claimants listed hereinbefore; upon final hearing that they as Petitioners be exonerated from all liability and, alternatively, that their liability be limited as allowed for under the Limitation of Vessel Owner's Liability Act, 46 U.S.C. § 181 *et seq*., as amended, and under the Supplemental Rules for Certain Admiralty and Maritime Claims. In the event that any recovery or judgment is made against Petitioners/Third-Party Plaintiffs/Cross-Claimants, the Petitioners/Third-Party Plaintiffs/Cross-Claimants pray that they be awarded a judgment in like amount over and against Cameron County for contribution and/or indemnification, and/or recoupment and/or set-off and/or damages, interest, costs, disbursements and all other relief to which the Petitioners/Third Party Plaintiffs/Cross-Claimants may be entitled at law, in equity or in admiralty.

Respectfully submitted,

GLENN G. GOODIER, Attorney-in-Charge
Admitted *Pro Hac Vice*
By Order Entered 4/23/02
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:   (504) 582-8174
Facsimile:    (504) 582-8010

LES CASSIDY
State Bar Number 03979270
Federal Identification Number 5931
1020 Bank of America
500 North Water Street
Corpus Christi, Texas  78471
Telephone: (361) 887-2969
Facsimile: (361) 886-3299

OF COUNSEL:

WOOLSEY & CASSIDY, P.C.
1020 Bank of America
500 North Water Street
Corpus Christi, Texas  78471
Telephone: (361) 887-2969
Facsimile: (361) 886-3299

Counsel for Petitioners,
American Commercial Lines LLP and
American Commercial Barge Line LLC
Deere Credit, Inc. (formerly Senstar Finance Company), as Owner of the Barge NM-315
State Street Bank and Trust Company of Connecticut, N.A., as Owner/Trustee of the Barge ACL-9933B and Not in Its Individual Capacity and
General Electric Capital Corporation, as Beneficial Owner of the Barge ACL-9933B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 2 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | * | C.A. NO. B-01-157 |
| PETITION OF BROWN WATER | * | Admiralty |
| TOWING, INC., AS OWNER, AND | * | |
| BROWN WATER MARINE SERVICE, | * | |
| INC, AS BAREBOAT CHARTERER OF | * | |
| THE BROWN WATER V, ITS ENGINES | * | |
| TACKLE, ETC., IN A CAUSE OF | * | |
| EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY | * | |
| | * | |
| | * | Consolidated with |
| | * | |
| IN RE THE COMPLAINT AND | * | C.A. No. B-02-004 |
| PETITION OF AMERICAN | * | Admiralty |
| COMMERCIAL LINES, LLC AS | * | |
| OWNER, AND AMERICAN | * | |
| COMMERCIAL BARGE LINES, LLC | * | |
| AS CHARTERER OF THE BARGES | * | |
| NM-315, VLB-9182, ACL-9933B, | * | |
| VLB-9173, IN A CAUSE OF | * | |
| EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY | * | |
| | * | and |
| | * | |
| IN RE THE COMPLAINT AND | * | C.A. NO. B-02-125 |
| PETITION OF DEERE CREDIT, | * | Admiralty |
| INC.,(FORMERLY SENSTAR FINANCE | * | |
| COMPANY), AS OWNER OF THE | * | |
| BARGE NM-315 AND STATE STREET | * | |
| BANK AND TRUST COMPANY OF | * | |
| CONNECTICUT, NATIONAL | * | |
| ASSOCIATION, AS OWNER TRUSTEE | * | |
| OF THE BARGE ACL-9933B AND NOT | * | |
| IN ITS INDIVIDUAL CAPACITY, AND | * | |
| GENERAL ELECTRIC CAPITAL | * | |
| CORPORATION, AS BENEFICIAL | * | |
| OWNER OF THE BARGE ACL-9933B | * | |
| PRAYING FOR EXONERATION FROM | | |
| AND/OR LIMITATION OF LIABILITY | | |

-1-

EXHIBIT

2

**THIRD-PARTY DEFENDANT CAMERON COUNTY'S ORIGINAL ANSWER TO
PETITIONERS', AMERICAN COMMERCIAL LINES, LLC AND
AMERICAN COMMERCIAL BARGE LINES, L.L.C., ET AL.,
THIRD-PARTY COMPLAINT AND CROSS-CLAIM**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COMES NOW Cameron County, Third-Party Defendant herein, and files this its Original

Answer to Petitioners' American Commercial Lines, LLC and American Commercial Barge Line,

LLC, and Deere Credit, Inc. (formerly Senstar Finance company), as Owner of the Barge NM-315,

State Street Bank and Trust Company of Connecticut, N.A., as Owner/Trustee of the Barge ACL-

9933B and Not in Its Individual Capacity, and General Electric Capital Corporation, as Beneficial

Owner of the Barge ACL-9933B Third-Party Complaint and Cross-Claim and would respectfully

show unto the Court the following:

**I.**
**ORIGINAL ANSWER**

1. Third-Party Defendant denies each and all of Petitioners' allegations except to the extent

expressly admitted herein.

2. Third-Party Defendant agrees with the averments made in paragraph I, II, and V of

Petitioners' Third-Party Complaint and Cross-Claim.

3. Third-Party Defendant agrees with and admits to the allegations set forth in Paragraph III

of Petitioners' Third-Party Complaint and Cross-Claim to the extent, and only to the extent, that

Petitioners allege that this Third-Party Defendant is a Texas governmental entity and to whom

service of process may be had upon. Third-Party Defendant denies the remainder of the averments

made in Paragraph III of Petitioners' Third-Party Complaint and Cross-Claim, specifically that it had

-2-

actual notice within the meaning of the Texas Tort Claims Act.

4.  Third-Party Defendant denies the allegations set forth in Paragraph IV of Petitioners' Third-Party Complaint and Cross-Claim.

5.  Third-Party Defendant denies the allegations set forth in Paragraph VI of Petitioners' Third-Party Complaint and Cross-Claim.

## II.
## AFFIRMATIVE DEFENSES

6.  Third-Party Defendant Cameron County is entitled to sovereign immunity and has not waived its right to sovereign immunity.

7.  In the alternative, Petitioners cannot recover directly or indirectly from Third-Party Defendant Cameron County because the Texas Tort Claims Act and the laws of the State of Texas do not allow any state law claims, and this Third-Party Defendant's sovereign immunity has not been waived.

8.  In the alternative, Petitioners failed to timely provide notice of their claims as required under the provisions of the Texas Tort Claims Act, so that such claims are barred.

9.  In the alternative, Third-Party Defendant hereby invokes the statutory limits on liability and damages set forth in the Texas Tort Claims Act, chapter 101 of the TEX. CIV. PRAC. & REM. CODE, including those set forth in §§ 101.023, 101.024, and 101.025.

10.  In the alternative, Third-Party Defendant would further assert that Petitioners and Claimants seek damages outside the scope of the Texas Tort Claims Act, specifically the limitation on the amount of liability set forth in TEX. CIV. PRAC. & REM. CODE § 101.023. For a unit of local government, such as Third-Party Defendant, the Texas Tort Claims Act limits the amount of money

-3-

damages to a maximum of $100,000.00 for each single person and $300,000.00 for each single occurrence for bodily injury or death. Third-Party Defendant further asserts that any claim for damages against Third-Party Defendant are subject to the single occurrence limitation of damages in the amount of $300,000.00.

11. In the alternative, Third-Party Defendant would further invoke all defenses and/or limitations authorized under the Texas Tort Claims Act, including, but not limited to, the defenses and/or limitations set forth in §§ 101.055, 101.056, 101.057, 101.060, 101.101, 101.102, and 101.106 of the TEX. CIV. PRAC. & REM. CODE.

12. In the alternative, Third-Party Defendant would further assert that any state law claims are expressly barred by §§ 101.055, 101.056, 101.057, 101.060, 101.101, and 101.106 of the TEX. CIV. PRAC. & REM. CODE.

13. In the alternative, Third-Party Defendant would further assert that it may not be sued and is not liable because it is entitled to immunity, including absolute and/or qualified and/or official and/or judicial and or legislative and/or "quasi-judicial" immunity, from all damages, including tort damages.

14. In the alternative, Third-Party Defendant would further assert that any alleged damages suffered by any claimant in their individual capacity are derivative claims and subject to the statutory limitations on damages set forth in TEX. CIV. PRAC. & REM. CODE § 101.023.

15. In the alternative, Third-Party Defendant would further assert that Petitioners fail to state any claim or cause of action upon which relief can be granted against this Third-Party Defendant.

16. In the alternative, Third-Party Defendant would further assert that the allision was not caused or contributed to by any fault, neglect, negligence or lack of due care on the part of this Third-

-4-

Party Defendant.

17. In the alternative, Third-Party Defendant would further assert that Petitioners are not entitled to exoneration or to limitation of liability under the Limitation of Vessel Owner's Liability Act, because the allision was caused by the independent negligence and fault of the owners and management of Petitioners.

18. In the alternative, Third-Party Defendant would further assert and invoke the presumptions afforded by the *Oregon* Rule under admiralty law.

19. In the alternative, Third-Party Defendant would further assert that Petitioners are not entitled to exoneration or to limitation of liability under the Limitation of Vessel Owner's Liability Act, because the allision was caused by the sole, joint, and/or concurrent negligence and fault of Petitioners, their officers, agents, servants, employees, masters and crews, and by the unseaworthiness of the Petitioners' vessels, all of which was within the privity and knowledge of the owners and management of Petitioners.

20. In the alternative, Third-Party Defendant would further assert that any loss or damages allegedly sustained by any claimant at the time, place, and occasion mentioned in Petitioners' Third-Party Complaint and Cross-Claim were caused in whole by the negligence, want of care, or intentional conduct of Petitioners, and not by any negligence or fault or want of care on the part of this Third-Party Defendant.

21. In the alternative, Third-Party Defendant would further assert that Claimants' alleged injuries and damages were caused in whole or in part, or contributed to, by the negligence or fault or want of care by parties, persons, or instrumentalities over whom Third-Party Defendant exercised no control and for whose acts this Third-Party Defendant is not legally responsible. Third-Party

-5-

Defendant asserts that it is entitled to a determination of proportionate responsibility and contribution and to all other remedies and limitations set forth in Chapter 33 of the TEX. CIV. PRAC. & REM. CODE.

22.  In the alternative, Third-Party Defendant would further assert that in the event that it is determined that this Third-Party Defendant was in any way at fault in connection with the allision, all of which is expressly denied, then Third-Party Defendant asserts that such fault was not a substantial and material factor in causing the allision, and that the negligence of Petitioners was extraordinary and was the intervening and superseding sole proximate cause of the allision, and as a result, Petitioners' Third-Party Complaint and Cross-Claim must be dismissed with prejudice, with Petitioners to bear all costs.

23.  In the alternative, Third-Party Defendant would further assert that it did not violate any statutory rule intended to prevent allisions, and as a result, the presumptions afforded by the *Pennsylvania* Rule under admiralty law do not apply to this Third-Party Defendant.

24.  In the alternative, Third-Party Defendant would further assert that no claim for contribution may be asserted against this Third-Party Defendant as it possesses sovereign immunity both from suit and from liability, to the extent of the partial waiver of immunity given by the Texas Tort Claims Act.  Immunity from suit bars an action against the governmental entity unless it expressly consents to the suit. *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997). Legislative consent for the governmental entity to be sued and the waiver of sovereign immunity must be in clear and unambiguous language. *Southwest Tex. State Univ. v. Enriquez*, 971 S.W.2d 684, 686 (Tex. App.--Austin 1998, pet. denied).  As the Texas Tort Claims Act does not expressly allow contribution claims to be asserted against this Third-Party Defendant as a governmental entity,

-6-

no such action may be maintained.

## III.
## RESERVATIONS

25. Without waiving the foregoing denials and affirmative defenses, but still insisting upon the same for further answer if any need be necessary, and as separate defenses, Third-Party Defendant reserves the right to file any and all cross-actions, third-party actions, counter-claims, motions, and discovery as they may deem proper. Third-Party Defendant hereby requests trial by jury.

WHEREFORE, PREMISES CONSIDERED, Third-Party Defendant, Cameron County, prays that upon final trial and hearing hereof, Petitioners take nothing by their suit, that Third-Party Defendant recover all costs incurred herein, and that Third-Party Defendant have such other and further relief, at law, in equity or in admiralty to which it may show itself to be justly entitled.

Signed on October 12, 2004.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
1534 E. 6th Street, Suite 200
Brownsville, Texas 78520
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
        Roman "Dino" Esparza
        State Bar No. 00795337
        USDC Adm. No. 22703
        Charles Willette, Jr.
        State Bar No. 21509700
        USDC Adm. No. 1937
**ATTORNEYS FOR DEFENDANT**
**CAMERON COUNTY**

-7-

## CERTIFICATE OF SERVICE

I, hereby certify that on October 12, 2004, a true and correct copy of the above and foregoing has been served on all counsel of record via Certified Mail, Return Receipt Requested as herein below noted:

Roman "Dino" Esparza

**Via CMRRR 7003 0500 0001 0985 0446**
**and Via Fax (361) 884-7261**
Will W. Pierson
Royston, Rayzor, Vickery & Williams, L.L.P.
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, TX 78471
*Attorneys for Petitioners/Third-Party Plaintiffs, Brown*
*Water I, Inc and Brown Water Marine Service , Inc.*

**Via CMRRR 7003 0500 0001 0985 0439**
**and Via Fax (504) 582-8010**
Mr. Glenn G. Goodier
Jones, Walker, Waechter, Poitevent, Carrere
& Denegre, L.L.P.
201 St. Charles Ave.,
New Orleans, LA 70170-5100
*Attorneys for Petitioners/Third Party*
*Plaintiffs, American Commercial Lines, LLC*
*and American Commercial Barge Line, LLC*

**Via First Class U.S. Mail**
Mr. Jack F. Gilbert
Office of the Attorney General
Transportation Division
Post Office Box 12548
Austin, Texas 78711-2548

**Via First Class U.S. Mail**
Mark J. Spansel
Adams & Reese, L.L.P.
701 Poydras, Suite 4500
One Shell Square
New Orleans, LA 70139

**Via First Class U.S. Mail**
James B. Manley
Attorneys at Law
200 William Barnett
Cleveland, TX 77327

**Via First Class U.S. Mail**
Ray R. Marchan
Watts Law Frim L.L.P.
1926 E. Elizabeth
Brownsville, TX 78520

**Via First Class U.S. Mail**
John David Franz
The Law Offices of John David Franz
400 N. McColl
McAllen, TX 78501

**Via First Class U.S. Mail**
Mr. J. Chad Gauntt
Gauntt & Kruppstadt, L.L.P.
1400 Woodlock Forest Dr., Suite 575
The Woodlands, Texas 77380

**Via First Class U.S. Mail**
Mr. William Q. McManus
Mr. Steve Q. McManus
McManus & Crane, L.L.P.
209 West Juan Linn
Post Office Box 2206
Victoria, Texas 77902-2206

-8-

**Via First Class U.S. Mail**
Mr. Heriberto Medrano
Law Offices of Heriberto Medrano
2009 East Harrison, Suite B
Harlingen, Texas 78550

**Via First Class U.S. Mail**
Mr. Les Cassidy
Woolsey & Cassidy, P.C.
1020 North Water Street
Corpus Christi, Texas 78471

**Via First Class U.S. Mail**
Ms. Veronica Farias
Law Office of Veronica Farias
2854 Boca Chica Blvd.
Brownsville, Texas 78521

**Via First Class U.S. Mail**
Mr. Ramond Thomas
Mr. Andres Gonzalez
Kittlemen, Thomas, Ramirez & Gonzales
4900-B N. 10th Street
McAllen, Texas 78504

**Via First Class U.S. Mail**
Mr. Thomas R. Ajamie
Mr. S. Mark Strawn, Esq.
Ajamie, L.L.P.
Pennzoil Place-South Tower
711 Louisiana Street, Suite 2150
Houston, Texas 77002

**Via First Class U.S. Mail**
Mr. Julian Rodriguez, Jr.
Julian Rodriguez, Jr. & Associates, P.C.
10113 N. 10th Street, Suite C
McAllen, Texas 78504

**Via First Class U.S. Mail**
Mr. Thomas E. Quirk
Aaron & Quirk
901 N.E. Loop 410, Suite 903
San Antonio, Texas 78209-1307

**Via First Class U.S. Mail**
Mr. Jim S. Hart
Ms. Nejd Yaziji
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017

**Via First Class U.S. Mail**
Mr. Frank Enriquez
Mr. Robert Puente
Law Offices of Frank Enriquez
4200-B North Bicentennial
McAllen, Texas 78504

**Via First Class U.S. Mail**
Mr. J.A. Magallanes
Carlos Escobar
Magallanes, Hinojosa & Mancias, P.C.
1713 Boca Chica Blvd.
Post Office Box 4901
Brownsville, Texas 78520

**Via First Class U.S. Mail**
Mr. Geoffrey Amsel
SBC Management Services
175 East Houston Street, 4th Floor
San Antonio, Texas 78205

**Via First Class U.S. Mail**
Mr. Richard Leo Harrell
The Edwards Law Firm, L.L.P.
802 N. Carancahua, Suite 1400 (78470)
P.O. Box 480
Corpus Christi, Texas 78403-0480

-9-