REST 2d TORTS ß 390 Page 1
Restatement (Second) of Torts ß 390 (1965)
(Publication page references are not available for this document.)

Restatement of the Law -- Torts
Restatement (Second) of Torts
Current through September 2004

Copyright © 1965-2004 by the American Law Institute

Division 2. Negligence
Chapter 14. Liability Of Persons Supplying Chattels For The Use Of Others
Topic 1. Rules Applicable To All Suppliers

ß 390. Chattel For Use By Person Known To Be Incompetent

Link to Case Citations

One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

See Reporter's Notes.

**Comment:**

   *a.* The rule stated in this Section, like those stated in ß ß 388 and 389, determines the liability of one who supplies a chattel for another to use, irrespective of whether the chattel is to be used for the purposes of the supplier's business or for purposes which are otherwise to the supplier's advantage or, on the other hand, for purposes personal to those who are to use the chattel and of advantage only to them.

   The rule stated applies to anyone who supplies a chattel for the use of another. It applies to sellers, lessors, donors or lenders, and to all kinds of bailors, irrespective of whether the bailment is gratuitous or for a consideration.

   *b.* The rule stated in this Section is a special application of the rule stated in ß 308, and has a close analogy to the rule stated in ß 307. Section 307 deals with the use of an instrumentality, whether a human being or a thing, which is known or should be known to be dangerously improper for the use to which it is put. This Section deals with the supplying of a chattel to a person incompetent to use it safely, irrespective of whether the chattel is to be used for the suppliers' purposes or for the purpose of him to whom it is supplied. In the one case as in the other, liability is based upon the rule stated in ß ß 302, 302A, and 302B, and elaborated in Comment *j* under ß 302, that the actor may not assume that human beings will conduct themselves properly if the facts which are known or should be known to him should make him realize that they are unlikely to do so. Thus, one who supplies a chattel for the use of another who knows its exact character and condition is not entitled to assume that the other will use it safely if the supplier knows or has reason to know that such other is likely to use it dangerously, as where the other belongs to a class which is notoriously incompetent to use the chattel safely, or lacks the training and experience necessary for such use, or the supplier knows that the other has on other occasions so acted that the supplier should realize that the chattel is likely to be dangerously used, or that the other, though otherwise capable of using the

Copr. © 2005 The American Law Institute.

Case 1:01-cv-00157   Document 346-16   Filed in TXSD on 02/02/2005   Page 2 of 7

REST 2d TORTS § 390                                                                                      Page 2
Restatement (Second) of Torts § 390 (1965)
(Publication page references are not available for this document.)

chattel safely, has a propensity or fixed purpose to misuse it. This is true even though the chattel is in perfect condition, or though defective, is capable of safe use for the purposes for which it is supplied by an ordinary person who knows of its defective condition.

**Illustrations:**

> 1. A gives a loaded gun to B, a feeble-minded girl of ten, to be carried by her to C. While B is carrying the gun she tampers with the trigger and discharges it, harming C. A is subject to liability to C.
> 2. A permits B, a boy of ten, who has never previously driven a motor car, to drive his motor car on an errand of B's own. B drives the car carelessly, to the injury of C. A is subject to liability to C.
> 3. A permits B, his chauffeur, who to his knowledge is in the habit of driving at an excessive speed, to use his car to take B's family to the seashore. While driving the car for this purpose, B drives at an excessive rate of speed and harms C. A is subject to liability to C.
> 4. A lends his car to his friend B for B to use to drive a party of friends to a country club dance. A knows that B has habitually become intoxicated at such dances. On the particular occasion B becomes intoxicated and while in that condition recklessly drives the car into the carefully driven car of C, and causes harm to him. A is subject to liability to C.
> 5. A rents an automobile to B, a young man who announces his purpose to drive it from Boston to New York on a bet that he will do so in three hours. A is subject to liability if the excessive speed at which the car is driven causes harm to travelers on the highway.
> 6. A sells or gives an automobile to B, his adult son, knowing that B is an epileptic, but that B nevertheless intends to drive the car. While B is driving he suffers an epileptic seizure, loses control of the car, and injures C. A is subject to liability to C.

*c.* The rule stated in this Section sets out the conditions under which a supplier of a chattel is subject to liability. As always this phrase denotes that a supplier is liable if, but only if, his conduct is the legal cause of the bodily harm complained of and if the person suffering the harm is not subject to any defense such as contributory negligence, which will prevent him from recovering damages therefor. One who accepts and uses a chattel knowing that he is incompetent to use it safely or who associates himself in the use of a chattel by one whom he knows to be so incompetent, or one who is himself careless in the use of the chattel after receiving it, is usually in such contributory fault as to bar recovery. If, however, the person to whom the chattel is supplied is one of a class which is legally recognized as so incompetent as to prevent them from being responsible for their actions, the supplier may be liable for harm suffered by him, as when a loaded gun is entrusted to a child of tender years. So too, if the supplier knows that the condition of the person to whom the chattel is supplied is such as to make him incapable of exercising the care which it is reasonable to expect of a normal sober adult, the supplier may be liable for harm sustained by the incompetent although such person deals with it in a way which may render him liable to third persons who are also injured.

**Illustration:**

> 7. A, who makes a business of letting out boats for hire, rents his boat to B and C, who are obviously so intoxicated as to make it likely that they will mismanage the boat so as to capsize it or to collide with other boats. B and C by their drunken mismanagement collide with the boat of D, upsetting both boats. B, C, and D are drowned. A is subject to liability to the estates of B, C, and D under the death statute, although the estates of B and C may also be liable for the death of D.

*d. When person using chattel knows his incompetence.* The fact that the person to whom the chattel is supplied realizes his incompetence, and therefore is in such contributory fault as to bar his right to recover for any harm which he himself sustains, does not relieve the supplier from liability to third persons injured by the improper use made of the chattel by the incompetent person, unless such third persons, knowing, or having reason to know, of his incompetence, associate themselves with him in the use of the chattel or unnecessarily come within the area made dangerous by the probability that he will misuse the chattel, or knowing that the chattel is in the hands of incompetent persons, fail to take those precautions which a reasonably careful man would deem necessary under the circumstances.

Copr. © 2005 The American Law Institute.

REST 2d TORTS § 390                                                                                          Page 3
Restatement (Second) of Torts § 390 (1965)
**(Publication page references are not available for this document.)**

**Illustration:**

   8. A permits B, whom he knows to be an inexperienced driver, to use his car. B invites his friend C, who knows of his inexperience, to drive with him. B's inexperience leads him to drive in a way which is obviously improper. In so doing he collides with the carefully driven car of D. The collision results in harm to both B and C. While neither B nor C may recover against A, A is subject to liability to D.

Case Citations

Reporter's Notes & Cross References Through December 1963

Case Citations 1964 -- December 1975

Case Citations 1976 -- June 1984

Case Citations July 1984 -- June 1991

Case Citations July 1991 -- June 1998

Case Citations July 1998 -- June 2003

Case Citations July 2003 -- April 2004

### Reporter's Notes & Cross References Through December 1963:

### REPORTER'S NOTES

   This Section has been changed from the first Restatement by substituting "has reason to know" for "from facts known to him should know," and "endangered by its use" for "in the vicinity of its use."

   See, in support of the rule stated: State of Maryland for Use of Weaver v. O'Brien, 140 F.Supp. 306 (D.Md.1956); Parker v. Wilson, 179 Ala. 361, 60 So. 150, 43 L.R.A. N.S. 87 (1912); McGowin v. Howard, 246 Ala. 553, 21 So.2d 683 (1945); Powell v. Langford, 58 Ariz. 281, 119 P.2d 230 (1941); Rocca v. Steinmetz, 61 Cal.App. 102, 214 P. 257 (1923); Crisp v. Wright, 56 Ga.App. 338, 192 S.E. 390 (1937); Krausnick v. Haegg Roofing Co., 236 Iowa 985, 20 N.W.2d 432, 163 A.L.R. 1413 (1945); Saunders Drive-It-Yourself Co. v. Walker, 215 Ky. 267, 284 S.W. 1088, 26 N.C.C.A. 146 (1926); Owensboro Undertaking & Livery Ass'n v. Henderson, 273 Ky. 112, 115 S.W.2d 563 (1938); Priestly v. Skourup, 142 Kan. 127, 45 P.2d 852, 100 A.L.R. 916 (1935); Fogo v. Steele, 180 Kan. 326, 304 P.2d 451 (1956); Rounds v. Phillips, 166 Md. 151, 170 A. 532 (1934); Rounds v. Phillips, 168 Md. 120, 177 A. 174 (1935); Slaughter v. Holsomback, 166 Miss. 643, 147 So. 318 (1933); Somerville v. Keeler, 165 Miss. 244, 145 So. 721 (1933); Saunders v. Prue, 235 Mo.App. 1245, 151 S.W.2d 478 (1941); Deck v. Sherlock, 162 Neb. 86, 75 N.W.2d 99 (1956); Cunningham v. Bell, 149 Ohio St. 103, 36 Ohio Op. 455, 77 N.E.2d 918, 23 N.C.C.A. 516 (1948); Williamson v. Eclipse Motor Lines, 145 Ohio St. 467, 31 Ohio Op. 156, 62 N.E.2d 339, 168 A.L.R. 1356; Wilcox v. Wunderlich, 73 Utah 1, 272 P. 207 (1928); Dicranian v. Foster, 114 Vt. 372, 45 A.2d 650 (1946); Mitchell v. Churches, 119 Wash. 547, 206 P. 6, 36 A.L.R. 1132 (1922).

   Illustration 1 is based on Dixon v. Bell, 5 M. & S. 198, 105 Eng.Rep. 1023 (1816).

   Illustration 2 is supported by Anderson v. Daniel, 136 Miss. 456, 101 So. 498 (1924); Dinger v. Burnham, 360 Mo. 465, 228 S.W.2d 696 (1950); Moran v. Moran, 124 Neb. 379, 246 N.W. 711 (1933); Devitt v. Continental Casualty Co., 245 App.Div. 115, 281 N.Y.S. 336 (1935), reversed on other grounds in 269 N.Y. 474, 199 N.E. 765 (1936); Coker v. Moose, 180 Okla. 234, 68 P.2d 504 (1937); Gossett v. Van Egmond, 176 Or. 134, 155 P.2d 304 (1945); Bock v. Sellers, 66 S.D. 450, 285 N.W. 437 (1939); Russell Const. Co. v. Ponder, 143 Tex. 412, 186 S.W.2d 233 (1945); Reid v Owens, 92 Utah 432, 69 P.2d 265 (1937).

Copr. © 2005 The American Law Institute.

Restatement of the Law -- Torts
Restatement of the Law Second -- Torts
Current through March 2003

Copyright © 1965-2003 by the American Law Institute

Division 2. Negligence
Chapter 15. Liability Of An Employer Of An Independent Contractor
Topic 1. Harm Caused By Fault Of Employers Of Independent Contractors

§ 411. Negligence In Selection Of Contractor

Link to Case Citations

**An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor**
  **(a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or**
  **(b) to perform any duty which the employer owes to third persons.**

See Reporter's Notes.

**Comment:**

  *a. Meaning of "competent and careful contractor."* The words "competent and careful contractor" denote a contractor who possesses the knowledge, skill, experience, and available equipment which a reasonable man would realize that a contractor must have in order to do the work which he is employed to do without creating unreasonable risk of injury to others, and who also possesses the personal characteristics which are equally necessary.

**Illustrations:**

  1. The A Company sells pianos on the installment plan. It employs the B Company, a collecting agent, to collect the unpaid installments on these pianos. The A Company knows that the B Company's employees are rough and violent and addicted to quarreling with the customers of its clients. The A Company instructs the B Company to collect C's unpaid installments. The B Company sends D, one of its employees, to do so. D gets into an argument with C and in the course of it unjustifiably knocks C down and seriously harms him. A is subject to liability to C.
  2. The A Company, engaged in logging operations, hires B Company to haul large logs over the public highway. With the exercise of reasonable care in making inquiry A Company could, but does not, discover that B Company's only available equipment consists of converted lumber trucks unsuitable for hauling such large logs in safety and on which the logs cannot be securely fastened. While such a truck of B Company is hauling the logs, they are displaced while rounding a curve, and one of them falls upon the passing automobile of C, injuring C. A Company is subject to liability to C.

  *b. Extent of rule.* The employer of a negligently selected contractor is subject to liability under the rule stated in this Section for physical harm caused by his failure to exercise reasonable care to select a competent and careful contractor, but only for such physical harm as is so caused. In order that the employer may be subject to liability it is, therefore, necessary that harm shall result from some quality in the contractor which made it negligent for the

employer to entrust the work to him. Thus, if the incompetence of the contractor consists in his lack of skill and experience or of adequate equipment but not in any previous lack of attention or diligence in applying such experience and skill or using such equipment as he possesses, the employer is subject to liability for any harm caused by the contractor's lack of skill, experience, or equipment, but not for any harm caused solely by the contractor's inattention or negligence.

**Illustrations:**

   3. The omnibus with which A, the owner of a hotel, conveys his guests from the railway station to the hotel is damaged in a collision. A contracts with B, the owner of a garage, to carry A's guests in B's bus. A knows that C, the only driver who is available for this service, has only driven a car for a few days. While driving some of A's guests from the station, C mistakes the accelerator for the brake, which causes a collision between the bus and an automobile in which D is driving. A is subject to liability to D and to his guests in the bus for any harm caused by the unskillfulness of C.
   4. The same facts, as in Illustration 3 except that the collision results solely from the fact that C, instead of looking where he is going, is talking to one of the passengers while approaching a street intersection. A is not liable to D unless he knew or should have known that C was careless and inattentive.

   *c. Factors determining amount of care required.* The amount of care which should be exercised in selecting an independent contractor is that which a reasonable man would exercise under the circumstances, and therefore varies as the circumstances vary.

   Certain factors are important: (1) the danger to which others will be exposed if the contractor's work is not properly done; (2) the character of the work to be done--whether the work lies within the competence of the average man or is work which can be properly done only by persons possessing special skill and training; and (3) the existence of a relation between the parties which imposes upon the one a peculiar duty of protecting the other.

   As to the first factor, the general principle that the amount of care which should be used is proportionate to the danger involved in failing to use it, requires those who provide such appliances as elevators for the use of their business guests to exercise more care in the selection of the contractors to whom they entrust installation or maintenance than is required in the construction or maintenance of a hallway floor which, even if improperly laid, is likely to result in only a comparatively trivial injury. So too, one who entrusts to a contractor the construction of complicated, high speed machinery or electrical appliances carrying a high voltage current is required to exercise greater care in the selection of the contractor than is required in the selection of a contractor to build seats in a theatre.

   As to the second factor, one who employs a carpenter to repair the ceilings of his shop or to install plumbing in his hotel is entitled to assume that a carpenter or plumber of good reputation is competent to do such work safely. In such case, there is no duty to make an elaborate investigation as to the competence of the carpenter or plumber. Indeed, there is no duty to take any great pains to ascertain whether his reputation is or is not good. The fact that he is a carpenter or plumber is sufficient, unless the employer knows that the contractor's reputation is bad or knows of facts which should lead him to realize that the contractor is not competent. On the other hand, if the work is such as will be highly dangerous unless properly done and is of a sort which requires peculiar competence and skill for its successful accomplishment, one who employs a contractor to do such work may well be required to go to considerable pains to investigate the reputation of the contractor and, if the work is peculiarly dangerous unless carefully done, to go further and ascertain the contractor's actual competence.

   The extent of the employer's knowledge and experience in the field of the work to be done is to be taken into account; and an inexperienced widow employing a contractor to build a house is not to be expected to have the same information concerning the competence and carefulness of building contractors in the community, or to exercise the same judgment, as would a bank seeking to build the same house.

   As to the third factor, there are a number of relations, such as that of master and servant and common carrier and passenger, in which peculiar care is required in the preparation of a safe working place and appliances and rolling stock and other equipment. Where such a relation exists, there is a duty to exercise care to ascertain whether

Copr. © 2002 The American Law Institute.

the contractor to whom the task of preparation and maintenance is entrusted is competent to do the work safely. A carrier may be liable even though it has exercised the utmost care in this particular. The carrier's duty of careful preparation and maintenance of its rolling stock, roadbed, and equipment is incapable of delegation even to a carefully selected and competent independent contractor so as to escape liability for the contractor's failure to exercise care. So too, a master owes to his servant not only the duty to exercise care in the selection of a contractor to whom he entrusts the preparation of a safe working place and appliances but also, as stated in ß 412, Comment e, a duty to inspect the working place and appliances in order to discover whether the contractor's work has been properly done.

**Comment on Clause (a):**

*d.* Clause (a) applies to any activity which a contractor is employed to carry on at or near any place in which others have a privilege to be and which is not dependent upon the consent of the employer of the contractor.

**Illustration:**

5. A, a builder, employs B, a teamster, to haul material through the streets from a nearby railway station to the place where A is building a house. A knows that B's trucks are old and in bad condition and that B habitually employs inexperienced and inattentive drivers. C is run over by a truck carrying A's material and driven by one of B's employees. A is subject to liability to C if the accident is due either to the bad condition of the truck or the inexperience or inattention of the driver.

**Comment on Clause (b):**

*e.* Clause (b) applies where one who is under a duty to take active steps for the protection of others employs a contractor to take these steps in his stead. Under the rule stated in this Section, one employing a contractor for such purposes is subject to liability to another who is deprived of the protection which it is the purpose of the duty to afford him, because of the incompetence or carelessness of a carelessly selected contractor.

**Illustrations:**

6. The cornice of A's house, which abuts upon a public highway, is in obvious need of repair. A employs B, a contractor, to make the repairs. Had A exercised reasonable care, he would have discovered that B was a notoriously dilatory contractor. Owing to B's unreasonable delay the repairs are not made for a considerable time, during which the cornice falls, causing harm to C, a pedestrian on the sidewalk. A is subject to liability to C.

7. Under the same facts as those stated in Illustration 6, except that the fall of the cornice is due to the careless manner in which the work is done, A is subject to liability to C if by the exercise of reasonable care he could have ascertained that B not only was a dilatory contractor but also employed careless workmen.

**Comment:**

*f. Work done on actor's land.* One of the most usual situations to which the rule stated in this Section applies is where a possessor of land entrusts the erection or repair of a building to an independent contractor whom he should know to be incompetent or careless. In such a case the possessor is subject to liability to another injured by the unskillfulness or carelessness of the contractor if the other is a person to whom the possessor owes a duty to exercise reasonable care to prepare and maintain a safe building. Thus, the possessor would be subject to liability to another harmed while traveling upon an adjacent highway by the fall of a wall or cornice, or to his invitee injured by the

Copr. © 2002 The American Law Institute.

dangerous condition of the ceiling or floors of the building.

**Illustration:**

    8. A employs B to do repair work upon the exterior of a building abutting upon a public highway, although he knows that B is in the habit of skimping his work and using inferior material, and employing careless and unskillful workmen. While the work is in progress, due to the inferior character of the mortar coupled with the unskillfulness and carelessness of the bricklayers, a part of the wall falls, causing harm to C, a person traveling on the adjacent highway. A is subject to liability to C.

    *g. Financial responsibility.* The rule stated in this Section makes the employer responsible only for his failure to exercise reasonable care to employ a contractor who is competent and careful. It has no application where the contractor, although competent and careful, is financially irresponsible.

    Cases are lacking in sufficient number to deal with the question of whether the employer may ever be responsible to any third person for his failure to exercise care to employ a contractor who is financially responsible, and therefore able to respond, by liability insurance or otherwise, for any damages which he may inflict by his tortious conduct. The Institute expresses no opinion that there is, or that there is not, any obligation upon the employer.

Case Citations

Reporter's Notes & Cross References Through December 1963

Case Citations 1964 -- December 1975

Case Citations 1976 -- June 1984

Case Citations July 1984 -- June 1994

Case Citations July 1994 -- June 2002

Case Citations July 2002 -- November 2002

Copr. © 2002 The American Law Institute.