CAUSE NO. 2003-09-4623-B



| | | |
|---|---|---|
| J. ANTONIO MIRELES AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JULIO CESAR MIRELES, JUAN ANTONIO MIRELES AND SOLEDAD MIRELES<br>Plaintiffs | § § § § § § § | IN THE DISTRICT COURT |
| VS. | § § | CAMERON COUNTY, TEXAS |
| STATE OF TEXAS DEPARTMENT OF TRANSPORTATION, COUNTY OF CAMERON, AND A. G. HILL POWER, INC., NOW KNOWN AS JHB ENTERPRISES, INC.<br>Defendants. | § § § § § § | 138 JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PLAINTIFFS, J. ANTONIO MIRELES, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JULIO CESAR MIRELES, JUAN ANTONIO MIRELES AND SOLEDAD MIRELES, complain of STATE OF TEXAS DEPARTMENT OF TRANSPORTATION, COUNTY OF CAMERON AND A. G. HILL POWER, INC. NOW KNOWN AS JHB ENTERPRISES, INC. Defendants, and file this, their Original Petition.

### I.
### DISCOVERY LEVEL

1.1   Discovery is intended to be conducted under Discovery Control Plan Level 3 of Texas Rule of Civil Procedure 190.

### II.
### PARTIES

2.1   Plaintiffs, J. ANTONIO MIRELES, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JULIO CESAR MIRELES, JUAN ANTONIO MIRELES AND SOLEDAD

EXH 1



MIRELES are residents of Los Fresnos, Cameron County, Texas. They bring this action individually and in their representative capacity; as the surviving parents of Julio Cesar Mireles; as the Legal Representatives of the Estate of Julio Cesar Mireles, and in all other capacities permitted by law.

2.4   Defendant, State of Texas Department of Transportation is a governmental entity which may be served with process by serving its general counsel, Mr. Richard Monroe, at 125 East 11th Street, Austin, Texas 78701-2483.

2.5   Defendant, County of Cameron, is a municipality and may be served with process by serving the County Judge, Mr. Gilberto Hinojosa, at Cameron County Courthouse, 974 E. Harrison, Brownsville, Texas 78520.

2.6   Defendant, A. G. Hill Power, Inc. now known as JHB Enterprises, Inc is a Texas corporation and may be duly served by serving its agent for service, Mr. Jack H. Bennett, at 112 Lakeshore Drive, Corpus Christi, Texas 78413.

**III.**
**JURISDICTION AND VENUE**

3.1   Jurisdiction and venue is proper in this Court, as the events giving rise to this suit occurred, in whole or in part, in on the land and navigable waters of Cameron County, Texas, and all or a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in Cameron County, Texas. Plaintiffs are seeking damages within this Court's jurisdictional limits.

**IV.**
**FACTUAL BACKGROUND**

4.1   On or about September 15, 2001, while operating a motor vehicle along and upon the Queen Isabella Causeway in Port Isabel, Cameron County, Texas, Julio Cesar Mireles was severely and fatally injured.

4.2   The Queen Isabella Causeway curves, has narrow shoulders, and rises approximately 109 feet above the bay. Once drivers enter the causeway, a concrete median prevents them from turning around. At the time of this incident, a block of streetlights on the causeway's western section was not functioning. The first part of the bridge was illuminated for traffic heading toward Port Isabel, Texas, but there was no illumination at the scene of the incident.

4.3   The State of Texas alleges that it owns the causeway and its streetlight system. Cameron County assumes certain maintenance responsibilities over the causeway's streetlight system under an agreement with the Texas Department of Transportation. Correspondence between TXDOT and the County shows that maintaining the causeway's streetlights had been a problem since at least 1995. In November of that year, Kenneth Conway, a county park-system director, wrote to TXDOT's district engineer that 30 causeway streetlights were not functioning and presented a "serious safety hazard". In an April 1996 letter to TXDOT, Conway wrote that "inconsistent lighting on the causeway presents a safety hazard to the traveling public." By August 1996, over 30 streetlights had failed, and at least that many were not functioning later when this incident occurred.

4.4   At the time of the incident that gives rise to this suit, the failed block of lights at the end of the elevated and curving causeway, with narrow shoulders and limited access, suddenly plunged motorists, including Julio Cesar Mireles, into darkness. The causeway entrance was illuminated; thus, the sudden darkness from the block of failed lighting came upon drivers unexpectedly, a condition which was neither open nor obvious to Julio Cesar Mireles. Plaintiff Julio Cesar Mireles did not have actual knowledge of this danger. Furthermore, when Plaintiff Julio Cesar Mireles entered the causeway, he could not see far enough ahead to know that the large block of lights on the bridge was out. Additionally, motorists traveling over the

## V.
## CAUSES OF ACTION
### A. Causes of Action Against the State of Texas Department of Transportation

5.1    Plaintiffs bring suit against the State of Texas Department of Transportation pursuant to Texas Civil Practice & Remedies Code Section 101.022(a), as the Plaintiffs' claims arise from a premise defect, and the governmental unit owes to the Plaintiffs the same duty that a private person owes to a licensee on private property. With respect to the condition of the premises, the condition posed an unreasonable risk of harm, the Defendant had actual knowledge of the danger, the Plaintiffs did not have actual knowledge of the danger, and the Defendant failed to exercise ordinary care to protect the Julio Cesar Mireles from danger, by both failing to adequately warn of the condition and failing to make that condition reasonably safe. Furthermore, the Defendant was grossly negligent with respect to the condition of the premises, the condition posed an unreasonable risk of harm, and the Defendant both failed to adequately warn Julio Cesar Mireles of the danger and failed to make that condition reasonably safe. The Defendant's conduct was more than momentary thoughtlessness, inadvertence, or error of judgment. In other words, the Defendant either knew of or was substantially certain that the result or a similar result would occur, or it displayed such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety, or welfare of the person affected by it. Regardless of whether or not punitive damages can be assessed against the governmental Defendant, Defendant's grossly negligent conduct means that any alleged knowledge of the condition by the Plaintiffs will not bar recovery.

5.2    Plaintiffs bring suit against the State of Texas Department of Transportation pursuant to Texas Civil Practice & Remedies Code Section 101.022(b) and 101.060(2) and (3), as the incident in question resulted from the absence, condition, or malfunction of warning

5

Defendant, Defendant's grossly negligent conduct means that any alleged knowledge of the condition by the Plaintiffs will not bar recovery.

5.5     Plaintiffs bring suit against the County of Cameron pursuant to Texas Civil Practice & Remedies Code Section 101.022(b) and 101.060(2) and (3), as the incident in question resulted from the absence, condition, or malfunction of a warning device, which was not corrected by the Defendant within a reasonable time after notice of the condition.

5.6     Plaintiffs bring suit against the County of Cameron pursuant to Texas Civil Practice & Remedies Code Section 101.021(2) because Julio Cesar Mireles's injuries and death and damages to Plaintiffs J. Antonio Mireles as Personal Representative of the Estate of Julio Cesar Mireles, Juan Antonio Mireles and Soledad Gonzalez Mireles were caused by the condition or use of tangible personal or real property, including defective wiring and lighting. The failure to use new wiring and lighting constitutes a misuse of tangible personal property.

### C. Causes of Action Against A.G. Hillpower, Inc., Now Known as JHB Enteprises, Inc.

5.7     Defendant, A. G. Hillpower, Inc. was responsible for the maintenance of the bridge. A.G. Hillpower, Inc. knew of, or should have known of, the defective wiring which caused the portion of the bridge to be dark and therefore dangerous. A.G. Hillpower, Inc. committed acts of omission and commission which, collectively and severally, constituted negligence, gross neglect, and malice, as those terms are defined under Texas Law, which negligence, gross neglect, and malice was a proximate cause of the fatal injuries to Julio Cesar Mireles and damages to J. Antonio Mireles, Juan Antonio Mireles and Soledad Gonzalez Mireles.

## VI.
## PROXIMATE CAUSE

6.1  The acts, omissions, negligence, and gross negligence of the Defendants as alleged above proximately caused damages to J. Antonio Mireles, as Personal Representative of the Estate of Julio Cesar Mireles, Juan Antonio Mireles and Soledad Mireles in excess of this Court's minimum jurisdictional limits.

## VII.
## DAMAGES TO J. ANTONIO MIRELES AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JULIO CESAR MIRELES, JUAN ANTONIO MIRELES AND SOLEDAD MIRELES

7.1  Julio Cesar Mireles did not die instantaneously, but rather suffered severe and excruciating physical pain and mental anguish prior to his death. As a result, his estate is entitled to recover damages for his physical pain and mental anguish, in addition to funeral and burial expenses, for which recovery is sought herein.

7.2  As a direct and proximate result of the death of their son, Plaintiffs JUAN ANTONIO MIRELES AND SOLEDAD MIRELES have been deprived of the affection, companionship, advise, counsel, comfort, solace, financial support, and services that they would, in a reasonable probability, have received from son during their lifetimes had he survived.

7.3  Plaintiffs JUAN ANTONIO MIRELES AND SOLEDAD MIRELES have suffered the loss of the parent/child relationship, extreme grief, mental anguish, and physical suffering in the past and will, in reasonable probability, continue to do so in the future as a result of the sudden and untimely death of their son, Julio Cesar Mireles.

7.4  The Plaintiffs have been damaged in a sum for in excess of the jurisdictional minimum of this court, subject to any limitations posed by the Texas Civil Practice & Remedies Code with regard to Defendant's State of Texas Department of Transportation ($250,000.00) and

County of Cameron ($300,000.00) after any and all comparative negligence deductions, if any, are assessed.

## VIII.
## EXEMPLARY DAMAGES

8.1     Because of the gross neglect and malice of Defendant A.G. Hill Power, Inc., Defendant A.G. Hill Power, Inc. should have exemplary damages assessed against it in an amount deemed appropriate by the jury.

## IX.
## JURISDICTION

9.1     Plaintiffs' damages sought herein are in an amount far in excess of the minimum jurisdictional limits of this Court.

## X.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

10.1    Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

## XI.
## NOTICE

11.1    Pursuant to the provisions of the Texas Tort Claims Act, Section 101.101 of the Texas Civil Practices and Remedies Code, Plaintiffs provided timely notice of their claims against the governmental Defendants. Furthermore, the governmental Defendants had actual notice of Plaintiffs' claims well within six months of the date on which the incident in question occurred.

## PRAYER

**WHEREFORE**, Plaintiffs request that Defendants be cited to appear and answer, and that on final trial, Plaintiffs have the following:

1.      Actual damages in an amount within jurisdictional limits of this Court;

2.      Exemplary damages in an amount within the jurisdictional limits of the Court;

3. Prejudgment interest allowed by law;

4. Post-judgment interest allowed by law;

5. Costs of suit; and

6. Such other and further relief, special and general, at law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

SCHIRRMEISTER AJAMIE, L.L.P.

By: *S. Mark Strawn*
S. Mark Strawn
State Bar No. 19374325
Thomas R. Ajamie
State Bar No. 00952400
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, Texas 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699

ATTORNEYS FOR PLAINTIFFS
J. ANTONIO MIRELES AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
JULIO CESAR MIRELES, JUAN
ANTONIO MIRELES AND
SOLEDAD MIRELES

**PLAINTIFFS REQUEST TRIAL BY JURY**