FILED _____ O'CLOCK __A__ M
AURORA DE LA GARZA DIST. CLERK
SEP 15 2003

CAUSE NO. 2003-09-4627-_____

| | | |
|---|---|---|
| WILLIAM EUGENE KIMBRELL, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | 103rd JUDICIAL DISTRICT |
| TEXAS DEPARTMENT OF TRANSPORTATION, CAMERON COUNTY and A.G. HILL POWER, INC. n/k/a JBH ENTERPRISES, INC. | § § § § | |
| | § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |

## WILLIAM EUGENE KIMBRELL'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW William Eugene Kimbrell, Plaintiff, and files this his Original Petition, complaining of the Texas Department of Transportation, Cameron County and A.G. Hill Power, Inc. n/k/a JBH Enterprises, Inc., Defendants herein, and for cause of action would respectfully shows the Court as follows:

### I.
### DISCOVERY LEVEL

1. Plaintiff William Eugene Kimbrell intends to conduct discovery according to Level Three under Rule 190.

### II.
### PARTIES

2. Plaintiff, William Eugene Kimbrell, is a resident of Buffalo, New York. He is the surviving father of Chealsa Welch, who lost her life in the incident which is made the basis of this litigation.

Exh. 2



SCANNED
SEP 29 2003

3. Defendant Texas Department of Transportation is an agency of the State of Texas and may be served with process by serving its designated agent for service of process, Richard Monroe, TXDOT General Counsel Office, 125 East 11th Street, Austin, Texas 78701-2483.

4. Defendant County of Cameron is a Texas governmental entity and may be served with process by serving County Judge Gilberto Hinojosa, at the Cameron County Courthouse, 974 E. Harrison, Brownsville, Texas 78520.

5. Defendant A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc. is a Texas corporation and may be served with process by serving its agent for service of process, Mr. Jack H. Bennett at 112 Lakeshore Drive, Corpus Christi, Texas 78413.

### III.
### NOTICE

6. The Texas Department of Transportation and Cameron County each received timely notice as required under § 101.101 of the Texas Civil Practice and Remedies Code and/or had actual notice of the incident upon which this suit is based and of the death of Chealsa Welch, as set forth in § 101.101(c) of the Texas Civil Practice and Remedies Code. Plaintiff has, therefore, satisfied and/or is relieved of the notice requirement as set forth in § 101.101(a) of the Texas Civil Practice and Remedies Code.

### IV.
### VENUE

7. Venue is proper in this Court because the events giving rise to this suit

---

William Eugene Kimbrell's Original Petition                              Page 2
Kimbrell #8558    RLH/dag    9/12/03



SCANNED

SEP 2 9 2003

occurred, in whole or in part, on the land and navigable waters of Cameron County, Texas, and all or a substantial part of the events or omission giving rise to the Plaintiff's claim occurred in Cameron County.

## V.
## JURISDICTION AND APPLICABLE LAW

8.  To the extent that as this suit involves maritime torts, Plaintiff William Eugene Kimbrell brings this suit pursuant to the "saving to suitors" clause in 28 USC § 1333 (1986) and specifically invokes the applicability of the substantive maritime law. Insofar as this suit involves governmental entities, it is brought pursuant to the Texas Tort Claims Act, §§ 101.001 et seq Texas Civil Practice and Remedies Code.

## VI.
## FACTUAL ALLEGATIONS

9.  On or about the night of September 15, 2001, Chealsa Welch was a passenger in a vehicle that was traversing the Queen Isabella Causeway when, suddenly and without warning, the lighting which had illuminated her vehicle's entry onto the causeway and ascent up the causeway disappeared, resulting in a sudden change of lighting conditions on the causeway, and then the traveling surface of the causeway disappeared from underneath her vehicle and the vehicle plunged into the water, some 109' below. Although it was not known to either Chealsa Welch or her husband Barry Welch, who was also traveling in the vehicle, when they began to traverse the causeway, a section of the lighting for the causeway roadway was inoperable, certain navigational lights were inoperable on the causeway and,

a large portion of the causeway had been hit and destroyed by a pushboat owned and/or operated by Brown Water Towing, Inc. and/or Brown Water Marine Service, Inc. with several barges in its tow.

10. The failure of the lighting associated with the Queen Isabella Causeway to function was a proximate cause of the incident giving rise to this litigation, the death of Chealsa Welch and the injuries and damages sustained by Plaintiff William Eugene Kimbrell.

11. Defendants Texas Department of Transportation, Cameron County and A.G. Hill Power, Inc. n/k/a JBH Enterprises, Inc., individually and separately, each had a duty to maintain and/or assumed a duty to maintain some and/or all of the lighting that was not functioning on the Queen Isabella Causeway at the time of the incident which is made the subject matter of this litigation. Each Defendant either owned, occupied and/or controlled the premises in question and/or assumed responsibility for the premises in question, specifically, the lights and lighting system associated with the causeway.

## VII.
## NEGLIGENCE

12. The inoperable condition of the lighting associated with the Queen Isabella Causeway described above was the result of negligence on the part of Defendant Defendant Texas Department of Transportation, Defendant Cameron County and/or Defendant A.G. Hill Power, Inc. n/k/a JBH Enterprises, Inc. Said negligence was a proximate cause of the

SCANNED
SEP 2 9 2003

occurrence made the basis of this litigation, the death of Chealsa Welch, and the injuries and damages complained of herein.

13. The inoperable condition of the lighting described above and the conditions created by the inoperable lighting constitutes a special defect as those terms are understood in the Texas Tort Claims Act and under the laws of the State of Texas. The inoperable condition of the lighting and the conditions created by the inoperable lighting posed an unusual and unexpected hazard and created an unreasonable risk of harm to Chealsa Welch and to other persons similarly situated. Defendant Texas Department of Transportation, Defendant Cameron County and/or Defendant A.G. Hill Power, Inc. n/k/a JBH Enterprises, Inc. knew or, through the exercise of reasonable care, should have known of the existence of the inoperable condition of the lighting and the conditions created by the inoperable lighting and of the risk of harm posed by said conditions, and Defendant Texas Department of Transportation, Defendant Cameron County and/or Defendant A.G. Hill Power, Inc. n/k/a JBH Enterprises, Inc.'s failure to exercise ordinary care to correct the above described conditions and/or adequately warn of the conditions constitutes negligence and was a proximate cause of the occurrence made the basis of this litigation, the death of Chealsa Welch, and the injuries and damages complained of herein.

14. Plaintiff William Eugene Kimbrell would also show that the inoperable condition of the lighting associated with the Queen Isabella Causeway was such that the lighting associated with the causeway was ineffective and inadequate to permit those

did or failed to do caused or contributed to the cause of the incident which is made the subject matter of this litigation, to the death Chealsa Welch or to the injuries and damages complained of herein. On the contrary, the incident in question, the death of Chealsa Welch and the injuries and damages sustained by Plaintiff William Eugene Kimbrell were cause by the negligence of Defendant Texas Department of Transportation, Defendant Cameron County and/or Defendant A.G. Hill Power, Inc. n/k/a JBH Enterprises, Inc.

## VIII.
## DAMAGES

18.    Plaintiff William Eugene Kimbrell, as the father of Chealsa Welch, deceased, has suffered damages as a result of the untimely death of his daughter in the occurrence made the basis of this litigation. Plaintiff's damages include the loss of the care, maintenance, support, services, advice, counsel and contributions of pecuniary value that he would have received from his daughter, had she lived, the loss of the positive benefits flowing from the love, comfort, companionship and society that he would have received from his daughter, had she lived, and the mental anguish, emotional pain, torment, and suffering which he has experienced and which he will experience in the future, because of the death of his daughter, Chealsa Welch. Accordingly, Plaintiff William Eugene Kimbrell maintains this suit against Defendant State of Texas, Defendant Texas Department of Transportation, Defendant Cameron County and/or Defendant A.G. Hill Power, Inc. n/k/a JBH Enterprises, Inc. for each of the foregoing elements of damages in a just and reasonable

SCANNED
SEP 29 2003

amount within the jurisdiction of the Court.

19.  In addition to the damages set out above, Plaintiff asks for judgment against the Defendants for court costs, and for pre-judgment and post judgment interest as authorized by law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff William Eugene Kimbrell prays that the Defendants be cited and required to answer herein according to law, and that, upon final hearing of this cause, Plaintiff William Eugene Kimbrell recover of and from the Defendants, jointly and severally, his actual damages in such amount as the jury may in its discretion award, along with costs of court, prejudgment and post-judgment interest, and all such other and further relief, both at law and in equity, to which Plaintiff William Eugene Kimbrell may show himself justly entitled.

        Respectfully submitted,

        THE EDWARDS LAW FIRM, L.L.P.
        1400 Frost Bank Plaza
        Corpus Christi, TX 78470
        Telephone: (361) 698-7600
        Facsimile:  (361) 698-7615

        By: _William R. Edwards, III_
        William R. Edwards, III
        State Bar No. 06465010
        Richard Leo Harrell
        Texas Bar No.: 09041320

        ATTORNEYS FOR PLAINTIFF
        WILLIAM EUGENE KIMBRELL

SCANNED
SEP 2 9 2003

## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff William Eugene Kimbrell in the above-styled and numbered cause and respectfully requests a jury trial of all issues in this case.

>                    Respectfully submitted,
>
>                    THE EDWARDS LAW FIRM, L.L.P.
>                    1400 Frost Bank Plaza
>                    Corpus Christi, TX 78470
>                    Telephone: (361) 698-7600
>                    Facsimile:  (361) 698-7615
>
>                    By: /s/ William R. Edwards, III
>                    William R. Edwards, III
>                    State Bar No. 06465010
>                    Richard Leo Harrell
>                    Texas Bar No.: 09041320
>
>                    ATTORNEYS FOR PLAINTIFF
>                    WILLIAM EUGENE KIMBRELL