CAUSE NO. 2003-09-4613-B

| | | |
|---|---|---|
| ESTEBAN F. RIVAS AND MARIA MIRIAM RIVAS INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF STVAN F. RIVAS<br>　　Plaintiffs | § § § § § § | IN THE DISTRICT COURT |
| VS. | § § | CAMERON COUNTY, TEXAS |
| STATE OF TEXAS DEPARTMENT OF TRANSPORTATION, COUNTY OF CAMERON, AND A. G. HILL POWER, INC., NOW KNOWN AS JHB ENTERPRISES, INC.<br>　　Defendants. | § § § § § § | 138th JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, PLAINTIFFS, ESTEBAN F. RIVAS AND MARIA MIRIAM RIVAS INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF STVAN F. RIVAS, complaining of the STATE OF TEXAS DEPARTMENT OF TRANSPORTATION, COUNTY OF CAMERON AND A. G. HILL POWER, INC. NOW KNOWN AS JHB ENTERPRISES, INC. Defendants, and file this, their Original Petition.

I.

### DISCOVERY LEVEL

1.1   Discovery is intended to be conducted under Discovery Control Plan Level 3 of Texas Rule of Civil Procedure 190.



Exh 3

## II.

## PARTIES

2.1   Plaintiffs, ESTEBAN F. RIVAS AND MARIA MIRIAM RIVAS INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF STVAN F. RIVAS are residents of Montgomery County, Texas. They bring this action individually and in their own capacity; as the surviving parents of Stvan F. Rivas; as the Legal Representatives of the Estate of Stvan F. Rivas, and in all other capacities permitted by law.

2.2   Defendant, State of Texas Department of Transportation is a governmental entity which may be served with process by serving its general counsel, Mr. Richard Monroe, at 125 East 11th Street, Austin, Texas 78701-2483.

2.3   Defendant, County of Cameron, is a governmental entity and may be served with process by serving the County Judge, Mr. Gilberto Hinojosa, at the Cameron County Courthouse, 974 E. Harrison, Brownsville, Texas 78520.

2.4   Defendant, A. G. Hill Power, Inc. now known as JHB Enterprises, Inc. is a Texas corporation and may be duly served by serving its agent for service, Mr. Jack H. Bennett, at 112 Lakeshore Drive, Corpus Christi, Texas 78413.

## III.

## JURISDICTION AND VENUE

3.1   Jurisdiction and venue is proper in this Court, as the events giving rise to this suit occurred, in whole or in part, in and on the land and navigable waters of Cameron County, Texas, and all or a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in Cameron County, Texas. Plaintiffs are seeking damages within this Court's jurisdictional limits.

## IV.

## FACTUAL BACKGROUND

4.1     On or about September 15, 2001, in a motor vehicle while traveling along and upon the Queen Isabella Causeway in Port Isabel, Cameron County, Texas, Stvan F. Rivas was severely and fatally injured.

4.2     The Queen Isabella Causeway curves, has narrow shoulders, and rises approximately 109 feet above the bay. Once drivers enter the causeway, a concrete median prevents them from turning around. At the time of this incident, a block of streetlights on the causeway's western section was not functioning. The first part of the bridge was illuminated for traffic heading toward Port Isabel, Texas, but there was no illumination at the scene of the incident.

4.3     The State of Texas alleges that it owns the causeway and its streetlight system. Cameron County assumes certain maintenance responsibilities over the causeway's streetlight system under an agreement with the Texas Department of Transportation. Correspondence between TXDOT and the County show that maintaining the causeway's streetlights had been a problem since at least 1995. In November of that year, Kenneth Conway, a county park-system director, wrote to TXDOT's district engineer that 30 causeway streetlights were not functioning and presented a "serious safety hazard". In an April 1996 letter to TXDOT, Conway wrote that "inconsistent lighting on the causeway presents a safety hazard to the traveling public." By August 1996, over 30 streetlights had failed, and at least that many were not functioning at the time this incident occurred.

4.4     At the time of the incident that gives rise to this suit, the failed block of lights at the end of the elevated and curving causeway, with narrow shoulders and limited access,

suddenly plunged motorists, including Stvan F. Rivas, into darkness. The causeway entrance was illuminated; thus, the sudden darkness from the block of failed lighting came upon drivers unexpectedly, a condition which was neither open nor obvious to Stvan F. Rivas. Plaintiff Stvan F. Rivas did not have actual knowledge of this danger. Furthermore, when Plaintiff Stvan F. Rivas entered the causeway, he could not see far enough ahead to know that the large block of lights on the bridge was out. Additionally, motorists traveling over the bridge had every reasonable expectation that any non-functioning lights had been repaired or replaced. Thus, the malfunctioning block of artificial lighting that the Defendants failed to maintain caused a sudden and unexpected change in driving conditions.

4.5   A cement barrier on the causeway separates the two travel lanes in each direction and prevents drivers from turning back once embarking upon the bridge. Only a relatively narrow shoulder beside the traffic lanes is available to accommodate vehicles in emergency situations. On the evening in question, the causeway was lit at the point of entry, but there was no illumination further along the causeway at the accident scene. The lighting failure was not open or obvious to motorists entering the causeway, and the entrance to the causeway is the only point at which Stvan F. Rivas could choose to avoid the condition or otherwise protect himself.

4.6   The condition of the bridge, upon failure of a large block of streetlights, caused it to be a dangerous condition. This dangerous condition posed an unreasonable risk of harm to motorists traveling on the causeway by creating sufficient probability of a harmful event occurring. It was foreseeable to Defendants that a failure of lighting would result in drivers not being able to detect hazards, or some similar event, as likely to happen.

4.7   While Plaintiff Stvan F. Rivas did not actually know of the dangerous condition of the bridge, the Defendants themselves knew of the danger that the causeway's numerous, nonfunctioning streetlights posed. Kenneth Conway, Cameron County's park-system director,

described the failed lighting as a "serious public safety issue" and "a serious safety hazard". In a letter to TXDOT, Conway specifically identified the danger posed to motorists of the causeway. The general foreman, a previous contractor, Red Simpson, Inc., hired to repair the lights additionally recognized the danger. He wrote in a letter that the causeway's lighting system posed an "[e]xtreme hazard".

V.

## CAUSES OF ACTION

### A. Causes of Action Against the State of Texas Department of Transportation

5.1    Plaintiffs bring suit against the State of Texas Department of Transportation pursuant to Texas Civil Practice & Remedies Codes Section 101.022(a), as the Plaintiffs' claims arise from a premise defect, and the governmental unit owes to the Plaintiffs the same duty that a private person owes to a licensee on private property. With respect to the condition of the premises, the condition posed an unreasonable risk of harm, the Defendant had actual knowledge of the danger, the Plaintiffs did not have actual knowledge of the danger, and the Defendant failed to exercise ordinary care to protect Stvan F. Rivas from danger, by both failing to adequately warn of the condition and failing to make that condition reasonably safe. Furthermore, the Defendant was grossly negligent with respect to the condition of the premises, the condition posed an unreasonable risk of harm, and the Defendant both failed to adequately warn Stvan F. Rivas of the danger and failed to make that condition reasonably safe. The Defendant's conduct was more than momentary thoughtlessness, inadvertence, or error of judgment. In other words, the Defendant either knew of or was substantially certain that the result or a similar result would occur, or it displayed such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety, or welfare of the person affected by it. Regardless of whether or not punitive damages can be

assessed against the governmental Defendant, Defendant's grossly negligent conduct means that any alleged knowledge of the condition by the Plaintiffs will not bar recovery.

5.2   Plaintiffs bring suit against the State of Texas Department of Transportation pursuant to Texas Civil Practice & Remedies Codes Section 101.022(b) and 101.060(2) and (3), as the incident in question resulted from the absence, condition, or malfunction of warning devices, which was not corrected by the Defendant within a reasonable time after notice of the condition.

5.3   Plaintiffs bring suit against the State of Texas Department of Transportation pursuant to Texas Civil Practice & Remedies Codes Section 101.021(2) because the Plaintiffs' injuries and death were caused by the condition or use of tangible personal or real property, including defective wiring and lighting, including the bridge's navigation range lights. The failure to use new wiring and lighting constitutes a misuse of tangible personal property.

### B. Causes of Action Against County of Cameron

5.4   Plaintiffs bring suit against the County of Cameron pursuant to Texas Civil Practice & Remedies Codes Section 101.022(a), as the Plaintiffs' claims arise from a premise defect, and the governmental unit owes to the Plaintiffs the same duty that a private person owes to a licensee on private property. With respect to the condition of the premises, the condition posed an unreasonable risk of harm, the Defendant had actual knowledge of the danger, the Plaintiffs did not have actual knowledge of the danger, and the Defendant failed to exercise ordinary care to protect Stvan F. Rivas from danger, by both failing to adequately warn of the condition and failing to make that condition reasonably safe. Furthermore, the Defendant was grossly negligent with respect to the condition of the premises, the condition posed an unreasonable risk of harm, and the Defendant both failed to adequately warn Stvan F. Rivas of the danger and failed to make that condition reasonably safe. The Defendant's conduct was more

than momentary thoughtlessness, inadvertence, or error of judgment. In other words, the Defendant either knew of or was substantially certain that the result or a similar result would occur, or it displayed such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety, or welfare of the person affected by it. Regardless of whether or not punitive damages can be assessed against the governmental Defendant, Defendant's grossly negligent conduct means that any alleged knowledge of the condition by the Plaintiffs will not bar recovery.

5.5    Plaintiffs bring suit against the County of Cameron pursuant to Texas Civil Practice & Remedies Codes Section 101.022(b) and 101.060(2) and (3), as the incident in question resulted from the absence, condition, or malfunction of a warning device, which was not corrected by the Defendant within a reasonable time after notice of the condition.

5.6    Plaintiffs bring suit against the County of Cameron pursuant to Texas Civil Practice & Remedies Codes Section 101.021(2) because Stvan F. Rivas's injuries and death and damages to Plaintiffs ESTEBAN F. RIVAS AND MARIA MIRIAM RIVAS INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF STVAN F. RIVAS were caused by the condition or use of tangible personal or real property, including defective wiring and lighting. The failure to use new wiring and lighting constitutes a misuse of tangible personal property.

### C. Causes of Action Against A.G. Hillpower, Inc., Now Known as JHB Enteprises, Inc.

5.7    Defendant, A. G. Hillpower, Inc. was responsible for the maintenance of the bridge. A.G. Hillpower, Inc. knew of, or should have known of, the defective wiring which caused the portion of the bridge to be dark and therefore dangerous. A.G. Hillpower, Inc. committed acts of omission and commission which, collectively and severally, constituted negligence, gross neglect, and malice, as those terms are defined under Texas Law, which

negligence, gross neglect, and malice was a proximate cause of the fatal injuries to Stvan F. Rivas and damages to ESTEBAN F. RIVAS AND MARIA MIRIAM RIVAS INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF STVAN F. RIVAS.

## VI.

## PROXIMATE CAUSE

6.1    The acts, omissions, negligence, and gross negligence of the Defendants as alleged above proximately caused damages to ESTEBAN F. RIVAS AND MARIA MIRIAM RIVAS INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF STVAN F. RIVAS in excess of this Court's minimum jurisdictional limits.

## VII.

## DAMAGES TO ESTEBAN F. RIVAS AND MARIA MIRIAM RIVAS INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF STVAN F. RIVAS

7.1    Stvan F. Rivas did not die instantaneously, but rather suffered severe and excruciating physical pain and mental anguish prior to his death. As a result, his estate is entitled to recover damages for his physical pain and mental anguish, in addition to funeral and burial expenses, for which recovery is sought herein.

7.2    As a direct and proximate result of the death of their son, Plaintiffs ESTEBAN F. RIVAS AND MARIA MIRIAM RIVAS INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF STVAN F. RIVAS have been deprived of the affection, companionship, advise, counsel, comfort, solace and services that they would, in a reasonable probability, have received from their parents during his lifetime had he survived.

7.3    Plaintiffs ESTEBAN F. RIVAS AND MARIA MIRIAM RIVAS INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF STVAN F. RIVAS have suffered the loss of the parent/child relationship, extreme grief, mental anguish, and

physical suffering in the past and will, in reasonable probability, continue to do so in the future as a result of the sudden and untimely death of their son, Stvan F. Rivas.

7.4   The Plaintiffs have been damaged in the sum of five million dollars ($5,000,000.00) subject to any limitations posed by the Texas Civil Practice & Remedies Code with regard to Defendant's State of Texas Department of Transportation ($250,000.00) and County of Cameron ($100,000.00) after any and all comparative negligence deductions, if any, are assessed.

## VIII.

## EXEMPLARY DAMAGES

8.1   Because of the gross neglect and malice of Defendant A.G. Hill Power, Inc., Defendant A.G. Hill Power, Inc. should have exemplary damages assessed against it in an amount deemed appropriate by the jury.

## IX.

## JURISDICTION

9.1   Plaintiffs' damages sought herein are in an amount far in excess of the minimum jurisdictional limits of this Court.

## X.

## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

10.1   Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

## XI.

## NOTICE

11.1   Pursuant to the provisions of the Texas Tort Claims Act, Section 101.101 of the Texas Civil Practices and Remedies Code, Plaintiffs provided timely notice of their claims against the governmental Defendants. Furthermore, the governmental Defendants had actual

notice of Plaintiffs' claims well within six months of the date on which the incident in question occurred.

## PRAYER

**WHEREFORE**, Plaintiffs request that Defendants be cited to appear and answer, and that on final trial, Plaintiffs have the following:

1. Actual damages in an amount within jurisdictional limits of this Court;

2. Exemplary damages in an amount within the jurisdictional limits of the Court;

3. Prejudgment interest allowed by law;

4. Post-judgment interest allowed by law;

5. Costs of suit; and

6. Such other and further relief, special and general, at law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

John David Franz
**Law Offices of John David Franz**
400 North McColl, Suite B
McAllen, Texas 78501
(956) 686-3300
(956) 686-3578 (fax)

_____
John David Franz
State Bar No. 07389200

J. Chad Gauntt
**Gauntt & Kruppstadt, L.L.P.**
9004 Forest Crossing Dr., Suite C
The Woodlands, Texas  77381
(281) 367-6555
(281) 367-3705 (fax)

_____
J. Chad Gauntt
State Bar No. 07765990

Attorneys for Esteban F. Rivas and
Maria Miriam Rivas, Individually and as
Representative of the Estate of Stvan F. Rivas

### PLAINTIFFS REQUEST TRIAL BY JURY

Attorney for Plaintiffs, John David Franz, hereby certifies that he has paid the appropriate jury fee and requests that this cause be set on the jury docket to be heard and decided by a jury in Cameron County, Texas.

_____
John David Franz

LAW OFFICES OF

# JOHN DAVID FRANZ

400 N. McCOLL
McALLEN, TX 78501

BOARD CERTIFIED
PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

(956) 686-3300
FAX: (956) 686-3578

September 12, 2003

Dear Defendant:

    This petition has been filed in order to defeat any claim of a failure to file a claim within the appropriate statute of limitations period. If at any time you wish to invoke the state provisions of the pending federal court limitation of liability actions, we will honor same upon proof of claim being made by your client against one or both maritime defendants.

                                            Respectfully,

                                            Law Offices of John David Franz

                                            John David Franz

JDF/pc