FILED 4:15 O'CLOCK __ PM
AURORA DE LA GARZA DIST. CLERK
SEP 16 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

CAUSE NO. 2003-09-4657-E

| | | |
|---|---|---|
| LAGUNA MADRE WATER DISTRICT | § § § § | IN THE DISTRICT COURT |
| VS. | § § § | CAMERON COUNTY, TEXAS |
| STATE OF TEXAS DEPARTMENT OF TRANSPORTATION, COUNTY OF CAMERON, AND A.G. HILL POWER, INC. NOW KNOWN AS JHB ENTERPRISES, INC. Defendants. | § § § § § § | 357TH JUDICIAL DISTRICT |

## FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PETITIONER, LAGUNA MADRE WATER DISTRICT (LMWD), complains of STATE OF TEXAS DEPARTMENT OF TRANSPORTATION, COUNTY OF CAMERON AND A.G. HILL POWER, INC. NOW KNOWN AS JHB ENTERPRISES, INC., Defendants, and file this, its' First Amended Petition.

### I.

### DISCOVERY LEVEL

1.1 Discovery should be conducted under Discovery Control Plan Level 2 of Texas Rule of Civil Procedure 190.

### II.

### PARTIES

2.1 Petitioner, LMWD is a governmental unit situated in Cameron County, Texas.

exh.14



1

2.4     Defendant, State of Texas Department of Transportation is a governmental entity which may be served with process by serving its general counsel, Mr. Richard Monroe, at 125 East 11th Street, Austin, Texas 78701-2483.

2.5     Defendant, County of Cameron, is a municipality and may be served with process by serving the County Judge, Mr. Gilberto Hinojosa, at the Cameron County Courthouse, 974 E. Harrison, Brownsville, Texas.

2.6     Defendant, A. G. Hill Power, Inc. now known as JHB Enterprises, Inc. is a Texas corporation and may be duly served with process by serving its agent for service, Mr. Jack H. Bennett, at 112 Lakeshore Drive, Corpus Christi, Texas 78413.

## III.

## JURISDICTION AND VENUE

3.1     Jurisdiction and venue is proper in this Court, as the events giving rise to this suit occurred, in whole or in part, in on the land and navigable waters of Cameron County, Texas, and all or a substantial part of the events or omissions giving rise to the Petitioners' claims occurred in Cameron County, Texas. Petitionerr is seeking damages within this Court's jurisdictional limits.

## IV.

## FACTUAL BACKGROUND

4.1     That on or about September 15, 2001, a portion of the Queen Isabella Causeway in Port Isabel, Cameron County, Texas, collapsed after being struck by a barge.

4.2     The Queen Isabella Causeway curves, has narrow shoulders, and rises approximately 109 feet above the bay. At the time of this incident, the streetlights and/or navigation lights on the causeway were not functioning.

3.3     The State of Texas alleges that it owns the causeway and its streetlight and/or navigation light system. Cameron County assumes certain maintenance responsibilities over the causeway's streetlight and/or navigation light system under an agreement with the Texas Department of Transportation. Correspondence between TXDOT and the County shows that maintaining the causeway's lights had been a problem since at least 1995.

3.4     At the time of the incident that gives rise to this suit, the failed streetlights and/or navigation lights resulted in the causeway to not be visible for any water vessels navigating at, near and/or underneath it. Operators of any water vessels could not see far enough ahead to know the exact location of the safe passageway under the causeway. Thus, the malfunctioning lighting that the Defendants failed to maintain caused a sudden and unexpected change in the conditions around and underneath the causeway.

4.5     On the evening in question, a cement barrier and/or pillar, which supports the causeway, was struck by a barge, resulting in the collapse of the causeway and damage to LMWD's property as a direct and proximate result of Defendants' negligence.

4.6     The condition of the bridge, upon failure of the streetlights and/or navigation lights, caused it to be more dangerous than an ordinary. It posed an unreasonable risk of harm, in that that there was a sufficient probability of a harmful event occurring, that the Defendants would have foreseen it, or some similar event, as likely to happen.

3.7     While the operator of a water vessels in this area did not actually know of the dangerous condition of the bridge, the Defendants themselves knew of the danger that the causeway's numerous, nonfunctioning streetlights and/or navigation lights posed.

## V.

## CAUSES OF ACTION

**A. Causes of Action Against the State of Texas Department of Transportation**

5.1  Petitioner bring suits against the State of Texas Department of Transportation pursuant to Texas Civil Practice & Remedies Codes Section 101.022(a), as the Petitioner's claims arise from a premise defect, and the governmental unit owes to the Petitioner the same duty that a private person owes to a licensee on private property. With respect to the condition of the premises, the condition posed an unreasonable risk of harm, the Defendant had actual knowledge of the danger, the Petitioner nor the public had actual knowledge of the danger, and the Defendant failed to exercise ordinary care to protect the Petitioner and the public from danger, by both failing to adequately warn of the condition and failing to make that condition reasonably safe. Furthermore, the Defendant was grossly negligent and/or guilty of malice with respect to the condition of the premises, the condition posed an unreasonable risk of harm, and the Defendant both failed to adequately warn of the danger and failed to make that condition reasonably safe. The Defendant's conduct was more than momentary thoughtlessness, inadvertence, or error of judgment. In other words, the Defendant either knew of or was substantially certain that the result or a similar result would occur, or it displayed such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety, or welfare of the person affected by it. Regardless of whether or not punitive damages can be assessed against the governmental Defendant, Defendant's grossly negligent conduct means that any alleged knowledge of the condition by the Petitioner will not bar recovery.

5.2  Petitioner brings suit against the State of Texas Department of Transportation pursuant to Texas Civil Practice & Remedies Codes Section 101.022(b) and

101.060(2) and (3), as the incident in question resulted from the absence, condition, or malfunction of warning and/or navigation devices, which was not corrected by the Defendant within a reasonable time after notice of the condition.

    5.3    Petitioner brings suit against the State of Texas Department of Transportation pursuant to Texas Civil Practice & Remedies Codes Section 101.021(2) because the Petitioner's damages were caused by the condition or use of tangible personal or real property, including defective wiring and lighting, including the bridge's navigation range lights. The failure to use new wiring and lighting constitutes a misuse of tangible personal property.

### B. Causes of Action Against County of Cameron

    5.4    Petitioner brings suit against the County of Cameron pursuant to Texas Civil Practice & Remedies Codes Section 101.022(a), as the Petitioner's claims arise from a premise defect, and the governmental unit owes to the Petitioner and the public the same duty that a private person owes to a licensee on private property. With respect to the condition of the premises, the condition posed an unreasonable risk of harm, the Defendant had actual knowledge of the danger, the Petitioner nor the public had actual knowledge of the danger, and the Defendant failed to exercise ordinary care to protect the Petitioner from danger, by both failing to adequately warn of the condition and failing to make that condition reasonably safe. Furthermore, the Defendant was grossly negligent and/or guilty of malice with respect to the condition of the premises, the condition posed an unreasonable risk of harm, and the Defendant both failed to adequately warn of the danger and failed to make that condition reasonably safe. The Defendant's conduct was more than momentary thoughtlessness, inadvertence, or error of judgment. In other words, the Defendant either knew of or was substantially certain that the result or a similar result would occur, or it

displayed such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety, or welfare of the person affected by it. Regardless of whether or not punitive damages can be assessed against the governmental Defendant, Defendant's grossly negligent conduct means that any alleged knowledge of the condition by the Petitioner will not bar recovery.

5.5    Petitioner brings suit against the County of Cameron pursuant to Texas Civil Practice & Remedies Codes Section 101.022(b) and 101.060(2) and (3), as the incident in question resulted from the absence, condition, or malfunction of a warning and/or navigation device, which was not corrected by the Defendant within a reasonable time after notice of the condition.

5.6    Petitioner brings suit against the County of Cameron pursuant to Texas Civil Practice & Remedies Codes Section 101.021(2) because the Petitioner's damages were caused by the condition or use of tangible personal or real property, including defective wiring and lighting. The failure to use new wiring and lighting constitutes a misuse of tangible personal property.

### C. Causes of Action Against A. G. Hillpower, Inc.
### Now Known as JHB ENTERPRISES, INC.

5.7    Defendant, A. G. Hillpower, Inc. was responsible for the maintenance of the bridge lighting. A.G. Hillpower, Inc. knew of, or should have known of, the defective wiring which caused the portion of the bridge to be dark and therefore dangerous. A.G. Hillpower, Inc. committed acts of omission and commission which, collectively and severally, constituted negligence, gross neglect, and malice, as those terms are defined under Texas Law, which negligence; gross neglect, and malice was a proximate cause of the damages incurred by Petitioner.

## V.

## PROXIMATE CAUSE

5.1   The acts, omissions, negligence, and gross negligence of the Defendants as alleged above proximately caused damages Petitioner in excess of this Court's minimum jurisdictional limits.

## VI.

## DAMAGES

### Damages to Laguna Madre Water District

6.1   Petitioner's property was damaged and has incurred expenses to repair and/or replace, for which recovery is sought herein.

6.2   The Petitioners have been damaged in the sum of ($300,000.00) subject to any limitations posed by the Texas Civil Practice & Remedies Code with regard to Defendant's State of Texas Department of Transportation ($250,000.00) and County of Cameron ($300,000.00) after any and all comparative negligence deductions, if any, are assessed.

## VII.

## EXEMPLARY DAMAGES

7.1   Because of the gross neglect and malice of Defendant A. G. Hillpower, Inc., Defendant A. G. Hillpower, Inc. should have exemplary damages assessed against it in an amount deemed appropriate by the jury.

## VIII.

## JURISDICTION

8.1   Petitioner's damages sought herein are in an amount far in excess of the minimum jurisdictional limits of this Court.

## IX.

## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

9.1   Petitioner seeks pre-judgment and post-judgment interest as allowed by law.

## X.

## NOTICE

10.1   Pursuant to the provisions of the Texas Tort Claims Act, Section 101.101 of the Texas Civil Practices and Remedies Code, Petitioner provided timely notice of their claims against the governmental Defendants. Furthermore, the governmental Defendants had actual notice of Petitioner's claim well within six months of the date on which the incident in question occurred.

## PRAYER

**WHEREFORE**, Petitioner requests that Defendants be cited to appear and answer, and that on final trial, Petitioner have the following:

A. Actual damages in an amount within jurisdictional limits of this Court;

B. Exemplary damages in an amount within the jurisdictional limits of the Court;

C. Prejudgment interest allowed by law;

D. Post-judgment interest allowed by law;

E. Costs of suit; and

F. Such other and further relief, special and general, at law and in equity, to which Petitioner may show itself justly entitled.

Respectfully submitted,

**LAW OFFICE OF ALBERTO PULLEN**

_____
Alberto Pullen

8

State Bar No. 24004440
1623 Central Ave., Suite 205
Brownsville, Texas 78520
(956) 546-3627
(956) 546-3626 FAX

**ATTORNEY FOR PETITIONER**
*Laguna Madre Water District*

**PETITIONER REQUESTS TRIAL BY JURY**