Source: Legal > Cases - U.S. > **Federal Court Cases, Combined**
Terms: (texas tort claims act) or (101.102) and court (supreme or 5th or texas) (Edit Search)
Focus: **(texas tort claims act) and (101.102) and court (supreme or 5th or texas)** (Exit FOCUS™)

↓Select for FOCUS™ or Delivery

*2002 U.S. Dist. LEXIS 6195, \**

EUGENE V. ABRAVANEL, M.D., Plaintiff, v. MILES R. DAY, M.D., and TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER, Defendants.

No. 3:02-CV-0052-R

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF **TEXAS**, DALLAS DIVISION

2002 U.S. Dist. LEXIS 6195

April 10, 2002, Decided
April 10, 2002, Filed, Entered

**SUBSEQUENT HISTORY:** [*1] Adopting Order of April 23, 2002, Reported at: 2002 U.S. Dist. LEXIS 7339.

**DISPOSITION:** Magistrate's recommendation: Defendant Texas Tech University Health Sciences Center's motion to dismiss should be granted and that Plaintiff's complaint against Texas Tech should be dismissed with prejudice.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant University Health Sciences Center moved to dismiss, for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b), the complaint of plaintiff patient for injuries he suffered as a result of medical treatment received, pursuant to the Medical Liability and Insurance Improvement Act, Tex. Rev. Civ. Stat. Ann. art. 4590i, § 103(a)(4)(Vernon Supp. 2001) and common law claims.

**OVERVIEW:** The patient's common law cause of action is based upon strict liability, negligence, breach of implied warranties and failure to warn. It was undisputed that the Health Sciences Center was a general agency of the State. The patient did not allege that the Medical Liability and Insurance Improvement Act abrogated the State's sovereign immunity, or that the State had waived its sovereign immunity for purposes of his tort claims. Tex. Civ. Prac. & Rem. Code Ann. § **101.102**(a) directed that such claims should be brought in State court. The federal court lacked subject matter jurisdiction because sovereign immunity barred pursuing the claims in federal court.

**OUTCOME:** The magistrate judge recommended that the Health Sciences Center's motion to dismiss be granted and the complaint be dismissed as to it with prejudice for lack of subject matter jurisdiction.

**CORE TERMS:** sovereign immunity, recommendation, cause of action, waive, Insurance Improvement Act, Texas Tort Claims Act, Eleventh Amendment, subject matter jurisdiction, motion to dismiss, failure to file, abrogated, immunity

**LexisNexis(R) Headnotes** ♦ Hide Headnotes

Constitutional Law > State Autonomy

*HN1* The Eleventh Amendment provides an unconsenting state immunity from suits brought in federal courts by citizens of its own state as well as by citizens of another state. Absent a waiver of sovereign immunity, neither a state nor agencies acting under its control are subject to suit in federal court. More Like This Headnote

Constitutional Law > State Autonomy

*HN2* A state does not waive Eleventh Amendment immunity in federal courts merely by waiving sovereign immunity in its own courts. The constitutional protection afforded by sovereign immunity encompasses not only whether a state may be sued, but also where it may be sued. Courts will find such a waiver only where it is stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction. More Like This Headnote

Civil Procedure > State & Federal Interrelationships > Amendment 11

*HN3* See Tex. Civ. Prac. & Rem. Code Ann. § **101.102**(a).

**COUNSEL:** For EUGENE V ABRAVANEL, MD, plaintiff: Steven R Dunn, Donal R Schmidt, Jr, Attorneys at Law, Dunn Raney & Schmidt, Dallas, TX USA.

For MILES R DAY, MD, defendant: Ken Braxton, Jr, Attorney at Law, Texas Tech University, Lubbock, TX USA.

For TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER, defendant: Brenda E Brockner, Attorney at Law, Office of Attorney General, Austin, TX USA.

**JUDGES:** PAUL D. STICKNEY, UNITED STATES MAGISTRATE JUDGE.

**OPINIONBY:** PAUL D. STICKNEY

**OPINION: CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, Defendant Texas Tech University Health Sciences Center's "Plea to the Jurisdiction and Motion to Dismiss Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure," filed February 21, 2002, has been referred to the United States Magistrate Judge. The conclusions and recommendation of the Magistrate Judge follow: [*2]

**ANALYSIS AND CONCLUSIONS**

Plaintiff, Eugene V. Abravanel, M.D., has filed a tort complaint based upon diversity jurisdiction for injuries he suffered as a result of medical treatment. His claims are against Miles R. Day, M.D., and Texas Tech University Health Sciences Center. Plaintiff's first cause of action is brought pursuant to the Medical Liability and Insurance Improvement Act, TEX. REV. CIV. STAT. ANN. art. 4590i, § 1.03(a)(4)(Vernon Supp. 2001). Plaintiff's second cause of action is based upon strict liability, negligence, breach of implied warranties and failure to warn.

Texas Tech University Health Sciences Center (Texas Tech) brings a plea to the jurisdiction and motion to dismiss pursuant to FED. R. CIV. P. RULE 12(b), claiming the Court lacks subject matter jurisdiction because it is immune from suit in federal court pursuant to the Eleventh Amendment. Plaintiff has not filed a response to Texas Tech's motion seeking its

dismissal based upon sovereign immunity.

Texas Tech University Health Sciences Center is an institution under the direction management, and control of the Texas Tech University Board of Regents, a general agency of the State of Texas. *Carrillo v. Texas Tech University Health Sciences Center*, 960 S.W.2d 870, 871 **[*3]** (Tex. App.--El Paso 1997, no pet.), abrogated on other grounds, *Kerrville States Hosp. v. Fernandez*, 28 S.W.3d 1 (Tex. 2000); see TEX. EDUC. CODE §§ 110.01, 110.02. *HN1* The Eleventh Amendment provides an unconsenting state immunity from suits brought in federal courts by citizens of its own state as well as by citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 663, 39 L. Ed. 2d 662, 94 S. Ct. 1347 (1974). Absent a waiver of sovereign immunity, neither a state nor agencies acting under its control are subject to suit in federal court. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S.139, 144, 121 L. Ed. 2d 605, 113 S. Ct. 684 (1993); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100, 79 L. Ed. 2d 67, 104 S. Ct. 900 (1984).

Plaintiff brings suit against Texas Tech under the Medical Liability and Insurance Improvement Act, TEX. REV. CIV. STAT. ANN. art. 4590i, § 1.03(a)(4)(Vernon Supp. 2001), and common law torts. Plaintiff does not allege that any provisions of the Medical Liability and Insurance Improvement Act abrogate Texas' sovereign immunity. Additionally, the **[*4]** Fifth Circuit Court of Appeals has examined certain provisions of that act and found that sovereign immunity is not abrogated. See e.g., *Hale v. Sheikholeslam*, 724 F.2d 1205, 1210 (5th Cir. 1984).

Similarly, Plaintiff does not allege that Texas has waived its sovereign immunity for purposes of his tort claims. Moreover, Defendant's claim that this court lacks subject matter jurisdiction to entertain Plaintiff's tort claims against Texas Tech is correct. *HN2* A state does not waive Eleventh Amendment immunity in federal courts merely by waiving sovereign immunity in its own courts. *Welch v. Department of Highways and Public Transportation*, 483 U.S. 468, 473-74, 97 L. Ed. 2d 389, 107 S. Ct. 2941 (1987). The constitutional protection afforded by sovereign immunity encompasses not only *whether* a state may be sued, but also *where* it may be sued. *Pennhurst*, 465 U.S. at 99. Courts will find waiver only where it is "stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'" *Edelman*, 415 U.S. at 673 (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171, 53 L. Ed. 742, 29 S. Ct. 458 (1909). **[*5]** Although Texas waives its sovereign immunity to a limited extent for suits brought under the **Texas Tort Claims Act,** the provisions of the **Texas Tort Claims Act** do not waive the state's sovereign immunity for actions brought in federal court. *Sherwinski v. Peterson*, 98 F.3d 849, 852 (5th Cir. 1996).

*HN3* The **Texas Tort Claims Act** specifically provides that "[a] suit under this chapter *shall* be brought *in state court* in the county in which the cause of action arose or a part of the cause of action arises." Tex.Civ.Prac. & Rem.Code Ann. § **101.102(a)** (emphasis added). Before an amendment in 1987, the terms of § **101.102** provided: "A suit under this chapter shall be brought in the county in which the cause of action or a part of the cause of action arises." Tex.Civ.Prac. & Rem.Code Ann. § **101.102(a)** (West 1986). The 1987 amendment inserted the phrase "*in state court*." The Fifth Circuit Court of Appeals has noted that this amendment clarifies the legislative intent to waive sovereign immunity in state court only. See *Sherwinski*, 98 F.3d at 852 n. 9. Sovereign immunity bars Plaintiff from pursuing his tort claims against Texas Tech in federal **[*6]** court.

**RECOMMENDATION**

The Court recommends that Defendant Texas Tech University Health Sciences Center's motion to dismiss be granted and that Plaintiff's complaint against Texas Tech be dismissed with prejudice for lack of subject matter jurisdiction.

Signed April 10, 2002.

PAUL D. STICKNEY

UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466, 472, 88 L. Ed. 2d 435 (1985). [*7] Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY

UNITED STATES MAGISTRATE JUDGE

Source:   Legal > Cases - U.S. > **Federal Court Cases, Combined**
Terms:    (texas tort claims act) or (101.102) and court (supreme or 5th or texas)   (Edit Search)
Focus:    **(texas tort claims act) and (101.102) and court (supreme or 5th or texas)**   (Exit FOCUS™)
View:     Full
Date/Time: Tuesday, January 25, 2005 - 8:11 PM EST

* Signal Legend:
● -  Warning: Negative treatment is indicated
▲ -  Caution: Possible negative treatment
◆ -  Positive treatment is indicated
🄰 -  Citing Refs. With Analysis Available
🅘 -  Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.