CAUSE NO. 2003-09-4620-E

FILED ____ O'CLOCK __ M
AURORA DE LA GARZA DIST. CLERK
SEP 12 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY _____ DEPUTY

| | | |
|---|---|---|
| RENE MATA AND FRANK MATA<br>*Plaintiffs* | § § § | IN THE DISTRICT COURT |
| VS. | § § § | |
| STATE OF TEXAS DEPARTMENT OF TRANSPORTATION, COUNTY OF CAMERON, AND A. G. HILL POWER, INC. n/k/a JHB ENTERPRISES, INC.<br>*Defendants* | § § § § § § | CAMERON COUNTY, TEXAS<br><br>357th JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PLAINTIFFS, RENE MATA AND FRANK MATA, complain of STATE OF TEXAS DEPARTMENT OF TRANSPORTATION, COUNTY OF CAMERON AND A. G. HILL POWER, INC. n/k/a JHB ENTERPRISES, INC. Defendants, and file this, their Original Petition.

### I.

### DISCOVERY LEVEL

1.1 Discovery is intended to be conducted under Discovery Control Plan Level 3 of Texas Rule of Civil Procedure 190.

### II.

### PARTIES

2.1 Plaintiffs, FRANK MATA AND RENE MATA are residents of, Cameron County, Texas. They bring this action individually and in all other capacities permitted by law.

Exh. 12



2.2     Defendant, State of Texas Department of Transportation is a governmental entity which may be served with process by serving its general counsel, Mr. Richard Monroe, at 125 East 11th Street, Austin, Texas 78701-2483.

2.4     Defendant, County of Cameron, is a municipality and may be served with process by servings the County Judge, Mr. Gilberto Hinojosa, at Cameron County Courthouse, 974 E. Harrison, Brownsville, Texas 78520.

2.5     Defendant, A. G. Hill Power, Inc. n/k/a JHB Enterprises, Inc is a Texas corporation and may be duly served by serving its agent for service, Mr. Jack H. Bennett, at 112 Lakeshore Drive, Corpus Christi, Texas 78413.

### III.

### JURISDICTION AND VENUE

3.1     Jurisdiction and venue is proper in this Court, as the events giving rise to this suit occurred, in whole or in part, in on the land and navigable waters of Cameron County, Texas, and all or a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in Cameron County, Texas. Plaintiffs are seeking damages within this Court's jurisdictional limits.

### IV.

### FACTUAL BACKGROUND

4.1     That on or about September 15, 2001, Plaintiff Rene Mata was driving a Ford Coupe, owned by his father Frank Mata, across the Queen Isabella Causeway in Port Isabel, Cameron County, Texas.  Before Rene Mata could reasonably react to the collapse of the causeway, the Ford Coupe fell through a chasm in the roadway, created by a previous allision between the Causeway and a barge, and plummeted to the water below.  Plaintiff Rene Mata

sustained substantial, severe, and permanent physical injuries and the Ford Coupe owned by Frank Mata was totaled.

4.2    The Queen Isabella Causeway curves, has narrow shoulders, and rises approximately 109 feet above the bay. Once drivers enter the causeway, a concrete median prevents them from turning around. At the time of this incident, a block of streetlights on the causeway's western section was not functioning. The first part of the bridge was illuminated for traffic heading toward Port Isabel, Texas, but there was no illumination at the scene of the incident.

4.3    The State of Texas alleges that it owns the causeway and its streetlight system. Cameron County assumes certain maintenance responsibilities over the causeway's streetlight system under an agreement with the Texas Department of Transportation. Correspondence between TXDOT and the County shows that maintaining the causeway's streetlights had been a problem since at least 1995. In November of that year, Kenneth Conway, a county park-system director, wrote to TXDOT's district engineer that 30 causeway streetlights were not functioning and presented a "serious safety hazard". In an April 1996 letter to TXDOT, Conway wrote that "inconsistent lighting on the causeway presents a safety hazard to the traveling public." By August 1996, over 30 streetlights had failed, and at least that many were not functioning later when this incident occurred.

4.4    At the time of the incident that gives rise to this suit, the failed block of lights at the end of the elevated and curving causeway, with narrow shoulders and limited access, suddenly plunged motorists into darkness. The causeway entrance was illuminated; thus, the sudden darkness from the block of

3

failed lighting came upon drivers unexpectedly, a condition which was neither open nor obvious to motorists. Plaintiffs did not have actual knowledge of this danger. Furthermore, they could not see far enough ahead to know that the large block of lights on the bridge was out. Additionally, motorists traveling over the bridge had every reasonable expectation that any non-functioning lights had been repaired or replaced. Thus, the malfunctioning block of artificial lighting that the Defendants failed to maintain caused a sudden and unexpected change in driving conditions.

4.5     A cement barrier on the causeway separates the two travel lanes in each direction and prevents drivers from turning back once embarking upon the bridge. Only a relatively narrow shoulder beside the traffic lanes is available to accommodate vehicles in emergency situations. On the evening in question, the causeway was lit at the point of entry, but there was no illumination further along the causeway at the accident scene. The lighting failure was not open or obvious to motorists entering the causeway, and the entrance to the causeway is the only point at which they could choose to avoid the condition or otherwise protect themselves.

4.6     The condition of the bridge, upon failure of a large block of streetlights, caused it to be more dangerous than an ordinary road. It posed an unreasonable risk of harm, in that that there was a sufficient probability of a harmful event occurring, that the Defendants would have foreseen it, or some similar event, as likely to happen.

4.7     While Plaintiffs did not actually know of the dangerous condition of the bridge, the Defendants themselves knew of the danger that the causeway's numerous, nonfunctioning streetlights posed. Kenneth Conway, Cameron

4

County's park-system director, described the failed lighting as a "serious public safety issue" and "a serious safety hazard". In a letter to TXDOT, Conway specifically identified the danger posed to motorists of the causeway. The general foreman a previous contractor, Red Simpson, Inc., hired to repair the lights additionally recognized the danger. He wrote in a letter that the causeway's lighting system posed an "[e]xtreme hazard".

V.

CAUSES OF ACTION

A.    Causes of Action Against the Texas Department of Transportation

5.1    Plaintiffs bring suit against the State of Texas Department of Transportation pursuant to Texas Civil Practice & Remedies Codes Section 101.022(a), as the Plaintiffs' claims arise from a premise defect, and the governmental unit owes to the Plaintiffs the same duty that a private person owes to a licensee on private property. With respect to the condition of the premises, the condition posed an unreasonable risk of harm, the Defendant had actual knowledge of the danger, the Plaintiffs did not have actual knowledge of the danger, and the Defendant failed to exercise ordinary care to protect them from danger, by both failing to adequately warn of the condition and failing to make that condition reasonably safe. Furthermore, the Defendant was grossly negligent with respect to the condition of the premises, the condition posed an unreasonable risk of harm, and the Defendant both failed to adequately warn RENE MATA AND FRANK MATA of the danger and failed to make that condition reasonably safe. The Defendant's conduct was more than momentary thoughtlessness, inadvertence, or error of judgment. In other words, the Defendant either knew of or was substantially certain that the result or a similar

result would occur, or it displayed such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety, or welfare of the person affected by it. Regardless of whether or not punitive damages can be assessed against the governmental Defendant, Defendant's grossly negligent conduct means that any alleged knowledge of the condition by the Plaintiffs will not bar recovery.

5.2     Plaintiffs bring suit against the State of Texas Department of Transportation pursuant to Texas Civil Practice & Remedies Codes Section 101.022(b) and 101.060(2) and (3), as the incident in question resulted from the absence, condition, or malfunction of warning devices, which was not corrected by the Defendant within a reasonable time after notice of the condition.

5.3     Plaintiffs bring suit against the State of Texas Department of Transportation pursuant to Texas Civil Practice & Remedies Codes Section 101.021(2) because the Plaintiffs' injuries and death were caused by the condition or use of tangible personal or real property, including defective wiring and lighting, including the bridge's navigation range lights. The failure to use new wiring and lighting constitutes a misuse of tangible personal property.

**B.     Causes of Action Against County of Cameron**

5.4     Plaintiffs bring suit against the County of Cameron pursuant to Texas Civil Practice & Remedies Codes Section 101.022(a), as the Plaintiffs' claims arise from a premise defect, and the governmental unit owes to the Plaintiffs the same duty that a private person owes to a licensee on private property. With respect to the condition of the premises, the condition posed an unreasonable risk of harm, the Defendant had actual knowledge of the danger, the Plaintiffs did not have actual knowledge of the danger, and the Defendant failed to

exercise ordinary care to protect RENE MATA AND FRANK MATA from danger, by both failing to adequately warn of the condition and failing to make that condition reasonably safe. Furthermore, the Defendant was grossly negligent with respect to the condition of the premises, the condition posed an unreasonable risk of harm, and the Defendant both failed to adequately warn Plaintiffs of the danger and failed to make that condition reasonably safe. The Defendant's conduct was more than momentary thoughtlessness, inadvertence, or error of judgment. In other words, the Defendant either knew of or was substantially certain that the result or a similar result would occur, or it displayed such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety, or welfare of the person affected by it. Regardless of whether or not punitive damages can be assessed against the governmental Defendant, Defendant's grossly negligent conduct means that any alleged knowledge of the condition by the Plaintiffs will not bar recovery.

     5.5    Plaintiffs bring suit against the County of Cameron pursuant to Texas Civil Practice & Remedies Codes Section 101.022(b) and 101.060(2) and (3), as the incident in question resulted from the absence, condition, or malfunction of a warning device, which was not corrected by the Defendant within a reasonable time after notice of the condition.

     5.6    Plaintiffs bring suit against the County of Cameron pursuant to Texas Civil Practice & Remedies Codes Section 101.021(2) because of the injuries and damages to Plaintiffs RENE MATA AND FRANK MATA were caused by the condition or use of tangible personal or real property, including defective wiring

and lighting. The failure to use new wiring and lighting constitutes a misuse of tangible personal property.

C.  **Causes of Action Against A.G. Hillpower, Inc. n/k/a JHB Enteprises, Inc.**

5.7  Defendant, A. G. Hillpower, Inc. was responsible for the maintenance of the bridge. A.G. Hillpower, Inc. knew of, or should have known of, the defective wiring which caused the portion of the bridge to be dark and therefore dangerous. A.G. Hillpower, Inc. committed acts of omission and commission which, collectively and severally, constituted negligence, gross neglect, and malice, as those terms are defined under Texas Law, which negligence, gross neglect, and malice was a proximate cause of the injuries to RENE MATA AND FRANK MATA.

## VI.

## PROXIMATE CAUSE

6.1  The acts, omissions, negligence, and gross negligence of the Defendants as alleged above proximately caused damages to RENE MATA AND FRANK MATA in excess of this Court's minimum jurisdictional limits.

## VII.

## DAMAGES TO RENE MATA AND FRANK MATA

7.1  As a result of the injuries to RENE MATA AND FRANK MATA, they have sustained damages for which recovery is sought herein. Specifically recovery of damages for RENE MATA as follows:

- Physical pain and suffering in the past;
- Physical pain and suffering in the future;
- Mental anguish in the past;
- Mental anguish in the future;
- Loss of earning capacity in the past;

- Loss of earning capacity in the future;
- Disfigurement in the past;
- Disfigurement in the future;
- Physical impairment in the past;
- Physical impairment in the future;
- Medical expenses in the past; and,
- Medical expenses in the future.

7.2     Plaintiff FRANK MATA has also sustained damages, including property and loss of consortium damages.

7.3     The Plaintiffs have been damaged in an amount far in excess of the minimum jurisdictional limits of this Court, subject to any limitations posed by the Texas Civil Practice & Remedies Code with regard to Defendant's State of Texas Department of Transportation ($250,000.00) and County of Cameron ($300,000.00) after any and all comparative negligence deductions, if any, are assessed.

## VIII.

## EXEMPLARY DAMAGES

8.1     Because of the gross neglect and malice of Defendant A.G. Hill Power, Inc., Defendant A.G. Hill Power, Inc. should have exemplary damages assessed against it in an amount deemed appropriate by the jury.

## IX.

## JURISDICTION

9.1     Plaintiffs' damages sought herein are in an amount far in excess of the minimum jurisdictional limits of this Court.

## X.

## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

10.1   Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

## XI.

## NOTICE

11.1   Pursuant to the provisions of the Texas Tort Claims Act, Section 101.101 of the Texas Civil Practices and Remedies Code, Plaintiffs provided timely notice of their claims against the governmental Defendants. Furthermore, the governmental Defendants had actual notice of Plaintiffs' claims well within six months of the date on which the incident in question occurred.

## XII.

## JURY DEMAND

12.1   Plaintiffs hereby request a trial by jury.

## PRAYER

**WHEREFORE**, Plaintiffs request that Defendants be cited to appear and answer, and that on final trial, Plaintiffs have the following:

1. Actual damages in an amount within jurisdictional limits of this Court;

2. Exemplary damages in an amount within the jurisdictional limits of the Court;

3. Prejudgment interest allowed by law;

4. Post-judgment interest allowed by law;

5. Costs of suit; and

6. Such other and further relief, special and general, at law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

By: *[signature]* Raymond L. Thomas
Raymond L. Thomas
State Bar No. 19865350
Andres H. Gonzalez, Jr.
State Bar No. 24002156

***KITTLEMAN, THOMAS, RAMIREZ &***
***GONZALES, PLLC***
4900-B North 10th Street
McAllen, Texas 78504
(956) 686-8797
(956) 630-5199 (fax)

Mikal C. Watts
State Bar No. 20981820
Ray R. Marchan
State Bar No. 12969050
WATTS LAW FIRM, L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520
(956) 544-0500
(956) 541-0255 FAX

**ATTORNEYS FOR PLAINTIFFS**
**RENE MATA AND FRANK MATA**

**PLAINTIFFS REQUEST TRIAL BY JURY**