Case 1:01-cv-00157    Document 351    Filed in TXSD on 02/04/2005    Page 1 of 9

United States District Court
Southern District of Texas
FILED

FEB 0 4 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | * | C.A. NO. B-01-157 |
| PETITION OF BROWN WATER | * | Admiralty |
| TOWING, INC., AS OWNER, AND | * | |
| BROWN WATER MARINE SERVICE, | * | |
| INC, AS BAREBOAT CHARTERER OF | * | |
| THE BROWN WATER V, ITS ENGINES | * | |
| TACKLE, ETC., IN A CAUSE OF | * | |
| EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY | * | Consolidated with |
| | * | |
| IN RE THE COMPLAINT AND | * | C.A. No. B-02-004 |
| PETITION OF AMERICAN | * | Admiralty |
| COMMERCIAL LINES, LLC AS | * | |
| OWNER, AND AMERICAN | * | |
| COMMERCIAL BARGE LINES, LLC | * | |
| AS CHARTERER OF THE BARGES | * | |
| NM-315, VLB-9182, ACL-9933B, | * | |
| VLB-9173, IN A CAUSE OF | * | |
| EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY | * | and |
| | * | |
| IN RE THE COMPLAINT AND | * | C.A. NO. B-02-125 |
| PETITION OF DEERE CREDIT, | * | Admiralty |
| INC.,(FORMERLY SENSTAR FINANCE | * | |
| COMPANY), AS OWNER OF THE | * | |
| BARGE NM-315 AND STATE STREET | * | |
| BANK AND TRUST COMPANY OF | * | |
| CONNECTICUT, NATIONAL | * | |
| ASSOCIATION, AS OWNER TRUSTEE | * | |
| OF THE BARGE ACL-9933B AND NOT | * | |
| IN ITS INDIVIDUAL CAPACITY, AND | * | |
| GENERAL ELECTRIC CAPITAL | * | |
| CORPORATION, AS BENEFICIAL | * | |
| OWNER OF THE BARGE ACL-9933B | * | |
| PRAYING FOR EXONERATION FROM | * | |
| AND/OR LIMITATION OF LIABILITY | * | |

**CAMERON COUNTY'S BRIEF IN RESPONSE TO CERTAIN CLAIMANTS'
SUGGESTION OF LACK OF SUBJECT MATTER JURISDICTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Third-Party Defendant Cameron County and files this its Brief in Response to Certain Claimants' Suggestion of Lack of Subject Matter Jurisdiction and for cause would respectfully show unto the Court the following:

## I.
## INTRODUCTION

In accordance with this Court's Order of January 13, 2005, and in response to the suggestion of certain Claimants that this Court lacks subject matter jurisdiction over the Petitioners' third-party claims against Cameron County, Third-Party Defendant Cameron County respectfully submits the following brief discussing (1) whether Cameron County is protected by the Eleventh Amendment of the United States Constitution in this case; and (2) whether Cameron County my be sued in federal court for claims arising under the Texas Tort Claims Act (TTCA).

## II.
## BACKGROUND

On September 6, 2002, Petitioners Brown Water Marine Service, Inc. and Brown Water Towing I, Inc. filed their Motion for Leave to Assert a Third-Party Complaint Against Cameron County. (Dkt. No. 208). On December 10, 2002, ACBL, ACL and other Petitioners filed their Motion for Leave to Assert a Third-Party Complaint and Cross-Claim Against Cameron County. (Dkt. No. 215). This Court granted both motions for leave on September 13, 2004. (Dkt. Nos. 260 & 261). On October 12, 2004, Cameron County filed its separate Answers to the Petitioners' Third-Party Complaints. (Dkt. Nos. 283 & 284). Certain Claimants filed motions suggesting that this Court lacks subject matter jurisdiction over the Petitioners' third-party claims against Cameron County. (Dkt. Nos. 327, 330, & 331). Cameron County has never asserted that this Court lacks

subject matter jurisdiction, and by way the this brief, Cameron County asserts that this Court has jurisdiction over Petitioners' third-party claims.

## III.
## ELEVENTH AMENDMENT IMMUNITY

Certain Claimants have suggested that this Court lacks subject matter jurisdiction over Cameron County because of the Eleventh Amendment of the United States Constitution. The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Federal courts have no jurisdiction over federal or state law claims against a state or state agency unless Eleventh Amendment immunity has been expressly waived by the state or abrogated by Congress pursuant to proper constitutional authority. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 59, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). Eleventh Amendment immunity, however, does not bar suit against "lesser entities" such as "a municipal corporation or other governmental entity which is not an arm of the State." *See Alden v. Maine*, 527 U.S. 706, 756, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999).

Both the United States Supreme Court and the Texas Supreme Court have held that determining whether a division of state government is protected by Eleventh Amendment immunity is a question of federal law. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 n. 5, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997); *San Antonio Indep. Sch. Dist. v. McKinney*, 936 S.W.2d 279, 281-82 (Tex. 1996). To determine whether an entity should be treated as an arm of the state under the Eleventh Amendment, the U.S. Supreme Court considers the state's law to determine the nature of

the public entity seeking such immunity. *See Regents of the Univ. of Cal.*, 519 U.S. at 429-30, 117 S.Ct. 900. The U.S. Supreme Court has consistently held that neither counties nor cities are arms of the state entitled to protection under Eleventh Amendment immunity. *Alden*, 527 U.S. at 756, 119 S.Ct. 2240; *Regents of the Univ. of Cal.*, 519 U.S. at 430 n. 6, 117 S.Ct. 900. Similarly, in *San Antonio Independent School District v. McKinney*, the Texas Supreme Court held that while cities and counties enjoy sovereign immunity...they are not entitled to Eleventh Amendment immunity. 936 S.W.2d at 283 (citing *Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency*, 440 U.S. 391, 401, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979) and *Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 280 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)).

Under Texas law, a county is a "corporate and political body" that may levy taxes to pay for its debts, sell or lease real property, and issue bonds to provide for its funding. *See* Tex. Loc. Gov't Code §§ 71.001, 71.031, 263.001, 293.051. Texas counties that are authorized to exercise the aforementioned powers possess sufficient indicia of independence that they are not arms of the state for purposes of the Eleventh Amendment. *Dale Hoff, et al. v. Nueces County*, 48 Tex. Sup. Ct. J. 194, 2004 WL 2913691, at *3 (Dec. 17, 2004). Therefore, Cameron County is not "an arm of the state" possessing Eleventh Amendment immunity and is not entitled to the protections of the Eleventh Amendment extended to those entities that are viewed as "arms of the state."

## IV.
## FEDERAL COURT JURISDICTION OVER CLAIMS ARISING UNDER THE TEXAS TORT CLAIMS ACT

The Texas Tort Claims Act states that a claim brought under this Act "shall be brought in state court in the county in which the cause of action or a part of the cause of action arises." TEX. CIV. PRAC. & REM. CODE § 101.102(a). This provision, however, has not been construed as a limit

placed by Texas on a suit against a Texas political entity in a United States district court. *Keiffer v. S. Pac. Transp. Co.*, 486 F.Supp. 798, 800 (E.D. Tex. 1980) (citing *Lester v. County of Terry*, 353 F.Supp. 170, 171 (N.D. Tex. 1973) and *Flores v. Norton & Ramsey Lines, Inc.*, 352 F.Supp. 150, 154 (W.D. Tex. 1972)). In *Flores*, the court noted that state statutes prescribing venue to courts sitting in the county where the cause of action arose have not generally been held to preclude suit in federal courts. *Flores*, 352 F.Supp. at 153.

The federal courts have supplied a sensible and fair construction to this venue provision and have held that an action under the Act may be brought in the federal district and division which encompasses the appropriate county. *Keiffer*, 486 F.Supp. at 800. Furthermore, "a construction of the Act allowing suit in federal court is reasonable, especially when the [governmental entity] is impleaded for purposes of contribution or indemnity, in order to settle all litigation in one action." *Flores*, 352 F.Supp. at 153. "The federal district courts in [the Fifth Circuit] have consistently held that 'this venue statute [of the TTCA] does not defeat federal jurisdiction over lawsuits brought under the Act.'" *Jackson v. Sheriff of Ellis County, Texas, et al.*, 154 F.Supp.2d 917, 920 (N.D. Tex. 2001) (quoting *Mifsud v. Palisades Geophysical Institute, Inc.*, 484 F.Supp.159, 161 (S.D. Tex. 1980)). Therefore, in accordance with the prevailing federal case law examining this issue, this Court has jurisdiction over claims arising under the Texas Tort Claims Act.

### A. **Effect of *Sherwinski v. Peterson***

In *Sherwinski v. Peterson*, 98 F.3d 849 (5th Cir. 1996), a Texas state prisoner filed suit against prison officials alleging violations under the Eighth Amendment and 42 U.S.C. § 1983, and asserted a supplemental state law claim against the Texas Department of Criminal Justice under the Texas Tort Claims Act. *See* 98 F.3d at 850-51. The Texas Department of Criminal Justice asserted

immunity from suit in federal court under the Eleventh Amendment. *Id.* at 851. The Fifth Circuit held that the Texas Tort Claims Act does not waive Eleventh Amendment immunity to suit in federal courts and that absent waiver, neither a state nor agencies acting under its control are subject to suit in federal court. *Id.* at 851-52.

The Fifth Circuit's decision in *Sherwinski* has no effect on this Court's ability to hear the Texas Tort Claims Act claims against Cameron County. The plaintiff in *Sherwinski* brought a supplemental state law claim against the Texas Department of Criminal Justice under the Texas Tort Claims Act. *Id.* at 851. The Texas Department of Criminal Justice is an arm of the State of Texas and is entitled to Eleventh Amendment immunity to suit in federal courts. *Id.* at 851. Unlike the entity that was sued in *Sherwinski*, Cameron County is not an arm of the State of Texas as discussed in the aforementioned section analyzing Eleventh Amendment immunity. Therefore, because Cameron County is not entitled to Eleventh Amendment immunity, this Court is not precluded from hearing the Texas Tort Claims Act claims against Cameron County.

**B. Other Avenues for Asserting a Claim Against Cameron County in Federal Court**

The Petitioners' complaints assert a contribution claim against Cameron County in the context of a Limitation of Liability action which involves very complex legal rules and special rights, duties and procedures distinct to admiralty and maritime law. As a result, this case lies within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 which gives federal courts exclusive jurisdiction over claims under admiralty and maritime law. 28 U.S.C. § 1333. Therefore, a party can bring a general maritime law claim against a county pursuant to 28 U.S.C. § 1333 and the legal rules and procedures of admiralty and maritime law.

## V.
## CONCLUSION

In accordance with federal and state case law analyzing Eleventh Amendment immunity, Cameron County is not "an arm of the state" possessing Eleventh Amendment immunity. The Fifth Circuit's decision in *Sherwinski v. Peterson* has no effect on this Court's ability to hear the Texas Tort Claims Act claims against Cameron County because it involves a claim against an "arm of the state" that is entitled to Eleventh Amendment immunity. This Court has jurisdiction to hear claims arising under the Texas Tort Claims Act, and as such, Cameron County is entitled to assert its sovereign immunity defenses and applications of the Texas Tort Claims Act.

WHEREFORE, PREMISES CONSIDERED, Third-Party Defendant Cameron County prays that this Court dismiss the suggestions of lack of subject matter jurisdiction, and would further request that this Court grant such other and further relief to which it may show itself to be justly entitled to.

Signed on February 4, 2005.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
1534 E. 6th Street Suite 200
Brownsville, Texas 78520
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Eileen M. Leeds
State Bar No. 00791093
Federal Id No. 16799

Charles Willette, Jr.
State Bar No. 21509700
Federal Id No. 22703

*Attorneys for Third-Party Defendant*
*Cameron County*

## CERTIFICATE OF SERVICE

     I, hereby certify that on February 4, 2005, a true and correct copy of the above and foregoing has been served on all counsel of record via Certified Mail, Return Receipt Requested as herein below noted:

                                                                                         Eileen M. Leeds

***Via CMRRR: 7003 1680 0006 5133 6070***
Will W. Pierson
Royston, Rayzor, Vickery & Williams, L.L.P.
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, TX 78471
*Attorneys for Petitioners/Third-Party Plaintiffs, Brown Water I, Inc and Brown Water Marine Service, Inc.*

***Via CMRRR: 7003 1680 0006 5133 6087***
Mr. Glenn G. Goodier
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.
201 St. Charles Ave.,
New Orleans, LA 70170-5100
*Attorneys for Petitioners/Third Party Plaintiffs, American Commercial Lines, LLC and American Commercial Barge Line, LLC*

***Via CMRRR: 7003 1680 0006 5133 6094***
Mr. Jack F. Gilbert
Office of the Attorney General
Transportation Division
Post Office Box 12548
Austin, Texas 78711-2548
*Attorneys for the State of Texas*

***Via CMRRR: 7003 1680 0006 5133 6100***
Ray R. Marchan
Watts Law Frim L.L.P.
1926 E. Elizabeth
Brownsville, TX 78520
*Attorney for claimants*

***Via First Class U.S. Mail***
Mark J. Spansel
Adams & Reese, L.L.P.
701 Poydras, Suite 4500
One Shell Square
New Orleans, LA 70139

***Via First Class U.S. Mail***
James B. Manley
Attorneys at Law
200 William Barnett
Cleveland, TX 77327

***Via First Class U.S. Mail***
John David Franz
The Law Offices of John David Franz
400 N. McColl
McAllen, TX 78501

***Via First Class U.S. Mail***
Mr. J. Chad Gauntt
Gauntt & Kruppstadt, L.L.P.
1400 Woodlock Forest Dr., Suite 575
The Woodlands, Texas 77380

***Via First Class U.S. Mail***
Mr. William Q. McManus
Mr. Steve Q. McManus
McManus & Crane, L.L.P.
209 West Juan Linn
Post Office Box 2206
Victoria, Texas 77902-2206

*Via First Class U.S. Mail*
Mr. Heriberto Medrano
Law Offices of Heriberto Medrano
2009 East Harrison, Suite B
Harlingen, Texas 78550

*Via First Class U.S. Mail*
Mr. Les Cassidy
Woolsey & Cassidy, P.C.
1020 North Water Street
Corpus Christi, Texas 78471

*Via First Class U.S. Mail*
Ms. Veronica Farias
Law Office of Veronica Farias
2854 Boca Chica Blvd.
Brownsville, Texas 78521

*Via First Class U.S. Mail*
Mr. Ramond Thomas
Mr. Andres Gonzalez
Kittlemen, Thomas, Ramirez & Gonzales
4900-B N. 10th Street
McAllen, Texas 78504

*Via First Class U.S. Mail*
Mr. Thomas R. Ajamie
Mr. S. Mark Strawn, Esq.
Ajamie, L.L.P.
Pennzoil Place-South Tower
711 Louisiana Street, Suite 2150
Houston, Texas 77002

*Via First Class U.S. Mail*
Mr. Julian Rodriguez, Jr.
Julian Rodriguez, Jr. & Associates, P.C.
10113 N. 10th Street, Suite C
McAllen, Texas 78504

*Via First Class U.S. Mail*
Mr. Thomas E. Quirk
Aaron & Quirk
901 N.E. Loop 410, Suite 903
San Antonio, Texas 78209-1307

*Via First Class U.S. Mail*
Mr. Jim S. Hart
Ms. Nejd Yaziji
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017

*Via First Class U.S. Mail*
Mr. Frank Enriquez
Mr. Robert Puente
Law Offices of Frank Enriquez
4200-B North Bicentennial
McAllen, Texas 78504

*Via First Class U.S. Mail*
Mr. J.A. Magallanes
Carlos Escobar
Magallanes, Hinojosa & Mancias, P.C.
1713 Boca Chica Blvd.
Post Office Box 4901
Brownsville, Texas 78520

*Via First Class U.S. Mail*
Mr. Geoffrey Amsel
SBC Management Services
175 East Houston Street, 4th Floor
San Antonio, Texas 78205

*Via First Class U.S. Mail*
Mr. Richard Leo Harrell
The Edwards Law Firm, L.L.P.
802 N. Carancahua, Suite 1400 (78470)
P.O. Box 480
Corpus Christi, Texas 78403-0480