United States District Court
Southern District of Texas
FILED

FEB 0 4 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, OF THE BROWN WATER V, ITS ENGINES, TACKLE, *ETC.* IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * * * * * | C.A. No. B-01-157<br><br><br><br><br><br>Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES LLC AS OWNER, and AMERICAN COMMERCIAL BARGE LINES, LLC, AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, and VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * * * * * * | C.A. No. B-02-004<br><br><br><br><br><br><br><br>and |
| IN RE THE COMPLAINT AND PETITION OF DEERE CREDIT, INC. (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315, and STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASS'N, AS OWNER TRUSTEE OF THE BARGE ACL-9933B and NOT IN ITS INDIVIDUAL CAPACITY, and GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | * * * * * * * * * * * * * * * * | C.A. No. B-02-125 |

### CLAIMANT STATE OF TEXAS AND PETITIONERS' JOINT NOTICE OF SETTLEMENT AND MOTION TO DISMISS STATE OF TEXAS' CLAIMS AND PETITIONERS' COUNTERCLAIMS

TO THE HONORABLE JUDGE OF THIS COURT:

1

NOW COMES the Claimant, the State of Texas, subject to and without waiving its claim that it is entitled to sovereign immunity in this and all other proceedings related to the Queen Isabella Causeway allision,[1] and the Petitioners, Brown Water Marine Service, Inc., Brown Water Towing I, Inc., American Commercial Barge Line, LLC, American Commercial Lines, LLC, Deere Credit, Inc., General Electric Capital Corporation, and State Street Bank and Trust Company of Connecticut, N.A. (the "Petitioners"), pursuant to Fed. R. Civ. P. 41(a) and show as follows:

The Claimant State of Texas and the Petitioners have reached a settlement wherein they have agreed, subject to the Court's approval, to the dismissal with prejudice of the Claimant State of Texas' Claims against the Petitioners in the captioned matter and to the dismissal with prejudice of the Petitioners' Counterclaims against the State of Texas. The parties have agreed to bear their own court costs with respect to their claims against each other.

WHEREFORE, PREMISES CONSIDERED, the Claimant State of Texas and the Petitioners respectfully request that the Court grant their Joint Motion to Dismiss with Prejudice the Claims by the Claimant State of Texas in the above styled and numbered civil action. In

---

[1] Throughout all proceedings relating to the Queen Isabella Causeway collision, the State of Texas has specifically and continually averred its entitlement to sovereign immunity and/or immunity under the Eleventh Amendment of the Constitution of the United States of America. In particular, the State of Texas has averred and continues to aver that it is entitled to sovereign immunity and Eleventh Amendment immunity from the application of the Limitation of Shipowner's Liability Act of 1851, 456 U.S.C. § 181, et. seq. (the "Limitation Act") in any forum. The State of Texas has also averred and continues to aver that it is entitled to sovereign immunity and Eleventh Amendment immunity against being forced to pursue its claims arising out of the allision in this or any other federal court. The State of Texas has specifically averred and continues to aver that it is Constitutionally entitled to pursue recovery of its damages and its claims relating to the allision before a jury in the suit that it filed in state court in Cameron County, Texas. Moreover, the State of Texas has specifically claimed and continues to claim its entitlement to sovereign immunity and/or Eleventh Amendment immunity from any Cross-Claims by any person or entity in any forum. For all of these reasons, the State of Texas has averred and continues to aver that its claims arising out of the allision should not be subject to the Limitation Act, or any exoneration/limitation of liability action; that the State of Texas should be free to pursue its claims before a jury in the Cameron County suit; and that any Cross–Claims against the State of Texas are barred by sovereign immunity and/or the Eleventh Amendment. In joining in the filing of this joint motion of dismissal, the State of Texas is not in any way waiving its sovereign immunity and/or its Eleventh Amendment immunity, consenting to jurisdiction in any federal court, or waiving any of its contentions. On the contrary, the State of Texas appears subject to and without waiving its entitlement to sovereign immunity and/or Eleventh Amendment immunity.

addition, the Petitioners request that the Court dismiss with prejudice their Counterclaims against the State of Texas.

Respectfully submitted,

*/s/ Will W. Pierson*
Will W. Pierson
Federal I.D. No. 1931
State Bar No. 16003100
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas 78476
(361) 884-8808
(361) 884-7261 Facsimile
ATTORNEY FOR PETITIONERS,
BROWN WATER MARINE SERVICE, INC.
AND BROWN WATER TOWING I, INC.

OF COUNSEL:
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

*/s/ Glenn G. Goodier*
Mr. Glenn G. Goodier
State Bar No. 06130
201 St. Charles Ave., 48th Floor
New Orleans, LA 70170-5100
(504) 582-8174
(504) 582-8010 Facsimile
ATTORNEY FOR PETITIONERS,
AMERICAN COMMERCIAL BARGE LINE, LLC,
AMERICAN COMMERCIAL LINES, LLC, DEERE
CREDIT, INC., GENERAL ELECTRIC CAPITAL
CORPORATION, STATE STREET BANK AND TRUST
COMPANY OF CONNECTICUT, N.A.

OF COUNSEL:
JONES, WALKER, WAECHTER, POITEVENT,
CARRERE & DENEGRE, L.L.P

_[signature] by permission for_
Mr. Michael Ratliff
State Bar No. 00786946
Transportation Division
Post Office Box 12548
Austin, Texas 78711-2548
(512) 436-2004
(512) 463-2004 Facsimile
ATTORNEY FOR CLAIMANT, STATE OF TEXAS

OF COUNSEL
OFFICE OF THE ATTORNEY GENERAL