# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
South District of Texas
FILED

FEB 1 1 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, *ETC.* IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * * * | C.A. No. B-01-157 |
| | * | **Consolidated with** |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES, LLC AS OWNER, and AMERICAN COMMERCIAL BARGE LINES, LLC, AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, and VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * * * * * | C.A. No. B-02-004 |
| | * | **and** |
| IN RE THE COMPLAINT AND PETITION OF DEERE CREDIT, INC. (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315, and STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASS'N, AS OWNER TRUSTEE OF THE BARGE ACL-9933B and NOT IN ITS INDIVIDUAL CAPACITY, and GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | * * * * * * * * * * * * * * | C.A. No. B-02-125 |

## STATE OF TEXAS' BRIEF IN RESPONSE TO JANUARY 13, 2005 ORDER

COMES NOW the State of Texas (the "State") and, in response to this Court's Order of January 13, 2005 (Rec. Doc. No. 335), files this brief to address two of the issues on which the Court invited briefing. First, the State demonstrates that the Texas Tort Claims Act ("TTCA")[1] is the sole avenue for recovery against a covered governmental unit. Second, the State demonstrates that the TTCA is a limited waiver of sovereign immunity that allows suit only in Texas state court.

---

[1] Tex. Civ. Prac. & Rem. Code Ann. §101.001 et seq.

1

## **TABLE OF CONTENTS**

TABLE OF CONTENTS _____ i

TABLE OF AUTHORITIES _____ ii

BACKGROUND _____ 2

The TTCA is the Sole Avenue for Recovery Against a Covered Governmental Unit ___ 5

The TTCA Waives Sovereign Immunity in State Court Only _____ 11

CONCLUSION_____ 14

CERTIFICATE OF SERVICE _____ 17

# TABLE OF AUTHORITIES

*Cases*

*Abravanel v. Day,* 2002 U.S. Dist. LEXIS 6195 (N.D. Tex. 2002)....................................12

*Alden v. Maine,* 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999)............................5

*Casanova v. City of Brookshire,* 119 F.Supp.2d 639 (S.D. Tex. 2000)............................13

*Dallas County Mental Health and Mental Retardation v. Bossley,* 968 S.W.2d 339 (Tex. 1998), *citing Harris County v. Dillard,* 883 S.W.2d 166 (Tex. 1994) ..........................6

*Dopyera,* 834 S.W.2d at 53-54 ..........................................................................................9

*Duhart v. State,* 610 S.W.2d 740 (Tex. 1980) ....................................................................6

*Ex parte State of New York,* 256 U.S. 490, 41 S.Ct. 588, 65 L.Ed. 1057 (1921) ..............8

*Fylipoy v. Gulf Stevedore Corp.,* 257 F.Supp. 166, 168 (S.D. Tex. 1966) .......................10

*Guillory v. Port of Houston Authority,* 845 S.W.2d 812, 813 (1993)............................6, 10

*Jackson v. Sheriff of Ellis County,* 154 F.Supp.2d 917 (N.D. Tex. 2001) ........................13

*Jones v. Gahn,* 246 F.Supp.2d 622 (S.D. Tex. 2003) .........................................................12

*Kamani v. Port of Houston Authority,* 702 F.2d. 612 (5th Cir. 1983) .................................9

*Kassen v. Hatley,* 887 S.W.2d 4 (Tex. 1994)......................................................................7

*Kerrville State Hosp. v. Clark,* 923 S.W.2d 582 (Tex. 1996).............................................7

*Lake Charles Harbor and Terminal District, et al. v. Board of Trustees of the Galveston Wharves,* 62 S.W.2d 237 (Tex. App. Houston [14th Dist.] 2001)..................................10

*LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.,* 835 S.W.2d 49 (Tex. 1992)...................6

*Lowe v. Texas Tech Univ.,* 540 S.W.2d 297 (Tex. 1976); *accord, State Dept. of Highways and Public Transp. v. Dopyera,* 834 S.W.2d 50 (Tex.1992) ..........................................6

*Lyons v. Texas A & M Univ.,* 545 S.W.2d 56 (Tex. Civ. App.- Hous. [14th Dist.] 1976, writ ref'd n.r.e.)................................................................................................................8

*Missouri Pac. R.R. v. Brownsville Navigation Dist.,* 453 S.W.2d 812 (Tex. 1970)...........7

*Morin v. Moore,* 309 F.2d 316 (5th Cir. 2002) ..................................................................12

*Mount Pleasant Indep. Sch. Dist. v. Lindburg,* 766 S.W.2d 208 (Tex. 1989)...................6

*O'Rourke v. U.S.*, 298 F.Supp.2d 531 (E.D. Tex. 2004) .................................................. 12

*Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ........................................................................................................................... 5

*Ross v. Texas Department of Criminal Justice,* 2001 U.S. Dist. LEXIS 17466 (N.D. Tex. 2001) .......................................................................................................................... 12

*Sherwinski v. Peterson,* 98 F.3d 849 (5th Cir. 1996) ............................................... 4, 12, 13

*State Dept. of Highways and Public Transp. v. Dopyera*, 834 S.W.2d 50 (Tex. 1992) ..... 9

*Texas Parks & Wildlife Dept. v. Garrett Place, Inc.,* 972 S.W.2d 140 (Tex. App.- Dallas 1998) ............................................................................................................................. 7

*Trinity River Authority et al. v. Williams,* 689 S.W.2d 883 (Tex. 1985) ............................ 8

*United States v. Mack*, 48 F.Supp.2d 708 (S.D. Tex. 1999) ............................................ 12

*United States v. Reliable Transfer Co.,* 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975) ........................................................................................................................... 9

*Welch v. Department of Highways and Public Transportation,* 483 U.S. 468, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987), *quoting Pennhurst,* 465 U.S. at 99, 104 S.Ct. at 907 ... 11

*Welch v. Department of Highways and Public Transportation,* 780 F.2d 1268, (5th Cir. 1986), *aff'd* 483 U.S. 468, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987) ......................... 5, 10

**Rules & Statutes**

§ 101.102 of the Texas Tort Claim Act (TTCA) ....................................................... 12, 13

## BACKGROUND

1.    As the Court is aware, the State has consistently asserted both its Eleventh Amendment immunity and its sovereign immunity in these consolidated limitation proceedings. After more than three years of hotly contested litigation and multiple efforts at alternative dispute resolution, the State recently reached a settlement agreement with the Limitation Petitioners.[2]   That agreement fully and completely resolved all of the State's claims against the Limitation Petitioners and all of the Limitation Petitioners' counterclaims/cross-claims against the State. The settlement funds have been exchanged and the settlement documents have been executed. On February 4, 2005, the State and the Limitation Petitioners jointly filed a notice of settlement and motion requesting the dismissal with prejudice of all claims and counterclaims/cross-claims between the State and the Limitation Petitioners.[3]

2.    The settlement would have effectively removed the State from this litigation. However, faced with the prospect of no longer having the State in the case to do their work for them, the Other Claimants[4] have reacted to the settlement with a maneuver designed to frustrate it and force the State to remain as a party in the limitation actions. Specifically, some of the Other Claimants have filed cross-claims and others have

---

[2]    "Brown Water" refers collectively to Brown Water Towing I, Inc. and Brown Water Marine Services, Inc.  "ACBL" refers collectively to American Commercial Lines, LLC, American Commercial Barge Line, LLC, Deere Credit, Inc. (formerly Senstar Finance Company), State Street Bank and Trust Company of Connecticut, National Association, and General Electric Corporation.  Brown Water and ACBL are sometimes collectively referred to as "Limitation Petitioners."

[3]    Rec. Doc. No. 352.  As with every other pleading that the State has filed or joined in this litigation, the joint notice and motion specifically reserves and is filed subject to and without waiving the State's entitlement to Eleventh Amendment immunity and sovereign immunity.

[4]    The "Other Claimants" include the Mireles Claimants, William E. Kimbrell, the Rivas Claimants, the Welch Claimants, the Morales Claimants, the First Hinojosa Claimants, the Second Hinojosa Claimants, the Harris Claimants, the Leavell Claimants, Lydia Zamora, Hector Martinez, Sr., William Morris Welch, Bridgette Goza, Rene and Frank Mata, the Rescuer Claimants, Southwestern Bell Telephone, L.P., and the Laguna Madre Water District.  (See paragraph 6 and 22 of Rec. Doc. No. the State of Texas' Motion to

requested leave to file a third-party demand against the State. Through these pleadings, the Other Claimants seek to reassert in this Court claims that are already pending against the State in state court lawsuits that nearly all of the Other Claimants filed against the State in September 2003.

3.      In addition to the fact that they are already pending in previously filed state court actions, the Other Claimants' cross-claims and proposed third-party demand request affirmative relief against the State in the form of money judgments to be paid from the State's treasury.   For that reason and others, those claims violate both the State's Eleventh Amendment immunity and its sovereign immunity.  Consequently, the State has filed a motion to dismiss the cross-claims and an opposition to the motion for leave to file the third-party demand.[5]  Since the State filed those pleadings, the Other Claimants who sought leave to assert the third-party demand against the State have moved to withdraw their motion for leave (Rec. Doc. No. 355), but the Other Claimants who filed cross-claims against the State have not withdrawn those claims.

4.      At the same time that they are trying to frustrate the State's settlement with the Limitation Petitioners and force the State to defend their claims against it in federal court, the Other Claimants have suggested to the Court that it lacks subject matter jurisdiction over the third-party claims that the Limitation Petitioners have filed against Cameron County.  In their pleadings regarding the Cameron County claims,[6] the Other Claimants argue that the claims against Cameron County must be dismissed because the Eleventh

---

Dismiss Cross-Claims and Brief in Support" for a more detailed description of the individuals and groups that comprise the "Other Claimants").

[5]  The State's motion to dismiss the cross-claims is Rec. Doc. No. 349.  The State's opposition to the motion for leave to file the third-party demand is Rec. Doc. No. 350.  Both were filed February 3, 2005.

[6]  Rec. Doc. Nos. 327, 330 and 331.

3

Amendment bars them and because claims under the TTCA are only permitted in state court.[7]

5.    On January 13, 2005, in response to the Other Claimants' suggestions of lack of subject matter jurisdiction, this Court ordered the Limitation Petitioners and Cameron County to brief whether and to what extent Cameron County is protected by the Eleventh Amendment; whether and under what circumstances Cameron County may be sued in federal court for claims arising under the TTCA; the effect of the Fifth Circuit's decision in *Sherwinski v. Peterson*, 98 F.3d 849 (5th Cir. 1996) on this Court's ability to hear TTCA claims against Cameron County; and whether the TTCA is the sole avenue for recovery against Cameron County. The Court encouraged, but did not require, other parties to file responses to the Court's queries.

6.    Having settled its differences with the Limitation Petitioners, the State would not normally have had any reason to participate in the briefing on the Cameron County issue. However, since the Other Claimants have reacted to the State's settlement by filing cross-claims designed to keep the State in the case, and since some of the issues upon which the Court has requested briefing have some relevance to the impropriety of those cross-claims, the State respectfully submits this brief to address two of the specific issues raised by the Court in its January 13, 2005 Order. First, the State shows that the TTCA is the sole avenue for recovery against a covered governmental unit. Second, the State demonstrates that the wording of the 1987 amendment to the TTCA makes it clear that the TTCA waives sovereign immunity in state court only.

---

[7] See Rec. Doc. No. 327 at p. 3, citing §101.102 of the TTCA and *Sherwinski v. Peterson*, 98 F.3d 849 (5th Cir. 1996). See also Rec. Doc. No. 330 at p. 3 and Rec. Doc. No. 331 at p. 3, to the same effect.

## The TTCA is the Sole Avenue for Recovery Against a Covered Governmental Unit

7.      Eleventh Amendment immunity and sovereign immunity are two related but different concepts.  Eleventh Amendment immunity is a species of sovereign immunity that springs from the United States Constitution and prohibits suits against a state in federal court, absent either Congressional abrogation of that immunity pursuant to its enforcement powers under § 5 of the Fourteenth Amendment, or unequivocal consent by the State to being sued in federal court. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984).  Sovereign immunity, on the other hand is a broader concept that actually pre-dates the United States Constitution.  It neither derives from nor is limited by the Eleventh Amendment; rather, it derives from the sovereignty that the states enjoyed before ratification of the Constitution, and which they retain today. *Alden v. Maine,* 527 U.S. 706, 119 S.Ct. 2240, 2246-47, 144 L.Ed.2d 636 (1999).  Because the State enjoys sovereign immunity, except for the limited class of cases where Congress has abrogated immunity, the State cannot be sued at all in any court without its consent.  And once it is determined that Congress has not abrogated immunity, the question of whether the State has or has not waived its immunity from suits in federal court is a matter of state law.  If the State courts have spoken in interpreting the State's law, it is not within the authority of the federal courts to reinterpret the law.  *Welch v. Department of Highways and Public Transportation,* 780 F.2d 1268, 1273 (5th Cir. 1986), *aff'd* 483 U.S. 468, 473, 107 S.Ct. 2941, 2946, 97 L.Ed.2d 389 (1987).

8.      There is no question that these consolidated limitation actions do not involve Congressional abrogation of immunity, so the sovereign immunity questions turn on

5

Texas state law as interpreted by Texas state courts. The Texas courts have repeatedly held that the waiver of governmental immunity is a matter for the Legislature and that the State and other governmental units are immune from liability for their torts absent a constitutional or statutory provision. The starting point for the analysis, therefore, is that in Texas, "a governmental unit is immune from tort liability unless the Legislature has waived immunity." *Dallas County Mental Health and Mental Retardation v. Bossley,* 968 S.W.2d 339 (Tex. 1998), *citing Harris County v. Dillard,* 883 S.W.2d 166, 168 (Tex. 1994).

9.    As the Texas Supreme Court explained in *Guillory v. Port of Houston Authority,* 845 S.W.2d 812, 813 (1993):

> Since the [TTCA] was passed in 1969, we have repeatedly held that 'the waiver of governmental immunity is a matter addressed to the Legislature.' *Lowe v. Texas Tech Univ.,* 540 S.W.2d 297, 298 (Tex. 1976); *accord, State Dept. of Highways and Public Transp. v. Dopyera,* 834 S.W.2d 50, 53-54 (Tex.1992) ('Texas is immune from tort liability except as waived under the [TTCA]')' *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.,* 835 S.W.2d 49, 51 (Tex. 1992) ('The school district, a governmental unit, is immune from liability ... unless that immunity has been waived by the TTCA'); *Mount Pleasant Indep. Sch. Dist. v. Lindburg,* 766 S.W.2d 208, 211 (Tex. 1989) ('Only when the legislature has clearly and explicitly waived the state's sovereign immunity may a cause of action accrue'); *Duhart v. State,* 610 S.W.2d 740, 742 (Tex. 1980). Any waiver exposes governmental units to increased liability, the burden of which must eventually be born by the general populace. In the [TTCA], the Legislature has undertaken to address the difficult conflicting policies associated with a waiver of governmental immunity. We consider the Legislature better suited than this Court to try to accommodate these policies, and therefore we continue to refuse to disturb the balance it has struck.

10.    The Texas cases further make clear that the TTCA is only a limited waiver of the State's sovereign immunity and that to invoke the jurisdiction of even a state court over a suit against the State, it is necessary to show that the TTCA waives the State's immunity

from suit. If a governmental entity is sued in state court without legislative consent, the state court must dismiss the case for lack of jurisdiction. *Texas Parks & Wildlife Dept. v. Garrett Place, Inc.*, 972 S.W.2d 140 (Tex. App.- Dallas 1998), citing multiple cases. Thus, to invoke even a state court's jurisdiction, the plaintiff must plead and prove that governmental immunity from suit has been waived. *Missouri Pac. R.R. v. Brownsville Navigation Dist.*, 453 S.W.2d 812, 813-14 (Tex. 1970). In other words, for even the state court to have jurisdiction over a tort claim against a governmental unit, the plaintiff must plead facts that bring the suit within the parameters of the TTCA.

11.    With respect to tort claims, the Texas courts have routinely held that where a particular claim does not fall within the TTCA, the State did not waive its sovereign immunity against that claim and is therefore immune from suit. In other words, either the claim must be encompassed within the class of cases for which the TTCA waives immunity, or the claim must fail as a matter of law. See, for example, *Kassen v. Hatley*, 887 S.W.2d 4 (Tex. 1994) (rejecting a claim that a state hospital was responsible for the suicide of a mental patient who was discharged without medication as not coming within the provisions of the TTCA) and *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 586 (Tex. 1996) (rejecting a claim that a state hospital was responsible for the murder of the wife of a patient discharged on oral rather than injected medication, holding that the claim "because [the claim] simply does not fall ... under the Act, [the state hospital] did not waive its sovereign immunity").

12.    The three briefs filed to date in response to the Court's January 13, 2005 Order have glossed over this Court's question as to whether the TTCA is the sole avenue for

7

recourse against Cameron County.[8]  To the extent that any of them attempt to answer the

question, they each vaguely suggest that because these consolidated limitation actions are

within the Court's admiralty and maritime jurisdiction, the Limitation Petitioners have a

claim against Cameron County under federal maritime law that is outside of and not

governed by the TTCA.[9]  This is simply wrong; in fact, the Texas Supreme Court has

squarely addressed and rejected arguments of this kind in a number of cases, none of

which are discussed in the briefs submitted thus far.

13.     The issue was first confronted by a Texas court in *Lyons v. Texas A & M Univ.*,

545 S.W.2d 56 (Tex. Civ. App.- Hous. [14th Dist.] 1976, *writ ref'd n.r.e.*).  There, the

court held that the State had not consented to be sued by a state employee under the Jones

Act or under general maritime law theories of unseaworthiness or maintenance and cure.

The court cited *Ex parte State of New York*, 256 U.S. 490, 41 S.Ct. 588, 65 L.Ed. 1057

(1921) for the proposition that the State is immune from *in personam* suits brought under

general maritime law without its consent.  The court then analyzed the plaintiff's claims

and concluded that they were not authorized by the TTCA, and that the State therefore

had not consented to be sued.  Consequently, the plaintiff's suit was dismissed.

14.     In *Trinity River Authority et al. v. Williams*, 689 S.W.2d 883 (Tex. 1985), the

Texas Supreme Court was presented with the argument that maritime law should be

applied to expose a governmental unit to greater liability under joint and several

principles of maritime law than it would face under the TTCA.  That argument was flatly

rejected, as the Texas Supreme Court found that even if maritime law applied, the

---

[8]   To date, briefs have been filed by Brown Water (Rec. Doc. No. 340), ACBL (Rec. Doc. No. 341) and
Cameron County (Rec. Doc. No. 351).  The Other Claimants have not filed separate briefs as of yet, but
their suggestions of lack of jurisdiction imply that the TTCA is the sole vehicle for recourse against a
covered governmental unit.  See Rec. Doc. Nos. 327, 330 and 331.

limitations of TTCA still governed. Citing *Lyons, supra.*, and *Kamani v. Port of Houston Authority,* 702 F.2d. 612, 615 (5th Cir. 1983), the *Trinity River* Court held that regardless of the applicability of maritime law, the claim against the governmental agency was necessarily within the terms of and was limited by the TTCA. Thus, the liability cap of the TTCA remained in place notwithstanding the possible application of maritime law. *Trinity River,* 689 S.W.2d at 886.

15.     The issue was even more directly presented in *State Dept. of Highways and Public Transp. v. Dopyera*, 834 S.W.2d 50 (Tex. 1992). There, the plaintiffs' yacht allided with a State owned and operated drawbridge. At trial, the jury found the plaintiffs 60% at fault and the State 40% at fault. Under Texas law, that verdict left the plaintiffs unable to recover, for the applicable Texas comparative fault statute provided that a plaintiff could recover only if his or her percentage of responsibility was no more than 50%. The plaintiffs argued that because maritime jurisdiction existed, maritime law, and particularly the comparative fault rule of *United States v. Reliable Transfer Co.,* 421 U.S. 397, 411, 95 S.Ct. 1708, 1715, 44 L.Ed.2d 251 (1975) should apply. In rejecting that argument, the Texas Supreme Court first noted that in an Eleventh Amendment context, State sovereign immunity extends to suits in admiralty. See *Ex parte State of New York, supra.* The Court then squarely held that maritime law did not preempt state sovereign immunity and that the plaintiffs were bound by the limitations and remedies provided by the TTCA. *Dopyera,* 834 S.W.2d at 53-54. Specifically, the Texas Supreme Court held "We hold that the Dopyeras are bound by the express terms of the sovereign's limited consent to be sued. We reverse the judgment of the court of appeals and render judgment that the Dopyeras take nothing." *Id.* at 54.

---

[9] See Rec. Doc. No. 340 at p. 6-7; Rec. Doc. No. 341 at p. 6-8, and Rec. Doc. No. 351 at p. 6.

16.    The same result was reached by the Texas Supreme Court in *Guillory v. Port of Houston Authority, supra.*    There, the plaintiff in a maritime personal injury suit challenged the application of the liability cap of the TTCA, arguing that it is contrary to federal maritime law.    The Court reaffirmed its decision in *Dopyera* and held that maritime law does not preempt the TTCA, meaning that the plaintiff could recover only through and to the extent allowed by the TTCA.    See also *Fylipoy v. Gulf Stevedore Corp.,* 257 F.Supp. 166, 168 (S.D. Tex. 1966) and *Lake Charles Harbor and Terminal District, et al. v. Board of Trustees of the Galveston Wharves,* 62 S.W.2d 237 (Tex. App. Houston [14th Dist.] 2001), both reaching similar conclusions.

17.    *Lyons, Trinity River, Dopyera, Guillory* and the other cases cited above all reject the notion that a governmental unit can be sued under general maritime law outside the bounds of the TTCA.    See also *Welch v. Department of Highways and Public Transportation,* 780 F.2d 1268 (5th Cir. 1986), *aff'd* 483 U.S. 468, 473, 107 S.Ct. 2941, 2946, 97 L.Ed.2d 389 (1987), relying on the state court decision in *Lyons, supra.,* and finding that the TTCA did not waive immunity for Jones Act and general maritime claims of a State employee.

18.    This Court asked in its January 13, 2005 Order whether the TTCA is the sole avenue for recovery against Cameron County.    For all the reasons outlined above and in the State's previous briefs on the TTCA issue, the answer is "yes."[10]    As is the case with the State, the only claims that can possibly exist against Cameron County relating to the Queen Isabella Causeway allision are those allowed under the TTCA.    Sovereign

---

[10]    The State adopts by reference the portions of its previous briefs that touch on these issues.  In particular, the State adopts by reference Section IV of the "State of Texas' Motion to Dismiss Cross-Claims and Brief in Support" (Rec. Doc. No. 349) and Section IV of the "State of Texas' Brief in Opposition to Motion for Leave to Assert Third-Party Demand" (Rec. Doc. No. 350).

immunity has not been waived for any claims (maritime or otherwise) that do not fall within the TTCA's limited waiver of sovereign immunity.

## The TTCA Waives Sovereign Immunity in State Court Only

19.    Contrary to the position taken by the Other Claimants in their suggestions of lack of subject matter jurisdiction (i.e., that the TTCA only permits suit in state court), the three briefs that have been filed to date in response to this Court's January 13, 2005 Order have each asserted that where the Eleventh Amendment does not apply, a federal court generally has jurisdiction to hear TTCA claims. This is incorrect. In 1987, the TTCA was amended to make clear that the Texas Legislature only intended for the TTCA to waive sovereign immunity in state court. As is demonstrated below, the cases cited in the three aforementioned briefs either pre-date the 1987 amendment, or involve situations in which the 1987 amendment was not raised or discussed.

20.    Because the TTCA is a limited waiver of immunity, the Texas State Legislature is free to limit damages and liability to the terms that it sees fit. Among the limitations that the State may place on a legislative waiver of its sovereign immunity is a limitation on where the state and other governmental units may be sued, for the State's interest in immunity encompasses not merely whether it may be sued, but where it may be sued. *Welch v. Department of Highways and Public Transportation,* 483 U.S. 468, 473, 107 S.Ct. 2941, 2946, 97 L.Ed.2d 389 (1987), *quoting Pennhurst,* 465 U.S. at 99, 104 S.Ct. at 907.

21.    Before 1987, § 101.102 of the TTCA provided that "[a] suit under this chapter shall be brought in the county in which the cause of action arose or a part of the cause of action arises." In 1987, as part of the general tort reform package passed by the Texas

11

Legislature, this provision was amended to insert the phrase "in state court," so that it now reads: "[a] suit under this chapter shall be brought **in state court** in the county in which the cause of action arose or a part of the cause of action arises." (Emphasis added). As the Fifth Circuit noted in *Sherwinski v. Peterson,* 98 F.3d 849, 852 n. 9 (5th Cir. 1996), the only reasonable construction of the 1987 amendment is that the legislative intent was to waive Texas' sovereign immunity only in state court. *Id.*

22.    Since the 1987 amendment to the TTCA and the decision in *Sherwinski,* the federal courts that have addressed the issue have held that although the TTCA constitutes a limited waiver of sovereign immunity for certain torts, the Texas Legislature has mandated that suits brought under the TTCA must be brought in Texas state courts. See, *O'Rourke v. U.S.,* 298 F.Supp.2d 531 (E.D. Tex. 2004); *Abravanel v. Day,* 2002 U.S. Dist. LEXIS 6195 (N.D. Tex. 2002); *Jones v. Gahn,* 246 F.Supp.2d 622 (S.D. Tex. 2003); *Ross v. Texas Department of Criminal Justice,* 2001 U.S. Dist. LEXIS 17466 (N.D. Tex. 2001); and *United States v. Mack,* 48 F.Supp.2d 708 (S.D. Tex. 1999).

23.    The three briefs filed to date in response to the January 13, 2005 Order cite a number of cases that pre-date the 1987 amendment to the TTCA.[11]  In light of the 1987 amendment, those cases are no longer good law.  Only three post-amendment cases are cited.  *Morin v. Moore,* 309 F.2d 316 (5th Cir. 2002) does allow a TTCA claim against a city to proceed in federal court, but the issue of whether § 101.102 of the TTCA prohibits suit in federal court was never raised and is not discussed in that case.  Likewise, *Casanova v. City of Brookshire,* 119 F.Supp.2d 639 (S.D. Tex. 2000) considers and

---

[11]  These include *Mifsud v. Palisades Geophysical Institute, Inc.,* 484 F.Supp. 159, 162 (S.D. Tex. 1980); *Lester v. County of Terry, Texas,* 353 F.Supp. 170 (N.D. Tex. 1973).  *Keiffer v. S. Pac. Transp. Co.,* 486 F. Supp. 798, 800 (E.D. Tex. 1980) and *Flores v. Norton & Ramsey Lines, Inc.,* 352 F.Supp. 150 (W.D. Tex. 1972).

12

rejects on the merits a TTCA claim against a county without discussing the impact of 1987 amendment to § 101.102 of the TTCA, apparently because the county did not raise the issue. The only post-amendment case cited in the briefs in which § 101.102 of the TTCA is even mentioned is *Jackson v. Sheriff of Ellis County,* 154 F.Supp.2d 917 (N.D. Tex. 2001). There, the court rejected an argument by a sheriff that § 101.102 of the TTCA precluded federal court jurisdiction over the TTCA claim against him. The *Jackson* Court quoted the current version of the statute, but relied exclusively upon pre-amendment cases to support its conclusion that § 101.102 of the TTCA did not defeat federal jurisdiction over TTCA suits. The *Jackson* court did not acknowledge or discuss the impact of the 1987 amendment, and did not cite or discuss the Fifth Circuit's decision in *Sherwinski*. The State submits that because it effectively ignored the 1987 amendment, *Jackson* was wrongly decided.

24.     The 1987 amendment to § 101.102 of the TTCA specifically inserted the phrase "in state court" to govern where TTCA claims can be brought. The Texas Legislature has the right to determine under what circumstances and subject to what limitations sovereign immunity will be waived. This includes the right to determine not only whether governmental units may be sued, but also where they may be sued. The 1987 amendment was an exercise of that right and makes clear that the TTCA waives sovereign immunity in state court only. Thus, only Texas state courts have jurisdiction to hear TTCA claims.

25.     The State also notes that all three of the briefs filed in response to the January 13, 2005 Order argue that *Sherwinski* does not control the claims against Cameron County because *Sherwinski* applies only to governmental entities protected by the Eleventh Amendment, which Cameron County concedes that it is not. While *Sherwinski* does

13

involve an entity protected by the Eleventh Amendment, the State submits that to read the case so narrowly is to confuse Eleventh Amendment immunity with the broader concept of sovereign immunity. There is nothing in the 1987 TTCA amendment that indicates that it was intended to apply only to governmental units that enjoy Eleventh Amendment immunity; rather, the amendment applies generally to all TTCA claims. The Texas Legislature obviously knew when it was amending the TTCA that not all entities covered by the TTCA have Eleventh Amendment immunity. Since it applied the 1987 amendment to the entire TTCA, the logical conclusion is that the Legislature intended the 1987 amendment to apply to all governmental units covered by the TTCA, regardless of whether those units are also protected by the Eleventh Amendment. The Texas Legislature simply has not waived sovereign immunity to allow TTCA suits to be brought anywhere other than Texas state court. This is, as *Sherwinski* noted, the only reasonable construction of the post-1987 version of the TTCA.[12]

## CONCLUSION

26.    As noted above, the State files this brief only because the Other Claimants have tried to frustrate the State's settlement with the Limitation Petitioners by filing cross-claims designed to force the State to remain a party to this action. But those cross-claims must be dismissed, because the only claims that the Other Claimants can possibly have against the State relating to the Queen Isabella Causeway allision (and the only claims that the Limitation Petitioners can possibly have against Cameron County) are those allowed under the TTCA. As demonstrated above, the Texas Legislature has not waived

---

[12] Of course, even if this Court were to conclude that *Sherwinski* is not controlling as to Cameron County because the county is not protected by the Eleventh Amendment, *Sherwinski* would still be controlling as to the State, which does enjoy Eleventh Amendment protection.

14

sovereign immunity for any claims outside the TTCA, so any claims purported to be outside the TTCA are barred. And as demonstrated above, in light of the 1987 amendment, the TTCA waives sovereign immunity only for TTCA claims brought in Texas state court, so this Court lacks jurisdiction to hear TTCA claims of the Other Claimants against the State (and those of the Limitation Petitioners against Cameron County).

27.     Finally, as all three of the briefs filed to date in response to the January 13, 2005 Order point out, the State, unlike Cameron County, enjoys Eleventh Amendment immunity in addition to sovereign immunity. The Other Claimants' cross-claims violate the State's Eleventh Amendment immunity in addition to violating its sovereign immunity, and must be dismissed for that reason as well.

28.     For the reasons set forth herein and in the State's briefs regarding the cross-claims and third-party demand, the Other Claimants' TTCA claims against the State can only proceed in Texas state court. It is the Texas state court that must decide whether the Other Claimants have stated a cognizable claim against the State under the TTCA, and it is the Texas state court that must determine whether the State should prevail on its defenses to the TTCA claims.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY McBEE
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General for Litigation

15

GRADY CLICK
Assistant Attorney General
Chief, Transportation Division

*by permission for*

JACK F. GILBERT
Assistant Attorney General
Attorney-in-Charge
Texas Bar No. 00786946
Federal Bar No. 16701

And Assistant Attorneys General

MICHAEL RATLIFF
Texas Bar No. 16564300
MARGIE MANZANO CORBETT
Texas Bar No. 24001927
Federal Bar No. 22121
Office of the Attorney General
Transportation Division
P.O. Box 12548
Austin, TX  78711-2548
Phone:  512.463.2004
Fax:      512.472.3855


AND, OF COUNSEL,
ADAMS AND REESE LLP



DARYL G. DURSUM
Texas Bar No. 06287900
Federal Bar No. 6198
4400 One Houston Center
1221 McKinney
Houston, TX  77010
Phone: 713.652.5151
Fax:     713.652-5152

16

MARK J. SPANSEL (La. Bar No. 12314)
EDWIN C. LAIZER, APLC (La. Bar No 17014)
4500 One Shell Square
New Orleans, LA  70139
Phone: 504.581.3234
Fax:    504.566.0210
*Attorneys for the State Of Texas*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record by placing same in the United States mail, postage prepaid and properly addressed, this _10th_ day of February 2005.

17