IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 1 5 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, *ETC.* IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * * * | C.A. No. B-01-157 |
| | * | |
| | * | **Consolidated with** |
| | * | |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES, LLC AS OWNER, and AMERICAN COMMERCIAL BARGE LINES, LLC, AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, and VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * * * | C.A. No. B-02-004 |
| | * | **and** |
| | * | |
| IN RE THE COMPLAINT AND PETITION OF DEERE CREDIT, INC. (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315, and STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASS'N, AS OWNER TRUSTEE OF THE BARGE ACL-9933B and NOT IN ITS INDIVIDUAL CAPACITY, and GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | * * * * * * * * * * * | C.A. No. B-02-125 |

**STATE OF TEXAS' EMERGENCY MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS CROSS-CLAIMS, AND BRIEF IN SUPPORT**

COMES NOW the State of Texas (the "State") and respectfully moves on an emergency basis for a stay of all discovery in this matter pending resolution of the State's motion for dismissal of the cross-claims that were filed against the State following and in reaction to the recent announcement that the State and the Limitation Petitioners have reached a settlement relating to the Queen Isabella Causeway allision. In accordance with this Court's rules, a Table of Contents and Table of Authorities are provided.

1

# **TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................... i

TABLE OF AUTHORITIES ............................................................................ii

BACKGROUND FACTS.................................................................................. 2

STATEMENT OF THE ISSUES TO BE RULED UPON........................................ 5

SUMMARY OF ARGUMENT .......................................................................... 6

LAW AND ARGUMENT .................................................................................. 7

CONCLUSION............................................................................................... 10

CERTIFICATE OF SERVICE ........................................................................... 12

CERTIFICATE OF CONFERENCE.................................................................... 12

# **TABLE OF AUTHORITIES**

*Cases*

*Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221,  93 L.Ed. 1528
    (1949)............................................................................................................................ 7

*Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) ................... 8

*In re Ayers,* 123 U.S. 443, 8 S.Ct. 164, 31 L.Ed. 216 (1887) ............................................ 6

*Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) .................. 8, 9

*Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 113
    S.Ct. 684, 121 L.Ed.2d 605 (1993) ............................................................................ 6, 7

*Sherwinski v. Peterson,* 98 F.3d 849 (5th Cir. 1996)........................................................... 7

*Stewart v. Donges,* 915 F.2d 572 (10th Cir. 1990) ............................................................ 8

*Williams v. Brooks,* 996 F.2d 728 (5th Cir. 1993) ............................................................. 9

*Statutes*

Rule 10(c) of the Federal Rules of Civil Procedure............................................................ 6

## BACKGROUND FACTS

1.     The State and the Limitation Petitioners, Brown Water[1] and ACBL,[2] recently

agreed to a full and complete settlement of all of their disputes relating to the September

15, 2001 Queen Isabella Causeway allision.  That settlement fully resolves all of the

State's claims against the Limitation Petitioners and all of the Limitation Petitioners'

counterclaims/cross-claims against the State.  The settlement funds have been exchanged

and the settlement documents have been executed.  On February 4, 2005, the State and

the Limitation Petitioners jointly filed a notice of settlement and motion requesting the

dismissal with prejudice of all claims and counterclaims/cross-claims between the State

and the Limitation Petitioners.[3]

2.     The settlement would have effectively removed the State from this litigation.

However, faced with the prospect of no longer having the State in the case to do their

work for them, the Other Claimants[4] reacted to the settlement with a maneuver designed

to frustrate it and force the State to remain as a party in these consolidated limitation

actions.  Specifically, most of the Other Claimants sought leave to assert a third-party

---

[1]  Brown Water Towing I, Inc. is the owner of the BROWN WATER V and Brown Water Marine Services, Inc. is the vessel's operator. These two entities are hereinafter collectively referred to as "Brown Water."

[2]  American Commercial Lines, LLC is alleged to be the owner of the barges the NM-315, VLB-9182, ACL-9933B and VLB-9173 (the "Barges"). American Commercial Barge Line, LLC is alleged to be the charterer of the Barges. Deere Credit, Inc. (formerly Senstar Finance Company) is the alleged record owner of the barge NM-315. State Street Bank and Trust Company of Connecticut, National Association is the alleged owner trustee of the barge ACL-9933B. General Electric Corporation is the alleged beneficial owner of the barge ACL-9933B. All of these entities are collectively referred to as "ACBL." Brown Water and ACBL are sometimes collectively referred to as "Limitation Petitioners."

[3]  Rec. Doc. No. 352. As with every other pleading that the State has filed or joined in this litigation, the joint notice and motion specifically reserves and is filed subject to and without waiving the State's entitlement to Eleventh Amendment immunity and sovereign immunity.

[4]  The "Other Claimants" include the Mireles Claimants, William E. Kimbrell, the Rivas Claimants, the Welch Claimants, the Morales Claimants, the First Hinojosa Claimants, the Second Hinojosa Claimants, the Harris Claimants, the Leavell Claimants, Lydia Zamora, Hector Martinez, Sr., William Morris Welch, Bridgette Goza, Rene and Frank Mata, the Rescuer Claimants, Southwestern Bell Telephone, L.P., and the Laguna Madre Water District. (See paragraph 6 and 22 of Rec. Doc. No. 349, the State of Texas' Motion to Dismiss Cross-Claims and Brief in Support," for a more detailed description of the individuals and groups that comprise the "Other Claimants").

2

demand against the State (Rec. Doc. No. 337). Additionally, cross-claims were filed against the State by the Mireles Claimants[5] (Rec. Doc. No. 339) and by William E. Kimbrell (Rec. Doc. No. 342). Through these pleadings, the Other Claimants seek to reassert in this Court claims that are already pending in lawsuits that nearly all of the Other Claimants filed against the State in state court in Cameron County in September 2003.

3.    In addition to the fact that they are already pending in previously filed state court actions, the Other Claimants' proposed third-party demand and the cross-claims request affirmative relief against the State in the form of money judgments to be paid from the State's treasury. Consequently, those claims violate both the State's Eleventh Amendment immunity and its sovereign immunity. For that reason and others, the State has filed an opposition to the motion for leave to file the third-party demand and a motion to dismiss the cross-claims.[6]

4.    The Other Claimants' motion for leave to file the third-party demand originally had a motion docket date of February 3, 2005. The State's opposition was timely filed that day. However, the motion is apparently now moot, because on February 7, 2005, the Other Claimants moved to withdraw it (Rec. Doc. No. 355). But inasmuch as the Other Claimants indicate in their motion to withdraw that they are withdrawing the request for leave to file the third-party demand only because it "… is not the proper vehicle to assert

---

[5]  The "Mireles Claimants" are J. Antonio Mireles, as personal representative of the estate of Julio Cesar Mireles, Juan Antonio Mireles and Soledad Gonzalez Mireles.

[6]  The State's motion to dismiss the cross-claims is Rec. Doc. No. 349. The State's opposition to the motion for leave to file the third-party demand is Rec. Doc. No. 350. Both were filed February 3, 2005. Additionally, because the issues relating to the claims that have been filed against Cameron County in these limitation issues have some bearing on the State's motion to dismiss, and because some of the briefs filed relative to the Cameron County issues misapplied the applicable law, the State, on February 11, 2005, filed a brief in response to this Court's January 13, 2005 Order, which had invited briefing on certain issues relating to the claims against Cameron County. That brief is Rec. Doc. No. 358.

claims against [the State]," the State anticipates that the Other Claimants will likely try to file their claims against the State in another form, probably as cross-claims. And whether or not the remaining Other Claimants try to re-file the third-party demand in another form, the Mirales Claimants and William E. Kimbrall have not withdrawn their cross-claims against the State.

5.    The State's motion to dismiss the cross-claims of the Mirales Claimants and William E. Kimbrell has a motion docket date of February 23, 2005. To date, neither the Mirales Claimants nor William E. Kimbrell have filed opposition to the State's motion to dismiss, but it is anticipated that one or both will oppose the motion.

6.    Meanwhile, the Other Claimants plan to move forward with discovery in this federal court litigation. In particular, the Other Claimants have noticed the deposition of Rocky Wilson to take place at the Corpus Christi, Texas office of Brown Water's counsel on Thursday, February 17, 2005, beginning at 2:30 p.m. (A copy of the deposition notice is attached as Exhibit 1).

7.    Rocky Wilson was the captain of the M/V BROWN WATER V on September 15, 2001 and is therefore a very important witness with regard to the Queen Isabella Causeway allision. While he was not at the wheel when the allision took place, he was the highest-ranking Brown Water employee aboard the vessel. He should be in a position to testify regarding the events leading up to the allision, including explaining how the M/V BROWN WATER V came to be pushing four fully loaded barges; who made that decision; how the barges were configured and who made that decision; what knowledge he had about the experience and qualifications of his mate, David Fowler, who was at the wheel of the M/V BROWN WATER V at the time of the accident; and what

4

communications, if any, took place between Mr. Wilson and Mr. Fowler before and after the accident, particularly with respect to the conditions that Mr. Fowler could expect to encounter on the approach to the Causeway. Mr. Wilson should also be able to testify about the Brown Water's policies and procedures, or lack thereof, and other issues relating to the privity and knowledge of Brown Water's owners and managers. Likewise, Mr. Wilson should have knowledge of issues that will impact on the liability of ACBL. And Mr. Wilson will testify about issues that relate directly to the claims that have been made against the State with respect to the alleged problems with the Causeway's navigation lights, roadway lights and fender system.

8.      In light of the State's pending motion to dismiss the cross-claims, the important constitutional principles at issue therein, and the harm that would be suffered by the State if further federal court discovery is conducted before the State's motion to dismiss is decided, the State requested that the Other Claimants voluntarily agree to continue Mr. Wilson's deposition and stay other discovery pending resolution of the State's motion. Counsel for the Mirales Claimants, who noticed the deposition, has indicated that he will not agree to a voluntary stay, so the State has no alternative but to file this emergency motion to stay all discovery in this matter until the Court rules on the State's motion to dismiss the cross-claims.

## STATEMENT OF THE ISSUES TO BE RULED UPON

9.      Whether, given that the discovery deadline (except as to Cameron County) was November 23, 2004 and given that the State does not agree to the continuation of discovery after the deadline, the Scheduling Order should be enforced to prohibit the

deposition of Rocky Wilson from going forward on February 17, 2005, and to prohibit any other discovery not related to Cameron County.

10.     Whether, given that the State claims Eleventh Amendment immunity and sovereign immunity against the Other Claimants' cross-claims, the deposition of Rocky Wilson scheduled for February 17, 2005 should be stayed, along with all other discovery in this matter, pending resolution of the State's motion to dismiss the cross-claims filed against the State by the Mireles Claimants and William E. Kimbrell.


## SUMMARY OF ARGUMENT

11.     After the State reached a settlement agreement with the Limitation Petitioners, the Other Claimants filed cross-claims and sought leave to file a third-party demand against the State.  Because those pleadings clearly violate the Eleventh Amendment and the State's sovereign immunity, the State has moved to dismiss the cross-claim and has opposed the filing of the third-party demand.  Now, while the State's Eleventh Amendment and sovereign immunity motion is pending, the Other Claimants seek to conduct discovery in these federal proceedings on issues that impact the claims against the State.  The State submits as a preliminary matter that because the discovery in question is being scheduled long after the deadline for completion of discovery in this action, and since the State objects to further discovery, the Scheduling Order should be enforced to prohibit further discovery.  More importantly, the State further submits that discovery should be stayed pending the resolution of its motion to dismiss because the State's Eleventh Amendment immunity and its sovereign immunity are immunities from suit, including the right to be free from pre-trial proceedings in federal court.  If

discovery is allowed to continue, the State's immunity from proceeding in federal court will be, in large part, lost.

## LAW AND ARGUMENT

12.    As a preliminary matter, this Court's Amended Scheduling Order dated December 6, 2004 (Rec. Doc. No. 303) left in place the November 23, 2004 discovery deadline, except to allow discovery as to Cameron County until March 8, 2005. The order indicates that the parties may continue discovery beyond the deadline, but only if they agree. Here, the State does not agree to further discovery and submits that the discovery deadline should be enforced. For this reason alone, the deposition of Mr. Wilson should be prohibited, as should any other further discovery not related to Cameron County.

13.    In its motion to dismiss the cross-claims (Rec. Doc. No. 349), its opposition to the motion for leave to assert the third-party demand (Rec. Doc. No. 350) and its brief in response to this Court's January 13, 2005 Order (Rec. Doc. No. 358), the State has demonstrated that the cross-claims filed by the Mireles Claimants and William E. Kimbrell violate the State's Eleventh Amendment immunity and its sovereign immunity, as would the Other Claimants' proposed third-party demand had its filing been allowed.[7]

14.    The Other Claimants' refusal to voluntarily stay discovery leaves the State with a Hobson's choice. Either the State participates in the federal court discovery and in the process losses much of the value of its immunity, or the State does not participate in the

---

[7] Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the State adopts by reference as part of this motion its motion to dismiss the cross-claims and brief in support (Rec. Doc. No. 349), its opposition to the motion for leave to assert the third-party demand (Rec. Doc. No. 350) and its brief in response to this Court's January 13, 2005 Order (Rec. Doc. No. 358).

discovery, misses the opportunity to cross-examine crucial witnesses, and runs the risk of being held to have waived that opportunity.

15.     The United States Supreme Court has declared that "[t]he very object and purpose of the Eleventh Amendment [is] to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146, 113 S.Ct. 684, 689, 121 L.Ed.2d 605 (1993), *quoting In re Ayers,* 123 U.S. 443, 505, 8 S.Ct. 164, 183, 31 L.Ed. 216 (1887). The Court has further recognized that "the value to the States of their Eleventh Amendment immunity … is for the most part lost as litigation proceeds past motion practice." *Puerto Rico Aqueduct,* 506 U.S. at 146, 113 S.Ct. at 689. For these reasons, the Supreme Court declared in *Puerto Rico Aqueduct* that a district court's order denying a motion to dismiss based on Eleventh Amendment immunity is immediately appealable under the collateral order doctrine because it falls into what the Supreme Court had described in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949) as " … that small class [of interlocutory decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the end of the whole case is adjudicated." Thus, any district court order that denies an Eleventh Amendment motion to dismiss can be immediately appealed under the collateral order doctrine. See *Sherwinski v. Peterson,* 98 F.3d 849, 851 (5th Cir. 1996), quoting the above-quoted portions of *Puerto Rico Aqueduct* and concluding that because a district court's order refusing to dismiss any defendants until the factual and legal basis of the

8

case was further developed through discovery had the end result of causing the Texas Department of Criminal Justice, an arm of the State of Texas, to still be involved in federal court litigation, the order was subject to immediate appeal under the collateral order doctrine.

16.    For the same reasons that orders denying immunity are immediately appealable under the collateral order doctrine, such appeals have also been held to divest the district court of jurisdiction to proceed further against the defendant claiming immunity.  As the Tenth Circuit explained in *Stewart v. Donges,* 915 F.2d 572 (10th Cir. 1990), a claim of immunity is "an entitlement not to stand trial or face the other burdens of litigation ... The entitlement is an *immunity from suit* rather than a mere defense to liability; and ... it is effectively lost if a case is permitted to go to trial."  *Stewart,* 915 F.2d at 575, *quoting Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985) (emphasis in original).  Consequently, a non-frivolous appeal from a denial of immunity divests the district court of jurisdiction, such that until the threshold immunity question is resolved, discovery should not be allowed.  *Stewart,* 915 F.2d at 576, *quoting Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).  The divestiture of jurisdiction is so complete that if further proceedings are conducted by the district court after the appeal is taken, those proceedings are a nullity and are without effect.  *Stewart,* 915 F.2d at 579.  Indeed, in *Stewart,* the Tenth Circuit vacated the result of a trial conducted while the immunity appeal was pending, even though on the merits of the immunity appeal, the Tenth Circuit also affirmed the district court's order denying immunity.

17.    The Fifth Circuit follows the rule that a non-frivolous interlocutory appeal of an order denying a defendant's immunity defense divests the district court of jurisdiction to proceed against that defendant. *Williams v. Brooks,* 996 F.2d 728 (5th Cir. 1993).

18.    For the same reasons that a district court action cannot proceed while an interlocutory appeal on an immunity issue is pending, the State submits that discovery and other proceedings in this matter should be stayed pending this Court's ruling on the State's motion to dismiss the cross-claims.  The State's Eleventh Amendment immunity and its sovereign immunity are an entitlement not to stand trial or face the other burdens of litigation in federal court.  They are in the words of *Mitchell, supra.,* immunities from suit, rather than mere defenses to liability, and are effectively lost if the case is permitted to proceed.  Additionally, the taxpayers of the State should not have to foot the cost of further proceedings that will be null and without effect if and when the State prevails on its immunity motion.

## **CONCLUSION**

19.    The State has settled its differences with the Limitation Petitioners and has filed a motion to dismiss the eleventh hour cross-claims that were clearly filed in reaction to the settlement because those cross-claims are barred by the Eleventh Amendment and the State's sovereign immunity.  The State's immunity will be irreparably damaged if the State is forced to participate in federal court discovery while its motion to dismiss is pending.  And the discovery in question is being conducted in violation of this Court's scheduling order.

WHEREFORE, for the reasons set forth above, the State of Texas respectfully moves for a stay of all discovery in this matter pending resolution of the State's motion to

10

dismiss the cross-claims filed against the State by the Mireles Claimants and by William

E. Kimbrell.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY McBEE
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General for Litigation

GRADY CLICK
Assistant Attorney General
Chief, Transportation Division

JACK F. GILBERT
Assistant Attorney General
Attorney-in-Charge
Texas Bar No. 00786946
Federal Bar No. 16701

OF COUNSEL:

MICHAEL RATLIFF
Texas Bar No. 16564300
Office of the Attorney General
Transportation Division
P.O. Box 12548
Austin, TX 78711-2548
Phone: 512.463.2004
Fax:    512.472.3855

AND, OF COUNSEL,
ADAMS AND REESE LLP

DARYL G. DURSUM
Texas Bar No. 06287900
Federal Bar No. 6198
4400 One Houston Center
1221 McKinney
Houston, TX 77010
Phone: 713.652.5151
Fax:    713.652-5152

11

MARK J. SPANSEL (La. Bar No. 12314)
EDWIN C. LAIZER, APLC (La. Bar No 17014)
4500 One Shell Square
New Orleans, LA  70139
Phone: 504.581.3234
Fax:    504.566.0210
*Attorneys for the State Of Texas*

## CERTIFICATE OF CONFERENCE

Counsel for the State of Texas conferred by telephone on the afternoon of February 14, 2005 with counsel for the Mireles Claimants, who refused the State's request for a voluntary stay of discovery pending resolution of the State's motion to dismiss based upon the Eleventh Amendment and sovereign immunity.   The State therefore has no alternative but to file its emergency motion to stay discovery pending the resolution of the motion to dismiss.

Jack F. Gilbert

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record according to FRCP 5 by facsimile transmission and by placing same in the United States mail, postage prepaid and properly addressed, this 15th day of February 2005.

Geoffrey Amsel
1010 N. St. Mary's Street
Room 1403
San Antonio, Texas  78215

John David Franz
The Law Offices of John David Franz
400 N. McColl
McAllen, Texas  78501

Les Cassidy
Woolsey & Cassidy, P.C.
1020 Bank of America
500 North Water Street
Corpus Christi, Texas  78471

Glenn G. Goodier

Jones, Walker, Waechter, Poitevent, Carrere

& Denegre, L.L.P.
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana  70170-5100

12

Steve Q. McManus
Law Office of McManus & Crane, L.L.P.
209 W. Juan Linn
Post Office Box 2206
Victoria, Texas  77902-2206

Ray R. Marchan
Watts & Heard, L.L.P.
1926 E. Elizabeth
Brownsville, Texas  78520

Jim S. Hart
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway
Suite 600
Houston, Texas  77017

Mikal Watts
Watts & Heard, LLP
555 N. Carancahua, 14th Floor
Corpus Christi, Texas  78478-0801

Judge James DeAnda
Solar & Associates, L.L.P.
2800 Post Oak Boulevard, Suite 6300
Houston, Texas  77056

Will W. Pierson
Royston, Rayzor, Vickery & Williams, LLP
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas  78476

Frank Enriquez
Law Offices of Frank Enriquez
4200-B North Bicentennial
McAllen, Texas 78504

J. Chad Gauntt
Gauntt & Kruppstadt, L.L.P.
1400 Woodlock Forest Drive
Suite 575
The Woodlands, Texas  77380

James B. Manley
James B. Manley, P.C.
200 William Barnett
Cleveland, Texas 77327

Richard Leo Harrell
The Edwards Law Firm, L.L.P.
802 N. Carancahua, Suite 1400 (78470)
Post Office Box 480
Corpus Christi, Texas  78403-0480

Heriberto "Eddie" Medrano
2009 E. Harrison
Suite B
Harlingen, Texas  78550

Julian Rodriguez, Jr.
Law Office of Julian Rodriguez, Jr.
10113 N. 10th Street
McAllen, Texas  78504

Juan A. Magallanes
Magallanes, Hinojosa & Mancias, P.C.
1713 Boca Chica Boulevard
Brownsville, Texas  78520

David H. Crago
Brin & Brin, PC
1202 Third Street
Corpus Christi, TX  78404

Mikal Watts
Watts & Heard, LLP
555 N. Carancahua, 14th Floor
Corpus Christi, TX  78478-0801


Pamela St. John
SBC Texas Legal
175 E. Houston, 4th Floor
San Antonio, TX  78215

Thomas E. Quirk
Law Offices of Aaron & Quirk
901 N.E. Loop 410
Suite 903
San Antonio, Texas  78209-1308

Dino Esparza
Willette & Guerra, LLP
1534 East 6th Street, Suite 200
Brownsville, TX  78520

S. Mark Strawn
Schirrmeister Ajamie, L.L.P.
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, Texas  77002


Andres H. Gonzales, Jr.
Kittleman, Thomas, Ramirez & Gonzales,
PLLC
4900-B North 10th Street
McAllen, Texas  78504


Veronica Farias
2854 Boca Chica Boulevard
Brownsville, Texas  78521


Jack F. Gilbert