United States District Court
Southern District of Texas
ENTERED

FEB 1 6 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | CIVIL ACTION NO. B-01-157 |
| PETITION OF BROWN WATER | § | Consolidated with |
| TOWING I, INC., ET AL. | § | CIVIL ACTION NO. B-02-004 |
| | § | and |
| | § | CIVIL ACTION NO. B-02-125 |
| | § | |
| | § | ADMIRALTY |

### ORDER

BE IT REMEMBERED that on February 16, 2005, the Court considered the "State of Texas' Emergency Motion to Stay Discovery Pending Resolution of Motion to Dismiss Cross-Claims." Dkt. No. 363. Therein, the State of Texas ("State") requests an emergency stay of all discovery until the resolution of the State's motion to dismiss. Id.

On January 18 and 24, 2005, certain claimants filed cross-claims against the State. Dkt. Nos. 339 & 342. In response, the State filed a motion to dismiss on February 3, claiming the cross-claims were prohibited by the Eleventh Amendment of the United States Constitution. Dkt. Nos. 349 & 350. Because it is not ripe, the Court has not ruled on the State's motion. On February 4, 2005, the State and the petitioners in the above styled litigation filed a "Joint Notice of Settlement and Motion to Dismiss State of Texas' Claims and Petitioners' Counterclaims." Dkt. No. 352. The settlement completely resolves all claims between the State and the petitioners, and would have effectively removed the State from the limitation proceedings but for the recently filed cross-claims. In the meantime, on February 1, certain claimants noticed the deposition of Rocky Wilson, to take place in Corpus Christi, Texas, on February 17. Although not ripe, the Court has decided to rule on the State's motion due to the imminence of this deposition.

The State requests that this deposition and all other discovery in this case be stayed until the Court rules on its motion to dismiss. The Court construes the State's motion as

a request for a protective order pursuant to Federal Rules of Civil Procedure Rule 26(c). A motion for a protective order requires a showing of good cause. Id. Discovery typically is not stayed during the pendency of a dispositive motion such as the State's motion to dismiss. However, "an exception is made when a defendant asserts [sovereign] immunity. A defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings." Molina v. Christensen, 2002 WL 69723, *1 (D.Kan. 2002); see Moore v. Busby, 92 Fed.Appx. 699, 702 (10th Cir. 2004) (finding that the district court did not abuse it discretion in staying discovery until the issue of sovereign immunity was resolved (citing Crawford-El v. Britton, 523 U.S. 574, 598 (1998)); Siegert v. Gilley, 500 U.S. 226, 232-33 (1991); see also Puerto Rico Aqueduct & Sewer Auth. v. Metcal & Eddy, Inc., 506 U.S. 139, 146 (1993) ("The very object and purpose of the 11th Amendment is to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties.").

The Court **GRANTS IN PART** the State's motion. Dkt. No. 363. Accordingly, the deposition of Rocky Wilson set to occur on February 17, is hereby **STAYED** until the Court resolves the State's motion to dismiss.

Before this Court will stay all other discovery, however, the other parties should be allowed to brief the matter. Therefore, any party objecting to the stay of this deposition and all other discovery until the Court resolves the State's motion to dismiss is hereby **ORDERED** to submit a brief with the Court no later than 3:00 p.m. on February 23, 2005.

DONE at Brownsville, Texas, this 16th day of February, 2005.

Hilda G. Tagle
United States District Judge