United States District Court
Southern District of Texas
FILED

FEB 1 6 2005

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | C.A. NO. B-01-157 |
| PETITION OF BROWN WATER | § | Admirality |
| TOWING I, INC., AS OWNER, AND | § | |
| BROWNWATER MARINE SERVICE, | § | |
| INC., AS BAREBOAT CHARTERER OF | § | |
| THE BROWN WATER V, ITS ENGINES, | § | |
| TACKLE, ETC., IN A CAUSE OF | § | |
| EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | |
| | § | Consolidated with |
| IN RE THE COMPLAINT AND | § | |
| PETITION OF AMERICAN | § | C.A. No. B-02-004 |
| COMMERCIAL LINES, LLC AS | § | Admirality |
| OWNER, AND AMERICAN | § | |
| COMMERCIAL BARGE LINES, LLC | § | JURY DEMANDED |
| AS CHARTERER OF THE BARGES | § | |
| NM-315, VLB-9182, ACL-9933B, | § | and |
| VLB-9173, IN CAUSE OF | § | |
| EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | |
| | § | C.A. NO. .B-02-125 |
| IN RE THE COMPLAINT AND | § | Admirality |
| PETITION OF DEERE CREDIT, INC., | § | |
| (FORMERLY SENSTAR FINANCE | § | |
| COMPANY), AS OWNER OF THE | § | |
| BARGE NM-315 AND STATE STREET | § | |
| BANK AND TRUST COMPANY OF | § | |
| CONNECTICUT, NATIONAL | § | |
| ASSOCIATION, AS OWNER | § | |
| TRUSTEE OF THE BARGE | § | |
| ACL-9933B AND NOT IN ITS | § | |
| INDIVIDUAL CAPACITY, AND | § | |
| GENERAL ELECTRIC CAPITAL | § | |
| CORPORATION, AS BENEFICIAL | § | |
| OWNER OF THE BARGE ACL-9933B | § | |
| PRAYING FOR EXONERATION | § | |
| FROM AND/OR LIMITATION OF | § | |
| LIABILITY | § | |

## THIRD PARTY DEFENDANT, "A.G. HILL POWER, INC.,
### a/k/a JHB ENTERPRISES, INC.'S," MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Third Party Defendant, "A.G. Hill Power, Inc., a/k/a JHB Enterprises, Inc.,"[1] and files this its Motion for Summary Judgment and in support thereof would show as follows:

## I.

## BACKGROUND

On April 8, 2004, American Commercial Lines, LLC, American Commercial Barge Line, LLC, Deere Credit, Inc. (formerly Senstar Finance Company), as Owner of the Barge NM-315, State Street Bank and Trust Company of Connecticut, N.A., as Owner/Trustee of the Barge ACL-9933B and Not in Its Individual Capacity, and General Electric Capital Corporation, as Beneficial Owner of the Barge ACL-9933B filed a motion for leave to assert a Third-Party Complaint against "A.G. Hill Power, Inc., a/k/a JHB Enterprises, Inc." Brown Water Marine Service, Inc. and Brown Water Towing I, Inc., also filed a motion for leave to assert a Third-Party Complaint against "A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc. This Court granted the motions for leave on October 22, 2004.

In their Third-Party Complaint against A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc., Petitioners alleged that Third-Party Defendant bore some responsibility for the Queen Isabella Causeway incident on September 15, 2001. Specifically, Petitioners alleged that Third-Party Defendant was responsible for maintaining the navigational and/or street lights on the Queen Isabella Causeway and that Third-Party Defendant' failure to maintain these lights contributed to or caused the deaths, personal injuries and property damage. Petitioners

---

[1] Because A.G. Hill Power, Inc. sold its assets and name to First South Utility Construction, Inc. in 1996, and JHB Enterprises, Inc. was formed as a separate entity with no ownership interest in A.G. Hill Power, Inc., there is no entity known as A.G. Hill Power, Inc a/k/a JHB Enterprises, Inc.

brought claims against Third-Party Defendant for contribution, indemnity and recoupment.

Third-Party Defendant filed its Original Answer on November 19, 2004, wherein it denied that it had been sued in its correct legal capacity. As Third-Party Defendant stated, A.G. Hill Power, Inc. sold its assets, including its ownership in the name A.G. Hill Power, Inc. to First South Utility Construction, Inc. on October 14, 1996, well before the accident made the basis of the Plaintiffs' claim. Third-Party Defendant further answered that it was not responsible for maintaining any lights on or around the Queen Isabella Causeway at the time of the accident or at any other time. Not having any responsibility or involvement with maintenance of the lighting on the Queen Isabella Causeway, Third-Party Defendant specifically denied any responsibility for the accident and specifically denied any negligence or that any alleged negligence proximately caused the damages in question.

Counsel for Third-Party Defendant, David Crago, exchanged correspondence with Petitioners' counsel urging to be removed from the lawsuit on the basis that "A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc." was the wrong party because A.G. Hill had been sold to First South in 1996, well before the accident occurring in this case, and JHB Enterprises, Inc. had no contract or involvement with maintenance of lighting on the Queen Isabella Causeway. Petitioners have, to present, failed to nonsuit Third-Party Defendant and continue to have pending claims against it.

## II.

## SUMMARY JUDGMENT REVIEW

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and the admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. If the moving party meets the initial burden, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322. A factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Beck v. Somerset Technologies, Inc.*, 882 F.2d 993, 996 (5th Cir.1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## III.

## JHB ENTERPRISES, INC. IS THE WRONG PARTY, HAD NO DUTY TO MAINTAIN LIGHTING ON THE QUEEN ISABELLA CAUSEWAY AND HAD NO INVOLVEMENT WITH ANY WORK ON THE CAUSEWAY

The accident made the basis of this lawsuit occurred on September 15, 2001. (*See* Exhibit A, Third-Party Complaint Against A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc." p.3). Petitioners allege that A.G. Hill Power, Inc. d/b/a JHB Enterprises, Inc. was responsible for maintaining lighting on the bridge, which in turn caused the accident in question. (*See id*. 3-5). However, the name and assets of A.G. Hill Power, Inc. were sold to First South Utility Construction, Inc. on October 14, 1996., nearly five years before the accident in question. (*See* Exhibit B, Asset Purchase Agreement; Exhibit C, Affidavit of Jack Bennett). JHB Enterprises, Inc. is a separate and distinct from A.G. Hill Power, Inc. (See Exhibit C, Affidavit of Jack Bennett, Exhibit D, Assumed Name Certificate). Indeed, A.G. Hill Power has been the assumed name of First South Utility Construction, Inc. since December 30, 1996.

(See Exhibit D, Assumed Name Certificate). JHB Enterprises, Inc. had no role in maintaining lighting or anything else on the Queen Isabella Causeway. (See Exhibit B, Affidavit of Jack Bennett).

Petitioners cannot prevail on a theory of negligence (or any other cause of action) based on the allegation that Third-Party Defendant negligently maintained the lighting on the Queen Isabella Causeway because Third-Party Defendant never had any obligation or right to maintain the lighting or do any other work on it, and, in fact, never performed any work on the Causeway. To state a claim for negligence in Texas, a plaintiff must show duty, breach, causation, and damages. *Morin v. Moore*, 309 F.3d 316, 326 (5th Cir. (Tex.) 2002). Here, there is no evidence of any element of Petitioners' negligence claim. There is no evidence that JHB Enterprises, Inc. had any duty to maintain lighting or anything else on the Queen Isabella Causeway. There is no evidence that it ever contracted to maintain lighting or to do any work on the Queen Isabella Causeway. There is similarly no evidence that it negligently maintained lighting at the Queen Isabella Causeway, and thus there is no evidence that Third-Party Defendant breached any duty. Additionally, there is no evidence that Third-Party Defendant engaged in any action or omission that proximately caused the damages in question. Furthermore, not only is there no evidence of the above, but Third-Party Defendant's evidence conclusively establishes as a matter of law that it is the wrong party and that it owed no duty and committed no negligence as a matter of law. There is simply no connection between JHB Enterprises, Inc. and the alleged conduct in this case. As such, this Court should grant summary judgment in favor of Third-Party Defendant.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Third Party Defendant, "A.G. Hill

Power, Inc., a/k/a JHB Enterprises, Inc.", would request that this Court grant its motion for summary judgment and enter a judgment with prejudice that Petitioners, American Commercial Lines, LLC, American Commercial Barge Line, LLC, Deere Credit, Inc. (formerly Senstar Finance Company), as Owner of the Barge NM-315, State Street Bank and Trust Company of Connecticut, N.A., as Owner/Trustee of the Barge ACL-9933B and Not in Its Individual Capacity, General Electric Capital Corporation, as Beneficial Owner of the Barge ACL-9933B, Brown Water Marine Service, Inc. and Brown Water Towing I, Inc., take nothing as against Third Party Defendant, "A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc." Third Party Defendant, "A.G. Hill Power, Inc., a/k/a JHB Enterprises," Inc. further prays for this Court to award it costs and fees as provided by law and for further relief, in law and equity, to which it may be entitled.

Respectfully submitted,

BRIN & BRIN, P.C.
1202 Third Street
Corpus Christi, Texas 78404
(361) 881-9643
(361) 883-0506 Facsimile

By:_____
    DAVID H. CRAGO
    Attorney In Charge
    State Bar No. 04975260
    Federal I.D. No. 13868
ATTORNEYS    FOR    THIRD-PARTY
DEFENDANT

## **VERIFICATION**

| | |
|---|---|
| THE STATE OF TEXAS | § |
| COUNTY OF NUECES | § |

BEFORE ME, the undersigned authority, on this day personally appeared David H. Crago, who, being by me first duly sworn, on oath, stated that he is one of the attorneys of record for and a duly authorized agent of Defendant, that he is fully competent and authorized to make this Affidavit, that the underlying facts and copies of pleadings, discovery responses and other exhibits attached upon which the foregoing Motion for Summary Judgment are based within the personal knowledge of the Affiant, are true and correct.

BY:_____
            David H. Crago

SUBSCRIBED AND SWORN TO BEFORE ME, by the said David H. Crago, who is personally known by me, on the ____15th____ day of ____February____, 2005, to certify which witness my hand and official seal.



_____
Notary Public, State of Texas

LAURA L ROGERS
Notary Public
State of Texas
My Comm. Exp. 6-04-2005

## CERTIFICATE OF SERVICE

I certify that I mailed a copy of the foregoing by certified U.S. Mail, return receipt requested, on this _16th_ day of February, 2005.

| | |
|---|---|
| Watts Law Firm, L.L.P.<br>Ray R. Marchan<br>1926 E. Elizabeth<br>Brownsville, TX 78520 | S. Mark Strawn<br>Schirrmeister Ajamie<br>Pennzoil Place – South Tower<br>711 Louisiana, Ste 2150<br>Houston, TX 77002 |
| Jim Hart<br>Williams Bailey Law Firm, L.L.P.<br>8441 Gulf Freeway, Suite 600<br>Houston, TX 77017 | Heriberto "Eddie" Medrano<br>Law Offices of Heriberto "Eddie" Medrano<br>1101 West tyler<br>Harlingen, TX 78550 |
| John David Franz<br>The Law Office of John David Franz<br>400 N. McColl<br>McAllen, TX 78501 | J. Chad Gauntt<br>Gauntt & Kruppstadt, L.L.P.<br>9004 Forest Crossing Dr., Suite C<br>The Woodlands, TX 77381 |
| Steve Q. McManus<br>Law Offices of McManus & Crane, L.L.P.<br>209 W. Juan Linn<br>P.O. Box 2206<br>Victoria, TX 77902-2206 | Julian Rodriguez, Jr.<br>Attorney at Law<br>10113 N. Tenth, Suite C<br>McAllen, TX 78504 |
| Richard Leo Harrell<br>The Edwards Law Firm, L.L.P.<br>Frost Bank Plaza, Ste 2100<br>Corpus Christi, TX 78403-0480 | Raymond Thomas and<br>Andres Gonzalez, Jr.<br>Kittleman, Thomas, Ramirez & Gonzalez, PLLC<br>4900 B. North 10th Street<br>McAllen, Texas 78504 |
| James B. Manley, P.C.<br>200 William Barnett<br>Cleveland, TX 77327 | Will W. Pierson<br>Royston, Rayzor, Vickery & Williams<br>1700 Wilson Plaza West<br>606 N. Carancahua<br>Corpus Christi, TX 78476 |
| Kieth N. Uhles<br>James H. Hunter, Jr. | Less Cassidy<br>Woolsey & Cassidy, P.C. |

| | |
|---|---|
| Royston, Rayzor, Vickery & Williams, L.L.P.<br>55 Cove Circle<br>P.O. Box 3509<br>Brownsville, TX 78523-3509 | 1020 Bank of America<br>500 North Water Street<br>Corpus Christi, TX 78471 |
| Glenn Goodier<br>Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.<br>201 St. Charles Avenue – 48th Floor<br>New Orleans, LA 70170-5100 | Geoffrey Amsel<br>1010 N. St. Mary's Street, Room 1403<br>San Antonio, TX 78215 |
| Juan A. Magallanes<br>Magallanes, Hinojosa & Mancias, P. C.<br>1713 Boca Chica Blvd.<br>Brownsville, TX 78520 | Mark Spansel<br>Jack Gilbert<br>Margie Manzano Corbett<br>Office of the Attorney General<br>Transportatioin Division<br>P.O. Box 12548<br>Austin, TX 78711-2548 |
| Daryl G. Dursum<br>Adams & Reese, L.L.P.<br>4400 One Houston Center<br>1221 McKinney<br>Houston, TX 77010 | Frank Enriquez<br>Roberto d. Puente<br>Law Offices of Frank Enriquez<br>4200 B North Bicentennial<br>McAllen, TX 78504 |
| Veronica Farias<br>Law Offices of Veronica Farias<br>2854 Boca Chica<br>Brownsville, TX 78521 | |

DAVID H. CRAGO