United States District Court
Southern District of Texas
ENTERED

FEB 2 3 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | CIVIL ACTION NO. B-01-157 |
| PETITION OF BROWN WATER | § | Consolidated with |
| TOWING I, INC., ET AL. | § | CIVIL ACTION NO. B-02-004 |
| | § | and |
| | § | CIVIL ACTION NO. B-02-125 |
| | § | |
| | § | ADMIRALTY |

## ORDER

BE IT REMEMBERED that on February 18, 2005, the Court considered the suggestion of certain claimants that this Court lacks subject matter jurisdiction over the petitioners' third party claims against Cameron County, Texas. Dkt. Nos. 327, 330, & 331. For the following reasons, the Court finds that it possesses subject matter jurisdiction over Cameron County in the above styled litigation and therefore, the motions are hereby **DENIED**.

### I. Background

Certain claimants in the above case filed suggestions of lack of subject matter jurisdiction over petitioners' claims[1] against Cameron County. Dkt. Nos. 327, 330, & 331. The claimants' arguments consist of the following.

> This Court lacks subject matter jurisdiction over Cameron County because Cameron County's Sovereign Immunity, and Eleventh Amendment protections have not been waived. The wavier [sic] of Sovereign Immunity contained in the Texas Tort Claims Act only permits suit in state court.

Dkt. No. 330 at p.2; see also Dkt. Nos. 327 at pp.2-3, & 331 at p. 3. Accordingly, the Court ordered the petitioners and Cameron County to brief the matter.

### II. Discussion

The Eleventh Amendment precludes suits "in law or equity, commenced or

---

[1] The term "petitioners" encompasses Brown Water Marine Services, Inc., Brown Water Towing I, Inc., American Commercial Lines, LLC, American Commercial Barge Lines, LLC, Deer Credit, Inc., State Street Bank and Trust Company of Connecticut, and General Electric Capital Corporations.

prosecuted against of the United State by Citizens, of another State, or by Citizens or subjects of any Foreign State." U.S. Const. amend. XI. For more than a century now, the Supreme Court has not limited sovereign immunity to the literal terms of the Amendment, Hans v. Louisiana, 134 U.S. 1 (1890), but rather has extended it to suits by its own citizens. Seminole Tribe of Fla. V. Florida, 517 U.S. 44, 55 (1996). Sovereign immunity has been extended to admiralty cases. Ex parte New York, 256 U.S. 490 (1921). Importantly, however, the protections afforded by the Eleventh Amendment do not extend to entities such as Counties. Southwestern Bell Tele. Co. v. City of El Paso, 243 F.3d 936, 937-38 (5th Cir. 2001) ("[T]he Eleventh Amendment bar to suit in federal courts only extends to states, state officials, and state instrumentalities in appropriate circumstances, and does not extend to *counties*, similar municipal corporations, and other political subdivisions, even though such entities enjoy a 'slice of state power.'" (citations omitted and emphasis added)). No evidence or arguments have been advanced that require a reassessment of whether the foregoing precedent should apply to Cameron County under the circumstances. Therefore, the Court finds that Cameron County is not protected by the Eleventh Amendment.

Accordingly, the claimants' motions are hereby **DENIED**. Dkt Nos. 327, 330, & 331.

DONE at Brownsville, Texas, this 18 day of February, 2005.

Hilda G. Tagle
United States District Judge

2