IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | C. A. NO. B-01-157 Admiralty  Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES, LLC AS OWNER, AND AMERICAN COMMERCIAL BARGE LINES, LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | C. A. NO. B-02-004 Admiralty  Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF DEERE CREDIT, INC., (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315, AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | C. A. NO. B-02-125 Admiralty |

**MEMORANDUM OF PETITIONERS IN SUPPORT
OF MOTION TO DISMISS THIRD PARTY COMPLAINT
AGAINST A.G. HILL POWER, INC. a/k/a JHB ENTERPRISES, INC.**

**MAY IT PLEASE THE COURT:**

Petitioners and Third Party Plaintiffs, American Commercial Lines LLC, American Commercial Barge Line LLC, Deere Credit, Inc. (formerly Senstar Finance Company),

{N1253035.1}

State Street Bank and Trust Company of Connecticut, National Association, and General Electric Capital Corporation, respectfully request that the Court grant their Motion to Dismiss their Third Party Complaint against A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc.. It is believed that this motion is not opposed by counsel for A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc., Mr. Crago, and despite a request counsel has not signed "no objection" to a proposed Joint Motion to Dismiss to dismiss A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc. and counsel has not responded to our most recent correspondence requesting that he sign a dismissal pleading revised to accommodate his requests or to indicate that he would not sign. Rules 41(a) and (c) of the Federal Rules of Civil Procedure require the written consent of JHB Enterprises, Inc. a/k/a A.G. Hill Power, Inc. to dismiss it from this litigation since it has filed an Answer to the Third Party Complaint.

## BACKGROUND TO MOTION

As the Court is aware, many of the Claimants in Limitation ("Claimants") initiated litigation in Texas state court against various parties arising out of the September 15, 2001 incident. In the state court litigation, the Claimants named, among others, A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc. as a Defendant. In order to have all parties before the federal court in a single proceeding, by separate motions filed on April 7, 2004 and April 8, 2004, the Brown Water Marine/Brown Water Towing interests (R. Doc. 246) and the ACBL/ACL interests (R. Doc. 247) filed motions for leave to assert third party complaints against A.G. Hill Power, Inc. a/k/a JHB Enterprises. By order entered October 25, 2004 (R. Doc. 285), the Court granted said motions.

On November 9, 2004, Petitioners obtained a summons and served upon the registered agent for service of process of Third Party Defendant. Records of the Texas Secretary of State

reflect that A.G. Hill Power, Inc. is the prior name of JHB Enterprises, Inc. and that JHB Enterprises, Inc. is a Texas corporation whose registered agent for service of process is Mr. Jack H. Bennett at an address in Corpus Christi, Texas. An Answer was filed by Third Party Defendant dated November 19, 2004 which states: "A.G. Hill Power, Inc., a/k/a JHB Enterprises, Inc., sold its business on October 14, 1996, prior to the accident made the basis of Plaintiff's claim and at the time of the accident was not responsible for maintaining any lights on or around the Queen Isabella Causeway. The business was sold to First South Utility Construction Inc., d/b/a A.G. Hill Power, Inc. currently represented in the referenced state court actions by Attorney Augustine Riveria." (R. Doc. 293 at p. 2, para. 4.)

On December 2, 2004, counsel for Petitioners wrote counsel for Third Party Defendant and requested that he please furnish us with more particular information to confirm that his client had sold the business prior to the Causeway incident as is stated in the Answer. (Exhibit 1.) On January 14, 2005, counsel replied and forwarded a copy of an Asset Purchase Agreement and other information. Mr. Crago's letter of January 14, 2005 is attached as Exhibit 4 and states, part: "**I am hereby requesting that you non-suit my client within 30 days. In the event that you do not, I have been instructed to seek reimbursement of attorney's fees and sanctions and all other remedies as a result of your frivolous pleadings.**" (See Exhibit 2.) (emphasis added.)

On February 2, 2005, counsel for Petitioners advised counsel for Third Party Defendant that we would dismiss his client based upon the representations in his letter of January 14, 2005 that his client was not a party to any contract which required him to perform light or maintenance work on the Causeway and the documents attached to that letter. (See Exhibit 3.) Our February 2, 2005 letter, Exhibit 5, also forwarded a proposed joint motion and order of dismissal, which

includes a signature space for Mr. Crago confirming his "no objection" as his required by Rule 41(a).

We heard nothing further from counsel for Third Party Defendant and 9 days later, on February 11, 2005, we sent a letter by facsimile to Mr. Crago to follow-up on the status of the proposed motion to dismiss. (Exhibit 4.) On February 14, 2005, correspondence was received via U.S. Mail from Mr. Crago, dated February 9 and February 10, 2005, copies of which are attached as Exhibits 5 and 6. Mr. Crago's letter did not state that he would sign the proposed motion to dismiss "no objection." The letters of February 9 and 10, state in part, "We have reviewed your joint motion to dismiss third party complaint ... and understand what it says. Of course, you can move to dismiss us as we never should have been in the case anyway. We have no problem with each party bearing their taxable court costs." (Exhibits 5 and 6.) Counsel requested that we forward his client a check in the amount of $6,181.70, representing legal fees and costs that his client allegedly incurred for counsel "to do the legal work necessary to prepare our motion for summary judgment and anticipated motion for sanctions." (Exhibit 6.) Counsel's request for sanctions is absurd as we promptly agreed to dismiss our Third Party Complaint within 30 days as set out in his letter of January 14, 2005. (See Exhibit 2 and our response thereto, Exhibit 3.)

On February 14, 2005, we received correspondence from counsel for Third Party Defendant dated February 9, 2005 (envelope postmarked February 10, 2005) forwarding a Motion for Sanctions, Supporting Memorandum and Related Documents with a statement that he was serving the motion at least 21 days before filing with the Court. (Exhibit 7.) We replied on February 14, 2005 indicating that we previously agreed to dismiss his client and had acted promptly. (Exhibit 8.) We also advised counsel that we could not recommend to our client that

they pay any legal fee and further "If you do not agree to bear your own attorneys' fees and costs as to our motion to dismiss your client, please advise us immediately." (Exhibit 8.) We federal expressed to counsel the original Joint Motion and Order of Dismissal for him to sign and return to us so that we could forward it with the Court. (Exhibit 8.)

On February 16, 2005, counsel for Third Party Defendant stated "We are unwilling to sign off on your Joint Motion to Dismiss ... due to its failure to have costs and fees assumed by you. Of course, you can file a Motion to Dismiss without participation or agreement from the Defendant...." (Exhibit 9.) Counsel also stated that he was not willing to sign "no objection" to a joint motion exempting the Petitioners from paying his attorney's fees and costs. (Exhibit 9.)

On February 18, 2005, the Joint Motion to Dismiss was revised to eliminate "attorneys' fees" and it was faxed and federal expressed to opposing counsel for his signature so that it could be filed with the Court. (Exhibit 10.) We also noted that Federal Rules of Civil Procedure did not allow us to file a Motion to Dismiss without a signed motion since he had filed an answer. Counsel was requested to please advise us immediately if he still did not agree to sign the attached revised version of the Motion to Dismiss. (Exhibit 10.)

On February 21, 2005, counsel requested that we eliminate the phrase "each party to bear its own costs" (Exhibit 11) even though he has previously indicated that he had no objection to each party bearing its taxable court costs. (Exhibits 5 and 6, at para. 1.) We accommodated counsel and forwarded by fax and federal express another revised original of the joint motion for him to review and to sign "no objection" and return to us. This motion eliminates any reference to "attorney's fees or costs." (Exhibit 12.) This has not occurred and on February 24, 2005, it was requested that counsel please confirm to us that he would either sign the revised Motion and Order to Dismiss or that he did not agree to sign the revised Motion and Order to Dismiss

but that he still nevertheless had no objection to the dismissal of his client and entry of the revised proposed Order of Dismissal. (Exhibit 13.) As of this writing, we have not heard back from counsel for Third Party Defendant.

Accordingly, it is respectfully requested that the Court grant the above and foregoing motion, dismissing Petitioners Third Party Complaint.

        Respectfully submitted,

_____
GLENN G. GOODIER, Attorney-in-Charge
Admitted *Pro Hac Vice*
By Order Entered 4/23/02
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre, L.L.P.
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:   (504) 582-8174
Facsimile:   (504) 582-8010

LES CASSIDY
State Bar Number 03979270
Federal Identification Number 5931
814 Leopard Street
Corpus Christi, Texas 78401
Telephone:   (361) 887-2969
Facsimile:   (361) 887-6251

OF COUNSEL:

WOOLSEY & CASSIDY, P.C.
814 Leopard Street
Corpus Christi, Texas 78401
Telephone:   (361) 887-2969
Facsimile:   (361) 887-6251

Counsel for Petitioners,
American Commercial Lines LLP and
American Commercial Barge Line LLC
Deere Credit, Inc. (formerly Senstar Finance
Company), as Owner of the Barge NM-315,
State Street Bank and Trust Company of
Connecticut, N.A., as Owner/Trustee of the Barge
ACL-9933B and Not in Its Individual Capacity, and
General Electric Capital Corporation, as Beneficial
Owner of the Barge ACL-9933B

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 28th day of February, 2005, served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing the same by United States Mail, properly addressed and first class postage prepaid.

GLENN G. GOODIER