United States District Court
Southern District of Texas
FILED

MAR 0 7 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWNWATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § | C.A. NO. B-01-157 Admirality |
| | § | Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES, LLC AS OWNER, AND AMERICAN COMMERCIAL BARGE LINES, LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, IN CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § | C.A. No. B-02-004 Admirality JURY DEMANDED and |
| | § | C.A. NO. .B-02-125 |
| IN RE THE COMPLAINT AND PETITION OF DEERE CREDIT, INC., (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315 AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | § § § § § § § § § § § § § § § § § § | Admirality |

**THIRD PARTY DEFENDANT, "A.G. HILL POWER, INC.,
a/k/a JHB ENTERPRISES, INC.'S," MOTION FOR SANCTIONS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Third Party Defendant, "A.G. Hill Power, Inc., a/k/a JHB Enterprises, Inc.,"[1] and files this its Motion for Sanctions and in support thereof would show as follows:

## I.

## BACKGROUND

On April 8, 2004, American Commercial Lines, LLC, American Commercial Barge Line, LLC, Deere Credit, Inc. (formerly Senstar Finance Company), as Owner of the Barge NM-315, State Street Bank and Trust Company of Connecticut, N.A., as Owner/Trustee of the Barge ACL-9933B and Not in Its Individual Capacity, and General Electric Capital Corporation, as Beneficial Owner of the Barge ACL-9933B filed a motion for leave to assert a Third-Party Complaint against "A.G. Hill Power, Inc., a/k/a JHB Enterprises, Inc." Brown Water Marine Service, Inc. and Brown Water Towing I, Inc., Inc. also filed a motion for leave to assert a Third-Party Complaint against "A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc. This Court granted the motions for leave on October 22, 2004. In their Third-Party Complaint against A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc., Petitioners alleged that Third-Party Defendant bore some responsibility for the Queen Isabella Causeway incident on September 15, 2001. Specifically, Petitioners alleged that Third-Party Defendant was responsible for maintaining the navigational and/or street lights on the Queen Isabella Causeway and that Third-Party Defendant' failure to maintain these lights contributed to or caused the

---

[1] Because A.G. Hill Power, Inc. sold its assets and name to First South Utility Construction, Inc. in 1996, and JHB Enterprises, Inc. was formed as a separate entity with no ownership interest in A.G. Hill Power, Inc., there is no entity known as A.G. Hill Power, Inc a/k/a JHB Enterprises, Inc.

deaths, personal injuries and property damage. Petitioners brought claims against Third-Party Defendant for contribution, indemnity and recoupment.

Third-Party Defendant filed its Original Answer on November 19, 2004, wherein it denied that it had been sued in its correct legal capacity. As Third-Party Defendant stated, A.G. Hill Power, Inc. sold its assets, including its ownership in the name A.G. Hill Power, Inc. to First South Utility Construction, Inc. on October 14, 1996, well before the accident made the basis of the Plaintiffs' claim. Third-Party Defendant further answered that it was not responsible for maintaining any lights on or around the Queen Isabella Causeway at the time of the accident or at any other time. Not having any responsibility or involvement with maintenance of the lighting on the Queen Isabella Causeway, Third-Party Defendant specifically denied any responsibility for the accident and specifically denied any negligence or that any alleged negligence proximately caused the damages in question.

II.

**PETITIONERS' COUNSEL FAILED TO REMOVE THIRD-PARTY DEFENDANT FROM THE PRESENT LAWSUIT DESPITE ITS KNOWLEDGE THAT NO MERITORIOUS CLAIM EXISTED AGAINST THIRD-PARTY DEFENDANT AND THAT PETITIONERS JOINED THE WRONG PARTY**

In addition to answering that Petitioners had named the wrong party, Counsel for Third-Party Defendant, David Crago, sent multiple letters to counsel for Petitioners, Les Cassidy and Glenn Goodier, informing them that they sued the wrong entity, and that A.G. Hill Power, Inc. had been sold to First South Utility Construction in 1996, well before the accident in 1996 giving rise to the lawsuit. On November 19, 2004, for example, David Crago sent a letter to Les Cassidy reminding him of the inappropriateness of having Third-Party Defendant in the case and urging him to

substitute in the correct party in the place of Third-Party Defendant. (*See* Exhibit A, Letter of November 19, 2004 from David H. Crago to Les Cassidy). Cassidy responded that he believed the defendant had been properly named, but acknowledged improper service and stated, "we are not looking to your client for an answer in this litigation, and we are making arrangements for service on the proper party. . . . As explained to me by your client, he sold out his business some time ago and it is the successor corporation that should be served with the lawsuit." (*See* Exhibit B, Letter of November 29, 2004 from Les Cassidy to David H. Crago). Despite this acknowledgement, Petitioners made no effort to remove Third-Party Defendant from the lawsuit. Thereafter, on December 1, 2004, David Crago sent correspondence to all counsel, including counsel for Petitioners, explaining that Petitioners named the wrong party and "have agreed to add the right party, namely First South [Utility] Inc. d/b/a A.G. Hill Power." (*See* Exhibit C, Letter of December 1, 2004 from David Crago to All Counsel). Glenn Goodier, counsel for American Commercial Lines LLC and American Commercial Barge Lines LLC responded with a letter dated December 2, 2004, received by David Crago on December 9, 2004. (*See* Exhibit D, Letter of December 2, 2004 from Glenn Goodier to David H. Crago). Mr. Goodier referenced receipt of Third-Party Defendant's answer and requested information concerning the sale of A.G. Hill Power to First South Utility Construction, along with the address, registered agent for service of process, and any other contact information Third-Party Defendant might have with respect to First South Utility Construction. Petitioners also requested any correspondence Third-Party Defendant might have had with First South Utility Construction regarding the September 15, 2001 incident and third-party demand. Finally, Mr. Goodier requested any additional

information or documents showing Third-Party Defendant was not responsible for maintaining the lights on Queen Isabella Causeway on September 15, 2001, and that it was the responsibility of First South Utility Construction.

Mr. Crago replied to this letter by providing Mr. Goodier with a copy of the Asset Purchase Agreement of October 14, 1996, which unequivocally shows the assets and the name A.G. Hill Power Inc. were purchased by First South Utility Construction. (*See* Exhibit E, Letter of January 14, 2005 from David H. Crago to Glen Goodier; *See* Exhibit F, Asset Purchase Agreement of October 14, 1996). Mr. Crago also reminded Mr. Goodier that A.G. Hill Power, Inc. n/k/a JHB Enterprises, Inc. was never a party to any contract regarding work or maintenance on the Queen Isabella Causeway. (*See id.*; *see also* Exhibit G, Affidavit of Jack Bennettt). Additionally, Mr. Crago referred him to the registered agent of First South Utility Construction, Inc.

Despite this exchange, Petitioners failed to remove Third-Party Defendant from the suit from which they were improperly named. Petitioners and Third-Party Defendant have continued to exchange correspondence, but as of this date, Petitioners have failed to non-suit Third-Party Defendant and continue to have claims pending against Third-Party Defendant. As a result, Third-Party Defendant has incurred substantial expense in defending the lawsuit despite the fact that Third-Party Defendant had no involvement whatsoever in maintaining the lighting on the bridge, all of which was made known to counsel for Petitioners. This Court should impose sanctions against Petitioners and Petitioners' counsel for their failure to take action to remove Third-Party Defendant from this suit when they knew that no meritorious claim existed against it. Third-Party Defendant should not be made to pay for Petitioners' knowingly harmful conduct.

### III.

### PETITIONERS' CONDUCT IN THIS CASE WARRANTS SANCTIONS

Rule 11 of the Federal Rules of Civil Procedure provides for sanctions when an attorney signs a pleading with knowledge that the claims or legal contentions are not warranted, that the allegations and other factual contentions lack evidentiary support or are not likely to have evidentiary support after a reasonable time for further investigation or that the factual contentions are not warranted on the evidence. FED. R. CIV. P. 11(b)(2),(3),(4). Sanctions may include payment to the movant for some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation. FED. R. CIV. P. 11(c)(2). Moreover, "[i]f warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." FED. R. CIV. P. 11(c)(1)(A). Sanctions may be imposed for failing to properly investigate the facts before filing a document. *See e.g., Ortho Pharm. Corp. v. Sona Distribs.*, 847 F.2d 1512, 1518 (11th Cir. 1988) (counsel sanctioned for filing motion to dismiss without investigating claim). A party's failure to dismiss or non-suit a frivolous claim may also support the imposition of sanctions. *Cf. Delgado v. Methodist Hosp.*, 936 S.W.2d 479, 487 (Tex. App.--Houston [14 th Dist.] 1996, no writ); *Miller v. Armogida*, 877 S.W.2d 361, 365 (Tex. App.--Houston [1st Dist.] 1994, writ denied).

In this case, Petitioners failed to properly investigate the facts before suing against JHB Enterprises, Inc. JHB Enterprises, Inc. had no contract to maintain lighting on the Queen Isabella Causeway at the time of the accident made the basis of the lawsuit or at any other time. (*See* Exhibit G, Affidavit of Jack Bennett). JHB Enterprises, Inc. has, in

6

fact, never had a contract to maintain lighting on the Queen Isabella Causeway and has never been involved with lighting maintenance or any other work on the Queen Isabella Causeway." A.G. Hill Power, Inc. was sold in 1996 to First South Utility Construction, Inc. nearly five years before the accident giving rise to the lawsuit, which occurred in 2001. (*See id.*). A.G. Hill Power has been the assumed name of First South Utility Construction, Inc. since December 30, 1996. (See Exhibit H, Assumed Name Certificate). Thus, there was no basis for including JHB Enterprises, Inc. in the suit. Third-Party Defendant informed Petitioners of these facts, but Petitioners failed to dismiss their frivolous claims against Third-Party Defendant.

As a result of being added to the instant lawsuit, Third-Party Defendant has incurred $5,182.50 in attorney's fees and $179.34 in costs, all of which are reasonable and necessary fees and expenses. (*See* Exhibit I, Affidavit of David H. Crago). Additionally, Third-Party Defendant has incurred $425.00 in attorney's fees in preparation of this motion. There is absolutely no excuse for Petitioners' failing to properly investigate the proper party before filing suit. There is even less of an excuse for failing to remove Third-Party Defendant from the suit after counsel for Third-Party Defendant informed Petitioners' counsel that Third-Party Defendant had no involvement with maintaining the Causeway Lights and sold the business in question in 1996, well before the incident giving rise to this lawsuit.

Furthermore, sanctions are appropriate under 28 U.S.C. § 1927 for Petitioners' willfully multiplying the proceedings unreasonably and vexatiously by joining Third-Party Defendant without proper investigation and then failing to remove it as a party. 28

U.S.C. § 1927; *FDIC v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994). The court may award costs, expenses and attorneys fees for such bad-faith conduct. *Id.*

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Third Party Defendant would request that this Court grant its motion for sanctions and award Third Party Defendant, attorney's fees in the amount of $5,607.50 in attorney's fees and $574.20 in costs. Third Party Defendant prays for further relief, in law and equity, to which it may be entitled.

Respectfully submitted,

BRIN & BRIN, P.C.
1202 Third Street
Corpus Christi, Texas 78404
(361) 881-9643
(361) 883-0506 Facsimile

By: _____

DAVID H. CRAGO
Attorney In Charge
State Bar No. 04975260
Federal I.D. No. 13868
ATTORNEYS FOR DEFENDANT
A.G. HILL POWER, INC. NOW
KNOWN AS JHB ENTERPRISES, INC.

## **VERIFICATION**

THE STATE OF TEXAS                    §

COUNTY OF NUECES                §

BEFORE ME, the undersigned authority, on this day personally appeared David H. Crago, who, being by me first duly sworn, on oath, stated that he is one of the attorneys of record for and a duly authorized agent of Defendant, that he is fully competent and authorized to make this Affidavit, that the underlying facts and copies of pleadings, discovery responses and other exhibits attached upon which the foregoing Motion for Sanctions are based within the personal knowledge of the Affiant, are true and correct.

BY: _____
            David H. Crago

SUBSCRIBED AND SWORN TO BEFORE ME, by the said David H. Crago, who is personally known by me, on the _10th_ day of _February_, 2005, to certify which witness my hand and official seal.



_____
Notary Public, State of Texas

## CERTIFICATE OF SERVICE

I certify that I mailed a copy of the foregoing by certified U.S. Mail, return receipt requested, on this 10th day of February, 2005.

| | |
|---|---|
| Watts Law Firm, L.L.P.<br>Ray R. Marchan<br>1926 E. Elizabeth<br>Brownsville, TX  78520 | S. Mark Strawn<br>Schirrmeister Ajamie<br>Pennzoil Place – South Tower<br>711 Louisiana, Ste 2150<br>Houston, TX  77002 |
| Jim Hart<br>Williams Bailey Law Firm, L.L.P.<br>8441 Gulf Freeway, Suite 600<br>Houston, TX  77017 | Heriberto "Eddie" Medrano<br>Law Offices of Heriberto "Eddie" Medrano<br>1101 West tyler<br>Harlingen, TX  78550 |
| John David Franz<br>The Law Office of John David Franz<br>400 N. McColl<br>McAllen, TX  78501 | J. Chad Gauntt<br>Gauntt & Kruppstadt, L.L.P.<br>9004 Forest Crossing Dr., Suite C<br>The Woodlands, TX  77381 |
| Steve Q. McManus<br>Law Offices of McManus & Crane, L.L.P.<br>209 W. Juan Linn<br>P.O. Box 2206<br>Victoria, TX  77902-2206 | Julian Rodriguez, Jr.<br>Attorney at Law<br>10113 N. Tenth, Suite C<br>McAllen, TX 78504 |
| Richard Leo Harrell<br>The Edwards Law Firm, L.L.P.<br>Frost Bank Plaza, Ste 2100<br>Corpus Christi, TX  78403-0480 | Raymond Thomas and<br>Andres Gonzalez, Jr.<br>Kittleman, Thomas, Ramirez & Gonzalez, PLLC<br>4900 B. North 10th Street<br>McAllen, Texas 78504 |
| James B. Manley, P.C.<br>200 William Barnett<br>Cleveland, TX 77327 | Will W. Pierson<br>Royston, Rayzor, Vickery & Williams<br>1700 Wilson Plaza West<br>606 N. Carancahua |

10

|  | Corpus Christi, TX 78476 |
|---|---|
| Kieth N. Uhles<br>James H. Hunter, Jr.<br>Royston, Rayzor, Vickery & Williams, L.L.P.<br>55 Cove Circle<br>P.O. Box 3509<br>Brownsville, TX 78523-3509 | Less Cassidy<br>Woolsey & Cassidy, P.C.<br>1020 Bank of America<br>500 North Water Street<br>Corpus Christi, TX 78471 |
| Glenn Goodier<br>Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.<br>201 St. Charles Avenue – 48th Floor<br>New Orleans, LA 70170-5100 | Geoffrey Amsel<br>1010 N. St. Mary's Street, Room 1403<br>San Antonio, TX 78215 |
| Juan A. Magallanes<br>Magallanes, Hinojosa & Mancias, P. C.<br>1713 Boca Chica Blvd.<br>Brownsville, TX 78520 | Mark Spansel<br>Jack Gilbert<br>Margie Manzano Corbett<br>Office of the Attorney General<br>Transportatioin Division<br>P.O. Box 12548<br>Austin, TX 78711-2548 |
| Daryl G. Dursum<br>Adams & Reese, L.L.P.<br>4400 One Houston Center<br>1221 McKinney<br>Houston, TX 77010 | Frank Enriquez<br>Roberto d. Puente<br>Law Offices of Frank Enriquez<br>4200 B North Bicentennial<br>McAllen, TX 78504 |
| Veronica Farias<br>Law Offices of Veronica Farias<br>2854 Boca Chica<br>Brownsville, TX 78521 |  |

_____
DAVID H. CRAGO

11