## AFFIDAVIT OF JACK BENNETT

THE STATE §
§
OF TEXAS §

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Jack Bennett, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is Jack Bennett. I am over the age of eighteen years. I have never been convicted of a felony or a misdemeanor involving moral turpitude. I am in all respects competent to make this affidavit. I have personal knowledge of each of the facts and statements I have made herein. I swear that each of the statements I have made herein is true and correct."

"I was the President of A.G. Hill Power, Inc. from 1985 until October 14, 1996, when its assets were sold to First South Utility Construction, Inc. On that date, First South Utility Construction, Inc. purchased the assets and name of A.G. Hill Power, Inc. in an Asset Purchase Agreement, which I signed." A true and correct copy of the Asset Purchase Agreement is attached hereto.

"JHB Enterprises, Inc., a separate corporation, was formed in 1996. I am President of JHB Enterprises, Inc. JHB Enterprises, Inc. is a separate corporation from A.G. Hill Power, which is owned by First South Utility Construction, Inc."

"As President of JHB Enterprises, I have personal knowledge that lawsuits have been filed against it as 'A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc.' in connection with an accident that occurred on the Queen Isabella Causeway on September 15, 2001.


EXHIBIT G

The lawsuits allege that 'A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc.' was negligent in maintaining lighting on the Causeway."

"As former president of A.G. Hill Power, Inc. and current President of JHB Enterprises, Inc., I have personal knowledge that JHB Enterprises, Inc. had no contract to maintain lighting on the Queen Isabella Causeway at the time of the accident made the basis of the lawsuit or at any other time. A.G. Hill Power, Inc. was sold to First South Utility Construction, Inc. nearly five years before the accident giving rise to the lawsuits. JHB Enterprises, Inc. has, in fact, never had a contract to maintain lighting on the Queen Isabella Causeway and has never been involved with lighting maintenance or any other work on the Queen Isabella Causeway."

"In addition, because JHB Enterprises, Inc. has no ownership in the name A.G. Hill Power, Inc. and the name was sold to First South Utility Construction, Inc., there is no such entity as A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc."

"Further, this affiant sayeth not."

_____
Jack Bennett

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the 7th day of February, 2005, to witness my hand and official seal of office.

_____
Notary Public in and for
The State of Texas

Print Name: _____
My Commission Expires:

SYCILE MORRIS
Notary Public
STATE OF TEXAS
My Comm. Exp. 07-01-2006

DOC# 96103706



# ASSUMED NAME CERTIFICATE

PLEASE PRINT

1. The name of the corporation, limited liability company, limited partnership, or registered limited liability partnership as stated in its articles of incorporation, articles of organization, certificate of limited partnership, application or comparable document is _FIRST SOUTH UTILITY CONSTRUCTION, INC._

2. The assumed name under which the business or professional service is or is to be conducted or rendered is _A.G. HILL POWER_.

3. The state, country, or other jurisdiction under the laws of which it was incorporated, organized or associated is _NORTH CAROLINA_, and the address of its registered or similar office in that jurisdiction is _2401-A MONTREAL AVE. GREENSBORO, NC_

4. The period, not to exceed 10 years, during which the assumed name will be used is _10 YRS_.

5. The entity is a (circle one): business corporation, non-profit corporation, professional corporation, professional association, limited liability company, limited partnership, registered limited liability partnership or some other type of incorporated business, professional or other association (specify) _FOREIGN CORPORATION AUTHORIZED TO DO BUSINESS IN TEXAS_

6. If the entity is required to maintain a registered office in Texas, the address of the registered office is _C.T. CORP. SYSTEM, 359 N. ST. PAUL ST. DALLAS, TX_ and the name of its registered agent at such address is_____. The address of the principal office (if not the same as the registered office) is_____

7. If the entity is not required to or does not maintain a registered office in Texas, the office address in Texas is _6654 LEOPARD ST. CORPUS CHRISTI, TX_ and if the entity is not incorporated, organized or associated under the laws of Texas, the address of its place of business in Texas is _____ and the office address elsewhere is_____

8. The county or counties where business or professional services are being or are to be conducted or rendered under such assumed name are (if applicable, use the designation "ALL" or "ALL EXCEPT"):
_NUECES COUNTY AND ALL OTHER COUNTIES IN TEXAS_

**EXHIBIT H**

_____
Signature of officer, general partner, manager,
representative or attorney-in-fact of the entity

Before me on this _30_ day of _Dec_____, 19_96_, personally appeared _TIMOTHY A KURCZ_____ and acknowledged to me that ___ he executed the foregoing certificate for the purposes therein expressed.

(Notary Seal)

_____
Notary Public, State of Texas

## INSTRUCTIONS FOR FILING ASSUMED NAME CERTIFICATE

1. A corporation, limited liability company, limited partnership or registered limited liability partnership, which regularly conducts business or renders a professional service in this state under a name other than the name contained in its articles of incorporation, articles of organization, certificate of limited partnership or application, must file an assumed name certificate with the secretary of state and with the appropriate county clerk in accordance with section 36.11 of the Texas Business and Commerce Code.

2. The information provided in paragraph 6 as regards the registered agent and registered office address in Texas must match the information on file in this office. To verify the information on file with this office, you may contact our corporate information unit at (512) 463-5555. Forms to change the registered agent/office are available from this office should you require to update this information.

3. A certificate executed and acknowledged by an attorney-in-fact shall include a statement that the attorney-in-fact has been duly authorized in writing by his principal to execute and acknowledge the same.

4. For purposes of filing with the secretary of state, the assumed name registrant should submit an originally executed assumed name certificate accompanied by the filing fee of $25 to the Secretary of State, Statutory Filings Division, Corporations Section, P.O. Box 13697, Austin, Texas 78711-3697. The phone number is (512) 463-5582, TDD: (800) 735-2989, FAX: (512) 463-5709.

5. All assumed name certificates to be filed with the county clerk must be forwarded directly to the appropriate county clerk by the assumed name registrant.

6. Whenever an event occurs that causes the information in the assumed name certificate to become materially misleading (eg. change of registered agent/office or a change of name), a new certificate must be filed within 60 days after the occurrence of the events which necessitate the filing.

7. A registrant that ceases to transact business or render professional services under an assumed name for which a certificate has been filed may file an abandonment of use pursuant to the Texas Business and Commerce Code, §36.14. Forms for this purposes are available from this office.

700/0045
Revised 12/93

DOC# 960103706

Doc# 960103706
# Pages: 2
Date  : 12-30-1996
Time  : 03:41:14 P.M.
Filed & Recorded in
Official Records      TX.
of NUECES County,
ERNEST M. BRIONES
COUNTY CLERK
Rec. $ 9.50

DOC# 960103042

## ASSUMED NAME CERTIFICATE

## OF

## FIRST SOUTH UTILITY CONSTRUCTION, INC.

THE STATE OF TEXAS  :

COUNTY OF NUECES  :

KNOW ALL MEN BY THESE PRESENTS

THAT FIRST SOUTH UTILITY CONSTRUCTION, INC., a Foreign Corporation authorized to do business in Texas operating under the assumed name of A. G. HILL POWER for the purposes of complying with Chapter 36, Section 36.10, Texas Business & Commerce Code, does hereby certify the following facts:

1. The name of the incorporated business as stated in its Certificate of Authority is FIRST SOUTH UTILITY CONSTRUCTION, INC.

2. That the assumed name under which the business is conducted and transacted is A. G. HILL POWER.

3. That the state in which it was incorporated is North Carolina and the address of its principal office is 2401-A Montreal Avenue, Greensboro, North Carolina 27406.

4. That the period, not to exceed ten (10) years, during which the assumed name will be used is October 15, 1996 – October 14, 2006.

5. That the corporation is a business corporation.

6. That the registered office in Texas is C. T. Corp. System, 359 N. St. Paul Street, Dallas, Texas 78201. The address of the principal office is 2401-A Montreal Avenue, Greensboro, North Carolina 27406.

7. The counties where business or professional services are being or are to be conducted or rendered under such assumed name are Nueces County and all other counties in Texas.

IN TESTIMONY WHEREOF, we have hereunto set our hands this 14th day of October, 1996.

                                                FIRST SOUTH UTILITY CONSTRUCTION, INC.

By: _____
     William T. Stover, Chairman of the Board

STATE OF TEXAS     :

COUNTY OF NUECES  :

BEFORE ME, the undersigned authority, on this day personally appeared William CT Stover, Chairman of the Board of First South Utility Construction, Inc., a North Carolina corporation, and acknowledged to me that he executed the foregoing certificate for the purpose therein expressed.

GIVEN under my hand and seal of office on the 14th day of October, 1996.

_____
Notary Public, State of Texas

[Notary Seal: CYNTHIA DELEON, Notary Public, STATE OF TEXAS, My Comm. Exp. Aug. 4, 1998]

```
Doc# 960103042
# Pages: 2
Date  : 10-16-1996
Time  : 10:54:25 A.M.
Filed & Recorded in
Official Records
of NUECES County, TX.
ERNEST M. BRIONES
COUNTY CLERK
Rec. $ 9.00
```

## AFFIDAVIT OF DAVID H. CRAGO

THE STATE §
§
OF TEXAS §

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared David H. Crago, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is David H. Crago. I am over the age of eighteen years. I have never been convicted of a felony or a misdemeanor involving moral turpitude. I am in all respects competent to make this affidavit. I have personal knowledge of each of the facts and statements I have made herein. I swear that each of the statements I have made herein is true and correct."

"I am the attorney representing JHB Enterprises, Inc. in the third-party action brought by American Commercial Lines, LLC, American Commercial Barge Line, LLC, Deere Credit, Inc. (formerly Senstar Finance Company), as Owner of the Barge NM-315, State Street Bank and Trust Company of Connecticut, N.A., as Owner/Trustee of the Barge ACL-9933B and Not in Its Individual Capacity, General Electric Capital Corporation, as Beneficial Owner of the Barge ACL-9933B, Brown Water Marine Service, Inc. and Brown Water Towing I, Inc., Inc in the United States District Court for the Southern District of Texas, Brownsville Division. As a result of the third-party action filed against my client, I along with various individuals and my law firm have been required to perform substantial legal services in protecting my client."



"I have reviewed the billing in this case and testify as follows: From November 4, 2004 until February 9, 2005, I performed 14.10 hours of work in defending my client in the third-party action. My billing rate in this case is $150.00 per hour. Thus, my attorney's fees in representing JHB Enterprises, Inc. in the above mentioned litigation for this period are $2,115.00. This amount and the work performed are reasonable and necessary."

"Floyd Brown, another member of my firm, Brin & Brin, P.C., performed 8.7 hours of work from November 4, 2004 until February 9, 2005 in defending JHB Enterprises, Inc. in the third-party action. His billing rate in this case is $150.00 per hour. Thus, his attorney's fees in representing JHB Enterprises, Inc. in the above mentioned litigation for this period are $1,305.00. This amount and the work performed are reasonable and necessary."

"Thomas F. Nye, another member of my firm, Brin & Brin, P.C. performed 1.3 hours of work from November 4, 2004 until February 9, 2005 in defending JHB Enterprises, Inc. in the third-party action. His billing rate in this case is $150.00 per hour. Thus, his attorney's fees in representing JHB Enterprises, Inc. in the above mentioned litigation for this period are $195.00. This amount and the work performed are reasonable and necessary."

"Thomas Sullivan, another member of my firm, performed .2 hours of work from November 4, 2004 until February 9, 2005 in defending JHB Enterprises, Inc. in the third-party action. His billing rate in this case is $150.00 per hour. Thus, his attorney's fees in representing JHB Enterprises, Inc. in the above mentioned litigation for this period are $30.00. This amount and the work performed are reasonable and necessary."

"Robert W. Clore, an attorney hired by my firm, Brin & Brin, P.C. to assist in this case, performed 12.3 hours of work from November 4, 2004 until February 9, 2005 in defending JHB Enterprises, Inc. in the third-party action. His billing rate in this case is $125.00 per hour. Thus, his attorney's fees in representing JHB Enterprises, Inc. in the above mentioned litigation for this period are $1,537.50. This amount and the work performed are reasonable and necessary."

"The total amount of attorney's fees incurred by JHB Enterprises, Inc. from November 4, 2004 until February 9, 2005 in defense of the third-party action is $5,182.50. This amount is based on 36.6 hours of work. This amount and the work performed are reasonable and necessary."

"Additionally, $179.34 in costs were expended by Third-Party Defendant in defending this third-party action. This amount is reasonable and necessary."

"Finally, Robert W. Clore performed 3.4 hours of work in preparing Third-Party Defendant's Motion for Sanctions. At his billing rate of $125.00 per hour, his attorney's fees in preparing this motion are $425.00. This amount and the work performed are reasonable and necessary."

"Further, this affiant sayeth not."

David H. Chago

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the 10th day of February, 2005, to witness my hand and official seal of office.

LAURA L ROGERS
Notary Public
State of Texas
My Comm. Exp. 6-04-2005

Notary Public in and for
The State of Texas

Print Name: Laura L. Rogers
My Commission Expires: 6/04/05