IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 9 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWNWATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § § | C.A. NO. B-01-157 Admirality<br><br><br><br><br>Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES, LLC AS OWNER, AND AMERICAN COMMERCIAL BARGE LINES, LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, IN CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § | C.A. No. B-02-004 Admirality<br><br>JURY DEMANDED<br><br>and<br><br><br>C.A. NO. .B-02-125 Admirality |
| IN RE THE COMPLAINT AND PETITION OF DEERE CREDIT, INC., (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315 AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | § § § § § § § § § § § § § § § § § § § | |

### THIRD-PARTY DEFENDANT, "A.G. HILL POWER, INC. A/K/A JHB ENTERPRISES, INC'S" RESPONSE TO PETITIONERS' MOTION TO DISMISS THIRD-PARTY COMPLAINT AGAINST A.G. HILL POWER, INC. A/K/A JHB ENTERPRISES, INC. AND MEMORANDUM OF PETITIONERS.

1

COMES NOW Third-Party Defendant, "A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc."[1] through undersigned counsel and files this its brief response to Petitioners' Motion to Dismiss Third-Party Complaint and would show this court as follows:

## I.

## BACKGROUND

On April 8, 2004, American Commercial Lines, LLC, American Commercial Barge Line, LLC, Deere Credit, Inc. (formerly Senstar Finance Company), as Owner of the Barge NM-315, State Street Bank and Trust Company of Connecticut, N.A., as Owner/Trustee of the Barge ACL-9933B and Not in Its Individual Capacity, and General Electric Capital Corporation, as Beneficial Owner of the Barge ACL-9933B filed a motion for leave to assert a Third-Party Complaint against "A.G. Hill Power, Inc., a/k/a JHB Enterprises, Inc." Brown Water Marine Service, Inc. and Brown Water Towing I, Inc., Inc. also filed a motion for leave to assert a Third-Party Complaint against "A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc. This Court granted the motions for leave on October 22, 2004. In their Third-Party Complaint against A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc., Petitioners alleged that Third-Party Defendant bore some responsibility for the Queen Isabella Causeway incident on September 15, 2001. Specifically, Petitioners alleged that Third-Party Defendant was responsible for maintaining the navigational and/or street lights on the Queen Isabella Causeway and that Third-Party Defendant' failure to maintain these lights contributed to or caused the deaths, personal injuries and property damage. Petitioners brought claims against Third-Party Defendant for contribution, indemnity and recoupment.

---

[1] Because A.G. Hill Power, Inc. sold its assets and name to First South Utility Construction, Inc. in 1996, and JHB Enterprises, Inc. was formed as a separate entity with no ownership interest in A.G. Hill Power, Inc., there is no entity known as A.G. Hill Power, Inc a/k/a JHB Enterprises, Inc.

2

Third-Party Defendant filed its Original Answer on November 19, 2004, wherein it denied that it had been sued in its correct legal capacity. As Third-Party Defendant stated, A.G. Hill Power, Inc. sold its assets, including its ownership in the name A.G. Hill Power, Inc. to First South Utility Construction, Inc. on October 14, 1996, well before the accident made the basis of the Plaintiffs' claim. Third-Party Defendant further answered that it was not responsible for maintaining any lights on or around the Queen Isabella Causeway at the time of the accident or at any other time. Not having any responsibility or involvement with maintenance of the lighting on the Queen Isabella Causeway, Third-Party Defendant specifically denied any responsibility for the accident and specifically denied any negligence or that any alleged negligence proximately caused the damages in question.

II.

### PETITIONERS' COUNSEL FAILED TO REMOVE THIRD-PARTY DEFENDANT FROM THE PRESENT LAWSUIT DESPITE ITS KNOWLEDGE THAT NO MERITORIOUS CLAIM EXISTED AGAINST THIRD-PARTY DEFENDANT AND THAT PETITIONERS JOINED THE WRONG PARTY

In addition to answering that Petitioners had named the wrong party, Counsel for Third-Party Defendant, David Crago, sent multiple letters to counsel for Petitioners, Les Cassidy and Glenn Goodier, informing them that they sued the wrong entity, and that A.G. Hill Power, Inc. had been sold to First South Utility Construction in 1996, well before the accident in 1996 giving rise to the lawsuit. On November 19, 2004, for example, David Crago sent a letter to Les Cassidy reminding him of the inappropriateness of having Third-Party Defendant in the case and urging him to substitute in the correct party in the place of Third-Party Defendant. (*See* letters attached to Motion for Sanctions). Cassidy responded that he believed the defendant had been properly named, but acknowledged improper service and stated, "we are not looking to your client for an answer in this litigation, and we are making arrangements for service on the proper party. . . . As explained to me by your client, he sold out his business some time ago and it is the

3

successor corporation that should be served with the lawsuit." (*See id.*). Despite this acknowledgement, Petitioners made no effort to remove Third-Party Defendant from the lawsuit. Thereafter, on December 1, 2004, David Crago sent correspondence to all counsel, including counsel for Petitioners, explaining that Petitioners named the wrong party and "have agreed to add the right party, namely First South [Utility] Inc. d/b/a A.G. Hill Power." (*See id.*). Glenn Goodier, counsel for American Commercial Lines LLC and American Commercial Barge Lines LLC responded with a letter dated December 2, 2004, received by David Crago on December 9, 2004. (*See id.*). Mr. Goodier referenced receipt of Third-Party Defendant's answer and requested information concerning the sale of A.G. Hill Power to First South Utility Construction, along with the address, registered agent for service of process, and any other contact information Third-Party Defendant might have with respect to First South Utility Construction. Petitioners also requested any correspondence Third-Party Defendant might have had with First South Utility Construction regarding the September 15, 2001 incident and third-party demand. Finally, Mr. Goodier requested any additional information or documents showing Third-Party Defendant was not responsible for maintaining the lights on Queen Isabella Causeway on September 15, 2001, and that it was the responsibility of First South Utility Construction.

Mr. Crago replied to this letter by providing Mr. Goodier with a copy of the Asset Purchase Agreement of October 14, 1996, which unequivocally shows the assets and the name A.G. Hill Power Inc. were purchased by First South Utility Construction. (*See id.*). Mr. Crago also reminded Mr. Goodier that A.G. Hill Power, Inc. n/k/a JHB Enterprises, Inc. was never a party to any contract regarding work or maintenance on the Queen Isabella Causeway. (*See id.* and affidavit of Jack Bennett attached to motion for sanctions). Additionally, Mr. Crago referred him to the registered agent of First South Utility Construction, Inc.

Despite this exchange, Petitioners failed to remove Third-Party Defendant from the suit from which they were improperly named. Petitioners and Third-Party Defendant exchanged correspondence, but only recently (February 2, 2005), did Petitioners forward a proposed motion and order of dismissal to counsel for Third-Party Defendant. In the interim time between Petitioners proposed motion/order of dismissal (February 2, 2005) and Third-Party Defendant informing Petitioners of their impropriety in naming Third-Party Defendant in the suit (November 19, 2004), Third-Party Defendant continued incurring attorney's fees in defense of the instant litigation as outlined in Third-Party Defendant's Motion for Sanctions. Petitioners would have this Court believe that Third-Party Defendants have obstinately delayed the process by refusing to sign off on an agreed motion to dismiss. In fact, counsel for Third-Party Defendants informed Petitioners that he would not sign off on an agreed motion/order "exempting [Petitioners] from bearing [Third-Party Defendant's] attorney's fees and/or costs." (See Exhibit 9 to Memorandum of Petitioners in Support of Motion to Dismiss Third Party Complaint against A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc.). Although counsel for Third-Party Defendants initially expressed willingness for each party to bear its own "taxable costs" (though not "court costs"), he uniformly expressed that Petitioners should be solely responsible for Third-Party Defendant's attorney's fees. As such, Third-Party Defendant's refusal to sign off on Petitioners' proposed motion/order of dismissal was entirely appropriate in light of its demand for attorney's fees and costs.

Petitioners also mischaracterize Third-Party Defendant's demand for attorney's fees. Petitioners discuss that the attorney's fees sought were to cover preparation of the motion for summary judgment and motion for sanctions. However, the motion for sanctions and attached affidavit, all of which Third-Party Defendant incorporates herein by reference, clearly show that the majority of attorney's fees sought are for Third-Party Defendant's defense of this suit before

5

the motion for sanctions and summary judgment. (See Motion for Sanctions and attached affidavit). In any event, Third-Party Defendant is entitled to attorney's fees for preparation of the motion for sanctions and motion for summary judgment under the rules and statutes cited in its motion for sanctions.

As a result of Petitioners' naming Third-Party Defendant in this suit and failing to timely remove it, Third-Party Defendant has incurred substantial expense in defending the lawsuit despite the fact that Third-Party Defendant had no involvement whatsoever in maintaining the lighting on the bridge, all of which was made known to counsel for Petitioners. Therefore, in the interest of justice this Court should grant Third-Party Defendant's motion for sanctions before granting Petitioner's Motion to Dismiss.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Third Party Defendant would request that this Court grant its motion for sanctions prior to granting Petitioners' Motion to Dismiss and award Third Party Defendant attorney's fees in the amount set forth in its motion for sanctions. Third Party Defendant prays for further relief, in law and equity, to which it may be entitled.

> Respectfully submitted,
>
> BRIN & BRIN, P.C.
> 1202 Third Street
> Corpus Christi, Texas 78404
> (361) 881-9643
> (361) 883-0506 Facsimile
>
> By: _____
> DAVID H. CRAGO
> Attorney In Charge
> State Bar No. 04975260
> Federal I.D. No. 13868
> ATTORNEYS FOR DEFENDANT
> A.G. HILL POWER, INC. NOW
> KNOWN AS JHB ENTERPRISES, INC.

## CERTIFICATE OF SERVICE

I certify that I mailed a copy of the foregoing by certified U.S. Mail, return receipt requested, on this ___ day of March, 2005.

| | |
|---|---|
| Watts Law Firm, L.L.P.<br>Ray R. Marchan<br>1926 E. Elizabeth<br>Brownsville, TX 78520 | S. Mark Strawn<br>Schirrmeister Ajamie<br>Pennzoil Place – South Tower<br>711 Louisiana, Ste 2150<br>Houston, TX 77002 |
| Jim Hart<br>Williams Bailey Law Firm, L.L.P.<br>8441 Gulf Freeway, Suite 600<br>Houston, TX 77017 | Heriberto "Eddie" Medrano<br>Law Offices of Heriberto "Eddie" Medrano<br>1101 West tyler<br>Harlingen, TX 78550 |
| John David Franz<br>The Law Office of John David Franz<br>400 N. McColl<br>McAllen, TX 78501 | J. Chad Gauntt<br>Gauntt & Kruppstadt, L.L.P.<br>9004 Forest Crossing Dr., Suite C<br>The Woodlands, TX 77381 |
| Steve Q. McManus<br>Law Offices of McManus & Crane, L.L.P.<br>209 W. Juan Linn<br>P.O. Box 2206<br>Victoria, TX 77902-2206 | Julian Rodriguez, Jr.<br>Attorney at Law<br>10113 N. Tenth, Suite C<br>McAllen, TX 78504 |
| Richard Leo Harrell<br>The Edwards Law Firm, L.L.P.<br>Frost Bank Plaza, Ste 2100<br>Corpus Christi, TX 78403-0480 | Raymond Thomas and<br>Andres Gonzalez, Jr.<br>Kittleman, Thomas, Ramirez & Gonzalez, PLLC<br>4900 B. North 10th Street<br>McAllen, Texas 78504 |
| James B. Manley, P.C.<br>200 William Barnett<br>Cleveland, TX 77327 | Will W. Pierson<br>Royston, Rayzor, Vickery & Williams<br>1700 Wilson Plaza West<br>606 N. Carancahua<br>Corpus Christi, TX 78476 |

| | |
|---|---|
| Kieth N. Uhles<br>James H. Hunter, Jr.<br>Royston, Rayzor, Vickery & Williams, L.L.P.<br>55 Cove Circle<br>P.O. Box 3509<br>Brownsville, TX 78523-3509 | Less Cassidy<br>Woolsey & Cassidy, P.C.<br>1020 Bank of America<br>500 North Water Street<br>Corpus Christi, TX 78471 |
| Glenn Goodier<br>Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.<br>201 St. Charles Avenue – 48th Floor<br>New Orleans, LA 70170-5100 | Geoffrey Amsel<br>1010 N. St. Mary's Street, Room 1403<br>San Antonio, TX 78215 |
| Juan A. Magallanes<br>Magallanes, Hinojosa & Mancias, P. C.<br>1713 Boca Chica Blvd.<br>Brownsville, TX 78520 | Mark Spansel<br>Jack Gilbert<br>Margie Manzano Corbett<br>Office of the Attorney General<br>Transportatioin Division<br>P.O. Box 12548<br>Austin, TX 78711-2548 |
| Daryl G. Dursum<br>Adams & Reese, L.L.P.<br>4400 One Houston Center<br>1221 McKinney<br>Houston, TX 77010 | Frank Enriquez<br>Roberto d. Puente<br>Law Offices of Frank Enriquez<br>4200 B North Bicentennial<br>McAllen, TX 78504 |
| Veronica Farias<br>Law Offices of Veronica Farias<br>2854 Boca Chica<br>Brownsville, TX 78521 | |

_____
DAVID H. CRAGO