

REST 2d TORTS § 411  Page 1
Restatement (Second) of Torts § 411 (1965)
**(Publication page references are not available for this document.)**

C

Restatement of the Law -- Torts
Restatement (Second) of Torts
Current through September 2004
Division 2. Negligence
Chapter 15. Liability Of An Employer Of An Independent Contractor
Topic 1. Harm Caused By Fault Of Employers Of Independent Contractors

§ 411. Negligence In Selection Of Contractor

Link to Case Citations

An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor
    (a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or
    (b) to perform any duty which the employer owes to third persons.

See Reporter's Notes.

**Comment:**

*a. Meaning of "competent and careful contractor."* The words "competent and careful contractor" denote a contractor who possesses the knowledge, skill, experience, and available equipment which a reasonable man would realize that a contractor must have in order to do the work which he is employed to do without creating unreasonable risk of injury to others, and who also possesses the personal characteristics which are equally necessary.

**Illustrations:**

    1. The A Company sells pianos on the installment plan. It employs the B Company, a collecting agent, to collect the unpaid installments on these pianos. The A Company knows that the B Company's employees are rough and violent and addicted to quarreling with the customers of its clients. The A Company instructs the B Company to collect C's unpaid installments. The B Company sends D, one of its employees, to do so. D gets into an argument with C and in the course of it unjustifiably knocks C down and seriously harms him. A is subject to liability to C.

Copr. © 2005 The American Law Institute.

EXHIBIT 34

REST 2d TORTS § 411                                                                          Page 2
Restatement (Second) of Torts § 411 (1965)
**(Publication page references are not available for this document.)**

   2. The A Company, engaged in logging operations, hires B Company to haul large logs over the public highway. With the exercise of reasonable care in making inquiry A Company could, but does not, discover that B Company's only available equipment consists of converted lumber trucks unsuitable for hauling such large logs in safety and on which the logs cannot be securely fastened. While such a truck of B Company is hauling the logs, they are displaced while rounding a curve, and one of them falls upon the passing automobile of C, injuring C. A Company is subject to liability to C.

   *b. Extent of rule.* The employer of a negligently selected contractor is subject to liability under the rule stated in this Section for physical harm caused by his failure to exercise reasonable care to select a competent and careful contractor, but only for such physical harm as is so caused. In order that the employer may be subject to liability it is, therefore, necessary that harm shall result from some quality in the contractor which made it negligent for the employer to entrust the work to him. Thus, if the incompetence of the contractor consists in his lack of skill and experience or of adequate equipment but not in any previous lack of attention or diligence in applying such experience and skill or using such equipment as he possesses, the employer is subject to liability for any harm caused by the contractor's lack of skill, experience, or equipment, but not for any harm caused solely by the contractor's inattention or negligence.

**Illustrations:**

   3. The omnibus with which A, the owner of a hotel, conveys his guests from the railway station to the hotel is damaged in a collision. A contracts with B, the owner of a garage, to carry A's guests in B's bus. A knows that C, the only driver who is available for this service, has only driven a car for a few days. While driving some of A's guests from the station, C mistakes the accelerator for the brake, which causes a collision between the bus and an automobile in which D is driving. A is subject to liability to D and to his guests in the bus for any harm caused by the unskillfulness of C.
   4. The same facts, as in Illustration 3 except that the collision results solely from the fact that C, instead of looking where he is going, is talking to one of the passengers while approaching a street intersection. A is not liable to D unless he knew or should have known that C was careless and inattentive.

   *c. Factors determining amount of care required.* The amount of care which should be exercised in selecting an independent contractor is that which a reasonable man would exercise under the circumstances, and therefore varies as the circumstances vary.

   Certain factors are important: (1) the danger to which others will be exposed if the contractor's work is not properly done; (2) the character of the work to be done--whether the work lies within the competence of the average man or is work which can be properly done only by persons possessing special skill and training; and (3) the existence of a relation between

Copr. © 2005 The American Law Institute.

REST 2d TORTS § 411                                                                                              Page 3
Restatement (Second) of Torts § 411 (1965)
**(Publication page references are not available for this document.)**

the parties which imposes upon the one a peculiar duty of protecting the other.

As to the first factor, the general principle that the amount of care which should be used is proportionate to the danger involved in failing to use it, requires those who provide such appliances as elevators for the use of their business guests to exercise more care in the selection of the contractors to whom they entrust installation or maintenance than is required in the construction or maintenance of a hallway floor which, even if improperly laid, is likely to result in only a comparatively trivial injury. So too, one who entrusts to a contractor the construction of complicated, high speed machinery or electrical appliances carrying a high voltage current is required to exercise greater care in the selection of the contractor than is required in the selection of a contractor to build seats in a theatre.

As to the second factor, one who employs a carpenter to repair the ceilings of his shop or to install plumbing in his hotel is entitled to assume that a carpenter or plumber of good reputation is competent to do such work safely. In such case, there is no duty to make an elaborate investigation as to the competence of the carpenter or plumber. Indeed, there is no duty to take any great pains to ascertain whether his reputation is or is not good. The fact that he is a carpenter or plumber is sufficient, unless the employer knows that the contractor's reputation is bad or knows of facts which should lead him to realize that the contractor is not competent. On the other hand, if the work is such as will be highly dangerous unless properly done and is of a sort which requires peculiar competence and skill for its successful accomplishment, one who employs a contractor to do such work may well be required to go to considerable pains to investigate the reputation of the contractor and, if the work is peculiarly dangerous unless carefully done, to go further and ascertain the contractor's actual competence.

The extent of the employer's knowledge and experience in the field of the work to be done is to be taken into account; and an inexperienced widow employing a contractor to build a house is not to be expected to have the same information concerning the competence and carefulness of building contractors in the community, or to exercise the same judgment, as would a bank seeking to build the same house.

As to the third factor, there are a number of relations, such as that of master and servant and common carrier and passenger, in which peculiar care is required in the preparation of a safe working place and appliances and rolling stock and other equipment. Where such a relation exists, there is a duty to exercise care to ascertain whether the contractor to whom the task of preparation and maintenance is entrusted is competent to do the work safely. A carrier may be liable even though it has exercised the utmost care in this particular. The carrier's duty of careful preparation and maintenance of its rolling stock, roadbed, and equipment is incapable of delegation even to a carefully selected and competent independent contractor so as to escape liability for the contractor's failure to exercise care. So too, a master owes to his servant not

Copr. © 2005 The American Law Institute.

REST 2d TORTS § 411                                                                Page 4
Restatement (Second) of Torts § 411 (1965)
**(Publication page references are not available for this document.)**

only the duty to exercise care in the selection of a contractor to whom he entrusts the preparation of a safe working place and appliances but also, as stated in § 412, Comment *e*, a duty to inspect the working place and appliances in order to discover whether the contractor's work has been properly done.

**Comment on Clause (a):**

*d.* Clause (a) applies to any activity which a contractor is employed to carry on at or near any place in which others have a privilege to be and which is not dependent upon the consent of the employer of the contractor.

**Illustration:**

> 5. A, a builder, employs B, a teamster, to haul material through the streets from a nearby railway station to the place where A is building a house. A knows that B's trucks are old and in bad condition and that B habitually employs inexperienced and inattentive drivers. C is run over by a truck carrying A's material and driven by one of B's employees. A is subject to liability to C if the accident is due either to the bad condition of the truck or the inexperience or inattention of the driver.

**Comment on Clause (b):**

*e.* Clause (b) applies where one who is under a duty to take active steps for the protection of others employs a contractor to take these steps in his stead. Under the rule stated in this Section, one employing a contractor for such purposes is subject to liability to another who is deprived of the protection which it is the purpose of the duty to afford him, because of the incompetence or carelessness of a carelessly selected contractor.

**Illustrations:**

> 6. The cornice of A's house, which abuts upon a public highway, is in obvious need of repair. A employs B, a contractor, to make the repairs. Had A exercised reasonable care, he would have discovered that B was a notoriously dilatory contractor. Owing to B's unreasonable delay the repairs are not made for a considerable time, during which the cornice falls, causing harm to C, a pedestrian on the sidewalk. A is subject to liability to C.
>
> 7. Under the same facts as those stated in Illustration 6, except that the fall of the cornice is due to the careless manner in which the work is done, A is subject to liability to C if by the exercise of reasonable care he could have ascertained that B not only was a dilatory contractor but also employed careless workmen.

**Comment:**

Copr. © 2005 The American Law Institute.

REST 2d TORTS § 411                                                                 Page 5
Restatement (Second) of Torts § 411 (1965)
**(Publication page references are not available for this document.)**

*f. Work done on actor's land.* One of the most usual situations to which the rule stated in this Section applies is where a possessor of land entrusts the erection or repair of a building to an independent contractor whom he should know to be incompetent or careless. In such a case the possessor is subject to liability to another injured by the unskillfulness or carelessness of the contractor if the other is a person to whom the possessor owes a duty to exercise reasonable care to prepare and maintain a safe building. Thus, the possessor would be subject to liability to another harmed while traveling upon an adjacent highway by the fall of a wall or cornice, or to his invitee injured by the dangerous condition of the ceiling or floors of the building.

**Illustration:**

8. A employs B to do repair work upon the exterior of a building abutting upon a public highway, although he knows that B is in the habit of skimping his work and using inferior material, and employing careless and unskillful workmen. While the work is in progress, due to the inferior character of the mortar coupled with the unskillfulness and carelessness of the bricklayers, a part of the wall falls, causing harm to C, a person traveling on the adjacent highway. A is subject to liability to C.

*g. Financial responsibility.* The rule stated in this Section makes the employer responsible only for his failure to exercise reasonable care to employ a contractor who is competent and careful. It has no application where the contractor, although competent and careful, is financially irresponsible.

Cases are lacking in sufficient number to deal with the question of whether the employer may ever be responsible to any third person for his failure to exercise care to employ a contractor who is financially responsible, and therefore able to respond, by liability insurance or otherwise, for any damages which he may inflict by his tortious conduct. The Institute expresses no opinion that there is, or that there is not, any obligation upon the employer.

Case Citations

## REPORTER'S NOTES

This Section has been changed from the first Restatement by rewording it to conform to the style of other Sections, and by adding "and careful" after "competent," in order to make it clear that mere technical competence is not enough. No change in substance is intended.

See, in support of the rule stated: Huntt v. McNamee, 141 F.293 (4 Cir.1905), incompetent; Ellis & Lewis v. Warner, 180 Ark. 53, 20 S.W.2d 320 (1929), inexperienced; Ozan Lumber Co. v. McNeely, 214 Ark. 657, 217 S.W.2d 341, 8 A.L.R.2d 261 (1949), careless; Risley v. Lenwell, 129 Cal.App.2d 608, 277 P.2d 897 (1954), improper equipment; Norwalk Gaslight

Copr. © 2005 The American Law Institute.

REST 2d TORTS § 411                                                                 Page 6
Restatement (Second) of Torts § 411 (1965)
**(Publication page references are not available for this document.)**

Co. v. Borough of Norwalk, 63 Conn. 495, 28 A. 32 (1893), incompetent; Board of Commissioners of Wabash County v. Pearson, 120 Ind. 426, 22 N.E. 134, 16 Am.St.Rep. 325 (1889), incompetent; Baker v. Scott County Milling Co., 323 Mo. 1089, 20 S.W.2d 494 (1929), incompetent; Mullich v. Brocker, 119 Mo.App. 332, 97 S.W. 549 (1905), inexperienced; Brannock v. Elmore, 114 Mo. 55, 21 S.W. 451 (1893), careless methods; Fox v. Ireland, 46 App.Div. 541, 61 N.Y.S. 1061 (1900), unskilled; Kuhn v. P.J. Carlin Const. Co., 154 Misc. 892, 278 N.Y.S. 635 (1935), improper equipment; Hawke v. Brown, 28 App.Div. 37, 50 N.Y.S. 1032 (1898), unskilled; Glavin v. Rhode Island Hospital, 12 R.I. 411, 34 Am.Rep. 675 (1879), incompetent; Richardson v. Carbon Hill Coal Co., 6 Wash. 52, 32 P. 1012, 20 L.R.A. 338 (1893), habitual intoxication.

Illustration 2 is taken from Risley v. Lenwell, 129 Cal.App.2d 608, 277 P.2d 897 (1954).

REST 2d TORTS § 411
END OF DOCUMENT

Copr. © 2005 The American Law Institute.