

REST 2d TORTS § 390      Page 1
Restatement (Second) of Torts § 390 (1965)
**(Publication page references are not available for this document.)**

c

Restatement of the Law -- Torts
Restatement (Second) of Torts
Current through September 2004
Division 2. Negligence
Chapter 14. Liability Of Persons Supplying Chattels For The Use Of Others
Topic 1. Rules Applicable To All Suppliers

§ 390. Chattel For Use By Person Known To Be Incompetent

Link to Case Citations

**One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.**

See Reporter's Notes.

**Comment:**

    *a.* The rule stated in this Section, like those stated in §§ 388 and 389, determines the liability of one who supplies a chattel for another to use, irrespective of whether the chattel is to be used for the purposes of the supplier's business or for purposes which are otherwise to the supplier's advantage or, on the other hand, for purposes personal to those who are to use the chattel and of advantage only to them.

    The rule stated applies to anyone who supplies a chattel for the use of another. It applies to sellers, lessors, donors or lenders, and to all kinds of bailors, irrespective of whether the bailment is gratuitous or for a consideration.

    *b.* The rule stated in this Section is a special application of the rule stated in § 308, and has a close analogy to the rule stated in § 307. Section 307 deals with the use of an instrumentality, whether a human being or a thing, which is known or should be known to be dangerously improper for the use to which it is put. This Section deals with the supplying of a chattel to a person incompetent to use it safely, irrespective of whether the chattel is to be used for the

Copr. © 2005 The American Law Institute.

**EXHIBIT 42**

REST 2d TORTS § 390  Page 2
Restatement (Second) of Torts § 390 (1965)
**(Publication page references are not available for this document.)**

suppliers' purposes or for the purpose of him to whom it is supplied. In the one case as in the other, liability is based upon the rule stated in §§ 302, 302A, and 302B, and elaborated in Comment *j* under § 302, that the actor may not assume that human beings will conduct themselves properly if the facts which are known or should be known to him should make him realize that they are unlikely to do so. Thus, one who supplies a chattel for the use of another who knows its exact character and condition is not entitled to assume that the other will use it safely if the supplier knows or has reason to know that such other is likely to use it dangerously, as where the other belongs to a class which is notoriously incompetent to use the chattel safely, or lacks the training and experience necessary for such use, or the supplier knows that the other has on other occasions so acted that the supplier should realize that the chattel is likely to be dangerously used, or that the other, though otherwise capable of using the chattel safely, has a propensity or fixed purpose to misuse it. This is true even though the chattel is in perfect condition, or though defective, is capable of safe use for the purposes for which it is supplied by an ordinary person who knows of its defective condition.

**Illustrations:**

1. A gives a loaded gun to B, a feeble-minded girl of ten, to be carried by her to C. While B is carrying the gun she tampers with the trigger and discharges it, harming C. A is subject to liability to C.

2. A permits B, a boy of ten, who has never previously driven a motor car, to drive his motor car on an errand of B's own. B drives the car carelessly, to the injury of C. A is subject to liability to C.

3. A permits B, his chauffeur, who to his knowledge is in the habit of driving at an excessive speed, to use his car to take B's family to the seashore. While driving the car for this purpose, B drives at an excessive rate of speed and harms C. A is subject to liability to C.

4. A lends his car to his friend B for B to use to drive a party of friends to a country club dance. A knows that B has habitually become intoxicated at such dances. On the particular occasion B becomes intoxicated and while in that condition recklessly drives the car into the carefully driven car of C, and causes harm to him. A is subject to liability to C.

5. A rents an automobile to B, a young man who announces his purpose to drive it from Boston to New York on a bet that he will do so in three hours. A is subject to liability if the excessive speed at which the car is driven causes harm to travelers on the highway.

6. A sells or gives an automobile to B, his adult son, knowing that B is an epileptic, but that B nevertheless intends to drive the car. While B is driving he suffers an epileptic seizure, loses control of the car, and injures C. A is subject to liability to C.

*c.* The rule stated in this Section sets out the conditions under which a supplier of a chattel is subject to liability. As always this phrase denotes that a supplier is liable if, but only if, his

Copr. © 2005 The American Law Institute.

conduct is the legal cause of the bodily harm complained of and if the person suffering the harm is not subject to any defense such as contributory negligence, which will prevent him from recovering damages therefor. One who accepts and uses a chattel knowing that he is incompetent to use it safely or who associates himself in the use of a chattel by one whom he knows to be so incompetent, or one who is himself careless in the use of the chattel after receiving it, is usually in such contributory fault as to bar recovery. If, however, the person to whom the chattel is supplied is one of a class which is legally recognized as so incompetent as to prevent them from being responsible for their actions, the supplier may be liable for harm suffered by him, as when a loaded gun is entrusted to a child of tender years. So too, if the supplier knows that the condition of the person to whom the chattel is supplied is such as to make him incapable of exercising the care which it is reasonable to expect of a normal sober adult, the supplier may be liable for harm sustained by the incompetent although such person deals with it in a way which may render him liable to third persons who are also injured.

**Illustration:**

> 7. A, who makes a business of letting out boats for hire, rents his boat to B and C, who are obviously so intoxicated as to make it likely that they will mismanage the boat so as to capsize it or to collide with other boats. B and C by their drunken mismanagement collide with the boat of D, upsetting both boats. B, C, and D are drowned. A is subject to liability to the estates of B, C, and D under the death statute, although the estates of B and C may also be liable for the death of D.

*d. When person using chattel knows his incompetence.* The fact that the person to whom the chattel is supplied realizes his incompetence, and therefore is in such contributory fault as to bar his right to recover for any harm which he himself sustains, does not relieve the supplier from liability to third persons injured by the improper use made of the chattel by the incompetent person, unless such third persons, knowing, or having reason to know, of his incompetence, associate themselves with him in the use of the chattel or unnecessarily come within the area made dangerous by the probability that he will misuse the chattel, or knowing that the chattel is in the hands of incompetent persons, fail to take those precautions which a reasonably careful man would deem necessary under the circumstances.

**Illustration:**

> 8. A permits B, whom he knows to be an inexperienced driver, to use his car. B invites his friend C, who knows of his inexperience, to drive with him. B's inexperience leads him to drive in a way which is obviously improper. In so doing he collides with the carefully driven car of D. The collision results in harm to both B and C. While neither B nor C may recover against A, A is subject to liability to D.

Copr. © 2005 The American Law Institute.

REST 2d TORTS § 390                                                                Page 4
Restatement (Second) of Torts § 390 (1965)
**(Publication page references are not available for this document.)**

Case Citations

## REPORTER'S NOTES

This Section has been changed from the first Restatement by substituting "has reason to know" for "from facts known to him should know," and "endangered by its use" for "in the vicinity of its use."

See, in support of the rule stated: State of Maryland for Use of Weaver v. O'Brien, 140 F.Supp. 306 (D.Md.1956); Parker v. Wilson, 179 Ala. 361, 60 So. 150, 43 L.R.A. N.S. 87 (1912); McGowin v. Howard, 246 Ala. 553, 21 So.2d 683 (1945); Powell v. Langford, 58 Ariz. 281, 119 P.2d 230 (1941); Rocca v. Steinmetz, 61 Cal.App. 102, 214 P. 257 (1923); Crisp v. Wright, 56 Ga.App. 338, 192 S.E. 390 (1937); Krausnick v. Haegg Roofing Co., 236 Iowa 985, 20 N.W.2d 432, 163 A.L.R. 1413 (1945); Saunders Drive-It-Yourself Co. v. Walker, 215 Ky. 267, 284 S.W. 1088, 26 N.C.C.A. 146 (1926); Owensboro Undertaking & Livery Ass'n v. Henderson, 273 Ky. 112, 115 S.W.2d 563 (1938); Priestly v. Skourup, 142 Kan. 127, 45 P.2d 852, 100 A.L.R. 916 (1935); Fogo v. Steele, 180 Kan. 326, 304 P.2d 451 (1956); Rounds v. Phillips, 166 Md. 151, 170 A. 532 (1934); Rounds v. Phillips, 168 Md. 120, 177 A. 174 (1935); Slaughter v. Holsomback, 166 Miss. 643, 147 So. 318 (1933); Somerville v. Keeler, 165 Miss. 244, 145 So. 721 (1933); Saunders v. Prue, 235 Mo.App. 1245, 151 S.W.2d 478 (1941); Deck v. Sherlock, 162 Neb. 86, 75 N.W.2d 99 (1956); Cunningham v. Bell, 149 Ohio St. 103, 36 Ohio Op. 455, 77 N.E.2d 918, 23 N.C.C.A. 516 (1948); Williamson v. Eclipse Motor Lines, 145 Ohio St. 467, 31 Ohio Op. 156, 62 N.E.2d 339, 168 A.L.R. 1356; Wilcox v. Wunderlich, 73 Utah 1, 272 P. 207 (1928); Dicranian v. Foster, 114 Vt. 372, 45 A.2d 650 (1946); Mitchell v. Churches, 119 Wash. 547, 206 P. 6, 36 A.L.R. 1132 (1922).

Illustration 1 is based on Dixon v. Bell, 5 M. & S. 198, 105 Eng.Rep. 1023 (1816).

Illustration 2 is supported by Anderson v. Daniel, 136 Miss. 456, 101 So. 498 (1924); Dinger v. Burnham, 360 Mo. 465, 228 S.W.2d 696 (1950); Moran v. Moran, 124 Neb. 379, 246 N.W. 711 (1933); Devitt v. Continental Casualty Co., 245 App.Div. 115, 281 N.Y.S. 336 (1935), reversed on other grounds in 269 N.Y. 474, 199 N.E. 765 (1936); Coker v. Moose, 180 Okla. 234, 68 P.2d 504 (1937); Gossett v. Van Egmond, 176 Or. 134, 155 P.2d 304 (1945); Bock v. Sellers, 66 S.D. 450, 285 N.W. 437 (1939); Russell Const. Co. v. Ponder, 143 Tex. 412, 186 S.W.2d 233 (1945); Reid v Owens, 92 Utah 432, 69 P.2d 265 (1937).

Illustration 3 is supported by Salvation Army v. Security Roofing Co., 255 Ala. 349, 51 So.2d 513 (1951); Sanders v. Walden, 214 Ark. 523, 217 S.W.2d 357, 9 A.L.R.2d 1040 (1949); McCalla v. Grosse, 42 Cal.App.2d 546, 109 P.2d 358 (1941); Greeley v. Cunningham, 116 Conn. 515, 165 A. 678 (1933); Graham v. Cleveland, 58 Ga.App. 810, 200 S.E. 184 (1938); Saunders v. Prue, 235 Mo.App. 1245, 151 S.W.2d 478 (1941); Hala v. Worthington, 130 N.J.L.

Copr. © 2005 The American Law Institute.

REST 2d TORTS § 390                                                                                                          Page 5
Restatement (Second) of Torts § 390 (1965)
**(Publication page references are not available for this document.)**

162, 31 A.2d 844 (1943); Schneider v. Van Wyckhouse, 54 N.Y.S.2d 446 (Sup.Ct.1945); Downtown Chevrolet Co. v. Lehman, 191 Okla. 319, 129 P.2d 578 (1942); Guedon v. Rooney, 160 Or. 621, 87 P.2d 209, 120 A.L.R. 1298 (1939).

Illustration 4 is supported by Chaney v. Duncan, 194 Ark. 1076, 110 S.W.2d 21 (1937); Brady v. B. & B. Ice Co., 242 Ky. 138, 45 S.W.2d 1051 (1931); Levy v. McMullen, 169 Miss. 659, 152 So. 899 (1934); McIlroy v. Akers Motor Lines, 229 N.C. 509, 50 S.E.2d 530 (1948); V.L. Nicholson Const. Co. v. Lane, 177 Tenn. 440, 150 S.W.2d 1069 (1941); Crowell v. Duncan, 145 Va. 489, 134 S.E. 576, 50 A.L.R. 1425 (1926). Contra, Fisher v. Fletcher, 191 Ind. 529, 133 N.E. 834, 22 A.L.R. 1392 (1922).

Illustration 6 is taken from Golembe v. Blumberg, 262 App.Div. 759, 27 N.Y.S.2d 692 (1941). In accord is Bugle v. McMahon, 35 N.Y.S.2d 193 (Sup.Ct.1942), father's giving auto to intoxicated son, reversed for lack of proof of causal connection in 265 App.Div. 830, 37 N.Y.S.2d 540 (1942). See also the following cases, where dangerous articles such as firearms were sold to children: Semeniuk v. Chentis, 1 Ill.App.2d 508, 117 N.E.2d 883 (1954); Carter v. Towne, 98 Mass. 567, 96 Am.Dec. 682 (1868); Anderson v. Settergren, 100 Minn. 294, 111 N.W. 279 (1907); Bosserman v. Smith, 205 Mo.App. 657, 226 S.W. 608 (1920); Neff Lumber Co. v. First Nat. Bank, 122 Ohio St. 302, 171 N.E. 327 (1930); Stone v. Shaw Supply Co., 148 Or. 416, 36 P.2d 606 (1934).

Opposed to Illustration 6 are Estes v. Gibson, 257 S.W.2d 604, 36 A.L.R.2d 729 (Ky.1953); Shipp v. Davis, 25 Ala.App. 104, 141 So. 366 (1932); and Brown v. Harkleroad, 39 Tenn.App. 657, 287 S.W.2d 92 (1955).

REST 2d TORTS § 390
END OF DOCUMENT

Copr. © 2005 The American Law Institute.