IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 01 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC, AS BAREBOAT CHARTERER OF THE BROWN WATER V, ITS ENGINES TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § § | C.A. NO. B-01-157 Admiralty<br><br><br><br><br><br><br>Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES, LLC AS OWNER, AND AMERICAN COMMERCIAL BARGE LINES, LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § § § | C.A. No. B-02-004 Admiralty<br><br><br><br><br><br><br><br>and |
| IN RE THE COMPLAINT AND PETITION OF DEERE CREDIT, INC.,(FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315 AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | § § § § § § § § § § § § § § § § § | C.A. NO. B-02-125 Admiralty |

**THIRD-PARTY DEFENDANT CAMERON COUNTY'S ACTION FOR
DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COMES NOW Cameron County, Third-Party Defendant herein, and files this Action for Declaratory Judgment against Petitioners, Brown Water Marine Service Inc. and Brown Water Towing, American Commercial Lines, LLC and American Commercial Barge Line, LLC, Deere Credit, Inc. (formerly Senstar Finance Company), as Owner of the Barge NM-315, State Street Bank and Trust Company of Connecticut, N.A., as Owner/Trustee of the Barge ACL-9933B and Not in Its Individual Capacity, and General Electric Capital Corporation, as Beneficial Owner of the Barge ACL-9933B, and Claimants, and would respectfully show unto the Court the following:

## I.
## PARTIES

Third-Party Defendant is Cameron County, a Texas governmental entity. Petitioners/ Third-Party Plaintiffs are Brown Water Marine Service, Inc. and Brown Water Towing I, Inc., ("Brown Water"), American Commercial Lines, LLC and American Commercial Barge Line, LLC, ("ACBL"), Deere Credit, Inc. (formerly Senstar Finance Company), as Owner of the Barge NM-315, State Street Bank and Trust Company of Connecticut, N.A., as Owner/Trustee of the Barge ACL-9933B and Not in Its Individual Capacity, and General Electric Capital Corporation, as Beneficial Owner of the Barge ACL-9933B.

Claimants are Anita Harris, individually and as Next Friend of Victor Justin Harris, and as Representative of the Estate of Robert V. Harris; Raquel Teran Hinojosa, Individually and on behalf of the Estate of Gaspar Hinojosa, deceased, Clarissa Hinojosa, Omar Hinojosa and Gaspar Hinojosa II, each individually; Martin D. Hinojosa and Rita S. Hinojosa, Individually and as heirs of the Estate of Gaspar Hinojosa, deceased; Richard "Ricky" Leavell and Carol Leavell, Individually and as Representatives of the Estate of Robin Faye Leavell, deceased; Hector Martinez, Sr.; Lydia Zamora, individually and as Representative of the Estate of Hector Martinez, Jr., deceased; J. Antonio Mireles, as personal representative of the Estate of Julio Cesar Mireles, Juan Antonio Mireles and

Soledad Gonzalez Mireles; Esteban F. Rivas and Miriam Rivas, Individually and as Representatives of the Estate of Stvan F. Rivas; William E. Kimbrell; Jacqueline Paddock, Individually and as Next Friend of William B. Welch and as Representative of the estate of Chealsa and Barry Welch; William Morris Welch; Rolando Lee Moya, Alberto Leroy Moya, Antonio Salinas, Jr. and Roberto Espericueta; Bridgette M. Goza; Rene Mata and Frank Mata; Gustavo Morales and Bigos International, L.L.C.; Laguna Madre Water District; and Southwestern Bell Telephone, L.P.

## II.
## JURISDICTION

Third-Party Defendant Cameron County brings this action for a declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201, 2202. Jurisdiction is proper under the Court's Admiralty and Maritime Jurisdiction, 28 U.S.C. § 1333, and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and alternatively under the Court's Supplemental Jurisdiction, 28 U.S.C. § 1367.

## III.
## FACTUAL BACKGROUND

The Petitioners initiated Civil Action Nos. B-01-157, B-02-004, and B-02-125, all of which proceedings are consolidated, seeking exoneration from and/or alternatively limitation of liability arising out of an allision with the Queen Isabella Causeway on September 15, 2001. The Court set a deadline for Claimants to appear and file claims against the Petitioners in the limitation proceedings. Subsequently, numerous claims against Petitioners have been filed by Claimants.

On September 6, 2002, Petitioners Brown Water Marine Service, Inc. and Brown Water Towing I, Inc. filed their Motion for Leave to Assert a Third-Party Complaint Against Cameron County. (Dkt. No. 208). On December 10, 2002, ACBL and other Petitioners filed their Motion for Leave to Assert a Third-Party Complaint and Cross-Claim Against Cameron County. (Dkt. No. 215). This Court granted both motions for leave on September 13, 2004. (Dkt. Nos. 260 & 261). On October 12, 2004, Cameron County filed its separate Answers to the Petitioners' Third-Party Complaints. (Dkt. Nos. 283 & 284).

The Petitioners' Third-Party Complaints assert that Cameron County was responsible for maintaining and operating the lights on the Queen Isabella Causeway and allege that these lights were not operating on the day of the incident due to Cameron County's negligence. Petitioners further allege that this negligence caused or contributed to the allision and/or caused or contributed to several subsequent deaths and personal injuries that occurred as a result of the collapse of the Queen Isabella Causeway that was caused by the allision.

## IV.
## DECLARATORY JUDGMENT

Under § 101.023(b) of the Texas Tort Claims Act, liability of a unit of local government is limited to money damages in a maximum amount of $100,000 for each person and $300,000.00 for each single occurrence for bodily injury or death. TEX. CIV. PRAC. & REM. CODE ANN. § 101.023(b) (Vernon Supp. 2004). A county is a local governmental unit. TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(B) (Vernon Supp. 2004) (including counties within the definition of "governmental unit"). Therefore, Cameron County, as a local governmental unit, would be subject to the limitation on the amount of damages if it is found to be liable.

Third Party Defendant contends that the allision was a single occurrence that resulted in the numerous injuries and/or deaths that are the subject of this litigation. This was one incident which resulted in the collapse of the bridge. The injuries and deaths which resulted are all a part of the single incident and one continuous occurrence.

Cameron County belongs to a liability pool, the Texas Association of Counties' County Government Risk Management Pool. Cameron County's general liability policy that was in effect at the time of the causeway collapse limits the amount of liability for bodily injury to $300,000.00 per occurrence. The term **"occurrence"** is defined as ***"an accident, including continuous or repeated exposure to substantially the same general harmful conditions."*** Third Party Defendant, Cameron County seeks a declaration that the allision and its resulting injuries and deaths was one occurrence, limiting the County's liability to $300,000, should it be found negligent.

## V.
## ARGUMENT & AUTHORITIES

### A. Occurrence

The Texas Tort Claims Act limits the liability of a county if found negligent. In pertinent part, §101.023 states"

> (b) Except as provided by Subsection (c), liability of a unit of local government under this chapter is limited to money damages in a maximum amount of $100,000 for each person and $300,000 for ***each single occurrence*** for bodily injury or death and $100,000 for each single occurrence for injury to or destruction of property. §101.023 (b) TEX. CIV. PRAC. & REM. CODE. (Emphasis added)

The term "occurrence" is not defined in the Texas Civil Practice & Remedies Code, and there are very few cases interpreting the term. In *Goose Creek Consolidated I.S.D. v. Continental Casualty Co., et al.*, the Texas Supreme Court relied on the analysis of federal cases applying Texas law in defining the term occurrence. *Goose Creek Consolidated I.S.D. v. Continental Casualty Co., et al.*, 658 S.W.2d 338, 340 (Tex. 1983). The court in *Goose Creek* noted that federal and foreign jurisdictions have applied either a "cause" or "effect" analysis in determining whether a set of facts involved only one or several occurrences. *Id.* The majority of courts have adopted a "cause" analysis, where the cause of the particular events involved is examined, rather than the effect of the event. *Id.*; *see Transport Ins. Co. v. Lee Way Motor Freight*, 487 F.Supp. 1325 (N.D. Tex. 1980). "The proper focus in interpreting 'occurrence' is on the **events** that cause the injuries and give rise to the insured's liability, rather than on the number of injurious effects." *H.E. Butt Grocery Co. v. National Union Fire Ins. Co.*, 150 F.3d 526, 530 (5th Cir. 1998) (applying Texas law).

The *Goose Creek* case posed the question of whether two fires which destroyed two schools at two different times constituted a single occurrence if they were caused by the same arsonist. 658 S.W.2d 338. The court held that where there are two fires at two different places with two separate causal factors, there are two occurrences, regardless of whether the same arsonist caused both fires. *Id.* at 341. The court reasoned that the facts of the case showed that the subject fires were not part of a process of continuum, but were set at different places and at different times. The court stated

that if there had been one fire which caused damages to several different claimants, then that fire would be a single occurrence because it was the single fire that caused liability for all the damages. *Id.* at 340.

In arriving at its conclusion, the *Goose Creek* court relied on the analysis in *Transport Ins. Co. v. Lee Way Motor Freight, supra* where they stated "where a single event, process or condition results in injuries, it will be deemed a single occurrence even though the injuries may be widespread in both time and place and may affect a multitude of individuals." *Id.* In *St. Paul-Mercury Indemnity Co. v. Rutland,* 225 F.2d 689 (5th Cir. 1955) a truck and freight train collided, resulting in damage to sixteen separate freight cars belonging to fourteen different owners. The court held that there had been but a single occurrence because the collision of the truck with the train was the single event that caused the damage to numerous freight cars. *Id.*

In *Texas Dept. of Mental Health and Mental Retardation v. Petty,* 817 S.W.2d 707 (Tex.App.–Austin 1991), *aff'd,* 848 S.W.2d 680 (Tex. 1992), the court held that a patient confined for decades as mentally ill and mentally retarded when she was neither mentally ill or retarded could recover damages from the State only up to the amount of the Texas Tort Claims Act's damages cap for a single occurrence of negligence, even though the patient argued that her injuries were caused by successive occurrences of negligence. The court reasoned that the patient alleged a single, ongoing, indivisible injury that resulted from the numerous negligent acts and omissions on the part of Department employees over many years that were not separable according to which negligent act or omission caused a particular part of the patient's total injury, and there was no evidence presented to distinguish the patient's injuries. *Id.* at 720. The patient was unable to show that different acts resulted in different injuries. *Id.* The court stated that "in order to recover the statutory limit for each occurrence of negligence, [the patient] was required to present evidence in such a fashion as would allow the jury to link particular incidents of use or misuse of the property to distinct injuries and submit the jury questions to elicit findings attributing particular injuries to specific acts of negligence." *Id.*

The reasoning used in *Petty* was followed in the only other Texas case determining what an "occurrence" was for purposes of the Texas Tort Claims Act. In *Tarrant County v. English*, 989 S.W.2d 368 (Tex.App.–Fort Worth 1999, no pet.), the plaintiff's property was damaged by diesel fuel that migrated from adjoining county property after the county employees negligently allowed the fuel to drip onto the property over the course of several years. The court held that the damage to the plaintiff's property was a single occurrence of injury subject to the Texas Tort Claims Act's limitation on the amount of liability. *English*, 989 S.W.2d at 379.

## B. The Causeway Collapse was a Single Occurrence

Under the analysis used in the cases directly interpreting § 101.023 of the Texas Tort Claims Act and the cases interpreting "occurrence" under liability insurance policies, the alleged act of negligence on the part of Cameron County would be construed as a "single occurrence." The cases interpreting "occurrence" under liability insurance policies begin the inquiry by looking to the cause of the particular event that resulted in numerous injuries. The determining factor is ultimately the number of negligent acts/events which give rise to liability. In addition, the definition of "occurrence" in Cameron County's general liability policy is "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." This supports the conclusion that if any negligence is found on the part of Cameron County, it would be construed as a single occurrence.

In the instant case, the Petitioners have alleged only one act of negligence. Specifically, they allege the single instance of the causeway lights being off on the night of the collapse, which allegedly caused the allision that caused the causeway collapse–that is, of course, if the lights could even be considered to be the operative negligent act *vis-a-vis* the Petitioners in this case. Based on the above case law interpreting "occurrence," Petitioners can only link their injuries to that one alleged act of negligence, and therefore, it would be considered to be a "single occurrence" under the Texas Tort Claims Act or the County's policy.

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Third-Party Defendant Cameron County prays that this Court declare that in the event Cameron County is held liable for negligence in contributing to the allision with the Queen Isabella Causeway on September 15, 2001, any such negligent act on the part of Cameron County is considered to be a single occurrence under §101.023(b) of the Texas Tort Claims Act, and any liability for damages on the part of Cameron County is capped at $300,000.00 for all Petitioners and Claimants. In addition, Third-Party Defendant Cameron County also prays that it be awarded reasonable attorneys fees, that it recover all costs incurred herein, and that it have such other and further relief, at law, in equity, or in admiralty to which it may show itself to be justly entitled.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
1534 E. 6th Street, Suite 200
Brownsville, Texas 78520
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _Eileen M. Leeds w/p HS_
Eileen M. Leeds
State Bar No. 00791093
USDC Adm. No. 16799

**ATTORNEY FOR THIRD-PARTY DEFENDANT CAMERON COUNTY**

**CERTIFICATE OF CONFERENCE**

I hereby certify that on April 1st, 2005, I conferred with all counsel regarding their opposition to this motion. Mr. Glenn G. Goodier, Mr. David H. Crago, Ms. Veronica Farias, Mr. S. Mark Strawn, Mr. Julian Rodriguez, Jr., Mr. Mark J. Spansel, Mr. Thomas E. Quirk, Mr. Richard Leo Harrell are unopposed to the filing of this motion. Mr. Will W. Pierson and Mr. Jack Patridge are opposed to the filing of this motion. At the time of filing, Mr. Les D. Cassidy, Mr. Jack F. Gilbert, Mr. William Q. McManus, Mr. Heriberto Medrano, Mr. Raymond L. Thomas, Mr. James B. Manley, Mr. Ray R. Marchan, Mr. John David Franz, Mr. J. Chad Gauntt, Mr. Jim S. Hart, Mr. Frank Enriquez, Mr. J.A. Magallanes, and Mr. Geoffrey Amsel had not responded to our inquiry.

*Eileen M. Leeds w/p NS*
Eileen M. Leeds

# CERTIFICATE OF SERVICE

I hereby certify that on this the ___1st___ day of April, 2005, a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record as noted hereunder.

*Via U.S. Regular Mail*
Mr. Will W. Pierson
Royston, Rayzor, Vickery & Williams, L.L.P.
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, TX 78476
*Atty. for Petitioners/Third-Party Plaintiffs, Brown Water Towing, I, Inc. and Brown Water Marine Service, Inc.*

*Via U.S. Regular Mail*
Mr. Keith Uhles
Royston, Rayzor, Vickery & Williams, L.L.P.
55 Cove Circle
Brownsville, Texas 78521
*Atty for Petitioners/3rd-Party Plaintiffs, Brown Water Towing, I, Inc and Brown Water Marine Serv., Inc*

*Via U.S. Regular Mail*
Mr. Glenn G. Goodier
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.
201 St. Charles Ave., 48th Floor
New Orleans, LA 70170-5100
*Atty. for American Commercial Lines, LLP, American Commercial Barge Lines, LLC, Deere Credit, Inc. And General Electric Capital Corp.*

*Via U.S. Regular Mail*
Mr. Les D. Cassidy, III
Woolsey & Cassidy, P.C.
1020 Bank of America
500 North Water Street
Corpus Christi, Texas 78471
*Atty. for American Commercial Lines, LLP, American Commercial Barge Lines, LLC, Deere Credit, Inc. & General Electric Capital Corp.*

*Via U.S. Regular Mail*
Mr. David H. Crago
Brin & Brin, P.C.
1202 Third Street
Corpus Christi, Texas 78404
*Atty. For A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc.*

*Via U.S. Regular Mail*
Mr. Jack F. Gilbert
Ms. Margie Manzano Corbett
Office of the Attorney General
Transportation Division
Post Office Box 12548
Austin, Texas 78711-2548
*Attorneys for the State of Texas*

*Via U.S. Regular Mail*
Mr. Daryl G. Dursum
Adams and Reese, LLP
One Houston Center
1221 McKinney St., Suite 4400
Houston, TX 77010-2010
*Attorneys for the State of Texas*

*Via U.S. Regular Mail*
Mr. Mark J. Spansel
Adams and Reese, LLP
701 Poydras St., Suite 4500
New Orleans, LA 70139
*Attorneys for the State of Texas*

*Via U.S. Regular Mail*
Mr. James B. Manley
James B. Manley, P.C.
200 William Barnett
Cleveland, TX 77327
*Atty. for Claimant William Morris Welch, Ind. & as surviving Parent of Barry Welch*

*Via U.S. Regular Mail*
Mr. Ray R. Marchan
Watts Law Frim L.L.P.
1926 E. Elizabeth
Brownsville, TX 78520
*Atty. for Claimants Jacqueline Paddock, Ind. & as Rep. of the Estate of Chelsea & Barry Welch and A/N/F of William B. Welch, Lydia Zamora, Ind. & as Rep. of the Estate of Hector Martinez, Jr., Brigette Goza, Gustavo Morales, Ind., Bigos International, LLC*

*Via U.S. Regular Mail*
Mr. John David Franz
The Law Offices of John David Franz
400 N. McColl
McAllen, TX 78501
Atty. for Claimants Esteban Rivas, Ind. & as Rep. of the Estate of Stvan Rivas

*Via U.S. Regular Mail*
Mr. J. Chad Gauntt
Gauntt & Kruppstadt, L.L.P.
1400 Woodlock Forest Dr., Suite 575
The Woodlands, Texas 77380
Atty. for Claimants Esteban Rivas, Ind. & as Rep. of the Estate of Stvan Rivas

*Via U.S. Regular Mail*
Mr. William Q. McManus
Mr. Steve Q. McManus
McManus & Crane, L.L.P.
209 West Juan Linn
Post Office Box 2206
Victoria, Texas 77902-2206
Atty. for Claimants, the Estate of Robin Faye Leavell, Carol Leavell, Ind. and as Rep. Of the Estate of Robin Farye Leavell, Ricky Leavell and as Rep. of the Estate of Robin Faye Leavell

*Via U.S. Regular Mail*
Mr. Heriberto Medrano
Law Offices of Heriberto Medrano
2009 East Harrison, Suite B
Harlingen, Texas 78550
Atty. for Claimants Anita Harris, Ind. & a/n/f of Victor Justin Harris and as Rep. of the Estate of Robert V. Harris

*Via U.S. Regular Mail*
Ms. Veronica Farias
Law Office of Veronica Farias
2854 Boca Chica Blvd.
Brownsville, Texas 78521
Atty. Ad Litem for William Welch, minor

*Via U.S. Regular Mail*
Mr. Raymond L. Thomas
Ms. Rebecca Vela
Kittleman, Thomas, Ramirez & Gonzales, PLLC
4900-B N. 10th Street
McAllen, Texas 78504
Atty. for Claimants Rene Mata and Frank Mata

*Via U.S. Regular Mail*
Mr. S. Mark Strawn, Esq.
Schirrmeister Ajamie, L.L.P.
Pennzoil Place-South Tower
711 Louisiana Street, Suite 2150
Houston, Texas 77002
Atty for Claimants, Juan Antonio Mireles, as Personal Rep. of the Estate of Julio Cesar Mireles, Juan Antonio Mireles and Soledad Gonzalez Mireles

*Via U.S. Regular Mail*
Mr. Julian Rodriguez, Jr.
Julian Rodriguez, Jr. & Associates, P.C.
10113 N. 10th Street, Suite C
McAllen, Texas 78504
Atty. for Claimants, Omar Hinojosa, Ind. and as Administrator of the Estate of Gaspar Hinojosa, Raquel Hinojosa, Clarissa Hinojosa and Gaspar Hinojosa, III

*Via U.S. Regular Mail*
Mr. Thomas E. Quirk
Aaron & Quirk
901 N.E. Loop 410, Suite 903
San Antonio, Texas 78209-1307
Atty. for Claimant, Bridgette M. Goza

*Via U.S. Regular Mail*
Mr. Jim S. Hart
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Atty for Claimant, Hector Martinez, Sr.

*Via U.S. Regular Mail*
Mr. Frank Enriquez
Law Offices of Frank Enriquez
4200-B North Bicentennial
McAllen, Texas 78504
Atty. for Claimants Rolando Lee Moya, Alberto Leroy Moya, Antonio Salinas, Jr. And Roberto Espericueta

*Via U.S. Regular Mail*
Mr. J.A. Magallanes
Magallanes, Hinojosa & Mancias, P.C.
1713 Boca Chica Blvd.
Brownsville, Texas 78520
Atty. for Laguna Madre Water District

01-223.01 Brown Water: Dec-Action
Page 11

***Via U.S. Regular Mail***
Mr. Geoffrey Amsel
SBC Management Services
175 East Houston Street, 4th Floor
San Antonio, Texas 78205
*Atty. for Southwestern Bell Telephone, LP*

***Via U.S. Regular Mail***
Mr. Richard Leo Harrell
The Edwards Law Firm, L.L.P.
802 N. Carancahua, Suite 1400
Corpus Christi, Texas 78470
*Atty for Claimant, William E. Kimbrell*

_____
Eileen M. Leeds

01-223.01 Brown Water: Dec-Action
Page 12