Case 1:01-cv-00157    Document 380    Filed in TXSD on 04/01/2005    Page 1 of 7

United States District Court
Southern District of Texas
FILED

APR 0 1 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC, AS BAREBOAT CHARTERER OF THE BROWN WATER V, ITS ENGINES TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * * * * * * * | C.A. NO. B-01-157 Admiralty

Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES, LLC AS OWNER, AND AMERICAN COMMERCIAL BARGE LINES, LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * * * * * * * | C.A. No. B-02-004 Admiralty

and |
| IN RE THE COMPLAINT AND PETITION OF DEERE CREDIT, INC.,(FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315 AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | * * * * * * * * * * * * * * * * * * | C.A. NO. B-02-125 Admiralty |

**THIRD-PARTY DEFENDANT CAMERON COUNTY'S
MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CAMERON COUNTY, Third-Party Defendant in the above styled and numbered cause and file this its Motion for Summary Judgment and would respectfully show unto the Court the following:

## I.
## FACTUAL BACKGROUND

On September 15, 2001, an allision occurred between a barge being towed by Brown Water Towing and the Queen Isabella Causeway in Port Isabel, Texas. The causeway collapsed causing several cars to go off into the water below. The Petitioners' Third-Party Complaints assert that Cameron County was responsible for maintaining and operating the lights on the Queen Isabella Causeway and allege that these lights were not operating on the day of the incident due to Cameron County's negligence. Petitioners further allege that this negligence caused or contributed to the allision and/or caused or contributed to several subsequent deaths and personal injuries that occurred as a result of the collapse of the Queen Isabella Causeway that was caused by the allision. In this action, Petitioners seek exoneration from all liability and alternatively, that their liability be limited as allowed for under the Limitation of Vessel Owner's Liability Act, 46 U.S.C. § 181 *et seq.*, and in the event that any recovery or judgment is made against Petitioners, the Petitioners seek a judgment in like amount over and against Cameron County for contribution and/or indemnification.

The Petitioners initiated Civil Action Nos. B-01-157, B-02-004, and B-02-125, all of which proceedings are consolidated, seeking exoneration from and/or alternatively limitation of liability arising out of an allision with the Queen Isabella Causeway on September 15, 2001. The Court set a deadline for Claimants to appear and file claims against the Petitioners in the limitation proceedings. Subsequently, numerous claims against Petitioners have been filed by Claimants.

On September 6, 2002, Petitioners Brown Water Marine Service, Inc. and Brown Water Towing I, Inc. ("Brown Water") filed their Motion for Leave to Assert a Third-Party Complaint

Against Cameron County. (Dkt. No. 208). On December 10, 2002, Petitioners American Commercial Lines, LLC and American Commercial Barge Line, LLC, ("ACBL"), Deere Credit, Inc. (formerly Senstar Finance Company), as Owner of the Barge NM-315, State Street Bank and Trust Company of Connecticut, N.A., as Owner/Trustee of the Barge ACL-9933B and Not in Its Individual Capacity, and General Electric Capital Corporation, as Beneficial Owner of the Barge ACL-9933B, filed their Motion for Leave to Assert a Third-Party Complaint and Cross-Claim Against Cameron County. (Dkt. No. 215). This Court granted both motions for leave on September 13, 2004. (Dkt. Nos. 260 & 261). On October 12, 2004, Cameron County filed its separate Answers to the Petitioners' Third-Party Complaints. (Dkt. Nos. 283 & 284).

## II.
## LEGAL ARGUMENT

### Sovereign Immunity has not been waived

In as much as this Court has jurisdiction over claims arising under the Texas Tort Claims Act (TTCA), the Act places limitations on the liability of a governmental entity. Cameron County has asserted its sovereign immunity defenses and applications of the Texas Tort Claims Act. *See Exhibit 1, copy of Cameron County's Answer, page 3, paragraph II.* Specifically, Cameron County asserted that it is entitled to sovereign immunity and has not waived its right to sovereign immunity.

Petitioners have plead a cause of action for negligence based on the allegation that the lights on the Queen Isabella Causeway were not working at the time of the allision. In Petitioners' Third-Party Complaints, the Petitioners allege that Cameron County was responsible for maintaining the lights on the Queen Isabella Causeway. Petitioners further allege that this negligence caused or contributed to the allision and/or caused or contributed to the injuries and deaths which occurred as a result of the collapse. *See Exhibit 2, copy of Petitioner Brown Water's Third Party Complaint, page 3, paragraph IV. & Exhibit 3, copy of Petitioner American Commercial Barge Line's Third Party Complaint, page 3, paragraph IV.*

Cameron County enjoys sovereign immunity from tort liability unless immunity has been waived. *See* TEX. CIV. PRAC. & REM. CODE §§101.001(3)(A)-(B), 101.025; *Texas Dep't of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000). The Tort Claims Act provides that

"A governmental unit in the state is liable for:

(1) property damage, **personal injury, and death** proximately caused by **the wrongful act or omission or the negligence of an employee** acting within his scope of employment if:

> (A) the property damage, personal injury or death **arises from the operation or use of a motor-driven vehicle or motor-driven equipment**; and
>
> (B) the employee would be personally liable to the claimant according to Texas law; or

(2) **personal injury and death** so caused by a **condition or use of tangible personal or real property** if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE §§101.021 (emphasis added).

In order to plead a cause of action for negligence against Cameron County, the Petitioners must plead facts that waive the County's governmental immunity. There are no facts plead in any of the Third Party Complaints that would invoke a waiver of governmental immunity. Specifically, the Petitioners have alleged negligence on the part of Cameron County for failing to maintain and operate the lights on the Queen Isabella Causeway. The Petitioners' factual allegations against the County do not complain of any act or omission by an employee of Cameron County; any act which would be the proximate cause of any damages as a result of the operation or use of a motor diriven vehicle or equipment; or any condition or use of tangible personal or real property that was the proximate cause of any damages. "Failure to maintain and operate" do not fall within the limited waiver of the Texas Tort Claims Act. TEX. CIV. PRAC. & REM. CODE §§101.021. Thus, since there is no valid waiver of immunity, Cameron County retains its governmental immunity and should be dismissed from this case.

WHEREFORE, PREMISES CONSIDERED, Third-Party Defendant CAMERON COUNTY prays that this Court grant summary judgment dismissing all claims against it and for all other relief to which it may be entitled at law, in equity or in admiralty.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
1534 East 6th Street, Ste. 200
Brownsville, Texas 78520
Telephone: (956) 541-1846
Facsimile: (956) 541-1893


By: *Eileen M. Leeds w/p HS*
Eileen M. Leeds
State Bar No.00791093
USDC Adm. No. 16799

**ATTORNEY FOR THIRD-PARTY DEFENDANT CAMERON COUNTY**


## CERTIFICATE OF CONFERENCE

Pursuant to LR 7.1 D, a certificate of conference is not required.


*Eileen M. Leeds w/p HS*
Eileen M. Leeds

## CERTIFICATE OF SERVICE

I hereby certify that on this the 1st day of April, 2005, a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record as noted hereunder.

*Eileen M. Leeds w/p TS*
Eileen M. Leeds

*Via CMRRR: 7003 1680 0006 5133 6797*
*& Via Facsimile: (361) 884-7261*
Mr. Will W. Pierson
Royston, Rayzor, Vickery & Williams, L.L.P.
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, TX 78476
*Atty. for Petitioners/Third-Party Plaintiffs, Brown Water Towing, I, Inc. and Brown Water Marine Service, Inc.*

*Via CMRRR: 7003 1680 0006 5133 6803*
*& Via Facsimile: (504) 582-8010*
Mr. Glenn G. Goodier
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.
201 St. Charles Ave., 48th Floor
New Orleans, LA 70170-5100
*Atty. for American Commercial Lines, LLP, American Commercial Barge Lines, LLC, Deere Credit, Inc. And General Electric Capital Corp.*

*Via U.S. Regular Mail*
Mr. Keith Uhles
Royston, Rayzor, Vickery & Williams, L.L.P.
55 Cove Circle
Brownsville, Texas 78521
*Atty for Petitioners/3rd-Party Plaintiffs, Brown Water Towing, I, Inc and Brown Water Marine Serv., Inc*

*Via U.S. Regular Mail*
Mr. Les D. Cassidy, III
Woolsey & Cassidy, P.C.
1020 Bank of America
500 North Water Street
Corpus Christi, Texas 78471
*Atty. for American Commercial Lines, LLP, American Commercial Barge Lines, LLC, Deere Credit, Inc. & General Electric Capital Corp.*

*Via U.S. Regular Mail*
Mr. David H. Crago
Brin & Brin, P.C.
1202 Third Street
Corpus Christi, Texas 78404
*Atty. For A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc.*

*Via U.S. Regular Mail*
Mr. Jack F. Gilbert
Ms. Margie Manzano Corbett
Office of the Attorney General
Transportation Division
Post Office Box 12548
Austin, Texas 78711-2548
*Attorneys for the State of Texas*

*Via U.S. Regular Mail*
Mr. Daryl G. Dursum
Adams and Reese, LLP
One Houston Center
1221 McKinney St., Suite 4400
Houston, TX 77010-2010
*Attorneys for the State of Texas*

*Via U.S. Regular Mail*
Mr. Mark J. Spansel
Adams and Reese, LLP
701 Poydras St., Suite 4500
New Orleans, LA 70139
*Attorneys for the State of Texas*

*Via U.S. Regular Mail*
Mr. James B. Manley
James B. Manley, P.C.
200 William Barnett
Cleveland, TX 77327
*Atty. for Claimant William Morris Welch, Ind. & as surviving Parent of Barry Welch*

*Via U.S. Regular Mail*
Mr. Ray R. Marchan
Watts Law Frim L.L.P.
1926 E. Elizabeth
Brownsville, TX 78520
*Atty. for Claimants Jacqueline Paddock, Ind. & as Rep. of the Estate of Chelsea & Barry Welch and A/N/F of William B. Welch, Lydia Zamora, Ind. & as Rep. of the Estate of Hector Martinez, Jr., Brigette Goza, Gustavo Morales, Ind., Bigos International, LLC*

*Via U.S. Regular Mail*
Mr. John David Franz
The Law Offices of John David Franz
400 N. McColl
McAllen, TX 78501
*Atty. for Claimants Esteban Rivas, Ind. & as Rep. of the Estate of Stvan Rivas*

*Via U.S. Regular Mail*
Mr. J. Chad Gauntt
Gauntt & Kruppstadt, L.L.P.
1400 Woodlock Forest Dr., Suite 575
The Woodlands, Texas 77380
*Atty. for Claimants Esteban Rivas, Ind. & as Rep. of the Estate of Stvan Rivas*

*Via U.S. Regular Mail*
Mr. William Q. McManus
Mr. Steve Q. McManus
McManus & Crane, L.L.P.
209 West Juan Linn
Post Office Box 2206
Victoria, Texas 77902-2206
*Atty. for Claimants, the Estate of Robin Faye Leavell, Carol Leavell, Ind. and as Rep. Of the Estate of Robin Farye Leavell, Ricky Leavell and as Rep. of the Estate of Robin Faye Leavell*

*Via U.S. Regular Mail*
Mr. Heriberto Medrano
Law Offices of Heriberto Medrano
2009 East Harrison, Suite B
Harlingen, Texas 78550
*Atty. for Claimants Anita Harris, Ind. & a/n/f of Victor Justin Harris and as Rep. of the Estate of Robert V. Harris*

*Via U.S. Regular Mail*
Ms. Veronica Farias
Law Office of Veronica Farias
2854 Boca Chica Blvd.
Brownsville, Texas 78521
*Atty. Ad Litem for William Welch, minor*

*Via U.S. Regular Mail*
Mr. Raymond L. Thomas
Ms. Rebecca Vela
Kittleman, Thomas, Ramirez & Gonzales, PLLC
4900-B N. 10th Street
McAllen, Texas 78504
*Atty. for Claimants Rene Mata and Frank Mata*

*Via U.S. Regular Mail*
Mr. Richard Leo Harrell
The Edwards Law Firm, L.L.P.
802 N. Carancahua, Suite 1400
Corpus Christi, Texas 78470
*Atty for Claimant, William E. Kimbrell*

01-223.01 Brown Water: MSJ Amd
Page 7

*Via U.S. Regular Mail*
Mr. S. Mark Str__, Esq.
Schirrmeister Ajamie, L.L.P.
Pennzoil Place-South Tower
711 Louisiana Street, Suite 2150
Houston, Texas 77002
*Atty for Claimants, Juan Antonio Mireles, as Personal Rep. of the Estate of Julio Cesar Mireles, Juan Antonio Mireles and Soledad Gonzalez Mireles*

*Via U.S. Regular Mail*
Mr. Julian Rodriguez, Jr.
Julian Rodriguez, Jr. & Associates, P.C.
10113 N. 10th Street, Suite C
McAllen, Texas 78504
*Atty for Claimants, Omar Hinojosa, Ind. and as Administrator of the Estate of Gaspar Hinojosa, Raquel Hinojosa, Clarissa Hinojosa and Gaspar Hinojosa, III*

*Via U.S. Regular Mail*
Mr. Thomas E. Quirk
Aaron & Quirk
901 N.E. Loop 410, Suite 903
San Antonio, Texas 78209-1307
*Atty. for Claimant, Bridgette M. Goza*

*Via U.S. Regular Mail*
Mr. Jim S. Hart
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
*Atty for Claimant, Hector Martinez, Sr.*

*Via U.S. Regular Mail*
Mr. Frank Enriquez
Law Offices of Frank Enriquez
4200-B North Bicentennial
McAllen, Texas 78504
*Atty. for Claimants Rolando Lee Moya, Alberto Leroy Moya, Antonio Salinas, Jr. And Roberto Espericueta*

*Via U.S. Regular Mail*
Mr. J.A. Magallanes
Magallanes, Hinojosa & Mancias, P.C.
1713 Boca Chica Blvd.
Brownsville, Texas 78520
*Atty. for Laguna Madre Water District*

*Via U.S. Regular Mail*
Mr. Geoffrey Amsel
SBC Management Services
175 East Houston Street, 4th Floor
San Antonio, Texas 78205
*Atty. for Southwestern Bell Telephone, LP*