# EXHIBIT
## "1"

FILE COPY
DK 01202

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC, AS BAREBOAT CHARTERER OF THE BROWN WATER V, ITS ENGINES TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * * * * | C.A. NO. B-01-157 Admiralty |
| | * * | Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES, LLC AS OWNER, AND AMERICAN COMMERCIAL BARGE LINES, LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * * * * * | C.A. No. B-02-004 Admiralty |
| | * * | and |
| IN RE THE COMPLAINT AND PETITION OF DEERE CREDIT, INC.,(FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315 AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | * * * * * * * * * * * * | C.A. NO. B-02-125 Admiralty |

-1-

**THIRD-PARTY DEFENDANT CAMERON COUNTY'S ORIGINAL ANSWER TO
PETITIONERS, BROWN WATER MARINE SERVICE INC., AND BROWN WATER
TOWING I, INC.'S THIRD-PARTY COMPLAINT**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COMES NOW Cameron County, Third-Party Defendant herein, and files this its Original

Answer to Petitioners, Brown Water Marine Service Inc., and Brown Water Towing I, Inc.'s Third-

Party Complaint and would respectfully show unto the Court the following:

**I.**
**ORIGINAL ANSWER**

1. Third-Party Defendant denies each and all of Petitioners' allegations except to the extent

expressly admitted herein.

2. Third-Party Defendant agrees with the averments made in paragraph I and III of

Petitioners' Third-Party Complaint.

3. Third-Party Defendant agrees with and admits to the allegations set forth in Paragraph II

of Petitioners' Third-Party Complaint to the extent, and only to the extent, that Petitioners allege that

this Third-Party Defendant is a Texas governmental entity and to whom service of process may be

had upon. Third-Party Defendant denies the remainder of the averments made in Paragraph II of

Petitioners' Third-Party Complaint, specifically that it had actual notice within the meaning of the

Texas Tort Claims Act.

4. Third-Party Defendant denies the allegations set forth in Paragraph IV of Petitioners'

Third-Party Complaint.

**II.**
**AFFIRMATIVE DEFENSES**

-2-

5. Third-Party Defendant Cameron County is entitled to sovereign immunity and has not waived its right to sovereign immunity.

6. In the alternative, Petitioners cannot recover directly or indirectly from Third-Party Defendant Cameron County because the Texas Tort Claims Act and the laws of the State of Texas do not allow any state law claims, and this Third-Party Defendant's sovereign immunity has not been waived.

7. In the alternative, Petitioners failed to timely provide notice of their claims as required under the provisions of the Texas Tort Claims Act, so that such claims are barred.

8. In the alternative, Third-Party Defendant hereby invokes the statutory limits on liability and damages set forth in the Texas Tort Claims Act, chapter 101 of the TEX. CIV. PRAC. & REM. CODE, including those set forth in §§ 101.023, 101.024, and 101.025.

9. In the alternative, Third-Party Defendant would further assert that Petitioners and Claimants seek damages outside the scope of the Texas Tort Claims Act, specifically the limitation on the amount of liability set forth in TEX. CIV. PRAC. & REM. CODE § 101.023. For a unit of local government, such as Third-Party Defendant, the Texas Tort Claims Act limits the amount of money damages to a maximum of $100,000.00 for each single person and $300,000.00 for each single occurrence for bodily injury or death. Third-Party Defendant further asserts that any claim for damages against Third-Party Defendant are subject to the single occurrence limitation of damages in the amount of $300,000.00.

10. In the alternative, Third-Party Defendant would further invoke all defenses and/or limitations authorized under the Texas Tort Claims Act, including, but not limited to, the defenses and/or limitations set forth in §§ 101.055, 101.056, 101.057, 101.060, 101.101, 101.102, and

-3-

101.106 of the TEX. CIV. PRAC. & REM. CODE.

11. In the alternative, Third-Party Defendant would further assert that any state law claims are expressly barred by §§ 101.055, 101.056, 101.057, 101.060, 101.101, and 101.106 of the TEX. CIV. PRAC. & REM. CODE.

12. In the alternative, Third-Party Defendant would further assert that it may not be sued and is not liable because it is entitled to immunity, including absolute and/or qualified and/or official and/or judicial and or legislative and/or "quasi-judicial" immunity, from all damages, including tort damages.

13. In the alternative, Third-Party Defendant would further assert that any alleged damages suffered by any claimant in their individual capacity are derivative claims and subject to the statutory limitations on damages set forth in TEX. CIV. PRAC. & REM. CODE § 101.023.

14. In the alternative, Third-Party Defendant would further assert that Petitioners fail to state any claim or cause of action upon which relief can be granted against this Third-Party Defendant.

15. In the alternative, Third-Party Defendant would further assert that the allision was not caused or contributed to by any fault, neglect, negligence or lack of due care on the part of this Third-Party Defendant.

16. In the alternative, Third-Party Defendant would further assert that Petitioners are not entitled to exoneration or to limitation of liability under the Limitation of Vessel Owner's Liability Act, because the allision was caused by the independent negligence and fault of the owners and management of Petitioners.

17. In the alternative, Third-Party Defendant would further assert and invoke the presumptions afforded by the *Oregon* Rule under admiralty law.

-4-

18. In the alternative, Third-Party Defendant would further assert that Petitioners are not entitled to exoneration or to limitation of liability under the Limitation of Vessel Owner's Liability Act, because the allision was caused by the sole, joint, and/or concurrent negligence and fault of Petitioners, their officers, agents, servants, employees, masters and crews, and by the unseaworthiness of the Petitioners' vessels, all of which was within the privity and knowledge of the owners and management of Petitioners.

19. In the alternative, Third-Party Defendant would further assert that any loss or damages allegedly sustained by any claimant at the time, place, and occasion mentioned in Petitioners' Third-Party Complaint were caused in whole by the negligence, want of care, or intentional conduct of Petitioners, and not by any negligence or fault or want of care on the part of this Third-Party Defendant.

20. In the alternative, Third-Party Defendant would further assert that Claimants' alleged injuries and damages were caused in whole or in part, or contributed to, by the negligence or fault or want of care by parties, persons, or instrumentalities over whom Third-Party Defendant exercised no control and for whose acts this Third-Party Defendant is not legally responsible. Third-Party Defendant asserts that it is entitled to a determination of proportionate responsibility and contribution and to all other remedies and limitations set forth in Chapter 33 of the TEX. CIV. PRAC. & REM. CODE.

21. In the alternative, Third-Party Defendant would further assert that in the event that it is determined that this Third-Party Defendant was in any way at fault in connection with the allision, all of which is expressly denied, then Third-Party Defendant asserts that such fault was not a substantial and material factor in causing the allision, and that the negligence of Petitioners was

extraordinary and was the intervening and superseding sole proximate cause of the allision, and as a result, Petitioners' Third-Party Complaint must be dismissed with prejudice, with Petitioners to bear all costs.

22.  In the alternative, Third-Party Defendant would further assert that it did not violate any statutory rule intended to prevent allisions, and as a result, the presumptions afforded by the *Pennsylvania* Rule under admiralty law do not apply to this Third-Party Defendant.

23.  In the alternative, Third-Party Defendant would further assert that no claim for contribution may be asserted against this Third-Party Defendant as it possesses sovereign immunity both from suit and from liability, to the extent of the partial waiver of immunity given by the Texas Tort Claims Act.  Immunity from suit bars an action against the governmental entity unless it expressly consents to the suit. *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997). Legislative consent for the governmental entity to be sued and the waiver of sovereign immunity must be in clear and unambiguous language. *Southwest Tex. State Univ. v. Enriquez*, 971 S.W.2d 684, 686 (Tex. App.–Austin 1998, pet. denied).  As the Texas Tort Claims Act does not expressly allow contribution claims to be asserted against this Third-Party Defendant as a governmental entity, no such action may be maintained.

### III.
### RESERVATIONS

24.  Without waiving the foregoing denials and affirmative defenses, but still insisting upon the same for further answer if any need be necessary, and as separate defenses, Third-Party Defendant reserves the right to file any and all cross-actions, third-party actions, counter-claims, motions, and discovery as they may deem proper.  Third-Party Defendant hereby requests trial by

jury.

WHEREFORE, PREMISES CONSIDERED, Third-Party Defendant, Cameron County, prays that upon final trial and hearing hereof, Petitioners take nothing by their suit, that Third-Party Defendant recover all costs incurred herein, and that Third-Party Defendant have such other and further relief, at law, in equity, or in admiralty to which it may show itself to be justly entitled.

Signed on October 12, 2004.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
1534 E. 6th Street, Suite 200
Brownsville, Texas 78520
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By:_____
Roman "Dino" Esparza
State Bar No. 00795337
USDC Adm. No. 22703

Charles Willette, Jr.
State Bar No. 21509700
USDC Adm. No.1937

**ATTORNEYS FOR DEFENDANT**
**CAMERON COUNTY**

-7-

## CERTIFICATE OF SERVICE

I, hereby certify that on October 12, 2004, a true and correct copy of the above and foregoing has been served on all counsel of record via Certified Mail, Return Receipt Requested as herein below noted:

Roman "Dino" Esparza

**Via CMRRR 7003 0500 0001 0985 0446 and Via Fax (361) 884-7261**
Will W. Pierson
Royston, Rayzor, Vickery & Williams, L.L.P.
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, TX 78471
*Attorneys for Petitioners/Third-Party Plaintiffs, Brown Water I, Inc and Brown Water Marine Service , Inc.*

**Via CMRRR 7003 0500 0001 0985 0439 and Via Fax (504) 582-8010**
Mr. Glenn G. Goodier
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.
201 St. Charles Ave.,
New Orleans, LA 70170-5100
Attorneys for Petitioners/Third Party
*Plaintiffs, American Commercial Lines, LLC and American Commercial Barge Line, LLC*

**Via First Class U.S. Mail**
Mr. Jack F. Gilbert
Office of the Attorney General
Transportation Division
Post Office Box 12548
Austin, Texas 78711-2548

**Via First Class U.S. Mail**
Mark J. Spansel
Adams & Reese, L.L.P.
701 Poydras, Suite 4500
One Shell Square
New Orleans, LA 70139

**Via First Class U.S. Mail**
James B. Manley
Attorneys at Law
200 William Barnett
Cleveland, TX 77327

**Via First Class U.S. Mail**
Ray R. Marchan
Watts Law Frim L.L.P.
1926 E. Elizabeth
Brownsville, TX 78520

**Via First Class U.S. Mail**
John David Franz
The Law Offices of John David Franz
400 N. McColl
McAllen, TX 78501

**Via First Class U.S. Mail**
Mr. J. Chad Gauntt
Gauntt & Kruppstadt, L.L.P.
1400 Woodlock Forest Dr., Suite 575
The Woodlands, Texas 77380

**Via First Class U.S. Mail**
Mr. William Q. McManus
Mr. Steve Q. McManus
McManus & Crane, L.L.P.
209 West Juan Linn
Post Office Box 2206
Victoria, Texas 77902-2206

-8-

**Via First Class U.S. Mail**
Mr. Heriberto Medrano
Law Offices of Heriberto Medrano
2009 East Harrison, Suite B
Harlingen, Texas 78550

**Via First Class U.S. Mail**
Mr. Les Cassidy
Woolsey & Cassidy, P.C.
1020 North Water Street
Corpus Christi, Texas 78471

**Via First Class U.S. Mail**
Ms. Veronica Farias
Law Office of Veronica Farias
2854 Boca Chica Blvd.
Brownsville, Texas 78521

**Via First Class U.S. Mail**
Mr. Ramond Thomas
Mr. Andres Gonzalez
Kittlemen, Thomas, Ramirez & Gonzales
4900-B N. 10th Street
McAllen, Texas 78504

**Via First Class U.S. Mail**
Mr. Thomas R. Ajamie
Mr. S. Mark Strawn, Esq.
Ajamie, L.L.P.
Pennzoil Place-South Tower
711 Louisiana Street, Suite 2150
Houston, Texas 77002

**Via First Class U.S. Mail**
Mr. Julian Rodriguez, Jr.
Julian Rodriguez, Jr. & Associates, P.C.
10113 N. 10th Street, Suite C
McAllen, Texas 78504

**Via First Class U.S. Mail**
Mr. Thomas E. Quirk
Aaron & Quirk
901 N.E. Loop 410, Suite 903
San Antonio, Texas 78209-1307

**Via First Class U.S. Mail**
Mr. Jim S. Hart
Ms. Nejd Yaziji
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017

**Via First Class U.S. Mail**
Mr. Frank Enriquez
Mr. Robert Puente
Law Offices of Frank Enriquez
4200-B North Bicentennial
McAllen, Texas 78504

**Via First Class U.S. Mail**
Mr. J.A. Magallanes
Carlos Escobar
Magallanes, Hinojosa & Mancias, P.C.
1713 Boca Chica Blvd.
Post Office Box 4901
Brownsville, Texas 78520

**Via First Class U.S. Mail**
Mr. Geoffrey Amsel
SBC Management Services
175 East Houston Street, 4th Floor
San Antonio, Texas 78205

**Via First Class U.S. Mail**
Mr. Richard Leo Harrell
The Edwards Law Firm, L.L.P.
802 N. Carancahua, Suite 1400 (78470)
P.O. Box 480
Corpus Christi, Texas 78403-0480

-9-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | * | C.A. NO. B-01-157 |
| PETITION OF BROWN WATER | * | Admiralty |
| TOWING, INC., AS OWNER, AND | * | |
| BROWN WATER MARINE SERVICE, | * | |
| INC, AS BAREBOAT CHARTERER OF | * | |
| THE BROWN WATER V, ITS ENGINES | * | |
| TACKLE, ETC., IN A CAUSE OF | * | |
| EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY | * | |
| | * | Consolidated with |
| | * | |
| IN RE THE COMPLAINT AND | * | C.A. No. B-02-004 |
| PETITION OF AMERICAN | * | Admiralty |
| COMMERCIAL LINES, LLC AS | * | |
| OWNER, AND AMERICAN | * | |
| COMMERCIAL BARGE LINES, LLC | * | |
| AS CHARTERER OF THE BARGES | * | |
| NM-315, VLB-9182, ACL-9933B, | * | |
| VLB-9173, IN A CAUSE OF | * | |
| EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY | * | |
| | * | and |
| | * | |
| IN RE THE COMPLAINT AND | * | C.A. NO. B-02-125 |
| PETITION OF DEERE CREDIT, | * | Admiralty |
| INC.,(FORMERLY SENSTAR FINANCE | * | |
| COMPANY), AS OWNER OF THE | * | |
| BARGE NM-315 AND STATE STREET | * | |
| BANK AND TRUST COMPANY OF | * | |
| CONNECTICUT, NATIONAL | * | |
| ASSOCIATION, AS OWNER TRUSTEE | * | |
| OF THE BARGE ACL-9933B AND NOT | * | |
| IN ITS INDIVIDUAL CAPACITY, AND | * | |
| GENERAL ELECTRIC CAPITAL | * | |
| CORPORATION, AS BENEFICIAL | * | |
| OWNER OF THE BARGE ACL-9933B | * | |
| PRAYING FOR EXONERATION FROM | | |
| AND/OR LIMITATION OF LIABILITY | | |

-1-

FILE COPY

### THIRD-PARTY DEFENDANT CAMERON COUNTY'S ORIGINAL ANSWER TO PETITIONERS', AMERICAN COMMERCIAL LINES, LLC AND AMERICAN COMMERCIAL BARGE LINES, L.L.C., ET AL., THIRD-PARTY COMPLAINT AND CROSS-CLAIM

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COMES NOW Cameron County, Third-Party Defendant herein, and files this its Original Answer to Petitioners' American Commercial Lines, LLC and American Commercial Barge Line, LLC, and Deere Credit, Inc. (formerly Senstar Finance company), as Owner of the Barge NM-315, State Street Bank and Trust Company of Connecticut, N.A., as Owner/Trustee of the Barge ACL-9933B and Not in Its Individual Capacity, and General Electric Capital Corporation, as Beneficial Owner of the Barge ACL-9933B Third-Party Complaint and Cross-Claim and would respectfully show unto the Court the following:

### I.
### ORIGINAL ANSWER

1. Third-Party Defendant denies each and all of Petitioners' allegations except to the extent expressly admitted herein.

2. Third-Party Defendant agrees with the averments made in paragraph I, II, and V of Petitioners' Third-Party Complaint and Cross-Claim.

3. Third-Party Defendant agrees with and admits to the allegations set forth in Paragraph III of Petitioners' Third-Party Complaint and Cross-Claim to the extent, and only to the extent, that Petitioners allege that this Third-Party Defendant is a Texas governmental entity and to whom service of process may be had upon. Third-Party Defendant denies the remainder of the averments made in Paragraph III of Petitioners' Third-Party Complaint and Cross-Claim, specifically that it had

-2-

actual notice within the meaning of the Texas Tort Claims Act.

4.   Third-Party Defendant denies the allegations set forth in Paragraph IV of Petitioners' Third-Party Complaint and Cross-Claim.

5.   Third-Party Defendant denies the allegations set forth in Paragraph VI of Petitioners' Third-Party Complaint and Cross-Claim.

## II.
## AFFIRMATIVE DEFENSES

6.   Third-Party Defendant Cameron County is entitled to sovereign immunity and has not waived its right to sovereign immunity.

7.   In the alternative, Petitioners cannot recover directly or indirectly from Third-Party Defendant Cameron County because the Texas Tort Claims Act and the laws of the State of Texas do not allow any state law claims, and this Third-Party Defendant's sovereign immunity has not been waived.

8.   In the alternative, Petitioners failed to timely provide notice of their claims as required under the provisions of the Texas Tort Claims Act, so that such claims are barred.

9.   In the alternative, Third-Party Defendant hereby invokes the statutory limits on liability and damages set forth in the Texas Tort Claims Act, chapter 101 of the TEX. CIV. PRAC. & REM. CODE, including those set forth in §§ 101.023, 101.024, and 101.025.

10.   In the alternative, Third-Party Defendant would further assert that Petitioners and Claimants seek damages outside the scope of the Texas Tort Claims Act, specifically the limitation on the amount of liability set forth in TEX. CIV. PRAC. & REM. CODE § 101.023. For a unit of local government, such as Third-Party Defendant, the Texas Tort Claims Act limits the amount of money

-3-

damages to a maximum of $100,000.00 for each single person and $300,000.00 for each single occurrence for bodily injury or death. Third-Party Defendant further asserts that any claim for damages against Third-Party Defendant are subject to the single occurrence limitation of damages in the amount of $300,000.00.

11. In the alternative, Third-Party Defendant would further invoke all defenses and/or limitations authorized under the Texas Tort Claims Act, including, but not limited to, the defenses and/or limitations set forth in §§ 101.055, 101.056, 101.057, 101.060, 101.101, 101.102, and 101.106 of the TEX. CIV. PRAC. & REM. CODE.

12. In the alternative, Third-Party Defendant would further assert that any state law claims are expressly barred by §§ 101.055, 101.056, 101.057, 101.060, 101.101, and 101.106 of the TEX. CIV. PRAC. & REM. CODE.

13. In the alternative, Third-Party Defendant would further assert that it may not be sued and is not liable because it is entitled to immunity, including absolute and/or qualified and/or official and/or judicial and or legislative and/or "quasi-judicial" immunity, from all damages, including tort damages.

14. In the alternative, Third-Party Defendant would further assert that any alleged damages suffered by any claimant in their individual capacity are derivative claims and subject to the statutory limitations on damages set forth in TEX. CIV. PRAC. & REM. CODE § 101.023.

15. In the alternative, Third-Party Defendant would further assert that Petitioners fail to state any claim or cause of action upon which relief can be granted against this Third-Party Defendant.

16. In the alternative, Third-Party Defendant would further assert that the allision was not caused or contributed to by any fault, neglect, negligence or lack of due care on the part of this Third-

-4-

Party Defendant.

17. In the alternative, Third-Party Defendant would further assert that Petitioners are not entitled to exoneration or to limitation of liability under the Limitation of Vessel Owner's Liability Act, because the allision was caused by the independent negligence and fault of the owners and management of Petitioners.

18. In the alternative, Third-Party Defendant would further assert and invoke the presumptions afforded by the *Oregon* Rule under admiralty law.

19. In the alternative, Third-Party Defendant would further assert that Petitioners are not entitled to exoneration or to limitation of liability under the Limitation of Vessel Owner's Liability Act, because the allision was caused by the sole, joint, and/or concurrent negligence and fault of Petitioners, their officers, agents, servants, employees, masters and crews, and by the unseaworthiness of the Petitioners' vessels, all of which was within the privity and knowledge of the owners and management of Petitioners.

20. In the alternative, Third-Party Defendant would further assert that any loss or damages allegedly sustained by any claimant at the time, place, and occasion mentioned in Petitioners' Third-Party Complaint and Cross-Claim were caused in whole by the negligence, want of care, or intentional conduct of Petitioners, and not by any negligence or fault or want of care on the part of this Third-Party Defendant.

21. In the alternative, Third-Party Defendant would further assert that Claimants' alleged injuries and damages were caused in whole or in part, or contributed to, by the negligence or fault or want of care by parties, persons, or instrumentalities over whom Third-Party Defendant exercised no control and for whose acts this Third-Party Defendant is not legally responsible. Third-Party

-5-

Defendant asserts that it is entitled to a determination of proportionate responsibility and contribution and to all other remedies and limitations set forth in Chapter 33 of the TEX. CIV. PRAC. & REM. CODE.

22.  In the alternative, Third-Party Defendant would further assert that in the event that it is determined that this Third-Party Defendant was in any way at fault in connection with the allision, all of which is expressly denied, then Third-Party Defendant asserts that such fault was not a substantial and material factor in causing the allision, and that the negligence of Petitioners was extraordinary and was the intervening and superseding sole proximate cause of the allision, and as a result, Petitioners' Third-Party Complaint and Cross-Claim must be dismissed with prejudice, with Petitioners to bear all costs.

23.  In the alternative, Third-Party Defendant would further assert that it did not violate any statutory rule intended to prevent allisions, and as a result, the presumptions afforded by the *Pennsylvania* Rule under admiralty law do not apply to this Third-Party Defendant.

24.  In the alternative, Third-Party Defendant would further assert that no claim for contribution may be asserted against this Third-Party Defendant as it possesses sovereign immunity both from suit and from liability, to the extent of the partial waiver of immunity given by the Texas Tort Claims Act.  Immunity from suit bars an action against the governmental entity unless it expressly consents to the suit. *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997). Legislative consent for the governmental entity to be sued and the waiver of sovereign immunity must be in clear and unambiguous language. *Southwest Tex. State Univ. v. Enriquez*, 971 S.W.2d 684, 686 (Tex. App.–Austin 1998, pet. denied).  As the Texas Tort Claims Act does not expressly allow contribution claims to be asserted against this Third-Party Defendant as a governmental entity,

-6-

no such action may be maintained.

### III.
### RESERVATIONS

25.  Without waiving the foregoing denials and affirmative defenses, but still insisting upon the same for further answer if any need be necessary, and as separate defenses, Third-Party Defendant reserves the right to file any and all cross-actions, third-party actions, counter-claims, motions, and discovery as they may deem proper.  Third-Party Defendant hereby requests trial by jury.

WHEREFORE, PREMISES CONSIDERED, Third-Party Defendant, Cameron County, prays that upon final trial and hearing hereof, Petitioners take nothing by their suit, that Third-Party Defendant recover all costs incurred herein, and that Third-Party Defendant have such other and further relief, at law, in equity or in admiralty to which it may show itself to be justly entitled.

Signed on October 12, 2004.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
1534 E. 6th Street, Suite 200
Brownsville, Texas 78520
Telephone:  (956) 541-1846
Facsimile:  (956) 541-1893

By:_____
Roman "Dino" Esparza
State Bar No. 00795337
USDC Adm. No. 22703
Charles Willette, Jr.
State Bar No. 21509700
USDC Adm. No.1937
**ATTORNEYS FOR DEFENDANT
CAMERON COUNTY**

-7-

**CERTIFICATE OF SERVICE**

I, hereby certify that on October 12, 2004, a true and correct copy of the above and foregoing has been served on all counsel of record via Certified Mail, Return Receipt Requested as herein below noted:

_____
Roman "Dino" Esparza

**Via CMRRR 7003 0500 0001 0985 0446**
**and Via Fax (361) 884-7261**
Will W. Pierson
Royston, Rayzor, Vickery & Williams, L.L.P.
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, TX 78471
*Attorneys for Petitioners/Third-Party Plaintiffs, Brown Water I, Inc and Brown Water Marine Service, Inc.*

**Via CMRRR 7003 0500 0001 0985 0439**
**and Via Fax (504) 582-8010**
Mr. Glenn G. Goodier
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.
201 St. Charles Ave.,
New Orleans, LA 70170-5100
*Attorneys for Petitioners/Third Party Plaintiffs, American Commercial Lines, LLC and American Commercial Barge Line, LLC*

**Via First Class U.S. Mail**
Mr. Jack F. Gilbert
Office of the Attorney General
Transportation Division
Post Office Box 12548
Austin, Texas 78711-2548

**Via First Class U.S. Mail**
Mark J. Spansel
Adams & Reese, L.L.P.
701 Poydras, Suite 4500
One Shell Square
New Orleans, LA 70139

**Via First Class U.S. Mail**
James B. Manley
Attorneys at Law
200 William Barnett
Cleveland, TX 77327

**Via First Class U.S. Mail**
Ray R. Marchan
Watts Law Frim L.L.P.
1926 E. Elizabeth
Brownsville, TX 78520

**Via First Class U.S. Mail**
John David Franz
The Law Offices of John David Franz
400 N. McColl
McAllen, TX 78501

**Via First Class U.S. Mail**
Mr. J. Chad Gauntt
Gauntt & Kruppstadt, L.L.P.
1400 Woodlock Forest Dr., Suite 575
The Woodlands, Texas 77380

**Via First Class U.S. Mail**
Mr. William Q. McManus
Mr. Steve Q. McManus
McManus & Crane, L.L.P.
209 West Juan Linn
Post Office Box 2206
Victoria, Texas 77902-2206

-8-

**Via First Class U.S. Mail**
Mr. Heriberto Medrano
Law Offices of Heriberto Medrano
2009 East Harrison, Suite B
Harlingen, Texas 78550

**Via First Class U.S. Mail**
Mr. Les Cassidy
Woolsey & Cassidy, P.C.
1020 North Water Street
Corpus Christi, Texas 78471

**Via First Class U.S. Mail**
Ms. Veronica Farias
Law Office of Veronica Farias
2854 Boca Chica Blvd.
Brownsville, Texas 78521

**Via First Class U.S. Mail**
Mr. Ramond Thomas
Mr. Andres Gonzalez
Kittlemen, Thomas, Ramirez & Gonzales
4900-B N. 10th Street
McAllen, Texas 78504

**Via First Class U.S. Mail**
Mr. Thomas R. Ajamie
Mr. S. Mark Strawn, Esq.
Ajamie, L.L.P.
Pennzoil Place-South Tower
711 Louisiana Street, Suite 2150
Houston, Texas 77002

**Via First Class U.S. Mail**
Mr. Julian Rodriguez, Jr.
Julian Rodriguez, Jr. & Associates, P.C.
10113 N. 10th Street, Suite C
McAllen, Texas 78504

**Via First Class U.S. Mail**
Mr. Thomas E. Quirk
Aaron & Quirk
901 N.E. Loop 410, Suite 903
San Antonio, Texas 78209-1307

**Via First Class U.S. Mail**
Mr. Jim S. Hart
Ms. Nejd Yaziji
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017

**Via First Class U.S. Mail**
Mr. Frank Enriquez
Mr. Robert Puente
Law Offices of Frank Enriquez
4200-B North Bicentennial
McAllen, Texas 78504

**Via First Class U.S. Mail**
Mr. J.A. Magallanes
Carlos Escobar
Magallanes, Hinojosa & Mancias, P.C.
1713 Boca Chica Blvd.
Post Office Box 4901
Brownsville, Texas 78520

**Via First Class U.S. Mail**
Mr. Geoffrey Amsel
SBC Management Services
175 East Houston Street, 4th Floor
San Antonio, Texas 78205

**Via First Class U.S. Mail**
Mr. Richard Leo Harrell
The Edwards Law Firm, L.L.P.
802 N. Carancahua, Suite 1400 (78470)
P.O. Box 480
Corpus Christi, Texas 78403-0480