# EXHIBIT
## "3"

275

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | * | C. A. NO. B-01-157 |
| PETITION OF BROWN WATER | * | Admiralty |
| TOWING I, INC., AS OWNER, AND | * | |
| BROWN WATER MARINE SERVICE, | * | |
| INC., AS BAREBOAT CHARTERER OF | * | |
| THE BROWN WATER V, ITS ENGINES, | * | |
| TACKLE, ETC., IN A CAUSE OF | * | |
| EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY | * | |
| | * | Consolidated with |
| | * | |
| IN RE THE COMPLAINT AND | * | |
| PETITION OF AMERICAN | * | C. A. No. B-02-004 |
| COMMERCIAL LINES, LLC AS | * | Admiralty |
| OWNER, AND AMERICAN | * | |
| COMMERCIAL BARGE LINES, LLC | * | |
| AS CHARTERER OF THE BARGES | * | |
| NM-315, VLB-9182, ACL-9933B, | * | |
| VLB-9173, IN A CAUSE OF | * | and |
| EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY | * | |
| | * | |
| | * | |
| IN RE THE COMPLAINT AND PETITION | * | C. A. NO. B-02-125 |
| OF DEERE CREDIT, INC., (FORMERLY | * | Admiralty |
| SENSTAR FINANCE COMPANY), AS | * | |
| OWNER OF THE BARGE NM-315 AND | * | |
| STATE STREET BANK AND TRUST | * | |
| COMPANY OF CONNECTICUT, | * | |
| NATIONAL ASSOCIATION, AS OWNER | * | |
| TRUSTEE OF THE BARGE ACL-9933B AND | * | |
| NOT IN ITS INDIVIDUAL CAPACITY, AND | * | |
| GENERAL ELECTRIC CAPITAL | * | |
| CORPORATION, AS BENEFICIAL OWNER | * | |
| OF THE BARGE ACL-9933B PRAYING FOR | * | |
| EXONERATION FROM AND/OR | * | |
| LIMITATION OF LIABILITY | * | |

## THIRD-PARTY COMPLAINT AND TENDER AND CROSS-CLAIM AGAINST CAMERON COUNTY

**TO THE HONORABLE JUDGE OF THIS COURT:**

**COMES NOW**, American Commercial Lines, LLC and American Commercial Barge Line, LLC, Petitioners and Claimants, and Deere Credit, Inc. (formerly Senstar Finance Company), as Owner of the Barge NM-315, State Street Bank and Trust Company of Connecticut, N.A., as Owner/Trustee of the Barge ACL-9933B and Not in Its Individual Capacity, and General Electric Capital Corporation, as Beneficial Owner of the Barge ACL-9933B, Petitioners, hereafter collectively referred to as "the Petitioners," and file this their Third Party Complaint and Tender and Cross-Claim Against Cameron County.

### I.

Jurisdiction over this Third Party Complaint and Cross-Claim exists under the Court's Admiralty and Maritime Jurisdiction, 28 U.S.C. § 1333, and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and alternatively under the Court's Supplemental Jurisdiction, 28 U.S.C. § 1367. The Petitioners further invoke the maritime procedures specified in Rule 14(c) of the Federal Rules of Civil Procedure.

### II.

The Petitioners initiated Civil Action Nos. B-02-004 and B-02-125 proceedings seeking exoneration from and/or alternatively, limitation of liability and also filed claims in the Brown Water exoneration/limitation proceedings, Civil Action No. B-01-157, all of which proceedings are consolidated and arise out of an allision with the Queen Isabella Causeway on September 15, 2001.

Numerous claims have been asserted against the Petitioners and Brown Water Marine Service, Inc. and Brown Water Towing I in these pending actions.

## III.

Made third party defendant and cross-claim defendant is Cameron County, a Texas governmental entity. Cameron County had actual notice that deaths occurred, that property was damaged, and that persons were injured within the meaning of TEX. CIV. PRAC. & REM. CODE ANN. §101.101 (Vernon 1997). Service of process may be had upon Cameron County through County Judge Gilberto Hinojosa, 964 E. Harrison Street, Fourth Floor, Brownsville, Texas 78520.

## IV.

During discovery it has been learned that Cameron County, who is not a party, bears some responsibility for this incident. Specifically, upon information and belief, Cameron County was responsible for maintaining the navigational and/or street lights on the Queen Isabella Causeway. Discovery obtained to date indicates that these lights were not working on the night of the allision. The failure to maintain or properly operate these lights constitutes negligence and/or negligence *per se*. In addition, under the applicable maritime law, and in accordance with the Pennsylvania Rule, Cameron County's failure to comply with the law creates presumption of fault or negligence on its behalf. Upon information and belief, the acts or omissions of Cameron County caused and/or contributed to the allision and/or caused or contributed to several subsequent deaths and personal injuries.

## V.

This matter cause arises from the allision with the Queen Isabelle Causeway on or about September 15, 2001. American Commercial Lines, LLC, American Commercial Barge Lines, LLC,

Deere Credit, Inc., State Street Bank and Trust Company of Connecticut, and General Electric Capital Corporation, seek exoneration from and/or limitation of liability in this proceeding. The Court set a deadline for claimants to appear and file claims against American Commercial Lines, LLC, American Commercial Barge Lines, LLC, Deere Credit, Inc., State Street Bank and Trust Company of Connecticut, and General Electric Capital Corporation in the limitation proceedings. Subsequently, numerous claims against American Commercial Lines, LLC, American Commercial Barge Lines, LLC, Deere Credit, Inc., State Street Bank and Trust Company of Connecticut, and General Electric Capital Corporation have been filed by or on behalf of Anita Harris, individually and as Next Friend of Victor Justin Harris, and as Representative of the Estate of Robert V. Harris; Raquel Teran Hinojosa, Individually and on behalf of the Estate of Gaspar Hinojosa, Deceased, Clarissa Hinojosa, Omar Hinojosa and Gaspar Hinojosa II, each individually; Martin D. Hinojosa and Rita S. Hinojosa, Individually and as heirs of the Estate of Gaspar Hinojosa, Deceased; Richard "Ricky" Leavell and Carol Leavell, Individually and as Representatives of the Estate of Robin Faye Leavell, deceased; Hector Martinez, Sr.; Lydia Zamora, individually and as Representative of the Estate of Hector Martinez Jr., deceased; J. Antonio Mireles, as personal representative of the Estate of Julio Cesar Mireles, Juan Antonio Mireles and Soledad Gonzalez Mireles; Esteban F. Rivas and Miriam Rivas, Individually and as Representatives of the Estate of Stvan F. Rivas; William E. Kimbrell; Jacqueline Paddock, Individually and as Next Friend of William B. Welch and as Representative of the Estate of Chealsa and Barry Welch; William Morris Welch; Rolando Lee Moya, Alberto Leroy Moya, Antonio Salinas, Jr. and Roberto Espericueta; Bridgette Goza; Rene Mata and Frank Mata; Gustavo Morales and Bigo's International, L.L.C.; Bridgette M. Goza; Laguna

- 4 -

Madre Water District; Southwestern Bell Telephone, L.P. and the State of Texas, all of which of the foregoing are hereafter referred to as "Claimants in Exoneration/Limitation."

## IV.

In the event that any or all of Claimants in Exoneration /Limitation seeks recovery or judgment against American Commercial Lines, LLC, American Commercial Barge Lines, LLC, Deere Credit, Inc., State Street Bank and Trust Company of Connecticut, and General Electric Capital Corporation, American Commercial Lines, LLC, American Commercial Barge Lines, LLC, Deere Credit, Inc., State Street Bank and Trust Company of Connecticut, and General Electric Capital Corporation, which is denied, then the Petitioners hereby implead and hereby tender Cameron County to the Claimants in Exoneration/Limitation herein within the meaning of Rule 14(c) of the Federal Rules of Civil Procedure. The Petitioners, as third party plaintiffs and cross-claimants, also seek judgment in like amount over and against Cameron County, representing contribution and/or indemnification and/or recoupment and/or set-off from and against Cameron County. Specifically, upon information and belief Cameron County was responsible for maintaining and operating lights on the Queen Isabella Causeway. Further, upon information and belief, the Lights that Cameron County was responsible for maintaining and operating were not operating on the day of the incident due to Cameron County's negligence and/or negligence per se. This negligence and/or negligence per se caused or contributed to the allision and/or caused or contributed to several subsequent deaths and personal injuries. Further, the actions and/or inactions of Cameron County invoke the presumptions afforded by the Pennsylvania Rule as recognized by the general maritime law of the United States.

- 5 -

WHEREFORE, PREMISES CONSIDERED, American Commercial Lines, LLC and American Commercial Barge Line, LLC, Petitioners and Claimants, and Deere Credit, Inc. (formerly Senstar Finance Company), as Owner of the Barge NM-315, State Street Bank and Trust Company of Connecticut, N.A., as Owner/Trustee of the Barge ACL-9933B and Not in Its Individual Capacity, and General Electric Capital Corporation, as Beneficial Owner of the Barge ACL-9933B, Petitioners, pray that citation issue and be served upon said Third-Party Defendant in the form and manner required by law, requiring the Third-Party Defendant to appear and answer this Third Party Complaint and Cross-Claim and the Claims of the Exoneration/Limitation Claimants listed hereinbefore; upon final hearing that they as Petitioners be exonerated from all liability and, alternatively, that their liability be limited as allowed for under the Limitation of Vessel Owner's Liability Act, 46 U.S.C. § 181 *et seq*., as amended, and under the Supplemental Rules for Certain Admiralty and Maritime Claims. In the event that any recovery or judgment is made against Petitioners/Third-Party Plaintiffs/Cross-Claimants, the Petitioners/Third-Party Plaintiffs/Cross-Claimants pray that they be awarded a judgment in like amount over and against Cameron County for contribution and/or indemnification, and/or recoupment and/or set-off and/or damages, interest, costs, disbursements and all other relief to which the Petitioners/Third Party Plaintiffs/Cross-Claimants may be entitled at law, in equity or in admiralty.

- 6 -

Respectfully submitted,

GLENN G. GOODIER, Attorney-in-Charge
Admitted *Pro Hac Vice*
By Order Entered 4/23/02
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:   (504) 582-8174
Facsimile:   (504) 582-8010


LES CASSIDY
State Bar Number 03979270
Federal Identification Number 5931
1020 Bank of Amerca
500 North Water Street
Corpus Christi, Texas 78471
Telephone:   (361) 887-2969
Facsimile:   (361) 886-3299

OF COUNSEL:

WOOLSEY & CASSIDY, P.C.
1020 Bank of America
500 North Water Street
Corpus Christi, Texas 78471
Telephone:   (361) 887-969
Facsimile:   (361) 886-3299

Counsel for Petitioners,
American Commercial Lines LLP and
American Commercial Barge Line LLC
Deere Credit, Inc. (formerly Senstar Finance Company), as Owner of the Barge NM-315
State Street Bank and Trust Company of Connecticut, N.A., as Owner/Trustee of the
Barge ACL-9933B and Not in Its Individual Capacity and
General Electric Capital Corporation, as Beneficial Owner of the Barge ACL-9933B

- 7 -

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been properly mailed to all known potential parties and/or their counsel on this 24th day of September, 2004.

GLENN G. GOODIER