United States District Court
Southern District of Texas
FILED

APR 1 2 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWNWATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | C.A. NO. B-01-157<br>Admirality |
| | Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES, LLC AS OWNER, AND AMERICAN COMMERCIAL BARGE LINES, LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, IN CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | C.A. No. B-02-004<br>Admirality<br><br>JURY DEMANDED<br><br>and |
| IN RE THE COMPLAINT AND PETITION OF DEERE CREDIT, INC., (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315 AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | C.A. NO. .B-02-125<br>Admirality |

**THIRD PARTY DEFENDANT, "A.G. HILL POWER, INC.,
a/k/a JHB ENTERPRISES, INC.'S," REPLY TO MEMORANDUM OF
PETITIONERS IN OPPOSITION TO MOTION FOR SANCTIONS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Third Party Defendant, "A.G. Hill Power, Inc., a/k/a JHB Enterprises, Inc.,"[1] and files this its Reply to Memorandum of Petitioners in Opposition to Motion for Sanctions and in support thereof would show as follows:

I.

**PETITIONERS FAILED TO CONDUCT AN ADEQUATE INVESTIGATION BEFORE FILING THEIR THIRD PARTY PETITION**

Rule 11 provides for sanctions against attorneys and parties who abuse the litigation process by filing a groundless "pleading, motion or other paper" in federal court. *St. Amant v. Bernard*, 859 F.2d 379, 381-82 (5th Cir. 1988). Rule 11 places three duties on counsel: (1) **counsel must make a reasonable inquiry into the factual basis of any pleading, motion, or other paper**; (2) counsel must make a reasonable inquiry into the law; and (3) counsel must not sign a pleading, motion, or other paper intended to delay proceedings, harass another party, or increase the costs of litigation. *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 874 (5th Cir.1988); *see also Amant*, 859 F.2d at 381-82 (attorney was properly sanctioned under Rule 11 for failing to conduct reasonable investigation into facts and law relevant to claim). In determining whether sanctions are appropriate, courts employ "an objective standard of reasonableness under the circumstances" as of the time the pleading was filed. *Smith v. Our Lady of the Lake Hospital*, 960 F.2d 439, 444 (5th Cir. 1992).

In this case, Petitioners failed to investigate adequately the facts before bringing suit on April 8, 2004, against "A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc."

---

[1] Because A.G. Hill Power, Inc. sold its assets and name to First South Utility Construction, Inc. in 1996, and JHB Enterprises, Inc. was formed as a separate entity with no ownership interest in A.G. Hill Power, Inc., there is no entity known as A.G. Hill Power, Inc a/k/a JHB Enterprises, Inc.

Petitioners submit that "a reasonable factual investigation did occur" as they were "not in receipt of any documents or information which indicated that A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc. had been sold. . . ." *Id.* at 7. Petitioners cannot satisfy the reasonable investigation requirement, however, by simply responding that they were not "in receipt" of any documents that would indicate JHB Enterprises was not a proper party to be named. **The information which would have revealed the impropriety of naming JHB Enterprises has been public record with the Secretary of State of Texas since October 14, 1996.** A search with the Texas Secretary of State under the name A.G. Hill Power, Inc. reveals that it became the assumed name of First South Utility Construction, Inc. as of October 14, 1996 (*See* Exhibit A, Records of Secretary of State of Texas, including Assumed Name Certificate on file with the Secretary of State of Texas). An Assumed Name Certificate showing A.G. Hill Power is the assumed name of First South Utility Construction, Inc. has been on file with the Secretary of State of Texas since October 17, 1996. *See id.* Thus, public records on file at the time Petitioners filed their Third Party Petition showed that First South Utility Construction, and not JHB Enterprises, was the proper party to this action. Contrary to Petitioners' argument, this information was not in the sole possession of Third Party Defendants. Had Petitioners simply requested the necessary information from the Secretary of State, they would have learned that First South Utility was the proper party. Petitioners improperly attempt to shift the burden of conducting a reasonable investigation to Third Party Defendant. Rule 11, by contrast, places the duty to investigate on the party that files the pleading. Fed. R. Civ. P. 11.

Petitioners cite *Estate of Barrett v. United States*, 337 F.Supp.2d 370 (D. Mass. 2004), for the proposition that "whether an inquiry is 'reasonable under the circumstances takes into account the lack of information within the **defendant's exclusive control**." Here, the information that would have indicated to Petitioners that Third Party Defendant was the wrong party was available in **public records**. Accordingly, Petitioners failed to properly investigate the name of the proper entity before filing their Third Party Petition, which is a basis for imposition of sanctions under Rule 11. *See Amant*, 859 F.2d at 381-82.

Furthermore, Petitioners fail to come forward with evidence or discussion of any investigation that they conducted, and simply state that they properly relied on the investigation of other counsel. Notably, Petitioners fail to articulate or provide any evidence of an investigation that was conducted by other counsel upon which they rely. Additionally, the cases cited by Petitioners stand for the proposition that "an attorney **receiving** a case from another attorney is entitled to place some reliance upon that attorney's investigation." *Smith v. Our Lady of the Lake Hosp., Inc.*, 960 F.2d 439, 446 (5th Cir. 1992) (emphasis added). Petitioners' counsel did not inherit this case from other attorneys, but have represented their clients from the outset in this litigation. As such, they had an obligation to conduct a reasonable investigation before bringing parties into the lawsuit. Petitioners' counsel failed to do so.

## II.
## THIRD-PARTY DEFENDANT HAS SHOWN ITS ENTITLEMENT TO ATTORNEYS FEES AND THAT THE AMOUNT INCURRED IS REASONABLE AND NECESSARY

According to Petitioners, it was not "necessary for the Third Party Defendant to file an answer to the complaint" since Petitioners' counsel informed Mr. Crago that they

were not "looking to [his] client for an answer in this litigation." Petitioners Memorandum at p.8. Apparently Petitioners take the position that Third Party Defendant's counsel need not have zealously represented his client's interests. Had counsel not filed an answer, Third Party Defendant would have waived any and all defenses and been subject to a default judgment, relegating it to the position of arguing in a motion for new trial that Petitioners' counsel had previously indicated that no answer would be required. If Petitioners believed that no answer was required, they should not have named Third Party Defendant as a party to the action! The admission that Petitioners' counsel was not looking for Third Party Defendant to file an answer despite having joined them as a party, in and of itself, is evidence that Petitioners' counsel engaged in willful misconduct in refusing to remove and delaying the removal of Third Party Defendant from the action. As Petitioners joined Third Party Defendant in the lawsuit, they cannot not take the position that counsel for Third Party Defendant should not have pursued a vigorous defense on his client's behalf. Thus, the argument that Third Party Defendant's attorneys' were unnecessary because Petitioners "were not looking for" Third Party Defendant to file an answer must be rejected.

Third Party Defendant attached the affidavit of attorney David Crago setting forth the hours, rates and total time expended in defending Third Party Defendant in this case. To the extent Petitioners complain that no billing records have be submitted, Third Party Defendant submits herein the billing records detailing the specific work performed by the attorneys for Third Party Defendants. Third Party Defendant has attached as Exhibit B to this Reply true and correct billing records of all the attorneys who worked in defense of this lawsuit, along with the Affidavit of David Crago authenticating the records (*See*

Exhibit B, Billing Records of Brin & Brin, P.C. November 4, 2004-February 9, 2005; Exhibit C, Affidavit of David Crago). These records show that the number of hours spent in defending Third Party Defendant, 53.2, was reasonable and necessary and that the fees charged, $7,307.50 (based on rates of $125 or $150 per hour, depending on attorney) and costs incurred, $888.12,[2] were likewise reasonable (*See id.*).

Petitioners' counsel additionally argue that Third Party Defendant is not entitled to attorney's fees during the time period in which the parties negotiated the dismissal of Petitioners' third party action. However, counsel for Third Party Defendant sought to protect his client by insuring that it not be held responsible for attorneys' fees incurred based on a frivolous action brought by Petitioners.

Petitioners paint a misleading picture of the sequence of correspondence regarding the dismissal of Third Party Defendant from the lawsuit. From the outset, they fail to reference any investigation that they conducted to insure the proper parties were named. Likewise, in their recitation of correspondence, they neglect to mention the letters of David Crago dated November 19, 2004 and December 1, 2004, wherein Mr. Crago notified Petitioners of the impropriety of Third Party Defendant having been joined in the suit. On November 19, 2004, Mr. Crago sent a letter to Les Cassidy reminding him of the inappropriateness of having Third-Party Defendant in the case and urging him to substitute in the correct party in the place of Third-Party Defendant. (*See* Motion for Sanctions, Exhibit A). **Cassidy responded on November 29, 2004, that he had been informed that Third Party Defendant had "sold out his business some time**

---

[2] The amount of attorney's fees and costs have increased from the initial motion for sanctions due to the failure of the Accounting Section at Brin & Brin, P.C. to include certain billing slips in their initial calculation (See Exhibit C, Affidavit of David H. Crago). The records have since been corrected and are attached herein in support of Third Party Defendant's Motion (See Exhibit B Billing Records of Brin & Brin, P.C. November 4, 2004-February 9, 2005).

**ago and it is the successor corporation that should be served with the lawsuit."** (*See* Motion for Sanctions, Exhibit B). Despite this acknowledgement, Petitioners made no effort to remove Third-Party Defendant from the lawsuit. Thereafter, on December 1, 2004, David Crago sent correspondence to all counsel, including counsel for Petitioners, explaining that Petitioners named the wrong party and "have agreed to add the right party, namely First South [Utility] Inc. d/b/a A.G. Hill Power." (*See* Motion for Sanctions, Exhibit C). Rather than research public records which would have demonstrated the invalidity of the claim against Third Party Defendant, Petitioners placed the burden on Third Party Defendant to prove it was not a proper party to the suit, requesting various documents from Mr. Crago establishing, inter alia, Third Party Defendant did not own A.G. Hill Power during the time at issue in this litigation. (See Motion for Sanctions, Exhibit D). Mr. Crago provided Petitioners with the foregoing documents on January 14, 2005. (See Motion for Sanctions, Exhibit E and F). Finally, on February 2, 2005, **more than two months after acknowledging their awareness that A.G. Hill might have been sold and that the successor corporation was the proper party**, Petitioners made their first offer to dismiss Third Party Defendant.

Petitioners maintain that as of that date, Third Party Defendant was responsible for their failure to dismiss Third Party Defendant from the suit. In fact, Third Party Defendant had every right to insist upon Petitioners assuming attorneys' fees in connection with any motion or order for dismissal. Petitioners note that Mr. Crago sent a letter on January 14, 2005 requesting that they "non-suit [his] client within 30 days" and that if they failed to do so, he would seek attorney's fees and sanctions. (See Petitioners' Memorandum at p.3). Petitioners did not, as directed in the letter, dismiss Third Party

7

Defendant within 30 days; rather, they offered to dismiss the action with each party bearing their own fees and expenses. Although an inference can be made from Mr. Crago's letter of January 14, 2005, that attorney's fees would not be sought by Third Party Defendant if the case were dismissed by Petitioners, there was no promise made by Mr. Crago that such would be the case, and Third Party Defendant had every right to thereafter decide to seek recovery of attorney's fees and costs in connection with Petitioners' frivolous claim.

Petitioners also seem to contend that they did not move to dismiss the action more promptly because the "Federal Rules of Civil Procedure did not allow us to file a Motion to Dismiss without a signed motion since [Third Party Defendant] had filed an answer." (Petitioners' Memorandum, at p. 5). In fact, Petitioners could have filed an opposed motion to dismiss at any point in the litigation after Third Party Defendant filed its answer. *See* Fed. R. Civ. P. 41(a)(2); *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990) ("Rule 41(a)(2) of the Federal Rules of Civil Procedure allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party"). Thus, Third Party Defendant's refusal to stipulate to dismissal based on its unwillingness to assume its own attorneys' fees and costs in no way prevented or impeded Petitioners from filing a motion to dismiss earlier.

### III.

### THIRD PARTY DEFENDANT IS ENTITLED TO SANCTIONS UNDER 28 U.S.C. § 1927 AND RULE 11; PETITIONERS ARE NOT IMMUNE FROM SANCTIONS UNDER THE SAFE HARBOR PROVISION

Sanctions are appropriate under 28 U.S.C. § 1927 for Petitioners' willfully multiplying the proceedings unreasonably and vexatiously by joining Third-Party

Defendant without proper investigation and then failing to remove it as a party. 28 U.S.C. § 1927; *FDIC v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994). Section 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The statute requires "that there be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir.1998). The court may award costs, expenses and attorneys fees for such bad-faith conduct. *Id.* Unlike Rule 11 sanctions, there is no safe harbor period for a motion for sanctions filed under 28 U.S.C. § 1927. *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997).

      Here, there is evidence that Petitioners' counsel were aware that they had named the wrong party to the action, yet delayed for several months before dismissing the action against Third Party Defendant. Petitioners were informed in mid November of the impropriety of having named Third Party Defendant to the suit, and even acknowledged such impropriety in a letter to David Crago on November 29, 2004 (See Motion for Sanctions, Exhibits A, B). Nevertheless, they took no action to remove Third Party Defendant from the suit. Only when confronted with the prospect of sanctions, did Petitioners begin to take action in February. In the interim, when there was no question that Petitioners knew that Third Party Defendant should not have been joined in the suit (and when the records necessary to discover such information were of public record), Petitioners willful and reckless refusal to eliminate Third Party Defendant from the suit

caused it to incur substantial expenses and attorney's fees, thus increasing the costs of litigation and vexatiously increasing the litigation.

Finally, contrary to Petitioners' assertions, they are not immune from sanctions under the safe harbor provision in Rule 11 because they did not timely withdraw their claims against Third Party Defendant, having known that their claims against Third Party Defendant were without merit and that they named the wrong party for months before dismissing Third Party Defendant. Moreover, even when Petitioners ultimately dismissed their action, they persisted in their position that they were not required to pay Third Party Defendant's attorney's fees and costs. This is not the sort of case contemplated by Rule 11 in which the safe harbor provision precludes the recovery of sanctions. The Advisory Committee Comments to Rule 11 provide:

> They [Rule 11 motions] should not be employed as a discovery device or to test the legal sufficiency or efficacy of the allegations in the pleading; other motions are available for these purposes. Nor should Rule 11 motions be prepared to emphasize the merits of a party's position, to exact an unjust settlement, to intimidate an adversary into withdrawing contentions that are fairly debatable, to increase the cost of litigation, . . . .

The instant motion for sanctions does not fall into any of the above characterizations. It cannot be construed as a motion to challenge the sufficiency of Petitioners' allegations, as a measure to exact an unjust settlement or as any other improper device. It is undisputed that Petitioners knew that they named the wrong party. That issue is not debatable. Moreover, public records would have verified that knowledge. Nevertheless, Petitioners persisted in maintaining Third Party Defendant in the suit until finally dismissing it months later. Petitioners still persist in refusing to pay for any of the attorneys' fees and expenses which they alone forced Third Party

Defendant to incur. The only equitable and just solution is to impose sanctions based on the conduct of Petitioners' counsel. Additionally, sanctions may be ordered, irrespective of the Safe Harbor provision, if the court, on its own initiative, enters an order describing the offending conduct and directing the offending parties to show cause why Rule 11 has not been violated. Fed. R. Civ. P. 11(c)(1)(B).

## IV.
### THIRD PARTY DEFENDANT HAS INCURRED ADDITIONAL EXPENSES AND ATTORNEYS' FEES IN REPLYING TO PETITIONERS' MEMORANDUM

Sanctions may include payment to the movant for some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation. FED. R. CIV. P. 11(c)(2). Moreover, "[i]f warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." FED. R. CIV. P. 11(c)(1)(A). Third-Party Defendant has incurred $425.00 in attorney's fees in preparation of its Motion for Sanctions and $1400 in attorney's fees in reviewing Petitioners' Memorandum in Opposition to sanctions and in preparation of this Reply to Petitioners' Memorandum (*See* Exhibit C, Affidavit of David Crago; Exhibit D, billing record of Robert Clore). Third Party Defendant prays that this Court include this amount in its award of sanctions.

### **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Third Party Defendant would request that this Court grant its motion for sanctions and award Third Party Defendant, attorney's fees in the amount of $7,307.50 in attorney's fees, and $888.12 in costs. Third Party Defendant further prays that this Court award it attorney's fees in the amount of $425.00 in preparation of its Motion for Sanctions and $1400.00 for preparation of this

Reply. Thus, Third Party Defendant prays for attorneys' fees in the total amount of $9132.50, and $888.12 in costs. Third Party Defendant prays for further relief, in law and equity, to which it may be entitled.

                                                  Respectfully submitted,

                                                  BRIN & BRIN, P.C.
                                                  1202 Third Street
                                                  Corpus Christi, Texas 78404
                                                  (361) 881-9643
                                                  (361) 883-0506 Facsimile

By: _____

                                                  DAVID H. CRAGO
                                                  Attorney In Charge
                                                  State Bar No. 04975260
                                                  Federal I.D. No. 13868
ATTORNEYS FOR DEFENDANT
A.G. HILL POWER, INC. NOW
KNOWN AS JHB ENTERPRISES, INC.

## VERIFICATION

THE STATE OF TEXAS           §

COUNTY OF NUECES             §

BEFORE ME, the undersigned authority, on this day personally appeared David H. Crago, who, being by me first duly sworn, on oath, stated that he is one of the attorneys of record for and a duly authorized agent of Defendant, that he is fully competent and authorized to make this Affidavit, that the underlying facts and copies of pleadings, discovery responses and other exhibits attached upon which the foregoing Reply to Memorandum of Petitioners in Opposition to Motion for Sanctions are based within the personal knowledge of the Affiant, are true and correct.

BY: _____
David H. Crago

SUBSCRIBED AND SWORN TO BEFORE ME, by the said David H. Crago, who is personally known by me, on the 11th day of April, 2005, to certify which witness my hand and official seal.

_____
Notary Public, State of Texas

SYCILE MORRIS
Notary Public
STATE OF TEXAS
My Comm. Exp. 07-01-2006

## **CERTIFICATE OF SERVICE**

      I certify that I mailed a copy of the foregoing by certified U.S. Mail, return receipt requested, on this \_\_11\_\_ day of April, 2005.

| | |
|---|---|
| Watts Law Firm, L.L.P.<br>Ray R. Marchan<br>1926 E. Elizabeth<br>Brownsville, TX  78520 | S. Mark Strawn<br>Schirrmeister Ajamie<br>Pennzoil Place – South Tower<br>711 Louisiana, Ste 2150<br>Houston, TX  77002 |
| Jim Hart<br>Williams Bailey Law Firm, L.L.P.<br>8441 Gulf Freeway, Suite 600<br>Houston, TX  77017 | Heriberto "Eddie" Medrano<br>Law Offices of Heriberto "Eddie" Medrano<br>1101 West tyler<br>Harlingen, TX  78550 |
| John David Franz<br>The Law Office of John David Franz<br>400 N. McColl<br>McAllen, TX  78501 | J. Chad Gauntt<br>Gauntt & Kruppstadt, L.L.P.<br>9004 Forest Crossing Dr., Suite C<br>The Woodlands, TX  77381 |
| Steve Q. McManus<br>Law Offices of McManus & Crane, L.L.P.<br>209 W. Juan Linn<br>P.O. Box 2206<br>Victoria, TX  77902-2206 | Julian Rodriguez, Jr.<br>Attorney at Law<br>10113 N. Tenth, Suite C<br>McAllen, TX 78504 |
| Richard Leo Harrell<br>The Edwards Law Firm, L.L.P.<br>Frost Bank Plaza, Ste 2100<br>Corpus Christi, TX  78403-0480 | Raymond Thomas and<br>Andres Gonzalez, Jr.<br>Kittleman, Thomas, Ramirez & Gonzalez, PLLC<br>4900 B. North 10th Street<br>McAllen, Texas 78504 |
| James B. Manley, P.C.<br>200 William Barnett<br>Cleveland, TX 77327 | Will W. Pierson<br>Royston, Rayzor, Vickery & Williams<br>1700 Wilson Plaza West<br>606 N. Carancahua |

| | |
|---|---|
| | Corpus Christi, TX  78476 |
| Kieth N. Uhles<br>James H. Hunter, Jr.<br>Royston, Rayzor, Vickery & Williams, L.L.P.<br>55 Cove Circle<br>P.O. Box 3509<br>Brownsville, TX  78523-3509 | Les Cassidy<br>Woolsey & Cassidy, P.C.<br>1020 Bank of America<br>500 North Water Street<br>Corpus Christi, TX  78471 |
| Glenn Goodier<br>Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.<br>201 St. Charles Avenue – 48th Floor<br>New Orleans, LA  70170-5100 | Geoffrey Amsel<br>1010 N. St. Mary's Street, Room 1403<br>San Antonio, TX  78215 |
| Juan A. Magallanes<br>Magallanes, Hinojosa & Mancias, P. C.<br>1713 Boca Chica Blvd.<br>Brownsville, TX  78520 | Mark Spansel<br>Jack Gilbert<br>Margie Manzano Corbett<br>Office of the Attorney General<br>Transportatioin Division<br>P.O. Box 12548<br>Austin, TX 78711-2548 |
| Daryl G. Dursum<br>Adams & Reese, L.L.P.<br>4400 One Houston Center<br>1221 McKinney<br>Houston, TX  77010 | Frank Enriquez<br>Roberto d. Puente<br>Law Offices of Frank Enriquez<br>4200 B North Bicentennial<br>McAllen, TX  78504 |
| Veronica Farias<br>Law Offices of Veronica Farias<br>2854 Boca Chica<br>Brownsville, TX  78521 | |

_____
DAVID H. CRAGO