## AFFIDAVIT OF DAVID H. CRAGO

THE STATE　§
　　　　　　　§
OF TEXAS　　§

　　BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared David H. Crago, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

　　"My name is David H. Crago. I am over the age of eighteen years. I have never been convicted of a felony or a misdemeanor involving moral turpitude. I am in all respects competent to make this affidavit. I have personal knowledge of each of the facts and statements I have made herein. I swear that each of the statements I have made herein is true and correct."

　　"I am the attorney representing JHB Enterprises, Inc. in the third-party action brought by American Commercial Lines, LLC, American Commercial Barge Line, LLC, Deere Credit, Inc. (formerly Senstar Finance Company), as Owner of the Barge NM-315, State Street Bank and Trust Company of Connecticut, N.A., as Owner/Trustee of the Barge ACL-9933B and Not in Its Individual Capacity, General Electric Capital Corporation, as Beneficial Owner of the Barge ACL-9933B, Brown Water Marine Service, Inc. and Brown Water Towing I, Inc., Inc in the United States District Court for the Southern District of Texas, Brownsville Division. As a result of the third-party action filed against my client, I along with various individuals and my law firm have been required to perform substantial legal services in protecting my client."



"I have reviewed the billing in this case and testify as follows: The Brin & Brin Billing Slip Listing Records attached as Exhibit B to Third Party Defendant's Reply to Petitioners' Memorandum in Opposition to Motion for Sanctions is a true and correct copy of the billing and cost records for work performed by various attorneys in defense of JHB Enterprises, Inc. from November 4, 2004 until February 9, 2005. The amount of attorney's fees and costs has increased from Third Party Defendant's initial motion for sanctions due to the failure of the Accounting Section at Brin & Brin, P.C. to include certain billing slips in their initial calculations."

"Additionally, the invoice of Robert W. Clore for the weeks of March 28, 2005 and April 4, 2005, is a true and correct copy of Mr. Clore's billing records for work performed in preparation of Third Party Defendant's Reply to Petitioners' Memorandum in Opposition of Sanctions."

"As the attached billing records from Brin & Brin, P.C. reflect, I performed 16.1 hours of work in defending my client in the third-party action. My billing rate in this case is $150.00 per hour. Thus, my attorney's fees in representing JHB Enterprises, Inc. in the above mentioned litigation for this period are $2415.00. This amount and the work performed are reasonable and necessary."

"Floyd Brown, another member of my firm, Brin & Brin, P.C., performed 8.7 hours of work from November 4, 2004 until February 9, 2005 in defending JHB Enterprises, Inc. in the third-party action. His billing rate in this case is $150.00 per hour. Thus, his attorney's fees in representing JHB Enterprises, Inc. in the above mentioned litigation for this period are $1305.00. This amount and the work performed are reasonable and necessary."

"Thomas F. Nye, another member of my firm, Brin & Brin, P.C. performed 1.3 hours of work from November 4, 2004 until February 9, 2005 in defending JHB Enterprises, Inc. in the third-party action. His billing rate in this case is $150.00 per hour. Thus, his attorney's fees in representing JHB Enterprises, Inc. in the above mentioned litigation for this period are $195.00. This amount and the work performed are reasonable and necessary."

"Thomas Sullivan, another member of my firm, performed .2 hours of work from November 4, 2004 until February 9, 2005 in defending JHB Enterprises, Inc. in the third-party action. His billing rate in this case is $150.00 per hour. Thus, his attorney's fees in representing JHB Enterprises, Inc. in the above mentioned litigation for this period are $30.00. This amount and the work performed are reasonable and necessary."

"Robert W. Clore, an attorney hired by my firm, Brin & Brin, P.C. to assist in this case, performed 26.9 hours of work from November 4, 2004 until February 9, 2005 in defending JHB Enterprises, Inc. in the third-party action. His billing rate in this case is $125.00 per hour. Thus, his attorney's fees in representing JHB Enterprises, Inc. in the above mentioned litigation for this period are $3,362.50. This amount and the work performed are reasonable and necessary."

"The total amount of attorney's fees incurred by JHB Enterprises, Inc. from November 4, 2004 until February 9, 2005 in defense of the third-party action is $7,307.50. This amount is based on 53.2 hours of work. This amount and the work performed are reasonable and necessary."

"Additionally, as set forth in the attached billing records, $888.12 in costs was expended by Third-Party Defendant in defending this third-party action. This amount is reasonable and necessary."

"Robert W. Clore performed 3.4 hours of work in preparing Third-Party Defendant's Motion for Sanctions. At his billing rate of $125.00 per hour, his attorney's fees in preparing this motion are $425.00. This amount and the work performed are reasonable and necessary."

"Finally, Robert W. Clore performed 11.2 hours of work in reviewing Petitioners' Memorandum in Opposition to Motion for Sanctions and in preparing Third Party Defendant's Reply to Petitioners' Memorandum in Opposition to Motion for Sanctions. At his billing rate of $125.00 per hour, his attorney's fees in preparing this Reply are $1400.00. This amount and the work performed are reasonable and necessary."

"Further, this affiant sayeth not."

_____
David H. Crago

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the _11th_ day of ~~February,~~ April 2005, to witness my hand and official seal of office.

_____
Notary Public in and for
The State of Texas

Print Name: Sycile Morris
My Commission Expires: 7-1-2006

SYCILE MORRIS
Notary Public
STATE OF TEXAS
My Comm. Exp. 07-01-2006

Robert W. Clore
3747 Denver #4
Corpus Christi, Texas 78411

Invoice for Weeks of March 28th and April 4th, 2005

Hours:          11.2
Rate:           $125.00/hour
Total fees:     $1400


Date:           3/30/05
Case Style:     Harris v. A.G. Hill Power (federal court/Dave Crago)
Hours:          .9
Work Performed: Reviewed Plaintiff's Memorandum of Petitioners in Opposition to Motion for Sanctions of a Third Party Defendant A.G. Hill; reviewed Local Rules for deadline for response to motions; conference with Dave Crago regarding reply to memorandum of Petitioners in Opposition to Motion for Sanctions.

Date:           4/1/05
Case Style:     Harris v. A.G. Hill (fed ct.)
Hours:          .6
Work Performed: Searched for federal cases applying Local Rule that responses to motions are due within 20 days of filing of motion and stating that late response means the motion is undisputed; reviewed date motion filed and memorandum filed by Petitioners.


Date:           4/1/05
Case Style:     Harris v. A.G. Hill (fed ct.)
Hours:          1.2
Work Performed: File review in preparation for reply to Petitioner's Memorandum in Opposition to Motion for Sanctions.


Date:           4/6/05
Case Style:     Harris v. A.G. Hill
Hours:          .4
Work Performed: Correspondence with Secretary of State regarding proof that A.G. Hill was assumed name of First South Utility as of 1996 and that such information was and is public record.


EXHIBIT D

Date:           4/6/05
Case Style:     Harris v. A.G. Hill
Hours:          1.2
Work Performed: Researched requirement that a plaintiff investigate its claim and investigate the parties against whom the claim is asserted in preparation for reply to Petitioner's memorandum in opposition to motion for sanctions.

Date:           4/6/05
Case Style:     Harris v. A.G. Hill
Hours:          .9
Work Performed: Additional file review in preparation for reply to Petitioner's memorandum in opposition of motion for sanctions.

Date:           4/6/05
Case Style:     Harris v. A.G. Hill
Hours:          1.3
Work Performed: Drafted section of reply to Petitioner's memorandum arguing that Petitioners failed to properly investigate facts before filing suit and explaining that First South Utility's assumption of A.G. Hill's name was public record with the Secretary of State

Date:           4/6/05
Case Style:     Harris v. A.G. Hill
Hours:          1.2
Work Performed: Researched whether a plaintiff can voluntarily dismiss a suit after an answer is on file without the approval of the defendant; researched safe harbor provision of Rule 11.

Date:           4/7/05
Case Style:     Harris v. A.G. Hill
Hours:          .7
Work Performed: Researched and distinguished cases cited by Petitioners for proposition that one attorney can rely on the factual investigation of another attorney.

Date:           4/7/05
Case Style:     Harris v. A.G. Hill
Hours:          1.4

Work Performed:   Drafted and prepared section of reply to memorandum arguing that Third Party Defendant established its right to attorneys' fees and correcting Petitioners' mischaracterization of sequence of events leading up to dismissal.

Date:            4/7/05
Case Style:      Harris v. A.G. Hill
Hours:           .5
Work Performed:  Drafted and prepared section of reply to memorandum explaining additional expenses incurred in preparing reply to memorandum.


Date:            4/8/05
Case Style:      Harris v. A.G. Hill
Hours:           .9
Work Performed:  Reviewed and edited reply to memorandum in opposition to motion for sanctions.