United States District Court
Southern District of Texas
FILED

APR 2 0 2005

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | C. A. NO. B-01-157<br>Admiralty<br><br><br><br><br>Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES, LLC AS OWNER, AND AMERICAN COMMERCIAL BARGE LINES, LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | C. A. NO. B-02-004<br>Admiralty<br><br><br><br>Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF DEERE CREDIT, INC., (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315, AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | C. A. NO. B-02-125<br>Admiralty |

## ANSWER

NOW INTO COURT, through undersigned counsel, come Petitioners, American Commercial Barge Lines LLC ("ACBL"), American Commercial Lines LLC ("ACL"), Deere Credit, Inc. (formerly Senstar Finance Company), as Owner of NM-315 ("Deere Credit"), State Street Bank and Trust Company of Connecticut, National Association, as Owner Trustee of the ACL-9922B and Not in Its Individual Capacity ("State Street Bank"), and General Electric

Capital Corporation, as Beneficial Owner of the ACL-9933B ("GE Capital"), who aver as

follows for their defenses and answer to third party defendant Cameron County's Action for

Declaratory Judgment:

## FIRST DEFENSE

The action for declaratory judgment submitted on behalf of Cameron County fails to state

a cause of action and/or claim upon which relief can be granted and Cameron County has no

right of action. Moreover, the exoneration of American Commercial Lines LLC, Deere Credit,

State Street Bank and GE Capital is unopposed by all claimants.

## SECOND DEFENSE

Cameron County's action for declaratory judgment is barred by the restraining orders

issued by this Court which require all parties asserting claims against any Petitioners seeking

exoneration from or alternatively limitation of liability from the Queen Isabella Causeway

incident occurring on September 15, 2001 to file claims in the instant proceedings for

determination by this Court sitting in admiralty pursuant to 28 U.S.C. §1333, Rule 9(h) of the

Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty

and Maritime Claims, all as set forth herein in undersigned Petitioners' Original Complaints and

related pleadings filed in Civil Action No. B-02-004 and Civil Action No. B-02-125, which

Complaints and pleadings are copied herein in extenso and pleaded in defense to Cameron

County's action for declaratory judgment, including the order dated January 31, 2002 and

entered on February 1, 2002, Record Document 9, Civil Action B-02-004, which at Article V

stays and restrains prosecution of any other claims against Petitioners until hearing and

determination of this proceeding.

## **THIRD DEFENSE**

Cameron County's action for declaratory judgment and/or any relief predicated upon the Texas Tort Claims Act is preempted inasmuch as this case involves a collision occurring on navigable waters of the United States and falls within the Court's Admiralty and Maritime jurisdiction, 28 U.S.C. §1333.  With admiralty jurisdiction comes the application of the General Maritime Law of the United States as opposed to state law.  See, e.g., Sisson v. Ruby, 497 U.S. 358, 110 S.Ct. 2892 (1990), and Grubart v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 115 S.Ct. 1043 (1995).

## **FOURTH DEFENSE**

NOW FURTHER ANSWERING, should further answer be deemed necessary, Petitioners aver as follows:

I.

Except to admit that Brown Water Towing I, Inc. and Brown Water Marine Service, Inc. are Petitioners in Civil Action No. B-01-157 and that American Commercial Lines, LLC and American Commercial Barge Lines, LLC are Petitioners in Civil Action No. B-02-004 and that Deere Credit, Inc. (formerly Senstar Finance Company), as Owner of the Barge NM-315 and State Street Bank and Trust Company of Connecticut, National Association, as Owner Trustee of the Barge ACL-9933B and Not in Its Individual Capacity, and General Electric Capital Corporation, as Beneficial Owner of the Barge ACL-9933B are Petitioners in Civil Action No. B-02-125, the allegations of Article I describe pleadings contained in the record herein which are the best evidence of the terms of those pleadings and the identification of the various claimants herein require no answer, but if an answer is required, they are admitted to the extent that the

allegations of Article I accurately list all claimants in these proceedings, otherwise they are denied.

## II.

The allegations of Article II state legal conclusions and require no answer, but if an answer is required, it is admitted that this Court has subject matter jurisdiction pursuant to the Court's Admiralty and Maritime jurisdiction, 28 U.S.C. §1333, and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and all remaining allegations are denied.

## III.

The allegations of Article III describe various pleadings and procedural matters and require no answer, but to the extent that an answer is required, they are admitted to the extent that Cameron County has accurately described the procedural posture of the case, otherwise they are denied.

## IV.

The allegations of Article IV are denied.

## V.

The allegations of Article V are denied, including the Article captioned "Argument and Authorities" and "A. Occurrence."

## VI.

The allegations of the Article captioned "B" "The Causeway collapse was a separate occurrence" are denied.

## VII.

The allegations of Article VI are denied.

WHEREFORE, Petitioners, American Commercial Barge Lines LLC, American Commercial Lines LLC, Deere Credit, Inc. (formerly Senstar Finance Company), as Owner of NM-315, State Street Bank and Trust Company of Connecticut, National Association, as Owner Trustee of the ACL-9922B and Not in Its Individual Capacity, and General Electric Capital Corporation, as Beneficial Owner of the ACL-9933B, pray that the above and foregoing defenses may be deemed good and sufficient and that after due proceedings have been had, that third party defendant Cameron County's action for declaratory judgment against Petitioners be dismissed, with prejudice, at the sole cost and expense of Cameron County. Petitioners further pray for all other relief which the justice of the cause requires and for the relief prayed for in their Original Complaint filed in Civil Action Nos. B-02-004 and B-02-125, together with all other general and equitable relief.

Respectfully submitted,

GLENN G. GOODIER, Attorney-in-Charge
Admitted *Pro Hac Vice*
By Order Entered 4/23/02
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:    (504) 582-8174
Facsimile:    (504) 582-8010


LES CASSIDY
State Bar Number 03979270
Federal Identification Number 5931
814 Leopard Street
Corpus Christi, Texas  78401
Telephone:    (361) 887-2969
Facsimile:    (361) 887-6251

OF COUNSEL:

WOOLSEY & CASSIDY, P.C.
814 Leopard Street
Corpus Christi, Texas  78401
Telephone:    (361) 887-2969
Facsimile:    (361) 887-6251

Counsel for Petitioners,
American Commercial Lines LLP and
American Commercial Barge Line LLC
Deere Credit, Inc. (formerly Senstar Finance
Company), as Owner of the Barge NM-315,
State Street Bank and Trust Company of
Connecticut, N.A., as Owner/Trustee of the Barge
ACL-9933B and Not in Its Individual Capacity, and
General Electric Capital Corporation, as Beneficial
Owner of the Barge ACL-9933B

{N1277222.1}                                      6

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 19th day of April, 2005, served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing the same by United States Mail, properly addressed and first class postage prepaid.

GLENN G. GOODIER