United States District Court
Southern District of Texas
FILED

APR 2 0 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § | C. A. NO. B-01-157 Admiralty |
| | § § § | Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES LLC AS OWNER, AND, and AMERICAN COMMERCIAL BARGE LINES, LLC, AS CHARTERER OF THE BARGES NM-315,VLB-9182,ACL-9933B, VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § | C. A. NO. B-02-004 Admiralty


and |
| IN RE THE COMPLAINT AND PETITION OF DEERE CREDIT, INC., (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315 AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | § § § § § § § § § § § § § § § | C.A. NO. B-02-125 Admiralty |

<u>PETITIONERS BROWN WATER MARINE SERVICE, INC. AND BROWN WATER TOWING I, INC.'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT</u>

COME NOW, the Petitioners, Brown Water Marine Service, Inc. and Brown Water Towing I, Inc., and file this their Response to Cameron County's Motion for Summary Judgment and show the Court as follows:

# I.
# INTRODUCTION

1. This is an admiralty case that arose following the allision of a tug and four barges with the Queen Isabella Causeway in September 2001.

2. Following the allision, pursuant to federal law, the tug and barges initiated limitation of liability proceedings in this Court seeking exoneration from liability or to limit their respective liability, if any, for damages that may have occurred as a result of the allision.

3. Petitioners filed a Third-Party Complaint against Cameron County, alleging that Cameron County bore some fault for the damages because it was responsible for maintaining lights on the causeway that were not properly working on the night of the allision.

4. Cameron County has filed a Motion for Summary Judgment against Petitioners claiming that Petitioners' Third-Party Complaint should be dismissed because the facts pled therein do not invoke a waiver of sovereign immunity under the Texas Tort Claims Act.

# II.
# INTRODUCTION

Cameron County's Motion for Summary Judgment fails because Petitioners' claims are for contribution under admiralty law, thus Cameron County's state law sovereign immunity defense cannot be invoked as a defense. Notwithstanding the inapplicability of Cameron County's sovereign immunity defense, the facts pled in this case are sufficient to invoke a waiver of immunity under TTCA pursuant to the Federal Rules of Civil Procedure. Alternatively, if the court finds that Petitioners must state a cause of action that invokes the TTCA and has not stated such a cause of action, Petitioners should be permitted leave to amend their Third-Party

Complaint.

### III.

### ARGUMENT

**A. The TTCA limitations do not apply.**

Cameron County's sovereign immunity is granted under Texas common law. *See Turvey v. City of Houston*, 602 S.W.2d 517, 519 (Tex 1980). Although TTCA creates no cause of action, it provides a limited waiver of liability to Cameron County's sovereign immunity. TEX. CIV. PRAC. & REM. CODE § 101 *et seq.*

The underlying is a limitation of liability proceeding exclusively within the Court's admiralty jurisdiction. *See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 545 (1995); *Sisson v. Ruby*, 497 U.S. 358, (1990). Through the Third-Party Complaint, Petitioners are seeking "contribution and indemnity from Cameron County." As such, Petitioners' claims arise under federal maritime tort law in that the admiralty law's apportionment of fault scheme applies. *See United States v. Reliable Transfer Co.*, 421 U.S. 397 (1975). Thus, federal maritime law rather than TTCA controls the Court's decision in this case.

Courts in admiralty rely upon federal maritime common law, instead of state law, in assessing claims of sovereign immunity. *Workman v. New York City*, 179 U.S. 552, 21 S. Ct. 212, 45 L. Ed. 314 (1900). Under admiralty law, "it is well established that a political subdivision of the state may not invoke sovereign immunity as a defense against maritime tort claims." *Connone v. Transport Desgagnes, Inc.*, 976 F.Supp. 1111, 1112 (N.D. Ohio 1996); *Principe Compania Naviera, S.A. v. Board of Commisioners*, 333 F.Supp. 353, 355-56 (E.D. La. 1971). Because admiralty law prohibits the application of Cameron County's sovereign

49477>3019581-1    3

immunity in this case, TTCA's limitations do not apply.

**B. Insofar as TTCA applies, Petitioners have a contribution claim**

Although sovereign immunity is inapplicable in this case, the facts of the claim clearly put this within the class of cases in which TTCA waives Cameron County's immunity. In fact, the Texas Supreme Court has addressed the question of whether or not Cameron County's failure to maintain and operate lights on the Queen Isabella Causeway can give rise to a cause of action under the limitations of TTCA. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002).[1] In their Third-Party Claims Petitioners allege that Cameron County was responsible for maintaining lights on the Queen Isabella Causeway, that Cameron County failed to maintain the lights, that such failure was negligence and/or negligence per se that caused or contributed to the allision and/or the injuries and deaths alleged in claims against Petitioners. In essence, Cameron County's Motion for Summary Judgment appears to complain that sufficient facts were not pled to support a claim allowed by the TTCA. A similar claim was made by the State of Texas in *Brown*, and the Texas Supreme Court interpreting more straight state pleading requirements

---

[1] In *Brown*, a driver lost control of his car on the Queen Isabella Causeway. *Id.* When he attempted to exit the car through its sunroof, he was struck by another car and killed. *Id.* His survivors sued Cameron County alleging that the county failed to maintain the streetlights. *Id.* The Court "granted review to consider whether the plaintiffs' claims fall within the Tort Claims Act's sovereign-immunity waiver" *Id.* The Court found that the elements of a claim under the Tort Claims Act existed and refused to dismiss the claim. Coincidentally, the Court also found that although the elements of the claim were not stated in the plaintiffs' pleadings, the plaintiffs should have been afforded the opportunity to replead.

49477>3019581-1                                                        4

simply required the Plaintiffs to replead with more specificity.[2] However, this case is governed by the more liberal pleading requirements of the Federal Rules of Civil Procedure, and Petitioners' pleading must only meet the dictates of notice pleading. FED. R. CIV. P. 8. Under the Federal Rules of Civil Procedure, Petitioners do not have to plead that an employee, a motor vehicle or a premises defect was involved in order to invoke the waiver of TTCA, although, each was involved. Alternatively, in the event that Petitioners must plead such facts, it should be permitted an opportunity to amend its pleadings.[3]

IV.

CONCLUSION

Cameron County's Motion for Summary Judgment should be dismissed because it is premised on a claim of sovereign immunity that is inapplicable in an admiralty proceeding such as the underlying action. Further, even if Petitioners' actions were required to meet the requirements of TTCA, such requirements have been met. Alternatively, if Petitioners are required to plead additional facts, they should be permitted the opportunity to amend their pleadings.

WHEREFORE, the Petitioners, Brown Water Marine Service, Inc. and Brown Water Towing I, Inc., request that this Court enter an order denying Cameron County's Motion for Summary Judgment. The Petitioners also request all other relief to which they may be entitled at law, equity, or in admiralty.

---

[2] Cameron County's Motion included no supporting affidavits affirmatively stating that the elements needed for TTCA waiver were not present.

[3] Cameron County did not move for a more definite statement before bringing this motion.

49477>3019581-1                                   5

Respectfully submitted,

*[signature]*

Mr. Will W. Pierson
State Bar No. 15534600
Federal I.D. 1931
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas 78476
(361) 884-8808
(361) 884-7261 Facsimile

Keith N. Uhles
State Bar No. 20371100
Fed I. D. No. 1936
55 Cove Circle
Brownsville, Texas 78521
(956) 542-4377
(956) 542-4370
Attorney for Petitioners,
Brown Water Towing I, Inc. and Brown Water Marine Service, Inc.

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was forwarded to the below listed counsel by facsimile on this _20th_ day of April, 2005.

**VIA TELEFAX (956) 541-1893
AND CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

Ms. Eileen M. Leeds
Willette & Guerra, LLP
1534 E 6th Street, Suite 200
Brownsville, Texas 78520

**VIA REGULAR MAIL**
Mr. Thomas E. Quirk
Aaron & Quirk
901 N.E. Loop 410, Suite 903
San Antonio, Texas 78209-1307

Mr. J. A. Magallanes
Mr. Carlos Escobar
Magallanes, Hinojosa & Mancias, P.C.
1713 Boca Chica Blvd.
Post Office Box 4901
Brownsville, Texas 78520

Mr. Ray R. Marchan
Watts Law Firm
1926 E. Elizabeth
Brownsville, Texas 78520

Mr. Raymond Thomas
Mr. Andres Gonzalez
Kittleman, Thomas, Ramirez & Gonzales
4900-B North 10th Street
McAllen, Texas 78504

Mr. Richard Leo Harrell
The Edwards Law Firm, L.L.P.
802 N. Carancahua, Suite 1400 (78470)
P.O. Box 480
Corpus Christi, Texas 78403-0480

Mr. Heriberto Medrano
Law Offices of Heriberto Medrano
2009 East Harrison, Suite B
Harlingen, Texas 78550

Mr. Michael Ratliff
Office of the Attorney General
Transportation Division
Post Office Box 12548
Austin, Texas 78711-2548

Mark J. Spansel
Adams & Reese, L.L.P.
701 Poydras, Suite 4500
One Shell Square
New Orleans, LA 70139

Mr. James B. Manley, P.C.
200 William Barnett
Cleveland, Texas 77327

Mr. John David Franz
The Law Offices of John David Franz
400 N. McColl
McAllen, Texas 78501

Mr. J. Chad Gauntt
Gauntt & Kruppstadt, L.L.P.
1400 Woodlock Forest Dr., Suite 575
The Woodlands, Texas 77380

Mr. William Q. McManus
Mr. Steve Q. McManus
McManus & Crane, L.L.P.
209 West Juan Linn
Post Office Box 2206
Victoria, Texas 77902-2206

49477>3019581-1                           7

| | |
|---|---|
| Les Cassidy<br>Cassidy & Raub<br>814 Leopard Street<br>Corpus Christi, Texas 78471 | Mr. Frank Enriquez<br>Mr. Robert Puente<br>Law Offices of Frank Enriquez<br>4200-B North Bicentennial<br>McAllen, Texas 78504 |
| Ms. Veronica Farias<br>Law Office of Veronica Farias<br>2854 Boca Chica Blvd.<br>Brownsville, Texas 78521 | Mr. Geoffrey Amsel<br>SBC Management Services<br>175 East Houston Street, 4th Floor<br>San Antonio, Texas 78205 |
| Mr. Thomas R. Ajamie<br>Mr. S. Mark Strawn, Esq.<br>Ajamie, L.L.P.<br>Pennzoil Place-South Tower<br>711 Louisiana Street, Suite 2150<br>Houston, Texas 77002 | Mr. Glenn G. Goodier<br>Jones, Walker, Waechter, Poitevent, Carrere<br>  & Denegre, L.L.P.<br>201 St. Charles Ave., 48th Floor<br>New Orleans, LA 70170-5100 |
| Mr. Julian Rodriguez, Jr.<br>Julian Rodriguez, Jr. & Associates, P.C.<br>10113 N. 10th Street, Suite C<br>McAllen, Texas 78504 | David H. Crago<br>Brin & Brin, P.C.<br>1202 Third Street<br>Corpus Christi, Texas 78404 |
| Mr. Jim S. Hart<br>Ms. Nejd Yaziji<br>Williams Bailey Law Firm, L.L.P.<br>8441 Gulf Freeway, Suite 600<br>Houston, Texas 77017 | Pamela St. John<br>Legal Department<br>175 East Houston, 4th Floor<br>San Antonio, Texas 78205 |

_[signature]_

Of Royston, Rayzor, Vickery & Williams, L.L.P.