

APR 21 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | C. A. NO. B-01-157<br>Admiralty<br><br><br><br>Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES, LLC AS OWNER, AND AMERICAN COMMERCIAL BARGE LINES, LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | C. A. NO. B-02-004<br>Admiralty<br><br><br><br>Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF DEERE CREDIT, INC., (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315, AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | C. A. NO. B-02-125<br>Admiralty |

**PETITIONERS' MEMORANDUM IN OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT OF CAMERON COUNTY**

MAY IT PLEASE THE COURT:

Petitioners, American Commercial Barge Lines LLC ("ACBL"), American Commercial Lines LLC ("ACL"), Deere Credit, Inc. (formerly Senstar Finance Company), as Owner of NM-315 ("Deere Credit"), State Street Bank and Trust Company of Connecticut, National

{N1277906.1}

Association, as Owner Trustee of the ACL-9922B and Not in Its Individual Capacity ("State Street Bank"), and General Electric Capital Corporation, as Beneficial Owner of the ACL-9933B ("GE Capital"), respectfully submit the following Memorandum in Opposition to Cameron Country's Motion for Summary Judgment together with the proposed Order attached hereto as Exhibit 1.

The instant proceedings are consolidated actions for exoneration from and alternatively limitation of liability pursuant to the Limitation of Liability Act, 46 U.S.C. app. §181, et seq. An exoneration/limitation action is a unique and special maritime proceeding cognizable exclusively under the Court's Admiralty and Maritime jurisdiction, 28 U.S.C. §1333, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules of Certain Admiralty and Maritime Claims.

With admiralty jurisdiction, comes application of the General Maritime Law of the United States to the exclusion of state law. See, e.g., Sisson v. Ruby, 497 U.S. 358, 110 S.Ct. 2892 (1990), and Grubart v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 115 S.Ct. 1043 (1995). This is not a diversity action and Petitioners submit that Texas state law, including the Texas Tort Claims Act, would not be applicable. Moreover, the Court has previously determined Cameron County has no sovereign immunity defense because it is a county. See Rec. Doc. 368.

ACL and Deere Credit, State Street Bank and GE Capital previously filed motions for summary judgment to be exonerated. See Rec. Docs. 305 and 308, respectively. No party opposes the exoneration by summary judgment of ACL and Deere Credit, Senstar, State Street Bank and GE Capital, and these Petitioners have requested that the Court enter an exoneration decree in their favor. See Rec. Docs. 308, 309 (and Exhibit 1 thereto) and 361. See also Rec. Docs. 305, 307 (and Exhibit 1 thereto) and 362.

Additionally, ACBL has pending its motion for summary judgment for exoneration from all liability. See Rec. Docs. 306 and 307. In the event the Court grants ACBL's motion for summary judgment and exonerates it from all liability, and enters decrees of exoneration in favor of the Petitioners in Civil Action No. B-02-004 and Civil Action No. B-02-125, this may render moot Cameron County's motion for declaratory judgment vis-à-vis these Petitioners.

Petitioners respectfully submit that their Third Party Complaint properly sets forth a claim for relief under the General Maritime Law of the United States, i.e., contribution and alternatively indemnification from a potential third party tort-feasor, complies with Rule 14(c) of the Federal Rules of Civil Procedure and the notice pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Specifically, article IV of the Petitioners' Third Party Complaint and Tender and Cross-Claim against Cameron County, sufficiently sets out Petitioners' claim for relief against Cameron County. See Rec. Doc. 275, at p. 5, a copy of which is attached as Exhibit 3 to Cameron County's Motion for Summary Judgment.

It is well-established that the Federal Rules of Civil Procedure embody the concept of notice pleading. Fair notice of a claim consists of a "short and plain statement" of a claim sufficient to apprise it of the claim asserted against it. See, e.g., Fanguy v. Eastover Country Club LLC, 2002 WL 1888901 at *5 (E.D. La. Aug. 16, 2002). "Fair notice does not require that every element of a legal theory be specifically set forth," and conclusions are acceptable as long as the defendant can understand them. See Dehn v. Amiritech Corp., 2003 WL 22064205 at *2 (E.D. Wis. April 30, 2003).

Under the General Maritime Law, the federal maritime court apportions fault among the parties present in the litigation based upon comparative fault. United States v. Reliable Transfer Co., 421 U.S. 397, 95 S.Ct. 1708 (1975). An exoneration/limitation action is a special maritime

action. It makes sense for all parties to be present in a single proceeding in order for the Court to properly determine exoneration/liability issues, including the fault, if any, of the various parties and to liquidate and disburse the limitation fund if appropriate.

As additional grounds in opposition to the motion for summary judgment, Petitioners adopt and incorporate the response to motion for summary judgment filed by the Brown Water Marine interests together with accompanying authority as if copied herein in extenso, and respectfully request that the motion be denied.

                            Respectfully submitted,

*/s/ Glenn G. Goodier*

GLENN G. GOODIER, Attorney-in-Charge
Admitted *Pro Hac Vice*
By Order Entered 4/23/02
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre, L.L.P.
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:   (504) 582-8174
Facsimile:    (504) 582-8010

LES CASSIDY
State Bar Number 03979270
Federal Identification Number 5931
814 Leopard Street
Corpus Christi, Texas 78401
Telephone:   (361) 887-2969
Facsimile:    (361) 887-6251

OF COUNSEL:

WOOLSEY & CASSIDY, P.C.
814 Leopard Street
Corpus Christi, Texas 78401
Telephone:   (361) 887-2969
Facsimile:    (361) 887-6251

Counsel for Petitioners,
American Commercial Lines LLP and
American Commercial Barge Line LLC
Deere Credit, Inc. (formerly Senstar Finance Company), as Owner of the Barge NM-315,
State Street Bank and Trust Company of Connecticut, N.A., as Owner/Trustee of the Barge ACL-9933B and Not in Its Individual Capacity, and General Electric Capital Corporation, as Beneficial Owner of the Barge ACL-9933B

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 20th day of April, 2005, served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing the same by United States Mail, properly addressed and first class postage prepaid.

/s/ Glenn G. Goodier
GLENN G. GOODIER

{N1277906.1}                                5