United States District Court
Southern District of Texas
FILED
MAY 0 6 2005
Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC, AS BAREBOAT CHARTERER OF THE BROWN WATER V, ITS ENGINES TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § | C.A. NO. B-01-157<br>Admiralty |
| Consolidated with: | § § | |
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, LLC AS OWNER, AND AMERICAN COMMERCIAL BARGE LINES, LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | § § § § § § § § § § | C.A. No. B-02-004<br>Admiralty |
| Consolidated with: | § § | |
| IN THE MATTER OF DEERE CREDIT, INC.,(FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315 AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | § § § § § § § § § § § § § § § § § | C.A. NO. B-02-125<br>Admiralty |

### THIRD-PARTY DEFENDANT CAMERON COUNTY'S REPLY TO PETITIONERS' RESPONSE TO CAMERON COUNTY'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CAMERON COUNTY, Third-Party Defendant in the above styled and numbered cause and file this its Reply to Petitioners' Response to Cameron County's Motion for Summary Judgment and would respectfully show unto the Court the following:

### I.
### REPLY ARGUMENT

On April 1, 2005, Third Party Defendant County of Cameron filed its Motion for Summary Judgment asserting its entitlement to governmental immunity. Petitioners have responded.

**1. Applicability of the Texas Tort Claims Act**

Petitioners assert that their claims arise under federal maritime tort law. However, the fact that Petitioners' claims arise under federal maritime law does not preclude the applicability of the Texas Tort Claims Act ("TTCA"). Petitioners cite to a 1900 United States Supreme Court case for the principle that "courts in admiralty rely upon federal maritime common law, instead of state law, in assessing claims of sovereign immunity." *Workman v. New York City*, 179 U.S. 552, 21 S. Ct. 212, 45 L. Ed. 314 (1900). In addition, Petitioners state that "under admiralty law, 'it is well established that a political subdivision of the state may not invoke sovereign immunity as a defense against maritime tort claims.'" *See* Exhibit A, Petitioner Brown Water's Response to Motion for Summary Judgment, page 3, paragraph III (citing *Connone v. Transport Desgagnes, Inc.*, 976 F.Supp. 1111, 1112 (N.D. Ohio 1996) and *Principe Compania Naviera, S.A. v. Board of Commissioners*, 333 F.Supp. 353, 355-56 (E.D. La. 1971)).

While *Workman* stands for the principle that "courts in admiralty rely upon federal maritime common law, instead of state law, in assessing claims of sovereign immunity," the holding in *Workman* does not apply to the case at bar. In *Workman*, the city of New York contended that, "although [the city] had general capacity to stand in judgment, and was therefore subject to the process of a court of admiralty, nevertheless the admiralty court would afford no redress against [the city] for the tort complained of, because under the local law, [the city] as to some of its administrative acts was entitled to be considered as having a dual capacity, one private, the other public or governmental, and as to all maritime wrongs committed in the performance of the latter functions, [the city] should be treated by the maritime law as a sovereign." *Workman*, 179 U.S. at 566. The *Workman* court held that "maritime law affords no justification for [the city's] contention, and no example is found if such law, where one who is subject to suit and amenable to process is allowed to escape liability for the commission of a maritime tort, upon the theory relied upon." *Id.* The *Workman* court conceded, however, that "where maritime torts have been committed by the vessels of a sovereign, and complaint has been made in a court of admiralty, that court has declined to exercise jurisdiction, but this was solely because of the immunity of sovereignty from suit in its own courts." *Id.*

In Workman, as in the other cases cited by Petitioner, the maritime tort was committed by the sovereign claiming immunity. That is not the case at bar. In fact, Petitioners may be suing under admiralty, but the claim asserted against the County of Cameron is not a maritime tort. The claim involves the lighting of the causeway, which purpose is to light the street, not the waterway. The United States Supreme Court has been reluctant to find that admiralty law applies just because of the locality of the accident.

> "[W]e conclude that the mere fact that the alleged wrong occurs or is located on or over navigable waters...is not of itself sufficient to turn an airplane negligence case into a 'maritime tort.' It is far more consistent with the history and purpose of admiralty to require also that the wrong bear a significant relationship to traditional maritime activity. We hold that unless such a relationship exists, claims arising from airplane accidents are not cognizable in admiralty in absence of legislation to the contrary."

*Executive Jet Aviation, Inc. V. City of Cleveland, OH*, 409 U.S. 249, 268, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972). This holding is applicable to this case. The alleged wrong occurred on the Queen Isabella Causeway and arguably on land off the causeway where the controls for the lights are located. There is no "relationship to traditional maritime activity." Thus, the acts alleged by Petitioners are not maritime torts, subject to admiralty law. However, this does not deprive this Court of jurisdiction in an admiralty case over the alleged torts under state law.

The County of Cameron is liable in tort ONLY to the extent that liability has been waived in the TTCA. *Harris County v. Dillard*, 883 S.W.2d 166, 168 (Tex. 1994); *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998); *Campbell v. City of San Antonio*, 43 F.3d 973, 978 (5th Cir. 1995); *Hickman v. U.G. Lively*, 897 F.Supp. 955, 958 (S.D. Tex. 1995). Texas Courts have already visited the applicability of these sections of the TTCA under admiralty law. In *Guillory*, the primary question was whether the limitation of liability and the exclusion of exemplary damages in the TTCA can be applied to an admiralty cause of action. *Port of Houston Auth., et al. v. Guillory*, 814 S.W.2d 119, 123 (Tex.App.–Houston[1st Dist.] 1991, writ granted), *aff'd*, 845 S.W.2d 812 (Tex. 1993) (citing *Trinity River Auth. v. Williams*, 689 S.W.2d 883, 884 (Tex. 1985)). The court held that because the limitations on money damages and the exclusion of exemplary damages are contained in the TTCA, the limitations and exclusion were intended to apply to all causes of action brought under the TTCA, including admiralty causes of action under

maritime law. *Id.* at 123. Similarly, the Fifth Circuit considered whether the notice requirement of the TTCA, TEX. CIV. PRAC. & REM. CODE § 101.101, applied to an admiralty claim, and found that the notice requirement was intended to apply to all claims, including admiralty claims, brought under the TTCA. *Kamani v. Port of Houston Auth.*, 702 F.2d 612, 615 (5th Cir. 1983). Thus, since it has been established that this Court has jurisdiction to exert ancillary jurisdiction over tort claims brought under the TTCA, and the Act can be asserted as a defense in admiralty, Cameron County is entitled to assert its sovereign immunity defenses and applications of the TTCA.

## 2. No Valid Waiver of Immunity

Cameron County enjoys sovereign immunity from tort liability unless immunity has been waived. *See* TEX. CIV. PRAC. & REM. CODE §§101.001(3)(A)-(B), 101.025; *Texas Dep't of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000). The Tort Claims Act provides that

"A governmental unit in the state is liable for:

(1) property damage, **personal injury, and death** proximately caused by **the wrongful act or omission or the negligence of an employee** acting within his scope of employment if:

(A) the property damage, personal injury or death **arises from the operation or use of a motor-driven vehicle or motor-driven equipment**; and

(B) the employee would be personally liable to the claimant according to Texas law; or

(2) **personal injury and death** so caused by a **condition or use of tangible personal or real property** if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE §§101.021 (emphasis added).

Petitioners have plead that Cameron County was negligent in failing to maintain and operate the lights on the Queen Isabella Causeway. "Failure to maintain and operate" is not within the limited waiver of the TTCA. TEX. CIV. PRAC. & REM. CODE §§101.021. Petitioners have not

alleged that an employee was negligent in using a motor driven vehicle or equipment, or in the use of tangible personal or real property. Petitioners allegations do not create a waiver of immunity under the statute.

Petitioners cite to *County of Cameron v. Brown*, 80 S.W.3d 549, 557 (Tex. 2002) for the proposition that Cameron County's failure to maintain and operate the lights on the Queen Isabella Causeway gives rise to a cause of action under the limitations set forth in the TTCA, however, their reading of the case is too broad. That case held that, under the facts plead, the Court believed if given another opportunity to replead the Plaintiffs would be able to plead sufficient facts to overcome a Plea to the Jurisdiction. It held that under the very limited circumstances of that accident, a cause of action for premises liability was plead. The Court did not make any decision as to the merits of the case. Moreover, the case was directed at motorists, not barge operators.

Petitioners have not plead sufficient facts to waive immunity. Moreover, the facts of this case do not support a waiver of immunity and summary judgment is proper.

WHEREFORE, PREMISES CONSIDERED, Third-Party Defendant CAMERON COUNTY prays that this Court grant summary judgment dismissing all claims against it and for all other relief to which it may be entitled at law, in equity or in admiralty.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
1534 East 6th Street, Ste. 200
Brownsville, Texas  78520
Telephone:  (956) 541-1846
Facsimile:  (956) 541-1893

By: _____
Eileen M. Leeds
State Bar No.00791093
USDC Adm. No. 16799

**ATTORNEY FOR THIRD-PARTY DEFENDANT CAMERON COUNTY**

## CERTIFICATE OF CONFERENCE

Pursuant to LR 7.1 D, a certificate of conference is not required.

_____
Eileen M. Leeds

# CERTIFICATE OF SERVICE

I hereby certify that on this the _6th_ day of May 2005, a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record as noted hereunder.

**Via Fax: 361-884-7261**
Mr. Will W. Pierson
Royston, Rayzor, Vickery & Williams, L.L.P.
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, TX 78476
*Atty. for Petitioners/Third-Party Plaintiffs, Brown Water Towing, I, Inc. and Brown Water Marine Service, Inc.*

Mr. Keith Uhles
Royston, Rayzor, Vickery & Williams, L.L.P.
55 Cove Circle
Brownsville, Texas 78521
*Atty for Petitioners/3rd-Party Plaintiffs, Brown Water Towing, I, Inc and Brown Water Marine Serv., Inc*

**Via Fax: 504-582-8010**
Mr. Glenn G. Goodier
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.
201 St. Charles Ave., 48th Floor
New Orleans, LA 70170-5100
*Atty. for American Commercial Lines, LLP, American Commercial Barge Lines, LLC, Deere Credit, Inc. And General Electric Capital Corp.*

Mr. Les D. Cassidy, III
Woolsey & Cassidy, P.C.
1020 Bank of America
500 North Water Street
Corpus Christi, Texas 78471
*Atty. for American Commercial Lines, LLP, American Commercial Barge Lines, LLC, Deere Credit, Inc. And General Electric Capital Corp.*

Mr. David H. Crago
Brin & Brin, P.C.
1202 Third Street
Corpus Christi, Texas 78404
*Atty. For A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc.*

Mr. Jack F. Gilbert
Ms. Margie Manzano Corbett
Office of the Attorney General
Transportation Division
Post Office Box 12548
Austin, Texas 78711-2548
*Attorneys for the State of Texas*

Mr. Daryl G. Dursum
Adams and Reese, LLP
One Houston Center
1221 McKinney St., Suite 4400
Houston, TX 77010-2010
*Attorneys for the State of Texas*

Mr. Mark J. Spansel
Adams and Reese, LLP
701 Poydras St., Suite 4500
New Orleans, LA 70139
*Attorneys for the State of Texas*

Mr. James B. Manley
James B. Manley, P.C.
200 William Barnett
Cleveland, TX 77327
*Atty. for Claimant William Morris Welch, Ind. & as surviving Parent of Barry Welch*

Mr. Ray R. Marchan
Watts Law Frim L.L.P.
1926 E. Elizabeth
Brownsville, TX 78520
*Atty. for Claimants Jacqueline Paddock, Ind. & as Rep. of the Estate of Chelsea & Barry Welch and A/N/F of William B. Welch, Lydia Zamora, Ind. & as Rep. of the Estate of Hector Martinez, Jr., Brigette Goza, Gustavo Morales, Ind., Bigos International, LLC*

Mr. John David Franz
The Law Offices of John David Franz
400 N. McColl
McAllen, TX 78501
*Atty. for Claimants Esteban Rivas, Ind. & as Rep. of the Estate of Stvan Rivas*

Mr. J. Chad Gauntt
Gauntt & Kruppstadt, L.L.P.
1400 Woodlock Forest Dr., Suite 575
The Woodlands, Texas 77380
*Atty. for Claimants Esteban Rivas, Ind. & as Rep. of the Estate of Stvan Rivas*

Mr. William Q. McManus
Mr. Steve Q. McManus
McManus & Crane, L.L.P.
209 West Juan Linn
Post Office Box 2206
Victoria, Texas 77902-2206
*Atty. for Claimants, the Estate of Robin Faye Leavell, Carol Leavell, Ind. and as Rep. Of the Estate of Robin Farye Leavell, Ricky Leavell and as Rep. of the Estate of Robin Faye Leavell*

Mr. Heriberto Medrano
Law Offices of Heriberto Medrano
2009 East Harrison, Suite B
Harlingen, Texas 78550
*Atty. for Claimants Anita Harris, Ind. & a/n/f of Vitor Justin Harris and as Rep. of the Estate of Robert V. Harris*

Ms. Veronica Farias
Law Office of Veronica Farias
2854 Boca Chica Blvd.
Brownsville, Texas 78521
*Atty. Ad Litem for William Welch, minor*

Mr. Raymond L. Thomas
Ms. Rebecca Vela
Kittleman, Thomas, Ramirez & Gonzales, PLLC
4900-B N. 10th Street
McAllen, Texas 78504
*Atty. for Claimants Rene Mata and Frank Mata*

Mr. S. Mark Strawn, Esq.
Schirrmeister Ajamie, L.L.P.
Pennzoil Place-South Tower
711 Louisiana Street, Suite 2150
Houston, Texas 77002
*Atty for Claimants, Juan Antonio Mireles, as Personal Rep. of the Estate of Julio Cesar Mireles, Juan Antonio Mireles and Soledad Gonzalez Mireles*

Mr. Julian Rodriguez, Jr.
Julian Rodriguez, Jr. & Associates, P.C.
10113 N. 10th Street, Suite C
McAllen, Texas 78504
*Atty for Claimants, Omar Hinojosa, Ind. and as Administrator of the Estate of Gaspar Hinojosa, Raquel Hinojosa, Clarissa Hinojosa and Gaspar Hinojosa, III*

Mr. Thomas E. Quirk
Aaron & Quirk
901 N.E. Loop 410, Suite 903
San Antonio, Texas 78209-1307
*Atty. for Claimant, Bridgette M. Goza*

Mr. Jim S. Hart
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
*Atty for Claimant, Hector Martinez, Sr.*

Mr. Frank Enriquez
Law Offices of Frank Enriquez
4200-B North Bicentennial
McAllen, Texas 78504
*Atty. for Claimants Rolando Lee Moya, Alberto Leroy Moya, Antonio Salinas, Jr. And Roberto Espericueta*

Mr. J.A. Magallanes
Magallanes, Hinojosa & Mancias, P.C.
1713 Boca Chica Blvd.
Brownsville, Texas 78520
*Atty. for Laguna Madre Water District*

Mr. Geoffrey Amsel
SBC Management Services
175 East Houston Street, 4th Floor
San Antonio, Texas 78205
*Atty. for Southwestern Bell Telephone, LP*

Mr. Richard Leo Harrell
The Edwards Law Firm, L.L.P.
802 N. Carancahua, Suite 1400
Corpus Christi, Texas 78470
*Atty for Claimant, William E. Kimbrell*

_____
Eileen M. Leeds

01-223.01 Brown Water:   msj-reply
Page 9