United States District Court
Southern District of Texas
FILED

MAY 0 9 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | C. A. NO. B-01-157<br>Admiralty<br><br><br><br>Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES, LLC AS OWNER, AND AMERICAN COMMERCIAL BARGE LINES, LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | C. A. NO. B-02-004<br>Admiralty<br><br><br><br>Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF DEERE CREDIT, INC., (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315, AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | C. A. NO. B-02-125<br>Admiralty |

SUPPLEMENTAL MEMORANDUM OF PETITIONERS IN
RESPONSE TO A.G. HILL POWER, INC. a/k/a JHB ENTERPRISES, INC.'S
REPLY TO MEMORANDUM OF PETITIONERS
<u>IN OPPOSITION TO MOTION FOR SANCTIONS</u>

{N1281938.1}

MAY IT PLEASE THE COURT:

The reply memorandum of A.G. Hill Power, Inc. a/k/a JHB Enterprises, Inc., Third Party Defendant, seeks to equate the change in name of a corporation with the legal conclusion that A.G. Hill Power, Inc. was improperly named as a Third Party Defendant. No legal authority is cited by Third Party Defendant in support of its argument that a change in the name of a corporation is somehow a change in the identity. The Fifth Circuit has recognized that "The change of a corporation's name is not a change of the identity of a corporation and has no effect on the corporation's property rights or liability." Alley v. Miramon, 614 F.2d 1372, 1383 (5th Cir. 1980). Section 2456 of Fletcher Cyclopedia Of The Law Of Private Corp. states:

> A mere change in the name of a corporation generally does not destroy the identity of the corporation, nor in any way affect its rights and liabilities. A change of name by a corporation has no more effect upon the identity of the corporation than a change of name by a natural person has upon the identity of such person. It is the same corporation with a different name. The nature and character of the corporation does not change, nor does the rights and liabilities of its shareholders.
>
> A corporation that has changed its name may act and conduct its business under the new name. If a corporation is identified by its old name, the misnomer does not render the transaction invalid. As fully discussed in the chapter covering actions by or against corporation, a corporation that has changed its name may sue or be sued in its new name, it may enter an appearance under its new name, and judgment may be entered in its new name. A court may take judicial notice of a change in the name of a corporation, otherwise the identity of the corporation must be proven by sufficient evidence.

See Exhibit 17 hereto. Accordingly, Petitioners respectfully submit that Exhibit A to the Reply Memorandum, which was not originally submitted to the Court or made a basis for the motion for sanctions, is not dispositive and does not evidence or reflect a lack of investigation so as to warrant the imposition of sanctions. The Asset Purchase Agreement, the document upon which Third Party Defendant produced to us in response to our request for any documents evidencing

that Third Party Defendant was not under contract to maintain the lights on the Causeway at the time of the accident, is not in the public records and was in the sole possession of the Third Party Defendant. It was not produced until we requested a copy of same from Third Party Defendant's counsel. Indeed, counsel for Third Party Defendant states in his January 14, 2005 letter, which forwarded to us a copy of the Asset Purchase Agreement, that "I am writing in response to your correspondence of December 2, 2004. I have enclosed for your files a copy of the October 14, 1996 Asset Purchase Agreement which clearly shows that A.G. Hill a/k/a JHB Enterprises is not a party to this suit. As you can see . . . A.G. Hill a/k/a JHB Enterprises transferred all of its assets to First South Utility Construction . . . ." See Exhibit 2 to R. Doc. 378, Memorandum of Petitioners in Opposition to Motion for Sanctions.

The records of the Texas Secretary of State to this day further reflect that JHB Enterprises, Inc. had the prior name of A. G. Hill, Inc. See Exhibit 18 hereto. As matter of law, a change in the **name** of the corporation is not a change in its **identity** nor does it affect its obligations. What we learned subsequent to the filing of the Third Party Complaint, from a non-public source, was that the **assets** of the company were sold, and that the party served, A.G. Hill/JHB Enterprises, according to the representation of Mr. Crago, was under no contract to maintain the lights in or around the Causeway.

A.G. Hill/JHB Enterprises did not have to file an answer in this proceeding, as Petitioners agreed to dismiss them from this case, and acted in good faith. By no stretch of the imagination can the conduct of the Petitioners be characterized as "vexatious." What is vexatious is Third Party Defendant's pursuit of Rule 11 sanctions in direct contravention of the "safe harbor" provision of Rule 11 and the case law which confirms the inappropriateness of filing a Rule 11 motion in these circumstances. Additionally, Rule 11 and its safe harbor position do not allow

Third Party Defendant to attempt to retroactively cure any defects in the motion for sanctions that was initially served or to expand the scope of that motion.

Third Party Defendant's untimely and belated attempt to submit billing records is improper and is objected to by Petitioners. The law is clear that Third Party Defendant is required to adequately substantiate its original motion for sanctions, including any claim for attorneys' fees. Third Party Defendant failed to submit or serve with its original Rule 11 motion any competent proof of its attorneys' fees as required. No justification is offered by Third Party Defendant for failing to include this documentation with its motion. Third Party Defendant now seeks to rehabilitate its original Rule 11 motion in violation of the safe harbor provision of Rule 11. Accordingly, Exhibit B to the reply memorandum is objected to and should be stricken and/or disallowed. Moreover, a review of the documents further shows that the amounts claimed (53.2 hours) are excessive. There are numerous time entries which are unrelated to the Third Party Complaint or the filing of the answer. These include general correspondence, time spent for preparing unnecessary pleadings and/or review of pleadings and correspondence related to other claims. It is to be noted that A.G. Hill/JHB Enterprises have been sued in Texas State Court and that the same firm is apparently representing them in these proceedings.

Finally, Third Party Defendant's reply memorandum does not cite or discuss Rule 42(a)(1), which is the relevant rule dealing with Petitioners' right to voluntarily dismiss Third Party Defendant <u>after</u> an answer has been filed. Third Party Defendant refers to Rule 42(a)(2), which concerns the Court's power to enter a voluntary dismissal over the objection of a particular litigant, as was the case in the case cited by Third Party Defendant, <u>Templeton v. Nedlloyd Lines</u>, 901 F.2d 1273 (5th Cir. 1990). <u>Templeton</u> does not concern Rule 42(a)(1) but rather concerns a plaintiff's obtaining of a voluntary dismissal in a removed action, over the

objection of the removing/diverse defendant, Nedlloyd, which was required to defend a personal injury suit in Texas state court, and whether Nedlloyd suffered legal "prejudice." Third Party Defendant's counsel demanded that we dismiss his client from these proceedings yet refused to timely sign no objection to the motion to dismiss as required by Rule 41(a)(1) even though the dismissal order was revised to make the revisions requested by counsel for Third Party Defendant, despite our various letters to Mr. Crago to follow-up on the status of the motion to dismiss.

Petitioners and their counsel acted reasonably and in good faith, and it is respectfully suggested that the Court deny the motion for sanctions.

Respectfully submitted,

/s/ Glenn G. Goodier
GLENN G. GOODIER, Attorney-in-Charge
Admitted *Pro Hac Vice*
By Order Entered 4/23/02
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:   (504) 582-8174
Facsimile:   (504) 582-8010

LES CASSIDY
State Bar Number 03979270
Federal Identification Number 5931
814 Leopard Street
Corpus Christi, Texas 78401
Telephone:   (361) 887-2969
Facsimile:   (361) 887-6251

OF COUNSEL:

WOOLSEY & CASSIDY, P.C.
814 Leopard Street
Corpus Christi, Texas 78401
Telephone:   (361) 887-2969
Facsimile:   (361) 887-6251

Counsel for Petitioners,
American Commercial Lines LLC and
American Commercial Barge Line, LLC
Deere Credit, Inc. (formerly Senstar Finance
Company), as Owner of the Barge NM-315,
State Street Bank and Trust Company of
Connecticut, N.A., as Owner/Trustee of the Barge
ACL-9933B and Not in Its Individual Capacity, and
General Electric Capital Corporation, as Beneficial
Owner of the Barge ACL-9933B

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 4th day of May 2005, served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing the same by United States Mail, properly addressed and first class postage prepaid.

/s/ Glenn G. Goodier
GLENN G. GOODIER



FLETCHER-CYC § 2456                                                                                   Page 1

6 Fletcher Cyclopedia of Private Corp. § 2456

FLETCHER-CYC § 24566 Fletcher Cyclopedia of Private Corp. § 2456

Database updated November 2004

© 2004 West, a Thomson businessFletcher Cyclopedia of the Law of Private Corporations
William Meade Fletcher
Chapter 22. CORPORATE NAMES

§ 2456. Change of name--Effect of change

A mere change in the name of a corporation generally does not destroy the identity of the corporation, nor in any way affect its rights and liabilities.[FN1] A change of name by a corporation has no more effect upon the identity of the corporation than a change of name by a natural person has upon the identity of such person.[FN2] It is the same corporation with a different name.[FN3] The nature and character of the corporation does not change,[FN4] nor does the rights and liabilities of its shareholders.[FN5]

A corporation that has changed its name may act and conduct its business under the new name.[FN6] If a corporation is identified by its old name, the misnomer does not render the transaction invalid.[FN7] As fully discussed in the chapter covering actions by or against corporations, a corporation that has changed its name may sue or be sued in its new name,[FN8] it may enter an appearance under its new name,[FN9] and judgment may be entered in its new name.[FN10] A court may take judicial notice of a change in the name of a corporation, otherwise the identity of the corporation must be proven by sufficient evidence.[FN11]

[FN1]

**United States**
Essex International, Inc. v. Clamage, 440 F2d 547 (CA7) (applying Illinois law); Bankers Life & Casualty Co. v. Kirtley, 338 F2d 1006.
© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY                          Page 1 of 1



UCC | Business Organizations | Trademarks | Account | Help/Fees | Briefcase | Logout

## BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 64694500 | **Entity Type:** | Domestic Business Corporation |
| **Original Date of Filing:** | March 14, 1983 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 17422621890 | **FEIN:** | |
| **Duration:** | Perpetual | | |
| **Name:** | JHB ENTERPRISES, INC. | | |
| **Address:** | 112 LAKESHORE<br>Corpus Christi, TX 78413 USA | | |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|

| Name | Name Status | Name Type | Name Inactive Date | Consent Filing # |
|---|---|---|---|---|
| JHB ENTERPRISES, INC. | In use | Legal | | |
| A. G. HILL POWER, INC. | Prior | Legal | October 14, 1996 | |

Instructions:
● To place an order for additional information about a filing press the 'Order' button.

