IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **IN RE THE COMPLAINT AND** | § | **CIVIL ACTION NO. B-01-157** |
| **PETITION OF BROWN WATER** | § | **Consolidated with** |
| **TOWING I, INC., ET AL.** | § | **CIVIL ACTION NO. B-02-004** |
| | § | **and** |
| | § | **CIVIL ACTION NO. B-02-125** |
| | § | |
| | § | **ADMIRALTY** |

## ORDER

BE IT REMEMBERED that on June 6, 2005, the Court considered American Commercial Lines, LLC, American Commercial Barge Line, LLC, Deere Credit, Inc. (formerly Senstar Finance Co.), State Street Bank and Trust Company of Connecticut, National Association, and General Electric Capital Corp.'s ("ACBL") Motion to Dismiss, Dkt. No. 371, and Third-Party Defendant "A.G. Hill Power, Inc., a/k/a JHB Enterprises, Inc.'s," ("JHB Enterprises") Motion for Summary Judgment, Dkt. No. 366, and Motion for Sanctions, Dkt. No. 373.

Because the Court is unclear on certain matters, it expresses no opinion on any of the pending motions. In short, the Court needs clarification on Brown Water's association and position concerning the pending motions.

Initially, Brown Water and ACBL both moved for and were granted leave to assert separate third-party claims against JHB Enterprises. Dkt. Nos. 246, 247, & 285. Both appended pleadings and the third-party summons were signed by the respective attorneys. Dkt. Nos. 246, 247, & 288. Despite the presence of two complaints, JHB Enterprises filed one answer that appears only to address ACBL's pleading. Dkt. no. 293. Specifically,

1

although the answer fails to specify which complaint it addresses, the answer explicitly refers to the "third-party plaintiff" and its "complaint" in the singular, id. at ¶¶3, 4, and mentions an incorrectly numbered paragraph present in ACBL's complaint, but not Brown Water's. Id. at ¶10. Nonetheless, JHB Enterprises subsequently motioned for summary judgment seeking relief against both ACBL and Brown Water. Dkt. No. 366. ACBL responded to the motion, but Brown Water did not. Furthermore, ACBL filed a motion to dismiss its complaint against JHB Enterprises solely on its behalf. Dkt. No. 371. Later, JHB Enterprises and ACBL filed a joint motion for dismissal without addressing Brown Water. Dkt. No. 376. Despite Brown Water's complaint, ACBL and JHB Enterprises contend that JHB Enterprises' motion for summary judgment will be rendered moot if either ACBL's motion to dismiss is granted or the Court accepts the joint motion to dismiss. With the presence of Brown Water's complaint against JHB Enterprises, the Court fails to see how this is possible.

In addition, JHB Enterprises' motion for sanctions fails to clarify which parties and/or counsel it seeks sanctions against. Dkt. No. 373. Specifically, the motion seeks sanctions against "Petitioners," but never explains which parties are subsumed under the term. The Court will not assume that "Petitioners" refers to ACBL and Brown Water since the term could just as easily represent only the parties represented under the rubric of "ACBL."

Therefore, the Court **ORDERS** the counsel for ACBL, Brown Water, and JHB Enterprises to brief the following.

1) Assuming (without deciding) that ACBL's motion to dismiss is granted or that the Court accepts the joint dismissal signed by counsel for ACBL and JHB Enterprises, discuss whether the Court must address JHB Enterprises' motion for summary judgment as to Brown Water. If the Court need not, the parties are directed to file withdrawals of the appropriate filings immediately.

2) Explain against which party or parties the motion for sanctions is filed.

The briefs are due to be filed with this Court no later than June 10, 2005, at 10:00 a.m.

Again, this Order should not be construed as addressing or expressing an opinion about any related filing.

DONE at Brownsville, Texas, this 6th day of June, 2005.

_Hilda Tagle_

Hilda G. Tagle
United States District Judge