IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY § § § § § § § § § § | C. A. NO. B-01-157 Admiralty |
| § § | Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES LLC AS OWNER, AND, and AMERICAN COMMERCIAL BARGE LINES, LLC, AS CHARTERER OF THE BARGES NM-315,VLB-9182,ACL-9933B, VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY § § § § § § § § § § | C. A. NO. B-02-004 Admiralty |
| § § | and |
| IN RE THE COMPLAINT AND PETITION OF DEERE CREDIT, INC., (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315 AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY § § § § § § § § § § § § § § § | C.A. NO. B-02-125 Admiralty |

**PETITIONERS/DEFENDANTS BROWN WATER MARINE SERVICE, INC., BROWN WATER TOWING I, INC., AND THE ACBL ENTITIES' MOTION TO STRIKE AND EXCLUDE THE TESTIMONY OF CLAIMANTS'/PLAINTIFFS' EXPERTS DECK AND DISLER**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW the Petitioners/Defendants Brown Water Marine Service, Inc., and Brown Water Towing I, Inc., and the ACBL Entities, hereinafter referred to as Petitioners, and make this

their Motion to Strike the Claimants'/Plaintiffs' liability experts John Deck and Jay Disler, hereinafter referred to as Claimants' experts, and as grounds therefore would show as follows:

### I.

\*       This Honorable Court entered an Amended Scheduling Order on December 6, 2004. As such, the Claimants' experts were to be designated and reports furnished by June 30, 2004. A true and correct copy of the Court's Amended Scheduling Order is attached hereto as **Exhibit "A"**.

### II.

\*       Thereafter, on August 6, 2004 a written agreement was reached between all Claimants and the Petitioners extending the deadline for the Claimants to designate their experts and produce expert reports to September 30, 2004. A true and correct copy of said written agreement is attached hereto as **Exhibit "B"** and incorporated herein by reference.

### III.

\*       The Claimants produced a report from their experts Deck and Disler, in a combined fashion, which was dated September 29, 2004. A true and correct copy of the report of experts Deck and Disler is attached hereto as **Exhibit "C"** and incorporated herein by reference. Thereafter, the Petitioners noticed the oral depositions of Deck and Disler for June 8 and June 9, 2005 respectively. True and correct copies of the Notices of Deposition for Deck and Disler are attached hereto as **Exhibits "D" and "E"**.

### IV.

\*       On Tuesday, June 7, 2005, the afternoon before the deposition of expert Deck was to begin, the Claimants delivered what was purported to be the supplemental report of experts Deck and Disler again issued in a combined fashion. A true and correct copy of said alleged

supplemental report is attached hereto as **Exhibit "F"**. The undersigned counsel for the BROWN WATER Petitioners was attending mediation in San Antonio that day and did not have an opportunity to review the report until 7:00 p.m. on the evening of June 7, 2005.

**V.**

\* The following day, Petitioners' counsel appeared at the deposition of Deck scheduled to begin in Houston, Texas and stated his objections on the record to the untimely report of experts Deck and Disler. A true and correct copy of the transcript of the objection record is attached hereto as **Exhibit "G"**.

**VI.**

Petitioners submit that the report of Deck and Disler is alleged to be a supplemental report. However, the report, on its face, states that the alleged supplemental report in fact supersedes the original report of experts Deck and Disler as the original report contained inaccurate as well as incomplete information. Therefore, the report should not be considered to be a supplemental report but, rather, a new report as to the opinions and conclusions of experts Deck and Disler.

**VII.**

The Petitioners submit that the report is untimely pursuant to the letter agreement reached by the parties by approximately eight (8) months and one (1) week. Particularly, the Claimants' experts' reports were to be furnished by agreement on September 30, 2004. The reports are untimely and prejudicial to the Petitioners as experts Deck and Disler raise numerous new-founded opinions as to horsepower, the alleged grounding of the BROWN WATER V, the responsibility of the management of the Petitioners, the responsibility of the Captains to observe weather and tide conditions, the experience of Captain Fowler, the alleged faulty information

contained in the report of the Petitioners' experts, Burness Corlett & Partners, the applicability of the American Admiralty Bureau's Interim Recommendations for Tow Powering and Configuring for Western Rivers Push Tows, and these experts' new reliance upon selected portions of the United States Coast Guard's investigation report. The Petitioners submit that the Claimants surprised Petitioners with a new report literally on the eave of their depositions which was calculated to prejudice the claims and defenses of the Petitioners. As the Pre-Trial Order in this case is due on June 15, 2005 and the Final Pre-Trial Conference is scheduled for June 29, 2005, there is insufficient time to present the newly reported information from experts Deck and Disler to the Petitioners' experts, formulate opinions and decide whether or not Deck and Disler should be deposed. The mere offer by Claimants' counsel to depose experts Deck and Disler at a later time does not account for the work which must be done on the Pre-Trial Order and the preparation for trial in addition to preparing for and attending the nine depositions that the Claimants have scheduled in states such as Louisiana, New York, Indiana and the District of Columbia in the next several weeks.

## VIII.

The Petitioners submit that the Claimants had approximately three and one-half years to assemble their expert testimony prior to submitting an alleged supplemental report on the eave of their experts' depositions. The transcripts of the Coast Guard hearings have been readily available since the hearings were conducted in October, 2001. To allow experts Deck and Disler to testify as to their new opinions would be unfair and highly prejudicial to the Petitioners. The Petitioners have no other remedy other than to ask this Court to strike the testimony of experts Deck and Disler and not allow them to testify for abuse of the discovery process.

## IX.

Petitioners intended to file a motion in limine to exclude Dissler and Deck from testifying at trial on those issues related to the Petitioners after having taken their depositions on June 7 and June 8, 2005. The Petitioners' desire was to take those depositions before that time but that was not to be the case. Those were the dates offered by Claimants. The basis of the Petitioners' motion in limine is generally set forth in ACBL's Reply Memorandum to Claimants' Opposition Memorandum to ACBL's Motion for Summary Judgment. (See Reply Memorandum at pgs. 9-13) Claimants' experts are not qualified to give the opinions they give relative to the Petitioners and further the opinions they give are nothing more than mere argument of the lawyers who hired them and impermissible legal opinions. Additionally, ACBL has advised Claimants that it will not produce its experts for deposition until such time as the Court determines if and to what extent Claimants' experts will testify and ACBL can determine the extent to which it may require additional input from its experts and/or additional experts and depose Claimants' experts.

## X.

\* As an additional basis to strike the purported testimony of experts Deck and Disler, the Petitioners assert that experts Deck and Dissler rely upon inadmissible hearsay. In particular, 46 U.S.C. § 6308 states that:

> Notwithstanding any other provision of law, no part of a report of a marine casualty investigation conducted under section 6301 of this title, including findings of facts, opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence or subject to discovery in any civil or administrative proceedings . . .

The plain language of the statute, and the case law addressing the statute[1] unambiguously bar all

---

[1] See *Orgulf Transp. Co. v. Magnolia Marine Transp.*, 1999 U.S. Dist. LEXIS 4888 (E.D. La Apr. 9, 1999); *Conagra, v. Weber Marine*, 1999 U.S. Dist. LEXIS 14221 (E.D. La. Sept. 8, 1999). *Baker Hughes Oilfield Operations, Inc., et al. v. Seabulk Tankers, Inc., et al.*, 2004 WL

parts of Coast Guard marine casualty reports from admission into evidence in disputes between private litigants. The reports and investigations of the United States Coast Guard are not admissible in any form or fashion in any administrative or judicial hearing. Despite this admonishment, the Claimants' experts Deck and Disler intend to rely upon portions of the Coast Guard's report, a true and correct copy of which is attached hereto as **Exhibit "H"**, while ignoring other portions of the report. Federal law prohibits admission of any part of the report into evidence or its use in any form or fashion. To allow experts to base their opinions upon administrative hearings when Federal law clearly states that the opinions of the Coast Guard are not admissible in any subsequent proceeding, is clearly inadmissible hearsay and not reliable and would frustrate the purpose of the statute which is to prevent use of such reports in civil litigation. Claimants are trying to admit the Coast Guard report, in direct contravention of Federal law, via the "backdoor" method of their paid experts. As the opinions of Deck and Disler are intertwined with the Coast Guard's report, they cannot be segregated from the inadmissible Coast Guard report. As the basis for their opinions is inadmissible hearsay, the reports of experts Deck and Disler are unreliable, their purported testimony is unreliable, and it should be disallowed.

WHEREFORE PREMISES CONSIDERED, the Petitioners request that the Court enter an Order Striking Experts Deck and Dissler as Claimants' experts in this case, not allow them to testify at the trial of this matter, and that the Petitioners have such other and further relief to which they are entitled at law or in equity.

---

859199 (E.D.La.)).

Respectfully submitted,

*/s/ Jack C Partridge*

Will W. Pierson
State Bar No. 16003100
Federal I.D. 1931
Jack C. Partridge
State Bar No. 15534600
Federal I.D.10470
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas 78476
(361) 884-8808
(361) 884-7261-Facsimile

Keith N. Uhles
State Bar No. 20371100
Federal I.D. No. 1936
55 Cove Circle
Brownsville, Texas 78521
(956) 542-4377
(956) 542-4370 Facsimile
Attorneys for Petitioners,
Brown Water Towing I, Inc. and Brown Water Marine Service, Inc.

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

*Glenn G. Goodier* signed with permission wwp
_____
Glenn G. Goodier
Federal I.D. No. 06130
201 St. Charles Ave., 48th Floor
New Orleans, LA 70170-5100
(504) 582-8174
(504) 582-8010 Facsimile
Attorney for Petitioners,
ACBL Entities

OF COUNSEL:

JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, L.L.P.

## CERTIFICATE OF CONFERENCE

The parties have been unable to resolve the necessity for this Motion.

_____
Of Royston, Rayzor, Vickery & Williams, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was forwarded to the below listed counsel by facsimile on this _14th_ day of June, 2005.

**VIA TELEFAX (713)860-1699
AND VIA REGULAR MAIL
WITH EXHIBITS**
Mr. Thomas R. Ajamie
Mr. S. Mark Strawn, Esq.
Ajamie, L.L.P.
Pennzoil Place-South Tower
711 Louisiana Street, Suite 2150
Houston, Texas 77002

**VIA TELEFAX (956)541-0255
AND VIA REGULAR MAIL
WITH EXHIBITS**
Mr. Ray R. Marchan
Watts Law Firm
1926 E. Elizabeth
Brownsville, Texas 78520

**VIA TELEFAX (956)541-1893
AND VIA REGULAR MAIL
WITH EXHIBITS**
Ms. Eileen M. Leeds
Willette & Guerra, LLP
1534 E 6th Street, Suite 200
Brownsville, Texas 78520

**VIA TELEFAX (210)820-0214
AND VIA REGULAR MAIL
WITH EXHIBITS**
Mr. Thomas E. Quirk
Aaron & Quirk
901 N.E. Loop 410, Suite 903
San Antonio, Texas 78209-1307

**VIA TELEFAX (956)544-4290
AND VIA REGULAR MAIL
WITH EXHIBITS**
Mr. J. A. Magallanes
Mr. Carlos Escobar
Magallanes, Hinojosa & Mancias, P.C.
1713 Boca Chica Blvd.
Post Office Box 4901
Brownsville, Texas 78520

**VIA TELEFAX (956)630-5199
AND VIA REGULAR MAIL
WITH EXHIBITS**
Mr. Raymond Thomas
Mr. Andres Gonzalez
Kittleman, Thomas, Ramirez & Gonzales
4900-B North 10th Street
McAllen, Texas 78504

**VIA TELEFAX (361)698-7614
AND VIA REGULAR MAIL
WITH EXHIBITS**
Mr. Richard Leo Harrell
The Edwards Law Firm, L.L.P.
802 N. Carancahua, Suite 1400 (78470)
P.O. Box 480
Corpus Christi, Texas 78403-0480

**VIA TELEFAX (956)428-2495
AND VIA REGULAR MAIL
WITH EXHIBITS**
Mr. Heriberto Medrano
Law Offices of Heriberto Medrano
2009 East Harrison, Suite B
Harlingen, Texas 78550

VIA TELEFAX (281)593-1700
AND VIA REGULAR MAIL
WITH EXHIBITS
Mr. James B. Manley, P.C.
200 William Barnett
Cleveland, Texas 77327

VIA TELEFAX (956)686-3578
AND VIA REGULAR MAIL
WITH EXHIBITS
Mr. John David Franz
The Law Offices of John David Franz
400 N. McColl
McAllen, Texas 78501

VIA TELEFAX (281)367-3705
AND VIA REGULAR MAIL
WITH EXHIBITS
Mr. J. Chad Gauntt
Gauntt & Kruppstadt, L.L.P.
1400 Woodlock Forest Dr., Suite 575
The Woodlands, Texas 77380

·VIA TELEFAX (361)575-8454
AND VIA REGULAR MAIL
WITH EXHIBITS
Mr. William Q. McManus
Mr. Steve Q. McManus
McManus & Crane, L.L.P.
209 West Juan Linn
Post Office Box 2206
Victoria, Texas 77902-2206

VIA TELEFAX (361)887-6521
AND VIA REGULAR MAIL
WITH EXHIBITS
Les Cassidy
Cassidy & Raub
814 Leopard Street
Corpus Christi, Texas 78471

VIA TELEFAX (956)546-2234
AND VIA REGULAR MAIL
WITH EXHIBITS
Ms. Veronica Farias
Law Office of Veronica Farias
2854 Boca Chica Blvd.
Brownsville, Texas 78521

VIA TELEFAX (956)287-0098
AND VIA REGULAR MAIL
WITH EXHIBITS
Mr. Julian Rodriguez, Jr.
Julian Rodriguez, Jr. & Associates, P.C.
10113 N. 10th Street, Suite C
McAllen, Texas 78504

VIA TELEFAX (713)643-6226
AND VIA REGULAR MAIL
WITH EXHIBITS
Mr. Jim S. Hart
Ms. Nejd Yaziji
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017

VIA TELEFAX (956)618-5064
AND VIA REGULAR MAIL
WITH EXHIBITS
Mr. Frank Enriquez
Mr. Robert Puente
Law Offices of Frank Enriquez
4200-B North Bicentennial
McAllen, Texas 78504

*[signature]*

Of Royston, Rayzor, Vickery & Williams, L.L.P.