IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC. IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § | C. A. NO. B-01-157 Admiralty |
| | § § | Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES LLC AS OWNER, AND, and AMERICAN COMMERCIAL BARGE LINES, LLC, AS CHARTERER OF THE BARGES NM-315,VLB-9182,ACL-9933B, VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § | C. A. NO.  B-02-004 Admiralty and |
| IN RE THE COMPLAINT AND PETITION OF DEERE CREDIT, INC., (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315 AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | § § § § § § § § § § § § § § § § § | C.A. NO. B-02-125 Admiralty |

**PETITIONERS' BROWN WATER SERVICE MARINE, INC.
AND BROWN WATER TOWING I, INC.'S
MOTION TO EXCLUDE OR, IN THE ALTERNATIVE, MOTION IN LIMINE**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Petitioners Brown Water Marine Service Marine, Inc. and Brown Water Tower I, Inc. (referred to collectively herein as "Brown Water") and files this their Motion to exclude certain evidence or, in the alternative, its Motion in Limine in the captioned matter.

## I.

Prior to the commencement of trial in the captioned matter, Brown Water has become aware that the claimants and other parties may seek to introduce certain evidence which is not properly admissible in this Court. As to the following items, therefore, Petitioner respectfully requests that the Court exclude this evidence from the trial for the reasons indicated. Alternatively, Petitioners request that the Court grant its Motion In Limine as to the same items of evidence, placing on the party who intends to offer this evidence at trial the burden to approach the bench and to demonstrate, at the time the evidence would be submitted, the grounds upon which the offering party would show that the evidence should be admitted.

## II.

### THE COAST GUARD REPORT

Petitioners' believe that the claimants and other parties will attempt to introduce the investigative report of the United States Coast Guard in connection with the event made the basis of this proceeding. This report is plainly inadmissible, by law:

> Notwithstanding any other provision of law, no part of a report of a Marine Casualty Investigation... including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence... in any civil or administrative proceedings, other than an administrative proceeding initiated by the United States. 46 U.S.C. § 6308(a).

See: *Baker Hughes Oil Field Operations, Inc. vs. Seabulk Tankers, Inc.*, 2004 WL 859199 (E.D. La 2004); *In the Matter of the Complaint of Danos & Curole Marine Contractors, Inc.*, 278 F Supp. 2d 783 (E.D. La. 2003).

By the plain language of the statute, the Coast Guard report is not admissible. Petitioners respectfully request that the Court exclude the Coast Guard report from the evidence to be offered before this Court. Alternatively, Petitioners request that the Court grant their Motion in Limine, and require any offering party to demonstrate the basis for the admissibility of the Coast Guard Report prior to tendering the report for review or into evidence.

### III.

### PRIOR AND SUBSEQUENT INCIDENTS

Petitioners also believe that the claimants and other parties may attempt to offer into evidence prior and subsequent incidents involving the Brown Water V, the tug involved in the incident made the basis of this proceeding. Pursuant to Rule 404, Federal Rules of Evidence, evidence of other acts is not admissible to show that a party acted in the same way on the day of the event made the basis of the action. Rule 404(b), Federal Rules of Evidence. Under Rule 404(b), prior and subsequent acts must be shown to be relevant to an issue before the Court. No proof has been tendered in this case that any of the prior or subsequent incidents are relevant to any issue, or are so substantial similar to the event made the basis of this proceeding as to become relevant. *Johnson v. Ford Motor Co.* 988 F 2d 574 (5th Cir. 1993). Second, the evidence must possess probative value that is not substantially outweighed by undue prejudice and must meet the other requirements of Rule 403, Federal Rules of Evidence. Under Rule 403, even though relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or by consideration of

undue delay, waste of time or needless presentation of cumulative evidence. *United States vs. Beechum*, 582 F 2d 898 (5th Cir. 1978); *Dial vs. The Travelers Indemnity Company*, 7808 F 2d 520 (5th Cir. 1986). Evidence of other incidents involving this vessel is clearly prejudicial, will result in delay and waste of time and is not probative of the issues before the Court, as the Court will be required to judge each incident in turn.

Petitioners respectfully request that the Court exclude from the evidence to be offered before this Court any evidence of prior or subsequent incidents involving the Brown Water V. Alternatively, Petitioners request that the Court grant their Motion in Limine, and require any offering party to demonstrate the basis for introducing evidence of another incident prior to tendering any evidence of the incident for review or into evidence.

WHEREFORE PREMISES CONSIDERED, Petitioner respectfully request this Motion to Exclude or on the alternative Motion in Limine be granted in all respects, and for such other relief to which they may be justly entitled.

Respectfully submitted,

*Jack Partridge*
Will W. Pierson
State Bar No. 16003100
Federal I.D. 1931
Jack C. Partridge
State Bar No. 15534600
Federal I.D.10470
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas 78476
(361) 884-8808
(361) 884-7261-Facsimile

Keith N. Uhles
State Bar No. 20371100
Federal I.D. No. 1936
55 Cove Circle
Brownsville, Texas 78521
(956) 542-4377
(956) 542-4370 Facsimile
Attorneys for Petitioners,
Brown Water Towing I, Inc. and Brown Water
Marine Service, Inc.

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

### CERTIFICATE OF CONSULTATION

For the purposes of submission to the Court this Motion in Limine should be considered opposed.

*Will W. Pierson*
Of Royston, Rayzor, Vickery & Williams, L.L.P.

49477:3027706:061505          5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was forwarded to the below listed counsel by facsimile on this __15__ day of June, 2005.

**VIA TELEFAX (713)860-1699**
**AND VIA REGULAR MAIL**
Mr. Thomas R. Ajamie
Mr. S. Mark Strawn, Esq.
Ajamie, L.L.P.
Pennzoil Place-South Tower
711 Louisiana Street, Suite 2150
Houston, Texas 77002

**VIA TELEFAX (956)541-0255**
**AND VIA REGULAR MAIL**
Mr. Ray R. Marchan
Watts Law Firm
1926 E. Elizabeth
Brownsville, Texas 78520

**VIA TELEFAX (956)541-1893**
**AND VIA REGULAR MAIL**
Ms. Eileen M. Leeds
Willette & Guerra, LLP
1534 E 6th Street, Suite 200
Brownsville, Texas 78520

**VIA TELEFAX (956)630-5199**
**AND VIA REGULAR MAIL**
Mr. Raymond Thomas
Mr. Andres Gonzalez
Kittleman, Thomas, Ramirez & Gonzales
4900-B North 10th Street
McAllen, Texas 78504

**VIA TELEFAX (361)698-7614**
**AND VIA REGULAR MAIL**
Mr. Richard Leo Harrell
The Edwards Law Firm, L.L.P.
802 N. Carancahua, Suite 1400 (78470)
P.O. Box 480
Corpus Christi, Texas 78403-0480

**VIA TELEFAX (956)428-2495**
**AND VIA REGULAR MAIL**
Mr. Heriberto Medrano
Law Offices of Heriberto Medrano
2009 East Harrison, Suite B
Harlingen, Texas 78550

**VIA TELEFAX (281)593-1700**
**AND VIA REGULAR MAIL**
Mr. James B. Manley, P.C.
200 William Barnett
Cleveland, Texas 77327

**VIA TELEFAX (956)686-3578**
**AND VIA REGULAR MAIL**
Mr. John David Franz
The Law Offices of John David Franz
400 N. McColl
McAllen, Texas 78501

**VIA TELEFAX (281)367-3705**
**AND VIA REGULAR MAIL**
Mr. J. Chad Gauntt
Gauntt & Kruppstadt, L.L.P.
1400 Woodlock Forest Dr., Suite 575
The Woodlands, Texas 77380

**VIA TELEFAX (361)575-8454**
**AND VIA REGULAR MAIL**
Mr. William Q. McManus
Mr. Steve Q. McManus
McManus & Crane, L.L.P.
209 West Juan Linn
Post Office Box 2206
Victoria, Texas 77902-2206

**VIA TELEFAX (361)887-6521**
**AND VIA REGULAR MAIL**
Les Cassidy
Cassidy & Raub
814 Leopard Street
Corpus Christi, Texas 78471

**VIA TELEFAX (956)287-0098**
**AND VIA REGULAR MAIL**
Mr. Julian Rodriguez, Jr.
Julian Rodriguez, Jr. & Associates, P.C.
10113 N. 10th Street, Suite C
McAllen, Texas 78504

**VIA TELEFAX (956)546-2234**
**AND VIA REGULAR MAIL**
Ms. Veroncia Farias
Law Office of Veronica Farias
2854 Boca Chica Blvd.
Brownsville, Texas 78521

**VIA TELEFAX (713)643-6226**
**AND VIA REGULAR MAIL**
Mr. Jim S. Hart
Ms. Nejd Yaziji
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017

**VIA TELEFAX (956)618-5064**
**AND VIA REGULAR MAIL**
Mr. Frank Enriquez
Mr. Robert Puente
Law Offices of Frank Enriquez
4200-B North Bicentennial
McAllen, Texas 78504

**VIA TELEFAX (504)582-8010**
**AND VIA REGULAR MAIL**
Glenn G. Goodier
201 St. Charles Ave., 48th Floor
New Orleans, LA 70170-5100

_/s/ William Dawson_
Of Royston, Rayzor, Vivkery & Williams, L.L.P.