IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, TEXAS

**ORIGINAL**

United States District Court
Southern District of Texas
FILED

JUN 1 5 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IN RE: THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC. AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § | C.A. No. B-01-157 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Adiralty |
| Consolidated with: | § | |
| IN THE MATTER OF THE AMERICAN COMMERCIAL LINES LLC AS OWNER And AMERICAN COMMERCIAL BARGE LINE LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, PRAYING FOR EXONERATION FROM AND/OR LIMINATION OF LIABILITY | § § § § § § § § § | C.A. NO. B-02-004 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |
| Consolidated with: | § | |
| IN THE MATTER OF DEERE CREDIT, INC. (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM 315, AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYER FOR EXONERATION FROM AND/OR LIMIATION OF LIABILITY | § § § § § § § § § § § § § § § § | C.A. NO. B-02-025 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |

## CLAIMANTS' SUGGESTED VOIR DIRE

Come now CLAIMANTS suggesting to the Court the following areas of voir dire for the jury panel:

1. Whether any of the panel, their family or their friends know, has worked with, or has heard of any of the parties' counsel (by name); the

relationship of that contact and how it affects, if it does, their ability to render an impartial verdict in this case.

2. Whether any of the panel, their family or their friends has performed work for the Petitioner, pursuant to a contract or subcontract; what the work entailed and how that work affects, if it does, their ability to render an impartial verdict in this case.

3. Whether any of the panel, their family or friends has ever participated in safety supervision, training or enforcement of safety programs, and how that experience, if any, would affect their ability to render a verdict in this case.

4. Whether any of the panel, their family or friends has ever been an employee in the area of sales and how that experience affects, if it does, their ability to render a verdict in this case.

5. Whether any member of the panel, or their immediate family, has an ownership in any of the defendant companies, by way of stock ownership or otherwise, or engages in any business which involves any business relation with either Brown Water Towing, I, Inc., Brown Water Marine Service, Inc. as Bareboat Charterer of the Brown Water V, American Commercial Lines, LLC, American Commercial Barge Lines, LLC, as Charterer of the Barges NM 315, VLB 9182, ACL 9933B, VLB 9173, Deere Credit, Inc. State Street Bank and Trust Company of Connecticut, National Association, as Owner Trustee pf the Barge ACL 9933B, and General Electric Capital Corporation.

6. Whether any member of this panel feels that a person who is injured as a result of the negligence of another party should not be entitled to an award of damages for any of the following elements:

    a. Pain and suffering experienced;
    b. Funeral and Burial Expenses;
    c. Loss of companionship and society;
    d. Pecuniary losses;
    e. Loss of consortium; and,

   f. Punitive or exemplary to punish defendant to deter them or others from similar behavior in the future.

 7. Whether there is any member of the panel who is currently employed or has been employed in the recent past, in a job where his or her responsibilities included either investigation of accidents, or evaluation and investigation of injuries sustained by a person.

 8. Whether any member of the panel feels that a person should not sue a company or person who, due to negligence, caused the person who sues to suffer an injury.

 9. Whether there is any member of the panel, or their immediate family, who has been sued by someone that claims they were injured as a result of negligence.

 10. Whether any member of the panel has had any special training, schooling, or experience in the fields of either law or medicine.

 11. Whether there any member of the panel, or their immediate family, who works for, or has worked for, any law firm, or health care provider such as doctors, hospitals, or health clinics of any sort.

 12. Whether any member of the panel knows of any reason why, if chosen as a juror in this case, he or she couldn't be fair and impartial in considering the claims for damages asserted by the Plaintiff in this case.

 13. Have any of you ever been represented in any legal matters by any attorney connected with this case or by any law firms with which these attorneys are associates?

 14. To your knowledge, has your employer ever been represented by any of the attorneys connected with this case or by the law firms with which these attorneys are associates?

  (if so, would that fact influence you in any way in reaching a fair and impartial verdict in this case?)

 15. In connection with your employment, do you have anything to do with the adjustment of claims or the settlement of claims for damages?

16. Have you or any member of your immediate family ever had a claim against anyone for damages?

(If so, what kind of claim? What did it involve? Was that claim compromised or settled out of court, or did the matter go to trial? Would that fact influence you in any way in reaching a verdict in this case? Were you satisfied with the outcome of that claim? Did you think the outcome of the claim or lawsuit was right or wrong?)

17. Has anyone ever had a claim for damages against you or a member of your immediate family?

(If so, what kind of claim? What did it involve? Was that claim compromised or settled out of court, or did the matter go to trial? Would that fact influence you in any way in reaching a verdict in this case? Were you satisfied with the outcome of that claim? Did you think the outcome of the claim or lawsuit was right or wrong?)

18. The Judge will instruct you at the close of the case on the legal rules which will apply. Is there anyone here who will not be able to follow these instructions? If your own view is that the law should be different, would anyone here not follow the Court's direction anyway?

19. Has anyone had an experience that makes them unhappy or uncomfortable sitting as a juror in this case?

20. Whether any member of the panel, friends, or any member of their immediate family, has ever had a claim made by or been a party in an action involving the law firm of Ray R. Marchan, Watts & Heard, L.L.P., Watts Law Firm, L.L.P., S. Mark Strawn, Schirmeister Ajamie, Jim Hart, Williams Bailey Law Firm, L.L.P., Heriberto "Eddie" Medrano, John David Franz, J. Chad Gauntt, Gauntt & Kruppstadt, L.L.P., Steve Q. McManus, Law Offices of McManus & Crane, L.L.P., Julian Rodriguez, Jr., Richard Leo Harrell, The Edwards Law Firm, L.L.P.,

Raymond Thomas, Andres Gonzalez, Jr., Rebecca Vela, Kittleman, Thomas, Ramirrez & Gonzalez, PLLC, James B. Manley, Frank Enriquez, Roberto D. Puente and Veronica Farias.

21. Would the fact that this case involves a claim by individual against a company so influence you that you could not be fair and impartial in deciding the issues involved in this case.

What are your feelings about whether a major customer of a company's services would have potentially influenced over such company?

Do you feel that an industry leader as a corporation may have influence over a smaller company who services are utilize?

Do you believe that it is proper for corporations to set up their own industry standards to govern their behavior rather than always relying on government regulation?

Would it affect your ability to deliberate this case if you would not be entitled to review the final coast guard report involved in this matter.

Do any of you have actual experience in operating a motor driven boat or vessel upon the water?

Do any of you have any specialized training, licenses or knowledge about vessel operations.

22. Have you ever had a close family member who has been injured in an accident or other incident? (If so, what type illness and would that fact so influence you so that you would not be fair and impartial in reaching a verdict in this case?)

23. Do any of you know of any reason why you think that you could not sit in this case and render a just, fair, honest, and impartial verdict?

24. Is there anything else any of you thinks we should know about you as we get ready to begin this case?

25. Have any of you heard or read anything about this case from newspapers or television reports?

26. Do you understand that the burden of proof in a civil case is different form that in a criminal case? This means that the party that must prove something to you as jurors must do so by a preponderance of the evidence, not beyond a reasonable doubt.

27. Litigants are entitled to have their case heard by a jury that is fair and impartial. Do you understand that being a fair and impartial juror means that a person does not have special feelings or special knowledge about an issue in the case or about the case itself that prevents that person from treating both sides of the dispute the same before hearing any evidence?

28. Do you know anyone else on the jury panel?

29. Have you ever been a witness at trial, civil or criminal?

30. Have you ever been a juror in a trial, civil or criminal?

31. If yes, were you the presiding juror?

32. If you were a juror in a civil trial, did your jury reach a verdict?

33. Has any close friend or relative ever been involved as a plaintiff, defendant, or witness in a civil case.

34. If yes, is that civil case still pending?

35. Based upon what you have heard about the facts of this case, was the civil action in which your friend or relative was involved similar in any way to this case?

36. Was there anything about the civil case in which your friend or relative was involved that you believe could have an impact on your ability to be a fair and impartial juror of the facts in this case?

37. Have any of you ever been a defendant in a suit brought for damages?

38. If yes, is that case still pending?

39. Based upon what you have heard about the facts of this case, is the civil action in which you are or were a defendant similar in any way to this case?

40. Is there anything about the civil case in which you are or were a defendant that you believe could have an impact on your ability to be a fair and impartial juror of the facts in this case?

41. Have any of you been a plaintiff in a suit?

42. If yes, is that case still pending?

43. Are you a member of any organization which pertains to the justice system or reform or modification of the justice system?

44. This case is expected to last 6 business days. Do you have any confirmed vacation plans or other family matters that would conflict with jury service?

45. Do you have any physical disability or condition that would interfere with your serving as a juror in this case?

46. Would you be paid by your employer during jury service?

47. Is there anything about what you have heard during this jury-selection process that concerns you about your ability to be a fair and impartial juror of the particular facts of this case?

49. Is there any matter that anyone would like to discuss privately that bears on their ability to serve as a juror in this case?

Respectfully submitted this the __15th__ day of June, 2005.

> Watts Law Firm, L.L.P.
> 1926 East Elizabeth Street
> Brownsville, Texas 78520
>
> Telephone Number: (956) 544-0500
> Facsimile Number: (956) 541-0255
>
> By __/s/ Ray R. Marchan__
> Ray R. Marchan
> State Bar No. 12969050
> Federal Bar No. 9522
> On behalf of Claimants

### CERTIFICATE OF SERVICE

I hereby certify that on this the __15th__ day of June, 2005, a true and correct copy of the Claimants' suggested voir dire was mailed to Petitioners' counsel by certified mail, return receipt requested, telecopier, or hand-delivery.

__/s/ Ray R. Marchan__
Ray R. Marchan