**ORIGINAL**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE, TEXAS

United States District Court
Southern District of Texas
FILED

JUN 1 5 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IN RE: THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC. AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § | C.A. No. B-01-157 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Adiralty |

Consolidated with:

| | | |
|---|---|---|
| IN THE MATTER OF THE AMERICAN COMMERCIAL LINES LLC AS OWNER And AMERICAN COMMERCIAL BARGE LINE LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, PRAYING FOR EXONERATION FROM AND/OR LIMINATION OF LIABILITY | § § § § § § § § § § | C.A. NO. B-02-004 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |

Consolidated with:

| | | |
|---|---|---|
| IN THE MATTER OF DEERE CREDIT, INC. (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM 315, AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYER FOR EXONERATION FROM AND/OR LIMIATION OF LIABILITY | § § § § § § § § § § § § § § § | C.A. NO. B-02-025 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |

## CLAIMANTS' PROPOSED JURY INSTRUCTIONS AND
## FORM OF THE VERDICT

MEMBERS OF THE JURY:

This case is submitted to you by asking specific questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law, you must be governed by the instructions in this charge. In discharging your responsibility on this jury, you will observe all the instructions which have previously been given you. I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

1.    Do not let bias, prejudice, or sympathy play any part in your deliberations.

2.    In arriving at your answers, consider only the evidence introduced here under oath and such exhibits, if any, as have been introduced for your consideration under the rulings of the Court; that is, what you have seen and heard in this courtroom, together with the law as given you by the Court. In your deliberations, you will not consider or discuss anything that is not represented by the evidence in this case.

3.    Since every answer that is required by the charge is important, no juror should state or consider that any required answer is not important.

4.    You must not decide who you think should win, and then try to answer the questions accordingly. Simply answer the questions, and do not discuss nor concern yourselves with the effect of your answers.

5.    You will not decide the answer to a question by lot or by drawing straws or by any other method of chance. Do not return a quotient verdict. A quotient verdict means that the jurors agree to abide by the result to be reached by adding together each juror's figures and dividing by the number of jurors to get an average. Do not do any trading on your

2

answers; that is, one juror should not agree to answer a certain question one way if others will agree to answer another question another way.

6. You may only render a unanimous verdict. If the verdict and all of the answers therein are reached by unanimous agreement, the presiding juror shall sign the verdict for the entire jury. If any juror disagrees as to any answer made by the verdict, those jurors who agree to all findings shall each sign the verdict.

These instructions are given you because your conduct is subject to review the same as that of the witnesses, parties, attorneys, and the Judge. If it should be found that you have disregarded any of these instructions, it will be jury misconduct and it may require another trial by another jury; then all of our time will have been wasted.

The presiding juror or any other juror who observes a violation of the Court's instructions shall immediately warn the one who is violating the same and caution the juror not to do so again.

When words are used in this charge in a sense which varies from the meaning commonly understood, you are given a proper legal definition, which you are bound to accept in place of any other meaning.

Answer "Yes" or "No" to all questions unless otherwise instructed. A "Yes" answer must be based on a preponderance of the evidence unless otherwise instructed. If you do not find that a preponderance of the evidence supports a "Yes" answer, then answer "No." The term "preponderance of the evidence" means the greater weight and degree of credible testimony or evidence introduced before you and admitted in this case. Whenever a question requires other than a "Yes" or "No" answer, your answer must be based on a preponderance of the evidence unless otherwise instructed.

The Court now gives you certain definitions of terms used in this charge, by which you will be governed in arriving at your answers to the questions submitted to you.

**DEFINITIONS:**

**"NEGLIGENCE,"** means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

**"ORDINARY CARE,"** means that degree of care that a person of ordinary prudence would use under the same or similar circumstances.

**"PROXIMATE CAUSE,"** means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

## QUESTION NO. _

Did the unseaworthiness, if any, of the BROWN WATER V proximately cause the occurrence in question?

An unseaworthy vessel is one that is not reasonably fit for its intended use. The duty to provide a seaworthy vessel is absolute because the owner may not delegate that duty to anyone. Unseaworthiness can be demonstrated by a showing of insufficient manning of the vessel, an inadequately trained crew, improper maintenance of equipment, or other related failures that make the vessel ill-suited for its duties at sea.

Answer "Yes" or "No"

_____

# QUESTION NO. _

Did the negligence, if any, of those named below proximately cause the occurrence in question?

Answer "Yes" or "No" for each of the following:

a.    BROWN WATER                                    _____

b.    AMERICAN COMMERCIAL BARGE LINE       _____

If you have answered "Yes" to Question Nos. _ or _, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. _

Do you find that those named below have proven a lack of privity and knowledge of the unseaworthiness, if any, or negligence, if any, to which you answered "Yes" in the above questions.

Privity or knowledge means personal participation of the owner of the vessel in some fault, or act of negligence, causing or contributing to cause the loss, or some personal knowledge, of which the owner is bound to avail itself of a contemplated loss, or condition likely to produce or contribute to the loss, without adopting appropriate means to prevent it. The burden of proving lack of privity or knowledge is not met by simply proving lack of actual knowledge, for privity and knowledge is established where the means of obtaining knowledge exist, or where reasonable investigation or inspection would have led to the requisite knowledge.

When the owner of a vessel is a corporation, privity or knowledge meand the privity or knowledge of a managing agent, officer, or supervisory employee.

Answer "Yes" or "No" for each of the following:

a.    BROWN WATER                                    _____

b.    AMERICAN COMMERCIAL BARGE LINE        _____

7

If you have answered "Yes" to Question Nos. _ or _ for more than one of those named below, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. _

The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The negligence attributable to any one named below is not necessarily measured by the number of acts or omissions found.

What percentage of the responsibility that caused the occurrence do you find to be attributable to each of those listed below?

a.  BROWN WATER                                      _____%

b.  AMERICAN COMMERCIAL BARGE LINE                   _____%

TOTAL:        <u>100%</u>

Answer the following questions if you answered "Yes" for any of those named in Question No. _ or _. Otherwise, do not answer the following questions.

## QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate Victor Justin Harris for his damages, if any, resulting from the death of Robert V. Harris?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

a.    Pecuniary loss.

"Pecuniary loss" means the loss of the care, maintenance, support, service, advice, counsel, and reasonable contributions of a pecuniary value that Anita Harris, in reasonable probability, would have received from Robert V. Harris, had he lived.

b.    Loss of companionship and society.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Anita Harris, in reasonable probability, would have received from Robert V. Harris had he lived.

c.    Mental anguish.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Anita Harris because of the death of Robert V. Harris.

In determining damages for elements b and c, you may consider the relationship between Anita Harris and Robert V. Harris, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

Answer, with respect to the elements listed above, in dollars and cents for damages, if any, that—

were sustained in the past;

Answer: _____

in reasonable probability will
be sustained in the future.

Answer: _____

9

## QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate Anita Harris for her damages, if any, resulting from the death of Robert V. Harris?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

    a.      Pecuniary loss.

"Pecuniary loss" means the loss of the care, maintenance, support, service, advice, counsel, and reasonable contributions of a pecuniary value that Anita Harris, in reasonable probability, would have received from Robert V. Harris, had he lived.

    b.      Loss of companionship and society.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Anita Harris, in reasonable probability, would have received from Robert V. Harris had he lived.

    c.      Mental anguish.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Anita Harris because of the death of Robert V. Harris.

In determining damages for elements b and c, you may consider the relationship between Anita Harris and Robert V. Harris, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

Answer, with respect to the elements listed above, in dollars and cents for damages, if any, that—

were sustained in the past;

Answer: _____

in reasonable probability will
be sustained in the future.

Answer: _____

10

## QUESTION NO. _

What sum of money would have fairly and reasonably compensated Robert V. Harris for—

a.          Pain and mental anguish.

"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by Robert V. Harris before his death as a result of the occurrence in question.

b.          Medical expenses.

"Medical expenses" means the reasonable expense of the necessary medical and hospital care received by Robert V. Harris for treatment of injuries sustained by him as a result of the occurrence in question.

c.          Funeral and burial expenses.

"Funeral and burial expenses" means the reasonable amount of expenses for funeral and burial for Robert V. Harris reasonably suitable to his station in life.

Answer in dollars and cents for damages, if any.

Answer: _____

11

## QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate Raquael Hinojosa for her damages, if any, resulting from the death of Gaspar Hinojosa?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

      a.      Pecuniary loss.

"Pecuniary loss" means the loss of the care, maintenance, support, service, advice, counsel, and reasonable contributions of a pecuniary value that Raquael Hinojosa, in reasonable probability, would have received from Gaspar Hinojosa, had he lived.

      b.      Loss of companionship and society.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Raquael Hinojosa, in reasonable probability, would have received from Gaspar Hinojosa had he lived.

      c.      Mental anguish.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Raquael Hinojosa because of the death of Gaspar Hinojosa.

In determining damages for elements b and c, you may consider the relationship between Raquael Hinojosa and Gaspar Hinojosa, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

Answer, with respect to the elements listed above, in dollars and cents for damages, if any, that—

were sustained in the past;

Answer: _____

in reasonable probability will
be sustained in the future.

Answer: _____

12

## QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate Clarissa Hinojosa for her damages, if any, resulting from the death of Gaspar Hinojosa?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

a.      Pecuniary loss.

"Pecuniary loss" means the loss of the care, maintenance, support, service, advice, counsel, and reasonable contributions of a pecuniary value that Clarissa Hinojosa, in reasonable probability, would have received from Gaspar Hinojosa, had he lived.

b.      Loss of companionship and society.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Clarissa Hinojosa, in reasonable probability, would have received from Gaspar Hinojosa had he lived.

c.      Mental anguish.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Clarissa Hinojosa because of the death of Gaspar Hinojosa.

In determining damages for elements b and c, you may consider the relationship between Clarissa Hinojosa and Gaspar Hinojosa, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

Answer, with respect to the elements listed above, in dollars and cents for damages, if any, that—

were sustained in the past;

Answer: _____

in reasonable probability will
be sustained in the future.

Answer: _____

13

## QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate Gaspar Hinojosa, II for his damages, if any, resulting from the death of Gaspar Hinojosa?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

      a.      Pecuniary loss.

"Pecuniary loss" means the loss of the care, maintenance, support, service, advice, counsel, and reasonable contributions of a pecuniary value that Gaspar Hinojosa II, in reasonable probability, would have received from Gaspar Hinojosa, had he lived.

      b.      Loss of companionship and society.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Gaspar Hinojosa II, in reasonable probability, would have received from Gaspar Hinojosa had he lived.

      c.      Mental anguish.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Gaspar Hinojosa II, because of the death of Gaspar Hinojosa.

In determining damages for elements b and c, you may consider the relationship between Gaspar Hinojosa II and Gaspar Hinojosa, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

Answer, with respect to the elements listed above, in dollars and cents for damages, if any, that—

were sustained in the past;

Answer: _____

in reasonable probability will
be sustained in the future.

Answer: _____

14

### QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate Omar Hinojosa for his damages, if any, resulting from the death of Gaspar Hinojosa?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

    a.     Pecuniary loss.

"Pecuniary loss" means the loss of the care, maintenance, support, service, advice, counsel, and reasonable contributions of a pecuniary value that Omar Hinojosa, in reasonable probability, would have received from Gaspar Hinojosa, had he lived.

    b.     Loss of companionship and society.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Omar Hinojosa, in reasonable probability, would have received from Gaspar Hinojosa had he lived.

    c.     Mental anguish.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Omar Hinojosa because of the death of Gaspar Hinojosa.

In determining damages for elements b and c, you may consider the relationship between Omar Hinojosa and Gaspar Hinojosa, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

Answer, with respect to the elements listed above, in dollars and cents for damages, if any, that—

were sustained in the past;

Answer: _____

in reasonable probability will
be sustained in the future.

Answer: _____

## QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate Rita Hinojosa for her damages, if any, resulting from the death of Gaspar Hinojosa?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

a.      Pecuniary loss.

"Pecuniary loss" means the loss of the care, maintenance, support, service, advice, counsel, and reasonable contributions of a pecuniary value that Rita Hinojosa, in reasonable probability, would have received from Gaspar Hinojosa, had he lived.

b.      Loss of companionship and society.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Rita Hinojosa, in reasonable probability, would have received from Gaspar Hinojosa had he lived.

c.      Mental anguish.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Rita Hinojosa because of the death of Gaspar Hinojosa.

In determining damages for elements b and c, you may consider the relationship between Rita Hinojosa and Gaspar Hinojosa, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

Answer, with respect to the elements listed above, in dollars and cents for damages, if any, that—

were sustained in the past;

Answer: _____

in reasonable probability will
be sustained in the future.

Answer: _____

16

## QUESTION NO. _

What sum of money would have fairly and reasonably compensated Gaspar Hinojosa for—

    a.             Pain and mental anguish.

    "Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by Gaspar Hinojosa before his death as a result of the occurrence in question.

    b.             Medical expenses.

    "Medical expenses" means the reasonable expense of the necessary medical and hospital care received by Gaspar Hinojosa for treatment of injuries sustained by him as a result of the occurrence in question.

    c.             Funeral and burial expenses.

    "Funeral and burial expenses" means the reasonable amount of expenses for funeral and burial for Gaspar Hinojosa reasonably suitable to his station in life.

Answer in dollars and cents for damages, if any.

Answer: _____

17

## QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate Carol Leavell for her damages, if any, resulting from the death of Robin Faye Leavell?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

a.    Pecuniary loss.

"Pecuniary loss" means the loss of the care, maintenance, support, service, advice, counsel, and reasonable contributions of a pecuniary value that Carol Leavell, in reasonable probability, would have received from Robin Faye Leavell, had she lived.

b.    Loss of companionship and society.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Carol Leavell, in reasonable probability, would have received from Robin Faye Leavell had she lived.

c.    Mental anguish.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Carol Leavell because of the death of Robin Faye Leavell.

In determining damages for elements b and c, you may consider the relationship between Carol Leavell and Robin Faye Leavell, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

Answer, with respect to the elements listed above, in dollars and cents for damages, if any, that—

were sustained in the past;

Answer: _____

in reasonable probability will
be sustained in the future.

Answer: _____

18

## QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate Rick Leavell for his damages, if any, resulting from the death of Robin Faye Leavell?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

    a.    Pecuniary loss.

"Pecuniary loss" means the loss of the care, maintenance, support, service, advice, counsel, and reasonable contributions of a pecuniary value that Rick Leavell, in reasonable probability, would have received from Robin Faye Leavell, had she lived.

    b.    Loss of companionship and society.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Rick Leavell, in reasonable probability, would have received from Robin Faye Leavell had she lived.

    c.    Mental anguish.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Rick Leavell because of the death of Robin Faye Leavell.

In determining damages for elements b and c, you may consider the relationship between Rick Leavell and Robin Faye Leavell, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

Answer, with respect to the elements listed above, in dollars and cents for damages, if any, that—

were sustained in the past;

Answer: _____

in reasonable probability will
be sustained in the future.

Answer: _____

## QUESTION NO. _

What sum of money would have fairly and reasonably compensated Robin Faye Leavell for—

a.              Pain and mental anguish.

"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by Robin Faye Leavell before her death as a result of the occurrence in question.

b.              Medical expenses.

"Medical expenses" means the reasonable expense of the necessary medical and hospital care received by Robin Faye Leavell for treatment of injuries sustained by her as a result of the occurrence in question.

c.              Funeral and burial expenses.

"Funeral and burial expenses" means the reasonable amount of expenses for funeral and burial for Robin Faye Leavell reasonably suitable to her station in life.

Answer in dollars and cents for damages, if any.

Answer: _____

20

## QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate Lydia Zamora for her damages, if any, resulting from the death of Hector Martinez, Jr.?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

a.    Pecuniary loss.

"Pecuniary loss" means the loss of the care, maintenance, support, service, advice, counsel, and reasonable contributions of a pecuniary value that Lydia Zamora, in reasonable probability, would have received from Hector Martinez, Jr., had he lived.

b.    Loss of companionship and society.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Lydia Zamora, in reasonable probability, would have received from Hector Martinez, Jr., had he lived.

c.    Mental anguish.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Lydia Zamora because of the death of Hector Martinez, Jr.

In determining damages for elements b and c, you may consider the relationship between Lydia Zamora and Hector Martinez, Jr., their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

Answer, with respect to the elements listed above, in dollars and cents for damages, if any, that—

were sustained in the past;

Answer: _____

in reasonable probability will
be sustained in the future.

Answer: _____

21

## QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate Hector Martinez, Sr. for his damages, if any, resulting from the death of Hector Martinez, Jr.?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

a.    Pecuniary loss.

"Pecuniary loss" means the loss of the care, maintenance, support, service, advice, counsel, and reasonable contributions of a pecuniary value that Hector Martinez, Sr., in reasonable probability, would have received from Hector Martinez, Jr., had he lived.

b.    Loss of companionship and society.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Hector Martinez, Sr., in reasonable probability, would have received from Hector Martinez, Jr., had he lived.

c.    Mental anguish.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Hector Martinez, Sr.because of the death of Hector Martinez, Jr.

In determining damages for elements b and c, you may consider the relationship between Hector Martinez, Sr.and Hector Martinez, Jr., their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

Answer, with respect to the elements listed above, in dollars and cents for damages, if any, that—

were sustained in the past;

Answer: _____

in reasonable probability will
be sustained in the future.

Answer: _____

22

## QUESTION NO. _

What sum of money would have fairly and reasonably compensated Hector Martinez, Jr. for—

a.              Pain and mental anguish.

"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by Hector Martinez, Jr. before his death as a result of the occurrence in question.

b.              Medical expenses.

"Medical expenses" means the reasonable expense of the necessary medical and hospital care received by Hector Martinez, Jr. for treatment of injuries sustained by him as a result of the occurrence in question.

c.              Funeral and burial expenses.

"Funeral and burial expenses" means the reasonable amount of expenses for funeral and burial for Hector Martinez, Jr. reasonably suitable to his station in life.

Answer in dollars and cents for damages, if any.

Answer: _____

## QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate Soledad Gonzalez Mireles for her damages, if any, resulting from the death of Julio Cesar Mireles?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

a.   Pecuniary loss.

"Pecuniary loss" means the loss of the care, maintenance, support, service, advice, counsel, and reasonable contributions of a pecuniary value that Soledad Gonzalez Mireles, in reasonable probability, would have received from Julio Cesar Mireles, had he lived.

b.   Loss of companionship and society.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Soledad Gonzalez Mireles, in reasonable probability, would have received from Julio Cesar Mireles, had he lived.

c.   Mental anguish.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Soledad Gonzalez Mireles because of the death of Julio Cesar Mireles.

In determining damages for elements b and c, you may consider the relationship between Soledad Gonzalez Mireles and Julio Cesar Mireles, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

Answer, with respect to the elements listed above, in dollars and cents for damages, if any, that—

were sustained in the past;

Answer: _____

in reasonable probability will
be sustained in the future.

Answer: _____

24

### QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate Juan Antonio Mireles for his damages, if any, resulting from the death of Julio Cesar Mireles?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

a.    Pecuniary loss.

"Pecuniary loss" means the loss of the care, maintenance, support, service, advice, counsel, and reasonable contributions of a pecuniary value that Juan Antonio Mireles, in reasonable probability, would have received from Julio Cesar Mireles, had he lived.

b.    Loss of companionship and society.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Juan Antonio Mireles, in reasonable probability, would have received from Julio Cesar Mireles, had he lived.

c.    Mental anguish.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Juan Antonio Mireles because of the death of Julio Cesar Mireles.

In determining damages for elements b and c, you may consider the relationship between Juan Antonio Mireles and Julio Cesar Mireles, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

Answer, with respect to the elements listed above, in dollars and cents for damages, if any, that—

were sustained in the past;

Answer: _____

in reasonable probability will
be sustained in the future.

Answer: _____

## QUESTION NO. _

What sum of money would have fairly and reasonably compensated Julio Cesar Mireles for—

a.              Pain and mental anguish.

"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by Julio Cesar Mireles before his death as a result of the occurrence in question.

b.              Medical expenses.

"Medical expenses" means the reasonable expense of the necessary medical and hospital care received by Julio Cesar Mireles for treatment of injuries sustained by him as a result of the occurrence in question.

c.              Funeral and burial expenses.

"Funeral and burial expenses" means the reasonable amount of expenses for funeral and burial for Julio Cesar Mireles reasonably suitable to his station in life.


Answer in dollars and cents for damages, if any.


Answer: _____

## QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate Miriam Rivas for her damages, if any, resulting from the death of Stvan Rivas?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

   a.      Pecuniary loss.

      "Pecuniary loss" means the loss of the care, maintenance, support, service, advice, counsel, and reasonable contributions of a pecuniary value that Miriam Rivas, in reasonable probability, would have received from Stvan Rivas, had he lived.

   b.      Loss of companionship and society.

      "Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Miriam Rivas, in reasonable probability, would have received from Stvan Rivas, had he lived.

   c.      Mental anguish.

      "Mental anguish" means the emotional pain, torment, and suffering experienced by Miriam Rivas because of the death of Stvan Rivas.

In determining damages for elements b and c, you may consider the relationship between Miriam Rivas and Stvan Rivas, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

Answer, with respect to the elements listed above, in dollars and cents for damages, if any, that—

were sustained in the past;

Answer: _____

in reasonable probability will
be sustained in the future.

Answer: _____

27

**QUESTION NO. _**

What sum of money, if paid now in cash, would fairly and reasonably compensate Esteban Rivas for his damages, if any, resulting from the death of Stvan Rivas?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

    a.      Pecuniary loss.

"Pecuniary loss" means the loss of the care, maintenance, support, service, advice, counsel, and reasonable contributions of a pecuniary value that Esteban Rivas, in reasonable probability, would have received from Stvan Rivas, had he lived.

    b.      Loss of companionship and society.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Esteban Rivas, in reasonable probability, would have received from Stvan Rivas, had he lived.

    c.      Mental anguish.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Esteban Rivas because of the death of Stvan Rivas.

In determining damages for elements b and c, you may consider the relationship between Esteban Rivas and Stvan Rivas, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

Answer, with respect to the elements listed above, in dollars and cents for damages, if any, that—

were sustained in the past;

Answer: _____

in reasonable probability will
be sustained in the future.

Answer: _____

28

## QUESTION NO. _

What sum of money would have fairly and reasonably compensated Stvan Rivas for—

a.          Pain and mental anguish.

"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by Stvan Rivas before his death as a result of the occurrence in question.

b.          Medical expenses.

"Medical expenses" means the reasonable expense of the necessary medical and hospital care received by Stvan Rivas for treatment of injuries sustained by him as a result of the occurrence in question.

c.          Funeral and burial expenses.

"Funeral and burial expenses" means the reasonable amount of expenses for funeral and burial for Stvan Rivas reasonably suitable to his station in life.

Answer in dollars and cents for damages, if any.

Answer: _____

## QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate William B. Welch for his damages, if any, resulting from the death of Chealsa Welch?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss.  That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

 a.  Pecuniary loss.

 "Pecuniary loss" means the loss of the care, maintenance, support, service, advice, counsel, and reasonable contributions of a pecuniary value that William B. Welch, in reasonable probability, would have received from Chealsa Welch, had she lived.

 b.  Loss of companionship and society.

 "Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that William B. Welch, in reasonable probability, would have received from Chealsa Welch, had she lived.

 c.  Mental anguish.

 "Mental anguish" means the emotional pain, torment, and suffering experienced by William B. Welch because of the death of Chealsa Welch.

In determining damages for elements b and c, you may consider the relationship between William B. Welch and Chealsa Welch, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

Answer, with respect to the elements listed above, in dollars and cents for damages, if any, that—

were sustained in the past;

Answer: _____

in reasonable probability will
be sustained in the future.

Answer: _____

30