## QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate Jacqueline Paddock for her damages, if any, resulting from the death of Chealsa Welch?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

    a.      Pecuniary loss.

"Pecuniary loss" means the loss of the care, maintenance, support, service, advice, counsel, and reasonable contributions of a pecuniary value that Jacqueline Paddock, in reasonable probability, would have received from Chealsa Welch, had she lived.

    b.      Loss of companionship and society.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Jacqueline Paddock, in reasonable probability, would have received from Chealsa Welch, had she lived.

    c.      Mental anguish.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Jacqueline Paddock because of the death of Chealsa Welch.

In determining damages for elements b and c, you may consider the relationship between Jacqueline Paddock and Chealsa Welch, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

Answer, with respect to the elements listed above, in dollars and cents for damages, if any, that—

were sustained in the past;

Answer: _____

in reasonable probability will
be sustained in the future.

Answer: _____

## QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate William Eugene Kimbrell for his damages, if any, resulting from the death of Chealsa Welch?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

a.   Pecuniary loss.

"Pecuniary loss" means the loss of the care, maintenance, support, service, advice, counsel, and reasonable contributions of a pecuniary value that William Eugene Kimbrell, in reasonable probability, would have received from Chealsa Welch, had she lived.

b.   Loss of companionship and society.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that William Eugene Kimbrell, in reasonable probability, would have received from Chealsa Welch, had she lived.

c.   Mental anguish.

"Mental anguish" means the emotional pain, torment, and suffering experienced by William Eugene Kimbrell because of the death of Chealsa Welch.

In determining damages for elements b and c, you may consider the relationship between William Eugene Kimbrell and Chealsa Welch, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

Answer, with respect to the elements listed above, in dollars and cents for damages, if any, that—

were sustained in the past;

Answer: _____

in reasonable probability will
be sustained in the future.

Answer: _____

## QUESTION NO. _

What sum of money would have fairly and reasonably compensated Chealsa Welch for—

a.                  Pain and mental anguish.

"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by Chealsa Welch before her death as a result of the occurrence in question.

b.                  Medical expenses.

"Medical expenses" means the reasonable expense of the necessary medical and hospital care received by Chealsa Welch for treatment of injuries sustained by her as a result of the occurrence in question.

c.                  Funeral and burial expenses.

"Funeral and burial expenses" means the reasonable amount of expenses for funeral and burial for Chealsa Welch reasonably suitable to her station in life.

Answer in dollars and cents for damages, if any.

Answer: _____

## QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate William B. Welch for his damages, if any, resulting from the death of Barry Welch?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

a.      Pecuniary loss.

"Pecuniary loss" means the loss of the care, maintenance, support, service, advice, counsel, and reasonable contributions of a pecuniary value that William B. Welch, in reasonable probability, would have received from Barry Welch, had he lived.

b.      Loss of companionship and society.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that William B. Welch, in reasonable probability, would have received from Barry Welch, had he lived.

c.      Mental anguish.

"Mental anguish" means the emotional pain, torment, and suffering experienced by William B. Welch because of the death of Barry Welch.

In determining damages for elements b and c, you may consider the relationship between William B. Welch and Barry Welch, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

Answer, with respect to the elements listed above, in dollars and cents for damages, if any, that—

were sustained in the past;

Answer: _____

in reasonable probability will
be sustained in the future.

Answer: _____

34

## QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate William Morris Welch for his damages, if any, resulting from the death of Barry Welch?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss.  That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

    a.      Pecuniary loss.

"Pecuniary loss" means the loss of the care, maintenance, support, service, advice, counsel, and reasonable contributions of a pecuniary value that William Morris Welch, in reasonable probability, would have received from Barry Welch, had he lived.

    b.      Loss of companionship and society.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that William Morris Welch, in reasonable probability, would have received from Barry Welch, had he lived.

    c.      Mental anguish.

"Mental anguish" means the emotional pain, torment, and suffering experienced by William Morris Welch because of the death of Barry Welch.

In determining damages for elements b and c, you may consider the relationship between William Morris Welch and Barry Welch, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

Answer, with respect to the elements listed above, in dollars and cents for damages, if any, that—

were sustained in the past;

Answer: _____

in reasonable probability will
be sustained in the future.

Answer: _____

35

## QUESTION NO. _

What sum of money would have fairly and reasonably compensated Barry Welch for—

a.          Pain and mental anguish.

"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by Barry Welch before his death as a result of the occurrence in question.

b.          Medical expenses.

"Medical expenses" means the reasonable expense of the necessary medical and hospital care received by Barry Welch for treatment of injuries sustained by him as a result of the occurrence in question.

c.          Funeral and burial expenses.

"Funeral and burial expenses" means the reasonable amount of expenses for funeral and burial for Barry Welch reasonably suitable to his station in life.

Answer in dollars and cents for damages, if any.

Answer: _____

36

## QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate Brigett Marie Goza, for her injuries, if any, resulting from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

a. Physical pain and mental anguish sustained in the past.

Answer: _____

b. Physical pain and mental anguish that, in reasonable probability, Brigett Marie Goza will sustain in the future.

Answer: _____

c. Loss of earning capacity sustained in the past.

Answer: _____

d. Loss of earning capacity that, in reasonable probability, Brigett Marie Goza will sustain in the future.

Answer: _____

e. Disfigurement sustained in the past.

Answer: _____

f. Disfigurement that, in reasonable probability, Brigett Marie Goza will sustain in the future.

Answer: _____

g. Physical impairment sustained in the past.

Answer: _____

h. Physical impairment that, in reasonable probability, Brigett Marie Goza will sustain in the future.

Answer: _____

i. Medical care in the past.

Answer: _____

37

j.    Medical care that, in reasonable probability, Brigett Marie Goza will incur in the future.

Answer: _____

## QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate Rene Mata, for his injuries, if any, resulting from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

a.    Physical pain and mental anguish sustained in the past.

Answer: _____

b.    Physical pain and mental anguish that, in reasonable probability, Rene Mata will sustain in the future.

Answer: _____

c.    Loss of earning capacity sustained in the past.

Answer: _____

d.    Loss of earning capacity that, in reasonable probability, Rene Mata will sustain in the future.

Answer: _____

e.    Disfigurement sustained in the past.

Answer: _____

f.    Disfigurement that, in reasonable probability, Rene Mata will sustain in the future.

Answer: _____

g.    Physical impairment sustained in the past.

Answer: _____

h.    Physical impairment that, in reasonable probability, Rene Mata will sustain in the future.

Answer: _____

i.    Medical care in the past.

Answer: _____

39

j.     Medical care that, in reasonable probability, Rene Mata will incur in the future.

Answer: _____

## QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate Gustavo Adolfo Morales, for his injuries, if any, resulting from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

    a.    Physical pain and mental anguish sustained in the past.

Answer: _____

    b.    Physical pain and mental anguish that, in reasonable probability, Gustavo Adolfo Morales will sustain in the future.

Answer: _____

    c.    Loss of earning capacity sustained in the past.

Answer: _____

    d.    Loss of earning capacity that, in reasonable probability, Gustavo Adolfo Morales will sustain in the future.

Answer: _____

    e.    Disfigurement sustained in the past.

Answer: _____

    f.    Disfigurement that, in reasonable probability, Gustavo Adolfo Morales will sustain in the future.

Answer: _____

    g.    Physical impairment sustained in the past.

Answer: _____

    h.    Physical impairment that, in reasonable probability, Gustavo Adolfo Morales will sustain in the future.

Answer: _____

    i.    Medical care in the past.

Answer: _____

41

j.    Medical care that, in reasonable probability, Gustavo Adolfo Morales will incur in the future.

Answer: _____

## QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate Rolando Lee Moya, for his injuries, if any, resulting from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

      a.      Physical pain and mental anguish sustained in the past.

Answer: _____

      b.      Physical pain and mental anguish that, in reasonable probability, Rolando Lee Moya will sustain in the future.

Answer: _____

      c.      Loss of earning capacity sustained in the past.

Answer: _____

      d.      Loss of earning capacity that, in reasonable probability, Rolando Lee Moya will sustain in the future.

Answer: _____

      e.      Disfigurement sustained in the past.

Answer: _____

      f.      Disfigurement that, in reasonable probability, Rolando Lee Moya will sustain in the future.

Answer: _____

      g.      Physical impairment sustained in the past.

Answer: _____

      h.      Physical impairment that, in reasonable probability, Rolando Lee Moya will sustain in the future.

Answer: _____

      i.      Medical care in the past.

Answer: _____

43

j.      Medical care that, in reasonable probability, Rolando Lee Moya will incur in the future.

Answer: _____

## QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate Alberto Leroy Moya, for his injuries, if any, resulting from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

a.    Physical pain and mental anguish sustained in the past.

Answer: _____

b.    Physical pain and mental anguish that, in reasonable probability, Alberto Leroy Moya will sustain in the future.

Answer: _____

c.    Loss of earning capacity sustained in the past.

Answer: _____

d.    Loss of earning capacity that, in reasonable probability, Alberto Leroy Moya will sustain in the future.

Answer: _____

e.    Disfigurement sustained in the past.

Answer: _____

f.    Disfigurement that, in reasonable probability, Alberto Leroy Moya will sustain in the future.

Answer: _____

g.    Physical impairment sustained in the past.

Answer: _____

h.    Physical impairment that, in reasonable probability, Alberto Leroy Moya will sustain in the future.

Answer: _____

i.    Medical care in the past.

Answer: _____

45

j.    Medical care that, in reasonable probability, Alberto Leroy Moya will incur in the future.

Answer: _____

### QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate Antonio Salinas, Jr., for her injuries, if any, resulting from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

a.    Physical pain and mental anguish sustained in the past.

Answer: _____

b.    Physical pain and mental anguish that, in reasonable probability, Antonio Salinas, Jr., will sustain in the future.

Answer: _____

c.    Loss of earning capacity sustained in the past.

Answer: _____

d.    Loss of earning capacity that, in reasonable probability, Antonio Salinas, Jr. will sustain in the future.

Answer: _____

e.    Disfigurement sustained in the past.

Answer: _____

f.    Disfigurement that, in reasonable probability, Antonio Salinas, Jr. will sustain in the future.

Answer: _____

g.    Physical impairment sustained in the past.

Answer: _____

h.    Physical impairment that, in reasonable probability, Antonio Salinas, Jr. will sustain in the future.

Answer: _____

i.    Medical care in the past.

Answer: _____

47

j.    Medical care that, in reasonable probability, Antonio Salinas, Jr. will incur in the future.

Answer: _____

## QUESTION NO. _

What sum of money, if paid now in cash, would fairly and reasonably compensate Roberto Espericueta, for her injuries, if any, resulting from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

      a.     Physical pain and mental anguish sustained in the past.

Answer: _____

      b.     Physical pain and mental anguish that, in reasonable probability, Roberto Espericueta will sustain in the future.

Answer: _____

      c.     Loss of earning capacity sustained in the past.

Answer: _____

      d.     Loss of earning capacity that, in reasonable probability, Roberto Espericueta will sustain in the future.

Answer: _____

      e.     Disfigurement sustained in the past.

Answer: _____

      f.     Disfigurement that, in reasonable probability, Roberto Espericueta will sustain in the future.

Answer: _____

      g.     Physical impairment sustained in the past.

Answer: _____

      h.     Physical impairment that, in reasonable probability, Roberto Espericueta will sustain in the future.

Answer: _____

      i.     Medical care in the past.

Answer: _____

49

j.   Medical care that, in reasonable probability, Roberto Espericueta will incur in the future.

Answer: _____

**QUESTION NO. _**

What is the difference in the market value in Cameron County, Texas, of the 2001 Ford Mustang owned by Frank Mata immediately before and immediately after the occurrence in question?

"Market value" means the amount that would be paid in cash by a willing buyer who desires to buy, but is not required to buy, to a willing seller who desires to sell, but is under no necessity of selling.

Answer in dollars and cents for damages, if any.

Answer: _____

51

Respectfully submitted,

Ray R. Marchan
State Bar No.: 12969050
Federal ID No.: 9522
Mikal Watts
State Bar No.: 20981820
Federal ID No.: 12419
1926 E. Elizabeth
Brownsville, TX 78520
Phone: 956.544.0500
Fax: 956.541.0255
*Attorneys for Claimants Lydia Zamora, Individually and as Representative of the Estate of Hector Martinez, Jr., Gustavo Morales, Bigo's International, L.L.C.; Jacqueline Paddock, Individually and as Representative of the Estate of Chelsea Welch and as Next Friend of William B. Welch and Bridgette Goza*

\*    Richard Leo Harrell    w/pem
Richard Leo Harrell
Attorney-in-Charge
State Bar No.: 09041320
Federal ID No.: 12325
802 N. Carancahua, Suite 1400
P. O. Box 480
Corpus Christi, TX 78403-0480
Phone: 361.698.7600
Fax:    361.698.7614
*Attorney for Claimant William Eugene Kimbrell, Individually as Surviving Father of Chealsa Welch, Deceased*

52

*__Heriberto Medrano__ w/perm*

Heriberto "Eddie" Medrano
State Bar No.: 13897800
Federal ID No.: 5952
Law Offices of Heriberto "Eddie" Medrano
2009 East Harrison, Ste. B
Harlingen, TX 78550
Phone: 956.428.2412
Fax:    956.428.2495
*Attorney for Claimant Anita Harris, Individually, as Next Friend of Victor Justin Harris and as Representative of the Estate of Robert V. Harris*

*__John D. Franz__ w/perm*

John David Franz
State Bar No.: 07389200
Federal ID No.: 1190
400 North McColl
McAllen, TX 78501
Phone: 956.686.3300
Fax:    956.686.3578
*Attorney for Claimants Esteban Rivas and Miriam Rivas, Individually and as Representatives of the Estate of Stvan F. Rivas*

*__S. Mark Strawn__ w/perm.*

S. Mark Strawn
State Bar No.: 19374325
Federal ID No.: 9996
Thomas R. Ajamie
State Bar No. 00952400
Federal I.D. No. 6165
Pennzoil Place – South Tower
711 Louisiana, Suite 2150
Houston, TX 77002
Phone: 713.860.1600
Fax:    713.860.1699
*Attorneys for Claimants J. Antonio Mireles, as Personal Representative of the Estate of Julio Cesar Mireles, Juan Antonio Mireles and Soledad Gonzales Mireles*

*__Juan Magallanes__ w/perm.*

Juan A. Magallanes
State Bar No.: 12879500
Federal ID No.: 2258
Carlos Escobar
State Bar No.: 24025351
1713 Boca Chita
P.O. Box 4901
Brownsville, TX 78520
Phone: 956.544.6571
Fax:    956.544.4290
*Attorney for Laguna Madre Water District of Port Isabel*

\* *Pamela St. John* w/perm.
Pamela St. John
State Bar No.: 01918090
Legal Department
175 East Houston, 14th Floor
San Antonio, TX 78205
Phone: 210.351.3495
Fax:    210.351.3458
*Attorney for Southwestern Bell Telephone Company*

\* *Raymond L. Thomas* w/perm.
Raymond L. Thomas
State Bar No.: 19865350
Federal ID No.: 10715
Rebecca Vela
State Bar No.: 24008207
Federal ID No.: 23179
Kittleman, Thomas, Ramirez & Gonzalez
4900-B North Tenth Street, Suite 204
McAllen, TX 78504-1416
Phone: 956.686.8797
Fax:    956.630.5199
*Attorney for Rene Mata and Frank Mata*

54

\* *Jim Hart* w/perm.

Jim Hart
State Bar No.: 09147400
Federal ID No.: 14548
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Ste. 600
Houston, TX 77017-5001
Phone: 713.230.2312
Fax:    713.643.6226
*Attorney for Hector Martinez, Sr.*

\* *Julian Rodriguez, Jr.* w/perm.

Julian Rodriguez, Jr.
State Bar No.: 17146770
Federal ID No.: 15112
Julian Rodriguez, Jr. & Associates, P.C.
10113 N. 10ᵗʰ Street, Ste. C
McAllen, TX 78504
Phone: 956.287.0088
Fax:    956.287.0098
*Attorney for Raquel Teran Hinojosa, Individually and on*
*behalf of the Estate of Gaspar Hinojosa; Clarissa Hinojosa,*
*Omar Hinojosa, Gaspar Hinojosa, III, each individually;*
*Claimants Martin D. Hinojosa and Rita S. Hinojosa,*
*Individually and as Heirs of the Estate of Gaspar Hinojosa*

\* *Steve Q. McManus* w/perm

Steve Q. McManus
State Bar No.: 13784700
Federal ID No.: 5889
William Q. McManus
State Bar No. 24008619
Law Office of McManus & Crane, L.L.P.
209 West Juan Linn
P.O. Box 2206
Victoria, TX 77902-2206
Phone: 361.575.6764
Fax:    361.575.8454
*Attorneys for Claimants Ricky Leavell and Carol Leavell,*
*Individually and as Representatives of the Estate of Robin*
*Faye Leavell*

55

\* *Frank Enriquez* w/perm.
Frank Enriquez
State Bar No.: 06630500
Federal ID No.: 3734
Robert Puente
4200-B North Bicentennial
McAllen, TX 78504
Phone: 956.686.5291
Fax:   956.618.5064
*Attorney for Claimants Roberto Espericueta, Albert*
*Leroy Moya, Rolando Lee Moya and Antonio Salinas, Jr.*


\* *James B. Manley* w/perm.
James B. Manley
State Bar No.: 12915000
Federal ID No.: 3286
200 William Barnett
Cleveland, TX 77327
Phone: 281.593.1100
Fax:   281.593.1700
*Attorney for Claimant William Morris Welch*


\*      SIGNED BY PERMISSION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Claimants' Response to Motion for Summary Judgment of American Commercial Barge Line LLC has been served upon all Petitioners' Counsel by certified mail, return receipt requested and on all other counsel of record, by regular US mail on the 2nd day of February, 2005.

*Ray R. Marchan*

Ray R. Marchan

## CERTIFIED MAIL RETURN RECEIPT REQUESTED

Glen Goodier, Esq.
JONES, WALKER, WAECHTER, POITEVENT,
CARRERE & DENEGRE, L.L.P.
201 St. Charles Ave., 48th Floor
New Orleans, LA 70170-5100
CM/RRR # 7004 2510 0000 89138688

Leslie D. Cassidy, III, Esq.
WOOLSEY & CASSIDY
500 N. Water Street, Ste. 1020
Corpus Christi, Texas 78471
CM/RRR # 7004 2510 0000 8913 8695

## REGULAR MAIL

Heriberto "Eddie" Medrano, Esq.
LAW OFFICES OF HERIBERTO MEDRANO
2009 East Harrison, Ste. B
Harlingen, Texas 78550

Thomas E. Quirk, Esq.
AARON & QUIRK
901 NE Loop 410, Ste. 903
San Antonio, Texas 78209-1307

Mark J. Spansel, Esq.
ADAMS & REESE, L.L.P.
4500 One Shell Square
New Orleans, LA 70139

Ray R. Marchan, Esq.
WATTS LAW FIRM, L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520

James B. Manley, Esq.
ATTORNEY AT LAW
200 William Barnett
Cleveland, Texas 77327

J. Chad Guantt, Esq.
GUANTT & KRUPPSTADT, L.L.P.
1400 Woodloch, Ste. 575
The Woodlands, Texas 77380

John David Franz, Esq.
THE LAW OFFICES OF JOHN DAVID FRANZ
400 N. McColl
McAllen, Texas 78501

Pamela St. John, Esq.
SBC TEXAS LEGAL
175 E. Houston, 4th Floor
San Antonio, Texas 78205

J.A. Magallanes, Esq.
Carlos Escobar, Esq.
MAGALLANES, HINOJOSA & MANCIAS, PC
1713 Boca Chica Blvd.
P.O. Box 4901
Brownsville, Texas 78520

Thomas R. Ajamie, Esq.
S. Mark Strawn, Esq.
SCHIRRMEISTER AJAMIE, L.L.P.
711 Louisiana Street, Ste. 2150
Houston, Texas 77002

Frank Enriquez, Esq.
Robert Puente, Esq.
LAW OFFICES OF FRANK ENRIQUEZ
4200-B North Bicentennial
McAllen, Texas 78504

Julian Rodriguez, Jr., Esq.
JULIAN RODRIGUEZ, JR. & ASSOC., P.C.
10113 N. 10th Street, Ste. "C"
McAllen, Texas 78504

William Q. McManus, Esq.
Steve Q. McManus, Esq.
LAW OFFICE OF MCMANUS
   & CRANE, L.L.P.
209 West Juan Linn
P.O. Box 2206
Victoria, Texas 77902-2206

Raymond Thomas, Esq.
Andres Gonzales, Esq.
KITTLEMAN, THOMAS, RAMIREZ
   & GONZALES
4900-B N. 10th Street
McAllen, Texas 78504

Jack F. Gilbert, Esq.
Michael Ratliff, Esq.
OFFICE OF THE ATTORNEY GENERAL
TRANSPORTATION DIVISION
P.O. Box 12548
Austin, Texas 78714-2548

Jim S. Hart, Esq.
Nejd Yaziji, Esq.
WILLIAMS BAILEY LAW FIRM, L.L.P.
8441 Gulf Freeway, Ste. 600
Houston, Texas 77017

Veronica Farias, Esq.
LAW OFFICE OF VERONICA FARIAS
2854 Boca Chica
Brownsville, Texas 78521

Dino Esparza
WILLETTE & GUERRA, L.L.P.
1534 East 6th Street, Suite 200
Brownsville, Texas 78520

David H. Crago
BRIN & BRIN, P.C.
1202 Third Street
Corpus Christi, Texas 78404

Will W. Pierson, Esq.
Keith Uhles, Esq.
James Hunter, Esq.
ROYSTON, RAYZOR, VICKERY
   & WILLIAMS, L.L.P.
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas

58