United States District Court
Southern District of Texas
FILED

JUN 1 5 2005

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE, TEXAS

| | | |
|---|---|---|
| IN RE:  THE COMPLAINT AND PETITION OF BROWN WATER TOWING I, INC. AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER, OF THE BROWN WATER V, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § | C.A. No. B-01-157 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Adiralty |
| Consolidated with: | § § | |
| IN THE MATTER OF THE AMERICAN COMMERCIAL LINES LLC AS OWNER And AMERICAN COMMERCIAL BARGE LINE LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, PRAYING FOR EXONERATION FROM AND/OR LIMINATION OF LIABILITY | § § § § § § § § § § | C.A. NO. B-02-004 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |
| Consolidated with: | § § | |
| IN THE MATTER OF DEERE CREDIT, INC. (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM 315, AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYER FOR EXONERATION FROM AND/OR LIMIATION OF LIABILITY | § § § § § § § § § § § § § § § § | C.A. NO. B-02-025 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |

## CLAIMANTS' MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RAY  R. MARCHAN, on behalf of Claimants, and before

commencement of the voir dire examination of the jury panel, respectfully moves that

1

counsel for the Petitioners and through such counsel, any and all Petitioners' witnesses be instructed by appropriate order of this Honorable Court to refrain from making any mention or interrogation directly or indirectly, in any manner whatsoever concerning any of the matters herein set forth, without first approaching the bench and obtaining a ruling from the Court out of the presence and out of the hearing of all prospective jurors and jurors ultimately selected in this cause  in  regard  to any alleged theory of admissibility of such matters, to wit:

1.

That CLAIMANTS received, have been entitled to receive, will receive, or will become entitled to receive, or could have applied and/or received any benefits  of  any kind  or character from a  collateral source, including but not limited to such collateral source  benefits  as  the following:

(a)  Services  furnished  without  charge.

b) Benefits from collateral insurance coverage.

(c)  Compensation for time not actually worked.

(d)  Social Security or any kind of pension benefits. <u>A. H. Bull Steamship Co. v. Ligon</u>, 285  F.2d 936, 75 A.L.R. 885.

(e)  Worker's Compensation or similar benefits. <u>Tipton v. Scony Mobil Oil Co.</u>, 315 F.2d 660.

2.

The Claimants, parties and/or witnesses' personal habits, including specific instances of conduct, including temper, sexual, drinking habits or drug use or specific instances of conduct or whether Claimants have received personal criticism for any job performance which is not specifically related to the occurrence in question.

3.

That any recovery by the Claimants either would or would not be subject to federal income taxation or any other form of taxation.

4.

Any crimes or offenses or allegations against Claimants, parties and/or the witnesses not involving moral turpitude or which are remote, or if involving moral turpitude only those which resulted in felony convictions, for the reason that same would be immaterial and irrelevant to any issue in this cause and would be incurably prejudicial.

5.

From eliciting or permitting lay witnesses to testify as to matters not within their personal knowledge including speculation and opinions.

6.

Any hearsay statements by any persons who were witnesses to the accident or to the circumstances or events surrounding the accident.

7.

Claimants requests that all counsel further be instructed not to tender, read from, or refer to any statement or report of any person not then and there present in Court to testify and to be cross-examined by counsel for Movant, and that Petitioners' counsel be instructed not to suggest to the jury, by argument or otherwise, what would have been the testimony of any witness not actually called.

8.

Should the Petitioners wish to introduce any photographs, diagrams, graphs, charts, recordings or motion picture files into evidence, that the same be tendered to Court and opposing counsel, outside the presence of the Jury, and shown or exhibited

to determine their relevance and suitability for introduction into evidence prior to and before informing the jury as to their existence or their tender into evidence by the Claimants.

9.

That Petitioners be instructed not to make demands or requests before the jury for matters found or contained in Movant's file, which would include statements, pleadings, photographs, reports and other documents, nor to demand or request further or additional examinations, physical demonstrations, or other requests during the course of the trial in the presence of the jury.

10.

Any evidence by experts who were not identified as testifying experts in responses to interrogatories and not designated by the time set forth in the pretrial order or local rule.   Alldread v. City of Grenada, 988 F.2d 1425, 1435-36 (5th Cir. 1993).

11.

That prior to introducing any Exhibits into evidence and before informing the jury of its existence, Petitioners should tender each Exhibit to the Court and Claimants' counsel, outside of the presence of the jury, to determine its relevance and suitability for introduction into  evidence.

12.

Soliciting a lay opinion for any witnesses until evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter, which is rationally based on the perception of the witness and helpful to a clear understanding of the witness' testimony or the determination of a fact in issue and not based upon speculation.

4

13.

Any evidence Petitioners not produce in discovery. Petitioners should not be permitted to present any witness it did not name in their answers to interrogatories, or any evidence they did not produce in response to any discovery.

14.

References to the filing of this Motion In Limine or to any ruling by the Court in response to this motion, such references are inherently prejudicial in that they suggest or infer that the movant has sought to prohibit proof or that the court has excluded proof of matters damaging to movant's case.

15.

That the Claimants in this lawsuit is looking for someone to sue with "deep pockets" because one of the Petitioners might not have so much money available to satisfy a judgment as some other Petitioners herein.

16.

That the Claimants' and/or their attorneys will receive any punitive damages awarded and/or that they would get a tremendous windfall by the award of punitive damages. Such comments are impermissible and prejudicial comments on the effect of jury answers.

17.

Through verbal remark, questioning or attempted introduction of documentary evidence of anything relating to the character of any parties or witnesses until such time as the door has been opened for such evidence and counsel has approached the bench outside the hearing of the Jury and requested permission to pursue the line of evidence. Crumpton v. Confederation Life Ins. Co., 672 F.2d 1248, 1251-1253 (5th Cir. 1982), rehearing denied, 679 F.2d 250 (1982).

18.

Any reference to or mention of jury verdicts in other cases in which Ray R. Marchan, Mikal Watts, or Watts Law Firm, L.L.P. or any of their lawyers have been involved, or the size of any jury verdict in any such case.

19.

Any inquiry to any of the veniremen whether they have seen any of the lawyers from Watts Law Firm, L.L.P. on television, advertising, as such inquiry is calculated only to create a misleading impression that plaintiff's counsels advertise on TV, when it is untrue and would create prejudice against plaintiff's counsel.

20.

Sidebar comments or inferences that the editing of deposition testimony is improper.

21.

Sidebar comments or inferences that videotaped depositions are improper or for purposes of intimidation.

22.

Sidebar comments that deposition testimony of persons present in the courtroom is improper or unnecessary.

23.

That the Petitioners not mention or state to the jury the probable testimony of a witness who is absent or unavailable and who was not called to testify in this cause, through live or deposition testimony.

24.

Sidebar comments about who may have noticed a particular deposition or who may have been asking particular questions during a deposition, as these matters are irrelevant and serve only to prejudice and confuse the jury.

25.

Any defense attorney's personal opinion about the justness of the Claimants' case, the credibility of any witnesses, or any other of the defense counsel's personal experiences or opinions from any source whatsoever.

26.

Sidebar comments or inferences that use of videotape equipment or computers is a "sideshow", "star wars", or other type high tech production.

27.

Impeachment of the plaintiff on any matter which is collateral to this lawsuit and which is not relevant or germane to the Claimants' claims or defenses alleged by the Petitioners, without first demonstrating to the satisfaction of the court a predicate for the relevancy of such matters.

28.

Not to mention that Claimants' attorneys and/or Claimants sued large corporations such as Petitioners without having a legitimate basis for such lawsuit, or that such lawsuits filed by other plaintiff against the Petitioners have been dismissed for any reasons, or resulted in any jury verdicts adverse to the Claimants who filed the lawsuit.

29.

Any accidents or injuries, claims, lawsuits, or settlements not related to the injuries made the basis of this suit.

30.

The financial affairs, wealth, or status of Claimants, including, but not limited to, the possibility that the home which Claimants lived in as being a government subsidized housing and/or Housing Authority. Such evidence is not relevant to any issues to this lawsuit.

31.

Any reference to the use of any assumed name or aliases used by any party or witness not relevant to any material fact in this action.

32.

Any reference regarding whether or not settlement negotiations between the parties have been made including negotiations which included agreements as to how this case would be tried.

33.

That Claimants and/or the witnesses and/or parties have had unrelated prior or subsequent claims, suits, or settlements, or the amounts thereof. In this connection, Claimants do not seek to preclude the Petitioners from showing any unrelated injury and the effects thereof to the extent material to the lawsuit, and based upon reasonable medical probability, but objects only to a showing of unrelated claims, suits, or settlements for the reason that the same would be immaterial and irrelevant to any issue in this cause and would be incurably prejudicial even though objections were timely made and sustained.

34.

Stating, offering proof, or discussing any evidence concerning any rulings of the Court with regard to any prior decision of the Court on any Motion or ancillary

proceeding in this cause, including any rulings related to Claimants' or Petitioners' pretrial motions.

35.

Any settlement, or offer of settlement, or lack of settlement offer by Petitioners, which has been made or entered into, as well as any references to the fact that this lawsuit could have been but was not settled, compromised, or resolved, including the comment that some cases have to be brought to a jury, or other such comments.

36.

Any attempt to offer into evidence the Claimants' pleadings.

37.

Any reading of the comments, interjections or objections of counsel made in the course of a deposition or made in responding to discovery.

38.

That Petitioners not mention or state to the jury the probable testimony of a witness who is absent, unavailable, or not called to testify in this cause.

39.

Making reference to Claimants' failure to call a witness to testify if the witness was equally available to both parties.

40.

Suggesting or inferring what the testimony of a witness would have been had that witness been called to testify but did not.

41.

The contents of any pleadings that have been superseded by the current pleadings on the file in this case.

42.

Any reference, comment, or question, in any manner, that would inform the jury of the legal effects of their answers to any of the special issues that may be submitted.

43.

That Petitioners be instructed not to make demands or requests before the jury for matters found or contained in Claimants' file, which would include statements, pleadings, photographs, reports or other documents, nor to demand or request further or additional examination, physical demonstrations, or other requests during the course of the trial in the presence of the jury.

44.

That the Petitioners, or Petitioners' counsel, refrain from referring to, displaying or quoting from any books, treatises, articles, pamphlets, or lists without previously establishing that the items were relied upon or deemed authoritative by an expert testifying in the case.

45.

That counsel for Petitioners not express his or her personal opinions regarding the case.

46.

State or allude to the effect of this case, the judgment in this case, or the judgments in similar cases on insurance rates.

47.

Requests for materials from Claimants' file.

48.

The parties herein agree that they shall be prohibited from inquiring as to whom has paid or be responsible for the payment of medical-related expenses, examinations and/or treatment.

49.

Any indication of any kind that the Petitioners personally will have to pay any judgment entered in this case.

50.

Whether any of the Claimants' medical bills have been paid, or are unpaid; and if paid, by whom they were paid.

51.

Any settlement, or offer of settlement, which has been made or entered into, as well as any references to the fact that this lawsuit could have been but was no settled, compromised, or resolved, including the comment that some cases have to be brought to a jury, or other such comments.

52.

That this suit, or damage suits are responsible for high production costs, high insurance costs, unemployment or low employment, or any supposed social ill which either the Petitioners or their counsel may wish to suggest is the consequence or result of tort litigation.

53.

That the attorneys for Petitioners be instructed to refrain from starting or implying that Petitioners have acted in good faith by supposedly accommodating Claimants in some way in pre-trial matters, or that Petitioners should be excused during trial from not bring evidence or testimony within its sole control for the reason

that during pre-trial preparation the Petitioners or their counsel acted in good faith or did something as an accommodation or as a professional courtesy.

54.

That the attorneys for Petitioners be instructed to refrain from engaging in jury speeches during the course of objections.

55.

Soliciting an expert opinion from any person without first establishing that person's qualifications to render the opinion inquired about.

56.

Whether Claimants' attorneys represent them on a contingent fee or cash fee or any other kind of fee basis and who is paying the expenses in connection with this litigation.

57.

The time or circumstance under which Claimants retained their attorneys, or that a substitution of attorneys occurred.

58.

Any personal attacks on Claimants' counsel.

59.

Any comments that Claimants were "put up" to sue by Claimants' counsel, or that Claimants and/or their counsel manufactured this lawsuit.

60.

Any testimony or arguments that contradict Petitioner's deemed admissions.

61.

Any testimony or argument suggesting Claimant asserted claims of privilege during discovery.  Claims of privilege are not admissible as evidence.

62.

Any attempt to elicit testimony from Claimants about communications with their lawyers. Such communications are privileged.

63.

Any attempt in the presence of the jury to seek or request Claimants' attorneys to produce documents, to stipulate to any fact, or to make any agreement.

64.

Any testimony by Petitioners's expert concerning his/her discussions with another expert.

65.

Any mention that any party or witness goes to church every Sunday and tithes or does not go to church and does not tithe. Evidence of religious beliefs of a witness is not admissible to enhance credibility.

66.

Any testimony in violation of the Dead Man's Statute.

67.

Before the court rules on the law applicable to this case, any statement of the law other than that regarding the burden of proof and the basic legal definitions counsel believes to be applicable.

68.

Any claim that Claimants have failed to comply with conditions precedent.

69.

Any mention that an award of damages will affect insurance premiums, the price of any goods or services, or the level of taxation.

70.

Any mention that the jurors should put themselves in the position of the Petitioners.

71.

Any mention from Petitioners' attorneys regarding their personal opinion about the credibility of any witness.

72.

Any testimony or argument suggesting Claimants' attorneys have a contingency fee in the suit.

73.

Any mention that claimants, if any, have settled claims in this lawsuit with other parties no longer before the Court.

74.

Any mention that a third party not a party to this lawsuit is liable or should bear responsibility for Claimants' damages.

75.

Any mention that Petitioners provided anything of value to Plaintiff that is not relevant to the issues in the lawsuit.

76.

Any testimony or evidence concerning the ability of Petitioners to pay for any damages awarded in this case.

77.

Any testimony concerning benefits or services provided by Petitioners to Claimants.

78.

Any reference to out of court statements offered to prove the truth of the matter asserted.

79.

Claimants' right to recover pre-judgment and post-judgment interest.

80.

That this Motion has been presented to or ruled upon by the Court. In this connection, Petitioners is not to suggest to the jury by argument or otherwise that Claimants have sought to exclude from proof any matter bearing on the issues in this cause or on the rights of the parties to this suit.

WHEREFORE, PREMISES CONSIDERED, CLAIMANTS pray that this Motion be granted and sustained by appropriate order of this Honorable Court.

Respectfully submitted this the __15__ day of June, 2005.

WATTS LAW FIRM, L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520
(956) 544-0500 telephone
(956) 541-0255 facsimile

RAY R. MARCHAN
State Bar No. 12969050
For the Firm

### CERTIFICATE OF SERVICE

On this the __15__ day of June, 2005, a true and correct copy of the foregoing instrument was this forwarded, either by hand-delivery or by certified mail, return receipt requested, to all counsel of record

RAY R. MARCHAN

15

## SERVICE LIST

*Brown Water Towing I, Inc. As Owner and Brown Water Marine Service, Inc., as Bareboat Charterer of the Brown Water V, Its Enggines, Tackle, Etc., in a Cause for Exoneration From or Limitation of Liability* being represented by:
Will W. Pierson
Royston, Rayzor, Vickery & Williams, L.L.P.
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas  784766
(361) 884-8808
(361) 884-7261  Fax

and

Kieth N. Uhles
James H. Hunter, Jr.
Royston, Rayzor, Vickery & Williams, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, Texas  78523-3509
(956) 542-4377
(956) 542-4370  FAX

*American Commercial Lines LLC as Owner, and American Commercial Barge Lines, LLC, as Charterer of the Barges NM-315, VLB-9182, ACL-9933B, VLB-9173* being represented by:
Les Cassidy
Cassidy & Raub
814 Loepard Street
Corpus Christi, Texas  78471
(361) 887-2965
(361) 887-6521  FAX

and

Glenn Goodier
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.
201 St. Charles Avenue - 48th Floor
New Orleans, LA  70170-5100
(504) 582-8174
(504) 582-8010  FAX

*A. G. Hill Power, Inc., aka JHB Enterprises, Inc. represented by:*
· David H. Crago
Brin & Brin, PC
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
956-544-7110
956-544-0607 FAX
*Third Party Defendant.*

*Cameron County represented by:*
Romon "Dino" Esparza
Willette & Guerra
1534 E. 6th Street, Suite 200
Brownsville, Texas 78520
956-541-1846
956-541-1893 FAX

*Jacqueline Paddock Individually and as Representative of the Estate of Chelsea and Barry Welch and as Next Friend of William B. Welch; Lydia Zamora Individually and as Representative of the Estate of Hector Martinez, Jr.; Brigette Goza; Gustavo Morales and Bigos International* being represented by:

Watts Law Firm, L.L.P.
Ray R. Marchan
1926 E. Elizabeth
Brownsville, Texas 78520
(956) 544-0500
(956) 541-0255  Fax

*J. Antonio Mireles, as Personal Representative of the Estate of Julio Cesar Mireles, Juan Antonio Mireles and Soledad Gonzalez Mireles* being represented by:
S. Mark Strawn
Schirrmeister Ajamie
Pennzoil Place - South Tower
711 Louisiana, Ste 2150
Houston, Texas 77002
(713) 860-1600
Fax (713) 860-1699

*Hector Martinez, Sr.* being represented by:
Jim Hart
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 230-2200
Fax  (713) 643-6226

*Anita Harris, Individually and as Next Friend of Victor Justin Harris, and as Representative of the Estate of Robert V. Harris* is being represented by:

Heriberto "Eddie" Medrano
Law Offices off Heriberto "Eddie" Medrano
2009 East Harrison Street, Suite B
Harlingen, Texas  78550
(956) 428-2412
(956) 428-2495  FAX


*Esteban Rivas and Miriam Rivas Individually and as Representatives of the Estate of Stoan Rivas* are represented by:
John David Franz
The Law Offices of John David Franz
400 N. McColl
McAllen, Texas  78501
(956) 686-3300
(956) 686-3578  FAX

and

J. Chad Gauntt
Gauntt & Kruppstadt, L.L.P.
1400 Woodlock Forest Drive, Ste 575
The Woodlands, Texas  77381
(281) 367-6555
(281) 367-3705  FAX

*Estate of Robin Faye Leavell, Carol Leavell, Individually and as Representaive of the Estate of Robin Faye Leavell, Ricky Leavell, Individually and as Representative of the Estate of Robin Faye Leavell* are represented by:
Steve Q. McManus
Law Offices of McManus & Crane, L.L.P.
209 W. Juan Linn
P. O. Box 2206
Victoria, Texas  77902-2206
(361) 575-6764
(361) 575-8454 FAX

*Omar Hinojosa, Individually and as Administrator of the Estate of Gaspar Hinojosa, Raquel Hinojosa, Clarissa Hinojosa and Gaspar Hinojosa II* are being represented by:
Julian Rodriguez, Jr.
Attorney at Law
10113 N. 10th Street, Ste C
McAllen, Texas  78504
(956) 682-8801
(956) 682-4544  FAX

*William Eugene (Gene) Kimbrell Individually as Surviving
Father of Chelsa Welch, deceased*
Richard Leo Harrell
State Bar No. 09041320
THE EDWARDS LAW FIRM, L.L.P.
802 N. Carancahua, Ste 1400
P. O. Box 480
Corpus Christi, Texas  78403-0480
(361)698-7600
(361) 698-7615  FAX

*Rene Mata and Frank Mata* are represented by:
Raymond Thomas and
Andres Gonzalez, Jr.
Kittleman, Thomas, Ramirez & Gonzalez, PLLC
4900-B North 10th Street
McAllen, Texas  78504
(956) 686-8797
(956) 630-5199 FAX


*William Morris Welch, Individually and as Surviving Parent of Barry Welch is represented by:*
James B. Manley, P.C.
3616 Preston Road
Pasadena, Texas  77505
713-947-1670
713-947-6956 FAX

and

200 William Barnett
Clevaland, Texas  77327

*Southwestern Bell Telephone, L.P.* are represented by:
Geoffrey Amsel
175 East Houston Street, 4th Floor
San Antonio, Texas  78205
(210) 886-4805
(210) 222-7194  FAX

*Laguna Madre Water District* are represented by:
Juan A. Magallanes
Magallanes, Hinojosa & Mancias, P.C.
1713 Boca Chica blvd
P. O. Box 4901
Brownsville, Texas  78520
(956) 544-6571
(956) 544-4290  FAX

*State of Texas* is being represented by:
Mark Spansel and
Jack Gilbert, Michael Ratliff
Office of the Attorney General
Transportation Division
P. O. Box 12548
Austin, Texas  78711-2548
(512) 463-2004
(512) 4472-3855  FAX

and

Daryl G. Dursum
Adams & Reese, L.L.P.
701 Poydras, Ste 4500
One Shell Square
New Orleans, LA  70139

And

4400 One Houston Center
1221 McKinney
Houston, Texas  77010
(713) 652-5151
(713) 652-5152  FAX


*Rolando Lee Moya, Alberto Leroy Moya, Antonio Salinas, Jr., and Roberto Espericueta* are
being represented by:
Frank Enriquez
          Roberto D. Puente
Law Offices of Frank Enriquez
4200-B North Bicentennial
McAllen, Texas  78504
(956) 686-5291
(956) 618-5064  FAX

**Cameron County, Texas** *being represented by:*

Eileen M. Leeds
Willette & Guerra LLP
1534 East 6th Street, Ste 200
Brownsville, Texas  78520
(956) 541-1846
(956) 541-1893  FAX

*Attorney Ad Litem for William Welch, minor*
Veronica Farias
Law Offices of Veronica Farias
2854 Boca Chica
Brownsville, Texas  78521