United States District Court
Southern District of Texas
FILED

JUN 2 4 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC, AS BAREBOAT CHARTERER OF THE BROWN WATER V, ITS ENGINES TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * * * * * * | C.A. NO. B-01-157<br>Admiralty<br><br><br><br>Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES, LLC AS OWNER, AND AMERICAN COMMERCIAL BARGE LINES, LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * * * * * * * | C.A. No. B-02-004<br>Admiralty<br><br><br><br><br>and |
| IN RE THE COMPLAINT AND PETITION OF DEERE CREDIT, INC.,(FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315 AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | * * * * * * * * * * * * * * * * * | C.A. NO. B-02-125<br>Admiralty |

1

# THIRD-PARTY DEFENDANT CAMERON COUNTY'S
# PROPOSED JURY INSTRUCTIONS

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COMES NOW, CAMERON COUNTY, Third-Party Defendant herein, and requests that the Court submit to the jury the instructions attached hereto.

## GENERAL INSTRUCTIONS

**Members of the Jury:**

Now that you have heard the evidence, my duty is to give you the instructions of the Court on the law you should apply to this case. Your duty as jurors is to follow the law as stated in these instructions and to apply these rules of law to the facts you find from the evidence in the case. You are not to single out on instruction alone as stating the law; rather, you must consider the instructions as a whole.

Regardless of any opinion you may have as to what the law should be, you would violate your sworn duty if you based a verdict upon any view of the law other than that given in the instructions stated by the Court. Similarly, you would violate your sworn duty as judges of the facts if you based your verdict upon anything but the evidence in this case. You, the Jury, are the sole and exclusive judges of the facts.

You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case,

follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

You should consider and decide this case as an action between persons of equal standing in the community, of equal worth, and holding the same or similar situations in life.

You must consider only evidence properly admitted in the case. Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; any deposition testimony of witnesses that was admitted into evidence; all exhibits received in evidence, regardless of who may have produced them; and all facts that have been admitted or stipulated. You must entirely disregard any evidence that a party objected to if I sustained that objection and any evidence that was ordered stricken by the Court.

Statements and arguments of counsel are not evidence; rather they are intended only to assist you in understanding the evidence and the contentions of the parties. During the course of the trial, it often becomes the duty of counsel to make objections and for the Court to rule on them in accordance with the law. You should not consider or be influenced by the fact that such objections have been made, whether they are sustained or overruled.

Similarly, you should not allow your attitude toward either party or the evidence to be affected by how you regard the general conduct or attitude of the attorneys. Each attorney has a solemn duty to defend the client vigorously and with dedication and thus may not please everyone all the time. Your decision on the facts of this case should therefore not be affected by your opinion of the attorneys.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and

3

common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You, as jurors, are the sole judges of the credibility of the witnesses and weight their testimony deserves. You should carefully scrutinize all the testimony given and, in weighing the testimony of each witness, consider the relationship between the witness and the parties in the case, his or her interest in the outcome of the case, the witness's manner of testifying, candor, fairness, and intelligence, and the extent to which the witness's testimony has been confirmed or contradicted, if at all, by other credible evidence.

You will rely upon your own good judgment, your own common sense, and the experience you have gained as you have gone about your everyday affairs in weighing the evidence and determining the weight to be given to it. You are permitted to accept as true and worthy of belief everything that a particular witness may have said, or you are permitted to reject everything that a particular witness may have said. Of course, you may also accept as true part of what a witness tells you and reject other portions of that witness's testimony.

## WITNESSES

A witness may be discredited or "impeached" by contradictory evidence or by evidence that the witness has at other times made statements that are inconsistent with the witness's present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness and not to conclusively establish the truth of the earlier statements. If you believe any witness has been impeached and thus discredited, you are free to give the testimony of that witness such credibility, if any, as you may think it deserves.

## EVIDENCE

You may, in your determination of the facts of this case, consider both direct and circumstantial evidence. Direct evidence is the testimony of a witness who actually saw an event occur. Circumstantial evidence is proof of a chain of circumstances pointing to the occurrence of a fact or the existence of a fact. Direct evidence includes a witness's testimony as to facts within that person's own personal knowledge, matters that the witness saw and heard, and matters that came to the witness out of that person's own senses or observations. Circumstantial evidence, rather than or in addition to direct evidence, can be used to establish a fact if that fact may be fairly and reasonably inferred from all other facts and circumstances proved in the case. In order to establish a fact or conclusion by circumstantial evidence, the facts that were directly proven in the case must be such as to make the fact or conclusion sought to be shown by circumstantial evidence more reasonably probable to be true than alternative facts or conclusions. As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with a preponderance of all the evidence in the case, both direct and circumstantial.

## PREPONDERANCE OF THE EVIDENCE

A "preponderance of the evidence" means the greater weight and degree of the credible evidence admitted in this trial. It does not necessarily mean the greater volume of evidence or the greater number of witnesses. To establish or prove something by a preponderance of the evidence means to prove that something is more likely true than not. In other words, a preponderance of the evidence in this case means such evidence that, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not.

**SPECIFIC INSTRUCTIONS**

In this case the Petitioners are seeking contribution and/or indemnity from Cameron County. Specifically, Petitioners claim that Cameron County was responsible for maintaining the street lights on the Queen Isabella Causeway. Petitioners allege that the street lights that Cameron County was responsible for maintaining and operating were not operating on the day of the incident due to Cameron County's alleged negligence. Petitioners allege that Cameron County's negligence caused or contributed to the allision and/or caused or contributed to several subsequent deaths and personal injuries.

**ELEMENTS OF LIABILITY FOR NEGLIGENCE**

In this case, the Petitioners claim that Cameron County was negligent in the maintenance and operation of the street lights on the Queen Isabella Causeway which caused or contributed to the allision and/or caused or contributed to several subsequent deaths and personal injuries. To find liability for negligence on the part of Cameron County, the Petitioners must prove the following:

(1) That an employee, while in the scope of employment,

    (A) negligently used tangible personal property which was the proximate cause of the claimant's injury; or

    (B) was negligent in the operation or use of a motor driven vehicle or equipment which was the proximate cause of the claimant's personal injury or property damage.

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary

prudence under the same or similar circumstances.

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

TEX.CIV.PRAC.&REM.CODE §101.021

*Kerrville State Hosp. V. Clark*, 923 S.W>2d 582 (Tex.1996).

*DeWitt v. Harris Cty.*, 904 S.W>2d 650 (Tex.1995).

Texas Pattern Jury Charge 2.1, 65.5

### BURDEN OF PROOF

Petitioners must prove by a preponderance of the evidence that the act or failure to act by Third-Party Defendant Cameron County was a cause in fact of the allision and/or the subsequent deaths and personal injuries that occurred as a result of the collapse. An act or a failure to act is a cause in fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. The Petitioners must also prove by a preponderance of the evidence that the act or failure to act by the Third-Party Defendant was a proximate cause of the allision and/or the subsequent deaths and personal injuries that occurred as a result of the collapse. An act or omission is a proximate cause of the claimant's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

## DAMAGES

I will now instruct you on the law governing damages. However, the fact that I instruct you on the issue of damages should not be interpreted in any way as an indication that I believe the Petitioners should, or should not, prevail in this case.

## COMPENSATORY DAMAGES

If you find that the Third-Party Defendant Cameron County is liable to the Petitioners and Claimants, then you must determine an amount that is fair compensation for all of the Petitioners' and Claimants' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the claimant whole–that is, to compensate the claimant for the damage that the claimant has suffered, if any, from the injuries they sustained as a result of the Third-Party Defendant's acts or omissions.

You may award compensatory damages only for injuries that the Petitioners prove were proximately caused by the Third-Party Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the Petitioners' and Claimants' damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the claimant has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Petitioners and Claimants prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

8

## CONCLUSION

You will now return to decide the case. In order to prevail, the Petitioners must sustain their burden of proof as I have explained to you with respect to each element of their complaint. If you find that the Petitoners succeeded, you should return a verdict in their favor on that claim. If you find that the Petitoners failed to sustain their burden on any element of their claim, you should return a verdict against the Petitoners.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh you respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his conscientious beliefs solely for the purpose of returning a unanimous verdict.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF BROWN WATER TOWING, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC, AS BAREBOAT CHARTERER OF THE BROWN WATER V, ITS ENGINES TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * * * * * * | C.A. NO. B-01-157 Admiralty<br><br><br><br><br><br>Consolidated with |
| IN RE THE COMPLAINT AND PETITION OF AMERICAN COMMERCIAL LINES, LLC AS OWNER, AND AMERICAN COMMERCIAL BARGE LINES, LLC AS CHARTERER OF THE BARGES NM-315, VLB-9182, ACL-9933B, VLB-9173, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * * * * * | C.A. No. B-02-004 Admiralty<br><br><br><br><br><br>and |
| IN RE THE COMPLAINT AND PETITION OF DEERE CREDIT, INC.,(FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315 AND STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | * * * * * * * * * * * * * * * * | C.A. NO. B-02-125 Admiralty |

## THIRD-PARTY DEFENDANT CAMERON COUNTY'S
## PROPOSED JURY ISSUES

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Now Comes, CAMERON COUNTY, Third-Party Defendant herein, and requests that the Court submit to the jury the issues attached hereto.

**ISSUE NO. 1:**

Did the negligence, if any, of those named below proximately cause the occurrence or injury in question?

Answer "Yes" or "No" for each of the following:

(a.)  Brown Water, Towing, Inc., as owner, and Brown Water Marine Service, Inc., as charterer of the Brown Water V, its engines, tackle, etc. ("Brown Water")   _____

(b.)  American Commercial Lines, LLC, as owner, and American Commercial Barge Lines, LLC, as charterer of the barges NM-315, VLB-9182, ACL-9933B, VLB-9173 ("ACBL")   _____

(c.)  Deere Credit, Inc. (formerly Senstar Finance Company), as owner of the barge NM-315, State Street Bank and Trust Company of Connecticut, N.A., as owner trustee of the barge ACL-9933B and not in its individual capacity, and General Electric Capital Corporation, as beneficial owner of the barge ACL-9933B ("ACBL creditors")   _____

(d.)  Cameron County   _____

If you have answered "Yes" to Issue No. 1 for more than one of those named below, then answer the following question. Otherwise, do not answer the following question.

The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The negligence attributable to any one named below is not necessarily measured by the number of acts or omissions found. The percentage attributable to any one need not be the same percentage attributed to that one in answering another question.

If you answered "Yes" as to Cameron County in Issue No. 1, you will be asked to attribute the percentage of negligence as to Cameron County in Issue No. 3.

**ISSUE NO. 2:**

What percentage of the negligence that caused the occurrence or injury do you find to be attributable to each of those listed below and found by you, in your answer to Issue No. 1, to have been negligent?

(a.) Brown Water, Towing, Inc., as owner, and Brown Water Marine Service, Inc., as charterer of the Brown Water V, its engines, tackle, etc. ("Brown Water")   _____%

(b.) American Commercial Lines, LLC, as owner, and American Commercial Barge Lines, LLC, as charterer of the barges NM-315, VLB-9182, ACL-9933B, VLB-9173 ("ACBL")   _____%

(c.) Deere Credit, Inc. (formerly Senstar Finance Company), as owner of the barge NM-315, State Street Bank and Trust Company of Connecticut, N.A., as owner trustee of the barge ACL-9933B and not in its individual capacity, and General Electric Capital Corporation, as beneficial owner of the barge ACL-9933B ("ACBL creditors")   _____%

                                                TOTAL   \_\_\_\_\_100\_\_\_\_\_%

**ISSUE NO. 3:**

With respect to causing or contributing to cause in any way the injury to Claimants, find the percentage of negligence, if any, attributable as between or among:

(a.) Brown Water, Towing, Inc., as owner, and Brown Water Marine Service, Inc., as charterer of the Brown Water V, its engines, tackle, etc. ("Brown Water"); American Commercial Lines, LLC, as owner, and American Commercial Barge Lines, LLC, as charterer of the barges NM-315, VLB-9182, ACL-9933B, VLB-9173 ("ACBL"); and Deere Credit, Inc. (formerly Senstar Finance Company), as owner of the barge NM-315, State Street Bank and Trust Company of Connecticut, N.A., as owner trustee of the barge ACL-9933B and not in its individual capacity, and General Electric Capital Corporation, as beneficial owner of the barge ACL-9933B ("ACBL creditors")  _____%

(b.) Cameron County  _____%

TOTAL  \_\_\_\_100\_\_\_\_%

SO SAY WE ALL.

DATE: _____

FOREPERSON: _____