# GENERAL, FULL AND FINAL RELEASE OF ALL
# CLAIMS AND INDEMNITY AGREEMENT

This General, Full and Final Release of All Claims and Indemnity Agreement, hereinafter referred to as "this Agreement", is made by and between the following parties:

Anita Harris, Individually, as Representative of the Estate of Robert V. Harris, Deceased, and as Next Friend of Victor Justin Harris, Minor (all of whom shall hereinafter be referred to as "the Releasing Parties"); and

Hugh Tim Chapman, Chad Chapman, Manning Chapman, Stephen Mosher, Brown Water Marine Service, Inc., Brown Water Towing I, Inc. and Brown Water Properties, Inc., as well as each of their employees, attorneys, owners, vessels, crews, charterers, managers, operators, directors, officers, and related companies and all the foregoing entities' respective employees, partners, joint venturers, shareholders, agents, representatives, predecessors and successors in interest, parents, subsidiaries, divisions and assigns including the vessel BROWN WATER V (all of whom shall be referred to as "the Released Parties").

W I T N E S S E T H:

WHEREAS, on or about September 15, 2001, the BROWN WATER V and tow struck the Queen Isabella Causeway which subsequently collapsed ("the Incident"); and

WHEREAS, on or about September 15, 2001, Robert V. Harris died as a result of the Incident when the car in which he was an occupant fell off the Queen Isabella Causeway into the Laguna Madre; and

WHEREAS, Anita Harris, Individually, as Representative of the Estate of Robert V. Harris, Deceased, and as Next Friend of Victor Justin Harris, Minor, filed claims against Brown Water Marine Service, Inc. and Brown Water Towing I, Inc., as well as the BROWN WATER



V, in *In Re: Complaint and Petition of Brown Water Towing I, Inc., et al. In A Cause of Exoneration From or Limitation of Liability*, Civil Action Number B-01-157 consolidated with *In Re: Complaint and Petition of American Commercial Lines LLC , et al. In A Cause of Exoneration From or Limitation of Liability*, Civil Action Number C.A. No. B-02-004 in the United States District Court Southern District of Texas Brownsville Division and *In Re: Complaint and Petition of Deere Credit, Inc., et al.* C.A. No. B-02-125 in the United States District Court Southern District of Texas Brownsville Division (the foregoing consolidated cases shall hereinafter be referred to as "the Lawsuit"); and

WHEREAS, Brown Water Marine Service, Inc. and Brown Water Towing I, Inc., as well as the BROWN WATER V, maintained that they were entitled to exoneration from liability for the Incident; and

WHEREAS, although the Released Parties continue to deny any liability whatsoever on their part with regard to the Incident and damages alleged to have been sustained by the Releasing Parties, because of the uncertainty of litigation, the Releasing Parties and the Released Parties are desirous of settling and compromising the Lawsuit in accordance with the following terms;

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, the Releasing Parties and the Released Parties agree as follows:

1. The Released Parties have paid ▆▆▆▆▆▆▆▆ to the Releasing Parties, to be distributed as follows:

   a. Anita Harris, Individually, and as Representative of the Estate of Robert V. Harris ▆▆▆▆▆▆

   b. Anita Harris, as Next Friend of Victor Justin Harris, Minor

▬

the receipt of which is hereby acknowledged by the Releasing Parties.

      2.    In return for the payments set out above, the Releasing Parties do hereby acquit, quitclaim, release and forever discharge the Released Parties of and from any and all claims, demands, debts, dues, liens, cause or causes of action, at law or in equity, whether statutory, in contract, or in tort, including, but not limited to, any liability for claims under the general maritime law, any United States statute or law, the common law and statutes of the State of Texas including under the Texas Wrongful Death Act, Tex. Civ. Prac. & Rem. Code §§ 71.001, et seq., the Texas Survival Statute, Tex. Civ. Prac. & Rem. Code §§ 71.021, Chapter 41 Tex. Civ. Prac. & Rem. Code, the Texas Constitution, Article 16, §26, Texas Labor Code, §408.001 and/or the Texas Common Law, as well as of and from all claims and causes of action under the common law and statutes of the United States or any other state, including all claims and causes of action for strict liability, unseaworthiness, premises liability, nuisance of any kind, injunctive relief, vicarious liability, breach of express or implied warranties, breach of contract, breach of implied contract, claims in quantum meruit, negligence, gross negligence, negligence per se, and any other possible claims or causes of action, as well as any liability or claims in the past and in the future for damages, personal injuries, property damage or loss, towing expenses, salvage costs, removal costs, rental expense, lost cash or financial instruments, cleaning costs, search and rescue costs, illness, penalties, physical pain and suffering, mental anguish, pecuniary loss, loss of earnings, loss of companionship, loss of society, loss of inheritance, medical and hospital expenses, funeral and burial expenses, loss of physical capacity, physical impairment, disfigurement, loss of consortium, loss of household services and financial support, loss of contract rights, loss of benefits of any kind, attorneys' fees, court costs, loss of care, nurture,

guidance and protection, damages for grief and sorrow, loss of love, comfort, affection, advice, counsel, maintenance, and comfort, damages for grief, bereavement, mental shock and trauma, damages under the Texas Deceptive Trade Practices-Consumer Protection Act, prejudgment interest of any kind, post-judgment interest of any kind, impairment of familial relationship, any and all claim or claims as beneficiaries or heirs of the Estate of Robert V. Harris, any and all claims as legal representatives of the Estate of Robert V. Harris, any damages which could have been obtained by the Estate of Robert V. Harris, and any other possible claims for damages, past, present or future, and all other claims or damages, known or unknown, fixed or contingent, liquidated or unliquidated, and whether or not asserted in the Lawsuit, against any of the Released Parties, arising out of or resulting from, either directly or indirectly, the Incident that occurred on September 15, 2001 as described in this Agreement, in Releasing Parties' Claims, and in all pleadings filed or served by the Releasing Parties in the Lawsuit.

## INDEMNITY

3. **Releasing Parties, further do hereby agree to INDEMNIFY, DEFEND and HOLD HARMLESS, Hugh Tim Chapman, Chad Chapman, Manning Chapman, Stephen Mosher, Brown Water Marine Service, Inc. and Brown Water Towing I, Inc., Brown Water Properties, Inc., and, their employees, attorneys, owners, vessels, crews, charterers, managers, operators, directors, officers, and related companies including the vessel BROWN WATER V, from and against any and all claims, demands or causes of action arising out of or resulting from the Incident or the injuries the Releasing Parties received on or about September 15, 2001 including claims based, in whole or in part, on any of the Released Parties' own negligence or the unseaworthiness of the vessel BROWN WATER V,**

**as well as for reasonable and necessary costs, including attorneys fees incurred in the defense of any such claim.**

4.  The Releasing Parties covenant not to sue or prosecute against the Released Parties any claims and causes of action arising out of or resulting from the Incident or made the basis of the Lawsuit. This covenant not to sue specifically includes, but is not limited to, any and all claims and causes of action for gross negligence, malice, willful and wanton conduct, and/or intentional conduct of the Released Parties.

5.  The Releasing Parties agree to file and take all steps necessary to seek the entry of an Agreed Judgment or Order of Dismissal dismissing their claims with prejudice.

6.  The Releasing Parties give up any claim that they have against the Released Parties. They understand and agree that this is a General, Full and Final Release and discharge for any manner or thing described or referred to herein against the Released Parties. They agree that this Agreement may be pled as an absolute and final bar to any and all suit or suits pending or which may hereafter be pending or prosecuted by the Releasing Parties or anyone claiming by, through, or under them.

7.  The Releasing Parties agree that the money paid them for this Release is no admission of liability on the part of the Released Parties, and the Releasing Parties will never claim that it is.

8.  The Releasing Parties solemnly state and affirm that this is a General Release, that this Agreement is not being made because of any persuasive statement or representation by anyone whomsoever or for any reason other than the payment of the consideration stated herein, and that no recovery of any kind may later be made by anyone whomsoever from the Released Parties as a result of the Incident or the Lawsuit.

9.  The Releasing Parties expressly represent and warrant to the Released Parties that there are no medical or hospital liens or potential liens arising out of medical care or ambulance services rendered as a result of the injuries to and death of Robert V. Harris, that there are no liens or potential liens for funeral benefits or burial costs as a result of the death of Robert V. Harris, and that there are no further liens or potential liens of any kind that could be assessed or awarded against the settlement monies paid herein, but if there are any such liens or potential liens, or if any arise in the future, then the Releasing Parties shall be responsible for satisfying such liens, AND THE RELEASING PARTIES SHALL INDEMNIFY, DEFEND, AND HOLD THE RELEASED PARTIES HARMLESS FROM SUCH LIENS, EVEN IF THE LIENS ARE BASED, IN WHOLE OR IN PART, ON THE NEGLIGENCE OF THE RELEASED PARTIES OR THE UNSEAWORTHINESS OF THEIR VESSELS.

10. The Releasing Parties represent and warrant that the only child, natural or adopted, living or dead, of Robert V. Harris, is Victor Justin Harris, Minor. If there are any other children or other relatives entitled to recover from the Released Parties for the injuries to and death of Robert V. Harris, then THE RELEASING PARTIES SHALL INDEMNIFY, DEFEND, AND HOLD THE RELEASED PARTIES HARMLESS FROM ANY SUCH CLAIMS MADE BY SUCH OTHER CHILDREN OR OTHER RELATIVES, EVEN IF SUCH CLAIMS ARE BASED, IN WHOLE OR IN PART, ON THE NEGLIGENCE OF THE RELEASED PARTIES OR THE UNSEAWORTHINESS OF THEIR VESSELS.

11. The Releasing Parties represent and warrant that the Releasing Parties attorneys listed on the last page of this Release are the only counsel employed by them to represent them with regard to the aforementioned claim and with regard to the advisability of entering into this Agreement, and they have been fully advised by said counsel regarding their rights in the

execution of this Agreement. However, if there are any other attorneys who have been employed by the Releasing Parties who may make any claim to the settlement monies paid by the Released Parties to the Releasing Parties, then the Releasing Parties who allegedly are represented by such other attorney shall be responsible for any additional attorneys fees or any claims made by any such other attorneys AND SHALL INDEMNIFY, DEFEND, AND HOLD THE RELEASED PARTIES HARMLESS FROM ANY SUCH OTHER ATTORNEYS FEES OR CLAIMS MADE TO THE SETTLEMENT MONIES, EVEN IF THEY ARE BASED, IN WHOLE OR IN PART, ON THE NEGLIGENCE OF THE RELEASED PARTIES OR THE UNSEAWORTHINESS OF THEIR VESSELS.

12.  The Releasing Parties expressly represent and warrant that, in signing this Agreement, they are taking the risk that they may have other injuries or damages that they do not know of, that the injuries and damages that they do know of may later turn out to be worse than they seem to them now, that they take all of these risks, that they are giving up any right to any further money from the Released Parties, and that their claims are fully satisfied by the Released Parties. They further expressly represent and warrant that they understand they are giving up every right they have against the Released Parties, and that they will never receive any further payments of any kind as a result of the events described herein from the Released Parties, except as herein provided to the contrary.

13.  The Releasing Parties represent and warrant that they shall be responsible for and shall never claim from the Released Parties for any attorneys fees, court costs, expenses, disbursements, or any other sums of money incurred by them in the prosecution of the Lawsuit in the past or present or to be incurred by them in the prosecution of their claim in the future.

14. The Releasing Parties represent and warrant that the Released Parties have not made any representations or suggestions as to the division of the settlement monies to be paid to the Releasing Parties or as to the tax consequences, if any, to the Releasing Parties.

15. The Releasing Parties represent and warrant that they have not assigned all or any part of any claim or cause of action they may have against any of the Released Parties to any third party, other than to their attorneys named herein, but if such an assignment has been made, the Releasing Parties shall be responsible for satisfying any such assignment AND SHALL INDEMNIFY, DEFEND, AND HOLD THE RELEASED PARTIES HARMLESS FROM SUCH AN ASSIGNMENT, EVEN IF THE LIENS ARE BASED, IN WHOLE OR IN PART, ON THE NEGLIGENCE OF THE RELEASED PARTIES OR THE UNSEAWORTHINESS OF THEIR VESSELS.

16. This Agreement shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of all parties to this Agreement, except as herein provided to the contrary.

17. In entering into this Agreement, the Releasing Parties represent and warrant that they relied upon the legal advice of the Releasing Parties' attorney, who are the attorneys of Releasing Parties' own choice, and that the terms of this Agreement have been completely read and explained to the Releasing Parties or by the Releasing Parties' attorney, and that those terms are fully understood and voluntarily accepted by the Releasing Parties.

18. The Releasing Parties agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

19. This Agreement shall become effective following execution by the Releasing Parties.

20. This Agreement may not be amended, altered, modified, or changed in any way except in a writing signed by Releasing Parties.

21. This Agreement may be executed in multiple counterparts, each of which may be signed by less than all parties to this Agreement, the signatures of which may be combined to form one or more complete counterparts, each of which shall have the full force and effect of an original.

22. The Releasing Parties has had access to counsel and an opportunity to read, review, and revise this Agreement. This Agreement is the result of the joint efforts of the parties and their counsel. Therefore, the parties agree that this Agreement, or any provision of it, may not be construed against the drafter.

23. If any provision of the Agreement is or may be held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remaining provisions shall nevertheless survive and continue in full force and effect without being impaired or invalidated in any way. The court invalidating a provision shall give the provision the greatest effect allowed by law to effectuate its original intent. If such effectuation is not possible, the court should then delete only that portion of the provision as required and in such manner as to best effectuate the provisions' original intent.

24. This Agreement shall be interpreted, governed by, and construed in accordance with the General Maritime Law of the United States, without giving effect to conflicts of law. Any claims arising out of this Agreement shall be filed in the United States District Court for the Southern District of Texas, Brownsville Division.

25. This Agreement supersedes all prior agreements, oral or written, made with respect to the subject matter of, and it contains the entire agreement of the parties.

26. The Releasing Parties agree that the legal doctrine of mutual mistake shall not apply to the interpretation of this Agreement.

THE PARTIES, BEFORE SIGNING THEIR NAMES BELOW, DECLARE THAT THEY HAVE COMPLETELY READ THIS INSTRUMENT, THAT THEY HAVE CONSULTED THEIR ATTORNEYS REGARDING IT, AND THAT THEY UNDERSTAND THE TERMS THEREOF.

EXECUTED at Harlingen, Texas, this 6th day of September, 2005.

_____
Anita Harris Individually, as Representative
of the Estate of Robert V. Harris, Deceased,
and as Next Friend of Victor Justin Harris, Minor

STATE OF TEXAS §
§
COUNTY OF Cameron §

BEFORE ME, the undersigned authority, on this day personally appeared Anita Harris, Individually, as Representative of the Estate of Robert V. Harris, Deceased, and as Next Friend of Victor Justin Harris, Minor, known to me to be the person who executed the foregoing instrument in her foregoing capacities, and acknowledged to me that she executed the same for the purposes and consideration therein expressed; that she has executed the same as her free and voluntary act and deed, after having it fully explained to her, and after realizing the effect thereof to be a full and final release and discharge of the Released Parties for any matter or thing dealt with in said instrument; that the same was executed by her without any persuasion, promise, threat, force, duress, fraud or any other representation of any kind by any party whomsoever; that at the time of the execution of this instrument, she was completely sober, sane and capable of understanding the character of her acts and deeds, and she was in complete charge of her faculties and capable of executing this Agreement and of understanding the significance of her acts.

GIVEN UNDER MY HAND AND SEAL OF OFFICE on this 6th day of September, 2001.

_____
Anita Harris, Individually, as Representative of the Estate of Robert V. Harris, Deceased, and as Next Friend of Victor Justin Harris, Minor

_____
Notary Public in and for the State of Texas

My Commission Expires: 11-05-07

      This settlement was reviewed and approved as in the best interest of the Minor, Victor Justin Harris.

                                            Ignacio "Nacho" Torteya, III, Attorney
                                            Guardian Ad Litem for Minor,
                                            Victor Justin Harris

Date: 9/02/2005

I, Heriberto Medrano, represent and warrant that I am the attorney for Anita Harris, Individually, as Representative of the Estate of Robert V. Harris, Deceased, and as Next Friend of Victor Justin Harris, Minor and that the foregoing is the true and genuine signature of Anita Harris. I further represent and warrant that any interest that I, or any other known attorney may have in the claims of Anita Harris, Individually, as Representative of the Estate of Robert V. Harris, Deceased, and as Next Friend of Victor Justin Harris, Minor has been fully satisfied and we will assert no lien in the future arising from her claims.

_____
Mr. Heriberto Medrano
Attorney for Claimant, Anita Harris, Individually,
as Representative of the Estate of Robert V. Harris,
Deceased, and as Next Friend of Victor Justin
Harris, Minor